1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                           CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| JULIA HUBBARD, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>TRAMMELL S. CROW, JR., et al.,<br><br>                Defendants. | Case No. 2:22-cv-7957-FLA-MAA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT TRAMMELL S. CROW, JR.'S MOTION TO DISMISS THE COMPLAINT [DKT. # __]** |

      On January 9, 2023, Defendant Trammell S. Crow, Jr. ("Mr. Crow") filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"), which moved to dismiss with prejudice Plaintiffs Julia Hubbard's ("Ms. Hubbard") and Kayla Goedinghaus's ("Ms. Goedinghaus") (collectively "Plaintiffs") human trafficking and civil RICO claims.

      By their Complaint, Plaintiffs assert four causes of action against all defendants. The First Cause of Action is for liability under The Victims of Trafficking and Violence Protection Act of 2000 ("TVPA") pursuant to 18 U.S.C. § 1591(a)(1)-(a)(2). The Second Cause of Action is for labor trafficking pursuant to 18 U.S.C. §

1589(a)(1)-(4).  The Third and Fourth Causes of Action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d), respectively.

The Court, having considered the Motion, all papers filed in connection therewith and the oral arguments of counsel, and finding good cause therefor, hereby GRANTS the Motion as follows:

1. The Complaint fails as to both Ms. Hubbard and Ms. Goedinghaus to comply with the pleading requirement of Rule of Civil Procedure 8(a).  In reading the Complaint, it remains unclear which allegations concerning which defendant make up each claim.  Among other things, the Complaint relies on improper group pleading to generally allege claims against some or all defendants, the first sentence of each claim adopts and realleges all prior paragraphs, each count is merely a recitation of the elements of each cause of action alleged without specific facts, and the Complaint relies heavily on "everyone did everything" allegations.  The Complaint is dismissed in its entirety for noncompliance with Rule 8(a).

2. The First Cause of Action for violation of the TVPA alleging perpetrator liability asserted by both Ms. Hubbard and Ms. Goedinghaus fails as against Mr. Crow because there are no plausible allegations showing that Mr. Crow (a) knowingly obtained sex acts with Ms. Hubbard or Ms. Goedinghaus by prohibited means or (b) exchanged anything of value "on account of" the alleged sex acts.  The First Cause of Action alleging perpetrator liability is dismissed with prejudice as to Mr. Crow.

3. The First Cause of Action for violation of the TVPA alleging beneficiary liability asserted by both Ms. Hubbard and Ms. Goedinghaus fails as against Mr. Crow because there are no plausible allegations that Mr. Crow (a) knowingly participated in or (b) benefitted financially or received a "thing of value" from the supposed sex-trafficking venture.  Allegations that Mr.

Crow received "sexual gratification" and "other benefits" are insufficient as a matter of law: "sexual gratification" is not a thing of value under the TVPA and any "other benefits" are too vague to plausibly allege claims against Mr. Crow or satisfy Federal Rule of Civil Procedure 8. The First Cause of Action alleging beneficiary liability is dismissed with prejudice as to Mr. Crow. For these same reasons, the First Cause of Action alleging perpetrator liability is also dismissed with prejudice as to the so-called Investor Defendants[1] and Fixer Defendants.[2]

4. The Second Cause of Action for violation of labor trafficking laws asserted by both Ms. Hubbard and Ms. Goedinghaus fails as against Mr. Crow because there are no allegations that Mr. Crow plausibly obtained Plaintiffs' labor by improper means or received any "thing of value" for his alleged participation in the supposed labor trafficking ring. The Second Cause of Action is dismissed with prejudice as to Mr. Crow. For these same reasons, the Second Cause of action is also dismissed with prejudice as to the so-called Investor, Fixer and Medical Doctor Defendants.[3]

5. The Third and Fourth Causes of Action for violation of RICO asserted by both Ms. Hubbard and Ms. Goedinghaus fail against Mr. Crow, and as to all other defendants, because Plaintiffs do not plausibly allege cognizable injuries under RICO, and therefore Plaintiffs lack standing. For this reason, the Third and Fourth Causes of Action are dismissed with prejudice as to Mr. Crow and as to all other defendants.

---

[1] The "Investor Defendants" are Scott Brunson, Michael Cain, H.J. Cole, Philip Ecob, Coe Juracek, Paul Pendergrass, Robert Pruitt and Ralph Rogers.

[2] The "Fixer Defendants" are Cody Mitchell and Kurt Knewitz.

[3] The "Medical Doctor Defendants" are Drs. Mrugeshkumar Shah, Melissa Miller, Josheph Bolin and Scott Woods

6. The Third and Fourth Causes of Action for violation of RICO asserted by both Ms. Hubbard and Ms. Goedinghaus fail as to Mr. Crow, and again as to all defendants, for the additional reason that Plaintiffs fail to plausibly allege the existence of any RICO enterprise.  The alleged facts do not show a plausible "common purpose" among the defendants; rather, each defendant is alleged to have acted with distinct purposes, interests and goals.  The alleged facts also do not show that the supposed enterprise had any organization, coordination or continuity, and the Complaint fatally conflates the supposed enterprise with the alleged pattern of racketeering itself (to the extent any pattern is alleged).  For these reasons, the Third and Fourth Causes of Action are dismissed with prejudice as to Mr. Crow and all other defendants.

7. The Third and Fourth Causes of Action for violation of RICO asserted by both Ms. Hubbard and Ms. Goedinghaus fail as to Mr. Crow, as well as the so-called Investor and Fixer Defendants for the additional reason that Plaintiffs fail to adequately allege a plausible pattern of racketeering.  There are no alleged facts that plausibly establish sufficient predicate acts (violations of sex and labor trafficking laws, wire fraud, witness tampering, or violations of the Controlled Substances Act) as to Mr. Crow and the so-called Investor and Fixer Defendants.  For these reasons, the Third and Fourth Causes of Action are dismissed with prejudice as to Mr. Crow and the so-called Investor and Fixer Defendants.

8. The Third and Fourth Causes of Action for violation of RICO asserted by both Ms. Hubbard and Ms. Goedinghaus fail as to Mr. Crow for the additional reason that Plaintiffs fail to adequately allege facts that could plausibly show that Mr. Crow "conducted or participated, directly or indirectly, in the conduct of the alleged enterprise."  The allegations at most imply that Mr. Crow was a bystander to the alleged enterprise and was

merely managing his personal affairs, not those of any RICO enterprise. For this reason, the Third and Fourth Causes of Action are dismissed with prejudice at to Mr. Crow.

9. The Third and Fourth Causes of Action for violation of RICO asserted by Plaintiff Ms. Hubbard fail as against Mr. Crow, and as to all other defendants, because the Complaint's allegations establish that her RICO claims are barred by the applicable statute of limitations. For this reason, the Third and Fourth Causes of Action asserted by Ms. Hubbard are dismissed with prejudice as to Mr. Crow and all other defendants.

10. The Fourth Cause of Action for RICO conspiracy under Section 1962(d) asserted by both Ms. Hubbard and Ms. Goedinghaus fails against Mr. Crow, and—because it is a "conspiracy" claim—it necessarily fails as to all other defendants because Plaintiffs do not plausibly allege a predicate RICO claim under Section 1962(c). For this reason, the Fourth Cause of Action is dismissed with prejudice as to Mr. Crow and all other Defendants.

11. The First, Second, Third, and Fourth Causes of Action asserted by both Plaintiffs fail for the above reasons warranting dismissal with prejudice. No leave to amend is granted because the prolix Complaint does not comply with the rules of pleading and amendment would be futile.

IT IS SO ORDERED.

Dated: January 9, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge