Philip E. Cook (State Bar No. 149067)
    pcook@cooklawfirm.la
Brian J. Wright (State Bar No. 166753)
    bwright@cooklawfirm.la
THE COOK LAW FIRM, P.C.
601 S. Figueroa St, Suite 2050
Los Angeles, CA 90017
Telephone: (213) 988-6100
Facsimile: (213) 988-6099

Attorneys for Defendant
ROBERT PRUITT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD, *et al.,* <br><br> Plaintiffs, <br><br> vs. <br><br> TRAMMELL S. CROW, JR., *et al.*, <br><br> Defendants. | Case No. 2:22-cv-07957-FLA-MAA <br><br> Assigned to Honorable <br> Fernando L. Aenlle-Rocha <br><br> **DECLARATION OF DEFENDANT ROBERT L. PRUITT III IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> Date: Mar. 10, 2023 <br> Time: 1:30 p.m. <br> Place: Courtroom 6B |

1

**DECLARATION OF DEFENDANT ROBERT PRUITT IN SUPPORT OF MOTION TO DISMISS;**
**CASE NO. 2:22-CV-07957-FLA-MAA**

## DECLARATION OF DEFENDANT ROBERT L. PRUITT III

I, Robert L. Pruitt III, declare as follows:

1. I have been named as a Defendant in this action. I make this Declaration in support of my Motion to Dismiss the Complaint for lack of personal jurisdiction. I have personal knowledge of the matters stated below and, if called upon to testify, I could and would competently testify thereto.

2. I received personal service of the Complaint in this action from a process server at my home in Plano, Texas.

3. On November 1, 2022 (the date that I understand the Complaint was filed), I resided in Texas and have resided in Texas for approximately forty-four (44) years. During any and all times as identified in the Complaint, my domicile was in Texas—in other words, that was my home and where I intended to live indefinitely.

4. I have never consented to California jurisdiction.

5. In the last twenty (20) years, I have not resided in California. In fact, I have never resided in California.

6. In the last twenty (20) years, I have traveled to California approximately five times. During those times, I visited my daughter approximately four times during 2015-2019 while she was an undergraduate student at Pepperdine University in Malibu, California. Each of those trips lasted approximately three (3) days each.

7. In the last twenty (20) years, I traveled to California approximately one (1) time on business. That trip took place in approximately 2013, entailed visiting a client, and the trip lasted approximately one (1) day.

8. In addition, I have maintained my principal place of business in Texas for approximately thirty-six (36) years.

9. I am the President and sole member of Data Center Equipment & Support, LLC ("DCES"). DCES provides data center design services, installation,

and equipment. The domicile of DCES is in Texas. DCES was formed in 2007 under the laws of, and has since that time been registered to do business in, Texas. The registered agent for DCES is in Texas. The principal place of business of DCES is Texas. Although the company does operate outside of Texas, the amount of the company's business (as measured by revenue) arising in California has always been less than one percent (1%).

10.   In the last twenty (20) years, I have not leased or rented property in California. I may have co-signed or guaranteed a lease for my daughter in approximately 2016-2017 while she was a student at Pepperdine, but do not recall specifically whether I did so.  However, I would have only executed any lease as an accommodation for the landlord, with no intent on my part to establish a permanent residence, or have any place of business, in California.

11.   I have never been named as a defendant in any other litigation in California.

12.   I have never been a plaintiff and initiated litigation in California.

13.   In the last twenty (20) years, I have not paid personal income tax in California or paid another taxing entity in California.

14.   I never interacted with any other named parties to this litigation, whether Plaintiffs or Defendants, anywhere outside of Texas. All of my interactions with Defendant Richard Hubbard ("Rick Hubbard") and Plaintiff Julia Hubbard ("Plaintiff Hubbard") occurred in Texas.

15.   I briefly retained Rick Hubbard at DCES to perform contract services for various projects here in Texas. Company records indicate that he performed work for DCES at two different times, once during 2010, and again during 2016. In 2010, Rick helped me work on a business venture in Texas that did not materialize. In 2016, Rick worked on client development activities in Texas for DCES. DCES issued Rick Hubbard a Form 1099 in 2016, showing fees for services in the amount of $100,059.00.

16. I recall receiving the text messages from Plaintiff Hubbard that are reproduced at Paragraph 224 of the Complaint, which were thanking me for extra cash money that I gave to Rick Hubbard and Plaintiff Hubbard. My recollection is that this exchange took place during the time that Rick Hubbard was performing contract services for DCES and I had given him time off because Plaintiff Hubbard had been ill.

17. Apart from DCES's use of Rick Hubbard as a contractor/consultant, for which he was paid in exchange for services he performed for the business, I have no recollection of any of the allegations in the Complaint that mention or refer to me.

18. In any event, the only time I ever interacted with Rick Hubbard and Plaintiff Hubbard, in any manner, was during the time Rick was performing contract services for me at DCES, as detailed in paragraph 15 above, at times that they both lived in Texas.

19. I have no recollection of interacting with either Rick Hubbard or Plaintiff Hubbard after Rick Hubbard completed the performance of his services for DCES in 2016.

20. Based on my lack of any connections with the State of California, being required to defend myself against the claims and matters asserted in the Complaint would impose a significant personal and financial burden on me as a Defendant.

21. This burden is particularly acute given that any and all of my contacts with Rick Hubbard and Plaintiff Hubbard, including the acts or conduct that are alleged in the Complaint, occurred in Texas. I have no knowledge of, or connection to, any of the acts or conduct alleged in the Complaint that involved in any way the State of California.

///

///

4

**DECLARATION OF DEFENDANT ROBERT PRUITT IN SUPPORT OF MOTION TO DISMISS;**
**CASE NO. 2:22-CV-07957-FLA-MAA**

22. At no time have I purposefully or intentionally availed, or attempted to avail, myself of the benefits of the laws of the State of California.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in Plano, Texas on January 31, 2023.

*[signature]*

ROBERT L. PRUITT III