Brian L. Hoffman (State Bar No. 150824)
bhoffman@wshblaw.com
David J Rubaum (State Bar No. 191802)
drubaum@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant,
MICHAEL SCOTT WOODS, M.D.
(erroneously sued and served herein as
DR. SCOTT WOODS)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>Plaintiffs,<br><br>v.<br><br>TRAMMELL S. CROW, JR., et al.,<br><br>Defendants. | Case No. 2:22-cv-7957-FLA-MAA<br><br>Assigned to Honorable<br>Fernando L. Aenlle-Rocha<br><br>**DEFENDANT MICHAEL SCOTT WOODS, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND JOINDER IN MOTION TO DISMISS BY DEFENDANT PRUITT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Declaration of Michael Scott Woods and [Proposed] Order]<br><br>Date: March 10, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 6B<br><br>Trial Date:       None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 10, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Fernando L. Aenlle-Rocha at the First Street Courthouse, 350 West Pt Street, Courtroom 6B, 6th Floor,

Los Angeles, California 90012, Defendant Michael Scott Woods, M.D. (erroneously sued and served herein as Dr. Scott Woods) (hereinafter "Dr. Woods") will and hereby does specially appear and move pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for an order dismissing this action because the Court lacks personal jurisdiction over Dr. Woods.

In addition, Dr. Woods, hereby joins in the pending motion to dismiss of Defendant Robert L. Pruitt, III, and incorporates same herein in full.  Dr. Woods based this Joinder on the fact that he makes the same arguments and seeks the same relief as Defendant Pruitt as more fully set forth herein.

This Motion is based on the following grounds:

1) This Court does not have general or specific jurisdiction over Dr. Woods because, among other things, he has no physical presence nor is he domiciled in California, nor are there any allegations of specific conduct by Dr. Woods in California;

2) Application of nationwide jurisdiction under the RICO statutes is not appropriate in this case as the ends of justice do not require this Court to assert personal jurisdiction over nearly every named party in this case (all of whom reside outside of California), save and except for a single medical defendant who resides and works in this Judicial District.  Moreover, the ends of justice are not met by this Court asserting personal jurisdiction over all of these out-of-state parties in this case when nearly all of the conduct alleged in the Complaint occurred outside of California.

3) Finally, without question another, far more appropriate forum exists for this case, to wit, Texas, where nearly every defendant resides and where nearly all of the alleged conduct took place.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Defendant Michael Scott Woods, those matters of which the Court properly may

DEFENDANT MICHAEL SCOTT WOODS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND JOINDER IN MOTION TO DISMISS BY DEFENDANT PRUITT; MEMORANDUM OF POINTS AND AUTHORITIES

take judicial notice, on such further evidence and argument as may be presented to the Court in further briefing and at oral argument at the hearing on this Motion, and on the papers, records, and pleadings on file herein.

**Compliance with Local Rule 7-3:** This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which began via substantive email on January 31, 2023 and was concluded via telephone on February 3, 2023 due to the unavailability of Plaintiffs' counsel who was in trial in New York.

DATED: February 8, 2023                     WOOD, SMITH, HENNING & BERMAN LLP

By: _____
BRIAN L. HOFFMAN
DAVID J RUBAUM
Attorneys for Defendant, MICHAEL SCOTT WOODS, M.D. (erroneously sued and served herein as DR. SCOTT WOODS)

# TABLE OF CONTENTS

Page

I. INTRODUCTION. ................................................................................................ 6

II. SUMMARY OF PERTINENT FACTS. ............................................................... 7

    A. General Allegations. ................................................................................... 7

    B. Jurisdictional Allegations. ........................................................................... 8

    C. Allegations against moving Party Dr. Woods. ........................................... 9

    D. Dr. Woods' declaration makes clear that there is no traditional basis upon which this Court could exercise personal jurisdiction over him. ................................................................................................... 9

III. LEGAL ARGUMENT ........................................................................................ 10

    A. Personal Jurisdiction. ................................................................................ 10

        1. The Court lacks general jurisdiction over Dr. Woods. ...................... 11

        2. The Court lacks specific jurisdiction over Dr. Woods. .................... 11

    B. Nationwide jurisdiction is inappropriate in this case. ............................... 11

IV. CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bristol-Myers Squib Co. v. Superior Court*, 582 U.S., 137 S.Ct. 1773 ...................... 10

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535 ......................................................................................... 12

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 ........................................................................................................................ 10

*Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 ........................................................... 11

*Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97 ......................... 10

**OTHER AUTHORITIES**

18 U.S.C. § 1962(c) and (d) ........................................................................................ 8

**RULES**

Fed. R. Civ. P. 4(k)(1)(A) ........................................................................................... 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Even a cursory review of the Complaint makes one thing abundantly clear- the Central District of California was apparently picked by Plaintiffs for strategic reasons and not because of where the events took place, where the parties live and work, or any other reason that would make that choice appear reasonable from a logistic and legal point of view.  More specifically, of the approximately 30 named parties (including the Plaintiffs themselves), only one party resides and does business within the Central District, to wit, defendant Dr. Benjamin Todd Eller. Moreover, nearly all of the conduct alleged in the Complaint occurred outside of California, and presumably the majority of witnesses and evidence are located outside of California as a result.  To the contrary, nearly all of the parties reside in Texas, and nearly all of the conduct occurred in Texas, which would seem to make Texas the appropriate forum for this action, if anywhere.

With respect to moving Defendant Dr. Woods, his concurrently filed declaration makes clear that this Court does not have jurisdiction over him when considering the traditional bases for exercising personal jurisdiction over a party. Specifically, Dr. Woods declaration establishes that:

1) He was served with the summons and complaint in Texas;

2) He has lived (and continues to live) in Texas for the last 33 years;

3) He has never lived in California, nor has he owned, leased or rented property in California;

4) His only visits to California in the last 10 years were to visit colleges with his son;

5) He has never been involved in litigation in California, save and except for the instant litigation;

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

6) His professional work is conducted in Texas, he has never worked in California nor did he treat plaintiff Hubbard in California (and he did not treat plaintiff Goedinghaus at all to his knowledge);

7) He does not nor has he ever banked with a California bank to his knowledge, nor has he paid taxes there;

8) He has never been in California with any named party to this case; and

9) His only communications with any party to this case involved his former patient Plaintiff Hubbard in his office in Texas, and with his colleague Defendant Dr. Bolin, who is also located in Texas.

(See Woods Decl., ¶¶2-10).

Given the fact that jurisdiction is clearly not proper in this District Court based on traditional considerations for determining same, Plaintiffs cite to the RICO jurisdictional statute, to wit, 18 U.S.C. §1962, as a basis to establish nationwide jurisdiction in this case. (See Comp. [ECF No. 1], ¶¶58-59). However, there is more to it than simply citing that statute. Plaintiff's must establish that the ends of justice are met by allowing this Court to assert personal jurisdiction over the approximately 28 defendants who reside outside of California when it would not otherwise have that jurisdictional power. A simple reading of the Complaint makes clear that the ends of justice are met not by litigating this case in California, but by having this case litigated in the State where nearly all defendants reside and nearly all of the conduct took place, namely in Texas.

For all of these reasons, and because Plaintiffs cannot show that Texas is not an alternative forum, the Court should grant the instant motion.

## II.    SUMMARY OF PERTINENT FACTS.

### A.    General Allegations.

The gravamen of the Complaint is that the "defendants" engaged in an illegal enterprise wherein "sex-parties" and "human sex-trafficking" took place. (See Comp., ¶1). It is alleged that the Plaintiffs- Julia Hubbard and Kayla

Goedinnghaus- were victims of this enterprise who also happen to be an ex-wife and fiancé of the "head" of this enterprise, to wit, defendant Richard Hubbard. (See Comp., ¶1).

Plaintiff has broken up the defendants into various categories as follows: 1) The Medical Doctor Defendants- who illegally prescribed drugs to "control" the victims of the enterprise presumably in exchange for the payment of money (see Comp., ¶¶7-16); 2) The Fixer Defendants- to keep everyone in line under threat of legal process and/or abuse (see Comp., ¶¶17-28); 3) The Investor Defendants- who funded the enterprise and distributed the profits (see Comp., ¶¶29-40); and 4) The Labor Trafficking Defendants- who were managers of a Cabaret club (in Texas)- who forced victims to work within the enterprise (see Comp., ¶¶41-52). Moving Defendant, Dr. Woods, is obviously a Medical Doctor Defendant.

### B.   Jurisdictional Allegations.

The Complaint, as it must, sets for residency allegations for purposes of jurisdiction. Those allegations make clear that the Central District of California is, at a minimum, a very odd choice for venue:

1) Twenty-five (25) of Twenty-Eight (28) defendants reside in Texas. (See Comp., ¶¶ 62-89).

2) Both Plaintiffs reside in Virginia. (See Comp., ¶¶60-61).

3) All of the identified non-parties set forth in the Complaint reside in Texas. (See Comp., ¶92-94).

4) *A single defendant- Eller- resides and works in California.* (See Comp., ¶64).

Based on the above, Plaintiffs allege that Venue is appropriate in the Central District of California based on the fact that the single Defendant, Eller, resides and operates his business there. (See Comp., ¶53). Plaintiffs continue by asserting that this Court has personal jurisdiction over the parties based on violations of 18 U.S.C. § 1962(c) and (d) which were made possible by the acts of Defendant Eller, which

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  occurred in this District. (See Comp., ¶58).  Finally, Plaintiff allege (without any
2  factual support) that this Court has personal jurisdiction over each of the non-
3  resident Defendants because they purposefully availed themselves to the laws and
4  benefits of California. (See *Id.*).  These claims are specious.

### C. Allegations against moving Party Dr. Woods.

As to Dr. Woods, the allegations against him in the 62-page Complaint are minimal to say the least.  Besides for identifying him as one of the approximately 28 defendants who live outside of California (see Comp., ¶67), the Complaint alleges that Dr. Woods was one of the physicians who improperly prescribed medications to the alleged victims (see Comp., ¶¶14, 145 and 151), and that he ignored Plaintiffs' pleas for assistance (see Comp., ¶15).  That is it.  And it must be noted that as set forth in his declaration, Dr. Woods' professional practice is in Texas and that he treated plaintiff Hubbard in Texas, not in California.  (See Woods Decl., ¶¶ 7 and 10).

### D. Dr. Woods' declaration makes clear that there is no traditional basis upon which this Court could exercise personal jurisdiction over him.

As set forth above and in the concurrently filed declaration of Dr. Woods:

1) He was served with the summons and complaint in Texas;

2) He has lived (and continues to live) in Texas for the last 33 years;

3) He has never lived in California, nor has he owned, leased or rented property in California;

4) His only visits to California in the last 10 years were to visit colleges with his son;

5) He has never been involved in litigation in California, save and except for the instant litigation;

6) His professional work is conducted in Texas, he has never worked in California nor did he treat plaintiff Hubbard in California (and he did not treat plaintiff Goedinghaus at all to his knowledge);

7) He does not nor has he ever banked with a California bank to his knowledge, nor has he paid taxes there;

8) He has never been in California with any named party to this case; and

9) His only communications with any party to this case involved his former patient Plaintiff Hubbard in his office in Texas, and with his colleague Defendant Dr. Bolin, who is also located in Texas.

(See Woods Decl., ¶¶2-10).

Moreover, Dr. Woods states in his declaration that litigating this case in California based on his lack of contacts/connections with the State, coupled with the fact that the conduct alleged against him took place in Texas, makes no sense to him and imposes a significant burden on him both personally and professionally. (Woods Decl., ¶11). Finally, Dr. Woods states that he has never agreed to jurisdiction in California, nor has he purposefully availed himself to the benefits of the laws of the State of California. (Woods Decl., ¶12).

## III.   LEGAL ARGUMENT

### A. Personal Jurisdiction.

Personal jurisdiction is required over a defendant whenever a Plaintiff seek a judgment against them personally. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 711 n.1 (1982). Typically, personal jurisdiction is limited to the location(s) where the party resides, domiciled, and or has sufficient minimum contacts to justify exerting judicial authority over them. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104-05 (1987); Fed. R. Civ. P. 4(k)(1)(A).

Personal jurisdiction is of two types, "general" or "specific." *Bristol-Myers Squib Co. v. Superior Court*, 582 U.S., 137 S.Ct. 1773, 1785 (2017). Typically, a person's domicile provides the basis for general jurisdiction. *Id.* For specific jurisdiction, there must be a reasonable connection between the forum and the underlying controversy. *Id.* Due process requires that a defendant have "certain

minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945).

### 1. The Court lacks general jurisdiction over Dr. Woods.

Without question, this Court lacks general jurisdiction over Dr. Woods. His declaration makes clear that he resides in Texas, works in Texas, treated one of the Plaintiff's in Texas and that he has essentially no connections whatsoever with California. (See Woods Decl., ¶¶3-10). Moreover, Dr. Woods makes clear that he has not consented to jurisdiction over him in California and that litigating the case in California would impose a substantial burden on him personally and professionally. (See Woods Decl., ¶¶11-12).

### 2. The Court lacks specific jurisdiction over Dr. Woods.

Dr. Woods' declaration similarly makes it clear that he lacks sufficient minimum contacts with California to establish specific jurisdiction over him in this State. Specifically, Dr. Woods declares that: a) he has never lived in California at any time nor has he owned, rented or leased property in that State; b) his only visits to California involved visiting colleges with his son in 2020; c) he has never been involved in litigation in California prior to the instant action; d) he treated only one of the Plaintiffs and did so in Texas, not California; e) he does not bank with California banks; and f) he has never been in California with any party to this case that he is aware of. (See Woods Decl., ¶¶4-9).

### B. Nationwide jurisdiction is inappropriate in this case.

Plaintiffs allege that the RICO jurisdictional statute provides nationwide jurisdiction in this case. While the reach of the RICO jurisdictional statute is broad in the abstract, it remains limited by due process concerns of fairness and convenience.

/ / /

/ / /

Plaintiffs allege statutory nationwide jurisdiction under Section 1965(b) of RICO, which requires a showing that the ends of justice dictate that parties from other districts be brought before the Court. *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). Plaintiffs have not and cannot make this showing.

Here, the jurisdictional facts outlined above make basically no showing that the ends of justice are best served by hauling approximately 28 named defendants into Court in a foreign state wherein only one defendant resides and works. This is especially true where the overwhelming majority of those defendants (and nearly all of the alleged conduct) are located in one State, to wit, Texas. Nor do Plaintiffs attempt to do the opposite- i.e. show that Texas is not an appropriate forum of this case. Rather, Plaintiffs simply chose this District and tied it to the residence and work location of a single defendant, Eller, despite the fact that Eller's role in the alleged enterprise was very limited in scope, namely writing provider notes that formed the basis for other healthcare providers to provide prescriptions for medications to the Plaintiffs. The Court is reminded that the alleged enterprise is a sex-trafficking operation, not an illegal prescription drug distribution operation. Thus, although Plaintiffs attempt to make Eller's role significant within the enterprise, it simply is not. This fact is amplified by the fact that Eller *could not even prescribe the medication* (he is a psychologist, not a psychiatrist and thus is not licensed to do so- see Comp., ¶14).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

On the extensive facts alleged in the sixty-two (62) page complaint, California without question is an improper forum on many levels, and Plaintiffs' choice in this regard appears to be a simple case of inappropriate forum-shopping. This should not be allowed by this Court. As such, the instant motion to dismiss should be granted.

DATED: February 8, 2023           WOOD, SMITH, HENNING & BERMAN LLP

By: _____
BRIAN L. HOFFMAN
DAVID J RUBAUM
Attorneys for Defendant, MICHAEL SCOTT WOODS, M.D. (erroneously sued and served herein as DR. SCOTT WOODS)

# PROOF OF SERVICE

**Hubbard v. Crow**
**Case No. 2:22-cv-7957-SK**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On February 8, 2023, I served the following document(s) described as **DEFENDANT MICHAEL SCOTT WOODS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND JOINDER IN MOTION TO DISMISS BY DEFENDANT PRUITT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 8, 2023, at Los Angeles, California.

/s/ Jessica Avila Gonzales
Jessica Avila Gonzales

-1-

Case No. 2:22-cv-7957-FLA-MAA

DEFENDANT MICHAEL SCOTT WOODS' NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND JOINDER IN MOTION TO DISMISS BY DEFENDANT PRUITT; MEMORANDUM OF POINTS AND AUTHORITIES