DELMAR S. THOMAS (SBN 210825)
    dthomas@yukelaw.com
JUSTIN M. MARVISI (SBN 294498)
    jmarvisi@yukelaw.com
OLIVIA H. KIM (SBN 322535)
    okim@yukelaw.com
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone:   (213) 362-7777
Facsimile:   (213) 362-7788
Email:       eservice@yukelaw.com

Attorneys for Specially Appearing
Defendant CASEY GROVER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30,<br><br>                    Defendants. | CASE NO. 2:22-cv-7957<br><br>**DEFENDANT CASEY GROVER'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Date:   March 31, 2023<br>Time:   1:30 p.m.<br>Dept:   6B, 6th Floor<br><br>Assigned to the Hon. Fernando L. Aenlle-Rocha |

2512848.1                                                          Case No. 2:22-cv-7957

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Please take notice that on March 31, 2023, at 1:30 p.m., in Courtroom 6B of the above-titled Court, located at 350 W. 1st St., 6th Floor, Los Angeles, California 90012, the Honorable Fernando L. Aenlle-Rocha shall hear Defendant Casey Grover's <u>Motion to Dismiss</u>.

Mr. Grover moves to dismiss based on the lack of personal jurisdiction and, alternatively, for Plaintiffs' failure to state a claim.  Good cause exists to grant this Motion for the following reasons:

<u>Lack of Personal Jurisdiction:</u> Personal jurisdiction over Mr. Grover is absent, and the Court should dismiss Plaintiffs' claims against him under Fed. R. Civ. P. 12(b)(2).  Mr. Grover resides in Texas, not California, and is otherwise not "at home" in California, barring general jurisdiction over him.  Mr. Grover's alleged torts against Plaintiff Julia Hubbard ("Julia") were committed in Texas, precluding specific jurisdiction.  Nationwide jurisdiction under the RICO statute is unavailable because Plaintiffs do not sufficiently allege a multidistrict conspiracy, and because an alternative forum, Texas, exists for Plaintiffs' claims against all Defendants.

<u>Failure to State a Claim:</u> In the alternative, Plaintiffs' claims against Mr. Grover should be dismissed under Fed. R. Civ. P. 12(b)(6).

First, Plaintiffs' improper shotgun Complaint with its "everyone-did-everything" approach fails to comply with Rule 8 notice requirements.

Second, Plaintiff Kayla Goedinghaus ("Kayla") does not allege any facts suggesting Mr. Grover had any connection to her, and therefore her claims against him should be dismissed.

Third, the sex-trafficking claims fail as no facts suggest Mr. Grover was part of the sex-trafficking, labor-trafficking venture Plaintiffs allege – at best Plaintiffs allege isolated misconduct by Grover.

Fourth, the labor-trafficking claims fail for lack of any facts plausibly showing

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Mr. Grover's participation in the previously mentioned venture, and because the Complaint's "shotgun-pleading" approach fails to apprise Grover of which claims are brought against him.

Fifth, Julia's RICO claims are time-barred, having been filed around a year after the four-year deadline.

Finally, the RICO claims fail because no pled facts plausibly show Grover's participation in an enterprise, namely, the aforementioned venture.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 16, 2022, and is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; all pleadings and other matters already before the Court in this action, and such further information presented at or before any hearing on the motion.

DATED:  February 23, 2023          YUKEVICH | CAVANAUGH

By: _____

Delmar S. Thomas
Justin M. Marvisi
Olivia H. Kim
Attorneys for Specially Appearing
Defendant CASEY GROVER

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1

## <u>**TABLE OF CONTENTS**</u>

2
**Page**

Memorandum of Points and Authorities ................................................................9

Introduction ...........................................................................................................9

Plaintiffs' Allegations Against Casey Grover .......................................................9

Declaration of Casey Grover ...............................................................................10

Argument – 12(b)(2) ............................................................................................11

    A.    Governing Principles............................................................................11

    B.    No general jurisdiction over Grover exists ..........................................12

    C.    Specific jurisdiction over Grover is absent .........................................13

    D.    Nationwide jurisdiction over Grover is absent ...................................15

Argument – 12(b)(6) ............................................................................................17

    A.    Governing Principles ...........................................................................17

    B.    Rule 8 Notice pleading requirements are not satisfied ......................17

    C.    Kayla does not allege any facts relevant to Mr. Grover ....................18

    D.    Julia does not plausibly allege a sex-trafficking claim against Grover ...................................................................................19

    E.    Julia does not plausibly allege a labor-trafficking claim against Grover ...................................................................................21

    F.    Julia's RICO claims are time-barred....................................................22

    G.    Julia does not plausibly allege a RICO claim against Grover ...........23

Conclusion ...........................................................................................................26

Certificate of Compliance ...................................................................................26

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# Table of Authorities

Page(s)

**Cases**

*Afifeh v. Ahmadabadi*,
No.: 2:22-cv-00928-SB-AFM, 2022 WL 2898945 (C.D. Cal. July 11, 2022) ........................................................................................... 11, 12

*Anagnostou v. County of Los Angeles*,
No. 2:19-cv-08111-VAP-PLAx, 2020 WL 4919599 (C.D. Cal. June 8, 2020) ........................................................................................... 19

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017) .......................................................... 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................... 18

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*,
788 F.2d 535 (9th Cir. 1986) ............................................................ 15

*Cedric Kushner Promotions, Ltd. v. King*,
533 U.S. 158 (2001) .......................................................................... 23

*Celece v. Dunn Sch.*,
No. CV 20-10139-GW-PVCx, 2021 WL 3190910 (C.D. Cal. June 21, 2021) ......................................................................................... 13

*In re Century Aluminum Co. Sec. Litig.*,
729 F.3d 1104 (9th Cir. 2013) .......................................................... 20

*David John, M.D., Inc. v. Polisky*,
No. 20-cv-00049-DKW-RT, 2020 WL 2490097 (D. Haw. May 14, 2020) ................................................................................................. 13

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011) ............................................................ 18

*Doe v. Fitzgerald*,
No. CV 20-10713-MWF, 2022 WL 2784805 (C.D. Cal. May 13, 2022) ................................................................................................. 20

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*Doe v. Mindgeek USA Inc.*,
      558 F.Supp.3d 828 (C.D. Cal. 2021) ................................................................21, 21

*Ebner v. Fresh*,
      838 F.3d 958 (9th Cir. 2016) ............................................................................17

*Fraser v. Team Health Holdings, Inc.*,
      No. 20-cv-04600-JSW, 2022 WL 971579 (N.D. Cal. Mar. 31, 2022)...............24

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
      564 U.S. 915 (2011) .........................................................................................12

*High Adventure Ministries, Inc. v. Tayloe*,
      309 F.Supp.3d 461 (W.D. Ky. 2018) ................................................................16

*Howard v. Am. Online Inc.*,
      208 F.3d 741 (9th Cir. 2000) ............................................................................25

*Isaacs v. USC Keck Sch. of Med.*,
      No. 20-55239, 853 Fed.Appx. 114 ....................................................................23

*Jones v. Bock*,
      549 U.S. 199 (2007) .........................................................................................23

*Lee v. City of Los Angeles*,
      250 F.3d 668 (9th Cir. 2001) ............................................................................17

*LNS Enter. LLC v. Cont'l Motors Inc.*,
      464 F.Supp.3d 1065 (D. Ariz. 2020) ................................................................12

*Martinez v. Aero Caribbean*,
      764 F.3d 1062 (9th Cir. 2014) ..........................................................................13

*Moore v. Trader Joe's Co.*,
      4 F.4th 874 (9th Cir. 2021) ..............................................................................17

*Navarro v. Block*,
      250 F.3d 729 (9th Cir. 2001) ............................................................................17

*Oasis Med., Inc. v. Biocia, Inc.*,
      No. CV 21-8879-DMG, 2022 WL 2189616 (C.D. Cal. Jan. 10,
      2022)................................................................................................................12

*Odom v. Microsoft Corp.*,
      486 F.3d 541 (9th Cir. 2007) ............................................................................23

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

*Orellana v. Mayorkas*,
    6 F.4th 1034 (9th Cir. 2021) ................................................................................ 19, 20

*Pincay v. Andrews*,
    238 F.3d 1106 (9th Cir. 2001) .................................................................................... 22

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ....................................................................... 11, 12, 13

*Ratha v. Phattana Seafood Co.*,
    35 F.4th 1159 (9th Cir. 2022) .............................................................. 13, 14, 20, 21

*Retail Prop. Trust v. United Brotherhood of Carpenters and Joiners of*
    *Am.*,
    768 F.3d 938 (9th Cir. 2014) ..................................................................................... 17

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993) ..................................................................................................... 24

*Sears v. Russell Rd. Food and Beverage, LLC*,
    460 F.Supp.3d 1065 (D. Nev. 2020) ........................................................................ 23

*Shaw v. Nissan N. Am., Inc.*,
    220 F.Supp.3d 1046 (C.D. Cal. 2016) ............................................................... 23, 24

*Shuman v. Computer Assocs. Int'l, Inc.*,
    762 F. Supp. 114 (E.D. Pa. 1991) ............................................................................ 16

*Solberger v. Wachovia Sec., LLC*,
    No. SACV 09–0766 ............................................................................................. 19. 22

*Standard v. Nygren*,
    658 F.3d 792 (7th Cir. 2011) ..................................................................................... 17

*Walden v. Fiore*,
    571 U.S. 277 (2014) ..................................................................................................... 15

*Yellowcake Inc. v. Morena Music, Inc.*,
    522 F. Supp. 3d 747 (E.D. Cal. 2021) ...................................................................... 18

*In re ZF-TRW Airbag Control Units Products Liab. Litig.*,
    601 F. Supp. 3d 625 (C.D. Cal. 2022) ...................................................................... 15

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**Statutes and Rules**

18 U.S.C. § 1589.................................................................................................22

18 U.S.C. § 1595(a) ........................................................................................20, 22

18 U.S.C. § 1962(c) ................................................................................24, 25, 26

18 U.S.C. § 1965(b).................................................................................10, 16, 17

Cal. Code Civ. P. 410.10 .....................................................................................13

RICO ...............................................................................................................*passim*

Fed. R. Civ. P. 12(b).............................................................................................12

Fed. R. Civ. P. 12(b)(2) ........................................................................................12

Fed. R. Civ. P. 12(b)(6) .............................................................10, 18, 24, 25

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

This case concerns an alleged sex- and labor-trafficking venture purportedly operated by Richard Hubbard ("Richard") and allegedly victimized Plaintiffs Julia Hubbard ("Julia") and Kayla Goedinghaus ("Kayla"). Plaintiffs allege that they were forced into the venture, where they were verbally, sexually, and physically abused and compelled to perform sex acts for payment and to secure business relationships for Richard.  Plaintiffs allege a large case of characters were venture members, ranging from various doctors who drugged Plaintiffs into submission to assorted investors who financed the venture to a Texas Ranger who threatened Plaintiffs with arrest on false charges.  Yet, Plaintiffs' case is doomed from the outset solely based on their strategic, but improper, selection of California for the battleground.  If this case belongs anywhere, it is Texas, not California.  The Court should therefore grant this Motion to Dismiss for Lack of Personal Jurisdiction.

This Court has neither general nor specific jurisdiction over Defendant Casey Grover.  Mr. Grover is a resident of Texas, lacks significant contacts with California, and has no contacts with California related to the subject of the Complaint.  In fact, the Complaint does not allege any conduct by Mr. Grover in California.  To the extent Plaintiffs allege that nationwide jurisdiction is appropriate against the numerous out-of-state Defendants under the RICO jurisdictional statute, 18 U.S.C. § 1965(b), they cannot satisfy the statutory standard that the ends of justice "require" nationwide jurisdiction.  Instead, the Complaint's allegations reveal that the "ends of justice" require that this case be prosecuted and defended in Texas.

Even if this case remains in California, it should still be dismissed as to Mr. Grover pursuant to Fed. R. Civ. P. 12(b)(6).  The limited allegations in the Complaint against Mr. Grover cannot plausibly support the asserted claims against him.

### Plaintiffs' Allegations Against Casey Grover

Plaintiffs' account has Mr. Grover playing a fairly minor role in the venture,

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

and only as to Julia as Plaintiffs do not allege any facts suggesting he had involvement with Kayla.  In the summer of 2017, several years after the venture's beginning in 2012 (Compl. ¶¶ 232, 238, 314, 316, 340), Julia allegedly left Richard and took a job at Silver City Cabaret in Dallas, Texas. (Id. ¶¶ 247, 249.)  There, Julia met Mr. Grover, who was employed as a manager. (Id.)  After meeting Julia, Grover supposedly used abusive tactics to "force [Julia] to do as he wished for his financial benefit." (Id. ¶ 250.)  These tactics allegedly included Mr. Grover refusing to disburse her wages, threatening to cut her hours or fire her, depriving her of her vehicle and tracking her using her phone, allegedly done in Texas.  (Id. ¶¶ 250, 252-253.)

Julia alleges she learned that Mr. Grover was part of the venture and had been in regular contact with Richard since Julia began working at Silver City, with Richard even contacting Grover's wife. (Id. ¶ 255.)

Julia's relationship with Mr. Grover apparently ended when he allegedly broke her ribs in October 2017, prompting her to leave him and quit her job at Silver City. (Id. ¶¶ 257-258.)

On November 1, 2022, Plaintiffs filed this lawsuit against Mr. Grover and others, based on the facts alleged above, and asserting claims against Mr. Grover for (1) sex-trafficking; (2) labor-trafficking; and violations of the Racketeer Influenced and Corrupt Organizations Act.  (Id. ¶¶ 319-321, 323-325, 327-343.)

## **Declaration of Casey Grover**

Mr. Grover's Declaration, filed concurrently in support of this Motion, confirms that there is no basis upon which this Court could exercise personal jurisdiction over him:

- Mr. Grover was served with the Complaint in Texas.

- Mr. Grover's domicile and residence has been in Texas for the past twenty-two (22) years.

- Mr. Grover never consented to California jurisdiction.

- Prior to moving to Texas in 2000, Mr. Grover lived in San Diego, California

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

for approximately three years (1996 to 1999) working primarily as a DJ.  He also started a business while in San Diego (a performance shop for cars) but shut it down shortly after opening it.  After leaving San Diego, Mr. Grover returned to California only once in 2002 for less than 24 hours to help a friend move.

- Since leaving San Diego, Mr. Grover has not (1) performed any work that has any connection to California, (2) owned any real property in California, (3) owned nor operated any businesses in California, (4) possessed any California bank accounts, and (5) not paid any personal or business taxes in California.

- Aside from this lawsuit, Mr. Grover has never been a party to a lawsuit in California.

- Mr. Grover briefly worked with and dated Julia in 2017, but all of his interactions and communications with her occurred in Texas, not California.

- Mr. Grover has never met, spoken to, or heard of Kayla prior to the filing of this lawsuit.

- As to the only Defendant who is a California resident, Dr. Benjamin Todd Eller, Mr. Grover has never met, spoken to, or heard of him.

- Having to travel to California for discovery and trial of this case would impose a significant personal and financial burden on Mr. Grover.

## Fed. R. Civ. P. 12(b)(2) - Motion to Dismiss for Lack of Personal Jurisdiction

A.    Governing Principles.

A defendant may bring a personal jurisdiction challenge in a motion under Federal Rule of Civil Procedure 12(b).  Fed. R. Civ. P. 12(b)(2).  "'In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.'"  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015); *see Afifeh v. Ahmadabadi*, No.: 2:22-cv-00928-SB-AFM, 2022 WL 2898945, at *2 (C.D. Cal. July 11, 2022) (same).  A plaintiff may not simply

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1    rest on the 'bare allegations of [the] complaint.'" *Ranza*, 793 F.3d at 1068; *see Afifeh*,

2    2022 WL 2898945, at *2 (same).

3         "'Federal courts ordinarily follow state law in determining the bounds of their

4    jurisdiction over [defendants].'" *Ranza*, 793 F.3d at 1068; *see Oasis Med., Inc. v.*

5    *Biocia, Inc.*, No. CV 21-8879-DMG (AGRx), 2022 WL 2189616, at *5 (C.D. Cal.

6    Jan. 10, 2022).  California's long-arm statute authorizes personal jurisdiction to the

7    full extent allowed by the U.S. Constitution.  *See* Cal. Code Civ. P. 410.10; *Oasis*,

8    2022 WL 2189616, at *5.  "For the exercise of personal jurisdiction over a defendant,

9    due process requires that the defendant 'have certain minimum contacts' with the

10   forum state 'such that the maintenance of the suit does not offend 'traditional notions

11   of fair play and substantial justice.'" *Ranza*, 793 F.3d at 1068; *see Oasis*, 2022 WL

12   2189616, at *5 (same).

13        Personal jurisdiction over an out-of-state defendant comes in two forms,

14   general and specific.  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1067 (9th Cir.

15   2014); *see LNS Enter. LLC v. Cont'l Motors Inc.*, 464 F.Supp.3d 1065, 1072 (D. Ariz.

16   2020).  Neither is present here for Mr. Grover.

17   B.    No general jurisdiction over Mr. Grover exists.

18        General jurisdiction "permits a court to hear 'any and all claims' against a

19   defendant, whether or not the conduct at issue has any connection to the forum."

20   *Ranza*, 793 F.3d at 1068-69; *Ratha v. Phattana Seafood Co*., 35 F.4th 1159, 1171 (9th

21   Cir. 2022).  "Because the scope of general jurisdiction, once established, is broader

22   than the scope for specific jurisdiction, 'a plaintiff invoking general jurisdiction must

23   meet an exacting standard for the minimum contacts required.  Courts may exercise

24   general jurisdiction over a defendant only if the defendant's connections to the forum

25   state are so continuous and systematic as to render [it] essentially at home in the

26   forum." (cleaned up).  *Ratha*, 35 F.4th at 1171.  "For an individual, the paradigm

27   forum for the exercise of general jurisdiction is the individual's domicile[.]"

28   *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see*

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

YUKEVICH | CAVANAUGH

355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1  *Celece v. Dunn Sch*., No. CV 20-10139-GW-PVCx, 2021 WL 3190910, at *8 (C.D.

2  Cal. June 21, 2021) (same).

3      There is no general jurisdiction over Mr. Grover.  As explained in his

4  Declaration, he is a domiciliary of Texas, i.e., his permanent home is in Texas, not

5  California, and he was domiciled in Texas from at least 2000 to the present.  He works

6  in Texas, not California.  Since 2000 through the present, Mr. Grover has not owned

7  real property in California, has not paid taxes there, has not worked there, has not had

8  a California bank account, and has not visited California aside from a less-than-24-

9  hour stay to help a friend move.

10      Because Grover does not have contacts with California so substantial,

11  continuous, systematic as to render him "at home" there, general jurisdiction over him

12  is not available.  *See Celece,* 2021 WL 3190910, at *8 (no general jurisdiction over

13  nonresident natural persons who did not currently reside in forum state and did not

14  reside or pay taxes there during events giving rise to suit); *David John, M.D., Inc. v.*

15  *Polisky*, No. 20-cv-00049-DKW-RT, 2020 WL 2490097, at *6-7 (D. Haw. May 14,

16  2020) (no general jurisdiction over natural person who did not reside in forum state,

17  had no offices or staff there, was not licensed there, did not solicit business there, and

18  merely provided legal services to a handful of clients in the forum state; such activity

19  "does not begin to approach 'substantial, continuous, and systematic contacts' so as

20  to establish general jurisdiction").

21  C.   Specific jurisdiction over Mr. Grover is absent.

22      "Specific jurisdiction exists when a case 'aris[es] out of or relate[s] to the

23  defendant's contacts with the forum.'" *Ranza*, 793 F.3d at 1068.  "It 'depends on an

24  affiliation between the forum and the underlying controversy, principally, activity or

25  an occurrence that takes place in the forum State and is therefore subject to the State's

26  regulation.'" *Ranza*, 793 F.3d at 1068; *see Ratha*, 35 F.4th at 1171 (same).

27  "Specifically, 'the defendant's suit-related conduct must create a substantial

28

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1    connection with the forum State.'"  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874

2    F.3d 1064, 1068 (9th Cir. 2017).

3         "Two principles animate the defendant-focused inquiry.  First, the relationship

4    between the nonresident defendant, the forum, and the litigation must arise out of

5    contacts that the defendant himself creates with the forum State.   Second, the

6    minimum contacts analysis examines the defendant's contacts with the forum State

7    itself, not the defendant's contacts with persons who reside there.   It follows that a

8    defendant's relationship with a plaintiff or third party, standing alone, is an insufficient

9    basis for jurisdiction."  *Axiom*, 874 F.3d at 1068 (cleaned up).

10        "There are three requirements for a court to exercise specific jurisdiction over

11   a nonresident defendant: (1) the defendant must either purposefully direct his

12   activities toward the forum or purposefully avail[ ] himself of the privileges of

13   conducting activities in the forum; (2) the claim must be one which arises out of or

14   relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction

15   must comport with fair play and substantial justice, i.e. it must be reasonable.   The

16   plaintiff bears the burden of satisfying the first two prongs of the test.  If the plaintiff

17   meets that burden, "the burden then shifts to the defendant to present a compelling

18   case that the exercise of jurisdiction would not be reasonable."  *Id*. at 1068-69

19   (cleaned up).

20        Here, there is no basis for exercising specific jurisdiction over Mr. Grover.

21   Plaintiffs allege that specific jurisdiction exists because Mr. Grover "purposefully

22   availed [himself] of the legal protection of the State of California and purposefully

23   directed business to this State." (Compl. ¶ 58.)  That is not correct.  The claims against

24   Mr. Grover are based on his supposed abusive behavior toward Julia in 2017 while

25   they were both in Texas.  (Id. ¶¶ 249-257.)  There are no allegations that Grover's

26   alleged tortious conduct occurred in California.  (Id. ¶¶ 58, 249-257.)   Julia met

27   Grover in Texas in 2017 when she was working at Silver City. (Id. ¶ 249.) Julia does

28   not explain, and law and common sense do not substantiate, her apparent argument

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1  that a person in Texas who allegedly abuses another person in Texas somehow avails

2  himself of the legal protection of California or directs business to California.  *See*

3  *Walden v. Fiore*, 571 U.S. 277, 288-89 (2014) (no minimum contacts in Nevada

4  lawsuit against airline passengers' lawsuit in Nevada against Georgia police officer

5  wrongfully seizing and retaining passengers' cash in Georgia, as "no part of [officer's]

6  course of conduct occurred in Nevada" – officer "never traveled to, conducted

7  activities within, contacted anyone in, or sent anything or anyone to Nevada").

8  Accordingly, there is no purposeful availment and the claims against Mr. Grover

9  should be dismissed.[1]

10  **D.**    Nationwide jurisdiction over Grover is absent.

11      Plaintiffs also assert nationwide jurisdiction under 18 U.S.C. § 1965(b).  §

12  1965(b) does not allow for nationwide jurisdiction in every case involving RICO

13  claims.  Rather, §1965(b) allows the court to exercise nationwide jurisdiction if the

14  plaintiff shows that "the ends of justice require" it.  *Id*.  The Ninth Circuit has held

15  that the "right to nationwide service in RICO is not unlimited." *Butcher's Union Local*

16  *No. 498, United Food & Commercial Workers v. SDC Inv., Inc*., 788 F.2d 535, 539

17  (9th Cir. 1986).  Instead, a plaintiff "must establish (1) that they have sufficiently

18  alleged a multidistrict conspiracy that encompasses the defendants; (2) that the court

19  has personal jurisdiction over at least one of the participants in the alleged

20  multidistrict conspiracy; and (3) there is no other district in which a court will have

21  personal jurisdiction over all of the alleged co-conspirators." *In re ZF-TRW Airbag*

22  *Control Units Products Liab. Litig*., 601 F. Supp. 3d 625, 693 (C.D. Cal. 2022).

23  Plaintiffs bear the burden on all elements.  *See id*.  Here, Plaintiffs cannot establish

24  the first or third elements.

25

26

27  _____

[1] Kayla does not even allege a factual ground for any claims against Grover (probably
28  a result of Plaintiffs' "shotgun-pleading" approach), so her claims and allegations add
nothing to this personal jurisdiction analysis. (Compl. ¶¶ 280-302.)

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

As to the first element, Plaintiffs have not sufficiently alleged a multidistrict conspiracy.  Nearly all of the alleged conduct of the supposed enterprise occurred in Texas.  (Compl. ¶332.)  Dr. Benjamin Eller is the only actor that resided outside Texas.  (*Id.* ¶¶ 303-305).  Dr. Eller's conduct, however, solely involved activity in Texas.  Plaintiffs allege he submitted false affidavits and testimony to Texas courts. (*Id.* ¶ 304).  They allege that he caused doctors in Texas named as Defendants to prescribe and provide the enterprise with medications.  (*Id.*, ¶305).  Plaintiffs do not allege that they ever left and experienced trafficking outside Texas.  Thus, Plaintiffs have failed to allege a multidistrict conspiracy, but rather a conspiracy solely in Texas, barring national jurisdiction under §1965(b).

As to the third element, Plaintiffs' Complaint makes clear that Texas would have personal jurisdiction over each of the Defendants in this case.  Out of the 22 individuals named in the Complaint, 20 reside in Texas, thus providing Texas courts with general jurisdiction over them.  (*Id.* ¶¶ 62-83.)   Only Dr. Eller and Dr. Mrugeshkumar Shah do not currently reside in Texas.  Both, however, have sufficient minimum contacts with Texas that a Texas court could exercise personal jurisdiction over them.  (*Id.* ¶¶ 63, 68.)  Plaintiffs alleged that Dr. Eller wrote recommendations for the Defendants who were doctors, which includes Dr. Shah, to prescribe medications for Julia in Texas.  (*Id.* ¶ 305.)

Courts routinely reject nationwide jurisdiction because of the presence of an alternative forum.  *See e.g., Shuman v. Computer Assocs. Int'l, Inc*., 762 F. Supp. 114, 117-18 (E.D. Pa. 1991) (weight of contacts in the claim pointed obviously to New Jersey as an alternative forum where all the alleged events occurred); *High Adventure Ministries, Inc. v. Tayloe*, 309 F.Supp.3d 461, 473 (W.D. Ky. 2018) (rejecting nationwide jurisdiction and noting the ends of justice would not be served by bringing defendants across the country to an improper forum); *Magic Toyota, Inc. v. Southeast Toyota Distrib.*, Inc., 784 F.Supp. 306, 311-12 (D.S.C.1992) (noting plaintiff had no evidence justice required haling the defendants to the district when an alternative

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

forum existed.).  The ends of justice would not be served by haling every defendant into this Court when all or nearly all of the evidence likely exists in Texas, all but one Defendant resides in Texas, and the events occurred in Texas.  Plaintiffs cannot even claim California as a convenient forum as both Plaintiffs reside in Virginia.  The Court should therefore decline to exercise nationwide jurisdiction.

## Fed. R. Civ. P. 12(b)(6) - Motion to Dismiss for Failure to State a Claim

Alternatively, the Court should dismiss the case against Mr. Grover pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiffs' failure to state valid claims against him.

A.    Governing Principles.

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal of a complaint under Rule 12(b)(6) is appropriate when the complaint fails to state sufficient facts creating a plausible claim to relief."  *Moore v. Trader Joe's Co*., 4 F.4th 874, 880 (9th Cir. 2021).  The court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."  *Retail Prop. Trust v. United Brotherhood of Carpenters and Joiners of Am*., 768 F.3d 938, 945 (9th Cir. 2014).

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh*, 838 F.3d 958, 963 (9th Cir. 2016).  "[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), '[r]eview is limited to the complaint.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

B.    Rule 8 notice pleading requirements are not satisfied.

"To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him.  *Standard v. Nygren*, 658 F.3d 792, 799-800 (7th Cir. 2011).  While the allegations in the Complaint are dense, the claims themselves are sparse.  The first sentence of each count adopts and

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1   realleges all prior paragraphs. (<u>Compl.</u> ¶¶ 318, 322, 326, 336.)  And each count is

2   merely a recitation of the elements without specific facts.

3       The Complaint also heavily relies on "everyone did everything" allegations.

4   (<u>See</u> <u>e.g.</u> <u>id.</u> ¶ 309 (stating all defendants participated in alleged predicate acts).)  The

5   Complaint is not clear on which allegations relate to which defendant for each claim,

6   and even less clear on how Plaintiffs' claims are connected to any alleged injuries.

7   Because of these failings, the Complaint should be dismissed for noncompliance with

8   Rule 8(a).  *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (dismissing

9   complaint containing "everyone did everything allegations"); *see also Yellowcake*

10  *Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 769-70 (E.D. Cal. 2021)

11  (incorporation by reference of all preceding allegations is "an improper shotgun

12  pleading technique that does not given proper notice to [defendants] or the Court").

13  C.   <u>Kayla does not allege any facts relevant to Mr. Grover.</u>

14      Because Kayla does not allege that Mr. Grover had any interactions or

15  connections with her of any kind, and she does not plausibly allege any Mr. Grover

16  was part of any larger criminal venture, her claims against him should be dismissed.

17      Plaintiffs' shotgun-pleading Complaint alleges that all Defendants are liable on

18  all claims. (<u>Compl.</u> ¶¶ 319-321, 324-325, 327, 337.)  However, Plaintiffs do not allege

19  any facts suggesting that Mr. Grover ever interacted with, had contact or other

20  involvement with, or even knew of Kayla, let alone acted tortiously toward her.

21  Further, Plaintiffs do not plead any facts plausibly showing membership or

22  participation by Mr. Grover in the sex-trafficking, labor-trafficking venture posited

23  across the 64-page Complaint, precluding Mr. Grover's liability on an agency,

24  coconspirator, or similar theory.  The Complaint states that Grover, who supposedly

25  abused Julia and forced her to work at Silver City, was in regular contact with

26  purported venture participant Richard, but this does not plausibly demonstrate

27  participation by Mr. Grover in the venture – mere consistency with Plaintiffs'

28  proffered explanation is not enough.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1   557 (2007) ("The need at the pleading stage for allegations plausibly suggesting (<u>not</u>

2   <u>merely consistent with</u>) agreement reflects the threshold requirement of Rule 8(a)(2)

3   that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to

4   relief.'") (emphasis added); *Orellana v. Mayorkas*, 6 F.4th 1034, 1044 (9th Cir. 2021)

5   ("[W]hen a complaint's allegations are merely consistent with the plaintiff's theory of

6   relief, the complaint cannot survive a motion to dismiss.").

7       Because Plaintiffs do not plead facts supporting any claim by Kayla against Mr.

8   Grover, all of Kayla's claims against Mr. Grover should be dismissed.  *See Solberger*

9   *v. Wachovia Sec., LLC*, No. SACV 09–0766 AG (ANx), 2010 WL 2674456, at *3

10   (C.D. Cal. June 30, 2010) ("Rule 8(a) requires sufficient facts supporting a plausible

11   claim."); *Anagnostou v. County of Los Angeles*, No. 2:19-cv-08111-VAP-PLAx, 2020

12   WL 4919599, at *9 (C.D. Cal. June 8, 2020) (dismissing battery claims against

13   defendants where plaintiff did not even allege that defendants harmfully or

14   offensively touched plaintiff or caused plaintiff to be so touched).

15   D.   <u>Julia does not plausibly allege a sex-trafficking claim against Mr. Grover</u>.

16       Julia's factual allegations do not plausibly state a sex-trafficking claim against

17   Grover, so that claim should be dismissed.

18       "An individual who is a victim of a violation of this [sex-trafficking] chapter

19   may bring a civil action against the perpetrator (or whoever knowingly benefits,

20   financially or by receiving anything of value from participation in a venture which

21   that person knew or should have known has engaged in an act in violation of this

22   chapter)[.]"  18 U.S.C. § 1595(a).  There are two types of liability under § 1595(a),

23   perpetrator and beneficiary.  *Ratha v. Phatthana Seafood Co*., 35 F.4th 1159, 1175

24   (9th Cir. 2022).  Julia pleads both. (<u>Compl.</u> ¶¶ 319-320.)

25       To prove perpetrator liability, Julia must establish that Mr. Grover "(i)

26   knowingly; (ii) in interstate or foreign commerce; (iii) recruit[ed], entic[ed],

27   harbor[ed], transport[ed], provid[ed], obtain[ed], maintain[ed], patronize[d], or

28   solicit[ed] by any means a person; (iv) knowing, or, in reckless disregard of the fact,

YUKEVICH | CAVANAUGH

355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR

LOS ANGELES, CALIFORNIA 90071-1560

TELEPHONE (213) 362-7777

FACSIMILE (213) 362-7788

1   that means of force, threats of force, fraud or any combination of such means will be

2   used; (v) to cause the person to engage in a commercial sex act." *Doe v. Fitzgerald*,

3   No. CV 20-10713-MWF (RAOx), 2022 WL 2784805, at *3 (C.D. Cal. May 13, 2022).

4   To prove beneficiary liability, Julia must prove that Mr. Grover "(1) knowingly

5   benefitted, (2) from participation in a venture[], (3) which [Grover] knew or should

6   have known was engaged in conduct that violated the TVPRA." *Ratha*, 35 F.4th at

7   1175.

8       Both of Julia's sex-trafficking theories rest on her allegation that Mr. Grover

9   was aware of, recklessly disregarded, or participated in the larger criminal venture

10  that is the central focus of the Complaint, a supposed sex-trafficking, labor-trafficking

11  enterprise masterminded by Richard.  (Compl. ¶¶ 319-320.)  However, there are no

12  allegations to plausibly support any such knowledge, disregard, or concerted action

13  by Mr. Grover, causing her claim to fail.

14      "In the absence of direct association with traffickers, Plaintiff must 'allege at

15  least a showing of a continuous business relationship between the trafficker and

16  [Defendants] such that it would appear that the trafficker and [Defendants] have

17  established a pattern of conduct or could be said to have a tacit agreement.'").  *Doe v.

18  Mindgeek USA Inc.*, 558 F.Supp.3d 828, 837 (C.D. Cal. 2021).  The only alleged

19  direct association between Mr. Grover and any venture participant unrelated to Silver

20  City is Mr. Grover's supposedly regular contact with Richard.  But this shows mere

21  consistency with Julia's reading of the (alleged) facts; it is not a plausible reading.

22  *See Orellana*, 6 F.4th at 1044 (consistency insufficient to survive dismissal motion).

23      Julia also pleads no facts explaining what Mr. Grover and Richard discussed,

24  and she never explains why her reading (that Mr. Grover was a venture participant) is

25  a plausible one.  *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108

26  (9th Cir. 2013) ("When faced with two possible explanations, only one of which can

27  be true and only one of which results in liability, plaintiffs cannot offer allegations

28  that are "merely consistent with" their favored explanation but are also consistent with

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1   the alternative explanation.  Something more is needed, such as facts tending to

2   exclude the possibility that the alternative explanation is true, in order to render

3   plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.") (cleaned

4   up).  Her threadbare allegation does not offer a plausible basis to choose her preferred

5   theory from among many other explanations.

6          With no other direct association allegations, Julia must allege a continuous

7   business relationship between Mr. Grover and some other member of the purported

8   venture.  *Mindgeek*, 558 F.Supp.3d at 837.  On this score she fails.  Again, her only

9   allegation to support her claim that Mr. Grover was part of the putative venture is his

10  remaining in touch with Richard, but this does not plausibly show a continuous

11  business relationship between them, especially given that she provides no details

12  about their alleged communications.  In short, Julia has not pled facts showing that

13  Mr. Grover knew of, ignored, or participated in a multi-person criminal venture, let

14  alone the sex-trafficking, labor-trafficking enterprise Julia posits.  Rather, the alleged

15  facts at best show isolated misconduct.  With no venture to buttress her sex-trafficking

16  claim against Mr. Grover, that claim should be dismissed.

17  E.    Julia does not plausibly allege a labor-trafficking claim against Grover.

18         The facts pled in the live Complaint does not plausibly state a labor-trafficking

19  claim against Mr. Grover, so that claim should be dismissed.

20         The same statutory provision granting a civil sex-trafficking claim also grants

21  a civil labor-trafficking claim.  18 U.S.C. § 1595(a).  As with sex-trafficking, civil

22  liability for labor-trafficking comes in two forms, perpetrator and civil.  Perpetrator

23  liability requires a violation of the criminal labor-trafficking statute, while § 1595

24  governs beneficiary liability.  Julia pleads both liability types. (Compl. ¶¶ 323-324.)

25  Her beneficiary theory, which presupposes the existence of a large criminal venture

26  between Grover and others (Id. ¶ 324), is dismissible for the reason discussed above,

27  namely, that Julia has not pled facts plausibly showing that Mr. Grover was part of

28  the criminal enterprise or venture she alleges.  This leaves her perpetrator theory.

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Julia's perpetrator labor-trafficking claim alleges violations of § 1589(a)(1)-(4). (Id. ¶ 323.)  The relevant statutory text reads as follows:

> (a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means--
>
> > (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> >
> > (2) by means of serious harm or threats of serious harm to that person or another person;
> >
> > (3) by means of the abuse or threatened abuse of law or legal process; or
> >
> > (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
>
> shall be punished as provided under subsection (d).

§ 1589(a).  Julia's Subsection (3) theory is dismissible because Julia does not allege any facts, let alone plausible facts, suggesting or stating that Mr. Grover threatened to use the law or the legal process to force her to work.  The remaining three theories fail because of Plaintiffs' impermissible shotgun-pleading approach, which alleges that dozens of Defendants, including Mr. Grover committed all these violations. Because the Complaint does not give fair notice, these theories are insufficiently pled and proper for dismissal.  *See Solberger v. Wachovia Sec., LLC*, No. SACV 09–0766 AG (ANx), 2010 WL 2674456, at *4-5 (C.D. Cal. June 30, 2010) (dismissing claims for shotgun-pleading defect).

F.    Julia's RICO claims are time-barred.

The four-year limitations period on Julia's RICO claims against Mr. Grover passed before she filed suit, so those claims should be dismissed.

Civil claims under the Racketeer Influenced and Corrupt Organizations Act are subject to a four-year limitations period.  *See Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) ("The statute of limitations for civil RICO actions is four years.");

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1 *Isaacs v. USC Keck Sch. of Med.*, No. 20-55239, 853 Fed.Appx. 114 (Mem), 115 (9th

2 Cir. 2021) (unpublished) (same).

3     The factual allegations against Mr. Grover are limited to the time period

4 starting in "summer 2017," when Julia took a job at Silver City (<u>Compl.</u> ¶ 249), and

5 ended in October 2017, when she "left [Mr. Grover] and quit her job at the Cabaret."

6 (<u>Id.</u> ¶ 257.)  Four years from October 2017 is November 2021 at the latest.  Plaintiffs

7 filed their Complaint on November 1, 2022, a year after the November 2021 deadline.

8 Accordingly, Julia's RICO claims are time-barred and proper for dismissal.  *See Jones*

9 *v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to

10 state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.

11 If the allegations, for example, show that relief is barred by the applicable statute of

12 limitations, the complaint is subject to dismissal for failure to state a claim[.]"); *Sears*

13 *v. Russell Rd. Food and Beverage, LLC*, 460 F.Supp.3d 1065, 1068 (D. Nev. 2020)

14 (dismissing time-barred claims on Rule 12(b)(6) motion).

15 G.     <u>Julia does not plausibly allege a RICO claim against Grover.</u>

16     The RICO statute sets out four paths to liability; Julia pleads violations of two

17 of them. (<u>Compl.</u> ¶¶ 327, 337.)  The first one at issue forbids a person employed by

18 or associated with any enterprise affecting interstate commerce from conducting or

19 participating in the conduct of the enterprise's affairs through a pattern of racketeering

20 activity.  18 U.S.C. § 1962(c).  The second one prohibits conspiring to violate any of

21 the three substantive RICO provisions.  § 1962(d).

22     "To state a claim under § 1962(c), a plaintiff must allege '(1) conduct (2) of an

23 enterprise (3) through a pattern (4) of racketeering activity.'"  *Odom v. Microsoft*

24 *Corp.*, 486 F.3d 541, 547 (9th Cir. 2007).  "As a threshold matter, 18 U.S.C. § 1962(c)

25 requires that the Defendant be employed by or associated with an 'enterprise.'"  *Shaw*

26 *v. Nissan N. Am., Inc.*, 220 F.Supp.3d 1046, 1053 (C.D. Cal. 2016); *see Cedric*

27 *Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) (§ 1962(c) liability

28 requires an enterprise).  An enterprise includes "any union or group of individuals

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

associated in fact although not a legal entity[.]" § 1961(4). Julia alleges an association-in-fact enterprise. (Compl. ¶¶ 329, 339.) "'Such an enterprise ... is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.' 'An association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *Shaw*, 220 F.Supp.3d at 1053-54.

Regarding her § 1962(c) claim, Julia contends that the relevant "enterprise" is the alleged network among all of the Defendants to this lawsuit to, among other things, engage in sex-trafficking and labor-trafficking of the Plaintiffs. (Compl. ¶¶ 329-333.) However, except for its statement that Mr. Grover communicated with Richard, the Complaint contains no facts suggesting that Mr. Grover was involved with the criminal venture Julia alleges. Julia even pleads facts in conflict with the alleged enterprise – for example, when she says that Mr. Grover forced her to work, she notes that this was for Mr. Grover's financial benefit, not the venture's. (Compl. ¶ 250.)

Instead, the facts alleged show only that Mr. Grover was conducting his own affairs, not that he was participating in or conducting the affairs of the enterprise Julia alleges. *See Fraser v. Team Health Holdings, Inc.*, No. 20-cv-04600-JSW, 2022 WL 971579, at *12 (N.D. Cal. Mar. 31, 2022) (dismissing § 1962(c) claims on a Rule 12(b)(6) motion because "the allegations are consistent with Defendants' conducting their own affairs, not the affairs of the enterprise"). And as discussed, the alleged fact of communications between Mr. Grover and Richard does not plausibly support a determination that Grover was a participant in the venture Julia alleges, particularly since she provides no details about those communications.

A claim under § 1962(c) "requires a showing that defendant 'conduct[s] or participate[s], directly or indirectly, in the conduct of [the] enterprise's affairs.'" *Fraser*, 2022 WL 971579, at *12; *see Reves v. Ernst & Young*, 507 U.S. 170, 185

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

(1993) ("§ 1962(c) cannot be interpreted to reach complete 'outsiders' because liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs.  Of course, 'outsiders' may be liable under § 1962(c) if they are 'associated with' an enterprise and participate in the conduct of its affairs—that is, participate in the operation or management of the enterprise itself[.]").  Julia's § 1962(c) claims fail because taking her alleged facts as true, they show at best only isolated misconduct by Grover, not that he was part of the enterprise Julia hypothesizes.

Finally, Julia does not adequately state a conspiracy-based RICO claim.  § 1962(d).  A § 1962(d) claim fails automatically if the plaintiff has no claim under one of the other substantive provisions of § 1962 (i.e., under Subsections (a)-(c)).  *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO.").  Because Julia has no valid substantive RICO claim against Grover, her conspiracy-based RICO claim fails as well.  Additionally, the conspiracy theory fails on the merits.  "A defendant must also have been 'aware of the essential nature and scope of the enterprise and intended to participate in it.'"  *Id.* For the reasons already explained, Julia does not plead facts plausibly showing that Grover was part of the alleged enterprise referenced in the Complaint.  The conspiracy theory should be dismissed accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

<u>**Conclusion**</u>

For the foregoing reasons, the Court cannot permissibly exercise personal jurisdiction over Casey Grover, and alternatively, Plaintiffs do not state a claim against him.  Accordingly, Mr. Grover respectfully prays that the Court dismiss the claims against him, award him his costs of court, and grant him all other proper relief.

DATED:  February 23, 2023          YUKEVICH | CAVANAUGH


By: _____

Delmar S. Thomas
Justin M. Marvisi
Olivia H. Kim

Attorneys for Specially Appearing
Defendant CASEY GROVER


**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Casey Grover, certifies that this brief contains 25 pages, which complies with the page limit set by the Court's Initial Standing Order in this case, dated December 5, 2022 (Dkt. 24).

DATED:  February 23, 2023          YUKEVICH | CAVANAUGH


By: _____

Delmar S. Thomas
Justin M. Marvisi
Olivia H. Kim

Attorneys for Specially Appearing
Defendant CASEY GROVER

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

2512848.1

Case No. 2:22-cv-7957

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1

## PROOF OF SERVICE

2 **JULIA HUBBARD and KAYLA GOEDINGHAUS v. TRAMMELL S. CROW, JR. et al.**

3 **United States District Court -- Central District Case No. 2:22-cv-07957**

4 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5     At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

6

7

8     On February 23, 2023, I served true copies of the following document(s) described as **DEFENDANT CASEY GROVER'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** on the interested parties in this action as follows:

9

10              **SEE ATTACHED SERVICE LIST**

11     **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

12

13

14     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15

16     Executed on February 23, 2023, at Los Angeles, California.

17

18

19 _____

20 Chantel Y Estrada

21

22

23

24

25

26

27

28

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

2512848.1

Case No. 2:22-cv-7957

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1

**SERVICE LIST**

2

*JULIA HUBBARD, et al. v. TRAMMELL S. CROW, JR. et al.*
**United States District Court - Central District, Case No. 2:22-cv-07957**

3

| | |
|---|---|
| John G. Balestriere, Esq. | Attorneys for PLAINTIFFS |
| Matthew W. Schmidt | |
| BALESTRIERE FARIELLO | Tel:  (415) 966-2656 |
| 225 Broadway, 29th Floor | Fax:  (212) 208-2613 |
| New York, NY 10007 | Email: |
| | john.balestriere@balestrierefariello.com |
| | matthew.schmidt@balestrierefariello.com |

4

5

6

7

8

| | |
|---|---|
| Anastasia Mazzella, Esq. | Attorneys for PLAINTIFFS |
| KABATECK LLP | |
| 633 West Fifth St., Suite 3200 | Tel:  (213) 217-5007 |
| Los Angeles, CA 90071 | Fax:  (213) 217-5010 |
| | Email:   am@kbklawyers.com |

9

10

11

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Attorneys for DEFENDANT COE JURACEK |
| Diane Doolittle, Esq. | |
| 555 Twin Dolphin Dr., 5th Floor | Tel:  (650) 801-5000 |
| Redwood Shores, CA 94065 | Fax:  (650) 801-5100 |
| | Email:dianedoolittle@quinnemanuel.com |
| Alex Bergjans, Esq. | |
| 865 South Figueroa St., 10th Floor | Tel:  (213) 443-3000 |
| Los Angeles, CA 90017-2543 | Fax:  (213) 443-3100 |
| | Email:alexbergjans@quinnemanuel.com |
| Adam J. DiClemente, Esq. | |
| 51 Madison Ave., 22nd Floor | Tel:  (212) 849-7000 |
| New York, NY 10010 | Fax:  (212) 849-7100 |
| | Email:adamdiclemente@quinnemanuel.com |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2512848.1

Case No. 2:22-cv-7957

DEFENDANT CASEY GROVER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN
THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM