Brian L. Hoffman (State Bar No. 150824)
bhoffman@wshblaw.com
David J Rubaum (State Bar No. 191802)
drubaum@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant,
MICHAEL SCOTT WOODS, M.D.
(erroneously sued and served herein as
DR. SCOTT WOODS)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>Plaintiffs,<br><br>v.<br><br>TRAMMELL S. CROW, JR., et al.,<br><br>Defendants. | Case No. 2:22-cv-7957-FLA-MAA<br><br>Assigned to Honorable<br>Fernando L. Aenlle-Rocha<br><br>**DEFENDANT MICHAEL SCOTT WOODS, M.D.'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS PENDING MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>**[ECF No. 55 & 71]**<br><br>Date: Mar. 10, 2023<br>Time: 1:30 p.m.<br>Place: Courtroom 6B<br><br>Trial Date:     None Set |

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant, MICHAEL SCOTT WOODS, M.D. (hereinafter "Dr. Woods") hereby submits the attached memorandum of points and authorities in reply to Plaintiffs' opposition to his pending Motion to Dismiss for Lack of Personal Jurisdiction.

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFFS' UNTIMELY OPPOSITION TO THE MOTION SHOULD BE DISREGARDED BY THIS COURT.

Plaintiffs' <u>untimely</u> opposition (ECF No. 71) to Defendant Woods' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 55) should be disregarded and the motion granted pursuant to Local Rule 7-12 which states in pertinent part as follows:

> "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion…"

Here, Dr. Woods' motion is set for hearing on March 10, 2023.  Per Local Rule 7-9, any opposition to the motion was required to be filed no later than 21 days before the hearing date, to wit, by February 17, 2023.  Despite this deadline, Plaintiffs failed to file any opposition to the motion until February 22, 2023, some five days late and two days before Dr. Woods' reply brief was due.  As such, the untimely opposition should be disregarded and the motion granted as a result.

It should be noted that Plaintiffs <u>timely</u> opposed the pending motion to dismiss for failure to state a claim by defendant Crow (ECF No. 67) and also opposed defendant Pruitt's very similar motion to that of Dr. Woods, to wit, a motion to dismiss based on a lack of personal jurisdiction (ECF No. 66) which is set on the very same date as Dr. Woods' motion.  Nonetheless, Plaintiffs failed to timely oppose Dr. Woods' motion until five days after the deadline to do so.  This failure is particularly troubling in that the opposition to Dr. Woods' motion is extremely similar to the opposition to Mr. Pruitt's motion.  No explanation has been given in the opposition as to why it was untimely filed (and despite filing oppositions to the other motions), nor did Plaintiffs' counsel reach out to Dr. Woods' counsel to discuss and/or explain what transpired.  The opposition should be disregarded and the motion granted as a result.

## II. THE OPPOSITION MAKES CLEAR THAT ONLY TWO ISSUES NEED BE DECIDED BY THIS COURT, TO WIT, WHETHER THIS COURT HAS SPECIFIC JURISDICTION OVER DR. WOODS AND WHETHER JURISDICTIONAL DISCOVERY SHOULD BE ALLOWED.

### A. Specific Jurisdiction.

Plaintiffs' opposition to Dr. Woods' motion essentially concedes that nationwide jurisdiction under the RICO statutes is not appliable in this case, nor that this Court has general jurisdiction over Dr. Woods. (See Opp., 1:20-22 and 4:13-14). Rather, the opposition asserts that this Court has <u>specific</u> jurisdiction over Dr. Woods *because of the conduct of another defendant, namely Dr. Eller.* (See Opp., 1:22-26 and 5:2-5).

Again, it is worth noting that Plaintiffs essentially concede that it is not Dr. Woods' *own* contacts with California that this Court should base specific jurisdiction on, but rather, the conduct of another defendant in this case. That is not the appropriate or applicable legal standard. Rather, what Plaintiffs need to show is that Dr. Woods: 1) "purposefully availed" himself to the forum State by his conduct; 2) Plaintiffs' claims "arise out of" the conduct by that particular defendant in the forum state; and 3) it would not be unreasonable for this Court to compel Dr. Woods to litigate this case here in California. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). A party "purposefully avails" itself of the privilege of conducting activities in a forum state if it directs its activities at the residents of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In other words, a minimum contacts analysis with respect to the actual defendant against whom specific jurisdiction is being asserted. Plaintiffs have utterly failed in this regard, focusing entirely on the conduct of Dr. Eller rather than that of Dr. Woods.

Perhaps Plaintiffs failure to address Dr. Woods purposefully availing himself to California or minimum contacts with California by way of his own conduct was intentional because there is no such conduct. Indeed, the <u>only</u> evidence before this

Court regarding Dr. Woods' minimum contacts with California (or more appropriately a total lack thereof) is Dr. Woods' declaration, wherein he states:

    1) He was served with the summons and complaint in Texas;

    2) He has lived (and continues to live) in Texas for the last 33 years;

    3) He has never lived in California, nor has he owned, leased or rented property in California;

    4) His only visits to California in the last 10 years were to visit colleges with his son;

    5) He has never been involved in litigation in California, save and except for the instant litigation;

    6) His professional work is conducted in Texas, he has never worked in California nor did he treat plaintiff Hubbard in California (and he did not treat plaintiff Goedinghaus at all to his knowledge);

    7) He does not nor has he ever banked with a California bank to his knowledge, nor has he paid taxes there;

    8) He has never been in California with any named party to this case; and

    9) His only communications with any party to this case involved his former patient Plaintiff Hubbard in his office in Texas, and with his colleague Defendant Dr. Bolin, who is also located in Texas.

(See Woods Decl., ¶¶2-10).

The Complaint itself (and opposition to the instant motion) does no better as it simply alleges that: 1) he is one of the approximately 28 defendants who live outside of California (see Comp., ¶67); 2) he was one of the physicians who improperly prescribed medications to the alleged victims (see Comp., ¶¶14, 145 and 151); and 3) he ignored Plaintiffs' pleas for assistance (see Comp., ¶15), <u>all of which occurred in Texas</u>. That is it. No allegations of any connections to California, save and except for the last-ditch effort to link Dr. Woods to California *by way of Dr. Eller's conduct*. That is inappropriate and is no basis to establish minimum contacts with

the forum state. The Court in *Burger King*, supra, makes clear that exercising personal jurisdiction over an individual based on the activity of a third person—*i.e.*, on "the unilateral activity of another party or third person" is not appropriate. See *Burger King*, 471 U.S. at 475. The instant motion must be granted.

Finally, requiring Dr. Woods to litigate this matter in California is unreasonable. As set forth above and in his declaration filed with the motion, Dr. Woods has nearly no contacts with California, save and except for visiting colleges with his child. In addition, Dr. Woods declared the following:

> "11.   Because of my lack of connections with California, coupled with the fact that whatever conduct is being alleged against me in this case would have occurred in Texas, litigating this case in California makes no sense to me and imposes a significant burden on me both personally and financially if I am required to travel to California to defend myself at trial and during the discovery period.
> 12.    I have never agreed to jurisdiction in California, nor have I purposefully and/or intentionally availed myself to the benefits of the laws of California. I live and work in Texas and I have for 33 years. I simply have no meaningful contacts with California that would justify imposing the burden of defending this case in that State."

See Woods Decl. ¶¶11-12. Quite simply, exercising specific jurisdiction over Dr. Woods in the Central District of California is not appropriate and Plaintiffs request of this Court to do so should be denied.

### B.     Jurisdictional Discovery is Not Warranted Here.

Plaintiffs identify no relevant factual dispute that discovery would resolve. See e.g. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (discovery should be denied where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction"). Indeed, Dr. Woods' declaration regarding his contacts with California (or lack thereof) goes unchallenged. Plaintiff Hubbard- Dr. Woods' former patient- offers nothing to contradict the denial of minimum contacts by Dr. Woods or that all of the care and treatment provided by Dr. Woods occurred in Texas. Quite simply there is

no factual dispute that exists that discovery would resolve. Rather, Plaintiffs are asking this Court to allow a "fishing expedition" on the issue of jurisdiction, to wit, communications between Dr. Woods and Mr. Hubbard (also a Texas resident- see Comp., ¶64) and Dr. Woods' actual knowledge of defendant Eller and Eller's location in California (see Opp., 5:23-25). Again, that is not the appropriate analysis for exercising specific jurisdiction over Dr. Woods, especially in the absence of any identifiable discovery Plaintiffs wish to conduct that would bear on Dr. Woods' contacts with California. The request for jurisdictional discovery should be denied.

## III. CONCLUSION

For all of the reasons, defendant Michael Scott Woods respectfully requests that this Court grant his Motion to Dismiss for lack of personal jurisdiction in its entirety.

DATED: February 24, 2023            WOOD, SMITH, HENNING & BERMAN LLP

By: _____
    BRIAN L. HOFFMAN
    DAVID J RUBAUM
Attorneys for Defendant, MICHAEL SCOTT WOODS, M.D. (erroneously sued and served herein as DR. SCOTT WOODS)

**CERTIFICATE RE WORD COUNT**

The undersigned, counsel of record for Defendant Michael Scott Woods, certifies that this brief contains approximately 1555 words, as calculated by Microsoft Word Word-Count, exclusive of the caption, the table of contents, the table of authorities, the signature block, and this certification required by Local Rule 11-6.2, which complies with the 7,000 word limit of Local Rule 11-6.1. Further, this brief contains only 6 pages, which complies with the page limit set by the Initial Standing Order in this case [ECF No. 24], dated December 5, 2022.

DATED: February 24, 2023        WOOD, SMITH, HENNING & BERMAN LLP

By: _____
    BRIAN L. HOFFMAN
    DAVID J RUBAUM
Attorneys for Defendant, MICHAEL SCOTT WOODS, M.D. (erroneously sued and served herein as DR. SCOTT WOODS)

# PROOF OF SERVICE

**Hubbard v. Crow**
**Case No. 2:22-cv-7957-SK**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On February 24, 2023, I served the following document(s) described as **DEFENDANT MICHAEL SCOTT WOODS, M.D.'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS PENDING MOTION TO DISMISS FOR LACK OF JURISDICTION** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 24, 2023, at Los Angeles, California.

/s/ Jessica Avila Gonzales
Jessica Avila Gonzales

27631193.1:10386-0595

-1-

Case No. 2:22-cv-7957-FLA-MAA

DEFENDANT MICHAEL SCOTT WOODS, M.D.'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS PENDING MOTION TO DISMISS FOR LACK OF JURISDICTION