Philip E. Cook (State Bar No. 149067)
  pcook@cooklawfirm.la
Brian J. Wright (State Bar No. 166753)
  bwright@cooklawfirm.la
THE COOK LAW FIRM, P.C.
601 S. Figueroa St, Suite 2050
Los Angeles, CA 90017
Telephone: (213) 988-6100
Facsimile: (213) 988-6099

Attorneys for Defendant
ROBERT PRUITT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>TRAMMELL S. CROW, JR., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-07957-FLA-MAA<br><br>Assigned to The Honorable<br>Fernando L. Aenlle-Rocha<br><br>**DEFENDANT ROBERT PRUITT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**[ECF No. 50]**<br><br>Date:　　Mar. 10, 2023<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 6B |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' Opposition ("Opp.," ECF No. 66) to Defendant Pruitt's Motion to Dismiss for Lack of Personal Jurisdiction ("Mot.," ECF No. 50) is largely a *concession.* Plaintiffs do not contend that nationwide jurisdiction under RICO applies here or that the Court can exercise general jurisdiction over Defendant Pruitt.

The Opposition focuses only on Plaintiffs' claim that the Court can exercise specific jurisdiction over Defendant Pruitt, contending that—despite the fact that (i) all Defendants other than Defendant Todd Eller are (or were at the time of the alleged acts) located in the State of Texas, (ii) virtually all of the conduct about which Plaintiffs complain occurred in the State of Texas, and (iii) the vast majority of witnesses with knowledge of relevant facts who would have to provide testimony in this case are located in the state of Texas—the presence of Todd Eller in California and his purported importance to the alleged Venture somehow links Pruitt to the State of California. But Plaintiffs point to no facts that would support a finding of specific personal jurisdiction, which requires them to show that:
(i)  Pruitt "purposefully availed" himself of this forum State, (ii) Plaintiffs' claims "arise out of" *that* conduct, and (iii) compelling Defendant Pruitt to litigate in this foreign forum would not be unreasonable. There simply are no jurisdictional facts before the Court that establish "minimum contacts" between Pruitt and the State of California.

First, Plaintiffs show *no conduct* whatsoever by Defendant Pruitt in California. That alone should end the inquiry. All of Pruitt's alleged misconduct occurred in Texas. There are no facts showing that Pruitt availed himself of the privilege of acting in California, directed any activities toward any resident of California, or invoked the benefits or protections of California law.

-2-

Although Plaintiffs try to establish "purposeful availment" by linking Pruitt to the lone California Defendant, psychologist Todd Eller, this argument falls short—in part because it conflates liability issues with jurisdiction. Jurisdiction over Pruitt cannot be established by Eller's conduct; Supreme Court authority clearly rejects bootstrapping personal jurisdiction in such a manner. Nor is it sufficient for Plaintiffs to try to establish specific jurisdiction by claiming that Pruitt *would have* learned about Eller's California conduct and his essential role in the Venture if he had asked. (Opp. at 2:17-19.) Even supposing Pruitt had made such an inquiry, any knowledge about Eller's earlier conduct (assuming, for this Motion, that those allegations are true) and Eller's minor role in the overall alleged Venture does not constitute "purposeful availment" by Pruitt, sufficient to subject him to personal jurisdiction in this State.

Second, Plaintiffs fail to show that their claims "arise out of" any conduct by Pruitt in California. Given the absence of any facts showing such conduct, Plaintiffs again try improperly to ascribe to Pruitt their allegations about Eller's conduct and his important role in the Venture—arguing that "[h]ad Eller not participated in the Venture, the Venture would not have existed. (Opp. at 2:25.) Although Plaintiffs' argument might be relevant in opposing a motion *by Eller* challenging personal jurisdiction, it is a non-sequitur in relation to Pruitt. Moreover, even Eller's causal connection to California is peripheral at best, given that his alleged misconduct only occurred and manifested itself in Texas, where both Plaintiffs were located at the time, and not in California (*e.g.*, by somehow facilitating the issuance of prescriptions by *Texas* doctors and by submitting a false affidavit in *Texas* court).

Third, compelling Pruitt to litigate in California would be unreasonable—*i.e.*, burdensome and prejudicial, particularly given the scope of conduct that Plaintiffs allege took place in Texas and the plainly superior alternative forum available there.

Finally, in an apparent concession of their failure to establish "minimum contacts," Plaintiffs ask for jurisdictional discovery. But Plaintiffs identify no

-3-

**DEFENDANT PRUITT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS;
CASE NO. 2:22-CV-07957-FLA-MAA**

1  relevant factual dispute that such discovery would resolve. Nor would Plaintiffs'
2  suggestion that they might be able to learn whether Pruitt was aware of Defendant
3  Eller's alleged California activity be relevant, as such mere knowledge (i) would
4  not, under any interpretation of case law, establish minimum contacts with
5  California; and (ii) fails to show how *Pruitt* availed himself of the laws and
6  protections of California in any way.

7  **II.   LEGAL DISCUSSION**

8      **A.   Plaintiffs concede that nationwide jurisdiction is absent here.**

9  The Opposition does not argue that nationwide jurisdiction under the RICO
10 statute applies here. Although the Complaint alleges such nationwide jurisdiction
11 (Compl., ¶ 59) and the Motion challenges it at length (Mot. at 14:14-17:4), the
12 Opposition abandons it, making no reference to the RICO jurisdictional statute (*i.e.*,
13 18 U.S.C. § 1965(b))—or even to RICO at all. As explained in the Motion,
14 jurisdiction under RICO has been interpreted *rigidly* by the Ninth Circuit in
15 *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv.,*
16 *Inc.*, 788 F.2d 535, 539 (9th Cir. 1986), and nationwide jurisdiction does not apply
17 here.

18     **B.   Plaintiffs concede that general personal jurisdiction is absent here.**

19 The Opposition does not argue that the Court can properly exercise general
20 personal jurisdiction over Defendant Pruitt here, expressly conceding that it does
21 not apply. (Opp. at 1:19 ["Plaintiffs do not seek to hold Pruitt to general jurisdiction
22 in California"].)

23     **C.   Plaintiffs fail to establish specific personal jurisdiction.**

24 Specific personal jurisdiction (*i.e.*, "minimum contacts") requires a showing
25 that a defendant "purposefully availed" himself of the foreign location in a way that
26 caused the alleged injury. (Mot. at 13:7-14:13.) Plaintiffs acknowledge the three-
27 prong test as follows:
28     A California court may exercise specific personal jurisdiction over a

-4-

**DEFENDANT PRUITT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS;**
**CASE NO. 2:22-CV-07957-FLA-MAA**

>non-resident defendant where a plaintiff shows that he purposefully avails himself of the privilege of transacting business in California and that the claims against him arise from such purposeful availment, provided that the defendant cannot show that [sic].

(Opp. at 4:18-23, citing *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).)

### 1. Plaintiffs do not show Pruitt's purposeful availment of the privilege of acting in California.

A party "purposefully avails" itself of the privilege of conducting activities in a forum state if it directs its activities at the residents of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

>Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. This requirement ensures that a defendant "will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person."

*Doe v. Am. Nat'l Red Cross*, 112 F.3d at 1051, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475.

The Complaint shows no purposeful conduct by Pruitt within California (*see* Opp. at 4:4-17, summarizing allegations against Pruitt), the Motion established it, and the Opposition provides no amplification to fill in the gap. Appended to the Complaint's allegations of a RICO Venture (and Enterprise) of forced sex acts in Texas is Pruitt's incidental role, limited to allegations that Pruitt fondled Plaintiff Hubbard and facilitated the Venture financially by employing Rick Hubbard, all of which occurred in Texas. These allegations fail to establish that Pruitt purposefully availed himself of the privilege of acting in California: Pruitt did not *transact business* in California, did not direct any activities toward the residents of California, and did not invoke the benefits or protections of California law.

1  Plaintiffs attempt to link Pruitt to the conduct of the lone California
2  Defendant, Todd Eller, a California psychologist. But this argument falls short of
3  the statutory standard. Notably, the *only* reference to California in the Complaint or
4  the Opposition is that (i) Eller facilitated the Venture by providing the written basis
5  for prescription medications that Rick used in Texas to manipulate Plaintiff
6  Hubbard, and (ii) Eller submitted false affidavits against Plaintiff Hubbard in a
7  Texas custody action. (Compl. ¶¶ 7-16, 132, 304.) *Nothing more*. From this limited
8  connection to California, the Opposition argues that "[b]y participating in the
9  Venture . . . , Pruitt knowingly availed himself of the benefits of California
10 jurisdiction." (Opp. at 5:20-23.) But the Supreme Court rejects personal jurisdiction
11 over an individual based on the activity of a third person—*i.e.*, on "the unilateral
12 activity of another party or third person." *Burger King*, 471 U.S. at 475. In short,
13 the alleged conduct of Eller or its alleged relationship to the Venture does not
14 overcome the fact that Pruitt simply had no dealings in California.

15  Finally, Plaintiffs concede that Pruitt was ignorant as to Eller's role. (Opp. at
16 2:17-19 ["[Had Pruitt made inquiry about Plaintiff Hubbard's psychological and
17 medicated state], he would have learned of the role of Eller in the Venture as well
18 as his presence in California and that the Venture was purposefully availability [sic]
19 itself of the California forum."].) Although Plaintiffs argue that Pruitt "should have
20 known" of Eller's California activity (Opp. at 5:18-20), that is not the standard.
21 Instead, the inquiry is fact-based, and—as noted—Plaintiffs have presented no facts
22 to establish that Pruitt transacted business in California, directed any activities
23 toward California residents or invoked the benefits or protections of California law.

24  **2. Plaintiffs do not show their claims "arise out of" Pruitt's**
25  **conduct within California.**

26  Plaintiffs must also show that their alleged injury "arises out of" Pruitt's
27 alleged activity in California. This is a causation requirement—*i.e.*, jurisdiction
28 only lies where the injury would not have occurred "but for" the forum activity.

-6-

1  *Doe v. Am. Nat'l Red Cross*, 112 F.3d at 1051 [finding no specific personal
2  jurisdiction because the defendant was "only peripherally involved" in the forum
3  state and his contact was "far too attenuated to satisfy the 'but for' test"].) Here,
4  there is no California conduct by Pruitt to even test for causation. (*See* Opp. at 4:4-
5  17 [summarizing allegations against Pruitt].)

6  In any event, Plaintiffs fail this causation test. Although the Opposition posits
7  that "all of Plaintiffs' claims against Pruitt would not have occurred absent Eller"
8  (Opp. at 6:1-2), Plaintiffs' conclusion—that their claims thus arise out of "Pruitt's
9  activities directed at [California]" (Opp. at 6:5-6)—is directly at odds with their
10 Complaint, which alleges *exactly the opposite*. Again, the *only* reference to
11 California in the Complaint or the Opposition is that (i) Eller facilitated the Venture
12 by providing the written basis for prescription medications that Rick used in Texas
13 to manipulate Plaintiff Hubbard, and (ii) Eller submitted false affidavits against
14 Plaintiff Hubbard in a Texas custody action. (Compl. ¶¶ 7-16, 132, 304.) Thus,
15 *none* of Plaintiffs' claims has a connection to California sufficient to "arise out of"
16 the incidental California activity alleged in the Complaint. Any such conduct was
17 only "peripheral" and too "attenuated" to qualify as a "but for" cause.[1]

**D.    Compelling Pruitt to litigate in a California forum would be unreasonable.**

20 To be reasonable, the exercise of jurisdiction must "comport with fair play
21 and substantial justice." *Burger King*, 471 U.S. at 477-78. A defendant has no

---

[1] Plaintiffs' formulation also improperly conflates liability issues with jurisdiction, leading to an absurd result. Plaintiffs posit that but for Eller's conduct, the Venture would never have come into being. (Opp. at 2:1-2 ["Dr. Eller's role in the Venture was not only central, but it was also essential, without which the Venture could not have existed."].) Plaintiffs further assert that Eller helped form the Venture, at its earliest stages. (*Id*. at 2:2-3.) From this, Plaintiffs contend that Pruitt—based solely on his alleged conduct in Texas many years later—somehow has minimum contacts with California. But Plaintiffs cite no authority to manufacture this kind of illogical "retroactive" minimum contact.

-7-

burden to show unreasonableness where—like here—the plaintiff has failed to establish the first two prongs (*i.e.*, "purposeful availment" and "arising out of"). *Id.* In determining "reasonableness" under a specific personal jurisdiction analysis, courts consider the following factors:

- The extent of defendant's "purposeful" interjection;
- The burden on defendant in defending in the forum;
- The extent of conflict with the sovereignty of the defendant's state;
- The forum state's interest in adjudicating the dispute;
- The most efficient judicial resolution of the controversy;
- The importance of the forum to plaintiff's interest in convenient and effective relief; and
- The existence of an alternative forum.

*Burger King*, 471 U.S. at 476-77. Applied here, these factors weigh strongly against compelling Pruitt to litigate in this foreign forum. Pruitt did not purposefully interject himself into any conduct or contacts in California. The burden on him to litigate in California would be high. California has no significant interest in the dispute, particularly given the federal nature of the claims.[2] Plaintiffs have little interest in this forum, as both are Virginia residents. Based on these undisputed facts, Texas would be the most convenient forum by far, relief in Texas would be no different than relief available in this Court, and Texas is the forum with the most interest in the dispute.

Further, prejudice to Pruitt by requiring him to defend himself against Plaintiffs' claims in California is self-evident. Compelling him to California would force him away from his home, away from his business, away from his long-time Texas counsel, and far from potential witnesses—in a distant unfamiliar forum. The

---

[2] A forum state's interest is not implicated when the action involves a federal claim for relief. *Patent Rights Protection Group, LLC v. Video Gaming Tech., Inc.*, 603 F.3d 1364, 1371 (Fed. Cir. 2010).

burden to litigate in California would be significant, particularly in light of Plaintiffs' estimate that the trial would last well over a month (twenty-eight (28) court days) and that there will be over sixty-four (64) witnesses at trial. (*See* Rule 26(f) Report, ECF No. 58 at 12:4-5.) Beyond this, even more witnesses in Texas are likely to be deposed, and documents located in Texas are likely to be sought under Rules 30 and 45.

Finally, regardless of whether any other Texas Defendant fails to object to California jurisdiction,[3] Texas is obviously the more reasonable and convenient alternative forum given the following facts that the Opposition ignores:

- Twenty-five of the twenty-eight Defendants reside in Texas.
- Plaintiffs do not reside in California.
- Virtually all of the conduct alleged in the Complaint occurred in Texas.
- Eller's California conduct manifested itself only in Texas, including his giving false testimony in Texas courts.
- The principal parties Rick and Julia Hubbard have apparently already litigated against each other extensively in Texas, including actions for dissolution, custody, and restraining order.

In sum, where all other burdens and factors are equal, the burden on, and prejudice to, a defendant in defending an action locally should be decisive. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

### E. The Court should deny Plaintiffs' request for jurisdictional discovery.

As the Opposition acknowledges (Opp. at 7:3-7), jurisdictional discovery is not warranted where it would fail to provide a basis for jurisdiction. *Wells Fargo &*

---

[3] Of the four Texas Defendants who have appeared to date, three have challenged the Court's exercise of personal jurisdiction. See ECF No. 50 (Defendant Pruitt); ECF No. 55 (Defendant Woods); ECF No. 72 (Defendant Grover).

*Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (discovery should be denied where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction"); *see also Monkton Ins. Servs., Ltd. v. Ritter,* 768 F.3d 429, 434 (5th Cir. 2014) (no jurisdictional discovery where it is not likely to produce facts necessary to withstand dismissal motion).

Plaintiffs' request for jurisdictional discovery would not uncover facts sufficient to establish jurisdiction over Pruitt. Plaintiffs claim to need discovery regarding "communications between Pruitt and Rick Hubbard and Pruitt's actual knowledge of Eller, his location, and his role in the Venture." (Opp. at 6:25-27.) But those subjects are irrelevant to the specific personal jurisdiction inquiry before the Court. For instance, as noted above, even if Pruitt knew fully of Eller's location in California and his alleged role in the Venture (assuming for purposes of the Motion, of course, that the alleged facts are true), Plaintiffs would still fall short of establishing that Pruitt had sufficient minimum contacts with the State of California for specific personal jurisdiction.

## III.   CONCLUSION

For all of the reasons set forth in the Motion and this Reply Memorandum, Defendant Robert Pruitt respectfully asks the Court to grant his Motion to Dismiss for Lack of Personal Jurisdiction.

Dated:  February 24, 2023

Respectfully submitted,

THE COOK LAW FIRM, P.C.

By:  */s/ Philip E. Cook*
         Philip E. Cook

Attorneys for Defendant
ROBERT PRUITT

# CERTIFICATE RE WORD COUNT

The undersigned, counsel of record for Defendant Robert Pruitt, certifies that this brief contains approximately 2,900 words, as calculated by Microsoft Word Word-Count, exclusive of the caption, the table of contents, the table of authorities, the signature block, and this certification required by Local Rule 11-6.2, which complies with the 7,000 word limit of Local Rule 11-6.1. Further, this brief contains only nine pages, which complies with the page limit set by the Initial Standing Order in this case, dated December 5, 2022 (ECF No. 24),

Dated:  February 24, 2023

Respectfully submitted,

THE COOK LAW FIRM, P.C.

By: */s/ Philip E. Cook*
       Philip E. Cook

Attorneys for Defendant
ROBERT PRUITT