QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Diane Doolittle (Bar No. 142046)
  dianedoolittle@quinnemanuel.com
  Alex Bergjans (Bar No. 302830)
  alexbergjans@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443 3000
Facsimile:    (213) 443 3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Adam J. DiClemente (*pro hac vice* application forthcoming)
  adamdiclemente@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New  York 10010
Telephone:   (212) 849 7000
Facsimile:    (212) 849 7100

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BROLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK | Case No. 2:22-cv-7957-FLA-MAA<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANT COE JURACEK'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION (12(b)(2)) AND FAILURE TO STATE A CLAIM (12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[[Proposed] Order submitted concurrently herewith]<br><br>Date:        April 28, 2023<br>Time:        1:30 p.m.<br>Place:        Courtroom 6B |

MOLINA, MICHAEL HYNES, JR.,
SHAWN MAYER, JADE MAYER,
RCI HOSPITALITY HOLDINGS,
INC., INTEGRITY BASED
MARKETING, LLC, STORM
FITNESS NUTRITION, LLC, ULTRA
COMBAT NUTRITION, LLC,
ECOLOFT HOMES LLC, ELEVATED
WELLNESS PARTNERS LLC, DOE
INDIVIDUALS 1-20, and DOE
COMPANIES 21-30

Defendants.

1    TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that on April 28, 2023, at 1:30 p.m., or as soon

3    thereafter as the matter may be heard, before the Honorable Fernando L. Aenlle-

4    Rocha at the First Street Courthouse, 350 West Pt Street, Courtroom 6B, 6th Floor,

5    Los Angeles, California 90012, Defendant Coe Juracek will and hereby does move

6    pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for an

7    order dismissing this action because (1) the Court lacks personal jurisdiction over Mr.

8    Juracek, and (2) Plaintiffs have failed to state a claim upon which relief may be

9    granted.

10    This Motion is based on the following grounds:

11    (1) This Court cannot exercise personal jurisdiction over Mr. Juracek. Mr.

12    Juracek is not subject to general jurisdiction in California and, furthermore, specific

13    jurisdiction does not arise on the facts set forth in the Complaint because none of the

14    conduct relevant to Mr. Juracek took place in, or was directed toward, California. In

15    addition, nationwide jurisdiction is not appropriate because the RICO statute invoked

16    by the Plaintiffs requires the absence of both (a) a potential alternate forum, and (b) a

17    single nationwide conspiracy. Neither element is satisfied here.

18    (2) The Complaint fails to state a claim for which relief can be granted.

19    Plaintiffs do not allege facts sufficient to support any of their claims. They have not

20    adequately alleged that Mr. Juracek is either a "perpetrator" or a "beneficiary" under

21    either of their Trafficking Victims Protection Act claims, and they have failed to state

22    a RICO claim because, *inter alia*, they do not allege that Mr. Juracek engaged in a

23    "pattern of racketeering activity" or that any cognizable "enterprise" existed.

24    This Motion is based on this Notice of Motion, the attached Memorandum of

25    Points and Authorities, those matters of which the Court may properly take judicial

26    notice, on such further evidence and argument as may be presented to the Court in

27    further briefing and at oral argument at the hearing on this Motion, and on the

28    papers, records, and pleadings on file herein.

1         This Motion is made following the conference of counsel pursuant to Local

2    Rule 7-3 which took place by telephone on Tuesday, March 14, 2023.

3

4    DATED: March 23, 2023          QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

5

6

7                                   By       */s/ Diane Doolittle*

8                                      Diane Doolittle

9                                      Alex Bergjans

10                                     Adam J. DiClemente
                                 *Attorneys for Defendant Coe Juracek*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

PRELIMINARY STATEMENT ........................................................................ 1

BACKGROUND & KEY ALLEGATIONS ........................................................ 2

ARGUMENT ................................................................................................ 3

I.    MR. JURACEK IS NOT SUBJECT TO PERSONAL JURISDICTION ......... 3

    A.    There Is No Basis For General Jurisdiction ........................................... 6

    B.    There Is No Basis For Specific Jurisdiction ........................................... 6

        1.    Juracek Did Not Purposefully Direct Conduct At California ........................................................................................ 6

        2.    Plaintiffs' Claims Do Not Arise Out Of Any Of Mr. Juracek's Alleged California Activities ...................................... 7

        3.    Jurisdiction In This Court Does Not Comport With "Fair Play And Substantial Justice" ........................................ 7

    C.    Plaintiffs Cannot Establish Personal Jurisdiction Through RICO .......... 8

        1.    Adequate Alternate Forum ........................................................... 9

        2.    No Alleged Single Nationwide Conspiracy ................................. 10

II.   PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST MR. JURACEK ................................................................................................ 10

    A.    PLAINTIFFS FAIL TO STATE A TVPA CLAIM ............................. 11

        1.    Plaintiffs have not adequately alleged "perpetrator" liability. .................................................................................... 11

        2.    Plaintiffs have not adequately alleged "beneficiary" liability. .................................................................................... 13

    B.    PLAINTIFFS FAIL TO STATE A PLAUSIBLE LABOR TRAFFICKING CLAIM ............................................................... 16

        1.    The allegations are inadequate under subsection (a). ................. 17

        2.    The allegations are inadequate under subsection(b). .................. 18

    C.    PLAINTIFFS FAIL TO STATE RICO CLAIMS ............................... 18

        1.    Plaintiffs lack RICO Standing .................................................... 19

1

        2.      Plaintiffs fail to allege a Section 1962(c) RICO claim. .............. 20

2    CONCLUSION .......................................................................................... 25

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COE JURACEK'S NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

## Cases

*Accord Shuman v. Computer Assocs. Int'l, Inc.*,
762 F. Supp. 114 (E.D. Pa. 1991)................................................................9

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ....................................................4, 5, 6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................11, 12, 13, 16, 23

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017) ...........................................................5, 7

*United States v. Barai.*,
55 F.4th 1245 (9th Cir. 2022) ............................................................17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...........................................................................11

*Boyle v. United States*,
556 U.S. 938 (2009) .............................................................................22

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
582 U.S. 255 (2017) ....................................................................4, 5, 6

*Brown v. Kerkhoff*,
504 F.Supp.2d 464 (S.D. Iowa 2007) .............................................9

*Butcher's Union Loc. No. 498, United Food & Com. Workers
v. SDC Inv., Inc.*,
788 F.2d 535 (9th Cir. 1986) ...................................................8, 9, 10

*Calder v. Jones*,
465 U.S. 783 (1984)...............................................................................6

*Canyon Cnty. v. Syngenta Seeds, Inc.*,
519 F.3d 969 (9th Cir. 2008) ...........................................................19

*Comm. to Protect. Our Ag. Water v. Occidental Oil & Gas Co.*,
235 F. Supp. 3d 1132 (C.D. Cal. 2017) .........................................20

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)...........................................................................5, 6

*Destino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011) ............................................................11

*Doe v. Am. Nat'l Red Cross*,
112 F.3d 1048 (9th Cir. 1997) ........................................................5, 7

*Doe v. Fitzgerald*,
  No. CV-2010713-MWFRAOX, 2022 WL 2784805
  (C.D. Cal. May 13, 2022) ............................................................................ 11, 12, 13

*Doe v. Fitzgerald*,
  No. CV2010713MWFRAOX, 2022 WL 425016 (C.D. Cal. Jan. 6, 2022) ... 15, 16

*Doe v. Walmart Inc.*,
  No. 18-CV-02125-LHK, 2019 WL 499754 (N.D. Cal. Feb. 8, 2019) ................. 10

*Does 1-6 v. Reddit, Inc.*,
  51 F.4th 1137 (9th Cir. 2022) ......................................................................... 14, 16

*Eastman v. Initial Invs., Inc.*,
  827 F.Supp. 336 (E.D. Pa. 1993) ........................................................................... 9

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ........................................................................... 22, 23

*In re German Auto. Mfrs. Antitrust Litig.*,
  497 F. Supp. 3d 745 (N.D. Cal. 2020) ................................................................. 10

*Gianelli v. Schoenfeld*,
  2021 WL 4690724 (E.D. Cal. Oct. 7, 2021) ........................................................ 22

*Gilbert v. Bank of Am.*,
  No. C-13-01171-JSW, 2014 WL 4748494 (N.D. Cal. Sept. 23, 2014) ........... 9, 10

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
  284 F.3d 1114 (9th Cir. 2002) ............................................................................... 4

*Godecke v. Kinetic Concepts, Inc.*,
  937 F.3d 1201 (9th Cir. 2019) ....................................................................... 10, 11

*H.J. Inc. v. Nw Bell Tel. Co.*,
  492 U.S. 229 (1989) .............................................................................................. 20

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
  328 F.3d 1122 (9th Cir. 2003) ............................................................................... 4

*High Adventure Ministries, Inc. v. Tayloe*,
  309 F.Supp.3d 461 (W.D. Ky. 2018) ..................................................................... 9

*Howard v. America Online Inc.*,
  208 F.3d 741 (9th Cir. 2000) ............................................................................... 25

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,
  326 U.S. 310 (1945) ...................................................................................... 5, 6, 8

*Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*,
  No. 14-CV-02737-BLF, 2015 WL 1289984 (N.D. Cal. Mar. 20, 2015) ............... 4

*Lee v. City of Beaumont*,
  12 F.3d 933, 937 (9th Cir. 1993) ........................................................................... 4

*Lopez v. Smith,*
203 F.3d 1122 (9th Cir. 2000) ...................................................................25

*Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc.,*
784 F. Supp. 306 (D.S.C.1992) ...................................................................9

*Marshall v. Goguen,*
604 F. Supp. 3d 980 (D. Mont. 2022) ...........................................22, 23

*United States v. Maynes,*
880 F.3d 110 (4th Cir. 2018) ...................................................................12

*McGowan v. Weinstein,*
505 F. Supp. 3d 1000 (C.D. Cal. 2020) ...................................................20

*Moore v. Bushman,*
559 S.W. 3d 645 (Tex. App. 2018) ...........................................................18

*Noble v. Weinstein,*
335 F. Supp. 3d 504 (S.D.N.Y. 2018) ...........................................12, 14, 16

*Omeluk v. Langsten Slip & Batbyggeri A/S,*
52 F.3d 267 (9th Cir. 1995) .......................................................................5

*Oscar v. Univ. Students Coop. Ass'n,*
965 F.2d 783 (9th Cir. 1992) ...................................................................19

*Picot v. Weston,*
780 F.3d 1206 (9th Cir. 2015) ...................................................................6

*United States v. Raniere,*
55 F.4th 354 (2d Cir. 2022) .......................................................................15

*Ranza v. Nike, Inc.,*
793 F.3d 1059 (9th Cir. 2015) ...................................................................4

*Reves v. Ernst & Young,*
507 U.S. 170 (1993) ...................................................................................24

*Ruhrgas AG v. Marathon Oil Co.,*
526 U.S. 574 (1999) .....................................................................................4

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
806 F.2d 1393 (9th Cir. 1986) ...................................................................21

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797 (9th Cir. 2004) ..................................................................5, 6

*Sky Orthobiologics, LLC v. CTM Biomedical, LLC,*
2021 WL 6102520 (C.D. Cal. Feb. 9, 2021) .............................................22

*Stanard v. Nygren,*
658 F.3d 792 (7th Cir. 2011) ...............................................................11, 17

*State Farm Mut. Auto. Ins. Co. v. Lee*,
  193 Cal. App. 4th 34 (2011) .................................................................... 18

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ..................................................................... 4

*U.S. v. Todd*,
  627 F.3d 329 (9th Cir. 2010) ................................................................... 12

*Treminio v. Crowley Mar. Corp.*,
  No. 3:22-CV-174-MMH-PDB, 2023 WL 113565 (M.D. Fla. Jan. 5, 2023) ....... 15

*United Brotherhood of Carpenters & Joiners of Am. v. Bldg. &*
  *Const. Trades Dep't, AFL-CIO*,
  770 F.3d 834 (9th Cir. 2014) ................................................................... 20

*Walter v. Drayson*,
  538 F.3d 1244 (9th Cir. 2008) ................................................................. 24

*In re Wellpoint, Inc. Rates Litig.*,
  865 F. Supp. 2d 1002 (C.D. Cal. 2011) ..................................................... 20

*Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*,
  No. 317CV01436GPCMDD, 2019 WL 4277431
  (S.D. Cal. Sept. 10, 2019) ....................................................................... 19

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ................................................................................. 8

*Yellowcake, Inc. v. Morena Music, Inc.*,
  522 F. Supp. 3d 747 (E.D. Cal. 2021) ...................................................... 11

**Rules / Statutes**

18 U.S.C. § 1512 ......................................................................................... 21

18 U.S.C. § 1589 ................................................................................ 16, 17, 18

18 U.S.C. § 1589 ................................................................................... 16, 18

18 U.S.C. § 1591 ................................................................................... 12, 13

18 U.S.C. § 1595 ......................................................................................... 11

18 U.S.C. § 1961 ......................................................................................... 20

18 U.S.C. § 1962 ....................................................................... 19, 20, 22, 24

18 U.S.C. § 1965 ................................................................................... 8, 22

21 U.S.C. § 841 ........................................................................................... 21

Fed. R. Civ. P. 8 ................................................................................... 10, 11

Fed. R. Civ. P. 9 ......................................................................................... 21

Fed. R. Civ. P. 11 .......................................................................................... 2

Fed. R. Civ. P. 12(b)(2) ....................................................................... 4, 10, 25

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

The Complaint brought by Julia Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus," and together with Hubbard, "Plaintiffs") attempts to describe a far reaching "venture," eventually (and somehow) becoming an "enterprise," in which more than twenty-nine defendants, both individuals and entities, organized and engaged in decades-long sex trafficking, labor trafficking, and racketeering offenses against them. Dkt. 1 ¶1 ("Compl."). The core of Plaintiffs' allegations is that they were physically and emotionally abused by a subset of the named defendants, including Rick Hubbard, Case Grover, and Michael Hynes, Jr. Compl. ¶¶ 4, 46, 250, 271-278. Many of the particular assertions against these individuals are grave and, if pressed and proven against the perpetrating individuals in a proper forum, under proper laws, could possibly support some form of liability against them separately. But that is not what Plaintiffs have done here. Rather than addressing their actual grievances and abusers directly, Plaintiffs bring claims pursuing treble damages from distant and unrelated individuals who allegedly possessed "knowledge" that Rick Hubbard and other exes engaged in misconduct. The law does not support Plaintiffs' effort. Both the federal Trafficking Victims Protection Act and the RICO statute guard against misuse by requiring a plaintiff to plead facts establishing multiple, discrete statutory elements. As shown below, Plaintiffs fail to do so as to each of their claims.

Plaintiffs' failure to bring a viable lawsuit is particularly clear with respect to defendant Coe Juracek. The allegations against Mr. Juracek constitute a miniscule fraction of the Complaint, and would provide no basis for liability even if they were true. Plaintiffs categorize Mr. Juracek as a "fixer" for Trammell Crow, Jr., and claim that he was an "Investor" in the sex-trafficking venture. Compl. ¶ 209. But Plaintiffs never provide any actual detail about what Mr. Juracek allegedly "fixed" or how, how much, when, or in what he purportedly "invested." It is obvious that Mr. Juracek is included in this Complaint merely because Plaintiffs assert he is employed by Crow

Holdings Capital (*Id.* ¶¶ 40, 212). But that firm is neither a defendant nor an alleged participant in any of Plaintiffs' alleged schemes and, moreover, there are no allegations (because none could be true) that any defendant, including Trammell Crow, Jr., exercised managerial control over Mr. Juracek in his employment. The Federal Rules of Civil Procedure permit filing a complaint so long as, *inter alia*, it is "formed after an inquiry reasonable under the circumstances" and the "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Through this Complaint, Plaintiffs bend this rule to an intolerable degree.[1] Each of the claims against Mr. Juracek should be dismissed for the reasons set forth below.

## BACKGROUND & KEY ALLEGATIONS

This case centers on Plaintiffs' confessed romantic relationship with Rick Hubbard, Hubbard's ex-husband and Goedinghaus's ex-fiancé. Compl. ¶ 2. Plaintiffs assert that his (and other exes') actions included non-consensual sex with them, and with others, at swingers clubs, threats of force, physical abuse, and forced drug use. *Id.* ¶¶ 2, 4, 5, 13. But, while Rick Hubbard's alleged actions drive any actionable harm, Plaintiffs have instead asserted that a broad, unrelated group of defendants should be held liable for a host of offenses which include sex trafficking, labor trafficking, and racketeering. Plaintiffs bring these claims against four disparate groups. *Id.* ¶ 6. These groups are not alleged to have had direct involvement one with another; rather, their only link (such as it is) is that at some points over several years, they interacted with Rick Hubbard. *See id.* ¶¶ 7, 17, 29, 39-40, 41. The four groups are: (1) "Dr. Todd Eller and the Medical Doctor Defendants"—who allegedly prescribed medications to Plaintiffs which, in turn, assisted in forcing their participation in sex acts, *Id.* ¶¶ 7-16; (2) "The Fixer Defendants"—who, in exchange for alleged receipt of photographs and sex acts, forced Plaintiffs to participate in Mr. Hubbard's scheme, *Id.* ¶¶ 17-28; (3) the "Investor Defendants"—who allegedly

---

[1]   Mr. Juracek reserves all rights under Rule 11 and otherwise.

1   provided financial support to the venture and/or maintained silence about it, *Id.* ¶¶ 29-

2   40; and (4) "The Labor Trafficking Defendants"—who, in exchange for Julia

3   Hubbard's labor, provided information regarding her whereabouts. ¶¶ 41-52.

4        Plaintiffs categorize Mr. Juracek as an "Investor Defendant." *Id.* ¶¶ 40, 210.

5   Without providing details about any individual's alleged contributions, Plaintiffs

6   generally assert the "Investor Defendants" funded Rick Hubbard's venture, *id.* ¶ 40,

7   and "either knew [of] or recklessly disregarded" Rick Hubbard's misconduct. *Id.* ¶

8   39. Without specifying which defendants (and without identifying Mr. Juracek),

9   Plaintiffs allege that some attended "drug-fueled," so-called  "forced sex parties." *Id.*

10  ¶¶ 35, 40. Last, without specifying where, when, how, or for whom, Plaintiffs assert

11  that this group provided Rick Hubbard's alleged venture with credibility. *Id.* ¶ 190.

12       The 61-page complaint is virtually silent as to Mr. Juracek individually,

13  offering only spare and vague accusations about his "participation." Plaintiffs

14  contend: (1) that Mr. Juracek supported the venture by providing funds and social

15  cachet, "which Rick would use to further grow the [v]enture" (*Id.* ¶ 210); (2) that he

16  had passive awareness of Rick Hubbard's actions at the "forced sex parties" (*Id.* ¶

17  211); (3) that he received naked photographs of Hubbard (*Id.* ¶ 211); (4) that he was

18  somehow compensated through his employment at Crow Holdings Capital, in part, to

19  maintain his silence (*Id.* ¶ 212); (5) that he attended campouts with Rick Hubbard and

20  that he informally worked as Trammell Crow's "fixer" (*Id.* ¶ 209); and (6) that he

21  somehow made "threats" to Hubbard that he would offer testimony in court in a

22  custody dispute (*Id.* ¶ 211). None of these asserted "facts" are sufficient for any claim.

23  <u>**ARGUMENT**</u>

24  **I.**   **MR. JURACEK IS NOT SUBJECT TO PERSONAL JURISDICTION**

25       Without personal jurisdiction "the court is powerless to proceed to an

26

27

28

adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).[2] Plaintiffs carry the burden of establishing jurisdiction. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Vague jurisdictional allegations against an assembly of twenty-nine different defendants—as Plaintiffs offer here (Compl. ¶ 58)—are insufficient because "***jurisdiction over each defendant must be analyzed separately***." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (emphasis added). This pleading stage "standard is not toothless," and a plaintiff "cannot simply rest on the bare allegations of its complaint." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020) (citation omitted). And, at the Rule 12 stage, "bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). The Constitutional personal jurisdiction rules for actions over out-of-state defendants are clearly established.[3] Due process permits "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 582 U.S. 255, 262 (2017) (citation omitted).

**General jurisdiction**: "A court with general jurisdiction may hear any claim against [a] defendant," but this form of jurisdiction vests exclusively where that

---

[2]  Although jurisdiction is often decided first, a "court may assume the existence of personal jurisdiction and adjudicate the merits ***in favor*** of [a] defendant without making a definitive ruling on jurisdiction." *Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-02737-BLF, 2015 WL 1289984, at *2 (N.D. Cal. Mar. 20, 2015) (quoting *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993) (emphasis added)). If the Court grants a merits dismissal under Defendant Trammell Crow, Jr.'s motion—as Mr. Juracek believes it should, given Plaintiffs' choice of forum and Mr. Crow's consent—the Court may also dismiss as to Mr. Juracek under rule 12(b)(6).

[3]  California law extends "to the limits of due process[,]" so "personal jurisdiction under California [law] and the Constitution collapse into one[.]" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

defendant "is fairly regarded as at home." *Id.*; *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."); *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) ("For an individual, the paradigm forum for … general jurisdiction is the individual's domicile."). ***Specific jurisdiction***: A court may exercise specific jurisdiction when there exists a substantial relationship between a defendant's contacts with the forum and the discrete claim asserted against that defendant—that is, "minimum contacts." *Bristol-Myers Squibb*, 582 U.S. at 267; *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). A defendant's contacts support specific jurisdiction if three prongs are satisfied: (1) "the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail himself of the privileges of conducting activities in the forum'"; (2) "the claim must … arise[] out of or relate[] to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Wanat*, 970 F.3d at 1208 (quoting *Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1068 (9th Cir. 2017)). The Ninth Circuit applies a "but for" standard which tests whether, absent the defendant's alleged conduct ***in the forum***, the plaintiffs would have suffered an injury. *See Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 n.7 (9th Cir. 1997) (stating that "the 'but for' test remains viable" in "determining whether a plaintiff's injuries arose out of a defendant's forum related activities"); *see also Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995) ("We have said that a claim arises out of the forum-related activities if it would not have happened but for the forum-related activities."). "The plaintiff bears the burden of satisfying the first two prongs of the test[,]" and only then does the burden "shift[] to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Axiom Foods*, 874 F.3d at 1068-69 (quoting *Schwarzenegger*, 374

1    F.3d at 802) (citation omitted).

2        **A.    There Is No Basis For General Jurisdiction**

3        The sole jurisdictional fact alleged regarding Mr. Juracek states that he is "an

4    individual who resides in Dallas, Texas." Compl. ¶ 70. Plaintiffs do not contend that

5    Mr. Juracek is domiciled in California, and the Complaint contains no allegations

6    suggesting that Mr. Juracek has contacts with California sufficient to establish that he

7    is "at home" in the state. He is not subject to general jurisdiction. *Bristol-Myers*

8    *Squibb*, 582 U.S. at 267; *Daimler*, 571 U.S. at 139.

9        **B.    There Is No Basis For Specific Jurisdiction**

10       Plaintiffs have failed to establish any competent basis for exercising specific

11   jurisdiction over Mr. Juracek. The Complaint fails to plead any facts establishing that

12   he (1) engaged in alleged conduct in California or purposefully directed any alleged

13   conduct at California, or (2) that Plaintiffs' trafficking and racketeering claims arise

14   out of or relate to such (unalleged, non-existent) conduct. Moreover, forcing Mr.

15   Juracek to litigate in this forum is neither reasonable nor consistent with "traditional

16   notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316.

17       ***1.    Juracek Did Not Purposefully Direct Conduct At California.***

18       The "jurisdictional inquiry depends on the nature of the claim at issue." *Wanat*,

19   970 F.3d at 1208. When, as here, claims sound in tort, courts apply the "'purposeful

20   direction' test and look to evidence that the defendant has directed his actions at the

21   forum state, even if those actions took place elsewhere." *Picot v. Weston*, 780 F.3d

22   1206, 1212 (9th Cir. 2015). Pursuant to *Calder v. Jones*, 465 U.S. 783 (1984), "the

23   defendant allegedly must have (1) committed an intentional act, (2) expressly aimed

24   at the forum state, (3) causing harm that the defendant knows is likely to be suffered

25   in the forum state." *Wanat*, 970 F.3d at 1208.

26       The Complaint offers scant allegations about Mr. Juracek in total. Most of the

27   allegations assert that he merely received information or, at most, had passive

28   knowledge of others' alleged bad acts. *See e.g.,* Compl. ¶¶ 40, 211. The only plausible

"intentional acts" alleged involve Mr. Juracek "providing financial support to the Venture" (Compl. ¶ 40) and "threaten[ing] Hubbard with his testimony in court" (*Id.* ¶ 211). Neither allegation connotes conduct directed at California. Moreover, even if these allegations were true, Mr. Juracek could not have anticipated any harm in California because ***no harm is alleged to have occurred here***. Indeed, the Complaint is clear that Plaintiffs' alleged harm occurred in Texas, where they lived during the entirety of Rick Hubbard's alleged misconduct. *See* Compl. ¶¶ 96-302. Furthermore, insofar as Plaintiffs base personal jurisdiction on Dr. Eller's residency in California (Compl. ¶ 7, 53, 58, 116, 303-305, 332), there are no allegations that Mr. Juracek interacted with Dr. Eller—either directly or indirectly—such that any of Mr. Juracek's conduct could plausibly be directed toward any California resident.

### 2. *Plaintiffs' Claims Do Not Arise Out Of Any Of Mr. Juracek's Alleged California Activities.*

Specific jurisdiction additionally requires that the claims "arise[] out of or relate[] to the defendant's forum related activities." *Wanat*, 970 F.3d at 1223 n.5. Courts in this Circuit apply a "but for" test to determine "whether a plaintiff's injury arises out of [the] defendant's forum-related activities." *Am. Nat'l Red Cross*, 112 F.3d at 1051. Plaintiffs do not allege that Mr. Juracek has ***any*** connection to California, or even that he engaged in ***any*** activities here. As such, their claims do not—indeed cannot—arise out of Mr. Juracek's activities in California. Moreover, the Complaint asserts that the conduct allegedly rendering him liable took place elsewhere, in Texas. Compl. ¶¶ 40, 209-12. Because Plaintiffs' claims do not "arise out of or relate to" any actual contacts with California, but rather "arise out of or relate to" conduct in Texas, specific jurisdiction here is improper.

### 3. *Jurisdiction In This Court Does Not Comport With "Fair Play And Substantial Justice."*

The Court need not reach this final factor because Plaintiffs fail the first two factors. *See Axiom Foods*, 874 F.3d at 1068-69 (stating that the burden lies with the plaintiff to establish the first two factors). In any event, there are no justifications to

proceed against Mr. Juracek here, and none satisfying "traditional notions of fair play." *See Int'l Shoe Co.*, 326 U.S. at 316*; see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (personal jurisdiction doctrine seeks: (1) to protect the defendant against the burdens of litigating in a distant or inconvenient forum; and (2) to ensure that states do not reach beyond the limits of their sovereignty imposed by the federal system). Litigating in California would impose a substantial burden on Mr. Juracek because, in addition to costs, most witnesses likely to have relevant knowledge are located in Texas. Indeed, the ***only*** alleged connection to California is ***one*** named Defendant—Dr. Eller—a California resident who, working in conjunction with Rick Hubbard*,* "found medical doctors" who were "willing to write prescriptions based on [his] written recommendation" for Plaintiffs (then Texas residents). Compl. ¶ 14; *see also id*. ¶ 58. But, again, Plaintiffs do not allege that Mr. Juracek participated in prescribing medication and, as such, it is unreasonable to hale him into a California court based on a tangential allegation that unspecified financial support might have made its way to Dr. Eller. This is neither "conduct" nor "connection with the forum State" sufficient that Mr. Juracek "should reasonably anticipate being haled into court" here. *See World-Wide Volkswagen*, 444 U.S. at 287.

## C.   Plaintiffs Cannot Establish Personal Jurisdiction Through RICO

Unable to establish jurisdiction under the well-accepted rules discussed above, Plaintiffs retreat to their RICO claim. *See* Compl. ¶ 59 (claiming jurisdiction under 18 U.S.C. § 1965(b) based on personal jurisdiction over "at least one party" in a RICO claim). At the outset, because Plaintiffs fail to state a RICO claim (*see infra* Part II.C), this provides no help to them. In any event, the statutory expansion does not apply.

Section 1965 provides a mechanism for serving defendants "residing outside the federal court's district when it is shown that 'the ends of justice' require it." *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). This privilege is not absolute: "***merely naming persons in a RICO complaint does not, in itself, make them subject to … nationwide service***

1  *provisions.*" *Id.* at 539 (emphasis added). Rather, the "plaintiff must show that there

2  is no other district in which a court will have personal jurisdiction over all of the

3  alleged co-conspirators." *Id.* Additionally, the plaintiff must "show a ***single***

4  ***nationwide*** RICO conspiracy exists." *Gilbert v. Bank of Am.*, No. C-13-01171-JSW,

5  2014 WL 4748494, at *4 (N.D. Cal. Sept. 23, 2014) (emphasis original). Neither

6  requirement is satisfied here.

7               **1.     *Adequate Alternate Forum***

8          The Ninth Circuit's *Butcher's Union* precedent has guided multiple courts to

9  reject nationwide RICO jurisdiction based on the existence of an alternative forum.

10 *See Magic Toyota, Inc. v. Southeast Toyota Distrib., Inc.*, 784 F. Supp. 306, 311-12

11 (D.S.C.1992) (noting the "rigid test" in *Butcher's Union* and finding that an

12 alternative forum could exercise personal jurisdiction over all defendants).[4] Based on

13 the Complaint—legally insufficient and sparse as is—Plaintiffs could have filed in

14 Texas as to all defendants. Almost all alleged conduct occurred in Texas, where most

15 of the defendants reside. And, as to California resident Dr. Eller, the Complaint

16 alleges that he directed conduct at Texas and its residents. *See* Compl. ¶¶ 304-305.

17 Thus, because another district has personal jurisdiction over all defendants, the

18 assertion of nationwide RICO jurisdiction in this Court is improper.

19

20 _____

21      [4]  *Accord Shuman v. Computer Assocs. Int'l, Inc.*, 762 F. Supp. 114, 117-18 (E.D.
   Pa. 1991) (suggesting that the ends of justice required defendants to appear in an
22 alternate forum because of the weight of contacts pointing to another state); *Eastman
   v. Initial Invs., Inc.*, 827 F.Supp. 336, 338-39 (E.D. Pa. 1993) (holding that the ends
23 of justice would not be threatened by declining to exercise nationwide jurisdiction
   where venue was clearly proper in Texas as to the Texas defendants); *High Adventure
24 Ministries, Inc. v. Tayloe*, 309 F.Supp.3d 461, 473 (W.D. Ky. 2018) (applying
   *Butcher's Union* to reject nationwide jurisdiction under RICO "to hale two individual
25 defendants across to country" absent a "nationwide conspiracy" and "overly
   complicated jurisdictional issues concerning numerous defendants across multiple
26 states"); *Brown v. Kerkhoff*, 504 F.Supp.2d 464, 493-94 (S.D. Iowa 2007) (holding
27 that the plaintiffs had failed to demonstrate that an alternative forum did not exist).

28

1

### 2.    *No Alleged Single Nationwide Conspiracy*

In *Gilbert*, the court dismissed because there was not an alleged single RICO conspiracy: "[a]t best … [the] allegations might show two separate conspiracies." 2014 WL 4748494, at *4-5. "A single nationwide conspiracy exists only if a plaintiff has alleged that the defendants have 'specific knowledge' of or participate in *one* conspiracy." *Doe v. Walmart Inc.*, No. 18-CV-02125-LHK, 2019 WL 499754, at *6 (N.D. Cal. Feb. 8, 2019) (citing *Butcher's Union*, 788 F.2d at 539). This requirement ensures that each defendant has some kind of illegal relationship with the others— that is, "commonality" across the conspiracy. *See id.* In *Walmart*, the court dismissed because the defendant did not have "specific knowledge of or participation" in the alleged conspiracy. *See id.* ("Plaintiffs fail to identify any Defendant with any kind of relationship, business or otherwise, with any other Defendant."). The same problems exist here: the Complaint fails to allege an actual connection between Mr. Juracek and Dr. Eller. It additionally fails to tie any of the "Investor Defendants'" activity to that of the "Fixer Defendants" or the "Medical Doctor Defendants." Put simply, the Complaint does not allege any common effort between these disparate groups. Instead, the Complaint contends that each group had a connection to Rick Hubbard. *See* Compl. ¶¶ 7, 17, 29, 39-40, 41. Plaintiffs have not alleged a *single* nationwide conspiracy; they allege multiple conspiracies between separate groups and Rick Hubbard. That fails as a matter of law. *See Gilbert*, 2014 WL 4748494, at *4.

Plaintiffs have failed to establish Mr. Juracek is subject to personal jurisdiction, and the Complaint should be dismissed as against him. *See* Fed. R. Civ. P. 12(b)(2). Moreover, even if jurisdiction were proper, the Complaint fails to state any claim.

## II.    PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST MR. JURACEK

Rule 8 mandates "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ P. 8(a)(2). A plaintiff fails to satisfy this requirement "when a complaint lacks either 'a cognizable legal' theory or 'sufficient

facts alleged' under such a theory." *In re German Auto. Mfrs. Antitrust Litig.*, 497 F. Supp. 3d 745, 753 (N.D. Cal. 2020) (quoting *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019)). "Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Lastly, and critically here, "[t]o form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Stanard v. Nygren*, 658 F.3d 792, 799-800 (7th Cir. 2011); *see Destino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (noting that "everyone did everything" allegations are insufficient); *see also Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 769-70 (E.D. Cal. 2021) (prohibiting "shotgun pleading … that does not give proper notice[.]").

### A.   PLAINTIFFS FAIL TO STATE A TVPA CLAIM

Plaintiffs' first purported cause of action under the Victims of Trafficking and Violence Protection Act ("TVPA") (18 U.S.C. § 1595(a)) should be dismissed for failure to plausibly establish multiple essential elements as to Mr. Juracek. Civil liability under TVPA can either apply to an individual who acts as a "perpetrator" of trafficking or an individual who is a "beneficiary" of the trafficking. *See Doe v. Fitzgerald*, No. CV-2010713-MWFRAOX, 2022 WL 2784805, at *1 (C.D. Cal. May 13, 2022). Here, the Complaint fails to inform Mr. Juracek—and indeed most Defendants—which form of liability he stands accused of. To this end, Plaintiffs fail the simplest requirement of Rule 8. *See Stanard*, 658 F.3d at 799-800. Even setting this failure aside, Plaintiffs fail to allege sufficient facts for ***either*** form of liability.

#### 1.   *Plaintiffs have not adequately alleged "perpetrator" liability.*

The Complaint's sparse allegations concerning Mr. Juracek do not include any facts sufficient to sustain a claim that he was a perpetrator of sex trafficking—nor could they. For perpetrator liability, a defendant must have "[i] knowingly; [ii] in interstate or foreign commerce; [iii] recruit[ed], entic[ed], trasnport[ed], provid[ed], obtain[ed], maintain[ed], patronize[d], or solicit[ed] by any means a person; [iv] knowing, or, in reckless disregard of the fact, that means of force, threats of force, fraud or any combination of such means will be used; [v] to cause a commercial sex act." *Fitzgerald*, 2022 WL 2784805, at \*3; *see* 18 U.S.C. § 1591(a). As such, a defendant is not a perpetrator unless he "recruits, entices, harbors, etc., the victim with knowledge that the prohibited means will be used in the future to cause them to engage in commercial sex acts." *United States v. Maynes*, 880 F.3d 110, 114 (4th Cir. 2018). Moreover, liability "requires the pleader [to] allege awareness, ***at the initial recruitment or enticement stage***, that certain prohibited means will be employed to achieve a perverse end goal: a commercial sex act." *Noble v. Weinstein,* 335 F. Supp. 3d 504, 519 (S.D.N.Y. 2018) (emphasis added); *see also U.S. v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) ("What the statute requires is that the defendant know in the sense of being aware of an established *modus operandi* that will in the future cause a person to engage in prostitution.").

There are no allegations—nor would reality support one—that Mr. Juracek recruited, enticed, transported, or took other enumerated action with respect to either Plaintiff that caused their engagement in a commercial sex act. *Cf.* 18 U.S.C. § 1591(a). None of the paragraphs addressing Mr. Juracek allege, or even suggest, that he had any interaction with Plaintiffs "at the initial recruitment or enticement" stage. Compl. ¶¶ 35, 39, 40, 188-90, 209, 211-12. Plaintiffs assert that the Investor Defendants were engaged in a "quid pro quo . . . to gain ***access to Rick's trafficking venture****…." Id.* ¶ 190 (emphasis added). That is, they concede that the alleged initial perpetrator was Rick Hubbard. *See id.* ¶ 39 (alleging "Rick was using force, threats of force, fraud, or coercion to cause Hubbard and Goedinghaus . . . to engage in sex

acts"). Plaintiffs do not allege that Mr. Juracek engaged in any act the statute prohibits.

Moreover, the Complaint also fails to plausibly allege that Mr. Juracek had knowledge that any act *caused* Plaintiffs to engage in commercial sex. *See* 18 U.S.C. § 1591(a). A "commercial sex act" is "any sex act, on account of which anything of value is given or received by any person." 18 U.S.C. § 1591(e)(3). The Complaint establishes that Plaintiffs had personal relationships with Rick Hubbard (spouse and fiancée). Compl. ¶ 2. And it details Rick Hubbard's alleged abuse within these relationships and broadly alleges that others were *aware* that Plaintiffs were engaged in sex acts with others, but it does not demonstrate with any plausibility that Mr. Juracek had any reason to know these sex acts were anything other than consensual. Presumably, because reality would not support actual factual claims against Mr. Juracek, the Complaint repeatedly engages in the "threadbare recitals of the elements" and "conclusory statements" that are insufficient to bypass a Rule 12 motion. *See* Compl. ¶ 39 (parroting "reckless disregard" statutory language); ¶ 40 (asserting without factual support that Mr. Juracek "had knowledge"); ¶¶ 211-12 (same). To be sure, while there is a single mention of "commercial sex" in connection with Mr. Juracek as a nondescript member of the "Investor Defendants" (*id.* ¶ 190), it is nothing more than a recital of the statute and therefore insufficient as a matter of law. *Iqbal*, 556 U.S. at 678 (allegations that are "merely consistent with" liability do not satisfy the plausibility standard). Mr. Juracek did not perpetrate sex trafficking, and the Complaint fails to state a plausible claim to the contrary.

### 2.    *Plaintiffs have not adequately alleged "beneficiary" liability.*

The Complaint's allegations concerning Mr. Juracek are also insufficient to support a claim for "beneficiary" liability. Beneficiary liability requires an allegation that Mr. Juracek knowingly benefitted from his participation in a venture which he knew (or should have known) was engaged in sex trafficking. *See Fitzgerald*, 2022 WL 2784805, at *6-8. "Participation" requires a showing that Mr. Juracek was "knowingly assisting, supporting, or facilitating" sex trafficking. *See* 18 U.S.C. §

1591(e). And to "knowingly benefit" is to benefit either "financially or by receiving anything of value" where there is a "causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit." *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) (citation omitted). Here, Plaintiffs do not bring plausible allegations showing that Mr. Juracek either (1) "participated" in the venture; or (2) received "anything of value" from his alleged participation. *See id.*

### (a) Insufficient allegations regarding "participation" by Mr. Juracek.

The Complaint fails to plausibly allege actionable conduct by Mr. Juracek. "***Mere association with sex traffickers is insufficient*** absent some knowing 'participation' in the form of assistance, support, or facilitation." *Reddit*, 51 F.4th at 1145 (emphasis added); *see also Noble*, 335 F. Supp. 3d 504, 524 (noting that neither guilt nor liability can be "established by association alone," and that a plaintiff "must allege specific conduct that furthered the sex trafficking venture"). "The statute does not target those that merely turn a blind eye to the source of their [revenue]," but rather establishes that "knowingly benefitting from participation in such a venture *requires actual knowledge and a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit*." *Reddit*, 51 F.4th at 1145 (emphasis added, (internal citations omitted); *see also Noble*, 335 F. Supp. 3d at 524 (stating that "some participation in the sex trafficking itself must be shown").

Plaintiffs attempt to tar Mr. Juracek by alleging he "had knowledge of the Venture's acts," that he "benefitted from his employment at Crow Holdings Capital," and that he was "provided . . . with naked photos of Hubbard." Compl. ¶¶ 40, 212. Even if true, these allegations are insufficient to show *participation* in sex trafficking. *See Reddit*, 51 F.4th at 1145 (pleading must allege facts *showing an active role furthering* the sex trafficking); *Noble*, 335 F. Supp. 3d at 524 (same). Plaintiffs' reliance on Mr. Juracek's alleged loose affiliation with Rick Hubbard (or Trammell Crow, Jr.) do not come close to showing the requisite level of "affirmative conduct

furthering the sex trafficking venture." *Reddit*, 51 F.4th at 1145 (citation omitted). Again, Plaintiffs do not allege ***any*** affirmative conduct by Mr. Juracek that could plausibly be linked to trafficking. The conduct Plaintiffs attribute to him is entirely passive, conclusory, and undefined. Compl. ¶¶ 39-40, 211-12 (conclusory assertions of "knowingly support[ing]" the venture, awareness of "parties," receipt of "naked photos"); *id.* ¶ 209 (conclusory allegation that Mr. Juracek was a "fixer" without any factual allegations of whether/how this supported trafficking); *id.* ¶ 211 (allegation that Mr. Juracek threatened court testimony against Hubbard without any facts showing how this could have caused sex trafficking). Unsupported lawyer argument and inuendo are insufficient to sustain the claim against Mr. Juracek.

## (b)    Insufficient allegations regarding "anything of value" received by Mr. Juracek.

Beneficiary liability is also implausible because the Complaint does not allege that Mr. Juracek received anything of value in return for his alleged participation in the so-called venture. Though the statutory phrase "anything of value" need not refer to a "monetary or financial component," *United States v. Raniere*, 55 F.4th 354, 362 (2d Cir. 2022), "***sexual gratification" alone is insufficient to qualify as a "thing of value***." *Doe v. Fitzgerald*, No. CV2010713MWFRAOX, 2022 WL 425016, at *6–7 (C.D. Cal. Jan. 6, 2022) (emphasis added); *see also Treminio v. Crowley Mar. Corp.*, No. 3:22-CV-174-MMH-PDB, 2023 WL 113565, at *3 (M.D. Fla. Jan. 5, 2023) (dismissing a TVPA claim because the defendant did not receive a "thing of value," and the plaintiff had therefore "failed to plausibly allege a 'commercial sex act'").

Nothing in the Complaint that concerns Mr. Juracek meets these standards. The allegations hinting at "something of value" are: (1) that Mr. Juracek received "naked photos" of Hubbard (Compl. ¶ 40); and (2) that Mr. Juracek "benefitted . . . in his compensation from Crow Holdings Capital[.]" (Compl. ¶ 212). With respect to the photos, the Complaint makes no actual claim that they are a "thing of value" or that they provided any particular benefit to Mr. Juracek—and Plaintiffs could not prevail

-15-

on such a position because "sexual gratification" (presumably an implied result of receiving such a photo) is not a "thing of value" under TVPA. *See Fitzgerald*, 2022 WL 425016, at *6-7 (concluding that such an interpretation would "yield absurd results"). As to Mr. Juracek's compensation from Crow Holdings Capital, the Complaint does not even attempt to explain how there could plausibly be "a ***causal relationship*** between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit[,]" *Reddit*, 51 F.4th at 1145 (emphasis added). The alleged "benefits" here appear to be the mere existence of Mr. Juracek's employment by Crow Holdings Capital and the salary he is paid for doing his work, both of which exist separate and apart from any alleged venture. *See Noble*, 335 F. Supp. 3d at 524 (noting that a plaintiff "must allege ***specific conduct*** that furthered the sex trafficking venture") (emphasis added). Nothing in the Complaint suggests (nor could it) that Mr. Juracek's employment or compensation relates to the alleged trafficking. The conclusory allegation that his pay was "in part to maintain his silence concerning the Forced Sex Parties" is pure conjecture, unsupported by specific factual allegations. *See Iqbal*, 556 U.S. at 679. ("[P]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").

**B.    PLAINTIFFS FAIL TO STATE A PLAUSIBLE LABOR TRAFFICKING CLAIM**

Plaintiffs' purported second cause of action for labor trafficking (18 U.S.C. § 1589), must be dismissed for many of the same reasons as the TVPA claim discussed above. Here too, the Complaint fails to state any facts which, if true, would support liability against Mr. Juracek. Under 18 U.S.C. § 1589(a), a defendant has engaged in labor trafficking if he knowingly provided or obtained the plaintiff's labor or services by means of: (1) "threats of force, physical restraint, or threats of physical restraint"; (2) "serious harm or threats of serious harm"; (3) "the abuse or threatened abuse of law or legal process"; or (4) "any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person . . .

would suffer serious harm or physical restraint." Alternatively, under U.S.C. § 1589(b)—much like the previous cause of action—a plaintiff can prevail by showing the defendant "knowingly benefit[ed], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means[.]" Here, notwithstanding the prolixity of the Complaint and Plaintiffs' willingness to make public accusations against distant and far-removed parties, such as Mr. Juracek, the pleading does not provide notice to Mr. Juracek of what alleged conduct supports this cause of action, or on which of multiple possible statutory grounds he is potentially liable. This form of improper pleading compels dismissal. *See Stanard*, 658 F.3d at 799.

### 1.   The allegations are inadequate under subsection (a).

If Plaintiffs intend to allege liability under subsection (a), the claim fails as a matter of law because the Complaint does not allege any actionable conduct (*i.e.*, threats, force, serious harm, or other scheming) by Mr. Juracek against the Plaintiffs. The Ninth Circuit's treatment of the labor trafficking statute establishes that, to violate the statute, a defendant must "knowingly obtain[] forced labor **by one or more of the prohibited means listed** in 18 U.S.C. 1589(a)." *United States v. Barai.* 55 F.4th 1245, 1253 (9th Cir. 2022) (emphasis added). That is, the conduct necessary for civil liability under the statute involves engaging in one or more of the enumerated acts. *Id.* at 1250-51 (stating that the language in TVPA is "nearly identical to the language used in the forced labor statute" and reasoning that the enumerated acts are "factual means" required for liability "rather than distinct legal elements").

From the outset, the Complaint does not remotely allege that Mr. Juracek in any way "provided or obtained" Plaintiffs' labor. *See* 18 U.S.C. § 1589(a). Indeed, there are no allegations that Mr. Juracek engaged in ***any*** direct activity with Plaintiffs or that they provided any services for him. Quite simply, nothing in the Complaint

indicates that Mr. Juracek sought or obtained labor from either Hubbard or Goedinghaus—this claim fails on that basis alone. But, even if Plaintiffs had alleged that Mr. Juracek had provided or obtained their labor, there are no allegations that he made "threats of force [or] physical restraint," inflicted "serious harm," or that he made other threats related thereto. *Cf.* 18 U.S.C. § 1589(a)(1-2), (4). The only potentially relevant accusation under subsection (a) is the allegation that Mr. Juracek somehow threatened the "abuse of law or legal process" by "threaten[ing] Hubbard with his testimony in court that could have Hubbard's children taken away from her." Compl. ¶ 211. But this allegation, even if it were true, remains insufficient to establish a viable cause of action. The referenced paragraph in the Complaint is conspicuously silent as to whether the alleged "testimony" was a threat to *lie* or, in other words, "*abuse* . . . the legal process." *See* 18 U.S.C. § 1589(a)(3) (emphasis added).[5] Instead, the pleading alleges that Juracek indicated willingness to offer testimony in court proceedings, apparently in connection with a custody dispute; at no point does it assert an intent to be untruthful or do anything improper. Court testimony, by near universal definition, is given pursuant to an oath or affirmation. As such, this sole allegation offers no support that Mr. Juracek threatened abuse of law or legal process.

### 2.   The allegations are inadequate under subsection(b).

As it relates to beneficiary liability for labor trafficking, the Plaintiffs' Complaint fails for the same reasons listed as to TVPA. *See supra*, Part II.B. That is, the Complaint does not plausibly state a claim for labor trafficking against Mr. Juracek because it does not allege receipt of anything of value. *See* 18 U.S.C. 1589(b).

### C.   PLAINTIFFS FAIL TO STATE RICO CLAIMS

---

[5]   Both California and Texas law establish that abuse of legal process requires wrongful conduct. *See State Farm Mut. Auto. Ins. Co. v. Lee*, 193 Cal. App. 4th 34, 40 (2011) (noting that abuse of process requires an ulterior motive in using the process willfully and in a wrongful manner); *Moore v. Bushman*, 559 S.W. 3d 645, 653 (Tex. App. 2018) (similar standard in Texas).

Unsurprisingly unable to allege trafficking claims, Plaintiffs invoke RICO and attempt to link distant and unrelated defendants and activities into some imagined "enterprise." In this, Plaintiffs join those for whom "filing a civil RICO suit has become a catch-all litigation tactic," even where the allegations would "not establish the sort of **long-term criminal activity** to which [RICO] was directed." *Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.*, No. 317CV01436GPCMDD, 2019 WL 4277431, at *1 n.1 (S.D. Cal. Sept. 10, 2019) (citations omitted); *accord Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992) (stating that RICO was not intended "to provide a federal cause of action and treble damages to every tort plaintiff"). Plaintiffs' Complaint is ill-suited for RICO claims which, given clear statutory requirements, require precise allegations establishing each element as to each defendant. The Complaint is entirely devoid of details regarding how Mr. Juracek is allegedly liable for RICO, what alleged "racketeering activity" could bring him within the statute's purview, and how he "conducted" any alleged "enterprise"—an asserted "association in fact" based entirely around the allegedly abusive conduct of Rick Hubbard against his former wife and fiancée. As shown below, Plaintiffs do not allege a viable substantive RICO claim (18 U.S.C. § 1962(c)) and, as such, cannot maintain a RICO conspiracy claim (18 U.S.C. § 1962(d)).

### 1. **Plaintiffs lack RICO Standing.**

Standing for RICO requires a plaintiff to show a concrete loss to business or property caused by the racketeering conduct allegedly constituting a RICO violation. *See Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008). Plaintiffs have not alleged facts sufficient to show that their asserted injuries are "business or property" recognizable under the RICO statute, and have neither sufficiently alleged that any losses (legally cognizable or not) were directly and proximately caused by the racketeering activity they allege. This failure is dispositive of the RICO claims as to **all** defendants. Simply put, Plaintiffs cannot invoke RICO.

For efficiency before this Court, Mr. Juracek incorporates herein the argument filed by Trammell Crow, Jr. on the issue of RICO standing. *See* Dkt. 26 at 15-22.

### 2. Plaintiffs fail to allege a Section 1962(c) RICO claim.

Civil RICO requires proof of the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1010 (C.D. Cal. 2020) (quoting *United Brotherhood of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014). The Complaint fails on multiple elements as to Mr. Juracek.

### (a) Plaintiffs do not allege that Mr. Juracek engaged in a "pattern of racketeering activity."

A "pattern of racketeering activity" requires at least two predicate acts from the enumerated list in 18 U.S.C. § 1961(1). Additionally, the "term 'pattern' itself requires the showing of a relationship between the predicates, and of the threat of continuing activity." *H.J. Inc. v. Nw Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (citation omitted). And, critically here, when "RICO is *asserted against multiple defendants, a plaintiff must allege at least two predicate acts by each defendant*." *In re Wellpoint, Inc. Rates Litig.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011) (emphasis added).

Plaintiffs make no effort to identify which defendants engaged in which asserted predicate acts. Rather, they broadly assert that "[t]he Enterprise, which consisted of all Defendants, committed a number of predicate acts[.]" Compl. ¶ 309. But RICO liability is addressed on a defendant-by-defendant basis, *see In re Wellpoint*, 865 F. Supp. 2d at 1035, and, as such, the assertions that "all Defendants" or "the Enterprise" conducted all predicate acts are insufficient as a matter of law. *See* Compl. ¶¶ 310 (listing categories of predicate act engaged in by "all Defendants" or "the Enterprise"). Moreover, Plaintiffs fail to allege the factual basis for any predicate act allegedly undertaken by Mr. Juracek, and none are specified. *Id.* Such open-ended vagueness is, in itself, grounds to dismiss the RICO claim against him. *See Comm. to*

*Protect. Our Ag. Water v. Occidental Oil & Gas Co.*, 235 F. Supp. 3d 1132, 1178 (C.D. Cal. 2017) ("Given the complete absence of supporting factual allegations, plaintiffs cannot be said to have plausibly alleged predicate offenses….").

Even if this Court were to consider Plaintiffs' improper bulk pleading of four separate "categories" of predicate acts conducted by unspecified defendants, none could support liability against Mr. Juracek. Plaintiffs assert that "all Defendants" committed predicate acts by violating the sex and labor trafficking statute, violating the Controlled Substances Act ("CSA"), wire fraud, and witness tampering. *See* Compl. ¶ 310. This is insufficient on three grounds. *First*, for the reasons stated above (Part II.A-B), Plaintiffs do not state viable trafficking claims against Mr. Juracek, so this category cannot constitute any predicate acts attributable to him. *Second*, because the Complaint neither alleges that Mr. Juracek possessed drugs nor specifies any type or amount in his possession sufficient to trigger a statutory violation, the CSA category cannot constitute a predicate act attributable to him. (*See generally, e.g.,* 21 U.S.C. § 841 (CSA)). *Third*, Plaintiffs fail to allege any "wire fraud" given the heightened particularity requirements of Rule 9(b), necessitating allegations of either the "time, place, and specific content" of a fraudulent statement "as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986). Nothing in the Complaint remotely indicates how, when, or against whom Mr. Juracek could have committed wire fraud, so this category also fails to support any predicate act against him. *Finally*, nothing in the Complaint could support a witness tampering charge against Mr. Juracek under 18 U.S.C. § 1512, which requires, *inter alia*, allegations that a person "knowingly uses intimidation, threatens, or corruptly persuades another person" intending to "influence, delay, or prevent the testimony of any person in an official proceeding." 18 U.S.C. § 1512(b)(1). The specious allegation that Mr. Juracek threatened to, himself, testify in court (that is, under oath) in a custody dispute does not, on its face, indicate any effort to improperly influence or prevent another's

testimony. *See* Compl. ¶ 211. There are no "racketeering" allegations against Mr. Juracek, let alone a related pattern thereof.

**(b)     Plaintiffs fail to allege the existence of an "enterprise."**

The two issues addressed above are fatal to Plaintiffs' RICO claim, but the Complaint suffers from other infirmities as well. The crux of a 1965(c) claim is the defendant's participation in the conduct of "an ***enterprise's*** affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c) (emphasis added). As such, there must be a legally cognizable "enterprise" set out in the complaint. Here, the Complaint indicates that Plaintiffs are alleging that the relevant "enterprise" is merely an association-in-fact. Compl. ¶¶ 309, 323-314, 329-333. To sustain the legal fiction of such an enterprise, Plaintiffs must establish the existence of a group of individuals associated with "(A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish the purpose." *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Moreover, "the Ninth Circuit requires proof of an enterprise ***separate and apart*** from its alleged pattern of racketeering activity." *Sky Orthobiologics, LLC v. CTM Biomedical, LLC*, 2021 WL 6102520, at *11 (C.D. Cal. Feb. 9, 2021). The Complaint fails to establish that the assorted defendants—which Plaintiffs concede are in four separate and distinct groups (*e.g.*, "Investor Defendants," "Medical Doctor Defendants," "Fixer Defendants," and "Labor Trafficking Defendants," (Compl. ¶¶ 7, 17, 29, 39, 41)), constitute an enterprise.

***No Common Purpose***: First, there is no "association-in-fact" where the alleged participants do not share a "common purpose and course of conduct," but instead act with distinct interests and goals. *See Boyle v. United States*, 556 U.S. 938, 950 (2009). Indeed, where there are distinct "sets of defendants . . . allegedly operating with rather distinct purposes," the common purpose element is not satisfied. *See Gianelli v. Schoenfeld*, 2021 WL 4690724, at *12 (E.D. Cal. Oct. 7, 2021); *accord Marshall v. Goguen*, 604 F. Supp. 3d 980, 1013 (D. Mont. 2022) (dismissing RICO claim where

defendants had "three different purposes," and finding that "simply act[ing] within [one defendant's] orbit is not enough to create a commonality of purpose"). Each group of defendants in this case is alleged to have had a different purpose: the "medical doctors" wrote prescriptions for personal financial benefit (Compl. ¶¶ 16, 146); the "investors" allegedly sought "sex and media of naked women" (*id.* ¶ 39); Rick Hubbard's alleged purpose was to force Plaintiffs to "perform sex acts for payment" he would retain (*id.* ¶ 3); and various other defendants engaged in activities purely for personal financial gain (*e.g.*, Grover withheld wages for himself (*id.* ¶ 250), Hynes Jr. sold drugs for added revenue (*id.* ¶ 269)). None of these allegations establish a purpose that is "common" to all defendants. Rather, Plaintiffs attempt to ensnare any individual acting within Rick Hubbard's orbit; these types of shotgun RICO pleadings fail as a matter of law. *See Marshall*, 604 F. Supp. 3d at 1013.

*No structure or organization*: Next, the Complaint also fails to allege that the defendants—who have no common purpose—operated any "enterprise" with an identifiable structure or purpose. *See Eclectic Props. East, LLC*, 751 F.3d at 997. For efficiency before this Court, Mr. Juracek incorporates herein the argument filed by Trammell Crow, Jr. regarding this issue. *See* Dkt. 26 at 19-20.

*Implausible allegations of "longevity"*: And finally, any "association-in-fact" fails on the grounds noted above. It bears noting, however, that Plaintiffs stretch reality in asserting that they "believe that the Enterprise is continuing." Compl. ¶ 317. The Complaint concedes both Plaintiffs now reside in Virginia (*Id.* ¶¶ 60, 61), far from the defendants, each of whom allegedly resides in either California or Texas *(Id.* ¶¶ 62-83).[6] It therefore strains credulity to allege that this enterprise (if it ever could have existed) "continues." And, while courts assess pleadings in a light most favorable to a plaintiff, they must still "draw on [their] experience and common

---

[6]   Defendant Dr. Mrugeshkumar Shah is the exception. The Complaint alleges he is incarcerated at FCI Butner in Butner, North Carolina. Compl. ¶ 68.

sense." *Iqbal*, 556 U.S. at 664. In short, Plaintiffs' implausible assertion demonstrates the loose and insufficient connection between actual fact and the allegations filed in this Court.

### (c)   Plaintiffs fail to allege that Mr. Juracek "conducted" enterprise affairs.

A viable RICO claim demands allegations that Mr. Juracek "conduct[ed] or participate[d] . . . in the conduct of [the] enterprise's affairs[.]" 18 U.S.C. § 1962(c). Plaintiffs must therefore show that he had "some part *in directing*" the enterprise, either by operating or managing it. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis added). This requirement is not met by "simply being involved" or "performing services for the enterprise[.]" *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008); *see also* Dkt. 26 at 22. Nothing in the allegations against Mr. Juracek—whether by name or as part of the so-called group of "Investor Defendants"—alleges anything apart from passive conduct, be it knowledge of the "sex parties" or receipt of a photo. Compl. ¶¶ 40, 209-12. The single claim of actual affirmative activity by Mr. Juracek (that is, allegedly offering testimony) is not sufficient because that testimony, or the threat thereof, can in no way be said to "direct" the enterprise as required by *Reves*. At most, that "threat" would be a mere "service" to the enterprise, which is inadequate. *Walter*, 538 F. 3d at 1248-49 (noting that, although the defendant was "involved as an alleged part of the enterprise," she did "not occupy a position in the 'chain of command,'" nor would the conduct attributed to her "support recovery for giving, or taking, direction"). This element demonstrates what is readily apparent from the face of the Complaint—that, much like many of the other defendants, Mr. Juracek was merely an individual in the distant reaches of Rick Hubbard's personal orbit. That is no basis to attach him to a "racketeering enterprise," and the law does not support Plaintiffs' attempt to do so.[7]

---

[7]   Julia Hubbard's RICO claim is barred by the statute of limitations. Mr. Juracek incorporates the argument by Trammell Crow, Jr. on this issue. Dkt. 26 at 23-24.

### (d)     The RICO Conspiracy claim also fails.

"To establish a violation of Section 1962(d), Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). Here, per above, Plaintiffs have not adequately alleged a substantive RICO violation; nor have they shown that Mr. Juracek agreed to commit, or committed, any predicate offenses—let alone two. As such, Plaintiffs cannot maintain a RICO conspiracy claim against Mr. Juracek.

### <u>CONCLUSION</u>

Nothing in the Complaint plausibly suggests that Mr. Juracek was engaged in criminal sex trafficking, labor trafficking, or racketeering.  There are no grounds for Mr. Juracek to remain in this lawsuit, both as a matter of substance under Rule 12(b)(6) and on the question of jurisdiction under Rule 12(b)(2). Accordingly, Mr. Juracek respectfully requests dismissal of the Complaint against him. Such dismissal should be granted with prejudice because the pleading "could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (holding that, as here, the deficiencies of the complaint could not be cured by allowing the plaintiff to amend his pleading).

DATED: March 23, 2023            QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP


                                 By   */s/ Diane Doolittle*
                                 _____

                                    Diane Doolittle
                                    Alex Bergjans
                                    Adam J. DiClemente

                                    *Attorneys for Defendant Coe Juracek*

Case No. 2:22-cv-7957-FLA-MAA
DEFENDANT COE JURACEK'S NOTICE OF MOTION AND MOTION TO DISMISS

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Coe Juracek, certifies that this brief contains 25 pages, which complies with the page limit set by the Court's Initial Standing Order in this case, dated December 5, 2022 (Dkt. 24).

DATED: March 23, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Diane Doolittle*

Diane Doolittle
Alex Bergjans
Adam J. DiClemente

*Attorneys for Defendant Coe Juracek*

Case No. 2:22-cv-7957-FLA-MAA
DEFENDANT COE JURACEK'S NOTICE OF MOTION AND MOTION TO DISMISS