John G. Balestriere*
Matthew W. Schmidt (Cal. Bar No. 302776)
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:  (212) 374-5401
Facsimile:   (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Admitted Pro hac vice*

Anastasia Mazzella (Cal. Bar. No. 245201)
**KABATECK LLP**
633 West Fifth Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 217-5007
Facsimile:   (213) 217-5010
am@kbklawyers.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIA HUBBARD, et al.,**<br><br>              Plaintiffs,<br><br>   –against–<br><br>**TRAMMELL S. CROW, JR., et al.,**<br><br>              Defendants. | Case No.: 2:22-cv-7957-FLA-MAA<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE TRANSFERRED** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT .............................................................................................................................2

    I.   THIS CASE SHOULD REMAIN IN THIS DISTRICT, WHERE PLAINTIFFS BROUGHT THIS ACTION AND WHERE PROPER VENUE LIES ..............................................................................................................................2

    II.  IF THE COURT DOES TRANSFER THIS ACTION UNDER SECTION 1404(a), IT SHOULD TRANSFER THIS ACTION TO THE NORTHERN DISTRICT OF TEXAS, WHERE A MAJORITY OF DEFENDANTS RESIDE ...........................................................................................................................4

CONCLUSION ..........................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*
    666 F. Supp. 2d 1109 (C.D. Cal. 2009) ............................................................. 2, 3

*Jones v. GNC Franchising, Inc.*
    211 F.3d 495 (9th Cir. 2000) ................................................................................ 2

**Statutes**

18 U.S. Code § 1591 ................................................................................................... 2

28 U.S.C. § 1404(a) ........................................................................................ 1, 2, 3, 4

# PRELIMINARY STATEMENT[1]

This matter should remain in the United States District Court for the Central District of California, where proper venue exists, where Plaintiffs properly brought this action, and where jurisdiction over all Defendants exists.

Transfer under 28 U.S.C. § 1404(a) ("Section 1404(a)") is inappropriate, first, because courts grant substantial deference to a plaintiff's choice of forum, and there is no substantial benefit to the convenience of the parties or expected witnesses by transferring to a District Court in Texas. Fourteen defendants have now been served, and nine have already appeared in this action represented by California counsel. And as set forth in further detail in Plaintiffs' oppositions to the motions to dismiss of the seven Defendants who moved on jurisdictional grounds (Dkt. Nos. 50, 55, 72, 76, 83, 102, 105), each are properly subject to the jurisdiction of this Court. Indeed, under the multi-factor test used in this District to evaluate Section 1404(a) transfers, most factors weigh against transfer and the remaining factors are neutral.

If the Court does deem it appropriate to transfer under Section 1404(a), it should do so to the United States District Court for the Northern District of Texas ("Northern District of Texas"), where the majority of Defendants reside. There exists no other proper venue for transfer. The closest potential alternative venue, the United States District Court for the Western District of Texas ("Western District of Texas"), which includes the city of Austin, is inappropriate because Dallas is more convenient to the parties and potential witnesses, as well as a more substantial center of gravity of this action compared to Austin.

This case can and should stay in this Court, where it was properly brought and should remain. Or, if it is transferred, it should be transferred to the Northern District of Texas.

---

[1] All capitalized terms are defined in the Complaint, Dkt. No. 1 (the "Complaint" or "Compl."). Some terms are redefined herein for the Court's convenience.

# ARGUMENT

## I. THIS CASE SHOULD REMAIN IN THIS DISTRICT, WHERE PLAINTIFFS BROUGHT THIS ACTION AND WHERE PROPER VENUE LIES

This matter should remain in this District and not be transferred. In determining whether transfer under Section 1404(a) is appropriate in a matter not governed by a contract, a court weighs "multiple factors," including (i) the state "most familiar with governing law," (ii) the "plaintiff[s'] choice of forum," (iii) the respective parties' "contacts with the forum," (iv) "contacts" relating to the plaintiffs' cause of action in the chosen forum, (v) "differences in cost of litigation" in the competing fora, (vi) the availability of "compulsory process to compel attendance of unwilling non-party witnesses," and (vii) the "ease of access" to "sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (affirming denial of transfer despite existence of forum selection clause); *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131–34 (C.D. Cal. 2009) (rejecting transfer after analysis of factors).

First, this District is more familiar with the TVPA than any alternative district in Texas, having heard more than twice as many cases under 18 U.S. Code § 1591 than either the Northern or Western Districts of Texas. (Declaration of Matthew W. Schmidt ("Schmidt Decl.") ¶ 2.) According to a Westlaw search, this District has decided 44 cases involving the TVPA, compared to only 19 in the Northern District of Texas and 18 in the Western District of Texas. (Schmidt Decl. ¶ 3.) Especially given the relatively novel status of such litigations, this District's superior experience supports the interests of justice and is reason alone to keep this action in this District. This factor weighs against transfer to Texas.

Second, Plaintiffs brought suit in this District (Dkt. No. 1), and that choice should be respected. *See Jones*, 211 F.3d at 498 (recognizing plaintiffs' choice of forum as factor). This factor weighs against transfer.

Case No. 2:22-cv-7957-FLA-MAA

1  Third and fourth, all relevant parties have contacts relevant to Plaintiffs' causes of action with both California and Texas, making this factor neutral, such that it does not mitigate towards transfer. As discussed at length in Plaintiffs' opposition to the Texas plaintiffs who have moved to dismiss on jurisdictional grounds (Dkt. Nos. 50, 55, 72, 76, 83, 102, 105), all Plaintiffs have substantial contacts with the State of California due to the presence of Defendant Eller, a key part of the Venture, in this District. (Schmidt Decl. ¶ 4.) All Defendants either knew or recklessly disregarded the presence of Eller in California and his key role in the Venture, thus purposefully directing activity to the district from which Plaintiffs' claims arise. (Schmidt Decl. ¶ 5.) This factor is neutral and does not weigh in favor of transfer.

Fifth, the cost of litigation in either this District or Texas is likely the same, making this factor weigh against transfer or, at least, neutral. All nine Defendants who have appeared in this litigation have retained California counsel, and nine have already filed motions to dismiss in this action. (Dkt. Nos. 26, 50, 55, 72, 76, 83, 93, 102, 105.) Nor does travel from Texas to Los Angeles present any burden: to the extent that travel is necessary, flights from Dallas to Los Angeles are typically under $300 and only about three hours. (Schmidt Decl. ¶ 6.)  This factor weighs against transfer.

Sixth and seventh, there are no currently known non-party witnesses who could not be compelled to testify in this District, nor issues with ease of access to sources of proof.  Access to witnesses and evidence add "little weight" to an analysis unless a party specifically identifies witnesses and evidence in potential new forum. *Allstar Mktg. Grp., LLC*, 666 F. Supp. 2d at 1133 (finding location of non-party witnesses and evidence bear little weight in transfer absent specific identification as to such witnesses and evidence). Plaintiffs are unaware of any such evidence that would create such a burden, particularly given the digital nature of expected discovery. These factors weigh against transfer.

All the relevant factors considered under Section 1404(a) weigh against, or at

worst are neutral, to transfer. This action should stay in this District.

## II. IF THE COURT DOES TRANSFER THIS ACTION UNDER SECTION 1404(a), IT SHOULD TRANSFER THIS ACTION TO THE NORTHERN DISTRICT OF TEXAS, WHERE A MAJORITY OF DEFENDANTS RESIDE

If the Court does deem fit to transfer this action under Section 1404(a), which it should not, the Court should transfer the action to the Northern District of Texas, where the majority of Defendants reside. Of the 29 defendants named in this action, 20 of them—more than 70%—reside in the Northern District of Texas: Trammell S. Crow, Jr.; Dr. Joseph Bolin; Dr. Scott Woods; Dr. Mrugeshkumar Shah; Michael Cain; Coe Juracek; Phil Ecob; H.J. Cole; Kurt Knewitz; Paul Pendergrass; Robert Pruitt; Case Grover; Richard Butler; Michael Hynes, Jr.; Shawn Mayer; Jade Mayer; Integrity Based Marketing, LLC;  Storm Fitness Nutrition, LLC; Ultra Combat Nutrion, LLC; Ecoloft Homes LLC; and Elevated Wellness Partners LLC. (Schmidt Decl. ¶ 7.)

Of the Defendants outside of the Northern District of Texas, only five—Richard Hubbard; Dr. Melissa Miller; Cody Mitchell; Ralph Rogers; and Scott Brunson—reside in the Western District of Texas. (*Id.*) Two Defendants—Mark Molina and RCI Hospitality Holdings, Inc.—reside in the United States District Court for the Southern District of Texas, and Dr. Benjamin Todd Eller resides in this District. (*Id.*)

Given that the substantial majority of Defendants reside in the Northern District of Texas—20 Defendants, versus only five in the second-most populated Western District of Texas—if this Court does deem fit to transfer this action out of this District (which, for the reasons set forth *supra* at I, it should not), it should make the transfer to the Northern District of Texas.

## CONCLUSION

This case should remain in this District, where Plaintiffs properly brought suit

Case No. 2:22-cv-7957-FLA-MAA

4

and where nearly all relevant factors weigh against transfer, and those that do not are neutral, such that this case should stay in Plaintiffs' selected forum. Defendants—most of whom have already secured California counsel, appeared in this action, and already filed motions to dismiss—will not be prejudiced by litigation in this District, nor is there likely evidence that will be difficult to procure in this District. Further, this District has substantial experiences with the TVPA, a significant factor in litigation under such a relatively new statute.

If the Court does deem fit to transfer, it should transfer to the Northern District of Texas, where the vast majority—20 out of 29—of Defendants reside. There exists no other District with such a substantial concentration of Parties, and to the extent that Defendants assert that the location of evidence, witnesses, and convenience of Parties mitigate against venue in this District, then the Northern District of Texas will cure such complaints.

| | |
|---|---|
| 1 | Dated: New York, New York |
| 2 | March 24, 2023 |
| 3 | |
| 4 | By: _____ |
| 5 | Matthew W. Schmidt |
| 6 | John G. Balestriere* |
| 7 | **BALESTRIERE FARIELLO** |
| 8 | 225 Broadway, 29th Floor |
| 9 | New York, New York 10007 |
| 10 | Telephone:    (212) 374-5401 |
| 11 | Facsimile:    (212) 208-2613 |
| 12 | john.balestriere@balestrierefariello.com |
| 13 | matthew.schmidt@balestrierefariello.com |
| 14 | *Admitted Pro hac vice* |
| 15 | |
| 16 | Anastasia Mazzella |
| 17 | **KABATECK LLP** |
| 18 | 633 West Fifth Street, Suite 3200 |
| 19 | Los Angeles, California 90071 |
| 20 | Telephone:    (213) 217-5007 |
| 21 | Facsimile:    (213) 217-5010 |
| 22 | am@kbklawyers.com |
| 23 | *Attorneys for Plaintiffs* |

Case No. 2:22-cv-7957-FLA-MAA

6

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on this date, the foregoing document filed electronically using the Court's CM/ECF System are served on counsel of record pursuant to the Federal Rules of Civil Procedure through the Court's Notice of Electronic Filing generated by the CM/ECF System, per L.R. 5–3.2.1.

Dated: New York, New York

      March 24, 2023.

                              BALESTRIERE FARIELLO

                              By: _____

                              Matthew W. Schmidt

                              Attorney for Plaintiffs