John G. Balestriere*
Matthew W. Schmidt (Cal. Bar No. 302776)
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:  (212) 374-5401
Facsimile:   (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Admitted Pro Hac Vice*

Anastasia Mazzella (Cal. Bar. No. 245201)
**KABATECK LLP**
633 West Fifth Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 217-5007
Facsimile:   (213) 217-5010
am@kbklawyers.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIA HUBBARD, et al.,**<br><br>                    Plaintiffs,<br><br>   –against–<br><br>**TRAMMELL S. CROW, JR., et al.,**<br><br>                    Defendants. | Case No.: 2:22-cv-7957-FLA-MAA<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ELLER'S MOTION TO DISMISS** |

Case No. 2:22-cv-7957-FLA-MAA

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... II

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ........................................................................................ 3

LEGAL STANDARD ................................................................................................ 4

ARGUMENT .............................................................................................................. 5

   I.   PLAINTIFFS HAVE MET THE REQUIREMENTS OF RULE 8 NOTICE PLEADING BECAUSE THEY PLEADED SPECIFIC FACTS CONCERNING ELLER'S ROLE IN THE VENTURE, PUTTING ELLER ON NOTICE OF THE CLAIMS AGAINST HIM .......................................... 5

   II.  PLAINTIFFS HAVE ALLEGED AGAINST ELLER A VALID TVPA VIOLATION UNDER BOTH PERPETRATOR AND BENEFICIARY LIABILITY ................................................................................................... 6

      A.  Plaintiffs Have Alleged That Eller Is Liable Under TVPA Perpetrator Liability Because He Obtained and Maintained Plaintiffs ....................... 6

      B.  Plaintiffs Have Alleged That Eller Is Liable Under TVPA Beneficiary Liability Because He Knowingly Assisted the Venture in Forcing Plaintiffs into Commercial Sex Acts and Received Financial Benefit from the Venture .................................................................................. 8

   III. PLAINTIFFS HAVE ALLEGED A VALID LABOR TRAFFICKING CLAIM BECAUSE ELLER PROVIDED AND OBTAINED THE BENEFIT OF PLAINTIFFS' LABOR BY FORCE ....................................................... 9

   IV. PLAINTIFFS HAVE ALLEGED A VALID RICO CLAIM AGAINST ELLER BECAUSE THEY ALLEGED THAT ELLER KNOWINGLY ASSISTED THE ENTERPRISE IN ITS RACKETEERING ACTIVITES .. 11

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ................................................................................................. 5

*Bias v. Wells Fargo & Co.*
  942 F. Supp. 2d 915 (N.D. Cal. 2013) ................................................................... 11

*Destfino v. Reiswig*
  630 F.3d 952 (9th Cir. 2011) ................................................................................... 6

*Doe v. Fitzgerald*
  No. CV2010713MWFRAOX, 2022 WL 2784805 (C.D. Cal. May 13, 2022) ....... 9

*Gilligan v. Jamco Dev. Corp.*
  108 F. 3d 246 (9th Cir. 1997) .................................................................................. 4

*J.C. v. Choice Hotels Int'l, Inc.*
  No. 20-CV-00155-WHO, 2020 WL 6318707 (N.D. Cal. Oct. 28, 2020) .......... 4, 9

*Lesnik v. Eisenmann SE*
  374 F. Supp. 3d 923 (N.D. Cal. 2019) ................................................................... 10

*Martinez-Rodriguez v. Giles*
  31 F.4th 1139 (9th Cir. 2022) ................................................................................ 10

*Odom v. Microsoft Corp.*
  486 F.3d 541 (9th Cir. 2007) ................................................................................... 4

*Ruelas v. Cnty. of Alameda*
  519 F. Supp. 3d 636 (N.D. Cal. 2021) ................................................................... 10

*Swierkiewicz v. Sorema N.A.*
  534 U.S. 506 (2002) ................................................................................................. 5

*United States v. Bazar*
  747 Fed. Appx. 454 (9th Cir. 2018) ........................................................................ 6

*United States v. Chang Ru Meng Backman*
  817 F.3d 662 (9th Cir. 2016) ................................................................................... 7

*United States v. Todd*
  627 F.3d 329 (9th Cir. 2010) ............................................................................6, 7, 9

**Statutes**

18 U.S.C. § 1589 ............................................................................................................9, 10

18 U.S.C. § 1591 ...................................................................................................6, 7, 9, 10

18 U.S.C. § 1962 ...................................................................................................................11

**Rules**

Fed. R. Civ. P. 8(a) ....................................................................................................2, 4, 5, 6

Fed. R. Civ. P. 12(b)(6) .........................................................................................................4

# PRELIMINARY STATEMENT[1]

Defendant Benjamin Todd Eller ("Eller"), with his co-conspirators, for years was an essential member of a sex trafficking scheme (the "Venture") that unlawfully trafficked Plaintiffs Julia Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus"), subjecting them to hundreds of forced commercial sex acts, as well as the beatings, threats, and forced use of medications that Eller made possible and which were needed to bring Plaintiffs under the sex trafficking Venture's control and then compel Hubbard and Goedinghaus to engage in such acts, all while Eller handsomely profited. And Eller's misconduct working with others makes out an illegal racketeering enterprise (the "Enterprise").

Eller had a central role in the Venture, whereby, among other things, he received hundreds of thousands of dollars in payments from Hubbard's then-husband Defendant Rick Hubbard ("Rick Hubbard") in order to provide essential services to the Venture, including both recommendation of drugs and assistance in the acquisition of those drugs to control Hubbard and Goedinghaus; presenting false statements to courts; and falsely holding himself out as Hubbard's and Goedinghaus's psychologist. Through many discussions with Rick Hubbard, including many calls that Hubbard and Goedinghaus overheard, and from direct communication from both Plaintiffs themselves (in which they both told Eller that they were being forced to perform sex acts), Eller was fully aware of the Venture's activities, including that the Venture was using his work to force Hubbard and Goedinghaus to perform commercial sex acts. Simply put, Eller's misconduct forced Hubbard and Goedinghaus, and perhaps others, to be sex trafficking victims.

Eller's main challenges to Plaintiffs' claims are factual, such as that, in Eller's view, his work did not truly help the Venture, or baldly asserting that a document Plaintiffs included an image of in their complaint was "false, unverified, altered and

---

[1] All capitalized terms are defined in the Complaint, Dkt. No. 1 (the "Complaint" or "Compl."). Some terms are redefined herein for the Court's convenience.

Case No. 2:22-cv-7957-FLA-MAA

1

incomplete" without any evidence or argument as to why the document was supposedly false. Such self-serving views and arguments are not appropriate on a motion to dismiss. Apparently recognizing this, Eller spends much of his Motion documenting things that Plaintiffs and Eller all agree that Eller *did not* do, such as personally writing prescriptions (since Eller, as not a medical doctor, "only" used his recommendations to procure drugs from physicians) or meeting in person with Plaintiffs (since, being in separate states at all relevant times, Plaintiffs and Eller spoke by phone).

What Eller *did* do, as Plaintiffs plead, is, among other things, plan with Rick Hubbard to start the Venture in the first place; prepare false affidavits in exchange for monthly payments from the Venture, while knowing that those affidavits would be used to assist in forcing Plaintiffs into commercial sex acts; that, through those affidavits, Eller held himself out as Hubbard's and Goedinghaus's therapist; and that Hubbard and Goedinghaus both told Eller that the Venture was using him to force them into commerce sex acts. Eller's quibbling over how much he thinks his assistance actually aided the Venture is beside the point, especially at the pleading stage. The allegations against Eller satisfy Federal Rule of Civil Procedure ("Rule") 8(a) as to both perpetrator and beneficiary liability under the Trafficking Victims Protection Act ("TVPA"): Eller "obtained" and "maintained" Plaintiffs by conduct that brought Hubbard and Goedinghaus under the Venture's control and kept them there (the perpetrator liability prong), as well as assisted and financially benefitted from the Venture (the beneficiary liability prong), knowing that it was forcing Plaintiffs to engage in commercial sex acts against their will. Eller's actions also constitute labor trafficking under the TVPA: just as Eller knew that the Venture was forcing Plaintiffs into commercial sex acts, that forced commercial sex also constituted Plaintiffs' labor or services.

Plaintiffs also adequately allege Eller's liability under the Racketeering Influenced and Corrupt Organization Act ("RICO"), including his key role in the

Case No. 2:22-cv-7957-FLA-MAA
2

chain of command as a high-profile psychologist who, in exchange for financial payment, assisted the Enterprise in conducting its unlawful activity, including through assistance of procuring of controlled substances and misuse of legal process to force Plaintiffs into performing commercial sex acts. Eller was not simply well aware of the Enterprise's actions (both from communications with Rick Hubbard and Plaintiffs themselves): he knowingly participated in the Enterprise by providing the support, threats of legal process, and drugs that were crucial to the Enterprise's unlawful racketeering activities.

Plaintiffs have adequately alleged Eller's central and key role in making the Venture possible and keeping it going, and how he benefitted from that trafficking. Eller also played a central role in a RICO Enterprise that comprised the Venture. The Court should deny Eller's Motion and allow this matter to proceed into discovery.

## STATEMENT OF FACTS

Eller and Defendant Rick Hubbard met in 2011, through a marketing program called Chet Holmes International. (*See* Compl. ¶¶ 114–15.) Eller, a psychologist with a Ph.D from the University of California Los Angeles, had a track of record of involvement with businesses outside of traditional psychology but that traded on his expertise and reputation. (*See* Compl. ¶ 118.) In addition to Chet Holmes International, these included Devotional Connection, a Christian social network, and BabyFirst TV, a children's television production company. (*Id.*) Eller and Rick Hubbard realized that they could make significant profit through sex trafficking, including due to Rick Hubbard's connections with Trammel Crow through Plaintiff Hubbard. (*See* Compl. ¶¶ 96–97, 120, 122.)

For the Venture's first victim, Eller and Rick Hubbard decided to traffic Rick Hubbard's wife, Plaintiff Hubbard. (*See* Compl. ¶ 122.) However, Rick Hubbard knew that his wife would not willingly agree to such an arrangement. (*Id.*) Eller and Rick Hubbard then concocted a scheme whereby Eller would hold himself out as Hubbard's psychologist and claim that she had serious psychological issues that

1  required heavy doses of specific medication, including Xanax, Adderall, Oxycodone,
2  Marinol, Soma, Lorezapam, Ambien, and Trazadone. (Compl. ¶ 124, 288–293.) Rick
3  Hubbard would then use Eller's recommendations in order to procure those drugs
4  from the Medical Doctor Defendants, which, especially when combined, made it
5  difficult for Plaintiff Hubbard (and later Plaintiff Goedinghaus) to resist the
6  Venture's demands. (Compl. ¶¶ 124, 127, 288.)

7  In addition to assisting in procurement of drugs, Eller also worked actively
8  with the Venture to threaten Plaintiffs with loss of custody of their children if they
9  did not comply with the Venture's demands. (*See* Compl. ¶¶ 129–131.) Specifically,
10 Eller would, under oath, represent to courts that Plaintiffs were under his care and
11 dangerous to themselves and their children, so that if Hubbard or Goedinghaus were
12 to attempt to escape the Venture, they would lose custody of their children.  (*See*
13 Compl. ¶¶ 129–131.)

14 For these services, Rick Hubbard would, on behalf of the Venture, pay Eller a
15 monthly fee ranging from $2,500 to $5,000, resulting in hundreds of thousands of
16 payments to Eller in total over the years. (Compl. ¶ 124.)

17 **LEGAL STANDARD**

18 Rule 8 requires that pleadings contain a "short and plain statement of the claim
19 showing that the pleader is entitled to relief" and precludes courts from granting
20 motions to dismiss absent exceptional circumstances. Fed. R. Civ. P. 8(a)(2);
21 *Gilligan v. Jamco Dev. Corp.*, 108 F. 3d 246, 248 (9th Cir. 1997); *J.C. v. Choice*
22 *Hotels Int'l, Inc.*, No. 20-CV-00155-WHO, 2020 WL 6318707, at *10 (N.D. Cal.
23 Oct. 28, 2020) (applying Rule 8 to TVPA claims). Claims of fraud, including those
24 pleaded under RICO, require more specific pleading that identifies "the
25 circumstances constituting fraud" with "particularity." *Odom v. Microsoft Corp.*, 486
26 F.3d 541, 553 (9th Cir. 2007). However, non-fraudulent elements of RICO, including
27 a defendant's state of mind, may be "alleged generally." *Id.*
28 On a Rule 12(b)(6) motion, a court may dismiss a claim "only if it is clear that

no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In other words, a court may not dismiss a complaint in which Plaintiffs have alleged enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

**I.   PLAINTIFFS HAVE MET THE REQUIREMENTS OF RULE 8 NOTICE PLEADING BECAUSE THEY PLEADED SPECIFC FACTS CONCERNING ELLER'S ROLE IN THE VENTURE, PUTTING ELLER ON NOTICE OF THE CLAIMS AGAINST HIM**

Plaintiffs have pleaded specific facts and allegations against Eller that satisfy Rule 8 and put Eller on specific notice of the claims against him. Rule 8 requires only a "short and plain statement" of each claim in a "concise and direct manner," that gives rise to a "plausible" inference of relief. Fed. R. Civ. P. 8(a)(2), (d); *Twombly*, 550 U.S. at 570. Plaintiffs have done just that as to Eller:

- Eller made the initial plans with Rick Hubbard in order to form the Venture (*see* Compl. ¶¶ 122, 124);
- Eller held himself out as Hubbard's and Goedinghaus's psychologist, claiming they had serious psychological issues and required heavy doses of powerful medications, which (as Eller intended) would be used by the Venture to force Plaintiffs into forced sex acts (*see* Compl. ¶¶ 124, 283–88);
- Eller represented to courts that Plaintiffs were under his care and posed a danger to themselves and their children, such that if they were to disobey or attempt to escape the Venture, they would lose their children (*see* Compl. ¶¶ 129–131).

These allegations put Eller on notice of the claims alleged against him and the underlying facts, as Eller demonstrates by his detailed motion to dismiss in which he

presented his arguments against those same claims. *Destfino v. Reiswig*, a case where, unlike here, the plaintiffs repeatedly failed to correct pleading deficiencies on amendment despite multiple successful motions to dismiss, is not to the contrary. 630 F.3d 952, 958 (9th Cir. 2011). Plaintiffs have properly pleaded claims against Eller consistent with Rule 8, and the Motion should be denied.

## II. PLAINTIFFS HAVE ALLEGED AGAINST ELLER A VALID TVPA VIOLATION UNDER BOTH PERPETRATOR AND BENEFICIARY LIABILITY

A defendant violates the TVPA when he either (1) recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits a person (the perpetrator prong)—or (2) benefits, "financially or by receiving anything of value," from participation in a venture that recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits a person (the beneficiary prong)—knowing, or in reckless disregard of the fact that, means of force, threats of force, fraud, or coercion will cause the person to engage in a "commercial sex act." 18 U.S.C. § 1591(a); *see United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) (recognizing that knowledge requirement "does not require knowledge in the sense of certainty as to a future act," but rather "awareness" that it is likely to occur). A "commercial sex act" is defined in the statute as "*any* sex act, on account of which *anything* of value is given or received by any person." 18 U.S.C. § 1591(e)(3) (emphasis added); *United States v. Bazar*, 747 Fed. Appx. 454, 456 (9th Cir. 2018) (recognizing that "commercial sex act" is not "limited to sexual intercourse for money"). Plaintiffs have pleaded that Eller faces TVPA liability under both the perpetrator and beneficiary prongs.

### A. Plaintiffs Have Alleged That Eller Is Liable Under TVPA Perpetrator Liability Because He Obtained and Maintained Plaintiffs

Plaintiffs have sufficiently alleged that Eller violated the perpetrator prong of

the TVPA, including that Eller obtained the Plaintiffs (agreeing to start the Venture and helping Rick Hubbard initially put Hubbard and Goedinghaus under the Venture's control) and maintained Plaintiffs (through continued misuse of court process and asserting that Hubbard and Goedinghaus needed drugs that made them pliable to continue the Venture's work). Indeed, Eller did this by putting in significant time and professional effort towards exerting control over Plaintiffs, with the intentional end of them being forced into commercial sex acts for the financial benefit of the Venture and Eller himself.

First, Plaintiffs allege that Eller both obtained Plaintiffs for the Venture and then maintained Plaintiffs in the Venture by causing them to be exposed to pharmaceutical drugs and threats of loss of custody of their children, knowing that they would fall under the Venture's control and would be forced, by Rick Hubbard and other members of the Venture, to perform commercial sex acts. (*See, e.g.,* Compl. ¶¶ 124, 129–131, 283–88.) Despite Eller's unsupported assertion that the TVPA's perpetrator prong requires that Eller *himself* caused the Venture's victims to engage in commercial sex acts (Mot. at 8), the statute requires only that Eller obtain Plaintiffs (by acquiring, controlling, or possessing them) or maintain Plaintiffs (by upkeeping, or to put care and work into them) while knowing (or recklessly disregarding) the fact that prohibited means would be used to force Plaintiffs to engage in commercial sex acts. *See* 18 U.S.C. § 1591(a); *Todd*, 627 F.3d at 336. Plaintiffs plead that Eller both obtained and maintained Plaintiffs under the sex trafficking statute.

Second, Plaintiffs plead that Eller knew, or recklessly disregarded, that force, threat of force, or coercion would cause Plaintiffs to engage in commercial sex acts. 18 U.S.C. § 1591(a); *United States v. Chang Ru Meng Backman*, 817 F.3d 662, 666–67 (9th Cir. 2016) (recognizing that 18 U.S.C. § 1591(a) "knowing" requirement does not require a forced sex act to even occur—only that defendant is "aware of an established modus operandi"). (*See* Compl. ¶¶ 122, 124.)

Eller's attempt to explain away the Complaint's allegations by presenting his

Case No. 2:22-cv-7957-FLA-MAA

7

1  own view that he simply provided "business consulting" to Rick Hubbard's
2  fraudulent businesses not only is not appropriate on a motion to dismiss, but it is also
3  simply not consistent with the Complaint. The Complaint does not allege business
4  consulting, but that Eller told "lies . . . under oath for payment" through "prepar[ing]
5  false affidavits" in order to cause Plaintiffs to be subject to "heavy doses of a variety
6  of medications" and fear loss of custody of their children. (*See* Compl. ¶¶ 7, 131.)
7  Nothing in the TVPA requires that Eller personally met with Plaintiffs in person,
8  personally promised anything to them, had a *quid pro quo* arrangement with them,
9  or any other arbitrary ground that Eller lists out in his Motion. (*See* Mot. at 10.)
10 Indeed, Eller acknowledges this by providing no authority for these bald assertions.

11      More significantly for the knowledge requirement, Eller cannot deny his
12 knowledge of the Venture consistent with the allegations in the complaint, where
13 Plaintiffs plead that Hubbard and Goedinghaus "both informed Eller that Rick
14 [Hubbard] was fraudulently obtaining drugs in order to force them to commit sex
15 acts" and "asked for Eller's help" to escape the Venture, which Eller refused to
16 provide. (Compl. ¶ 11.) But even if they had not, Eller knew full well the Venture's
17 activities because he was present at its creation: Eller and Rick Hubbard devised the
18 Venture and took the initial steps to set its activities in motion. (Compl. ¶¶ 121–124.)
19 Plaintiffs have alleged TVPA perpetrator liability for Eller, such that the Motion
20 should be denied.

21      **B. Plaintiffs Have Alleged That Eller Is Liable Under TVPA**
22      **Beneficiary Liability Because He Knowingly Assisted the Venture**
23      **in Forcing Plaintiffs into Commercial Sex Acts and Received**
24      **Financial Benefit from the Venture**

25      Besides alleging that Eller is liable under the TVPA perpetrator liability prong,
26 Plaintiffs have also alleged that Crow is liable as a beneficiary under the TVPA.
27 Beneficiary liability under the TVPA attaches where a defendant benefits either
28 "financially or by receiving anything of value" from participation in a venture that

recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits a person knowing, or in reckless disregard of the fact that, means of force, threats of force, fraud, or coercion will cause the person to engage in a "commercial sex act." 18 U.S.C. § 1591(a); *Todd*, 627 F.3d at 333; *see J.C. v. Choice Hotels Int'l, Inc.,* No. 20-CV-00155-WHO, 2020 WL 6318707, at *7 (N.D. Cal. Oct. 28, 2020) (finding TVPA beneficiary liability where "defendants . . . rented rooms to people they should have known were engaging in [plaintiff's] sex trafficking"). A venture is defined in 18 U.S.C. § 1591(6) as "any group of two or more individuals associated in fact, whether or not a legal entity." *Todd,* 627 F.3d at 333 (9th Cir. 2010)

As Plaintiffs allege, Eller provided crucial assistance to the Venture (namely in the form of provision of drugs and threats to loss of custody of children (Compl. ¶¶ 122–24)) in exchange for hundreds of thousands of dollars of cash payments. (Compl. ¶ 124.) Besides flatly denying knowledge of the Venture's activities (despite the fact that, as pleaded, both Plaintiffs *told him* that they were being forced to commit commercial sex acts against their will and sought his assistance (Compl. ¶ 11)), Eller's only attempted rebuttal to beneficiary liability is his procedurally inappropriate and legally irrelevant self-serving denials as to whether his actions actually assisted the Venture, or whether he actually benefitted from the Venture. But Eller's only authority on this point, *Doe v. Fitzgerald*, recognizes that benefitting "financially" as Plaintiffs allege (Compl. ¶ 124) is sufficient to give rise to beneficiary liability under the TVPA. Plaintiffs have sufficiently alleged beneficiary liability under the TVPA. and the Motion should be dismissed.

### III. PLAINTIFFS HAVE ALLEGED A VALID LABOR TRAFFICKING CLAIM BECAUSE ELLER PROVIDED AND OBTAINED THE BENEFIT OF PLAINTIFFS' LABOR BY FORCE

Plaintiffs have alleged a labor trafficking claim. Labor trafficking under 18 U.S.C. § 1589 exists where a defendant either knowingly provides or obtains the

9

labor or services of a plaintiff (the perpetrator prong) either (1) through means of force or threats of force, (2) by means of serious harm or threats of physical harm, (3) by means of abuse or threatened abuse of legal process, or (4) by means of any scheme intended to cause the plaintiff to believe that if they "did not perform such labor or services, that person or another person would suffer serious harm or physical restraint." 18 U.S.C. § 1589(a); *Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1150 (9th Cir. 2022) (plaintiffs had a successful forced labor claim where they pleaded that the defendants had obtained plaintiffs' labor through means of pressure created by abuse of law). Liability also attaches where a defendant "knowingly benefits" (the beneficiary prong) either "financially or by receiving anything of value," from participation in a venture that engaged in the providing or obtaining of labor or services by any of the above four grounds. 18 U.S.C. § 1589(b); *see Lesnik v. Eisenmann SE,* 374 F. Supp. 3d 923, 953 (N.D. Cal. 2019); *Ruelas v. Cnty. of Alameda,* 519 F. Supp. 3d 636, 650 (N.D. Cal. 2021). Eller is liable under both prongs.

Just as Plaintiffs pleaded a proper 18 U.S.C. § 1591 sex trafficking claim, they have pleaded an 18 U.S.C. § 1589 labor trafficking claim against Eller on the same facts, giving rise to both perpetrator and beneficiary liability. (*See supra* at II.) Plaintiffs have pleaded the perpetrator prong, that Eller obtained the services, namely financial benefit arising from Plaintiffs' trafficking, of both Plaintiff Hubbard and Plaintiff Goedinghaus through threatened abuse of legal process, and that Eller provided those services by causing Plaintiffs to be trafficked. (*See, e.g.,* Compl. ¶¶ 19–21, 60–61.)   Further, Eller participated in the Venture, which involved obtaining forced labor and knowingly benefitting from this participation. (*See, e.g.,* Compl. ¶¶ 19–21, 60–61.) Plaintiffs have alleged a labor trafficking claim against Eller, and Eller's Motion should be denied.

## IV. PLAINTIFFS HAVE ALLEGED A VALID RICO CLAIM AGAINST ELLER BECAUSE THEY ALLEGED THAT ELLER KNOWINGLY ASSISTED THE ENTERPRISE IN ITS RACKETEERING ACTIVITES

Plaintiffs have pleaded a substantive RICO violation against Defendant Eller under 18 U.S.C. § 1962(c). A civil RICO claim must plead (1) a separate and distinct RICO enterprise that (2) engaged in a pattern of racketeering (3) causing harm to the Plaintiff. *See* 18 U.S.C. § 1962(c), (d). A RICO conspiracy exists under 18 U.S.C. § 1962(d) where a defendant "conspire[s] to violate" the substantive RICO provision of 18 U.S.C. § 1962(a). *See* 18 U.S.C. § 1962(d); *Bias v. Wells Fargo & Co.,* 942 F. Supp. 2d 915, 942 (N.D. Cal. 2013). A RICO claim against Eller lies here.

Eller challenges Plaintiffs' substantive RICO claim only on the grounds that the Complaint does not plead that Eller was involved in, nor had knowledge, of the Enterprise. (Mot. at 13–14.) And Eller similarly challenges Plaintiffs' RICO conspiracy claim only on the grounds that Plaintiffs fail to plead that Eller had "any knowledge of any conspiracy or its purported criminal objective." (Mot. at 14.) Plaintiffs plead this knowledge.

As discussed at length above (*see supra* at I–II), Eller actively participated in the Venture, was central to its formation, and central to its activities. (Compl. ¶¶ 8, 14.) And, even was that not the case, Plaintiffs pleaded that they both *told* Eller that the Venture was using Eller's services to "fraudulently obtain[] drugs in order to force them to commit sex acts." (Compl. ¶ 11.) Plaintiffs plead that Eller was closely involved with and had knowledge of the Enterprise, giving rise to substantive RICO liability as well as RICO conspiracy liability, and the Motion should be denied.

## CONCLUSION

Plaintiffs adequately plead claims of sex trafficking, labor trafficking, and civil RICO against Eller, one of the most central participants in the entire Venture. With Rick Hubbard, Eller developed the initial plan for the Venture and a key figure in forcing Hubbard and Goedinghaus into commercial sex acts, both through assisting

Case No. 2:22-cv-7957-FLA-MAA

the provision of drugs that rendered them unable to resist the Venture's demands, and through threats of misuse of legal process to deprive Plaintiffs of their children if they disobeyed or attempted to escape the Venture. In exchange, the Venture made monthly payments to Eller that in total amounted to hundreds of thousands of dollars.

Eller offers no serious legal arguments against Plaintiffs' claims, instead opting to offer his own self-serving facts through his counsel that the Complaint's allegations are wrong and that, even if true, Eller's actions did not help the Venture. But these factual arguments are inappropriate on a motion to dismiss. Eller's knowledge of and active involvement in the Venture subjects him to liability under the TVPA and RICO. Eller's Motion should be denied and the claims against him proceed into discovery and summary judgment, where Eller will have the opportunity to explore and challenge Plaintiffs' facts.

1  Dated: New York, New York
2       April 7, 2023
3
4  By: _____
5      Matthew W. Schmidt
6      John G. Balestriere*
7      **BALESTRIERE FARIELLO**
8      225 Broadway, 29th Floor
9      New York, New York 10007
10     Telephone:     (212) 374-5401
11     Facsimile:     (212) 208-2613
12     john.balestriere@balestrierefariello.com
13     matthew.schmidt@balestrierefariello.com
14     *Admitted Pro Hac Vice*
15
16     Anastasia Mazzella
17     **KABATECK LLP**
18     633 West Fifth Street, Suite 3200
19     Los Angeles, California 90071
20     Telephone:     (213) 217-5007
21     Facsimile:     (213) 217-5010
22     am@kbklawyers.com
23     *Attorneys for Plaintiffs*
24
25
26
27
28

# **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on this date, the foregoing document filed electronically using the Court's CM/ECF System are served on counsel of record pursuant to the Federal Rules of Civil Procedure through the Court's Notice of Electronic Filing generated by the CM/ECF System, per L.R. 5–3.2.1.

Dated: New York, New York

April 7, 2023

BALESTRIERE FARIELLO

By: _____

Matthew W. Schmidt

Attorney for Plaintiffs