John G. Balestriere*
Matthew W. Schmidt (Cal. Bar No. 302776)
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Admitted Pro Hac Vice*

Anastasia Mazzella (Cal. Bar. No. 245201)
**KABATECK LLP**
633 West Fifth Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 217-5007
Facsimile: (213) 217-5010
am@kbklawyers.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIA HUBBARD, et al.,**<br><br>Plaintiffs,<br><br>–against–<br><br>**TRAMMELL S. CROW, JR., et al.,**<br><br>Defendants. | Case No.: 2:22-cv-7957-FLA-MAA<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT MILLER'S MOTION TO DISMISS** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

LEGAL STANDARD ............................................................................................................ 4

ARGUMENT ......................................................................................................................... 4

    I.    MILLER PURPOSEFULLY AVAILED HERSELF OF CALIFORNIA JURISDICTION ........................................................................................... 4

    II.    PLAINTIFFS' CLAIMS ALL ARISE OUT OF MILLER'S ACTIVITIES DIRECTED TO CALIFORNIA ................................................................... 5

    III.    THE COURT SHOULD, AT A MINIMUM, ALLOW JURISDICTIONAL DISCOVERY AS TO MILLER ................................................................... 5

CONCLUSION ...................................................................................................................... 6

Case No. 2:22-cv-7957-FLA-MAA

# TABLE OF AUTHORITIES

**Cases**

*Am. West Airlines, Inc. v. GPA Group, Ltd.*
   877 F.2d 793 (9th Cir. 1989)..................................................................................5

*Doe v. Am. Nat'l Red Cross*
   112 F.3d 1048 (9th Cir. 1997)............................................................................4, 5

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*
   326 U.S. 310 (1945) ............................................................................................4

*Lazar v. Kroncke*
   862 F.3d 1186 (9th Cir. 2017)..............................................................................4

*Orchid Biosciences, Inc. v. St. Louis Univ.*
   198 F.R.D. 670 (S.D. Cal. 2001)..........................................................................5

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*
   556 F.2d 406 (9th Cir. 1977)................................................................................5

# PRELIMINARY STATEMENT[1]

Defendant Dr. Melissa B. Miller, M.D. ("Miller"), with her co-conspirators, for years participated in a sex trafficking scheme (the "Venture") that unlawfully trafficked Plaintiffs Julia Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus"), subjecting them to hundreds of forced commercial sex acts, as well as the beatings, threats, and misuse of medications needed to compel Hubbard and Goedinghaus to engage in such acts.

Miller provided the Venture with medications used to force Plaintiff Goedinghaus to engage in sex acts against her will. Defendant Richard Hubbard ("Rick Hubbard") would force Plaintiff Goedinghaus to visit Miller and obtain the drug prescriptions identified by Defendant Dr. Benjamin Todd Eller ("Eller"), a Santa Monica-based psychologist. Plaintiff Goedinghaus outright told Miller that Rick Hubbard was withholding her medications, thus forcing her into withdrawal, physically abusing her, including choking her out to the point of unconsciousness and raping her. Miller took no action in response to Plaintiff Goedinghaus' requests for help.

Plaintiffs do not seek to apply general jurisdiction in California to Miller, but Miller is subject to specific personal jurisdiction in California arising out of her actions directed to this State, as alleged in the Complaint. While residing in Texas, Miller carried out the bidding of Eller and Rick Hubbard in writing prescriptions for medication that Eller had "recommended" for Goedinghaus to the Venture in writing. Miller's activities, availing herself of California's jurisdiction, meet both of the requirements for specific personal jurisdiction to exist.

First, Miller purposefully availed herself of the protections of the State of California. Dr. Eller's role in the Venture was not only central, but also essential, and without it the Venture could not have existed. Eller, who was involved in the

---

[1] All capitalized terms are defined in the Complaint, Dkt. No. 1 (the "Complaint" or "Compl."). Some terms are redefined herein for the Court's convenience.

Case No. 2:22-cv-7957-FLA-MAA

1

formation of the Venture at its earliest stages, assisted the Venture through the fraudulent use of his psychological practice, including allowing the Venture to procure large doses of highly potent and controlled drugs. These drugs were used by the Venture to force Plaintiff Goedinghaus to engage in commercial sex acts, both because the drugs made it difficult for Plaintiffs to resist the Venture's demands, and because the drugs' addictive nature meant that the Venture could withhold the drugs as a further means to control Plaintiff Goedinghaus.

Second, Plaintiffs' claims here arise out of Miller's contacts with California. Had Eller not participated in the Venture, not only would the Venture not have existed, but Miller's specific role in the Venture—prescribing drugs that Eller had selected for Goedinghaus—would certainly not have existed.

At a minimum, the Court should permit jurisdictional discovery into Miller and her communications with Eller and Rick Hubbard, and her knowledge of Eller's role in the Venture. Due to the nature of the Venture—and assisted by the heavy medication that Plaintiff Goedinghaus was on due to Miller—Rick Hubbard and other Venture members took steps to conceal from Plaintiff Goedinghaus the details of the Venture's activities. Specifically, Rick Hubbard and Eller themselves would have concealed from Plaintiff Goedinghaus any communications they had with Miller concerning instructions they gave to Miller to prescribe medications for the Venture's interests, opposed to what was best medically for Plaintiff Goedinghaus.

The Court can and should properly exercise jurisdiction over Defendant Miller and deny her motion to dismiss on grounds of jurisdiction.

## STATEMENT OF FACTS

Plaintiff Hubbard married Defendant Rick Hubbard in February 2010. (Compl. ¶¶ 96–97.) Following an arrest later that year for financial fraud, Rick Hubbard became desperate for new financial opportunities. (Compl. ¶¶ 104–106.) Rick Hubbard then, along with Defendant Eller, and later, with key financing from Defendant Crow and his colleagues, formulated the Venture, which began to force

Plaintiff Hubbard, and later Plaintiff Goedinghaus, to perform sex acts for money. (Compl. ¶¶ 121–123, 286–287.)

Plaintiff Goedinghaus met Defendant Rick Hubbard in November 2018 and moved in with him shortly thereafter. (Compl. ¶¶ 280, 282.) The Venture forced Plaintiff, through means that included Eller using his psychological practice, to claim that Goedinghaus had serious psychological issues and needed to be on high doses of drugs such as Xanax, Adderall, Oxycodone, Marinol, Soma, Lorezapan, Ambien, and Trazadone. (Compl. ¶¶ 123–24, 140, 152.) Certain of these drugs, when combined, are known as the "Holy Trinity" due to their potent effects when taken together. (Compl. ¶¶ 150.)

This medication scheme made Plaintiff Hubbard, and, later, Plaintiff Goedinghaus—and likely others—pliable, and susceptible to other forms of threats and force. (Compl. ¶¶ 123–24.) Eller's contributions to the Venture also involved swearing false affidavits claiming that both Plaintiffs were seriously psychiatrically troubled persons under his care. (Compl. ¶¶ 8–12.)

Miller is a primary care physician who resides in Texas. (Compl. ¶¶ 65, 145.) Rick Hubbard paid her, with the other Medical Doctor Defendants—Dr. Michael Scott Woods, Dr. Joseph Bolin, and Dr. Mrugeshkumar Shah—to provide prescriptions for controlled medication to the Venture in order to assist in the force, threats, and coercion that the Venture applied to Plaintiffs in order to force them to perform commercial sex. (*See* Compl. ¶¶ 7–8, 15–16.)

The Venture, through Rick Hubbard, would force Plaintiff Goedinghaus to visit Miller in order to obtain medication based on Eller's "written recommendations" (made to the Venture so that Rick Hubbard would know what drugs to seek) in exchange for payment from the Venture. (*See* Compl. ¶ 139.)

Goedinghaus informed Miller that Rick Hubbard was withholding her medications, thus forcing her into withdrawal, physically abusing her, including choking her out to the point of unconsciousness, and raping her, but Miller continued

to provide drugs to Goedinghaus and provided no assistance to Goedinghaus. Compl. ¶ 145.)

## LEGAL STANDARD

A California court may exercise specific personal jurisdiction over a non-resident defendant where a plaintiff shows that such defendant purposefully avails herself of the privilege of transacting business in California and that the claims against him arise from such purposeful availment, provided that the defendant cannot show that. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).

## ARGUMENT

This Court can, and should, exercise specific personal jurisdiction over Defendant Miller. As Miller admits (Dkt. No. 102 at 12), a court properly exercises specific personal jurisdiction over a defendant when that defendant has minimal contacts with the forum state. A defendant establishes such minimum contacts when she (1) purposefully avails herself of the forum state and (2) the claim at issue arises out of the defendant's forum-related activities. *Am. Nat'l Red Cross*, 112 F.3d at 1051; *see Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (recognizing due process necessity of "minimum contacts" with the forum state). Plaintiffs satisfy both these prongs, such that Miller is properly subject to the jurisdiction of this Court.

### I. MILLER PURPOSEFULLY AVAILED HERSELF OF CALIFORNIA JURISDICTION

Miller purposefully availed herself of California jurisdiction through her participation in the Venture and issuing of prescriptions to Plaintiff Goedinghaus. A defendant "purposefully avails" herself of a forum when she avails herself "of the privilege of conducting activities in the forum State, thus invoking the benefits and protections of its laws." *Lazar v. Kroncke*, 862 F.3d 1186, 1201–02 (9th Cir. 2017).

Here, Miller purposefully availed herself of California jurisdiction through her participation in the Venture, particularly in carrying out Eller's instructions of

medication for Plaintiff Goedinghaus, which Rick Hubbard forced her to consume in order to further the goals of the Venture. Miller either knew, or at a minimum should have known with the exercise of proper diligence, of Eller's role in the Venture. By participating in the Venture—and effectively making out prescriptions at Eller's direction—Miller knowingly availed herself of the benefits of California jurisdiction.

## II.   PLAINTIFFS' CLAIMS ALL ARISE OUT OF MILLER'S ACTIVITIES DIRECTED TO CALIFORNIA

Not only did Miller purposefully avail herself of California jurisdiction, but all of Plaintiffs' claims against him arise out of those activities. Courts apply a "but for" causation test to determine "whether a plaintiff's injury arises out of a defendant's forum-related activities." *Am. Nat'l Red Cross*, 112 F.3d at 1051. Here, none of Plaintiffs' claims against Miller would have occurred but for Eller. While Miller is responsible for her own wrongful actions towards Plaintiffs, had Eller not been involved the Venture would not have existed, none of Plaintiffs' claims against Miller would have arisen. Plaintiffs' claims all arise, out of Miller's activities directed at this State.

## III.   THE COURT SHOULD, AT A MINIMUM, ALLOW JURISDICTIONAL DISCOVERY AS TO MILLER

At a minimum, the Court should allow limited jurisdictional discovery into communications between Miller and Rick Hubbard and Miller's actual knowledge of Eller, his location, and his role in the Venture. Granting of jurisdictional discovery is within the sound discretion of the Court, and appropriate where "pertinent facts bearing on the question of jurisdiction are in dispute." *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (quoting *Am. West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989)). Such discovery is appropriate except where a Defendant can show that "it is clear that further discovery would *not* demonstrate facts sufficient to constitute a basis for jurisdiction." *Id.* at 674 (emphasis added) (quoting *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24

(9th Cir. 1977)).

Here, the Court should respectfully find that it has personal jurisdiction over Miller, but at a minimum the Court should allow jurisdictional discovery into communications between Miller and Eller, as well as Rick Hubbard, and Miller's own knowledge of Eller, Eller's location in California, and Eller's central role in the Venture, including his role in "recommending" medication for Plaintiff Goedinghaus. While the Venture took steps to conceal from Plaintiffs the workings on the Venture, as detailed in the complaint, Eller did regularly hold himself out in writing as the Plaintiffs' psychologist, including (at least in the case of Plaintiff Goedinghaus) expressing an opinion as to their psychological diagnosis. (Compl. ¶ 140; *see id.* ¶¶ 131–139.) If Eller either communicated directly with Miller, or if Rick Hubbard (or another member of the Venture) provided Miller with information from Eller which Miller relied upon in treating Plaintiff Goedinghaus, then Miller would have been aware of Eller's role in the Venture, as further evidence that Miller directed her activity (from which Plaintiffs' claims arise) towards California.

## CONCLUSION

Miller knowingly participated in and benefitted from a sex trafficking scheme which she knew or should have known had a nexus in California, through Defendant Dr. Eller, whom she directly assisted through the prescribing of drugs to Plaintiff Goedinghaus that had been selected by Eller. Through this, both Eller and Miller had a crucial role in the Venture and in causing Plaintiff Goedinghaus to be forced, threatened, and coerced into commercial sex acts. In this way, Miller purposefully availed herself of the jurisdiction of California, and all of Plaintiffs' claims here arise from that availment.

For these reasons, and all those other foregoing reasons, the Court should respectfully deny Miller's motion to dismiss, or at a minimum allow Plaintiffs jurisdiction discovery into Miller and her relevant knowledge of Eller.

1  Dated: New York, New York
2       April 7, 2023

By: _____

Matthew W. Schmidt

John G. Balestriere*

**BALESTRIERE FARIELLO**

225 Broadway, 29th Floor

New York, New York 10007

Telephone:    (212) 374-5401

Facsimile:    (212) 208-2613

john.balestriere@balestrierefariello.com

matthew.schmidt@balestrierefariello.com

*Admitted Pro hac vice*

Anastasia Mazzella

**KABATECK LLP**

633 West Fifth Street, Suite 3200

Los Angeles, California 90071

Telephone:    (213) 217-5007

Facsimile:    (213) 217-5010

am@kbklawyers.com

*Attorneys for Plaintiffs*

Case No. 2:22-cv-7957-FLA-MAA

7

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on this date, the foregoing document filed electronically using the Court's CM/ECF System are served on counsel of record pursuant to the Federal Rules of Civil Procedure through the Court's Notice of Electronic Filing generated by the CM/ECF System, per L.R. 5–3.2.1.

Dated: New York, New York

April 7, 2023

BALESTRIERE FARIELLO

By: _____

Matthew W. Schmidt

Attorney for Plaintiffs