UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TRAMMELL S. CROW, JR., et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-7957-FLA-MAA<br><br>**[PROPOSED] ORDER DENYING DEFENDANT COE JURACEK'S MOTION TO DISMISS** |

　　On April 7, 2023, Plaintiffs Julia Hubbard and Kayla Goedinghaus (collectively, "Plaintiffs") filed an Opposition to Defendant Coe Juracek's ("Juracek") motion to dismiss under Federal Rule of Civil Procedure 8(a)(2) for Shotgun Pleadings and 12(b)(6) for Lack of Personal Jurisdiction (the "Opposition").

　　Plaintiffs have made a prima facie showing that Defendant Juracek has minimum contacts with California, and purposefully availed himself to the law and protections of California through his alleged participation in the Venture.

1

1 | The Court, having considered the parties' Opposition, all papers filed and the arguments of counsel, and finding good cause therefor, hereby DENIES Defendant Juracek's Motion to Dismiss as follows:

  1. Plaintiffs have met the requirements of Rule 8 because they have pleaded detailed facts showing Juracek's role in the Venture giving rise to liability. Plaintiffs have made specific allegations regarding each Defendant, including Juracek. These include allegations with regards to Juracek that: Juracek provided financial funding to the Venture; Juracek had actual knowledge or more than enough information such that a reasonable person should have known; Juracek benefitted from the Venture. The Complaint includes ample detail regarding all Defendants, but sufficient specific detail regarding Juracek, his liability, and how he benefited. Defendant Juracek's Motion to Dismiss on these grounds is denied in its entirety.

  2. Plaintiffs have set forth plausible allegations that Juracek knowingly benefited either financially or by receiving or exchanging a thing of value from participation in a venture that recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits a person knowing, or in reckless disregard of the fact that, means of force, threats of force, fraud, or coercion will cause the person to engage in a "commercial sex act." As such, Juracek faces TVPA liability under both the perpetrator and beneficiary prongs. Defendant Juracek's Motion to Dismiss the Plaintiffs' First Cause of action is denied.

  3. Plaintiffs have alleged that Juracek plausibly obtained Plaintiffs' labor by improper means and received a "thing of value" for his alleged participation in the labor trafficking ring, particularly sex acts and the benefit from receiving sexual services for his guests at his parties, which increased his reputation and relationship with those in attendance.

1  Accordingly, Defendant Juracek's Motion to Dismiss the Plaintiffs' Second Cause of Action is denied.

4. As for the Third Cause of Action, Plaintiffs have sufficiently alleged a valid RICO claim against Defendant Juracek and all other Defendants, under 18 U.S.C. § 1962(c). Plaintiffs have pleaded that there existed (1) a separate and distinct RICO enterprise that (2) engaged in a pattern of racketeering (3) causing harm to the Plaintiff. Defendant Juracek's Motion to Dismiss Plaintiffs' RICO claim is denied.

5. Plaintiffs have adequately pleaded that Plaintiffs suffered RICO injury. In the form of "moneys that Hubbard and Goedinghaus earned for providing companionship, including at Forced Sex Parties and moneys that Hubbard earned while working as a dancer but were confiscated by the RICO enterprise. This is enough to allege RICO standing, as such Defendant Juracek's Motion to Dismiss this claim is denied.

6. Plaintiffs have adequately pleaded that Hubbard's RICO injuries fall within the relevant statute of limitations. Plaintiff Hubbard's Rico claim is timely and Defendant Juracek's Motion to Dismiss on this ground is denied.

7. The Fourth cause of action for RICO conspiracy is valid as the Plaintiffs have established a valid substantive RICO claim. Defendant's Motion to Dismiss the RICO conspiracy action is denied.

IT IS SO ORDERED.

Dated:_____

FERNANDO L. AENLLE-ROCHA
United States District Judge