MICHAEL J. TROTTER (SBN: 139034)
mjtrotter@cktflaw.com
DAVID P. PRUETT (SBN: 155849)
dppruett@cktflaw.com
CARROLL, KELLY, TROTTER & FRANZEN
111 West Ocean Boulevard, 14th Floor
Post Office Box 22636
Long Beach, California 90801-5636
Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

Attorneys for Defendant, MELISSA B. MILLER, M.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, | CASE NO.: 2:22-cv-7957-FLA-MAA<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT MELISSA B. MILLER, M.D.**<br><br>Date: April 28, 2023<br>Time: 1:30 p.m.<br>Location: Courtroom 6B |
|---|---|

E:\06\6967-01\Pld\MTD Reply.Docx

1

Reply to Opposition to Miller's Motion to Dismiss

| | |
|---|---|
| 1 | LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 |
| 2 | |
| 3 | |
| 4 | |
| 5 | Defendants. |

Defendant Melissa B. Miller submits the following memorandum in reply to plaintiffs' opposition to the motion to dismiss for lack of personal jurisdiction.

# MEMORANDUM

## 1. Introduction

The motion to dismiss of Defendant Melissa B. Miller, M.D. should be granted because the facts and law demonstrate that this District Court sitting in California does not have personal jurisdiction over Miller who has lived in Texas virtually her entire life, since age of six, and whose provision of medical services to Plaintiff Kayla Goedinghaus all occurred in Texas, where Goedinghaus then resided.

While plaintiffs reiterate the allegations of their Complaint, persisting in their portrayal of themselves as victims relative to their sexual activities, with salaciously-stated allegations, Plaintiffs' opposition to Defendant Miller's motion just asserts vague generalities without any reference to the specific authorities and facts described in the motion to dismiss. Plaintiffs' ignore the authorities and facts set forth in the motion to dismiss; plaintiffs do not attempt to refute them or suggest how the circumstances here would call for a different result that what those authorities and facts demonstrate. Plaintiffs have failed to refute the conclusion that any jurisdiction over Defendant Miller could only be in Texas.

For instance, plaintiffs' opposition ignores *Calder v. Jones*, 465 U.S. 783 (1984), which instructs that personal jurisdiction is properly exercised relative to a state that "is the focal point both of the story and the harm." (*Id.* at 789.)

Here, notwithstanding the debauchery alleged, the story and the harm were in Texas. No jurisdictional discovery could impact that conclusion.

## 2. Miller Did Not Purposefully Avail Herself of California Jurisdiction

Plaintiffs' sole argument for California jurisdiction is that one defendant Dr. Benjamin Todd Eller is "a Santa Monica-based psychologist." (Doc. 112, 4:11-12.)

From there, Plaintiffs' opposition asserts that Defendant Eller sent instructions to Texas, arguing: "While residing in Texas, Miller carried out the bidding of Eller and Rick Hubbard in writing prescriptions for medication that

Eller had 'recommended' for Goedinghaus to the Venture in writing." (Doc. 112, 4:19-21.)

Assuming arguendo that the foregoing was true, the applicable authorities lead to the conclusion that Defendant Miller is not subject to personal jurisdiction in the Central District of California.

In opposition, Plaintiffs cite to *Lazar v. Kroncke*, 862 F.3d 1186 (9th Cir. 2017), a decision affirming dismissal for lack of personal jurisdiction, which actually supports Defendant Miller's motion to dismiss. *Lazar* recited "a three-part test when making specific personal jurisdiction determinations: [¶] (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." (*Id.* at 1201; citing *Schwarzenegger v. Fred Martin Motor Co.* 374 F.3d 797, 802 (9th Cir. 2004).)

Further, *Lazar* stated: "Purposeful availment and purposeful direction are distinct inquiries. The personal availment inquiry asks if the defendant 'purposefully avail[ed] [himself] of the privilege of conducting activities in the forum State, thus invoking the benefits and protections of its laws.' [Citation.] The purposeful direction inquiry asks if the defendant directed an action at the forum state such that personal jurisdiction could be exercised even without physical contacts with the forum." (*Id.* at 1201-1202.) Defendant Miller did not conduct any activities in California and Plaintiffs never assert she did.

Relative to the purposeful direction test, *Lazar* instructed: "Purposeful direction requires a defendant to have '(1) committed an intentional act, (2) expressly aimed at the forum state, [and] (3) causing harm that the defendant

knows is likely to be suffered in the forum state.'" (*Lazar* at 1202.) All of these requirements must be met for jurisdiction over the defendant to comply with due process. (*Ibid.*)

The Court explained that there was no purposeful direction relative to actions of the defendant were not "expressly aimed at California," relative to which "any harm" would have been "felt" in a state other than California. (*Ibid.*) *Lazar* decided there was not purposeful direction towards California based upon the opening an individual retirement account ("IRA") with Charles Schwab & Co., Inc. ("Schwab"), a California corporation, conducting an average of 124 trades on the account per year for twenty years, and by making Schwab "'agent and attorney-in-fact' for purposes of buying and selling on the account" because "as none of them was expressly aimed at California and any harm to the IRA would be felt in Arizona where the decedent and Lazar [decedent's ex-wife] were domiciled." (*Id.* at 1201-1202.) While *Lazar* stated that the act of the Estate sending a letter to Schwab "was an intentional act," the Court found the letter was not purposeful direction towards California because "the act of sending the letter was aimed at Arizona and not California." (*Id.* at 1202.) "We look to who would suffer the harm and where the harm would be felt when determining whether a defendant expressly aimed his activities at the forum state." (*Ibid.*) "The letter was sent to a Schwab address in Arizona, and any harm which Lazar would suffer would occur in Arizona, where she resides, and not in California." (*Ibid.*)

Additionally, *Lazar* explained there was no purposeful availment based on "the choice-of-law provision in the IRA stipulating that California law governs in the absence of applicable federal law" "[b]ecause it is not essential that the state whose law will be applied to a lawsuit exercise jurisdiction over the litigation." (*Lazar* at 1202.) Further, the fact that the administrator of the decedent's estate was domiciled in California was "immaterial as the Estate [is] located in Arizona." (*Ibid.*) Because it was "the Estate which is the party to this lawsuit," the

1  administrator's "domicile does not impact the jurisdictional analysis." (*Ibid.*)

2  So, *Lazar* is actually consistent with the authorities cited in the motion to
3  dismiss and supports the conclusion that there is not personal jurisdiction over
4  Defendant Miller. As cited in the motion, and disregarded by plaintiffs, in *Calder*
5  *v. Jones*, *supra,* 465 U.S. 783, Defendants residing in Florida were subject to
6  California jurisdiction because of their roles in publication of a libelous story about
7  an actress in California; those defendants had "expressly aimed" their conduct
8  towards California. "The allegedly libelous story concerned the California
9  activities of a California resident. It impugned the professionalism of an entertainer
10 whose television career was centered in California. The article was drawn from
11 California sources, and the brunt of the harm, in terms both of respondent's
12 emotional distress and the injury to her professional reputation, was suffered in
13 California." (*Id.* at 788-789.)

14 Paralleling *Calder*, Plaintiffs here contend that one Defendant's conduct,
15 Eller's, was "expressly aimed" towards Texas, where the Plaintiffs were, with
16 Eller's conduct allegedly channeled through Texas physicians, such as Defendant
17 Miller. Texas was the place where "the brunt of the harm" to Plaintiffs allegedly
18 occurred, "the focal point both of the story and of the harm suffered." (*Calder* at
19 789.)

20 Among the other authorities ignored by Plaintiffs, the motion to dismiss
21 discussed *Bullion v. Gillespie*, 895 F.2d 213 (5th Cir. 1990), wherein the Court
22 decided there were sufficient minimum contacts for the District Court in Texas to
23 exercise personal jurisdiction over a California physician, Larrian Gillespie, M.D.,
24 a urologist who provided medical services to Carol Bullion, a Texas resident, for
25 "interstitial cystitis," with that care managed through Texas-based physicians. (*Id.*
26 at 214.) The Court found that Bullion was Gillespie's patient, that Gillespie
27 received compensation for those services, that Gillespie maintained regular
28 telephone contact with a Texas-based physician for coordinating medical services,

and that Gillespie has other patients in Texas. (*Id.* at 217.) Similarly, here Plaintiff Goedinghaus contends that Eller sent instructions to Texas for Defendant Miller, a Texas based physician, to provide certain medication to Goedinghaus in Texas, and that Eller also directed medical instructions to other Texas physicians relative to the provision of medications to at least one other patient in Texas, Plaintiff Julia Hubbard.

Considering those authorities and the undisputed facts, demonstrating that Texas was "the focal point both of the story and of the harm suffered," Plaintiffs' conclusory assertion that Dr. Miller availed herself of California's jurisdiction should be rejected.

### 3. Miller's Activities Were Not Directed to California

The foregoing section regarding purposeful availment disposes of Plaintiffs' argument that Miller directed activities to California.

Relative to Plaintiffs' citation to *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048 (9th Cir. 1997), a decision affirming dismissal based on lack of personal jurisdiction, does not help them as that decision cites the same three-part test applied in *Lazar v. Kroncke*, *supra,* 862 F.3d 1186, discussed in the prior section. (*Doe* at 1051.) Further, that Court instructed: "'Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state.' [Citation.] This requirement ensures that a defendant 'will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.'" (*Ibid.*) Under that standard, there is no personal jurisdiction based on allegedly having contact with Eller, a California resident, relative to provision of medications, medical services, in Texas. Miller did not, even according to Plaintiffs' allegations, do anything in California.

### 4. There Are No Facts Relative to Jurisdiction "In Dispute"; There is No Reason to Authorize Jurisdictional Discovery

Even if discovery produced evidence that Miller had communications with Rick Hubbard that showed that Defendant Miller had "actual knowledge of Eller, his location, and his role in the Venture," the authorities in the prior two sections, and in the motion to dismiss, would still lead to the conclusion that there is not personal jurisdiction over Miller.

Any such evidence would not demonstrate a basis for jurisdiction. Such evidence would not impact the conclusions that Texas was the place where "the brunt of the harm" to Plaintiffs allegedly occurred, "the focal point both of the story and of the harm suffered." (*Calder v. Jones*, *supra,* 465 U.S. 783, 789.)

Discovery of evidence that Eller sent instructions to Texas for Defendant Miller, a Texas based physician, to provide certain medication to Goedinghaus in Texas, and that Eller also directed medical instructions to other Texas physicians relative to the provision of medications to at least one other patient in Texas, Plaintiff Julia Hubbard, would not lead to a conclusion that Miller is subject to personal jurisdiction in California. (*Bullion v. Gillespie, supra*, 895 F.2d 213, 217; *Kennedy v. Freeman*, 919 F.2d 126, 127 (10th Cir. 1990); *Robinson v. Section 23, Prop. Owner's Association*, 785 F. Appx. 940, 944 (3d Cir. 2019); see motion to dismiss, Doc. 102, 13:1-16:20.)

As acknowledged by Plaintiffs, refusal of jurisdictional discovery "is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." (*Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977).)

**5. <u>Conclusion</u>**

For the foregoing reasons, and for the reasons set forth in the motion to dismiss (Doc. 102), the Court should GRANT Defendant Miller's motion to dismiss for lack of personal jurisdiction.

DATED: April 14, 2023					CARROLL, KELLY, TROTTER & FRANZEN

By: _____
MICHAEL J. TROTTER
DAVID P. PRUETT
Attorneys for Defendant, MELISSA B. MILLER, M.D.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 W. Ocean Boulevard, 14th Floor, Long Beach CA 90801. On April 14, 2023, I served a true and correct copy of the following document on the interested parties in this action as follows:

**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT MELISSA B. MILLER, M.D.**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 14, 2023, at Long Beach, California.


Lorraine Orduno