John G. Balestriere*
Matthew W. Schmidt (Cal. Bar No. 302776)
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (415) 966-2656
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice*


Anastasia Mazzella (Cal. Bar. No. 245201)
**KABATECK LLP**
633 West Fifth Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 217-5007
Facsimile: (213) 217-5010
am@kbklawyers.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | Case No. 2:22-cv-7957-FLA-MAA |
| Plaintiffs, | **JOINT RULE SECOND 26(f) REPORT** |
| –against– | SCHEDULING CONFERENCE<br>Date: April 28, 2023<br>Time: 1:00 P.M.<br>Location: Courtroom 6B<br>350 West 1st Street<br>Los Angeles, California 90012 |
| TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI | |

HOSPITALITY HOLDINGS, INC.,
INTEGRITY BASED MARKETING, LLC,
STORM FITNESS NUTRITION, LLC,
ULTRA COMBAT NUTRITION, LLC,
ECOLOFT HOMES LLC, ELEVATED
WELLNESS PARTNERS LLC, DOE
INDIVIDUALS 1–20, and DOE
COMPANIES 21–30

                    Defendants.

1    In accordance with Federal Rule of Civil Procedure ("Rule") 26(f), Local Rule 26-1,

2    and the Court's Order Setting Scheduling Conference (Dkt. No. 61), Plaintiffs Julia

3    Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus") (collectively,

4    "Plaintiffs") and Defendants Trammell Crow ("Crow"), Dr. Benjamin Todd Eller ("Eller"),

5    Richard Hubbard ("Rick Hubbard"), Dr. Melissa Miller ("Miller"), Dr. Joseph Bolin

6    ("Bolin"), Dr. Scott Woods ("Woods"), Coe Juracek ("Juracek"), Philip Ecob ("Ecob"),

7    Texas Ranger Cody Mitchell ("Mitchell"), Ralph Rogers ("Rogers"), Robert Pruitt

8    ("Pruitt"), Scott Brunson ("Brunson"), Case Grover ("Grover"), Michael Hynes, Jr.

9    ("Hynes"), Shawn Mayer ("Shawn Mayer"), Jade Mayer ("Jade Mayer"), and RCI

10   Hospitality Holdings, Inc. ("RCI"), who have met and conferred with each Defendant

11   separately, by telephone and email, submit the following Rule 26(f) Report (the "Report")

12   for the Court's consideration.

13   **A.    STATEMENT OF THE CASE**

14   **Plaintiffs' Statement**

15       On November 1, 2022, Plaintiffs filed their Complaint against Defendants

16   Trammell S. Crow, Jr. ("Crow"), Dr. Benjamin Todd Eller ("Eller"), Richard Hubbard

17   ("Rick Hubbard"), Dr. Melissa Miller ("Miller"), Dr. Joseph Bolin ("Bolin"), Dr. Scott

18   Woods ("Woods"), Dr. Mrugeshkumar Shah ("Shah"), Michael Cain ("Cain"), Coe

19   Juracek ("Juracek"), Philip Ecob ("Ecob"), H.J. Cole ("Cole"), Texas Ranger Cody Mitchell

20   ("Mitchell"), Kurt Knewitz ("Knewitz"), Paul Pendergrass ("Pendergrass"), Ralph Rogers

21   ("Rogers"), Robert Pruitt ("Pruitt"), Scott Brunson ("Brunson"), Case Grover ("Grover"),

22   Richard Butler ("Butler"), Mark Molina ("Molina"), Michael Hynes, Jr. ("Hynes"), Shawn

23   Mayer ("Shawn Mayer"), Jade Mayer ("Jade Mayer"), RCI Hospitality Holdings, Inc.

24   ("RCI"), Integrity Based Marketing, LLC, Storm Fitness Nutrition, LLC, Ultra Combat

25   Nutrition, LLC, EcoLoft Homes LLC, Elevated Wellness Partners LLC, Doe Individuals

26   1–20, and Doe Companies 21–30, alleging that for nearly a decade or more, Defendant

27   Richard Hubbard ("Rick Hubbard") ran a sex and labor trafficking venture (the

28   "Venture") for his financial gain, with the essential financial assistance and influence of

environmental philanthropist Defendant Trammell S. Crow , Jr., and at least eight other prominent Texas businessmen.

To develop and run this successful Venture, including controlling the victims—who included at least Rick Hubbard's then-wife Plaintiff Julia Hubbard ("Hubbard"), whom Rick Hubbard made into a virtual long-term sex slave, his later fiancée Plaintiff Kayla Goedinghaus ("Goedinghaus"), whom he also had those in the Venture beat and rape, and others whose identities are unknown at this time—Rick Hubbard utilized the essential services of numerous doctors, a prominent police officer, and others.

Dozens of times, generally at "parties" (the "Forced Sex Parties") over the course of years, Rick Hubbard forced Hubbard, Goedinghaus, and others to perform sex acts for payment, which payments he retained, and to secure business relationships. Rick Hubbard used force, threats of force, fraud, or coercion to compel Hubbard and Goedinghaus to engage in commercial sex acts with the knowledge or reckless disregard of all Defendants, who each individually benefitted from the Venture.

This force and threats included beatings to the point of hospitalization—twice Rick Hubbard injured Hubbard's neck, requiring spinal surgery—and threats to harm Hubbard's and Goedinghaus's children, who were all under six years old at the time Rick Hubbard, threatened them with the support of others in the Venture.

Indeed, the misconduct and crimes of the Defendants were so egregious that the Venture became an illegal racketeering enterprise (the "Enterprise"), whereby the Defendants conspired together to commit various unlawful predicate acts, including coercion, human trafficking, dealing in controlled substances, and wire fraud, all of which proximately harmed Plaintiffs and almost certainly other victims.

Plaintiffs have made efforts to include all Defendants who have appeared in this action in Rule 26(f) discussions but appreciate that further discussions may be productively had. And while Plaintiffs recognize that not all named Defendants have yet appeared, Plaintiffs believe that a status conference as scheduled on April 28, 2023, will allow the Court and Parties to determine the most efficient and expeditious way to

1  proceed in this matter.

2  **Defendants' Statement**

3  *Defendant Crow's Position*

4  Plaintiffs attempt to leverage their long-running domestic quarrels into federal

5  human trafficking and RICO claims is a cynical attempt to extract financial gain from

6  persons who were unfortunate enough to cross paths with them. The law does not permit

7  Plaintiffs to gerrymander their inter-personal disputes (no matter how serious) into

8  federal claims against Mr. Crow or other defendants.

9  (1)  As to the First Cause of Action for violation of the Trafficking and Violence

10  Protection Act of 2000 ("TVPA") alleging perpetrator fails as against Mr. Crow because he

11  did not (a) knowingly obtain sex acts with Plaintiffs by prohibited means or (b) exchange

12  anything of value "on account of" the alleged sex acts. The First Cause of Action for

13  violation of the TVPA alleging beneficiary liability fails as against Mr. Crow because he

14  did not (a) knowingly participate in or (b) benefit financially or receive a "thing of value"

15  from the supposed sex-trafficking venture.

16  (2)  As to the Second Cause of Action for violation of labor trafficking laws, it

17  fails as against Mr. Crow because he did not obtain Plaintiffs' labor. Even if he did obtain

18  their labor, it was not by improper means, nor did he receive any "thing of value" for his

19  alleged participation in the supposed labor trafficking ring.

20  (3)  As to the Third Cause of Action for violation of the Racketeer Influenced

21  and Corrupt Organizations Act ("RICO"), it fails as to Mr. Crow (and other defendants)

22  because

23  (a) Plaintiffs did not suffer injuries cognizable under RICO, and therefore Plaintiffs

24  lack standing;

25  (b) Plaintiffs cannot show the existence of any RICO enterprise;

26  (c) Plaintiffs cannot show a pattern of racketeering;

27  (d) Plaintiffs cannot show that Mr. Crow "conducted or participated, directly or

28  indirectly, in the conduct of the alleged enterprise," and at most he was a bystander

3

1  to the alleged enterprise and was merely managing his personal affairs, not those
2  of any RICO enterprise; and

3  (e) Plaintiff Ms. Hubbard's RICO claims are barred by the applicable statute of
4  limitations.

5  The Fourth Cause of Action for RICO conspiracy under Section 1962(d) fails against Mr.
6  Crow Plaintiffs cannot show a predicate RICO claim under Section 1962(c).

7  Mr. Crow's Motion to Dismiss is fully briefed and is currently set to be heard on
8  April 28, 2023.

9  *Defendant Eller's Position*

10  Plaintiffs allege to have suffered abuse at the hands of their shared partner, Richard
11  Hubbard and have sought to capitalize on their traumatic experiences by seemingly suing
12  nearly everyone they knew had some interaction with Rick Hubbard during the
13  timeframe of their relationships with him under federal criminal statutes, namely
14  provisions of the Trafficking Victims Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589
15  and/or § 1591, or the Racketeer Influenced and Corrupt Organizations Act ("RICO"),  18
16  U.S.C. 1962(c) and (d). Defendant Benjamin Todd Eller ("Eller") is one of these
17  individuals; however, there are no facts whatsoever – alleged or that can be established -
18  - giving rise to any violation by Eller under any of these statutes.

19  *Defendant Miller's Position*

20  Defendant Miller provided medical services to only one of the plaintiffs, Kayla
21  Goedinghaus. Those services were provided at the request of Plaintiff Goedinghaus.
22  Defendant Miller's services were based upon her education, training, and experience and
23  the information provided by, and medical assessments of Plaintiff Goedinghaus; the
24  services were provided without any input or influence from others, such as the other
25  parties to this litigation.

26  *Defendant Woods's Position*

27  Defendant Woods treated only one of the Plaintiff's (Julia Hubbard) in Texas for a
28  short period of time, with the last visit in or around 2018.  Beyond that, he had no

4

1   communications with any of the other parties to the case to this case, save and except one

2   of the medical defendants (Dr. Bolin) who is his colleague and with whom he discussed

3   patients in a general sense (but not about this litigation or the facts alleged therein).

4   Accordingly, Dr. Woods denies all allegations in this matter and is frankly very surprised

5   to be a part of it.

6        On February 8, 2023, Defendant Woods joined in Defendant Pruitt's Rule 12(b)(2)

7   Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 50) and also filed his own

8   motion for the same relief (Dkt. No. 55).  The basis for Defendant Woods's motion is that

9   jurisdiction is not proper in this District, given that Defendant Woods resides, works and

10  is otherwise domiciled in Texas, and has a nearly complete lack of contacts with California

11  to justify this Court exercising personal jurisdiction over him.  Further, the motion argues

12  that Plaintiffs have failed to meet the required standard to allow nationwide jurisdiction

13  over Defendant Woods under the RICO jurisdictional statutes.  Plaintiffs appear to

14  concede this fact based on the opposition to Dr. Woods' motion.  In the face of these

15  motions and several others by other defendants, on March 6, 2023 this Court issued an

16  Order to Show Cause regarding why the case should not be transferred to District Court

17  in Texas.  Responses to the OSC were filed by both sides on March 24, 2023. Finally, Dr.

18  Woods' motion (and several others) has been continued by the Court to April 28, 2023..

19  *Defendant Juracek's Position*

20       Plaintiffs' claims against Mr. Juracek have no basis in fact and find no support in

21  the law.  At most, the Complaint asserts that Mr. Juracek was acquainted with individuals

22  engaged in mistreatment of the Plaintiffs and alleges that he possessed some "knowledge"

23  of that alleged mistreatment.  Such allegations fall well short of the requirements for

24  bringing suit under the federal sex trafficking, labor trafficking, and racketeering laws.

25       Plaintiffs do and cannot state a claim against Mr. Juracek for violation of the

26  Trafficking and Violence Protection Act of 2000 ("TVPA") because Mr. Juracek (1) did not

27  participate in, assist, or support the alleged venture or (2) benefit financially or receive a

28  "thing of value" from the alleged venture.  Moreover, Plaintiffs admit that Mr. Juracek

5

1   was not a "perpetrator" of the alleged venture.

2          Plaintiffs' claim for violation of labor trafficking laws fails for the same reason as

3   their TVPA claim: Mr. Juracek did not participate in the alleged venture or receive

4   anything of value in connection with it.

5          Plaintiffs' cause of action for Racketeer Influenced and Corrupt Organizations Act

6   ("RICO") fails as to Mr. Juracek because (1) Plaintiffs have not alleged that they suffered

7   any injury cognizable under RICO, (2) Plaintiffs cannot and have not alleged that Mr.

8   Juracek engaged in a pattern of racketeering activity, (3) Plaintiffs failed to allege the

9   existence of a racketeering enterprise, (4) Plaintiffs have not and cannot allege that Mr.

10  Juracek conducted any enterprise affairs, and (5) Plaintiffs cannot and have not alleged

11  that Mr. Juracek agreed to commit or committed any predicate RICO offenses.

12         Finally, Plaintiff cannot successfully prosecute this action against Mr. Juracek in

13  this forum because this Court does not have personal jurisdiction over Mr. Juracek, a

14  Texas resident who did not purposefully direct any alleged conduct at California, nor can

15  Plaintiff establish personal jurisdiction through RICO.

16         Mr. Juracek's Motion to Dismiss will be fully briefed as of April 14, 2023 and is

17  slated to be heard on April 28, 2023.  *See* Dkt. No. 105.

18  *Defendant Mitchell's Position*

19         Mr. Mitchell contends this Court lacks personal jurisdiction over him.  Mr. Mitchell

20  further contends Plaintiffs did not adequately plead an illegal venture, or conspiracy

21  thereof, that is actionable under the TVPA, RICO, or any legal claim brought by Plaintiffs.

22  Lastly, Mr. Mitchell denies any involvement in the alleged venture.  Plaintiffs' Complaint

23  alleges Defendant Hubbard used Mr. Mitchell's name and job title as a means of control.

24  Mr. Mitchell did not know his name and occupation were being used in such a manner.

25  In other words, Mr. Mitchell did not participate in the alleged venture. Accordingly, Mr.

26  Mitchell moved this Court seeking dismissal for the above-mentioned bases. *See* Dkt. ##

27  76, 101.

28

*Defendants Grover and RCI's Position*

Against both Grover and RCI, Plaintiffs bring claims for sex-trafficking, labor-trafficking, and RICO violations.  With respect to Grover, their factual allegations are that while Plaintiff Julia Hubbard worked at an RCI club, club manager Grover forced her to work, confiscated her wages, stalked and physically abused her, communicated with her then-husband or ex-husband Rick Hubbard, who was allegedly running a criminal venture to traffic Julia and other women, including Kayla Goedinghaus, and was in fact a member of this venture.  With respect to RCI, the allegations are the same, with the additions that Julia allegedly complained to RCI personnel Richard Butler and Mark Molina about Grover's conduct, but both ignored her, and Butler repeatedly asked her for sexual favors, threatening her job if she did not comply, and that RCI, Butler, and Molina were all members of the aforementioned criminal venture.

Grover filed his Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim on February 23, 2023, and RCI filed a similar motion on February 27, 2023. The basis for Grover's Rule 12(b)(2) motion is that he resides in Texas, not California, and he is not "at home" in California, foreclosing general jurisdiction, his alleged torts against Plaintiff Julia Hubbard were committed in Texas, not California, barring specific jurisdiction, and Plaintiffs fail to plead a multidistrict conspiracy, precluding "RICO" or nationwide jurisdiction.  Similarly, the basis for RCI's Rule 12(b)(2) motion is that RCI is not incorporated in California and does not have its principal place of business there, lacks significant contacts with California and has no contracts relevant to the subject of the Complaint, and Plaintiffs do not sufficiently allege a multidistrict conspiracy.

The basis for Grover and RCI's Rule 12(b)(6) motions are that Plaintiffs' improper "shotgun pleading" fails to provide the required notice to Defendants of the basis for their claims, Plaintiff Kayla Goedinghaus does not allege any facts suggesting Grover or RCI had any involvement with her, including committing any wrongs against her, the sex-trafficking claims fail because Plaintiffs do not plead facts showing that Grover or RCI was a member of the venture Plaintiffs allege, the labor-trafficking claims are insufficient

7

1    for the same reason and due to the shotgun-pleading, and the RICO claims are time-barred
2    and fail on the merits for lack of allegations showing venture membership.

3          **B.      SUBJECT MATTER JURISDICTION**

4          This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 18
5    U.S.C. § 1964(a), which provides the district courts of the United States jurisdiction over
6    violations of 18 U.S.C. § 1962.

7          This Court also has subject matter jurisdiction over this action pursuant to 18 U.S.C.
8    § 1595, which provides the district courts of the United States jurisdiction over violations
9    of 18 U.S.C. § 1591. This Court also has subject matter jurisdiction over this action pursuant
10   to 18 U.S.C. § 1030(g), which provides the district courts of the United States jurisdiction
11   over violations of 18 U.S.C. § 1030.

12         **C.      LEGAL ISSUES**

13   Plaintiffs' Description of Key Legal Issues

14         i.      Whether Defendants Crow, Eller, Rick Hubbard, Miller, Bolin, Woods,
15                 Juracek, Ecob, Mitchell, Rogers, Pruitt, Brunson, Grover, Hynes, Shawn
16                 Mayer, Jade Mayer, and RCI's actions and participation in the Venture
17                 violated the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591, 1589.

18         ii.     Whether Defendants engaged in a pattern of racketeering in violation of the
19                 Racketeer Influence and Corrupt Organizations Act.

20         iii.    Whether Defendants engaged in a RICO conspiracy in violation of the
21                 Racketeer Influence and Corrupt Organizations Act.

22   Defendants' Description of Key Legal Issues

23   *Defendant Crow's Position*

24         i.      Whether Plaintiffs consented to the sex acts described in the Complaint.

25         ii.     Whether Mr. Crow "participated" in or "benefitted from" the alleged sex
26                 trafficking venture described in the Complaint.

iii.     Whether there exists a RICO enterprise under the Racketeer Influence and Corrupt Organizations Act and whether Mr. Crow participated in directing its alleged activities.

iv.     Whether there exists a RICO conspiracy in violation of the Racketeer Influence and Corrupt Organizations Act and whether Mr. Crow entered into an agreement sufficient to join such conspiracy.

Based on the pleadings, it is likely that there will be a considerable amount of discovery and evidence that involves sexually explicit material (e.g., photographs and videos of encounters between Plaintiffs, their exes, and third parties) and other intimate or personal data relating or belonging to Plaintiffs, their exes, and third parties (including information implicating the privacy rights of third parties).

All but one of the twenty-nine defendants are domiciled outside of California and Plaintiffs are domiciled in Virginia.

*Defendant Eller's Position*

There are outstanding issues presented in Defendant Eller's Motion to Dismiss regarding the legal sufficiency of the Complaint. Additionally, there are potential legal issues that may arise in the event the Complaint is amended and/or this matter is transferred to another district. Aside from these preliminary issues, the following legal issues, include, but are not limited to: whether Defendant Eller knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized or solicited Plaintiffs to engage in a commercial sex act that he knew was being performed by force or threats of force; whether Defendant Eller knowingly caused Plaintiff's to engage in a commercial sex act; whether Defendant Eller had actual knowledge of the purported trafficking "venture" involving Plaintiffs and assisted, supported and/or facilitated it; whether Defendant Eller knowingly benefited from the purported trafficking "venture" involving Plaintiffs; whether Defendant Eller actually knew, or should have known, about the purported trafficking venture that providing or obtaining the labor or services of Plaintiffs through threats, harm, physical restraint, or abuse of process; whether

9

Defendant Eller knowingly provided or obtained the labor or services of Plaintiffs' for anyone through force, threats of force, physical restraint, harm, threats of harm, abuse of law or legal process; whether Defendant Eller knowingly received anything of value from knowing participation in the purported trafficking "venture"; whether Defendant Eller operated or managed a purported RICO enterprise; whether there was a purported RICO enterprise; whether Defendant Eller participated in a pattern of racketeering activity; whether Plaintiffs' "business or property" as a result of a pattern of racketeering activity in which Defendant Eller engaged; whether Defendant Eller had actual knowledge of a conspiracy, or criminal objective of the an agreement to commit a substantive violation of RICO; and more.

*Defendant Miller's Position*

Defendant Miller asserts that presently, before setting a litigation schedule, the Court should: (1) address Defendant Miller's motion to dismiss, asserting that this Court does not have personal jurisdiction over her; and (2) address the Court's Order to Show Cause on transfer of the action to an appropriate district in Texas, with Defendant Miller contending that venue is improper in the Central District of California. Dr. Miller has expressly reserved the right to challenge plaintiffs' allegations and may file a motion to dismiss, motion for judgment on the pleadings, after the resolution of the issues of personal jurisdiction and venue are resolved. To the extent that Defendant Miller remains a party to the action after that, a motion for summary judgment appears likely to be filed.

Defendant Miller contents that, at least against her, and potentially as to all defendants, that plaintiffs have failed to state viable claims under RICO or TVPA, and that there is no evidence that would support such claims or raise triable issues as against Defendant Miller.

*Defendant Woods's Position*

Defendant Woods feels that preliminarily and procedurally, the main legal issues are whether the Court can and/or should exercise personal jurisdiction over him and

whether venue is improper in the Central District of California. Substantively, the main legal issue is whether there is an illegal enterprise and/or conspiracy under RICO, TVPA or any other legal theory in the first instance, and to the extent that there is a finding that there is such an enterprise/conspiracy, whether Dr. Woods is a part of same.

*Defendant Juracek's Position*

     i.    Whether Mr. Juracek "participated" in or "benefitted from" the alleged sex and labor trafficking venture described in the Complaint.

    ii.    Whether there exists a RICO enterprise under the Racketeer Influence and Corrupt Organizations Act and whether Mr. Juracek participated in directing its alleged activities.

   iii.    Whether there exists a RICO conspiracy in violation of the Racketeer Influence and Corrupt Organizations Act and whether Mr. Juracek entered an agreement sufficient to join such a conspiracy.

        Mr. Juracek anticipates that discovery in this matter will be complex and will include requests to Plaintiffs, other named defendants, and to non-parties. Although not in Mr. Juracek's possession, custody, or control, or otherwise involving him, the pleadings indicate a likelihood that there will be a considerable amount of discovery and evidence that involves sexually explicit material (e.g., photographs and videos of encounters between Plaintiffs, their exes, and third parties) and other intimate or personal data relating or belonging to Plaintiffs, their exes, and third parties (including information implicating the privacy rights of third parties).

*Defendant Mitchell's Position*

     i.    Whether this Court can exercise personal jurisdiction over Mr. Mitchell.

    ii.    Whether Mr. Mitchell participated in the alleged sex trafficking venture described in the Complaint.

   iii.    Whether there exists a RICO enterprise under the Racketeer Influence and Corrupt Organizations Act.

11

1     iv.    Whether there exists a RICO conspiracy in violation of the Racketeer
2          Influence and Corrupt Organizations Act.

3   *Defendant Pruitt's Position*

4   At this time, the key legal issue is whether the Court can properly exercise personal
5 jurisdiction over Defendant Pruitt, as Plaintiffs have failed to establish a basis for
6 nationwide jurisdiction under RICO—assuming they have even pleaded a claim under
7 this statutory scheme (*see* Dkt. No. 26). Indeed, Plaintiffs' opposition to Defendant Pruitt's
8 motion to dismiss (Dkt. No. 66) abandons Plaintiffs' allegation that nationwide
9 jurisdiction is proper here.

10  *Defendants Grover and RCI's Position*

11  Defendants Grover and RCI echo Mr. Pruitt's and Mr. Crow's comments and will
12 not repeat same for the sake of brevity.

13     **D.    PARTIES AND EVIDENCE**

14  Plaintiffs in this case reside in Virginia. Defendants are individuals who reside in
15 California, Arizona, Colorado, Texas, and companies residing in Texas, Delaware, and
16 New York.

17     **E.    DAMAGES**

18  Plaintiffs seek compensatory damages plus trebling and punitive damages, for
19 each Plaintiff for injuries caused by the Enterprise and its individual members, the cost of
20 suit and attorneys' fees pursuant to the provisions of Racketeer Influenced and Corrupt
21 Organizations Act, 18 U.S.C. § 1964(c); and attorneys' fees pursuant to the civil remedy
22 for human trafficking in 18 U.S.C. § 1595(a), all of which should add up to an amount no
23 less than $1,000,000.

24     **F.    INSURANCE**

25  Plaintiffs are unaware of any insurance agreement under which the Parties may be
26 liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse
27 for payments made to satisfy the judgment.

28

1

### G.    MOTIONS

2      Defendant Crow filed a motion to dismiss on January 9, 2023.  Plaintiffs submitted

3  their opposition by February 15, 2023, and the motion hearing date is scheduled for April

4  28, 2023. Defendant Crow does not anticipate bringing motions seeking to add other

5  parties or claims, file amended pleadings, transfer venue, or challenge the court's

6  jurisdiction.  However, considering that all but one of the other defendants is domiciled

7  outside California it is likely other defendants will challenge venue and the court's

8  jurisdiction.

9      Defendant Pruitt filed a Rule 12(b)(2) Motion to Dismiss for Lack of Personal

10  Jurisdiction (Dkt. No. 50) on February 1, 2023. The Motion asserts that jurisdiction is not

11  proper in this District, given Mr. Pruitt's Texas domicile and lack of contacts with the State

12  of California, the failure of Plaintiffs to establish a basis for nationwide jurisdiction under

13  RICO—assuming they have even properly pleaded a claim under this statutory scheme

14  (see Dkt. No. 26). Plaintiffs submitted their opposition by February 15, 2023, and the

15  motion hearing date was scheduled for March 10, 2023. Defendant Woods joined in

16  Defendant Pruitt's motion and filed a similar motion to dismiss on February 8, 2023.

17  Defendant Woods's motion was set to be heard on the same date as Defendant Pruitt, to

18  wit, March 10, 2023.

19      Defendant Grover also filed a motion to dismiss on February 23, 2023. Defendant

20  Mitchell also submitted a motion to dismiss on February 24, 2023. Plaintiffs submitted

21  their opposition on March 10, 2023, and Defendant Grover filed a reply on March 17, 2023.

22  Defendant Mitchell's motion was set to be heard on the same date as Defendant Grover,

23  March 31, 2023.

24      Defendant RCI also filed a motion dismiss on February 27, 2023. Plaintiffs

25  submitted their opposition on March 17, 2023. Defendant RCI's motion was set to be heard

26  on April 7, 2023.

13

1    Defendant Eller also filed a motion to dismiss March 15, 2023. Defendant Miller

2    also filed a motion to dismiss on March 20, 2023. Defendant Juracek also filed a motion to

3    dismiss on March 23, 2023. Plaintiffs submitted their opposition on April 7, 2023.

4    Defendant Eller, Miller, and Juracek's motions were set to be heard on the same date, April

5    28, 2023.

6    On March 27, 2023, the Court continued to April 28, 2023, the hearings on the

7    motions of Defendant Pruitt to dismiss, Defendant Woods to dismiss, Defendant Crow to

8    dismiss, Defendant Mitchell to dismiss, Defendant Grover to dismiss, and Defendant RCI

9    to dismiss the scheduling conference.

10   **H.    MANUAL FOR COMPLEX LITIGATION**

11   The Parties do not believe that, at this time, this case warrants the application of

12   the procedures of the Manual for Complex Litigation.

13   **I.    STATUS OF DISCOVERY**

14   Plaintiffs anticipate that they will seek at least communications between the

15   defendants in discovery, and conduct depositions of each of the Defendants.

16   **J.    DISCOVERY PLAN**

17   Pursuant to Federal Rule of Civil Procedure Rule 26(f), the Parties, by and through

18   their respective counsel, hereby submit the following proposed discovery plan as set for:

19   i.    The Parties do not wish to make other changes to Rule 26 procedures for Initial

20         Disclosures.

21   ii.   The Parties anticipate that Plaintiffs and Defendants will soon send their Initial

22         Disclosures

23   iii.  It is unnecessary to conduct discovery in phases or change the limitations on

24         discovery imposed under the Civil Rules. Supplemental discovery responses

25         under Rule 26(e) are due as required by the Federal Rules of Civil Procedure.

26   iv.   Plaintiffs anticipate over 30 depositions but reserve the right to depose more

27         based on further discovery. Plaintiffs anticipate that depositions will be needed

28         on all of the witnesses identified by the Parties Rule 26(a) Initial Disclosures.

14

          Plaintiffs submit that written and deposition discovery of parties and non-parties will be needed but limited to communication between Defendants.

*Defendant Crow's Position*

<u>Topics of Discovery</u>:

          The Parties anticipate exchanging discovery on, among other things, the following: (1) Plaintiffs' work histories; (2) Plaintiffs' domestic and sexual relationships; (3) Plaintiffs' communications with Defendants, each other and third parties; (4) Plaintiffs' medical, psychiatric and substance abuse/addiction histories; (5) Plaintiffs' social media accounts; Plaintiffs' bank accounts and other accounts (e.g., Venmo); (7) records regarding Plaintiffs' drug prescriptions and usage; (8) records regarding Plaintiffs child custody, domestic violence and criminal proceedings; (8) Plaintiffs' notes and recorded recollections (e.g., diaries, interviews, etc.); and (9) the information regarding the existence and amount of any claimed damages as to each Plaintiff. Other than a separate brief period of expert discovery following the Parties' expert disclosures, the Parties agree that discovery need not be conducted in phases. The Parties anticipate that discovery will also be directed to third parties.

          <u>Electronically Stored Information</u>:

          The Parties do not foresee any issues regarding the disclosure or discovery of electronically stored information.

          <u>Privilege Issues</u>:

          The Parties do not foresee any unique issues regarding privilege in this action.

          <u>Changes to Discovery Limitations</u>:

          The Parties propose the following modest amendment to the limitations imposed on discovery by the Federal Rules of Civil Procedure:

          Given the existence of twenty-nine named defendants and the likelihood of extensive third-party discovery, the Parties agree that they should be relieved from Rule 30's limit of ten depositions per side. The Parties believe it is too early to estimate how

1    many depositions each side will need, but counsel commit to meet and confer to try to

2    obviate the need to move for a protective order in the event they believe it is supported.

3         <u>Additional Orders</u>:

4         The Parties intend to propose a protective order, permitting certain information

5    produced in discovery to be designated as confidential, and providing for the filing under

6    seal of certain categories of explicit or confidential information.

7    *Defendant Eller's Position*

8         Nothing additional anticipated at this time.

9    *Defendant Miller's Position*

10        Considering Plaintiff Goedinghaus has put her medical condition and physician-

11    patient relationship with Defendant Miller at issue, Plaintiff Goedinghaus has waived

12    any interests in privacy relative to her medical condition. A plaintiff cannot maintain an

13    interest in medical privacy or physician-patient privilege "regarding the medical issues

14    [plaintiff] has placed in controversy." (*Galarza v. United States*, 179 F.R.D. 291, 294 (S.D.

15    Cal. 1998); *Doe v. Eli Lilly and Company, Inc.*, 99 F.R.D. 126 (D.D.C.1983).)

16    *Defendant Juracek's Position*

17        Mr. Juracek concurs with the position stated by Defendant Trammell Crow, Jr. in

18    this respect.

19    *Defendant Mitchell's Position*

20        Mr. Mitchell joins Mr. Crow's Discovery Plan position.

21        **K.      DISCOVERY CUT-OFF**

22        The Parties have proposed discovery cut-offs as set forth in Exhibit A.

23        Plaintiffs may need more time to add any possible additional parties to this action.

24     *Defendant Crow's Position*

25        On February 24, 2023, Plaintiffs requested a July 9, 2024 trial date and a discovery

26    cutoff of March 1, 2024. (Dkt. No. 58.) More than two months have passed since that time

27    and, despite not having served all defendants, Plaintiffs now suggest a May 7, 2024 trial

28    date with discovery cutoff on December 22, 2023, essentially removing five months from

1    their original timeline.  Plaintiffs have not provided any explanation for this change to

2    their original proposed schedule, which was also impractical.

3         Defendants propose a March 25, 2025, trial date with a discovery cutoff on

4    November 8, 2024.  The Parties agree that relief from limitations on the number of

5    depositions is necessary in this case.  Defendants estimate that more than 40 depositions

6    will be taken.  Each Defendant will develop their own unique facts to disprove the

7    allegations against them. Moreover, document discovery will include obtaining data

8    from multiple databases and forensic examinations of Plaintiffs' electronic devices and

9    accounts.  Accordingly, more than eight months is necessary to discover this case

10        **L.    EXPERT DISCOVERY**

11        The Parties have proposed Rule 26(a)(2) Disclosure dates, as set forth in Exhibit A.

12        **M.    DISPOSITIVE MOTIONS**

13        If necessary, plaintiffs will file a dispositive motion as soon as possible after the

14   completion of discovery depending on what discovery shows.

15   *Defendant Crow's Position*

16        Mr. Crow's motion to dismiss is pending and is set for hearing on April 28, 2023.

17   The motion seeks to dismiss all the claims against Mr. Crow and some or all of the

18   claims as to the other defendants pursuant to Rule 12(b)(6).

19        In the event any of Plaintiffs' claims are not dismissed, Mr. Crow anticipates filing

20   a motion for summary judgment depending on what discovery shows regarding

21   Plaintiffs' claims.

22        Plaintiffs have not disclosed any expert witnesses yet, but Mr. Crow may bring

23   Daubert motions depending on the opinions offered by Plaintiffs' experts and the bases

24   thereof.

25   *Defendant Eller's Position*

26        Defendant Eller has a pending Motion to Dismiss the Complaint pursuant to Rule

27   8 and Rule 12(b)(6), reserves the right to file a subsequent Rule 12(b) motions including

1   but not limited to motions to dismiss any amended complaints and/or motion for
2   summary judgment.

3   *Defendant Miller's Position*

4          As stated in the Legal Issues section above, Defendant Miller asserts that
5   presently, before setting a litigation schedule, the Court should: (1) address Defendant
6   Miller's motion to dismiss, asserting that this Court does not have personal jurisdiction
7   over her; and (2) address the Court's Order to Show Cause on transfer of the action to an
8   appropriate district in Texas, with Defendant Miller contending that venue is improper
9   in the Central District of California. Dr. Miller has expressly reserved the right to
10  challenge plaintiffs' allegations and may file a motion to dismiss, motion for judgment
11  on the pleadings, after the resolution of the issues of personal jurisdiction and venue are
12  resolved. To the extent that Defendant Miller remains a party to the action after that, a
13  motion for summary judgment appears likely to be filed.

14         Defendant Miller contents that, at least against her, and potentially as to all
15  defendants, that plaintiffs have failed to state viable claims under RICO or TVPA, and
16  that there is no evidence that would support such claims or raise triable issues as against
17  Defendant Miller.

18         Should this matter make to trial with Defendant Miller as a party, motions in
19  limine, which could be dispositive, are anticipated.

20  *Defendant Woods' Position*

21         Dr. Wood's 12(b)(2) motion to dismiss is pending and is set for hearing on April 28,
22  2023.  In the event any of Plaintiffs' claims proceed against Dr. Woods following the
23  hearing on said motion, Dr. Woods anticipates filing a motion for summary judgment
24  given the lack of his involvement in any aspect of this case, save and except for his limited
25  treatment of plaintiff Julia Hubbard.

26  *Defendant Juracek's Position*

27         Mr. Juracek's motion to dismiss is pending and set for hearing on April 28, 2023.
28  The motion seeks dismissal of all claims against Mr. Juracek.  In the event any of Plaintiffs'

Case No. 2:22-cv-7957-FLA-MAA

1   claims against Mr. Juracek are not dismissed, Mr. Juracek anticipates filing Rule 56

2   motions and, depending on Plaintiffs' use of expert witnesses, may file motions under

3   Federal Rule of Evidence 702, 703 and the *Daubert* standard.

4   *Defendant Mitchell's Position*

5       If Plaintiffs' claims against Mr. Mitchell are not dismissed following the Court's

6   ruling on his motion to dismiss (Dkt. # 76), then Mr. Mitchell anticipates moving for

7   summary judgment.

8   *Defendants Grover and RCI's Position*

9       Defendants Grover and RCI have pending Motions to Dismiss set for hearing on

10  April 28, 2023.  In the event the claims against them survive, it is anticipated they will file

11  motions for summary judgment depending on the results of discovery.  They may also

12  file Daubert motions depending on the opinions offered by Plaintiffs' experts and the

13  bases therefore.

14      **N.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

15      The Parties have had settlement discussions and at this time, the Parties do not

16  believe mediation would be helpful, but the Parties will alert the Court if the discussions

17  do not develop.

18  *Plaintiffs' Position*

19      Plaintiffs elect ADR Procedure No. 3, as indicated in the attached Exhibit A.

20  *Defendant Crow's Position*

21      Plaintiffs' representation that the Parties have had "settlement discussions" is false

22  insofar as it is intended to refer to negotiations between the Parties.  Mr. Crow has not

23  solicited any settlement discussions with Plaintiffs nor has he made any offer.  Given the

24  current state of the record, Mr. Crow does not believe that alternative dispute resolution

25  is appropriate for this case but reserves all rights to adjust that position based on

26  developments.

27

28

1  *Defendant Eller's Position*

2          Defendant Eller has not participated in any settlement discussions at this time and

3  elects ADR Procedure No. 2 and/or  No. 3.

4  *Defendant Miller's Position*

5          Defendant Miller has not participated in settlement discussions with Plaintiffs,

6  but to the extent that Defendant Miller remains a party after the initial challenges to

7  jurisdiction and to the sufficiency of the causes of action asserted, Defendant Miller

8  would entertain ADR Procedure no. 1 with a magistrate judge or ADR Procedure no. 3.

9  *Defendant Woods's Position*

10          Defendant Woods agrees with Defendant Pruitt's position in this regard.

11  *Defendant Juracek's Position*

12          Plaintiffs' representation that the parties have had "settlement discussions" is false

13  insofar as it is intended to refer to all defendants. Mr. Juracek has not participated in any

14  settlement discussions with Plaintiffs—nor has counsel invited any. Given the current

15  state of the record, Mr. Juracek does not believe that alternative dispute resolution is

16  appropriate for this case but reserves all rights to adjust that position based on

17  developments.

18  *Defendant Mitchell's Position*

19          Mr. Mitchell and Plaintiffs have not engaged in settlement discussions.  At this

20  early stage of the litigation, Mr. Mitchell does not anticipate mediation or other methods

21  of alternative dispute resolution as productive.  However, should Mr. Mitchell remain a

22  party to this matter beyond the pleading stage, then Mr. Mitchell would be amendable to

23  any of the ADR procedures under Civil L.R. 16-15.4; General Order 11-10.

24  *Defendant Pruitt's Position*

25          Defendant Pruitt has not participated in the settlement discussions with Plaintiffs

26  referred to above. Defendant Pruitt does not join in this statement and proposes that the

27  parties elect to proceed under ADR Procedure No. 3.

28

1   *Defendants Grover and RCI's Position*

2        Defendants Grover and RCI agree with Defendant Pruitt's position in this regard.

3        **O.      TRIAL ESTIMATE**

4        The Plaintiffs request a trial by jury, and currently anticipate up to 16 court days

5   with up to 32 witnesses per side.

6   *Defendant Crow's Position*

7        Plaintiffs have demanded a jury trial.  Considering the scope of the allegations and

8   the number of Parties, Mr. Crow estimates 21 days for trial.  Based on the allegations, each

9   of the individual defendants have unique experiences or relationships with Plaintiffs and

10  many will likely testify at trial.  Mr. Crow anticipates calling at least fifteen witnesses at

11  trial and/or introducing deposition testimony from a similar number of witnesses.

12  *Defendant Eller's Position*

13       Defendant Eller demands a trial by jury and believes a reasonable estimate of the

14  time needed for trial is 14-21 days given the amount of parties involved.  At this time

15  Defendant Eller anticipates calling at least 10 witnesses at trial.

16  *Defendant Miller's Position*

17       As the action progresses, a deliberate and efficient approach may include

18  bifurcation of foundational issues of liability before issues of damages to avoid prejudice

19  from the confusing contentions of Plaintiffs' salacious allegations and allow for focus on

20  key issues for determination of liability issues. In light of the Plaintiffs' allegations, it

21  may be appropriate to bifurcation proceedings as to certain defendants before

22  proceedings relative to other defendants.

23       "For convenience, to avoid prejudice, or to expedite and economize, the court

24  may order a separate trial of one or more separate issues, claims, crossclaims,

25  counterclaims, or third-party claims." (Fed. R. Civ. P. 42(b).)

26       "Bifurcation of the trial of liability and damage issues is well within the scope of a

27  trial court's discretion under Fed.R.Civ.P. 42(b)." (*Arthur Young & Co. v. U. S. Dist. Ct.*,

28  549 F.2d 686, 697 (9th Cir. 1977).)

1    "Fed.R.Civ.P. 42(b) authorizes district courts to bifurcate lawsuits into separate
2    trials 'in furtherance of convenience or to avoid prejudice,' or when separate trials 'will
3    be conducive to expedition and economy.'" (*In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444,
4    452, fn. 5 (3d Cir. 1997).) "Severance of the question of liability from other issues can
5    'reduce the length of trial, particularly if the severed issue[s] [are] dispositive of the case,
6    and can also improve comprehension of the issues and evidence.'" (*Ibid.*) Bifurcation
7    may "preserve[] judicial resources and reduced the expenses of the parties." (*Ibid.*)

8    *Defendant Juracek's Position*

9        Mr. Juracek concurs with the position stated by Defendant Trammell Crow, Jr. in
10   this respect.

11   *Defendant Mitchell's Position*

12       Mr. Mitchell joins Mr. Crow's trial estimate position.

13   *Defendants Grover and RCI's Position*

14       Defendants Grover and RCI agree with Mr. Crow's position in this regard.  They
15   are not yet able to reasonably determine how many witnesses they expect to call at trial.

16       **P.    TRIAL COUNSEL**

17           Plaintiffs

18   John G. Balestriere of Balestriere Fariello

19   Matthew W. Schmidt of Balestriere Fariello

20   Anastasia Mazzella of Kabateck LLC

21           Defendants

22   Gerald E. Hawxhurst of Hawxhurst LLP for Defendant Crow

23   Kyle DeWitt Foltyn-Smith of Hawxhurst LLP for Defendant Crow

24   Patrick Bryan Nichols of Hawxhurst LLP for Defendant Crow

25   Kenneth C. Stone of Gray Reed and McGraw LLP for Defendant Crow

26   London England of Gray Reed and McGraw LLP for Defendant Crow

27   Indira J. Cameron-Banks of Cameron Jones LLP Defendant Eller

28   Terrence M. Jones of Cameron Jones LLP for Defendant Eller

1    Michael J. Trotter of Carroll, Kelly, Trotter & Franzen for Defendant Miller

2    Dave Pruett of Carroll, Kelly, Trotter & Franzen for Defendant Miller

3    Sara Messineo of Carroll, Kelly, Trotter & Franzen for Defendant Miller

4    David Jonathan Rubaum of Wood Smith Henning Berman LLP for Defendant Woods

5    Brian Hoffman of Wood Smith Henning Berman LLP for Defendant Woods

6    Diane M. Doolittle, Quinn Emanuel Urquhart & Sullivan, LLP for Defendant Juracek

7    Adam J. DiClemente, Quinn Emanuel Urquhart & Sullivan, LLP for Defendant Juracek

8    Alex Bergjans, Quinn Emanuel Urquhart & Sullivan, LLP for Defendant Juracek

9    Alec Simpson of the Office of the Attorney General, State of Texas for Defendant Mitchell

10    Phillip E. Cook of The Cook Law Firm for Defendant Pruitt

11    Brian Wright of The Cook Law Firm for Defendant Pruitt

12    Delmar Thomas of Yukevich | Cavanaugh for Defendants Grover and RCI

13    Justin M. Marvisi of Yukevich | Cavanaugh for Defendants Grover and RCI

14    Olivia H. Kim of Yukevich | Cavanaugh for Defendants Grover and RCI

15    **Q.    INDEPENDENT EXPERT OR MASTER**

16    The Parties do not anticipate any need for the Court to appoint an independent

17    expert or master pursuant to Rule 53.

18    **R.    TIMETABLE**

19    Pursuant to the Court's Standing Order, the Parties propose the case schedule

20    attached as Exhibit A hereto.

21    **S.    OTHER ISSUES**

22

23

24

25

26

27

28

Dated: April 14, 2023

By: _____

Matthew W. Schmidt*

John G. Balestriere*

**BALESTRIERE FARIELLO**

225 Broadway, 29th Floor

New York, New York 10007

Telephone:       (212) 374-5401

Facsimile:       (212) 208-2613

john.balestriere@balestrierefariello.com

matthew.schmidt@balestrierefariello.com

*Admitted Pro Hac Vice*


Anastasia Mazzella

**KABATECK LLP**

633 West Fifth Street, Suite 3200

Los Angeles, California 90071

Telephone:    (213) 217-5007

Facsimile:    (213) 217-5010

am@kbklawyers.com

*Attorneys for Plaintiffs*

Case No. 2:22-cv-7957-FLA-MAA

1     Dated: April 14, 2023

2                           GRAY REED & McGRAW LLP

3                           HAWXHURST LLP

4                           By: /s/Gerald E. Hawxhurst

5                           Gerald E. Hawxhurst

6                           Kyle DeWitt Foltyn-Smith

7                           Patrick Bryan Nichols

8                           Kenneth C. Stone

9                           London England

10                        *Attorneys for Defendant*

11                        Trammell S. Crow, Jr.

12

13     Dated: April 14, 2023

14                           CAMERON JONES LLP

15                           By: /s/Indira J. Cameron-Banks

16                           Indira J. Cameron-Banks

17                           Terrence M. Jones of Cameron

18                           *Attorneys for Defendant*

19                           BENJAMIN TODD ELLER

20     Dated: April 14, 2023

21                        CARROLL, KELLY, TROTTER & FRANZEN

22                        By: /s/Dave Pruett

23                        Michael J. Trotter

24                        Dave Pruett

25                        Sara Messineo

26                        *Attorneys for Defendant*,

27                        MELISSA MILLER

28

Dated: April 14, 2023

WOOD, SMITH, HENNING & BERMAN LLP

By: /s/David J. Rubaum

David Jonathan Rubaum

Brian Hoffman

*Attorneys for Defendant*, MICHAEL SCOTT

WOODS, M.D. (erroneously sued and served

herein as DR. SCOTT WOODS)

Dated: April 14, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/Adam J. DiClemente

Diane M. Doolittle

Adam J. DiClemente

Alex Bergjans

*Attorneys for Defendant*

COE JURACEK

Dated: April 14, 2023

OFFICE OF THE ATTORNEY GENERAL, STATE

OF TEXAS

By: /s/Alec Simpson

Alec Simpson

*Attorneys for Defendant*

CODY MITCHELL

26

Dated: April 14, 2023

THE COOK LAW FIRM

By: /s/ Philip E. Cook

Phillip E. Cook

Brian Wright

*Attorneys for Defendant*,

ROBERT PRUITT

Dated: April 14, 2023

YUKEVICH | CAVANAUGH

By: /s/ Justin M. Marvisi

Delmar Thomas

Justin M. Marvisi

Olivia H. Kim

*Attorneys for Defendant*s,

CASE GROVER AND RCI HOSPITALITY HOLDINGS,

INC.

1

## **SIGNATURE CERTIFICATION**

2      Under Local Rule 5-4.3.4(a)(2)(i), I hereby certify that all of other signatories listed,

3  on whose behalf this filing is submitted, concur with the contents of this filing and have

4  authorized the filing.

5

6  Dated: New York, New York

7          April 14, 2023

8

9                                    By: _____

10                                        Matthew W. Schmidt

11                                        **BALESTRIERE FARIELLO**

12                                        225 Broadway, 29th Floor

13                                        New York, New York 10007

14                                        Telephone:        (212) 374-5401

15                                        Facsimile:        (212) 208-2613

16                                        matthew.schmidt@balestrierefariello.com

17                                        *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:22-cv-7957-FLA-MAA

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date, the foregoing document and its attachment filed electronically using the Court's CM/ECF System are served on counsel of record pursuant to the Federal Rules of Civil Procedure through the Court's Notice of Electronic Filing generated by the CM/ECF System, per L.R. 5-3.2.1.


Dated: New York, New York

April 14, 2023


By: _____

Matthew W. Schmidt

**BALESTRIERE FARIELLO**

225 Broadway, 29th Floor

New York, New York 10007

Telephone:          (212) 374-5401

Facsimile:          (212) 208-2613

matthew.schmidt@balestrierefariello.com

*Attorneys for Plaintiffs*