UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>TRAMMELL S. CROW, JR., et al.,<br><br>             Defendants. | Case No. 2:22-cv-07957-FLA (MAAx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' APPLICATION FOR ALTERNATIVE SERVICE AND EXTENSION OF TIME TO SERVE DEFENDANT KURT KNEWITZ [DKT. 114]** |

    On April 10, 2023, Plaintiffs Julia Hubbard and Kayla Goedinghaus (collectively, "Plaintiffs") filed an Application for Alternative Service and Extension of Time to Serve Defendant Kurt Knewitz ("Knewitz") (the "Application"). Dkt. 114.

    The Complaint in this action was filed on November 1, 2022. Dkt. 1. Accordingly, all Defendants were required to have been served within 90 days, by January 30, 2023. *See* Fed. R. Civ. P. 4(m).

    Fed. R. Civ. P. 4(m) ("Rule 4(m)") provides, as relevant here, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against

1

that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Based on the submitted papers, the court finds Plaintiffs have demonstrated good cause for additional time to complete service.

      Rule 4(e)(1) provides that a plaintiff may serve an individual using any method permitted by the law of the state where the district court is located or where service is made.  California law permits five basic methods of service: (1) personal delivery to the person to be served; (2) substituted service; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication.  Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40, 415.50.  California Code of Civil Procedure § 413.30 ("Section 413.30") also provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons to be served in a manner which is reasonably calculated to give actual notice to the party to be served."[1]  Cal. Civ. Proc. Code § 413.30.

      Plaintiffs have not established grounds for the court to permit service by alternate means of service under Section 413.30.  Although Plaintiffs have communicated with Knewitz via email, Plaintiffs have not attempted to ask Knewitz for a current address for service despite his requests to "send it to me certified" and to "just send it to me for now."  Dkt. 114-1 at 2-5; *see Creative Intellects v. Haygood*, Case No. 2:21-cv-02670-RGK (AFMx), 2021 WL 3568237, at *3 (C.D. Cal. July 23, 2021) (allowing alternative service after attempts by mail and by process servers had failed, and because plaintiffs "[had] not been able to locate [defendant's] address,

---

[1] Plaintiffs refer only to district court opinions applying California law, and do not address Texas law – where Knewitz appears to reside.  *See* Dkt. 114.

2

despite asking [defendant] for it directly over email and telephone, requesting it from other [d]efendants, and seeking a forwarding address from the post office.").

The court GRANTS Plaintiffs' Application in PART. Plaintiffs shall have a 60-day extension on the time to effectuate service on Knewitz pursuant to Rule 4(e)(1), from the date of this Order, up to and including June 13, 2023. The court DENIES Plaintiffs' request for alternate service without prejudice.

IT IS SO ORDERED.

Dated: April 17, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge