JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA HUBBARD et al.,<br><br>                    Plaintiffs,<br><br>            v.<br><br>TRAMMELL S. CROW, JR. et al.,<br><br>                    Defendants. | Case No. 2:22-cv-07957-FLA (MAAx)<br><br>**ORDER TRANSFERRING ACTION AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT [DKTS. 26, 50, 55, 72, 76, 83, 93, 102, 105]**<br><br>Date:        April 28, 2023<br>Time:       1:30 p.m.<br>Courtroom: 6B |

## **RULING**

For the reasons stated herein, the court TRANSFERS this action to the United States District Court for the Western District of Texas and RECOMMENDS the action be assigned to the San Antonio Division pursuant to the parties' request.  The Motions to Dismiss filed by Defendants Trammell S. Crow, Jr. ("Crow") (Dkt. 26), Robert Pruitt ("Pruitt") (Dkt. 50), Michael Scott Woods ("Woods") (Dkt. 55), Casey Grover (erroneously sued as Case Grover, "Grover") (Dkt. 72), Cody Mitchell ("Mitchell") (Dkt. 76), RCI Hospitality Holdings, Inc. ("RCI") (Dkt. 83), Benjamin Todd Eller ("Eller") (Dkt. 93), Melissa B. Miller ("Miller") (Dkt. 102), and Coe

Juracek ("Juracek") (Dkt. 105) are DENIED without prejudice as moot.

## BACKGROUND

On November 1, 2022, Plaintiffs Julia Hubbard and Kayla Goedinghaus ("Goedinghaus") (collectively, "Plaintiffs") filed the Complaint in this action, asserting claims against 29 Defendants (23 individuals and 6 corporations) for violations of the Trafficking Victims Protection Act of 2000 ("TVPA") and Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO").  Dkt. 1 ("Compl."). Defendants Crow, Pruitt, Woods, Grover, Mitchell, RCI, Eller, Miller, and Juracek have filed Motions to Dismiss the Complaint.  Dkts. 26, 50, 55, 72, 76, 83, 93, 102, 105.

On March 6, 2023, the court Ordered the parties to Show Cause ("OSC") in writing why this action should not be transferred to a United States District Court in Texas, pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)").  Dkt. 87.  Plaintiffs and Defendants Crow, Pruitt, Woods, Grover, Mitchell, Eller, Miller, Juracek, and RCI (collectively, "Responding Defendants") filed responses to the OSC timely.  Dkt. 107 ("Pls. Resp."); Dkt. 109 ("Defs. Resp.").  This matter came to hearing on April 28, 2023.  Dkt. 131.

## DISCUSSION

**I.    The Parties' Current Residency**

At the hearing, Plaintiffs confirmed the accuracy of the following statements regarding the parties' residency.[1]

Plaintiffs reside in Fairfax, Virginia.  Compl. ¶¶ 60–61.

Defendant Eller resides in this district.  Dkt. 40 ("Eller Proof of Service").  It is undisputed Eller is the only Defendant who resides in California.

---

[1] The court does not make any findings regarding the sufficiency of service, as that issue is not before the court on the subject OSC.

2

1     The following Defendants reside in the Western District of Texas: (1) Richard Hubbard, Dkt. 45 ("Richard Hubbard Proof of Service"), (2) Mitchell, Dkt. 38 ("Mitchell Proof of Service"), (3) Scott Brunson ("Brunson"), Dkt. 47 ("Brunson Proof of Service"), (4) Ralph Rogers ("Rogers"), Dkt. 5 ("11/3/22 Summons") at 5, (5) Miller, *id.* at 4, (6) Integrity Based Marketing, LLC ("Integrity"), (7) Storm Fitness Nutrition, LLC ("Storm"), (8) Ultra Combat Nutrition, LLC ("Ultra"), (8) EcoLoft Homes LLC ("EcoLoft"), and (10) Elevated Wellness Partners LLC ("Elevated").[2]

    The following Defendants reside in the Northern District of Texas: (1) Crow, 11/3/22 Summons at 1, (2) H.J. Cole ("Cole"), *id.* at 4, (3) Philip Ecob ("Ecob"), Dkt. 95 ("3/15/23 Summons") at 5, (4) Juracek, Dkt. 39 ("Juracek Proof of Service"), (5) Paul Pendergrass ("Pendergrass"),[3] (6) Mrugeshkumar Shah ("Shah"), 3/15/23 Summons at 1, 5, and (7) Michael Hynes, Jr. ("Hynes"), Dkt. 43 ("Hynes Proof of Service").

    The following Defendants reside in the Eastern District of Texas: (1) Kurt Knewitz ("Knewitz"), 3/15/23 Summons at 5, (2) Pruitt, Dkt. 46 ("Pruitt Proof of Service"), (3) Shawn Mayer, 3/15/23 Summons at 6, (4) Jade Mayer, *id.*, (5) Joseph

---

[2] "For purposes of diversity jurisdiction, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Complaint alleges Richard Hubbard is the founder and sole member of Defendants Integrity, Storm, Ultra, EcoLoft, and Elevated. Compl. ¶¶ 85–89, 235. At the hearing, Plaintiffs agreed these Defendants should be considered residents of the Western District of Texas.

[3] Defendants cite Pendergrass' Linkedin profile to argue he resides in the Western District of Texas. Defs. Resp. 7 n. 4 (citing https://www.linkedin.com/in/paulpendergrass/). Pendergrass' profile, however, also states he is presently the owner of a company in the "Dallas/Fort Worth Area," which is in the Northern District of Texas. This evidence is not sufficient to demonstrate Pendergrass is a resident of the Western District of Texas.

Bolin ("Bolin"), Dkt. 41 ("Bolin Proof of Service"), (6) Woods, Dkt. 42 ("Woods Proof of Service"), and (7) Grover, Dkt. 37 ("Grover Proof of Service").

The following Defendants reside in the Southern District of Texas: (1) Mark Molina ("Molina"), 3/15/23 Summons at 6, and (2) RCI, Dkt. 44 ("RCI Proof of Service").

Defendant Michael Cain ("Cain") resides in the District of Colorado. 3/15/23 Summons at 5.

It is unclear where Defendant Richard Butler ("Butler") resides.[4]

## II. Whether the Action Should Be Transferred to Texas

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court may transfer a case sua sponte under § 1404(a), so long as the parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

"Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted)). In making this determination, courts consider non-exclusive factors including:

> (1) the location where [any] relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's

---

[4] The Complaint alleges Butler resides in Dallas, Texas. Compl. ¶ 79. The 3/15/23 Summons lists an address in Phoenix, Arizona. At the hearing, Plaintiffs stated they had listed an incorrect address for Butler and were in the process of identifying his correct address.

4

> cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99, *cited in e.g., Gay v. Shaffer*, 831 Fed. App'x 352, 353 (9th Cir. 2020). Additional factors commonly considered include: (1) the convenience of the parties and witnesses, (2) the feasibility of consolidation with other claims, (3) any local interest in the controversy, and (4) the relative court congestion and time to trial in each forum. *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

Plaintiffs argue the factors articulated in *Jones* weigh against transfer. Pls. Resp. at 2–4. Responding Defendants argue the reverse. Defs. Resp. at 3–5. Having reviewed the parties' responses and considered all relevant factors, including the arguments presented at the hearing on the matter, the court finds the convenience of the parties and witnesses and the interests of justice strongly favor transferring this action to a district court in Texas. *See Jones*, 211 F.3d at 498–99; *Vu*, 602 F. Supp. 2d at 1156. The only party with any ties to California and this district is Eller. *See* Compl. ¶¶ 60-91 (identifying parties). It is undisputed the vast majority of events pleaded are alleged to have occurred in Texas and been committed by Texas Defendants while Plaintiffs were residents of Texas. *See* Compl.; Defs. Resp. at 3–4. Similarly, the overwhelming majority of witnesses and evidence are located in Texas. *See* Compl. ¶¶ 92–94 (identifying only third-party witnesses in Texas); Dkt. 58 (Joint Rule 26(f) Report) at 10 (listing anticipated topics of discovery), 12 (Plaintiffs anticipate up to 32 witnesses per side, Crow anticipates calling at least 15 witnesses and introducing deposition testimony from a similar number of witnesses).

The only factor that weighs against transfer is the consideration given to Plaintiffs' choice of forum. *See Jones*, 211 F.3d at 498. However, as Plaintiffs do not reside in this district, their choice is given significantly less weight and deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 (1981); *Williams v. Bowman*, 157 F.

5

Supp. 2d 1103, 1106 (N.D. Cal. 2001). This factor alone is insufficient to warrant continued litigation of this action in this district.

For the sake of completeness, the court will address briefly Plaintiffs' specific arguments regarding the *Jones* factors. Regarding the second factor, Plaintiffs argue this district is more familiar with the governing law because a search on Westlaw shows the Central District of California has decided more cases involving the TVPA (44 cases) than the Northern District (19 cases) or Western District (18 cases) of Texas. Pls. Resp. at 2. The court disagrees.

The TVPA is a federal statute—not a state or forum-specific law. Courts in this district have no greater specialized knowledge of the TVPA than district courts in Texas. The court has full confidence in the skill and ability of courts in the Northern and Western Districts of Texas to resolve any legal issues that may arise in this action. Furthermore, a numerical count of cases does not consider factors such as the claims and issues raised and considered in each action, the complexity of each action, or the stage at which each action was decided. That courts here may have decided a greater number of cases involving the TVPA is insufficient to demonstrate that courts in this district in general, and this court specifically, have greater familiarity with the TVPA than courts in the Northern or Western Districts of Texas, particularly given that this district has more than twice the number of active judgeships (28) as the Northern District (12) or Western District (13) of Texas. This factor is neutral with respect to transfer.

Regarding the fourth and fifth factors, Plaintiffs argue the parties' contacts with the forum related to Plaintiffs' claims are neutral because of Eller's presence in this district. Pls. Resp. at 3. Plaintiffs contend they each have substantial contacts here because of their interactions with Eller, while all foreign Defendants have established sufficient contacts here because Defendants "either knew or recklessly disregarded the presence of Eller and his key role in the Venture." *Id.* The court disagrees.

Plaintiffs do not identify any contacts between the non-California Defendants

6

and this forum beyond their alleged participation in a joint venture with Eller. As stated, the overwhelming majority of events allegedly occurred in Texas, and most, if not all, witnesses and evidence would be located in Texas. Eller aside, all parties' contacts related to Plaintiffs' claims are significantly greater to a district court in Texas than this district. These factors strongly weigh in favor of transfer. *See Jones*, 211 F.3d at 498–99; *Vu*, 602 F. Supp. 2d at 1156.

Regarding the sixth factor, Plaintiffs contend the cost of litigation would likely be the same in this district or in Texas, given that all Defendants who have appeared to date have retained California counsel. Pls. Resp. at 3. The court disagrees.

As all Defendants except Eller, Cain, and Butler reside in Texas, litigating this action in a district in that state would be significantly less expensive for the overwhelming majority of the parties than in this district.[5] Furthermore, except for Eller and Cain, Texas appears to be geographically closer to all parties, including Plaintiffs, than California. The retention of California counsel by all Defendants who have appeared does not render the cost of litigating the action here the same as in Texas, as Defendants would be required to retain additional counsel in Texas or have California-based counsel travel to meet with clients in Texas, and examine witnesses and evidence in Texas. This factor strongly weighs in favor of transfer.

Regarding the seventh and eighth factors, Plaintiffs contend there are no currently known non-party witnesses who could not be compelled to testify in this district, nor issues with ease of access to sources of proof. Pls. Resp. at 3. The court disagrees.

In considering the ease of access to sources of proof, courts give significant weight to the convenience of the parties and witnesses. *Vu*, 602 F. Supp. 2d at 1155–57. That this court may compel witnesses located in Texas to testify in this district

---

[5] As stated in the court's Initial Standing Order, "the court requires in-person attendance required for all hearings and trials, unless otherwise instructed by the court." Dkt. 24 at 15.

does not make the Central District of California a more convenient forum for those witnesses than a district in Texas. Although Plaintiffs contend there are no issues with ease of access to sources of proof here, Plaintiffs do not offer any explanation for why the ease of access to witnesses and evidence is the same in the two districts. Given that most, if not all, witnesses and evidence are located in Texas, the court finds that Texas is a more convenient forum. These factors strongly favor transfer.

In sum, having considered the parties' arguments and evidence, the court finds the convenience of parties and witnesses and interest of justice strongly favor transfer of this action to a district court in Texas under § 1404(a).

## III. Whether the Action Should Be Transferred to the Northern or Western District of Texas

Plaintiffs argue the Northern District of Texas is a more appropriate forum than the Western District because 21[6] of the 29 named Defendants reside in the Northern District: Crow, Bolin, Woods, Shah, Cain, Juracek, Ecob, Cole, Knewitz, Pendergrass, Pruitt, Grover, Butler, Hynes, Shawn Mayer, Jade Mayer, Integrity, Storm, Ultra, EcoLoft, and Elevated, while only 5 Defendants reside in the Western District. Pls. Resp. at 4. As evidence, Plaintiffs submit a map that purportedly demonstrates where each Defendant resides. Dkt. 107-1 (Schmidt Decl.) ¶ 7; Dkt. 107-2 (Ex. A). At the hearing, Plaintiffs acknowledged the map was obsolete and agreed the court's identification of Defendants' residences, supra, based on the proofs of service and summonses filed by Plaintiffs, was more accurate than the submitted map, and that only 7 Defendants resided in the Northern District of Texas.

Responding Defendants argue the action should be transferred to the Western District, as it is the district with the greatest connection to the events pleaded in the Complaint, and where Richard Hubbard, the central figure of the alleged venture,

---

[6] Although Plaintiffs state in their response to the OSC that 20 Defendants reside in the Northern District of Texas, Plaintiffs name 21 Defendants. Dkt. 107 at 4.

8

resides. Defs. Resp. 6–8. Defendants further argue the Western District offers the greatest ease of access to witnesses and sources of proof, and that Plaintiffs and Richard Hubbard have been involved in multiple actions in Texas state courts within the geographic areas covered by the Western District concerning related and tangential matters to the allegations of the Complaint. *Id.* at 8–9. According to Defendants, the Western District of Texas is also the most convenient venue for the parties as nearly all Defendants reside in that or an adjoining district. *Id.* at 6–7.

Having considered the parties' arguments, the evidence submitted, and based on the facts as pleaded in the Complaint, the court finds the Western District of Texas is the most appropriate district for transfer for the interests of justice and the convenience of parties and witnesses. *See* 28 U.S.C. § 1404(a).

## **CONCLUSION**

For the aforementioned reasons, the court TRANSFERS the action to the Western District of Texas, pursuant to 28 U.S.C. § 1404(a), and RECOMMENDS the action be assigned to the San Antonio Division pursuant to the parties' request.

The court DENIES Responding Defendants' request for a ruling on the Motions to Dismiss filed by Crow, (Dkt. 26), Pruitt (Dkt. 50), Woods (Dkt. 55), Grover (Dkt. 72), Mitchell (Dkt. 76), RCI (Dkt. 83), Eller (Dkt. 93), Miller (Dkt. 102), and Juracek (Dkt. 105). These Motions are DENIED without prejudice as moot. Defendants may file renewed Motions to Dismiss within thirty (30) days of the acknowledgement of receipt of this action by the Western District of Texas, unless that court orders otherwise.

IT IS SO ORDERED.

Dated: May 5, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge