# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JULIA HUBBARD and KAYLA GOEDINGHAUS,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No. 5:23-cv-00580-FB** |
| | § | |
| **TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BROLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1-20, and DOE COMPANIES 21-30** | § § § § § § § § § § § § § § § § § § § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT COE JURACEK'S MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

SUMMARY OF ARGUMENT .........................................................................1

BACKGROUND & KEY ALLEGATIONS .....................................................2

ARGUMENT ...................................................................................................4

I.      PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST MR. JURACEK ........4

        A.      PLAINTIFFS FAIL TO STATE A TVPA CLAIM ...................................4

                1.      Plaintiffs have not adequately alleged "perpetrator" liability..........5

                2.      Plaintiffs have not adequately alleged "beneficiary" liability. ........7

        B.      PLAINTIFFS FAIL TO STATE A PLAUSIBLE LABOR
                TRAFFICKING CLAIM ........................................................................10

                1.      The allegations are inadequate under subsection (a). ...................11

                2.      The allegations are inadequate under subsection (b). ...................13

        C.      PLAINTIFFS FAIL TO STATE RICO CLAIMS ....................................13

                1.      Plaintiffs lack RICO Standing ......................................................13

                2.      Plaintiffs fail to allege a Section 1962(c) RICO claim. .................14

CONCLUSION..............................................................................................18

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Allstate Ins. Co. v. Benhamou*,
  190 F. Supp. 3d 631 (S.D. Tex. 2016) .......................................................................17

*Allstate Ins. Co. v. Plambeck*,
  802 F.3d 665 (5th Cir. 2015) ......................................................................................17

*Arruda v. Curves, Int'l, Inc.*,
  861 Fed. App'x 831 (5th Cir. 2021) ...........................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................4, 7, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................................................4

*Conkling v. Turner*,
  18 F.3d 1285 (5th Cir. 1994) ......................................................................................14

*Doe #9 v. Wyndham Hotels & Resorts, Inc.*,
  No. 4:19-CV-5016, 2021 WL 1186333 (S.D. Tex. Mar. 30, 2021) ...................5, 7, 8

*Doe v. Fitzgerald*,
  No. CV-2010713-MWFRAOX, 2022 WL 2784805 (C.D. Cal. May 13, 2022)
  ("*Fitzgerald II*").............................................................................................................5

*Doe v. Fitzgerald*,
  No. CV2010713MWFRAOX, 2022 WL 425016 (C.D. Cal. Jan. 6, 2022)..........9, 10

*Does 1-6 v. Reddit, Inc.*,
  51 F. 4th 1137 (9th Cir. 2022) .........................................................................7, 8, 9, 10

*Ducote Jax Holdings, L.L.C. v. Bradley*,
  No. CIV.A.04 1943, 2007 WL 2008505 (E.D. La. July 5, 2007)...........................18

*E.S. v. Best W. Int'l, Inc.*,
  510 F. Supp. 3d 420 (N.D. Tex. 2021) ........................................................7, 8, 9, 10

*FinServ Cas. Corp. v. Settlement Funding, LLC*,
  724 F. Supp. 2d 662 (S.D. Tex. 2010) ......................................................................18

*Frith v. Guardian Life Ins. Co.*,
  9 F. Supp. 2d 734 (S.D. Tex. 1998) .............................................................................4

*Gutierrez v. Venegas*,
  No. 6:20-CV-129-H, 2021 WL 9314946 (N.D. Tex. Sept. 8, 2021) .......................17

*H.J. Inc. v. Nw Bell Tel. Co.*,
  492 U.S. 229 (1989)................................................................................14

*Harris v. Henry*,
  No. 1:22-CV-00366-LY, 2022 WL 16825200 (W.D. Tex. Nov. 7, 2022)............6, 7, 8, 11, 12

*HCB Fin. Corp. v. McPherson*,
  8 F. 4th 335 (5th Cir. 2021) ....................................................................13

*Holmes v. Sec. Inv'r Prot. Corp.*,
  503 U.S. 258 (1992)................................................................................13

*Howard v. America Online Inc.*,
  208 F.3d 741 (9th Cir. 2000) ..................................................................18

*McLaughlin v. Anderson*,
  962 F.2d 187 (2d Cir. 1992)....................................................................14

*McPeters v. Edwards*,
  *806 F.Supp.2d 978* (S.D. Tex. 2011) ......................................................16

*Moore v. Bushman*,
  559 S.W. 3d 645 (Tex. App. 2018)..........................................................12

*Noble Capital Tex. Real Estate Income Fund LP v. Newman*,
  No. 1:22-cv-652, 2023 WL 3035411 (W.D. Tex. Jan. 13, 2023) .......................5, 11

*Noble v. Weinstein*,
  335 F. Supp. 3d 504 (S.D.N.Y. 2018)................................................5, 6, 8, 10

*Nolen v. Nucentrix Broadband Networks Inc.*,
  293 F.3d 926 (5th Cir. 2002) ..................................................................18

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993)................................................................................17

*Rosenzweig v. Azurix Corp.*,
  332 F.3d 854 (5th Cir. 2003) ..................................................................18

*Sedima, S.P.R.L. v. Imrex Co.*,
  473 U.S. 479 (1985)................................................................................14

*St. Germain v. Howard*,
  556 F.3d 261 (5th Cir. 2009) ..................................................................14

*Stanard v. Nygren*,
  658 F.3d 79200 (7th Cir. 2011) ..........................................................4, 5, 11

*State Farm Mut. Auto. Ins. Co. v. Lee*,
  193 Cal. App. 4th 34 (2011) ...................................................................12

*Tel-Phonic Services, Inc. v. TBS Intern, Inc.*,
    975 F.2d 1134 (5th Cir. 1992) ...............................................15

*Treminio v. Crowley Mar. Corp.*,
    No. 3:22-CV-174-MMH-PDB, 2023 WL 113565 (M.D. Fla. Jan. 5, 2023) ...........................9

*U.S. v. Todd*,
    627 F.3d 329 (9th Cir. 2010) ...............................................5

*United States v. Maynes*,
    880 F.3d 110 (4th Cir. 2018) ...............................................5

*United States v. Raniere*,
    55 F.4th 354 (2d Cir. 2022) ...............................................9

*United States v. Toure*,
    965 F.3d 393 (5th Cir. 2020) ...............................................11

*Valadez v. City of San Antonio*,
    No. SA21CV0002JKPRBF, 2022 WL 1608016 (W.D. Tex. May 20, 2022)...........................4

*Wang v. Ochsner Med. Ctr.-Kenner, L.L.C.*,
    No. CV 17-5134, 2017 WL 6055167 (E.D. La. Dec. 7, 2017)...............................14

## **Statutes and Rules**

18 U.S.C. § 1512 ...............................................16

18 U.S.C. § 1512(b)(1) ...............................................16

18 U.S.C. § 1589 ...............................................10

18 U.S.C. § 1589(a) ...............................................10, 11

18 U.S.C. § 1589(b) ...............................................11, 13

18 U.S.C. § 1589(a)(1-2) ...............................................12

18 U.S.C. § 1589(a)(3) ...............................................12

18 U.S.C. § 1589(a)(4) ...............................................12

18 U.S.C. § 1591(a) ...............................................5, 6

18 U.S.C. § 1591(e) ...............................................7

18 U.S.C. § 1591(e)(3) ...............................................6

18 U.S.C. § 1595(a) ...............................................4

18 U.S.C. § 1961(1) ...............................................14

18 U.S.C. § 1962(c) ...................................................................................13, 14, 16, 17

18 U.S.C. § 1962(d) ...................................................................................13, 18

18 U.S.C. 1589(b) ......................................................................................11, 13

21 U.S.C. § 841 ..........................................................................................15

Fed. R. Civ P. 8(a)(2) ................................................................................4

Fed. R. Civ. P. 11(b) .................................................................................2

Rule 11 .......................................................................................................2

Rule 12 .......................................................................................................7

Rule 12(b)(6) .............................................................................................1, 2

Rule 8 .........................................................................................................4, 5

Rule 9(b) ....................................................................................................15

Coe Juracek respectfully moves pursuant to Rule 12(b)(6) to dismiss each cause of action asserted against him in Julia Hubbard ("Hubbard") and Kayla Goedinghaus' ("Goedinghaus," and together with Hubbard, "Plaintiffs") Complaint on the grounds that Plaintiffs fail to state a claim.

## SUMMARY OF ARGUMENT

Plaintiffs' Complaint attempts to describe a far reaching "venture," eventually (and somehow) becoming an "enterprise," in which more than twenty-nine defendants, both individuals and entities, organized and engaged in decades-long sex trafficking, labor trafficking, and racketeering offenses against them. Dkt. 1 ¶1 ("Compl."). The core of Plaintiffs' allegations is that they were physically and emotionally abused by a subset of the named defendants, including Rick Hubbard, Case Grover, and Michael Hynes, Jr. Compl. ¶¶ 4, 46, 250, 271-278. Many of the particular assertions against these individuals are grave and, if pressed and proven against the perpetrating individuals under proper laws could possibly support some form of liability against them separately. But that is not what Plaintiffs have done here. Rather than addressing their actual grievances and abusers directly, Plaintiffs bring claims pursuing treble damages from distant and unrelated individuals who allegedly possessed "knowledge" that Hubbard and other exes engaged in misconduct. The law does not support Plaintiffs' effort. Both the federal Trafficking Victims Protection Act and the RICO statute guard against misuse by requiring a plaintiff to plead facts establishing multiple, discrete statutory elements. As shown below, Plaintiffs fail to do so as to each of their claims.

Plaintiffs' failure to bring a viable lawsuit is particularly clear with respect to defendant Coe Juracek. The allegations against Mr. Juracek constitute a miniscule fraction of the Complaint and would provide no basis for liability even if they were true. Plaintiffs vaguely categorize Mr. Juracek as a "fixer" for Trammell Crow, Jr., and assert without supporting facts that he was an "Investor" in the sex-trafficking venture. Compl. ¶ 209. But Plaintiffs never provide any actual

detail about what Mr. Juracek allegedly "fixed" or how, how much, when, or in what he purportedly "invested." It is obvious that Mr. Juracek is included in this Complaint merely because Plaintiffs assert he is employed by Crow Holdings Capital (*Id.* ¶¶ 40, 212). But that company is neither a defendant nor an alleged participant in any of Plaintiffs' alleged schemes and, moreover, there are no allegations (because none could be true) that any defendant, including Trammell Crow, Jr., exercised managerial control over Mr. Juracek in his employment. The Federal Rules of Civil Procedure permit filing a complaint so long as, *inter alia*, it is "formed after an inquiry reasonable under the circumstances" and the "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). Through this Complaint, Plaintiffs bend this rule to an intolerable degree.[1] Each of the claims against Mr. Juracek should be dismissed for the reasons set forth below.

## BACKGROUND & KEY ALLEGATIONS

This case centers on Plaintiffs' confessed romantic relationship with Rick Hubbard, Hubbard's ex-husband and Goedinghaus's ex-fiancé. Compl. ¶ 2. Plaintiffs assert that his (and other exes') actions included non-consensual sex with them, and with others, at swingers clubs, threats of force, physical abuse, and forced drug use. *Id.* ¶¶ 2, 4, 5, 13. But, while Rick Hubbard's alleged actions drive any conceivable actionable harm, Plaintiffs have instead asserted that a broad, unrelated group of defendants should be held liable for a host of offenses which include sex trafficking, labor trafficking, and racketeering. Plaintiffs bring these claims against *four disparate groups*. *Id.* ¶ 6. These groups are not alleged to have had direct involvement one with another; rather, their only link (such as it is) is that at some points over several years, they interacted with Rick Hubbard. *See id.* ¶¶ 7, 17, 29, 39-40, 41. The four groups are: (1) "Dr. Todd Eller and the Medical Doctor Defendants"—who allegedly prescribed medications to Plaintiffs which, in turn,

---

[1]   Mr. Juracek reserves all rights under Rule 11 and otherwise. For the purpose this Motion, the Complaint's allegations are treated as "true" pursuant to Rule 12(b)(6).

assisted in forcing their participation in sex acts," *Id.* ¶¶ 7-16; (2) "The Fixer Defendants"—who, in exchange for alleged receipt of photographs and sex acts, forced Plaintiffs to participate in Mr. Hubbard's scheme, *Id.* ¶¶ 17-28; (3) the "Investor Defendants"—who allegedly provided financial support to the venture and/or maintained silence about it, *Id.* ¶¶ 29-40; and (4) "The Labor Trafficking Defendants"—who, in exchange for Julia Hubbard's labor, provided information regarding her whereabouts. ¶¶ 41-52.

Plaintiffs categorize Mr. Juracek as an "Investor Defendant." *Id.* ¶¶ 40, 210. Without providing details about any individual's alleged contributions, Plaintiffs generally assert the "Investor Defendants" funded Rick Hubbard's venture, *id.* ¶ 40, and "either knew [of] or recklessly disregarded" Rick Hubbard's misconduct. *Id.* ¶ 39. Without specifying which defendants (and certainly without identifying Mr. Juracek), Plaintiffs allege that some attended "drug-fueled," so-called "forced sex parties." *Id.* ¶¶ 35, 40. Last, without specifying where, when, how, or for whom, Plaintiffs assert that this group provided Rick Hubbard's alleged venture with credibility. *Id.* ¶ 190.

The 61-page complaint is virtually silent as to Mr. Juracek individually, offering only spare and vague accusations about his "participation." Plaintiffs contend: (1) that Mr. Juracek supported the venture by providing funds and social cachet, "which Rick would use to further grow the [v]enture" (*Id.* ¶ 210); (2) that he had passive awareness of Rick Hubbard's actions at the "forced sex parties" (*Id.* ¶ 211); (3) that he received naked photographs of Hubbard (*Id.* ¶ 211); (4) that he was somehow compensated through his employment at Crow Holdings Capital, in part, to maintain his silence (*Id.* ¶ 212); (5) that he attended campouts with Rick Hubbard and that he informally worked as Trammell Crow's "fixer" (*Id.* ¶ 209); and (6) that he somehow made "threats" to Hubbard that he would offer testimony in court in a custody dispute (*Id.* ¶ 211). None of these asserted "facts" are sufficient for any claim.

## ARGUMENT

I.    **PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST MR. JURACEK**

Rule 8 mandates "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ P. 8(a)(2). A plaintiff fails to satisfy this requirement when the complaint demonstrates a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 373-38 (S.D. Tex. 1998). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Lastly, and critically here, "[t]o form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Stanard v. Nygren*, 658 F.3d 792, 799-800 (7th Cir. 2011). Plaintiffs cannot sidestep this requirement, as they attempt here, by adopting a "shotgun approach" to pleading that indiscriminately "throws a little bit of everything into [their] complaint in the hopes something will stick. *Valadez v. City of San Antonio*, No. SA21CV0002JKPRBF, 2022 WL 1608016, at *7 (W.D. Tex. May 20, 2022) (noting the shotgun approach is "disfavored" in the Fifth Circuit).

### A.    **PLAINTIFFS FAIL TO STATE A TVPA CLAIM**

Plaintiffs' first purported cause of action under the Victims of Trafficking and Violence Protection Act ("TVPA") (18 U.S.C. § 1595(a)) should be dismissed for failure to plausibly establish multiple essential elements as to Mr. Juracek. Civil liability under TVPA can either apply to an individual who acts as a "perpetrator" of trafficking or an individual who is a "beneficiary"

of the trafficking. *See Doe #9 v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-CV-5016, 2021 WL 1186333, at *1 (S.D. Tex. Mar. 30, 2021); *Doe v. Fitzgerald*, No. CV-2010713-MWFRAOX, 2022 WL 2784805, at *1 (C.D. Cal. May 13, 2022) ("*Fitzgerald II*"). Here, the Complaint fails to inform Mr. Juracek—and indeed most Defendants—which form of liability he stands accused of. To this end, Plaintiffs fail the simplest requirements of Rule 8. *See Stanard*, 658 F.3d at 799-800; *Noble Capital Tex. Real Estate Income Fund LP v. Newman*, No. 1:22-cv-652, 2023 WL 3035411, at *3 (W.D. Tex. Jan. 13, 2023) (dismissing for improper group pleading). Even setting this failure aside, Plaintiffs fail to allege sufficient facts for ***either*** form of liability.

### 1. Plaintiffs have not adequately alleged "perpetrator" liability.

The Complaint's sparse allegations concerning Mr. Juracek do not include any facts sufficient to sustain a claim that he was a perpetrator of sex trafficking—nor could they. For perpetrator liability, a defendant must have "[i] knowingly; [ii] in interstate or foreign commerce; [iii] recruit[ed], entic[ed], transport[ed], provid[ed], obtain[ed], maintain[ed], patronize[d], or solicit[ed] by any means a person; [iv] knowing, or, in reckless disregard of the fact, that means of force, threats of force, fraud or any combination of such means will be used; [v] to cause a commercial sex act." *Fitzgerald II*, 2022 WL 2784805, at *3; *see* 18 U.S.C. § 1591(a). As such, a defendant is not a perpetrator unless he "recruits, entices, harbors, etc., the victim with knowledge that the prohibited means will be used in the future to cause them to engage in commercial sex acts." *United States v. Maynes*, 880 F.3d 110, 114 (4th Cir. 2018). Moreover, liability "requires the pleader [to] allege awareness, ***at the initial recruitment or enticement stage***, that certain prohibited means will be employed to achieve a perverse end goal: a commercial sex act." *Noble v. Weinstein,* 335 F. Supp. 3d 504, 519 (S.D.N.Y. 2018) (emphasis added); *see also U.S. v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) ("What the statute requires is that the defendant know in the sense of being aware of an established *modus operandi* that will in the future cause a person to

engage in prostitution.").

There are no allegations—nor would reality support any—that Mr. Juracek recruited, enticed, transported, or took other enumerated action with respect to either Plaintiff that caused their engagement in a commercial sex act. *Cf.* 18 U.S.C. § 1591(a). None of the paragraphs addressing Mr. Juracek allege, or even suggest, that he had any interaction with Plaintiffs "at the initial recruitment or enticement" stage. Compl. ¶¶ 35, 39, 40, 188-90, 209, 211-12. Plaintiffs assert that the Investor Defendants were engaged in a "quid pro quo . . . to gain ***access to Rick's trafficking venture****…." Id.* ¶ 190 (emphasis added). That is, they concede that the alleged initial perpetrator was Rick Hubbard. *See id.* ¶ 39 (alleging "Rick was using force, threats of force, fraud, or coercion to cause Hubbard and Goedinghaus . . . to engage in sex acts"). Plaintiffs do not allege that Mr. Juracek engaged in any act the statute prohibits.

Moreover, the Complaint also fails to plausibly allege that Mr. Juracek had knowledge that anyone ***caused*** Plaintiffs to engage in commercial sex. 18 U.S.C. § 1591(a); *see Noble*, 335 F. Supp. 3d at 518 *cf. Harris v. Henry*, No. 1:22-CV-00366-LY, 2022 WL 16825200, at *7 (W.D. Tex. Nov. 7, 2022), *report and recommendation approved*, No. 1:22-CV-366-LY, 2023 WL 3035423 (W.D. Tex. Jan. 11, 2023) (dismissing claim where plaintiff pleaded defendant had knowledge of co-defendant's sexual activity, but failed to plead knowledge of trafficking. A "commercial sex act" is "any sex act, on account of which anything of value is given or received by any person." 18 U.S.C. § 1591(e)(3). The Complaint establishes that Plaintiffs had personal relationships with Rick Hubbard (spouse and fiancée). Compl. ¶ 2. The Complaint details Rick Hubbard's alleged abuse within these relationships and broadly alleges that others were ***aware*** that Plaintiffs were engaged in sex acts with others, but it does not demonstrate with any plausibility that Mr. Juracek had any reason to know these sex acts were anything other than consensual. Presumably, because reality would not support actual factual claims against Mr. Juracek, the

Complaint instead makes "threadbare recitals of the elements" and "conclusory statements" that are insufficient to bypass a Rule 12 motion. *See* Compl. ¶ 39 (parroting "reckless disregard" statutory language); ¶ 40 (asserting without factual support that Mr. Juracek "had knowledge"); ¶¶ 211-12 (same). While there is a single mention of "commercial sex" in connection with Mr. Juracek as a nondescript member of the "Investor Defendants" (*id.* ¶ 190) it is nothing more than a recital of the statute and therefore insufficient as a matter of law. *Iqbal*, 556 U.S. at 678 (allegations that are "merely consistent with" liability do not satisfy the plausibility standard). Mr. Juracek did not perpetrate sex trafficking, and the Complaint fails to state a claim that he did.

### 2. *Plaintiffs have not adequately alleged "beneficiary" liability.*

The Complaint's allegations concerning Mr. Juracek are also insufficient to support a claim for "beneficiary" liability. Beneficiary liability requires an allegation that Mr. Juracek knowingly benefitted from his participation in a venture which he knew (or should have known) was engaged in sex trafficking. *See Doe #9*, 2021 WL 1186333, at *1-2; *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 427 (N.D. Tex. 2021) (noting that the complaint must contain facts sufficient to establish that the defendant knew or should have known about the trafficking of the plaintiff in particular— as opposed to a mere awareness of trafficking in general); *Harris*, 2022 WL 16825200, at *7 (dismissing where complaint did not allege knowledge of trafficking). "Participation" requires a showing that Mr. Juracek was "knowingly assisting, supporting, or facilitating" sex trafficking. *See* 18 U.S.C. § 1591(e). And to "knowingly benefit" is to benefit either "financially or by receiving anything of value" where there is a "causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit." *Does 1-6 v. Reddit, Inc.*, 51 F. 4th 1137, 1145 (9th Cir. 2022) (citation omitted). Here, Plaintiffs do not bring plausible allegations showing that Mr. Juracek either (1) "participated" in the venture; or (2) received "anything of value" from his alleged participation. *See id.*; *E.S.*, 510 F. Supp. 3d at 427-48 (dismissing

beneficiary claim for failure to allege participation or knowledge).

> **(a)** **Insufficient allegations regarding "participation" by Mr. Juracek.**

The Complaint fails to plausibly allege actionable conduct by Mr. Juracek. "***Mere association with sex traffickers is insufficient*** absent some knowing 'participation' in the form of assistance, support, or facilitation." *Reddit*, 51 F.4th at 1145 (emphasis added); *see also Harris,* 2022 WL 16825200, at * 6 (beneficiary liability "cannot be established by association alone"); *Noble*, 335 F. Supp. 3d 504, 524 (same). "The statute does not target those that merely turn a blind eye to the source of their [revenue]," but rather establishes that "knowingly benefitting from participation in such a venture ***requires actual knowledge and a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit***." *Reddit*, 51 F.4th at 1145 (emphasis added, (internal citations omitted); *see also E.S.*, 510 F. Supp. 3d at 427 (allegations that defendants failed to take steps to intervene in trafficking insufficient to establish participation); *Noble*, 335 F. Supp. 3d at 524 (stating that "some participation in the sex trafficking itself must be shown"); *accord Doe #9*, 2021 WL 1186333, at *1 ("Knowledge or willful blindness of a general sex trafficking problem . . . does not satisfy the mens rea requirements of the TVPRA.").

Plaintiffs attempt to tar Mr. Juracek by alleging he "had knowledge of the Venture's acts," that he "benefitted from his employment at Crow Holdings Capital," and that he was "provided . . . with naked photos of Hubbard" (*see* Compl. ¶¶ 40, 212)—even if true—are insufficient to show ***participation*** in sex trafficking. *See E.S.*, 510 F. Supp. 3d at 427 1145 (pleading must allege facts ***showing an active role furthering*** the sex trafficking); *Harris,* 2022 WL 16825200, at * 6 (same); *Reddit*, 51 F. 4th at 1145 (same); *Noble*, 335 F. Supp. 3d at 524 (same). Plaintiffs' reliance on Mr. Juracek's alleged loose affiliation with Rick Hubbard (or Trammell Crow, Jr.) do not come close to showing the requisite level of "affirmative conduct furthering the sex trafficking venture."

*Reddit*, 51 F.4th at 1145 (citation omitted). Again, Plaintiffs do not allege **any** affirmative conduct by Mr. Juracek that could plausibly be linked to trafficking. The conduct Plaintiffs attribute to him is entirely passive, conclusory, and undefined. Compl. ¶¶ 39-40, 211-12 (conclusory assertions of "knowingly support[ing]" the venture, awareness of "parties," receipt of "naked photos"); *id.* ¶ 209 (conclusory allegation that Mr. Juracek was a "fixer" without any factual allegations of whether/how this supported trafficking); *id.* ¶ 211 (allegation that Mr. Juracek threatened court testimony against Hubbard without any facts showing how this could have caused sex trafficking). Unsupported lawyer argument and innuendo are insufficient to sustain the claim against Mr. Juracek. *See E.S.*, 510 F. Supp. 3d at 427.

> **(b)     Insufficient allegations regarding "anything of value" received by Mr. Juracek.**

Beneficiary liability is also implausible because the Complaint does not allege that Mr. Juracek received anything of value in return for his alleged participation in the so-called venture. Although the statutory phrase "anything of value" need not refer to a "monetary or financial component," *United States v. Raniere*, 55 F.4th 354, 362 (2d Cir. 2022), "***sexual gratification*** ***alone is insufficient to qualify as a "thing of value***." *Doe v. Fitzgerald*, No. CV2010713MWFRAOX, 2022 WL 425016, at *6–7 (C.D. Cal. Jan. 6, 2022) ("*Fitzgerald I*") (emphasis added); *see also Treminio v. Crowley Mar. Corp.*, No. 3:22-CV-174-MMH-PDB, 2023 WL 113565, at *3 (M.D. Fla. Jan. 5, 2023) (dismissing TVPA claim because defendant did not receive a "thing of value," and the plaintiff had therefore "failed to plausibly allege a 'commercial sex act'").

Nothing in the Complaint that concerns Mr. Juracek meets these standards. The allegations hinting at "something of value" are: (1) that Mr. Juracek received "naked photos" of Hubbard (Compl. ¶ 40), and; (2) that Mr. Juracek "benefitted . . . in his compensation from Crow Holdings Capital[.]" (Compl. ¶ 212). With respect to the photos, the Complaint makes no actual claim that

they are a "thing of value" or that they provided any particular benefit to Mr. Juracek—and Plaintiffs could not prevail on such a position because "sexual gratification" (presumably an implied result of receiving such a photo) is not a "thing of value" under the TVPA. *See Fitzgerald*, 2022 WL 425016, at *6-7 (concluding that such an interpretation would "yield absurd results"). As to Mr. Juracek's compensation from Crow Holdings Capital, the Complaint does not even attempt to explain how there could plausibly be "a ***causal relationship*** between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit[,]" *Reddit*, 51 F.4th at 1145 (emphasis added). The alleged "benefit" here appears to be the mere existence of Mr. Juracek's employment by Crow Holdings Capital and the salary he is paid for doing his work, both of which exist separate and apart from any alleged venture. *See E.S.*, 510 F. Supp. 3d at 427 (noting that a plaintiff "must allege ***specific conduct*** that furthered the sex trafficking venture") (quoting *Noble*, 335 F. Supp. 3d at 524) (emphasis added). Nothing in the Complaint suggests (nor could it) that Mr. Juracek's employment or compensation relates to the alleged trafficking. The conclusory allegation that his pay was "in part to maintain his silence concerning the Forced Sex Parties" is pure conjecture, unsupported by specific factual allegations. *See Iqbal*, 556 U.S. at 679.

## B.   PLAINTIFFS FAIL TO STATE A PLAUSIBLE LABOR TRAFFICKING CLAIM

Plaintiffs' purported second cause of action for labor trafficking (18 U.S.C. § 1589), must be dismissed for many of the same reasons as the TVPA claim discussed above. Here too, the Complaint fails to state any facts which, if true, would support liability against Mr. Juracek. Under 18 U.S.C. § 1589(a), a defendant has engaged in labor trafficking if he knowingly provided or obtained the plaintiff's labor or services by means of: (1) "threats of force, physical restraint, or threats of physical restraint"; (2) "serious harm or threats of serious harm"; (3) "the abuse or threatened abuse of law or legal process"; or (4) "any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person . . .

would suffer serious harm or physical restraint." Alternatively, under U.S.C. § 1589(b)—much like the previous cause of action—a plaintiff can prevail by showing the defendant "knowingly benefit[ed], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means[.]" Here, notwithstanding the prolixity of the Complaint and Plaintiffs' willingness to make public accusations against distant and far-removed parties, such as Mr. Juracek, the pleading does not provide notice to Mr. Juracek of what alleged conduct supports this cause of action, or on which of multiple possible statutory grounds he is potentially liable. This form of improper pleading compels dismissal. *See Stanard*, 658 F.3d at 799; *See Noble Capital*, 2023 WL 3035411, at *3.

### 1.     The allegations are inadequate under subsection (a).

If Plaintiffs intend to allege liability under subsection (a), the claim fails as a matter of law because the Complaint does not allege any actionable conduct (*i.e.*, threats, force, serious harm, or other scheming) by Mr. Juracek against the Plaintiffs. "[T]o state a claim under § 1589(a), a plaintiff must adequately plead that the defendant (1) provided or obtained the labor or services of plaintiff (2) 'by means of' one of the enumerated means, and (3) did so 'knowingly.'" *Harris*, 2022 WL 16825200, at *4 (quoting *United States v. Toure*, 965 F.3d 393, 400 (5th Cir. 2020)). And "the phrase 'by means of' refers to familiar principles of causation and requires a proximate causal link between one or more of the unlawful means enumerated in § 1589(a) and the labor actually obtained." *Id.* (citation omitted).

From the outset, the Complaint does not remotely allege that Mr. Juracek in any way "provided or obtained" Plaintiffs' labor. *See* 18 U.S.C. § 1589(a). Indeed, there are no allegations that Mr. Juracek engaged in ***any*** direct activity with Plaintiffs or that they provided any services

for him. Quite simply, nothing in the Complaint indicates that Mr. Juracek sought or obtained labor from Hubbard or Goedinghaus—this claim fails on that basis alone. But, even if Plaintiffs had alleged that Mr. Juracek had provided or obtained their labor, there are no allegations that he made "threats of force [or] physical restraint," inflicted "serious harm," or that he made other threats related thereto. *Cf.* 18 U.S.C. § 1589(a)(1-2), (4).

The only potentially relevant accusation under subsection (a) is the allegation that Mr. Juracek somehow threatened the "abuse of law or legal process" by "threaten[ing] Hubbard with his testimony in court that could have Hubbard's children taken away from her." Compl. ¶ 211. But this allegation, even if it were true, remains insufficient to establish a viable cause of action. The referenced paragraph in the Complaint is conspicuously silent as to whether the alleged "testimony" was a threat to ***lie*** or, in other words, "***abuse*** . . . the legal process." *See* 18 U.S.C. § 1589(a)(3) (emphasis added).[2] Instead, the pleading alleges that Juracek indicated willingness to offer testimony in court proceedings, apparently in connection with a custody dispute; at no point does it assert an intent to be untruthful or do anything improper. *See Moore v. Bushman*, 559 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (abuse of process requires an ulterior motive in using the process willfully and in a wrongful manner). Court testimony, by near universal definition, is given pursuant to an oath or affirmation. Moreover, there is no allegation that Mr. Juracek obtained Hubbard's labor as a result of this alleged threat or even when, in relation to Hubbard's involvement in the alleged scheme, this purported threat was made. *Harris*, 2022 WL 16825200, at *5 (dismissing forced labor claim where complaint failed to allege causal connection between threat and labor and alleged the threat occurred after plaintiff began working

---

[2]     Both California and Texas law establish that abuse of legal process requires wrongful conduct. *See State Farm Mut. Auto. Ins. Co. v. Lee*, 193 Cal. App. 4th 34, 40 (2011) (noting that abuse of process requires an ulterior motive in using the process willfully and in a wrongful manner); *Moore v. Bushman*, 559 S.W. 3d 645, 653 (Tex. App. 2018) (similar standard in Texas).

for defendant). As such, this sole allegation offers no support that Mr. Juracek threatened abuse of law or legal process or that he induced any forced labor as a result.

>### 2.      *The allegations are inadequate under subsection (b).*

As it relates to beneficiary liability for labor trafficking, the Plaintiffs' Complaint fails for the same reasons listed as to TVPA. *See supra*, Part II.B. That is, the Complaint does not plausibly state a claim for labor trafficking against Mr. Juracek because it does not allege receipt of anything of value. *See* 18 U.S.C. 1589(b).

### C.      PLAINTIFFS FAIL TO STATE RICO CLAIMS

Unsurprisingly unable to allege trafficking claims, Plaintiffs invoke RICO and attempt to link distant and unrelated defendants and activities into some imagined "enterprise." But Plaintiffs' Complaint is particularly ill-suited for RICO claims which, given clear statutory requirements, require precise allegations establishing each element as to each defendant. The Complaint is entirely devoid of details regarding how Mr. Juracek is allegedly liable under RICO, what alleged "racketeering activity" could bring him within the statute's purview, and how he "conducted" any alleged "enterprise"—an asserted "association in fact" based entirely around the allegedly abusive conduct of Rick Hubbard against his former wife and fiancée. As shown below, Plaintiffs do not allege a viable substantive RICO claim (18 U.S.C. § 1962(c)) and, as such, cannot maintain a RICO conspiracy claim (18 U.S.C. § 1962(d)).

>### 1.      *Plaintiffs lack RICO Standing*

Standing for RICO requires a plaintiff to show a concrete loss to business or property caused by the racketeering conduct allegedly constituting a RICO violation. *See Holmes v. Sec. Inv'r Prot. Corp.,* 503 U.S. 258, 268 (1992); *HCB Fin. Corp. v. McPherson*, 8 F. 4th 335, 344 (5th Cir. 2021). Plaintiffs have not alleged facts sufficient to show that their asserted injuries are "business or property" recognized under the RICO statute and have neither sufficiently alleged that any losses (legally cognizable or not) were directly and proximately caused by the racketeering

activity they allege. This failure is dispositive of the RICO claims as to *all* defendants. Simply put, Plaintiffs cannot invoke RICO. For efficiency before this Court, Mr. Juracek incorporates herein the argument filed by Trammell Crow, Jr. on the issue of RICO standing. Dkt. 151 at 15-16.

### 2. Plaintiffs fail to allege a Section 1962(c) RICO claim.

Civil RICO requires proof of the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see also Arruda v. Curves, Int'l, Inc.*, 861 Fed. App'x 831, 834 (5th Cir. 2021). The Complaint fails on multiple elements as to Mr. Juracek.

### (a) Plaintiffs do not allege that Mr. Juracek engaged in a "pattern of racketeering activity."

A "pattern of racketeering activity" requires at least two predicate acts from the enumerated list in 18 U.S.C. § 1961(1). Additionally, the "term 'pattern' itself requires the showing of a relationship between the predicates, and of the threat of continuing activity." *H.J. Inc. v. Nw Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (citation omitted). And, critically here, when RICO is asserted against multiple defendants, a plaintiff must allege, at a bare minimum, at least two predicate acts by each defendant. *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (affirming dismissal for failure to allege requisite predicate acts); *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994) (the "bare minimum of a RICO charge is that a defendant personally committed or aided and abetted the commission of two predicate acts") (quoting *McLaughlin v. Anderson*, 962 F.2d 187, 192 (2d Cir. 1992).).

Plaintiffs make no effort to identify which defendants engaged in which asserted predicate acts. Rather, they broadly assert that "[t]he Enterprise, which consisted of all Defendants, committed a number of predicate acts[.]" Compl. ¶ 309. But RICO liability is addressed on a defendant-by-defendant basis, *see, e.g., Wang v. Ochsner Med. Ctr.-Kenner, L.L.C.*, No. CV 17-

5134, 2017 WL 6055167, at *8-12 (E.D. La. Dec. 7, 2017) (dismissing RICO claim where there were "no facts are alleged from which the Court could divine what conduct" individuals defendants committed), and, as such, the assertions that "all Defendants" or "the Enterprise" conducted all predicate acts are insufficient as a matter of law. *See* Compl. ¶¶ 310 (listing categories of predicate act engaged in by "all Defendants" or "the Enterprise"). Moreover, Plaintiffs fail to allege the factual basis for any predicate act allegedly undertaken by Mr. Juracek, and none are specified. *Id.* Such open-ended vagueness is, in itself, grounds to dismiss the RICO claim against him. *See id.* ("What's missing are factual allegations suggesting affirmative wrongdoing on [the individual RICO defendant's] part...").

Even if this Court were to consider Plaintiffs' improper bulk pleading of four separate "categories" of predicate acts conducted by unspecified defendants, none could support liability against Mr. Juracek. Plaintiffs assert that "all Defendants" committed predicate acts by violating the sex and labor trafficking statute, violating the Controlled Substances Act ("CSA"), wire fraud, and witness tampering. *See* Compl. ¶ 310. This is insufficient on three grounds. ***First***, for the reasons stated above (Part II.A-B), Plaintiffs do not state viable trafficking claims against Mr. Juracek, so this category cannot constitute any predicate acts attributable to him. ***Second***, because the Complaint neither alleges that Mr. Juracek possessed drugs nor specifies any type or amount in his possession sufficient to trigger a statutory violation, the CSA category cannot constitute a predicate act attributable to him. (*See generally, e.g.,* 21 U.S.C. § 841 (CSA)). ***Third***, Plaintiffs fail to allege any "wire fraud" given the heightened particularity requirements of Rule 9(b), necessitating allegations of either the "time, place, and contents" of any fraudulent misrepresentation or the "identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Services, Inc. v. TBS Intern, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Nothing in the Complaint remotely indicates how, when, or against whom Mr. Juracek could have

committed wire fraud, so this category also fails to support any predicate act against him. ***Finally***, nothing in the Complaint could support a witness tampering charge against Mr. Juracek under 18 U.S.C. § 1512, which requires, *inter alia*, allegations that a person "knowingly uses intimidation, threatens, or corruptly persuades another person" intending to "influence, delay, or prevent the testimony of any person in an official proceeding." 18 U.S.C. § 1512(b)(1). The specious allegation that Mr. Juracek threatened to, himself, testify in court (that is, under oath) in a custody dispute does not, on its face, indicate any effort to improperly influence or prevent another's testimony. *See* Compl. ¶ 211. There are no "racketeering" allegations against Mr. Juracek, let alone a related pattern thereof.

### (b)      Plaintiffs fail to allege the existence of an "enterprise."

The two issues addressed above are fatal to Plaintiffs' RICO claim, but the Complaint suffers from other infirmities as well. The crux of a 1965(c) claim is the defendant's participation in the conduct of "an ***enterprise's*** affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c) (emphasis added). As such, there must be a legally cognizable "enterprise" set out in the complaint. Here, the Complaint indicates that Plaintiffs are alleging that the relevant "enterprise" is merely an association-in-fact. Compl. ¶¶ 309, 323-314, 329-333. To sustain the legal fiction of such an enterprise, Plaintiffs must establish the existence of a group of individuals associated with "(1) a common purpose, (2) a structure or organization, and (3) longevity necessary to accomplish the purpose." *McPeters v. Edwards, 806 F.Supp.2d 978, 988* (S.D. Tex. 2011). The Complaint fails to establish that the assorted defendants—which Plaintiffs concede are in four separate and distinct groups (*e.g.*, "Investor Defendants," "Medical Doctor Defendants," "Fixer Defendants," and "Labor Trafficking Defendants," (Compl. ¶¶ 7, 17, 29, 39, 41)), constitute an enterprise. For the reasons articulated in the Motion to Dismiss filed by Trammell Crow, Jr. (Dkt 151 at 18-21) which, for efficiency, are incorporated by reference herein, Plaintiffs have failed to plausibly allege

a common purpose, structure or organization, or adequate longevity sufficient to establish an enterprise. Their RICO claim must accordingly be dismissed for these reasons alone.

### (c) Plaintiffs fail to allege that Mr. Juracek "conducted" enterprise affairs.

A viable RICO claim demands allegations that Mr. Juracek "conduct[ed] or participate[d] . . . in the conduct of [the] enterprise's affairs[.]" 18 U.S.C. § 1962(c). Plaintiffs must therefore show that he had "some part *in directing*" the enterprise, either by operating or managing it. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis added). This requirement is not met by "simply providing goods or services that ultimately benefit the enterprise," *Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 655 (S.D. Tex. 2016); "something more than non-supervisory involvement is required to sufficiently allege this element," *Gutierrez v. Venegas*, No. 6:20-CV-129-H, 2021 WL 9314946, at *5 (N.D. Tex. Sept. 8, 2021) (citing *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 675 (5th Cir. 2015) (plaintiff must show defendant had "supervisory involvement" to satisfy conduct requirement)). Nothing in the allegations against Mr. Juracek—whether by name or as part of the so-called group of "Investor Defendants"—alleges anything apart from passive conduct, be it knowledge of the "sex parties" or receipt of a photo. Compl. ¶¶ 40, 209-12. The single claim of actual affirmative activity by Mr. Juracek (that is, allegedly offering testimony) is not sufficient because that testimony, or the threat thereof, can in no way be said to "direct" the enterprise as required by *Reves*. At most, that "threat" would be a mere "service" to the enterprise, which is inadequate. *Benhamou*, 190 F. Supp. 3d at 656 (noting that, although the serviced defendant offered were "a substantial part of the scheme," he simply took direction and offered a service and did not have "any supervisory role"). This element demonstrates what is readily apparent from the face of the Complaint—that, much like many of the other defendants, Mr. Juracek was merely an individual in the distant reaches of Rick Hubbard's personal orbit. That is no basis to attach him to a "racketeering enterprise," and the law does not support Plaintiffs'

attempt to do so.[3]

**(d)      The RICO Conspiracy claim also fails.**

To establish a violation of Section 1962(d), Plaintiffs must allege either "an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Ducote Jax Holdings, L.L.C. v. Bradley*, No. CIV.A.04 1943, 2007 WL 2008505, at *7 (E.D. La. July 5, 2007) (quoting *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)). Here, per above, Plaintiffs have not adequately alleged a substantive RICO violation, *see Nolen v. Nucentrix Broadband Networks Inc*., 293 F.3d 926, 930 (5th Cir. 2002) (affirming dismissal of conspiracy claim); nor have they shown that Mr. Juracek agreed to commit, or committed, any predicate offenses—let alone two. As such, Plaintiffs cannot maintain a RICO conspiracy claim against Mr. Juracek.

## <u>CONCLUSION</u>

Nothing in the Complaint plausibly suggests that Mr. Juracek was engaged in criminal sex trafficking, labor trafficking, or racketeering. Accordingly, Mr. Juracek respectfully requests dismissal of the Complaint against him. Such dismissal should be granted with prejudice because the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *FinServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 675 (S.D. Tex. 2010) (holding that, as here, the deficiencies of the complaint could not be cured by allowing the plaintiff to amend his pleading); *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003) (affirming dismissal with prejudice because new facts could not cure defect).

---

[3]  Julia Hubbard's RICO claim is barred by the statute of limitations. Mr. Juracek incorporates the argument by Trammell Crow, Jr. on this issue. Dkt. 151 at 24-25.

DATED: June 7, 2023                    Respectfully submitted,


By */s/ Diane Doolittle*
_____

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Diane Doolittle (*pro hac vice*)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:        (650) 801 5000
Facsimile:        (650) 801 5000

Adam DiClemente (*pro hac vice*)
adamdiclemente@quinnemanuel.com
51 Madison Avenue., 22nd Floor
New York, New York 10010
Telephone:        (212) 849 7000
Facsimile:        (212) 849 7100

Matthew "Alex" Bergjans (*pro hac vice*)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:        (213) 443 3000
Facsimile:        (213) 443 3100

Evan Pearson (Texas State Bar No. 24121403)
evanpearson@quinnemanuel.com
300 W. Sixth Street, Suite 2010
Austin, Texas 78701
Telephone:        (737) 667 6119
Facsimile:        (737) 667 6110

*Attorneys for Defendant Coe Juracek*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing "Coe Juracek's Motion to Dismiss" was served on counsel of record via CM/ECF on June 7, 2023.


*/s/ Evan Pearson*
Evan Pearson