UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, § § § Plaintiffs, § § v. § § TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUIT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARC MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STPORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLIFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 Defendants. § § § § § § § § § § § § § § § § § § | Case No. 5:23-cv-00580-FB  Judge: Hon. Fred Biery Date Action Filed: May 8, 2023 (transferred) |

**DEFENDANT ROBERT L. PRUITT'S MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

SUMMARY OF ARGUMENT ..............................................................................................1

Adoption of Crow Dismissal Motion .....................................................................................2

Allegations Regarding Pruitt Relevant to This Motion ..........................................................3

Conclusion ..............................................................................................................................3

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW ROBERT L. PRUITT** ("Pruitt") in the above-styled and numbered cause and respectfully moves the Court to dismiss each of cause of action in Plaintiffs Julia Hubbard's ("Hubbard") and Kayla Goedinghaus's ("Goedinghaus") (collectively "Plaintiffs") Complaint.

## INTRODUCTION

This is an action by Plaintiffs against the Defendants asserting that Defendant Richard Hubbard ("Rick") "ran a sex and labor trafficking venture" in which he forced his wife Plaintiff Hubbard (a former Texas nightclub waitress) and fiancée Plaintiff Goedinghaus to "engage in commercial sex acts" for Rick's financial benefit. (Complaint, ¶¶ 1, 4, 167.)

Plaintiffs further contend that this "Venture" became an alleged illegal racketeering "Enterprise." (*Id.*, ¶ 6.) The Complaint alleges four counts against all Defendants for violation of Human Trafficking Laws, civil RICO racketeering, and civil RICO conspiracy.

Defendant Pruitt is named as one of the "Investor Defendants" who, along with the other Investor Defendants, is alleged to have supported the Venture by providing financial support to Rick and the Venture, including employing Rick and paying Rick's utility bills. (*Id.*, ¶40.)

## SUMMARY OF ARGUMENT

On June 6, 2023, Defendant Trammell S. Crow, Jr. ("Crow") filed his Motion to Dismiss the Complaint [ECF 151] (the "Crow Dismissal Motion") seeking dismissal of

this action pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE[1] for the reasons that:

    (a)    Plaintiff failed to satisfy the notice pleading requirements of FRCP 8;

    (b)    Plaintiffs' cause of action under the Victims of Trafficking and Violence Protection Act of 2000 ("TVPA") should be dismissed for the reason that Plaintiffs have failed to allege sufficient facts to support any perpetrator liability or beneficiary liability under the TVPA;

    (c)    Plaintiffs' cause of action for labor trafficking should be dismissed because Plaintiffs do not plausibly allege that Crow provided or obtained Plaintiffs' labor by force or received anything of value; and

    (d)    Plaintiffs' cause of action for violation of RICO under 18 U.S.C. § 1962(c) should be dismissed for the reasons that (i) Plaintiffs lack RICO standing, (ii) Plaintiffs fail to otherwise allege the required acts and prerequisites of a Section 1962(c) RICO Claim, (iii) the four (4) year RICO statute of limitations bars Hubbard's claims, and (iv) Plaintiffs fail to allege the required acts and prerequisites to support a RICO conspiracy.

### Adoption of Crow Dismissal Motion

For the purposes of continuity and judicial economy, Pruitt hereby adopts, incorporates, and joins in the following Sections, including all arguments and authorities, of the Crow Dismissal Motion:

    (a)    Allegations Relevant to This Motion (general allegations of Plaintiffs and to

---

[1] Hereafter referred to as "FRCP ___".

**ROBERT L. PRUITT'S MOTION TO DISMISS**        **PAGE 2**

the extent that any of such allegations apply to Defendant Pruitt) (*Crow Dismissal Motion*, Pgs. 1-6);

(b)  Applicable Legal Standards (*Crow Dismissal Motion*, Pgs. 6-7);

(c)  Arguments (*Crow Dismissal Motion*, Pgs. 7-25);

(d)  Leave to amend should be denied (*Crow Dismissal Motion*, Pg. 25); and

(e)  Request for dismissal as set forth in the Conclusion (*Crow Dismissal Motion*, Pg. 25).

**Allegations Regarding Pruitt Relevant to This Motion**

The only "factual" allegations by Plaintiff Hubbard[2] regarding Defendant Pruitt are as follows:

1.  Pruitt financially supported the Enterprise by employing and paying Rick and paying certain of his personal expenses (Complaint ¶¶219-220).

2.  Rick would regularly send Pruitt naked photos of Plaintiff Hubbard (Complaint ¶221).

3.  Rick would force Plaintiff Hubbard to sit in Pruitt's lap and allow him to physically tough her. (Complaint ¶222).

4.  Pruitt would refer to himself as "Uncle Bob" (Complaint ¶223).

5.  Rick would force Hubbard to send "thank you" texts to Pruitt (Complaint ¶224).

**Conclusion**

Based on the meager factual allegations asserted by only one Plaintiff, Hubbard,

---

[2]  The Complaint contains no allegations whatsoever against Pruitt by Plaintiff Goedinghaus.

**ROBERT L. PRUITT'S MOTION TO DISMISS**                                          PAGE 3

against Pruitt, as well as the arguments and authorities in the Crow Dismissal Motion, as adopted by Pruitt, it is clear that the Complaint fails to allege facts showing any wrongful conduct or participation by Pruitt under the TVPA or RICO, or that his conduct caused any alleged harm (or even that the alleged harm is cognizable or redressable under the law).

Further, Pruitt would show that Plaintiff Hubbard's RICO claims expired because she waited more than four (4) years after her latest possible injury to file her Complaint, and that Plaintiff Goedinghaus has failed to allege sufficient facts that she ever had any contact with Pruitt or ever suffered any harm, injury or loss (under RICO or otherwise) as a result of any acts, conduct, or omissions of Pruitt.

**WHEREFORE, PREMISES CONSIDERED**, , Pruitt respectfully requests, for all the foregoing reasons, that the Court:

(a) Dismiss the Complaint in its entirety without leave to amend;

(b) Alternatively, that in the event that the Court determines that the Complaint should not be dismissed us to all Defendants, that the Court enter its Order dismissing any and all claims against Pruitt; and

(c) Granting to Pruitt, such other, and further relief, at law, or in equity, to which he may show himself justly entitled.

Respectfully submitted,

By: /s/ James P. Moon

**JAMES P. MOON**
**LAW OFFICES OF JAMES P. MOON, P.C.**
State Bar No. 14316300
101 Vintage Drive, Suite 100
Red Oak, Texas 75154
(469) 820-9509
(800) 930-7112 (Fax)
Email: *jpmpllc@gmail.com*

**ATTORNEYS FOR DEFENDANT**
**ROBERT L. PRUITT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served on all counsel of record via ECF on June 8, 2023.

/s/ James P. Moon
JAMES P. MOON