UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, et al., | § § | Case No.: 2:23-CV-00580-FB |
| Plaintiff(s), | § § | **DECLARATION OF BENJAMIN TODD ELLER** |
| vs. | § § | |
| TRAMMELL CROW, et al., | § § § | In Support of Second Motion to Dismiss Complaint Pursuant to FRCP12(b)(2) (Lack of Personal Jurisdiction), FRCP 8 and FRCP 12(b)(6) (Failure to State a Claim) |
| Defendant(s). | § § § | |

I, Benjamin Todd Eller, hereby declare that

1. I am a defendant in this lawsuit and am represented by Indira J. Cameron-Banks and Cameron Jones LLP. I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness, could and would, testify as to the truth of the matters set forth below.

2. I reside and conduct all my business within Los Angeles County, California. I am a psychologist licensed in behavioral therapy in California only and am the director of a nonprofit entity that provides services to special needs children and adults in the greater Los Angeles area.

3. I have never lived, worked, visited or travelled to the State of Texas.

4. I have never conducted business, advertised to obtain business, or solicited business or clients in any way, in the State of Texas.

5. In 2016 and/or 2017, I provided business consulting services to business owners through their subscription for such services at Chet Holmes International, a California entity. I received payments for such services directly through Chet Holmes International. I recall providing services

1

to Richard (Rick) Hubbard ("Rick Hubbard") as a Chet Holmes International customer in or around 2016 or 2017.  Prior to being introduced to Rick Hubbard as a Chet Holmes International customer, I never knew about, or ever spoke to, him.

6.      Sometime after his Chet Holmes International subscription presumably ended, Rick Hubbard reached out and contacted me directly at the end of 2018 or early 2019 to ask whether I would provide him with limited business and marketing consulting services -- similar to what I had provided to business owners through Chet Holmes International -- for his venture, Ecoloft Homes, LLC.  I agreed to provide the services, which involved me communicating recommendations and suggestions via telephone or electronic mail to Rick Hubbard and others involved in Ecoloft Homes, LLC.  I never travelled to Texas, I never met Rick Hubbard (or anyone affiliated with him, including the Plaintiffs in this case) in person. I received a small amount of payment  for the services I provided to Ecoloft Homes LLC in 2019, but my memory is that it was not the full amount owed for such services that year, which I never received.  After 2019, I never provided services to Ecoloft Homes LLC, I never received any additional payments from Rick Hubbard or Ecoloft Homes LLC, or communicated with anyone else directly affiliated with him or Ecoloft Homes LLC.

7.      In or around January 2019, Kayla Goedinghaus, who represented to me that she was the girlfriend of Rick Hubbard, called me on the phone presumably because I am a psychologist.  She told me she was taking medication, and having a hard time finding a psychiatrist that would see her.  I only ever spoke to Kayla Goedinghaus on the phone less than a handful of times in 2019, but never met or treated Kayla Goedinghaus in person, and at no time during those calls did she ever tell me Rick Hubbard was drugging her or forcing her to engage in sexual acts.

Doc ID: 54a9f35e7182c863b207dc4e7b43b5628b5d9442

8. I explained to Kayla Goedinghaus that I cannot, and do not, prescribe, adjust, or monitor medication, or have any expertise in medications, and that she needed to find a psychiatrist in her local area, which I understood to be in Texas. I did not, and do not, know any psychiatrists in Texas, and could not provide her with any recommendations. She asked me to write her a letter that she could use to find a psychiatrist on her own. She described her traumatic past, and I felt sympathy toward her, and that she indeed needed to find a psychiatrist who could help her. I agreed to provide her with a letter that she herself could use however she saw fit to find a psychiatrist in Texas on her own to provide her with medical services.

9. I wrote a letter that included what I, and another psychologist I consulted with, believed would be helpful to Kayla Goedinghaus in her quest to find a psychiatrist in Texas. The letter listed the medications she said she told me she was taking at the time, and the conditions she was experiencing. The letter clearly and directly makes a recommendation to Kayla Goedinghaus herself to find a psychiatrist in Texas that could provide her with medical services. The letter was not a recommendation to any psychiatrists or medical providers to provide her with medication. Further, I did not make the recommendation on my own, <u>and another psychologist reviewed, joined in, and signed, the recommendation</u>. Neither of us received any compensation for this letter we wrote for Kayla Goedinghaus. **Attached hereto as Exhibit C**, is a true and accurate copy of the complete letter we forwarded to Kayla Goedinghaus by email to rick@ecoloft.us at 5:12 pm (PST) on January 25, 2019. We did not provide any additional correspondence or communication to, for, or about, Kayla Goedinghaus in connection with her medication, symptoms, psychological or medical care.

10. I reviewed the Complaint filed against me in this lawsuit and saw that only a portion of this letter is included **in the Complaint at page 22**, <u>which was specifically altered</u> to leave out that we

Doc ID: 54a9f35e7182c863b207dc4e7b43b5628b5d9442

made a recommendation directly to Kayla Goedinghaus, not any third party to find a psychiatrist in her local area, and the signature line contains two separate signatures, from myself and the other psychologist who reviewed and joined in the recommendation.

11. This is not the only fabricated document in the Complaint. In my review of the Complaint filed against me in this lawsuit, I also saw an image of a portion of a letter in the **Complaint at page 20,** with the description that I wrote the letter to a Texas court in connection with a custody or divorce proceeding between Rick Hubbard and Julia Hubbard. I have been shocked and confused by this image because I never wrote or submitted any writing to any Texas court – ever. I never provided testimony for, wrote any letters for, or in any way participated in court proceedings involving Rick Hubbard or Julia Hubbard, their divorce and/or custody court proceedings. I never met Julia Hubbard in person, or ever treated her, and she never told me that Rick Hubbard was drugging her or forcing her to engage in sexual acts.

12. I recently received and reviewed a copy of the full copy of the letter that I understand was submitted in their divorce proceeding on February 7, 2020, attached hereto **at Exhibit B**, page 100-101. I am still shocked and disgusted by the letter, which was forged and/or fabricated by somebody to include my logo and signature on it so as to seem like I wrote the letter. The letter does not even appear to be written by any psychologist, let alone me, and I suspect that it was written by Rick Hubbard himself. I had no knowledge about this false and fabricated letter until a copy was provided to me last week. I did not write it, authorize it or even know about it.

13. Seeing this false and fabricated letter caused me to become seriously worried and concerned that Rick Hubbard has done much more with my practice's logo and my signature, given that I have recently learned that he may have been convicted for elder fraud/theft/credit card fraud. I believe he may have obtained my logo and signature to affix to this letter from the one

Doc ID: 54a9f35e7182c863b207dc4e7b43b5628b5d9442

sent to Kayla Goedinghuas on January 25, 2019. I am worried that he may have submitted several fake letters and documents with my signature and logo on them. He may be using the logo of my practice and my signature in other court proceedings, credit cards, loans, and/or for other nefarious purposes.

14. The Travis County Sheriff's Department instructed my legal team to file a police report with my local police department in order to address my serious concern. Therefore, on March 17, 2023, <u>I reported this identity theft and forgery to the Glendale Police Department</u>, and hope they communicate with the Sheriff's Office in Texas. I was assigned a criminal report number and am waiting for a copy of the criminal report.

15. I remain very worried and concerned about the full extent that Rick Hubbard, who has a history of criminal conviction for fraud, may be using my letterhead, signature and information to forge and fabricate other documents attributed to me. I really hope that the police and sheriffs can get to the bottom of what happened and hold Rick Hubbard accountable, as I am now a victim of his criminal activity, and am being forced to pay a heavy price for his fraud, including having to defend myself and my reputation in federal court based on these false, fabricated, and altered documents and surrounding statements about them made in the Complaint.

Under penalty of perjury, and in accordance with 28 U.S.C. § 1746, I declare the foregoing to be true and correct to the best of my knowledge and belief.

Executed this 7th day of June 2023, at Los Angeles County, California.

_____
BENJAMIN TODD ELLER

Doc ID: 54a9f35e7182c863b207dc4e7b43b5628b5d9442