UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, et al., | § § | Case No.: 2:23-CV-00580-FB |
| Plaintiff(s), | § § | **DECLARATION OF** <br> **INDIRA J. CAMERON-BANKS** |
| vs. | § § | |
| TRAMMELL CROW, et al., | § § § | In Support of Second Motion to Dismiss Complaint Pursuant to FRCP12(b)(2) (Lack of Personal Jurisdiction), FRCP |
| Defendant(s). | § § § § | 8 and FRCP 12(b)(6) (Failure to State a Claim) |

I, Indira J. Cameron-Banks, hereby declare that

**A.    Relevant Background**

1. I am an attorney at law, duly licensed by the State Bar of California to practice before state and federal courts in this state. I am counsel of record in this matter for Defendant Benjamin Todd Eller (hereinafter, "Eller") and, thus, principally responsible for litigating this matter on his behalf.

2. On March 7, 2023, I conducted a telephonic meet and confer with Plaintiff's counsel Matthew W. Schmidt, regarding Eller's Motion to Dismiss the Complaint. (Dkt. 93) During the call, I specifically inquired as to why images of incomplete documents were seemingly embedded in the Complaint, and where such purported documents were obtained -- specifically the images embedded into pages 20 and 22 of the Complaint. Plaintiff's counsel responded by telling me that the documents in the Complaint were altered in order to "save room" in the Complaint, and further refused to identify the source of the documents or provide me with copies of complete documents before discovery commenced in this case.

3. The Complaint is generally rife with *conclusory* allegations (intended to establish

venue in this District) that Eller either (a) provided sworn statements and testimony in divorce/custody court proceedings between Plaintiff Julia Hubbard and Defendant Richard Hubbard to keep Plaintiff from her child (Compl. ¶¶ 8, 130-33, 304, 310) and/or (b) intentionally made recommendations to medical doctors in Texas to drug Plaintiff Kayla Goedinghaus. (Compl. ¶¶ 14, 16, 18, 124,127, 138-40, 144, 288, 305) These conclusory allegations are seemingly substantiated by the images on page 20 (a purported image of sworn statements that Eller submitted to courts), and on page 22 (a purported image of recommendations made to psychiatrists in Texas).

4. However the image on **page 20** is an excerpt from a document that Plaintiffs and Plaintiffs' counsel knew, or should have known, is *patently fraudulent, forged,* and not submitted by Eller to any court.

5. Eller never submitted any sworn testimony or documents in Plaintiff Julia Hubbard's divorce proceeding with Richard Hubbard or participate in it. Furthermore the entire record of the divorce court proceeding confirms Eller never submitted any sworn testimony or documents in it, contrary to what is alleged in the Complaint.

6. Further the image on **page 22**, is an excerpt from a document that Plaintiffs and Plaintiffs' counsel knew, or should have known, is *deliberately altered, mischaracterized,* and *misleading* because the deleted portion of the document reflects that it is signed by two separate psychologists and makes a recommendation to only Plaintiff Kayla Goedinghaus, and not any third parties.

**B.    Eller Did <u>Not</u> Submit Any Testimony In Plaintiff Julia Hubbard's Divorce/Custody Court Proceeding with Defendant Richard Hubbard.**

7. The Complaint repeatedly alleges that Eller submitted sworn testimony in a divorce and/or custody court proceeding between Plaintiff Julia Hubbard and Richard Hubbard, another named defendant.

8. I searched County Court Records in Texas and located only two divorce proceedings between these two individuals,

  a. The recent proceeding initiated on October 3, 20219 resulting in divorce in April 2022, <u>Richard Hubbard v. Julia Hubbard</u>, Case No. D-1-FM-19-006725, before the 201st District Court for Travis County, Texas, which is the proceeding specifically identified in the Complaint as the basis Eller's purported liability (Compl. ¶132); and

  b. An additional divorce proceeding initiated on May 1, 2017 but abandoned for lack of prosecution, <u>Richard Hubbard v. Julia Hubbard</u>, Case No. 2017CI07925, before the 407th District Court for Bexar County, Texas.

Attached hereto as **Exhibit A**, is a true and accurate copy of the docket for these two divorce proceedings, Case No. D-1-FM-19-006725, ("2019 Proceeding"), and Case No. 2017CI07925 ("2017 Proceeding").

 9. I ordered the filings from the 2019 Proceeding from the Travis County District Clerk's Office, and attached hereto **as Exhibit B**, is a true and accurate copy of the documents filed in that matter. This is the court proceeding specifically referenced in the Complaint. (Compl. ¶ 132)

 10. While the Complaint specifically alleges that Eller submitted a signed document to a Court on October 3, 2019, there is nothing "submitted" by Eller on that date, or anywhere else in the case because Eller never submitted any written statement, affidavit or sworn testimony in any Texas court proceeding or any divorce proceeding between Julia Hubbard and Richard Hubbard. (**Exhibit B,** page 1-283)

 11. The Complaint repeatedly, and falsely, states that Eller submitted sworn testimony, statements made under oath and/or affidavits in the divorce proceedings. (Compl. ¶¶ 130, 304, 310) However, t*here are no sworn statements or affidavits from Eller* reflected anywhere in the record, and indeed none exist. (**Exhibit B,** page 1-283) This is a fact that was easily ascertainable, and was known, or should have been known to, both Plaintiff and Plaintiff's counsel prior to the filing of this Complaint.

  **1.** **The Image on Page 20 of the Complaint is Patently False and Forged.**

 12. The image on page 20 of the Complaint appears to be from a document in the

record of the 2019 Proceeding containing Eller's signature. (Compl ¶ 132; **Exhibit B**, pages 100-101)  However, the letter is *submitted by Richard Hubbard himself* to the Travis County Court on February 7, 2020 at 9:32 a.m., attached to his *own* request and statement to the Court in advance of a hearing held that same afternoon.   (**Exhibit B**, pages 94-99 [Hubbard statement] and 94-119 [Hubbard statement and attachments]).

13.  The letter contained in the 2019 Proceeding court record, and partially reflected in the Complaint is *patently forged and/or fabricated*.  Hubbard's statement (**Exhibit B**, pages 94-99), and the letter (**Exhibit B**, pages 100-101) is written in a rambling stream of consciousness, with odd syntax that is not plausibly written by any sort of professional, let alone a psychologist, and seems very likely to have been written by Richard Hubbard himself given that it was submitted with his statement.

a.  Not even the family court believed the letter was real or authentic. At the February 7, 2020 afternoon hearing where the statement and purported letter was to be considered, Richard Hubbard recognized that "Judge refused to consider that the child's therapists were real, . . . did not consider the testimony and documents offered."[1] (**Exhibit B**, page 130)

b.  It is almost impossible to believe that Plaintiff Julia Hubbard herself ever believed the letter was authentic and real since she not only repeatedly references Richard Hubbard's criminal fraud convictions and conduct in the 2019 Proceeding itself, and in the Complaint, (**Exhibit B**, pages 37,180, and 224; Compl. ¶¶ 104 and 190),  but was also present at the February 7, 2020 hearing where the purported letter

---

[1]   The 2019 Proceeding record reflects that Richard Hubbard submitted his statement and exhibits at 9:32 a.m. on February 7, 2020, in advance of the hearing concluding at or around 3:50 p.m. that same day where the Court granted Julia Hubbard was granted exclusive custody of their minor child (**Exhibit B**, pages 86 and 94)  While Richard Hubbard challenged the Court's order several days later with a filing on February 12, 2020 seeking rehearing on the matter, he showed up to the hearing on March 9, 2020 in custody and shackled, promptly abandoning his request for custody.  (**Exhibit B**, pages 130 and 250)

was presented, ignored, and she was granted exclusive custody of her child.[2] (**Exhibit B**, page 86)

    c.  It seems implausible that Plaintiffs' counsel could have believed the letter was written by a psychologist, and further, it is impossible for a lawyer to accurately characterize the patently forged letter as any sort of "sworn testimony" or "affidavit" submitted by Eller in a court proceeding. (Compl. ¶¶ 130, 304, 310)

**C.    The Image on Page 22 of the Complaint is Deliberately Altered and Misleading.**

14.    The Complaint embeds an image of on page 22 that is *falsely* alleged to be one of many "written recommendations" made by Eller to individuals identified as "Medical Doctor Defendants" for prescriptions, seemingly intended to bolster the overall conclusory narrative that Eller ran the purported human trafficking venture at issue in the Complaint by procuring drugs.[3] (Compl. ¶¶ ¶ 14, 16, 18, 124,127, 138-40, 144, 288, 305)  It is an excerpt from a letter, but the true and accurate copy of the complete letter provided to Kayla Goedinghaus on January 25, 2019 is attached hereto as **Exhibit C**.

    \*        \*        \*

Under penalty of perjury, and in accordance with 28 U.S.C. § 1746, I declare the foregoing to be true and correct to the best of my knowledge and belief.

Executed this 7th day of June 2023, at Los Angeles County, California.

                              */s/ Indira J. Cameron-Banks*

---

[2] Further, given her profession as a "criminal profiler" and "fraud" investigator she knew, or should have known, the letter was fraudulent prior to filing of the Complaint. https://www.amaralegal.org/ambassador-program/ (last accessed on March 21, 2023)

[3] However, it is undisputed that Eller was both factually and legally prohibited from prescribing, monitoring, procuring, securing or otherwise obtaining prescription medication for anyone.  (Compl. ¶  14, 139;  Mtn. [Dkt. 93])