C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-FM-19-006725**

IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD

, Plaintiff

vs.

JULIA A HUBBARD AND IN THE INTEREST OF S.L.H., A MINOR CHILD

, Defendant

TO:  JULIA A HUBBARD
     WHEREVER THEY MAY BE FOUND

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION FOR DIVORCE of the PETITIONER in the above styled and numbered cause, which was filed on OCTOBER-03-2019 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, October 03, 2019.

REQUESTED BY:
CHRISTOPHER C. MERRITT
609 W 10TH ST
AUSTIN, TX 78701-2023
BUSINESS PHONE:(512)320-8188
FAX:(512)366-9084



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: FERNANDEZ JAMES A

-- - -- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the ORIIGNAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____                    _____
                                           Sheriff / Constable / Authorized Person
Sworn to and subscribed before me this the

                                           By:_____
_____ day of _____, _____.
                                           _____
                                           Printed Name of Server

_____       _____ County, Texas
Notary Public, THE STATE OF TEXAS

**D-1-FM-19-006725**                                          **P01 - 000083888**

☐Original        ☐Service Copy

EXHIBIT B, page 1

10/3/2019 4:37 PM
**Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Marc Viteritto**

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

006725

CAUSE NO. D-1-FM-19-_____

| | | |
|---|---|---|
| **IN THE MATTER OF** | § | **IN THE DISTRICT COURT** |
| **THE MARRIAGE OF** | § | |
| | § | |
| **RICHARD HUBBARD** | § | |
| **AND** | § | 201ST |
| **JULIA A. HUBBARD** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| **S.L.H.,** | § | |
| **A MINOR CHILD** | § | **TRAVIS COUNTY, TEXAS** |

## Original Petition for Divorce

*Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

*Parties*

This suit is brought by Richard Hubbard, Petitioner. The last three numbers of Petitioner's driver's license number are 012. The last three numbers of Petitioner's Social Security number are 363.

Julia A. Hubbard is Respondent.

*Domicile*

Petitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

*Service*

Process should be served on Respondent wherever she may be found.

*Long-Arm Jurisdiction*

Respondent is a nonresident of Texas. Petitioner is a resident or a domiciliary of Texas at the commencement of this suit.

The child the subject of this suit resides in Texas as a result of the acts or directives of the nonresident person.

The nonresident person has resided in Texas with the child the subject of this suit.

The nonresident person has resided in Texas and provided prenatal expenses or support for the child the subject of this suit.

The nonresident person engaged in sexual intercourse in Texas, and the child the subject of this suit may have been conceived by that act of intercourse.

*Protective Order Statement*

No protective order under title 4 of the Texas Family Code is in effect, and no application for a protective order is pending with regard to the parties to this suit.

*Dates of Marriage and Separation*

The parties were married on or about February 14, 2010 and ceased to live together as husband and wife on or about March 17, 2017.

*Grounds for Divorce*

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

*Child of the Marriage*

Petitioner and Respondent are parents of the following child of this marriage who [is/are] not under the continuing jurisdiction of any other court:

Name: S█████L█ H███████
Sex: Female

Birth date: ▮▮▮▮▮▮ 2010

There are no court-ordered conservatorships, court-ordered guardianships, or other court-ordered relationships affecting the child the subject of this suit.

No property of consequence is owned or possessed by the child the subject of this suit.

Petitioner should be designated as the conservator who has the exclusive right to designate the primary residence of the child. Respondent should be ordered to make payments for the support of the child and to provide medical child support in the manner specified by the Court. Petitioner requests that the payments for the support of the child survive the death of Respondent and become the obligations of Respondent's estate.

The residence of the child should be restricted to Travis and contiguous counties.

Petitioner requests the Court to determine whether there is a risk of international abduction of the child by Respondent and to take such measures as are necessary to protect the child.

Petitioner requests the Court to order Respondent to obtain and maintain a life insurance policy payable to Petitioner for the benefit of the child to be applied toward Respondent's support obligation under the child support order in the event of Respondent's death.

*Division of Community Property*

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Petitioner requests the Court to divide their estate in a manner that the Court deems just and right, as provided by law.

*Separate Property*

Petitioner owns certain separate property that is not part of the community estate of the parties, and Petitioner requests the Court to confirm that separate property as Petitioner's separate property and estate.

*Extraordinary Relief*

As the basis for the extraordinary relief requested below, Petitioner would show that before the filing of this petition Respondent has engaged in the conduct set forth in the affidavit attached as Exhibit "A." Based on that affidavit, Petitioner requests the Court to grant the following relief:

Issue an order attaching the body of the child, S██████ H█████████

Issue an order taking the child, S██████ H█████ into possession of Petitioner.

Issue an order excluding Respondent from possession of or access to the child, S█████████

H████████

*Request for Temporary Orders Concerning Use of Property*

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

Awarding Petitioner the exclusive use and possession of the residence located at 28827 Fine Rd., Marble Falls, Texas 78654, as well as the furniture, furnishings, and other personal property at that residence, while this case is pending, and enjoining Respondent from entering or remaining on the premises of the residence and exercising possession or control of any of this personal property, except as authorized by order of this Court.

Awarding Petitioner exclusive use and control of the 1999 Toyota 4Runner and other vehicles in his possession and enjoining Respondent from entering, operating, or exercising control over it.

*Request for Temporary Orders Regarding Child*

Petitioner requests the Court, after notice and hearing, to dispense with the necessity of a

bond and to make temporary orders and issue any appropriate temporary injunctions for the

safety and welfare of the child of the marriage as deemed necessary and equitable, including but

not limited to the following:

Appointing Petitioner temporary sole managing conservator.

Ordering Respondent to pay child support, health insurance premiums for coverage on
the child, and 50 percent of the child's uninsured medical expenses while this case is
pending.

Restricting the residence of the child to Travis and contiguous counties.

Enjoining Respondent from removing the child beyond a geographic area identified by
the Court, acting directly or in concert with others.

Denying Respondent access to the child or, alternatively, rendering a possession order
providing that Respondent's periods of visitation be continuously supervised.

*Request for Temporary Orders for Discovery and Ancillary Relief*

Petitioner requests the Court, after notice and hearing, for the preservation of the property

and protection of the parties, to make temporary orders for discovery and ancillary relief as

deemed necessary and equitable, including but not limited to the following:

Ordering Respondent to provide a sworn inventory and appraisement of all the separate
and community property owned or claimed by the parties and all debts and liabilities
owed by the parties substantially in the form and detail prescribed by the *Texas Family
Law Practice Manual* (3rd ed.), form 7-1.

Ordering the parties to participate in an alternative dispute resolution process before trial
of this matter.

Ordering Respondent to execute all necessary releases required by Petitioner to obtain
any discovery allowed by the Texas Rules of Civil Procedure.

*Travis County Standing Order Regarding Children, Property and Conduct of the Parties*

Although not specifically requested by Petitioner, the *Travis County Standing Order Regarding Children, Property and Conduct of the Parties* is attached hereto as Exhibit "B" and incorporated herein and in effect on the parties to this lawsuit.

*Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of Christopher Merritt, a licensed attorney, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the child, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Respondent and in favor of Petitioner for the use and benefit of Petitioner's attorney and be ordered paid directly to Petitioner's attorney, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

*Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Petitioner prays that the Court immediately grant a temporary restraining order restraining Respondent, in conformity with the allegations of this petition, from the acts set forth above, and Petitioner prays that, after notice and hearing, this temporary restraining order be made a temporary injunction.

Petitioner prays that the Court, after notice and hearing, grant the temporary orders requested herein while this case is pending.

Petitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Petitioner prays for general relief.

Respectfully submitted,

MERRITT LAW
609 West 10th Street
Austin, Texas 78701
Telephone: (512) 320-8188
Telecopier: (512) 366-9084

By:   /s/ Christopher Merritt
      Christopher Merritt
      State Bar No. 00795818
      chris@merrittlawtx.com

## Petitioner's Supporting Affidavit

Richard Hubbard appeared in person before me today and stated under oath:

"My name is Richard Hubbard. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I am the Petitioner Father in this case. Julia Alexis Hubbard formerly known as Julia Alexis Parsons. The mother is the Respondent. We have a child, S████ ████ H████ born on ████ 0. S██████ and I currently reside at 28827 Fine Road, marble Falls, TX 78654. Respondent Mother resides at ████████████████ VA 22312.

"Please forgive grammar mistakes, as I write this I believe our Daughter S████ to be in grave danger at the hands of her mentally ill mother who absconded with her without cause or notice. I am praying for help from this Court

"I previously filed for divorce in San Antonio, Bexar County around March 25th, 2017. This was initiated when, after 8 years of marriage raising our Daughter and our two step children, I finally set an ultimatum that Respondent was to enter drug rehab program or that I would have to leave her because of the financial and emotional damage being caused to children by her neglectful supervision caused by drug abuse and mental illness as well as finding out that she had falsely accused her ex-husband of assault to win a custody case that was unfounded, and finally because of extensive extra-marital affairs and physical abuse against me.

"Respondent responded by falsely accusing me of aggravated Assault with a deadly weapon, for which I was charged and arrested. I was later exonerated by the Dallas County DA's office, but during my 3-day incarceration, Respondent absconded with our children along with all family possessions and financial resources leaving me homeless and in a grave state. My family and I spent close to 4 months and $40,000 to find My Daughter, S████ and I filed divorce in Bexar County. I was still under indictment at the time, but I had significant evidence that I was not in the same city when the alleged assault took place as well as passed multiple polygraph examinations and had many witness testify to my location, so the judge in Bexar County order her to return S████ o me and give me some makeup time as well.

As part of that case, we had agreed that S████ would primarily live with me and would have 50/50 visitation during that Summer vacation with no ordered support and weekly exchanges at the temple, TX Police Department on Sundays at 1pm. Respondent showed up late to first exchange and returned Child late the following Sunday then Respondent failed to show up or maintain contact for several weeks and I moved to Travis County for work with our Child who has been in my sole custody since June of 2017 (2 years, 4 months).

Respondent has not provided any support or other parental input of any kind during that time citing that she needed to sow her oats and learn how to be an adult. S████ has seen her Respondent one time in May of this year while being supervised at my home with my current

Exhibit A

girlfriend and her 6 year daughter who lives with me an has lived with me and S████ full time since November of 2018. We have lived under that agreement in temporary orders for several years with no seeming need for change because Respondent had disappeared and only appeared when needing help or to occasionally call our daughter and make promises to come see her, but failed 17 out 18 times to show up. The Bexar County court dismissed the case for want of prosecution this summer.

S████ goes to school at Colt elementary School in Marble Falls, TX. She has attended this school for the entire school year. Today, I was notified by the school that Respondent showed up at the school and taken S████. There was no agreement for her to have possession of S████.

I had recently informed Respondent that she needed to show me that she could remain sober and in contact with S████ and provide some type of support or that I would have to re-file divorce and seek to terminate her parental rights as after 2.5 years S████ is no longer bonded to her Respondent and now calls my girlfriend (fiancée) Mom and her daughter S████ calls sister. We have a very happy and supportive home that S████ has excelled in. Respondent has not seen her other two children from previous marriage since March of 2017 and makes no attempt to do so.

Respondent spoke with my fiancée in past several days and made wild accusations and seemed to be "on drugs or mentally ill". She told my fiancée that "she would rather die or kill me than to allow me to take away her chances have S████ back with her "now that she finally has her life back on track" according to my fiancée.

Yesterday Respondent made many false allegations to CPS about drug use and abuse in the home then while we spoke to investigators while they checked on S████ welfare, Respondent flew into town and took her from her school. She is grave danger and she needs help. I believe that she is staying at a local motel with the intent to take S████ out of the state.

Based on the actions of Respondent, I have concerns about physical safety and emotional wellbeing of S████ in care and possession of Respondent. I would request that the court allow me to have exclusive possession of ████ until a hearing may be held for temporary orders.

Richard Hubbard

SIGNED under oath before me on __October 3, 2019__.

Notary Public, State of Texas

CARLOS JOSUE LIMONES
Notary ID #129721158
My Commission Expires
February 21. 2022

**TRAVIS COUNTY DISTRICT CLERK'S**
**FILE NO. 121,012**
**(LOCAL RULES AND GENERAL ORDERS)**

## TRAVIS COUNTY STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES

No party to this lawsuit has requested this order. Rather, this order is a standing order of the Travis County District Courts that applies in every divorce suit and every suit affecting the parent-child relationship filed in Travis County. The District Courts of Travis County have adopted this order because the parties and their children should be protected and their property preserved while the lawsuit is pending before the court. Therefore, it is ORDERED:

1.  **NO DISRUPTION OF CHILDREN**. Both parties are ORDERED to refrain from doing the following acts concerning any children who are subjects of this case:

    1.1 Removing the children from the State of Texas, acting directly or in concert with others, without the written agreement of both parties or an order of this Court.

    1.2 Disrupting or withdrawing the children from the school or day-care facility where the children are presently enrolled, without the written agreement of both parents or an order of this Court.

    1.3 Hiding or secreting the children from the other parent or changing the children's current place of abode, without the written agreement of both parents or an order of this Court.

    1.4 Disturbing the peace of the children.

2.  **CONDUCT OF THE PARTIES DURING THE CASE**. Both parties are ORDERED to refrain from doing the following acts:

    2.1 Using vulgar, profane, obscene, or indecent language, or a coarse or offensive manner, to communicate with the other party, whether in person, by telephone, or in writing.

    2.2 Threatening the other party in person, by telephone, or in writing to take unlawful action against any person.

    2.3 Placing one or more telephone calls, at an unreasonable hour, in an offensive or repetitious manner, without a legitimate purpose of communication, or anonymously.

    2.4 Opening or diverting mail addressed to the other party.

3.  **PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE**. If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

    3.1 Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

Exhibit B



3.2     Misrepresenting or refusing to disclose to the other party or to the Court, on proper request, the existence, amount, or location of any property of one or both of the parties.

3.3     Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

3.4     Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

3.5     Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of either party, whether personal property or real estate property, and whether separate or community, except as specifically authorized by this order.

3.6     Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by this order.

3.7     Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

3.8     Spending any sum of cash in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order.

3.9     Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order.

3.10    Signing or endorsing the other party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

3.11    Taking any action to terminate or limit credit or charge cards in the name of the other party.

3.12    Entering, operating, or exercising control over the motor vehicle in the possession of the other party.

3.13    Discontinuing or reducing the withholding for federal income taxes on wages or salary while this suit is pending.

3.14    Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance at the other party's residence or in any manner attempting to withdraw any deposits for service in connection with such services.

4.      **PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE**.  If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

4.1     Concealing or destroying any family records, property records, financial records, business records or any records of income, debts, or other obligations.

4.2     Falsifying any writing or record relating to the property of either party.

4.3     "Records" include e-mail or other digital or electronic data, whether stored on a computer hard drive, diskette or other electronic storage device.

EXHIBIT B, page 12

5.   **INSURANCE IN DIVORCE CASE**.   If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

    5.1   Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party, except as specifically authorized by this order.

    5.2   Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' children.

    5.3   Canceling, altering, or in any manner affecting any casualty, automobile, or health insurance policies insuring the parties' property of persons including the parties' minor children.

6.   **SPECIFIC AUTHORIZATIONS IN DIVORCE CASE**.   If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

    6.1   To engage in acts reasonable and necessary to the conduct of that party's usual business and occupation.

    6.2   To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

    6.3   To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation and medical care.

    6.4   To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

7.   **SERVICE AND APPLICATION OF THIS ORDER**.

    7.1   The Petitioner shall attach a copy of this order to the original petition and to each copy of the petition. At the time the petition is filed, if the Petitioner has failed to attach a copy of this order to the petition and any copy of the petition, the Clerk shall ensure that a copy of this order is attached to the petition and every copy of the petition presented.

    7.2   This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for fourteen days after the date of the filing of the original petition. If no party contests this order by presenting evidence at a hearing on or before fourteen days after the date of the filing of the original petition, this order shall continue in full force and effect as a temporary injunction until further order of the court. This entire order will terminate and will no longer be effective once the court signs a final order.

8.   **EFFECT OF OTHER COURT ORDERS. If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions prevail.** Any part of this order not changed by some later order remains in full force and effect until the court signs a final decree.

9.   **PARTIES ENCOURAGED TO MEDIATE.** The parties are encouraged to settle their disputes amicably without court intervention. The parties are encouraged to use alternative

dispute resolution methods, such as mediation, to resolve the conflicts that may arise in this lawsuit.

**THIS TRAVIS COUNTY STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF THE PARTIES SHALL BECOME EFFECTIVE ON JANUARY 1, 2005.**

JUDGE SCOTT H. JENKINS
53rd District Court

JUDGE DARLENE BYRNE
126th District Court

JUDGE MIKE LYNCH
167th District Court

JUDGE SUZANNE COVINGTON
201st District Court

JUDGE LORA J. LIVINGSTON
261st District Court

JUDGE BOB PERKINS
331st District Court

JUDGE MARGARET A. COOPER
353rd District Court

JUDGE BRENDA. KENNEDY
403rd District Court

JUDGE W. JEANNE MEURER
98th District Court

JUDGE WILFORD FLOWERS
147th District Court

JUDGE PAUL DAVIS
200th District Court

JUDGE JOHN K. DIETZ
250th District Court

JUDGE JON WISSER
299th District Court

JUDGE PATRICK KEEL
345th District Court

JUDGE JULIE KOCUREK
390th District Court

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-FM-19-006725**

NEEDS TO
BE BILLED

IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD

, Plaintiff

vs.

JULIA A HUBBARD AND IN THE INTEREST OF S.L.H., A MINOR CHILD

, Defendant

TO:   JULIA A HUBBARD
      WHEREVER THEY MAY BE FOUND

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>ORIGINAL PETITION FOR DIVORCE</u> of the <u>PETITIONER</u> in the above styled and numbered cause, which was filed on <u>OCTOBER-03-2019</u> in the <u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>October 03, 2019</u>.

REQUESTED BY:
CHRISTOPHER C. MERRITT
609 W 10TH ST
AUSTIN, TX 78701-2023
BUSINESS PHONE:(512)320-8188
FAX:(512)366-9084

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: FERNANDEZ JAMES A

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the ___3___ day of ___October___ , ___2019___ at ___523___ o'clock ___P___ M., and

executed at ~~returned to court per Laura Lancaster at~~ _____ within the County of

_____ on the _____ day of ___District Clerk___ , at _____ o'clock ____M.,

by delivering to the within named _____ , each

in person, a true copy of this citation together with the <u>ORIIGNAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, LAWYER REFERRAL</u> accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

**D-1-FM-19-006725**

☐ Original        ☐ Service Copy

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas    _____ son

By: _____

**Charles Lanterman**
Printed Name of Server

___Travis_____ County, Texas

2019 OCT -3 PM 5:23

RECEIVED

P01 - 000083888

**D-1-FM-19-006725**

***D1FM19006**

**Cause#**   D1FM19006725-1

| **Issued:** | 10/03/2019 | District | 201 | TRAVIS | **Received:** | 10/03/2019 Time:1723 |
|---|---|---|---|---|---|---|
| **Type:** | Citation | | citation | | **Hearing:** | Time: 0 |

**Plaintiff:**     ITMOTMO: HUBBARD,RICHARD
**Defendant:**   HUBBARD,JULIA  ET AL
**Respondent:**   HUBBARD,JULIA

**Agent:**

**Address:**   3600 PRESIDENTIAL BLVD AUSTIN TX 78719

| **Source:** | Private | **Attorney:** | MERRITT,CHRISTOPHER |
|---|---|---|---|
| **Deputy:** | Charles Lanterman | **Invoice to:** | DISTRICT CLERK TRAVIS |
| **Post days:** | _ | **Division:** | Family |

| **Fee:** | $75.00 | **Notes:** |
|---|---|---|
| **Recvd:** | $75.00 | |
| **Due:** | $0.00 | |

| Action | Date | Time | Name | Address / Comment |
|---|---|---|---|---|
| attempt | 10/03/2019 | 1830 | Charles Lanterman | 3600 PRESIDENTIAL BLVD AUSTIN TX 78719 |
| | | | | LANTERC 10/07/2019 14:13 |
| | | | | 503 attempted the Days Inn at 4220 S IH 35 #118...female inside was not the respondent. Front desk had no record of the respoindent staying at this location. |
| | | | | 504 spoke with several different airlines at ABIA none had record of the respondent flying in or out at that location. |
| transfer | 10/03/2019 | 1735 | Charles Lanterman | 3600 PRESIDENTIAL BLVD AUSTIN TX 78719 |
| | | | | LANTERC 10/07/2019 14:10 |
| assign | 10/03/2019 | 1732 | James Mora | 3600 PRESIDENTIAL BLVD AUSTIN TX 78719 |
| | | | | CARRIZM 10/03/2019 17:32 |

EXHIBIT B, page 16

```
*********** -COMM. JOURNAL- ******************* DATE OCT-10-2019 ***** TIME 13:04 ********

      MODE = MEMORY TRANSMISSION              START=OCT-10 12:58    END=OCT-10 13:04

         FILE NO.=735

   STN   COMM.    ONE-TOUCH/   STATION NAME/TEL NO.                    PAGES     DURATION
   NO.             ABBR NO.

   001   OK       ☎            85123669084                            003/003   00:01:17


                                             -CONSTABLE PCT 5      -

*********************************** -TRAVIS COUNTY TX- ***** -    512 854 4228- *********
```



## Carlos B. Lopez, Constable

Travis County Constable
Precinct 5
P.O. Box 1748
Austin, Texas 78767
October 10, 2019

MERRITT,CHRISTOPHER
609 W 10TH ST
AUSTIN,TX 78701
Fax Number: 5123669084

Case No. D1FM19006725-1
Court:  201 District Court
County: TRAVIS
Plaintiff: ITMOTMO: HUBBARD,RICHARD
Defendant: HUBBARD,JULIA  ET AL
Respondent: HUBBARD,JULIA

Attached please find a copy of the Officer's Return for the above referenced case. For problems with this fax contact me at (512)854-9100.

Mercedes Galvan

---

## ATTENTION: eFilers

*Remember to include 'Please use Constable Pct. 5' in the Special Instructions/Comments box so we will receive your paper.*

## CHOOSE PRECINCT 5
### If you want...

~ 24/7 Service Status Check Online      ~ Rush Service when needed
~ Live-person Service Check Hotline      ~ No extra charges for Research
~ Daily delivery to all state offices       ~ Located by the Courthouse

# Constable5.com

---

Travis County Courthouse Complex ~ 1003 Guadalupe, Austin, Texas 78701
(512)854-9100 ~ Fax(512)854-4228 ~ www.Constable5.com

EXHIBIT B, page 17

Filed in The District Court
of Travis County, Texas

OCT 16 2019

At_____10:09 a._____M.

Velva L. Price, District Clerk

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

## CAUSE NO. D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| AND | § | |
| JULIA A. HUBBARD | § | 201ST JUDICIAL DISTRICT |
| | § | |
| AND IN THE INTEREST OF | § | |
| S.L.H., | § | |
| A MINOR CHILD | § | TRAVIS COUNTY, TEXAS |

## Interim Order and Order Setting Hearing for Temporary Orders

On this date, the Court reviewed the petition for divorce and request for temporary

orders, including the attached affidavit on file with the Court originally set for this date. Service

having not been accomplished; the Court makes the following Interim Orders to allow service of

Respondent. *Prior orders including a show cause order for a hearing set for today expire today. (J.L.)*

Respondent is Julia A. Hubbard.

The child the subject of this suit is S███████H███████

The Court examined Petitioner's pleadings and attached affidavit and finds that Petitioner

is entitled to temporary interim ex parte relief. The Court finds that the requested relief is in the

best interest of the child.

IT IS ORDERED that Richard Hubbard is GRANTED exclusive possession of S██████

Hubbard until the hearing set out below. IT IS ORDERED that Julia Hubbard shall not be

entitled to possession of the child until the hearing as set out below.

IT IS ORDERED that the Clerk shall issue notice to Respondent, Julia Hubbard, to

appear, and said Respondent is ORDERED to appear, by reading the dockets posted on the first

EXHIBIT B, page 18

and third floor of the Travis County Courthouse, 1000 Guadalupe, Austin, Texas and thereafter reporting to the courtroom of the District Judge or Associate Judge to whom the posted case is assigned, on the 31st day of October 2019, at 8:30 a.m. The purpose of this hearing is to determine whether the temporary orders requested in the Petition for Divorce should be granted.

It is further ordered that any authorized person eighteen years of age or older who is not a party to or interested in the outcome of this suit may serve any citation, notice, or process in this case.

SIGNED on _Octobe 16   2019_   at _10:07_ A.M.

_____
JUDGE PRESIDING

**Julio A. de la Llata**
**Associate Judge**

**R U S H**

S H O W   C A U S E

T H E   S T A T E   O F   T E X A S

**R U S H**

**CAUSE NO.  D-1-FM-19-006725**

TO:   JULIA A HUBBARD


GREETING:

WHEREAS, in that certain cause pending on the docket of the <u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Texas, being Cause No. <u>D-1-FM-19-006725</u> wherein

<u>IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD</u>                                  Plaintiff,

and <u>JULIA A HUBBARD AND IN THE INTEREST OF S.L.H., A MINOR CHILD</u>          Defendant;


in said suit application order to show cause has been filed, a copy of which is hereto attached and to which reference is made for the relief sought; upon presentation and consideration of said application, the Honorable <u>JULIO A. DE LA LLATA</u> , Judge of said Court, has entered the following order to-wit: Copy of order attached to writ served.  AND WHEREAS, said application has been set for hearing; THESE ARE THEREFORE to notify, and you the said, <u>RESPONDENT  JULIA HUBBARD</u> are hereby notified to be and appear before the Honorable <u>JULIO A.  DE LA LLATA</u> , Judge of said Court, at Courthouse, in the City of Austin, Travis County, Texas on <u>OCTOBER 31, 2019 at 8:30 AM</u>  then and there to show cause if any, why said application should not be granted as prayed for.


HEREIN FAIL NOT, TO OBEY THIS WRIT!


Issued and given under my hand and seal of office, at Austin, Texas, this the <u>October 17, 2019</u>.

REQUESTED BY:
CHRISTOPHER C. MERRITT
609 W 10TH ST
AUSTIN, TX 78701-2023
BUSINESS PHONE:(512)320-8188
FAX:(512)366-9084

<u>CHECK
THE MONITOR
IN HALL OUTSIDE
DISTRICT
CLERK'S OFFICE,
ROOM 302,
FOR ASSIGMENT
OF THIS CASE.</u>

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: YURIANA CARBAJAL

-- - -- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____ M., by delivering to the within named _____,
at _____ in _____
County, Texas, in person, a true copy of this Notice and the INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS  accompanying copy attached hereto.


Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.


_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-FM-19-006725                    SERVICE FEE NOT PAID                    P21 - 000004398

☐ Original      ☐ Service Copy

10/22/2019 7:35 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-FM-19-006725**
**Kyla Crumley**

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

## CAUSE NO. D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| AND | § | |
| JULIA A. HUBBARD | § | 201ST JUDICIAL DISTRICT |
| | § | |
| AND IN THE INTEREST OF | § | |
| S.L.H., | § | |
| A MINOR CHILD | § | TRAVIS COUNTY, TEXAS |

### Motion for Withdrawal of Counsel

This Motion for Withdrawal of Counsel is brought by Christopher Merritt, who is attorney of record for Richard Hubbard. Christopher Merritt requests the Court to grant him permission to withdraw as attorney for Richard Hubbard in this case. In support, Christopher Merritt shows:

Good cause exists for withdrawal of Christopher Merritt as counsel, in that he is unable to effectively communicate with Richard Hubbard in a manner consistent with good attorney-client relations, including complying with the terms of representation and it is believed that Richard Hubbard no longer wishes to retain Christopher Merritt.

A copy of this motion has been delivered to Richard Hubbard, who is hereby notified in writing of his right to object to this motion. If Richard Hubbard consents to this motion, he may sign the order on this motion or provide his written consent. The last known address of Richard Hubbard is 28827 Fine Road, Marble Falls, Texas, 78654 and email rick@ecoloft.us.

The settings and deadlines, including discovery deadlines, in this case are as follows:

October 31, 2019 at 8:30 a.m. – Temporary Orders.

No discovery requests have been served by either party in this case.

There have not been any oral depositions in this case.

**Notice to Client**

You are hereby notified that this Motion for Withdrawal of Counsel is set for hearing at the time and place stated below. You do not have to agree to this motion. If you wish to contest the withdrawal of Christopher Merritt as your attorney, you should appear at the hearing. If you do not oppose Christopher Merritt's withdrawal as your attorney, you may notify Christopher Merritt in writing of your consent to this motion or sign the order on this motion to withdraw.

Christopher Merritt prays that the Court enter an order discharging him as attorney of record for Richard Hubbard.

Respectfully submitted,

MERRITT LAW
609 West 10th Street
Austin, Texas 78701
Telephone: (512) 320-8188
Telecopier: (512) 366-9084

By:   /s/ Christopher Merritt
      Christopher Merritt
      State Bar No. 00795818
      chris@merrittlawtx.com

**Notice of Hearing**

The above motion is set for hearing on October 25, 2019 at 8:30 a.m. at the Travis County Courthouse, 1000 Guadalupe, Austin, Texas.

**Certificate of Service**

I certify that a true copy of the above was served on each attorney of record or party in

accordance with the Texas Rules of Civil Procedure on October 22, 2019.

 /s/ Christopher Merritt
Christopher Merritt
Attorney for Richard Hubbard

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

Filed in The District Court
of Travis County, Texas

OCT 2 8 2019 CJ

At_____8:25____A.M.
Velva L. Price, District Clerk

## CAUSE NO. D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| AND | § | |
| JULIA A. HUBBARD | § | 201ST JUDICIAL DISTRICT |
| | § | |
| AND IN THE INTEREST OF | § | |
| S.L.H., | § | |
| A MINOR CHILD | § | TRAVIS COUNTY, TEXAS |

## Order on Motion for Withdrawal of Counsel

On this date the Court considered the Motion for Withdrawal of Counsel of Christopher Merritt.

The Court finds that good cause exists for withdrawal of Christopher Merritt as counsel.

The Court finds that a copy of the Motion for Withdrawal of Counsel was delivered to Richard Hubbard, that Richard Hubbard was notified in writing of the right to object to the motion, that if Richard Hubbard consents to this motion, he can sign below, that the last known address of Richard Hubbard is 28827 Fine Road, Marble Falls, Texas, 78654 and email rick@ecoloft.us, and that the pending settings and deadlines in the case are as follows: October 31, 2019 at 8:30 a.m. - temporary orders.

IT IS THEREFORE ORDERED that Christopher Merritt is permitted to withdraw as counsel of record for Richard Hubbard in this case.

The Court finds that the last known mailing address of Richard Hubbard is 28827 Fine Road, Marble Falls, Texas, 78654 and email rick@ecoloft.us and ORDERS that all notices in

this case shall be either delivered to Richard Hubbard in person or sent to Richard Hubbard in accordance with the service requirements of the Texas Rules of Civil Procedure.

The Court ORDERS that Christopher Merritt immediately notify Richard Hubbard in writing of any additional settings or deadlines of which Christopher Merritt now has knowledge and has not already notified Richard Hubbard.

SIGNED on ___OCT  25  2019___.

_____
JUDGE PRESIDING

AGREED TO:

_____
Richard Hubbard
Petitioner

_____
Christopher Merritt
Movant

Filed in The District Court
of Travis County, Texas

OCT 3 1 2019 **JG**

At _2:26 P_ M.

Velva L. Price, District Clerk

*[Fill in Cause number and court information exactly as it is written on your Petition.]*

In the interest of *(List children):*

| | | |
|---|---|---|
| 1 | Name: S▇▇▇▇ L H▇▇▇▇ | § |
| 2 | Name: _____ | § |
| 3 | Name: _____ | § |
| 4 | Name: _____ | § |

§ **Cause No:** D-1-FM-19-006725

§ In the 201 5+ ☑ District ☐ County  Court of:

Travis County, Texas

## EXTENDED TEMPORARY RESTRAINING ORDER
## AND ORDER TO APPEAR FOR TEMPORARY ORDERS HEARING

Today the Court considered the Motion to Extend Temporary Restraining Order of Petitioner and finds that good cause exists for extension of the temporary restraining order issued on _10-16-19 and titled "Interim Orders and Order Setting Hearing for Temporary Orders,"_

The Court further finds that:

Petitioner is _Richard L Hubbard_
[PRINT Petitioner's first and last names.]

Respondent is _Julia Alexis Hubbard_
[PRINT Respondent's first and last names.]

The following children are the subject of this suit.

| Child's name | Sex | Date of Birth | |
|---|---|---|---|
| 1 S▇▇ H▇▇ | F | ▇▇▇▇ /10 | TX |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

**IT IS THEREFORE ORDERED** that the clerk of this Court issue an extended temporary restraining order restraining the Respondent and the Respondent is immediately retrained from and **ORDERED NOT TO:** *(Check all applicable boxes)*

☑ Remove the children from Petitioner's possession.

☑ Remove the children from the school or day-care where the children are enrolled.

☑ Remove the children from Travis County, Texas.

☐ Drink alcohol or consume a controlled substance within 12 hours before or during possession of the children.

_The Court Further Orders that Richard Hubbard is granted exclusive possession of S▇▇▇ Hubbard until the hearing set out below._

This restraining order is effective immediately and shall continue until further order of this Court or until it expires by operation of law. This order binds the Respondent, Respondent's agents, servants, and employees; and those in active concert or participation with them who receive actual notice of this order by personal service or otherwise. No bond is required.

© Travis County Law Library

Page 1 of 2

E.S.

IT IS FURTHER ORDERED that the clerk shall issue notice to the Respondent to appear and the Respondent is hereby **ORDERED** to appear, by reading the dockets posted on the first and third floor of the Travis County Courthouse, 1000 Guadalupe, Austin, Texas and then reporting to the courtroom of the District Judge or Associate Judge to whom this case is assigned, on

_11_ / _14_ / _2019_ at ___8:31___ _A_.m.
*Month*   *Day*   *Year*      *Time*

The Respondent is also **ORDERED** to complete the attached *Proposed Support Decision and Information* form and bring it and the following documents to the hearing:

- Respondent's tax returns for the past two years and
- all of Respondent's pay stubs for the past three months.

The purpose of the hearing is to make temporary orders as requested in *Petitioner's Request for Extraordinary Relief and Requests for Temporary Orders set out in Petitioner's Original Petition for Divorce.*

SIGNED on ___October 31, 2019___ at ___2:23___ _P_ . M.

_____
JUDGE PRESIDING

**J. Andrew Hathcock**
**Associate Judge**

EXHIBIT B, page 27

Filed in The District Court
of Travis County, Texas

OCT 31 2019 **JG**

At _____ 2:12 P.M.

Velva L. Price, District Clerk

*[Fill in Cause number and court information exactly as it is written on your Petition.]*

In the interest of *(List children):*                      §

1  Name: S. L. H. _____ §

2  Name: _____ §   Cause No:  D-1-Fm-19-006725

3  Name: _____ §

4  Name: _____ §   In the 201 ☑ District  ☐ County  Court of:

                                        §        TRAVIS                  County, Texas

## Motion to Extend Temporary Restraining Order

This Motion to Extend Temporary Restraining Order is brought by Petitioner,
Richard Hubbard _____, who shows in support:

On 10-16-19 a temporary restraining order was issued and a hearing was set
for 10-31-19 . Good cause exists for extension because service has not been
perfected on Respondent within the fourteen day period.

Petitioner prays that the Court grant this Motion to Extend Temporary Restraining Order.

Respectfully submitted,

X Your signature.

*(PRINT your name and information.):*

Name: Richard Hubbard       Telephone: 512-659-8713

Mailing Address: 501 Havana St., Austin, tx 78704

**RUSH**                  T E M P O R A R Y   R E S T R A I N I N G   O R D E R   W R I T                  **RUSH**
T H E   S T A T E   O F   T E X A S
## CAUSE NO. D-1-FM-19-006725

TO:   JULIA A HUBBARD

      ALEXANDRIA, VIRGINIA

GREETING:

WHEREAS, in certain cause pending on the docket of the <u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Texas, being Cause No. <u>D-1-FM-19-006725</u> wherein
     <u>IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD</u>                                      Plaintiff,

and <u>JULIA A HUBBARD AND IN THE INTEREST OF S.L.H., A MINOR CHILD</u>                           Defendant;

in said suit <u>PETITIONER HAS filed HIS ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS, MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOR TEMPORARY ORDERS HEARING</u>, asking, among other things, for the granting and issuance of a Writ of Temporary Restraining Order, to restrain the RESPONDENT   JULIA A HUBBARD as fully set out and prayed for in <u>ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS, MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOT TEMPORARY ORDERS HEARING</u>, copy of which is attached hereto and to which reference is made for the injunctive relief sought by the <u>PETITIONER</u> ; upon presentation and consideration of said pleading the Honorable <u>J. ANDREW HATHCOCK</u> has entered in said cause the following, to-wit: Copy of order attached to writ served. And whereas, bond (if required) has been filed and approved; These are therefore, to RESTRAIN, and you, the said JULIA A HUBBARD are hereby made RESTRAINED as fully set out and prayed for in the <u>ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS, MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOR TEMPORARY ORDERS HEARING</u> copy of which is attached hereto, made a part hereof and to which reference is hereby made for a full and complete statement of the injunctive relief sought by the <u>PETITIONER</u>.  And you are further notified that the hearing on the Application for Temporary Injunction is set at the Travis County Courthouse, in the City of Austin, Travis County, Texas, on <u>NOVEMBER 14, 2019 at 8:31 A.M.</u>, at which time you are required to appear and show cause, if any, why said injunction should not be granted as prayed for.

HEREIN FAIL NOT, TO OBEY THIS WRIT, under the Pains and Penalties prescribed by LAW!

Issued and given under my hand and seal of said Court at office, <u>November 04, 2019</u>

REQUESTED BY:                        CHECK
RICHARD HUBBARD                   THE MONITOR
28827 FINE ROAD                   IN HALL OUTSIDE
MARBLE FALLS, TEXAS 78654            DISTRICT
                                 CLERK'S OFFICE,
                                   ROOM 302,
                                 FOR ASSIGMENT
                                 OF THIS CASE.

                                                     **Velva L. Price**
                                                     **Travis County District Clerk**
                                                     **Travis County Courthouse**
                                                     **1000 Guadalupe, P.O. Box 679003 (78767)**
                                                     **Austin, TX 78701**


                                 PREPARED BY: LAURA LANCASTER

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____ , _____ at _____ o'clock ____M. , and executed at
_____ within the County of _____ on the
_____ day of _____ , _____ , at _____ o'clock ____ M., by delivering to the within named
_____ , at
_____ in _____
County, Texas, in person, a true copy of this Writ of Temporary Restraining Order and the ORIGINAL PETITION FOR
DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS, MOTION TO
EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOR TEMPORARY
ORDERS HEARING .

Service Fee: $ _____
                                                     _____
                                                     Sheriff / Constable / Authorized Person
Sworn to and subscribed before me this the

_____ day of _____, _____.          By:_____

                                                     _____
_____                 Printed Name of Server
Notary Public, THE STATE OF TEXAS
                                                     _____ County, Texas

**D-1-FM-19-006725**                   SERVICE FEE NOT PAID                    **P22 - 000001749**

🗇 Original      🗇 Service Copy         EXHIBIT B, page 29

**RUSH**
T E M P O R A R Y   R E S T R A I N I N G   O R D E R   W R I T
**RUSH**
T H E   S T A T E   O F   T E X A S
**CAUSE NO. D-1-FM-19-006725**

TO:   JULIA A HUBBARD

  ALEXANDRIA, VIRGINIA

GREETING:

WHEREAS, in certain cause pending on the docket of the 201ST JUDICIAL DISTRICT COURT of Travis County, Texas, being Cause No. D-1-FM-19-006725 wherein

  IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD                                    Plaintiff,

and JULIA A HUBBARD AND IN THEINTEREST OF S.L.H., A MINOR CHILD                      Defendant;

in said suit PETITIONER HAS filed HIS ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS,MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOR TEMPORARY ORDERS HEARING, asking, among other things, for the granting and issuance of a Writ of Temporary Restraining Order, to restrain the RESPONDENT  JULIA A HUBBARD as fully set out and prayed for in ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS,MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOT TEMPORARY ORDERS HEARING, copy of which is attached hereto and to which reference is made for the injunctive relief sought by the PETITIONER ; upon presentation and consideration of said pleading the Honorable J. ANDREW HATHCOCK has entered in said cause the following, to-wit: Copy of order attached to writ served. And whereas, bond (if required) has been filed and approved; These are therefore, to RESTRAIN, and you, the said JULIA A HUBBARD are hereby made RESTRAINED as fully set out and prayed for in the ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS,MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOR TEMPORARY ORDERS HEARING copy of which is attached hereto, made a part hereof and to which reference is hereby made for a full and complete statement of the injunctive relief sought by the PETITIONER.  And you are further notified that the hearing on the Application for Temporary Injunction is set at the Travis County Courthouse, in the City of Austin, Travis County, Texas, on NOVEMBER 14, 2019 at 8:31 A.M., at which time you are required to appear and show cause, if any, why said injunction should not be granted as prayed for.

HEREIN FAIL NOT, TO OBEY THIS WRIT, under the Pains and Penalties prescribed by LAW!

Issued and given under my hand and seal of said Court at office, November 04, 2019

REQUESTED BY:
RICHARD HUBBARD
28827 FINE ROAD
MARBLE FALLS, TEXAS 78654

CHECK
THE MONITOR
IN HALL OUTSIDE
DISTRICT
CLERK'S OFFICE,
ROOM 302,
FOR ASSIGMENT
OF THIS CASE.

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: LAURA LANCASTER

-- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____ , _____ at _____ o'clock ____M. , and executed at

_____ within the County of _____ on the

_____ day of _____ , _____ , at _____ o'clock ____ M., by delivering to the within named

_____ , at

_____ in _____

County, Texas, in person, a true copy of this Writ of Temporary Restraining Order and the ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS,MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOR TEMPORARY ORDERS HEARING .

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

**D-1-FM-19-006725**                         CONSTABLE-CMRRR                         **P22 - 000001750**

☐ Original       ☐ Service Copy       EXHIBIT B, page 30

11/13/2019 6:11 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Aaron Cobb

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

**Cause Number** D-1-FM-19-006725

*Complete this section so that it looks exactly like the Petition filed in your case.*

IN THE MATTER OF THE MARRIAGE OF

Richard Lane Hubbard

In the *(check one):*

201 — *Court Number*   ☒ District Court

☐ County Court at Law

☐ Justice Court (JP)

AND

Julia Alexis Hubbard

*Precinct* Travis

County, Texas

AND IN THE INTEREST OF: (List all children you and your spouse have together who are under 18 or still in high school.)

1. Su⬛ L⬛ H⬛   2. _____   3. _____
4. _____   5. _____   6. _____

# Order on Motion for Continuance

On this date the Court considered the Motion for Continuance filed by:

Julia Alexis Hubbard .

*Print the full name of the party who filed the Motion for Continuance.*

and ORDERS that: *(Check all that apply.)*

a.   ☐   The Motion for Continuance is **GRANTED**.

b.   ☐   The hearing or trial originally set on __11__ / __14__ / __2019__ at __8:30__ ☒ a.m. ☐ p.m.

   is now set on _____ / _____ / _____ at _____ ☐ a.m. ☐ p.m.

   All parties are ORDERED to appear before the Court on the new date and time at this address:

   1000 Guadalupe, austin, TX 78701 .
   *Courthouse Address*                                          *City*          *State*          *Zip.*

c.   ☐   This is an agreed continuance. All parties have received proper notice of the new hearing or trial date. No further notice is required.

d.   ☐   The Motion for Continuance is **DENIED**.

SIGNED on _____   _____
                                        JUDGE PRESIDING

**APPROVED AS TO FORM AND SUBSTANCE:**

▶ _____   ▶ _____
Respondent's Signature          Petitioner's Signature

Julia Alexis Hubbard          _____
Respondent's Name (print)       Petitioner's Name (print)

PR-Cont-200 *Order on Motion for Continuance* (Rev. 04-2017)
© TexasLawHelp.org

EXHIBIT B, page 31

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

**Cause Number** D-1-FM-19-006725

*Complete this section so that it looks exactly like the Petition filed in your case.*

IN THE MATTER OF THE MARRIAGE OF

Richard Lane Hubbard

**In the** *(check one):*

201

*Court Number*

☒ District Court

☐ County Court at Law

☐ Justice Court (JP)

AND

Julia Alexis Hubbard

*Precinct*
Travis                County, Texas

AND IN THE INTEREST OF: (List all children you and your spouse have together who are under 18 or still in high school.)

1. S▮▮▮▮ L▮▮ H▮▮▮▮▮    2. _____    3. _____

4. _____    5. _____    6. _____

# Motion for Continuance and Notice of Hearing

1. My name is: <u>Julia</u>               <u>Alexis</u>               <u>Hubbard</u>               .
   *First*                      *Middle*                      *Last*

2. I am the <u>Respondent</u>                                         in this case.

3. This case is presently set for a hearing or trial on <u>11</u> / <u>14</u> / <u>2019</u> .
   *Month*    *Day*    *Year*

4. I ask the Court to change the date of the hearing or trial to a later date because: *(Check all that apply.)*

   ☒ I currently live out of state and need time to obtain proper legal representation, get to Texas and gather documentation for court

   ☒ I did not get at least 3 days' notice of this hearing.

   ☐ I did not get at least 10 days' notice of this **contempt/enforcement** hearing.

   ☐ I did not get at least 45 days' notice of this **final** hearing or trial, which did not give me enough time to prepare for the hearing. The lack of notice was not reasonable and violated my due process rights as well as Rule 245 of the Texas Rules of Civil Procedure.

   ☒ I need time to hire a lawyer.

   ☒ I need time to get legal advice and get ready to represent myself at the hearing.

   ☒ Other: (see attached)

5. This continuance is not sought solely for delay but that justice may be done. I ask the Court to grant my Motion for Continuance.

Respectfully submitted,

▶

| | |
|---|---|
| _____ | _____ |
| *Your Signature* | *Date* |
| Julia Alexis Hubbard | 571-344-8175 |
| *Your Printed Name* | *Phone* |
| ▮▮▮▮▮▮ alexandria, VA 22312 | |
| *Mailing Address* | *City*          *State*          *Zip* |
| julia.a.hubbard@gmail.com | |
| *Email Address* | *Fax Number (if available)* |

EXHIBIT B, page 32

# Notice of Hearing

The above motion is set for hearing on 11/14/2019 _____ at _8_ : _30_ ☒ a.m. ☐ p.m.

at the _Travis_ _____ County Courthouse, located at:

1000 Guadalupe, austin, TX 78701 _____

*Physical Address of Courthouse*                  *City*      *State*      *Zip*

▶ _____

*Signature of Judge or Clerk (if required in your County)*

# Declaration (Pursuant to Texas Civil Practice & Remedies Code 132.002)

My full name is: __Julia Alexis Hubbard__ _____,

my date of birth is: ▮▮▮▮▮▮▮ / _1981_ , and my address is: _____

▮▮▮▮▮▮▮alexandria, VA 22312 _____

and _United States of America_ _____.

       *Country*

I declare **under penalty of perjury** that: 1) I am the person asking for a continuance, 2) I have read this Motion for Continuance, and 3) the statements in this Motion for Continuance are within my personal knowledge and are true and correct.

Executed *(formally signed)* in _____ County, Texas on this date: _____.

▶ _____

*Signature of Party Asking for Continuance*

# Certificate of Service

I certify that I delivered a copy of this document to each party in this case, or if a party is represented by a lawyer to the party's lawyer, by: *(Check one.)*

☐ Hand delivery to the other party: _____

☐ Hand delivery to the other party's lawyer: _____

☒ Email to this email address: _Richard Lane Hubbard_ at rick@ecoloft.us; _____

☐ Certified mail, return receipt requested to this address: *(Note: This method may take too long.)*

_____

☐ Commercial delivery service (for example FedEx) to this address:

_____

☐ Fax to fax #: _____

☒ Electronic service through the electronic filing manager. *(Note: The method is required if you electronically file (e-file) this document and the email address of your spouse or your spouse's attorney is on file with the electronic file manager.)*

▶ _____        _____

*Signature of Party Asking for Continuance*        *Date*

Other Reasons for the Continuance – Additional Discovery Needed (Witness Deposition)

A witness deposition is needed in my case.

The witness, Kayla Claire Goedinghaus _____ ,

lives at ███████████████████ , TX 78654 _____

in Travis _____ County.

In their testimony, I expect the witness to say:

she is currently still be victimized by Rick and may recant

This testimony is important to my case because:

she has first hand knowledge of his abuse and drug habits

This testimony will prove:

he is a dangerous man and drug addict

I have tried to depose the witness in the past by:

I have recorded calls and statements

Discovery date end:

EXHIBIT B, page 34

Other Reasons for the Continuance – Additional Discovery Needed

I need the following test results for my case:

Description of the evidence:
drug test

The evidence will be obtained from:
licensed doctor

The evidence will show and prove
history of drug abuse

This evidence is important to my case because:
He has a long standing problem with cocaine, and other illegal substances

I have not received the test results yet because:
I need legal help to do so

I have tried to get this evidence by:

☐ Asking the following opposing party (or parties) or their attorney(s):

_____
_____
_____
_____
_____

☐ Requesting the test results from: _____

☒ Other:
I need legal help to request and get more and in depth testing and results

I cannot get this evidence any other way.

Discovery date end:

Other Reasons for the Continuance – Additional Discovery Needed

I need the following records for my case:

Description of the evidence:
School, medical, CPS, police

The evidence will be obtained from:
School, CPS, Austin or Travis Police authorities

The evidence will show and prove
Petitoners criminal record, protective orders against him, CPS records of abuse

This evidence is important to my case because:
My daughter is in danger

I have not received these records yet because:
I am trying to get legal aide and help obtaining them currently

I have tried to get this evidence by:

☐ Asking the following opposing party (or parties) or their attorney(s):

_____
_____
_____
_____
_____

☐ Requesting the records from: _____

☒ Other:
   researching public records, talking with investigators, applying for legal aide

I cannot get this evidence any other way.

Discovery date end:

Other Reasons for the Continuance – Additional Discovery Needed

I need copies of the following bills for my case:

Description of the evidence:
his personal and company banking reports, medical bills, and phone bills

The evidence will be obtained from:
subponea discovery

The evidence will show and prove
his long standing history of fraud, misapproiation of funds

This evidence is important to my case because:
because he is threatening to sue me over his costs, and using inflated financial amounts

I have not received these bills yet because:
I am afraid of him, and he would refuse or make up false ones.

I have tried to get this evidence by:
☐ Asking the following opposing party (or parties) or their attorney(s):

_____
_____
_____
_____
_____

☐ Requesting copies of the bills from: _____

☒ Other:
nothing. I need legal help

I cannot get this evidence any other way.

Discovery date end:

Other Reasons for the Continuance – Additional Discovery Needed

I need the following messages for my case:

Description of the evidence:
Protective Orders against him

The evidence will be obtained from:
Austin Police Department and or CPS

The evidence will show and prove
He is a danger to my child

This evidence is important to my case because:
he threatened to kill his current girlfriend's daughter who has since been removed from their home by CPS

I have not received the evidence yet because:
I have copies of her order

I have tried to get this evidence by:

☐ Asking the following opposing party (or parties) or their attorney(s):

_____
_____
_____
_____
_____

☐ Requesting the evidence from: _____

☒ Other:
it is online

Discovery date end:

*Notice of an Application for Protective Order*

FILED FOR RECORD
2019 OCT 18 AM 11:34
DANA DeBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS

**KAYLA GOEDINGHAUS Applicant**
Vs.
**RICHARD HUBBARD Respondent**

**THE STATE OF TEXAS**
Cause No. C-1-CV-19-008481
To:
**RICHARD HUBBARD**
**28827 FINE RD.**
**MARBLE FALLS, TX 78654**

An application for a protective order has been filed in the court stated in this notice alleging that you have committed family violence. You may employ an attorney to defend yourself against this allegation. You or your attorney may but are not required to file a written answer to the application. Any answer must be filed before the hearing on the application. If you receive this notice within 48 hours before the time set for the hearing, you may request the court to reschedule the hearing not later than 14 days after the date set for the hearing. If you do not attend the hearing, a default judgment may be taken and a protective order may be issued against you.
The application for protective order was filed on October 16, 2019.

You are commanded to appear before County Court-at-Law No.4 at the *Travis County Criminal Justice Center, 509 West 11th Street, 3rd Floor, Austin, TX* at **8:30 a.m.** on OCTOBER 25, 2019 to show cause, if any you have, why this application for Protective Order should not be granted.
Given under my hand and seal of Dana DeBeauvoir, County Clerk October 17, 2019.

County Clerk, Travis County, Texas
P.O. Box 149325, Austin, Texas 78714-9325
By Deputy: _____ L. SERRANO

**Attorney for Plaintiff:**
**HILARY LYNN RILEY**
**PO BOX 1748**
**AUSTIN, TX 78767-1748**

----------OFFICER'S RETURN----------

Came to the hand on the 17 day of October , 2019 at 2:52 o'clock P M.
Executed at Marble Falls TX 78654 within County of TEXAS at 5:52 o'clock P M on the 17 day of October , 2019, by delivering to the within named Richard Hubbard true copy of this citation together with the accompanying copy of the petition having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

To certify which, witness my hand officially.

of _____ #5 _____ County, Texas
By Deputy Patrick Pace

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas


COMPLETED

CONSTABLE PRECINCT 5
TRAVIS COUNTY TEXAS
RECEIVED
2019 OCT 17 PM 2:52
28827 FINE RD

*TEMPORARY EX PARTE ORDER*  FILED FOR RECORD

THE STATE OF TEXAS
To:
**RICHARD HUBBARD** - GREETING:
**28827 FINE RD.**
**MARBLE FALLS, TX  78654**

2019 OCT 18 AM 11: 34

DANA DEBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS

WHEREAS, in Cause No.C-1-CV-19-009481 Pending on the docket of the
County Court At Law #4, Travis County, Texas, wherein **KAYLA
GOEDINGHAUS** is Applicant and **RICHARD HUBBARD** is Respondent, the
Applicant has filed an Original Application for a Protective Order,
asking among other things, for the granting and issuance of a
Temporary Ex-Parte Order, to restrain the Respondent RICHARD HUBBARD
as fully set out and prayed for in the Application for a Protective
Order, a certified copy of which is attached and made a part hereof
and to which reference is hereby made for consideration of said
petition, the Honorable **TODD T WONG** has entered in said cause the
following, to wit: See attached copy of order served with this notice.

AND WHEREAS, BOND (if required) has been waived;
THESE ARE, THEREFORE, to restrain, and you the said **RICHARD HUBBARD**
are hereby restrained as fully set out and prayed for in the
Application for Protective Order and Temporary Ex-Parte Protective
Order and Show Cause Order, a certified copy of which is attached
hereto, made a part hereof and to which reference is hereby made for
full complete statement of the injunctive relief sought by the
Applicant.

AND YOU ARE FURTHER NOTIFIED that the hearing on Applicant's
Application for a Protective Order is set for **OCTOBER 25, 2019 at 8:30
a.m.** in the *County Court at Law No. 4, Travis County Criminal Justice
Center, 509 West 11th St, 3rd Floor, in the City of Austin,* at which
time you are required to appear and show cause, if any, why said
Protective Order should not be granted as prayed for.
HEREIN FAIL NOT to obey this writ, under the pains and penalties
prescribed by Law!
Issued and given under my hand and seal of office on October 17, 2019.

Dana DeBeauvoir
County Clerk, Travis County, Texas
P.O. Box 149325, Austin, Texas 78714-9325

By Deputy J SERRANO

---------------------- OFFICER'S RETURN ----------------------

Came to hand on the _17_ day of _October_ , 20_19_ at _252_ o'clock _P_ M,

and executed the _17_ day of _October_ , 20_19_ at _532_ o'clock _P_ M, by

delivery to the within named _Richard Hubbard_ at _28827 Flm Rd Marble Falls TX 78654_ in

_TRAVIS_ County, Texas, in person, a true copy of this Notice the

accompanying copy attached thereto.

To certify which witness my hand officially.

of _____ County, Texas

By Deputy _Pat Quett #552_

_Patrick Paed._

12A - 000006084
C-1-CV-19-008481.

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas

UNOFFICIAL

CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS

2019 OCT 17 PM 2:52

RECEIVED



**RUSH**

TEMPORARY RESTRAINING ORDER WRIT
THE STATE OF TEXAS
**CAUSE NO. D-1-FM-19-006725**

**RUSH**

TO: JULIA A HUBBARD

ALEXANDRIA, VIRGINIA
GREETING:

WHEREAS, in certain cause pending on the docket of the 201ST JUDICIAL DISTRICT COURT of Travis County, Texas, being Cause No. D-1-FM-19-006725 wherein
IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD

Plaintiff,

and JULIA A HUBBARD AND IN THE INTEREST OF S.L.H., A MINOR CHILD

Defendant;

in said suit PETITIONER HAS filed HIS ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS,MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOR TEMPORARY ORDERS HEARING, asking, among other things, for the granting and issuance of a Writ of Temporary Restraining Order, to restrain the RESPONDENT  JULIA A HUBBARD as fully set out and prayed for in ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS,MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOT TEMPORARY ORDERS HEARING, copy of which is attached hereto and to which reference is made for the injunctive relief sought by the PETITIONER ; upon presentation and consideration of said pleading the Honorable J. ANDREW HATHCOCK has entered in said cause the following, to-wit: Copy of order attached to writ served. And whereas, bond (if required) has been filed and approved; These are therefore, to RESTRAIN, and you, the said JULIA A HUBBARD are hereby made RESTRAINED as fully set out and prayed for in the ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS,MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOR TEMPORARY ORDERS HEARING copy of which is attached hereto, made a part hereof and to which reference is hereby made for a full and complete statement of the injunctive relief sought by the PETITIONER.  And you are further notified that the hearing on the Application for Temporary Injunction is set at the Travis County Courthouse, in the City of Austin, Travis County, Texas, on NOVEMBER 14, 2019 at 8:31 A.M., at which time you are required to appear and show cause, if any, why said injunction should not be granted as prayed for.

HEREIN FAIL NOT, TO OBEY THIS WRIT, under the Pains and Penalties prescribed by LAW!

Issued and given under my hand and seal of said Court at office, November 04, 2019

REQUESTED BY:
RICHARD HUBBARD
28827 FINE ROAD
MARBLE FALLS, TEXAS 78654

CHECK
THE MONITOR
IN HALL OUTSIDE
DISTRICT
CLERK'S OFFICE,
ROOM 302,
FOR ASSIGMENT
OF THIS CASE.

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: LAURA LANCASTER

-- - -- - -- - -- - -- - R E T U R N -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____ , _____ at _____ o'clock ____M. , and executed at
_____ within the County of _____ on the
_____ day of _____ , _____ , at _____ o'clock ____ M., by delivering to the within named
_____ , at
_____ in _____

County, Texas, in person, a true copy of this Writ of Temporary Restraining Order and the ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER, INTERIM ORDER AND ORDER SETTING HEARING FOR TEMPORARY ORDERS,MOTION TO EXTEND TEMPORARY RESTRAINING ORDER AND EXTENDED TEMPORARY RESTRAINING ORDER AND ORDER TO APPEAR FOR TEMPORARY ORDERS HEARING .

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____ , _____.

Notary Public, THE STATE OF TEXAS

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas
Sheriff / Constable / Authorized Person

By:_____
Printed Name of Server

_____ County, Texas

**D-1-FM-19-006725**                    CONSTABLE-CMRRR                    **P22 - 000001750**

☐ Original          ☐ Service Copy                              EXHIBIT B, page 42

Cause No.: D1FM19006725

| | | |
|---|---|---|
| Plaintiff: | {} | In the 201st District Court |
| | {} | TRAVIS County |
| IN THE MATTER OF THE MARRIAGE OF: RICHARD HUBBARD | {} | |

Defendant:

JULIA HUBBARD AND IN THE
INTEREST OF S.L.H., A MINOR
CHILD

### Officer's Return

Came to hand November 05, 2019 at 8:07 A.M. A true copy of the Writ of
Temporary Restraining and the Original Petition for Divorce, Travis County
Standing Order, Interim Order and Order Setting Hearing for Temporary
Orders, Motion to Extend Temporary Restraining Order and Extended
Temporary Restraining Order and Order to Appeal for Temporary Orders
Hearing was mailed on November 05, 2019 to HUBBARD, JULIA A at ▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮ALEXANDRIA VA 22312, by certified mail, number 7018
3090 0002 0429 9370 return receipt requested, restricted delivery, there has
been no response from the post office.  Service of process is being returned
to court unexecuted, court date has expired.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas

by:_____

Deputy



1/30/2020 6:33 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-FM-19-006725**
**Aaron Cobb**

CAUSE NUMBER D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| AND | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JULIA A. HUBBARD, | § | |
| | § | |
| *Respondent*, | § | |
| | § | |
| AND IN THE INTEREST OF S.L.H., | § | |
| A MINOR CHILD | § | 201st JUDICIAL DISTRICT |

### RESPONDENT'S ORIGINAL ANSWER AND GENERAL DENIAL

NOW COMES JULIA A. HUBBARD (hereinafter referred to as "Respondent"), who answers the *Original Petition for Divorce* filed in the above-captioned matter by RICHARD HUBBARD (hereinafter referred to as "Petitioner") as follows:

### GENERAL DENIAL

Respondent hereby enters a general denial in response to Petitioner's *Original Petition for Divorce* filed in the above-captioned matter in accord with the TEXAS RULES OF CIVIL PROCEDURE, and in particular TEXAS RULE OF CIVIL PROCEDURE 92, and demands strict proof of all of Petitioner's assertions and requests for relief.

WHEREFORE, Respondent, JULIA A. HUBBARD, requests that the Court deny Petitioner's claims for relief, tax all court costs against Petitioner, and award Respondent such other and further relief, whether general or special, in law or in equity, to which she may show himself to be justly

RESPONDENT'S ANSWER AND GENERAL DENIAL                                                              Page 1

entitled.

Respectively submitted,

**JULIA A. HUBBARD**

By:     /s/ Julia A. Hubbard
        Julia A. Hubbard
        *Pro Se*

        ▆▆▆▆▆▆▆▆▆▆▆
        Alexandria, Virginia 22312

        (571) 344-8175

        julia.a.hubbard@gmail.com

        **RESPONDENT**

**CERTIFICATE OF SERVICE**

        I hereby certify that a true and correct copy of the foregoing document was delivered *via* the
e-filing court filing system and via [  ] hand delivery [ √ ] facsimile transmission [  ] certified mail,
return receipt requested, postage prepaid, as required by law, on February 3rd, 2020, to:

        Christopher Merritt, Esq.
        MERRITT LAW
        609 West 10th Street
        Austin, Texas 78701

        *via Facsimile: (512) 366-9084*

        *via Email:*     chris@merrittlawtx.com

                                /s/ Julia A. Hubbard
                                JULIA A. HUBBARD

**RESPONDENT'S ANSWER AND GENERAL DENIAL**                                Page 2

1/30/2020 6:33 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Aaron Cobb

CAUSE NUMBER D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| AND | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JULIA A. HUBBARD, | § | |
| | § | |
| *Respondent*, | § | |
| | § | |
| AND IN THE INTEREST OF S.L.H., | § | |
| A MINOR CHILD | § | 201st JUDICIAL DISTRICT |

### RESPONDENT'S ORIGINAL ANSWER AND GENERAL DENIAL

NOW COMES JULIA A. HUBBARD (hereinafter referred to as "Respondent"), who answers the *Original Petition for Divorce* filed in the above-captioned matter by RICHARD HUBBARD (hereinafter referred to as "Petitioner") as follows:

### GENERAL DENIAL

Respondent hereby enters a general denial in response to Petitioner's *Original Petition for Divorce* filed in the above-captioned matter in accord with the TEXAS RULES OF CIVIL PROCEDURE, and in particular TEXAS RULE OF CIVIL PROCEDURE 92, and demands strict proof of all of Petitioner's assertions and requests for relief.

WHEREFORE, Respondent, JULIA A. HUBBARD, requests that the Court deny Petitioner's claims for relief, tax all court costs against Petitioner, and award Respondent such other and further relief, whether general or special, in law or in equity, to which she may show himself to be justly

RESPONDENT'S ANSWER AND GENERAL DENIAL                                    Page 1

entitled.

Respectively submitted,

**JULIA A. HUBBARD**

By:     /s/ Julia A. Hubbard
             Julia A. Hubbard
             *Pro Se*

             ███████████████
             Alexandria, Virginia 22312

             ███████████████

             julia.a.hubbard@gmail.com

**RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was delivered *via* the e-filing court filing system and via [ ] hand delivery [ ✓ ] facsimile transmission [ ] certified mail, return receipt requested, postage prepaid, as required by law, on February 3ʳᵈ, 2020, to:

        Christopher Merritt, Esq.
        MERRITT LAW
        609 West 10ᵗʰ Street
        Austin, Texas 78701

        *via Facsimile: (512) 366-9084*

        *via Email:*    chris@merrittlawtx.com

                        /s/ Julia A. Hubbard
                        JULIA A. HUBBARD

**RESPONDENT'S ANSWER AND GENERAL DENIAL**        Page 2

Filed in The District Court
of Travis County, Texas

FEB 0 4 2020   JG

At ___4:20___ P.M.
Velva L. Price, District Clerk

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

CAUSE NUMBER D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| AND | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JULIA A. HUBBARD, | § | |
| | § | |
| *Respondent,* | § | |
| | § | |
| AND IN THE INTEREST OF S.L.H., | § | |
| A MINOR CHILD | § | 201st JUDICIAL DISTRICT |

**RESPONDENT'S APPLICATION FOR EMERGENCY RELIEF**

NOW COMES JULIA A. HUBBARD (hereinafter referred to as "Respondent" or "Mother"),

who files this application for emergency relief requesting that this Honorable Court enter temporary

and protective orders to ensure the safety and welfare of herself and the child who is the subject of

the above-captioned matter (hereinafter referred to as the "Child"), all as is more particularly

described as follows:

**JUDICIAL NOTICE**

1.    Mother requests that this Honorable Court take judicial notice of the documents and sworn

testimony presented by the application of Kayla Goedinghaus for a protective order from the

Petitioner and Father of the Child, Richard Hubbard, in a matter assigned Cause Number

C-1-CV-19-008481, as well as the relief ordered by the Travis County Court at Law Number

4, where that matter is pending.

**RESPONDENT'S APPLICATION FOR EMERGENCY RELIEF**                                        Page 1

**EMERGENCY CIRCUMSTANCES**

2.      Father is currently in possession of the Child.

3.      Kayla Goedinghaus has signed an *Affidavit*, attached hereto as Exhibit "A", describing the

        emergency circumstances, all of which is hereby incorporated herein as if set forth at length.

        Upon this and other information, the Child's life and well-being is in immediate jeopardy,

        and Mother requests that the Court grant immediate relief as follows.

4.      Father's counsel has withdrawn from this matter and Father reacts irrationally and

        aggressively to requests for communication.  Father has refused to turn over the Child to

        Mother's possession in contempt of this Court's order, and has threatened the life of the

        Mother and the life of the Child.  See *Affidavit* attached as Exhibit "B" which is hereby

        incorporated herein as if set forth at length.

**MOTION TO MODIFY PRIOR ORDER**

5.      Mother avers that the Father's circumstances have materially and substantially changed since

        the entry of the order in the above-captioned matter, and requests that the Court modify the

        order.

6.      Mother requests that such modification be made retroactive to the date of Father's filing.

7.      Mother avers that the order as requested above is in the best interest of the Child.

**REQUEST FOR TEMPORARY ORDERS**

8.      Mother requests the Court, to make temporary orders for the safety, welfare, possession,

        and support of the Child who is the subject of this suit.

9.      Mother further requests that the Court make such orders as are necessary in order to (1)

        attach the body of the Child, (2) take the Child into the possession of the Court or a

person designated by the Court, and (3) exclude Petitioner and Father, Richard Hubbard,

from possession of or access to the Child

WHEREFORE, PREMISES CONSIDERED, Respondent prays that this Honorable Court

enter such temporary, injunctive, protective, and restraining orders as may be appropriate for the

safety, welfare, possession, and support of the Child, and in order to (1) attach the body of the Child,

(2) take the Child into the possession of the Court or a person designated by the Court, and (3)

exclude Petitioner and Father, Richard Hubbard, from possession of or access to the Child, together

with whatsoever further and other relief, whether in law or in equity, to which Respondent may show

herself justly entitled.

Respectively submitted,
**JULIA A. HUBBARD**

By:     /s/ Julia A. Hubbard_____
        Julia A. Hubbard
        *Pro Se*

        ▮▮▮▮▮▮▮
        Alexandria, Virginia 22312

        ▮▮▮▮▮▮
        julia.a.hubbard@gmail.com

        **RESPONDENT**

CAUSE NUMBER D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| AND | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JULIA A. HUBBARD, | § | |
| | § | |
| *Respondent,* | § | |
| | § | |
| AND IN THE INTEREST OF S.L.H., | § | |
| A MINOR CHILD | § | 201st JUDICIAL DISTRICT |

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR EMERGENCY RELIEF**

BEFORE ME, the undersigned Notary Public, on this day personally appeared JULIA A. HUBBARD, who being by me duly sworn on her oath stated as follows:

1.  My name is Julia A. Hubbard. I am over the age of 18 years, have never been convicted of a felony or a crime involving moral turpitude, and am competent to make this *Affidavit*. The following facts are true, correct, and within my personal knowledge.

2.  Counsel for Richard Hubbard has withdrawn from his representation and Richard Hubbard (hereinafter the "Father") reacts irrationally and aggressively to requests for communication. Father is a resident of Travis County, Texas.

3.  Father has refused to turn over the child who is the subject of this lawsuit (hereinafter the "Child") to Mother's possession in contempt of this Court's order. The Child is currently in Travis County, Texas.

4.  The Father has threatened my life and the life of the Child.

5.  The Father engages in sex trafficking and domestic violence. Further, the Father is addicted to meth.

6.  The Father is currently under immense psychological stress and his exhibitions of irrational behavior are increasing with time.

7.      The Father has threatened to kill me and the Child, and I believe that this threat is genuine.

8.      If immediate relief is not granted by the Court, then the Child will suffer great harm.

9.      The relief sought herein is in the best interest of the Child.


Signed this ___4___ day of _Februany____, 2020.

_Julia Hubbard_____
                                            JULIA A. HUBBARD


        BEFORE ME, the undersigned Notary Public, on this day personally appeared JULIA A. HUBBARD, who being by me duly sworn on his oath, deposed and said that every statement of fact within the foregoing *Affidavit* is within her personal knowledge and is true and correct.


        SUBSCRIBED AND SWORN TO before me the __4__ day of __Febraury____, 2020.

```
ABIGAIL WELLER
My Notary ID # 132098497
Expires July 23, 2023
```

_Abigail Weller_____
        Notary Public in and for the State of Texas

CAUSE NUMBER D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| AND | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JULIA A. HUBBARD, | § | |
| | § | |
| *Respondent,* | § | |
| | § | |
| AND IN THE INTEREST OF S.L.H., | § | |
| A MINOR CHILD | § | 201st JUDICIAL DISTRICT |

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR EMERGENCY RELIEF**

BEFORE ME, the undersigned Notary Public, on this day personally appeared KAYLA GOEDINGHAUS , who being by me duly sworn on her oath stated as follows:

1.  My name is Kayla Goedinghaus. I am over the age of 18 years, have never been convicted of a felony or a crime involving moral turpitude, and am competent to make this *Affidavit*. The following facts are true, correct, and within my personal knowledge.

2.  The father of the child who is the subject of the above-captioned lawsuit (hereinafter the "Father") has incurred debts with certain individuals and is unable to repay those individuals.

3.  In order to secure re-payment, those individuals have attempted to kidnap the child who is the subject of the above-captioned lawsuit (hereinafter the "Child"), and I believe those individuals will continue to attempt to kidnap the Child until they are successful. This attempt was recorded on film which I will make available to the Court upon request.

4.  The Father engages in sex trafficking and domestic violence, as well as any number of illegal and immoral activities, all of which were the subject of my application for protective order which was just granted in the Travis County Court at Law Number 4 in a lawsuit designated as Cause Number C-1-CV-19-008481.

5.  The Father is currently under immense psychological stress and his exhibitions of irrational behavior are increasing with time.

**EXHIBIT "A" AFFIDAVIT OF KAYLA GOEDINGHAUS**                    Page 1 of 2

6.   The Father has threatened to kill the Child, and I believe that this threat is genuine.

7.   If immediate relief is not granted by the Court, then the Child will suffer great harm.

Signed this ____4____ day of February, 2020.



KAYLA GOEDINGHAUS

    BEFORE ME, the undersigned Notary Public, on this day personally appeared KAYLA GOEDINGHAUS, who being by me duly sworn on his oath, deposed and said that every statement of fact within the foregoing *Affidavit* is within her personal knowledge and is true and correct.

    SUBSCRIBED AND SWORN TO before me the ____4____ day of ____February____, 2020.

ABIGAIL WELLER
My Notary ID # 132098497
Expires July 23, 2023

_____
Notary Public in and for the State of Texas

**EXHIBIT "A" AFFIDAVIT OF KAYLA GOEDINGHAUS**                 Page 2 of 2

Filed in The District Court
of Travis County, Texas

FEB 0 4 2020 **JG**

At_____8:01_____ Ａ.M.
Velva L. Price, District Clerk

# NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

CAUSE NUMBER D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| RICHARD HUBBARD | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| AND | § | TRAVIS    COUNTY, |
| | § | TEXAS |
| JULIA A. HUBBARD, | § | |
| | § | |
| *Respondent*, | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| S.L.H., | § | |
| A MINOR CHILD | | 201st    JUDICIAL |
| | | DISTRICT |

## RESPONDENT'S FIRST AMENDED ANSWER AND
## REQUEST FOR EMERGENCY TEMPORARY ORDER

NOW COMES JULIA A. HUBBARD (hereinafter referred to as "Respondent" or

"Mother"), who files this amended answer reasserting her general denial and requesting

(1) that the orders signed and entered by this Honorable Court in the above-captioned

matter be modified, (2) that the Court enter a temporary order pending trial, and (3)

requesting that this Honorable Court set her request for a temporary order for hearing,

all as is more particularly described as follows:

### GENERAL DENIAL

1.      Mother generally denies all of the matters pled by Plaintiff in accord with Texas

RESPONDENT'S FIRST AMENDED ANSWER AND REQUEST FOR TEMPORARY ORDER             Page 1

law and the Texas Rules of Civil Procedure, as asserted in her original *Answer*.

## MOTION TO MODIFY SUPPORT ORDER

2.      Mother avers that the Father's circumstances have materially and substantially changed since the entry of the order in the above-captioned matter, and requests that the Court modify the order.

3.      Mother requests that such modification be made retroactive to the date of Father's filing.

4.      Mother avers that the order as requested above is in the best interest of the Child.

## REQUEST FOR TEMPORARY ORDERS

5.      Mother requests the Court, after notice and hearing, to make temporary orders for the safety, welfare, possession, and support of the Child who is the subject of this suit, including an order commanding Father to comply with the orders entered in the above-styled matter, and to immediately surrender and turn over the Child to the possession and care of Mother.

6.      Attached is a copy of the active protective order detailing many of the dangers and violent situations Summer faces daily.  Production of a video of a failed armed kidnapping attempt at Rick Hubbard's last known home address at 28827 Fine Road, Marble Falls Tx 78654, can be provided up upon request.

7.      Evidence can be found at the home as well, where Rick Hubbard fired a firearm inside of his home barely missing the head of Summer Lane Hubbard.

8.      Attachments from the last known significant order, as listed by the petitioner Rick Hubbard, for current protective orders, as well as protective orders being sought for   from

RESPONDENT'S FIRST AMENDED ANSWER AND REQUEST FOR TEMPORARY ORDER          Page 2

myself, as well as my child, that  the  respondent, has violated as late as today February 3, 2020. Police reports can be produced upon request.

9.     Richard Hubbard has made public social media announcements stating that no government or law enforcement agency would ever keep him from taking and keeping S███████ L███ H██████ He has made multiple threatening statements toward law enforcement agencies, Julia A. Hubbard, and Kayla Goedinghaus concerning endangering anyone who came between him and continual sole access to child.

     WHEREFORE, PREMISES CONSIDERED, Respondent prays that the Court, after notice and hearing, enter an *Order* granting the immediate emergency temporary order requested by Respondent herein while this case is pending, and then enter a *Judgment* modifying the terms and conditions of the existing order as requested by Respondent above, together with whatsoever further and other relief, whether in law or in equity, to which Respondent may show herself justly entitled.

                         Respectively submitted,
                         **JULIA A. HUBBARD**

                    By:    /s/ Julia A. Hubbard

Julia A. Hubbard
*Pro Se*

███████████

Alexandria, Virginia 22312

███████████

julia.a.hubbard@gmail.com

**RESPONDENT**

### CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was delivered *via* the e-filing court filing system and via [  ] hand delivery [  ] facsimile transmission [ x ] certified mail, return receipt requested, postage prepaid, as required by law, on February 3rd, 2020, to:

RESPONDENT'S FIRST AMENDED ANSWER AND REQUEST FOR TEMPORARY ORDER          Page 3

Richard Hubbard
Pro se
28827 Fine rd
Marble Falls Tx 78654


/s/ Julia A. Hubbard _____ Julia A. Hubbard

EXHIBIT B, page 59

Filed: 1/31/2020 8:58 AM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-19-008481
Jessica Serrano

## Cause No. <u>C-1-CV-19-008481</u>

| | | |
|---|---|---|
| STATE OF TEXAS<br>FOR THE PROTECTION OF | | |
| <u>Kayla Goedinghaus,</u><br>Applicant | § | IN THE COUNTY COURT |
| vs. | § | AT LAW NO. 4 |
| <u>Richard Hubbard,</u><br>Respondent | § | TRAVIS COUNTY, TEXAS |

### <u>FIRST AMENDED APPLICATION FOR PROTECTIVE ORDER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

1. **Application.** The Travis County Attorney's Office is making this First Amended Application for Protective Order on behalf of <u>Kayla Goedinghaus</u> for the protection of and in the best interest of persons alleged to be victims of family violence, sexual assault and/or stalking. Applicant requests the Honorable Court to issue a Protective Order pursuant to Chapter 85 of the Texas Family Code and/or Chapter 7A of the Texas Code of Criminal Procedure.

2. **Parties.** The State makes its appearance in this cause pursuant to Section 82.002 of the Texas Family Code, and/or Chapter 7A.01 of the Texas Code of Criminal Procedure. Applicant is <u>Kayla Goedinghaus</u>, who resides in <u>Travis</u> County, Texas. Respondent, <u>Richard Hubbard</u>, resides in <u>Travis</u> County, Texas. Respondent's address for service of process is <u>28827 Fine Rd., Marble Falls</u>, Texas 78654.

3. **Relationship of Parties.** The relationship between <u>Kayla Goedinghaus</u> and Respondent is <u>former dating relationship</u>.

4. **Grounds.** Respondent has engaged in conduct that constitutes family violence, or a felony offense involving family violence against the Applicant and such conduct constitutes a continuing threat of family violence in the foreseeable future, sexual assault and/or stalking. Due to the immediacy of this Application and the unavailability of documentation, any copy of a decree or expired protective order which may be required pursuant to Section 82.006 and 82.008 of the Texas Family Code will be filed with this Court before the hearing on this Application.

5. **Immediate Order Sought.** As shown by the detailed facts alleged in the affidavit attached to this Application and incorporated herein by this reference for all purposes, there is a clear and present danger of family violence, sexual assault and/or stalking if a Temporary Ex Parte Protective Order is not granted. Applicant therefore requests that the Court immediately and without hearing issue a Temporary Ex Parte Protective Order prohibiting Respondent from the following acts until a hearing can be held:

a)  committing acts of family violence, sexual assault or stalking against the Applicant or any member of the Applicant's family or household;

b)  communicating in a threatening or harassing manner with the Applicant or any member of the Applicant's family or household;

c)  going within 200 yards of the following persons and/or places, except as necessary for court proceedings

| Kayla Goedinghaus | | | Travis County, Texas | |
|---|---|---|---|---|
| Name   (residence, workplace) | | Address | City | State |
| D▊▊▊ B▊▊▊▊▊ | | | Travis County, Texas | |
| Name   (home, school, daycare) | | Address | City | State |
| | | | Travis County, Texas | |
| Name   (home, school, daycare) | | Address | City | State |
| | | | Travis County, Texas | |
| Name   (home, school, daycare) | | Address | City | State |
| | | | Travis County, Texas | |
| Name   (home, school, daycare) | | Address | City | State |
| | | | Travis County, Texas | |
| Name   (home, school, daycare) | | Address | City | State |
| | | | Travis County, Texas | |
| Name   (home, school, daycare) | | Address | City | State |

d)  removing the child(ren) named herein from the possession of the Applicant, or from Travis County, Texas;

e)  damaging, transferring, encumbering or otherwise disposing of any property owned or leased by Applicant and Respondent except in the normal course of business, including, but not limited to removing or disabling any vehicle owned individually by the Applicant or jointly by the parties (whether so titled or not);

f)  interfering with the exclusive use of Applicant's residence, including, but not limited to disconnecting utilities or telephone service at Applicant's residence or causing them to be disconnected;

g)  injuring, harassing, threatening or harming Applicant, Applicant's child(ren) or other persons named herein;

h)  engaging in conduct directed specifically toward the Applicant or person who is a member of the Applicant's family or household, including following the person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass that person, or stalking the Applicant, as stalking is defined by Section 42.072, Texas Penal Code.

i)  Harming or causing harm to come to, or removing from the possession of the Applicant or any member of the Applicant's family or household, any pets owned jointly or individually by the Applicant or in the possession of Applicant or any member of Applicant's family.

6.    **Request for Protective Order.**  After notice and hearing, Applicant requests that the Court enter a Protective Order effective for a period of time allowed under Texas Family Code Section 85.025 and/or Texas Code of Criminal Procedure Chapter 7A.07.

a)    Prohibits Respondent from committing acts of family violence, sexual assault or stalking against the Applicant or any member of the Applicant's family or household (including acts intended to result in physical harm, bodily injury, assault or sexual assault, or threats reasonably placing a member in fear of physical harm, bodily injury, assault or sexual assault), and not to use any force that would cause injury to the Applicant.

b)    Prohibits Respondent from communicating or attempting to communicate with the Applicant or any member of the Applicant's family or household in a threatening or harassing manner, and upon a finding that good cause exists, prohibits Respondent from communicating with Applicant or any member of Applicant's household or family in any manner whatsoever except through attorneys;

c)    Prohibits Respondent from communicating a threat or attempting to communicate a threat to the Applicant or any member of the Applicant's family or household through any other person;'

d)    Prohibits Respondent from engaging in conduct directed specifically toward the Applicant or any member of the Applicant's family or household, including following the person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass that person, and from stalking the Applicant, as stalking is defined by Section 42.072, Texas Penal Code;

e)    Prohibits Respondent from going within 200 yards of Applicant, Applicant's residence, Applicant's place of work, Applicant's children, Applicant's children's schools or child care facilities, or any locations where he/she knows the Applicant, Applicant's children, or any other person or placed listed in Paragraph D, above, to be, except as necessary to attend court proceedings or to carry out visitation as set out by court order;

f)    Requires Respondent to pay costs of court to the Clerk of the Court and reasonable attorney's fees to the Travis County Attorney's Office pursuant to Sections 81.003 and 81.005 of the Texas Family Code, respectively;

g)    Requires Respondent to attend and complete a battering intervention program and/or other counseling programs as appropriate and as specified by the Court;

h)    Suspends any license to carry a concealed handgun issued to Respondent under Section 411.177, Government Code;

i)    Grants Applicant exclusive use of Applicant's residence; and

j)    Requires Respondent to transfer any firearms in his/her possession immediately to an appropriate law enforcement agency, and orders said agency to maintain the firearms in protective custody for the duration of the protective order.

7.    **Title IV-D.**  The Applicant **is not** receiving services from the Title IV-D agency in connection with a child support case.

8.    <u>**Request for Confidentiality.**</u>  Pursuant to § 85.007 of the Texas Family Code, Applicant requests that the addresses and telephone numbers of his/her residence and place of employment, and the children's schools and child care facilities be excluded from the Protective Order, and from the public records of the Court.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Applicant prays that citation and notice be issued as required by law and that the Court enter the protective orders as requested in this Application.  Applicant further prays that the Court immediately issue a Temporary Ex Parte Protective Order in conformity with the allegations herein, prohibiting Respondent from the acts set forth above until a hearing can be held.

Applicant further prays that a hearing be held no later than fourteen (14) days from the filing of this Application and upon notice and hearing the Court enter a Protective Order as requested herein; that the Court dispense with the necessity of a bond; and that the Court order the Respondent to pay the costs of court to the Clerk of the Court and reasonable attorney's fees to the Travis County Attorney's Office.  Applicant further prays for such relief in law or in equity, and any other extraordinary relief requested, to which Applicant shows just entitlement.

Applicant prays for general relief.

Respectfully submitted,

David A. Escamilla
Travis County Attorney

By: _____
LAUREN CISNEROS            24077475
HILARY L. RILEY             24013404
LIZBETH TRISTAN             24042235
Assistant County Attorney
P.O. Box 1748
Austin, Texas  78767
(512) 854-4163
(512) 854-9570 FAX

STATE OF TEXAS        §
                     §
COUNTY OF TRAVIS     §

### PROTECTIVE ORDER AFFIDAVIT

"My name is **KAYLA GOEDINGHAUS**, and I am a resident of **TRAVIS** County.  I am over 18 years of age, of sound mind, and capable of making this affidavit.  The facts stated herein are within my personal knowledge and are true and correct. I wish to file a Protective Order on behalf of **me and my family.** I wish to file this order against **RICHARD HUBBARD**, resident of **TRAVIS** County and Respondent in this case.

The relationship between the Respondent and myself is **ENGAGED**. We **HAVE** lived together in the past from **November 2018** to **October 6, 2019**.  We have **0 (ZERO)** children from our relationship.  I have **1 (ONE)** children from a previous relationship.

The Respondent, **RICHARD HUBBARD**, committed the following acts constituting sexual violence:

1. Date of incident: **Early October, 2019** Location of incident:  **28827 Fine Road, Marble Falls, TX**
**Richard and I were arguing. Richard was mad and told me that I was going to suck his dick. Richard grabbed me by the back of my head and pushed my mouth down to his naked crotch. I didn't want to and I started crying but I knew if I didn't, Richard would choke me out.**

| | |
|---|---|
| Did you call the police? **No** | Were criminal charges filed? **No** |
| Was there a weapon involved?  **No** | If yes, what kind of weapon? **N/A** |
| Were the children present? **No** | |
| Did you require medical treatment? **No** | If yes, describe: **N/A** |
| Had Respondent been drinking or using drugs? **Yes** | If yes, describe: **Alcohol, Adderall** |

2. Date of incident: **May 2019** Location of incident:  **501 Havana Street, Austin, TX**
**Richard and I were working at one of his properties. Richard put me into a chokehold and I passed out because I couldn't breathe. When I woke up, Richard was ripping my clothes off of me. Once Richard had taken my clothes off, he threw me onto a table outside facing him. Richard then anally penetrated me causing me to feel a sharp pain. I was in shock and felt frozen in place. After**

Richard got dressed, he acted like nothing had happened and like everything was ok. I felt a dull achy type of pain for days afterwards, because of him forcing me to have anal sex.

Did you call the police? **No**

Was there a weapon involved? **No**

Were the children present? **No**

Did you require medical treatment? **No**

Had Respondent been drinking or using drugs? **Yes**

Were criminal charges filed? **No**

If yes, what kind of weapon? **N/A**

If yes, describe: **N/A**

If yes, describe: **Alcohol, Adderall**

The Respondent, **RICHARD HUBBARD**, committed the following acts constituting physical violence:

1. The most recent act of violence occurred on or about **September 21, 2019 at Dallas, Texas**

   Richard and I were out of town for a friend's event and were staying at an AirBnB. Richard started yelling at me, trying to get a rise out of me. Richard then stood behind me as I was on the bed and wrapped his right arm around my neck, placing me in a chokehold. I was struggling and fighting against him, trying to get him to let me go. I started to lose consciousness and I thought I was going to die. As I am passing out, Richard put me in some sort of jiu-jitsu hold on the floor. When I woke up, Richard was ripping my clothes off of me. I was crying, bawling. I don't know why but Richard stopped and left.

Did you call the police? **No**

Was there a weapon involved? **No**

Were the children present? **No**

Did you require medical treatment? **No**

Had Respondent been drinking or using drugs? **Yes**

Were criminal charges filed? **No**

If yes, what kind of weapon? **N/A**

If yes, describe: **N/A**

If yes, describe: **Alcohol, Adderall**

**SUMMARY**

Throughout our relationship, Richard turned from a caring and good person to being extremely controlling and manipulative of me. Richard convinced me to be on his phone plan so he could monitor my communications. Richard has gone through my phone so many times that I've lost count. Richard would also demand that I pay 100 percent attention to him if he was speaking and would get mad if I didn't. I told Richard about my history of trauma and he exploited my responses and would tell me that he wished he was the guy who hurt me in the past. Richard would refuse to let me sleep, force me into sexual activities with other people, and then accuse me of cheating. There were multiple other times when he forced me to have sex with him when I didn't want to. When this happened, I would freeze and feel like I couldn't move. I would cry and tell him to stop

but Richard told me this only made him more turned on. If I didn't do what Richard wanted, he'd choke me and make me pass out so I tried to protect myself by not fighting back.  Richard also used to be a competitive MMA fighter. Richard also told me that he was a military contractor who taught people how to choke someone out in order to kill them.

I filed a protective order against Richard in October of 2019 but once he was served with the temporary protective order he immediately started to violate the order by telling me to drop it. Richard told me that if I didn't drop the protective order he would go to jail and never see his daughter again. Richard also threatened to tell lies to CPS to get my daughter taken away if I didn't drop the order. I felt like I had no option but to not move forward with the protective order. I now feel like that was one of the biggest mistakes of my life. Since I tried to drop the order at the end of October 2019, Richard has become more controlling than ever. By Christmas things had gotten so bad that I completely cut off communication with him again. Since then, Richard has been continuously calling me, looking for me, pretending to be me on social media, and filing fake police reports against me. I know that Richard is angry that he has lost control over me and I am afraid of retaliation. Without this protective order, I have no doubt that Richard will try to kill me and my daughter. I need Richard ordered to stay away from my daughter and me.

**ABUSE OF CHILDREN**

Has the Respondent threatened or been physically abusive to your children? **Yes, Richard threatened to slit my daughter's throat and force me to watch her bleed out.** I told CASA, who told CPS, about this threat.

Had Respondent been drinking or using drugs? **Yes, alcohol and Adderall**

I, **KAYLA GOEDINGHAUS,** fear for my safety, and want **RICHARD HUBBARD** ordered to stay away from **me and my family.**

SIGNED this ___30th___ day of _____January_____, 2020.

Applicant

This instrument was SWORN TO AND SUBSCRIBED before me this ___30th___ day of _____January_____, 2020, by **KAYLA GOEDINGHAUS,** known to me personally or verified by photo-identification as required by law in the capacity stated.

SONDRA HAMILTON
Notary Public-State of Texas
Notary ID #1215281
Commission Exp. MARCH 01, 2021

Notary Public in and for Travis County, Texas
Commission Expires: _____

Cause No. <u>C-1-CV-19-008481</u>

STATE OF TEXAS
FOR THE PROTECTION OF

<u>Kayla Goedinghaus</u>,                    §                    IN THE COUNTY COURT
Applicant

vs.                                          §                    AT LAW NO.

<u>Richard Hubbard</u>,                     §                    TRAVIS COUNTY, TEXAS
Respondent

### FIRST AMENDED TEMPORARY EX PARTE PROTECTIVE ORDER
### AND SHOW CAUSE ORDER

On this day the Application of Applicant for an Ex Parte Protective Order was presented to the Court.

This Court, having examined the pleadings and supporting affidavit of the Applicant, and having heard testimony of the Applicant, finds that:

a) There is a clear and present danger that acts of family violence will be committed by Respondent before a full hearing can be held upon Applicant's request for Protective Order.

b) Applicant and/or the other members of the family or household who are affected by this suit will suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law unless Respondent is immediately prohibited from the acts set forth below:

Name:           Kayla Goedinghaus                              DOB: 07/20/1988

Residence:      CONFIDENTIAL

                Williamson County, Texas, or any subsequent residence
                Street                                City          State
Place of Work:  CONFIDENTIAL
                Name of Business

                Travis County, Texas, or any subsequent workplace
                Street                                City          State

Name of Child:     D█   B█                            DOB: █ 12

Name of Facility:  Residence/School/Day Care Facility

Location of Facility:  203 Capulin Mtn., Cedar Park

                Williamson County, Texas, or any subsequent residence/school/day care facility
                Street                                City          State
                Reed Elementary 1515 Little Elm Trail, Cedar Park

                Williamson County, Texas, or any subsequent residence/school/day care facility
                Street                                City          State


Name of Child:  _____      DOB: _____

Name of Facility:  Residence/School/Day Care Facility

Location of Facility:  _____

                Travis County, Texas, or any subsequent residence/school/day care facility
                Street                                City          State

Other Name:     _____      DOB: _____

Relationship:   _____

Location:       _____

                Travis County, Texas, or any subsequent residence/workplace
                Street                                City          State

Other Name:     _____      DOB: _____

Relationship:   _____

Location:       _____

                Travis County, Texas, or any subsequent residence/workplace
                Street                                City          State

Other Name:     _____      DOB: _____

Relationship:   _____

Location:       _____

                Travis County, Texas, or any subsequent residence/workplace
                Street                                City          State

These FIRST AMENDED TEMPORARY EX PARTE PROTECTIVE ORDERS shall be effective immediately and are binding on the Respondent and shall continue in full force and effect until the 14th day of February, 2020, at 11:59 p.m.

The requirement of a bond is hereby waived pursuant to Section 83.003, Texas Family Code.

**IT IS FURTHER ORDERED** that the Clerk shall issue notice ordering Respondent to appear, and Respondent is ordered to appear before this Court in the Travis County Criminal Justice Center, 509 West 11th Street, 3rd Floor, County Court at Law No. 4, Austin, Texas on the 14th day of February, 2020, at 8:30 o'clock a.m., to show cause why during the pendency of this case:

The First Amended Temporary Ex Parte Protective order granted herein should not be made into a final Protective Order; the additional relief requested by the Applicant should not be granted; and the Court should not make such other and further orders respecting the parties as deemed necessary and equitable.

**A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500.00 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.**

**NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.**

**IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 107, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.**

SIGNED this ___31st___ day of ___January___, A.D. 2020.

_____
Judge Presiding

February 3, 2020

I, Julia Hubbard, have just come from my home in another state where location is redacted to try and get my daughter safe. I am currently married to Rick Hubbard as of February 27, 2010. I suffered major abuse similar to Kayla's abuse as she outlined and addressed in her statement and protective order. Rick is an exceptionally dangerous man. I became aware of the extreme danger to my daughter. I am here to try to retrieve her and keep her safe. I fully believe Kayla's story of abuse and have seen some of the living conditions that my daughter's living conditions. I have witnessed his alcohol and drug abuse over so many years. I am cooperating with state and federal law enforcement currently. Here are some of the phone numbers I would like to provide Patricia Griffith 512-298-7643 as well as many other agencies.

Child Protective Services is actively involved but I am seeking immediate relief while I am in Texas. I came all this way to protect her.

My daughters safety has been a concern for me when I realized that Kayla's outcry were legitimate. When I got my daughter safe in October S▮▮▮▮ begged me to not return her to her father, and I am here in Austin Texas to take her home. I have seen the video of the attempted kidnapping of my daughter, S▮▮▮▮nd I was beyond horrified. I am at the mercy of the court to please grant this order and the police to enforce it.

Rick has stated on Facebook that no government, no judge, and no order would prevent him from tracking his daughter down and taking her. He has threatened my daughter and myself, Julia Hubbard, to kill us and any law enforcement officer who stands between him and his daughter. He knows that I am no threat to her, and my life is healthy and stable.

Julia Hubbard   February 3, 2020

*Julia Hubbard*

1

February 3, 2020

My name is Kayla Goedinghaus. I am of sound mind and capable of making this affidavit. I will state the facts to the best of my ability. For time sake I am trying to keep this quick and concise. I am in fear for the safety of S███████ H███████, Julia Hubbard, Da███ Bu████████ and my own life. I was in a relationship and lived with him from December of 2018 until recently. I was the main caretaker of S█████ L██ H███████ Richard Lane Hubbard is a threat to our safety. He has barrowed a large sum of money from a cartel (unnamed for security and to cooperate with investigators). The cartel has attempted to kidnap S██████ and sell her to settle the debt; one of which is on tape. I myself have heard the conversations and have seen the text messages. I have seen and can produce one of the videos of the armed kidnapping attempt. I escaped Richard recently, and have obtained a protective order that he has already violated after two days. I have witnessed horrible child abuse and neglect of S██████ and I believe her life is in extreme danger. I have been cooperating and working with all the proper authorities. I am begging you to help immediately get her safe by any means necessary.

I, Kayla Goedinghaus, do attest that this statement is true. I am of sound mind and safe. I am willing to testify to this being true.

We just found out that Rick Hubbard just hacked my email kgoedinghaus@gmail.com after I had reset my password and filed my protective order. Police were called and three officers responded. They are as follows with the first responder being Officer Christoper Williams # 6839, Officer Eugene Hogle #73031, and Officer Gonzalez #8204.


Kayla Goedinghaus  February 3, 2020

1

 **Gmail**    LA QUINTA UNIVERSITY OF TEXAS AUSIN AREA <laquinta53161@gmail.com>

---

## Fwd: Everything
1 message

Julia Hubbard <julia.a.hubbard@gmail.com>                    Tue, Feb 4, 2020 at 7:22 AM
To: "laquinta53161@gmail.com" <laquinta53161@gmail.com>

---

---------- Forwarded message ---------
From: **Julia Hubbard** <julia.a.hubbard@gmail.com>
Date: Mon, Feb 3, 2020 at 10:52 PM
Subject: Everything
To: Alexandria Dean <alexandria@alexandriadean.com>

9:38 🔵 🌜 ☑ 🔵 🎴 🔷 ⊙                 📶 31% ▯

〈    **Rick Hubbard Construction B...**    ⋮
     4:55 PM, Jan 31

So Kayla DID file more false
allegations and criminal charges.
She got another protection order I
just heard from the Constable.
She did call again to try to get
the Mexicans stirred up to go get
summer and I barely showed up at
school on time to intercept them
from taking s█████ out of school
to a secure location.
I stoped them of course, but there is
no doubt s█████ cannot go back to
school.
Do you still think she's just a sweet
little innocent thing trying to just

EXHIBIT B, page 73

# move on and doesn't want trouble??



Copy text          Share

**4 attachments**

Answer.First.Amended.HubbardAmended[2384].docx
20K

C-1-CV-19-008481 (1).pdf
421K

Julia.docx
13K

Kayla.docx
14K

EXHIBIT B, page 74

 **Gmail**        LA QUINTA UNIVERSITY OF TEXAS AUSIN AREA <laquinta53161@gmail.com>

---

**Fwd: Everything**
1 message

---

**Julia Hubbard** <julia.a.hubbard@gmail.com>                                    Tue, Feb 4, 2020 at 7:22 AM
To: "laquinta53161@gmail.com" <laquinta53161@gmail.com>

---

---------- Forwarded message ---------
From: **Julia Hubbard** <julia.a.hubbard@gmail.com>
Date: Mon, Feb 3, 2020 at 10:52 PM
Subject: Everything
To: Alexandria Dean <alexandria@alexandriadean.com>

9:38 🌀 📞 ☑ 🔵 📘 ⚙ 🔘                    📶 31% 🔋

< **Rick Hubbard Construction B...**   ⋮
   4:55 PM, Jan 31

So Kayla DID file more false
allegations and criminal charges.
She got another protection order I
just heard from the Constable.
She did call again to try to get
the Mexicans stirred up to go get
s████ and I barely showed up at
school on time to intercept them
from taking s████ out of school
to a secure location.
I stoped them of course, but there is
no doubt s████ cannot go back to
school.
Do you still think she's just a sweet
little innocent thing trying to just

EXHIBIT B, page 75

# move on and doesn't want trouble??



Copy text                    Share

|||         ◯         <

---

**4 attachments**

📄 **Answer.First.Amended.HubbardAmended[2384].docx**
20K

📄 **C-1-CV-19-008481 (1).pdf**
421K

📄 **Julia.docx**
13K

📄 **Kayla.docx**
14K

**R U S H**

S H O W   C A U S E

T H E   S T A T E   O F   T E X A S

**R U S H**

**CAUSE NO. D-1-FM-19-006725**

TO: RICHARD HUBBARD
501 HAVANA STREET
AUSTIN TEXAS 78704

GREETING:

WHEREAS, in that certain cause pending on the docket of the <u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Texas, being Cause No. <u>D-1-FM-19-006725</u> wherein

<u>IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD</u>                                    Plaintiff,

and <u>JULIA A HUBBARD AND IN THE INTEREST OF S.L.H., A MINOR CHILD</u>           Defendant;

in said suit application order to show cause has been filed, a copy of which is hereto attached and to which reference is made for the relief sought; upon presentation and consideration of said application, the Honorable <u>JAN SOIFER</u>, Judge of said Court, has entered the following order to-wit: Copy of order attached to writ served.  AND WHEREAS, said application has been set for hearing; THESE ARE THEREFORE to notify, and you the said, <u>RESPONDENT RICHARD HUBBARD</u> are hereby notified to be and appear before the Honorable <u>JAN SOIFER</u>, Judge of said Court, at Courthouse, in the City of Austin, Travis County, Texas on <u>FEBRUARY 7, 2020 at 8:30AM</u> then and there to show cause if any, why said application should not be granted as prayed for.

HEREIN FAIL NOT, TO OBEY THIS WRIT!

Issued and given under my hand and seal of office, at Austin, Texas, this the <u>February 04, 2020</u>.

REQUESTED BY:
JULIA A HUBBARD

ALEXANDRIA, VIRGINIA 22312

<u>CHECK
THE MONITOR
IN HALL OUTSIDE
DISTRICT
CLERK'S OFFICE,
ROOM 302,
FOR ASSIGMENT
OF THIS CASE.</u>



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: MARC VITERITTO

-- -- - -- - -- - - -- - -- **R E T U R N** -- - -- - -- - - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the
_____ day of _____, _____, at _____ o'clock ____ M., by delivering to the within named
_____,
at _____ in _____
County, Texas, in person, a true copy of this Notice and the RESPONDENTS APPLICATION FOR EMERGENCY RELIEF, ORDER TO APPEAR AND TO DELIVER CHILD  accompanying copy attached hereto.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.


_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

**D-1-FM-19-006725**                              CONSTABLE 5                              **P21 - 000004609**

▯ Original      ▯ Service Copy

NO. D-1-FM-19-006725

**Filed in The District Court
of Travis County, Texas**

FEB 04 2020

At _5:24_ P. M.

Velva L. Price, District Clerk

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| RICHARD HUBBARD | § | 201ST JUDICIAL DISTRICT |
| AND | § | |
| JULIA HUBBARD | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| S.L.H., | § | |
| A CHILD. | § | TRAVIS COUNTY, TEXAS |

### ORDER TO APPEAR AND TO DELIVER CHILD

IT IS ORDERED that the clerk shall issue notice to Petitioner, RICHARD HUBBARD to appear, and Petitioner is hereby ORDERED to appear with the child the subject of this suit, S▆▆▆ H▆▆▆▆, in court at the Travis County Civil Courthouse, 1000 Guadalupe, Austin, Texas 78701 at 8:30 a.m. on February 7, 2020. Upon arrival, Respondent is ORDERED to appear with the child in the Office of the Court Administrator, which is located on the 4th floor of the Travis County Civil Courthouse, who will notify Petitioner of the court that will conduct a hearing in this matter.

The purpose of the hearing is to determine if Respondent, JULIA HUBBARD, should be awarded immediate physical custody of the child listed above, to determine if respondent should be granted a temporary restraining order, and, if applicable, to schedule a hearing to determine whether further relief is appropriate.

The child is S▆▆▆ H▆▆▆▆ (▆▆▆2010).

SIGNED on February 4, 2020.

_Jan Soifer_

Jan Soifer, Judge Presiding

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

Filed in The District Court
of Travis County, Texas

FEB 0 5 2020   JG

At _____ 1:36 P M.

Velva L. Price, District Clerk

CAUSE NUMBER D-1-FM-19-006725

IN THE MATTER OF THE MARRIAGE OF

RICHARD HUBBARD

Petitioner,

AND

JULIA A. HUBBARD,

Respondent,

AND IN THE INTEREST OF S.L.H., A MINOR CHILD

IN THE DISTRICT COURT

TRAVIS COUNTY, TEXAS

201 JUDICIAL DISTRICT st

**RESPONDENT'S FIRST AMENDED APPLICATION FOR EMERGENCY RELIEF**

NOW COMES JULIA A. HUBBARD (hereinafter referred to as "Respondent" or "Mother"), who files this application for emergency relief requesting that this Honorable Court enter temporary and protective orders to ensure the safety and welfare of herself and the child who is the subject of the above-captioned matter (hereinafter referred to as the "Child"), all as is more particularly described as follows:

JUDICIAL NOTICE

1. Mother requests that this Honorable Court take judicial notice of the documents and sworn testimony presented by the application of Kayla Goedinghaus for a protective order from the Petitioner and Father of the Child, Richard Hubbard, in a matter assigned Cause Number C-1-CV-19-008481, as well as the relief ordered by the Travis County Court at Law Number 4, where that matter is pending.

RESPONDENT'S APPLICATION FOR EMERGENCY RELIEF Page 1

**EMERGENCY CIRCUMSTANCES**

1. Childs whereabouts are currently unknown, minor child is NOT in school today, father has obtained a passport for minor child, and made statements that he is moving today.

2. Father is currently in possession of the Child.

3. Kayla Goedinghaus has signed an Affidavit, attached hereto as Exhibit "A", describing the emergency circumstances, all of which is hereby incorporated herein as if set forth at length. Upon this and other information, the Child's life and well-being is in immediate jeopardy, and Mother requests that the Court grant immediate relief as follows.

4. Father's counsel has withdrawn from this matter and Father reacts irrationally and aggressively to requests for communication. Father has refused to turn over the Child to Mother's possession in contempt of this Court's order, and has threatened the life of the Mother and the life of the Child. See Affidavit attached as Exhibit "B" which is hereby incorporated herein as if set forth at length.

**MOTION TO MODIFY PRIOR ORDER**

5. Mother avers that the Father's circumstances have materially and substantially changed since the entry of the order in the above-captioned matter, and requests that the Court modify the order.

6. Mother requests that such modification be made retroactive to the date of Father's filing.

7. Mother avers that the order as requested above is in the best interest of the Child.

**REQUEST FOR TEMPORARY ORDERS**

8. Mother requests the Court, to make temporary orders for the safety, welfare, possession, and support of the Child who is the subject of this suit.

9. Mother further requests that the Court make such orders as are necessary in order to (1) attach the body of the Child, (2) take the Child into the possession of the Court or a

RESPONDENT'S APPLICATION FOR EMERGENCY RELIEF Page 2

person designated by the Court, and (3) exclude Petitioner and Father, Richard Hubbard,

from possession of or access to the Child

WHEREFORE, PREMISES CONSIDERED, Respondent prays that this Honorable Court

enter such temporary, injunctive, protective, and restraining orders as may be appropriate for the

safety, welfare, possession, and support of the Child, and in order to (1) attach the body of the Child,

(2) take the Child into the possession of the Court or a person designated by the Court, and (3)

exclude Petitioner and Father, Richard Hubbard, from possession of or access to the Child, together

with whatsoever further and other relief, whether in law or in equity, to which Respondent may show

herself justly entitled.

Respectively submitted, JULIA A. HUBBARD

By: /s/ Julia A. Hubbard                                    Julia A. Hubbard Pro Se

███████████████████████████

(571) 344-8175 julia.a.hubbard@gmail.com

RESPONDENT

RESPONDENT'S APPLICATION FOR EMERGENCY RELIEF Page

CAUSE NUMBER D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| RICHARD HUBBARD | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| AND | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JULIA A. HUBBARD, | § | |
| | § | |
| *Respondent,* | § | |
| | § | |
| AND IN THE INTEREST OF S.L.H., | § | 201ˢᵗ JUDICIAL DISTRICT |
| A MINOR CHILD | § | |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR EMERGENCY RELIEF

BEFORE ME, the undersigned Notary Public, on this day personally appeared KAYLA GOEDINGHAUS, who being by me duly sworn on her oath stated as follows:

1. My name is Kayla Goedinghaus. I am over the age of 18 years, have never been convicted of a felony or a crime involving moral turpitude, and am competent to make this *Affidavit*. The following facts are true, correct, and within my personal knowledge.

2. The father of the child who is the subject of the above-captioned lawsuit (hereinafter the "Father") has incurred debts with certain individuals and is unable to repay those individuals.

3. In order to secure re-payment, those individuals have attempted to kidnap the child who is the subject of the above-captioned lawsuit (hereinafter the "Child"), and I believe those individuals will continue to attempt to kidnap the Child until they are successful. This attempt was recorded on film which I will make available to the Court upon request.

4. The Father engages in sex trafficking and domestic violence, as well as any number of illegal and immoral activities, all of which were the subject of my application for protective order which was just granted in the Travis County Court at Law Number 4 in a lawsuit designated as Cause Number C-1-CV-19-008481.

5. The Father is currently under immense psychological stress and his exhibitions of irrational behavior are increasing with time.

EXHIBIT "A" AFFIDAVIT OF KAYLA GOEDINGHAUS

Page 1 of 2

6.  The Father has threatened to kill the Child, and I believe that this threat is genuine.

7.  If immediate relief is not granted by the Court, then the Child will suffer great harm.

Signed this _____4_____ day of February 2020.

KAYLA GOEDINGHAUS

BEFORE ME, the undersigned Notary Public, on this day personally appeared KAYLA GOEDINGHAUS, who being by me duly sworn on his oath, deposed and said that every statement of fact within the foregoing *Affidavit* is within her personal knowledge and is true and correct.

SUBSCRIBED AND SWORN TO before me the __4__ day of February , 2020.

ABIGAIL WELLER
My Notary ID # 132098497
Expires July 23, 2023

_____
Notary Public in and for the State of Texas

EXHIBIT "A" AFFIDAVIT OF KAYLA GOEDINGHAUS

Page 2 of 2

CAUSE NUMBER D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § § § | IN THE DISTRICT COURT |
| RICHARD HUBBARD | § § | |
| *Petitioner*, | § § | |
| AND | § § | TRAVIS COUNTY, TEXAS |
| JULIA A. HUBBARD, | § § | |
| *Respondent*, | § § | |
| AND IN THE INTEREST OF S.L.H.,<br>A MINOR CHILD | § § | 201ˢᵗ JUDICIAL DISTRICT |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR EMERGENCY RELIEF

BEFORE ME, the undersigned Notary Public, on this day personally appeared JULIA A. HUBBARD, who being by me duly sworn on her oath stated as follows:

1.  My name is Julia A. Hubbard. I am over the age of 18 years, have never been convicted of a felony or a crime involving moral turpitude, and am competent to make this *Affidavit*. The following facts are true, correct, and within my personal knowledge.

2.  Counsel for Richard Hubbard has withdrawn from his representation and Richard Hubbard (hereinafter the "Father") reacts irrationally and aggressively to requests for communication. Father is a resident of Travis County, Texas.

3.  Father has refused to turn over the child who is the subject of this lawsuit (hereinafter the "Child") to Mother's possession in contempt of this Court's order. The Child is currently in Travis County, Texas.

4.  The Father has threatened my life and the life of the Child.

5.  The Father engages in sex trafficking and domestic violence. Further, the Father is addicted to meth.

6.  The Father is currently under immense psychological stress and his exhibitions of irrational behavior are increasing with time.

EXHIBIT "B" AFFIDAVIT OF JULIA A. HUBBARD                           Page 1 of 2

7.   The Father has threatened to kill me and the Child, and I believe that this threat is genuine.

8.   If immediate relief is not granted by the Court, then the Child will suffer great harm.

9.   The relief sought herein is in the best interest of the Child.

Signed this ___4___ day of __February__, 2020.



JULIA A. HUBBARD

BEFORE ME, the undersigned Notary Public, on this day personally appeared JULIA A. HUBBARD, who being by me duly sworn on his oath, deposed and said that every statement of fact within the foregoing *Affidavit* is within her personal knowledge and is true and correct.

SUBSCRIBED AND SWORN TO before me the __4__ day of __February__, 2020.

ABIGAIL WELLER
My Notary ID # 132098497
Expires July 23, 2023

_____
Notary Public in and for the State of Texas

EXHIBIT "B" AFFIDAVIT OF JULIA A. HUBBARD

Page 2 of 2

Filed in The District Court
of Travis County, Texas

FEB 0 7 2020 **AT**

At _____3:50 P._ M.
Velva L. Price, District Clerk

CAUSE NO. D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| Richard Hubbard | § | |
| PETITIONER | § | |
| AND | § | |
| Julia A. Hubbard | § | |
| RESPONDENT | § | 201  JUDICIAL DISTRICT |
| AND IN THE INTEREST OF | § | |
| S L H | § | |
| | § | |
| | § | |
| CHILD/REN | § | TRAVIS COUNTY, TEXAS |

## TEMPORARY ORDERS

**DATE OF HEARING**  February 7, 2020

**APPEARANCES**

Petitioner   Richard Hubbard

[✓] Appeared in person      and/or      [ ] Appeared by attorney
[ ] Did not appear

Respondent   Julia A. Hubbard

[✓] Appeared in person      and/or      [ ] Appeared by attorney
[ ] Did not appear

Other

[ ] Appeared in person      and/or      [ ] Appeared by attorney
[ ] Did not appear

**PROPERTY**

Wife shall have temporary exclusive use and possession of
Home: _____
Motor Vehicle: _____

Husband shall have temporary exclusive use and possession of
Home: _____
Motor Vehicle: _____

*TEMPORARY ORDERS*
*(Revised January 1, 2008)*
*Page 1 of 8*

EXHIBIT B, page 86

## INVENTORY AND APPRAISEMENT

The parties shall each deliver to the opposing party a sworn inventory and appraisement of all separate and community property owned by the parties by the following date

_____

## MEDIATION

The parties are ordered to participate in mediation on or before

_____

## EXPENSES AND DEBTS

Husband shall be responsible for the timely payment of the following debts:

_____
_____
_____

Wife shall be responsible for the timely payment of the following debts:

_____
_____
_____

## TRAVIS COUNTY STANDING ORDER

The Travis County Standing Order Regarding Children, Property, and Conduct of the Parties shall remain in effect.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## TEMPORARY CONSERVATORSHIP

☐ Mother and Father are appointed Temporary Joint Managing Conservators.

OR

☑ Mother_____ is appointed Temporary Sole Managing Conservator and
Father_____ is appointed Temporary Possessory Conservator.

AT ALL TIMES, Mother and Father shall each have the following rights (Sections 153.073, Texas Family Code):

1. The right to receive information from any other conservator of the child/ren concerning the health, education, and welfare of the child/ren.
2. The right to confer with the other parent to the extent possible before making a decision concerning the health, education and welfare of the child/ren.
3. The right of access to medical, dental, psychological, and educational records of the child/ren.
4. The right to consult with a physician, dentist, or psychologist of the child/ren.
5. The right to consult with school officials concerning the child/ren's welfare and educational status, including school activities.
6. The right to attend school activities.
7. The right to be designated on the child/ren's records a a person to be notified in case of an emergency.
8. The right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child/ren.
9. The right to manage the estates of the child/ren to the extent the estates have been created by the parent or the parent's family.

AT ALL TIMES, Mother and Father shall each have the following duties (Section 153.076, Texas Family Code)

1. The duty to inform the other conservator of the child/ren in a timely manner of significant information concerning the health, education, and welfare of the child/ren.
2. The duty to inform the other conservator of the child/ren if the conservator resides with for at least 30 days, marries, or intends to marry a person who the conservator knows (1) is registered as a sex offender under Chapter 62, Code of Criminal Procedure, or (2) is currently charged with an offense for which on convision the person would be required to register under that chapter. The notice required to be made must be made as soon as practicable but not later than the 40th day after the date the conservator of the child/ren begins to reside with the person or the 10th day after the date the marriage occurs, as appropriate. The notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. A conservator commits an offense if the conservator fails to provide notice in the manner required.

DURING THEIR RESPECTIVE PERIODS OF POSSESSION Mother and Father shall have the following rights and duties (Section 153.074, Texas Family Code):

1. The duty of care, control, protection, and reasonable discipline of the child/ren
2. The duty to support the child/ren, including providing the child/ren with clothing, food, shelter, and medical and dental care not involving an invasive procedure.
3. The right to consent for the child to medical and dental care not involving an invasive procedure.
4. The right to direct the moral and religious training of the child.

*TEMPORARY ORDERS*
*(Revised January 1, 2008)*
*Page 3 of 8*

EXHIBIT B, page 88

**MOTHER AND FATHER SHALL SHARE THE FOLLOWING RIGHTS AND DUTIES, enumerated in Section 153.132, Texas Family Code, in the manner indicated**

| Mother Exclusively | Father Exclusively | Jointly By Agreement | Independently Exercised By Both | |
|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | The right to designate the primary residence of the child/ren |
| ☑ | ☐ | ☐ | ☐ | The right to receive and give receipt for periodic payments for the support of the child/ren and to hold or disburse these funds for the benefit of the child/ren |
| ☑ | ☐ | ☐ | ☐ | The right to consent to medical, dental and surgical treatment involving invasive procedures |
| ☑ | ☐ | ☐ | ☐ | The right to consent to psychiatric and psychological treatment of the child/ren |
| ☑ | ☐ | ☐ | ☐ | The right to represent the child/ren in legal action and to make other decisions of substantial legal significance concerning the child/ren |
| ☑ | ☐ | ☐ | ☐ | The right to consent to marriage and to enlistment in the armed forces of the United States |
| ☑ | ☐ | ☐ | ☐ | The right to make decisions concerning the child/ren's education |
| ☑ | ☐ | ☐ | ☐ | The right to the services and earnings of the child/ren |
| ☑ | ☐ | ☐ | ☐ | Except when a guardian of the child/ren's estate or a guardian or attorney ad litem has been appointed for the child/ren, the right to act as an agent of the child/ren in relation to the child/ren's estate if the child/ren's action is required by a state, the United States or a foreign government |
| ☐ | ☐ | ☐ | ☑ | The duty to manage the estates of the child/ren to the extent the estates have been created by community property or the joint property of the parents |

**The parent who has the right to establish the primary residence of the children shall**

☐ maintain the child/ren's primary residence within Travis County
☐ maintain the child/ren's primary residence within Travis County or any county contiguous to it
☑ maintain the child/ren's primary residence within the following geographic area The states of Virginia or Texas
☐ have the right to determine the child/ren's primary residence without regard or restriction to geographic location

*TEMPORARY ORDERS
(Revised January 1, 2008)
Page 4 of 8*

**CHILD SUPPORT** *TO RE DETERMINED*

_____ is ordered to pay temporary child support to _____

*(Check one below)*

☐ Monthly        $_____ each month beginning _____
                 and continuing on the _____ day of each month thereafter

☐ Semi-monthly   $_____ two times each month beginning _____
                 and continuing on the _____ and _____ days of
                 each month thereafter

☐ Every two weeks $_____ every two weeks beginning _____
                 and continuing on the alternate _____ thereafter

☐ Weekly         $_____ every week beginning _____
                 and continuing each _____ thereafter

All child support payments shall be paid through the Texas Child Support State Disbursement Unit, P. O. Box 659791, San Antonio, Texas 78265-9791.

The party entitled to receive the support shall establish an account at the Travis County Domestic Relations Office, P. O. Box 1495, Austin, Texas 78767 (Location: 1010 Lavaca St, Austin, Texas).

☐ Father    ☐ Mother is ordered to maintain and pay the premiums for health insurance coverage for the child/ren

Father is ordered to pay _____% and Mother is ordered to pay _____% of the child/ren's health expenses not covered by health insurance.

**SPOUSAL SUPPORT** *N/A*

_____ is ordered to pay temporary spousal support to _____

*(Check one below)*

☐ Monthly        $_____ each month beginning _____
                 and continuing on the _____ day of each month thereafter

☑ Semi-monthly   $_____ two times each month beginning _____
                 and continuing on the _____ and _____ days of
                 each month thereafter

☐ Every two weeks $_____ every two weeks beginning _____
                 and continuing on the alternate _____ thereafter

☐ Weekly         $_____ every week beginning _____
                 and continuing each _____ thereafter

All spousal support shall be paid through the Travis County Domestic Relations Office, P. O. Box 1495, Austin, Texas 78767 (Location: 1010 Lavaca St., Austin, Texas).

EXHIBIT B, page 90

## PARENTING TIME WITH CHILDREN

☐     The parties shall have possession of the child/ren as set out in **SCHEDULE A – POSSESSION.**

## OTHER
Father shall have no access pending further orders

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*TEMPORARY ORDERS*
*(Revised January 1, 2008)*
*Page 6 of 8*

EXHIBIT B, page 91

## TEMPORARY INJUNCTIONS

The parties are temporarily prohibited from:

☑ Removing the child/ren from the following geographical area
The state of Texas and the state of Virginia

☑ Hiding the child/ren from the other party

☑ Making disparaging remarks regarding the other party, or the other party's family, in the presence or within the hearing of the child/ren

☑ Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of the parties, whether personal property or real estate, and whether separate or community, other than in the ordinary course of business

☑ Incurring any indebtedness, other than for legal expenses in connection with this suit, or in the ordinary course of business, or for reasonable and necessary living expenses

☑ Making withdrawals from any checking or savings account in any financial institution for any purpose other than for legal expenses in connection with this suit, or in the ordinary course of business, or for reasonable and necessary living expenses

☑ Spending any sum of cash in the possession of or subject to the control of either party other than for legal expenses in connection with this suit, or in the ordinary course of business, or for reasonable and necessary living expenses

☑ Damaging, destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties

☑ Hiding, or misrepresenting or refusing to disclose to the other party or to the court, on proper request, the existence, amount, or location of any property of one or both of the parties

☑ Communicating with the other party in vulgar language or in an offensive manner

☑ Placing a telephone call, anonymously, at an unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication

☑ Going to, entering, or interfering with the other party's temporary exclusive use and possession of the home specified in these orders, except for the purpose of exchanging the child/ren as set out in these orders

☑ Going to or entering the other party's place of employment

☑ Doing any act calculated to embarrass, harrass, injure, or humiliate the other party

☑ Interfering in any way with the other party's court-ordered possession of the child/ren by taking or attempting to take possession of the child/ren, directly or through any other person, from their residence, school, or any other place, other than for the purpose of exercising rights of possession as specifically authorized in these orders

☐ Interfering with the other party's temporary exclusive use and possession of the motor vehicle specified in these orders

*TEMPORARY ORDERS*
*(Revised January 1, 2008)*
*Page 7 of 8*

EXHIBIT B, page 92

**EDUCATION FOR DIVORCING PARENTS**

The  parties are ordered to attend the following educational seminar for divorcing parents
_____ on or before
_____.

**OTHER**

_____
_____
_____
_____
_____
_____

**Required Notice if Signed by Associate Judge**
All parties are hereby notified of the right to appeal to a District Court (for a trial de novo) pursuant to Section 201.001 et seq. or 201.101 et seq. of the Texas Family Code. This order is signed and rendered by  an Associate Judge pursuant to Section 201.007 or Section 201.104 of the Texas Family Code.

**Signature of Associate Judge or District Judge** *[ONLY ONE SIGNATURE NEEDED]*

Rendered on _____.
Signed on   February 7, 2020_____.

ASSOCIATE JUDGE PRESIDING

Rendered on _____.
Signed on   _____.

_____
**DISTRICT JUDGE PRESIDING**

**AGREED**                          **APPROVED AS TO FORM**

_____          _____
Petitioner  Richard Hubbard              Attorney for Petitioner

_____          _____
Respondent Julia A. Hubbard              Attorney for Respondent

*TEMPORARY ORDERS*
*(Revised January 1, 2008)*
*Page 8 of 8*

**THIS DOCUMENT CONTAINS**
**SENSITIVE DATA**

Filed In The District Court
of Travis County, Texas
BP   FEB 07 2020   M.
At _____
Velva L. Price, District Clerk

THE STATE                        §      TRAVIS
                                 §
OF TEXAS                         §      COUNTY

**CAUSE # D-1-FM-19-006725**
**Hubbard V Hubbard and in the Interest of SLH, a Child.**

### AFFIDAVIT AND STATEMENT OF FACTS AND MOTION TO EXTEND TRO AND

### APPLICATION FOR TEMPORARY INJUNCTION AND NOTICE OF HEARING

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Richard L. Hubbard, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

1. I apologize in advance for the informal and somewhat "sloppy" nature of this Affidavit and Motion. I was unable to retain an attorney in time for the hearing as well as arrange for child care and transport to the Courthouse.

2. My name is Richard L. Hubbard. I am the Plaintiff/Petitioner in this cause of action. I am over the age of eighteen years, have personal knowledge of, and I am competent to testify to the facts set forth herein. I swear under penalty of Law that the following facts and statements are true to the best of my knowledge.

3. My daughter must be held in safe location away from Mother until court hears evidence from current CPS investigations initiated by Respondent and MS Goedinghaus as well as is able to speak to SLH's therapists.

4. I have asked for setting to hear objections and to allow expert witnesses to appear on my daughter's behalf on Wednesday, February 12th at 8":30 AM

**IT IS IMPERATIVE THAT SLH NOT BE FORCED INTO COURT TO SEE HER MOTHER UNTIL MOTHER AND CHILD CAN BOTH VISIT WITH CHILD'S THERAPIST AND THEY ARE SATISFIED MOTHER IS SAFE AND UNDERSTANDS THE DAMAGE SHE HAS CAUSED AND THAT SHE MUST NOT CAUSE AGAIN!!**

5.  Please accept this as my Motion for immediate relief by extending this Courts previous orders for TRO and request for Temporary orders hearing. In the alternative, please accept my Plea in Abatement until S███████'s counseling sessions with CPS and her therapist reports are available to court!

6.  The Child, SLH is safe, happy, well-cared-for, well-educated, successful, emotionally sound, and vigorously protected by petitioner and his support system at all times. This has been the case since her birth with very little participation from Respondent Mother since age 5 months when Mother decided that she was tired of the "pregnancy and kid thing" and went to back to work in nightlife entertainment industry leaving Petitioner to raise the Child primarily on his own.

7.  SLH is NOT and HAS NOT ever been in ANY danger from harm from me or anyone else while under my care except for at the hands of her MOTHER unfortunately. Ms. Goedinghaus and Respondent mother are actively engaged in Criminal Retaliation against father in order to cover the tracks of the crimes they have recently committed against father, which have been reported to police. Ms. Goedinghaus recently lost custody of her daughter for the 5th time in as many years for repeated CPS cases involving her abuse of Methamphetamines.

8.  JUDICIAL REVIEW REQUESTED OF CAUSE # D-FM-19-001391

9.  Our Child, SLH is so tightly and securely bonded to Petitioner Father she has still shown signs of fear and abandonment issues from the last two times she was taken by Mother. Once was for approx. 3 months in March 2017 and the last time was on October 2nd, 2019. She has expressed that she is "scared to be with mom" even though she does wish she could see her.

10. In the last 986 days since May 27th, 2017, Respondent Mother has spent ONLY TWO days with the Child, SLH while Unsupervised! In those two days, she used the same false allegations and CPS referral tactics she is using now that have all been ruled out and she tricked the school where S████ was enrolled, left the state without notice or agreement, fled to Utah, and according to our daughter, SLH, she took a long nap and when she awoke she left Summer alone with her sister who she had not seen AT ALL in almost 3 years. Respondent then heard I was in Salt Lake City searching for her with a Writ of Attachment and she abandoned SLH and fled to Virginia to her home and has not seen or contacted her since except to send a nice pillow to S████ for Christmas with no card or letter. This surprise, aggressive and completely invalid filing we are discussing today is so completely inappropriate and damaging to our daughter, I cannot believe it is even being considered by this Court!

11. The efforts in 2017 to recover financially from Mother's completely irrational actions resulted in SLH missing the last two months of kindergarten, SLH was severely traumatized by Respondents family who refused to allow ANY contact w/ Petitioner Father or his family and was repeatedly told she would never see him again. This caused severe and lasting PTSD and Separation anxiety that was no longer an issue after about 6 months but was recently stirred up again when Mother and family did the same exact thing when Mother abandoned her in Utah.

12. Petitioner father was able to immediately get TRO and Writ in Travis County, but family continued to hide and move S████and refused entry to police when Father would find her locations all across Utah. Texas Orders were not recognized and Travis County Sheriff's would not assist UT police with a report of Person of interest or Missing person report, so Petitioner filed in Utah and received orders, which allowed Police in Alpine UT to force entry into home where she was being held and Father was able to safely return Home on October 18th where she has been safely in his full custody again under the protection of a TRO from this COURT until recently expired.

13. The combined cost of the the two legal recovery efforts by father to safely return SLH home is well over $200,000 in legal fees, expenses, costs, and lost time from work.

14. Petitioner also raised Respondent's two older children primarily alone from 2010-2017 and has completely raised the Child, SLH 100% on his own since Mother voluntarily abandoned her with father in May 2017 (2 years, 9 months as of 02-07-20).

15. Respondent Mother (by her own choosing) has only had TWO SUPERVISED visits with the Child, SLH, in the last 2 years and 9 months since May 2017.

16. On the only TWO occasions that Respondent Mother has managed to get alone with the Child since March of 2017 and now, she has absconded without notice, permission, or agreement with the Child for extended periods of time under the pretense of false dangers and false CPS allegations, and false criminal allegations. The first time was in March 2017-May 2019 when she falsely claimed to be following an EPO, but The Family Court

17. Julia Hubbard is the Defendant/Respondent Mother. We were married in February 2010 and we have separated since 03-15-2017 when she abandoned our family home after an intervention and to escape drug treatment program. She has a long and well-documented history of severe drug abuse and for filing false allegations against men.

18. Respondent Mother voluntarily Abandoned her two older children in March of 2017 in the custody of their father Shawn Mayer. She has not seen, contacted or given any type of support to those children since May of 2017. (**EXHIBIT** ____ )

19. Respondent Mother falsely accused her first husband, Shawn Mayer of multiple felonies during her divorce case with him in order to affect the outcome of custody orders in her favor. Mr. Mayer was no billed when investigators found out he was out of town during the times that Mother accused him.

20. Respondent Mother has falsely accused at least 5 other men of felony assaults that I have specific knowledge of in the last 10 years. One additional man was convicted of a misdemeanor with no evidence except Respondent's word.

21. Respondent Mother Falsely accused Petitioner of Felony assaults in March 2017, and May 2017, along with 5 or more false CPS referrals in May 2017, December 2018, October 2019, and most recently on containing wild and fantastical

allegations, which have all been dismissed and/or Ruled out by Courts and CPS.
(**EXHIBIT** _____)

22.   It seems somewhat inappropriate for Ms. Goedinghaus to be involved in this case despite the seriousness of allegations she has reported to this Court. Petitioner denies any and all allegations alleged by her in her affidavit and her Application for Protective Order, which was served on Petitioner on HAS NOT bee is set for trial on February 14th in another court and contains no allegations of abuse against the Child, SLH. There exists absolutely no proof of any first-hand contact or knowledge that could be used to prove her allegations that Petitioner has either threatened her, the Respondent, or the Child, SLH. Her affidavit and testimony would at best be an easily defeated waste of our time, and at worst result in Petitioner presenting evidence of coercion, fraud, perjury, theft and conversion, sexual and physical abuse, and other criminal activities by Ms. Goedinghaus that I believe should be contained to the existing investigations within the Travis County CID and the upcoming Protective Order Hearing.  Because Petitioner has cut off and broken off relationship with Ms. Goedinghaus, she really has no access, control or opportunity to affect the Child's life except with these false allegations, which are simply meant to punish and waste the time of Petitioner. She has attempted to invoke the criminal anger of one of our investors who she somehow believes is some kind of Mexican Mafia king pin and sex trafficker setout to kidnap my daughter. However, we have no such investor or ties to any criminal organizations, and I'd pray that the Court removes her ability to inject her family's methamphetamine-induced culture and fantasies into our Divorce and SAPCR case.

23.    Kayla Goedinghaus is my former live-in girlfriend between 11-18-18 and 01-11-20. I broke up with Kayla because she was involved in 14+ month long CPS services case after being caught using Methamphetamines. Ms. Goedinghaus' case resulted in costs, legal fees, expenses, counseling and medical services and unplanned for travel and childcare that cost our family and my company between $100,000 and $150,000. In addition, the financial and emotional stress on both of us resulted in many other direct and indirect consequences including: Foreclosure on two of my condo development projects, unplanned debt, loss of assets to unplanned sales when continually faced with emergency settings and emergency legal fees mostly caused by Ms. Goedinghaus and her husband being unwilling to to remain sober long enough to easily pass drug tests, which frequently caused them to delay or avoid testing and caused stress in the case. These things required us to hire attorneys that otherwise would not have been needed on short notice. Ms. Goedinghaus continually failed to meet agreed conditions for the safety and care of Petitioner's child, SLH and these became such a burden to overcome that Petitioner ended the relationship for the sake of relaxing the efforts to keep child safe, which has become a success.

24.   Goedinghaus is a Witness in this case, but she has no first-hand knowledge of any kind regarding the current welfare or living conditions of the Petitioner nor his daughter since prior to 01-09-2020, which was the last time she had physical or direct access or communication with my daughter. Ms. Goedinghaus has not had

any real or direct influence in the planning, security and control of the Child, SLH, since October when it came to light that she was involved in the planning of her abduction with mother. Her affidavit does not contain any valid or proven facts that are relevant in any way to the safety and welfare of the Child, SLH.

25.    Ms. Goedinghaus is currently under Temporary Orders in her own SAPCR and 12+ month old CPS services case w/ Cause # D-1-FM-19-001391 in which she has been ordered to only once per week visitation with her daughter, which has been ordered to be supervised by her husband and/or professional agencies due to her repeated Methamphetamine use and bizarre family behavior involving drug use, sexual promiscuity and reported gun violence by her brother David, which has resulted in the removal and/or placement of her daughter into other's care on at LEAST 4 occasions in the last 5 years. (**EXHIBIT_____**)

26.    Ms. Goedinghaus has filed false allegations, according to Petitioner, and a Protective Order against Petitioner in order to draw attention away from her illegal involvement and conspiracy to assist Respondent Mother in the abduction and abandonment of SLH, the child named in this suit. She secretly contacted Respondent more than 15 times with more than 50 texts and phone calls totaling more than 6 hours all in the two weeks preceding the abduction of my daughter. She had nothing but awful things to say about respondent Mother, but reached out to her in order to orchestrate a scheme to defraud me and CPS and escape from Texas. She and Respondent believe they can escape Texas Law and the responsibility for their mistakes neglecting and abusing children simply by initiating outcries of abuse.

27.    Ms. Goedinghaus and Respondent are Retaliating in a very dangerous way against Petitioner because they cannot accept responsibility for the poor treatment, neglect and/or abuse they have placed own their own daughters.

28.    All 3 of the healthcare professionals familiar with this case and who have been involved with us for more than the last year thoroughly believe and contend that Summer should not have unsupervised contact with SLH and that she should not have ANY contact at all before she can receive instructions and training in regards of how she should speak to and treat a Child.

**IT IS IMPERATIVE THAT SLH NOT BE FORCED INTO COURT TO SEE HER MOTHER UNTIL MOTHER AND CHILD CAN BOTH VISIT WITH CHILD'S THERAPIST AND THEY ARE SATISFIED MOTHER IS SAFE AND UNDERSTANDS THE DAMAGE SHE HAS CAUSED AND THAT SHE MUST NOT CAUSE AGAIN!!**

I have served this document to all parties via email and efile service:

Julia A Hubbard at Julia.A.Hubbard@gmail.com

Richard Hubbard at Rick@EcoLoft.US

_____
Richard L. Hubbard

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said

Richard L. Hubbard on the ___6th___ day of __February__, 2020, to certify which witness my hand

and seal of office.

ART GUERRERO
My Notary ID # 3997152
Expires September 8, 2021

_____
Notary Public in and for
The State of Texas

Richard Hubbard
28827 Fine Rd
Marble Falls TX



**Best Practices, LLC**
Todd Eller, Ph. D. PD2857
(800) 598-7889

## LETTER OF ASSESSMENT OF RICK HUBBARD

By

Benjamin Todd Eller, Ph. D.

### BACKGROUND

For eleven years, I have known Rick Hubbard. He has requested throughout this time to help him retain full custody of his children and to give him advice as a psychologist to best guide him on how to make his divorce the least harmful to his children. Throughout the years, my clinic has conducted the Best Practices Parenting Inventory on himself and evaluated his fitness as a parent. Rick also supplied me with substantial information and contact info for all parties involved. I have spoken to Rick's other counselors, DFPS Investigator Tremain Floy, Rick's Family Doctor Dr. Melissa Miller, and I have spoken to his ex-wife several times over the years. I have been counseling Rick's recent girlfriend, Kayla Goedinghaus and her daughter D███ for approximately 12 months since they first met and finally, I have been counseling his daughter, S████ H██████ for nearly  years since her mother Julia abandoned her during a very traumatic episode for the family caused by Julia's severe opioid and cocaine addiction and her reaction to the threat of withdrawals during a planned inpatient treatment program that she never attended.

Rick and his children suffered a very explosive breakup of the family when Julia reacted poorly to a family intervention to address her drug addictions and her untreated emotional disorders. After the incident Julia has shown chronic and increasingly dangerous revenge behaviors aimed at destroying Rick and his otherwise extremely healthy and productive relationship with his daughter S████ Julia abducted S████ in 2017 under the false notion that she had been threatened by Rick, but after a lengthy investigation lasting over 6 months, it was found out that Julia was not only lying about the allegations against Rick, but it was found that she falsely accused at least 4 other men of aggravated felonies over a 6-8 year period of time. After the aforementioned episode in 2017, Julia was ordered to bring S████ back to Rick and they shared custody for approximately 3 periods of possession when Julia seemed to relapse and be in a very abusive and dangerous relationship with another married man named Casey, who later threatened and reportedly travelled to Austin to kill Rick based on Julia's allegations, which had long been proven to be untrue. In May of 2017 Julia stopped exercising her periods of possession for the next 2 full years then appeared in May of this year for one period of SUPERVISED visitation at Rick and S████ home near Lago Vista, TX. She then disappeared again until the most recent and sinister abduction yet on October 2nd from her school and was then removed from Texas without notice or discussion of any kind and dropped off with family members who have had no contact with S████ in approximately  years. She was not allowed to say goodbye or to even speak to her Dad, nor Rick's fiancée Kayla or Kayla's daughter D█ whom she had been living with full time since November of 2018. S████ calls Kayla mommy and calls D████ sister and reports that until this event that the 4 of them had "the best family ever!" The false allegations and rumors spread by Julia have since cause CPS to remove Dakota from the home and after Rick's nearly month-long rescue and travel back from Utah and Las Vegas with his daughter S████ he has decided to at least temporarily separate the family and increase to higher levels of privacy and security for his and his daughter S████ who have been receiving death threats and random allegations of abuse and crimes from unknown strangers across the country due to Julia's incredible efforts to recruit abuse victims falsely accuse Rick of hurting them.

### ORGANIZATION

Best Practices is a licensed and vendored organization that has conducted over 500 evaluations of children and adults. We conducted a thorough psychological module for this case abiding by the guidelines set by the APA code of conduct.

### ASSESSMENT OF RICK AND ACCUSATION

The accusation that Rick Hubbard endangered his children by having firearms and extensive combat training does not coincide with the evidence of Rick's past behavior. Rick Hubbard has taught jiu jitsu, weapons and firearm safety to many organizations including the Boy Scouts of America and close quarters combat training with elite special forces instructors who all give Rick the utmost respect and trust. Rick has been consistently invited back to a normally once-in-a-lifetime, invitation-only Kiddie Campout Retreat for hand-picked fathers and their children, which occurs twice per year in East TX and we have heard nothing but the most glowing reviews and admiration for Rick's safety and

BEHAVIORAL ASSESSMENT

Page 2 of 2

protection of their children during all kinds of high adventure outdoor activities including shooting, boating, archery, and more. All of the 20+ fathers we spoke to said that they would absolutely feel comfortable sending their children into any situation at the camp alone with Rick and their children all love, respect, and feel safe around Rick and his children.

The Best Practices Parenting Inventory determined that Rick is an excellent father and I can personally attest to his huge efforts to consistently regain and maintain full custody of his children after many years of high conflict and enormously stressful family battles being fueled and caused by Julia Hubbard when she abuses Rick and their daughter S████with these unhealthy and damaging attacks as well as for the many years she executed the same unimaginable damage onto her ex-husband and their children (Rick's step-children who he helped raise from ages 2 and 5 to 10 and 13 and who he still maintains contact and visits with today). His stepchildren, Br████ and J████ have adamantly claimed that Rick was never abusive to them or to Julia during the marriage and that in fact it was exactly the opposite. That Julia was abusive both emotionally and physically to the children and to Rick on many occasions, which became more and more frequent towards the end of the 8-year marriage when her drug abuse began causing extremely dangerous situations and Rick finally demanded the intervention after he had to call 911 for protection for he and the children over 12 times in one year. He is completely devoted to children and to even the most challenging relationships and highly prides himself as being able to learn sophisticated parenting and relationship techniques in an effort to constantly improve he and his children's ability to communicate and overcome stressful situations with amazing optimism and courage. He credits B█████ and J████for inspiring him to never stop learning to be a better and more patient parent because they went through so many tough times alone together while raising S██████virtually on their own while Julia's behavioral and drug abuse problems caused her to be extremely selfish and distant from the core family. He has always maintained that he and S█████ would never have possibly turned out to be so close and happy and "bulletproof" as he calls S█████'s spirit and happy, loving nature despite being exposed to such evil in the past few years it's surprising she has not shown a high level of negative effects from the massive upheavals and instability caused directly by Julia's outrageous and highly dangerous behaviors and severe abuse and neglect of her children and their fathers. All children by my distant observations and reports from Bookie & Jonny's rapid recovery and continued success to Summer's constant and never-ending exuberance for learning and love for her father, brother, and sisters. It is quite important to note that the children and their custodial parents have made efforts to stay in touch and have even travelled several times specifically to get the kids together and keep their special bonds alive.
I believe that far-reaching and steady commitment to family being shown by these two biological fathers (Rick and Shawn) has been the most key factor in negating the abandonment and fear issues, which have been so intense during the erratic and highly dangerous abuse they have all suffered at the hands of their mother.

Rick has always been diligent, dedicated and determined to be the best father he can and has kept in constant contact with me and my clinic to continue to seek the best advice for his children. His knowledge of parenting, family and personal protection, co-parenting and creating a nurturing and loving environment for his daughter and for other children is quite unique and impressive and I have only witnessed highly functional and loving parenting practices from Rick Hubbard. Removing a child from a functional parent and especially forcing contact with a non-functioning, unbonded parent has devastating consequences according to the Department of Health and Human Services:

> 68% greater chance of being unemployed
> 77% greater risk of being physically abused
> 87% greater risk of being harmed by physical neglect
> 165% greater risk of experiencing notable physical neglect
> 80% greater risk of suffering serious injury

I have rarely disagreed with Rick's desires to maintain an open mind hoping that someday Julia will truly change and become the healthy, honest, and nurturing mother we all believed she could one-day be, but over the last 11 years of observations of these children, it is my professional opinion that even if she began counseling and rigorous inpatient behavior modification today, there is less than 10% chance that Julia Hubbard will ever be anything but a dangerous and destructive force to her children. We believe the children's continued healthy environments and their chance to fully recover from the recent and past traumas is far too important to risk with ANY future contact with their mother. We highly recommend that S████H████ should remain in the continued and exclusive custody of Rick Hubbard.

Benjamin Todd Eller, Ph.D.

# AFFIDAVIT OF PROCESS SERVER

### In the District Court of Travis County, Texas, 201st Judicial District

**In the matter of the Marriage of Richard Hubbard**

       Plaintiff(s),

VS.

**Julia A Hubbard and in the interest of S.L.H., A Minor Child**

       Defendant(s).

Attorney: Christopher Merritt

Ecoloft Homes LLC
501 Havana Street
Austin TX 78704

*248124*

**Case Number: D-1-FM-19-006725**

Legal documents received by Same Day Process Service, Inc. on **10/31/2019** at **12:44 PM** to be served upon **Julia A. Hubbard at** ▇▇▇▇▇▇▇▇**, Alexandria, VA 22312**

I, **Donald Huskey**, swear and affirm that on October 31, 2019 at 2:45 PM, I did the following:

**Personally Served Julia A. Hubbard** the person listed as the intended recipient of the legal document with this **Interim Order and Order Setting Hearing for Temporary Orders; Notice of Electronic Filing; Original Petition for Divorce; Petitioner's Supporting Affidavit; Writ of Attachment and Temporary Restraining Order and Order Setting Hearing for Temporary Orders; Order on Motion for Withdrawal of Counsel at** ▇▇▇▇ **, Alexandria, VA 22312.**

**Description of Person Accepting Service:**
Sex: Female Age: 25 Height: 5ft4in-5ft8in Weight: 131-160 lbs Skin Color: Caucasian Hair Color: Dyed Other Color

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

_Donald Huskey_
**Donald Huskey**
Process Server

**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
**info@sameprocess.com**

Internal Job ID:248124

District of Columbia: SS
Subscribed and Sworn to before me
this _____ day of _NOVEMBER_ _2019_

_____ Mack Notary Public, D.C.
My Commission expires February 29, 2024

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-FM-19-006725**

IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD

, Plaintiff

vs.

JULIA A HUBBARD AND IN THE INTEREST OF S.L.H., A MINOR CHILD

, Defendant

TO:    JULIA A HUBBARD

████████████, SOUTH JORDAN, UTAH

OR VIRGINIA
OR WHEREVER SHE MAY BE FOUND

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER of the PETITIONER in the above styled and numbered cause, which was filed on OCTOBER 3, 2019 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, October 04, 2019.

REQUESTED BY:
CHRISTOPHER C. MERRITT
609 W 10TH ST
AUSTIN, TX 78701-2023
BUSINESS PHONE:(512)320-8188   FAX:(512)366-9084

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: LAURA LANCASTER

-- - -- -- - -- - - -- - -- R E T U R N -- - -- -- - -- -- - -- - --

Came to hand on the 31st day of October , 2019 at 12:44 o'clock P M., and

executed at ████████████, Alexandria, VA 22312 within the County of

Alexandria on the 31st day of October , 2019 ; at 2:45 o'clock P M.,

by delivering to the within named Julia A. Hubbard , each

in person, a true copy of this citation together with the ORIGINAL PETITION FOR DIVORCE, TRAVIS COUNTY STANDING ORDER accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Donald Huskey , Process Server
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: Donald Hus

1 day of November 2019

Donald Huskey
Printed Name of Server

DISTRICT OF COLUMBIA

Notary Public TEXXXXXXXXXXs
DISTRICT OF COLUMBIA

SERVICE FEE NOT PAID

D-1-FM-19-006725

☐ Original    ☐ Service Copy

K. Mack    P01 - 000083938
Notary Public, District of Columbia
My Commission Expires 2/29/2024

EXHIBIT B, page 103



THE STATE                                §
                                         §        AFFIDAVIT
OF TEXAS                                 §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day

personally appeared Christy Sue Lange, known to me to be the person whose name is subscribed

hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

1.      My name is Christy Sue Lange I am over the age of eighteen years, have personal
knowledge of, and I am competent to testify to the facts set forth herein. The following
statements and events are true and correct to the best of my personal knowledge, and I will
testify to them in court under penalty of perjury.

2.      My boyfriend Ralph Rogers and I have spoken to and visited with Rick in the last
few weeks since he broke up with Kayla. I visited he and his daughter, S████ at home today
(01-06-2020) for several hours and we spent some time with his daughter, S████Hubbard as
well. She is absolutely safe and they are both in good spirits and safe. I read the affidavits
provided to the Court in support of the need for an emergency hearing. I can tell you without
any doubt that those facts are not rue and there is no question that Rick is not suicidal or any kind
of danger to S████ or anyone else. He and his daughter are in the same healthy emotional
condition that I have always witnessed.

3.      There is no question in my mind that Kayla Goedinghaus and Julia Hubbard are
retaliating against Rick simply because they are mad that they are losing custody of their
daughters. Kayla's daughter was taken away by CPS because of her meth addiction/use. Julia
has kidnapped her daughter twice that we know of and has only visited once in 3 years according
to Rick and Kayla.

4.      I am the girlfriend of Ralph Rogers who is the owner of the property where Rick
Hubbard lives at 28827 Fine Rd, Marble Falls, TX and where Kayla Goedinghaus lived off and
on from around June of 2019 until around January 10th when she and Rick broke up. In all my
dealings with Rick Hubbard over the last year or so, I have NEVER seen any behavior or actions
by Rick that would lead me to believe that Rick is anything but a great father who is extremely
protective of his daughter, S████ L████ Hubbard.  S████ seems to always be in a positive
and happy mood. S████ obviously wants to be with Rick. Wherever he is, she wants to be with
him. It is obvious when I see them together that she is full of life and trusts him.

5.      My relationship with Rick and Kayla has been a friendship and Ralph and I go
over to the house occasionally to hang out by the campfire and play music. We have always had
a good time and both Rick and Kayla have been friendly and welcoming.  On one occasion,
Kayla asked me to go inside with her and she coaxed me into putting on sexy makeup and
dressing in lingerie with her so we could go outside by the fire where Rick and Ralph were
sitting and talking in order to surprise them with a cute and sexy show of our lingerie. We were



not nude or any lingerie that would be considered inappropriate and the area where we were outside is quite private and out in the country. I am very shy and I did not want to do this, but Kayla is very convincing and urged me to go through with it. When we got outside the boys were very complimentary of us and pleasantly surprised. I initially was okay with the situation and we went inside to hang out in the living room when Kayla asked us to. When we went inside I went to the restroom and when I came out of the restroom Ralph was standing in the hallway and Kayla was on top of Rick in the bedroom and they were getting very amorous, which made me feel uncomfortable, so I went outside and told Ralph he could stay, but that I was ready to leave. Ralph said that no, he was leaving with me and we went out the truck to drive home. Rick immediately came outside to check on me and he was extremely apologetic and asked if there was anything more he could do to apologize. He was VERY caring about how I felt, and he even called and texted several times later to apologize again and makes sure that our friendship was ok. I appreciated that. I should note that Kayla never did come outside to check on me and she never asked me later if I was okay or anything like that. She didn't really need to apologize, but I did notice how different and more caring that Rick was about the situation.

6.      After S█████'s mother abducted S█████from her school on October 2nd, 2019 Rick immediately flew to Utah to search for her. After he had been searching for a few days he called Ralph and I and asked us to go check on the property. He said he'd seen some unusual activity oi nth emotion sensors, but he couldn't see the cameras outside because the internet was down for some reason. He was also very concerned because the day after he left to find S█████, Kayla had disappeared and was not answering the phone at all. He was worried because he and Kayla had listed Kayla's phone number as the point of contact on Su█████'s missing posters and he was upset that he may be missing tips about S█████'s location. He said the last he spoke to Kayla was on October 5th when he'd found out she had been talking to S█████'s mother quite a bit during the week prior to S█████'s kidnapping and he was confused about that. He was also most concerned about his daughter's dogs because he had no idea where Kayla was and if she had fed the dogs. He said the dogs were too short to even drink from the toilet, so he wanted us to check on them. He asked Ralph and I to please go check on the house and make sure the dogs were safe. He said he had also paid his friend, Niccie, $350 to go take care of the dogs, but that she had also stopped responding to him and he was just worried. Ralph and I arrived at the home to find the place was a DISASTER. The place looked like someone had ransacked it, Rick's computers were missing, there was clothing and trash everywhere on the floors and the dogs had peed and pooped EVERYWHERE. I was initially upset and scolded Rick, but he said he had no idea what happened. He said that CPS had been there only 4 days prior and the house was clean at that time and still was when he left to Utah. He was obviously very distressed and worried about finding his daughter.

7.      At this point, after all we've learned about Kayla's involvement with Julia Hubbard, we would absolutely NOT believe a word out of Kayla's mouth. I am very disappointed with the lack of concern and the danger she has allowed S█████to be in without even caring., In fact she is intentionally trying to hurt S█████by lying about her father. I know from firsthand experience that Kayla is far more sexually aggressive and selfish than anyone else I know.



Page 1 of 2



_____
Christy S Lange

      SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said

Christy Lange on the 6th day of February, 2019, to certify which witness my hand and seal of

office.

ART GUERRERO
My Notary ID # 3997152
Expires September 8, 2021

_____
Notary Public in and for
The State of Texas

Page 3 of 3

THE STATE                          §
                                   §       AFFIDAVIT
OF TEXAS                           §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day

personally appeared Ralph B Rogers, known to me to be the person whose name is subscribed

hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

1.      My name is Ralph Rogers. I am over the age of eighteen years, have personal
knowledge of, and I am competent to testify to the facts set forth herein. The following
statements and events are true and correct to the best of my personal knowledge, and I will
testify to them in court under penalty of perjury

2.      My girlfriend Christy and I have spoken to and visited with Rick in the last few
weeks since he broke up with Kayla. I visited he and his daughter, S███████at home today (01-
06-2020) for several hours and we spent some time with his daughter, S███████Hubbard as well.
She is absolutely safe and they are both in good spirits and safe. I read the affidavits provided to
the Court in support of the need for an emergency hearing. I can tell you without any doubt that
those facts are not rue and there is no question that Rick is not suicidal or any kind of danger to
S███████or anyone else. He and his daughter are in the same healthy emotional condition that I
have always witnessed.

3.      There is no question in my mind that Kayla Goedinghaus and Julia Hubbard are
retaliating against Rick simply because they are mad that they are losing custody of their
daughters. Kayla's daughter was taken away by CPS because of her meth addiction/use. Julia
has kidnapped her daughter twice that we know of and has only visited once in 3 years according
to Rick and Kayla.

4.      I am the owner of the property where Rick Hubbard lives at 28827 Fine Rd,
Marble Falls, TX and where Kayla Goedinghaus lived off and on from around June of 2019 until
around January 10th when she and Rick broke up. In all my dealings with Rick Hubbard over the
last year or so, I have NEVER seen any behavior or actions by Rick that would lead me to
believe that Rick is anything but an exceptional father who is extremely protective of his
daughter, S███████ L████ H████████ Summer seems to all ways be in a positive and happy mood.
S███████ obviously wants to be with Rick. It is obvious to me that S███████is a well-adjusted
child and Ricks approach to discipline has been limited to discussions of why something should
be done in one way or the other and their ramifications.

5.      My relationship with Rick and Kayla has been a friendship, as well as landlord, I
go over to the house occasionally to hang out by the campfire and play music. I have always had
a good time and both Rick and Kayla they have been friendly and welcoming.  I have noticed on
several occasions that they were very open about their sexuality and enjoyed when they had an

page 1 of 3

EXHIBIT B, page 107

audience.  At no time have a I seen Rick doing anything that could be considered coercive or threating to Kala or anybody else.  Kala has asked that I watch on occasion.

6.      After S██████s mother abducted S██████ from her school on October 2nd, 2019 Rick immediately flew to Utah to search for her.  After he had been searching for a few days he called me asked if I would to go check on the property.  He said he'd seen some unusual activity oi nth emotion sensors, but he couldn't see the cameras outside because the internet was down for some reason.  He was also very concerned because the day after he left to find S██████ Kayla had disappeared and was not answering the phone at all.  He was worried because he and Kayla had listed Kayla's phone number as the point of contact on S██████'s missing posters and he was upset that he may be missing tips about S██████'s location.
He said the last he spoke to Kayla was on October 5th when he'd found out she had been talking to S██████'s mother quite a bit during the week prior to S██████'s kidnapping and he was confused about that.  He was also most concerned about his daughter's dogs because he had no idea where Kayla was and if she had fed the dogs.  He said the dogs were too short to even drink from the toilet, so he wanted us to check on them.  He asked me to please go check on the house and make sure the dogs were safe.  He said he had also paid his friend, Niccie, $350 to go take care of the dogs, but that she had also stopped responding to him and he was just worried. Christy(who accompanied me) and I arrived at the home to find the place was a DISASTER.  The place looked like someone had ransacked it, Rick's computers were missing, there was clothing and trash everywhere on the floors and the dogs had peed and pooped EVERYWHERE.  I was irritated at the condition of the place, but Rick said he had no idea what happened.  He said that CPS had been there only 4 days prior and the house was clean at that time and still was when he left for Utah.  He was obviously very distressed and worried about finding his daughter.

7.      At this point, after all we've learned about Kayla's involvement with Julia Hubbard, we would absolutely NOT believe a word out of Kayla's mouth. I am very concerned with the danger she has allowed S██████to be in without even caring about the ramifications.  It appears she is intentionally trying to hurt S██████by lying about her father.  I know from firsthand experience that Kayla is far more sexually aggressive and selfish than most people that I know.

Page 2 of 3

_____          Feb. 6, 2020
            Ralph Rogers

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said Christy Lang on the 6th day of February, 2019, to certify which witness my hand and seal of office.

2020

ART GUERRERO
My Notary ID # 3997152
Expires September 8, 2021

Notary Public in and for
The State of Texas

Page 3 of 3

<u>Questions made just for S█████ so we know how YOU feel!</u>

Dear S█████,

You are so special, and you are so loved and so valuable to me!!! You are so valuable to your friends and your family and your teachers. You are amazing and smart, and I always want you to know you can tell me the truth and I will never think badly of you! I also want you to know that you should always tell the truth about how you feel and especially you should tell the truth about anything that is hurting you or anything that concerns you that you need help with.

I am so thankful that your mother and I met and fell in love and we made YOU!!!! I am so thankful for the wonderful times we had together with your mommy and your brother and sisters!

Girl...We have been so lucky to be loved and I think we should always be very proud of how much we loved the people around us. I think we have done a great job at making me people happy and helping them when they have troubles... Do you think so too? <u>I'm thankful too for you</u> and my brothers and sisters!

Do you think there is anything I could have done better to make people feel better?
<u>no?</u>

Do you think I did anything the wrong way that made them feel bad?
<u>no?</u>                                          I definitely would want to fix that!!!

Most of all, I want to thank YOU for being sweet and always telling me you love me. You are so good at everything you do, but I think your best talent is that you are always ready to be nice and to be sweet and you always take extra time to say you love me and to draw me pictures. There is nothing more important to me in the WHOLE WORLD than to make sure you are happy and that you are safe and that you feel like you have everything you need.

Do you have any times when you don't feel safe that we should change?
<u>no?</u>

I also want to know if there is ever ANYTHING I can do to change or do better, so I made this note and I added some questions that I would like to know about how you feel. I would love it if you would answer them and you can say anything you want!!! It is also okay if you want to skip them or change them!! This is just for you so you can do anything you want!!!

At the end I would love it if you would write me some questions or just write me a note about something you want me to know or something you want me to change. I'll remind you at the end!

THERE ARE NO WRONG ANSWERS! Remember... You can change the questions or skip the questions, or you can add your own questions!!! I only want to check in with you and learn more about you... Same as when we talk about things, but I wanted to see if you had anything more or less to say when you had plenty of time to

sit and think about it!!  I'm sorry I've been working so much!  I thought this might be a good way for us to communicate even on days when we are really busy!!!

Do you think it is  a good way to communicate even when we are really busy? _Some times.... no and... yes_

Thank you for being the best daughter that I could ask for!  We all LOVE YOU!!!!  Okay... Here are some questions!

When I say "Mom"  I mean Julia and if I mean Kayla I'll just say Kayla, but you can use whatever words you want to!    What do you want to call your Mom, (Julia)? _mamma_

What do you want to call Kayla?_Kayla / mamma K_

Okay...Here we go!:

1. What is your favorite thing about the places where you have lived?

_you / Boogie/my friends_

2. What kind of house do you most want to live in?

_At the lake house in a RV_

3. Where would you put your favorite house?

_At th̶i̶s̶E the lake house_

4. In the last few months since we got back together in Utah.....  What have been your favorite memories?  Favorite places? Favorite people to be around?  Anything at all!

_Seeing you    Las Vages    YOU_

5. What are the best memories you have of your Mom?

When she came to Wvisit and We took the Harry potter test & When me and dakota Colored on her.

6. What are the worst or not-so great memories you think of with Mom?

takeing me away from you.

for 7 flip

7. What are the best memories you have of Kayla?

When she lied about coming to Hanna. OOPS

8. What are the worst or not-so great memories you think of with Kayla?

9. What are the best memories you have with me?

Las Vages

10. What are the worst or not-so great memories you think of with Me?

none. Zero

11. What are your best and worst memories with Brookie?

Best: When We Went to McDonalds
and We Played and she brot me a top
Worst: When I needed toilit pater

12. What are your best and worst memories with Jonny?

Best: When We Were play With our dogs

Worst: When I needed toilit pater

13. What are your best and worst memories with Dakota?

Best: when We went to Altva food
With KAYLA
Worst: Worst: We used to fight alot.

14. Who are your best friends?

⬛ Delilah Demus, Holly Nathen, teagan
Irina, pater, charles, Kam Alex,
Lizzy, Boogie/Dog, Brookly, sophia, Ellen → flip

15. What is the worst mistake you think I have ever made?  You can say more than 1! LOL I
know I probably mess up a lot! 1, Yes you do mess up alot
2. girls

16.  Have you ever wanted to do something and someone wouldn't let you?
Burn a tree because I got mad

17. Have you ever wanted to talk to anyone like Mommy or Kayla or anyone in your family and I wouldn't let you use the phone or anything like that?

no

18. Does anything your parents do ever make you feel bad or sad or frustrated or anything like that?

no

19. Do you ever feel like it's your fault that your parents are split up or when we don't get together?

no

20. If I could do anything or if I cold stop doing anything in the WHOLE WORLD what would you want that to be?

Wrok

21. How does it make you feel when people like CPS come to see you at school? IS there anything that you like or anything that you don't like about CPS and all this court stuff going on?

I am not a adult

I am not made that that kind of stuff

22. If you're mom came to school or came to the house and said she was going to take you back to Utah or to go live with her would you be happy about that?

Only if Dad came me. Flip

EXHIBIT B, page 114

23. When your mom came down to Colt Elementary and took you to Utah  I think you were gone for about 20 days or so....   Do you remember how many days Mom spent with you that time?

24. When I came and found you at that house in Utah and you found out I was going to take you back home with me, did that make you happy?   Did you want to stay there any longer?

Happy

25. When we found out Tuesday that Mom and Kayla want me to take you to court on Friday and they want you to go home with Mom, How does that make you feel?

mad

26. Mom and Kayla think you might not be safe with me.  Do you know why they think you might not be safe?

lies

27. Do you remember the last 2 or 3 times that Mom came to get you?  What happens usually when Mom comes to pick you up?   Good things?  Bad things?

Bad and Good things

28.  Have you ever seen anybody get really drunk or do drugs in our house?

no

29. Do you like it when we go visit Jonny and Brookie and Kingsley?

yes

30. When you were with Mom in Plano for a few months without me, did you ever want to talk to me?
Why didn't you call me? because they wouldnt let me

31.  What about in Utah?   Did those people or your great grandma let you use the phone to call me?      If you wanted to call me, did they let you have a phone or did you just not feel like it?

they wouldnt let me

32. Has there ever been a time that you wanted to call your mom and I wouldn't let you?
no

Or anyone?    Do you have mom's number in your phone?
no          yes

If you had to choose between living with just me or just Mom or with Kayla and Dakota?
What do you think would be best for you?  What would YOU choose?



Out of all your parents and adults that you've lived with who do you think you would trust the
most to make good decisions for you?     Are any of us any better at taking care of you?



Now......That was  a LOT of QUESTIONS!!!!!     Why don't you tell a joke or talk about anything
you want or draw a picture??????/     When you're done, let's go play anything you want for
at least an hour!!!



THIS DOCUMENT CONTAINS

SENSITIVE DATA

| | | |
|---|---|---|
| THE STATE | § | |
| | § | AFFIDAVIT |
| OF TEXAS | § | |

### AFFIDAVIT AND STATEMENT OF FACT

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Paul N. Pendergrass, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

1. My name is Paul Pendergrass. I am the Witness in this cause of action. I am over the age of eighteen years, have personal knowledge of, and I am competent to testify to the facts set forth herein. I swear under the penalty of Law that the following facts and statements are true to the best of my knowledge and I am willing to testify to these facts under oath in this Court.

2. I have been Rick Hubbard's business partner since November 2018. Starting in the fall of 2019, I saw the ramifications of Kayla being involved in not only his personal life, but in his business as well. She informed his ex-wife, Julia, of a technicality regarding his custody of their daughter, S████. There is a reason Julia is not involved in S████'s life. She is a drug addict and a swindler, among many other things. Kayla was aware of all this. Due to Julia threatening Kayla with all kinds of things, and them talking on the phone for weeks, Kayla gave Julia some info so she could get S████ out of school. Julia then takes Summer and flees to Utah, where some of her family is. Kayla pretends to have no idea about what is going on, while Rick goes to Utah to search for S████. He spends tens of thousands of dollars (some of it my own money) on hiring PI's and getting Travis County and Salt Lake County officials to help with the investigation.

3. In the meantime, Kayla was involved in the theft of thousands of dollars' worth of computer, electronics, and she thought she may get caught for her involvement in the abduction of his



TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

COMMISSIONER
H. L. Whitman, Jr.

Richard Hubbard
1508 GRAYFORD DR
AUSTIN, TX 78704-2510

Mailing Date  4/7/2019

Re: Case # 47347743: Notice of Findings of CPS Investigation

Dear Richard Hubbard:

The Department of Family and Protective Services (DFPS) has completed its investigation of alleged abuse or neglect reported on 12/7/2018 involving one or more children in your family and made the following findings:

| Alleged Perpetrator | Alleged Type of Abuse or Neglect | Alleged Victim | Finding |
|---|---|---|---|
| Hubbard, Richard | Neglectful Supv. | Hubbard, Summer L | Ruled Out |

**How Findings are Determined.**

- A finding of Ruled Out means that based on the available information, it was reasonable to conclude that the alleged abuse or neglect did not occur.

**How Certain Types of Abuse or Neglect are Defined.**

**Neglectful Supv.** includes the following acts or omissions by a person:

- placing a child in or failing to remove a child from a situation that a reasonable person would realize requires judgment or actions beyond the child's level of maturity, physical condition, or mental abilities and that results in bodily injury or a substantial risk of immediate harm to the child; or
- placing a child in or failing to remove the child from a situation in which the child would be exposed to a substantial risk of sexual conduct harmful to the child; or
- placing a child in or failing to remove the child from a situation in which the child would be exposed to acts or omissions that constitute abuse under Subdivision (1)(E), (F), (G), (H), or (K) committed against another child.

**Right to Request Records.** You have the right to request a copy of the investigation records. The records will be redacted to remove the identity of the person who reported the alleged abuse or neglect and any other information which you are not entitled by law to receive. Release of records may be delayed or denied if the release would interfere with an ongoing criminal investigation or for other valid, legal reason. You may be charged a fee for copies of these records. You may contact me to obtain a copy of the form needed to request these records or you may obtain a copy of this form at:

http://www.dfps.state.tx.us/Child_Protection/About_Child_Protective_Services/forms.asp

**Right to Request Role Removal.** Since all the allegations against either you or any child in your family have been ruled out, you have the right to request that we remove information regarding yourself or the role of alleged

NO. D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| RICHARD HUBBARD | | |
| (Petitioner) | § | |
| AND | § | 201st JUDICIAL DISTRICT |
| JULIA A. HUBBARD | § | |
| (Respondent) | § | |
| AND IN THE INTEREST OF | § | TRAVIS COUNTY, TEXAS |
| S.L.H. | | |
| CHILD(REN) | § | |

Filed in The District Court
of Travis County, Texas

FEB 07 2020 AT
At ___3:41___ P. M.
Velva L. Price, District Clerk

## ORDER APPOINTING GUARDIAN AD LITEM

### DRO Appointed

It is ORDERED that the Manager of Family Court Services, Travis County Domestic Relations Office **Location**: 1010 Lavaca Street, Austin, Texas. **Mailing Address**: P. O. Box 1495, Austin, Texas 78767. **Telephone**: 512-854-9216 is appointed as and shall assign a representative to act as Guardian Ad Litem for the child(ren) who is(are) the subject of this suit. The Court finds that the best interest of the child(ren) will be served by the appointment of a Guardian Ad Litem.

☐ **DRO: Spanish-speaking Guardian Ad Litem preferred.**

### Scope of Guardian Ad Litem's Duties

This order constitutes the appointment of a Guardian Ad Litem within the meaning of Sec. 107.002, Texas Family Code. The Guardian Ad Litem shall conduct an investigation to the extent that the Guardian Ad Litem considers necessary to determine the best interest of the child(ren). Any tasks specifically designated in this order are not intended to limit the Guardian Ad Litem's investigation in any way. **CHECK ONE BELOW**

☑ This order constitutes an appointment for the preparation of a Child Custody Evaluation within the meaning of Sec. 107.103, Texas Family Code.

☐ This order is intended to require limited tasks or a brief investigation to be performed by the Guardian Ad Litem, as specifically designated below.

☐ This order is intended to require the Guardian Ad Litem to provide the Domestic Relations Office's specialized services appropriate to families with protective orders and any additional tasks specifically designated below.

### Parties Contact DRO and Sign Consents

- It is ORDERED that each party shall contact the Manager of Family Court Services, Travis County Domestic Relations Office at **1010 Lavaca Street, Austin, Texas,** Telephone **512-854-9216,** on or before (date) _____.
- It is ORDERED that each party shall consent to the release to the Guardian Ad Litem of copies of the child(ren)'s and the party's own medical records, school records, psychiatric and psychological evaluations, and therapy and counseling records, if requested by the Guardian Ad Litem, unless that party requests a court hearing to keep the records confidential.
- It is ORDERED that each party is prohibited from using vulgar, profane, obscene, or indecent language or a coarse or offensive manner to communicate with the Guardian Ad Litem (in person, by phone, in writing, by email, or by any other means).
- It is ORDERED that the Guardian Ad Litem shall be entitled to copies of any investigative records of the Texas Department of Family and Protective Services, and these records do not need to be de-identified.

| A copy of this was sent to DRO on (date)_____by Deputy District Clerk_____ |
|---|

*Order Appointing Guardian Ad Litem (Revision – **Print** Version - May 16, 2016)*
*Page 1 of 6*

EXHIBIT B, page 120

**Payment of DRO Fee**

The Travis County Juvenile Board has authorized the DRO to collect Guardian Ad Litem fees as follows:

| | Party's Gross Income $35,000 or Less | Party's Gross Income $35,001 to $50,000 | Party's Gross Income $50,001 to $75,000 | Party's Gross Income 75,001 to $100,000 | Party's Gross Income $100,001 to $200,000 | Party's Gross Income $200,001 or More |
|---|---|---|---|---|---|---|
| **Fee for Full Guardian Ad Litem Appointment** | $300 | $600 | $900 | $1,500 | $2,100 | $2,700 |
| **Fee for Limited Tasks or Brief Investigation** | $150 | $300 | $450 | $750 | $1,150 | $1,275 |

**Mother** is ORDERED to pay, pursuant to Texas Family Code 107.023, to the Travis County Domestic Relations Office the following amount $_____ on or before (date) _____. The Court grants a judgment in favor of Travis County against Mother in this amount.

**Father** is ORDERED to pay, pursuant to Texas Family Code 107.023, to the Travis County Domestic Relations Office the following amount $_____ on or before (date) _____. The Court grants a judgment in favor of Travis County against Father in this amount.

**(Other Party)** _____ is ORDERED to pay, pursuant to Texas Family Code 107.023, to the Travis County Domestic Relations Office the following amount $_____ on or before (date) _____. The Court grants a judgment in favor of Travis County against this Other Party in this amount.

**(Other Party)** _____ is ORDERED to pay, pursuant to Texas Family Code 107.023, to the Travis County Domestic Relations Office the following amount $_____ on or before (date) _____. The Court grants a judgment in favor of Travis County against this Other Party in this amount.

Each judgment granted in favor of Travis County above accrues interest at the rate of 10% compounded annually as provided for by the Texas Finance Code, Chapter 304. All payments shall be made to the Travis County Domestic Relations Office, P.O. Box 1495, Austin, Texas 78767.

**Duration of Appointment** *[CHECK ONE]*
- ☑ The Guardian Ad Litem shall continue to serve until dismissed by the court.
- ☐ The Guardian Ad Litem shall serve until the Guardian Ad Litem files a written report, at which time the Guardian Ad Litem is dismissed.
- ☐ The Guardian Ad Litem shall serve until the Guardian Ad Litem makes an oral report to the court, at which time the Guardian Ad Litem is dismissed. The oral report shall be given in person at the hearing, which is set for(date) _____ (time) _____ (place) _____.
  *(If the case is not reached for hearing as scheduled, then the Guardian Ad Litem shall file a written report, in the form of a letter filed in this cause, with copies sent to the parties or their attorneys, no later than 7 days after the scheduled hearing, at which time the Guardian Ad Litem is dismissed.)*
- ☐ Other: _____

**Interview of Child**
- ☑ The Guardian Ad Litem shall interview the child(ren) who is(are) the subject of this suit to determine the

child(ren)'s wishes and desires concerning conservatorship and possession.

**Substance Abuse**

☑ The Guardian Ad Litem ☐ may ☑ shall   require   ☑ Mother ☑ Father
to submit to random urinalysis and/or hair follicle test and/or other testing for drug usage and obtain the results of the testing.

☐ The Guardian Ad Litem ☐ may ☐ shall   require   ☐ Mother ☐Father
to submit to random urinalysis and/or other testing for alcohol usage and obtain the results of the testing.

☐ The Guardian Ad Litem shall give an opinion whether ☐ Mother ☐ Father
should participate in alcohol or drug treatment, and if so, provide the name, address and telephone number where the treatment is offered, and specify the length or intensity of treatment. The Guardian Ad Litem may require an evaluation by an entity designated by the Guardian Ad Litem before giving this opinion.

**Child Abuse**

☑ The Guardian Ad Litem shall determine whether a child abuse investigation has been conducted by the Texas Department of Family and Protective Services or law enforcement agency, and determine the results of any investigation. The Guardian Ad Litem shall be entitled to copies of the investigative record of the Department of Family and Protective Services. These records do not need to be de-identified.

**Family Violence**

☑ The Guardian Ad Litem shall investigate the allegations of family violence.

**Therapy, Counseling, Education, Psychological Evaluation**

☑ The Guardian Ad Litem shall give an opinion whether ☑ Mother ☑ Father ☑ child(ren)
should participate in either individual therapy or group counseling.

☐ The Guardian Ad Litem shall select a therapist or counselor for:
☐ Mother     ☐ Father     ☐ child(ren)

☐ The Guardian Ad Litem shall give an opinion whether ☐ Mother ☐ Father  should attend
a parenting course, and if so, provide the name, address, and telephone number where the course is offered, and specify the minimum number of classes to attend.

☐ The Guardian Ad Litem shall give an opinion whether ☐ Mother ☐ Father  should participate in
anger management counseling, family violence counseling, or a batterer's intervention program, and if so, provide the name, address, and telephone number where the counseling is offered, and specify the minimum number of sessions to attend. The Guardian Ad Litem may require an evaluation by an authorized entity before giving this opinion.

☐ The Guardian Ad Litem shall give an opinion whether ☐ Mother ☐ Father ☐ child(ren)
should submit to a psychological evaluation.

☐ The Guardian Ad Litem shall select a mental health professional to conduct a psychological evaluation
of ☐ Mother     ☐ Father     ☐ child(ren)

☐ The Guardian Ad Litem shall monitor the progress of counseling or therapy of
☐ Mother     ☐ Father     ☐ child(ren)

☐ The Guardian Ad Litem shall refer the parties to a program for divorcing parents that the Guardian Ad Litem deems appropriate.

**Mediation**

☐ The Guardian Ad Litem shall select a mediator for the parties.

**Physical Investigation**

☐ The Guardian Ad Litem shall conduct a physical investigation of ☐ Mother's   ☐ Father's
home for the purpose of _____.

**Access Problems**

☐ The Guardian Ad Litem shall refer the parties to the Cooperative Parenting Program or any part of the Domestic Relations Office's specialized possession and access services that the Guardian Ad Litem

*Order Appointing Guardian Ad Litem (Revision – **Print** Version - May 16, 2016)*
*Page 3 of 6*

EXHIBIT B, page 122

deems appropriate.

**Professional Opinions**

☑ The Guardian Ad Litem shall give an opinion as to conservatorship.  The Guardian Ad Litem shall interview all persons and review all records necessary to give this opinion.

☑ The Guardian Ad Litem shall give an opinion as to a schedule for possession and access.  The Guardian Ad Litem shall interview all persons and review all records necessary to give this opinion.

☑ The Guardian Ad Litem shall give an opinion as to supervised access to the child(ren). If supervision is recommended, the Guardian Ad Litem shall specify the name of the person or agency appropriate to do the supervision.  The Guardian Ad Litem shall interview all persons and review all records necessary to give this opinion.

☑ The Guardian Ad Litem shall give an opinion as to relocation of the child(ren)'s residence.  The Guardian Ad Litem shall interview all persons and review all records necessary to give this opinion.

**Other**

☐ The Guardian Ad Litem shall _____

**Required Notice if Signed by Associate Judge**

All parties are hereby notified of the right to appeal to a District Court (for a trial de novo) pursuant to Section 201.001 et seq. or 201.101 et seq. of the Texas Family Code. This order is signed and rendered by an Associate Judge pursuant to Section 201.007 or Section 201.104 of the Texas Family Code.

**Signature of Associate Judge or District Judge**
[ONLY ONE SIGNATURE NEEDED]

Rendered on _____.

Signed on _____February 7, 2020._____

_____

**ASSOCIATE JUDGE PRESIDING**

Rendered on _____.

Signed on _____.

_____

**DISTRICT JUDGE PRESIDING**

## INFORMATION FOR GUARDIAN AD LITEM

| Mother (name) | | |
|---|---|---|
| Date of Birth | | |
| ID #/DL # & State | | |
| Home: | Address | |
| | | No. & Street                    City, State, Zip |
| | Phone | |
| | Email | |
| Work: | Address | |
| | | No. & Street                    City, State, Zip |
| | Phone | |
| Attorney: | Name | |
| | Phone | |
| | Email | |
| | Fax | |

| Father (name) | | |
|---|---|---|
| Date of Birth | | |
| ID #/DL # & State | | |
| Home: | Address | |
| | | No. & Street                    City, State, Zip |
| | Phone | |
| | Email | |
| Work: | Address | |
| | | No. & Street                    City, State, Zip |
| | Phone | |
| Attorney: | Name | |
| | Phone | |
| | Email | |
| | Fax | |

| Other Party (name) | | |
|---|---|---|
| Date of Birth | | |
| ID #/DL # & State | | |
| Home: | Address | |
| | | No. & Street                    City, State, Zip |
| | Phone | |
| | Email | |
| Work: | Address | |
| | | No. & Street                    City, State, Zip |
| | Phone | |
| Attorney: | Name | |
| | Phone | |
| | Email | |
| | Fax | |

| Other Party (name) | | |
|---|---|---|
| Date of Birth | | |
| ID #/DL # & State | | |
| Home: | Address | |
| | | No. & Street | City, State, Zip |
| | Phone | |
| | Email | |
| Work: | Address | |
| | | No. & Street | City, State, Zip |
| | Phone | |
| Attorney: | Name | |
| | Phone | |
| | Email | |
| | Fax | |

| Name of Child | |
|---|---|
| Date of Birth | |
| Lives With | |

| Name of Child | |
|---|---|
| Date of Birth | |
| Lives With | |

| Name of Child | |
|---|---|
| Date of Birth | |
| Lives With | |

| Name of Child | |
|---|---|
| Date of Birth | |
| Lives With | |

| Name of Child | |
|---|---|
| Date of Birth | |
| Lives With | |

| NEXT HEARING: DATE & TIME | |
|---|---|

# INFORMATION FOR GUARDIAN AD LITEM

| Mother (name) | | | |
|---|---|---|---|
| Date of Birth | | | |
| ID #/DL # & State | | | |
| Home: | Address | | |
| | | No. & Street | City, State, Zip |
| | Phone | | |
| | Email | | |
| Work: | Address | | |
| | | No. & Street | City, State, Zip |
| | Phone | | |
| Attorney: | Name | | |
| | Phone | | |
| | Email | | |
| | Fax | | |

| Father (name) | | | |
|---|---|---|---|
| Date of Birth | | 09 -10 -1973 | |
| ID #/DL # & State | | TX DL 09856012 | |
| Home: ~~Home~~ *Work:* | Address | 501 Havana St. | Dallas, TX 78704 |
| | | No. & Street | City, State, Zip |
| | Phone | 512-659-8713 | |
| | Email | Rizko@ecoloft.us | |
| ~~Work:~~ *Home:* | Address | 28827 Pine Rd | Marble Falls, TX 78654 |
| | | No. & Street | City, State, Zip |
| | Phone | | |
| Attorney: | Name | | |
| | Phone | | |
| | Email | | |
| | Fax | | |

| Other Party (name) | | | |
|---|---|---|---|
| Date of Birth | | | |
| ID #/DL # & State | | | |
| Home: | Address | | |
| | | No. & Street | City, State, Zip |
| | Phone | | |
| | Email | | |
| Work: | Address | | |
| | | No. & Street | City, State, Zip |
| | Phone | | |
| Attorney: | Name | | |
| | Phone | | |
| | Email | | |
| | Fax | | |

## INFORMATION FOR GUARDIAN AD LITEM

| Mother (name) | | Julia Hubbard | |
|---|---|---|---|
| Date of Birth | | 81 | |
| ID #/DL # & State | | ███████ | |
| Home: | Address | ████████████████ | Alexandria VA 22312 |
| | | No. & Street | City, State, Zip |
| | Phone | 571-341-8175 | |
| | Email | Julia.a.hubbard@gmail.com | |
| Work: | Address | ███████████ ...nington VA | |
| | | No. & Street | City, State, Zip |
| | Phone | 703-408-4652 | |
| Attorney: | Name | | |
| | Phone | | |
| | Email | | |
| | Fax | | |

| Father (name) | | Richard L Hubbard | |
|---|---|---|---|
| Date of Birth | | 9-10-73 | |
| ID #/DL # & State | | | |
| Home: | Address | | |
| | | No. & Street | City, State, Zip |
| | Phone | | |
| | Email | | |
| Work: | Address | | |
| | | No. & Street | City, State, Zip |
| | Phone | | |
| Attorney: | Name | | |
| | Phone | | |
| | Email | | |
| | Fax | | |

| Other Party (name) | | | |
|---|---|---|---|
| Date of Birth | | | |
| ID #/DL # & State | | | |
| Home: | Address | | |
| | | No. & Street | City, State, Zip |
| | Phone | | |
| | Email | | |
| Work: | Address | | |
| | | No. & Street | City, State, Zip |
| | Phone | | |
| Attorney: | Name | | |
| | Phone | | |
| | Email | | |
| | Fax | | |

*Order Appointing Guardian Ad Litem (Revision – Print Version - May 16, 2016)*
*Page 5 of 6*

| Other Party (name) | | |
|---|---|---|
| Date of Birth | | |
| ID #/DL # & State | | |
| Home: | Address | |
| | | No. & Street                          City, State, Zip |
| | Phone | |
| | Email | |
| Work: | Address | |
| | | No. & Street                          City, State, Zip |
| | Phone | |
| Attorney: | Name | |
| | Phone | |
| | Email | |
| | Fax | |

| Name of Child | ████████ |
|---|---|
| Date of Birth | ██████ 10 |
| Lives With | |

| Name of Child | |
|---|---|
| Date of Birth | |
| Lives With | |

| Name of Child | |
|---|---|
| Date of Birth | |
| Lives With | |

| Name of Child | |
|---|---|
| Date of Birth | |
| Lives With | |

| Name of Child | |
|---|---|
| Date of Birth | |
| Lives With | |

| NEXT HEARING: DATE & TIME | |
|---|---|

*Order Appointing Guardian Ad Litem (Revision – **PRINT** Version - May 16, 2016)*
*Page 6 of 6*

EXHIBIT B, page 128

**RUSH**

S H O W   C A U S E

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-FM-19-006725**

**RUSH**

TO:  RICHARD HUBBARD
     501 HAVANA STREET
     AUSTIN TEXAS 78704

GREETING:

WHEREAS, in that certain cause pending on the docket of the <u>201ST JUDICIAL DISTRICT COURT</u> of Travis
County, Texas, being Cause No. <u>D-1-FM-19-006725</u> wherein

<u>IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD</u>                              Plaintiff,

and <u>JULIA A HUBBARD AND IN THE INTEREST OF S.L.H., A MINOR CHILD</u>              Defendant;

in suit application order to show cause has been filed, a copy of which is hereto attached and
to which reference is made for the relief sought; upon presentation and consideration of said
application, the Honorable <u>JAN SOIFER</u>, Judge of said Court, has entered the following order to-wit:
Copy of order attached to writ served.  AND WHEREAS, said application has been set for hearing;
THESE ARE THEREFORE to notify, and you the said, <u>RESPONDENT RICHARD HUBBARD</u> are hereby notified to
be and appear before the Honorable <u>JAN SOIFER</u>, Judge of said Court, at Courthouse, in the City of
Austin, Travis County, Texas on <u>FEBRUARY 7, 2020 at 8:30AM</u> then and there to show cause if any, why
said application should not be granted as prayed for.

HEREIN FAIL NOT, TO OBEY THIS WRIT!

Issued and given under my hand and seal of office, at Austin, Texas, this the <u>February 04, 2020</u>.

REQUESTED BY:
JULIA A HUBBARD
6041 RICKETTS WALK
ALEXANDRIA, VIRGINIA 22312

CHECK
THE MONITOR
IN HALL OUTSIDE
DISTRICT
CLERK'S OFFICE,
ROOM 302,
FOR ASSIGMENT
OF THIS CASE.

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: MARC VITERITTO

-- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- --

Came to hand on the <u>4</u> day of <u>February</u>, 2020 at <u>5:41</u> o'clock <u>P</u> M., and executed at
<u>501 Havana St. Austin TX 78704</u> within the County of <u>Travis</u> on the
<u>4</u> day of <u>February</u>, <u>2020</u>, at <u>736</u> o'clock <u>P</u> M., by delivering to the within named
<u>Richard Hubbard</u>
at <u>501 Havana St. Austin TX 78704</u> in <u>Travis</u>
County, Texas, in person, a true copy of this Notice and the RESPONDENTS APPLICATION FOR EMERGENCY RELIEF, ORDER
TO APPEAR AND TO DELIVER CHILD  accompanying copy attached hereto.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

**Carlos B. Lopez**
**Constable Pct. 5, Travis County, Texas**

Sheriff / Constable / Authorized Person

By: _____ #532
    Patrick Pace
Printed Name of Server

_____ County, Texas

**D-1-FM-19-006725**                 CONSTABLE 5                 **P21 - 000004609**

☐ Original    ☐ Service Copy



EXHIBIT B, page 129

2/12/2020 11:51 PM

**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-FM-19-006725**
**Kyla Crumley**

CAUSE NO: **D-1-FM-19-006725**

| | | |
|---|---|---|
| IN THE INTEREST OF: | § | **IN THE 201st DISTRICT COURT OF** |
| | § | |
| **SUMMER HUBBARD** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **CHILD** | § | |

### PETIONER FATHER'S REQUEST FOR A *DE NOVO* HEARING AND ADDITIONAL RELIEF AND A NEW HEARING FOR TEMPORARY ORDERS

Now comes Movant, RICHARD HUBBARD, FATHER of the child S▮▮▮▮ H▮▮▮▮▮ and files this request for a de novo hearing pursuant to Texas Family Code section 201.015, and *would respectfully* show the Court as follows:

RICHARD HUBBARD requests a de novo hearing in front of 201st District Court Judge, the Honorable Amy Clark Meachum or other District Judge, if appropriate, regarding the recommendations and Temporary Orders entered by the Associate Judge The Honorable J. Andrew Hathcock, delivered in part on February 7th, 2020 and full orders were received via email on February 11th, 2020 in:

1) Judge Hathcock showed bias against Petitioner Father on several occasions in giving far more weight to Respondent Mother's testimony and To Ms. Goedinghaus' testimony than to father's testimony and additional evidence presented, which directly refuted and denied all of the allegations Respondent Mother and Ms. Goedinghaus presented to the Court at the hearing as well as in the ex parte hearing used to force this emergency hearing in the first place.

2) The Primary concern raised by Respondent Mother in the ex parte action and during the subsequent hearing was an emergency safety concern for the child, which was so great and urgent that Respondent Mother should be given immediate custody of the Child, who has previously been living solely with the Petitioner Father since May of 2017 when Mother voluntarily stopped exercising her agreed periods of possession as set by Agreed order in Original Divorce filed by Respondent Father In Bexar County TX in March of 2017.

Respondent Mother had almost no first-hand knowledge of the actual safety conditions and situations alleged in the ex parte hearing nor did she notify or seek to request that information from the Father, the school, the Child's therapists prior to filing the emergency actions. Both the Respondent Mother as well as Judge Hathcock relied heavily on the testimony of Ms. Goedinghaus, the former girlfriend of the Petitioner Father, who has not lived with nor had any contact with the Child since Father ended the relationship on or about January 9th because of safety concerns and advice from the Child's therapists.

Judge Hathcock was presented with evidence and contact information for the Child's therapists, DFPS investigators, and the Child's own testimony during a private interview, who all offered direct and recent recommendations that Respondent Mother NOT be allowed to be alone with the Child because of very strong fears that she may abscond with the Child, cutoff all contact with Petitioner Father and abandon her with friends, distant family, and/or strangers as she has done in the past in March 2017 as well as most recently in October of 2019. Mr. Hathcock refused to consider that the Child's therapists were real and he did not consider Father's testimony and documentation offered, which showed that

all of Mother's claims and allegations have been previously ruled out by DFPS investigators as well as the claims of abuse by Respondent Mother and by Ms. Goedinghaus have all been deemed to be invalid and outright lies by the same therapists who have had extensive therapy sessions and intimate knowledge of the living conditions, relationships, and false allegations made by both ladies. Dr Todd Eller, Ph.D. has conducted thorough evaluations of The Father, The Child, and the Mother over a period of 11 years, and with Ms. Goedinghaus over a period of the last 15 + months since the relationship w/ Father began. Roy Faget Licensed Professional Counselor, MA, LPC, LMFT-A has conducted thorough evaluations of the Father and with Ms. Goedinghaus and both their children over a period of approximately 13 months and he had the most recent session with the Father on 02/05/20.

Despite Judge Hathcock's decision to heavily favor the other party's testimony and to ignore the opportunity to confirm Petitioner Father's claims with 3rd party Investigators and medical professionals, Judge Hathcock still came to the conclusion that to remove the Child from her current living arrangements with the Father would be harmful to the Child and he initially ruled that Child was to stay with Petitioner Father and that Mother could return to Texas for Spring Break and that he was appointing a guardian ad litem to further investigate the mutual allegations. Judge Hathcock suddenly reversed his decision when Father stated he had responded to the Child's text message inquiring if everything was okay. Father simply replied and asked if the visit with her mom was good, the Child replied Yes! And Father replied Yay! Father mistakenly believed that the Judge would be happy to know that father was encouraging and positive about the Child's visit with her Mother. Judge Hancock became enraged, slammed his hand on desk and left the Courtroom. When the Judge returned he ruled that Mother was to immediately take the Child to Virginia and Mr Hubbard could have no access to "teach him a lesson". The Court staff refused to allow the Child to say goodbye, removed her from her caretaker's presence, took away the Child's phone and gave ALL rights to the Respondent Mother who has only spent a TOTAL of 2 days unsupervised with the Child in the last 1000 days.

3) It is the opinion of the Petitioner Father that Judge Hathcock's bias against Father and his decision to sanction the Father in such a harsh manner during an apparent temper tantrum was not in the best interest of the Child and in fact may be grounds for recusal and judicial sanctions due to the extreme risk of further damage to her already fragile emotional health and her very deep fear of being separated from her father. This has also caused sever emotional and financial damages to the Petitioner Father and was a completely inappropriate and risky decision and that the Respondent Mother should immediately be ordered to return the Child to the Father, That Judge Hathcock's decision should be abated and/or overturned and that the Court should grant a new trial and Respondent Prays that the Court will grant immediate, emergency relief to the Father and Child by extending the TRO and granting all the relief previously awarded to the Petitioner Father in previous rulings by this Court as well as to award damages, attorney's fees, and whatever other relief may be available so that the Father and Child may continue to heal with their current private healthcare providers as well as with their current parenting and educational plans.

*Conclusion:*

1) A new trial is necessary because of the significant and complex history and issues

surrounding this divorce including more than 40 separate police reports, ongoing criminal investigations, forthcoming evidence regarding the situation surrounding The Respondent Mother's abandonment of all 3 of her children, her abuse of process and misrepresentations to this Court, which have once again have severely interrupted our Child's stable and happy life as well as many other significant and complex issues needed to be examined in order to make a thorough and valid presentation to the Court to end the marriage and begin a new and more healthy chapter in all of our lives.

2) The invalid and false allegations (whether true or not) consumed an enormous amount of time and attention from the Court, which has not allowed for any of the matters in the divorce to be heard, verified and considered.  Since March of 2017 and most especially since October of 2019, the Father and Child have been in a constant defensive and reactive state because of the financial and legal issues and deadlines caused by the Respondent Mother's choices to avoid legal processes and to continue her patterns of crying wolf and manipulating everyone around her instead of using her energy to support and re-establish relationships with her children legally as the Father and the Father of her other children have done to the best of our abilities.

3) Additionally, the Guardian ad litem should have time to adequately investigate and assist with these matters before any changes should be made, which affect the Child's life, comfort, stability and emotional health further. Respondent Mother has Always been offered the opportunity and access to re-establish her relationship with the Child with the simple conditions that she submit to fingernail drug tests because of  a significant history of drug abuse and erratic behavior as well as the agreement on a consistent and healthy parenting plan that has been so successfully used by the Father to create an exceptional bond and strong relationship with the Child.

4) Petitioner Father respectfully requests that:

   a.  His physician, Dr. Melissa Miller, Board Certified Internal Medicine Doctor with Premier Health, should assist in making the recommendations about any and all medications or referrals to psychiatric evaluations and drug testing.
   b.  That his therapist, Roy Faget, Licensed Professional Counselor, MA, LPC, LMFT-A, who has significant history and knowledge of The Father's, The Child's, and of Ms. Goedinghaus's mental and emotional conditions be allowed to assist with recommendations and opinions about additional and future therapeutic needs of the Child and the Father and the Mother as well as to make recommendations about the appropriate and safe steps we should take in re-establishing a healthy relationship and trust between the Mother and the Child.
   c.  That Todd Eller, Ph.D of Best Practices who has significant therapeutic and counseling and coaching history with all parties as well as with Ms Goedinghaus be allowed time to submit records and recommendations and opinions about the allegations and conditions of the last 3-11 years of the Party's lives.
   d.  That all parties be referred to complete psychological heath assessments with InSight Psychology and Behavioral Health Services, LLC's Suzanne Stambaugh, Psy.D.Licensed Psychologist State License # 36459, Including these Procedures:
       Clinical Interview
       Mental Status
       Records Review

Minnesota Multiphasic Personality Inventory, 2nd Edition, Revised Format
(MMPI-2-RF)
General Ability Measure for Adults (GAMA)
Substance Abuse Subtle Screening Inventory - Fourth Edition (SASSI-4)
Parenting Stress Index, 4th Edition (PSI-4)
The Father has already reached out to Dr Stambaugh asking for an evaluation and
assistance with recommendations for parenting plans and potentially Parenting classes
and therapy recommendations to assist with ongoing therapies and planning. Father
does not necessarily think that all personal health information should be shared with all
parties or even with the court (at the discretion of the medical professionals) to
encourage honest and open communication with the professionals, which I believe is
more important than trying to discredit the other parties, but I do believe this
combination of professionals to be a "dream team" of helpful and honest professionals
whose experience and recent history would be invaluable to our efforts to heal and keep
our daughter safe as well as to finally be able to stop all of the poisonous and untrue
allegations and fears.

**For the following reasons, the requested relief should be granted:**

1- The Child has been doing exceptionally well and is happy and well-adjusted in Petitioner
Father's home where she has lived either full time or part-time as a vacation home for more
than 2 years. The Child's own wishes are that if she could live anywhere in the world, it
would be at the "lake house". The expenses of this case and the travel and medical expenses
has caused us to likely lose my condo project in South Austin, so we would be most safe and
comfortable and financially stable at the home in Marble Falls, which I still in Travis County
and is where the Child was enrolled full time in school prior to October 2nd when her Mother
removed her without notice and took her to Utah. The Child and Father have a substantial
and safe group of friends and caregivers on site and within one half mile of the home and
once we are given strong orders by the Court, I believe it would be a safe place for the Child
to return to school with her closest friends. She loves Joslin as well, but it would be a 60-90
minute drive one way for her to return there or it would mean we would have to rent another
home in a very expensive neighborhood. Father has established new jobs and work in the
Marble Falls area among other substantial advantages and familiarity for the Child.
Additionally, we have pre-paid a substantial amount of the payments at that home and its
simply our "happy place", where our back yard is an 1,100 acre lake front park. Father
believes that himself and the Child's therapists are best equipped to make decisions about
the Child's care and education and should report and account for all decisions and results to
the Court.

2- The Associate judge made a hasty and harmful decision based on bias caused by invalid
and inaccurate representations and the decisions should be immediately reversed for the
safety and comfort of the Child, but the Father agrees that the other should be ordered to and
allowed to begin a healthy and agreed plan to re-establish a a relationship with the Child
with heavy weight placed on the recommendations of the Child's and the Father's current
healthcare providers who have intimate and first hand knowledge of the events and
circumstances being debated and discussed.

3- Witnesses and 3rd parties will clearly show that the initial impressions of Father given to
this Court are absolutely false and unfair and that the Child has been absolutely safe and well-

cared for except during times that she was inappropriately managed, taken without agreement and manipulated by the Mother and by Ms. Goedinghaus. Petitioner Father has taken great measures to file appropriate protections with this Court and to eliminate or reduce possible harm to the Child that occurred and/or could have been caused by illegal interference in established custody and parenting plans.

4- Petitioner Father is a non-offending parent with a full-time career and a stable home who has fully cooperated with the multiple DFPS investigations initiated by the Mother without cause and which have all been ruled out to date. Father has successfully passed multiple hair and UA drug screens given randomly over the past 3+ years and is requesting that all parties be ordered to submit to fingernail testing because of allegations of altering and/or faking previous drug screens.

5- Petitioner Father has been under continuous, voluntary counseling and self-improvement based therapy and medical care from 3 qualified professionals for at least the last 15 months and with Dr Eller continuously for 11 years and he has given all professionals unlimited permission to share his information with the Court. It is unknown, but thought that Respondent Mother has not been under medical care and therapy since she was dismissed from the care of her private physician, Dr. Mike Shah, in Dallas for repeatedly testing positive for Cocaine and it was reported by a police officer in Arlington, TX, who she lived with for some time that he will testify that she had multiple visits to the ER for Cocaine and other substance abuse issues. Petitioner Father requests that all parties and accusers give unlimited access to their private health records to one of the doctors and/or to the guardian ad litem for assessment and recommendations or as the Court sees fit.

6- Petitioner Father requests that Mother be given short, but frequent access and supervised visitation with the Child until the Guardian ad litem has had a chance to visit with all parties and healthcare professionals and other witnesses and can make a recommendation to the parties and/or to the Court.

7- Petitioner Father requests that established providers be allowed to testify by telephone or video because of the distance, costs, and/or difficulty in organizing around their schedules. Father further requests that Mother be allowed to be present at future hearings by telephone because of her long distance to Court, but that she be ordered to appear in Court at the next hearing or as the Court believes is appropriate.

8- Father requests that parties be given 30- 60 days to prepare for the next temporary orders hearing and to allow for the reports and conclusions of current investigations outside of this case to be concluded or to at least give parties and Guardian time to review the evidence involved so that Parties in this case may be able to use this Court's time to focus on divorce and custody issues and re-establishing healthy, trusted relationships.

9- Father requests that parties are given access to as many free or low cost legal resources as possible to avoid inappropriate filings and disorganized presentations to the court that are so often to happen with pro se litigation. Petitioner Father has spent over $50,000 dollars in legal fees to date and has taken on debt and spent at least another $50,000 in medical expenses to manage and maintain therapy, and necessary treatments for himself and for the Child.

10-     Father requests that Court take under judicial review the attached filings, evidence, letters and facts submitted and that the Court and the Clerk to set a date at the Court's earliest

convenience for a hearing in this matter.    Father has notified Respondent Mother and asked for suggestions on preferred dates as well but has not received a response as of the time of this filing.


Respectfully
submitted,

*Richard L Hubbard*
Petitioner Father
Pro se
02-12-20

Tel: 512-659-8713
Email: rick@ecoloft.us

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true copy of Respondent Mother's Request for a De Novo hearing was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on July 30, 2019.

Julia Hubbard
Respondent Mother via
email and efile to
Julia.a.hubbard@gmail.co
m

CAUSE NO. D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE INTEREST OF | § | `IN THE DISTRICT COURT |
| | § | |
| S.L. H. | § | |
| | § | 201st JUDICIAL DISTRICT |
| CHILD(REN) | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS Filed in The District Court |
| | § | of Travis County, Texas |
| | § | FEB 1 3 2020    SRA |
| | § | At___3:34 P. M. |
| | § | Velva L. Price, District Clerk |

### <u>NOTICE OF DESIGNATION AND APPEARANCE OF GUARDIAN AD LITEM</u>

TO THE HONORABLE JUDGE OF SAID COURT:

CYNTHIA GONZALEZ, Manager of Family Court Services of the Travis County Domestic Relations Office,

makes this Notice of Designation and Appearance of Guardian Ad Litem for the petition herein before filed in

the above-entitled and numbered cause.

By court order, or by standing order pursuant to the Travis County Local Rules, the Manager of the

Family Court Services unit or her representative was appointed as Guardian Ad Litem for the subject child(ren).

Cynthia Gonzalez hereby formally notifies the Court that she has designated Marina Chapell,

Guardian Ad Litem for the subject child(ren), to serve as the representative in this cause.

The Guardian Ad Litem enters her appearance herein and the aforesaid Family Court

Services Manager requests that Marina Chapell, Guardian Ad Litem, receive notice of any and

all proceedings in this cause.

Dated: February 13, 2020

Respectfully submitted,

*Cynthia C. Gonzalez*

CYNTHIA GONZALEZ
Manager of Family Court Services
Travis County Domestic Relations Office
P.O. Box 1495
Austin, Texas 78767
(512) 854-9216
(512) 854-9818 fax

2/13/2020 2:41 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-FM-19-006725**
**Kyla Crumley**

CAUSE NO: D-1-FM-19-006725

IN THE INTEREST OF:           §    IN THE 201st DISTRICT
                             §    COURT OF
SUMMER HUBBARD               §    TRAVIS COUNTY, TEXAS
                             §
CHILD                        §
                             §

## NOTIFICATION OF HEARING

Dear Mrs. Hubbard,
Please note that we have a hearing set in this matter on Wednesday, February 18th at 8:30AM

PETIONER FATHER'S  REQUEST FOR A *DE NOVO* HEARING AND ADDITIONAL
RELIEF AND A NEW HEARING FOR TEMPORARY ORDERS

Please let me know if you need any help with Summer's travel arrangements.  Thank you!

Respectfully
submitted,

*Richard L Hubbard*
Petitioner Father
Pro se
02-12-20

Tel: 512-659-8713
Email: rick@ecoloft.us

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true copy of Respondent Mother's Request for a De Novo hearing was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on July 30, 2019.

Julia Hubbard
Respondent Mother via
email and efile to
Julia.a.hubbard@gmail.co
m

Hearing Date: _2-7-20_

Hubbard

Cause Number __D-1-__ _FM-19-006725_

|   |   |
|---|---|
| X | In the District Court of |
| X |  |
| X | Travis County, Texas |
| X |  |
| X | _____ Judicial District |

**Filed in The District Court
of Travis County, Texas**

FEB 13 2020  A

At ___8:22___ A. M
Velva L. Price, District Clerk

**Receipt of Exhibits**

I, __ANGIE HERTEL_____, Court Reporter for the _FAMILY__ District Court, do hereby tender for filing to Velva L. Price, District Clerk Travis County, Texas, the following exhibits in the above numbered and styled cause:

| # | Pet's Exhibits |
|---|---|
| 1-7 | docs |
|   |   |
|   |   |
|   |   |
|   |   |
|   |   |

| # | Resp's Exhibits |
|---|---|
| 1-3 | docs |
|   |   |
|   |   |
|   |   |
|   |   |
|   |   |

Case # D-1-FM-19-006725

||||||||||||||||||||||||||| 7079692

**Court Reporter**

I, Velva L. Price, District Clerk, do hereby acknowledge receipt of the above listed exhibits in the above numbered and styled cause.

Dated this __13th__ day of __February__, 2020

Filed in the District Court
Of Travis County, Texas

At_____.

Velva L. Price, Clerk

Velva L. Price District Clerk, Travis
District Clerk, Travis County, Texas

By _____

Deputy _____

1 Brown envelope

EXHIBIT B, page 140



**Velva L. Price**
District Clerk, Travis County
Civil Division (512) 854-9457

# SERVICE REQUEST FORM

1. This document must be e-filed as a separate LEAD document
2. Select the type of issuance under "Optional Services"
3. If service by District Clerk is requested, please add "Copies for Service". Enter the number of pages of document being served under "Optional Services"

**CAUSE NUMBER:** D-1-FM-19-006725   **COURT:** 201st

## TYPE OF SERVICE

| TYPE | QTY | TYPE | QTY |
|---|---|---|---|
| CITATION | | CITATION FORECLOSURE | |
| CERTIFIED NOTICE | l | TEMPORARY RESTRAINING ORDER | |
| SHOW CAUSE/ORDER TO APPEAR | l | INJUNCTION | |
| WRIT OF ATTACHMENT | | SEQUESTRATION | |
| WRIT OF HABEAS CORPUS | | ABSTRACT | |
| OTHER WRIT | | GARNISHMENT | |
| SUBPEONA | l | LETTER ROGATORY | |

OTHER: Petition Request for Denovo Hearing + corrected Notice of hearing + Order to appear for De Novo hearing WITH CHILD + Motion for Judge to Confer w/ child

## METHOD OF SERVICE

| | |
|---|---|
| HOLD FOR PICK UP (add copy fees) | RETURN TO EMAIL: |
| SERVICE BY CONSTABLE | CERTIFIED MAIL BY TCDC (add copy and service fees) |

## REQUESTOR

| NAME: | Richard Hubbard |
|---|---|
| PHONE: | 512-659-9713 |
| EMAIL: | Rich@EcoLoft.us |

## PARTIES TO BE SERVED

| NAME: | Julia Alexis Hubbard |
|---|---|
| TYPE: | |
| ADDRESS FOR SERVICE: | ███████████, Alexandria, VA 22322 Or wherever she may be found |
| NAME: | And by Petitioner through |
| TYPE: | Same Day Process in VA |
| ADDRESS FOR SERVICE: | |

EXHIBIT B, page 141