TYPE OR PRINT ALL INFORMATION

**RUSH**

Richard Hubbard
_____
PLAINTIFF

Julia Hubbard
_____
DEFENDANT

Cause #: D-1-FM-19-006725

**RUSH**

IN THE 201st DISTRICT COURT OF

TRAVIS COUNTY, TEXAS

## SUBPOENA

To any Sheriff, Constable, or any other person authorized to serve and execute subpoenas in the State of Texas:

You are commanded to summon: Stephanie Turner c/o Joslin
4500 Manchaca Rd Austin TX 78745

NAME
ADDRESS, CITY, STATE

on behalf of: ☑ PLAINTIFF   ☐ DEFENDANT   ☐ OTHER:_____

to appear at: ☐ TRAVIS COUNTY COURTHOUSE   ☐ LOCATION:_____
1000 GUADALUPE
AUSTIN, TEXAS

on February 19, 2020 at 8:30 o'clock, A.m.. and there to remain until discharged, in order to:

☑ Attend and given testimony at a   ☐ DEPOSITION   ☑ HEARING   ☐ TRIAL.

☑ Produce and permit inspection and copying of the following designated documents or tangible things in the possession, custody, or control of that person: (☐ List attached) Written reports or communication Regarding the actions of Julia Hubbard Contacting or visiting the Joslin Campus in February

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

Issued and given under my hand and seal of said Court at Austin, Texas, this February 14 2020

VELVA L. PRICE
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

By: Zelda Stanford
DEPUTY

Requested by:
Richard Hubbard
512-659-8713
Rick@EcoLoft.us

Received_____ at _____ a.p.m. Executed _____ at _____ a.p.m.
by delivering, in person, to:_____ at _____
in _____ County, Texas, a true copy of this Subpoena and the sum of $_____

_____   by: _____
SHERIFF / CONSTABLE / AUTHORIZED PERSON          DEPUTY SERVER

Sworn to and subscribed before me this _____

_____   SEAL:
NOTARY PUBLIC, STATE OF TEXAS

☐ Service fee to Sheriff / Constable Pct. ___ paid to District Clerk   ☐ Service fee not prepaid, charged $_____

☐ Original   ☐ Service Copy

When reporting to the Travis County Courthouse, check the bulletin board in the hallway next to room 301 to determine the courtroom in which this case is scheduled to be heard.

EXHIBIT B, page 142

## CAUSE NO: D-1-FM-19-006725

| | | |
|---|---|---|
| **IN THE INTEREST OF:** | § | **IN THE 201st DISTRICT COURT OF** |
| **SUMMER HUBBARD** | § § § | **TRAVIS COUNTY, TEXAS** |
| **CHILD** | § § | |

Filed in The District Court
of Travis County, Texas

FEB 1 4 2020

At_____2:19_____ p.m.

Velva L. Price, District Clerk

Corrected
**NOTIFICATION OF HEARING**

Dear Mrs. Hubbard,
Please note that we have a hearing set in this matter on Wednesday, February 19th at 8:30AM

PETIONER FATHER'S REQUEST FOR A *DE NOVO* HEARING AND ADDITIONAL
RELIEF AND A NEW HEARING FOR TEMPORARY ORDERS

Please let me know if you need any help with Summer's travel arrangements.  Thank you!

Respectfully
submitted,

*Richard L Hubbard*
Petitioner Father
Pro se
02-12-20

Tel: 512-659-8713
Email: rick@ecoloft.us

EXHIBIT B, page 143

NOTICE: THIS FORM CONTAINS SENSITIVE DATA.

Cause Number: **D-1-FM-19-006725**

**IN THE MATTER OF THE MARRIAGE OF:**

**Petitioner:** Richard Hubbard
_Print first, middle and last name of the spouse who filed for divorce._

And

**Respondent:** Julia Hubbard
_Print first, middle and last name of other spouse._

**AND IN THE INTEREST OF:**

1. SLH    2. _____    3. _____
4. _____    5. _____    6. _____

IN THE **201st**

**DISTRICT COURT**

**OF TRAVIS COUNTY, TEXAS**

Filed in The District Court
of Travis County, Texas

FEB 14 2020

At ___2:56___ M.
Velva L. Price, District Clerk

## Order to Appear for De Novo Hearing

**IT IS ORDERED** that the clerk shall issue notice to the Respondent,

Julia Alexis Hubbard _____, to appear, and
PRINT _the Respondent's full name_

the Respondent is hereby **ORDERED** to appear in person WITH THE CHILD THE SUBJECT OF THIS SUIT at the Travis County Courthouse,

1000 Guadalupe, Austin, Texas, on __2__, __19__, __2020__ at __8:30 AM__ .m.
                                    _Month_  _Day_  _Year_      _Time_

At that time, the dockets posted at the courthouse will display the courtroom of the District Judge or Associate Judge assigned to hear this case, and the Respondent is ORDERED to appear in that courtroom before that judge.

The District Court number that appears at the top of the first page of the court documents ("in the **201st** District Court of Travis County") is not necessarily the court that will hear the case. Rely on the docket displays and/or guidance from the Office of the Court Administrator at the courthouse.

The purpose of the hearing is to determine whether the Court should grant Petitioner's Request relief in his Request for De Novo. _and Motion to confer with Child,_

The Court also makes the orders checked below:

SIGNED on __Feb. 14th, 2020__ at __2:25__ pm.

_____
JUDGE PRESIDING   TIM SULAK

EXHIBIT B, page 144

**R U S H**                        S H O W   C A U S E                        **R U S H**

T H E   S T A T E   O F   T E X A S

**CAUSE NO.  D-1-FM-19-006725**

TO:  JULIA A HUBBARD
     ▇▇▇▇▇▇▇▇▇▇▇▇▇▇
     ALEXANDRIA, VIRGINIA 22312

GREETING:

WHEREAS, in that certain cause pending on the docket of the 201ST JUDICIAL DISTRICT COURT of Travis County, Texas, being Cause No. D-1-FM-19-006725 wherein

IN THE MATTER OF THE MARRIAGE OF RICHARD HUBBARD                                    Plaintiff,

and JULIA A HUBBARD AND IN THE INTEREST OF S.L.H., A MINOR CHILD                    Defendant;

in said suit application order to show cause has been filed, a copy of which is hereto attached and to which reference is made for the relief sought; upon presentation and consideration of said application, the Honorable TIM SULAK, Judge of said Court, has entered the following order to-wit: Copy of order attached to writ served.  AND WHEREAS, said application has been set for hearing; THESE ARE THEREFORE to notify, and you the said, RESPONDENT JULIA HUBBARD are hereby notified to be and appear before the Honorable TIM SULAK, Judge of said Court, at Courthouse, in the City of Austin, Travis County, Texas on FEBRUARY 19, 2020 at 8:30 A.M. then and there to show cause if any, why said application should not be granted as prayed for.


HEREIN FAIL NOT, TO OBEY THIS WRIT!


Issued and given under my hand and seal of office, at Austin, Texas, this the February 14, 2020.

REQUESTED BY:                    CHECK
RICHARD HUBBARD              THE MONITOR
28827 FINE ROAD             IN HALL OUTSIDE
MARBLE FALLS, TEXAS 78654       DISTRICT
                            CLERK'S OFFICE,
                              ROOM 302,
                            FOR ASSIGMENT
                            OF THIS CASE.

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

                                 PREPARED BY: STANFORD ZELDA

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____ M., by delivering to the within named _____,

at _____ in _____ County, Texas, in person, a true copy of this Notice and the PETITIONER FATHER'S REQUEST FOR A DE NOVO HEARING AND ADDITIONAL RELIEF AND A NEW HEARING FOR TEMPORARY ORDERS, MOTION FOR JUDGE TO CONFER WITH CHILD/REN AND NOTICE OF HEARING, ORDER TO APPEAR FOR DE NOVO HEARING accompanying copy attached hereto.


Service Fee: $ _____                              _____
                                                     Sheriff / Constable / Authorized Person
Sworn to and subscribed before me this the
                                                     By:_____
_____ day of _____, _____.
                                                     _____
                                                     Printed Name of Server
_____
Notary Public, THE STATE OF TEXAS                    _____ County, Texas

**D-1-FM-19-006725**              SERVICE FEE NOT PAID                **P21 - 000004637**

☐ Original        ☐ Service Copy

EXHIBIT B, page 145

TYPE OR PRINT ALL INFORMATION

**RUSH**                                      **RUSH**

Cause #: D-1-FM-19-006725

Richard Hubbard
PLAINTIFF

IN THE 201st DISTRICT COURT OF

Julia Hubbard
DEFENDANT

TRAVIS COUNTY, TEXAS

## SUBPOENA

To any Sheriff, Constable, or any other person authorized to serve and execute subpoenas in the State of Texas:

You are commanded to summon: Roy Faget, LPC
NAME

7701 N. Lamar Blvd Ste 331
Austin, TX 78752
ADDRESS CITY STATE

on behalf of: ☑ PLAINTIFF   ☐ DEFENDANT   ☐ OTHER: _____

to appear at: ☑ TRAVIS COUNTY COURTHOUSE   ☐ LOCATION: _____
1000 GUADALUPE
AUSTIN, TEXAS

on February 19, 2020 at 8:30 o'clock A.M. and there to remain until discharged, in order to:

☑ Attend and given testimony at a   ☐ DEPOSITION   ☑ HEARING   ☐ TRIAL

☑ Produce and permit inspection and copying of the following designated documents or tangible things in the possession, custody, or control of that person: (☐ List attached) All notes, business records, communications, invoices, statements Related to your client Kayla Goedinghaus and

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

client Richard Hubbard

Issued and given under my hand and seal of said Court at Austin, Texas this February 14 2020

VELVA L. PRICE
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

Requested by:

Richard Hubbard

By: Zelda Stanford
DEPUTY

512-659-8713
Rick@EcoLoft.us

Received_____ at _____ a.p.m. Executed _____ at _____ a.p.m.

by delivering, in person, to:_____ at _____

in _____ County, Texas, a true copy of this Subpoena and the sum of $_____

by: _____

SHERIFF / CONSTABLE / AUTHORIZED PERSON          DEPUTY SERVER

Sworn to and subscribed before me this _____

_____ SEAL:

NOTARY PUBLIC, STATE OF TEXAS

☐ Service fee to Sheriff / Constable Pct. ___ paid to District Clerk      ☐ Service fee not prepaid, charged $_____

☐ Original   ☐ Service Copy

When reporting to the Travis County Courthouse, check the bulletin board in the hallway next to room 301 to determine the courtroom in which this case is scheduled to be heard.

EXHIBIT B, page 146

TYPE OR PRINT ALL INFORMATION

**RUSH**

Cause #: D-1-FM-19-006725   **RUSH**

Richard Hubbard
PLAINTIFF

IN THE 20l5l DISTRICT COURT OF

Julia Hubbard
DEFENDANT

TRAVIS COUNTY, TEXAS

## SUBPOENA

To any Sheriff, Constable, or any other person authorized to serve and execute subpoenas in the State of Texas:

You are commanded to summon: Shawn M Mayer and B███████ Mayer (child) 3844 Bandera Ranch Rd. Roanoke, TX 76262

on behalf of: ☒ PLAINTIFF   ☐ DEFENDANT   ☐ OTHER:

to appear at: ☒ TRAVIS COUNTY COURTHOUSE   ☐ LOCATION:
1000 GUADALUPE
AUSTIN, TEXAS

on February 19, 2020 at 8:30 o'clock A.m., and there to remain until discharged, in order to:

☒ Attend and given testimony at a   ☐ DEPOSITION   ☒ HEARING   ☐ TRIAL.

☐ Produce and permit inspection and copying of the following designated documents or tangible things in the possession, custody, or control of that person: (☐ List attached)

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

Issued and given under my hand and seal of said Court at Austin, Texas, this February 14 2020

VELVA L. PRICE
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

Requested by:
Richard Hubbard
512-659-8713
Rick@EcoLoft.US

By: _____ DEPUTY

Received_____ at _____ a p.m. Executed _____ at _____ a p.m.

by delivering, in person, to:_____ at _____

in _____ County, Texas, a true copy of this Subpoena and the sum of $_____.

by: _____

SHERIFF / CONSTABLE / AUTHORIZED PERSON          DEPUTY SERVER

Sworn to and subscribed before me this _____

_____   SEAL

NOTARY PUBLIC, STATE OF TEXAS

☐ Service fee to Sheriff / Constable Pct. ___ paid to District Clerk      ☐ Service fee not prepaid, charged $_____

☐ Original   ☐ Service Copy

When reporting to the Travis County Courthouse, check the bulletin board in the hallway next to room 301 to determine the courtroom in which this case is scheduled to be heard.

EXHIBIT B, page 147

Notice: This Document Contains Sensitive Data

**Cause Number:** D-1-FM-19-006725

Marriage of
*(Print court information exactly as it appears on the Petition filed in your case)*

Richard Hubbard
AND
JULIA HUBBARD
AND IN THE INTEREST OF
SLH - A Child

In the 201st *(Court Number)* Filed in The District Court of Travis County, Texas

FEB 14 2020

☑ District Court
☐ County Court at Law At 2:19 p.m.

Velva L. Price, District Clerk

Travis County, Texas

## Motion for Judge to Confer with Child/ren and Notice of Hearing

This Motion is brought by Petitioner Richard Hubbard, who shows in support:
*Print your full name.*

1.   The issues of conservatorship and possession and access of the child/ren in this case are contested.

2.   For the purpose of determining the best interest of the child/ren, I ask the Court to talk with the child/ren named below, in chambers (*the Judge's office*), to determine the child's wishes as to conservatorship and possession and access.

Child's Name   SLH child of panties   Child's Age   9 years   16 years

I ask the Court to grant this *Motion for Judge to Confer with Child.*

Respectfully Submitted,

Your Signature   Richard Hubbard

Your Printed Name   Richard Hubbard

Date   2/14/20

Phone number   (512) 659-8713

Your Mailing Address:   28827 Fine Rd, Marble Falls, TX

Your Email Address   Rick@EcoLoft.us   Fax # (if available)   78654

## Notice of Hearing

This motion is set for hearing on *(date)* ___/___/___ at *(time)* ___:___ .m.

TRAVIS COUNTY COURTHOUSE  1000 Guadalupe
PRINT the name and complete address of the building/courthouse where the hearing will take place.   Austin, TX

SIGNED on _____.

Signature of Judge or Clerk *(if required in your county)*

EXHIBIT B, page 148

# Certificate of Service

I will give a copy of this document to each party or attorney of record on the same day this document is filed with (turned in to) the Court as follows:

- *If I file this document electronically*, I will send a copy of it to each party or attorney of record through the electronic file manager if possible.  If not possible, I will give a copy to each party or attorney of record in person, by mail, by commercial delivery service, by fax, or by email.

- *If I file a paper copy of this document*, I will give a copy of it to each party or attorney of record in person, by mail, by commercial delivery service, by fax, or by email.

_____        2/14/20
Your signature                                                      Date

EXHIBIT B, page 149

TYPE OR PRINT ALL INFORMATION

**RUSH**          19-

Cause #: D-1-FM-006725          **RUSH**

Richard Hubbard
_____
Julia Hubbard          PLAINTIFF          IN THE 201st DISTRICT COURT OF
_____
                      DEFENDANT          TRAVIS COUNTY, TEXAS

**SUBPOENA**

To any Sheriff, Constable, or any other person authorized to serve and execute subpoenas in the State of Texas:

You are commanded to summon: Tremain Floy
DFPS 14000 Summit Drive Ste 100
Austin, TX

on behalf of: ☒ PLAINTIFF   ☐ DEFENDANT   ☐ OTHER:          ADDRESS, CITY, STATE

to appear at: ☒ TRAVIS COUNTY COURTHOUSE   ☒ LOCATION: Room 512 Hn Jan Scifer
             1000 GUADALUPE
             AUSTIN, TEXAS

on February 19th      2020   at 8:30   o'clock. A.m., or as soon as possible and there to remain until discharged, in order to:

☒   Attend and given testimony at a   ☐ DEPOSITION   ☒ HEARING   ☐ TRIAL

☒   Produce and permit inspection and copying of the following designated documents or tangible things in the possession, custody, or control of that person: (☐ List attached)
All available knowledge, records, experiences of contact, relationships of:
Richard Hubbard 9-10-73, S████ H██████ ██10 in your possession.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

Issued and given under my hand and seal of said Court at Austin, Texas, this February 19, 2020

VELVA L. PRICE                                          Requested by:
DISTRICT CLERK
TRAVIS COUNTY, TEXAS                    Richard Hubbard
                                        Plaintif
By: _____              512-659-8713
        DEPUTY                          Rick@ecoloft.us

Received_____ at _____ a/p.m. Executed _____ at _____ a/p.m.

by delivering, in person, to:_____ at _____

in _____ County, Texas, a true copy of this Subpoena and the sum of $_____.

_____ by: _____
SHERIFF / CONSTABLE / AUTHORIZED PERSON          DEPUTY / SERVER

Sworn to and subscribed before me this _____

_____          SEAL:
NOTARY PUBLIC, STATE OF TEXAS

☐ Service fee to Sheriff / Constable Pct. ___ paid to District Clerk   ☑ Service fee not prepaid, charged $_____

☐ Original   ☐ Service Copy

When reporting to the Travis County Courthouse, check the bulletin board in the hallway next to room 301 to determine the courtroom in which this case is scheduled to be heard.

TYPE OR PRINT ALL INFORMATION

**RUSH**

19-

Cause #: D-1-FM-006725

**RUSH**

Richard Hubbard

_____

Julia Hubbard

_____

PLAINTIFF

IN THE 201st DISTRICT COURT OF

_____

DEFENDANT

Chardonnay, Nicholas

TRAVIS COUNTY, TEXAS

**SUBPOENA**

To any Sheriff, Constable, or any other person authorized to serve and execute subpoenas in the State of Texas:

You are commanded to summon: Chardonnay Nicholas

DFPS  14008 Summit Drive Ste 600

NAME

Austin, TX

ADDRESS, CITY, STATE

on behalf of: ☒ PLAINTIFF  ☐ DEFENDANT  ☐ OTHER:

to appear at: ☒ TRAVIS COUNTY COURTHOUSE  ☒ LOCATION:
1000 GUADALUPE
AUSTIN, TEXAS   Room 512 - Jen Soifer

on February 19th  2020 at 8:30 o'clock. A.m., and there to remain until discharged, in order to:

☒ Attend and given testimony at a  ☐ DEPOSITION  ☒ HEARING  ☐ TRIAL

☒ Produce and permit inspection and copying of the following designated documents or tangible things in the possession, custody, or control of that person: (☐ List attached)

All available knowledge, records, experiences of contact, relationships of:
Richard Hubbard 9-10-73, S█████ Hubbard █████ 0 in your possession.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

Issued and given under my hand and seal of said Court at Austin, Texas, this February 19, 2020

VELVA L. PRICE
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

Requested by:

Richard Hubbard

By: _____
DEPUTY

Plaintif

512-659-8713

Rick@ecoloft.us

Received_____ at _____ a/p.m. Executed _____ at _____ a/p.m.

by delivering, in person, to:_____ at _____

in _____ County, Texas, a true copy of this Subpoena and the sum of $_____.

_____ by: _____
SHERIFF / CONSTABLE / AUTHORIZED PERSON                DEPUTY / SERVER

Sworn to and subscribed before me this _____.

_____                SEAL:

NOTARY PUBLIC, STATE OF TEXAS

☐ Service fee to Sheriff / Constable Pct. ___ paid to District Clerk   ☒ Service fee not prepaid, charged $_____

☐ Original  ☐ Service Copy

When reporting to the Travis County Courthouse, check the bulletin board in the hallway next to room 301 to determine the courtroom in which this case is scheduled to be heard.

To Whom It May Concern:

Cause #D-1-FM-19-006725

Myself, Shawn Mayer and my minor daughter Br███ A███ Mayer, are not able to attend court in Austin Texas tomorrow, February, 19, 2020 at 8:30 am. We live in Roanoke Texas (North Fort Worth) and we had the subpoena taped to our door this morning with blue painters tape as well as a check made payable to Julia Hubbard, no one knocked to actually serve the papers, with that being said that gives less then 24 hours till the court hearing which is not acceptable and the fact that it is a 4 hour drive to get to Austin. My daughter has school that she cannot afford to miss and I am working on a jobsite that I have committed to the customer to be at for the next 3 weeks. I do not give consent for my daughter that is a minor to testify in court for a case that does not involve her, I am here to protect her not subject her to mental and emotional stress that is involved in this case between Julia and Rick Hubbard. Any questions please feel free to contact me at (682) 999-2139. Thanks

Shawn Mayer

*[signature]*

Filed in The District Court
of Travis County, Texas

FEB 25 2020 DD

At ___4:43___ P.M.

Velva L. Price, District Clerk

# FAX

| | | | |
|---|---|---|---|
| TO: | Travis County District Clerk | FROM: | Shawn Mayer |
| FAX: | (512) 854-4744 | FAX: | |
| PHONE: | (512) 854-9457 | PHONE: | (682) 999-2139 |
| SUBJECT: | Cause #D-1-FM-19-006725 | DATE: | 2/18/2020 |

COMMENTS:

Regarding subpoena for Cause #D-1-FM-19-006725

EXHIBIT B, page 153

Dg BHC/F
MG

**RUSH**

TYPE OR PRINT ALL INFORMATION
19-
Cause #: D-1-FM-006725

**RUSH**

Richard Hubbard

Julia Hubbard                  PLAINTIFF                IN THE 201st DISTRICT COURT OF

DEFENDANT        Chardonnay, Nicholas

**SUBPOENA**                                    TRAVIS COUNTY, TEXAS

To any Sheriff, Constable, or any other person authorized to serve and execute subpoenas in the State of Texas:

You are commanded to summon:  Chardonnay Nicholas
DFPS  14008 Summit Drive Ste 100
Austin, TX              NAME
ADDRESS, CITY, STATE

on behalf of: ☒ PLAINTIFF    ☐ DEFENDANT    ☐ OTHER:

to appear at: ☒ TRAVIS COUNTY COURTHOUSE    ☒ LOCATION:
1000 GUADALUPE        Room 512 - Jan Soifer
AUSTIN, TEXAS

on  February 19th    2020   at  8:30   o'clock. A.m., and there to remain until discharged, in order to:

☒  Attend and give testimony at a   ☐ DEPOSITION   ☒ HEARING   ☐ TRIAL

☒  Produce and permit inspection and copying of the following designated documents or tangible things in the possession, custody, or
control of that person: (☐ List attached)

All available knowledge, records, experiences of contact, relationships of:
Richard Hubbard 9-10-73, S■■■■ H■■■■■ ■ ■ 10 in your possession.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from
which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement,
or both.

Issued and given under my hand and seal of said Court at Austin, Texas, this  February 19    2020

VELVA L. PRICE
DISTRICT CLERK                                          Requested by:
TRAVIS COUNTY, TEXAS

By: _____                    Richard Hubbard
DEPUTY                                  Plaintif
512-659-8713
Rick@ecoloft.us

Received 19 Feb 2020   at 1047 ⓟ.m. Executed 19 Feb 2020   at 236 ⓟm.
by delivering, in person, to: Chardonnay Nicholas          at 109 W. Anderson Ln Austin, TX 78752
in Travis   County. Texas, a true copy of this Subpoena and the sum of $_____.

Carlos B. Lopez                          M Digiantonio 517
Constable Pct. 5, Travis County, Texas    DEPUTY / SERVER   M. Digiantonio #517
SHERIFF / CONSTABLE / AUTHORIZED PERSON

Sworn to and subscribed before me this _____

NOTARY PUBLIC, STATE OF TEXAS            SEAL:            COMPLETED

☐ Service fee to Sheriff / Constable Pct. ___ paid to District Clerk    ☒ Service fee not prepaid, charged $_____

☐ Original    ☐ Service Copy

When reporting to the Travis County Courthouse, check the bulletin board in the hallway next to room 301 to determine the courtroom in which
this case is scheduled to be heard.

PD$160 w/CC REF#5650

Filed on 2/21/2020 1:47:38 PM Travis County District Clerk, Velva L. Price



**RUSH**

TYPE OR PRINT ALL INFORMATION

19-

Cause #: D-1-FM-006725

**RUSH**

Richard Hubbard

Julia Hubbard

PLAINTIFF

IN THE 201st DISTRICT COURT OF

DEFENDANT

TRAVIS COUNTY, TEXAS

## SUBPOENA

To any Sheriff, Constable, or any other person authorized to serve and execute subpoenas in the State of Texas:

You are commanded to summon: Tremain Floy
DFPS 14000 Summit Drive Ste/100
Austin, TX

on behalf of: ☒ PLAINTIFF   ☐ DEFENDANT   ☐ OTHER:

to appear at: ☒ TRAVIS COUNTY COURTHOUSE
1000 GUADALUPE
AUSTIN, TEXAS

☒ LOCATION: Room 512 Hn. Jan Soifer

on February 19th 2020 at 8:30 o'clock. A .m. or as soon as possible. and there to remain until discharged, in order to:

☒ Attend and given testimony at a   ☐ DEPOSITION   ☒ HEARING   ☐ TRIAL

☒ Produce and permit inspection and copying of the following designated documents or tangible things in the possession, custody, or control of that person: (☐ List attached)

All available knowledge, records, experiences of contact, relationships of:
Richard Hubbard 9-10-73, S██████ Hu███d ██10 in your possession.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

Issued and given under my hand and seal of said Court at Austin, Texas, this February 19 2020

VELVA L. PRICE
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

By: _____ DEPUTY

Requested by:

Richard Hubbard
Plaintif
512-659-8713
Rick@ecoloft.us

Received 19 Feb 2020 at 1047 a/p.m. Executed 19 Feb 2020 at 110 a/p.m.
by delivering, in person, to: Tremain Floy at 14000 Summit Dr Ste 100 Austin, TX 78728
in Travis County, Texas, a true copy of this Subpoena and the sum of $_____

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas   by: M Digiantonio 527   M. Digiantonio #517
DEPUTY / SERVER

Sworn to and subscribed before me this _____

NOTARY PUBLIC, STATE OF TEXAS   SEAL:

☐ Service fee to Sheriff / Constable Pct. ___ paid to District Clerk   ☒ Service fee not prepaid; charged $_____

☐ Original   ☐ Service Copy

When reporting to the Travis County Courthouse, check the bulletin board in the hallway next to room 301 to determine the courtroom in which this case is scheduled to be heard.

EXHIBIT B, page 155

TYPE OR PRINT ALL INFORMATION

**RUSH**                                                                          **RUSH**

Richard Hubbard                    Cause #: FM-19-006725

_____
PLAINTIFF                          IN THE 201 DISTRICT COURT OF

Julia Hubbard

_____
DEFENDANT                          TRAVIS COUNTY, TEXAS

## S U B P O E N A

To any Sheriff, Constable, or any other person authorized to serve and execute subpoenas in the State of Texas:

You are commanded to summon:  Kayla Claire Goedinghaus

100 Lake Hills Drive N.                              NAME

on behalf of: ☐ PLAINTIFF  ☑ DEFENDANT  ☐ OTHER: Austin TX      ADDRESS, CITY, STATE

to appear at: ☒ TRAVIS COUNTY COURTHOUSE  ☒ LOCATION: Room 512
                1000 GUADALUPE
                AUSTIN, TEXAS

on March 9th          , 2020 at 8:30 o'clock, A.m., and there to remain until discharged, in order to:

☒   Attend and given testimony at a  ☐ DEPOSITION  ☒ HEARING  ☐ TRIAL

☐   Produce and permit inspection and copying of the following designated documents or tangible things in the possession, custody, or
control of that person:  (☐ List attached)

---

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from
which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement,
or both.

---

Issued and given under my hand and seal of said Court at Austin, Texas, this  March 3          , 2020

VELVA L. PRICE                                              Requested by:
DISTRICT CLERK
TRAVIS COUNTY, TEXAS                     Julia Hubbard
                                         Defendant
By: Laura Lancaster                      Julia.A.Hubbard@gmail.com
              DEPUTY

Received_____ at _____ a/p.m. Executed _____ at _____ a/p.m.

by delivering, in person, to:_____ at _____

in _____ County, Texas, a true copy of this Subpoena and the sum of $_____.

                                         by : _____
    SHERIFF / CONSTABLE / AUTHORIZED PERSON              DEPUTY / SERVER

Sworn to and subscribed before me this _____. _____.

_____ SEAL:
NOTARY PUBLIC, STATE OF TEXAS

☐ Service fee to Sheriff / Constable Pct. ___ paid to District Clerk    ☐ Service fee not prepaid, charged $_____

☐ Original   ☐ Service Copy

When reporting to the Travis County Courthouse, check the bulletin board in the hallway next to room 301 to determine the courtroom in which
this case is scheduled to be heard.

EXHIBIT B, page 156

TYPE OR PRINT ALL INFORMATION

**RUSH**

**RUSH**

Cause #: FM-19-006725

Richard Hubbard
_____ PLAINTIFF

Julia Hubbard
_____ DEFENDANT

IN THE _201_ DISTRICT COURT OF

TRAVIS COUNTY, TEXAS

## SUBPOENA

To any Sheriff, Constable, or any other person authorized to serve and execute subpoenas in the State of Texas:

You are commanded to summon: Kayla Claire Goedinghaus

100 Lake Hills Drive N.

NAME

on behalf of: ☐ PLAINTIFF  ☑ DEFENDANT  ☐ OTHER: Austin TX

ADDRESS, CITY, STATE

to appear at: ☒ TRAVIS COUNTY COURTHOUSE  ☑ LOCATION: Room 512
1000 GUADALUPE
AUSTIN, TEXAS

on March 9th, 2020 at 8:30 o'clock A.m. and there to remain until discharged, in order to:

☒ Attend and given testimony at a  ☐ DEPOSITION  ☑ HEARING  ☐ TRIAL

☐ Produce and permit inspection and copying of the following designated documents or tangible things in the possession, custody, or control of that person: (☐ List attached)

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

Issued and given under my hand and seal of said Court at Austin, Texas, this March 3 2020

**VELVA L. PRICE**
**DISTRICT CLERK**
**TRAVIS COUNTY, TEXAS**

Requested by:

Julia Hubbard
Defendant
Julia.A.Hubbard@gmail.com

By: Laura Lancaster
DEPUTY

Received March 3, 2020 at 12:20 a/p.m. Executed MARCH 3, 2020 at 1224 a/p.m.
by delivering, in person, to: Kayla Goedinghaus at 1003 Guadalupe St, Austin TX 78701
in TRAVIS County, Texas, a true copy of this Subpoena and the sum of $_____

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas

by: Pat Pierce #532
DEPUTY / SERVER

Sworn to and subscribed before me this _____

NOTARY PUBLIC, STATE OF TEXAS

SEAL:

2020 MAR -3 PM 12: 20
CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS
**RECEIVED**

☑ Service fee to Sheriff / Constable Pct. ___ paid to District Clerk  ☐ Service fee not prepaid, charged $_____

☐ Original  ☐ Service Copy

When reporting to the Travis County Courthouse, check the bulletin board in the hallway next to room 301 to determine the courtroom in which this case is scheduled to be heard.

EXHIBIT B, page 157

Filed on 3/6/2020 2:41:00 PM Travis County District Clerk, Velva L. Price

Filed in The District Court
of Travis County, Texas

MAR 1 0 2020

At_____2:44 P.M.
Velva L. Price, District Clerk

**NOTICE:  THIS DOCUMENT CONTAINS SENSITIVE DATA**

### CAUSE NO.  D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§<br>§ | IN THE DISTRICT COURT |
| RICHARD HUBBARD<br>AND<br>JULIA A. HUBBARD | §<br>§<br>§<br>§ | 201ST JUDICIAL DISTRICT |
| AND IN THE INTEREST OF<br>S.L.H., A CHILD | §<br>§<br>§ | TRAVIS COUNTY, TEXAS |

### ADDITIONAL TEMPORARY ORDERS

On March 9, 2020, the Court heard Richard Hubbard's Request For De Novo

Hearing And Additional Relief And A New Hearing for Temporary Orders.

*Appearances*

Pro Se Petitioner, RICHARD HUBBARD, appeared in person and announced

ready.

Pro Se Respondent, JULIA A. HUBBARD, appeared in person and announced

ready.

Guardian ad litem CYNTHIA C. GONZALEZ (the "Guardian ad Litem") appeared

and provided a report to the Court.

*Jurisdiction*

After examining the record and hearing the evidence, the Court finds that it has

jurisdiction over this case and the parties and that all notice requirements have been

met. At the time of hearing, Richard Hubbard withdrew his request for de novo review

1

and the Temporary Orders, dated February 7, 2020 remain in place.

*Record*

The making of a record of testimony was recorded by the Court's court reporter.

*Child*

The following orders are for the safety and welfare and in the best interest of the child at issue in this case, S███████ L███ H███████.

The parties have agreed and it is THEREFORE ORDERED:

*Orders*

1. The child shall begin individual therapy no later than March 31, 2020. Julia K. Hubbard shall submit the names of three therapists to the Guardian ad Litem within 14 days. The Guardian ad Litem shall select one of those therapists after conferring with Richard Hubbard.

2. Richard Hubbard may communicate with S███████ through a letter(s), which shall be sent directly to the therapist. The therapist should determine whether to share the contents of the letter with S███████.

3. Julia K. Hubbard is ORDERED to refrain from having romantic partners or paramours around Summer until further order of the court.

4. The parties are ORDERED to submit to a drug screening, as directed by the Guardian.

5. The parties are ordered to obtain a subscription to the Our Family Wizard program on Ourfamilywizard.com. The parties are ordered to communicate only through the Our Family Wizard program with regard to all issues concerning the child, except in the case of emergency.

2

EXHIBIT B, page 159

6.  The parties are to follow the Children's Bill of Rights.

7.  The court orders a mutual injunction against posting or publishing content,

    information, image, opinion, or commentary on the Internet, any website, any

    social media site, or any online discussion community or forum including, but not

    limited to, Facebook, Instagram, Twitter, YouTube, Reddit, and/or NextDoor

    regarding this case and any individual connected with this case including, but not

    limited to, any party and the child.

*Duration*

    These Additional Temporary Orders shall continue in full force until further order

of this Court.


Signed this _10th_ day of _March_, 2020.


_____

JUDGE PRESIDING

**KARIN CRUMP**


3

EXHIBIT B, page 160

## CHILDREN'S BILL OF RIGHTS

Each child the subject of this suit affecting the parent-child relationship shall have the rights set forth below and shall have the right generally to "be a child" free from any acrimony that may now or hereafter exist between the adult parties to this action.

Each adult party shall make this document known to every other adult who has any significant role in the child's life as a caretaker. It is contemplated that this will include regular baby-sitters, grandparents or other relatives with whom the child regularly visits, and any other person having significant, ongoing contact with the child.

The term "child" as used below refers to each and every child subject to this suit.

1   Neither party shall deny the child reasonable use of the telephone to place and receive calls with the other party or relatives. Such use shall be private to the child without unreasonable interference such as rigid adherence to time parameters, or tying up the phone with internet connections or other calls during prescribed times, instructed disconnects for chores, dinner, etc.

2   Neither party shall speak or write derogatory remarks about the other party to the child, or engage in abusive, course or foul language which can be overheard by the child whether or not the language involves the other party.

3   Neither party shall permit the children to overhear arguments, negotiations or other substantive discussions about legal or business dealings between the parties.

4   Neither party shall physically or psychologically attempt to pressure, attempt to influence, pressure, or influence the child concerning the personal opinion or position of the child concerning legal proceedings between the parties.

5   Each party will permit the child to display photographs or memorabilia of the other party or both parties in the child's room.

6   Neither party shall communicate moral judgments about the other party to the child concerning the other parties' choice of values, life-style, choice of friends, successes or failures in life (career, financial, relational) or residential choice.

7   The parties will acknowledge to the child that the child has two homes although the child may spend more time at one home than the other.

8   The parties shall cooperate to the greatest extent practicable in sharing time with the child.

9   Neither party shall suggest to the child that it is the child's option whether or not to engage in visitation during the other party's time for possession and access.

10  Each party will permit the child to retain, and allow easy access to, correspondence, greeting cards and other written materials received from the other party.

EXHIBIT B, page 161

11     Each party will respect the physical integrity of items possessed by the child which depict the other party or remind the child of the other party.

12     Each party will assist and encourage the child's attendance and participation in church, temple or other organized religious activities if such is the desire of the child.

13     Neither party will trivialize, or deny the existence of the other parent to the child.

14     Neither party will interrogate the child about the other party nor will either party discourage comments by the child about the other party.

15     Neither parent will intercept, "lose", derail, "forget" or otherwise interfere with communications to the child from the other party.

16     Neither party will refuse to acknowledge that the child can have or should have good experiences with the other party.

17     Neither party will directly or indirectly attack or criticize to the child the extended family of the other party, the other party's career, the living and travel arrangements of the other party, or lawful activities of the other party or associates of the other party.

18     Neither party will use the child as a "middle-man" by using the child to communicate with the other party on inappropriate topics.

19     Neither party will undermine the other party in the eyes of the child by engaging in the "circumstantial syndrome" which is done by manipulating, changing, or rearranging fact.

20     Neither party will create for, or exaggerate to, the child differences between the parties.

21     Neither party will say and do things with an eye to gaining the child as an "ally" against the other party.

22     Neither party will encourage or instruct the child to be disobedient to the other party, stepparents, or relatives.

23     Neither party will reward the child to act negatively toward the other party.

24     Neither party will try to make the child believe he or she loves the child more than the other party by, for example, saying that he or she lives the child more than the other party or over-informing the child on adult topics or overindulging the child.

25     Neither party will discuss child support issues with the child.

26     Neither party will engage in judgmental, opinionated or negative commentary, physical

inspections or interrogations once the child arrives from his/her other home.

27   Neither party will "rewrite" or "rescript" facts which the child originally knows to be different.

28   Neither party will punish the child physically or threaten such punishment in order to influence the child to adopt the parent's negative program, if any, against the other party.

29   Neither party will permit the child to be transported by a person who is intoxicated due to consumption of alcohol or illegal drugs.

30   Neither party will smoke tobacco materials inside structures or vehicles occupied at the time by the child.

31   Each party will permit the child to carry gifts, toys, clothing and other items belonging to the child with him or her to the residence of the other parent or relatives or permit the child to take gifts, toys, clothing, and other items belonging to the child back to the residence of the other party, as the case may be, to facilitate the child having with him or her objects important to the child. The gifts, toys, clothing, and other items belonging to the child referred to here mean items which are reasonably transportable and does not include pets (which the parties agree are impractical to move about).

Child Bill of Rights.wpd

5/25/2021 8:33 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Norma Ybarra

CAUSE NO. D-1-FM-19-006725

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| S.L.H. | § | 201st JUDICIAL DISTRICT |
| | § | |
| MINOR CHILD | § | TRAVIS COUNTY, TEXAS |

## NOTICE OF DESIGNATION AND APPEARANCE OF GUARDIAN AD LITEM

TO THE HONORABLE JUDGE OF SAID COURT:

CYNTHIA GONZALEZ, Manager of the Family Court Services of the Travis County Domestic Relations Office, makes this notice of Designation and Appearance of Guardian Ad Litem for the petition herein before filed in the above-entitled and numbered cause.

By court order, or by standing order pursuant to the Travis County Local Rules, the Manager of the Family Court Services unit or her representative was appointed as Guardian Ad Litem for the subject child(ren).

Cynthia Gonzalez hereby formally notifies the court that she has designated Judith Averill, Guardian Ad Litem for the subject child(ren), to serve as the representative in this cause.

The Guardian Ad Litem enters her appearance herein and the aforesaid Family Court Services Manager request that Judith Averill, Guardian Ad Litem, receive notice of any and all proceedings in this cause.

Dated:  May 20, 2021.

Respectfully submitted,

*Cynthia C Gonzalez*
CYNTHIA GONZALEZ
Manager of Family Court Services
Travis County Domestic Relations Office
PO Box 1495
Austin, Texas 78767
(512) 854-9216
(512) 854-9818 (fax)

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 53766587
Status as of 5/25/2021 9:11 AM CST

Associated Case Party: Richard Hubbard

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 5/25/2021 8:33:22 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Judith Averill | | Judith.Averill@traviscountytx.gov | 5/25/2021 8:33:22 AM | SENT |

EXHIBIT B, page 165



11/3/2021 11:19 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Irene Silva

**TRAVIS COUNTY JUVENILE PROBATION
DOMESTIC RELATIONS OFFICE**

**CORY J. BURGESS**
Chief Juvenile Probation Officer

**SCOT M. DOYAL**
Director

1010 LAVACA STREET, AUSTIN, TX 78701 | Mailing Address: P.O. BOX 1495, AUSTIN, TX 78767 | Phone: 512-854-9696 | Fax: 512-854-9819

GUARDIAN REPORT TO THE COURT
D-1-FM-19-006725
ITIO: S███████ L█ H████████

October 29, 2021

May it please the court

An order was sent to the Domestic Relations Office on February 13, 2020 and assigned on the same day to GAL Cynthia Gonzalez then subsequently re-assigned to GAL Marina Chapel, and ultimately, in May of 2021, to this GAL.

These parties, Julia Alexis Hubbard (████/1981) and Richard L. Hubbard (████/1973) have waged a fierce, if fruitless, battle over parenting S█████. Both have been emphatic as to who is the better parent. Both histories include criminal and extensive drug involvement, neither has been consistently compliant with any GAL, hence the inability of the GALs to run complete, successful, and meaningful investigations. This GAL has been equally frustrated as my predecessors. The situation as it stands is that Ms. Hubbard now resides in Northern VA, together with S█████r, who recently has expressed to this GAL that she is happy, feels safe and secure and has no desire to see her father, whom she describes as "not right". Su█████ further stated that she loves her father but that he would need to make "a lot" of changes for her to be in his life. S█████ claims to have made many friends and "loves" her school. School records from her Elementary School, indicate that S████ attends consistently and is thriving with good grades and a positive attitude. Per her teacher, "She has all 3's and 4's, is actively engaged every day in each subject and always working hard". Further, she adds that she has no concerns academically, behaviorally, or socially and that S██████ is "a joy to have in class".

When this GAL has spoken with Ms. Hubbard, she is positive and enthusiastic about her new situation, feels very much at home in Northern Virginia and reports that things with S█████ are going very well (substantiated by S●●● She acknowledges its' been a rocky road to this point, but she has turned a corner and is enjoying life as never before. Ms. Hubbard notes that Mr. Hubbard and her drug involvement did her no good at all and she is delighted to be free of both. Her focus at this point is S█████ and advancing her own career. Ms. Hubbard has become involved with and engaged in anti-human trafficking endeavors, has become politically active and is a member of a committee/panel at which she speaks regularly. She has been commended by members of the government for her work in this area. It would appear Ms. Hubbard has found her niche, to her credit, beneficial to herself and her daughter.

Ms. Hubbard submitted to testing at Concentra in Virginia. Currently, this GAL does not have any results.

Mr. Hubbard has been difficult – to say the least - to work with to the point of being impossible. On the occasion he might be available, he is loud in asserting that his daughter was stolen from him and needs to be returned immediately.  He also tends to make threats, regarding S███ stating that when she is returned to him, they will leave the US and won't be coming back. There has been an incident of reported child abduction, where Mr. Hubbard alleged Ms. Hubbard had "kidnapped" S██████.  Ms. Hubbard saw it more as rescuing her daughter from Mr. Hubbard, who, at that time, was known to have connections to a drug cartel.  There are several drug related charges pending against him, as well as charges for aggravated assault, fraud, and sex trafficking.  During one of the few conversations this GAL had with Mr. Hubbard he expressed his frustration at all the lies told about him, that he loves his daughter but that she was being withheld from him.  Mr. Hubbard refused drug testing and would not come to the DRO for a meeting with this GAL – neither was I "allowed" to visit him.  He relocated several times during the pendency of this case in the general vicinity of Boerne, TX, and surrounding area.  Nothing about Mr. Hubbard or his lifestyle recommends him to this GAL as a parent to S█████.

Given the lack of participation of Mr. Hubbard it has been impossible to produce recommendations of any value – a circumstance experienced by both previous GAL's and myself.  Due to concerns about disclosing potentially protected information, not all details have been included in this report. Additional information may require an in-camera review by the court.

 Respectfully submitted

*Judith Averill*
Judith Averill, LCSW, MSW, BA(HONS)LAW
Guardian ad Litem

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 58807990
Status as of 11/3/2021 4:21 PM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 11/3/2021 11:19:03 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 11/3/2021 11:19:03 AM | SENT |

12/13/2021 12:00 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Sandra Santos

CAUSE NO. D-1-FM-19-00672

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| S.L.H., | § | |
| | § | 201st JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| MINOR CHILD | § | |
| | § | |

## MOTION FOR DISMISSAL OF GUARDIAN AD LITEM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Movant, Cynthia C. Gonzalez, court apppointed Guardian Ad Litem for the minor child, and makes this Motion for Dismissal of Guardian Ad Litem in the above-entitled and numbered cause.  In support, Movant would respectfully show the Court as follows:

(X)  This case has had no legal action for One Year. Additionally, Temporary Orders currently exist that will protect the Best Interest of the subject child(ren).

(X)  Mr. Hubbard does not want to cooperate with the Guardian investigation.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court grant this Motion for Dismissal of Guardian Ad Litem: and for such further relief as may be deemed just and equitable.

Movant prays for general relief on behalf of the subject children

Respectfully submitted,

*Cynthia C. Gonzalez*
_____
Cynthia C. Gonzalez
Family Court Services Manager
Travis Co. Domestic Relations
Phone: 512-854-9623

EXHIBIT B, page 169

**NOTICE OF HEARING**

The foregoing Motion for Dismissal of Guardian Ad Litem is set for hearing on
**Wednesday, December 22, 2021 at 8:30 a.m.** before the District Court Associate Judge, Travis
County Courthouse, 1000 Guadalupe Street, Austin, Texas.

_____
Cynthia C. Gonzalez
Family Court Services Manager
Travis County Domestic Relations

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion for Dismissal of Guardian Ad
Litem and Notice of Hearing were served upon Julia Hubbard and Richard Hubbard by
forwarding same by:

(X)      mailing same by email to Julia Hubbard (email address confidential)

(X)      mailing same by email to Richard Hubbard – rick@ecoloft.us

in accordance with the Texas Rules of Civil Procedure on this 10th day of December 2021.

*Cynthia C. Gonzalez*
_____
Cynthia C. Gonzalez
Family Court Services
Travis County Domestic Relations

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 59937721
Status as of 12/13/2021 10:37 AM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 12/11/2021 5:09:49 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 12/11/2021 5:09:49 PM | SENT |

12/22/2021 3:43 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Adam Cantu

006725   (JLA)

**CAUSE NO. D-1-FM-19-006732**

| | | |
|---|---|---|
| **IN THE INTEREST OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **S.L.H.** | § | |
| | § | **201st JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **MINOR CHILD** | § | **TRAVIS COUNTY, TEXAS** |

## ORDER FOR DISMISSAL OF GUARDIAN AD LITEM

On this day the Court considered the Motion For Dismissal of Guardian Ad Litem in the above-entitled and numbered cause.

All matters of law and of fact were submitted to the Court, and the Court considered the arguments of Movant and the parties.

The Court FINDS that:

1.     On February 7, 2020, the Manager of Family Court Services, Travis County Domestic Relations Office ("DRO"), was appointed by this Court as Guardian Ad Litem for the minor children ("GAL") made the subject of this suit to perform the duties of a guardian ad litem and to prepare a Child Custody Evaluation within the meaning of Section 107.103 of the Texas Family Code;

2.     Pursuant to her duties as Manager of the Family Court Services, DRO, Cynthia Gonzalez assigned an employee of DRO to act as GAL under the foregoing order, as follows: Marina Chapell was assigned as GAL on February 13, 2020, and Judith Averill was subsequently assigned as GAL;

3.     The Court finds that DRO, Marina Chapell, and Judith Averill have satisfactorily performed all of the Manager's and GAL's duties and obligations required under chapter 107 of the Texas Family Code, in their service to the Court and in the best interest of the minor children made the subject of this suit.

IT IS THEREFORE ORDERED that, based on the foregoing findings, DRO and its employees have satisfactorily performed their duties and obligations as GAL in the best interest of the minor children as set forth in Chapter 107 of the Texas Family Code.

IT IS FURTHER ORDERED that this Motion be and hereby is *GRANTED* and that the Guardian Ad Litem is hereby discharged from their duties and obligations and is relieved of any further rights, duties and responsibilities in this cause.

IT IS ORDERED that all relief related to the Guardian Ad Litem in this case and not expressly granted is denied. All other terms of the prior orders not specifically modified in this order shall remain in full force and effect.

SIGNED on December 22, 2021,

_____
PRESIDING JUDGE

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 60269858
Status as of 12/27/2021 10:00 AM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 12/22/2021 3:43:28 PM | SENT |
| Richard Hubbard | | ricklhubbard@gmail.com | 12/22/2021 3:43:28 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 12/22/2021 3:43:28 PM | SENT |

1/11/2022 11:12 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Irene Silva

Cause Number: D-1-FM-19-006725

*(Print court information exactly as it appears on the Original Petition for Divorce)*

## IN THE MATTER OF THE MARRIAGE OF

**Petitioner:** RICHARD L HUBBARD

*Print first, middle and last name of the spouse filing for divorce.*

And

**Respondent:** JULIA A HUBBARD

*Print first, middle and last name of other spouse.*

In the 201
*(Court Number)*

☒ District Court
☐ County Court at Law

TRAVIS County, Texas

## AND IN THE INTEREST OF:

1 S████ L HU████ 2 _____ 3 _____

4 _____ 5 _____ 6 _____

# Notice of Final Hearing

To: RICHARD L HUBBARD

*Print the other spouse's full name.*

A final hearing in this case will be held on ___03/11/2022___ , at __8__ : __30__ ☒ a.m. ☐ p.m
_____month___day___year_____ _____Time_____

at the _____TRAVIS_____ County Courthouse, located at:

1000 GUADALUPE RD   AUSTIN   TX   78701

*Physical Address of Courthouse* _____City___State___Zip_____

I estimate that the entire hearing (*my side and your side*) will take __3__ hour(s).

If you do not come to this hearing a default judgment may be taken against you.

*DocuSigned by:*

*Julia Hubbard*

→ B64D75625D85450...

*Signature of Spouse Setting Hearing*
Julia Hubbard

*Printed Name*
PO BOX 1133

*Mailing Address*
JULIA.A.HUBBARD@GMAIL.COM

*Email Address*

01/11/2022

*Date*

████████████

*Phone Number*
RICHMOND   VA   23218

*City___State___Zip*

*Fax # (if available)*

FM-DivB-403 *Notice of Final Hearing – Divorce with Children [SET B]* (Rev. 09-2014)
© TexasLawHelp.org

Page 1 of 2

# Certificate of Service

I will give a copy of this document to my spouse's attorney or my spouse (if my spouse does not have an attorney) on the same day this document is filed with (turned in to) the Court as follows:

*If I file this document electronically*, I will send a copy of it to my spouse or my spouse's attorney through the electronic file manager if possible. If not possible, I will give a copy to my spouse or my spouse's attorney in person, by mail, by commercial delivery service, by fax, or by email.

*If I file a paper copy of this document*, I will give a copy of it to my spouse or my spouse's attorney in person, by mail, by commercial delivery service, by fax, or by email.

DocuSigned by:

→ _Julia Hulland_                                    01/11/2022

Signature of Spouse Setting Hearing        Date

B64D75625D85450...


# Certificate of Conference

I certify that I made a reasonable effort to talk with my spouse's attorney or my spouse (if my spouse does not have an attorney) about the date and time of this hearing *before* setting this hearing.

DocuSigned by:

→ _Julia Hulland_                                    1/11/2022

Signature of Spouse Setting Hearing        Date

B64D75625D85450...

EXHIBIT B, page 176

DocuSign Envelope ID: E11B396-7A9B-401E-9758-7814A3B5CF97

1/11/2022 11:20 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Gilberto Diaz Rios

## IN THE DISTRICT COURT
## 201 JUDICIAL DISTRICT
## TRAVIS COUNTY

| | |
|---|---|
| **Richard L. Hubbard** | ) |
| 28817 Fine Rd. | ) |
| Marble Falls, TX 78654 | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **Cause No.** D-1-FM-19-006725 |
| | ) |
| | ) |
| **Julia A. Hubbard** | ) |
| ▇▇▇▇▇ | ) |
| Richmond, VA 23218 | ) |
| | ) |
| Respondent. | ) |

### RESPONDENT'S MOTION IN SUPPORT OF FINAL CUSTODY ORDER

THE Respondent Julia A. Hubbard, states to the Court as follows:

1.   The Court has jurisdiction over this matter under § 152.201 of the Texas Family Code,

because Texas was the home state of, S▇▇▇ L. Hu▇▇▇(DOB: ▇▇▇2010), hereinafter "Minor

Child," at the commencement of the proceeding.

2.   Petitioner is the biological father of the Minor Child.

3.   Respondent is the biological mother of the Minor Child

4.   The Minor Child currently resides with Respondent pursuant to the terms of a

Temporary Custody Order, Cause No. D-1-FM-19-006725, issued on February 7, 2020, and Civil

Protective Order,Case No. JA-435485-01-00, issued on April 7, 2020. Both Orders granted temporary

custody of the Minor Child to Respondent.

5.   Since date, the Minor Child has resided with the Respondent in the Commonwealth of

Virginia.

DocuSign Envelope ID: E141B396-7A9D-401E-9758-7814A3B5CF97

6.      Respondent and Minor Child's physical address is confidential and protected under Virginia's Address Confidentiality Program, pursuant to § 2.2-515.2 of the VA Code.

7.      Respondent is, in all respects, a fit and proper person to have custody of the Minor Child.  Respondent is a mature and stable person who has demonstrated her ability to care for the physical and emotional needs of the Minor Child as evidenced by the fact that she has been the primary caretaker of the Minor Child since February 7, 2020.  The Minor Child has a strong emotional bond with the Respondent.  Respondent believes that it is in the best interest of the Minor Child that custody be awarded to her for the following reasons:

a.  Respondent is working full-time and, since the last court appearance, has graduated school as a criminal profiler and human trafficking investigator. Respondent teaches trauma-informed policing and parenting after abuse in partnership with local non-profit organizations.

b.  Respondent has no history of arrest or criminal record of any kind, and has passed all drug screenings requested by Guardian ad Litem.

c.  There has been no exposure to violence or risk to the Minor Child's safety since she has been in the custody of Respondent.

d.  Minor Child is thriving in the custody of the Respondent. Minor Child's physical health and hygiene has improved since in the care and custody of Respondent. Minor Child sees a pediatrician and dentist regularly. She is up to date on all immunizations and is regarded as very healthy.

e.  Respondent and Minor Child are both in comprehensive therapy. Minor Child has no behavioral issues. Petitioner has refused any mental health counseling.

f.  Minor Child attends one of the highest ranked schools in the nation and lives in one of

EXHIBIT B, page 178

the safest communities in Northern Virginia. She has excellent school attendance, makes great grades, serves as class representative, and is involved in extracurricular activities such as art and viola. The Minor Child missed over 40 percent of school when she was in the care and custody of Petitioner.

g. Minor Child is happy and social. She has many friendships both at school and in her neighborhood.

h. Respondent has maintained healthy relationships with Petitioner's family and allows Minor Child contact with Petitioner's family, where appropriate. When Minor Child was in the custody of Petitioner, he did not allow her to have contact with Respondent or any extended family.

i. Respondent has an extensive support system made up of immediate family members, extended family members, and close friends in the area.

j. Minor Child has expressed to Guardian ad Litem and Respondent that she "wants nothing about her life to change."

8.    Petitioner is not a fit or proper person to have custody of the Minor Child, for the following reasons:

a. Respondent has serious concerns about Petitioner's ability to care for Minor Child's physical and emotional needs. It is the Respondent's understanding that Petitioner is currently unemployed and homeless.

b. Petitioner has been physically and sexually abusive towards the Respondent. For example, on or about March 17, 2017, Petitioner pointed a gun at Respondent's head and said "I should have killed you years ago." Respondent reported this to the Dallas County Police and Petitioner was arrested. Respondent and Minor Child

EXHIBIT B, page 179

DocuSign Envelope ID: E141B396-7A9B-401E-9758-7811A3B5CF97

have a Protective Order against Petitioner, Case No. JA435485-01-00, entered in Fairfax Juvenile and Domestic Relations General District Court on April 7, 2020.

c. Petitioner was arrested for Aggravated Assault with a Deadly Weapon in January of 2021. Petitioner has a lengthy arrest and criminal record. Respondent has witnessed acts of violence and harassment towards Petitioner's other intimate partners while the Minor Child was present. Additionally, Petitioner has had two judgments against him for Fraud since 2020.

d. Petitioner is currently under investigation for sex trafficking, fraud, and other violent crimes. Respondent has been working with federal and state authorities and has been critical in the collection of evidence for the ongoing investigations.

e. Petitioner has several documented cases with Child Protective Services.

f. Petitioner has threatened to abscond internationally with the Minor Child to both the Respondent and the Guardian ad Litem.

g. Minor Child has expressed fear of being taken by Petitioner and is fearful of being away from Respondent. Minor Child has expressed that she does not feel safe when she is with Petitioner because Petitioner has made her aware that she was being pursued by "a bad Mexican man trying to take her away from him."

h. Minor Child has expressed that Petitioner would have to make "a lot of changes" before she would want to see Petitioner.

i. Respondent has serious concerns about Petitioner's mental health and documented history of substance abuse.

9. Respondent does not know of any other person not a party to this action who claims to have custody or visitation rights with regard to the Minor Child.

10. Respondent is not seeking child support for the support and maintenance of the Minor Child.

11.     Because of Petitioner is in no way a fit and proper parent to the Minor Child, Petitioner's physical and sexual abuse of the Respondent, Petitioner propsensity towards violence, abuse, and criminal activity; Petitioner's excessive substance use; and Petitioner's mental health and general inability to care for the Minor Child's physical and emotional needs, Respondent requests sole physical and legal custody of the Minor Child with no visitation, as supported by the findings of the Guardian ad Litem.

WHEREFORE, Respondent asks this Court to:

1. Award her permanent sole legal and physical custody of the Minor Child, Summer L. Hubbard; and

2. Provide such other and further relief as the Court finds just and proper.

Respectfully submitted,

DocuSigned by:

*Julia Hubbard*

B64D75625D85450...

Julia A. Hubbard
(571) 344-8175
julia.a.hubbard@gmail.com

5

EXHIBIT B, page 181

## VERIFICATION

I, Julia A. Hubbard, solemnly swear or affirm under criminal penalties for the making of a false

statement that I have read the foregoing paper and that the factual statements made in it are true to

the best of my personal knowledge, information and belief.

DocuSigned by:

*Julia Hubbard*

1/11/2022

Julia Hubbard ── B64D75625D85450...                   Date

6

2/25/2022 12:43 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
David Foster

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

**Cause No. D-1-FM-19-006725**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | **IN THE DISTRICT COURT OF** |
| **MARRIAGE OF** | § | |
| | § | |
| **RICHARD HUBBARD** | § | |
| **AND** | § | |
| **JULIA A. HUBBARD** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| **SUMMER L. HUBBARD** | § | |
| **A CHILD** | § | **201st JUDICIAL DISTRICT** |

## Amended Original Counterpetition for Divorce

Comes now, Respondent and files this Amended Counter Petition, with the intent also to amend the Motion in Support of Final Custody Order.

*1.    Discovery Level*

Discovery in this case is intended to be conducted under level 2of rule 190 of the Texas Rules of Civil Procedure.

*2.    Objection to Assignment of Case to Associate Judge*

Counter petitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

*3.    Parties*

This suit is brought by Julia Hubbard, Counter petitioner. The last three numbers of Counter Petitioner's driver's license number are 509, Virginia license. The last three numbers of Counter Petitioner's Social Security number are 930.

Counter Respondent is Richard Hubbard. A copy of this counter petition is being served via electronic service.

*4.    Domicile*

Counter petitioner is domiciled in another state or nation. Counter Respondent has been a domiciliary of Texas for at least the last six months and is a resident of this county.

EXHIBIT B, page 183

5.    *Long-Arm Jurisdiction*

Counter Respondent is a nonresident of Texas. Counter Petitioner is a resident or a domiciliary of Texas at the commencement of this suit.

The nonresident person has resided in Texas with the child the subject of this suit.

The nonresident person has submitted or will submit to the jurisdiction of Texas by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction.

6.    *Protective Order Statement*

A protective order under Virginia Code Section 16.1-279.1 in regard to the Counter Petitioner and the child, S█████ H███████ was issued by the Commonwealth of Virginia, in Cause No. JA435485-01-00 and was entered on April 7, 2020.

A copy of the order is attached to this petition as Exhibit 'A'

7.    *Dates of Marriage and Separation*

The parties were married on or about February 27, 2010 and ceased to live together as spouses on or about March 11, 2017.

8.    *Grounds for Divorce*

The marriage has become insupportable because of discord or conflict of personalities between Counter petitioner and Counter Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

Respondent is guilty of cruel treatment toward Counter petitioner of a nature that renders further living together insupportable.

Counter petitioner and Respondent have lived apart without cohabitation for at least three years.

9.    *Child of the Marriage*

Counter petitioner and Counter Respondent are parents of the following child of this marriage who is not under the continuing jurisdiction of any other court:

Name: S█████ L███ H███████

Sex: Female

Birth date: ████████ 2010

There are no court-ordered conservatorships, court-ordered guardianships, or other court-

EXHIBIT B, page 184

ordered relationships affecting the child the subject of this suit.

Information required by section 152.209 of the Texas Family Code will be provided before this matter is heard.

Information required by sections 154.181(b) and 154.1815(c) of the Texas Family Code will be filed before this matter is heard.

No property of consequence is owned or possessed by the child the subject of this suit.

*Conservatorship, and Possession*

The appointment of Counter Petitioner and Counter Respondent as joint managing conservators would not be in the best interest of the child. Counter Petitioner, on final hearing, should be appointed sole managing conservator, with all the rights and duties of a parent sole managing conservator, and Counter Respondent should be ordered to provide support for the child, including the payment of child support and medical and dental support in the manner specified by the Court. Counter Petitioner requests that the payments for the support of the child survive the death of Counter Respondent and become the obligation of Counter Respondent's estate.

Counter petitioner requests that Counter Respondent shall not be appointed as a conservator.  Counter Respondent should not be designated as any type of conservator as Counter Respondent has sexually abused and or assaulted Counter Petitioner of this suit, and has engaged in sex trafficking of the Counter petitioner, and the appointment of Counter Respondent as a conservator would not be in the best interest of the child the subject of this suit.

Preceding the filing of this suit, Counter Respondent has engaged in a history or pattern of family violence, as defined by section 71.004 of the Texas Family Code, and has engaged in human trafficking, as defined by section 20A.01 of the Texas Penal Code.

Preceding the filing of this suit, Counter Respondent has engaged in a history or pattern of child neglect.

During the pendency of this suit a final protective order was rendered against Counter Respondent, in Cause number JA435485-01-00 in Juvenile and Domestic Relations District Court in the Commonwealth of Virginia.

Counter petitioner requests that the Court consider this conduct in appointing Counter Petitioner as sole managing conservator.

Counter Respondent may violate the Court's orders relating to Counter Respondent's possessory interest in the child. Counter Petitioner requests the Court to order Counter Respondent to execute a bond or deposit security in a reasonable amount, conditioned on Counter Respondent's compliance with the Court's orders concerning possession of and access to the child.

Counter Petitioner requests the Court to determine whether there is a risk of international

abduction of the child by Counter Respondent and to take such measures as are necessary to protect the child.

Counter Petitioner requests the Court to order Counter Respondent to execute a bond or post security payable through the registry of the Court to Counter Petitioner, conditioned on Counter Respondent's payment of child support.

Counter Petitioner requests the Court to order Counter Respondent to obtain and maintain a life insurance policy payable to Counter Petitioner for the benefit of the child to be applied toward Counter Respondent's support obligation under the child support order in the event of Counter Respondent's death.

Counter Respondent has a history or pattern of committing family violence during the two-year period preceding the date of filing of this suit. Counter Petitioner requests the Court to deny Counter Respondent access to the child. Alternatively, if the Court finds that awarding Counter Respondent access to the child would not endanger the child's physical health or emotional welfare and would be in the best interest of the child, Counter Petitioner requests that the Court render a possession order that is designed to protect the safety and well-being of the child and any other person who has been a victim of family violence, and or sexual abuse committed by Counter Respondent, including but not limited to ordering that the periods of access be continuously supervised by an entity or person chosen by the Court, ordering that the exchange of possession of the child occur in a protective setting, ordering Counter Respondent to refrain from the consumption of alcohol or a controlled substance within the twelve hours before or during the period of access to the child, and ordering Counter Respondent to attend and complete a battering intervention and prevention program or, if such a program is not available, to complete a course of treatment with a mental health professional in accordance with section 153.010 of the Texas Family Code.

There is a history or pattern of family violence child neglect and abuse committed by Counter Respondent/Richard Hubbard.  A protective order was rendered under the Commonwealth of Virginia, Virginia Code Section 16.1- 279.1 against Counter Respondent/Richard Hubbard during the two-year period preceding the date of filing of this suit. Counter Petitioner requests the Court to deny Counter Respondent access to the child.

Alternatively, Counter Petitioner requests that the Court render a possession order that provides that Counter Respondent's periods of visitation be continuously supervised by an entity or person chosen by the Court.

10.    *Division of Community Property*

Counter petitioner requests the Court to divide the estate of Counter petitioner and Counter Respondent in a manner that the Court deems just and right, as provided by law.

11.    *Separate Property*

Counter petitioner owns certain separate property that is not part of the community estate of the parties, and Counter petitioner requests the Court to confirm that separate property as Counter petitioner's separate property and estate.

12.    *Extraordinary Relief*

As the basis for the extraordinary relief requested below, Counter Petitioner would show that before the filing of this petition Counter Respondent has engaged in the conduct set forth in the affidavit attached as Exhibit 'B'. Based on that affidavit, Counter petitioner requests the Court to grant the following relief:

Issue an order attaching the body of the child, S██████ L████ H█████

Issue an order taking the child, S██████ L███ H██████, into possession of Counter Petitioner.

Issue an order excluding Counter Respondent from possession of or access to the child, S██████ L████ H███████

13.    *Request for Temporary Orders Concerning Use of Property*

Counter petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

Awarding Counter Petitioner the exclusive use and possession of the residence located in Virginia, as well as the furniture, furnishings, and other personal property at that residence, while this case is pending, and enjoining Counter Respondent from entering or remaining on the premises of the residence and exercising possession or control of any of this personal property, except as authorized by order of this Court.

Awarding Counter Petitioner exclusive use and control of any vehicles in her possession and enjoining Counter Respondent from entering, operating, or exercising control over it.

14.    *Request for Temporary Orders Regarding Child*

Counter petitioner requests the Court, after notice and hearing, to dispense with the necessity of a bond and to make temporary orders and issue any appropriate temporary injunctions for the safety and welfare of the child of the marriage as deemed necessary and equitable, including but not limited to the following:

Appointing Counter Petitioner temporary sole managing conservator.

Ordering Counter Respondent to provide support for the child, including the payment of child support and medical and dental support in the manner specified by the Court, while this case is pending.

Awarding Counter Petitioner the exclusive right to enroll the child in school.

Enjoining Counter Respondent from removing the child beyond Texas or the Commonwealth of Virginia and acting directly or in concert with others.

Denying Counter Respondent access to the child or, alternatively, rendering a possession order in accordance with section 153.004(d–1)(2) of the Texas Family Code/providing that Counter Respondent's periods of visitation be continuously supervised.

Appointing a guardian ad litem to represent the best interests of the child.

Ordering Counter Respondent to produce copies of income tax returns for tax years 2017 - 2020, a financial statement, and current pay stubs by a date certain.

15.  *Request for Interim Attorney's Fees and Temporary Support*

Counter Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions regarding attorney's fees and support as deemed necessary and equitable, including but not limited to the following:

Counter Petitioner requests that Counter Respondent be ordered to pay reasonable interim attorney's fees and expenses, including but not limited to fees for appraisals, accountants, actuaries, and so forth. Counter petitioner is not in control of sufficient community assets to pay attorney's fees and anticipated expenses.

16.  *Request for Temporary Orders for Discovery and Ancillary Relief*

Counter Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders for discovery and ancillary relief as deemed necessary and equitable, including but not limited to the following:

Ordering Counter Respondent to provide a sworn inventory and appraisement of all the separate and community property owned or claimed by the parties and all debts and liabilities owed by the parties substantially in the form and detail prescribed by the current edition of *Texas Family Law Practice Manual*, form 7-1.

Ordering Counter Respondent to execute all necessary releases required by Counter Petitioner to obtain any discovery allowed by the Texas Rules of Civil Procedure.

17.  *Request for Change of Name*

Counter petitioner requests a change of name to Julia Alexis Anderson.

18.  *Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Counter Petitioner to secure the services of Elizabeth Francis-Whisnant a licensed attorney, to prepare and prosecute this suit. To effect an equitable division

of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the child, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Counter Respondent and in favor of Counter Petitioner for the use and benefit of Counter Petitioner's attorney and be ordered paid directly to Counter Petitioner's attorney, who may enforce the judgment in the attorney's own name. Counter Petitioner requests postjudgment interest as allowed by law.

*19.    Prayer*

Counter petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Counter petitioner prays that the Court immediately grant a temporary restraining order restraining Counter Respondent, in conformity with the allegations of this petition, from the acts set forth above, and Counter petitioner prays that, after notice and hearing, this temporary restraining order be made a temporary injunction.

Counter Petitioner prays that the Court, in addition to the temporary restraining order and temporary injunction prayed for above, after notice and hearing, grant a temporary injunction enjoining Counter Respondent, in conformity with the allegations of this petition, from the acts set forth above while this case is pending.

Counter Petitioner prays that Counter Petitioner's name be changed as requested above.

Counter petitioner prays that the Court grant the temporary relief pending appeal if the Court's final judgment is appealed, as requested above.

Counter petitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Counter petitioner prays for general relief.

By:/s/ Amerin Whisnant
Elizabeth (Amerin) Francis-Whisnant
Attorney for Counter Petitioner
State Bar No.:24012652
amerin@eamerin.com
9600 Escarpment Boulevard, Suite 745-151
Austin, Texas 78749
Ph. 512-808-0536
Fax: 1-833-520-1554

To the best of my knowledge the party against whom relief is sought is no longer represented by counsel in the matter made the basis of this suit.

By:<u>/s/ Amerin Whisnant</u>
Amerin Whisnant
Attorney for Counter petitioner

### CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on this 25th day of February 2022.

**Served via e-service issuance:**

1) Richard Hubbard via efile at <u>rick@ecoloft.us</u> and <u>ricklhubbard@gmail.com</u>

By:<u>/s/Amerin Whisnant</u>
Amerin Whisnant

EXHIBIT B, page 190

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Francis-Whisnan on behalf of Elizabeth Francis-Whisnant
Bar No. 24012652
amerin@eamerin.com
Envelope ID: 62088011
Status as of 2/28/2022 6:54 AM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Hubbard | | ricklhubbard@gmail.com | 2/25/2022 12:43:38 PM | SENT |
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 2/25/2022 12:43:38 PM | ERROR |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amerin Whisnant | | amerin@eamerin.com | 2/25/2022 12:43:38 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 2/25/2022 12:43:38 PM | SENT |

2/25/2022 5:13 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-19-006725
Laura Lancaster

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

**Cause No. D-1-FM-19-006725**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | § | **IN THE DISTRICT COURT OF** |
| **MARRIAGE OF** | § | |
| | § | |
| **RICHARD HUBBARD** | § | |
| **AND** | § | |
| **JULIA A. HUBBARD** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| **S███████ L. H████████** | § | |
| **A CHILD** | § | **201st JUDICIAL DISTRICT** |

# Original Counterpetition for Divorce

Comes now, Respondent and files this Counter Petition, with the intent also to amend the Motion in Support of Final Custody Order.

*1. Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

*2. Objection to Assignment of Case to Associate Judge*

Counter petitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

*3. Parties*

This suit is brought by Julia Hubbard, Counter petitioner. The last three numbers of Counter Petitioner's driver's license number are 509, Virginia license. The last three numbers of Counter Petitioner's Social Security number are 930.

Counter Respondent is Richard Hubbard. A copy of this counter petition is being served via electronic service.

*4. Domicile*

Counter petitioner is domiciled in another state or nation. Counter Respondent has been a domiciliary of Texas for at least the last six months and is a resident of this county.

EXHIBIT B, page 192

5.    *Long-Arm Jurisdiction*

Counter Respondent is a nonresident of Texas. Counter Petitioner is a resident or a domiciliary of Texas at the commencement of this suit.

The nonresident person has resided in Texas with the child the subject of this suit.

The nonresident person has submitted or will submit to the jurisdiction of Texas by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction.

6.    *Protective Order Statement*

A protective order under Virginia Code Section 16.1-279.1 in regard to the Counter Petitioner and the child, S███████ H████ was issued by the Commonwealth of Virginia, in Cause No. JA435485-01-00 and was entered on April 7, 2020.

A copy of the order is attached to this petition as Exhibit 'A'

7.    *Dates of Marriage and Separation*

The parties were married on or about February 27, 2010 and ceased to live together as spouses on or about March 11, 2017.

8.    *Grounds for Divorce*

The marriage has become insupportable because of discord or conflict of personalities between Counter petitioner and Counter Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

Respondent is guilty of cruel treatment toward Counter petitioner of a nature that renders further living together insupportable.

Counter petitioner and Respondent have lived apart without cohabitation for at least three years.

9.    *Child of the Marriage*

Counter petitioner and Counter Respondent are parents of the following child of this marriage who is not under the continuing jurisdiction of any other court:

Name: S██████ L████ H█████████

Sex: Female

Birth date: ████████, 2010

There are no court-ordered conservatorships, court-ordered guardianships, or other court-

ordered relationships affecting the child the subject of this suit.

Information required by section 152.209 of the Texas Family Code will be provided before this matter is heard.

Information required by sections 154.181(b) and 154.1815(c) of the Texas Family Code will be filed before this matter is heard.

No property of consequence is owned or possessed by the child the subject of this suit.

The appointment of Counter Petitioner and Counter Respondent as joint managing conservators would not be in the best interest of the child. Counter Petitioner, on final hearing, should be appointed sole managing conservator, with all the rights and duties of a parent sole managing conservator, and Counter Respondent should be ordered to provide support for the child, including the payment of child support and medical and dental support in the manner specified by the Court. Counter Petitioner requests that the payments for the support of the child survive the death of Counter Respondent and become the obligation of Counter Respondent's estate.

Preceding the filing of this suit, Counter Respondent has engaged in a history or pattern of family violence, as defined by section 71.004 of the Texas Family Code.

Preceding the filing of this suit, Counter Respondent has engaged in a history or pattern of child neglect.

During the pendency of this suit a final protective order was rendered against Counter Respondent, in Cause number JA435485-01-00 in Juvenile and Domestic Relations District Court in the Commonwealth of Virginia.

Counter petitioner requests that the Court consider this conduct in appointing Counter Petitioner as sole managing conservator.

Counter Respondent may violate the Court's orders relating to Counter Respondent's possessory interest in the child. Counter Petitioner requests the Court to order Counter Respondent to execute a bond or deposit security in a reasonable amount, conditioned on Counter Respondent's compliance with the Court's orders concerning possession of and access to the child.

Counter Petitioner requests the Court to determine whether there is a risk of international abduction of the child by Counter Respondent and to take such measures as are necessary to protect the child.

Counter Petitioner requests the Court to order Counter Respondent to execute a bond or post security payable through the registry of the Court to Counter Petitioner, conditioned on Counter Respondent's payment of child support.

Counter Petitioner requests the Court to order Counter Respondent to obtain and maintain a life insurance policy payable to Counter Petitioner for the benefit of the child to be applied

toward Counter Respondent's support obligation under the child support order in the event of Counter Respondent's death.

Counter Respondent has a history or pattern of committing family violence during the two-year period preceding the date of filing of this suit. Counter Petitioner requests the Court to deny Counter Respondent access to the child. Alternatively, if the Court finds that awarding Counter Respondent access to the child would not endanger the child's physical health or emotional welfare and would be in the best interest of the child, Counter Petitioner requests that the Court render a possession order that is designed to protect the safety and well-being of the child and any other person who has been a victim of family violence committed by Counter Respondent, including but not limited to ordering that the periods of access be continuously supervised by an entity or person chosen by the Court, ordering that the exchange of possession of the child occur in a protective setting, ordering Counter Respondent to refrain from the consumption of alcohol or a controlled substance within the twelve hours before or during the period of access to the child, and ordering Counter Respondent to attend and complete a battering intervention and prevention program or, if such a program is not available, to complete a course of treatment with a mental health professional in accordance with section 153.010 of the Texas Family Code.

There is a history or pattern of family violence child neglect and abuse committed by Counter Respondent/Richard Hubbard.  A protective order was rendered under the Commonwealth of Virginia, Virginia Code Section 16.1- 279.1 against Counter Respondent/Richard Hubbard during the two-year period preceding the date of filing of this suit. Counter Petitioner requests the Court to deny Counter Respondent access to the child.

Alternatively, Counter Petitioner requests that the Court render a possession order that provides that Counter Respondent's periods of visitation be continuously supervised by an entity or person chosen by the Court.

10. *Division of Community Property*

Counter petitioner requests the Court to divide the estate of Counter petitioner and Counter Respondent in a manner that the Court deems just and right, as provided by law.

11. *Separate Property*

Counter petitioner owns certain separate property that is not part of the community estate of the parties, and Counter petitioner requests the Court to confirm that separate property as Counter petitioner's separate property and estate.

12. *Extraordinary Relief*

As the basis for the extraordinary relief requested below, Counter Petitioner would show that before the filing of this petition Counter Respondent has engaged in the conduct set forth in the affidavit attached as Exhibit 'B'. Based on that affidavit, Counter petitioner requests the Court to grant the following relief:

Issue an order attaching the body of the child, Summer Lane Hubbard.

Issue an order taking the child, S███ L█ H██████, into possession of Counter Petitioner.

Issue an order excluding Counter Respondent from possession of or access to the child, Summer Lane Hubbard.

13.   *Request for Temporary Orders Concerning Use of Property*

Counter petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

Awarding Counter Petitioner the exclusive use and possession of the residence located in Virginia, as well as the furniture, furnishings, and other personal property at that residence, while this case is pending, and enjoining Counter Respondent from entering or remaining on the premises of the residence and exercising possession or control of any of this personal property, except as authorized by order of this Court.

Awarding Counter Petitioner exclusive use and control of any vehicles in her possession and enjoining Counter Respondent from entering, operating, or exercising control over it.

14.   *Request for Temporary Orders Regarding Child*

Counter petitioner requests the Court, after notice and hearing, to dispense with the necessity of a bond and to make temporary orders and issue any appropriate temporary injunctions for the safety and welfare of the child of the marriage as deemed necessary and equitable, including but not limited to the following:

Appointing Counter Petitioner temporary sole managing conservator.

Ordering Counter Respondent to provide support for the child, including the payment of child support and medical and dental support in the manner specified by the Court, while this case is pending.

Awarding Counter Petitioner the exclusive right to enroll the child in school.

Enjoining Counter Respondent from removing the child beyond Texas or the Commonwealth of Virginia and acting directly or in concert with others.

Denying Counter Respondent access to the child or, alternatively, rendering a possession order in accordance with section 153.004(d–1)(2) of the Texas Family Code/providing that Counter Respondent's periods of visitation be continuously supervised.

Appointing a guardian ad litem to represent the best interests of the child.

Ordering Counter Respondent to produce copies of income tax returns for tax years 2017 - 2020, a financial statement, and current pay stubs by a date certain.

15.   *Request for Interim Attorney's Fees and Temporary Support*

Counter Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions regarding attorney's fees and support as deemed necessary and equitable, including but not limited to the following:

Counter Petitioner requests that Counter Respondent be ordered to pay reasonable interim attorney's fees and expenses, including but not limited to fees for appraisals, accountants, actuaries, and so forth. Counter petitioner is not in control of sufficient community assets to pay attorney's fees and anticipated expenses.

16.   *Request for Temporary Orders for Discovery and Ancillary Relief*

Counter Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders for discovery and ancillary relief as deemed necessary and equitable, including but not limited to the following:

Ordering Counter Respondent to provide a sworn inventory and appraisement of all the separate and community property owned or claimed by the parties and all debts and liabilities owed by the parties substantially in the form and detail prescribed by the current edition of *Texas Family Law Practice Manual*, form 7-1.

Ordering Counter Respondent to execute all necessary releases required by Counter Petitioner to obtain any discovery allowed by the Texas Rules of Civil Procedure.

17.   *Request for Change of Name*

Counter petitioner requests a change of name to Julia Alexis Anderson.

18.   *Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Counter Petitioner to secure the services of Elizabeth Francis-Whisnant a licensed attorney, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the child, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Counter Respondent and in favor of Counter Petitioner for the use and benefit of Counter Petitioner's attorney and be ordered paid directly to Counter Petitioner's attorney, who may enforce the judgment in the attorney's own name. Counter Petitioner requests postjudgment interest as allowed by law.

19.   *Prayer*

Counter petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Counter petitioner prays that the Court immediately grant a temporary restraining order restraining Counter Respondent, in conformity with the allegations of this petition, from the acts set forth above, and Counter petitioner prays that, after notice and hearing, this temporary restraining order be made a temporary injunction.

Counter Petitioner prays that the Court, in addition to the temporary restraining order and temporary injunction prayed for above, after notice and hearing, grant a temporary injunction enjoining Counter Respondent, in conformity with the allegations of this petition, from the acts set forth above while this case is pending.

Counter Petitioner prays that Counter Petitioner's name be changed as requested above.

Counter petitioner prays that the Court grant the temporary relief pending appeal if the Court's final judgment is appealed, as requested above.

Counter petitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Counter petitioner prays for general relief.

/s/ Amerin Whisnant
Elizabeth (Amerin) Francis-Whisnant
Attorney for Counter Petitioner
State Bar No.:24012652
amerin@eamerin.com
9600 Escarpment Boulevard, Suite 745-151
Austin, Texas 78749
Ph. 512-808-0536
Fax: 1-833-520-1554

To the best of my knowledge the party against whom relief is sought is no longer represented by counsel in the matter made the basis of this suit.

/s/ Amerin Whisnant
Amerin Whisnant
Attorney for Counterpetitioner

## CERTIFICATE OF SERVICE

EXHIBIT B, page 198

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on this 21st day of February 2022.

**Served via e-service issuance:**

1) Richard Hubbard via efile at rick@ecoloft.us and ricklhubbard@gmail.com


/s/Amerin Whisnant
Amerin Whisnant

EXHIBIT B, page 199

**PROTECTIVE ORDER – FAMILY ABUSE**
Commonwealth of Virginia   VA. CODE § 16.1-279.1

Case No. _____ JA435485-01-00

FAIRFAX COUNTY J&DR - ADULT

[ ] Circuit Court
[X] Juvenile and Domestic Relations District Court

[ ] Amended Protective Order   [ ] Extension of Protective Order   [ ] Conviction for Violation of Protective Order

| PETITIONER | PETITIONER'S DATE OF BIRTH |
|---|---|
| HUBBARD, JULIA ALEXIS | 09/08/1981 |

LAST          FIRST          MIDDLE

And on behalf of minor family or household members:
(list each name and date of birth)

S███████ H████      ███████010

Other protected family or household members:
(list each name and date of birth)

v.

| RESPONDENT | RESPONDENT IDENTIFIERS (IF KNOWN) |
|---|---|
| HUBBARD, RICHARD LANE | |

LAST          FIRST          MIDDLE

Petitioner's relationship to Respondent:
SPOUSE

28817 FINE RD
RESPONDENT'S ADDRESS
MARBLE FALLS, TX, 78654

| RACE | SEX | BORN | | | HT. | | WGT. | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|---|
| | | MO. | DAY | YR. | FT. | IN. | | | |
| W | M | 09 | 10 | 73 | 5 | 10 | 175 | GRN | BRN |

SSN   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

DRIVER'S LICENSE NO.   UNKNOWN   STATE XX   EXP.

Distinguishing features:
TATTOOS: III ON RIGHT HAND, SUMMER

[ ] CAUTION: Weapon Involved

**THE COURT FINDS** that it has jurisdiction over the parties and subject matter, that the Respondent was given reasonable notice and an opportunity to be heard, AND that the Petitioner has proven the allegation of family abuse by a preponderance of the evidence, a motion to modify or extend a protective order was properly before the court, or the Respondent has been convicted of a violation of a protective order pursuant to Va. Code § 16.1-253.2. *Respondent failed to appear*

Accordingly, to protect the health and safety of the Petitioner and family or household members of the Petitioner, *after personal service upon him*
**THE COURT ORDERS** that:

[x] The Respondent shall not commit acts of family abuse or criminal offenses that result in injury to person or property. *on 3/25/2020*

[x] The Respondent shall have no contact of any kind with the Petitioner
   [x] except as follows:
      NONE. NO EXCEPTIONS.

ORIGINAL DOCUMENT
STAMPED IN RED

[x] The Respondent shall have no contact of any kind with the family or household members of the Petitioner named above
   [x] except as follows:
      NONE. NO EXCEPTIONS.

[x] Additional terms of this order are set forth on page two.

THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL   04/07/2022   at 11:59 p.m.
                                                        MONTH   DAY   YEAR

**WARNINGS TO RESPONDENT:**   (See additional warnings to Respondent on page two.)

**Full Faith and Credit:** This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, and any U.S. Territory, and may be enforced on Tribal Lands (18 U.S.C. § 2265).
**Federal Offenses:** Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. § 2262). Federal law provides penalties for possessing, transporting, shipping, receiving or purchasing any firearm or ammunition while subject to a qualifying protective order and under the circumstances specified in 18 U.S.C. § 922(g)(8).
**Only the court can change this order.**

FORM DC-650 (MASTER, PAGE ONE OF  3  ) 07/16

EXHIBIT B, page 200

It is further ORDERED as follows:                           Case No. ............... JA435485-01-00

[ ] The Petitioner is granted possession of the residence occupied by the parties to the exclusion of the Respondent. The residence is located at .................................................................................................................................
The Respondent shall immediately leave and stay away from the residence; however, no such grant of possession shall affect title to any real or personal property.

[ ] Until further order, being necessary for the protection of the Petitioner and family or household members of the Petitioner, [ ] temporary custody of [ ] temporary visitation with .................................................................
is as follows: .................................................................................................................................................

[ ] The Respondent shall not terminate [ ] Respondent shall restore necessary utility service(s) to the premises indicated above, specifically, .......................................................................................................................
UTILITY SERVICE(S)

[ ] The Petitioner is granted temporary exclusive possession or use of a motor vehicle jointly owned by the parties or owned by the Petitioner alone, described as follows: ......................................................................................
................................................................................ Such grant shall not affect title to the vehicle.
   [ ] The Respondent shall not terminate the [ ] insurance [ ] registration [ ] taxes on this motor vehicle.
   [ ] The Respondent shall maintain the [ ] insurance [ ] registration [ ] taxes for this motor vehicle.

[ ] The Respondent shall provide suitable alternative housing for the Petitioner [ ] and family or household members as follows: .................................................................................................................................................

[ ] The Respondent shall pay deposit(s) to connect or restore necessary utility service(s) in the alternative housing, specifically, ..............................................................................................................................................
UTILITY SERVICE(S)

[ ] The Respondent shall participate in the following treatment, counseling or other program: ......................
.................................................................................................................................................................
PROGRAM NAME AND ADDRESS

[ ] The Petitioner is granted possession of the companion animal described as ..............................................
NAME/TYPE

[ ] The Petitioner [ ] and family or household members of the Petitioner is/are granted exclusive use and possession of a cellular telephone number or electronic device, as follows: ..............................................................
   [ ] The Respondent shall not terminate a cellular telephone number or electronic device before expiration of the contract term with a third-party provider, as follows: ..............................................................................
   [ ] The Respondent shall not use a cellular telephone or other electronic device to locate the Petitioner.

[X] It is further ordered that RESPONDENT TO STAY 500 FEET AWAY FROM PETITIONER, AND OTHER PROTECTED FAMILY OR HOUSEHOLD MEMBER LISTED, AT ALL TIMES AND LOCATIONS.
.................................................................................................................................................................

[ ] Supplemental Sheet to Protective Order, Form DC-653, attached and incorporated by reference.
Number of supplemental pages ..............................

[ ] Final judgment having been rendered on appeal from the juvenile and domestic relations district court, this matter is remanded to the jurisdiction of the juvenile and domestic relations district court pursuant to Va. Code §16.1-297.

  04/07/2020                                                                             
      DATE                                                                       JUDGE

## ADDITIONAL WARNINGS TO RESPONDENT:

If Respondent violates the conditions of this order, Respondent may be sentenced to jail and/or ordered to pay a fine. This order will be entered into the Virginia Criminal Information Network. Either party may at any time file a motion with the court requesting a hearing to dissolve or modify this order; however, this order remains in full force and effect unless and until dissolved or modified by the court.

**VIRGINIA FIREARMS PROHIBITIONS:**
**Pursuant to Code of Virginia § 18.2-308.1:4, Respondent shall not purchase, transport or possess any firearm while this order is in effect. For a period of 24 hours after being served with this order, Respondent may, however, continue to possess and transport a firearm possessed by Respondent at the time of service for the purposes of selling or transferring that firearm to any person who is not prohibited by law from possessing that firearm.**
**If Respondent has a concealed handgun permit, Respondent must immediately surrender that permit to the court issuing this order.**

FORM DC-650 (MASTER, PAGE TWO OF __3__ ) 07/18

ORIGINAL DOCUMENT<br/>STAMPED IN RED

Case No. .................... JA435485-01-00

**RETURNS:** Each person was served according to law, as indicated below, unless not found.

| RESPONDENT: | PETITIONER: (See form DC-621, NON-DISCLOSURE ADDENDUM) |
|---|---|
| NAME ............... HUBBARD, RICHARD LANE | NAME ............... HUBBARD, JULIA ALEXIS |
| ADDRESS ............... 28817 FINE RD | |
| MARBLE FALLS, TX, 78654 | |

| [ ] PERSONAL SERVICE | TELEPHONE NUMBER ......... | [✓] PERSONAL SERVICE |
|---|---|---|
| [ ] NOT FOUND | | [ ] NOT FOUND |

SERVING OFFICER ~~J. Blein~~ ☞ FCSO

for ........................................... Stacey A. Kincaid, Sheriff

Fairfax, VA

DATE AND TIME 4/7/20   10:15 am

RESPONDENT'S DESCRIPTION: (for VCIN entry):

[ ] Copy delivered to

RACE ............... SEX ...............

DOB: ...............

HGT ............... WGT ...............

by ...............

EYES ............... HAIR ...............      TITLE

SSN ...............

Relationship to Petitioner/Plaintiff ...............      SIGNATURE

Distinguishing features ...............

**DEFINITIONS:**

"Family abuse" means any act involving violence, force, or threat that results in bodily injury or places one in reasonable apprehension of death, sexual assault, bodily injury and that is committed by a person against such person's family or household member. Such act includes, but is not limited to, any forceful detention, stalking, criminal sexual assault in violation of Article 7 (§ 18.2-61 et. seq.) of Chapter 4 of Title 18.2, or any criminal offense that results in bodily injury or places one in reasonable apprehension of death, sexual assault, or bodily injury.

"Family or household member" means (i) the person's spouse, whether or not he or she resides in the same home with the person, (ii) the person's former spouse, whether or not he or she resides in the same home with the person, (iii) the person's parents, stepparents, children, stepchildren, brothers, sisters, half-brothers, half-sisters, grandparents and grandchildren regardless of whether such persons reside in the same home with the person, (iv) the person's mother-in-law, father-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law who reside in the same home with the person, or (v) any individual who has a child in common with the defendant, whether or not the person and that individual have been married or have resided together at any time, or (vi) any individual who cohabits or who, within the previous twelve (12) months, cohabitated with the person, and any children of either of them residing in the same home with the person.

FORM DC-650 (MASTER, PAGE THREE OF ___3___ ) 07/14

ORIGINAL DOCUMENT STAMPED IN RED

FAIRFAX COUNTY
JUVENILE & DOMESTIC RELATIONS DISTRICT COURT
I, the undersigned clerk or deputy clerk of the
above-named court, authenticate pursuant to Va.
Code 8.01-391(C) on this date that the document to
a record in the above-named court, made in
which this authentication is affixed is a true copy of
performance of my official duties.

DATE  04/07/2020

_____ CLERK/DEPUTY CLERK

Exhibit B

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA:

**Cause No.** D-1-FM-19-006725

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | ) | |
| **MARRIAGE OF** | ) | **IN THE DISTRICT COURT OF** |
| | ) | |
| **RICHARD HUBBARD** | ) | **TRAVIS COUNTY TEXAS** |
| **AND** | ) | |
| **JULIA HUBBARD** | ) | |
| | ) | **201st JUDICIAL DISTRICT** |
| | ) | |
| | ) | |
| **AND IN THE INTEREST OF** | ) | |
| **SUMMER L. HUBBARD** | ) | |
| | ) | |
| | ) | |
| | ) | |

### <u>Verification in Support of Extraordinary Relief</u>

I, Julia Hubbard, am the Counter Petitioner in this suit.

1.     The Court has jurisdiction over this matter under § 152.201 of the Texas Family Code,

because Texas was the home state of, S█████ L. H█████ DOB: █████2010), hereinafter "Minor

Child," at the commencement of the proceeding.

2.     Richard Hubbard  is the biological father of the Minor Child.

3.     I am the biological mother of the Minor Child.

4.     The Minor Child currently resides with me pursuant to the terms of a

Temporary Custody Order, Cause No. D-1-FM-19-006725, issued on February 7, 2020, and Civil

Protective Order,Case No. JA-435485-01-00, issued on April 7, 2020. Both Orders granted temporary

custody of the Minor Child to me Counter Petitioner/Respondent, Julia Hubbard.

5.     Since that date, the Minor Child has resided with the me in the Commonwealth of

Virginia.

6.      My and the Minor Child's physical address is confidential and protected under Virginia's Address Confidentiality Program, pursuant to § 2.2-515.2 of the VA Code.

7.      I am, a fit and proper person to have custody of the Minor Child.  I am a mature and stable person who has demonstrated her ability to care for the physical and emotional needs of the Minor Child as evidenced by the fact that I has been the primary caretaker of the Minor Child since February 7, 2020.  The Minor Child has a strong emotional bond with the me.  I believe  that it is in the best interest of the Minor Child that custody be awarded to her for the following reasons:

   a.  I am working full-time and, since the last court appearance, I have graduated school as a criminal profiler and human trafficking investigator. Respondent teaches trauma-informed policing and parenting after abuse in partnership with local non-profit organizations.

   b.  I have no history of arrest or criminal record of any kind, and has passed all drug screenings requested by Guardian ad Litem.

   c.  There has been no exposure to violence or risk to the Minor Child's safety since she has been in my custody.

   d.  Minor Child is thriving in my custody Minor. Child's physical health and hygiene has improved since in the care and custody of me. Minor Child sees a pediatrician and dentist regularly. She is up to date on all immunizations and is regarded as very healthy.

   e.  Myself and the Minor Child are both in comprehensive therapy. Minor Child has no behavioral issues. Richard Hubbard has refused any mental health counseling.

   f.  Minor Child attends one of the highest ranked schools in the nation and lives in one of

the safest communities in Northern Virginia. She has excellent school attendance, makes great grades, serves as class representative, and is involved in extracurricular activities such as art and viola. The Minor Child missed over 40 percent of school when she was in the care and custody of Richard Hubbard.

g.  Minor Child is happy and social. She has many friendships both at school and in her neighborhood.

h.  I have maintained healthy relationships with Richard Hubbard's family and allow Minor Child contact with his family, where appropriate. When Minor Child was in the custody of Richard Hubbard  he did not allow her to have contact with me or any extended family.

i.  I have an extensive support system made up of immediate family members, extended family members, and close friends in the area.

j.  Minor Child has expressed to Guardian ad Litem and to me hat she "wants nothing about her life to change."

8.    Richard Hubbard is not a fit or proper person to have custody of the Minor Child, for the following reasons:

a.  There are serious concerns about Richard Hubbard's ability to care for Minor Child's physical and emotional needs. It is my understanding that Richard Hubbard is currently unemployed and homeless.

b.  Richard Hubbard has been physically and sexually abusive towards me. For example, on or about March 17, 2017, Richard Hubbard pointed a gun at my head and said "I should have killed you years ago." I reported this to the Dallas County Police and he was arrested. Myself and Minor Child

3

have a Protective Order against Richard Hubbard Case No. JA435485-01-00, entered in Fairfax Juvenile and Domestic Relations General District Court on April 7, 2020.

c. Richard Hubbard was arrested for Aggravated Assault with a Deadly Weapon in January of 2021. He has a lengthy arrest and criminal record. I have witnessed acts of violence and harassment towards his other intimate partners while the Minor Child was present. Additionally, Richard Hubbard has had two judgments against him for Fraud since 2020.

d. Richard Hubbard is currently under investigation for sex trafficking, fraud, and other violent crimes. I have been working with federal and state authorities and have been critical in the collection of evidence for the ongoing investigations.

e. Richard Hubbard has several documented cases with Child Protective Services.

f. Richard Hubbard has threatened to abscond internationally with the Minor Child to both the myself and the Guardian ad Litem.

g. Minor Child has expressed fear of being taken by Richard Hubbard and is fearful of being away from me. Minor Child has expressed that she does not feel safe when she is with her father, Richard Hubbard because Richard Hubbard has made her aware that she was being pursued by "a bad Mexican man trying to take her away from him."

h. Minor Child has expressed that Richard Hubbard would have to make "a lot of changes" before she would want to see him.

i. There are also serious concerns about Richard Hubbar's mental health and documented history of substance abuse.

4

9.     Richard Hubbard has been cruel to animals in front of the Minor Child.  For example he shot his neighbors pig, without permission in front of minor child, as well as the piglets, and hung them up. The minor child witnessed the death of her pets because Richard Hubbard would not buy food for them, blaming it on me.

10.     Richard Hubbard has been pursued by dangerous individuals to whom he owes money and those same individuals have pursued the Minor Child.

Richard Hubbard's's physical and sexual abuse of myself, his propensity towards violence, and abuse of both people and animals, and criminal activity; his excessive substance use; and his mental health and general inability to care for the Minor Child's physical and emotional needs, I am requesting the sole physical and legal custody of the Minor Child with no visitation, as supported by the findings of the Guardian ad Litem.

## VERIFICATION

I, Julia A.  Hubbard, solemnly swear or affirm under criminal penalties for the making of a false statement that I have read the foregoing paper and that the factual statements made in it are true to the best of my personal knowledge, information and belief.

_____                    _____2/21/2022_____
Julia Hubbard                                                                    Date

5



Filed in The District Court
of Travis County, Texas

DEC 1 3 2019   JG

At ___ 10:25 A.M.
Velva L. Price, District Clerk



File No. GN-61-121012
(Local Rules and General Orders)

## TRAVIS COUNTY STANDING ORDER FOR FAMILY LAW CASES
Effective for All Family Law Cases Filed on or after January 1, 2020

This is an Order of the Travis County District Courts. The purpose of this Order is to protect the parties and their children and to preserve the parties' property while a divorce case or suit affecting the parent-child relationship (SAPCR) is pending before the Court.

This Order was not requested by any party.

THIS ORDER MAY BE ENFORCEABLE BY CONTEMPT.

## 1. GENERAL ORDERS

### 1.1   Who Must Obey this Order

The Court ORDERS the parties in every divorce and every suit affecting the parent-child relationship filed in Travis County to obey this Order.

A SAPCR includes, but is not limited to, modification cases, paternity cases, and original suits affecting the parent-child relationship.

The Court further ORDERS any person who acts in concert with or participation with a party, or a party's agent or attorney, who receives actual notice of this Order, to obey this Order.

### 1.2   If this Order Conflicts with a Different Order

If any part of this Order conflicts with any part of an active court order, including a protective order, Child Protective Services order, or a temporary or final order in a  divorce case or SAPCR, then the parties must obey that part of the active court order.

### 1.3   When this Order Starts and Ends

This Order takes effect (starts) when an original petition is filed in a divorce case or SAPCR. This Order remains in full force and effect as a temporary restraining order for fourteen days after the original petition is filed. If no party contests this Order by presenting evidence at a hearing on or before the

EXHIBIT B, page 209

fourteenth day after the original petition is filed, this Order shall continue in full force and effect as a temporary injunction until further order of the Court.

This order terminates (ends) when the Court signs a final order or the case is dismissed.

### 1.4    Petitioner Must Attach Copy of this Order to Petition

The petitioner in a divorce case or SAPCR shall attach a copy of this Order to the original petition filed in the case and each copy of the petition. At the time the petition is filed, if the petitioner has not attached a copy of this Order to the petition, the District Clerk shall ensure that a copy of this Order is attached to the petition and every copy of the petition presented.

### 1.5    Attorneys' Fees

The Court may order a party who violates this order to pay another party's reasonable and necessary attorneys' fees incurred to enforce this order. An award of attorneys' fees is in addition to any other remedies available to enforce this order.

## 2.    ORDERS ABOUT CHILDREN

The following orders are about any child who is the subject of this case.

All parties are ORDERED:

**2.1**    Do NOT hide the child from another party.

**2.2**    Do NOT change the child's current residence unless:
- **(a)**    all parties agree in writing to the change,
- **(b)**    the Court orders the change, or
- **(c)**    an active court order gives you the exclusive right to designate the child's primary residence and the new residence is within the geographic area, if any, allowed in that order.

**2.3**    Do NOT disrupt or withdraw the child from the school or day-care facility where the child is presently enrolled unless:
- **(a)**    all parties agree in writing to the change,
- **(b)**    the Court orders the change,
- **(c)**    an active court order gives you the exclusive right to make decisions about the child's education, or
- **(d)**    an active court order gives you the exclusive right to designate the child's primary residence and the withdrawal is related to designating a new primary residence for the child.

EXHIBIT B, page 210

**2.4**  Do NOT make derogatory comments about another party, another party's family members, or another party's dating partner, in the presence of or within hearing of the child or on social media accessible to the child.

**3.  ORDERS ABOUT CONDUCT DURING THE CASE**

All parties are ORDERED:

**3.1**  Do NOT communicate with any other party in a way that is threatening or harassing.

**3.2**  Do NOT threaten to take unlawful action against any party, member of a party's family or household, a party's pet or companion animal, or a party's property.

**3.3**  Do NOT call, email, text, or use any other electronic communications to contact another party at an unreasonable hour, in an offensive or repetitious manner, anonymously, or without a legitimate purpose of communication.

**3.4**  Do NOT open or divert mail addressed to any other party.

**3.5**  Do NOT access any other party's email account, financial account, social media account, or any other electronic account.

**3.6**  Do NOT illegally intercept or record any other party's electronic communications.

**3.7**  Do NOT harm or interfere with the care or custody of a pet or companion animal that belongs to another party, another party's family or household member, or any child the subject of this case.

**4  ADDITIONAL ORDERS THAT APPLY IN DIVORCE CASES**

**4.1  Orders about Property and Use of Money during Divorce Cases**

"Property" includes personal property and real property, without regard to whether the property is claimed as separate property or community property.

Divorcing spouses are ORDERED:

**(a)**  Do NOT destroy, remove, conceal, encumber, transfer, or otherwise harm or reduce the value of the property of one or both spouses.

EXHIBIT B, page 211

**(b)**   Do NOT hide property from your spouse.  Do NOT misrepresent or refuse to disclose to your spouse or the Court, on proper request, the existence, amount, or location of any property of one or both spouses.

**(c)**   Do NOT damage, destroy, or tamper with the tangible or intellectual property, of one or both spouses, including any document that represents or embodies anything of value.

**(d)**   Do NOT sell, transfer, assign, mortgage, encumber, or alienate in any manner property of either spouse, unless specifically authorized by this Order.

**(e)**   Do NOT incur any debt, other than legal expenses in connection with this case, unless the debt is specifically authorized by this Order.

**(f)**   Do NOT withdraw or transfer money from any account in any financial institution for any purpose, except as specifically authorized by this Order.

**(g)**   Do NOT spend any cash in either spouse's possession or subject to either spouse's control for any purpose, except as specifically authorized by this Order.

**(h)**   Do NOT withdraw or borrow from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this Order.

**(i)**   Do NOT sign or endorse your spouse's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends. Do NOT attempt to negotiate any negotiable instrument payable to your spouse without your spouse's personal signature.

**(j)**   Do NOT take any action to terminate or limit credit or charge cards in your spouse's name or possession or lines of credit in your spouse's name.

**(k)**   Do NOT enter, operate, or exercise control over the motor vehicle in your spouse's possession.

**(l)**   Do NOT alter withholding for federal income taxes on your wages or salary while this case is pending.

**(m)**   Do NOT cancel or change utilities or contractual services in any way or attempt to withdraw any deposits for utilities or contractual services. Utilities include, but are not limited to, water, electricity, gas, telephone,

EXHIBIT B, page 212

Internet, and cable television services. Contractual services include, but are not limited to, security, delivery, pest control, landscaping, or yard maintenance.

**(n)**   Do NOT exclude your spouse from the residence you and your spouse currently share or have shared within the 30 days before the original petition for divorce was filed in this case.

**(o)**   Do NOT enter any safe deposit boxes in the name of, or subject to the control of either spouse, whether owned individually or jointly, unless authorized by later court order or written agreement signed by both spouses permitting such entrance.

**(p)**   Do NOT delete any data or content from any social network profile used or created by either spouse or any child who is the subject of this case.

### 4.2   Orders about Personal and Business Records in Divorce Cases

"Records" include, but are not limited to:

- Family records (including photographs, calendars, journals and diaries);
- Property records;
- Financial and business records;
- Any records of income, debts, or other obligations (including a canceled check, deposit slip, and other records from a financial institution, a record of credit purchases or cash advances, a tax return, or a financial statement); and
- Emails, text messages, videos or chat messages, or other digital or electronic data, whether stored on a computer hard drive, diskette, in a removable storage device, in cloud storage, or other electronic storage medium.

Divorcing spouses are ORDERED:

**(a)**   Do NOT conceal or destroy any record.

**(b)**   Do NOT falsify any record.

**(c)**   Do NOT modify, change, or alter the native format or metadata of any record.

### 4.3   Orders about Insurance in Divorce Cases

Divorcing spouses are ORDERED:

EXHIBIT B, page 213

**(a)**   Do NOT withdraw or borrow in any way all or any part of the cash surrender value of life insurance policies on the life of either spouse, except as specifically authorized by this Order.

**(b)**   Do NOT change or alter in any way the beneficiary designation on any life insurance on the life of either spouse or any child who is the subject of this case.

**(c)**   Do NOT cancel or alter in any way the casualty, automobile, or health insurance policies insuring you, your spouse or any child who is the subject of this case or any property owned by or in the possession of you, your spouse or any child who is the subject of this case.

### 4.4   Specific Authorizations in Divorce Cases

Divorcing spouses are specifically authorized by this Order to:

**(a)**   Engage in acts reasonable and necessary to the conduct of that spouse's usual business and occupation.

**(b)**   Spend and incur debt for reasonable attorneys' fees and expenses in connection with this case.

**(c)**   Spend and incur debt for reasonable and necessary living expenses for food, clothing, shelter, transportation, school, and medical care, including reasonable and necessary expenses for minor children.

**(d)**   Withdraw money from financial institution accounts only for the purposes authorized by this Order.

EXHIBIT B, page 214

**This ORDER is effective as of January 1, 2020.**

Signed by all Civil District Judges and filed with District Clerk's Office on December 13, 2019.

JUDGE SCOTT H. JENKINS
53rd District Court

JUDGE DARLENE BYRNE
126th District Court

JUDGE AMY CLARK MEACHUM
201st District Court

JUDGE LORA J. LIVINGSTON
261st District Court

JUDGE TIM SULAK
353rd District Court

JUDGE MAYA GUERRA GAMBLE
459th District Court

JUDGE RHONDA HURLEY
98th District Court

JUDGE DUSTIN M. HOWELL
200th District Court

JUDGE KARIN CRUMP
250th District Court

JUDGE JAN SOIFER
345th District Court

JUDGE CATHERINE A. MAUZY
419th District Court

EXHIBIT B, page 215

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Francis-Whisnan on behalf of Elizabeth Francis-Whisnant
Bar No. 24012652
amerin@eamerin.com
Envelope ID: 62108751
Status as of 2/28/2022 11:58 AM CST

Associated Case Party: RICHARD HUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Richard Hubbard | | ricklhubbard@gmail.com | 2/25/2022 5:13:05 PM | SENT |
| RICHARD LANEHUBBARD | | rick@ecoloft.us | 2/25/2022 5:13:05 PM | ERROR |

Associated Case Party: JULIAAHUBBARD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Amerin Whisnant | | amerin@eamerin.com | 2/25/2022 5:13:05 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Cynthia Gonzalez | | Cynthiac.gonzalez@traviscountytx.gov | 2/25/2022 5:13:05 PM | SENT |