**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JULIA HUBBARD and KAYLA GOEDINGHAUS,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Case No. 5:23-cv-00580-FB** |
| **TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BROLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1-20, and DOE COMPANIES 21-30** | § | |
| **Defendants.** | § | |

**DEFENDANT COE JURACEK'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................1

REPLY ARGUMENT ....................1

I. THE COMPLAINT DOES NOT STATE A TVPA CLAIM ....................1

A. The Complaint Does Not Adequately Allege "Participation" ....................2

B. The Complaint Does Not Adequately Allege "Thing Of Value" ....................4

II. THE COMPLAINT DOES NOT STATE A LABOR TRAFFICKING CLAIM....................5

III. THE COMPLAINT FAILS TO STATE A RICO CLAIM ....................6

A. Insufficient Pattern of Racketeering Activity Allegations....................6

B. Insufficient "Conduct" or "Direction" Allegations....................7

C. Insufficient Enterprise Allegations ....................8

D. Plaintiffs Do Not Establish RICO Standing....................9

E. Plaintiff Hubbard's Claims Are Time Barred....................9

F. The Complaint Does Not Allege A 1962(D) Conspiracy ....................10

CONCLUSION....................10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Agric. Water v. Occidental Oil & Gas Corp.*,
235 F. Supp. 3d 1132 (E.D. Cal. 2017)....................6

*Ally Bank v. Castle*,
11-CV-896-YGR, 2012 WL 3627631 (N.D. Cal. Aug. 20, 2012) ....................8

*Baker v. Putnal*,
75 F.3d 190 (5th Cir. 1996) ....................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................5

*Conkling v. Turner*,
18 F.3d 1285 (5th Cir. 1994) ....................6

*Doe #9 v. Wyndham Hotels & Resorts, Inc.*,
No. 4:19-CV-5016, 2021 WL 1186333 (S.D. Tex. Mar. 30, 2021) ....................1, 2

*Doe v. Fitzgerald*,
No. CV-2010713-MWFRAOX, 2022 WL 2784805 (C.D. Cal. May 13, 2022) ....................1

*Doe v. Fitzgerald*,
No. CV2010713MWFRAOX, 2022 WL 425016 (C.D. Cal. Jan. 6, 2022)....................4

*Doe v. Twitter*,
555 F. Supp. 3d 889, 924 N.D. Cal. 2021....................5

*Does 1-6 v. Reddit, Inc.*,
51 F.4th 1137 (9th Cir. 2022) ....................2, 3, 4, 5

*Ducote Jax Holdings, L.L.C. v. Bradley*,
No. CIV.A.04 1943, 2007 WL 2008505 (E.D. La. July 5, 2007)....................10

*E.S. v. Best W. Int'l, Inc.*,
510 F. Supp. 3d 420 (N.D. Tex. 2021) ....................2, 3

*Gianelli v. Schoenfeld*,
2021 WL 4690724 (E.D. Cal. Oct 7, 2021)....................8, 9

*Harris v. Henry*,
No. 1:22-CV-00366-LY, 2022 WL 16825200 (W.D. Tex. Nov. 7, 2022)....................2, 5

*HCB Fin. Corp. v. McPherson*,
8 F. 4th 335 (5th Cir. 2021) ....................9

*Holmes v. Sec. Inv'r Prot. Corp.*,
503 U.S. 258 (1992)....................9

*Howard v. America Online Inc.*,
208 F.3d 741 (9th Cir. 2000) ....................10

*J.C. v. Choice Hotels*,
No. 20-CV-00155-WHO, 2020 WL 6318707 (N.D. Cal. Oct. 28, 2020)....................5

*JSW Steel (USA) Inc. v. Nucor Corp.*,
586 F. Supp. 585 (S.D. Tex 2022) .....5

*In re JUUL Labs, Inc., Mktg., Sales Pracs. & Prod. Liab. Litig.*,
497 F. Supp. 3d 552 (N.D. Cal. 2014) .....6

*Kelmar v. Bank of Am. Corp.*,
No. CV 12-6826 PSG (EX), 2012 WL 12850425 (C.D. Cal. Oct. 26, 2012) .....8

*Langston v. Ethicon Inc.*,
No. 3:20-CV-3712-S, 2021 WL 6198218 (N.D. Tex. Dec. 31, 2021) .....7

*Moore v. Bushman*,
559 S.W. 3d 645 (Tex. App. 2018) .....6

*Morris v. Am. Home Mortg. Servicing, Inc.*,
443 F. App'x 22 (5th Cir. 2011) .....7

*Noble v. Weinstein*,
335 F. Supp. 3d 504 (S.D.N.Y. 2018) .....2

*Nolen v. Nucentrix Broadband Networks Inc.*,
293 F.3d 926 (5th Cir. 2002) .....10

*Odom v. Microsoft Corp.*,
486 F.3d 541 (9th Cir. 2007) .....9

*In re Platinum & Palladium Commodities Litig.*,
828 F. Supp. 2d 588 (S.D.N.Y. 2011) .....7

*Reves v. Ernst & Young*,
507 U.S. 170 (1993) .....8

*Salinas v. United States*,
552 U.S. 52 (1997) .....10

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
473 U.S. 479 (1985) .....6

*Treminio v. Crowley Mar. Corp.*,
No. 3:22-CV-174-MMH-PDB, 2023 WL 113565 (M.D. Fla. Jan. 5, 2023) .....4

*U.S. v. Cook*,
782 F.3d 983 (8th Cir. 2015) .....5

*United States v. Ganji*,
880 F.3d 760 (5th Cir. 2018) .....10

*United States v. Turkette*,
452 U.S. 576 (1981) .....9

**Statutes**

18 U.S.C. § 1589(b) .....6

**Rules**

FRCP 12(b)(6) .....3

**PRELIMINARY STATEMENT**

The claims against Mr. Juracek have no basis in fact and, critically here, find no support in the law. As established in Mr. Juracek's Motion to Dismiss (Dkt. 162, "Opening Brief" and "Br."), the handful of allegations actually addressing him are insufficient to show any wrongdoing. At most, the Complaint asserts that Mr. Juracek was acquainted with individuals engaged in mistreatment of the Plaintiffs and alleges that he possessed some "knowledge" of that alleged mistreatment. Even if those allegations were true—and they are not—they fall far short of the requirements for sustaining claims under the federal sex trafficking, labor trafficking, and racketeering laws. This lawsuit reflects Plaintiffs' desire to ensnare Mr. Juracek in litigation for treble damages, motivated by the incorrect belief that his position at Crow Holdings (a non-party company with no alleged role in this case) will somehow yield them a windfall. Not so. Mr. Juracek has established that dismissal is required on multiple grounds. Plaintiff's Opposition (Dkt. 179, "Opp.") does not seriously engage with most of the authorities compelling dismissal of the claims against Mr. Juracek and, as documented below, it misapprehends the others. Instead, the Opposition opts for bombastic rhetoric in an effort to salvage the Complaint. Plainly recognizing that their allegations against Mr. Juracek are legally insufficient, Plaintiffs use their Opposition to purvey pulp fiction. While improper, this strategy does not change the required result—the Complaint should be dismissed against Mr. Juracek for failure to state a claim.

**REPLY ARGUMENT**

## I. THE COMPLAINT DOES NOT STATE A TVPA CLAIM

The Opposition fails to support the TVPA claim which, as established (Br. at 4), may be pleaded only against a "perpetrator" or a "beneficiary" of a trafficking venture. *See Doe #9 v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-CV-5016, 2021 WL 1186333, at *1 (S.D. Tex. Mar. 30, 2021); *Doe v. Fitzgerald*, No. CV-2010713-MWFRAOX, 2022 WL 2784805, at *1 (C.D. Cal.

May 13, 2022). Plaintiffs abandon any claim for "perpetrator" liability. *See* Opp. at 5. And, as already established by Mr. Juracek (Br. at 7-10), the "beneficiary" theory fails on two grounds.[1]

### A. The Complaint Does Not Adequately Allege "Participation"

Under TVPA "***[m]ere association with sex traffickers is insufficient*** absent some knowing 'participation' in the form of assistance, support, or facilitation." *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) (emphasis added); *see also Harris v. Henry,* No. 1:22-CV-00366-LY, 2022 WL 16825200, at *7 (W.D. Tex. Nov. 7, 2022), *report and recommendation approved*, No. 1:22-CV-366-LY, 2023 WL 3035423 (W.D. Tex. Jan. 11, 2023) (liability "cannot be established by association alone"); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (a plaintiff must "allege specific conduct that furthered the sex trafficking venture"). The Opposition attempts to avoid dismissal by painting Mr. Juracek as "an active and knowing supporter of the Venture" rather than a mere associate. Opp. at 6. But "[k]nowledge or willful blindness of a general sex trafficking problem . . . does not satisfy the . . . requirements of the TVPA." *Doe #9*, 2021 WL 1186333, at *1 (S.D. Tex. Mar. 30, 2021); *see E.S.*, 510 F.Supp. 3d. 420, 428 (finding allegations that defendants "participated" in sex trafficking to be insufficient because they had not shown how the defendants "directly participated in a specific venture"). And ***association is all that this Complaint alleges***—the conduct attributed to Mr. Juracek is that of a passive and incidental bystander to Rick Hubbard's alleged venture. *See* Compl. ¶¶ 40, 209-212 (containing all material

---

[1] Plaintiffs fail to respond to the principal argument concerning the TVPA allegations—that the Complaint does not attempt to establish "a ***causal relationship*** between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit." *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) (emphasis added); *see also E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 427 (N.D. Tex. 2021) (noting that pleading a failure to "intervene" is insufficient to establish "participation" or "conduct that furthered the sex trafficking venture"). For either "benefit" Plaintiffs contend Mr. Juracek received—"naked photographs" or employment compensation—Plaintiffs fail to allege that he received them ***because of some affirmative action*** he undertook.

allegations against Mr. Juracek); Br. at 3; *see also E.S.*, 510 F. Supp. 3d. 420 at 428 (requiring a complaint to show "actual and/or constructive knowledge" of the *plaintiff's* sex trafficking, as opposed to "sex trafficking problems . . . in general"). The only connection that Mr. Juracek is alleged to have had with the "venture" is that of an undefined "fixer" for Trammell Crow, Jr. Compl. ¶ 209. But even as to this role, the Complaint alleges only a single action even approaching "participation"—that is, Mr. Juracek's alleged "threaten[ing] Hubbard with his testimony" in a custody dispute. Compl. ¶ 211. Tellingly, the Complaint is devoid of facts which would suggest any threatening conduct actually took place. Had such conduct occurred, Plaintiffs, surely, would describe in some detail the "how," "what," "where," and "when" of the threat to buttress this specious allegation. After all, that information would be well within their personal knowledge. They do not do so because it did not occur. Moreover, for purposes of Rule 12(b)(6)—and as explained in the Opening Brief (and unrebutted in the Opposition)—this allegation does not constitute "participation" for at least two reasons.

***First***, there is nothing improper or illegal about offering testimony in a judicial proceeding, and it is entirely unclear how this alleged potential testimony might have "***assisted***" or "***supported***" sex trafficking. *Reddit*, 51 F.4th at 1145. ***Second***, likely recognizing this infirmity, Plaintiffs disregard the Complaint's actual language and now attempt to assert that Juracek both threatened "***false*** testimony," and intended to "***misuse*** the legal process." Opp. at 2, 3, 6, 11 (emphasis added). Neither of these allegations appear in the actual Complaint. *Cf.* Compl. ¶¶ 40, 211, 213.[2] There are there are no allegations plausibly showing that Mr. Juracek actively participated in or furthered any alleged sex trafficking venture. The Complaint portrays Mr. Juracek, at most, as a distant

[2] Plaintiffs use the Opposition in an impermissible effort to salvage their claim by reinventing their allegations. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ("[C]ourt[s] may not look beyond the pleadings in ruling on [a 12(b)(6)] motion.").

bystander who, by mere association with Rick Hubbard, allegedly knew about wrongful conduct. That is wholly insufficient to drag someone into court and sustain any claim labelling them a sex trafficker. *See Reddit*, 51 F. 4th at 1145.

**B. The Complaint Does Not Adequately Allege "Thing Of Value"**

The only allegation in the Complaint potentially referring to a benefit obtained by Mr. Juracek is that he allegedly received "naked photos of Hubbard."[3] Compl. ¶¶ 40, 211. Specifically, the allegation is that "Juracek supported the Venture by providing financial support . . . and benefitted by receiving naked photos of Hubbard." *Id.* ¶ 40. The Complaint also alleges (attributing conduct to Rick Hubbard, and ***not*** Mr. Juracek) that "Rick informed [Julia] Hubbard that he had provided Juracek with naked photos of Hubbard." (*Id.* ¶ 211). Even if true, which is hotly disputed, the alleged photographs could not constitute a thing of value. Under the TVPA, "sexual gratification alone" is not a "thing of value." *Doe v. Fitzgerald*, No. CV2010713MWFRAOX, 2022 WL 425016, at *6–7 (C.D. Cal. Jan. 6, 2022); *see also Treminio v. Crowley Mar. Corp.*, No. 3:22-CV-174-MMH-PDB, 2023 WL 113565, at *3 (M.D. Fla. Jan. 5, 2023).

Plaintiffs rely on *Doe v. Twitter* and *Does 1-6 v. Reddit* for the premise that "child pornography" is a "thing of value" under TVPA. Opp. at 6-9. But that does not bear on the facts at hand. Child pornography is flatly illegal and for that reason is not the equivalent of "naked photographs" of an adult.[4] Moreover, the Opposition misapplies both *Twitter* and *Reddit* —neither

---

[3] The Complaint also alludes to Mr. Juracek's employment at Crow Holdings as a potential thing of "value." But, as explained in Opening Brief, there are no allegations that connect Mr. Juracek's employment to the alleged trafficking venture, and no facts would ever support it. Mr. Hubbard does not work for or have any connection to Crow Holdings, so he could not plausibly provide Mr. Juracek "value" for working there. The Opposition has abandoned this tortured theory in any event.

[4] In this regard, Plaintiffs have additionally failed to distinguish non-commercial nude photographs from the "multi-billion dollar [pornography] industry." Opp. at 9. Plaintiffs offer no grounds for equating private transmission of images from one person to another with pornography.

holds that nude photos were themselves a thing of value, but rather, that the defendants' ***ability to monetize them*** could be a thing of value. *See Doe v. Twitter*, 555 F. Supp. 3d 889, 924 N.D. Cal. 2021; *Reddit*, 51 F.4th 1137, 1145; *see also U.S. v. Cook*, 782 F.3d 983, 989 (8th Cir. 2015) (videos had "value" because defendant traded them). There are no allegations that Mr. Juracek ever profited from the alleged photographs, and he is alleged only to have passive involvement—he "received" the photographs and did not solicit, inquire about, pay, or trade for them.[5]

A central claim in Plaintiffs' Opposition concerning TVPA is their argument that defendants who have been absolved of liability in previous cases were "employees and companies with ***incidental connections*** to trafficking." Opp. at 8 (emphasis added). But this almost perfectly describes how the Complaint treats Mr. Juracek, even when read favorably for Plaintiffs. *See* Br. at 3 (cataloging allegations); *Reddit, Inc.*, 51 F.4th at 1145 (declining TVPA liability because "the defendant must have actually engaged in some aspect of sex trafficking") (citation omitted); *see also JSW Steel (USA) Inc. v. Nucor Corp.*, 586 F. Supp. 3d 585, 595 (S.D. Tex 2022) (noting that plaintiffs "cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation"). Because liability cannot be "established by association alone," *Harris*, 2022 WL 16825200, at *6, and because there is no plausible showing of ***active participation*** by Mr. Juracek, the TVPA sex trafficking claim must be dismissed.

## II. THE COMPLAINT DOES NOT STATE A LABOR TRAFFICKING CLAIM

The labor trafficking claim suffers the same infirmities as TVPA. *See* Br. at 10-13. The Opposition focuses on beneficiary liability, which follows when a defendant "knowingly

[5] *J.C. v. Choice Hotels*, No. 20-CV-00155-WHO, 2020 WL 6318707, at *7 (N.D. Cal. Oct. 28, 2020) is inapposite. There, defendants knowingly rented rooms to known traffickers. Nothing here describes analogous behavior by Mr. Juracek. The allegation that he provided "financial support to the Venture"— without detailing when, why, in what form, how much, or to whom—is threadbare. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

benefit[ed], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means." 18 U.S.C. § 1589(b). Mr. Juracek is not a beneficiary because he neither participated in the venture, nor received anything of value from his alleged participation. The allegation that he would give "testimony in court" is flatly insufficient. *Moore v. Bushman*, 559 S.W. 3d 645, 653 (Tex. App. 2018) (noting that abuse of process requires an ulterior motive in using the process willfully and in a wrongful manner).[6]

## III. THE COMPLAINT FAILS TO STATE A RICO CLAIM

Under RICO, a plaintiff must "allege ***each of the[] elements*** to state a claim." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (emphasis added). A viable complaint must specify each element for each defendant; vague grouping will not suffice. *See In re JUUL Labs, Inc., Mktg., Sales Pracs. & Prod. Liab. Litig.*, 497 F. Supp. 3d 552, 594 (N.D. Cal. 2014) (dismissing RICO claims and stating that, "[t]o state a RICO claim, plaintiffs must plausibly allege that ***each defendant*** acted" in violation of the four core elements of a RICO claim) (citation omitted). That is, "***each claim and the involvement of each defendant must be sufficiently alleged***." *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1188 (E.D. Cal. 2017) (emphasis added). The Opposition utterly fails to support each element as to Mr. Juracek.

### A. Insufficient Pattern of Racketeering Activity Allegations

---

[6] Plaintiffs, again, inflate their Complaint. *Compare* Opp. at 1 (stating that "Juracek also threatened Hubbard with ***misuse*** of legal process by threatening to provide ***false*** testimony in court") and *id.* at 3, 4, 6, 8, 11 (similar), *with* Compl. ¶ 211 ("Juracek also threatened Hubbard with his testimony in court that could have Hubbard's children taken away from her.").

Plaintiffs must allege at least two predicate acts by each defendant. *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994) ("[T]he bare minimum of a RICO charge is that a defendant personally committed or aided and abetted the commission of two predicate acts."). The Complaint does not adequately allege that Mr. Juracek engaged in two or more RICO predicate acts for two primary reasons. ***First***, Plaintiffs expressly (and improperly) allege that broad categories of predicate acts were undertaken by "all Defendants" or all members of "the Enterprise." That type of broad allegation fails to provide adequate notice of the claims against Mr. Juracek and calls for dismissal. *See Langston v. Ethicon Inc.*, No. 3:20-CV-3712-S, 2021 WL 6198218, at *3 (N.D. Tex. Dec. 31, 2021) (requiring plaintiffs to "[p]rovide adequate notice to Defendants of the claims against them"); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 602 (S.D.N.Y. 2011) (dismissing RICO claim where "[***p***]***laintiffs rel[ied] impermissibly on group pleading to allege the existence of predicate acts underpinning their RICO claim***" (emphasis added)). The Opposition asserts merely that "Plaintiffs have pleaded numerous related predicate acts (at least two of which[7] accrue to Juracek)." Opp. at 16. That is insufficient. ***Second***, Plaintiffs are patently incorrect that Mr. Juracek "offers no rebuttal . . . except that TVPA claims do not lie against [him.]" *Id.* Mr. Juracek detailed how the Complaint fails to adequately allege predicate acts in the form of CSA violations, wire fraud, and witness tampering. Br. at 15-16. The Opposition makes no arguments in response to this or the authorities cited in support of dismissal, thereby waiving any contention that these allegations can stand as predicate acts against him. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011).

**B. Insufficient "Conduct" or "Direction" Allegations**

The Complaint also does not allege Mr. Juracek held any role in the "Enterprise" sufficient

---

[7] Tellingly, Plaintiffs either cannot or decline to state which "two."

to meet the "conduct" element. Br. at 17. Plaintiffs attempt to avoid this result by mischaracterizing the legal standard and the allegations. ***First***, Plaintiffs cite *Kelmar v. Bank of Am. Corp.*, No. CV 12-6826 PSG (EX), 2012 WL 12850425 (C.D. Cal. Oct. 26, 2012) to claim that this element "does not require even 'significant control' over the Enterprise." Opp. at 16. But Plaintiffs omit the very next sentence from *Kelmar*, which confirms that "more is required than 'simply being involved,' and simply performing services for the enterprise does not rise to the level of direction." 2012 WL 12850425, at *7. It remains that RICO requires allegations of "managerial control over the enterprise," *Ally Bank v. Castle*, 11-CV-896-YGR, 2012 WL 3627631 (N.D. Cal. Aug. 20, 2012), or at bare minimum, that the defendant had "some part ***in directing***" the enterprise, either by operating or managing it. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis added). Nothing in the Complaint suggests anything beyond a passive role for Mr. Juracek. ***Second***, Plaintiffs cling to their sole allegation that Mr. Juracek took affirmative action—the single sentence from Paragraph 211 claiming, in full, that "Juracek also threatened Hubbard with his testimony in court that could have Hubbard's children taken away from her." *See* Opp. at 1, 4 (citing Compl. ¶ 211). But, again, Plaintiffs mischaracterize this allegation by insisting that it claims "false" testimony or "misuse of legal process," and that the threat was "at the behest of the Enterprise." *Id.* at 17. Those assertions do not appear in the text of the Complaint and, in any event, the alleged "threat" is, at most, a "service" to the enterprise, not the managerial "conduct" necessary to "direct" it. *See* Br. at 17. Plaintiffs have no response and give none.

### C. Insufficient Enterprise Allegations

To sustain the premise that the twenty-nine defendants constitute an "association in fact enterprise," Plaintiffs were required to allege facts establishing that each defendant shares the same common purpose. They failed to do so. *See* Br. at 16-17. Plaintiffs do not engage with, and surely do not rebut, the cases establishing that a common purpose is not established when there are "sets

of defendants . . . allegedly operating with rather distinct purposes." *Gianelli v. Schoenfeld*, 2021 WL 4690724, at *12 (E.D. Cal. Oct 7, 2021); *see also United States v. Turkette*, 452 U.S. 576, 583 (1981) ("The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct."). Plaintiffs fail to assert any form of a "common purpose" here; indeed, the Opposition's own quote from the Complaint contains two distinct purposes: trafficking women "to [1] the financial benefit of Mr. [Rick] Hubbard, Eller, and the Medical Doctor Defendants, ***and*** [2] for the sexual gratification and other benefits of all Defendants." Opp. at 13 (quoting Compl. ¶ 341) (emphasis added). These are not the same purpose. And the decision in *Odom v. Microsoft Corp.*, 486 F.3d 541, 452 (9th Cir. 2007) (cited in Opp. at 14) is not to the contrary. There, the plaintiff alleged that Microsoft and Best Buy shared both the purpose of "increasing the number" of users ***and*** "doing so by fraudulent means." Here, while the "trafficking" allegation is common, the groups were allegedly engaged in trafficking for different purposes—financial benefit ***or*** sexual gratification. Compl. ¶ 341. This exact type of difference defeated the finding of common purpose in *Gianelli*, where some defendants "work[ed] to defraud PG&E to their own profit, while the only identified goal of [others] was to punish plaintiff." 2021 WL 4690724, at *12.

### D. Plaintiffs Do Not Establish RICO Standing

To sustain a RICO claim, Plaintiffs must establish that a concrete loss to business or property was caused by the alleged racketeering conduct. *See Holmes v. Sec. Inv'r Prot. Corp.,* 503 U.S. 258, 268 (1992); *HCB Fin. Corp. v. McPherson*, 8 F. 4th 335, 344 (5th Cir. 2021); *see* Br. at 13-14. For efficiency before this Court, Mr. Juracek incorporated the argument of Trammell Crow, Jr., and likewise does so for this Reply. *See* Dkt. 183-1 at 7-9.

### E. Plaintiff Hubbard's Claims Are Time Barred

Plaintiff Julia Hubbard opposes the showing that her claims are time barred with an offer

to "allege additional facts" regarding events allegedly taking place in December 2018; one month within the four-year limitations period for a RICO claim. Opp. at 18. Concededly, then, the bulk of the allegations in the Complaint occurred outside the limitations period. For efficiency before this Court, Mr. Juracek incorporated the argument of Trammell Crow, Jr. and likewise does so for this Reply. *See* Dkt. 183-1 at 12.

**F. The Complaint Does Not Allege A 1962(D) Conspiracy**

Plaintiffs do not dispute that a RICO conspiracy claim fails where a complaint does not adequately allege a substantive RICO violation. *Nolen v. Nucentrix Broadband Networks Inc*., 293 F.3d 926, 930 (5th Cir. 2002); *see* Br. at 18; *cf.* Opp. at 18. The conspiracy claim fails on this basis. Additionally, it fails because nothing in the Complaint indicates that Mr. Juracek entered into "an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Ducote Jax Holdings, L.L.C. v. Bradley*, No. CIV.A.04 1943, 2007 WL 2008505, at *7 (E.D. La. July 5, 2007) (quoting *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)); Br. at 18. The crux of any legal "conspiracy" is a defendant's agreement. *See United States v. Ganji*, 880 F.3d 760, 768 (5th Cir. 2018) ("Without an agreement, there is no conspiracy."). Plaintiffs' Opposition misstates Mr. Juracek's argument—it is irrelevant for Plaintiffs to allege he "at all relevant times had full knowledge" about the Enterprise because they do not (and cannot) allege that he agreed to commit racketeering predicate acts. *Salinas v. United States*, 552 U.S. 52, 66 (1997) (RICO conspiracy claim requires establishing that a defendant "knew about ***and agreed to facilitate*** the [RICO] scheme") (emphasis added).

**CONCLUSION**

Nothing in the Complaint is sufficient to sustain Plaintiffs' causes of action as a matter of law. Therefore, Mr. Juracek respectfully requests dismissal of the Complaint against him with prejudice.

DATED: June 28, 2023

Respectfully submitted,

By */s/ Diane M. Doolittle*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Diane M. Doolittle (*pro hac vice*)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801 5000
Facsimile: (650) 801 5100

Adam J. DiClemente (*pro hac vice*)
adamdiclemente@quinnemanuel.com
51 Madison Avenue., 22nd Floor
New York, New York 10010
Telephone: (212) 849 7000
Facsimile: (212) 849 7100

Matthew "Alex" Bergjans (*pro hac vice*)
alexbergjans@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

Evan Pearson (Texas State Bar No. 24121403)
evanpearson@quinnemanuel.com
300 W. Sixth Street, Suite 2010
Austin, Texas 78701
Telephone: (737) 667 6119
Facsimile: (737) 667 6110

*Attorneys for Defendant Coe Juracek*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing "Coe Juracek's Reply in Further Support of Motion to Dismiss" was served on counsel of record via CM/ECF on June 28, 2023.

*/s/ Evan Pearson*
Evan Pearson