# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JULIA HUBBARD and KAYLA GOEDINGHAUS,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No. 5:23-cv-00580-FB** |
| | § | |
| **TRAMMELL S. CROW, JR., DR.** | § | |
| **BENJAMIN TODD ELLER, RICHARD** | § | |
| **HUBBARD, DR. MELISSA MILLER, DR.** | § | |
| **JOSEPH BROLIN, DR. SCOTT WOODS,** | § | |
| **DR. MRUGESHKUMAR SHAH,** | § | |
| **MICHAEL CAIN, COE JURACEK,** | § | |
| **PHILIP ECOB, H.J. COLE, TEXAS** | § | |
| **RANGER CODY MITCHELL, KURT** | § | |
| **KNEWITZ, PAUL PENDERGRASS,** | § | |
| **RALPH ROGERS, ROBERT PRUITT,** | § | |
| **SCOTT BRUNSON, CASE GROVER,** | § | |
| **RICHARD BUTLER, MARK MOLINA,** | § | |
| **MICHAEL HYNES, JR., SHAWN MAYER,** | § | |
| **JADE MAYER, RCI HOSPITALITY** | § | |
| **HOLDINGS, INC., INTEGRITY BASED** | § | |
| **MARKETING, LLC, STORM FITNESS** | § | |
| **NUTRITION, LLC, ULTRA COMBAT** | § | |
| **NUTRITION, LLC, ECOLOFT HOMES** | § | |
| **LLC, ELEVATED WELLNESS** | § | |
| **PARTNERS LLC, DOE INDIVIDUALS 1-** | § | |
| **20, and DOE COMPANIES 21-30** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT COE JURACEK'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## **TABLE OF CONTENTS**

**Page**

SUMMARY OF ARGUMENT ...........................................................................1

BACKGROUND & KEY ALLEGATIONS .....................................................3

ARGUMENT ..................................................................................................5

I.      PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST MR. JURACEK ........5

        A.      PLAINTIFFS FAIL TO STATE A TVPA CLAIM ...................................5

                1.      The FAC does not allege Mr. Juracek's "participation"..................7

                2.      Mr. Juracek did not receive "anything of value" as a matter of law 8

        B.      PLAINTIFFS FAIL TO STATE A PLAUSIBLE LABOR
                TRAFFICKING CLAIM ...........................................................10

                1.      The allegations are inadequate under subsection (a) ....................11

                2.      The allegations are inadequate under subsection (b) ...................13

        C.      PLAINTIFFS FAIL TO STATE RICO CLAIMS ...................................13

                1.      Plaintiffs lack RICO standing .......................................13

                2.      Plaintiffs fail to allege a Section 1962(c) RICO claim .................14

II.     NO FURTHER AMENDMENT CAN CURE THESE DEFECTS.......................18

CONCLUSION...............................................................................................19

# TABLE OF AUTHORITIES

**Page**

## Cases

*Allstate Ins. Co. v. Benhamou*,
190 F. Supp. 3d 631 (S.D. Tex. 2016) ............................................................................17, 18

*Allstate Ins. Co. v. Plambeck*,
802 F.3d 665 (5th Cir. 2015) ........................................................................................17

*Arruda v. Curves, Int'l, Inc.*,
861 Fed. App'x 831 (5th Cir. 2021) ............................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................5, 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................5

*Conkling v. Turner*,
18 F.3d 1285 (5th Cir. 1994) ........................................................................................14

*Doe #9 v. Wyndham Hotels & Resorts, Inc.*,
No. 4:19-CV-5016, 2021 WL 1186333 (S.D. Tex. Mar. 30, 2021) ......................6, 7

*Doe v. Fitzgerald*,
No. CV-2010713-MWFRAOX, 2022 WL 2784805 (C.D. Cal. May 13, 2022) ......................6

*Doe v. Fitzgerald*,
No. CV2010713MWFRAOX, 2022 WL 425016 (C.D. Cal. Jan. 6, 2022) ...........................9

*Does 1-6 v. Reddit, Inc.*,
51 F. 4th 1137 (9th Cir. 2022) ................................................................................6, 7, 8, 9

*Ducote Jax Holdings, L.L.C. v. Bradley*,
No. CIV.A.04 1943, 2007 WL 2008505 (E.D. La. July 5, 2007)...........................................18

*E.S. v. Best W. Int'l, Inc.*,
510 F. Supp. 3d 420 (N.D. Tex. 2021) ....................................................................6, 7, 8, 10

*Ellis v. City of Carrollton*,
No. CIV. A. 398-CV-0706G, 1999 WL 354232 (N.D. Tex. May 28, 1999).........................19

*FinServ Cas. Corp. v. Settlement Funding, LLC*,
724 F. Supp. 2d 662 (S.D. Tex. 2010) .................................................................................19

*Frith v. Guardian Life Ins. Co.*,
9 F. Supp. 2d 734 (S.D. Tex. 1998) ................................................................................5

*Gutierrez v. Venegas*,
No. 6:20-CV-129-H, 2021 WL 9314946 (N.D. Tex. Sept. 8, 2021) .....................................17

*H.J. Inc. v. Nw Bell Tel. Co.*,
492 U.S. 229 (1989)...........................................................................................................14

*Harris v. Henry*,
No. 1:22-CV-00366-LY, 2022 WL 16825200 (W.D. Tex. Nov. 7, 2022) ............6, 7, 8, 11, 13

*HCB Fin. Corp. v. McPherson*,
   8 F.4th 335 (5th Cir. 2021) ........................................................................13

*Holmes v. Sec. Inv'r Prot. Corp.*,
   503 U.S. 258 (1992) ....................................................................................13

*Howard v. America Online Inc.*,
   208 F.3d 741 (9th Cir. 2000) ......................................................................18

*Jacquez v. Procunier*,
   801 F.2d 789 (5th Cir. 1986) ......................................................................19

*McLaughlin v. Anderson*,
   962 F.2d 187 (2d Cir. 1992)........................................................................14

*McPeters v. Edwards*,
   806 F.Supp.2d 978 (S.D. Tex. 2011) ..........................................................16

*Mohamed for A.M. v. Irving Indep. Sch. Dist.*,
   300 F. Supp. 3d 857 (N.D. Tex. 2018) ................................................12, 19

*Noble Cap. Texas Real Est. Income Fund LP v. Newman*,
   No. 1-22-CV-652-LY, 2023 WL 3035411 (W.D. Tex. Jan. 13, 2023) .................11

*Noble v. Weinstein*,
   335 F. Supp. 3d 504 (S.D.N.Y. 2018)........................................................7, 10

*Nolen v. Nucentrix Broadband Networks Inc.*,
   293 F.3d 926 (5th Cir. 2002) ......................................................................18

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993)....................................................................................17

*Rosenzweig v. Azurix Corp.*,
   332 F.3d 854 (5th Cir. 2003) ......................................................................19

*Sedima, S.P.R.L. v. Imrex Co.*,
   473 U.S. 479 (1985)....................................................................................14

*St. Germain v. Howard*,
   556 F.3d 261 (5th Cir. 2009) ......................................................................14

*Stanard v. Nygren*,
   658 F.3d 79200 (7th Cir. 2011) .............................................................5, 11

*Tel-Phonic Services, Inc. v. TBS Intern, Inc.*,
   975 F.2d 1134 (5th Cir. 1992) ....................................................................16

*Treminio v. Crowley Mar. Corp.*,
   No. 3:22-CV-174-MMH-PDB, 2023 WL 113565 (M.D. Fla. Jan. 5, 2023) ...........9

*United States v. Raniere*,
   55 F.4th 354 (2d Cir. 2022) ..........................................................................9

*United States v. Rivera*,
   No. 6:12-CR-121-ORL-37, 2012 WL 6589526 (M.D. Fla. Dec. 18, 2012) ...........9

*United States v. Toure*,
   965 F.3d 393 (5th Cir. 2020) ......................................................................11

*Valadez v. City of San Antonio*,
   No. SA21CV0002JKPRBF, 2022 WL 1608016 (W.D. Tex. May 20, 2022).........................5

*Wang v. Ochsner Med. Ctr.-Kenner, L.L.C.*,
   No. CV 17-5134, 2017 WL 6055167 (E.D. La. Dec. 7, 2017)................................................15

*Wilhite v. Texas Dep't of Fam. & Protective Servs.*,
   No. CV H-18-866, 2020 WL 854243 (S.D. Tex. Jan. 27, 2020)............................................12

## **Statutes**

18 U.S.C. § 1512 ....................................................................................................................16

18 U.S.C. § 1589(a) ...................................................................................................10, 11, 12

18 U.S.C. § 1589(b) .........................................................................................................10, 13

18 U.S.C. § 1591(e) .................................................................................................................6

18 U.S.C. § 1595(a) ..........................................................................................1, 2, 5, 9, 10, 13, 18

18 U.S.C. § 1961(1) ...............................................................................................................14

18 U.S.C. § 1962(c) .........................................................................................13, 14, 16, 17

18 U.S.C. § 1962(d) .......................................................................................................13, 18

21 U.S.C. § 841 .....................................................................................................................15

## **Other Authorities**

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1297 (1990)...................................16

Fed. R. Civ P. 8 .......................................................................................................................5

Fed. R. Civ P. 9(b) .................................................................................................................15

Fed. R. Civ P. 12(b)(6).............................................................................................................1

Coe Juracek respectfully moves pursuant to Rule 12(b)(6) to dismiss each cause of action asserted against him in Julia Hubbard ("Hubbard") and Kayla Goedinghaus' ("Goedinghaus," and together with Hubbard, "Plaintiffs") First Amended Complaint ("FAC") on the grounds that Plaintiffs fail to state a claim.

## SUMMARY OF ARGUMENT

In their original Complaint, Plaintiffs Hubbard and Goedinghaus attempted—and failed—to spin serious and troubling allegations that they were physically and emotionally abused by certain named defendants, including Rick Hubbard (their ex-husband and fiancé, respectively), Case Grover, and Michael Hynes, Jr. into claims that they were victimized by more than a dozen distant and unconnected individuals who were allegedly part of a decades-long sex trafficking, labor trafficking, and racketeering enterprise.  The original Complaint relied on those individuals' mere associations (no matter how slight) with Rick Hubbard, innuendo, and conclusory assertions without factual foundation. Further, it failed to plead key elements for claims under the Trafficking Victims Protection Act and RICO.  And, as established in the previous set of briefing, nowhere were these defects clearer than in Plaintiffs' hastily-concocted claims against Defendant Coe Juracek.  Plaintiffs accused Mr. Juracek of sex and labor trafficking based on vague (and false) allegations that he was a "fixer" for Trammell Crow, Jr. and an "Investor" in the purported sex-trafficking venture (without identifying what investments were made, when they were made, or to whom they were made), that he threatened to testify in Hubbard's custody dispute with Rick Hubbard (without identifying what he threatened to say or what action the threat aimed to secure), and that he benefitted—not financially or materially but by allegedly receiving  naked photographs—from the scheme.   Recognizing that these—and other—allegations were insufficient, Plaintiffs sought and the Court granted leave to amend without a hearing on the defendants' previous set of motions to dismiss. The briefing on those motions set out clear

structural and factual flaws in Plaintiffs' case, each necessitating dismissal.

Plaintiff's second bite at the apple with the First Amended Complaint (Dkt. 190, "FAC") corrects none of the relevant flaws identified by Mr. Juracek and the other defendants. Rather than taking the Court's opportunity to inject essential factual detail in support of their causes of action, Plaintiffs' amendments add only the barest of window dressing in an attempt to distract from the clear pleading failures in their fatally infirm action. As to Mr. Juracek, who remains only a bit player across the 74-page pleading, the FAC largely rehashes and repeats the existing allegations. There are only three minor—and conclusory—additions concerning Mr. Juracek. First, the FAC now asserts that Mr. Juracek provided funds to the alleged trafficking operation "under the pretext of investing or doing business with Rick Hubbard"; but, as before, Plaintiffs fail to provide ***any information*** about these alleged investments sufficient to bring the allegation into the realm of the plausible, let alone plead facts giving rise to an inference that Mr. Juracek ***knew*** that he was participating in a sex trafficking venture. FAC ¶ 369. Second, Plaintiffs added the single word— "false"—to modify their allegation that Mr. Juracek threatened Hubbard with testimony in a custody dispute. But, again, they fail to assert when this threat was made, what this alleged false testimony would contain, or why Mr. Juracek mad the threat at all. FAC ¶ 211. And third, Plaintiffs now contend that Mr. Juracek benefitted from the venture by allegedly attending the so-called sex parties. Because that is a baseless accusation, Plaintiffs offer no facts identifying when or where. FAC ¶ 370. Moreover, the FAC fails to plead any facts showing that he knew that the participants in the parties were engaged in non-consensual or commercial sex or that his purported attendance could constitute a "benefit" under the TVPA.

Quite simply, it remains that Plaintiffs' claims against Mr. Juracek should be dismissed for failure to plead sufficient facts that could establish he knowingly received a "thing of value" from knowing involvement in sex trafficking, that he obtained Plaintiffs' labor through any abuse or

threatened abuse of legal process, or that any of the elements of RICO are met.  Plaintiffs cannot rescue their defective action merely by rhetorically reframing previously deficient contentions and offering conclusory allegations without support. Nor—as is apparent from the  paucity of detail regarding Mr. Juracek's alleged involvement and the newly-manufactured claim (that surely would have been in the original Complaint if supported by any actual fact) that he attended "sex parties"—is the FAC based on any level of actual evidence  The very fact that Plaintiffs could not say more in their second opportunity to state a case against Mr. Juracek confirms that any further amendment would be futile.  The Court should grant Mr. Juracek's motion and dismiss each of the claims against him with prejudice for the reasons set forth below.

## BACKGROUND & KEY ALLEGATIONS

This case centers on Plaintiffs' confessed romantic relationships with Rick Hubbard, Hubbard's ex-husband and Goedinghaus's ex-fiancé. FAC ¶ 2. Plaintiffs assert that his (and other exes') actions included non-consensual sex with them, and with others, at swingers clubs, threats of force, physical abuse, and forced drug use. *Id.* ¶¶ 2, 4, 5, 13. But, while Rick Hubbard's alleged actions alone may drive any conceivable actionable harm, Plaintiffs have instead asserted that a broad, unrelated group of defendants should be held liable for a host of offenses which include sex trafficking, labor trafficking, and racketeering. Plaintiffs bring these claims against ***four disparate groups***. *Id.* ¶ 6. These groups are not alleged to have had direct involvement one with another; rather, their only link (such as it is) is that at various points over several years, they interacted with Rick Hubbard. *See id.* ¶¶ 7, 17, 28-29, 39-41. The four groups are: (1) "Dr. Todd Eller and the Medical Doctor Defendants"—who allegedly prescribed medications to Plaintiffs which, in turn, assisted in forcing their participation in sex acts," *Id.* ¶¶ 7-16; (2) "The Fixer Defendants"—who, in exchange for alleged receipt of photographs and sex acts, forced Plaintiffs to participate in Mr. Hubbard's scheme, *Id.* ¶¶ 17-27; (3) the "Investor Defendants"—who allegedly provided financial

support to the venture and/or maintained silence about it, *Id.* ¶¶ 28-40; and (4) "The Labor Trafficking Defendants"—who, in exchange for Julia Hubbard's labor, provided information regarding her whereabouts. ¶¶ 40-51.

Plaintiffs categorize Mr. Juracek as an "Investor Defendant." *Id.* ¶¶ 39, 209. Without providing details about any individual's alleged contributions, Plaintiffs generally assert the "Investor Defendants" funded Rick Hubbard's venture, *id.* ¶ 39, and "either knew [of] or recklessly disregarded" Rick Hubbard's misconduct. *Id.* ¶ 38. And without specifying where, when, how, or for whom, Plaintiffs assert that this group provided Rick Hubbard's alleged venture with credibility. *Id.* ¶ 190.

The 74-page FAC is virtually silent as to Mr. Juracek individually, offering only spare and vague accusations about his "participation." Plaintiffs contend: (1) that Mr. Juracek supported the venture by providing funds and social cachet "under the pretext of investing or doing business with Rick Hubbard" (*Id.* ¶ 369) "which Rick would use to further grow the [v]enture" (*Id.* ¶ 210), but do not identify any specific investment of funds, amount purportedly given, or when and under what circumstances Mr. Juracek allegedly provided any funds; (2) that Mr. Juracek "benefited" from his involvement by allegedly attending the purported sex parties and receiving naked photographs of Plaintiff Hubbard (*Id.* ¶ 370); (3) that he was somehow compensated through his employment at Crow Holdings Capital, in part, to maintain his silence (*Id.* ¶ 212); (4) that he attended campouts with Rick Hubbard and that he informally worked as Trammell Crow's "fixer" (*Id.* ¶ 209); and (5) that he made "threats" to Hubbard to offer "false" testimony in court in a custody dispute (*Id.* ¶ 211); yet, Plaintiffs do not identify the threatened contents of the allegedly false testimony, the date in which Mr. Juracek made this alleged threat, or what Mr. Juracek purportedly sought through the threat. None of these asserted "facts" are sufficient for any claim.

## ARGUMENT

### I.   PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST MR. JURACEK

Rule 8 mandates "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ P. 8(a)(2). A plaintiff fails to satisfy this requirement when the complaint demonstrates a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, and critically here, "[t]o form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Stanard v. Nygren*, 658 F.3d 792, 799-800 (7th Cir. 2011). Plaintiffs cannot sidestep this requirement, as they attempt here, by adopting a "shotgun approach" to pleading which indiscriminately "throws a little bit of everything into [their] complaint in the hopes that something will stick. *Valadez v. City of San Antonio*, No. SA21CV0002JKPRBF, 2022 WL 1608016, at *4, 7 (W.D. Tex. May 20, 2022) (noting the shotgun approach is "disfavored" in the Fifth Circuit).

### A.   PLAINTIFFS FAIL TO STATE A TVPA CLAIM

Plaintiffs' first purported cause of action under the Victims of Trafficking and Violence Protection Act ("TVPA") (18 U.S.C. § 1595(a)) should be dismissed for failure to plausibly establish multiple essential elements as to Mr. Juracek. Civil liability under the TVPA can either apply to an individual who acts as a "perpetrator" of trafficking or an individual who is a

"beneficiary" of the trafficking. *See Doe #9 v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-CV-5016, 2021 WL 1186333, at *1 (S.D. Tex. Mar. 30, 2021); *Doe v. Fitzgerald*, No. CV-2010713-MWFRAOX, 2022 WL 2784805, at *1 (C.D. Cal. May 13, 2022) ("*Fitzgerald II*"). The FAC concedes that Mr. Juracek was not a "perpetrator" of trafficking and contends that he is liable only as a "beneficiary."  FAC ¶ 368.  But as Plaintiffs fail plead facts to establish that Mr. Juracek benefitted from the scheme, the claim should be dismissed.

Beneficiary liability requires an allegation that Mr. Juracek knowingly benefitted from his participation in a venture which he knew (or should have known) was engaged in sex trafficking. *See Doe #9*, 2021 WL 1186333, at *1-2; *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 427 (N.D. Tex. 2021) (noting that the complaint must contain facts sufficient to establish that the defendant knew or should have known about the trafficking of the plaintiff in particular—as opposed to a mere awareness of trafficking in general); *Harris v. Henry*, No. 1:22-CV-00366-LY, 2022 WL 16825200, at *7 (W.D. Tex. Nov. 7, 2022), *report and recommendation approved*, No. 1:22-CV-366-LY, 2023 WL 3035423 (W.D. Tex. Jan. 11, 2023) (dismissing where complaint did not allege knowledge of trafficking). The "participation" element requires a showing that Mr. Juracek was "knowingly assisting, supporting, or facilitating" sex trafficking. *See* 18 U.S.C. § 1591(e). And to "knowingly benefit" is to benefit either "financially or by receiving anything of value" where there is a "causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit." *Does 1-6 v. Reddit, Inc.*, 51 F. 4th 1137, 1145 (9th Cir. 2022) (citation omitted). Here, Plaintiffs cannot establish either element as they do not bring plausible allegations showing that Mr. Juracek either (1) "participated" in the venture; or (2) received "anything of value" from his alleged participation. *See id.*; *E.S.*, 510 F. Supp. 3d at 427-48 (dismissing beneficiary claim for failure to allege participation or knowledge).

### 1. The FAC does not allege Mr. Juracek's "participation"

The Complaint fails to plausibly allege actionable conduct by Mr. Juracek. "**Mere association with sex traffickers is insufficient** absent some knowing 'participation' in the form of assistance, support, or facilitation." *Reddit*, 51 F.4th at 1145 (emphasis added); *see also Harris*, 2022 WL 16825200, at * 6 (beneficiary liability "cannot be established by association alone"); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (same). "The statute does not target those that merely turn a blind eye to the source of their [revenue]," but rather establishes that "knowingly benefitting from participation in such a venture *requires actual knowledge and a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit*." *Reddit*, 51 F.4th at 1145 (emphasis added) (internal citations omitted); *see also E.S.*, 510 F. Supp. 3d at 427 (allegations that defendants failed to take steps to intervene in trafficking insufficient to establish participation); *Noble*, 335 F. Supp. 3d at 524 (stating that "some participation in the sex trafficking itself must be shown"); *accord Doe #9*, 2021 WL 1186333, at *1 ("Knowledge or willful blindness of a general sex trafficking problem . . . does not satisfy the mens rea requirements of the TVPRA.").

Plaintiffs now attempt to plead "assistance, facilitation, and support" by alleging that Mr. Juracek "provid[ed] financial support and social cachet to the Venture," and that he did so under the pretext of investing or doing business with Rick Hubbard." FAC ¶ 369. But the FAC does not plead any facts beyond these conclusory labels—there are no allegations detailing what financial support or social cachet he purportedly provided, any facts linking the so-called investment to the Venture, what funds or in what amount he "invested" in Rick Hubbard, or even what the pretextual investment was—sufficient to show active *participation* in sex trafficking. *See E.S.*, 510 F. Supp. 3d at 427 (pleading must allege facts showing an active role furthering the sex trafficking); *Harris*, 2022 WL 16825200, at * 6 (same); *Reddit*, 51 F. 4th at 1145 (same); *Noble*, 335 F. Supp. 3d at

524 (same).  And Plaintiffs' efforts to plead knowledge of sex trafficking—by alleging that Mr. Juracek attended the sex parties[1] where Plaintiffs engaged in sexual acts, and that he received naked photographs of Hubbard (FAC ¶ 370) —similarly fall flat.  Again, the FAC relies entirely on conclusory labels and pleads no actual facts showing that Mr. Juracek knew that any nonconsensual or commercial sex acts were occurring, *see Harris,* 2022 WL 16825200, at * 6 (dismissing "beneficiary claim" for failure to plead facts showing knowledge that sexual activity was commercial or nonconsensual), or that the alleged receipt of the naked photograph was connected to sex trafficking, *see E.S.*, 510 F. Supp. 3d at 427.

Plaintiffs' reliance on Mr. Juracek's alleged loose affiliation with Rick Hubbard (or Trammell Crow, Jr.) does not come close to showing the requisite level of "affirmative conduct furthering the sex trafficking venture." *Reddit*, 51 F.4th at 1145 (citation omitted).  Plaintiffs do not allege affirmative conduct by Mr. Juracek that could plausibly be linked to trafficking. The conduct Plaintiffs attribute to him is entirely passive, conclusory, and undefined. FAC ¶¶ 39, 211, 369-70 (conclusory assertions of "knowingly support[ing]" the venture, attendance at "parties," receipt of "naked photos"); *id.* ¶ 209 (conclusory allegation that Mr. Juracek was a "fixer" without any factual allegations of whether/how this supported trafficking); *id.* ¶ 211 (allegation that Mr. Juracek threatened court testimony against Hubbard without any facts showing how this could have caused sex trafficking). Unsupported lawyer argument and innuendo are insufficient to sustain the claim against Mr. Juracek. *See E.S.*, 510 F. Supp. 3d at 427.

## 2.    *Mr. Juracek did not receive "anything of value" as a matter of law*

Plaintiffs' beneficiary liability claim also fails because they do not plead facts establishing

---

[1]   For the avoidance of doubt, Mr. Juracek denies attending any of such parties. It is notable that Plaintiffs did not allege his attendance in the original Complaint and do not now allege any factual details—such as the dates or locations of the alleged parties Mr. Juracek purportedly attended—to support their tardy and too-convenient accusation.

the second element—that Mr. Juracek received "anything of value" in return for his alleged participation in the so-called venture. Although the statutory phrase "anything of value" need not refer to a "monetary or financial component," *United States v. Raniere*, 55 F.4th 354, 362 (2d Cir. 2022), "***sexual gratification" alone is insufficient to qualify as a "thing of value***." *Doe v. Fitzgerald*, No. CV2010713MWFRAOX, 2022 WL 425016, at *6–7 (C.D. Cal. Jan. 6, 2022) ("*Fitzgerald I*") (emphasis added); *see also Treminio v. Crowley Mar. Corp.*, No. 3:22-CV-174-MMH-PDB, 2023 WL 113565, at *3 (M.D. Fla. Jan. 5, 2023) (dismissing TVPA claim because defendant did not receive a "thing of value," and the plaintiff had therefore "failed to plausibly allege a 'commercial sex act'") (citing *United States v. Rivera*, No. 6:12-CR-121-ORL-37, 2012 WL 6589526, at *5 (M.D. Fla. Dec. 18, 2012), *aff'd*, 551 F. App'x 531 (11th Cir. 2014)).

No fact alleged against Mr. Juracek in the FAC meets these standards. The apparent allegations that Mr. Juracek received something "of value" are that he (1) attended the alleged sex parties and (2) received "naked photos" of Hubbard. FAC ¶ 370. The FAC also suggests but does not expressly plead that Mr. Juracek "benefitted . . . in his compensation from Crow Holdings Capital" in return for his participation in the venture. *Id*. ¶ 212. As an initial matter, the "naked photographs" and alleged attendance at "sex parties" are not "things of value" as a matter of law. *See Fitzgerald I*, 2022 WL 425016, at *6-7. The FAC does not allege how either had any "value" beyond possible sexual gratification, and sexual gratification is not a "thing of value" under the TVPA. *See id.* (concluding that such an interpretation would "yield absurd results"). As to Mr. Juracek's compensation from Crow Holdings Capital, the Complaint does not even attempt to explain how there could plausibly be "a ***causal relationship*** between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit[,]" *Reddit*, 51 F.4th at 1145 (emphasis added). The alleged "benefit" here appears to be the mere existence of Mr. Juracek's employment and the salary he is paid for doing his work, both of which exist separate and apart

from any alleged venture. *See E.S.*, 510 F. Supp. 3d at 427 (noting that a plaintiff "must allege **specific conduct** that furthered the sex trafficking venture") (quoting *Noble*, 335 F. Supp. 3d at 524) (emphasis added). Nothing in the FAC suggests (nor could it) that Mr. Juracek's employment or compensation relates to the alleged trafficking. The conclusory allegation that his pay was "in part to maintain his silence concerning the Forced Sex Parties" (FAC ¶ 212) is pure conjecture, unsupported by specific factual allegations. *See Iqbal*, 556 U.S. at 679. Indeed, Crow Holdings Capital (or any related entity) is not a party to this lawsuit and there are no allegations (as none would have any support) that Mr. Juracek worked for Mr. Hubbard or any party in the case. Neither the original Complaint nor the FAC contain any facts suggesting how Mr. Juracek's work for this unrelated corporate entity has any bearing on the alleged trafficking or racketeering charged in this lawsuit.

## B.   PLAINTIFFS FAIL TO STATE A PLAUSIBLE LABOR TRAFFICKING CLAIM

Plaintiffs' purported second cause of action for labor trafficking (18 U.S.C. § 1589) must be dismissed for many of the same reasons as the TVPA claim discussed above. Here too, the FAC fails to state any facts which, if true, would support liability against Mr. Juracek. Under 18 U.S.C. § 1589(a), a defendant has engaged in labor trafficking if he knowingly provided or obtained the plaintiff's labor or services by means of: (1) "threats of force, physical restraint, or threats of physical restraint"; (2) "serious harm or threats of serious harm"; (3) "the abuse or threatened abuse of law or legal process"; or (4) "any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person . . . would suffer serious harm or physical restraint." Alternatively, under 18 U.S.C. § 1589(b)—much like the previous cause of action—a plaintiff can prevail by showing the defendant "knowingly benefit[ed], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a),

knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means[.]" Here, notwithstanding the prolixity of the FAC and Plaintiffs' willingness to make public accusations against distant and far-removed parties, such as Mr. Juracek, the pleading does not provide notice to Mr. Juracek of what alleged conduct supports this cause of action, or on which of multiple possible statutory grounds he is potentially liable. This form of improper pleading compels dismissal. *See Stanard*, 658 F.3d at 799; *Noble Cap. Texas Real Est. Income Fund LP v. Newman*, No. 1-22-CV-652-LY, 2023 WL 3035411, at *3 (W.D. Tex. Jan. 13, 2023), *report and recommendation approved*, No. 1:22-CV-652-LY, 2023 WL 3035399 (W.D. Tex. Feb. 22, 2023).

### 1.   *The allegations are inadequate under subsection (a)*

If Plaintiffs intend to allege liability under subsection (a), the claim fails as a matter of law because the FAC does not allege any actionable conduct (*i.e.*, threats, force, serious harm, or other scheming) by Mr. Juracek against the Plaintiffs. "[T]o state a claim under § 1589(a), a plaintiff must adequately plead that the defendant (1) provided or obtained the labor or services of plaintiff (2) 'by means of' one of the enumerated means, and (3) did so 'knowingly.'" *Harris*, 2022 WL 16825200, at *4 (quoting *United States v. Toure*, 965 F.3d 393, 400 (5th Cir. 2020)). And "the phrase 'by means of' refers to familiar principles of causation and requires a proximate causal link between one or more of the unlawful means enumerated in § 1589(a) and the labor actually obtained." *Id.* (citation omitted).

From the outset, the FAC does not remotely allege that Mr. Juracek in any way "provided or obtained" Plaintiffs' labor. *See* 18 U.S.C. § 1589(a). There are no allegations that Mr. Juracek engaged in ***any*** direct activity with Plaintiffs or that they provided any services for ***him***. Quite simply, nothing in the FAC indicates that Mr. Juracek sought or obtained labor from Hubbard or Goedinghaus—this claim fails on that basis alone. But, even if Plaintiffs had alleged that Mr.

Juracek had provided or obtained their labor, there are no allegations that he made "threats of force [or] physical restraint," inflicted "serious harm," or that he made other threats related thereto. *Cf.* 18 U.S.C. § 1589(a)(1-2), (4).

The only potentially relevant accusation under subsection (a) is the allegation that Mr. Juracek somehow threatened the "abuse of law or legal process" by "threaten[ing] Hubbard with his false testimony in court that could have Hubbard's children taken away from her." FAC ¶ 211. In an effort to salvage a § 1589(a) claim against Mr. Juracek, Plaintiffs' FAC inserts a single word—"false"—into this sentence. *Compare* FAC ¶ 211 *with* Compl. ¶ 211.  Nothing more. But the law requires far more than "conclusory allegations" to state a claim based on an abuse of legal process; Plaintiffs must specifically identify what testimony Mr. Juracek purportedly threatened to give, why it was false, and how it would have impacted Ms. Hubbard's custody hearing.  *See Wilhite v. Texas Dep't of Fam. & Protective Servs.*, No. CV H-18-866, 2020 WL 854243, at *7 (S.D. Tex. Jan. 27, 2020), *aff'd sub nom. Wilhite v. Harvey*, 861 F. App'x 588 (5th Cir. 2021) (dismissing abuse of process claim where complaint did "not say what [evidence and testimony] was false or fabricated").  Plaintiffs do not plead these—or any—facts from which the Court can reasonably infer that Mr. Juracek engaged or threatened to engage in an abuse of legal process. *See id*.  The addition of this single conclusory word to otherwise threadbare allegations does not— and indicates that Plaintiffs cannot—remedy Plaintiffs' inability to state a labor trafficking claim against Mr. Juracek.  *See Mohamed for A.M. v. Irving Indep. Sch. Dist*., 300 F. Supp. 3d 857, 878, 880 (N.D. Tex. 2018), *aff'd sub nom. Mohamed as Next Friend for A.M. v. Irving Indep. Sch. Dist*., 758 F. App'x 352 (5th Cir. 2019) (dismissing amended complaint with prejudice where conclusory allegations "failed to cure the pleading deficiencies").

Moreover, there is no allegation that Mr. Juracek obtained Hubbard's labor as a result of this alleged threat or even when—in relation to Hubbard's involvement in the alleged scheme—

this purported threat was made. *See Harris*, 2022 WL 16825200, at *5 (dismissing forced labor claim where complaint failed to allege causal connection between threat and labor and alleged the threat occurred after plaintiff began working for defendant). As such, this sole allegation offers no support that Mr. Juracek threatened abuse of law or legal process or that he induced any forced labor as a result.

### 2.    *The allegations are inadequate under subsection (b)*

As it relates to beneficiary liability for labor trafficking, the FAC fails for the same reasons listed as to TVPA. *See supra*, Part I.B. That is, the FAC does not plausibly state a claim for labor trafficking against Mr. Juracek because it does not allege receipt of anything of value. *See* 18 U.S.C. 1589(b).

### C.    PLAINTIFFS FAIL TO STATE RICO CLAIMS

Unsurprisingly unable to allege trafficking claims, Plaintiffs invoke RICO and attempt to link distant and unrelated defendants and activities into some imagined "enterprise." But the FAC is particularly ill-suited for RICO claims which, given clear statutory requirements, require precise allegations establishing each element as to each defendant. As with the original Complaint, the FAC is entirely devoid of details regarding how Mr. Juracek is allegedly liable under RICO, what alleged "racketeering activity" could bring him within the statute's purview, and how he "conducted" any alleged "enterprise"—an asserted "association in fact" based entirely around the allegedly abusive conduct of Rick Hubbard against his former wife and fiancée. As shown below, Plaintiffs do not allege a viable or substantive RICO claim (18 U.S.C. § 1962(c)) and, as such, cannot maintain a RICO conspiracy claim (18 U.S.C. § 1962(d)).

### 1.    *Plaintiffs lack RICO standing*

Standing for RICO requires a plaintiff to show a concrete loss to business or property caused by the racketeering conduct allegedly constituting a RICO violation. *See Holmes v. Sec. Inv'r Prot. Corp.,* 503 U.S. 258, 268 (1992); *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 344 (5th

Cir. 2021). Plaintiffs have not alleged facts sufficient to show that their asserted injuries are "business or property" recognized under the RICO statute and have neither sufficiently alleged that any losses (legally cognizable or not) were directly and proximately caused by the racketeering activity they allege. This failure is dispositive of the RICO claims as to *all* defendants. Simply put, Plaintiffs cannot invoke RICO. For efficiency before this Court, Mr. Juracek incorporates herein the argument filed by Trammell Crow, Jr. on the issue of RICO standing. Dkt. 196 at 15-17.

### 2.   *Plaintiffs fail to allege a Section 1962(c) RICO claim*

Civil RICO requires proof of the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see also Arruda v. Curves, Int'l, Inc.*, 861 Fed. App'x 831, 834 (5th Cir. 2021). The FAC fails on multiple elements as to Mr. Juracek.

### (a)   **Plaintiffs do not allege that Mr. Juracek engaged in a "pattern of racketeering activity"**

A "pattern of racketeering activity" requires at least two predicate acts from the enumerated list in 18 U.S.C. § 1961(1). Additionally, the "term 'pattern' itself requires the showing of a relationship between the predicates, and of the threat of continuing activity." *H.J. Inc. v. Nw Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (citation omitted). And, critically here, when RICO is asserted against multiple defendants, a plaintiff must allege, at a bare minimum, at least two predicate acts by each defendant. *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (affirming dismissal for failure to allege requisite predicate acts); *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994) (noting that the "bare minimum of a RICO charge is that a defendant personally committed or aided and abetted the commission of two predicate acts") (quoting *McLaughlin v. Anderson*, 962 F.2d 187, 192 (2d Cir. 1992)).

The FAC makes no effort to identify which defendants engaged in which asserted predicate

acts, and does nothing to correct or supplement this glaring deficiency from the original Complaint. Rather, it broadly asserts that "[t]he Enterprise, which consisted of all Defendants, committed a number of predicate acts." FAC. ¶ 413. But RICO liability is addressed on a defendant-by-defendant basis, *see, e.g., Wang v. Ochsner Med. Ctr.-Kenner, L.L.C.*, No. CV 17-5134, 2017 WL 6055167, at *8-12 (E.D. La. Dec. 7, 2017) (dismissing RICO claim where there were "no facts are alleged from which the Court could divine what conduct" individuals defendants committed); as such, the assertions that "all Defendants" or "the Enterprise" conducted all predicate acts are insufficient as a matter of law. *See id.*; FAC ¶ 414 (listing categories of predicate act engaged in by "all Defendants" or "the Enterprise"). Moreover, Plaintiffs fail to allege the factual basis for any predicate act allegedly undertaken by Mr. Juracek, and none are specified. *Id.* Such open-ended vagueness is, in itself, grounds to dismiss the RICO claim against him. *See Wang*, 2017 WL 6055167 at *11 ("What's missing are factual allegations suggesting affirmative wrongdoing on [the individual RICO defendant's] part, as opposed to passive acquiescence.").

Even if this Court were to consider Plaintiffs' improper bulk pleading of four separate "categories" of predicate acts conducted by unspecified defendants, none could support liability against Mr. Juracek. Plaintiffs assert that "all Defendants" committed predicate acts by violating the sex and labor trafficking statute, violating the Controlled Substances Act ("CSA"), wire fraud, and witness tampering. *See* FAC ¶ 413. This is insufficient on three grounds. ***First***, for the reasons stated above (Part I.A-B), Plaintiffs do not state viable trafficking claims against Mr. Juracek, so this category cannot constitute any predicate acts attributable to him. ***Second***, because the FAC neither alleges that Mr. Juracek possessed drugs nor specifies any type or amount in his possession sufficient to trigger a statutory violation, the CSA category cannot constitute a predicate act attributable to him. (*See generally, e.g.,* 21 U.S.C. § 841 (CSA)). ***Third***, Plaintiffs fail to allege any "wire fraud" given the heightened particularity requirements of Rule 9(b), necessitating

allegations of either the "time, place, and contents" of any fraudulent misrepresentation or the "identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Services, Inc. v. TBS Intern, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1297, at 590 (1990)). Nothing in the FAC remotely indicates how, when, or against whom Mr. Juracek could have committed wire fraud, so this category also fails to support any predicate act against him. ***Finally***, nothing in the FAC could support a witness tampering charge against Mr. Juracek under 18 U.S.C. § 1512, which requires, *inter alia*, allegations that a person "knowingly uses intimidation, threatens, or corruptly persuades another person" intending to "influence, delay, or prevent the testimony of any person in an official proceeding." 18 U.S.C. § 1512(b)(1). The FAC does not even plead that Mr. Juracek's alleged threat to offer "false" testimony in court in a custody dispute is an act of "witness tampering" that could constitute a RICO predicate (FAC ¶ 414), nor could it since the allegation does not, on its face, indicate any effort to improperly influence or prevent another's testimony. *See* FAC ¶ 211. There are no "racketeering" allegations against Mr. Juracek, let alone a related pattern thereof.

### (b) Plaintiffs fail to allege the existence of an "enterprise"

The two issues addressed above are fatal to Plaintiffs' RICO claim, but the FAC suffers from other infirmities as well. The crux of a 1965(c) claim is the defendant's participation in the conduct of "an ***enterprise's*** affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c) (emphasis added). As such, there must be a legally cognizable "enterprise" set out in the complaint. Here, the FAC indicates that Plaintiffs are alleging that the relevant "enterprise" is merely an association-in-fact. FAC ¶¶ 6, 413-414, 433. To sustain the legal fiction of such an enterprise, Plaintiffs must establish the existence of a group of individuals associated with "(1) a common purpose, (2) a structure or organization, and (3) longevity necessary to accomplish the purpose." *McPeters v. Edwards*, 806 F.Supp.2d 978, 988 (S.D. Tex. 2011). The FAC fails to

establish that the assorted defendants—which Plaintiffs concede are in four separate and distinct groups (*e.g.*, "Investor Defendants," "Medical Doctor Defendants," "Fixer Defendants," and "Labor Trafficking Defendants," (FAC ¶¶ 17-51)), constitute an enterprise. For the reasons articulated in the Motion to Dismiss filed by Trammell Crow, Jr. (Dkt. 196 at 18-21) which, for efficiency, are incorporated by reference herein, Plaintiffs have failed to plausibly allege a common purpose, structure or organization, or adequate longevity sufficient to establish an enterprise. Their RICO claim must accordingly be dismissed for these reasons alone.

> **(c)**     **Plaintiffs fail to allege that Mr. Juracek "conducted enterprise affairs"**

A viable RICO claim demands allegations that Mr. Juracek "conduct[ed] or participate[d] . . . in the conduct of [the] enterprise's affairs." 18 U.S.C. § 1962(c). Plaintiffs must therefore show that he had "some part ***in directing***" the enterprise, either by operating or managing it. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis added). This requirement is not met by "simply providing goods or services that ultimately benefit the enterprise," *Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631, 655 (S.D. Tex. 2016); instead, "something more than non-supervisory involvement is required to sufficiently allege this element." *Gutierrez v. Venegas*, No. 6:20-CV-129-H, 2021 WL 9314946, at *5 (N.D. Tex. Sept. 8, 2021) (citing *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 675 (5th Cir. 2015) ("[T]he Fifth Circuit has made clear that a defendant must have some supervisory involvement in an enterprise in order to satisfy Section 1962(c)'s conduct or participate requirement.")). Nothing in the allegations against Mr. Juracek—whether by name or as part of the so-called group of "Investor Defendants"—alleges anything apart from passive conduct, be it attendance at the "sex parties" or receipt of a photo. FAC ¶¶ 368-70. And the single claim of actual affirmative activity by Mr. Juracek (that is, allegedly offering testimony) is insufficient because that testimony, or the threat thereof, can in no way be said to "direct" the enterprise as required by *Reves*. At most, that "threat" would be a mere "service" to the enterprise,

which is inadequate. *Benhamou*, 190 F. Supp. 3d at 656 (noting that, although the services defendant offered were "a substantial part of the scheme," he simply took direction and therefore did not have "any supervisory role"). This element demonstrates what is readily apparent from the face of the FAC—that, much like many of the other defendants, Mr. Juracek was merely an individual in the distant reaches of Rick Hubbard's personal orbit. That is no basis to attach him to a "racketeering enterprise," and the law does not support Plaintiffs' attempt to do so.[2]

### (d) The RICO Conspiracy claim also fails

To establish a violation of Section 1962(d), Plaintiffs must allege either "an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Ducote Jax Holdings, L.L.C. v. Bradley*, No. CIV.A.04 1943, 2007 WL 2008505, at *7 (E.D. La. July 5, 2007) (quoting *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)). Here, per above, Plaintiffs have not adequately alleged a substantive RICO violation, *see Nolen v. Nucentrix Broadband Networks Inc*., 293 F.3d 926, 930 (5th Cir. 2002) (affirming dismissal of conspiracy claim), nor have they shown that Mr. Juracek agreed to commit, or committed, any predicate offenses—let alone two. As such, Plaintiffs cannot maintain a RICO conspiracy claim against Mr. Juracek.

## II.   NO FURTHER AMENDMENT CAN CURE THESE DEFECTS

The Court already gave Plaintiffs an opportunity to amend their Complaint to state sufficient and specific factual allegations against Mr. Juracek which might give rise to plausible claims for violations of the TVPA, Labor Trafficking, and RICO.  In response, and as shown above, Plaintiffs did not cure any of the existing defects in their original Complaint.  These repetitive, conclusory, and deficient "amendments" are not only unable to state causes of action as

---

[2]   Plaintiff Hubbard's RICO claim is also barred by the statute of limitations. Mr. Juracek incorporates the argument by Trammell Crow, Jr. on this issue. Dkt. 196 at 24-25.

a matter of law or rescue Plaintiffs' claims against Mr. Juracek from dismissal, but mandate that the Court dismiss this action without leave to amend, and enter judgment for Mr. Juracek. *See e.g.*, *Mohamed*, 300 F. Supp. 3d at 896-99 (dismissing amended complaint with prejudice after plaintiff asserted only conclusory allegations when given "ample opportunity to sufficiently plead his case"); *Ellis v. City of Carrollton*, No. CIV. A. 398-CV-0706G, 1999 WL 354232, at *1 (N.D. Tex. May 28, 1999), *aff'd*, 213 F.3d 636 (5th Cir. 2000) (dismissing with prejudice and stating: Rather than take advantage of the opportunity to replead his case and allege with sufficient particularity the factual basis of his claims . . . [the] amended complaint merely . . . repeats the conclusory allegations of his earlier complaint").

"At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Here, Plaintiffs were given notice of the deficiencies in their Complaint and the opportunity to allege any additional, non-conclusory facts to make their case. Their inability to do so strongly suggests that Plaintiffs have no further facts to plead that can possibly cure the deficiency. *See FinServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 675 (S.D. Tex. 2010) (holding that, as here, the deficiencies of the complaint could not be cured by allowing the plaintiff to amend his pleading); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (affirming dismissal with prejudice because new facts could not cure defect). Any future amendment would be unnecessary and futile. The claims against Mr. Juracek should be dismissed with prejudice.

## CONCLUSION

Nothing in the FAC plausibly suggests that Mr. Juracek was engaged in criminal sex trafficking, labor trafficking, or racketeering. Accordingly, and for the reasons stated herein, Mr. Juracek respectfully requests that the causes action against him be dismissed with prejudice.

DATED: July 21, 2023                    Respectfully submitted,


                                        By */s/ Diane Doolittle*
                                        _____

                                            QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
                                            Diane Doolittle (*pro hac vice*)
                                            dianedoolittle@quinnemanuel.com
                                            555 Twin Dolphin Drive, 5th Floor
                                            Redwood Shores, California 94065
                                            Telephone:      (650) 801 5000
                                            Facsimile:      (650) 801 5000

                                            Adam DiClemente (*pro hac vice*)
                                            adamdiclemente@quinnemanuel.com
                                            51 Madison Avenue., 22nd Floor
                                            New York, New York 10010
                                            Telephone:      (212) 849 7000
                                            Facsimile:      (212) 849 7100

                                            Matthew "Alex" Bergjans (*pro hac vice*)
                                            alexbergjans@quinnemanuel.com
                                            865 S. Figueroa Street, 10th Floor
                                            Los Angeles, California 90017
                                            Telephone:      (213) 443 3000
                                            Facsimile:      (213) 443 3100

                                            Evan Pearson (Texas State Bar No. 24121403)
                                            evanpearson@quinnemanuel.com
                                            300 W. Sixth Street, Suite 2010
                                            Austin, Texas 78701
                                            Telephone:      (737) 667 6119
                                            Facsimile:      (737) 667 6110

                                            *Attorneys for Defendant Coe Juracek*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing "Coe Juracek's Motion to Dismiss" was served on counsel of record via CM/ECF on July 21, 2023.


*/s/ Evan Pearson*
Evan Pearson