# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiff(s), | § | |
| | § | Case No.: 2:23-CV-00580-FB |
| vs. | § | |
| | § | |
| TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 | § § § § § § § § § § § § § § § § § § § § | DEFENDANT BENJAMIN TODD ELLER'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FRCP12(b)(2) FOR LACK OF PERSONAL JURISDICTION, and FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM |
| | § | Hon. Fred Biery |
| | § | |
| | § | |
| Defendant(s). | § | |
| | § | |

Table of Contents

I.    INTRODUCTION ................................................................................................1

II.   RELEVANT BACKGROUND ............................................................................1

    A.   The Complaint's Allegations About Eller ....................................................3

    B.   The Undisputed Facts Set Forth in Eller's Declaration ..............................4

III.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P 8(a) AND 12(b)(6) FOR FAILURE TO SET FORTH ALLEGATIONS THAT ESTABLISH ANY COGNIZABLE CLAIMS FOR RELIEF AGAINST ELLER...................................5

    A.   The Shotgun Pleading Warrants Dismissal of the Complaint For Failure to Comply with Fed. R. Civ. P 8(a) Pleading Requirements.....................................5

    B.   The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. 12(b)(6) for Failure to Allege Facts That Give Rise to Any Cognizable Claim Against Eller for Violation of the TVPRA or RICO Statutes ...........................................................6

        1.   The Complaint Fails to Set Forth Factual Allegations Sufficient to Establish a Cognizable Claim against Eller for Violation of TVPRA Provisions 18 U.S.C. § 1591 or §1589. ..................7

            a....   Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller for Violation of 18 U.S.C. § 1591(a). ........................................7

            b....   Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1589........................................10

        2.   The Complaint Fails to Set Forth Factual Allegations Sufficient to Establish a Cognizable Claim against Eller for Violation of RICO Provisions 18 U.S.C. § 1962(c) or (d)......................12

            a...   Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1962(c). ......................................12

            b...   Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1962(d)........................................16

IV.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P 12(b)(2) BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER  ELLER..........................15

V.   CONCLUSION ................................................................................................20

0

## Table of Authorities

*Allred v. Moore & Peterson*,
   117 F.3d 278, 281 (5th Cir. 1997) ............................................................ 18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 570 (2007) .......................................................................... 6

*Bell v. Hood*,
   327 F.3d 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946) ................................. 18

*Boyle v. United States*,
   556 U.S. 938 (2009) ................................................................................ 13

*Burstein v. State Bar of California*,
   693 F.2d 511 (5th Cir. 1982) .................................................................. 15

*Choice Healthcare, Inc. v. Kaiser Found Health Plan of Cob.*,
   615 F.3d 364 (5th Cir. 2010) .................................................................. 17

*Colwell Realty Invest., Inc. v. Triple T Inns, Inc.*,
   785 F.2d 1330, 1332 (5th Cir. 1986) ...................................................... 14

*Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*,
   963 F.2d 90 (5th Cir. 1992) .................................................................... 17

*Cory v. Aztec Steel Bldg., Inc.*,
   468 F.3d 1226 (10th Cir. 2006) .............................................................. 16

*De Melo v. Toche Marine, Inc.*,
   711 F.2d 1260, 1270 (5th Cir. 1983) ...................................................... 14

*D'Addario v. Geller*,
   264 F. Supp. 2d 367 (E.D. Va. 2003) ..................................................... 16

*Destfino v. Reiswig*,
   630 F.3d 952 (9th Cir. 2011) ................................................................. 5,6

*Doe v. Wyndham Hotels & Resorts, Inc., No. 4:19-CV-5016*,
   2021 U.S. Dist. LEXIS 64565 (S.D. Tex. Mar. 29, 2021) ....................... 10

*Does v. Reddit, Inc.*,
   51 F.4th 1137 (9th Cir. 2022) .................................................................. 9

*ESAB Group, Inc. v. Centricut, Inc.*,
   126 F.3d 617 (4th Cir. 1997) .................................................................. 16

*Fernandez-Lopez v. Hernandez*, Civil Action No. DR-19-CV-46-AM/CW,
   2020 U.S. Dist. LEXIS 253511 (W.D. Tex. Nov. 20) ................................ 16

*Funk v. Stryker Corp.*,
   631 F.3d 777 (5th Cir. 2011) ........................................................................ 7

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
   564 U.S. 915 (2011) ................................................................................... 17

*HCB Fin. Corp. v. McPherson*,
   8 F.4th 335 (5th Cir. 2021) ........................................................................ 12

*In re Ozcelebi*,
   635 B.R. 467 (Bankr. S.D. Tex. 2021) ..................................................... 5, 6

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................... 17

*Jobe v. ATR Mktg., Inc.*,
   87 F.3d 751, 753 (5th Cir. 1996) .............................................................. 17

*Laurel Gardens, LLC v. McKenna*,
   948 F.3d 105 (3d Cir. 2020) ...................................................................... 16

*Montesano v. Seafirst Commercial Corp.*,
   818 F.2d 423 (5th Cir. 1987) ..................................................................... 14

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ....................................................................... 7

*Noble v. Weinstein*,
   335 F. Supp. 3d 504 (S.D.N.Y. 2018) ......................................................... 8

*Omni Cap. Intl, Ltd v. Rudolf Wolff & Co., Ltd.*,
   484 U.S. 97 (1987) ..................................................................................... 15

*Oscar v. Univ. Students Coop. Ass'n*,
   965 F.2d 783 (9th Cir. 1992) ..................................................................... 11

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865, 869 (5th Cir. 2001) ............................................................. 18

*Paylor v. Hartford Fire Ins. Co.*,
   748 F.3d 1117 (11th Cir. 2014) ................................................................ 5,6

*Quick Techs., Inc. v. Sage Grp. PLC*,
   313 F.3d 338 (5th Cir. 2002) ....................................................................... 4

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ................................................................................... 13

*S. Leasing Partners, Ltd. v. McMullan,*
  801 F.2d 783 (5th Cir. 1986) .......................................................................... 5

*Republic of Panama v. BCCI Holdings Luxembourg S.A.,*
  119 F.3d 935 (11th Cir. 1997) ...................................................................... 16

*Salinas v. United States,*
  522 U.S. 52 (1997) ........................................................................................ 14

*Sedima v. Imrex Co.,*
  473 U.S. 479 (1985) ...................................................................................... 14

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,*
  549 U.S. 422 (2007) ...................................................................................... 15

*Thompson v. Chrysler Motors Corp.,*
  *755 F.2d 1162, 1165 (5th Cir. 1985)* ......................................................... 18

*Walden v. Fiore,*
  571 U.S. 277, 284 (2014) ............................................................................. 18

*Walk Haydel & Assocs., Inc. v. Coastal Power Production,*
  517 F.3d 235 (5th Cir. 2008) ....................................................................... 17

*Weiland v. Palm Beach Cnty. Sheriff's Office,*
  792 F.3d 1313 (11th Cir. 2015) ..................................................................... 6

*Whelan v. Winchester Prod. Co.,*
  319 F.3d 225 (5th Cir. 2003) ....................................................................... 14

*Wilson v. Belin,*
  20 F.3d 644 (5th Cir. 1994) ......................................................................... 18

*Zastrow v. Houston Auto Imps. Greenway Ltd.,*
  789 F.3d 553 (5th Cir. 2015) ....................................................................... 14

18 U.S.C. 1595 .......................................................................................... passim

18 U.S.C. 1962 (d) .................................................................................... passim

18 U.S.C. § 1589 ....................................................................................... passim

18 U.S.C. § 1591 ....................................................................................... passim

18 U.S.C. § 1964 ....................................................................................... 14, 16

18 U.S.C. § 1965 ....................................................................................... passim

Rule 8 ........................................................................................................ passim

Rule 12 ...................................................................................................... passim

TEX. CIV. PRAC. & REM. CODE ANN. § 17.041-045 .............................. 16

## I.     INTRODUCTION

Defendant Benjamin Todd Eller ("Eller") hereby moves to dismiss the Amended Complaint and all the claims asserted against him with prejudice pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) (for failure to state a claim), and 12(b)(2) (for lack of personal jurisdiction).

Plaintiffs Julia Hubbard (Hubbard) and Kayla Goedinghaus (Goedinghaus) (collectively "Plaintiffs") seek to capitalize on their traumatic life experiences alleged at the hands of their shared partner Defendant Rick Hubbard, by taking aim at no less than thirty individuals and entities in a shotgun pleading that fails to set forth any cognizable claim against Eller for any violation of the following federal criminal statutes identified in the Amended Complaint: the Trafficking Victims Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 and/or § 1591, or the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1962(c) and (d).   Accordingly, Eller moves to dismiss the Amended Complaint in its entirety pursuant to and Fed. R. Civ. P. 12(b)(6) because it contains 300+ paragraphs of disconnected, conclusory and implausible allegations that fail to clearly and plainly set out how he is alleged to have violated Plaintiffs' legal rights.   Further, these allegations establish any Constitutionally permissible basis upon which Court to assert personal jurisdiction over Eller, who consequently also moves to dismiss the Amended Complaint, along with all claims asserted against him, pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## II.     RELEVANT BACKGROUND

### A.  The Amended Complaint's Allegations About Eller

The Amended Complaint makes the following ten categories, or sets, of allegations against Eller in an unsuccessful attempt to establish he violated the TVPRA and/or RICO:

- (*Allegations Set 1*) **Eller Was Paid To Provide Business Consulting to Rick Hubbard:** ¶ 115 ("Rick began using Eller's services as a 'business consultant' to advice him in Chet Holmes methods"), ¶ 118 ("Eller failed to help Rick form a successful legitimate business"), ¶ 125

(containing an image from Rick Hubbard *to his own* business, in Texas  --  "TXEcoloft --  with a notation "for Dr. Eller")

- (*Allegations Set 2*) **Eller Was <u>Factually and Legally Precluded</u> from Securing, Procuring, Providing, Prescription Drugs for Anyone:** ¶ 14 ("As a psychologist, Eller was unable to write prescriptions on his own"), and ¶ 138 ("Because Eller was not a medical doctor, he was unable to write prescriptions that were essential for the Venture").

- (*Allegations Set 3*) **Eller <u>Never</u> Secured, Procured, Provided, or Delivered Prescription Drugs to Plaintiffs**: ¶11 ("Rick was fraudulently obtaining drugs in order to force [Plaintiffs] to commit sex acts"), ¶ 15-16 (the Medical Doctor Defendants spoke to Plaintiffs and "Medical Doctor Defendants prescribed drugs" to Plaintiffs), ¶ 123 ("Rick would then procure high doses of drugs . . . kept . . .in what he called his prescription bar").

- (*Allegations Set 4*) **An Unverified, Unsigned Altered and Incomplete Document about Goedenhaus's Reporting of Medications she Took:** ¶139 (embedding an unverified, unsigned and seemingly altered document purportedly stating undisputed facts that Goedenhaus reported being "on the following medications: Zoloft, Prazosin Amblify" to Eller)

- (*Allegations Set 5*) **A False, Unverified, Altered and Incomplete Document about Rick Hubbard's Custody of Hubbard's Child After She Leaves the Venture:** ¶ 131 (embedding an unverified and seemingly altered document purportedly submitted to a court on or about October 3, 2019 by Eller about Hubbard having custody of her child); ¶ 50 ("Hubbard . . . escaped the Venture in November 2018); ¶ 334 (Eller "maintained the Plaintiffs through his continued misuse of court process")

- (*Allegations Set 6*) **Conclusory Statement that Eller Held Himself Out as Hubbard's Psychologist to Unidentified Third Part(ies):** ¶ 10 ("Eller claimed that Hubbard was his patient") ¶ 134 ("Eller held himself out as Hubbard's psychologist").

- (*Allegations Set 7*) **Rick Hubbard Threated to Call Eller:** ¶ 162 ("Rick repeatedly told Hubbard . . . a call from Mitchell (as well as Eller) would quickly cause the police to disregard what Hubbard said"); ¶ 293 ("Rick would use Eller as a threat").

- (*Allegations Set 8*) **Plaintiffs Had Limited Phone Call Conversations with Eller:** ¶10 (Hubbard "spoke frequently"[1] to Eller on the phone"), ¶11 (Plaintiffs "informed Eller Rick was fraudulently

---

[1] Notably, Plaintiffs have changed this allegation in ¶ 10 from the initial Complaint, which stated "Eller and Hubbard "spoke only twice").

obtaining drugs in order to force them to commit sex acts"), ¶285 ("Goedinghaus began having phone calls with Eller once a week beginning in January or February 2019").

- (*Allegations Set 9*) **Conclusory Statements that Eller Violated the TVPRA**: ¶ 332-334 (Eller "obtained and maintained each Plaintiff" . . . "by agreeing to start the Venture" . . ."helping Rick Hubbard initially put Hubbard and Goedinghaus under the venture's control . . . "continued misuse of court process" . . . "asserting Hubbard and Goedinghaus needed drugs") ¶ 335 (Eller's conduct was "enticing, harboring, providing, obtaining, maintaining, patronizing, and soliciting" unknown subjects) ¶ 336, 340 (Eller "recklessly disregarded that Plaintiffs would be forced to engage in commercial sex acts through his numerous communications with Rick Hubbard" . . . "he was informed of them by Rick Hubbard and each Plaintiff")

- (*Allegations Set 10*) **Conclusory Statements that Eller Controlled "the [RICO] Venture" and/or "the [RICO] Enterprise"**: ¶ 7 (Eller's work was "key to Rick's control of [Plaintiffs]"), ¶119 (Eller "took the initial steps in creating the Venture"), ¶ 310 ("The Venture relied on the essential work of [Eller]"), ¶333 (Eller "maintained the Plaintiff's by agreeing to start the Venture") ¶ 414 (Eller "engaged in such wire fraud in order to force Plaintiffs to engage in commercial sex acts."), ¶ 436 ("the Enterprise relied on the work of Eller"), and ¶ 445 ("the object of the conspiracy . . . to the financial benefit of . . . Eller")

**B. The Undisputed Facts Set Forth in Eller's Declaration**

Eller has provided a Declaration that has entered the record on three separate occasions – first regarding venue (Dkt. 108), second regarding jurisdiction in connection with the initial Complaint (Dkt. 166-1 ), and third filed herewith in the attached Declaration of Benjamin Todd Eller [Eller Decl.].  The Court may consider the following six categories, or sets, of undisputed facts in connection with the instant motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(2)[2]:

- (*Facts Set 1*) **Eller Has Only Ever Lived and Worked in California:** Unlike every other defendant in this case, Eller resides and conducts all his business (at all times relevant hereto) in Los Angeles

---

The Court may consider Eller's Declaration to determine whether personal jurisdiction exists over him. *See Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) ("the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'")

County, California, where he is licensed in behavioral therapy and provides services to special needs children and adults. (Eller Decl. ¶ 2)   He has never lived, worked, visited, or travelled to Texas, or ever conducted business, advertised, or solicited business or clients in the state. (Id. at ¶ 4)

- (*Facts Set 2*) **Eller Provided Services to Chet Holmes International Clients:** Eller did provide business consulting services to Chet Holmes International, a California entity, where Plaintiffs' former husband/romantic partner, defendant Richard (Rick) Hubbard was a client. (Id. at ¶5)

- (*Facts Set 3*) **Eller Provided Limited Services to Ecoloft Homes LLC In Response to Rick Hubbard's Request:** Eller did respond to Rick Hubbard's request for consulting services for his entity Ecoloft Homes LLC, but never solicited such a request, never met him, and never travelled to Texas. (Id. at ¶ 6)

- (*Facts Set 4*) **Eller Responded to Calls from Plaintiff Goedinghaus:** Eller did speak with Goedinghaus who reached out to him and called him on the phone and told her she would have to seek services from someone in Texas, as he did, and could not, provide the services she sought in the state. (Id. at ¶ 7-9)  Eller, in consultation with another psychologist, gave Goedinghaus a letter directing her to seek services from someone in Texas. (Id. at ¶ 9)

- (*Facts Set 5*) **Eller Never Submitted Statements in Any Judicial Proceeding involving Plaintiff Hubbard:** Eller never participated in any way in any custody and/or divorce proceedings between Plaintiff Hubbard and Rick Hubbard, and never submitted any statements or communications to any Texas court.  (Id. at ¶ 11-12)

- (*Facts Set 6*) **The Amended Complaint Embeds Materially Altered, False and/or Fraudulent Documents and Information in It:**  Eller's offensive conduct as described in the Amended Complaint (and upon which personal jurisdiction arguably relies) is based on the conclusory allegations that Eller either (a) provided sworn statements and testimony in divorce/custody court proceedings between Plaintiff Julia Hubbard and Defendant Richard Hubbard to keep Plaintiff from her child (Compl. ¶¶ 8, 129-132, 311, 334, 411) and/or (b) intentionally made recommendations to medical doctors in Texas to drug Plaintiff Kayla Goedinghaus. (Compl. ¶¶ 8, 14, 16, 139-143) These conclusory allegations are seemingly substantiated by the images on page 19 (a purported image of sworn statements that Eller submitted to courts), and on page 21 (a purported image of recommendations made to psychiatrists in Texas). However, Eller never submitted any written statement, affidavit, or sworn testimony in any Texas Court Proceeding or any divorce proceeding between Plaintiff Hubbard and Defendant Rick Hubbard, there is no such statement contained anywhere in the entire record of the proceeding. (Eller Decl. ¶ 11-14; Declaration of Indira J. Cameron-Banks [Banks Decl.] ¶ 7-13)  The image embedded on page 19 of the Amended Complaint is lifted from a document that was so patently forged and/or fabricated that not even the family court considered it – a fact known to Plaintiff Hubbard and her attorney prior to filing the

Amended Complaint. (Id. at ¶ 2, 13) Upon learning about this forged document from the Amended Complaint, Eller has filed a report with law enforcement for forgery and identity theft against Rick Hubbard. (Eller Decl. ¶ 14-15) Further the image embedded on page 19 of the Amended Complaint (Comp. ¶ 131) was materially altered by Plaintiffs to intentionally hide the fact that it was signed by two separate psychologists -- not just Eller – and identified recommendations made *to* Goedinghaus herself to seek a psychiatrist on her own in her local area (presumably in Texas), and not a letter directed to Texas psychiatrists recommending certain medication as alleged in the Amended Complaint. (Eller Decl. ¶8-10; Banks ¶ 14)

## III.    THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P 8(a) AND 12(b)(6) FOR FAILURE TO SET FORTH ALLEGATIONS THAT ESTABLISH ANY COGNIZABLE CLAIMS FOR RELIEF AGAINST ELLER

### A.    The Shotgun Pleading Warrants Dismissal of the Amended Complaint For Failure to Comply with Fed. R. Civ. P 8(a) Pleading Requirements.

The Federal Rules of Civil Procedure require a Complaint to contain a short and plain statement "of the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2).  A shotgun pleading Complaint is "where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick" are objectionable.  *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986) They make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and are subject to dismissal pursuant to Rule 12(b)(6) (citations omitted) *See Paylor v. Hartford Fire Ins. Co*., 748 F.3d 1117, 1126-27(11th Cir. 2014);  *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming dismissal of a complaint based on shotgun pleading that failed "to state clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" where they continued "to make 'everyone did everything' allegations.")   These "pernicious" pleadings unfairly shift the burden onto defendants to identifying genuine claims against themselves and impede the Court's ability to administer justice and manage litigation. (citations omitted) *In re Ozcelebi,* 635 B.R. 467, 472-3 (Bankr. S.D. Tex. 2021)

There are at least four common types of shotgun pleading in a complaint, and the instant complaint falls into two of the four types of shotgun pleading – (1) drafting a Complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and (2) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (setting forth four common types of shotgun pleading in complaints); *see also In re Ozcelebi,* 635 B.R. at 471.

Here the Amended Complaint states four separate causes of action –Violation of TVPRA, 18 U.S.C. § 1591 (sex trafficking) and § 1589 (labor trafficking), Violation of RICO 18 U.S.C. § 1962(c) (Pattern of Racketeering Activity), and § 1962(d) (RICO Conspiracy). Each and every cause of action is supported by an allegation that all of the 300+ paragraphs preceding the claim are "repeat[ed] and reallege[ed]" and followed by a limited series of allegations that that "Defendants" collectively violated the operative criminal statute through a threadbare recitation of the legal elements required to establish a violation of the criminal statute. The 300+ paragraphs preceding each cause of action are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1323. And while the Amended Complaint purports to specify how Eller specifically violated the TVPRA in Compl. ¶¶ 332-341, it contains nothing but vague *conclusory* statements repeating the elements of the claim. (*Allegations Set 9*) As such the Amended Complaint should be dismissed in its entirety. *See Destfino*, 630 F.3d at 958; *Paylor*, 748 F.3d at 1126-27.

**B.    The Amended Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to Allege Facts That Give Rise to Any Cognizable Claim Against Eller for Violation of the TVPRA or RICO Statutes**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw

6

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*   "[T]o survive a

motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572

F.3d 962, 969 (9th Cir. 2009).  Dismissal under Rule 12(b)(6) is proper, when like here, the Complaint

fails to plead a legally cognizable claim.  *See Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

> **1.     The Amended Complaint Fails to Set Forth Factual Allegations Sufficient to Establish a Cognizable Claim against Eller for Violation of TVPRA Provisions 18 U.S.C. § 1591 or §1589.**

Under 18 U.S.C. 1595(a), Plaintiffs may bring a civil action against either (1) the perpetrator of

a violation of §1591 or §1589, and/or (2) a beneficiary who "<u>knowingly</u> benefits, financial or by

receiving anything of value from participation in a venture which <u>that person knew or should have

known</u> has engaged in an act in violation of" §1591 or §1589.  18 U.S.C. § 1595(a)(emphasis added).

As set forth above, the Amended Complaint's shotgun pleading approach to alleging violations

of the First Cause of Action, violation of 18 U.S.C. § 1591(a)(sex trafficking) and the Second Cause of

Action, violation of 18 U.S.C. § 1589 (labor trafficking), falls short of the Fed. R. Civ. P Rule 8(a)

pleading requirements, making it impossible to discern what conduct Eller engaged in to violate the

TVPRA or how he is a beneficiary from the participation of a venture that violated either statute.  On

this basis alone, the claims should be dismissed.

> **a.     Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller for Violation of 18 U.S.C. § 1591(a).**

To be liable as a "perpetrator" of a violation of § 1591(a), a defendant must have "(i) knowingly;

(ii) in interstate or foreign commerce; (iii) recruit[ed], entic[ed], harbor[ed], transport[ed], provid[ed],

obtain[ed], maintain[ed], patronize[d], or solicit[ed] by any means a person; (iv) knowing, or, in

reckless disregard of the fact, that means of force, threats of force, fraud or any combination of such

means will be used; (v) to cause the person to engage in a commercial sex act." *See* 18 U.S.C. § 1591(a);

7

*Noble v. Weinstein*, 335 F. Supp. 3d 504, 515 (S.D.N.Y. 2018).  A "commercial sex act" is not *any* sex act, but a sex act specifically performed on account of "anything of value [being] given to or received by any person." 18 U.S.C. § 1591(e)(3).  In this case there are <u>no non-conclusory *factual*</u> allegations whatsoever that Eller ever "recruited, enticed, harbored, transported, provided, obtained, maintained, patronized or solicited" Plaintiffs to engage in a commercial sex act that he knew was being performed by force or threats of force, let alone that he "knowingly" engaged in such conduct.  There are only unexplained conclusory allegations that Eller violated the TVPRA or somehow controlled "the Venture" (*Allegations Set 9 and Set 10* Comp. ¶¶ 7, 310, 332-336, 340, 414, 436, 445), and the Amended Complaint contains no factual allegations whatsoever that lead to the plausible conclusion that Eller "caused" Plaintiff's to engage in a commercial sex act. Indeed, the allegations, if taken as true, confirm that Eller had no knowledge of Plaintiff's purported commercial sex acts, and had no ability whatsoever to cause them to engage in such conduct as he was legally and factually precluded from even doing so. (*Allegations Set 2 and Set 3*, Comp. ¶¶ 11, 14-16, 123, 138)

There are no allegations that Eller ever: (a) met the Plaintiffs, (b) housed or transported the Plaintiffs, (c) patronized or solicited Plaintiffs to engage in any acts whatsoever, much less any sex acts (commercial or otherwise), (d) promised anything to any of the Plaintiffs, or withheld anything from Plaintiffs, or (e) engaged in any *quid pro quo* arrangement with Plaintiffs for them engage in any sex acts in exchange for something of value.  There are no allegations that Eller caused the Plaintiffs to engage in any sex act, much less a *commercial* sex act. Indeed, the Amended Complaint alleges that it <u>was Defendant Rick Hubbard who obtained drugs</u> -- not Eller -- to somehow force Plaintiff to commit unspecified sex acts that are not alleged to be commercial sex acts.  (*Allegations Set 2 and Set 3*, specifically Comp. ¶¶ 11 and 123) The Amended Complaint further alleges that Eller never procured

or provided drugs to Plaintiffs, and that it would in fact be legally and factually impossible for him to do so.  (*Allegations Set 2 and Set 3*, Comp. ¶¶ 11, 14-16, 123, 138)

Moreover, the total absence of any non-conclusory factual allegations that Eller had any knowledge whatsoever of Plaintiffs' purported engagement in commercial sex acts, highlights the implausibility – indeed impossibility – for him to be liable for a violation of §1591(a) under a "beneficial liability" theory.  As set forth by § 1595, beneficial liability requires a defendant to <u>knowingly</u> benefit (by receiving anything of value) from <u>participating in</u> a "venture" that the defendant <u>knew or should have known</u> has engaged in an act in violation of" §1591(a).  18 U.S.C. § 1595(a)(emphasis added).  18 U.S.C. § 1591(e)(4) and (6) clarifies that "participation in a venture" (or "group of two or more individuals associated in fact") specifically means <u>knowingly</u> assisting, supporting, or facilitating a violation of subsection §1591(a).  As such "[t]he standard for beneficiary liability is "higher than under perpetrator liability, requiring a defendant to have actual knowledge of the purported trafficking <u>and</u> "assist[], support[], or facilitat[e]" the trafficking venture." *See Does v. Reddit, Inc.*, 51 F.4th 1137, 1141 (9th Cir. 2022).  Again, aside from unexplained conclusory allegations that Eller somehow controlled "the Venture" (*Allegations Set 10*, Comp. ¶¶ 7, 310, 333, 414, 436, 445), there are no plausible factual allegations that Eller actually (a) "participat[ed] in a venture," that he knew (b) violated § 1591(a), by causing Plaintiffs, under force or the threat of force, to engage in commercial sex acts.  There are no factual allegations that Eller knowingly "assist[ed], support[ed] or facilitate[ed]" any trafficking venture – there are no factual allegations that Eller took any concrete actions that plausibly caused Plaintiffs to engage in commercial sex acts.  In fact, the allegations in the Amended Complaint, if taken as true, establish that Eller could neither factually or legally deliver, procure, or prescribe drugs that the Amended Complaint alleges Rick Hubbard obtained in order to

9

somehow force Plaintiffs "to commit sex acts." ((*Allegations Set 2 and Set 3, Comp. ¶¶ 11, 14-16, 123, 138*)

Further, there are no allegations that Eller "knowingly benefit[ed]" from a trafficking venture as required by 18 U.S.C. § 1595(a).  For a defendant to "knowingly benefit," under this statute, he must have "knowingly benefitted financially or by receiving anything of value" directly from "participation in a venture" that he "knew or should have known" engaged in sex trafficking. *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-CV-5016, 2021 U.S. Dist. LEXIS 64565, at *3 (S.D. Tex. Mar. 29, 2021).

Indeed, here the factual allegations on their face only establish that Eller was paid to provide business consulting to Rick Hubbard and provide him with advice in Chet Holmes methods even though Rick Hubbard failed to form a successful legitimate business. (*Allegations Set 1*, Compl. ¶¶ 115, 118, 125)  This fact is confirmed by an image purported to be a screenshot of a payment that Rick Hubbard made in the amount of $2000 *to his own business*, TXEcoloft (presumably referring to "Ecoloft Homes LLC") for Eller's business consulting services. (Compl. ¶ 125)  This screenshot is intended to support the conclusory statement that Rick Hubbard paid Eller a monthly fee "resulting in hundreds of thousands of dollars" over the years.  (Id.) However, there are no factual, *non-conclusory* allegations to reflect that such payments were made for anything other than Eller's business consulting advice. (*Allegations Set 1* Compl. ¶¶ 115, 118, 125)  As such the Amended Complaint fails to state any cognizable claim against Eller for a violation of 18 U.S.C. § 1591 on either a perpetrator or beneficiary theory of liability.

> **b.**      **Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1589.**

In order to perpetrate a violation of 18 U.S.C. § 1589 such to be liable for "perpetrator liability" a defendant has to "knowingly provide[] or obtain[] the labor or services of a person" through "(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or

another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint"  18 U.S.C. § 1589(a).  Again, there are no factual allegations that Eller "knowingly provided or obtained the labor or services" of Plaintiffs' for anyone through "force, threats of force, physical restraint . . . harm . . . threats of harm . . . abuse or threatened abuse of law or legal process."   Even the false document embedded in the Amended Complaint at page 19 undermines the possibility of such conduct.  There are no factual allegations as to how Eller *knowingly* provided, or obtained the labor or services from Plaintiff through a document purportedly submitted in a 2019 court proceeding, a year after Hubbard leaves the purported sex trafficking Venture in 2018 according to the Amended Complaint's own allegations. (Compl. ¶¶ 50,131)  In other words, there is no allegation – nor is the existence even factually possible -- of a *quid pro quo* arrangement resulting in Hubbard providing labor or services before 2018 based on the submission of the document to the court, or conversely from the withholding of such submission from the court in 2019.  Indeed, there could not be any sort of bargain since the 2019 document was alleged to have been submitted in the court custody proceedings after Hubbard left the Venture in 2018. (Id.)

The legal standard for "beneficial liability" under § 1589 as set forth by § 1595(a), requires a defendant to knowingly benefit (by receiving anything of value) from participating in a "venture" that the defendant knew or should have known has engaged in an act in violation of" §1589.  18 U.S.C. § 1595(a)(emphasis added).  For all the reasons already set forth herein, the Amended Complaint fails to allege any plausible facts to establish a basis for this theory of liability against Eller.  There are no factual allegations that plausibly establish that Eller actually knew, or should have known, about a

11

venture that was providing or obtaining the labor or services of Plaintiffs through threats, harm, physical restraint, or abuse of process. Moreover, as set forth above, the factual allegations in the Amended Complaint, on their face, only establish that Eller was paid to provide business consulting services to Rick Hubbard to provide him with advice on Chet Holmes methods. (*Allegations Set 1* Compl. ¶¶ 115, 118, 125). As such the Amended Complaint fails to state any cognizable claim against Eller for a violation of 18 U.S.C. § 1589 on either a perpetrator or beneficiary theory of liability.

> **2.      The Amended Complaint Fails to Set Forth Factual Allegations Sufficient to Establish a Cognizable Claim against Eller for Violation of RICO Provisions 18 U.S.C. § 1962(c) or (d).**

RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. Univ. Students Coop. Ass'n,* 965 F.2d 783, 786 (9th Cir. 1992), abrogated on other grounds by *Diaz v. Gates,* 420 F.3d 897 (9th Cir. 2005). Again, the shotgun pleading approach of "everyone did everything" in the Third and Fourth Causes of Action for RICO violations of § 1962(c) (pattern of racketeering) § 1962(d) (RICO conspiracy) fall below Rule 8(a) pleading requirements, and on this basis alone, should be dismissed.

> **a.      Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1962(c).**

In order to even have standing to bring a civil action for violation of § 1962(c) as authorized by 18 U.S.C. § 1964(c) Plaintiffs would have had to set forth plausible allegations of an "injury" to their "business or property." *See* 18 U.S.C. § 1964(c). The Amended Complaint contains no allegations whatsoever as to any plausible business or property injury Plaintiffs sustained as a result of a purported RICO violation, or any details about how or when. For this reason alone, <u>Plaintiffs lack standing</u> to even attempt to bring cognizable claim under § 1962(c), and the claims should be dismissed. *See HCB Fin. Corp. v. McPherson,* 8 F.4th 335, 343 (5th Cir. 2021).

Further, the Amended Complaint fails to sufficiently plead any facts to establish the fundamental, well-established basic elements of any RICO claim, such as "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985).

To sufficiently set forth allegations to satisfy just the first element, "conduct," the Amended Complaint would have to allege facts showing Eller "participate[d] in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (finding that the conduct element for a §1962(c) claims requires some degree of direction or control by the defendant alleged to have committed a RICO violation). The Amended Complaint contains nothing more than *conclusory* allegations that Eller controlled the purported sex trafficking venture, which are insufficient to impute control or direction. (*Allegations Set 9*, Compl. ¶¶ 332-336) In fact the only plausible conclusion from the allegations in the Amended Complaint is that Eller was wholly irrelevant to the venture because he was not only factually and legally precluded from securing, delivering and procuring drugs for Plaintiff, Eller did not secure drugs for Plaintiff – which was allegedly done by Defendant Rick Hubbard. (*Allegations Set 2 and Set 3, Comp. ¶¶ 11, 14-16, 123, 138*) Further the alleged (albeit non-existent) statements Eller purportedly filed in Plaintiff Hubbard's custodial court proceeding involving her parental rights are not even plausibly alleged to have any effect on her or the alleged venture because any such documents (in 2019 or later) would have been filed after Hubbard's alleged escaped from the purported criminal enterprise in 2018. (Compl. ¶¶ 50 and 131)

The Amended Complaint further fails to plausibly allege the existence of any RICO enterprise. An "enterprise" for purposes of the RICO, can be based on an association in fact, or "group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 945-46 (2009) ("It is apparent that an association-in-fact enterprise must have at least

13

three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."). "An enterprise is a group of persons or entities associating together for the common purpose of engaging in a course of conduct." *Whelan v. Winchester Prod. Co*., 319 F.3d 225, 229 (5th Cir. 2003). An association-in-fact enterprise "must have an ongoing organization or be a continuing unit, such that the enterprise has an existence that can be defined apart from the commission of the predicate acts." *Montesano v. Seafirst Commercial Corp*., 818 F.2d 423, 427 (5th Cir. 1987). Here, the Amended Complaint fails to allege the existence of an enterprise separate and apart from the alleged racketeering activity itself. As such, Plaintiffs have failed to sufficiently plead the existence of "an enterprise," a fundamental element of a RICO claim. *See Zastrow v. Houston Auto Imps. Greenway Ltd*., 789 F.3d 553, 562 (5th Cir. 2015).

In short, Plaintiffs fail to set forth any allegations in the Amended Complaint showing they even have standing to bring a RICO claim pursuant to § 1962(c), and further fail to set forth allegations to support basic elements of such a claim against Eller, as well as other defendants. As such, Plaintiffs' claim for a § 1962 RICO violation should be dismissed because the Amended Complaint fails to allege any facts supporting Plaintiffs' ability to assert a cognizable claim under this provision.

> **b.      Plaintiffs Fails to Allege Any Facts Giving Rise to a Cognizable Claim Against Eller For Violation of 18 U.S.C. § 1962(d).**

In order to be liable as part of a RICO conspiracy, a defendant has to at the very least have knowledge of the nature of the conspiracy, or criminal objective of the conspiracy. *See Salinas v. United States*, 522 U.S. 52, 61-66 (1997). Further the alleged conspirator must intend to further the RICO conspiracy. *Id* at 64. In addition to the failure to allege fundamental elements of even a RICO violation (or the underlying violations of the TVPRA), the Amended Complaint fails to set forth any factual, non-conclusory, allegations to plausibly establish that Eller had any knowledge whatsoever of any RICO conspiracy, or its purported criminal objective. In short there are no factual, non-conclusory

allegations, from which to plausibly conclude that Eller had any knowledge about Defendant Rick Hubbard's alleged conduct of drugging and forcing Plaintiffs to commit commercial sex acts. As such, the Amended Complaint fails to set forth any cognizable claim against Eller based on a RICO conspiracy in violation of 18 U.S.C. § 1962(d).

## IV.   THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P 12(b)(2) BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER ELLER

Despite being given multiple opportunities to demonstrate how this Court could exercise personal jurisdiction over Eller, Plaintiffs have failed to carry their burden of establishing such jurisdiction. *See Colwell Realty Invest., Inc. v. Triple T Inns, Inc.*, 785 F.2d 1330, 1332 (5th Cir. 1986)(plaintiff bears the burden of establishing the court's personal jurisdiction over defendant); *De Melo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270 (5th Cir. 1983)(plaintiffs bear the burden of establishing the trial court's personal jurisdiction) Without personal jurisdiction over a specific defendant, the Court may not proceed to the merits of any claims asserted against that defendant in the Amended Complaint. *See generally Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-431 (2007). It is well-established that "a federal court may only exercise personal jurisdiction if it is authorized to do so by law <u>and</u> such exercise does not violate the Constitution." (emphasis added.) *Burstein v. State Bar of California*, 693 F.2d 511, 514 (5th Cir. 1982); *See generally Omni Cap. Intl, Ltd v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 105 (1987) ("[A] federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction.").

Here, the only laws that Plaintiffs seemingly rely upon 18 U.S.C. § 1965(b) in order to establish that this Court has personal jurisdiction over Eller. (Compl. ¶ 57-58) This RICO provision -- in certain limited instances -- can provide for personal jurisdiction over a defendant in civil actions brought

15

pursuant to § 1964.[3] However it is untenable for Plaintiffs, who have not even set forth allegations establishing that they have standing to bring such a claim, or even a cognizable claim under §1962(c) or (d), to avail themselves of § 1965 in order to assert that this Court has personal jurisdiction over Eller. The argument fails at the threshold, because Plaintiffs "must first present a 'colorable' RICO claim in order to take advantage of the nationwide personal jurisdiction and venue provisions [in § 1965]" *Fernandez-Lopez v. Hernandez,* Civil Action No. DR-19-CV-46-AM/CW, 2020 U.S. Dist. LEXIS 253511, at *23 and *34 (W.D. Tex. Nov. 20, 2020) (finding that when "there is insufficient factual or legal substance to the RICO claims, and the Court will not allow the Plaintiffs to couch their claims as falling under RICO simply for the purpose of obtaining jurisdiction over the Defendants")(citing *Courboin v. Scott,* 596 F. App'x 729, 732 (11th Cir. 2014*); ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 629 (4th Cir. 1997)*; Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 941-42 (11th Cir. 1997)*; D'Addario v. Geller,* 264 F. Supp. 2d 367 (E.D. Va. 2003); and *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946).) Accordingly, for the reasons discussed herein[4], Plaintiffs are precluded from asserting that this Court has personal jurisdiction over Eller based on the RICO statutory scheme, namely § 1965.[5]

---

[3] Plaintiffs do not rely on the Texas Long Arm Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.041-045, providing for jurisdiction over a non-resident "doing business" in the state.

[4] The motions to dismiss the amended Complaint filed by other defendants also highlight and underscore factually and legally insufficient bases for Plaintiffs' alleged RICO claims.

[5] The Court in *Fernandez-Lopez* discusses the "majority" approach followed by most circuits, and most district courts within the Fifth Circuit as to how to approach a personal jurisdiction analysis under § 1965 – specifically grounded in subsection (b), which is not automatic, but requires a showing that the "ends of justice" are served by the exercise of such jurisdiction. *Id.* at *35-39; *see also Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 118 (3d Cir. 2020); *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1232 (10th Cir. 2006)("the 'ends of justice' is a flexible concept uniquely tailored to the facts of each case.")  For all the reasons set forth herein, the ends of justice would not be served through the exercise of personal jurisdiction over Eller, even if the Court were able to move beyond Plaintiff's threshold failure to establish standing to bring a cognizable claim under RICO.

Regardless of the asserted statutory basis for personal jurisdiction (here RICO), it is well-established that a Court's exercise of personal jurisdiction is limited by the United States Constitution.[6] Indeed, Constitutional due process limits allow for the exercise of personal jurisdiction over any non-resident defendant only if he (1) has established "minimum contacts" with the forum state (2) "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Choice Healthcare, Inc. v. Kaiser Found Health Plan of Cob.*, 615 F.3d 364, 367 (5th Cir. 2010).

"Minimum contacts" with a forum state can either confer "general jurisdiction" or "specific jurisdiction." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). "General jurisdiction" with respect to an individual usually refers to his place domicile, which is undisputedly inapplicable here. (*Allegations Set 1,*Comp. ¶ 53, 58, 116) *See Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011). "Specific jurisdiction" occurs when a "nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." (citations omitted.) *Walk Haydel & Assocs., Inc. v. Coastal Power Production*, 517 F.3d 235, 243 (5th Cir. 2008). Plaintiffs are seeking to establish personal jurisdiction based on specific jurisdiction. (Compl. ¶ 57)

For specific jurisdiction, the defendant has to have (1) purposely directed activities toward the forum state or purposely availed themselves of the privileges of conducting activities there and (2) those purposely directed activities give rise to the controversy or claims. *See Choice Healthcare*, 615 F.3d at 369. Notably, it is the defendant's own conduct that establishes personal jurisdiction and that "defendant's suit-related conduct must create a <u>substantial</u> connection with the forum State." (emphasis

---

[6] This applies to the Texas Long Arm Statute as well. *See Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992).

added.) *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  Moreover, specific jurisdiction is not grounded in Plaintiffs' unilateral activity, status, or conduct.  In other words, the Court's "minimum contacts" analysis to establish specific (personal) jurisdiction must examine "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." (*Id.* at 285)("however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated.")

In order to conduct this fact-specific inquiry, the Court may consider materials outside of the Complaint -- including affidavits, exhibits, and all documents in the record.  *See Quick Technologies, Inc.* 313 F.3d  at 343; *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997); *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996); *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). Further, the Court should not credit "conclusory allegations" in the Complaint, "even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).  Here the non-conclusory allegations in the Complaint do not establish that Eller purposely directed any conduct whatsoever at Texas, let alone substantial conduct, or sought to avail himself of the laws of Texas.

Eller resides and conducts all his business (at all times relevant hereto) in Los Angeles County, California, where he is licensed in behavioral therapy and provides services to special needs children and adults. (Eller Decl. ¶ 2) He has never lived, worked, visited, or travelled to Texas, or ever conducted business, advertised, or solicited business or clients in the state. (Id. at ¶ 4)

Between 2016-2017, Eller provided business consulting services to a California entity of which defendant Richard (Rick) Hubbard was a client, and then simply responded to *his* request to resume the services in 2019 after he was no longer a client; notably, Eller never solicited Defendant Hubbard as a

client, never met him in person, and never travelled to Texas.  (Eller Decl. at ¶¶ 5-6)  Those continued services were provided in 2019 only.[7] (Id.)

Eller did speak with Plaintiff Goedinghaus when *she* called *him* on the phone, and directed her to find healthcare providers on her own in Texas and gave her a letter to help her with her own search, neither requesting nor receiving any compensation from her. (Id. at ¶ 7-10)  In or around January 2019, Plaintiff Goedinghaus called Eller presumably because she understood him to be a psychologist.   Eller only ever spoke to Plaintiff Goedinghaus on the phone, never treated her in person and instead consulted with another psychologist in order to provide her with a letter (signed by both of them) directing her to specifically find treaters in Texas itself because as Eller explained he was not able to provide her with the services she needed.  Eller, who felt sympathy for Goedinghaus, never received any compensation for speaking with her on the phone or giving her the letter.  A portion of the letter, materially altered to be intentionally misleading, is embedded in the Amended Complaint at page 21.  (Id.) Eller only ever spoke to Plaintiff Goedinghaus on the phone, never treated her in person, and instead (after consulting with another psychologist) provided her directly with a letter to specifically find treaters in Texas itself because as Eller explained he was not able to provide her with the services she needed. (Eller Decl. ¶¶7-10) Eller, who felt sympathy for Goedinghaus, never received any compensation for speaking with her on the phone or giving her the letter. (Eller Decl. ¶ 9) These limited sporadic communications with Defendant Rick Hubbard and Plaintiff Goedinghaus, both of whom were presumably in Texas when they called Eller and he responded to them, do not rise to the level of minimum contacts with Texas to confer specific jurisdiction in this case, and any exercise of personal jurisdiction would offend the "notions of fair play and substantial justice."

---

[7] Any limited compensation Eller received from Defendant Rick Hubbard was for business consulting – a fact that is supported by the allegations in the Complaint itself which embeds a picture of payment that Defendant Hubbard made to his own company "for Dr Eller." (Eller Decl. ¶ 6; Compl. ¶ 126)

Finally, Eller never submitted any statements in any judicial proceeding or ever issued any "affidavits" to anyone – ever – anywhere, including Texas, regarding either Plaintiff or their custodial rights over their children. (Id. at ¶¶ 7-9, 11-14)  It is undisputed that Eller never provided any letters or participated in any way in any divorce/custody proceeding between Julia Hubbard and Rick Hubbard. (*Facts Set 5 and Set 6,* Eller Decl. ¶¶ 11-14; Banks Decl. ¶ 7-13)  Further, the excerpt from a purported letter written by Eller appearing in the Complaint at page 19 is a patently forged or fraudulent document that Plaintiffs and their attorney knew or should have known was fabricated, because not even the family court overseeing the custody proceeding considered it. (Banks Decl. ¶ 7-13)  It should not be considered in this proceeding as a basis for exercising personal jurisdiction over Eller and doing so would necessarily offend any notion of fair play or substantial justice.

Accordingly, Eller should be dismissed from this lawsuit for lack of personal jurisdiction.

## V.    CONCLUSION

For the reasons set forth herein, the Court should dismiss the Amended Complaint and all the claims asserted therein as to Eller pursuant to Fed. R. Civ. P. 12(b)(2), (6) and 8(a).

DATED:  July 21, 2023                         */s/ Indira J. Cameron-Banks*

_____
Indira J. Cameron-Banks (Cal. Bar No. 248634)
*Indira@CameronJones.Law*
C A M E R O N | J O N E S LLP
8383 Wilshire Boulevard, Suite 800
Beverly Hills, California 90211
(424) 757-0585 | www.CameronJones.law

(appearing *pro hac vice*)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of Benjamin Todd Eller's Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and (6) and 8(a) was served on counsel of record via CM/ECF on July 21, 2023.

*/s/ Indira J. Cameron-Banks*

Indira J. Cameron-Banks