UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § § | |
| TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUIT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARC MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STPORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLIFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 | § § § § § § § § § § § § § § § § § § § § § § § | Judge: Hon. Fred Biery Date Action Filed: May 8, 2023 (transferred) |
| Defendants. | § | |

**DEFENDANT ROBERT L. PRUITT'S
AMENDED MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. PROC. 12 (b)(6)**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 3

SUMMARY OF ARGUMENT ............................................................................................. 4

Adoption of Crow Dismissal Motion..................................................................................... 6

Allegations Regarding Pruitt Relevant to This Motion......................................................... 7

Conclusion .............................................................................................................................. 7

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW ROBERT L. PRUITT** ("Pruitt") in the above-styled and numbered cause and files this his Amended Motion to Dismiss Pursuant to Fed. R. Civ. Proc 12(B)(6) (this "Motion") requesting this Court to dismiss Plaintiffs' Amended Complaint for Violations of the Trafficking Victims Protection Act and Racketeering Influenced and Corrupt Organizations Act (the "Amended Complaint") filed by Julia Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus") (collectively "Plaintiffs"), and in support thereof would respectfully show the Court as follows:

<u>INTRODUCTION</u>

This is an action by Plaintiffs against the Defendants asserting that Defendant Richard Hubbard ("Hubbard") "ran a sex and labor trafficking venture" in which he forced his wife, Plaintiff Hubbard, (a former Texas nightclub waitress) and fiancée, Plaintiff Goedinghaus, to "engage in commercial sex acts" for Hubbard's and the other Defendants' financial benefit.

Plaintiffs further contend that this "Venture" became an alleged illegal racketeering "Enterprise." The Complaint alleges counts against all Defendants for violation of Human Trafficking Laws, civil RICO racketeering, and civil RICO conspiracy.

Defendant Pruitt is named as one of the "Investor Defendants" who, along with the other Investor Defendants, is alleged to have supported  the  Venture by  providing financial support to Defendant Hubbard and the Venture by employing Defendant Hubbard  and  paying  his  utility  bills.

## RELEVANT PROCEDURAL HISTORY TO THIS MOTION

On June 26, 2023, the Court granted Plaintiffs' request for leave to amend in an effort to allow them to attempt to correct the fatal pleading defects in their Complaint for Violations of the Trafficking Victims Protection Act and Racketeer Influenced and Corrupt Organizations Act (the "Original Complaint"). (DN 184).

Thereafter, Plaintiffs filed their Amended Complaint on July 7, 2023. A thorough review of the Amended Complaint reveals the only true changes made to Plaintiffs' sordid story were to add an additional Defendant[1], and to make various changes that amount to no more than grammatical corrections and sentence restructuring in an attempt to merely reword their previous insufficient factual allegations[2]. (See also _Crow Dismissal Motion_ - Exhibit A (redlined version of the Original Complaint compared to the Amended Complaint).

In other words, Plaintiffs would have this Court believe that, just because they allege the same vague and conclusory factual allegations in a different way, they have met the pleading requirements of FRCP 8 and 12(b)(6).

However, even with the Plaintiffs' efforts, such "amendments" fail to rise to the level of the pleading requirements necessary to state a claim against Defendant Pruitt.

On July 10, 2023, in light of the filing of the Amended Complaint, this Court

---

[1] The Amended Complaint adds Plaintiff Goedinghaus's ex-husband and alleged abuser, Defendant Burlingame, whose addition does nothing to cure the previously fatal pleading defects contained in the Original Complaint.

[2] As noted below, the Amended Complaint makes no new allegations and provides no new factual substance for the claims against Defendant Pruitt.

entered its Order Denying Motions to Dismiss (the "Dismissal Order") [DN 191] denying all pending motions to dismiss without prejudice to the refiling of the same by Defendants.

This Amended Motion is therefore filed pursuant to the Court's Dismissal Order to address the continuing and uncured pleading defects, and factual and legal insufficiencies, in the Amended Complaint.

<u>SUMMARY OF ARGUMENT</u>

In response to Plaintiffs' latest attempt to correct the pleading defects and factual insufficiency of their story, Defendant Pruitt would show that the Amended Complaint should be dismissed pursuant to Rule 8 and Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE[3] for the reasons that:

(a)    Plaintiffs' Amended Complaint again fails to satisfy the notice pleading requirements of FRCP 8;

(b)    Plaintiffs' cause of action under the Victims of Trafficking and Violence Protection Act of 2000 ("TVPA") should be dismissed for the reason that Plaintiffs have failed to allege sufficient facts to support any perpetrator liability or beneficiary liability under the TVPA;

(c)    Plaintiffs' cause of action for labor trafficking should be dismissed because Plaintiffs do not plausibly allege that Defendant Pruitt provided or obtained Plaintiff Hubbard's[4] labor by force or received anything of value;

---

[3]   Hereafter referred to as "FRCP ___".
[4]   The Amended Complaint contains no allegations whatsoever against Pruitt by Plaintiff Goedinghaus.

<u>DEFENDANT ROBERT L. PRUITT'S AMENDED MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12 (b)(6)</u> **-** Page 5 of 15

(d)     Plaintiffs' cause of action for violations of RICO under 18 U.S.C. § 1962(c) should be dismissed for the reasons that (i) Plaintiffs lack RICO standing; (ii) Plaintiffs fail to otherwise allege the required acts and prerequisites of an "enterprise", a "pattern of racketeering", or the type of "RICO conduct" necessary to support a Section 1962(c) RICO Claim; and (iii) Plaintiffs fail to allege the required acts and prerequisites to support a RICO conspiracy; and

(e)     The four (4) year RICO statute of limitations bars Plaintiff Hubbard's claims.

<u>**Adoption of Common Legal Arguments and
Authorities of Crow Dismissal Motion**</u>

On July 20, 2023, Defendant Crow filed his Crow Motion to Dismiss Amended Complaint (the "Crow Dismissal Motion") seeking dismissal of the Amended Complaint based on the arguments and authorities set forth therein.

For the purposes of continuity and judicial economy, Defendant Pruitt hereby adopts, incorporates, and joins in the following Sections, including all arguments and authorities relevant to Defendant Pruitt, of the Crow Dismissal Motion and the exhibits attached thereto:

(a)     Allegations Relevant to This Motion (general allegations of Plaintiffs and to the extent that any of such allegations apply to Defendant Pruitt) (*Crow Dismissal Motion*, Pgs. 2-7);

(b)     Applicable Legal Standards (*Crow Dismissal Motion*, Pgs. 7-8);

(c)     Arguments (*Crow Dismissal Motion*, Pgs. 8-25); and

(d)     Leave to amend should be denied (*Crow Dismissal Motion*, Pg. 25).

**Allegations Regarding Defendant Pruitt Relevant to This Motion**

In their Amended Complaint, despite Plaintiffs attempt to cure the gross factual insufficiency of the Original Complaint, Plaintiffs make no new or additional specific factual allegations against Pruitt.

In fact the "amended" allegations against Pruitt (*Amended Complaint* - ¶¶218-224), are identical to those contained in the Original Complaint.  These "factual" allegations by Plaintiff Hubbard[5] regarding Defendant Pruitt are as follows:

1.      Pruitt financially supported the Enterprise by employing and paying Rick and paying certain of his personal expenses (*Amended Complaint* - ¶¶219-220).

2.      Rick would regularly send Pruitt naked photos of Plaintiff Hubbard (*Amended Complaint* - ¶221).

3.      Rick would force Plaintiff Hubbard to sit in Pruitt's lap and allow him to physically touch her.  (*Amended Complaint* - ¶222).

4.      Pruitt would refer to himself as "Uncle Bob" (*Amended Complaint* - ¶223).

5.      Rick would force Hubbard to send "thank you" texts to Pruitt (*Amended Complaint* - ¶224).

**A.     Legal Standards Applicable to This Motion**

As noted above, Defendant Pruitt hereby adopts and joins in the portions of the

---

[5]   The Amended Complaint contains no allegations whatsoever against Pruitt by Plaintiff Goedinghaus.

Crow Dismissal Motion related to the "Applicable Legal Standards" governing the determination of this Motion and other motions to dismiss filed by Defendants.  (*Crow Dismissal Motion*, Pgs. 7-8).

**B.**     **Arguments and Authorities.**

Further, as noted above, Defendant Pruitt hereby adopts and joins in the portions of the Crow Dismissal Motion related to the "Arguments and Authorities" as they relate to the general legal arguments and governing legal principles and authorities that apply to the various claims of Plaintiffs in relation to all of the other Defendants. (*Crow Dismissal Motion*, Pgs. 8-25)

**C.**     **The Amended Complaint is Wholly Insufficient to Support Any Claims against Defendant Pruitt**

Initially, Defendant Pruitt would show that a thorough reading of the Amended complaint reveals numerous factual insufficiencies, and the lack of any supporting facts necessary to support the claims of the Plaintiffs relating to his participation in the Venture, and other alleged wrongful or improper conduct complained of therein.

More specifically, there is an obvious and glaring absence in the Amended Complaint of  any allegations of Plaintiffs relating to Defendant Pruitt:

(a)     Unlike other Investor Defendants, there are absolutely no allegations contained in the Amended Complaint that Defendant Pruitt had any interaction or relationship with Plaintiff Goedinghaus;

(b)     Unlike other Investor Defendants Crow, Ecob, Juracek, and Pendergrass, Defendant Pruitt was not  employed by, or have any business relationships

with Crow or any of his companies;

(c)     Unlike Investor Defendants Crow, Ecob, Juracek, Pendergrass, Cain, Cole, and Rogers, there are no factual allegations that Defendant Pruitt, other than the consulting fees and expenses legitimately paid to Defendant Hubbard, ever invested in or provided financial support to the alleged Venture, Forced Sex Parties, or any of Defendant Hubbard's alleged illicit business ventures;

(d)     Unlike Investor Defendants Cain, Cole, and Rogers, there are no factual allegations that Defendant Pruitt ever supplied drugs to Plaintiffs; and

(e)     Unlike the other Defendants, there are no factual allegations that Defendant Pruitt ever attended or participated in the alleged Forced Sex Parties, or in any manner forced either of Plaintiffs to participate in any illicit sexual acts, either with or without their consent.

 (See _Amended Complaint_ - ¶¶218-224).

**D.     Insufficiency of TVPA Claims**.

Defendant Pruitt would show that Plaintiffs' cause of action under the TVPA should be dismissed for the reason that Plaintiffs have failed to allege sufficient facts to support any perpetrator liability or beneficiary liability under the TVPA.

As more specifically set forth in the Crow Dismissal Motion, the amended complaint filed to sufficiently allege facts as to which Defendant, including Defendant Pruitt, is purportedly liable under which part of the TVPA and how the respective

defendants are connected in the alleged formation of the venture. See *Noble Capital*, 2023 WL 3035411, at *3 ("With the number of defendants named and the number and nature of causes of action asserted, the Fund's claims must be more clearly—and more fairly—connected to particular defendants.").

**E.**     **The Amended Complaint Contains No Allegations to Support Plaintiffs' Claims That Defendant Pruitt Participated in, or was a Part of any Labor Trafficking**

Defendant Pruitt would further show that the Plaintiffs' cause of action for labor trafficking should be dismissed for the reason that the Amended Complaint Plaintiffs contains no specific factual allegations and does not plausibly allege that Defendant Pruitt provided or obtained Plaintiff Hubbard's labor by force or received anything of value for Plaintiff Hubbard's alleged conduct.  (*Amended Complaint* - ¶¶218-224).

**F.**     **The Amended Complaint Contains Insufficient Allegations to Support Plaintiffs' Claims That Defendant Pruitt Violated Any Provisions of 18 U.S.C. §1962(c)**

Defendant Pruitt would further show that, other than Plaintiffs' general and conclusory allegations that all Defendants basically participated in all conduct constituting the alleged Venture and pattern of racketeering, the Amended Complaint fails to allege sufficient specific factual detail, as required by applicable law, supporting Plaintiffs' cause of action for RICO violations under 18 U.S.C. § 1962(c).

More specifically, Defendant Pruitt would show that Plaintiffs' RICO claims fail, even under the Amended Complaint, for the reasons that:

(a)     Plaintiffs have failed to allege sufficient facts to support standing under

RICO (see *Crow Dismissal Motion* - Paragraph C-1, pp. 15-17);

(b)   Additionally, Plaintiffs have failed to otherwise allege the type of required acts and prerequisites sufficient to even constitute an "enterprise", much less that Defendant Pruitt acted with the other "Defendants in functioning as a continuing unit with a common purpose (see *Crow Dismissal Motion* - Paragraph C-2(a), pp. 18-21 and the authorities cited therein).

(c)   Further, the allegations of the Amended Complaint fail to otherwise allege a "pattern of racketeering", or the type of "RICO conduct" necessary to support a Section 1962(c) RICO Claim.  More specifically, the amended complaint is devoid of any allegations in relation to defendant Pruitt that he participated in any manner in the operation and management of the alleged Rico Enterprise, or any conduct alleged to constitute a pattern of racketeering.  (see *Crow Dismissal Motion* - Paragraph C-2(b) and (c), pp. 21-24 and the authorities cited therein).

## G.   The Amended Complaint Contains No Allegations to Support Plaintiffs' Claims of a RICO Conspiracy or That Defendant Pruitt Participated in, or was a Part of any RICO Conspiracy

Finally, the factual allegations against Defendant Pruitt as set forth in the Amended Complaint are devoid of any specific facts that he was involved in any conspiracy relating to the alleged Venture or any pattern of racketeering.  (*Amended Complaint* - ¶¶218-224)

Other than the general and conclusory allegations contained in the Amended

Complaint, Plaintiffs have alleged no specific facts that Defendant Pruitt was aware of, or had any knowledge of the alleged wrongful acts or conduct of the other Defendants such that he could have the opportunity to, or intended to, participate any alleged RICO conspiracy.  (See *Amended Complaint* - ¶¶440-447; *Crow Dismissal Motion* - Paragraph C-4, p. 25 and the authorities cited therein)

For example, nowhere do Plaintiffs make any factual allegations that Defendant Pruitt was in any manner involved with, operated, managed, participated in, or "financed" the alleged Forced Sex Parties described by Plaintiffs in the Amended Complaint, or that he entered into an agreement or arrangement with any of the other Defendants to do so.

In addition, nowhere in the Amended Complaint are there any factual allegations that plausibly connect or establish any nexus between the conduct of Defendant Pruitt and any other Defendants.

In summary, the only factual allegations that Plaintiffs have alleged in support of their claims that Defendant Pruitt somehow participated in and financially supported the Venture are that he employed Defendant Hubbard and paid him consulting fees for work that he actually performed on behalf of Defendant Pruitt.

Further, nowhere in the Amended Complaint are there any facts alleged by Plaintiffs that Defendant Pruitt ever entered into any agreement or meeting of the minds with the other Defendants, or committed any overt acts, sufficient to constitute a conspiracy under RICO.

As such, Plaintiffs' conspiracy claim fails because they have not plausibly alleged sufficient facts to support their claims "that each defendant was", including Defendant Pruitt, aware of the essential nature and scope of the enterprise and intended to participate in it." _Ducote Jax Holdings, LLC v. Bradley_, No. 04-1943, 2007 WL 2008505, *7 (E.D. La. Jul. 5, 2007).

## H.    The Amended Complaint Establishes On Its Face That Plaintiff Hubbard's Rico Claims Are Barred By The Applicable Statute Of Limitations

Further, Defendant Pruitt would show that it is clear from the factual allegations contained in the Amended Complaint relating to the time period of the conduct complained of by Plaintiffs, that Plaintiff Hubbard's RICO claims expired because she waited more than four (4) years after her latest possible injury to file her Complaint. _Amended Complaint_ - ¶¶239, 249, 265, and 279-281; _Crow Dismissal Motion_ - Paragraph C-3, pp. 24-25 and the authorities cited therein).

In fact, the Amended Complaint itself clearly establishes on its face that any and all of the claims or causes of action of Plaintiff Hubbard would have accrued as early as March 2017 (when Hubbard allegedly "escaped" the Venture) or, at the latest, April 2018 (when she alleges that her mortgage was foreclosed by reason of the alleged wrongful conduct of defendants[6].

As such, Defendant Pruitt would show that Plaintiff Hubbard's RICO claims

---

[6]   It is important to note that Plaintiff Hubbard makes no factual allegations whatsoever that Defendant Pruitt was somehow involved in any wrongful conduct that resulted in the foreclosure of her mortgage in April 2018. In fact, if the Court were to assume that the facts relating to Defendant Pruitt payments supported Plaintiff Hubbard and Defendant Hubbard were actually for some surreptitiously purpose, Defendant Pruitt's payments would logically have aided Plaintiff Hubbard in preventing any foreclosure of her mortgage as alleged.

**DEFENDANT ROBERT L. PRUITT'S AMENDED MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12 (b)(6) -** Page 13 of 15

against him should be dismissed as being barred by the applicable 4-year statute of limitations.

<u>CONCLUSION</u>

Based on the meager factual allegations asserted by only one Plaintiff, Hubbard, against Pruitt, as well as the arguments and authorities set forth herein and in the Crow Dismissal Motion (as adopted by Pruitt), it is clear that the Complaint fails to allege facts showing any wrongful conduct or participation by Pruitt under the TVPA or RICO, or that his conduct caused any alleged harm (or even that the alleged harm is cognizable or redressable under the law).

The Amended Complaint should therefore be dismissed with prejudice against Defendant Pruitt and all other Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Pruitt respectfully requests, for all the foregoing reasons, that the Court:

(a)    Dismiss the Amended Complaint in its entirety without prejudice and without leave to amend;

(b)    Granting to Defendant Pruitt, such other, and further relief, at law, or in equity, to which he may show himself justly entitled.

/
/
/
/

Respectfully submitted,

**MOON & SLOUGH, PLLC**
101 Vintage Dr., Suite 100
Red Oak, Texas 75154
Telephone: 469-820-9509
Telefax: 800-930-7112

By:  /s/ James P. Moon
     **JAMES P. MOON**
     State Bar No. 14316300
     Email: *jpmpllc@gmail.com*

**ATTORNEYS FOR DEFENDANT
ROBERT L. PRUITT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Motion was

served on all counsel of record via ECF on July 23, 2023.

     */s/ James P. Moon*
     JAMES P. MOON