UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

John G. Balestriere*
Matthew W. Schmidt*
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
Attorneys for Plaintiffs
*Admitted pro hac vice

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | )<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 5:23-cv-00580-FB |
| TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J.COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARC MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLIFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 | )<br>)<br>) Judge: Hon. Fred Biery<br>) Date Action Filed: May 8, 2023 (transferred)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT PRUITT'S MOTION TO DISMISS AMENDED COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

LEGAL STANDARD......................................................................................................................3

ARGUMENT...................................................................................................................................3

    PRUITT—WHO MAKES NO ARGUMENTS BEYOND "ADOPTING" CROW'S ARGUMENTS—OFFERS NO REASON WHY CLAIMS AGAINST HIM SHOULD NOT PROCEED, AND HIS MOTION SHOULD BE DENIED ....................................................3

CONCLUSION................................................................................................................................4

# **TABLE OF AUTHORITIES**

**Cases**

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..................................................................................................................3

*Boudeloche v. Grow Chem. Coatings Corp.*,
 728 F.2d 759 (5th Cir. 1984) ....................................................................................................3

*Molina-Aranda v. Black Magic Enterprises, L.L.C.*,
 983 F.3d 779 (5th Cir. 2020) ....................................................................................................3

*Swierkiewicz v. Sorema N.A.*,
 534 U.S. 506 (2002)..................................................................................................................3

*Williams v. WMX Techs.*, Inc.,
 112 F.3d 175 (5th Cir. 1997) ....................................................................................................3

**Rules**

Fed. R. Civ. P. 8..............................................................................................................................3

Fed. R. Civ. P. 9..............................................................................................................................3

Fed. R. Civ. P. 12............................................................................................................................3

## PRELIMINARY STATEMENT[1]

Defendant Robert Pruitt ("Pruitt"), with his co-conspirators, for years participated in a sex trafficking scheme (the "Venture") that unlawfully trafficked Plaintiffs Julia Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus"), subjecting them to hundreds of forced commercial sex acts, as well as the beatings, threats, and forced use of medications needed to compel Hubbard and Goedinghaus to engage in such acts.

Pruitt provided financial support to the Venture, including through his company Data Center Equipment and Support, LLC, which, for a time, employed Defendant Richard Hubbard ("Rick Hubbard") as a way to provide money pretextually to the Venture. Pruitt also made payments directly to Rick Hubbard under the guise of utility payments. In exchange for these payments, Pruitt received sexual favors from the Venture. These included Rick Hubbard sending Pruitt naked photos of Plaintiff Hubbard and forcing Hubbard to sit naked on Pruitt's lap while Pruitt would grope Plaintiff Hubbard, smell her hair, and kiss her cheek. Rick Hubbard also forced Plaintiff Hubbard to send "thank you" text messages to Pruitt after these encounters—which Pruitt referred to as "spending time with Uncle Bob"—for Pruitt's further sexual satisfaction.

Pruitt offers few arguments in his defense, mostly simply adopting, without reiteration, Defendant Trammell Crow's arguments. This is not enough to prevail on a motion to dismiss, and Pruitt's close knowledge of Plaintiffs' trafficking as well as financial support and benefit (in the form of pornographic images of sex acts) is enough to establish claims under the TVPA and RICO. The Court should deny Pruitt's Motion.

---

[1] All capitalized terms are defined in the Amended Complaint, Dkt. No. 190 (the "Complaint" or "AC"). Some terms are redefined herein for the Court's convenience.

## STATEMENT OF FACTS

Plaintiff Hubbard married Defendant Rick Hubbard in February 2010. (AC ¶ 96.) Following an arrest later that year for financial fraud, Rick Hubbard became desperate for new financial opportunities. (AC ¶¶ 103–105.) Rick Hubbard then, along with Defendant Eller, and later, with key financing from Defendant Crow and his colleagues, formulated the Venture, which began to force Plaintiff Hubbard to perform sex acts for money. (AC ¶¶ 120–122.) The Venture forced Plaintiff Hubbard, through means that included Eller using his psychological practice, to claim that Hubbard had serious psychological issues and needed to be on high doses of drugs such as Xanax, Adderall, Oxycodone, Marinol, Soma, Lorazepam, Ambien, and Trazadone. (AC ¶¶ 122–124.) Certain of these drugs, when combined, are known as the "Holy Trinity" due to their potent effects when taken together. (*Id.*) This medication scheme made Plaintiff Hubbard, and, later, Plaintiff Goedinghaus—and likely others—pliable, and susceptible to other forms of threats and force. (*Id.*) Eller's contributions to the Venture also involved swearing false affidavits claiming that both Plaintiffs were seriously psychiatrically troubled persons under his care. (AC ¶¶ 7–11.)

Pruitt made significant contributions to the Venture by providing financial support to Rick Hubbard and to the Venture, both employing Rick Hubbard and making further payments to him under the guide of payments for expenses such as Rick Hubbard's utility bills. (AC ¶¶ 39, 219.) As repayment for Pruitt's financial contribution to the Venture, Rick forced Hubbard to provide naked photographs of herself to Pruitt and to perform sex acts with Pruitt. (AC ¶¶ 39, 405.) Pruitt would also make threats, telling Rick Hubbard he would fire him if he did not send such photos. (AC ¶ 221.) Hubbard also told Pruitt that she was "being forced to engage in sex acts against her will." (AC ¶ 406.)

On multiple occasions, Hubbard would meet with Pruitt and Rick Hubbard would force Hubbard to sit on Pruitt's lap, while Pruitt would grope her, smell her hair, and kiss her cheek.

2

(AC ¶ 222.) Pruitt also referred to himself as "Uncle Bob" to Hubbard and would refer to his meetings with Hubbard as "spending time with Uncle Bob." (AC ¶ 223.) Rick also forced Hubbard to send "thank you" texts to Pruitt after these encounters. (AC ¶ 224.)

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires that pleadings contain "a short and plain statement of the claim" that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984). "Allegations of fraud . . . must meet Rule 9(b)'s heightened pleading standard, under which plaintiffs 'must state with particularity the circumstances' of the allegedly fraudulent conduct." *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020); *see also Williams v. WMX Techs.*, Inc., 112 F.3d 175, 177 (5th Cir. 1997).

On a Rule 12(b)(6) motion, a court may dismiss a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) In other words, a court may not dismiss a complaint in which Plaintiffs have alleged enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

**PRUITT—WHO PRESENTS NO AUTHORITY BEYOND "ADOPTING" CROW'S ARGUMENTS—OFFERS NO REASON WHY CLAIMS AGAINST HIM SHOULD NOT PROCEED, AND HIS MOTION SHOULD BE DENIED**

Pruitt is properly subject to liability under the TVPA and RICO, and his Motion should be denied. Pruitt's Motion does not cite a single case and instead adopts the arguments that Crow made in his own motion to dismiss (Dkt. No. 205). So, for all the same reasons that Crow's motion should be denied (*see* Dkt. No. 210), so too should Pruitt's Motion.

To the extent that Pruitt intended to challenge the sufficiency of pleading against him individually (which, as he makes no argument and cites no authority, the Court should not consider), Plaintiffs plead enough against Pruitt specifically to hold him liable under the TVPA and RICO. These include:

- That Pruitt supported by Venture by providing financial support, including paying Rick Hubbard's utility bills and employing him as a pretextual way of making further payments (s*ee* AC ¶¶ 40, 220);
- In return for these payments, Rick Hubbard "forced Hubbard to provide naked photographs" to Pruitt and to "perform sex acts" with Pruitt (AC ¶ 40);
- Pruitt demanded such photos—threatening to "fire" Rick Hubbard and cease further payments if he did not receive such photos (AC ¶ 221);
- Pruitt would visit Hubbard, have Hubbard sit in his lap, and Pruitt "would grope Hubbard, smell her hair, and kiss her cheek" (AC ¶ 223).

## CONCLUSION

Pruitt knowingly participated in and benefitted from a sex trafficking scheme wherein Plaintiffs were threatened with force and coerced into performing commercial sex acts. For these reasons, and all those other foregoing reasons, the Court should respectfully deny Pruitt's motion to dismiss.

Dated: New York, New York
      August 17, 2023

By: _____

Matthew W. Schmidt*
John G. Balestriere*
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
matthew.schmidt@balestrierefariello.com
*Admitted Pro hac vice*

4

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing "Plaintiffs' Opposition to Defendant Pruitt's Motion to Dismiss the Complaint" was served on the following counsel of record via ECF on August 17, 2023.

Dated: New York, New York
   August 17, 2023

                 BALESTRIERE FARIELLO

                 By: _____
                 Matthew W. Schmidt
                 Attorney for Plaintiffs