# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

John G. Balestriere*
Matthew W. Schmidt*
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
Attorneys for Plaintiffs
*Admitted pro hac vice

---

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 5:23-cv-00580-FB |
| TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J.COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARC MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STPORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLIFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 | ) ) ) ) Judge: Hon. Fred Biery ) Date Action Filed: May 8, 2023 (transferred) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

---

## PLAINTIFFS' OPPOSITION TO DEFENDANT MITCHELL'S MOTION TO DISMISS AMENDED COMPLAINT

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ii–iii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ........................................................................................3

LEGAL STANDARD........................................................................................4

ARGUMENT........................................................................................5

I.     PLAINTIFFS HAVE MET THE REQUIREMENTS OF RULE 8 NOTICE PLEADING BECAUSE THEY PLEADED DETAILED FACTS SHOWING MITCHELL'S ROLE IN THE VENTURE AND SEEKS REDRESS AGAINST MITCHELL IN HIS INDIVIDUAL CAPACITY ……………………………………………………………………5

II.    PLAINTIFFS HAVE ALLEGED A VALID TVPA BENEFICIARY VIOLATION AGAINST MITCHELL……..………………………………………………………6

    A.  Plaintiffs Have Alleged That Mitchell Provided Assistance, Support, And Facilitation of The Venture Through Financial Payments and Threats of Misuse of Legal Process…………………………………………………………...……7

    B.  Plaintiffs Have Alleged That Mitchell Benefitted from the Venture Through the Receipt of Pornographic Images of Plaintiff Hubbard…………………………….………………………………...……8

III.    PLAINTIFFS HAVE ALLEGED A VALID LABOR TRAFFICKING CLAIM BECAUSE MITCHELL OBTAINED THE BENEFIT OF PLAINTIFFS' LABOR BY FORCE ……9

IV.    PLAINTIFFS HAVE ALLEGED THAT MITCHELL PARTICIPATED IN THE AFFAIRS OF THE RICO ENTERPRISE …..……………………………………………………10

CONCLUSION........................................................................................11

## TABLE OF AUTHORITIES

### Cases

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................... 4, 5

*Bevill v. Fletcher*
  26 F.4th 270 (5th Cir. 2022) ................................................................................ 6

*Bistline v. Parker*,
  918 F.3d 849 (10th Cir. 2019) .............................................................................. 5

*Boudeloche v. Grow Chem. Coatings Corp.*,
  728 F.2d 759 (5th Cir. 1984) ................................................................................ 4

*Doe 1 v. Red Roof Inns, Inc.*,
  No. 1:19-cv-3840, 2020 WL 1872335 (N.D. Ga. Apr. 13, 2020) ............................... 6

*Doe v. Twitter, Inc.*,
  555 F. Supp. 3d 889 (N.D. Cal. 2021) ................................................................... 7

*Does v. Reddit, Inc.*,
  51 F.4th 1137 (9th Cir. 2022) ............................................................................... 6

*Harlow v. Fitzgerald*
  457 U.S. 800 (1982) .......................................................................................... 6

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*,
  295 F. Supp. 3d 927 (N.D. Cal. 2018) ................................................................... 9

*Jane Doe No. 1 et al v. Daniel S. Fitzgerald*,
  No. CV2010713MWFRAOX, 2022 WL 425016 (C.D. Cal. Jan. 6, 2022) ................... 8

*J.C. v. Choice Hotels Int'l, Inc.*,
  No. 20-CV-00155-WHO, 2020 WL 6318707 at *7 (N.D. Cal. Oct. 28, 2020) ............ 6

*Kelmar v. Bank of Am. Corp.*,
  No. CV 12-6826 PSG (EX), 2012 WL 12850425 (C.D. Cal. Oct. 26, 2012) .............. 9

*Lesnik v. Eisenmann SE*,
  374 F. Supp. 3d 923 (N.D. Cal. 2019) ................................................................ 7, 8

*Molina-Aranda v. Black Magic Enterprises, L.L.C.*,
  983 F.3d 779 (5th Cir. 2020) ................................................................................ 4

*Noble v. Weinstein*,
  335 F. Supp. 3d 504 (S.D.N.Y. 2018) ................................................................... 6

*Reyes v Sazan*,
  168 F3d 158 (5th Cir. 1999) ............................................................................ 5

*Ruelas v. Cnty. of Alameda*,
  519 F. Supp. 3d 636 (N.D. Cal. 2021) .......................................................... 8

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002) ....................................................................................... 4

*United States v. Cook*,
  782 F.3d 983 (8th Cir. 2015) ......................................................................... 7

*United States v. Maneri*,
  353 F.3d 165 (2d Cir. 2003) ........................................................................... 7

*United States v. Raniere*,
  55 F.4th 354 (2d Cir. 2022) ........................................................................... 7

*United States v. Todd*,
  627 F.3d 329 (9th Cir. 2010) ......................................................................... 5

*Williams v. WMX Techs., Inc.*,
  112 F.3d 175 (5th Cir. 1997) ......................................................................... 4

**Statutes**

18 U.S.C. § 1589 ................................................................................................. 8

18 U.S.C. § 1591 ......................................................................................... 5, 7, 8

18 U.S.C. § 2252 ................................................................................................. 7

**Rules**

Fed. R. Civ. P. 8 ............................................................................................ 4, 5

Fed. R. Civ. P. 9 ................................................................................................. 4

Fed. R. Civ. P. 12 ............................................................................................... 4

## PRELIMINARY STATEMENT[1]

Defendant Texas Ranger Cody Mitchell ("Mitchell"), with his co-conspirators, for years participated in a sex trafficking scheme (the "Venture") that unlawfully trafficked Plaintiffs Julia Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus"), subjecting them to hundreds of forced commercial sex acts, as well as the beatings, threats, and forced use of medications needed to compel Hubbard and Goedinghaus to engage in such acts.

Mitchell provided crucial support for the Venture, compelling Plaintiffs to engage in forced commercial sex acts through threats of force and coercion making use of his status as not only a law enforcement officer, but also a member of the elite Texas Rangers Division. Making use of the Texas Rangers' reputation in Texas—featured in numerous television shows and movies and nicknamed the "Texas Devils"—Mitchell would threaten Plaintiffs with abuse of legal process if they did not accede to all of the Venture's demands. And Mitchell was not simply a rank-and-file Ranger but specialized in human trafficking and child exploitation cases and worked on high-profile cases, eventually being featured in a 2020 Showtime mini-series about one of his cases. This placed Mitchell in a uniquely privileged position to threaten and coerce Plaintiffs. As Mitchell knew, most would find the idea that a respected law enforcement offer specializing in human trafficking was *himself* engaged in a trafficking scheme absurd on its face. Yet, that is what Plaintiffs allege and have the evidence to prove.

Crucially, the psychological opinions of Defendant Dr. Benjamin Todd Eller ("Eller"), who claimed that Plaintiffs were his patients and mentally troubled, provided Mitchell with the assurances he needed to act with impunity. While a Ranger on his own may face scrutiny if accused of improper behavior, if those accusations came from women whom a highly respected

---

[1] All capitalized terms are defined in the Amended Complaint, Dkt. No. 190 (the "Complaint" or "AC"). Some terms are redefined herein for the Court's convenience.

psychologist would describe as unwell, Mitchell faced no real threat of discovery. And knowing that he was protected, Mitchell engaged in downright reckless abuses of power in order to threaten and coerce Plaintiffs. On one occasion, this meant Mitchell taking a photo in his patrol car of him holding his penis in one hand and an open bottle of Jack Daniels whiskey in the other, which Defendant Richard Hubbard ("Rick Hubbard") showed to Plaintiff Hubbard. The message of such a photo, which documented a law enforcement officer committing multiple crimes, was direct: Mitchell, and thus the Venture as a whole, was above the law. As Mitchell (an expert in human trafficking) well knew, this was a particularly potent threat to vulnerable women such as Plaintiffs, who feared that if they contacted law enforcement they would not be believed.

Mitchell's acts establish his participation in the sex trafficking Venture's and the racketeering Enterprise's affairs, making him liable under both the Trafficking Victims Protection Act ("TVPA") and Racketeering Influenced and Corrupt Organizations ("RICO") Act claims that Plaintiffs plead. Mitchell challenges only his participation in the Enterprise's racketeering acts, specifically that he did not "direct" the Enterprise's affairs. But the RICO statute does not require that a defendant manage or even have "significant control" over the Enterprise, only that the defendant had a sufficiently important position in the "chain of command" such that they were "vital" to the Enterprise. As Plaintiffs have alleged, Mitchell played a central role in the Enterprise, acting as its chief "bad cop" in order to both directly threaten and coerce Plaintiffs and assist Rick Hubbard and other Venture members in forcing, threatening, and coercing Plaintiffs. Mitchell's role in the Enterprise was not only vital, but it was also central.

The Court should find Mitchell properly liable for the sex trafficking and racketeering activities of the Enterprise and deny his motion to dismiss.

2

## STATEMENT OF FACTS

Plaintiff Hubbard married Defendant Rick Hubbard in February 2010. (AC ¶ 96.) Following an arrest later that year for financial fraud, Rick Hubbard became desperate for new financial opportunities. (AC ¶¶ 103–105.) Rick Hubbard then, along with Defendant Eller, and later, with key financing from Defendant Crow and his colleagues, formulated the Venture, which began to force Plaintiff Hubbard to perform sex acts for money. (AC ¶¶ 121–123, 286–287.) The Venture forced Plaintiff Hubbard, through means that included Eller using his psychological practice, to claim that Hubbard had serious psychological issues and needed to be on high doses of drugs such as Xanax, Adderall, Oxycodone, Marinol, Soma, Lorazepam, Ambien, and Trazadone. (AC ¶¶ 122–124.) Certain of these drugs, when combined, are known as the "Holy Trinity" due to their potent effects when taken together. (AC ¶ 149.) This medication scheme made Plaintiff Hubbard, and, later, Plaintiff Goedinghaus—and likely others—pliable, and susceptible to other forms of threats and force. (AC ¶ 123.) Eller's contributions to the Venture also involved swearing false affidavits claiming that both Plaintiffs were seriously psychiatrically troubled persons under his care. (AC ¶¶ 8, 311–313.)

Mitchell is, and at all relevant times was, a member of the Texas Rangers Division, an elite Texas statewide law enforcement agency. (AC ¶ 157.) In this role, Mitchell specialized in human trafficking and child exploitation cases. (AC ¶ 18, 157.) Mitchell was also a close friend of Rick Hubbard, and Rick Hubbard informed Mitchell "in detail" of the operations of the Venture. (AC ¶ 20.) On numerous phone calls between Rick Hubbard and Mitchell that Plaintiffs both overheard, Rick Hubbard informed Mitchell of all aspects of the Venture, including that the Venture was "using Mitchell's influence in and threats in order to force Plaintiffs into engaging in commercial sex acts against their will." (AC ¶ 386.) Rick Hubbard also provided Mitchell with naked photos

3

of both Plaintiff Hubbard and Plaintiff Goedinghaus. (AC ¶¶ 20, 385.)

In exchange for both the naked photos and his continuing friendship with Rick Hubbard, Mitchell would use threats of legal process, allowing Rick Hubbard to tell Plaintiffs that if they did not comply with his demands, Mitchell would arrest Plaintiffs under false charges, and if Plaintiffs went to law enforcement, no one would believe them. (AC ¶ 19.) As part of this manipulative scheme, on one occasion Mitchell sent Rick Hubbard a photo of Mitchell in his police cruiser, holding his penis in one hand an open bottle of Jack Daniels whiskey in the other. (AC ¶¶ 21, 22, 384.) Mitchell sent this to Rick Hubbard with the intent that Rick Hubbard show it to Plaintiffs, as a message that Mitchell was ready to abuse his authority as a law enforcement official in order to assist the Venture. (*See* AC ¶ 22–23.)

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires that pleadings contain "a short and plain statement of the claim" that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984). "Allegations of fraud. . . must meet Rule 9(b)'s heightened pleading standard, under which plaintiffs 'must state with particularity the circumstances' of the allegedly fraudulent conduct." *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

On a Rule 12(b)(6) motion, a court may dismiss a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In other words, a court may not dismiss a complaint in which plaintiffs have alleged enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

**I.    PLAINTIFFS HAVE MET THE REQUIREMENTS OF RULE 8 NOTICE PLEADING BECAUSE THEY PLEADED DETAILED FACTS SHOWING MITCHELL'S ROLE IN THE VENTURE AND SEEKS REDRESS AGAINST MITCHELL IN HIS INDIVIDUAL CAPACITY**

Plaintiffs have met the requirements of Rule 8 because they have pleaded detailed facts showing Mitchell's role in the Venture giving rise to liability. Under Rule 8, a plaintiff must plead a "short and plain statement" of each claim in a "concise and direct manner," that gives rise to a "plausible" inference of relief. Fed. R. Civ. P. 8(a)(2), (d); *Twombly*, 550 U.S. at 570. Rather than a shotgun approach to pleading, Plaintiffs have made specific allegations regarding each Defendant, including Mitchell.  These include allegations with regards to Mitchell that he provided intimidation through his role of a Texas Marshall, including providing a photograph of him in his police cruiser holding his penis in one hand and an open bottle of Jack Daniels whiskey in the other. (AC ¶¶ 17–27, 153–162, 384.) Plaintiffs have adequately met their obligations under Rule 8.

Nor may Mitchell benefit from sovereign or qualified immunity, as Plaintiffs assert no claims against Mitchell in his official capacity, nor were the threats made to Plaintiffs solely made by Rick using Mitchell's professional role. While Mitchell also used the fact of his official role as a threat, none of Mitchell's actions were done in his official capacity as a Texas Ranger, and the mere fact that Mitchell is a Texas ranger does not protect him from unlawful acts in his personal life. Mitchell's authorities do not hold otherwise. *See Mojsilovic v. Oklahoma ex rel. Bd. of Regents for Univ. of Oklahoma*, 841 F.3d 1129, 1131 (10th Cir. 2016) (recognizing sovereign immunity for state university but not protecting individual defendants in their individual capacities); *Gaines v. Texas Tech Univ.*, 965 F. Supp. 886, 888 (N.D. Tex. 1997) (same); *Reyes v Sazan*, 168 F3d 158, 160 (5th Cir. 1999) (no qualified immunity if plaintiff supports claims with sufficient specificity

to raise a genuine issue as to the illegality of defendants conduct). Mitchell is not protected by sovereign immunity.

Qualified immunity also does not apply because, again, Mitchell is not being sued in his official capacity nor for acts involving his professional role. Mitchell's own authority supports that qualified immunity is only available to officials exercising "discretionary functions" related to their official role. *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982); *Bevill v. Fletcher*, 26 F.4th 270, 275 (5th Cir. 2022) (qualified immunity only available where official acting "within the scope of their discretionary authority"). Mitchell's use of the fact that he was a police officer to engage in trafficking activates (AC ¶¶ 22, 384) not only concerns behavior that no reasonable person would think is lawful, but was wholly outside the scope of his employment, and involved no exercise of governmental power or discretion. Mitchell was informed in detail of the operations of the Venture, he allowed Rick Hubbard to threaten Plaintiffs using his status and authority and provided photo evidence suggesting that he was ready to abuse his authority as a law enforcement official in order to assist the Venture. (*See* AC ¶ 22–23.) Mitchell's actions add up to a clear violation of Plaintiffs' statutory rights and he cannot be protected by qualified immunity.

## II.   PLAINTIFFS HAVE ALLEGED A VALID TVPA BENEFICIARY VIOLATION AGAINST MITCHELL

Plaintiffs have alleged a valid TVPA beneficiary liability claim against Mitchell. A defendant violates the TVPA's beneficiary prong when he benefits, either "financially or by receiving anything of value" from participation in a venture that recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits a person knowing, or in reckless disregard of the fact that, means of force, threats of force, fraud, or coercion will cause the person to engage in a "commercial sex act." 18 U.S.C. § 1591(a); *United States v. Todd*, 627 F.3d 329, 333 (9th Cir. 2010). A venture is defined in 18 U.S.C. § 1591(e)(6) as "any group of two

or more individuals associated in fact, whether or not a legal entity." *Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019).

Plaintiffs have alleged that Mitchell provided assistance in the Venture by providing threats and intimidation towards both Plaintiff and Goedinghaus in exchange for naked photos of them both. (AC ¶ 20, 385.) This is sufficient for beneficiary liability under the TVPA.

### A.   Plaintiffs Have Alleged That Mitchell Provided Assistance, Support, And Facilitation of The Venture Through Financial Payments and Threats of Misuse of Legal Process

Plaintiffs have adequately alleged that Mitchell participated in the Venture by providing assistance, support, and facilitation of the Venture through financial support and threats of misuse of legal process to threaten Plaintiffs. *See J.C. v. Choice Hotels Int'l, Inc.*, No. 20-CV-00155-WHO, 2020 WL 6318707, at *7 (N.D. Cal. Oct. 28, 2020 (finding TVPA beneficiary liability where "defendants . . . rented rooms to people they should have known were engaging in [plaintiff's] sex trafficking"). Plaintiffs have alleged that Mitchell provided support to the Venture in the form of intimidation that kept both Plaintiffs in line out of fear of serious legal repercussions.

Despite making much of the fact that the basis for Plaintiffs' knowledge of Mitchell's role in the Venture came from Rick Hubbard, Mitchell does not cite a single authority setting forth why this is relevant. (Mot. at 3–4, 6.) Mitchell at most cites authority requiring specific allegations of actions and knowledge beyond mere "association" with sex traffickers. *See Doe 1 v. Red Roof Inns, Inc.,* No. 1:19-cv-3840, 2020 WL 1872335, at *3 (N.D. Ga. Apr. 13, 2020) (large hotel operations with no reason to know of trafficking on franchisee premises); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (paying for travel during which trafficking occurred insufficient for TVPA liability); *Does v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) (website operator that had no actual knowledge of child pornography on platform and did not financially benefit not subject to TVPA liability). Mitchell, who had actual knowledge of the Venture and the trafficking

of Plaintiffs, is well above this bar. Plaintiffs have adequately pleaded that Mitchell assisted the Venture.

**B.    Plaintiffs Have Alleged That Mitchell Benefitted from the Venture Through the Receipt of Pornographic Images of Plaintiff Hubbard**

In addition to participating in the Venture, Mitchell also benefitted from it by receiving pornographic images of Plaintiff Hubbard. A defendant "knowingly benefits" from a venture where he benefits "either financially or by receiving a thing of value" and where there is a "causal relationship" between the conduct at issue and receipt of the benefit. 18 U.S.C. § 1591(e); *see Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 953 (N.D. Cal. 2019) (finding establishment of paint shop and offering employment to construct paint shop a "thing of value"). A "thing of value" has been held by various courts to include a sexual act or even the "opportunity" for a sexual encounter. *See United States v. Maneri*, 353 F.3d 165, 168 (2d Cir. 2003) (holding "thing of value" under 18 U.S.C. § 2252 to include "the opportunity for a sexual encounter"); *United States v. Cook*, 782 F.3d 983, 989 (8th Cir. 2015) (holding under the TVPA, a "thing of value" includes "sexual acts"); *see also Noble*, 335 F. Supp. 3d at 520 (finding "meeting a world-renowned film producer" a thing of value under TVPA); *Doe v. Twitter, Inc.*, 555 F. Supp. 3d 889, 924 (N.D. Cal. 2021) (child pornography a "thing of value"), *abrogated on other grounds by Reddit, Inc.*, 51 F.4th at 1141. As Mitchell's own authority supports, a "thing of value" is interpreted by its ordinary meaning: something a person would assign value to. *See United States v. Raniere*, 55 F.4th 354, 363 (2d Cir. 2022) (affirming jury instruction stating no definition of "anything of value" except to clarify that it "need not involve a monetary exchange and need not have any financial component").

Mitchell's insistence that "nude photos are not a thing of value under the TVPA" because Mitchell did not "use [] those photos to make money" lacks any support and is contradicted by nearly all courts that have considered the issue, as shown in the cases above. (*See* Mot. at 8.)

Mitchell's only claimed authority on this point, according to an unpublished case that has yet to be cited by any court, holds only that "'sexual gratification' *alone*" is a thing of value under the TVPA. *Jane Doe No. 1 et al v. Daniel S. Fitzgerald ("Fitzgerald I")*, No. CV2010713MWFRAOX, 2022 WL 425016, at *6 (C.D. Cal. Jan. 6, 2022) (emphasis added). But this says nothing of tangible, illicit, pornographic photos, as Mitchell received in exchange for his support of the Venture. (AC ¶ 20, 385.)

Mitchell received a thing of value from the Venture in exchange for his participation in the Venture and is subject to beneficiary liability under the TVPA. The Court should deny Mitchell's Motion as to Plaintiffs' TVPA claim.

### III.   PLAINTIFFS HAVE ALLEGED A VALID LABOR TRAFFICKING CLAIM BECAUSE MITCHELL OBTAINED THE BENEFIT OF PLAINTIFFS' LABOR BY FORCE

Plaintiffs have alleged a labor trafficking claim against Mitchell under 18 U.S.C. § 1589. Beneficiary liability under the labor trafficking statute exists where a defendant "knowingly benefits" (the beneficiary prong) either "financially or by receiving anything of value," from participation in a venture that engaged in the providing or obtaining of labor or services by any of the above four grounds. 18 U.S.C. § 1589(b); *see Lesnik,* 374 F. Supp. 3d at 953; *Ruelas v. Cnty. of Alameda,* 519 F. Supp. 3d 636, 650 (N.D. Cal. 2021).

Just as Plaintiffs pleaded a proper 18 U.S.C. § 1591(a) sex trafficking claim, they have pleaded an 18 U.S.C. § 1589 labor trafficking claim against Mitchell on the same facts. Mitchell participated in the Venture, which obtained forced labor and knowingly benefitting from this participation. (*See, e.g.,* AC ¶¶ 383–387.) Just as Plaintiffs properly pleaded a sex trafficking claim against Mitchell under 18 U.S.C. § 1591(a) (*see supra* at II), Plaintiffs' labor trafficking claim

against Mitchell stands as well. The Court should deny Mitchell's Motion as to Plaintiff's labor trafficking claim.

## IV.    PLAINTIFFS HAVE ALLEGED THAT MITCHELL PARTICIPATED IN THE AFFAIRS OF THE RICO ENTERPRISE

Plaintiffs have adequately pleaded that Mitchell participated in the affairs of the RICO Enterprise that harmed Plaintiffs. To show participation in a RICO enterprise, a plaintiff must show that a defendant had a role in directing the affairs of the Enterprise *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 983 (N.D. Cal. 2018). In this context, "'directing' has a different meaning than is commonly understood" in daily usage and does not require even "significant control" over the Enterprise. *Kelmar v. Bank of Am. Corp.*, No. CV 12-6826 PSG (EX), 2012 WL 12850425, at *7 (C.D. Cal. Oct. 26, 2012). Instead, this requirement is satisfied so long as the defendant had a sufficiently important role, taking into account their position in the "chain of command" of the Enterprise and whether their actions were "vital" to the Enterprise's success. *Id.*

Plaintiffs have pleaded exactly such a vital role to Mitchell's participation in the Enterprise. Plaintiffs have pleaded specific acts that Mitchell took in order to support the Venture, including sending Rick Hubbard a photo of Mitchell in a police cruiser while exposing himself and with an open bottle of alcohol for the express purpose of intimidating Plaintiffs. (*See* AC ¶¶ 21, 22, 384.) Mitchell, through his long friendship and regular communication with Rick Hubbard, knew and intended that these threats would be conveyed to Plaintiffs. (*See* AC ¶¶ 22.) And as Plaintiffs also pleaded, Mitchell's role constituted a defined role in the enterprise, as a so-called "Fixer" who worked closely with Rick Hubbard in order to support the Enterprise as a "bad cop" (literally and figuratively) who could assist in forcing Plaintiffs to comply with the Enterprise's demands.

**<u>CONCLUSION</u>**

Mitchell knowingly participated in and benefitted from the Venture's sex trafficking scheme. This included, as Plaintiffs pleaded, that he acted as the "fixer" and "bad cop," which allowed the Venture to continue forcing and coercing Plaintiffs into performing commercial sex acts.

For these reasons, and all those other foregoing reasons, the Court should respectfully deny Mitchell's motion to dismiss.

Dated: New York, New York
       August 17, 2023

By: _____
      Matthew W. Schmidt*
      John G. Balestriere*
      **BALESTRIERE FARIELLO**
      225 Broadway, 29th Floor
      New York, New York 10007
      Telephone: (212) 374-5401
      Facsimile: (212) 208-2613
      john.balestriere@balestrierefariello.com
      matthew.schmidt@balestrierefariello.com
      *Admitted Pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing "Plaintiffs' Opposition to Defendant Mitchell's Motion to Dismiss the Complaint" was served on the following counsel of record via ECF on August 17, 2023.

Dated: New York, New York
       August 17, 2023

BALESTRIERE FARIELLO

By:

Matthew W. Schmidt
Attorney for Plaintiffs
