IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | |
| *Plaintiffs*, | CIVIL ACTION NO. |
| VS. | **5:23-cv-00580-FB-EC** |
| MICHAEL SCOTT WOODS, M.D., ET AL. | |
| *Defendant*, | |

**DEFENDANT MICHAEL SCOTT WOODS, M.D.'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Michael Scott Woods, M.D. (hereinafter "Dr. Woods") files this Reply in Support of his Motion to Dismiss Plaintiffs' Amended Complaint.  In support of this Reply, Dr. Woods would show as follows:

## TABLE OF CONTENTS

Page

I.    INTRODUCTION..................................................................................................2

II.   ARGUMENT .......................................................................................................4

    A.    Plaintiffs have not Established a Plausible Claim for Relief for Sex and Labor Trafficking Against Dr. Woods.................................................................4

    B.    Plaintiffs have not Established a Plausible Claim for Relief against Dr. Woods for Violating RICO. ..............................................................................7

III.  CONCLUSION AND REQUEST FOR RELIEF .........................................................8

## INDEX OF AUTHORITIES

**Statutes**                                                                                      **Page**

18 U.S.C. § 1589 …………………………….................................................................3

18 U.S.C. § 1591 …………………………….....................................................................3, 5

18 U.S.C. § 1595 …………………………….................................................................3, 5-6
.
18 U.S.C. § 1962 ……………………………...............................................................4, 8

18 U.S.C. § 1964 ……………………………...............................................................7-8

TEX. PENAL CODE § 43.02 …………………………………………...……4, 8

**Cases**                                                                                         **Page**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ………………………………………………………….7

*Harris v. Henry*, No. 1:22-CV-00366-LY,

      2022 WL 16825200 (W.D. Tex. – Austin Nov. 7, 2022) ………………………..………5-6

*Shulman v. Kaplan,* No. 2:19-cv-5413, 2020 WL 7094063 (C.D. Cal. Oct. 29, 2020) ………..4, 8

*Stewart v. Hevelone*, 283 F. Supp. 842 (D. Neb. 1968) …………………………………………..7

## I.  INTRODUCTION

1.      In their Opposition to Dr. Woods' Motion to Dismiss Plaintiffs' Amended Complaint, Plaintiffs' Preliminary Statement, which summarizes their allegations against Dr. Woods, perfectly underscores why they have failed to state a claim for relief against him for sex or labor trafficking under 18 U.S.C. §§ 1589, 1591, or 1595. *See* Doc. 212, at page 5 of 12; None of Plaintiffs' allegations, even accepted as true, establish that Dr. Woods ***knowingly*** benefitted, or attempted or conspired to benefit, financially or by receiving anything of value from participation in a venture in which he ***knew or should have known*** was a sex or labor trafficking venture.  Rather, if accepted as true, Plaintiff' allegations indicate that Dr. Woods failed as a medical provider to intercede and stop the alleged abuse of Plaintiff Hubbard while continuing to prescribe her medication.  Taken as true

for Rule 12(b)(6) purposes, such facts would be unfortunate, but they do not equate to him knowing that he was receiving benefits from participating in what he knew or should have known was a trafficking venture, as is required under 18 U.S.C. §§ 1589, 1591, and 1595.

2.      Regarding 18 U.S.C. §§ 1591 and 1595 (sex trafficking) and the "knowledge" requirement, Plaintiffs have amended their Complaint to allege that Dr. Woods knew of trafficking acts because Plaintiff Hubbard informed Dr. Woods that the Venture was using drugs and beatings to force Plaintiff Hubbard to engage in commercial sex acts. This broad, sweeping, and conclusory statement is a thinly veiled attempt to defeat Dr. Woods' Motion to Dismiss. More specifically, it is a naked assertion devoid of further factual enhancement, which this Court may disregard. *See CTD NETWORKS, LLC, Plaintiff v. AMAZON.COM, INC., Defendant,* No. W-22-CV-01034-XR, 2023 WL 5281943, at *4 (W.D. Tex. Aug. 16, 2023).

3.      With respect to 18 U.S.C. §§ 1589 and 1595 (labor trafficking), Plaintiffs have not plausibly pled that Dr. Woods knowingly received a benefit from participating in what he knew or should have known was a venture engaging in labor trafficking Plaintiffs. As indicated in Dr. Woods Motion to Dismiss Plaintiffs' Amended Complaint, Plaintiffs point to no facts whatsoever that Dr. Woods was aware that Defendant Michael Hynes forced Plaintiff Hubbard to sell drugs or that Rick Hubbard forced Plaintiff Goedinghaus to "run" his fraudulent companies. *See* Doc. 190 at paragraphs 47, 270, and 291. In fact, the Amended Complaint establishes no connection between Dr. Woods and these alleged forced labor ventures supposedly involving Defendants Hubbard and Hynes, and it does not otherwise describe or establish how Dr. Woods would have known of such forced labor.

4.      Moreover, this Court should dismiss Plaintiffs' RICO claims for lack of standing and particularity. As more fully briefed by Defendant Trammell S. Crow, Jr., injuries to illicit businesses

do not give rise to standing under RICO. *See* Doc 196 at page 22 of 187;  *also see Shulman v. Kaplan,* No. 2:19-cv-5413, 2020 WL 7094063, at *2 (C.D. Cal. Oct. 29, 2020) (injuries to illegal businesses are not redressable under RICO); TEX. PENAL CODE § 43.02 (illegal to receive a fee to engage in sexual conduct).  In addition, Plaintiffs' Amended Complaint does nothing more than recite the elements of the applicable RICO statute (18 U.S.C. § 1962), and it does not provide facts that, if taken as true, establish that Dr. Woods conducted or participated, directly or indirectly, in the conduct of a criminal enterprise through a pattern of racketeering activity.

## II.   ARGUMENT

### A.    Plaintiffs have not Established a Plausible Claim for Relief for Sex and Labor Trafficking Against Dr. Woods

5.      On page four of their Opposition, Plaintiffs summarize the facts that they contend plausibly state a claim for relief against Dr. Woods for sex and labor trafficking. (Doc. 212, at page 8 of 13).  These alleged facts are as follows:

- That Rick Hubbard directed Hubbard to meet with Woods, who "appeared particularly eager to prescribe drugs without question."(Doc.  190 at paragraph 145)

- That Woods "repeatedly assured Hubbard" he would give her whatever drugs she "need[ed],"even when Hubbard (due to the forced drugging from the Venture) would show up to medical appointments while visibly on drugs (Doc. 190 at paragraph 145)

- That the Venture, through Rick Hubbard, paid Woods "$100 per visit" when he prescribed drugs to Hubbard for the Venture's benefit. In 2017, Plaintiff Hubbard told Dr. Woods that she did not need the drugs he was prescribing and that she was being forced to engage in sex against her will. (Doc. 190 at paragraphs 145 at 355).

- That in 2017, Hubbard "told Woods" that "she did not need the drugs" he was prescribing, and that Hubbard was "being forced to engage in sex against her will" through means including "beatings"(Doc. 190 at paragraphs 145 and 355).

- That on one occasion, Defendant Michael Hynes accompanied Hubbard to an appointment with Dr. Woods and "tried to get Hubbard prescriptions for more drugs, including methamphetamines" (Doc. 190 at paragraph 356).

6.      None of these alleged facts establish that Dr. Woods knowingly benefitted, attempted to benefit, or conspired to benefit from participation in a venture which he knew or should have known was engaged in sex or labor trafficking involving the Plaintiffs.  *See* 18 U.S.C. § 1595(a).

7.      As confirmed by their Opposition, Plaintiffs' Amended Complaint focuses upon the "beneficiary" theory of liability for sex and labor trafficking.  *See* Doc. 212 at pages 7 and 9 of 13. That is, Plaintiffs allege that Dr. Woods received benefits from participating in a trafficking venture. *See id*.

8.      Importantly, Plaintiffs' Amended Complaint (and particularly the Opposition) sidesteps the knowledge requirements under 18 U.S.C. § 1595(a). *See Harris v. Henry*, No. 1:22-CV-00366-LY, 2022 WL 16825200, at *4-6 (W.D. Tex. Nov. 7, 2022), *report and recommendation approved*, No. 1:22-CV-366-LY, 2023 WL 3035423 (W.D. Tex. Jan. 11, 2023) (emphasis added).

9.      In *Harris*, this Court recited the elements that plaintiffs must establish to state a claim for relief under 18 U.S.C. § 1595 for beneficiary violations of 18 U.S.C. § 1591(a)(2) (receipt of a benefit from participation in a sex trafficking venture). *Harris*, 2022 WL 16825200 at *4-6.  "To state a financial beneficiary claim against Defendants, Plaintiff must allege facts from which it can be reasonably inferred that they "(1) **knowingly** benefitted financially or by receiving anything of value, (2) from participation in a venture, they (3) **knew or should have known** has engaged in sex trafficking under § 1591." *Id* at *6 (emphasis added).  In *Harris*, this Court stated that the plaintiff must allege facts showing that the defendant was aware of the sex trafficking venture. *Id*.

10.     This Court should find that these same elements apply to a beneficiary theory of liability for *labor* trafficking.  In support of this notion, the statute giving rise to a civil remedy for trafficking in general, 18 U.S.C. § 1595(a), does not distinguish between sex or labor trafficking. Instead, the statute provides the same elements recited by this Court in *Harris*: an individual may

bring a civil action against a person who knowingly benefits from participating in a venture that he knew or should have known was engaged in an act that is in violation of Chapter 77 of U.S. Code's Title 18 (the Chapter that makes both sex and labor trafficking unlawful). *See* U.S.C. § 1595(a)*; also see Harris*, 2022 WL 16825200 at *6.  Notably, Plaintiffs do not analyze U.S.C. § 1595(a) in either their Amended Complaint or their Opposition.

11.     As for Plaintiffs' actual allegations, assuming Defendant Hubbard did direct or "force" Plaintiff Hubbard to visit Dr. Woods, these allegations do not plausibly establish that Dr. Woods knew or should have knew that Defendant Hubbard was doing so.   In addition, these factual allegations do not plausibly establish that Dr. Woods knew or should have known that Defendant Hubbard was directing Plaintiff Hubbard to Dr. Woods so that he could prescribe her drugs that made her more susceptible or vulnerable to human trafficking and forced labor. Similarly, accepting as true that Defendant Hynes did accompany Plaintiff Hubbard to an appointment "to get [her] prescriptions for more drugs, including methamphetamines," these alleged facts still do not plausibly establish that Dr. Woods knew Defendant Hynes was doing so in order to traffic Plaintiff Hubbard.

12.     Accepting as true that Dr. Woods did "appear eager" to prescribe Plaintiff Hubbard drugs and "repeatedly assured her" he would give her "whatever she needed" even when she showed up to appointments visibly on drugs, these allegations still do not establish that Dr. Woods knew or should have known that he was "eagerly" prescribing her drugs to aid a venture that was trafficking Plaintiffs.

13.     Seemingly to overcome their deficient allegations regarding Dr. Woods' knowledge of the trafficking Venture (whether he knew he was receiving benefits or knew or should have known a Venture existed at all), Plaintiffs now make the sweeping claim in their Amended Complaint that "Woods knew or should have known of the trafficking acts, including because, in

2017, Hubbard informed Woods that Rick Hubbard and the Venture were, through the use of the drugs that Woods prescribed as well as other methods including beatings, forcing Hubbard to engage in commercial sex against her will." *See* Doc. 190 at paragraph 355.

14.     Citing to the Supreme Court's guidance in *Ashcroft v. Iqbal*, this Court has stated that naked assertions devoid of further factual enhancement, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not entitled to the presumption of truth. *CTD NETWORKS, LLC, Plaintiff v. AMAZON.COM, INC., Defendant,* No. W-22-CV-01034-XR, 2023 WL 5281943, at *4 (W.D. Tex. Aug. 16, 2023).   Paragraph 355 of the Amended Complaint is nothing other than textbook example of a naked assertion devoid of further factual enhancement.  Indeed, the allegations therein are nothing more than sweeping legal conclusion cast in the form of a factual allegation. *See Stewart v. Hevelone*, 283 F. Supp. 842, 844 (D. Neb. 1968).

15.     Regarding labor trafficking, in an apparent attempt to save this claim from dismissal, the Amended Complaint generally and vaguely repeats after every allegation of sex trafficking against many defendants that the same facts also somehow support a claim of forced labor trafficking. Paragraph 357 of the Amended Complaint constitutes the example of this "tactic" as it is related to Dr. Woods.  Tellingly, Plaintiffs' Opposition does not point to any specific allegations describing labor of which Dr. Woods was aware and in which Plaintiffs were forced to perform. Instead, the Opposition cites to Paragraph 145 of the Amended Complaint, which irrelevantly alleges that Dr. Woods should have exercised more professional diligence when prescribing medication.

**B.     Plaintiffs have not Established a Plausible Claim for Relief against Dr. Woods for Violating RICO.**

16.     Plaintiffs lack standing to assert their RICO claims, as they have not plead injury to property or business. *See* 18 U.S.C. § 1964.  Defendant Crow has briefed this issue in detail, and

Plaintiffs' lack of standing with respect to RICO claims against Defendant Crow apply equally to all defendants in this matter.  In their Opposition, Plaintiffs state that they have suffered injury in the form of "moneys that Hubbard and Goedinghaus earned for providing companionship, including at **Forced Sex Parties**, and moneys that Hubbard earned while working as a dancer but were confiscated by the RICO Enterprise."  *See* Doc. 212 at pages 10-11 of 13 (emphasis added). However, injury to illicit businesses do not give rise to standing under RICO. *See* Doc 196 at page 22 of 187;  *also see Shulman v. Kaplan,* No. 2:19-cv-5413, 2020 WL 7094063, at *2 (C.D. Cal. Oct. 29, 2020) (injuries to illegal businesses are not redressable under RICO); TEX. PENAL CODE § 43.02 (illegal to receive a fee to engage in sexual conduct).

17.     In addition, Plaintiffs' Amended Complaint does nothing more than recite the elements of the applicable RICO statute (18 U.S.C. § 1962) and state that they apply to Dr. Woods. Plaintiffs' RICO allegations against Dr. Woods are the very exemplar of naked assertions devoid of further factual enhancement and threadbare recitals of the elements of a cause of action. *See CTD NETWORKS, LLC*, 2023 WL 5281943, at *4.   Therefore, Plaintiffs' allegations are insufficient to state a claim that Dr. Woods conducted or participated, directly or indirectly, in the conduct of a criminal enterprise through a pattern of racketeering activity. *See* 18 U.S.C. §§ 1962 and 1964.

## III.     CONCLUSION AND REQUEST FOR RELIEF

18.     WHEREFORE, PREMISES CONSIDERED, Defendant, Michael Scott Woods, M.D., requests that, upon notice, the Court grant its Motion to Dismiss Plaintiffs' Amended Complaint without leave to amend and for such other and further relief to which it may show itself entitled, whether at law or in equity.

Dated:  August 24, 2023.

Respectfully submitted,

**WOOD, SMITH, HENNING & BERMAN, LLP**

*/s/ Daniel J. Paret*
Daniel J. Paret, Texas State Bar No. 24088181
Robert W. Hellner, Texas State Bar No. 24108154
14860 Landmark Blvd. Suite 120
Dallas, Texas 75254
Tel: (469) 210-2054
Fax: (469) 210-2051
dparet@wshblaw.com
rhellner@wshblaw.com
***Attorneys for Defendant Michael Scott Woods, M.D.***

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was filed in accordance with the protocols for e-filing in the United States District Court for the Western District of Texas on August 24, 2023, and served on all counsel of record who have appeared and consented to electronic notification *via* CM/ECF.

*/s/ Daniel J. Paret*
Daniel J. Paret