UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § | |
| TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 | § § § § § § § § § § § § § § § § § § § § § § § | Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023<br>(transferred) |
| Defendants. | § § | |

### DEFENDANT DR. MELISSA MILLER'S REPLY IN SUPPORT OF HER RULE 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE FRED BIERY:**

COMES NOW, Defendant Dr. Melissa Miller (**"Dr. Miller"**) and files this Reply in support of her 12(b)(6) Motion to Dismiss (Dkt. No. 198).

# TABLE OF CONTENTS

I. ARGUMENTS AND AUTHORITIES ............................................................................... 1

   A.   Plaintiffs' Contention – the TMLA does not Preempt Federal TVPA and RICO Claims.. 1

   B.   Plaintiffs' Contention – That They Met the Requirements of Rule 8 Notice Pleading Because They Pleaded Detailed Facts Showing Dr. Miller's Role in the Venture............. 3

      1.   The Complaint Fails to Meet Applicable Pleading Standards. ....................................... 4

          a.   The Allegations Do Not Cross the Line from Possible to Probable. ........................ 4

          b.   Counts One and Two – Plaintiffs' Allegations that Dr. Miller Violated the TVPA by Participating in Sex Trafficking and Labor Trafficking. ...................................... 5

          c.   Counts Three and Four: Plaintiffs' Allegations That Dr. Miller Violated RICO (Pattern of Racketeering and RICO Conspiracy)......................................................... 6

             (1)   Plaintiffs Lack RICO Standing. ............................................................................... 6

             (2)   Plaintiffs' RICO Claims Fail for Additional Reasons............................................ 7

II. CONCLUSION ................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Allstate Ins. Co. v. Plambeck*, 802 F.3d 665 (5th Cir. 2015) ........................................................ 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 4, 5

*Atias v. Phillips*, No. 18-cv-01259, 2018 WL 11355475 (C.D. Cal. Dec. 7, 2018) ....................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................... 4

*Berg v. First State Ins. Co.*, 915 F.2d 460 (9th Cir. 1990) ............................................................. 6

*Boyle v. U.S.*, 556 U.S. 938 (2009) ............................................................................................ 7, 8

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.,* 235 F. Supp. 3d 1132 (E.D. Cal. 2017)....................................................................................................................................... 8

*Creel v. Dr. Says, LLC*, 2022 WL 991568 (E.D. Tex. 2022) ......................................................... 2

*Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) ................................................................................. 6

*Do v. Pilgrim's Pride Corp.*, 512 F. Supp. 2d 764 (E.D. Tex. 2007) ............................................. 8

*G.T. by Rolla v. Epic Health Services*, 2018 WL 8619803 (W.D. Tex. 2018) .............................. 3

*Gabriel v. Outlaw*, No. EDCV-14-01425, 2021 WL 1030157 (N.D. Tex. Mar. 1, 2021).............. 8

*Gutierrez v. Venegas*, No. 6:20-cv- 129, 2021 WL 9314946 (N.D. Tex. Sept. 8, 2021) ............... 9

*HCB Fin. Corp. v. McPherson*, 8 F.4th 335 (5th Cir. 2021) ......................................................... 6

*In re Taxable Mun. Bond Securities Lit.*, 51 F.3d 518 (5th Cir. 1995) .......................................... 7

*Manax v. McNamara*, 842 F.2d 808 (5th Cir. 1988) .................................................................... 5

*Reves v. Ernst & Young*, 507 U.S. 170 (1993) .............................................................................. 9

*Shulman v. Kaplan*, No. 2:19-cv-5413, 2020 WL 7094063 (C.D. Cal. Oct. 29, 2020) ................. 7

*U.S. v. Lacey*, No. 2:18-cr-00422, 2022 WL 4363818 (9th Cir. Sept. 21, 2022) .......................... 6

*U.S. v. Sutherland*, 656 F.2d 1181 (5th Cir. 1981) ....................................................................... 8

*United States v. Zadeh*, 820 F.3d 746 (5th Cir. 2016) .................................................................. 2

*Univ. of Texas System v. Alliantgroup LP*, 400 F.Supp.3d 610 (S.D. Tex. 2019) ...................... 1, 2

*Wyeth v. Levine*, 555 U.S. 555, 565, 129 S.Ct. 1187 (2009) ........................................................... 1

**Statutes**

18 U.S.C. § 1591 .......................................................................................................................... 4

18 U.S.C. § 1964(c) ...................................................................................................................... 6

Tex. Civ. Prac. & Rem. Code Ann. § 74 ................................................................................... 1, 9

Tex. Penal Code § 43.02 ............................................................................................................... 7

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................................ 1, 9

# I.
# ARGUMENTS AND AUTHORITIES

Dr. Miller's motion to dismiss seeks dismissal of all claims against her on two grounds: (1) that Plaintiff Goedinghaus' claims against her are health care liability claims that must be filed under Chapter 74 of the Texas Civil Practice and Remedies Code (the "TMLA"); and (2) that Plaintiffs' pleadings fail to meet the minimum pleading standards set forth in Fed. R. Civ. P. 8(a) and fail to set forth allegations that sufficiently plead a cognizable claim for relief against Dr. Miller.  In this Reply Dr. Miller separately addresses Plaintiff's opposition to each ground below.

**A.     Plaintiffs' Contention – the TMLA does not Preempt Federal TVPA and RICO Claims.**

Dr. Miller argues in her Motion to Dismiss that Plaintiffs' causes of action against her, based on the federal Trafficking Victims Protection Act ("TVPA") and the federal Racketeering Influenced and Corrupt Organization Act ("RICO"), are in actuality health care liability claims under the TMLA and should be dismissed for failure to state a claim upon which relief may be granted.

In Plaintiffs' Opposition to Dr. Miller's motion to dismiss (Dkt. No. 211), Plaintiff Goedinghaus does not even contest the contention that each of her causes of action against Dr. Miller is a health care liability claim under the TMLA.  Instead, she argues that a state statute like the TMLA cannot preempt federal statutes such as RICO and the TVPA.  Plaintiffs' Opposition does not provide any analysis of federal preemption law to support this argument, nor does it provide any statutory or case law authority evidencing congressional intent that RICO or the TVPA preempts the TMLA (or any other state statute).  As set forth in Dr. Miller's Motion to Dismiss, there is a strong presumption against preemption unless Congress indicates otherwise.  *Wyeth v. Levine*, 555 U.S. 555, 565, 129 S.Ct. 1187 (2009); *Univ. of Texas System*, 400 F.Supp.3d 610, 615

(S.D. Tex. 2019).[1]  Plaintiffs' Opposition does not address this strong presumption against preemption, or the fact that neither RICO nor the TVPA has any preemption provision.  As the Fifth Circuit has confirmed, unless Congress "explicitly states its intent to preempt relevant state laws," then a court need not even address express preemption.  *United States v. Zadeh*, 820 F.3d 746, 751 (5th Cir. 2016); *see also Univ. of Texas System*, 400 F.Supp.3d at 620 (n. 3).  Based on this established authority, this Court need not address Plaintiffs' argument that the TMLA is preempted in this case.

Plaintiff attempts to distinguish Dr. Miller's case law – finding that the TMLA has never been preempted by a federal statute – by arguing that Dr. Miller has not cited a single case in which a defendant avoids TVPA or RICO liability based on the TMLA, as if the absence of any such case establishes that RICO and the TVPA must preempt the TMLA.  However, it is Plaintiff who has the burden of persuasion on the issue of preemption, and the reality is that it is she who has failed to cite a single case in which a court has determined that either RICO or the TMVP (or any other federal statute) preempts the TMLA.  Dr. Miller does cite two cases closely on point, one of which directly addresses whether RICO preempts the TMLA.[2]  In the first of these cases, *Creel v. Dr. Says, LLC*, 2022 WL 991568 (E.D. Tex. 2022) (discussed in some detail on pp. 10-11 of Miller's Motion to Dismiss), the plaintiffs argued that, even if their RICO claims could be characterized as health care liability claims, their RICO claims should not be dismissed because RICO preempted the TMLA.  The Court disagreed, stating that it "does not recognize how the supremacy clause is

---

[1] Plaintiffs contend that Dr. Miller "relies heavily" on Elam and Alliantgroup to support her argument that the TMLA is not preempted by RICO or the TVPA. See pp. 4-5 of Plaintiffs' Opposition.  This is incorrect.  Neither of these cases addresses preemption of the TMLA.  Dr. Miller relies on them solely for the proposition that the party asserting preemption bears the burden of persuasion that preemption applies.  See p. 9 of Dr. Miller's Motion to Dismiss.

[2] In addition to these two cases, Dr. Miller also cited numerous cases in which federal courts held that various federal statutes (including ERISA, EMTALA and the ADA) did not preempt the TMLA.

applicable," and that the issue was whether the RICO claims were in actuality health care liability claims. *Id.* at *14. That Court did deny the defendant's motion to dismiss, not because RICO preempted the TMLA but because the Court determined that the RICO claims were not in fact health care liability claims. *Id.* at *15.

In the second case, *G.T. by Rolla v. Epic Health Services*, 2018 WL 8619803 (W.D. Tex. 2018), the court specifically held that the plaintiff's claims (which had been brought under the federal Rehabilitation Act) were in actuality health care liability claims, and dismissed these claims without reference to whether the TMLA was or was not preempted by the Rehabilitation Act.

Proving that a state law is preempted by a federal statute is always a difficult proposition, unless Congress has specifically stated its intent for preemption. Plaintiff does not even argue that her claims against Dr. Miller are health care liability claims under the TMLA, and does not provide even a modicum of case law or statutory support that these health care liability claims should be preempted by RICO or the TVPA. Because these health care liability claims cannot be recast as claims under the TVPA or RICO, Plaintiffs have failed to state a claim upon which relief can be granted and Dr. Miller is entitled to dismissal of all causes of action brought against her in this lawsuit.

**B.     Plaintiffs' Contention – That They Met the Requirements of Rule 8 Notice Pleading Because They Pleaded Detailed Facts Showing Dr. Miller's Role in the Venture.**

Plaintiffs allege that they have pleaded sufficient facts evidencing Dr. Miller's role in the Venture to support TVPA and RICO claims against her. However, their pleadings fail to meet the plausibility standard required under Rule 8. Plaintiffs do not plausibly allege a human-trafficking venture or RICO enterprise or, even if they did, that Dr. Miller is plausibly liable

for human trafficking or participating in a RICO enterprise. Dr. Miller's 12(b)(6) motion should be granted.

Moreover, none of Plaintiffs' allegations, even accepted as true, establish that Dr. Miller knowingly benefitted, or attempted or conspired to benefit, financially or by receiving anything of value from participation in a venture in which she knew or should have known was a sex or labor trafficking venture. Rather, if accepted as true, Plaintiffs' allegations indicate that Dr. Miller failed as a medical provider to intercede and stop the alleged abuse of Plaintiff Hubbard while continuing to prescribe her medication. Taken as true for purposes of this motion to dismiss, such facts do not establish or even suggest that Dr. Miller knowingly received benefits from participation in what she knew or should have known was a sex and/or labor trafficking venture.

**1. The Complaint Fails to Meet Applicable Pleading Standards.**

*a. The Allegations Do Not Cross the Line from Possible to Probable.*

"Where a complaint pleads facts that are merely consistent with [plaintiffs' theories], it stops short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint's factual allegations do not "raise a right to relief above a speculative level"—because they fail to cross the line from merely possible to being plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The gist of the story alleged in the Complaint is Plaintiffs' long-running, dysfunctional relationships with ex-husbands and ex-boyfriends. Dr. Miller is neither. As sad as their story is, allegations concerning persons whose lives happened to intersect with those of Plaintiffs and their ex partners do not convert domestic dysfunction into a plausible human-trafficking venture or a RICO enterprise. *See* 18 U.S.C. § 1591 (trafficking requires active assistance, support or

4

facilitation of alleged venture); *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1988) (RICO requires "an entity separate and apart from the pattern of [criminal] activity in which it engages").

The Opposition does not explain how allegations concerning Plaintiffs' long-running domestic troubles, drug abuse, and swinging, plausibly support their human trafficking and RICO theories. Plaintiffs go so far as to ask the Court to conclude that obviously benign events, combined with lawyer-driven conclusions, plausibly allege trafficking and RICO violations. *Cf. Iqbal*, 556 U.S. at 664 (when determining plausibility, courts must "draw on [their] experience and common sense").

> b. **Counts One and Two – Plaintiffs' Allegations that Dr. Miller Violated the TVPA by Participating in Sex Trafficking and Labor Trafficking.**

Plaintiffs contend in their Opposition that they have alleged a valid TVPA beneficiary claim (under both sex trafficking and labor trafficking) against Dr. Miller. They contend that they pleaded the following facts to support this TVPA beneficiary claim: (1) that Plaintiff Goedinghaus told Dr. Miller of the trafficking activity; and (2) that the amount of "high-risk" medications Dr. Miller prescribed for Plaintiff Goedinghaus put Dr. Miller on constructive notice of their improper use. (Opposition at 7 (Dkt. 211)). Plaintiffs essentially allege that Dr. Miller is liable as a TVPA beneficiary because she accepted payment in return for prescribing these medications. However, Plaintiffs ignore the "obvious alternative explanation" as to why Dr. Miller accepted payment from Plaintiffs (or Rick) – the payment was for medical services provided to Plaintiff Goedinghaus. Based on this obvious alternative explanation, the causes of action under the TVPA fail to "cross the plausibility threshold" and thus fail to state a claim upon which relief can be granted.

Moreover, the Amended Complaint does not allege that Plaintiff Goedinghaus told Dr. Miller that she was being sex trafficked or labor trafficked, but only that she was being domestically abused and raped by Rick. (Compl. ¶ 144 (Dkt. 190)). This does not constitute

5

sufficient awareness of the Venture or the purposes of the Venture to support a TVPA beneficiary claim against Dr. Miller.

### c. Counts Three and Four: Plaintiffs' Allegations That Dr. Miller Violated RICO (Pattern of Racketeering and RICO Conspiracy)

**(1) Plaintiffs Lack RICO Standing.**

To allege RICO standing, each Plaintiff must allege, among other things, an injury to her own "business or property." 18 U.S.C. § 1964(c); *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 344 (5th Cir. 2021). The Opposition argues that Plaintiffs allege the following injuries caused by a RICO violation: (1) lost "moneys earned [in exchange] for companionship," and (2) Grover's withholding of wages supposedly earned by working at a strip club. (Opposition at 9 (Dkt. 211)) None of these is a cognizable RICO injury. *See HCB Fin. Corp.*, 8 F. 4th at 338 (RICO requires an "injury to the plaintiff's business or property *by reason of a violation of RICO*").

Plaintiffs' "lost-money-in-exchange-for-companionship" injury theory has no support in the law. The case they cite concerns prostitutes where the "pimp" kept the *prostitutes'* "earnings."[3] *U.S. v. Lacey*, No. 2:18-cr-00422, 2022 WL 4363818, *1 (9th Cir. Sept. 21, 2022) ("The indictment recognizes that escort services are lawful, but goes on to allege that the vast majority of advertisements for escort services on Backpage were thinly-veiled prostitution ads."). The allegations that Rick "forced [Plaintiffs] ... to perform sex acts for payment [to him], which payments he retained" (Am.Compl. ¶ 3 (Dkt. 190)) do not allege that Plaintiffs were prostitutes

---

[3] Plaintiffs cite *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) for the proposition that personal injury can constitute "business or property" loss within the meaning of RICO. (Opp'n (Dkt. 211) at 9.) To the extent it could be read that way, *Diaz* does not confer RICO standing to every personal injury claim that results in lost wages. *See Diaz*, 420 F.3d at 900. *Diaz* explains that RICO standing exists *only* where the loss arises out of a business or property interest as defined by state law. *Id.* Other cases hold that personal injury does not satisfy RICO's "business or property" requirement. *See Atias v. Phillips*, No. 18-cv-01259, 2018 WL 11355475, *3-4 (C.D. Cal. Dec. 7, 2018); *Berg v. First State Ins. Co.*, 915 F.2d 460, 463 (9th Cir. 1990).

who expected to be paid for sex; the allegations are that Rick "sold" them to third parties without their consent or knowledge. *Id.* Whatever these allegations might say about Rick, they do not demonstrate standing to allege a RICO claim against Dr. Miller. *See In re Taxable Mun. Bond Securities Lit.*, 51 F.3d 518, 523 (5th Cir. 1995) (no standing where plaintiffs did not allege that *defendant's* conduct interfered with existing economic rights); *see also Shulman v. Kaplan*, No. 2:19-cv-5413, 2020 WL 7094063, at *2 (C.D. Cal. Oct. 29, 2020) (injuries to illegal businesses are not redressable under civil RICO); TEX. PENAL CODE § 43.02 (illegal to receive a fee to engage in sexual conduct).

### (2) Plaintiffs' RICO Claims Fail for Additional Reasons.

<u>Failure to adequately allege a common purpose</u>. Mr. Crow's moving papers demonstrated that the Complaint does not allege a plausible "common purpose *and* course of conduct" among Defendants. *See Boyle v. U.S*., 556 U.S. 938, 950 (2009). The Opposition merely repeats the conclusory allegations that Defendants acted with the "common purpose" to "traffic women," without pointing to any specific factual allegations that plausibly support their conclusions. (*Compare* Opposition at 10, *with* Am.Compl. ¶¶ 346, 445 (Dkt. 190). On the other hand, Plaintiffs' own allegations foreclose any conclusion that Defendants acted with a "common purpose." (*See, e.g.,* Compl. ¶¶ 145 (Dkt. 190)) (alleging doctor's goal of personal profit), 251 (Grover's goal to keep Ms. Hubbard's wages for himself), 270 (Hynes, Jr.'s goal of selling drugs with Ms. Hubbard's assistance for his personal benefit).) The failure to plead a "common purpose" dooms the RICO claims. *See Boyle*, 556 U.S. at 950.

<u>Failure to allege a continuing unit</u>. Plaintiffs argue that there is a "continuing unit" because the alleged illegal conduct took place over several years (Opposition at 11-12 (Dkt. 211)), but this argument misses the point. To show a plausible "continuing unit" Plaintiffs must allege facts

showing that the predicate acts were connected to the alleged RICO enterprise, as opposed to illegal conduct that would otherwise occur outside a RICO conspiracy. *See Do v. Pilgrim's Pride Corp.*, 512 F. Supp. 2d 764, 768 (E.D. Tex. 2007) (the continuing unit requirement extends to the purpose and structure of the enterprise and "the enterprise must continue to have this same purpose, and the new member must perform the same roles as the old did"); *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132 (E.D. Ca. 2017) (no RICO enterprise based on disconnected illegal conduct among supposed RICO members). The complaint describes long running, disconnected domestic disputes between Plaintiffs and their ex-husbands and ex-boyfriends, along with alleged occasional interactions with Dr. Miller and others. The intermittent appearance of other defendants over the years is insufficient to allege a plausible RICO enterprise. *See Boyle v. U.S.*, 556 U.S. at 947 n.4.

No pattern of racketeering. The Complaint also fails to allege the factual basis for any predicate acts as to Dr. Miller. (Opposition at 12 (Dkt. 211)) The Opposition lists dozens of paragraphs of the Complaint, which they argue "plead numerous related predicate acts (at least two of which accrue to Miller)." (Opp'n at 12 (Dkt. 211)) These paragraphs show nothing of the sort; they either concern other Defendants or do not concern purported predicate acts. *See U.S. v. Sutherland*, 656 F.2d 1181, 1203 (5th Cir. 1981) ("plaintiff must allege at least two predicate acts *by each defendant*"); *see also Gabriel v. Outlaw*, No. EDCV-14-01425, 2021 WL 1030157, *2 (N.D. Tex. Mar. 1, 2021) (conclusory allegations of various criminal acts are insufficient to plausibly state RICO claim). The RICO claim fails as to Dr. Miller.

Dr. Miller did not "conduct" the alleged enterprise. The Complaint does not allege facts plausibly showing Dr. Miller conducted or participated in the supposed enterprise's affairs. The Opposition simply argues that Dr. Miller Mr. Crow "had a vital role in prescribing medication

8

without which the Enterprise could not have trafficked Plaintiff Goedinghaus." (Opposition at 13 (Dkt. 211))  There are no allegations that Dr. Miller gave any direction concerning the supposed enterprise or that her "direction was obeyed" by anyone. *See Reves v. Ernst & Young*, 507 U.S. 170 (1993) (plaintiff must show how each defendant participated in the conduct of the alleged enterprise's affairs).  Plaintiffs have failed to sufficiently plead that Dr. Miller participated in the affairs of the Venture or had any role in directing the affairs of the Venture.  *See Gutierrez v. Venegas*, No. 6:20-cv- 129, 2021 WL 9314946, *5 (N.D. Tex. Sept. 8, 2021) (a defendant with mere "non-supervisory involvement" does not "direct" the enterprise's affairs.; s*ee also Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 675 (5th Cir. 2015) (plaintiff must show defendant had "supervisory involvement" to satisfy conduct requirement).

## II.
## CONCLUSION

Plaintiffs' Complaint against Dr. Miller should be dismissed on the ground that all of these claims are in actuality health care liability claims that must be filed under Chapter 74 of the Texas Civil Practice and Liability Code. Plaintiffs' Complaint against Dr. Miller should be dismissed on the further ground that it fails to meet the minimum pleading standards set forth in Fed. R. Civ. P. 8(a) and fails to set forth allegations that sufficiently plead a cognizable claim for relief against Dr. Miller. For all the foregoing reasons, Dr. Miller respectfully requests that the Court dismiss the Complaint without leave to amend.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 S Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288
(512) 472-0721 Fax

By: */s/ R. Chad Geisler*
R. Chad Geisler
State Bar No. 00793793
cgeisler@germer-austin.com
Steve Dillawn
State Bar No. 05871300
sdillawn@germer-austin.com

**ATTORNEYS FOR DEFENDANT
DR. MELISSA MILLER**

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the foregoing document was served on all attorneys of record on this 24th day of August, 2023.

*/s/ R. Chad Geisler*
R. Chad Geisler