IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| § | |
| vs. § | Civil Case No. SA-23-CV-00580-FB |
| § | |
| TRAMMELL S. CROW. JR. et al., § | |
| § | |
| *Defendants* § | |

**DEFENDANT CASEY GROVER'S REPLY IN SUPPORT OF
HIS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Casey Grover files this Reply in Support of His Motion to Dismiss for Failure to State a Claim (Doc. 200), and in support, respectfully shows the Court as follows:

A.   The Complaint is an improper "shotgun" pleading.

In their Response to Grover's Motion to Dismiss, Plaintiffs Julia Hubbard ("Julia") and Kayla Goedinghaus argue that their operative pleading is not a "shotgun" pleading because they "made specific allegations regarding each Defendant, including Grover." (Doc. 213, Resp., 8.) Plaintiffs misunderstand what a shotgun pleading is. Plaintiffs' Complaint is 73 pages long with 447 numbered paragraphs. Plaintiffs name 24 Defendants and assert three different claims against all Defendants – sex-trafficking, labor-trafficking, and RICO violations – and each claim has multiple theories (*e.g.* the trafficking claims have perpetrator and beneficiary variants). (Doc. 190, Compl., ¶¶ 62-84, 422-447.) Plaintiffs do not granulate their claims against Grover and the discussion of each claim incorporates all preceding paragraphs of the Complaint. (Id., ¶¶ 422, 426, 430, 440.) Such nebulous pleading forces Grover to guess what the factual basis for

each claim is against him.  In short, the Complaint is a classic shotgun pleading, as explained in Grover's Motion.  (Doc. 200, MTD at 6-7.)

That the Complaint has some specific allegations against Grover does not alleviate the Federal Rule of Civil Procedure 8 violation.  The Complaint's claim sections do not explain what the factual predicate is for each claim, and Grover cannot resolve the problem by looking only to the factual background's discussion of him since it is not clear whether all of those allegations are relevant to every claim.  As an illustration of the problem, it was not clear until Plaintiffs filed their Response to Grover's original Motion to Dismiss in California federal court (Doc. 88, Prior Resp. at 12.) that Goedinghaus was even pursuing claims against Grover, since nowhere in the Complaint does it identify any interaction between her and him.  By failing to state the factual predicate for each claim against Grover in the claims section, either expressly or by incorporation only of those paragraphs relevant to that claim against Grover, the Complaint violates Rule 8, so the Motion to Dismiss should be granted.

B.    Plaintiffs' Response fails to show a plausible sex-trafficking violation by Grover.

Plaintiffs argue that their Complaint adequately pleads sex-trafficking claims, saying Grover "supported the Venture by providing information to [Richard] about [Julia's] whereabouts," and that he benefitted from the Venture because "Grover received information from [Richard] concerning [Julia] . . ., which Grover valued as it enabled him to further labor traffic [Julia]."  (Doc. 213, Resp. at 9.)  The first contention is an improper attempt to defend the claims with factual assertions not pled; the second is conclusory.

Plaintiffs' argument that Grover supported the Venture by telling Defendant Richard Hubbard ("Richard") where Julia was is an improper attempt to add to the allegations in the Complaint.  The Complaint says "Grover was also in regular contact with [Richard], exchanging

information concerning [Julia] for their mutual benefit and the advancement of the Venture." (Doc. 190, Compl., ¶ 46.)  It nowhere says Grover told Richard of Julia's whereabouts, and Plaintiffs cannot supplement their Complaint by adding new allegations in their Response to Grover's Motion to Dismiss.  *See Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) ("[T]his claim was not raised in Fisher's second amended complaint but, rather, was raised in his response to the defendants' motions for summary judgment and, as such, was not properly before the court.").  This same rule bars Plaintiffs' allegation, also raised for the first time in their Response, that the information Richard provided enabled Grover to further labor-traffic Julia.

With the Response's new factual contentions ignored, this leaves only the Complaint's allegations that Grover discussed Julia with Richard, and that these discussions benefitted one another and the Venture.  The "benefitting" allegation is a conclusory recital of an element of the sex-trafficking cause of action, and therefore has no weight.  *See Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021) (in Rule 12(b)(6) context, "we do not presume to be true legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.") (cleaned up).  Plaintiffs are left, then, with a mere contention that Grover repeatedly communicated with Richard about Julia.  This is insufficient to meet the plausibility standard, as Plaintiffs fail to rule out the many alternative explanations for those communications other than participation by both Grover and Richard in a sex-trafficking ring.  *See Swindol v. Aurora Flight Sci. Corp.*, 832 F.3d 492, 494 (5th Cir. 2016) ("A complaint must 'state a claim to relief that is plausible on its face.'").  For example, Richard, who at the time had custody of his child(ren) with Julia, may have used Grover as a go-between to relay information about or requests concerning the children to Julia.  (Doc. 190, Compl., ¶ 132) (stating that Julia obtained custody of her child in 2022.)  Plaintiffs' allegation that the

Venture harmed Goedinghaus is not just conclusory, it also fails to show that Grover participated in or benefitted from the Venture. As the allegations do not move from consistency into plausibility, the sex-trafficking claims fail.

Additionally, Plaintiffs complain that "Grover provides no authority whatsoever for the assertion that specific knowledge of Plaintiff Goedinghaus by Grover is necessary for Goedinghaus to have standing to assert TVPA beneficiary liability." (Doc. 213, Resp., at 10.) But specific knowledge of the particular Plaintiff is <u>exactly</u> what the statute requires, as courts have already ruled. *See Doe #9 v. Wyndham Hotels and Resorts, Inc.*, No. 4:19-CV-5016, 2021 WL 1186333, at *1 (S.D. Tex. Mar. 30, 2021) ("More specifically, the complaint must contain facts sufficient to establish that the defendant knew or should have known about the trafficking of the plaintiff in particular—not about trafficking occurring on the premises in general."). Accordingly, the sex-trafficking claims fail with respect to Goedinghaus as well.

C.  <u>Plaintiffs fail to show a labor-trafficking claim against Grover</u>.

Plaintiffs pursue beneficiary and perpetrator labor-trafficking claims against Grover. (Doc. 213, Resp., at 11.) Neither claim should survive dismissal.

With regard to the beneficiary theory, the only allegations Plaintiffs point to in support are in Paragraphs 44-46 and 252 of the Complaint, with only Paragraph 46 having any relevance.[1] (Doc. 213, Resp., 11.) Paragraph 46 is the only cited paragraph that even addresses a venture (venture being a prerequisite for beneficiary liability, as explained in the Motion), stating that Grover stayed in regular communication with Richard and exchanged information about Julia with him "for their mutual benefit and the advancement of the Venture." However, as already explained above in the sex-trafficking section of this Reply, these allegations fail to

---

[1] Based on their previous MTD Response, it appears Plaintiffs mistakenly cited Paragraphs 45-47 and 251, and instead meant to cite Paragraphs 44-46 and 252.

show the required venture. The beneficiary theory is therefore deficient and proper for dismissal. As for the perpetrator theory, as stated in the Motion, Plaintiffs' shotgun-pleading approach is improper and fails to provide Defendants with proper notice of the claim's basis, so Plaintiffs' labor-trafficking claim based on that theory should be dismissed as well. (Doc. 200, MTD., at 11-12.)

D.      The Response fails to show that Plaintiffs' RICO claims are timely.

Plaintiffs argue that the deadline to file their RICO claims against Grover only began to run when they sustained their last injuries from the Venture he was supposedly part of. The law does not justify this expansive view of limitations.

"[A] RICO cause of action accrues upon the discovery of the injury in question." *Rotella v. Wood*, 147 F.3d 438, 440 (5th Cir. 1998), *aff'd*, 528 U.S. 549 (2000). Further, "'each time a plaintiff suffers an injury caused by a [RICO] violation ..., a cause of action to recover damages based on that injury accrues to plaintiff at the time he discovered or should have discovered the injury[.]'" *Love v. Nat'l Med. Enter.*, 230 F.3d 765, 773 (5th Cir. 2000).

Plaintiffs' Complaint states that Grover forced Julia to work at a gentlemen's club, confiscated her wages, physically abused her to the point of breaking her ribs, threatened her with guns, and crashed her vehicle. (Doc. 190, Compl., ¶¶ 250-258.) Julia certainly would have been aware of this alleged misconduct when it occurred, and Plaintiffs do not contend otherwise. The Complaint goes on to say that Julia left Grover and her job at the aforementioned gentlemen's club in or near October 2017 following a violent incident with him. (Id., ¶ 258.) There are no allegations of later misconduct by Grover. Accordingly, the statute of limitations with respect to his acts began to run at the latest in November 2017, which makes the Complaint's November 2022 filing a year late. (Doc. 200, MTD, 12.)

Plaintiffs' answer to these facts is that a RICO claim only starts to run when the criminal enterprise inflicts its last injury on the plaintiff. (Doc. 213, Resp., 11-12.)  That is not correct. Plaintiffs cannot use a later, timely injurious act to recover for an earlier, untimely one.  *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997) ("[T]he [RICO] plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period."); *accord CSX Transp., Inc. v. Norfolk S. Ry. Co.*, No. 2:18cv530, 2023 WL 25344, at *6 (E.D. Va. Jan. 3, 2023) (for pub.).

To the extent Plaintiffs argue that the limitations period does not begin to run until the conspiracy ends, that theory is foreclosed by Fifth Circuit's rule that the limitations clock starts when the plaintiff knows or should know of her injury.  *Rotella*, 147 F.3d at 440.  Plaintiffs' argument has also been expressly rejected by several courts.  *See Borrego Cmty. Health Found. v. Inland Valley Inv., LLC*, No.: 3:21-cv-1417-L-AGS, 2022 WL 673266, at *4 (S.D. Cal. Mar. 7, 2022) ("BCHF also argues the statute of limitations for a RICO conspiracy claim runs until the scheme's objectives are accomplished or abandoned . . . . The civil RICO statute is focused on injuries. The statute of limitations is meant, in part, to motivate plaintiffs to be diligent and seek relief once they discover (or should discover) the injury, not wait for those injuries (and treble damages) to increase. BCHF's above contention conflicts with that purpose.") (cleaned up); *accord Hodas v. Sherburne, Powers & Needham, P.C.*, 938 F.Supp. 60, 65 (D. Mass. 1996); *Kerik v. Tacopina*, 64 F.Supp.3d 542, 558 (S.D. N.Y. 2014).

Finally, Plaintiffs' reliance on the Ninth Circuit's decision in *Diaz v. Gates* is also unpersuasive.  420 F.3d 897 (9th Cir. 2005).  (Doc. 213, Resp., 11.)  That case addressed "whether a false imprisonment that caused the victim to lose employment and employment

opportunities is an injury to 'business or property' within the meaning of RICO," not a RICO (or any) statute of limitations issue. 420 F.3d at 898. It has nothing relevant to say here.

Accordingly, Plaintiffs have no basis to hold Grover liable for any of the misconduct they allege Grover personally committed, and the RICO claims against him should be dismissed to the extent they rest on allege misconduct committed earlier than November 2017.

E.   <u>Plaintiffs' Response does not adequately defend the RICO claims</u>.

In order to preserve their RICO claims against Grover, Plaintiffs had to explain how their Complaint plausibly set forth a RICO claim, and more specifically, that Grover was a member of a RICO enterprise. Plaintiffs' Response fails at this task.

Plaintiffs again attempt to supplement their Complaint by alleging new facts in the Response: that Grover confiscated Julia's wages for the benefit of both himself and the Venture. (Doc. 213, <u>Resp</u>., 12.) However, that is not what the Complaint states—it says Grover confiscated Julia's wages for only his personal benefit. (Doc. 190, <u>Compl</u>., ¶ 44.) This supplementation is improper, as explained above, and should be disregarded. *Middaugh*, 528 F.Supp.3d at 535. Ignoring the material outside the Complaint, Plaintiffs are left with their allegations that Grover communicated repeatedly with supposed Venture member Richard about Julia, exchanging information that was "for their mutual benefit and the advancement of the Venture." (Doc. 190, <u>Compl</u>., ¶ 46.) As explained above, the "mutual benefit" allegation is conclusory, and the "discussing Julia with Richard" allegation does not cross the plausibility threshold.

Plaintiffs additionally plead that Grover was part of an "association in fact" enterprise. (Doc. 190, <u>Compl</u>., ¶ 433.) To plead association-in-fact, Plaintiffs must plead facts showing that Grover "has participated in the operation or management of the enterprise[.]" *Reves v. Ernst &*

*Young*, 507 U.S. 170, 183 (1993); *accord Gianelli v. Schoenfeld*, No. 2:21-cv-0477-KJM-KJN (PS), 2022 WL 3230097, at *6 (E.D. Cal. Aug. 10, 2022). They must also show that the enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct," not merely "a series of criminal acts." *United States v. Turkette*, 452 U.S. 576, 583 (1981); *accord Walker v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-379, 2016 WL 3456983, at *11 (E.D. Tex. Jan. 22, 2016). An association-in-fact enterprise has "a hierarchical or consensual decision-making structure" enabling it to "function[] as a continuing unit over time[.]" *Elliot v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989); *accord Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019). The mere fact that two or more members of the alleged enterprise collectively engage in an illegal act does not show an enterprise. *Elliot*, 867 F.2d at 881.

Nothing in the Complaint comes even close to showing an enterprise with regard to Grover. At best, Plaintiffs have pled isolated misconduct, so their substantive RICO claim fails, and their RICO conspiracy claim with it. *See Bradley v. Phillips Petroleum Co.*, 527 F.Supp.2d 625, 648 (S.D. Tex. 2007) ("Even if the Curry Plaintiffs' allegations properly pled predicate acts, the acts pled are too isolated and discrete to satisfy RICO's continuity requirement.") (footnote omitted); *Lu v. Deng*, No. 2:16-cv-07283-CAS (RAOx), 2017 WL 373438, at *6 n. 5 (C.D. Cal. Jan. 23, 2017) (dismissing civil RICO claims because the conduct alleged was at best isolated activity); *Jimenez v. Serv. Emp. Int'l Union Loc. 775*, 590 F.Supp.3d 1349, 1362 (E.D. Wash. 2022) ("Four seemingly unrelated incidents of forged signatures are insufficient to establish the existence of a common purpose under the definition of a RICO enterprise.").[2]

---

[2] Plaintiffs' attempt to distinguish Grover's cited cases is both ineffectual and strange. (Doc. 213, Resp., 12-13.) Grover cited those cases to show that the isolated misconduct, such as the acts Plaintiffs complain of, is insufficient to show a RICO enterprise. (Doc. 200, MTD, at 13-17.) Instead of making a serious effort to explain how Grover (allegedly) engaged in anything other than isolated misconduct, Plaintiffs say the cited cases are inapplicable

**DEFENDANT CASEY GROVER'S REPLY IN SUPPORT OF**
**HIS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**                                   **PAGE 8**

Respectfully submitted,

*/s/ Stephanie Richmond Roark*
**STEPHANIE RICHMOND ROARK**
State Bar No. 24070498
sroark@hartlinebarger.com
**BRIAN S. RAWSON**
State Bar No. 24041754
brawson@hartlinebarger.com
**HOLLY NAEHRITZ**
State Bar No. 24083700
hnaehritz@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 N. Central Expy., Suite 1600
Dallas, Texas 75231
Telephone:  (214) 369-2100
Facsimile:  (214) 369-2118

**ATTORNEYS FOR DEFENDANT**
**CASEY GROVER**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record and *pro se* parties in accordance with the applicable Federal Rules of Civil Procedure on August 24, 2023.

*/s/ Stephanie Richmond Roark*
**STEPHANIE RICHMOND ROARK**

---

because they involved isolated misconduct while this case does not.  (Doc. 213, Resp., 13.)  But Grover's point is that those cases are about isolated misconduct, similar to this case.  Simply denying the similarity in conclusory fashion, as Plaintiffs do, does not rebut Grover's point.

---

**DEFENDANT CASEY GROVER'S REPLY IN SUPPORT OF**
**HIS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**                                                                 **PAGE 9**