## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JULIA HUBBARD and KAYLA GOEDINGHAUS,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No. 5:23-cv-00580-FB** |
| | § | |
| **TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BROLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1-20, and DOE COMPANIES 21-30** | § § § § § § § § § § § § § § § § § § § § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT COE JURACEK'S REPLY
## IN FURTHER SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

<u>**Page**</u>

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ........................................................................................................................1

I.     THE FIRST AMENDED COMPLAINT DOES NOT STATE A TVPA CLAIM ............1

      A.     The FAC Does Not Adequately Allege "Participation" ...........................2

      B.     The FAC Does Not Adequately Allege A "Thing Of Value" ................................4

II.    THE FAC DOES NOT STATE A LABOR TRAFFICKING CLAIM .............................5

III.   THE FIRST AMENDED COMPLAINT FAILS TO STATE A RICO CLAIM ...............6

      A.     Insufficient Pattern of Racketeering Activity Allegations.......................................7

      B.     Insufficient "Conduct" or "Direction" Allegations..................................................7

      C.     Insufficient Enterprise Allegations ........................................................................8

      D.     Plaintiffs Do Not Establish RICO Standing............................................................9

      E.     Plaintiff Hubbard's Claims Remain Time Barred ..................................................9

      F.     The FAC Does Not Allege A 1962(d) Conspiracy ...............................................10

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Cases</u>

*Ally Bank v. Castle*,
11-CV-896-YGR, 2012 WL 3627631 (N.D. Cal. Aug. 20, 2012) ...........................................8

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*,
235 F. Supp. 3d 1132 (E.D. Cal. 2017)....................................................................................6

*Conkling v. Turner*,
18 F.3d 1285 (5th Cir. 1994) ...................................................................................................7

*Doe #9 v. Wyndham Hotels & Resorts, Inc.*,
No. 4:19-CV-5016, 2021 WL 1186333 (S.D. Tex. Mar. 30, 2021) .....................................1, 2

*Doe v. Fitzgerald*,
No. CV2010713MWFRAOX, 2022 WL 425016 (C.D. Cal. Jan. 6, 2022)..............................4

*Doe v. Twitter*,
555 F. Supp. 3d 889, 924 N.D. Cal. 2021 ................................................................................4

*Does 1-6 v. Reddit, Inc.*,
51 F.4th 1137 (9th Cir. 2022) ........................................................................................2, 3, 4, 5

*Ducote Jax Holdings, L.L.C. v. Bradley*,
No. CIV.A.04 1943, 2007 WL 2008505 (E.D. La. July 5, 2007)...........................................10

*E.S. v. Best W. Int'l, Inc.*,
510 F. Supp. 3d 420 (N.D. Tex. 2021) ..................................................................................2, 3

*Gianelli v. Schoenfeld*,
2021 WL 4690724 (E.D. Cal. Oct 7, 2021) ..........................................................................8, 9

*Harris v. Henry*,
No. 1:22-CV-00366-LY, 2022 WL 16825200 (W.D. Tex. Nov. 7, 2022) .......................2, 3, 5

*HCB Fin. Corp. v. McPherson*,
8 F. 4th 335 (5th Cir. 2021) .....................................................................................................9

*Holmes v. Sec. Inv'r Prot. Corp.*,
503 U.S. 258 (1992)..................................................................................................................9

*Howard v. America Online Inc.*,
208 F.3d 741 (9th Cir. 2000) .................................................................................................10

*J.C. v. Choice Hotels*,
No. 20-CV-00155-WHO, 2020 WL 6318707 (N.D. Cal. Oct. 28, 2020)................................5

*JSW Steel (USA) Inc. v. Nucor Corp.*,
586 F. Supp. 3d 585 (S.D. Tex 2022) .....................................................................................5

*In re JUUL Labs, Inc., Mktg., Sales Pracs. & Prod. Liab. Litig.*,
497 F. Supp. 3d 552 (N.D. Cal. 2014) .....................................................................................6

*Kelmar v. Bank of Am. Corp.*,
No. CV 12-6826 PSG (EX), 2012 WL 12850425 (C.D. Cal. Oct. 26, 2012)...........................8

*Langston v. Ethicon Inc.*,
    No. 3:20-CV-3712-S, 2021 WL 6198218 (N.D. Tex. Dec. 31, 2021) .....................................7

*Morris v. Am. Home Mortg. Servicing, Inc.*,
    443 F. App'x 22 (5th Cir. 2011) .................................................................................................7

*Noble v. Weinstein*,
    335 F. Supp. 3d 504 (S.D.N.Y. 2018)........................................................................................2

*Nolen v. Nucentrix Broadband Networks Inc.*,
    293 F.3d 926 (5th Cir. 2002) ...................................................................................................10

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007) .....................................................................................................9

*In re Platinum & Palladium Commodities Litig.*,
    828 F. Supp. 2d 588 (S.D.N.Y. 2011)........................................................................................7

*Reves v. Ernst & Young*,
    507 U.S. 170 (1993).....................................................................................................................8

*Salinas v. United States*,
    552 U.S. 52 (1997)....................................................................................................................10

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
    473 U.S. 479 (1985).....................................................................................................................6

*Treminio v. Crowley Mar. Corp.*,
    No. 3:22-CV-174-MMH-PDB, 2023 WL 113565 (M.D. Fla. Jan. 5, 2023) ...........................4

*U.S. v. Cook*,
    782 F.3d 983 (8th Cir. 2015) .....................................................................................................4

*United States v. Ganji*,
    880 F.3d 760 (5th Cir. 2018) ...................................................................................................10

*United States v. Maneri*,
    353 F.3d 165 (2d Cir. 2003).......................................................................................................5

*United States v. Turkette*,
    452 U.S. 576 (1981).....................................................................................................................9

*Wilhite v. Texas Dep't of Fam. & Protective Servs.*,
    No. CV H-18-866, 2020 WL 854243 (S.D. Tex. Jan. 27, 2020) ...............................................6

## <u>Statutes</u>

18 U.S.C. § 1589(b) ...............................................................................................................................6

Fed. R. Civ. P. 12(b)(6)..........................................................................................................................1

## PRELIMINARY STATEMENT

Plaintiffs' claims have no basis in fact and, critically, find no support in the law. As established in Mr. Juracek's Motion to Dismiss (Dkt. 203, "Opening Brief" and "Br."), the handful of lines actually addressing him are insufficient to show any wrongdoing. To the extent that the Amended Complaint ("FAC") made any changes regarding Mr. Juracek's alleged involvement in this case, which centers on domestic disputes between Plaintiffs' and their ex-partners, the changes were *de minimis*, immaterial, and insufficient to rescue any claim against a Rule 12(b)(6) challenge. Plaintiffs have no claims even approaching the standards for federal sex trafficking, labor trafficking, or racketeering. Rather, the terse Opposition (Dkt. 215, "Opp.") confirms that this suit reflects Plaintiffs' desire to ensnare Mr. Juracek in litigation for treble damages, motivated by the incorrect belief that his position at Crow Holdings (a non-party company with no alleged role in this case) could yield them a windfall. Not so. The Opposition does not seriously engage with most of the authorities compelling Mr. Juracek's dismissal and, as documented below, misapprehends the others. Instead, Plaintiffs opt for bombastic rhetoric in an effort to salvage their deficient claims. Recognizing that their allegations against Mr. Juracek are insufficient, Plaintiffs use this Opposition to purvey pulp fiction. While improper, this strategy does not change the required result—claims against Mr. Juracek should be dismissed.

## ARGUMENT

### I.   THE FIRST AMENDED COMPLAINT DOES NOT STATE A TVPA CLAIM

Having abandoned "perpetrator liability" (Opp. at 5), Plaintiffs fail to show plausible liability under a "beneficiary" theory. *See Doe #9 v. Wyndham Hotels & Resorts, Inc.*, No. 4:19-CV-5016, 2021 WL 1186333, at *1 (S.D. Tex. Mar. 30, 2021). As already established by Mr.

Juracek (Br. at 6-9), and left unrebutted, a "beneficiary" theory fails on two grounds here.[1]

### A.      The FAC Does Not Adequately Allege "Participation"

Under TVPA, "[m]ere association with sex traffickers is insufficient absent some knowing 'participation' in the form of assistance, support, or facilitation." *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) (emphasis added); *see also Harris v. Henry,* No. 1:22-CV-00366-LY, 2022 WL 16825200, at *6 (W.D. Tex. Nov. 7, 2022), *report and recommendation adopted*, No. 1:22-CV-366-LY, 2023 WL 3035423 (W.D. Tex. Jan. 11, 2023) (liability "cannot be established by association alone") (citation omitted); *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018) (a plaintiff must "allege specific conduct that furthered the sex trafficking venture"). The Opposition attempts to paint Mr. Juracek as "an active and knowing supporter of the Venture" rather than a mere associate. Opp. at 6. But "[k]nowledge or willful blindness of a general sex trafficking problem . . . does not satisfy" TVPA. *Doe #9*, 2021 WL 1186333, at *1; *see E.S.*, 510 F.Supp. 3d. at 428 (finding allegations that defendants "participated" in sex trafficking to be insufficient because they had not shown how the defendants "directly participated in a specific venture"). ***Association is all the FAC alleges***—the conduct attributed to Mr. Juracek is that of a passive and incidental bystander to Rick Hubbard's conduct. *See* FAC ¶¶ 39, 209-212, 368-372 (containing all material allegations against Mr. Juracek); Br. at 4; *see also E.S.*, 510 F. Supp. 3d. at 428 (requiring "actual and/or constructive knowledge" of the *plaintiff's* sex trafficking, as opposed to "sex trafficking problems . . . in general").

---

[1] Plaintiffs ignore the principal argument against TVPA liability—that the FAC does not establish "a ***causal relationship*** between affirmative conduct furthering the trafficking and receipt of a benefit." *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) (emphasis added); *see E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 427 (N.D. Tex. 2021) (pleading a failure to "intervene" is insufficient to establish "participation" or "conduct that furthered the sex trafficking venture"). For either "benefit" Plaintiffs contend Mr. Juracek received—"naked photographs" or compensation—they do not allege receipt ***because of some affirmative action*** he undertook.

The only connection Mr. Juracek is alleged to have had with the "venture" is as an undefined "fixer" for Trammell Crow, Jr. FAC ¶ 209. Like the original Complaint, the FAC's allegations of participation are only conclusory labels: that Mr. Juracek gave unspecified "assistance . . . to the Venture" through unspecified "financial support," and that he attended unspecified parties where he allegedly "observed" Plaintiffs engaging in "commercial sex acts." FAC ¶¶ 369, 370. Plaintiffs' choice to only allege in their amended pleading that Mr. Juracek "observed" conduct proves that they have no good faith ability to allege anything approaching the "active participation" standard required for TVPA liability. *Reddit*, 51 F.4th at 1145; *E.S.*, 510 F. Supp.3d at 327. The allegations remain only that Mr. Juracek was aware of or affiliated with others alleged to be perpetrating sex trafficking, namely Rick Hubbard. That fails to satisfy TVPA. *Harris*, 2022 WL 16825200, at *6. The only alleged action even approaching "participation" in any scheme—Mr. Juracek's alleged "threaten[ing] Hubbard with his false testimony in court" (FAC ¶ 211)—is devoid of facts which would suggest any threats actually occurred or that they were made to compel Hubbard's continued acquiescence in her trafficking. If they had, the amended Pleading surely would describe in some detail the "how," "what," "where," and "when" of the threat to buttress this specious allegation. After all, that information would be well within Plaintiffs' personal knowledge. The FAC makes no attempt to clarify this glaring omission of detail. Instead, likely recognizing that merely offering "court testimony" is not improper (*see* Br. at 4, 12), Plaintiffs now contend, without more, that Mr. Juracek actually threatened "*false* testimony." FAC ¶ 211 (emphasis added). But, as explained in the Opening Brief (and unaddressed by the Opposition), this cannot constitute "participation" because Plaintiffs suggest no causal link that this alleged conduct furthered the alleged sex trafficking venture. *See supra* note 1. The FAC portrays Mr. Juracek, at most, as a bystander who, by some association with Rick Hubbard, was

merely aware of wrongful conduct. That fails as a matter of law.

**B.      The FAC Does Not Adequately Allege A "Thing Of Value"**

The only FAC allegation potentially referring to a benefit obtained by Mr. Juracek is that he allegedly received "naked photos of Hubbard."[2] FAC ¶¶ 39, 211. Specifically, the allegation is that "Juracek supported the Venture by providing financial support . . . and benefitted by receiving naked photos of Hubbard." *Id.* ¶ 39. The FAC also alleges (attributing conduct to Rick Hubbard, and ***not*** Mr. Juracek) that "Rick informed [Julia] Hubbard that he had provided Juracek with naked photos of Hubbard." *Id.* ¶ 211. Even if true, the alleged receipt of these photographs would not be enough to state a claim since "sexual gratification alone" is not a "thing of value." *Doe v. Fitzgerald*, No. CV-20-10713-MWF (RAOx), 2022 WL 425016, at *6–7 (C.D. Cal. Jan. 6, 2022).

To challenge this law, Plaintiffs ***first*** rely on *Doe v. Twitter* and *Does 1-6 v. Reddit* for the premise that "child pornography" is a "thing of value" under TVPA. Opp. at 6-9. But that does not bear on the facts at hand. Child pornography is flatly illegal and for that reason is not equivalent to "naked photographs" of an adult.[3] Moreover, the Opposition misapplies both *Twitter* and *Reddit*—neither holds that photos were themselves a thing of value, but rather, that the defendants' ***ability to monetize them*** could be. *Doe v. Twitter*, 555 F. Supp. 3d 889, 924 (N.D. Cal. 2021); *Reddit*, 51 F.4th at 1145; *see also U.S. v. Cook*, 782 F.3d 983, 989 (8th Cir. 2015) (videos had "value" because defendant created a marketplace for them). Plaintiffs do not assert Mr. Juracek ever profited from the photographs, and he is alleged only to have passive involvement—he

---

[2]   The FAC also alludes to Mr. Juracek's employment as a potential thing of "value." But, as explained, no allegations connect that employment to the alleged venture, and no facts would ever support it. Mr. Hubbard does not work for or have any connection to Crow Holdings, so he could not plausibly provide Mr. Juracek "value" for working there.

[3]   In this regard, Plaintiffs have additionally failed to distinguish non-commercial nude photographs from the "multi-billion dollar [pornography] industry." Opp. at 9. Plaintiffs offer no support for equating private transmission of images from one person to another with pornography.

allegedly "received" them and did not solicit, inquire about, pay, or trade for them.[4]

*Second*, Plaintiffs assert that an "opportunity for a sexual encounter" might be a "thing of value" under TVPA. Opp. at 8 (citing *United States v. Maneri*, 353 F.3d 165, 168 (2d Cir. 2003)). But even when interpreted as broadly as Plaintiffs presuppose, nothing in the FAC alleges that Mr. Juracek *ever sought* such an encounter. Plaintiffs accuse at least six others of either seeking or engaging in sex acts with them. FAC ¶¶ 25, 33, 39, 198, 203, 228, 296. Tellingly, Plaintiffs omit Mr. Juracek. *Id.* ¶¶ 39, 209-212, 368-372.

*Last,* Plaintiffs assert that claims lie against Mr. Juracek because defendants who have been absolved of TVPA liability in precedent cases were "employees and companies with *incidental connections* to trafficking." Opp. at 8 (emphasis added). But that is exactly how the FAC treats Mr. Juracek. Br. at 4 (cataloging allegations); *Reddit, Inc.*, 51 F.4th at 1145 (declining TVPA liability because "the defendant must have actually engaged in some aspect of sex trafficking") (citation omitted); *see also JSW Steel (USA) Inc. v. Nucor Corp.*, 586 F. Supp. 3d 585, 595 (S.D. Tex 2022) (plaintiffs "cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation") (citation omitted). The sex trafficking claim must be dismissed here because liability cannot be "established by association alone," *Harris*, 2022 WL 16825200, at *6, and the FAC (even after amendment) contains neither allegations of participation nor receipt of a "thing of value" by Mr. Juracek.

## II.   THE FAC DOES NOT STATE A LABOR TRAFFICKING CLAIM

The labor trafficking claim suffers from the same incurable infirmities. *See* Br. at 10-13. The Opposition focuses on beneficiary liability, which only follows when a defendant "knowingly

---

[4]   *J.C. v. Choice Hotels*, No. 20-CV-00155-WHO, 2020 WL 6318707, at *7 (N.D. Cal. Oct. 28, 2020) is inapposite. There, defendants knowingly rented rooms to known traffickers. Nothing here alleges similar behavior. The allegation that he provided "financial support" is threadbare, failing to suggest when, why, in what form, how much, or to whom.

benefit[ed], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means." 18 U.S.C. § 1589(b). Mr. Juracek is not a beneficiary because he neither participated in the venture nor received anything of value from his alleged participation. And even the allegation that he would give "false testimony in court" is flatly insufficient absent any accompanying factual detail showing what the threatened testimony was, *see Wilhite v. Texas Dep't of Fam. & Protective Servs*., No. CV H-18-866, 2020 WL 854243, at *7 (S.D. Tex. Jan. 27, 2020), and how it might further the venture.[5]

## III.   THE FIRST AMENDED COMPLAINT FAILS TO STATE A RICO CLAIM

A RICO plaintiff must "allege *each of the[] elements* to state a claim." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (emphasis added). And a viable complaint must specify each element for each defendant; vague grouping will not suffice. *See In re JUUL Labs, Inc., Mktg., Sales Pracs. & Prod. Liab. Litig.*, 497 F. Supp. 3d 552, 594 (N.D. Cal. 2014) ("To state a RICO claim, plaintiffs must plausibly allege that *each defendant* acted" in violation of the four core elements of a RICO claim) (emphasis added). That is, "*each claim and the involvement of each defendant must be sufficiently alleged*." *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1188 (E.D. Cal. 2017) (emphasis added). The Opposition utterly fails to support each element as to Mr. Juracek.

---

[5] Plaintiffs, again, overstate their Amended Complaint. *Compare* Opp. at 11 (stating that Juracek "threatened to give false testimony to deprive Hubbard of her children in order to compel Hubbard to engage in further trafficking for the benefit of the Venture") *with* FAC ¶ 211 ("Juracek also threatened Hubbard with his false testimony in court that could have Hubbard's children taken away from her."). Besides only pleading an allegation devoid of any detail, the FAC fails to establish the causal link that the Opposition now seeks to create—that any alleged "threat" to testify against Plaintiff Hubbard was in direct furtherance of the sex trafficking venture.

A.      **Insufficient Pattern of Racketeering Activity Allegations**

Plaintiffs must allege at least two predicate acts by each defendant. *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994) ("[T]he bare minimum of a RICO charge is that a defendant personally committed or aided and abetted the commission of two predicate acts.").  The FAC does not adequately allege that Mr. Juracek engaged in two or more predicate acts for two primary reasons. ***First***, Plaintiffs expressly (and improperly) allege that broad categories of predicate acts were undertaken by "all Defendants" or all members of "the Enterprise." That type of broad allegation fails to provide adequate notice of the claims against Mr. Juracek and calls for dismissal. *See Langston v. Ethicon Inc.*, No. 3:20-CV-3712-S, 2021 WL 6198218, at \*3 (N.D. Tex. Dec. 31, 2021) (requiring plaintiffs to "provide adequate notice to Defendants of the claims against them"); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 602 (S.D.N.Y. 2011) (dismissing RICO claim where "[*p*]*laintiffs rel[ied] impermissibly on group pleading to allege the existence of predicate acts underpinning their RICO claim*") (emphasis added). The Opposition cannot correct this deficiency and asserts only that "Plaintiffs have pleaded numerous related predicate acts (at least two of which accrue to Juracek)." Opp. at 16. That is insufficient. And tellingly, Plaintiffs either cannot or decline to state which "two." ***Second***, Plaintiffs are incorrect that Mr. Juracek "offers no rebuttal . . . except that TVPA claims do not lie against [him.]" *Id.* Mr. Juracek detailed how the FAC fails to adequately allege predicate acts in the form of CSA violations, wire fraud, and witness tampering. Br. at 15-16. Plaintiffs make no arguments in response to this or the authorities in support, waiving any claim that these allegations can stand as predicate acts. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 25 (5th Cir. 2011).

B.      **Insufficient "Conduct" or "Direction" Allegations**

The FAC also does not allege Mr. Juracek held any role in the "Enterprise" sufficient to meet the "conduct" element. Br. at 17. Plaintiffs attempt to avoid this result by mischaracterizing

the legal standard and the allegations.

**First**, Plaintiffs cite *Kelmar v. Bank of Am. Corp.*, No. CV 12-6826 PSG (EX), 2012 WL 12850425 (C.D. Cal. Oct. 26, 2012) to claim that this element "does not require even 'significant control' over the Enterprise." Opp. at 16. But Plaintiffs omit the very next sentence from *Kelmar*, which confirms that "more is required than 'simply being involved,' and simply performing services for the enterprise does not rise to the level of direction." 2012 WL 12850425, at *7. It remains that RICO requires allegations of "managerial control over the enterprise," *Ally Bank v. Castle*, 11-CV-896-YGR, 2012 WL 3627631, at *13 (N.D. Cal. Aug. 20, 2012), or at bare minimum, that the defendant had "some part ***in directing***" the enterprise, either by operating or managing it. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (emphasis added). Nothing in the FAC suggests anything beyond a passive role for Mr. Juracek.

**Second**, Plaintiffs cling to their sole allegation that Mr. Juracek took affirmative action— the single sentence from Paragraph 211 claiming that "Juracek also threatened Hubbard with false testimony in court for the purpose of Hubbard losing custody of her children." *See* Opp. at 1, 4-5 (citing Compl. ¶ 211). That allegation is, at most, a "service" to the enterprise, not the managerial "conduct" necessary to "direct" it. *See* Br. at 17. Plaintiffs have no response.

### C.   Insufficient Enterprise Allegations

To sustain the premise that the twenty-nine named defendants constitute an "association in fact enterprise," (FAC ¶ 433) Plaintiffs were required to allege facts establishing that each defendant shares the same common purpose. They failed to do so. *See* Br. at 16-17. Plaintiffs do not engage with, and surely do not rebut, the cases establishing that a common purpose is not established when there are "sets of defendants . . . allegedly operating with rather distinct purposes." *Gianelli v. Schoenfeld*, 2021 WL 4690724, at *12 (E.D. Cal. Oct 7, 2021); *see also United States v. Turkette*, 452 U.S. 576, 583 (1981) ("The enterprise is an entity, for present

purposes a group of persons associated together for a common purpose of engaging in a course of conduct."). Plaintiffs fail to assert any form of a "common purpose" here; indeed, the Opposition's own quote from the FAC contains two distinct purposes: trafficking women to [1] "the financial benefit of Mr. [Rick] Hubbard, Eller, and the Medical Doctor Defendants," *and* [2] "for the sexual gratification and other benefits of all Defendants." Opp. at 13 (quoting FAC ¶ 445). These are not the same purpose. And the decision in *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (cited in Opp. at 14) is not to the contrary. There, the plaintiff alleged that Microsoft and Best Buy shared both the purpose of "increasing the number" of users *and* "doing so by fraudulent means." *See id.* Here, while the "trafficking" allegation is common, the groups were allegedly engaged in trafficking for different purposes—financial benefit *or* sexual gratification. FAC ¶ 445. This exact type of difference defeated the finding of common purpose in *Gianelli*, where some defendants "work[ed] to defraud PG&E to their own profit, while the only identified goal of [others] was to punish [the] plaintiff." 2021 WL 4690724, at *12.

### D.      Plaintiffs Do Not Establish RICO Standing

To sustain a RICO claim, Plaintiffs must establish that a concrete loss to business or property was caused by the alleged racketeering conduct. *See Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 267-68 (1992); *HCB Fin. Corp. v. McPherson*, 8 F. 4th 335, 345-46 (5th Cir. 2021); *see* Br. at 13-14. For efficiency, Mr. Juracek incorporated the argument of Trammell Crow, Jr., and likewise does so for this Reply. *See* Dkt. 196 at 15-17, Dkt. 222 (Crow's Reply) at 7-9.

### E.      Plaintiff Hubbard's Claims Remain Time Barred

Plaintiff Julia Hubbard opposes the showing that her claims are time barred with an offer to "allege additional facts" regarding events allegedly taking place in December 2018; one month within the four-year limitations period for a RICO claim. Opp. at 18. Concededly, then, the bulk of the allegations in the FAC occurred outside the limitations period. For efficiency before this

Court, Mr. Juracek incorporated the argument of Trammell Crow, Jr. and likewise does so for this Reply. *See* Dkt. 196 at 24-25, Dkt. 222 at 12-13.

### F. The FAC Does Not Allege A 1962(d) Conspiracy

Plaintiffs do not dispute that a RICO conspiracy claim fails where a complaint does not adequately allege a substantive RICO violation. *Nolen v. Nucentrix Broadband Networks Inc*., 293 F.3d 926, 930 (5th Cir. 2002); *see* Br. at 18; *cf.* Opp. at 18. The conspiracy claim here fails on this basis. Additionally, it fails because nothing in the FAC indicates that Mr. Juracek entered into "an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Ducote Jax Holdings, L.L.C. v. Bradley*, No. CIV.A.04 1943, 2007 WL 2008505, at *7 (E.D. La. July 5, 2007) (quoting *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)); Br. at 18. The crux of any legal "conspiracy" is a defendant's agreement. *See United States v. Ganji*, 880 F.3d 760, 768 (5th Cir. 2018) ("Without an agreement, there is no conspiracy."). Plaintiffs' Opposition misstates Mr. Juracek's argument— it is irrelevant for Plaintiffs to allege he "at all relevant times had full knowledge" about the Enterprise because they do not (and cannot) allege that he agreed to commit racketeering predicate acts. *Salinas v. United States*, 552 U.S. 52, 66 (1997) (RICO conspiracy claim requires establishing that a defendant "knew about ***and agreed to facilitate*** the [RICO] scheme") (emphasis added).

### <u>CONCLUSION</u>

Nothing in the First Amended Complaint is sufficient to sustain Plaintiffs' causes of action against Mr. Juracek as a matter of law. Therefore, Mr. Juracek respectfully requests the Court dismiss with prejudice of the First Amended Complaint claims against him.

DATED: August 24, 2023                     Respectfully submitted,


                                    By /s/ Diane M. Doolittle

                                       QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
                                        Diane M. Doolittle (*pro hac vice*)
                                        dianedoolittle@quinnemanuel.com
                                        555 Twin Dolphin Drive, 5th Floor
                                        Redwood Shores, California 94065
                                        Telephone:       (650) 801 5000
                                        Facsimile:       (650) 801 5100

                                        Adam J. DiClemente (*pro hac vice*)
                                        adamdiclemente@quinnemanuel.com
                                        51 Madison Avenue., 22nd Floor
                                        New York, New York 10010
                                        Telephone:       (212) 849 7000
                                        Facsimile:       (212) 849 7100

                                        Matthew "Alex" Bergjans (*pro hac vice*)
                                        alexbergjans@quinnemanuel.com
                                        865 S. Figueroa Street, 10th Floor
                                        Los Angeles, California 90017
                                        Telephone:       (213) 443 3000
                                        Facsimile:       (213) 443 3100

                                        Evan Pearson (Texas State Bar No. 24121403)
                                        evanpearson@quinnemanuel.com
                                        300 W. Sixth Street, Suite 2010
                                        Austin, Texas 78701
                                        Telephone:       (737) 667 6119
                                        Facsimile:       (737) 667 6110

                                        *Attorneys for Defendant Coe Juracek*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing "Coe Juracek's Reply in Further Support of Motion to Dismiss" was served on counsel of record via CM/ECF on August 24, 2023.

*/s/ Evan Pearson*
Evan Pearson