**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JULIA HUBBARD, *ET AL.*, | § | |
| *PLAINTIFFS*, | § | |
| | § | |
| | § | CIVIL ACTION NO. 5:23-CV-00580-FB |
| v. | § | |
| | § | |
| TRAMMEL S. CROW, JR., *ET AL.*, | § | |
| *DEFENDANTS*. | § | |

---

**DEFENDANT CODY MITCHELL'S REPLY IN SUPPORT OF HIS 12(B)(1) AND**
**12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

## I.    INTRODUCTION

In their Opposition, Plaintiffs admit that Mr. Mitchell engaging in a human trafficking scheme is "absurd." *See* ECF No. 218 at 5. Mr. Mitchell agrees as the sole allegation of how Mr. Mitchell forced Plaintiffs' participation in the alleged human tracking venture and RICO enterprise is of a purportedly unflattering photo of him that Defendant Hubbard showed Plaintiff Hubbard. *Id*. at 7–8, 10; *see* First Amended Complaint ("FAC") at ¶ 384. Plaintiffs notably did not provide, nor can they, any authority supporting the contention that a photograph of an individual used to threaten legal process upon another individual by another individual is enough to attach trafficking (18 U.S.C. §§ 1589, 1591, 1595) and RICO liability (18 U.S.C. § 1962).

Moreover, Plaintiffs' Opposition asserts novel facts not found in their FAC such as Mitchell sending Defendant Hubbard a photo of himself "for the express purpose of intimidating Plaintiffs." ECF No. 218 at 14. The cited paragraphs do not state this, instead the FAC states Defendant Hubbard presented this photo as a threat to Plaintiff Hubbard. *See* FAC ¶¶ 21–22, 284; *compare* ECF No. 218 at 14.

As such, Plaintiffs are left with the threadbare allegation of Mr. Mitchell's "participation" is that Defendant Hubbard "sought, with the help of Mitchell, to report abuse in order to take custody of [Ms.] Hubbard's children[.]" FAC at ¶ 161. The term "helping" is so vague it does not meet the required specificity of Rule 8, and further, Mr. Mitchell is entitled to qualified immunity in helping report child abuse as an officer of the law.

Finally, Plaintiffs' Opposition focuses solely on Mr. Mitchell's role within the alleged RICO enterprise, but wholly ignores his arguments regarding Plaintiffs' RICO standing, RICO conspiracy claim, and Ms. Hubbard's RICO claims being barred by the applicable statute of limitations. *See, e.g., Charboneau v. Box*, 2017 WL 1159765, at *13 (E.D. Tex. Mar. 29, 2017) ("[A] plaintiff's failure to brief an argument in the plaintiff's response to a motion to dismiss generally results in waiver of such argument."); *Mayo v. Halliburton Co.*, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (same).

Accordingly, Mr. Mitchell respectfully requests his Motion to Dismiss be granted.

## II.   ARGUMENT

### a.   Mr. Mitchell's Official Capacity Claims

As pointed out in Mr. Mitchell's motion to dismiss, Plaintiffs did not state whether they sue him is individual or official capacity as a Texas Ranger. ECF No. 202 at 9. In Plaintiffs' Response, they concede they do not sue Mr. Mitchell in his official capacity. ECF No. 218 at 9.

Accordingly, the Court should grant Mr. Mitchell's Rule 12(b)(1) motion.

### b.   No Beneficiary Liability Under TVPA

In their Opposition, Plaintiffs assert that Mr. Mitchell participated in the trafficking venture through threats of legal process, and for the first time, financial support. ECF No. 218 at 11. First, not one allegation in Plaintiffs' 74-page FAC indicates Mr. Mitchell provided financial support to

2

the alleged Venture, and Mr. Mitchell assumes this is an inadvertent holdover from the other oppositions filed against other defendants' motions to dismiss. To the extent this was not an inadvertent inclusion, Mr. Mitchell contests that no allegation in the FAC that support Plaintiffs' assertion that Mr. Mitchell financially supported the alleged venture. *See generally* FAC.

### i.  Plaintiffs Failed to Allege Mr. Mitchell Threatened Legal Process

Plaintiffs did not show, nor plead, that the alleged threats of legal misuse made by Mr. Mitchell. Plaintiffs argue Mr. Mitchell threatened the legal process by "allowing Rick Hubbard to tell Plaintiffs that if they did not comply with his demands, Mitchell would arrest Plaintiffs under false charges, and if Plaintiffs went to law enforcement, no one would believe them. ([FAC] ¶ 19)." Nowhere in the FAC does it state Mr. Mitchell "allowed" such threats to be made on his behalf, and further, that is not what Paragraph 19 of the FAC states. What Paragraph 19 states is "Rick had a close friendship with Mitchell and would regularly threaten Hubbard and Goedinghaus with arrest under false charges, telling them that if they did [go] to law enforcement, no one would believe them."

While courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). The Court should not accept the inference that a photo of Mr. Mitchell "provided support to the Venture in the form of intimidation that kept both Plaintiffs in line out of fear of serious legal repercussions." ECF No. 218 at 11; *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (The Court should not "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

Thus, Plaintiffs' claims against Mr. Mitchell should be dismissed on this alone.

### ii.   Plaintiffs Fail to Support Mr. Mitchell Received a Thing of Value

Nude photos of Plaintiffs cannot be construed as a thing of value under the TVPA when coupled with Plaintiffs' other allegation that "The object of the conspiracy was to traffic women for purposes of sexual acts and forced labor, to the financial benefit of Defendant Rick Hubbard, Defendant Eller, and the Medical Doctor Defendants and for the sexual gratification and other benefits to all Defendants." FAC ¶ 445.

Mr. Mitchell is not one of the expressly named defendants or defendant groups in this allegation, and as such, he falls into the default of receiving "sexual gratification." As stated in his Motion to Dismiss the First Amended Complaint, "But 'sexual gratification' is not a 'thing of value' under the TVPA, otherwise it would transform innumerable, consensual sexual activities into 'sex trafficking.'" *Doe v. Fitzgerald*, No. 20-cv-10713, 2022 WL 425016 at *6-7 (finding that interpretation of "sexual gratification" as a "thing of value" under TVPA would "yield absurd results"); *see also Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) (interpretations "which could produce absurd results are to be avoided"). ECF No. 202 at 13.

Plaintiffs cite numerous cases showing non-monetary benefits as things of value, but not one is on point to the allegations in this matter. *See* ECF No. 218 at 12. Nowhere do Plaintiffs allege Mr. Mitchell was offered the opportunity of employment, the opportunity for a sexual encounter, sexual acts, meeting a famous person, or child pornography[1] for his alleged participation in the venture.

Further, Plaintiffs erroneously state Mr. Mitchell's own authority, *United States v. Raniere,* stands for the proposition that "a 'thing of value' is interpreted by its ordinary meaning: something a person would assign value to." *Id*.  Plaintiffs' argument is inaccurate for two reasons. First, Mr.

---

[1] Child pornography, unlike photographs of a nude adult, is categorically illegal.

4

Mitchell never cited *United States v. Raniere* in his Motion to Dismiss. *See generally* ECF No. 202. Second, the holding in *Raniere* was that a thing of value need not have a monetary or financial component – not that a thing of value can mean anything someone ascribes value. *United States v. Raniere*, 55 F.4th 354, 366 (2d Cir. 2022).

Glaringly absent from the FAC is any allegation that Mr. Mitchell ascribed value for photos of Plaintiffs, *i.e.,* the ability to monetize them, or that he even inquired, sought, paid, or traded for the photos. As such, Plaintiffs are left to ask the Court to make the fantastical deduction that Mr. Mitchell risked his entire career and considerable jail time for nude photos. Such an unwarranted inference should not be given.

Accordingly, the TVPA claims against Mr. Mitchell should be dismissed.

### c.   Plaintiffs Failed to Allege a Labor Trafficking Claim Against Mr. Mitchell

Plaintiffs' labor tracking claim against Mr. Mitchell fails for the same reasons why their TVPA claim fails against him – Mr. Mitchell did not receive any thing of value from the alleged participation of Defendant Hubbard threatening Plaintiffs with abuse of the legal process through an allegedly embarrassing photograph of Mr. Mitchell.

### d.   Plaintiffs Failed to Allege a Viable RICO Claim

The Plaintiffs fail to claim an injury that is compensable under RICO.[2] To make a RICO claim, a Plaintiff must allege that they suffered a "concrete financial loss" to a business or property that was proximately caused by the RICO violation. *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 344 (5th Cir. 2021). Here, the Plaintiffs did not contest Mr. Mitchell's arguments about Plaintiffs' RICO standing, only his participation in the RICO enterprise. ECF No. 218 at 14.

---

[2] For this Court's efficiency, Mr. Mitchell also incorporates the argument filed by Mr. Crow on the issue of RICO standing. ECF No. 196 at pp. 15–17, and now also incorporates his Reply, ECF No. 222 at 7–9.

Additionally, Plaintiffs do not contest Mr. Mitchell's arguments and authorities that Ms. Hubbard's only potential RICO injury is barred by the statute of limitations. The only potentially concrete financial loss that Plaintiffs allege is the loss of Ms. Hubbard's house in March or April of 2018, but it is barred by the statute of limitations. (FAC at ¶ 266). The RICO statute has a four-year statute of limitations that begins to run once a plaintiff knows or should know of the injury that underlies her cause of action. *See Boulmay v. Rampart 920, Inc.*, 124 F. App'x 889, 891 (2005). Ms. Hubbard knew she was being trafficked as early as 2012[3] and knew she suffered an injury in April 2018 but did not begin this litigation until November 2022—seven months after the limitations period expired. FAC at ¶¶ 239, 266. Therefore, the statute of limitations bars Ms. Hubbard's claim.

### i.   Plaintiffs fail to allege an Enterprise.

To plead an association-in-fact enterprise, Plaintiffs must allege that defendants had a common purpose, structure or organization, and longevity necessary to achieve the enterprise's purpose. *See McPeters v. Edwards*, 806 F.Supp.2d 978, 988 (S.D. Tex. 2011). Plaintiffs allege each unrelated group and individual actors with different, unaligned purposes as articulated in Mr. Crow's Motion to Dismiss (ECF No. 196 at 18–21) which Mr. Mitchell incorporates by reference for the Court's efficiency and his Reply, ECF No. 222 at 9–11. The RICO allegations should be dismissed for lack of common purpose.

### ii.   Plaintiffs fail to allege a pattern of racketeering by Mr. Mitchell.

To adequately allege a pattern of racketeering, Plaintiffs must plead that the racketeering predicates are related and amount to or pose a threat of continued criminal activity. *See Malvino*

---

[3] Arguably, Ms. Hubbard knew she was being trafficked when Rick Hubbard forced her to undergo nonconsensual sterilization and used reversal as an enticement to get her to comply with his demands. (FAC at ¶ 244).

*v. Dellunversita*, 840 F.3d 223, 232 (5th Cir. 2016). A pattern of racketeering activity requires at least two predicate acts listed in 18 U.S.C. § 1961(1) by each defendant. *See St. Germain v. Howard*, 556 F.3d 261, 262–63 (5th Cir. 2009).

Plaintiffs' Opposition does not contest the arguments made in Mr. Mitchell's Motion to Dismiss the Amended Complaint, ECF No. 202 at 20–23.

### iii.   Plaintiffs fail to allege Mr. Mitchell conducted the enterprise's affairs.

Plaintiffs failed to explain how a photograph of Mr. Mitchell adequately alleges how he "conduct[ed] or participate[d], directly or indirectly, in the conduct of [the] enterprise's affairs." *See* 18 U.S.C. §1962(c).

Plaintiffs cite *Kelmar v. Bank of Am. Corp.*, No. CV 12-6826 PSG (EX), 2012 WL 12850425 (C.D. Cal. Oct. 26, 2012) to claim that this element "does not require even 'significant control' over the Enterprise." ECF No. 218 at 16. *Kelmar* also states that "more is required than 'simply being involved,' and simply performing services for the enterprise does not rise to the level of direction." 2012 WL 12850425, at *7.  Under Supreme Court precedent, alleging conduct or participation requires more than mere association. *Reves v. Ernst & Young*, 507 U.S. 170, 177–79 (1993). Furthermore, lower court decisions affirmed *Reves's* interpretation of §1962(c) in finding that something more than non-supervisory involvement is required to sufficiently allege this element. *See Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d. 631, 655 (S.D. Tex. 2016) (citing *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 675 (5th Cir. 2015)) ("Although one need not be a ringleader, the Fifth Circuit has made clear that a defendant must have some supervisory involvement in an enterprise in order to satisfy §1962(c)'s conduct or participate requirement.").

Nothing in the FAC suggests Mr. Mitchell himself directed or supervised the enterprise.

### iv.   Plaintiffs concede there is no RICO conspiracy.

A plaintiff must adequately plead a cognizable substantive RICO violation under 18 U.S.C. § 1962(a), (b), or (c) to plead an 18 U.S.C. § 1962(d) RICO conspiracy claim. *See Poe v. Bock*, No. EP-CV-17-232, 2018 WL 4677901, \*5 (W.D. Tex. Jun. 11, 2018). Because Plaintiffs failed to sufficiently plead a substantive 1962(c) RICO claim, this claim, too, must fail.

Plaintiffs' Opposition does not address Mr. Mitchell's arguments and authorities against this claim.

### e.   <u>Mr. Mitchell Is Entitled to Qualified Immunity</u>

Qualified immunity protects government officials in their individual capacity while performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Notably, it is immunity from suit — not just from liability. *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).

Plaintiffs argue Mr. Mitchell "allowed Rick Hubbard to threaten Plaintiffs using his status and authority and provided photo evidence suggesting that he was ready to abuse his authority as a law enforcement official in order to assist the Venture (see FAC ¶¶ 22–23)."  However, Plaintiffs overstate the actual language in Paragraphs 22 and 23 of the FAC. Paragraph 22 states, "This photo was presented as a threat to Hubbard: Mitchell considered himself above the law and would do what he needed to do to protect Rick and the Venture." The Court is welcome to accept this fact as true that Defendant Hubbard did present this photo in such a manner, however, nowhere in the FAC do Plaintiffs allege Mr. Mitchell allowed, or even intended, such a preposterous action.

Accordingly, Mr. Mitchell should be entitled to maintain his qualified immunity.

## III.    CONCLUSION

Mr. Mitchell respectfully requests that all causes of action brought against him by Plaintiffs be dismissed with prejudice, and the Court grant his Motion to Dismiss Plaintiffs' First Amended Complaint.

Respectfully submitted,

**ANGELA COLMENERO**
Provisional Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Acting Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Alec Simpson*
**ALEC SIMPSON**
Attorney-In-Charge
Assistant Attorney General
Texas State Bar No. 24118534

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814
Alec.Simpson@oag.texas.gov

**ATTORNEYS FOR DEFENDANT MITCHELL**

## CERTIFICATE OF SERVICE

I, **ALEC SIMPSON**, certify that a true and correct copy of the foregoing, **Defendant Cody Mitchell's Reply in Support of His Motion to Dismiss Plaintiffs' First Amended Complaint**, has been served on all counsel of record who have appeared and consented to electronic

notification via the Electronic Case Files System of the Western District of Texas on or about August 24, 2023:

/s/ *Alec Simpson*
**ALEC SIMPSON**
Assistant Attorney General