**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **JULIA HUBBARD and**<br>**KAYLA GOEDINGHAUS,** | |
| *Plaintiffs*, | **CIVIL ACTION NO.** |
| **VS.** | **5:23-cv-00580-FB-EC** |
| **MICHAEL SCOTT WOODS, M.D., ET AL.** | |
| *Defendant,* | |

### DEFENDANT MICHAEL SCOTT WOODS, M.D.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Michael Scott Woods, M.D. (hereafter, "Defendant"), by and through his attorneys, hereby files this Answer to Plaintiffs' Amended Complaint (Doc. 190). The numbered paragraphs in Defendant's Answer below correspond to the like-numbered paragraphs of Plaintiffs' Amended Complaint ("Complaint"). Except as expressly admitted below, Defendant denies the allegations and characterizations in Plaintiffs' Amended Complaint and in support thereof would show the following:

### DEFENDANT MICHAEL SCOTT WOODS, M.D.'S ANSWER

### NATURE OF THE CASE

1.      Defendant denies the allegations in paragraph 1.

2.      Defendant denies the allegations in paragraph 2.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and, on that basis, denies them.

4.      Defendant denies the allegations in paragraph 4.

5.      Defendant denies the allegations in paragraph 5.

6.      Defendant denies the allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and, on that basis, denies them.

9.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 and, on that basis, denies them.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and, on that basis, denies them.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and, on that basis, denies them.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and, on that basis, denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and, on that basis, denies them.

14.     Defendant denies the allegations in paragraph 14.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant denies the allegations in paragraph 16.

17.     Defendant denies the allegations in paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and, on that basis, denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and, on that basis, denies them.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and, on that basis, denies them.

22.     Defendant denies the allegations in paragraph 22.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant denies the allegations in paragraph 25.

26.     Defendant denies the allegations in paragraph 26.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies the allegations in paragraph 28.

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and, on that basis, denies them.

33.     Defendant denies the allegations in paragraph 33.

34.     Defendant denies the allegations in paragraph 34.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and, on that basis, denies them.

36.     Defendant denies the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39, including all subparts therein.

40.     Defendant denies the allegations in paragraph 40.

41.     Defendant denies the allegations in paragraph 41.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and, on that basis, denies them.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and, on that basis, denies them.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and, on that basis, denies them.

45.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and, on that basis, denies them.

46.     Defendant denies the allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and, on that basis, denies them.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and, on that basis, denies them.

50.     Defendant denies the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

## <u>JURISDICTION AND VENUE</u>

52.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Defendants Hubbard, Mitchell, Brunson, Rodgers, and Miller reside within the Western District.  All other allegations in paragraph 52 constitute legal conclusions to which no

response is required.  To the extent any allegations are directed at Defendant, he expressly denies them.

53.     The allegations in paragraph 53 constitute legal conclusions to which no response is required.  To the extent any allegations are directed at Defendant, he expressly denies them.

54.     The allegations in paragraph 54 constitute legal conclusions to which no response is required.  To the extent any allegations are directed at Defendant, he expressly denies them.

55.     The allegations in paragraph 55 constitute legal conclusions to which no response is required.  To the extent any allegations are directed at Defendant, he expressly denies them.

56.     The allegations in paragraph 56 constitute legal conclusions to which no response is required.  To the extent any allegations are directed at Defendant, he expressly denies them.

57.     Defendant admits that he is subject to personal jurisdiction in Texas.  Defendant denies all other allegations in Paragraph 57.

58.     The allegations in paragraph 58 constitute legal conclusions to which no response is required.  To the extent any allegations are directed at Defendant, he expressly denies them.

## **PARTIES**

### *Plaintiffs*

59.     Upon information and belief, Defendant admits the allegations in paragraph 59.

60.     Upon information and belief, Defendant admits the allegations in paragraph 60.

### *Defendants*

61.     Upon information and belief, Defendant admits the allegations in paragraph 61.

62.     Upon information and belief, Defendant admits the allegations in paragraph 62.

63.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and, on that basis, denies them.

64.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and, on that basis, denies them.

65.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and, on that basis, denies them.

66.     Defendant admits that he is an individual who resides in Plano, Texas.

67.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 and, on that basis, denies them.

68.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and, on that basis, denies them.

69.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 and, on that basis, denies them.

70.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 and, on that basis, denies them.

71.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 and, on that basis, denies them.

72.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 and, on that basis, denies them.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 and, on that basis, denies them.

74.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 and, on that basis, denies them.

75.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 and, on that basis, denies them.

76.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 and, on that basis, denies them.

77.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 and, on that basis, denies them.

78.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 and, on that basis, denies them.

79.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 and, on that basis, denies them.

80.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 and, on that basis, denies them.

81.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 and, on that basis, denies them.

82.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 and, on that basis, denies them.

83.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 and, on that basis, denies them.

84.     Defendant admits that RCI Hospitality Holdings, Inc. is a Delaware corporation. Defendant denies that its principal place of business is in New York.

85.     Defendant admits that Integrity Based Marketing, LLC is a Texas limited liability company with a forfeited existence.  Defendant denies that its principal place of business is or was in Marble Falls, Texas.

86.     Defendant admits that Storm Fitness Nutrition, LLC is a Texas limited liability company with a forfeited existence.  Defendant denies that its principal place of business is or was in Marble Falls, Texas.

87.     Defendant admits that Ultra Combat Nutrition, LLC is a Texas limited liability company with a forfeited existence.  Defendant denies that its principal place of business is or was in Marble Falls, Texas.

88.     Defendant admits that EcoLoft Homes LLC is a Texas limited liability company with a forfeited existence.  Defendant denies that its principal place of business is or was in Marble Falls, Texas.

89.     Defendant admits that Elevated Wellness Partners LLC is a Texas limited liability company that was involuntarily dissolved.  Defendant denies that its principal place of business is or was in Marble Falls, Texas.

90.     Paragraph 90 does not set forth any allegations and, therefore, no response is required.

91.     Paragraph 91 does not set forth any allegations and, therefore, no response is required.

*Third Parties*

92.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 and, on that basis, denies them.

93.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 and, on that basis, denies them.

94.     Defendant denies the existence of a Venture.  Otherwise, paragraph 94 does not set forth any allegations and, therefore, no response is required. To the extent any allegations are directed at Defendant, he expressly denies them.

## PLAINTIFFS' STATEMENT OF FACTS

95.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95 and, on that basis, denies them.

96.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 and, on that basis, denies them.

97.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 and, on that basis, denies them.

98.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 and, on that basis, denies them.

99.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 and, on that basis, denies them.

100.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100 and, on that basis, denies them.

101.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 and, on that basis, denies them.

102.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 and, on that basis, denies them.

103.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103 and, on that basis, denies them.

104.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 and, on that basis, denies them.

105.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 and, on that basis, denies them.

106.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 and, on that basis, denies them.

107.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 and, on that basis, denies them.

108.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 and, on that basis, denies them.

109.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 and, on that basis, denies them.

110.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 and, on that basis, denies them.

111.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 and, on that basis, denies them.

112.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 and, on that basis, denies them.

113.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 and, on that basis, denies them.

114.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 and, on that basis, denies them.

115.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 and, on that basis, denies them.

116.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 and, on that basis, denies them.

117.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 and, on that basis, denies them.

118.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 and, on that basis, denies them.

119.    Defendant denies the allegations in paragraph 119.

120.    Defendant denies the allegations in paragraph 120.

121.    Defendant denies the allegations in paragraph 121.

122.    Defendant denies the allegations in paragraph 122.

123.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123 and, on that basis, denies them.

124.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124 and, on that basis, denies them.

125.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125 and, on that basis, denies them.  In addition, Defendant objects to Plaintiffs' use of a screenshot in paragraph 125, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

126.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126 and, on that basis, denies them.

127.    Defendant denies the allegations in paragraph 127.

128.     Defendant denies the allegations in paragraph 128.

129.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129 and, on that basis, denies them.

130.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130 and, on that basis, denies them.

131.     Defendant denies the allegations in paragraph 131.  In addition, Defendant objects to Plaintiffs' use of what appears to be a letter excerpt in paragraph 131, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

132.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132 and, on that basis, denies them. In addition, Defendant objects to Plaintiffs' use of what appears to be a hearing transcript excerpt and excerpt of a court order in paragraph 132, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

133.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133 and, on that basis, denies them.

134.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134 and, on that basis, denies them.

135.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135 and, on that basis, denies them.

136.     Defendant denies the allegations in paragraph 136.

137.     Defendant denies the allegations in paragraph 137.

138.     Defendant denies the allegations in paragraph 138.

139.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139 and, on that basis, denies them. In addition, Defendant objects to Plaintiffs' use of what appears to an excerpt from a letter in paragraph 139, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

140.    Defendant denies the allegations in paragraph 140.

141.    Defendant denies the allegations in paragraph 141.

142.    Defendant denies the allegations in paragraph 142.

143.    Defendant denies the allegations in paragraph 143.

144.    Defendant denies the allegations in paragraph 144, including all subparts therein.

145.    Defendant denies the allegations in paragraph 145.

146.    Defendant denies the allegations in paragraph 146.

147.    Defendant denies the allegations in paragraph 147.

148.    Defendant denies the allegations in paragraph 148.

149.    Defendant denies the allegations in paragraph 149.

150.    Defendant admits that he prescribed medication to Plaintiff Hubbard.  Defendant denies all other allegations in paragraph 150. In addition, Defendant objects to Plaintiffs' use of what appears to an excerpt of pharmacy records in paragraph 150, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

151.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151 and, on that basis, denies them.

152.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152 and, on that basis, denies them. In addition, Defendant objects to Plaintiffs' use of what appears to a screenshot of electronic calendar invites in paragraph 152, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

153.     Defendant denies the allegations in paragraph 153.

154.     Defendant denies the allegations in paragraph 154.

155.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155 and, on that basis, denies them.

156.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156 and, on that basis, denies them.

157.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 157 and, on that basis, denies them.

158.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 158 and, on that basis, denies them.

159.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159 and, on that basis, denies them.

160.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160 and, on that basis, denies them.

161.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161 and, on that basis, denies them.

162.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162 and, on that basis, denies them.

163.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163 and, on that basis, denies them.

164.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164 and, on that basis, denies them.

165.    Defendant denies the allegations in paragraph 165.  In addition, Defendant objects to Plaintiffs' use of what appears to a screenshot of an electronic calendar alert in paragraph 165, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

166.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166 and, on that basis, denies them.

167.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167 and, on that basis, denies them.

168.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 168 and, on that basis, denies them.

169.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169 and, on that basis, denies them.

170.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170 and, on that basis, denies them.

171.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171 and, on that basis, denies them.

172.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172 and, on that basis, denies them.

173.    Defendant denies the allegations in paragraph 173.

174.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174 and, on that basis, denies them. In addition, Defendant objects to Plaintiffs' use of what appears to a screenshot of an electronic calendar alert in paragraph 174, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

175.    Defendant admits the allegations in paragraph 175.

176.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176 and, on that basis, denies them.

177.    Defendant denies the allegations in paragraph 177.

178.    Defendant denies the allegations in paragraph 178.

179.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 179 and, on that basis, denies them.

180.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 180 and, on that basis, denies them.

181.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181 and, on that basis, denies them.

182.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182 and, on that basis, denies them.

183.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183 and, on that basis, denies them.

184.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184 and, on that basis, denies them.

185.    Defendant denies the allegations in paragraph 185.

186.    Defendant denies the allegations in paragraph 186.  In addition, Defendant objects to Plaintiffs' use of a photograph and what appears to be a screenshot of a text message in paragraph 186, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

187.    Defendant denies the allegations in paragraph 187.  In addition, Defendant objects to Plaintiffs' use of what appears to be an excerpt of a letter and email message in paragraph 187, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

188.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 188 and, on that basis, denies them.

189.    Defendant denies the allegations in paragraph 189.

190.    Defendant denies the allegations in paragraph 190.

192.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 192 and, on that basis, denies them.

193.    Defendant denies the allegations in paragraph 193.

194.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194 and, on that basis, denies them.

195.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 195 and, on that basis, denies them.

196.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 196 and, on that basis, denies them.

197.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197 and, on that basis, denies them.

198.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 198 and, on that basis, denies them.

199.    Defendant denies the allegations in paragraph 199.

200.    Defendant denies the allegations in paragraph 200. In addition, Defendant objects to Plaintiffs' use of what appears to be a screenshot of a Facebook related notification or email in paragraph 200, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

201.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 201 and, on that basis, denies them.

202.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 202 and, on that basis, denies them.

203.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 203 and, on that basis, denies them.

204.    Defendant denies the allegations in paragraph 204.

205.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 205 and, on that basis, denies them.

206.    Defendant denies the allegations in paragraph 206.

207.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 207 and, on that basis, denies them.

208.    Defendant denies the allegations in paragraph 208.

209.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 209 and, on that basis, denies them.

210.    Defendant denies the allegations in paragraph 210.

211.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 211 and, on that basis, denies them.

212.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 212 and, on that basis, denies them.

213.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 213 and, on that basis, denies them.

214.     Defendant denies the allegations in paragraph 214.

215.     Defendant denies the allegations in paragraph 215.

216.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 216 and, on that basis, denies them.

217.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 217 and, on that basis, denies them.

218.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 218 and, on that basis, denies them.

219.     Defendant denies the allegations in paragraph 219.

220.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 220 and, on that basis, denies them. In addition, Defendant objects to Plaintiffs' use of what appears to be a photograph of a 2016 Form 1099-MISC in paragraph 220, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

221.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 221 and, on that basis, denies them.

222.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222 and, on that basis, denies them.

223.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 223 and, on that basis, denies them.

224.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 224 and, on that basis, denies them. In addition, Defendant objects to Plaintiffs' use of what appears to be screenshots of text messages in paragraph 221, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

225.    Defendant denies the allegations in paragraph 225.

226.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 226 and, on that basis, denies them.

227.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 227 and, on that basis, denies them.

228.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 228 and, on that basis, denies them.

229.    Defendant denies the allegations in paragraph 229.

230.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 230 and, on that basis, denies them.

231.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 231 and, on that basis, denies them.

232.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 232 and, on that basis, denies them.

233.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 233 and, on that basis, denies them.

234.    Defendant denies the allegations in paragraph 234.

235.    Defendant denies the allegations in paragraph 235.

236.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 236 and, on that basis, denies them.

237.    Defendant denies the allegations in paragraph 237.

238.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 238 and, on that basis, denies them.

239.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 239 and, on that basis, denies them.

240.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 240 and, on that basis, denies them.

241.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 241 and, on that basis, denies them.

242.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 242 and, on that basis, denies them.

243.    Defendant denies the allegations in paragraph 243.

244.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 244 and, on that basis, denies them.

245.    Defendant denies the allegations in paragraph 245.

246.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246 and, on that basis, denies them.

247.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 247 and, on that basis, denies them.

248.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 248 and, on that basis, denies them.

249.    Defendant denies the allegations in paragraph 249.

250.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 250 and, on that basis, denies them.

251.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 251 and, on that basis, denies them.

252.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 252 and, on that basis, denies them. In addition, Defendant objects to Plaintiffs' use of what appears to be an excerpt of a medical record in paragraph 252, as Plaintiffs' usage therein is an impermissible attempt to circumvent the Federal Rules of Evidence regarding authentication and admissibility.

253.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 253 and, on that basis, denies them.

254.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 254 and, on that basis, denies them.

255.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 255 and, on that basis, denies them.

256.    Defendant denies the allegations in paragraph 256.

257.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 257 and, on that basis, denies them.

258.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 258 and, on that basis, denies them.

259.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 259 and, on that basis, denies them.

260.    Defendant denies the allegations in paragraph 260.

261.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 261 and, on that basis, denies them.

262.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 262 and, on that basis, denies them.

263.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 263 and, on that basis, denies them.

264.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 264 and, on that basis, denies them.

265.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 265 and, on that basis, denies them.

266.    Defendant denies the allegations in paragraph 266.

267.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 267 and, on that basis, denies them.

268.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 268 and, on that basis, denies them.

269.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 269 and, on that basis, denies them.

270.     The allegations in paragraph 270 against Hynes constitute legal conclusions to which no response is required.  However, to the extent Plaintiffs direct the allegations in paragraph 270 against Defendant, they are expressly denied.

271.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 271 and, on that basis, denies them.

272.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 272 and, on that basis, denies them.

273.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 273 and, on that basis, denies them.

274.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 274 and, on that basis, denies them.

275.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 275 and, on that basis, denies them.

276.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 276 and, on that basis, denies them.

277.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 277 and, on that basis, denies them.

278.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 278 and, on that basis, denies them.

279.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 279 and, on that basis, denies them.

280.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 280 and, on that basis, denies them.

281.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 281 and, on that basis, denies them.

282.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 282 and, on that basis, denies them.

283.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 283 and, on that basis, denies them.

284.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 284 and, on that basis, denies them.

285.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 285 and, on that basis, denies them.

286.     Defendant denies the allegations in paragraph 286.

287.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 287 and, on that basis, denies them.

288.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 288 and, on that basis, denies them.

289.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 289 and, on that basis, denies them.

290.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 290 and, on that basis, denies them.

291.     Defendant denies the allegations in paragraph 291.

292.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 292 and, on that basis, denies them.

293.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 293 and, on that basis, denies them.

294.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 294 and, on that basis, denies them.

295.   The allegations in paragraph 295 against "Rick" and the "Investor Defendants" constitute legal conclusions to which no response is required.  However, to the extent Plaintiffs direct the allegations in paragraph 295 against Defendant, they are expressly denied.

296.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 296 and, on that basis, denies them.

297.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 297 and, on that basis, denies them.

298.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 298 and, on that basis, denies them.

299.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 299 and, on that basis, denies them.

300.   Defendant denies the allegations in paragraph 300.

301.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 301 and, on that basis, denies them.

302.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 302 and, on that basis, denies them.

303.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 303 and, on that basis, denies them.

304.   Defendant denies the allegations in paragraph 304.

305.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 305 and, on that basis, denies them.

306.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 306 and, on that basis, denies them.

307.     Defendant denies the allegations in paragraph 307.

308.     Defendant denies the allegations in paragraph 308.

309.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 309 and, on that basis, denies them.

310.     Defendant denies the allegations in paragraph 310.

311.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 311 and, on that basis, denies them.

312.     Defendant denies the allegations in paragraph 312.

313.     Defendant denies the allegations in paragraph 313.

314.     Defendant denies the allegations in paragraph 314.

315.     Defendant denies the allegations in paragraph 315.

### Specific TVPA Allegations Against Each Defendant

316.     Defendant denies the allegations in paragraph 316.

*Defendant Trammell S. Crow, Jr.*

317.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 317 and, on that basis, denies them.

318.     Defendant denies the allegations in paragraph 318.

319.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 319 and, on that basis, denies them.

320.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 320 and, on that basis, denies them.

321.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 321 and, on that basis, denies them.

322.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 322 and, on that basis, denies them.

323.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 323 and, on that basis, denies them.

324.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 324 and, on that basis, denies them.

325.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 325 and, on that basis, denies them.

326.    Defendant denies the allegations in paragraph 326.

327.    Defendant denies the allegations in paragraph 327.

328.    Defendant denies the allegations in paragraph 328.

329.    Defendant denies the allegations in paragraph 329.

330.    Defendant denies the allegations in paragraph 330.

331.    Defendant denies the allegations in paragraph 331.

*Defendant Dr. Benjamin Todd Eller*

332.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 332 and, on that basis, denies them.

333.    Defendant denies the allegations in paragraph 333.

334.    Defendant denies the allegations in paragraph 334.

335.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 335 and, on that basis, denies them.

336.    Defendant denies the allegations in paragraph 336.

337.    Defendant denies the allegations in paragraph 337.

338.    Defendant denies the allegations in paragraph 338.

339.    Defendant denies the allegations in paragraph 339.

340.    Defendant denies the allegations in paragraph 340.

341.    Defendant denies the allegations in paragraph 341.

*Defendant Dr. Melissa Miller*

342.    Defendant denies the allegations in paragraph 342.

343.    Defendant denies the allegations in paragraph 343.

344.    Defendant denies the allegations in paragraph 344.

345.    Defendant denies the allegations in paragraph 345.

346.    Defendant denies the allegations in paragraph 346.

*Defendant Dr. Joseph Brolin*

347.    Defendant denies the allegations in paragraph 347.

348.    Defendant denies the allegations in paragraph 348.

349.    Defendant denies the allegations in paragraph 349.

350.    Defendant denies the allegations in paragraph 350.

351.    Defendant denies the allegations in paragraph 351.

*Defendant Dr. Scott Woods*

352.    Defendant denies the allegations in paragraph 352.

353.    Defendant denies the allegations in paragraph 353.

354.    Defendant denies the allegations in paragraph 354.

355.    Defendant denies the allegations in paragraph 355.

356.    Defendant denies the allegations in paragraph 356.

357.    Defendant denies the allegations in paragraph 357.

*Defendant Dr. Mrugeshkumar Shah*

358.    Defendant denies the allegations in paragraph 358.

359.    Defendant denies the allegations in paragraph 359.

360.    Defendant denies the allegations in paragraph 360.

361.    Defendant denies the allegations in paragraph 361.

362.    Defendant denies the allegations in paragraph 362.

*Defendant Michael Cain*

363.    Defendant denies the allegations in paragraph 363.

364.    Defendant denies the allegations in paragraph 364.

365.    Defendant denies the allegations in paragraph 365.

366.    Defendant denies the allegations in paragraph 366.

367.    Defendant denies the allegations in paragraph 367.

*Defendant Coe Juracek*

368.    Defendant denies the allegations in paragraph 368.

369.    Defendant denies the allegations in paragraph 369.

370.    Defendant denies the allegations in paragraph 370.

371.    Defendant denies the allegations in paragraph 371.

372.    Defendant denies the allegations in paragraph 372.

*Defendant Philip Ecob*

373.    Defendant denies the allegations in paragraph 373.

374.    Defendant denies the allegations in paragraph 374.

375.    Defendant denies the allegations in paragraph 375.

376.    Defendant denies the allegations in paragraph 376.

377.    Defendant denies the allegations in paragraph 377.

*Defendant H.J. Cole*

378.    Defendant denies the allegations in paragraph 378.

379.    Defendant denies the allegations in paragraph 379.

380.    Defendant denies the allegations in paragraph 380.

381.    Defendant denies the allegations in paragraph 381.

382.    Defendant denies the allegations in paragraph 382.

*Defendant Cody Mitchell*

383.    Defendant denies the allegations in paragraph 383.

384.    Defendant denies the allegations in paragraph 384.

385.    Defendant denies the allegations in paragraph 385.

386.    Defendant denies the allegations in paragraph 386.

387.    Defendant denies the allegations in paragraph 387.

*Defendant Kurt Knewitz*

388.    Defendant denies the allegations in paragraph 388.

389.    Defendant denies the allegations in paragraph 389.

390.    Defendant denies the allegations in paragraph 390.

391.    Defendant denies the allegations in paragraph 391.

392.    Defendant denies the allegations in paragraph 392.

*Defendant Paul Pendergrass*

393.    Defendant denies the allegations in paragraph 393.

394.    Defendant denies the allegations in paragraph 394.

395.    Defendant denies the allegations in paragraph 395.

396.    Defendant denies the allegations in paragraph 396.

397.    Defendant denies the allegations in paragraph 397.

*Defendant Ralph Rogers*

398.    Defendant denies the allegations in paragraph 398.

399.    Defendant denies the allegations in paragraph 399.

400.    Defendant denies the allegations in paragraph 400.

401.    Defendant denies the allegations in paragraph 401.

402.    Defendant denies the allegations in paragraph 402.

*Defendant Bob Pruitt*

403.    Defendant denies the allegations in paragraph 403.

404.    Defendant denies the allegations in paragraph 404.

405.    Defendant denies the allegations in paragraph 405.

406.    Defendant denies the allegations in paragraph 406.

407.    Defendant denies the allegations in paragraph 407.

*Defendant Scott Brunson*

408.    Defendant denies the allegations in paragraph 408.

409.    Defendant denies the allegations in paragraph 409.

410.    Defendant denies the allegations in paragraph 410.

411.    Defendant denies the allegations in paragraph 411.

412.    Defendant denies the allegations in paragraph 412.

**Plaintiffs' Allegation that an Enterprise
Engaged in Numerous Unlawful RICO Predicate Acts**

413.    Defendant denies the allegations in paragraph 413.

414.    Defendant denies the allegations in paragraph 414, including all subparts therein.

415.    Defendant denies the allegations in paragraph 415.

416.    Defendant denies the allegations in paragraph 416.

417.    Defendant denies the allegations in paragraph 417.

418.    Defendant denies the allegations in paragraph 418.

419.    Defendant denies the allegations in paragraph 419.

420.    Defendant denies the allegations in paragraph 420.

421.    Defendant denies the allegations in paragraph 421.

## PLAINTIFFS' CAUSES OF ACTION

## COUNT ONE: VIOLATION OF HUMAN TRAFFICKING LAWS, 18 U.S.C. § 1591(a) (SEX TRAFFICKING)
**Against All Defendants**

422.    Paragraph 422 does not set forth any new allegations.  Defendant incorporates by references all previous denials to Plaintiffs' allegations.

423.    Defendant denies the allegations in paragraph 422.

424.    Defendant denies the allegations in paragraph 424.

425.    Defendant denies the allegations in paragraph 425.

## COUNT TWO: VIOLATION OF HUMAN TRAFFICKING LAWS, 18 U.S.C. § 1589
## (LABOR TRAFFICKING)
### Against All Defendants

426.    Paragraph 426 does not set forth any new allegations.  Defendant incorporates by references all previous denials to Plaintiffs' allegations.

427.    Defendant denies the allegations in paragraph 427.

428.    Defendant denies the allegations in paragraph 428.

429.    Defendant denies the allegations in paragraph 429.

## COUNT THREE: VIOLATION OF RACKETEER INFLUENCED AND CORRUPT
## ORGANIZATIONS ACT, 18 U.S.C. § 1962(c)
## (PATTERN OF RACKETEERING)
### Against All Defendants

430.    Paragraph 430 does not set forth any new allegations.  Defendant incorporates by references all previous denials to Plaintiffs' allegations.

431.    Defendant denies the allegations in paragraph 431.

432.    Defendant denies the allegations in paragraph 432.

433.    Defendant denies the allegations in paragraph 433.

434.    Defendant denies the allegations in paragraph 434.

435.    Defendant denies the allegations in paragraph 435.

436.    Defendant denies the allegations in paragraph 436.

437.    Defendant denies the allegations in paragraph 437.

438.    Defendant denies the allegations in paragraph 438.

439.    Defendant denies the allegations in paragraph 439.

### COUNT FOUR: VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1962(c)
### (RICO CONSPIRACY)
### Against All Defendants

440.     Paragraph 440 does not set forth any new allegations.  Defendant incorporates by references all previous denials to Plaintiffs' allegations.

441.     Defendant denies the allegations in paragraph 441.

442.     Defendant denies the allegations in paragraph 442.

443.     Defendant denies the allegations in paragraph 443.

444.     Defendant denies the allegations in paragraph 444.

445.     Defendant denies the allegations in paragraph 445.

446.     Defendant denies the allegations in paragraph 446.

447.     Defendant denies the allegations in paragraph 447.

### ANSWER TO PRAYER FOR RELIEF

To the extent any response is required, Defendant denies that Plaintiffs are entitled to any relief.

### DEFENDANT MICHAEL SCOTT WOODS, M.D.'S AFFIRMATIVE DEFENSES

Defendant affirmatively pleads the following defenses:

### AFFIRMATIVE DEFENSE ONE

### (Statute of Limitations)

Some or all of Plaintiffs' claims in their First Amended Complaint are barred by the applicable statute of limitations, including, but not limited to, the four-year statute of limitations pertaining to civil remedies under the RICO statute.  *See, e.g., Jaso v. Coca Cola Co.*, 537 F. App'x 557, 560 (5th Cir. 2013).

Moreover, to the extent Plaintiffs have improperly cast their Texas state law health care liability claims against Defendant as human trafficking and RICO claims, Plaintiffs' claims, in whole or in part, are barred by the two-year statute of limitations found within Tex. Civ. Prac. & Rem. Code § 74.251.

AFFIRMATIVE DEFENSE TWO

(Contributory or Comparative Fault)

Defendant denies that Plaintiffs suffered any form of damages.  However, Plaintiffs' alleged damages, if any, were caused, in whole or in part, by the acts or omissions of Plaintiffs themselves, third parties, or other defendants to this matter over which Defendant had no control and for which Defendant is not legally responsible.  As such, Plaintiffs' recovery, if any, should be barred or proportionately reduced by the fault or degree of responsibility of Plaintiffs, third parties, and/or other defendants to this matter. *See* Tex. Civ. Prac. & Rem. Code § 33.003.

AFFIRMATIVE DEFENSE THREE

(Damages Too Speculative, Conjectural, Improbable, and/or Remote)

Defendant denies that Plaintiffs suffered any form of damages.  However, Plaintiffs' alleged damages, as asserted in their Amended Complaint, are purely conjectural, highly improbable, too remote, and/or speculative such that this Court is not able to grant any justiciable remedy or relief.

AFFIRMATIVE DEFENSE FOUR

(Failure to Join Indispensable Parties, Misjoinder of Parties and/or Wrong Parties)

Plaintiffs' claims are barred, in whole or in part, because they have failed to join indispensable parties to this matter, improperly joined parties, and/or named the wrong parties in their First Amended Complaint.

AFFIRMATIVE DEFENSE FIVE

(Failure to Mitigate Damages)

Defendant denies that Plaintiffs suffered any form of damages.  However, Plaintiffs' alleged damages, if any, should be reduced due to their failure to take reasonable and timely actions to limit their alleged losses.

AFFIRMATIVE DEFENSE SIX

(Offset or Setoff)

Should Plaintiffs recover or be awarded any amount from any such person related to the claims and damages alleged in their First Amended Complaint, Defendant is entitled to an offset or setoff for the amounts awarded or recovered.

AFFIRMATIVE DEFENSE SEVEN

(Res Judicata and Collateral Estoppel)

Upon information and belief, other courts of law having appropriate jurisdiction have ruled upon and/or adjudicated certain issues of law and/or fact raised by Plaintiffs in this action.  As such, Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

AFFIRMATIVE DEFENSE EIGHT

(Chapter 74 of the Texas Civil Practice & Remedies Code)

Plaintiffs have improperly cast their Texas state law health care liability claims against Defendant as human trafficking and RICO claims.   As such, Defendant affirmatively pleads that Plaintiffs' claims against him are subject to all procedural requirements and defenses found within Chapter 74 of the Texas Civil Practice & Remedies Code.  *See* Tex. Civ. Prac. & Rem. Code § 74.001, *et. seq*.

## AFFIRMATIVE DEFENSE NINE

### (*In Pari Delicto*)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*. To the extent that any of the alleged conduct of any defendant occurred, which Defendant denies, Plaintiffs were knowing, willing, and active participants in such alleged conduct and received benefits from such participation. This Court's application of the doctrine will not interfere with the public policy goals of any relevant federal statutes or state law.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert any other affirmative defenses as may be necessary based on ongoing discovery and his investigation of Plaintiffs' claims.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Defendant Michael Scott Woods, M.D. respectfully requests the following relief:

a.      That Plaintiffs take nothing by their claims;

b.      That Plaintiffs' claims be dismissed with prejudice in accordance with Defendant's denials and defenses;

c.      That judgment be entered in favor of Defendant;

d.      That the Court award Defendant his costs incurred in this action; and

c.      All other and further relief, both at law and in equity, which this Court deems just and proper.

Dated:  December 4, 2023.

Respectfully submitted,

**WOOD, SMITH, HENNING & BERMAN, LLP**

 /s/ Daniel J. Paret
Daniel J. Paret, TSB No. 24088181
Christopher T. Freyder, TSB No. 24126570
(*pro hac vice* admission pending)
14860 Landmark Blvd., Suite 120
Dallas, Texas 75254
Tel: (469) 210-2054
Fax: (469) 210-2051
dparet@wshblaw.com
cfreyder@wshblaw.com
***Attorneys for Defendant Michael Scott Woods, M.D***

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was filed in accordance with the protocols for e-filing in the United States District Court for the Western District of Texas on December 4, 2023, and served on all counsel of record who have appeared and consented to electronic notification *via* CM/ECF.

 /s/ Daniel J. Paret
Daniel J. Paret