# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, § § § Plaintiff(s), § § vs. § § TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 Defendant(s). | Case No.: 2:23-CV-00580-FB DEFENDANT BENJAMIN TODD ELLER'S RULE 60(b) MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 20, 2023 ORDER (DKT. 232) FINDING PERSONAL JURISDICTION OVER BENJAMIN TODD ELLER; and RULE 12(i) REQUEST FOR HEARING ON DEFENDANT BENJAMIN TODD ELLER'S PERSONAL JURISDICTION DEFENSE [proposed] ORDER Hon. Fred Biery |

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

RELEVANT BACKGROUND ........................................................................................ 2

    Procedural Posture .................................................................................................. 2

    Legal Standard: Motion for Reconsideration ......................................................... 3

    Legal Standard: Motion for Hearing on Personal Jurisdiction ............................... 4

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 4

    The Court Should Not Have Relied on Controverted Conclusory Allegations in the FAC to Establish that Plaintiffs Met Their Burden of Establishing Personal Jurisdiction over Eller ..... 4

    The Court Should Conduct A PreTrial Evidentiary Hearing on the Limited Issue of Personal Jurisdiction over Eller ....................................................................................................... 7

CONCLUSION ................................................................................................................. 8

## Table of Authorities

*Allred v. Moore & Peterson*,
   117 F.3d 278 (5th Cir. 1997) .................................................................................... 5

*Bullion v. Gillespie*
   895 F.2d 213 (5th Cir. 1990) .................................................................................... 4

*Burstein v. State Bar of California*,
   693 F.2d 511 (5th Cir. 1982) .................................................................................... 6

*Choice Healthcare, Inc. v. Kaiser Found Health Plan of Cob.*
   615 F.3d 364 (5th Cir. 2010) .................................................................................... 6

*Horton v. Sunpath, Ltd.*,
   2023 U.S. Dist. LEXIS 51290 .................................................................................. 8

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................................. 6

*Jobe v. ATR Mktg., Inc.*,
   87 F.3d 751 (5th Cir. 1996) ...................................................................................... 5

*Kemp v. United States*,
   142 S. Ct.. 1856 (2022) ............................................................................................ 3

*Neaville v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 194314 ................................................................................ 8

*Omni Cap. Intl, Ltd v. Rudolf Wolff & Co., Ltd.*,
   484 U.S. 97 (1987) ................................................................................................... 6

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir. 2001) .................................................................................... 5

*Quick Technologies, Inc. v. Sage Group, PLC*,
   313 F.3d 338 (5th Cir. 2002) .................................................................................... 5

*Thompson v. Chrysler Motors Corp.*,
   755 F.2d 1162 (5th Cir. 1985) .................................................................................. 5

*Walden v. Fiore*,
   571 U.S. 277 (2014) ................................................................................................. 6

*Walk Haydel & Assocs. v. Coastal Power Prod. Co.*,
   517 F.3d 235 (2008) ......................................................................................... 4, 6, 8

Fed. R. Civ. P. 12 ............................................................................................... *passim*
Fed. R. Civ. P. 54 ........................................................................................................ 3
Fed. R. Civ. P. 60 ........................................................................................................ 3

TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD --

Defendant Benjamin Todd Eller (hereinafter, "Defendant" or "Eller") hereby submits his Motion for Reconsideration of the Court's November 20, 2023 Order finding personal jurisdiction over him and Requests a pretrial evidentiary hearing on the limited issue of personal jurisdiction.

Defendant moves the Court pursuant to Fed. R. Civ. P. 60(b) to reconsider its November 20, 2023 Order insofar as it denied Eller's motion to dismiss on the grounds that this Court lacks personal jurisdiction over him, and request a hearing pursuant to Fed. R. Civ. P. 12(i) on his 12(b)(2) defense that this Court lacks personal jurisdiction over him in this civil action.

On December 1, 2023, and continuing thereafter, undersigned counsel for Defendant Benjamin Todd Eller, Indira J. Cameron-Banks, provided notice, and met and conferred with Plaintiffs' counsel, Matthew Schmidt, about this motion for reconsideration.

* * *

## I. INTRODUCTION

Defendant Eller, a California resident, moved to dismiss the First Amended Complaint ("FAC") on several grounds, including but not limited to Fed. R. Civ. P. 12(b)(2). In support of his motion, Defendant submitted declarations and evidence, including ***undisputed*** evidence that the FAC contains materially altered, false and/or fraudulent documents and information. In opposition to Defendant's motion, Plaintiffs submitted did not submit any evidentiary objections, affidavits, or evidence in support of its assertion that this Court can assert personal jurisdiction over Eller, and thus failed to meet its burden establishing as much.

However, in its November 20, 2023 Order (Dkt. 232), the Court mistakenly found that it should assert personal jurisdiction over Eller based on controverted and conclusory allegations set forth in the FAC, and consequently disregarded the undisputed evidence before it. In so doing, the Court was unable to conduct the appropriate factual analysis required for determining whether the assertion of specific personal jurisdiction over Eller comports with the constitutional due process limitations, and instead concluded that judicial efficiency weighs in favor of asserting such jurisdiction.

Eller, the only defendant challenging personal jurisdiction, is unduly prejudiced by the Court's order regarding personal jurisdiction, which is based on undisputedly false and fraudulent documents and information, because the assertion of jurisdiction contravenes his constitutional due process rights. Accordingly, Eller respectfully requests that the Court (1) reconsider its November 20, 2023 finding of personal jurisdiction over him, and (2) order a pretrial evidentiary hearing on the limited issue of personal jurisdiction.

## II. RELEVANT BACKGROUND

### A. Procedural Posture

Plaintiffs Julia Hubbard and Kayla Goedinghaus initiated this action in the United States District Court for the Central District of California solely on the basis of Eller's residence in the district, solely based on Eller working and residing in, and his "acts" at issue in this case occurring in, that district. (Dkt. 1 ¶ 53) Eller moved to dismiss the Complaint in the Central District of California, and in light of that Court's order to show cause as to why the case shouldn't be transferred to a federal court in Texas, preserved his right to challenge personal jurisdiction if such transfer occurred. (Dkt. 93) Eller also filed a statement highlighting how the allegations in the Complaint being used to establish venue in the Central District of California

were false and fraudulent. (Dkt. 108) Eller joined in defendants' statement that venue (based on several factors, including that all plaintiffs and the other defendants were in Texas) may be more appropriate in federal court in Texas, but <u>never</u> consented to jurisdiction in Texas, or waived his right to assert that a federal court in Texas would not have personal jurisdiction over him. (Dkt. 93; 108; 109)  After this case was transferred to this Court, Eller filed two motions to dismiss (the initial Complaint and the FAC) asserting the defense of lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and submitted declarations and evidence in support of his assertion that this Court cannot assert personal jurisdiction over him. (Dkt. 166; 189; 204; 228)  In response to both motions, Plaintiffs never submitted any affidavits, declarations, evidence or evidentiary objections.  (Dkt. 181; 216)  On November 20, 2023, this Court denied Eller's motion to dismiss ordered that it could exercise jurisdiction over him.  (Dkt. 232)  Eller seeks reconsideration of that Order.

      **B.**       **Legal Standard: Motion for Reconsideration**

Defendant's motion for reconsideration is proper under Rule 60(b), which provides that a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Under Rule 60(b), reconsideration may be granted in the case of "mistake, inadvertence, surprise or excusable neglect" or "any other reason [justifying] relief" and "any other reason that justifies relief."  Fed. R. C. P. 60(b)(1) and (6); this includes mistakes of law, or factual errors underlying the order, *see Kemp v. United States*, 142 S. Ct.. 1856 (2022). Additionally,  Defendant's motion is proper under Rule 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a

3

judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

### C. Legal Standard: Motion for Reconsideration

Rule 12(i) provides that a defendant's request by motion for a hearing on his Fed. R. Civ. P. 12(b)(2) lack of personal jurisdiction defense "must be heard and decided before trial unless the court orders deferral of the issue until trial." It is well-established that pretrial hearings, including evidentiary hearings, are appropriate to resolve the legal and factual issues regarding personal jurisdiction over a defendant. *See Walk Haydel & Assocs. v. Coastal Power Prod. Co.,* 517 F.3d 235, 241-242 (2008).

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Court Should Not Have Relied on Controverted Conclusory Allegations In the FAC to Establish that Plaintiffs Met Their Burden of Establishing Personal Jurisdiction over Eller

While the Court understood that Plaintiffs have the burden of establishing personal jurisdiction, it mistakenly determined that it cut the burden could be met through controverted conclusory allegations in the FAC. The Court, relying on *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990), somehow concluded that controverted and conclusory allegations set forth in a Complaint are sufficient to rely upon to establish personal jurisdiction when the allegations are controverted by affidavits and exhibits submitted by the defendant challenging personal jurisdiction. However, in *Bullion* – ***unlike this case*** – both the defendant challenging personal jurisdiction and the plaintiff submitted affidavits and evidence on the personal jurisdiction issue.

Here, only Defendant Eller submitted affidavits and evidence in challenging this Court's personal jurisdiction that remain undisputed – there were no objections lodged against the evidence or the statements and there were no contrary affidavits submitted. Accordingly, the only evidence

before the Court upon which to determine whether it could exercise personal jurisdiction was Eller's declaration and evidence -- including undisputed statements and evidence showing that the FAC's allegations against him contained false and fraudulent information and documents. Moreover, not only did Plaintiffs *not* dispute Eller's declaration and the evidence submitted in support of his motion, they lodged no evidentiary objections to the declarations or the evidence Eller submitted, and failed to set forth any controverting declarations or other evidence.

The Court is not bound by, and in fact should not consider "conclusory allegations" in a complaint to determine whether a plaintiff has established its burden of personal jurisdiction, but instead should consider materials outside the Complaint, including any affidavits, exhibits and all documents in the record. The Court should not credit "conclusory allegations" in the Complaint, "even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). In order to conduct the fact-specific inquiry into whether it has personal jurisdiction over a defendant, the Court should consider materials outside of the Complaint -- including affidavits, exhibits, and all documents in the record. *See Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997); *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996); Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985). Accordingly, the Court should have considered the ***undisputed*** evidence set forth in the declarations submitted in support of Eller's motion to dismiss, instead of ignoring it and solely relying on the controverted conclusory allegations in the FAC.

Indeed, the Court never even considered Defendant Eller's declaration or documents, except in passing to remark that personal jurisdiction is proper because Defendant Eller answered sporadic telephone calls over the course of several years from named defendant Rick Hubbard,

5

Plaintiffs, who were in Texas at the time the phone calls were placed. However, this is an insufficient basis upon which to ground specific personal jurisdiction over Eller. If it were, every defendant who answered a call from a plaintiff in another state would be subject to specific personal jurisdiction in any state in which the plaintiff was standing when she placed the call. Because of Constitutional due process limitations, however, that is not how personal jurisdiction is established.

Personal jurisdiction must both (a) be authorized by law <u>and</u> (b) not violate Constitutional due process limits. *See Burstein v. State Bar of California*, 693 F.2d 511, 514 (5th Cir. 1982) ("a federal court may only exercise personal jurisdiction if it is authorized to do so by law and such exercise does not violate the Constitution."); *Omni Cap. Intl, Ltd v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 105 (1987) ("[A] federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction."). Moreover, regardless of the asserted statutory basis for personal jurisdiction, it is well-established that a Court's exercise of personal jurisdiction is limited by the United States Constitution.

Constitutional due process limits allow for the exercise of personal jurisdiction over any non-resident defendant only if he (1) has established "minimum contacts" with the forum state (2) "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Choice Healthcare, Inc. v. Kaiser Found Health Plan of Cob.*, 615 F.3d 364, 367 (5th Cir. 2010). At issue in this case is "specific jurisdiction" which is based on a "nonresident defendant [] ***purposefully direct[ing] its activities at the forum state*** and the litigation results from alleged injuries that arise out of or relate to those activities." (citations omitted.) *Walk Haydel & Assocs.*, 517 F.3d at 243; *Choice*

*Healthcare*, 615 F.3d at 369. Notably, it is **the Defendant's <u>own</u> conduct directed at Texas, <u>not</u> Plaintiffs' unilateral activity, status, or conduct in Texas**, that should be analyzed to determine whether Eller had minimum contacts Texas sufficient to establish specific personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated" and the court must look at "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.")   Further, before the Court could exercise personal jurisdiction, it must have determined -- based on the affidavits and evidence before it – that  "defendant's suit-related conduct must create a *substantial* connection with the forum State."(emphasis added) *Id* at 284.

Again, as set forth in the declarations and evidence submitted in support of his motion to dismiss for lack of jurisdiction, and in the motion itself (Dkt 204 at 18-20), the evidence before the Court did not establish that Defendant engaged in any conduct directed at Texas, let alone conduct that created a substantial connection to Texas specifically.  In its decision, however, the Court relied solely on controverted conclusory allegations in the FAC to find Defendant had minimum contacts with Texas, and bolstered, or justified, its decision with evidence from Eller's declaration that he responded to a few sporadic telephone conversations with Plaintiffs and another defendant in Texas; and while this establishes Plaintiffs own unilateral status, or conduct, in the state Texas, the Court mistakenly imputes that status or conduct onto Eller.  Notably, based on the undisputed evidence before the Court, Eller did nothing to direct activities *to Texas*.  The Court mistakenly concluded -- by not considering the evidence before it -- that the exercise of personal jurisdiction over Eller was constitutionally permissible, and jumped into a discussion about judicial economy in a discussion how such exercise "served the ends of justice" under the RICO statute.

7

### B. The Court Should Conduct A PreTrial Evidentiary Hearing on the Limited Issue of Personal Jurisdiction over Eller

In light of the undisputed affidavits and evidence submitted by Eller in support of his motion to dismiss that the Court could, and should, have properly considered in order to conduct the fact-specific analysis of specific jurisdiction, Plaintiffs failed to establish even a *prima facie* case for personal jurisdiction. Further, because Eller submitted evidence that the allegations in the FAC being used to establish personal jurisdiction over him were based on false, fraudulent and materially altered documents and information, the Court should exercise its discretion to conduct a pretrial evidentiary hearing on the limited issue of jurisdiction. *See Horton v. Sunpath, Ltd.*, 2023 U.S. Dist. LEXIS 51290, *5-6. Fed. R. Civ. P. 12(i) provides for the exercise of such discretion. Moreover, when there are legal and factual disputes regarding the basis for personal jurisdiction, the court may conduct "a full and fair" pretrial evidentiary hearing to resolve the issues that may include discovery, affidavits, evidence, and live testimony. *Walk Haydel & Assocs.*, 517 F.3d at 242. Holding a full evidentiary hearing on the issue of personal jurisdiction would allow the Court to properly consider the affidavits and evidence presented by both Plaintiffs and Defendant on the issue of personal jurisdiction, and consequently ensure that the assertion of such jurisdiction comports with Constitutional due process limits.

### IV. CONCLUSION

A motion for reconsideration serves the limited purpose of "correct[ing] manifest errors of law or fact or to present newly discovered evidence." *Neaville v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 194314, *3. Granting the motion here, along with Defendant's request for a pretrial evidentiary hearing on the issue of personal jurisdiction, will allow the Court to make an appropriate factual determination as to whether, based on evidence, the exercise of personal jurisdiction over Eller comports with Constitutional due process limitations.

Accordingly, for the reasons set forth herein, along with those set forth in the briefing, declarations and evidence submitted in support of Defendant's motion to dismiss for lack of jurisdiction (Dkt 204; 228), Eller respectfully requests that the Court (1) reconsider its November 20, 2023 finding of personal jurisdiction over him, and (2) order a pretrial evidentiary hearing on the limited issue of personal jurisdiction.

DATED:  December 15, 2023            CAMERON JONES LLP

*/s/ Indira J. Cameron-Banks*

Indira J. Cameron-Banks (appearing pro hac vice)
(Cal. State Bar 248634)
407 N. Maple Dr., Grnd 1, Beverly Hills, CA 90210
424-757.0585 | indira@cameronjones.law

Attorney for DEFENDANT
Benjamin Todd Eller

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of *Defendant Benjamin Todd Eller's Rule 60(B) Motion For Reconsideration Of The Court's November 20, 2023 Order (Dkt. 232) Finding Personal Jurisdiction Over Benjamin Todd Eller; And Rule 12(I) Request For Hearing On Defendant Benjamin Todd Eller's Personal Jurisdiction Defense* was served on counsel of record via CM/ECF on December 15, 2023.

                                             */s/ Indira J. Cameron-Banks*
                                             Indira J. Cameron-Banks