## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | Case No. 5:23-cv-00580-FB |
| Plaintiffs, | Judge: Hon. Fred Biery |
| -vs- | Date Action Filed: May 8, 2023 (transferred) |
| TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARC MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC.., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC,ECOLIFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT ELLER'S MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 20, 2023, ORDER (DKT. 232)**

# TABLE OF CONTENTS

**Contents**

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 3

LEGAL STANDARD ..................................................................................................... 3

ARGUMENT .................................................................................................................. 4

    I.   THE ALLEGATIONS OF THE AMENDED COMPLAINT CONCERNING DEFENDANT HUBBARD CONTAIN MORE THAN SUFFICIENT FACTUAL DETAIL TO BE ENTITLED TO EVERY FAVORABLE INFERENCE AND, THUS, DEFENDANT HUBBARD'S UNSUBSTANTIATED DENIALS OF THOSE ALLEGATIONS CANNOT DEPRIVE THE COURT OF JURISDICTION OVER HIM ............................ 4

    II.  THE COURT MAY EXERCISE "NATIONWIDE" PERSONAL JURISDICTION OVER DEFENDANT ELLER AND THAT RESULT WOULD COMPORT WITH THE "ENDS OF JUSTICE" BECAUSE OF, AMONG OTHER THINGS, DEFENDANT ELLER'S JOINING THE SUCCESSFUL APPLICATION TO TRANSFER THIS ACTION FROM HIS HOME STATE TO TEXAS. ............................................................................ 6

CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 5

*Aztec Steel Bldg, Inc. v. Bonacci*, 468 F.3d 1226 (10th Cir. 2006), *cert. denied*, 550 U.S. 918 (2007) ................................................................................................................................... 6

*Bailey v. Ryan Stevedoring Co.,* 894 F.2d 157 (5th Cir. 1990) ....................................................... 4

*Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.,* 788 F.2d 535 (9th Cir. 1986) ................................................................................................................................ 6

*Guidry v. U.S. Tobacco Co.,* 188 F.3d 619 (5th Cir. 1999) .............................................................. 6

*Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course Ass'n,* 658 F.3d 500 (5th Cir. 2011) ................................................................................................................................ 5

*Lewis v. Fresne,* 252 F.3d 352 (5th Cir. 2001) .............................................................................. 5

*PT United Can Co. v. Crown Cork & Seal Co.,* 138 F.3d 65 (2d Cir. 1998) ................................. 6

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935 (11th Cir. 1997) ......... 6

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981) ........................................................... 4

*Stepelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599 (5th Cir. 1986) ....................................... 4

**Statutes**

18 U.S.C. § 165 ............................................................................................................................... 2

18 U.S.C. § 1965(b) .................................................................................................................... 3, 6

H.R. Rep. No. 91-1549 (1970), *reprinted in* 1970 U.S.C.C.A.N. 4007, 4036 ............................... 6

**Rules**

Fed. R. Civ. P. 12(b)(2)…………………………………………………………………………..5

Fed. R. Civ. P. 60(b) ....................................................................................................................... 3

## PRELIMINARY STATEMENT

In its Order Denying Defendants' Motions to Dismiss filed November 20, 2023 (Dkt. no. 232) (the "Subject Order" or "Subject Ord."), this Court addressed and correctly disposed of the same matters that the moving Defendant, Dr. Benjamin Todd Eller ("Defendant Eller") now urges the court to reconsider by the instant motion (the "Motion for Reconsideration"; *see* Dkt. No. 257).

In the Subject Order, the Court held, among other things, that Plaintiffs' Amended Complaint for Violations of the Trafficking Victims Protection Act and Racketeering Influenced and Corrupt Organizations Act ("RICO") dated July 7, 2023 (the "Amended Complaint" or "Am. Compl.") plausibly alleged a basis for this Court to exercise personal jurisdiction over Defendant Eller, notwithstanding Defendant Eller's objections, for two independent reasons.

*First,* the Subject Order concluded that this Court had "specific" personal jurisdiction over Defendant Eller regarding the claims for relief set forth in the Amended Complaint. Expressly addressing the specific contentions made in Defendant Eller's underlying Motion to Dismiss the Amended Complaint Pursuant to FRCP12(b)(2) For Lack of Personal Jurisdiction and FRCP 12(b)(6) for Failure to State a Claim dated July 21, 2023, and supporting declarations (Dkt. No. 204) (the "Underlying Motion"), this Court reasoned as follows:

> Plaintiffs alleged Defendant Eller had many telephone conversations over the course of years with Defendant Hubbard, Plaintiff Hubbard, and Plaintiff Goedinghaus, who were in Texas. (Docket no. 190 at ¶¶ 7-16, 115-136). Plaintiffs further allege that, for this work – which purportedly allowed the Venture to exist – Defendant Eller allegedly received "hundreds of thousands of dollars" of financial payments from Defendant Hubbard in Texas. (Docket no. 190 at ¶ 125). Aggregating these separate contacts with Texas, personal jurisdiction over Defendant Eller comports with the due process requirement of minimum contacts. According to the amended complaint, Defendant Eller purposely directed his activities toward Texas and their causes of action arise out of Defendant Eller's Texas related contacts.
>
> Personal jurisdiction over Eller is both fair and reasonable in this case. Defendant Eller allegedly made it possible for an excessive

1

> amount of addictive drugs to be directly prescribed to Plaintiffs in Texas and the alleged trafficking and organized crime violations took place in whole in Texas.
>
> Even if Defendant Eller's declaration were permissible for consideration, nothing contradicts Plaintiffs' allegations that Defendant Eller had numerous phone discussions with Defendant Hubbard—which Plaintiffs overheard on Defendant Hubbard's end – in which Defendants Eller and Hubbard discussed the details of the Venture. *Compare* (docket no. 190 at ¶ 336) *with* (docket no. 204-2 at Eller Decl.) And, Defendant Eller never denied he knew the relevant parties with whom he was speaking were all in Texas. *See* (Docket no. 204-2).

(Subject Ord., Dkt. no. 232, 11)

*Second*, the Court held that the RICO cause of action stated against Defendant Eller subjected him to the nationwide personal jurisdiction provisions of 18 U.S.C. § 165. As the Court noted, he joined and submitted an additional statement in support of the prior, successful motion to transfer of venue from his home state of California. then strategically challenged personal jurisdiction of the Texas courts (Subject Ord., Dkt. No. 232, 12) – which would increase the complexity and expense to resolve this dispute, by requiring two separate actions based upon the same Venture. (*Id.*)

In Defendant Eller's motion (Dkt. No. 257) (the "Motion for Reconsideration"), he urges the Court to revisit and reverse the Subject Order. Defendant Eller's position cannot be substantiated by the facts in the record or the governing precedent. However, he can point to nothing in the Underlying Motion that the Court overlooked, nor any newly discovered facts or law that would support a reversal. The Court should neither reconsider the Subject Order nor, upon reconsideration, modify it in any respect, because it was correctly decided in the first instance.

The Court correctly determined that the particulars of certain of the allegations of purposeful availment set forth in the Amended Complaint were not controverted by Defendant

2

Eller at all. With respect to those allegations that Defendant Eller does contest, the Court correctly afforded Plaintiffs the benefit of favorable inferences, as Defendant Eller provided only his own *ipse dixit* and little dispositive proof.

As the Court also correctly concluded, since Plaintiffs pleaded a plausible RICO action against Defendant Eller and against Defendants who unquestionably reside in Texas, an independent basis for exercising "nationwide" personal jurisdiction over Defendant Eller exists under 18 U.S.C. § 1965(b). That result comports with the "ends of justice" and the remedial purpose of RICO, because, among other things, Defendant Eller joined the application to transfer venue from his home state of California to Texas.

As there was no colorable error in the determination of the Subject Order, there is no injustice in leaving it undisturbed.

## STATEMENT OF FACTS

In the interest of brevity, Plaintiffs respectfully refer the Court to the papers filed in support and opposition to the prior motion (the "Underlying Motion") in lieu of a formal re-statement of the facts and procedural history. (*See* Defendant Benjamin Todd Eller's Motion to Dismiss the Amended Complaint Pursuant to FRCP (12)(b)(2) and FRCP (12)(b)(6) for Failure to State a Claim dated July 21, 2023 ["Moving Papers"], Dkt. No. 204; Plaintiff's Opposition to Defendant Eller's Motion to Dismiss Amended Complaint dtd. Aug 17, 2023, Dkt. No. 216 ["Plaintiffs' Opposition" or "Plaintiffs' Opp."]; Benjamin Todd Eller's Reply Brief in Support of His Motion to Dismiss the Amended Complaint dtd. August 24, 2023, Dkt. No. 228 ["Reply in Further Support" or "RIFS"]; together, the "Underlying Motion").

## LEGAL STANDARD

The determination of a motion to set aside a prior order of the court pursuant to Rule 60(b) lies within the provident exercise of the district court's discretion. Rule 60(b) "attempts to strike a

3

balance between two conflicting goals, the finality of judgments and the command of the court to do justice." *Stepelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 604 (5th Cir. 1986). *Accord Bailey v. Ryan Stevedoring Co.,* 894 F.2d 157, 159 (5th Cir. 1990). The precedent guides the courts' discretion concerning how that balance should be struck, directing reconsideration only when the prior result offends "substantial justice"; "[i]t is not enough that the granting of [the motion] might have been permissible, or even warranted – denial must have been so *unwarranted* as to constitute an abuse of discretion." *Stepelcovich,* 805 F.2d at 604 (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981); emphasis in the original). The greatest precision is required where the outcome of a motion would prevent "examination of the full merits of the case," since "examination on the merits is favored over a truncated proceeding." *Stepelcovich,* 805 F.2d at 604.

## ARGUMENT

**I. THE ALLEGATIONS OF THE AMENDED COMPLAINT CONCERNING DEFENDANT HUBBARD CONTAIN MORE THAN SUFFICIENT FACTUAL DETAIL TO BE ENTITLED TO EVERY FAVORABLE INFERENCE AND, THUS, DEFENDANT HUBBARD'S UNSUBSTANTIATED DENIALS OF THOSE ALLEGATIONS CANNOT DEPRIVE THE COURT OF JURISDICTION OVER HIM**

Defendant Eller buttresses much of his argument on the Declaration of Benjamin Todd Eller dated July 21, 2023 (the "Eller Declaration"; Dkt. No. 204-2) submitted in support of the Underlying Motion, in which he denies certain of the allegations in the Amended Complaint. (*Id.*) Defendant Eller claims that his statement should be credited, whereas those in the Amended Complaint should be discounted as "conclusory."

In the first instance, the allegations of the Amended Complaint showing Defendant Eller's purposeful availment with the forum are not "conclusory," despite Defendant Eller's *ipse dixit* to the contrary. It is difficult to conceive of how the Amended Complaint could have been more

4

detailed in identifying Defendant Hubbard's activities directed at the forum, readily exceeding the plausibility threshold applied to motions directed at a pleading. *See generally Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). These specific allegations in the Amended Complaint are entitled to every favorable inference at the pleading stage, *see Guidry v. U.S. Tobacco Co.,* 188 F.3d 619, 624-25 (5th Cir. 1999), whereas Defendant Eller urges this Court do just the opposite, *viz.*, to credit a defendant's denials over the factual allegations in the pleading.

    Secondly, as the Subject Order highlights, the Eller Declaration fails to deny, much less proffer, dispositive evidence concerning specific factual allegations in the Amended Complaint. (Subject Ord., Dkt. No. 232, 11) As the Court noted, "nothing contradicts that Defendant Eller had numerous phone discussions with Defendant Hubbard—which Plaintiffs overheard on Defendant Hubbard's end – in which Defendants Eller and Hubbard discussed the details of the Venture . . . . And Defendant Eller never denied he knew the relevant parties with whom he was speaking were all in Texas." (Subject Ord., Dkt. No. 232, 11)

    Even if there were not more contacts with the Texas forum alleged in the Amended Complaint than these telephone calls (and there are), the calls alone provide a more than sufficient predicate for the exercise of specific subject matter jurisdiction over Defendant Eller in Texas. *See Lewis v. Fresne,* 252 F.3d 352, 358-59 (5th Cir. 2001) (the district court's grand of a Rule 12(b)(2) motion reversed because even a single telephone call with the forum was sufficient where the call involved intentional malfeasance directed at the forum state).

    The Court applied the correct legal principles and standard in issuing the Subject Order and should decline Defendant Eller's unsubstantiated effort to seek modification.

## II. THE COURT MAY EXERCISE "NATIONWIDE" PERSONAL JURISDICTION OVER DEFENDANT ELLER AND THAT RESULT WOULD COMPORT WITH THE "ENDS OF JUSTICE" BECAUSE OF, AMONG OTHER THINGS, DEFENDANT ELLER'S JOINING THE SUCCESSFUL APPLICATION TO TRANSFER THIS ACTION FROM HIS HOME STATE TO TEXAS.

As the Court also held in the Subject Order, because Plaintiffs have plausibly pleaded a RICO cause of action against Defendant Eller and other members of the Venture, many of whom are domiciled in Texas, the Court may exercise "nationwide" jurisdiction over Defendant Eller under 18 U.S.C. § 1965(b) (Subject Ord. 12) *See Aztec Steel Bldg, Inc. v. Bonacci*, 468 F.3d 1226, 1230 (10th Cir. 2006), *cert. denied*, 550 U.S. 918 (2007); *PT United Can Co. v. Crown Cork & Seal Co.,* 138 F.3d 65, 70 (2d Cir. 1998); *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.,* 788 F.2d 535, 537-38 (9th Cir. 1986); *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 942 (11th Cir. 1997). As the court explained in *Aztec Steel Building, Inc.*, determining whether the "ends of justice" are served by the exercise of jurisdiction should be a "flexible concept uniquely tailored to the facts of each case" and further that it should comport with the "congressional directive to 'liberally construe RICO to effectuate its remedial purposes.'" 468 F.3d at 1232-1233 (quoting H.R. Rep. No. 91-1549 (1970), *reprinted in* 1970 U.S.C.C.A.N. 4007, 4036).

Here, a failure to exercise national jurisdiction would work a grave inequity. As the Subject Order reasoned, "Defendant Eller not only joined the other Responding Defendants' request that this case be transferred from California to Texas, he also submitted an additional statement and affidavit in further support of transfer out of California." (Subject Order, Dkt. No. 232, 12) It is difficult to fathom how the "remedial purpose" of RICO could be served by permitting a defendant to strategically apply, at one time, for a change of venue to a district where, he subsequently claims,

6

he is *not* properly the subject of suit. Thus, nationwide personal jurisdiction under RICO provides an alternative, independent reason why jurisdiction may be exercised over Defendant Eller.

## CONCLUSION

For all the foregoing reasons, the Motion for Reconsideration should be denied and the Subject Order should not be modified in any respect.

Dated:  New York, New York
        January 19, 2024

                Respectfully submitted,

                *s/ John G. Balestriere*

                By: _____
                John G. Balestriere*
                Matthew W. Schmidt*
                **BALESTRIERE FARIELLO**
                *Attorneys for Plaintiffs*
                225 Broadway, 29th Floor
                New York, New York 10007
                Telephone:     (212) 374-5421
                john.balestriere@balestrierefariello.com
                matthew.schmidt@balestrierefariello.com

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing "Plaintiff's Opposition to Defendant Eller's Motion for Reconsideration of the Courts November 23, 2023 Order (Dkt. No. 232)" was served on all counsel of record via CM/ECF on January 19, 2023.

Dated: New York, New York
       January 19, 2024

*s/ John G. Balestriere*

John G. Balestriere