UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

John G. Balestriere*
Matthew W. Schmidt*
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5421
Facsimile: (212) 208-2613
matthew.shcmidt@balestrierefariello.com
*Attorneys for Plaintiffs*
**Admitted pro hac vice*

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,  Plaintiffs, v. TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARC MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, | Case No. 5:23-cv-00580-FB  Judge: Hon. Fred Biery  Date Action Filed: May 8, 2023 (transferred) |

**PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANTS RICHARD HUBBARD, SCOTT BRUNSON, PHILIP ECOB, RALPH ROGERS, AND MICHAEL HYNES**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

LEGAL STANDARD ........................................................................................................... 3

ARGUMENT ........................................................................................................................ 3

CONCLUSION ..................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................. 4

*Deutsche Bank Nat'l Tr. Co. v. Lares*,
   No. EP-17-CV-237-PRM, 2018 WL 6184806 (W.D. Tex. Aug. 8, 2018) ................ 4

*Lindsey v. Prive Corp.*,
   161 F.3d 886 (5th Cir. 1998) .................................................................................... 4

*Wooten v. McDonald Transit Assocs., Inc.*,
   788 F.3d 490 (5th Cir. 2015) .................................................................................... 4

*Wooten v. McDonald Transit Assocs., Inc.*,
   788 F.3d 490 (5th Cir. 2015) .................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(a)(1)(A) ............................................................................................ 4

Fed. R. Civ. P. 55(b)(2) ............................................................................................. 1, 3

TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs Julia Hubbard ("Hubbard") and Kayla Goedinghaus ("Goedinghaus"; collectively, "Plaintiffs") by their undersigned attorneys respectfully move this Court pursuant to, *inter alia*, Federal Rule of Civil Procedure 55(b)(2) for an order (i) directing the entry of a default against defendants Rick Hubbard ("Rick Hubbard"), Scott Brunson ("Brunson"), Philip Ecob ("Ecob"), Ralph Rogers ("Rogers"), and Michael Hynes ("Hynes," collectively the "Defaulted Defendants"); (ii) directing an inquest to occur contemporaneously with the trial of this action; and (iii) for such other and further relief as to this Court may seem just, equitable and proper.

In addition to the matters put forth herein, Plaintiffs rely upon the Certificates of Service annexed as Exhibits A through E hereto.

**PRELIMINARY STATEMENT**

This case concerns a sex-trafficking scheme (the "Venture") that for years unlawfully trafficked Hubbard and Goedinghaus, subjecting them to hundreds of forced commercial sex acts, as well as beatings, threats, and forced use of medication.

While, of the thirty defendants named in the Plaintiffs' Amended Complaint, dated July 7, 2023, nine unsuccessfully moved to dismiss, Plaintiffs were successfully able to serve eleven, and another five[1] -- the Defaulted Defendants – are now in default.

Each of the five Defaulted Defendants were instrumental to the operation of the Venture. Rick Hubbard—who is Plaintiff Hubbard's ex-husband—was a key figure of the Venture, including devising its structure; coordinating its operations; and acting as a conduit of money

---

[1] Defendants Shawn Mayer and Jade Mayer, while they failed to respond in a timely manner, did ultimately answer the Amended Complaint on January 22, 2024, and as such Plaintiffs do not move for default against them.

1

(receiving payments from certain members of the Venture which he in part paid to doctors and others in order to advance the Venture, including obtaining medications which he forced on Plaintiffs). The other Defaulted Defendants each worked personally with Rick Hubbard to advance the Venture: Brunson provided financial support as well as attended parties in which Goedinghaus was forced to perform sex acts (and had forced sex acts with Goedinghaus herself); Ecob similarly provided financial support and had knowledge of the forced sex parties; Rogers provided financial support in not only cash but also in the form of drugs and allowing Rick Hubbard to live rent-free on his property for years, in exchange watching Goedinghaus perform forced sex acts and receiving naked photos of Hubbard; and Hynes forced Plaintiff Hubbard to sell drugs after she escaped Rick Hubbard's personal control and then provided information about her to Rick Hubbard.

Each of the Defaulted Defendants were properly served in a timely manner and have made no effort to respond to the Amended Complaint. And the claims against the Defaulted Defendants closely track those claims against the nine who unsuccessfully moved to dismiss—the claims against them are meritorious and cannot be avoided by simply refusing to engage in litigation.

The Court should respectfully grant Plaintiffs' motion for default against Defaulted Defendants Rick Hubbard, Brunson, Ecob, Rogers, and Hynes. Plaintiffs respectfully request that, if default is granted, the inquest for the Defaulted Defendants be contemporaneous with trial in this action in the interests of judicial economy and allowing a fully-developed evidentiary record given number of Parties to this action.

## STATEMENT OF FACTS

Plaintiffs commenced this action on November 1, 2022, in the United States District Court for the Central District of California. (Dkt. No. 1.) The case was transferred to this Court on May

8, 2023, and Plaintiffs filed the Amended Complaint on July 7, 2023. (Dkt. No. 132; "Am. Comp.," Dkt. No. 190.) Ten Defendants—Trammell S. Crow, Jr., Robert Pruitt, Michael Scott Woods, Case Grover, Cody Mitchell, RCI Hospitality Holdings, Inc., Benjamin Todd Eller, Melissa B. Miller, and Coe Juracek (the "Moving Defendants")—subsequently moved to dismiss, and on November 20, 2023 the Court denied all dismissal motions on all counts; Plaintiffs and the Moving Defendants are currently conferring on a proposed discovery schedule to submit to this count. (*See* Dkt. Nos. 196, 198, 199, 200, 201, 202, 203, 204, 205.)

Meanwhile, Plaintiffs timely served each of the Defaulted Defendants: Rick Hubbard on January 17, 2023 (Rick Hubbard Proof of Service, Exhibit A); Brunson on January 21, 2023 (Brunson Proof of Service, Exhibit B); Ecob on March 25, 2023 (Ecob Proof of Service, Exhibit C); Rogers on March 24, 2023 (Rogers Proof of Service, Exhibit D); and Hynes on January 7, 2023 (Hynes Proof of Service Exhibit E).

## LEGAL STANDARD

Default judgment is appropriate under Federal Rule of Civil Procedure ("Rule") 55(b)(2) "against a defendant who has failed to appear." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015).

## ARGUMENT

*Default Should Be Granted Against the Defaulted Defendants Because They Failed to Respond to the Complaint*

The Court should grant default judgment against the Defaulted Defendants. Under the six-part *Lindsey* test, default judgment is appropriate where (1) there exists no material issue of fact (which can be shown where "[d]efendants failed to respond or plead"); (2) the defaulting defendants no not incur substantial prejudice (which can be shown by the defendants "fail[ing] to

3

contest any of the allegations" by failing to respond); (3) grounds for default (shown by "timely service" and "failure to appear"); (4) the defaulting defendants offer no good faith mistake or excusable neglect (which can be shown where each defendant was served but the defendants "offered no explanation for their failure to appear"); (5) there is nothing particularly "harsh" about default judgment (shown where non-appearing defendants have a "lack of any apparent defenses or excuses); and (6) that the Court would not "think itself obliged to set aside the default on the defendant's motion" (which is shown where a defendant has "fail[ed] in participate in the adversarial process" by failing to appear). *Deutsche Bank Nat'l Tr. Co. v. Lares*, No. EP-17-CV-237-PRM, 2018 WL 6184806, at *2 (W.D. Tex. Aug. 8, 2018) (finding all six *Lindsey* factors to apply and granting default judgment where party failed to appear) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Once the *Lindsey* factors are satisfied, default judgment is appropriate if the complaint "has put forward sufficient facts to establish a well-pleaded complaint." *Id.*; *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (affirming refusal or trial court to set aside motion for default judgment; recognizing "well-pleaded complaint" for default purposes same as to survive motion to dismiss) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiffs are entitled to a default judgment against each of the Defaulted Defendants. First, each of the *Lindsey* factors are met where, as here, defendants simply have refused to appear without explanation or excuse. And the Defaulted Defendants' time to respond has long-since run: the last-served defendant, Ecob, was served on March 25, 2023, making his time to respond under Rule 12 ending on April 15, 2023—more than nine months ago. *See* Fed. R. Civ. P. 12(a)(1)(A).

Second, the claims against each of the Defaulted Defendants are meritorious, as shown by this Court's denial of the motions to dismiss of each appearing defendant on all claims. (Dkt. No.

4

232.) Plaintiffs pleaded against the Defaulting Defendants the same claims as the Moving Defendants, and with similarly detailed factual allegations. Specifically, concerning Rick Hubbard's creation and operation of the Venture, including numerous acts of physical violence against each Plaintiff (Am. Compl. ¶¶ 1–6, 13, 32–37, 95–125); Brunson's financial support of the Venture in exchange for sexual favors (Am. Compl. ¶¶ 39, 408–12); Ecob's similar financial support (Am. Compl. ¶¶ 39, 373–77); Rogers providing not only financial support but also allowing Rick Hubbard to live on his property in exchange for watching sex acts (Am. Compl. ¶¶ 39, 398-402); and Hynes continuing to traffic Hubbard after she escaped the Venture, including trading information about her whereabouts with Rick Hubbard (Am. Compl. ¶¶ 258–280). Each of the Defaulting Defendants was closely involved in the Venture, willingly failed to respond, and should have a default judgment entered against them—after an appropriate inquest, which Plaintiffs respectfully request happen at the time of trial.

## CONCLUSION

Each of the Defaulting Defendants, after being involved in the trafficking Venture that exploited Plaintiffs for years, failed to respond without any excuse or good cause. Under both the standard for default in this District and the interests of justice, Plaintiffs should not be able to avoid liability for their acts simply by refusing to participate in the adversarial process. The Court should respectfully grant Plaintiffs' motion for default.

Dated: New York, New York
January 23, 2024

                                          *s/ Matthew W. Schmidt*

By:_____

John G. Balestriere*
Matthew W. Schmidt*
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5421
Facsimile: (212) 208-2613
matthew.schmidt@balestrierefariello.com
*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Plaintiffs' Motion for Entry of A Default Judgment Against Defendants Richard Hubbard, Scott Brunson, Philip Ecob, Ralph Rogers, and Michael Hynes was served on counsel of record via CM/ECF on January 23, 2024.

*s/ Matthew W. Schmidt*

_____

Matthew W. Schmidt