UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, § § § Plaintiffs, § § v. § § TRAMMELL S. CROW, JR., DR. BENJAMIN § TODD ELLER, RICHARD HUBBARD, DR. § MELISSA MILLER, DR. JOSEPH BOLIN, § DR. SCOTT WOODS, DR. § MRUGESHKUMAR SHAH, MICHAEL § CAIN, COE JURACEK, PHILIP ECOB, H.J. § COLE, TEXAS RANGER CODY MITCHELL, § KURT KNEWITZ, PAUL PENDERGRASS, § RALPH ROGERS, ROBERT PRUIT, SCOTT § BRUNSON, CASE GROVER, RICHARD § BUTLER, MARC MOLINA, MICHAEL § HYNES, JR., SHAWN MAYER, JADE § MAYER, RCI HOSPITALITY HOLDINGS, § INC., INTEGRITY BASED MARKETING, § LLC, STPORM FITNESS NUTRITION, LLC, § ULTRA COMBAT NUTRITION, LLC, § ECOLIFT HOMES LLC, ELEVATED § WELLNESS PARTNERS LLC, DOE § INDIVIDUALS 1–20, and DOE COMPANIES § 21–30 § Defendants. § § | Case No. 5:23-cv-00580-FB<br><br>Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |

**DEFENDANT TRAMMELL S. CROW'S MEMORANDUM**
**IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

| | |
|---|---|
| HAWXHURST LLP | GRAY REED |
| 1301 S. Capital of Texas Hwy | 1601 Elm Street, Suite 4600 |
| Building C, Suite 300 | Dallas, Texas 75201 |
| Austin, Texas 78746 | Telephone: (214) 954-4135 |
| Tel: (512) 522-4995 | Facsimile: (214) 953-1332 |
| Fax: (512) 522-4961 | Email: kstone@grayreed.com |
| Email: jerry@hawxhurstllp.com | |

**CROW'S OPPOSITION TO MOTION FOR DEFAULT**

Defendant Trammell S. Crow respectfully files this response memorandum in opposition to plaintiffs Julia Hubbard's and Kayla Goedinghaus's (collectively "Plaintiffs") motion for default judgment ("Motion").  The Motion should be denied for at least three reasons.  To begin with, Plaintiffs do not show that any of the "Defaulting Defendant" (to use Plaintiffs' phrase) was properly served with the First Amended Complaint.

Second, Plaintiffs do not show that after the "Defaulting Defendants" were served with the original complaint, or that the Plaintiffs informed them that this case was transferred from the Federal Court for the Central District of California to this Court.  For all Plaintiffs (and the Court know), the "Defaulting Defendants" did not answer because they believed the allegations in the original complaint were insufficient (which this Court implicitly found when it granted Plaintiffs leave to amend) and/or believed they were not subject to *in personam* jurisdiction in California.  After all, according to Plaintiffs each of the "Defaulting Defendants" resides in Texas.

Third, and relatedly, Plaintiffs do not demonstrate that all six of the so-called <u>Lindsey</u> factors are met.  Plaintiffs do not demonstrate that entry of default would not be overly harsh or that each "Defaulting Defendant" "lacks any apparent defense or excuse."  Based on the allegations of the original complaint (which alleges all "Defaulting Defendants" reside in Texas, while asserting personal jurisdiction in California) and the Court's granting of Plaintiffs' request to amend the original complaint's allegations, "Defaulting Defendants" have "apparent defenses" to the original complaint—the only complaint purportedly served on them.  For these reasons, Trammell S. Crow respectfully requests that the Court deny the Motion and instead, either dismiss "Defaulting Defendants" without prejudice, or require Plaintiffs to properly serve each of them with a valid summons and the First Amended Complaint before proceeding further.

**CROW'S OPPOSITION TO MOTION FOR DEFAULT**                                                                  **PAGE 1**

**ARGUMENT**

I. **PLAINTIFFS DID NOT GIVE THE "DEFAULTING DEFENDANTS" NOTICE OF THE FIRST AMENDED COMPLAINT OR OF THE TRANSFER FROM CALIFORNIA TO TEXAS**

On November 20, 2023, the Court ordered Plaintiffs to advise whether they intended to proceed with litigation against certain defendants who purportedly were served with the original complaint but had not appeared. (See Order and Advisory (Dkt. 233) at 1-2.) Plaintiffs responded that they intend to move for default judgment against defendants Michael Hynes, Jr., Richard Hubbard, Scott Brunson, Philip Ecob, Ralph Rogers, Jade Mayer, and Shawn Mayer because they were served with the original complaint, but had not appeared. (Response (Dkt. 247) at 1.)

On January 22, 2014, Shawn Mayer and Jade Mayer responded to the FAC. (See Ans. and Affirmative Defenses (Dkt No. 265) at 1-21.[1]) The next day, on January 23, 2024, Plaintiffs filed the Motion. (See Mot. (Dkt. 266).) Notably, the Motion does not seek default against the Mayer defendants who, it is fair to conclude, somehow learned of the transfer from California and the filing of the First Amended Complaint, which is what they responded to. (See generally id.)

The Motion does not demonstrate Plaintiffs' entitlement to default because Plaintiffs never served the "Defaulting Defendants" with notice that the case was moved from California to Texas, nor served them with a summons from this Court or the First Amended Complaint. Simply put, Plaintiffs did not provide "Defaulting Defendants" with notice of a material change in venue (Texas, where they reside, from California, where they do not) or of the new, material allegations in the First Amended Complaint (which Plaintiffs alleged to avoid dismissal).

Entry of default is committed to the district court's discretion, and no plaintiff is "entitled

---

[1] Jade Mayer and Shawn Mayer therefore are not included as "Defaulting Defendants."

to a default judgment as a matter of right, even where the defendant is technically in default." Gather v. Ingle, 75 F. 3d 207, 212 (5th Cir. 1996). Where there is doubt about granting a motion for default judgment, the court should find in favor of trial on the merits. See Brogile v. Mackay-Smith, 75 F.R.D. 739, 742 (E.D. Va. 1977).

It is Plaintiffs' burden to show that each "Defaulting Defendant" was properly served with the complaint *and* any amended pleading that contains new material allegations, such as a new claim for relief. See Fed. R. Civ. P. 5(a)(2). Plaintiffs purportedly served "Defaulting Defendants" with the *original* complaint in early 2023 while this matter was pending in the District Court for the Central District of California. (See Order Trans. Action (Dkt. 132) at 2-4.) Since then, the District Court in California transferred this case to the Western District of Texas, which alone is a material change requiring further notice to "Defaulting Defendants." See Charter Jet Travel, LLC v. NCA Max, Inc., 2011 WL 13228321, at *5 (E.D. Va. Mar. 11, 2011)), report and recommendation adopted sub nom., 2011 WL 13228425 (E.D. Va. June 6, 2011).

Furthermore, after the case was transferred to Texas, Plaintiffs requested permission to and did file a First Amended Complaint, which makes new material allegations against the "Defaulting Defendants." (The FAC was filed in response to a pending Rule 12 motion to dismiss, after all.) There is no evidence that Plaintiffs served any "Defaulting Defendant" with their First Amended Complaint, a summons issued by the Clerk of this Court, or even notice that the action was transferred from California to Texas. Nothing in the record suggests "Defaulting Defendants" were provided actual or constructive notice that Plaintiffs are pursuing claims against them in *this Court* based on material allegations they have never seen; Plaintiffs do not show otherwise. (See Mot. (Dkt. 266) at 3.)

Finally, Plaintiffs' argument that "Defaulting Defendants have made no effort to respond

to the Amended Complaint" (id. at 2) is nonsensical because Plaintiffs never served the First Amended Complaint on them.

Under the circumstances in this case, entry of default against the so-called "Defaulting Defendants" would be improper. See Charter Jet Travel, 2011 WL 13228321, at *5 (motion for default denied by transferee court where plaintiff never served the amended complaint on defendants after the case was transferred to federal district court in another state).

## II.   ENTRY OF DEFAULT WOULD BE OVERLY HARSH

To obtain entry of default, Plaintiffs must also show that entry of default against "Defaulting Defendants" would not be overly harsh—that is, that each of the "Defaulting Defendants" "lack apparent defenses or excuses." Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998); see also Deutsche Bank Nat'l Tr. Co. v. Lares, 2018 WL 6184806, *5 (W.D. Tex. Aug. 8, 2018). Again, the complaint purportedly served on "Defaulting Defendants" was the original complaint filed and pending in the District Court in California at the time of the purported service. "Defaulting Defendants" may well have concluded that the transferor court lacked personal jurisdiction over each of them (and/or that the allegations were meritless). Cf. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void"). Indeed, defendants Shawn Mayer and Jade Mayer did not appear in the California action, but have since filed their answer and affirmative defenses in this Court. (See Ans. and Affirmative Defenses (Dkt. 265) at 1-21.) It is safe to presume that they learned the action was transferred to the District Court for the Western District of Texas, reassessed the jurisdictional issues, and decided to appear. Similarly, Plaintiffs requested permission to file the First Amended Complaint in response to motions to dismiss, so they could add additional, material allegations they implicitly conceded were lacking. (See Order re Leave to Amend (Dkt. 184).) Entry of default is improper for this reason as well. See Deutsche Bank Nat'l Tr. Co.,

WL 6184806, at *2 (default may only be entered on a "well-pleaded complaint").

Finally, entry of default judgment against "Defaulting Defendants" (or any other defendant) in this instance would be overly harsh because doing so would create the risk of inconsistent judgments. See Argent Holdings, LLC v. East El Paso Physicians Med. Ctr., LLC, 2017 WL 7788135, at *1 (W.D. Tex. Nov. 30, 2017) (where joint and several liability is sought, entry of default judgment creates possibility of conflicting judgments should the remaining defendants prevail).

## CONCLUSION

For all the foregoing reasons, Mr. Crow respectfully requests that the Court deny the Motion and direct Plaintiffs to effect proper service of the First Amended Complaint on all defendants who have not been served or, in the alternative, dismiss the unserved defendants without prejudice.

DATED:  January 24, 2024

Respectfully submitted,

/s/ Gerald E. Hawxhurst

Gerald E. Hawxhurst, TSB No. 24090636
jerry@hawxhurstllp.com
HAWXHURST LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: (512) 522-4995
Fax: (512) 522-4961

GRAY REED
  KENNETH C. STONE, TSB No. 19296300
  LONDON ENGLAND, TSB No. 24110313
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email: kstone@grayreed.com
       lengland@grayreed.com

*Attorneys for Defendant Trammell S. Crow*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "DEFENDANT TRAMMELL S. CROW'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT" was served on all counsel of record via ECF on January 24, 2024.

*/s/ Kyle Foltyn-Smith*
Kyle Foltyn-Smith