# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiff(s), | § § | Case No.: 2:23-CV-00580-FB |
| vs. | § § | |
| TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK,PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARK MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 | § § § § § § § § § § § § § § § § § § § § § § § § | DEFENDANT BENJAMIN TODD ELLER'S REPLY BRIEF IN SUPPORT OF RULE 60(b) MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 20, 2023 ORDER (DKT. 232) FINDING PERSONAL JURISDICTION OVER BENJAMIN TODD ELLER; and RULE 12(i) REQUEST FOR HEARING ON DEFENDANT BENJAMIN TODD ELLER'S PERSONAL JURISDICTION DEFENSE |
| | § | Hon. Fred Biery |
| Defendant(s). | g g § | |

## Table of Contents

I. INTRODUCTION ........................................................................................................................... 1

II. THE COURT SHOULD ALLOW AN EVIDENTIARY HEARING ON PERSONAL
JURISDICTION PURSUANT TO FED. R. CIV. P. 12(i) ............................................................ 1

III. THE "ENDS OF JUSTICE" ARE NOT MET BY THIS COURT'S EXERCISE OF SPECIFIC
PERSONAL JURISDICTION OVER ELLER ............................................................................. 3

IV. CONCLUSION ........................................................................................................................... 6

## Table of Authorities

<u>Cases</u>

*Allred v. Moore & Peterson*,
    117 F.3d 278 (5th Cir. 1997) ................................................................................ 3

*Burstein v. State Bar of California*,
    693 F.2d 511 (5th Cir. 1982) ................................................................................ 4

*Choice Healthcare, Inc. v. Kaiser Found Health Plan of Cob.*
    615 F.3d 364 (5th Cir. 2010) ................................................................................ 4

*Horton v. Sunpath, Ltd.*,
    2023 U.S. Dist. LEXIS 51290 ............................................................................... 8

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ............................................................................................. 4

*Jobe v. ATR Mktg., Inc.*,
    87 F.3d 751 (5th Cir. 1996) .................................................................................. 3

*Omni Cap. Intl, Ltd v. Rudolf Wolff & Co., Ltd.*,
    484 U.S. 97 (1987) ............................................................................................... 4

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ................................................................................ 3

*Quick Technologies, Inc. v. Sage Group, PLC*,
    313 F.3d 338 (5th Cir. 2002) ................................................................................ 3

*Rolls-Royce Corp. v. Heros, Inc.*,
    576 F. Supp. 2d 765, 772 (N.D. Tex. 2008) ....................................................... 5

*Walden v. Fiore*,
    571 U.S. 277 (2014) .......................................................................................... 4,6

*Walk Haydel & Assocs. v. Coastal Power Prod. Co.*,
    517 F.3d 235 (2008) ....................................................................................... 1,2,4


<u>Statutes</u>

18 U.S.C. § 1965(d) .................................................................................................. 6

28 U.S.C. § 1404 ...................................................................................................... 4


<u>Rules</u>

Fed. R. Civ. P. 12 ................................................................................................... 1,6

## I.      INTRODUCTION

Defendant Benjamin Todd Eller  (hereinafter, "Defendant" or "Eller") seeks reconsideration of the Court's November 20, 2023 Order ("Order") denying Eller's motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that this Court lacks personal jurisdiction over him, and requests a hearing pursuant to Fed. R. Civ. P. 12(i) on the challenged issue of personal jurisdiction.

Plaintiffs Julia Hubbard and Kayla Goedinghaus (hereinafter "Plaintiffs") do not oppose Defendant's request for an evidentiary hearing pursuant to Fed. R. Civ. P. 12(i), but simply urge the Court not to reconsider its analysis regarding personal jurisdiction, challenged by Eller's Rule 12(b)(2) motion. [1]

For the reasons set forth in Defendant's Motion for Reconsideration (Dkt. 257) and herein, as well as the briefing and evidence set forth in connection with his Motion to Dismiss the First Amended Complaint ("FAC") (Dkt. 204; 204-1 through 204-7; 228), the Court should reconsider the Order finding personal jurisdiction, and allow an evidentiary hearing on the issue, in order to ensure that such exercise does not exceed constitutionally permissible bounds.

## II.     THE COURT SHOULD ALLOW AN EVIDENTIARY HEARING ON PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(i)

It is well-established that pretrial hearings, including evidentiary hearings, are appropriate to resolve the legal and factual issues regarding personal jurisdiction over a defendant. *See Walk Haydel & Assocs. v. Coastal Power Prod. Co.,* 517 F.3d 235,  241-242 (2008).  Moreover, Rule 12(i) requires, that upon request by motion, Eller's personal jurisdiction defense to this action

---

[1] Undersigned counsel regrettably admits that this Reply Brief is filed one day late due to a calendaring oversight that occurred when Plaintiffs were provided with an additional four weeks to respond to Eller's Rule 60 motion, and prays that this Court will still consider the arguments presented herein.

"must be heard and decided before trial unless the court orders deferral of the issue until trial." Plaintiffs do not oppose Eller's request for such a hearing. (Dkt. 264)

Given that Eller has repeatedly submitted <u>uncontroverted</u> evidence through declarations and exhibits (Dkt. 204-1 through 204-7) that the allegations in the FAC being used to establish personal jurisdiction over him are based on false, fraudulent and materially altered documents and information, the Court should exercise its discretion to conduct a pretrial evidentiary hearing on the limited issue of jurisdiction.[2] A Rule 12(i) hearing is warranted when there are factual disputes regarding the basis for personal jurisdiction in order to allow the Court to conduct "a full and fair" pretrial evidentiary hearing to resolve the issues that may include discovery, affidavits, evidence, and live testimony. *See Walk Haydel & Assocs.*, 517 F.3d at 242.   Holding a full evidentiary hearing on the issue of personal jurisdiction would allow the Court to properly consider the affidavits and evidence presented by Eller, as well as Plaintiffs (if any), on the issue of personal jurisdiction, to ensure that the assertion of such jurisdiction comports with Constitutional due process limits.

It is well-settled that the Court's analysis of personal jurisdiction is indeed a fact-specific one that requires the Court to look beyond conclusory allegations in a complaint in order to ensure that the Court does not overstep constitutionally permissible bounds in its exercise of personal jurisdiction over an individual. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253

---

[2] As detailed in Eller's Motion to Dismiss the FAC, and the attendant declarations and evidence, the FAC allegations that Eller submitted documents to any Texas state court regarding Plaintiff Julia Hubbard and is based on the image embedded in the FAC of a fraudulent document that Plaintiffs and their counsel, knew or should have known, was false and/or fraudulent, and was reported to law enforcement authorities as such.  (Dkt. 204 at 4-5)  Further, Plaintiffs materially altered the image of a letter, and knowingly misrepresented its contents, signatories and addressees in the FAC, in order to establish personal jurisdiction over, as well as substantive claims against, Eller. (Id.)

F.3d 865, 869 (5th Cir. 2001)(a court should not credit "conclusory allegations" in the Complaint, "even if uncontroverted" in considering whether it has personal jurisdiction.) An evidentiary hearing would allow the Court to conduct the required fact-specific inquiry into whether it has personal jurisdiction over Eller, and provide the Court an opportunity to properly reconsider the Order, including an analysis of materials that have been properly submitted to the Court -- including affidavits, exhibits, and all documents in the record. *See Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997); *Jobe v. ATR Mktg., Inc*., 87 F.3d 751, 753 (5th Cir. 1996); *Thompson v. Chrysler Motors Corp*., 755 F.2d 1162, 1165 (5th Cir. 1985).

## III.   THE "ENDS OF JUSTICE" ARE NOT MET BY THIS COURT'S EXERCISE OF SPECIFIC PERSONAL JURISDICTION OVER ELLER

Plaintiffs initiated this action in the United States District Court for the Central District of California, and asserted that the district court there had personal jurisdiction over all of the defendants in this action based on Eller's conduct occurring in that district. (Dkt. 1 ¶ 53)  All but one defendant (Robert Pruitt), waived any challenge to that Court's exercise of personal jurisdiction over them in this action. (Dkt. 26, 50, 55, 72, 76, 83, 102, 105)  Eller moved to dismiss the initial Complaint and preserved his right to challenge personal jurisdiction should this matter be transferred to a federal court in Texas given that that court was considering transfer of venue. (Dkt. 93 at 1)  Eller never consented to personal jurisdiction in Texas, even when he filed a statement in the Central District of California highlighting how the allegations asserted against him in the initial Complaint being used to establish venue in the Central District of California over all the Defendants were, in fact, false and fraudulent. (Dkt.  108)  Further Eller never consented to personal jurisdiction –or waived his right to challenge personal jurisdiction—when he joined in Defendants' collective statement that venue (based on several factors, including that all plaintiffs

3

and the other defendants were in Texas) may be more appropriate in a federal court in Texas. (Dkt. 109)

Simply stated, while Eller may agree that venue, when analyzed under 28 U.S.C. § 1404 framework, may be appropriately found in this Court, Eller has never consented to personal jurisdiction by this Court.  Further, for the reasons set forth in the briefing, declarations and exhibits submitted in connection with his Motion to Dismiss and this instant Motion, the exercise of personal jurisdiction over Eller extends beyond constitutional due process limits.

Personal jurisdiction must both (a) be authorized by law <u>and</u> (b) not violate Constitutional due process limits. *See Burstein v. State Bar of California*, 693 F.2d 511, 514 (5th Cir. 1982); *Omni Cap. Intl, Ltd v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 105 (1987).  Constitutional due process limitations generally allow for the exercise of personal jurisdiction when a defendant has established "minimum contacts" with the form state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Choice Healthcare, Inc. v. Kaiser Found Health Plan of Cob.*, 615 F.3d 364, 367 (5th Cir. 2010).   At issue in this case is "specific jurisdiction" (as opposed to "general jurisdiction") and thus requires a threshold showing that the Eller  "purposefully directed [his] activities at" Texas and Plaintiffs' claims "arise out of or relate to those activities." (citations omitted.) *Walk Haydel & Assocs.*, 517 F.3d at 243; *Choice Healthcare*, 615 F.3d at 369. It is a defendant's own conduct, not a plaintiff's unilateral activity, status, which should be analyzed to determine whether that defendant had minimum contacts Texas sufficient to establish specific personal jurisdiction.  *Walden v. Fiore*, 571 U.S. 277, 285 (2014).  This conduct should be "substantial" before specific personal jurisdiction is exercised.  *Id* at 284.  Again, this is a fact-

specific analysis – based on uncontroverted evidence before it – that should be conducted before a court chooses to exercise personal jurisdiction over a non-resident defendant.

Here the conduct at issue upon which the Court, and Plaintiffs, seemingly base the exercise of personal jurisdiction are that Eller, while at all times in California, (1) answered the telephone when Plaintiffs and/or Defendant Rick Hubbard, who were presumably in Texas at the time, called Eller, and (2) received payments from Defendant Rick Hubbard's company. (Dkt. 232 at 11) Neither one of these two discrete types of conduct, amounts to substantial conduct by Eller <u>himself</u> directing activity towards the forum state of Texas, and simply reflects Plaintiffs' own unilateral status of being in Texas.  Thus, they are insufficient grounds upon which this court to ground personal jurisdiction over Eller.

The Court's exercise of specific jurisdiction  -- which is undisputedly being sought here – "is appropriate only when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action."  *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 772 (N.D. Tex. 2008).  However, there is no discernible explanation from the Order or Plaintiffs' briefing for how Eller's conduct of being in California when he answered telephone calls from Deendant Rick Hubbard or received payment from him, gives rise to any of Plaintiffs' claims, specifically their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which they now seemingly assert as the basis for this Court's exercise of personal jurisdiction over Eller.  To the extent that the Plaintiffs or this Court seek to assert *other* allegations in the FAC as the basis for the exercise of personal jurisdiction over Eller, namely those which the <u>uncontroverted evidence</u> before this court establishes are false, fraudulent misrepresentations (*e.g.* submitting documents to Texas court proceedings involving Plaintiff Julia Hubbard, writing letters to third parties directing the use of medications for Plaintiff Kayla Goedinghaus, or having

5

telephone call conversations with Plaintiffs stating they were forced into sex acts), this Court should allow the parties to conduct an evidentiary hearing pursuant to Rule 12(i) in the interest of justice to assure that Eller is afforded his Constitutional due process rights. (Dkt. 204-2)

RICO may allow for nationwide service of process, and the possible exercise of personal jurisdiction, but it only does so when "the ends of justice require" that a non-resident defendant be brought before the court in the district where the RICO action is pending.  18 U.S.C. § 1965(b). While there may not be any controlling authority that defines the term "ends of justice," it is untenable to conclude that the "ends of justice require" Eller to defend himself in Texas when there is no evidence of him engaging in any substantial conduct purposely directed toward the state upon which Plaintiffs' alleged RICO claims based.  *See Walden*, 571 U.S. at 285 ("however significant the plaintiff's contacts with the forum may be, those contacts cannot be decisive in determining whether the defendant's due process rights are violated" and the court must look at "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.").

## IV.    CONCLUSION

Accordingly, Eller requests that the Court reconsider the Order finding that it has personal jurisdiction over him, and order an evidentiary hearing on the challenged issue of personal jurisdiction.

DATED:  January 27, 2024          CAMERON JONES LLP

*/s/ Indira J. Cameron-Banks*
_____

Indira J. Cameron-Banks (appearing *pro hac vice*)
(Cal. State Bar 248634)
407 N. Maple Dr., Grnd 1, Beverly Hills, CA 90210
424-757.0585 | indira@cameronjones.law

Attorney for DEFENDANT Benjamin Todd Eller

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of *Defendant Benjamin Todd Eller's Reply Brief in Support of  Rule 60(B) Motion For Reconsideration Of The Court's November 20, 2023 Order (Dkt. 232) Finding Personal Jurisdiction Over Benjamin Todd Eller; And Rule 12(I) Request For Hearing On Defendant Benjamin Todd Eller's Personal Jurisdiction Defense* was served on counsel of record via CM/ECF on January 27, 2024.

*/s/ Indira J. Cameron-Banks*

Indira J. Cameron-Banks