# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

John G. Balestriere*
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone: (212) 374-5421
Facsimile: (212) 208-2613
john.balestriere@balestrierefariello.com
*Attorneys for Plaintiffs*
*Admitted pro hac vice*

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARC MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC,<br>　　　　　　　Defendants. | Case No. 5:23-cv-00580-FB<br><br>Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |

## PLAINTIFFS' RESPONSE TO DEFENDANT TRAMELL S. CROW'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................................iii

PRELIMINARY STATEMENT...................................................................................................... 1

STATEMENT OF FACTS............................................................................................................... 2

LEGAL STANDARD ...................................................................................................................... 3

ARGUMENT..................................................................................................................................... 4

    I.    Defaulted Defendants Were Sufficiently Provided Notice......................................... 4

    II.   Service of the Amended Complaint is Not Required for Default Judgment Here.. 5

    III.  Entry of Default Would Not be Overly Harsh and Each Defendant Lacks

    Apparent Defense or Excuse................................................................................................. 6

CONCLUSION.................................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*,

    550 U.S. 544 (2007) ........................................................................................................ 6

*Blair v. City of Worcester*,

    522 F.3d 105 (1st Cir. 2008) ......................................................................................... 5

*Bonanza Int'l, Inc. v. Corceller*,

    480 F.2d 613 (5th Cir. 1973)......................................................................................... 3

*Charter Jet Travel, LLC v. NCA Max, Inc.*,

    No. 109CV00258LOIDD, 2011 WL 13228321 (E.D. Va. Mar. 11, 2011), *report and*

    *reccomendation adopted*, No. 1:09-CV-258, 2011 WL 13228425 (E.D. Va. June 6, 2011) ..... 4

*Deutsche Bank Nat'l Tr. Co. v. Lares*, No. EP-17-CV-237-PRM, 2018 WL 6184806 (W.D.

    Tex. Aug. 8, 2018)......................................................................................................... 6

*Flaksa v. Little River Marine Constr*. Co.,

    389 F.2d 885 (5th Cir. 1968)......................................................................................... 3

*In re Chinese Manufactured Drywall Prod. Liab. Litig*.,

    742 F.3d 576 (5th Cir. 2014)......................................................................................... 5

*Lindsey v. Prive Corp*.,

    161 F.3d 886 (5th Cir. 1998)................................................................................. 1, 5, 6

*T-Mobile USA Inc. v. Shazia & Noushad Corp*.,

    No. CIV. 3:08-CV-00341, 2009 WL 2003369 (N.D. Tex. July 10, 2009) .............................. 6

*Wooten v. McDonald Transit Assocs., Inc.,*

   788 F.3d 490 (5th Cir. 2015)................................................................................................ 3, 6

**Rules**

Fed. R. Civ. P. 12(a)(1)(A)(i).............................................................................................. 3

FRCP 5(a)(2) ........................................................................................................................ 4

## PRELIMINARY STATEMENT[1]

The Court should grant the Motion regarding defendants Rick Hubbard ("Rick Hubbard"), Scott Brunson ("Brunson"), Philip Ecob ("Ecob"), Ralph Rogers ("Rogers"), and Michael Hynes ("Hynes," collectively the "Defaulted Defendants"), for an entry of default judgment contemporaneously with the trial of this action. The Defaulted Defendants did not file a timely answer, nor other response to Plaintiffs' original and First Amended Complaints, and have failed to show good cause. Nothing in the papers filed to oppose the Motion—filed not by any Defaulted Defendant, but, instead, the chief funder of the Venture, Defendant Trammell S. Crow—undermines Plaintiffs' application.

Among the thirty Defendants named in the Plaintiffs' Amended Complaint, Plaintiffs were successfully able to serve eleven Defendants, and another five[2]—the Defaulted Defendants—are now in default.

Each of the five Defaulted Defendants were instrumental to the operation of the Venture. Rick Hubbard—who is Plaintiff Hubbard's ex-husband—was indeed one of the key figures. The other Defaulted Defendants each worked personally with Rick Hubbard to advance the Venture.

---

[1] All capitalized terms are defined in the Plaintiff's Motion for Entry of a Default Judgment Against Defendants Richard Hubbard, Scott Brunson, Philip Ecob, Ralph Rogers, and Michael Hynes. (Dkt. No. 266). Certain terms are redefined herein for the Court's convenience.

[2] Defendants Shawn Mayer and Jade Mayer, while they failed to respond in a timely manner, did ultimately answer the Amended Complaint on January 22, 2024, and as such Plaintiffs do not move for default against them.

Moreover, Plaintiff properly served each of the Defendants with the original complaint and Defendants have made no effort to respond to either the original nor the Amended Complaint; service of the Amended Complaint was not required because Plaintiffs did not assert any new claims against the Defendants; finally, Plaintiffs met the factors laid out in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), specifically showing that default judgment would not be overly harsh on the Defaulted Defendants. The claims against the Defaulted Defendants closely track those claims against the nine defendants who unsuccessfully moved to dismiss. Moreover, the original and Amended Complaints are substantively identical. The claims are meritorious and cannot be avoided by simply refusing to engage in litigation.

If the Motion is granted, the inquest for the Defaulted Defendants respectfully should be held contemporaneously with trial in this action in the interests of judicial economy to allow a fully developed evidentiary record given number of Parties to this action.

## STATEMENT OF FACTS

Plaintiffs commenced this action on November 1, 2022, in the United States District Court for the Central District of California. (Dkt. No. 1.) The case was transferred to this Court on May 8, 2023, and Plaintiffs filed the Amended Complaint on July 7, 2023. (Dkt. No. 132; "Am. Comp.," Dkt. No. 190.) nine Defendants— Trammell S. Crow, Jr., Robert Pruitt, Michael Scott Woods, Case Grover, Cody Mitchell, RCI Hospitality Holdings, Inc., Benjamin Todd Eller, Melissa B. Miller, and Coe Juracek (the "Moving Defendants")— subsequently moved to dismiss, and on November 20, 2023 the Court denied all dismissal

motions on all counts. (See Dkt. No. 266). Plaintiffs and the Moving Defendants are currently conferring on a proposed discovery.

Plaintiffs timely served each of the Defaulted Defendants: Rick Hubbard on January 17, 2023; Brunson on January 21, 2023; Ecob on March 25, 2023; Rogers on March 24, 2023; and Hynes on January 7, 2023. (Docket No. 266, Exs. A–E.)

On November 11, 2023, this Court issued its Order to Show Cause. (Dkt. No 234.) Plaintiffs filed their December 5, 2023 Response to the Court's Order to Show Cause ("Response") explaining that they inadvertently did not file proofs of service with the Court and requested that the Defendants Ecob, Rogers, Brunson, Jade Mayer, and Shawn Mayer be deemed timely served. (Dkt. No 246.) Subsequently, Plaintiffs filed concurrently with their Response (Dkt. No. 247) the appropriate proofs of service and address these Defendants in their concurrently filed Plaintiffs' Response to the Court's Advisory and Order regarding Defendants Michael Hynes, Jr. ("Hynes"), Richard Hubbard ("Rick Hubbard"), and Brunson.[3]

Pursuant to the Court's January 9, 2024 Order, Plaintiffs filed their Motion for the Entry of Default Judgment on January 23, 2024 against the Defaulted Defendants (Dkt. No. 266), who have failed to answer Plaintiffs' original and Amended Complaints.

## LEGAL STANDARD

---

[3] Plaintiff's Response (Dkt. No 247) to the Court's order and advisory (Dkt. No. 233) to advise on status of Defendants Michael Hynes, Jr. ("Hynes"), Richard Hubbard ("Rick Hubbard"), and Scott Brunson ("Brunson"), whereby Plaintiffs advise the Court that they intended to proceed with litigation and move for default judgment for Defendants Hynes, Rick Hubbard, Brunson, Ecob, Rogers, Jade Mayer, and Shawn Mayer, provided leave from the Court.

Default judgment is appropriate under Federal Rule of Civil Procedure 55(b)(2) "against a defendant who has failed to appear." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015). The Fifth Circuit has affirmed the district court's discretionary authority to employ default judgment "in the interest of the orderly administration of justice." *Flaksa v. Little River Marine Constr*. Co., 389 F.2d 885, 887 (5th Cir. 1968).

## ARGUMENT

### I.   Defaulted Defendants Were Sufficiently Provided Notice

Plaintiffs properly served the Defaulting Defendants with the original complaint and Defendants failed to respond. Rule 4(e)(2)(B) allows service by leaving copies of the summons and the complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." The defendant must answer the complaint within twenty days of service. Fed. R. Civ. P. 12(a)(1)(A)(i). Failure to do so is grounds for default. See *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973). Rule 15(a)(3) states that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Plaintiffs hired a process server to deliver the summons and the complaint respectively to Rick Hubbard on January 17, 2023 (Dkt. No. 266, Ex. A); Brunson on January 21, 2023 (Dkt. No. 266, Ex. B); Ecob on March 25, 2023 (Dkt. No. 266, Ex.C); Rogers on March 24, 2023 (Dkt. No. 266, Ex. D); and Hynes on January 7, 2023 (Dkt. No. 266, Ex. E).

Defendants have not answered the complaint nor otherwise appeared before the Court. Based on the return of service affirming that the process server delivered the summons and the complaint in a manner that complied with the federal rules, and on Defendants' failure to timely answer both the original complaint and the First Amended Complaint, the entry of default is proper and default judgment is appropriate.

**II.      Service of the Amended Complaint is Not Required for Default Judgment Here**

There was no need to serve the amended complaint on the Defaulted Defendants. FRCP 5(a)(2) generally requires a plaintiff to serve an amended complaint via the procedures outlined in FRCP 4. However, FRCP 5(a)(2) provides an exception to the general rule when it states that no service is required on a party who is in default for failing to appear. Conversely, a pleading that asserts a *new* claim for relief against such a party must be served on that party under Rule 4. *Id*. at 5(a)(2) (emphasis added). When a plaintiff files an amended complaint that asserts no new claims against a defendant already in default, the plaintiff is not required to serve the amended complaint on the defaulting defendant. *Charter Jet Travel, LLC v. NCA Max, Inc.*, No. 109CV00258LOIDD, 2011 WL 13228321, at *3 (E.D. Va. Mar. 11, 2011), report and recommendation adopted sub nom. *Charter Jet Travel, LLC v. NCA MaxJet, Inc.*, No. 1:09-CV-258, 2011 WL 13228425 (E.D. Va. June 6, 2011).

Defendants have received sufficient notice and Defaulted Defendants were in default prior to Amended Complaint. Defendant Crow's contention that the Amended Complaint supersedes the original complaint, such that service of the second complaint is required here is flawed. The amended complaint did not in fact contain a new claim

5

for relief, and therefore did not require service under Rule 5(a)(2). *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 593 (5th Cir. 2014); see also *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008). While the amended complaint asserts factual allegations against defendants, it does not make anew any claims against any Defaulted Defendants. Furthermore, the original and the amended complaints are substantially identical, apart from the added specific Traffick Victim Protections Act (TVPA) allegations against each defendant. Defendants were aware of the pendency of the action against them. The original complaint provided the Defaulted Defendant with fair notice of the claims against them.

### III.   Entry of Default Would Not be Overly Harsh and Each Defendant Lacks Apparent Defense or Excuse

Each of the Lindsey factors are met where, as here, Defaulted Defendants simply have refused to appear without explanation or excuse. Under the six-part *Lindsey* test, default judgment is appropriate where (1) there exists no material issue of fact (which can be shown where "[d]efendants failed to respond or plead"); (2) the defaulting defendants do not incur substantial prejudice (which can be shown by the defendants "fail[ing] to contest any of the allegations" by failing to respond); (3) grounds for default (shown by "timely service" and "failure to appear"); (4) the defaulting defendants offer no good faith mistake or excusable neglect (which can be shown where each defendant was served but the defendants "offered no explanation for their failure to appear"); (5) there is nothing particularly "harsh" about default judgment (shown where non-appearing defendants have a "lack of any apparent defenses or excuses); and (6) that the Court

6

would not "think itself obliged to set aside the default on the defendant's motion" (which is shown where a defendant has "fail[ed] in participate in the adversarial process" by failing to appear). *Deutsche Bank Nat'l Tr. Co. v. Lares*, No. EP-17-CV-237-PRM, 2018 WL 6184806, at \*2 (W.D. Tex. Aug. 8, 2018) (finding all six *Lindsey* factors to apply and granting default judgment where party failed to appear) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). Once the *Lindsey* factors are satisfied, default judgment is appropriate, as here, if the complaint "has put forward sufficient facts to establish a well-pleaded complaint." *Id.*; *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (affirming refusal or trial court to set aside motion for default judgment; recognizing "well-pleaded complaint" for default purposes same as to survive motion to dismiss) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Since the Defendants have had ample time to appear in this action, a default judgment would not be unusually harsh. See *T-Mobile USA Inc. v. Shazia & Noushad Corp.*, No. CIV. 3:08-CV-00341, 2009 WL 2003369, at \*2 (N.D. Tex. July 10, 2009). Moreover, Plaintiff's request that the inquest for the Defaulted Defendants be held contemporaneously with trial in this action averts the risk of inconsistent judgments.

## CONCLUSION

The Defaulted Defendants have not filed a timely answer or other response to Plaintiffs' original and First Amended Complaints nor have they shown any excuse or good cause. Pursuant to the standard for default, Plaintiffs have demonstrated that the entry of default is proper, and that entry of default is in the interest of justice. The Court should grant default judgment against the Defaulted Defendants.

Dated: New York, New York
       January 31, 2024

                                    By:_____

                                    John G. Balestriere*
                                    **BALESTRIERE FARIELLO**
                                    225 Broadway, 29th Floor
                                    New York, New York 10007
                                    Telephone: (212) 374-5421
                                    Facsimile: (212) 208-2613
                                    john.balestriere@balestrierefariello.com
                                    *Attorneys for Plaintiffs*
                                    ***Admitted pro hac vice*