IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD, and KAYLA GOEDINGHAUS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| V. | ) )    CIVIL ACTION NO. SA-23-CA-580-FB |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; COE JURACEK; PHILIP ECOB; CODY MITCHELL; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANT ELLER'S MOTION FOR RECONSIDERATION

Before the Court are Defendant Benjamin Todd Eller's Rule 60(b) Motion for Reconsideration of the Court's November 20, 2023 (Dkt. 232) Finding Personal Jurisdiction Over Benjamin Todd Eller; and Rule 12(i) Request for Hearing on Defendant Benjamin Todd Eller's Personal Jurisdiction (docket no. 257), Plaintiffs' response (docket no. 264) in opposition thereto, and Defendant Eller's reply (docket no. 268) to Plaintiffs' response. After careful consideration, the Court is of the opinion that the motion should be denied.

Defendant Eller asks the Court to reconsider its Order denying his motion to dismiss for lack of personal jurisdiction. He contends the Court erred by relying on controverted conclusory allegations and failing to conduct an evidentiary hearing.

Motions for reconsideration of interlocutory orders are made under Federal Rule of Civil Procedure 54(b). *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'" *Id.* (quoting FED. R. CIV. P. 54(b)). "Under Rule 54(b) 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach & Tools Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)); *see also Bank Leumi USA v. Ehrlich*, 12 CIV. 4423 (AJN), 2014 WL 12661620, at *1 (S.D.N.Y. Feb. 2, 2014) (explaining that motion for reconsideration of order denying motion to dismiss for lack of personal jurisdiction should be considered under Rule 54(b) rather than Rule 60(b)). None of Defendant Eller's arguments persuade the Court to reach a different conclusion from its earlier order.

IT IS THEREFORE ORDERED that Defendant Benjamin Todd Eller's Rule 60(b) Motion for Reconsideration of the Court's November 20, 2023 (Dkt. 232) Finding Personal Jurisdiction Over Benjamin Todd Eller; and Rule 12(i) Request for Hearing on Defendant Benjamin Todd Eller's Personal Jurisdiction (docket no. 257) is DENIED.

It is so ORDERED.

SIGNED this 5th day of February, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE