IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD, and KAYLA GOEDINGHAUS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| V. | ) ) CIVIL ACTION NO. SA-23-CA-580-FB ) |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; COE JURACEK; PHILIP ECOB; CODY MITCHELL; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### ORDER REGARDING MOTION FOR DEFAULT JUDGMENT

Before the Court are Plaintiffs' Motion for Entry of a Default Judgment Against Defendants Richard Hubbard, Scott Brunson, Philip Ecob, Ralph Rogers, and Michael Hynes (docket no. 266); Defendant Trammell S. Crow's Memorandum in Opposition to Plaintiffs' Motion for Entry of Default Judgment (docket no. 267); and Plaintiffs' reply (docket no. 269) to Defendant Crow's memorandum.

Plaintiffs have not requested entries of default by the Clerk of Court.  "Because an entry of default is a prerequisite to a default judgment, the Court cannot take up Defendant's Motion for Default Judgment."  *Skyward Energy, Ltd. v. Clipper Windpower Dev., LLC*, No. MO:18-CV-235-DC, 2019 WL 12117036, at *2 (W.D. Tex. Mar. 27, 2019) (citing FED. R. CIV. P. 55; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default.")).  For this and the reasons stated in Defendant Crow's memorandum, the motion is denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Entry of a Default Judgment Against Defendants Richard Hubbard, Scott Brunson, Philip Ecob, Ralph Rogers, and Michael Hynes (docket no. 266) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs shall serve Defendants Hubbard, Brunson, Ecob, Rogers and Hynes with the summons, complaint, notice of transfer, and amended complaint, and file valid returns of service or otherwise show that these Defendants were properly served on or before **March 5, 2024**.  Plaintiffs are NOTIFIED that the failure to effectuate proper service and provide proper proof of service on any of these Defendants by March 5, 2024, will result in the dismissal of that Defendant from this case pursuant to Rule 4(c) of the Federal Rules of Civil Procedure.

It is so ORDERED.

SIGNED this 13th day of February, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE