**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; COE JURACEK; PHILIP ECOB; CODY MITCHELL; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and  RCI HOSPITALITY HOLDINGS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) |

Case No. SA-23-CA-580-FB

Judge: Hon. Fred Biery
Date Action Filed: May 8, 2023
(transferred)

## PLAINTIFFS' MOTION FOR SUBSTITUTE SERVICE ON DEFENDANT RICK HUBBARD

Plaintiffs respectfully move for substitute service to serve Defendant Rick Hubbard

through his Facebook account pursuant to Texas Rule of Civil Procedure 106(b)(2).

### STATEMENT OF FACTS

Plaintiffs previously served Defendant Rick Hubbard on January 29, 2023, with the initial

complaint in this action at 28827 Fine Road, Marble Falls, Texas—a property he resided on owned

by Defendant Ralph Rogers ("Rogers"). (*See* Dkt. No. 45.) On February 13, 2024, the Court

ordered Plaintiffs to re-serve Defendant Rick Hubbard (along with Defendants Scott Brunson,

Philip Ecob, Rogers, and Michael Hynes) with the summons, complaint, notice of transfer, and

amended complaint. ("Default Order," Dkt. No. 278 at 2.) While Plaintiffs have re-served Defendants Brunson, Ecob, Rogers, and Hynes with these filings (along with the Motion for Leave to File the Second Amended Complaint (Dkt. No. 283)), Plaintiffs have not been able to serve Rick Hubbard, who (as confirmed by Defendant Rogers) no longer resides at 28827 Fine Road and appears to have no current fixed residence.

Plaintiff Julia Hubbard was told earlier this year by a neighbor of Rogers that Rick Hubbard was no longer residing at 28827 Fine Road. Following the Court's Default Order, Plaintiff Hubbard attempted to obtain Rick Hubbard's whereabouts, based on information that he had no fixed residence and was potentially residing with former Defendant Kurt Knewitz.

After Plaintiff Hubbard's attempts to locate Defendant Rick Hubbard failed, Plaintiffs retained a JBCC-certificated process server, Donna LiAne Gardner, to locate Rick Hubbard. (*See* Affidavit of Donna LiaAne Gardner, Ex. A.) After Ms. Gardner confirmed via skip trace that 28827 Fine Road was the "best possible" address for Rick Hubbard, she attempted service at that address as well as another address associated with him and ran searches on vehicles at both properties. (*Id.* at 1) However, during an attempt, she was told by Defendant Rogers, the property's owner, that Defendant Rick Hubbard no longer resided there and that Defendant Rogers would "shoot him" if he attempted to return. (*Id.* at 1) Defendant Rogers also informed Ms. Gardner that he had been in contact with Defendant Rick Hubbard via Facebook. (*Id.* at 1)

Ms. Gardner then attempted to contact Defendant Rick Hubbard through three phone numbers and an email address provided by Plaintiff Hubbard, but the phone numbers had either been disconnected or reassigned and the email mailbox was full. (*Id.* at 2.) Ms. Gardner has also utilized a vehicle sighting monitoring system on what appears to be Defendant Rick Hubbard's primary vehicle, but it has not yet turned up any hits. Based on all this and her professional

experience, Ms. Gardner believes that Defendant Rick Hubbard "has engaged in deliberate action to avoid being found" and that traditional service may take "weeks, months, or even years," and recommends alternative service in a form that the Corut deems appropriate, including "social media." (*Id.* at 2.)

## ARGUMENT

The Court should permit alternative service of Rick Hubbard by Facebook. Rule 106(b)(2) of the Texas Rules of Civil Procedure ("Rule 106(b)(2)") allows—upon motion supported by a statement under perjury that traditional service was unsuccessful—a court to authorize service in "any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2); *see Chrisenberry v. Levi Ketcher & Synergy Underground, LLC*, No. MO:21-CV-146-DC-RCG, 2022 WL 2762219 (W.D. Tex. May 18, 2022) (authorizing service by Facebook); *Cothran v. Koomson*, No. 4:20-CV-00481-SDJ-CAN, 2021 WL 9095766 (E.D. Tex. Oct. 6, 2021) (same); *Joe Hand Promotions, Inc. v. Wash. That Baby*, LLC, No. MO:21-CV-211-DC-RCG, 2022 WL 2761734 (W.D. Tex. May 9, 2022) (same)

As shown by the attached statements under penalty of perjury by Ms. Gardner and Plaintiff Hubbard, traditional means of service have been unsuccessful, and Defendant Rick Hubbard's two Facebook accounts are both recently active. (Ex. A; Declaration of Julia Hubbard, Ex. B.) More, as Defendant Rogers confirmed, Defendant Rick Hubbard uses his Facebook accounts as a means, and perhaps his primary means, of communication. (Ex. A.) Substitute service via Facebook under Rule 106(b)(2) is appropriate.

## CONCLUSION

The Court should respectfully permit substitute service on Defendant Rick Hubbard via his two identified Facebook accounts, and other methods which the Court directs.


Dated: Tiburon, California
March 5, 2024

<div style="margin-left:auto">

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:     (202) 746-9110
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

</div>

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that on the 5th day of March 2024, the foregoing document was filed with the Clerk of Court using the CM/ECF system, and was served on all counsel of record via E-mail:

_____
Matthew W. Schmidt