UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br><br> v. <br><br> TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUIT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARC MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 <br><br> Defendants. | Case No. 5:23-cv-00580-FB <br><br> Judge: Hon. Fred Biery <br> Date Action Filed: May 8, 2023 (transferred) |

**TRAMMELL S. CROW'S OPPOSED MOTION TO COMPEL
AMENDED RESPONSES TO INTERROGATORIES AND
<u>FOR AN AWARD OF THE EXPENSES INCURRED IN BRINGING THIS MOTION</u>**

Trammell S. Crow, by and through undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii) for an order compelling plaintiffs Julia Hubbard and Kayla Goedinghaus to provide proper responses to interrogatories served pursuant to Federal Rule of Civil Procedure 33.  Mr. Crow also requests an order pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) requiring plaintiffs and their counsel to pay, jointly and severally, the reasonable expenses, including attorneys' fees, incurred by Mr. Crow in making this motion.

## SUMMARY OF ARGUMENT

Mr. Crow in January 2024 propounded 21 interrogatories to each plaintiff.  Rather than respond when due (30 days from service, pursuant to Rule 33(b)(2)), plaintiffs ignored the discovery for almost *two months*.  When finally served, their responses consisted of improper objections and manifestly deficient answers.  During the conference of counsel that followed, plaintiffs acknowledged that their responses did not comply with Rule 33(b), and promised to provide compliant, amended responses no later than March 22, 2024.  Plaintiffs did not honor that deadline, and as of the filing of this motion have not complied with the straight-forward requirements of Rule 33(b):  their interrogatory responses are not "answered separately and fully in writing under oath," the objections were not stated timely (and were therefor waived), and in any event, the objections are not stated with specificity and are boilerplate.

## RELEVANT BACKGROUND

### A.     Plaintiffs Allege a Wide-Ranging Conspiracy Among Defendants.

Plaintiffs' Second Amended Complaint ("SAC") alleges that defendants Benjamin Todd Eller and Rick Hubbard started a "sex and labor trafficking venture" (the so-called "Venture") whereby Mr. Hubbard would prostitute Ms. Hubbard and Ms. Goedinghaus at swinger parties, which the SAC calls "Forced Sex Parties."[1]  (SAC. (Dkt. 292) ¶¶ 109-111.)  According to the

---

[1] The SAC defines "Forced Sex Parties" as parties where Mr. Hubbard allegedly forced plaintiffs "to perform sex

SAC, certain defendants were "hosts" or "funders" of the alleged Forced Sex Parties, or otherwise benefitted from Mr. Hubbard's alleged abuse of plaintiffs.  (Id. ¶¶ 152-212.)

### B.   Mr. Crow's Interrogatories.

On January 24, 2024, Mr. Crow served 21 interrogatories to be answered separately by Ms. Hubbard and Ms. Goedinghaus.  (Hubbard Rogs. (Nichols Decl., Ex. A); Goedinghaus Rogs. (Nichols Decl., Ex. B).)  The interrogatories seek from plaintiffs the facts and theories supporting certain allegations of their SAC, including allegations that certain persons benefitted from the alleged sex trafficking venture (Nos. 1, 11); the number, location, dates, and attendees of the alleged sex parties and other gatherings at which alleged wrongdoing occurred (Nos. 2, 4); and the facts and theories that support the allegation that defendants engaged in sex- and labor-trafficking (Nos. 8, 14).

### C.   Plaintiffs' Tardy and Non-Compliant Interrogatory Responses.

On March 13, 2024, Mr. Crow's counsel informed plaintiffs that responses to his interrogatories were seriously past-due—plaintiffs had not sought nor been given an extension to the 30-day deadline to respond.  (Nichols Decl. ¶ 3.)  Later that day, plaintiffs served their interrogatory responses.  (See id. ¶ 4; see also Hubbard Rog. Resp. (Nichols Decl., Ex. C); Goedinghaus Rog. Resp. (Nichols Decl., Ex. D).)  Plaintiffs' responses were prefaced with a litany of "General Objections" that plaintiffs purported to incorporate into each response, thereby making them evasive and incomplete.  They do not comply with Rule 33(b)(4).  (See id.)

The interrogatory responses do not comply with Rule 33(b)(3) either, because they are not answered "separately and fully."  By and large, they are bereft of the requested factual detail.  In contrast to the SAC's sweeping allegations of dozens of sex parties and other gatherings, the

---

acts for payment, which payments [Mr. Hubbard] retained, and to secure business relationships" for him.  (SAC ¶ 3.)

responses do not identify dates, locations, or attendees of the alleged gatherings, which serve as the foundation for the SAC's most salacious allegations. Instead of providing requisite details—or admitting that they do not know such information—plaintiffs provide evasive or incomplete responses that are more akin to notice pleading allegations, not interrogatory responses. (See, e.g., Hubbard Rog. Resp. (Nichols Decl., Ex. C) No. 2; Goedinghaus Rog Resp. (Nichols Decl., Ex. D) No. 2.)

For her part, Ms. Goedinghaus also provides responses that imply they are based on personal knowledge, when clearly are not. For example, she purports to state as personal knowledge events that predate her alleged involvement with Rick Hubbard or any other defendant. (See id. (Nichols Decl., Ex. D) Nos. 1, 5, 6, 7, 11, 12, 17, 18.) These responses, to the extent they are based on information and belief, are evasive and misleading.

### D. Plaintiffs Promise to Provide Proper Interrogatory Responses, But Do Not.

On March 20, 2024, counsel for Mr. Crow conferred with plaintiffs' counsel in a good faith attempt to obtain proper interrogatory responses. (See Mar. 20, 2024 Email (Nichols Decl., Ex. E) at 3-4.) Plaintiffs agreed to provide by March 22, 2024, amended responses to interrogatories 1, 2, 4, 8, 11, and 14. (Id.) Specifically, they promised to provide responses that contain factual details requested by the interrogatories (dates, locations, etc.) and that would also make clear that they are not withholding information or otherwise circumscribing their responses based on any objection, including attorney-client privilege or work product. (See id.) They agreed that Ms. Goedinghaus would serve amended responses that made clear which of her answers are based on her personal knowledge or on information and belief. (See id.) Plaintiffs did not serve any amended responses (Nichols Decl. ¶ 8), forcing Mr. Crow to bring this motion.

### LEGAL STANDARDS APPLICABLE TO THIS MOTION

Absent agreement by the parties or court order, responses to interrogatories are due 30

TRAMMELL S. CROW'S MOTION TO COMPEL FURTHER                                                                    PAGE 3
RESPONSES TO INTERROGATORIES AND FOR COSTS

days from the date of service. Fed. R. Civ. P. 33(b)(2).  "[A]s a general rule, when a party fails to object timely to interrogatories …, objections thereto are waived." In re U.S., 864 F.2d 1153, 1156 (5th Cir. 1989); see also Fed. R. Civ. Proc. 33(b)(4) ("Any ground not stated in a *timely* objection is waived unless the court, for good cause, excuses the failure") (emphasis added).

Every interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. Proc. 33(b)(3).  "[A]n evasive or incomplete … response must be treated as a failure to … respond." Fed. R. Civ. Proc. 37(a)(4); see also Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 616-17 (5th Cir. 1977) ("A partial answer by a party reserving an undisclosed objection to answering fully is not candid.  It is evasive.").  Counsel has "an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests." McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1486 (5th Cir. 1990).  An answering party must disclose all information known to her personally, whether from memory or sources available to her, such as notes and calendars. See Lopez v. Don Herring Ltd., 327 F.R.D. 567, 579 (N.D. Tex. 2018); see also Leflore v. Norfolk S. Corp., 2021 WL 6070831, at *7 (E.D. La. May 10, 2021) (same).

The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.  See Burns v. Thiokol Chem. Corp., 483 F.2d 300, 307-08 (5th Cir. 1973).  Likewise, interrogatories that call for a legal contention are proper and must be answered accordingly.  See Malibu Consulting Corp. v. Funair Corp., 2007 WL 3995913, at *1 n.1 (W.D. Tex. November 14, 2007) (interrogatories "may properly ask for the facts that support an allegation or defense as well as the identities of knowledgeable persons and supporting documents for the facts supporting an allegation or defense").

A party that has made a good faith attempt to obtain discovery unsuccessfully is thereafter permitted to seek an order compelling discovery.  See Fed. R. Civ. Proc. 37(a)(1); see

also Heller v. City of Dallas, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (party seeking to compel further responses to "demonstrate[] that [the responding party] is withholding relevant information or is otherwise concealing information responsive to the interrogatory which has not already been produced").  Once the moving party establishes that the information it seeks is relevant or will lead to the discovery of admissible evidence, the burden rests on the party resisting discovery to substantiate its objections or its failure to fully respond.  See Lozano v. Baylor Univ., 339 F.R.D. 447, 450 (W.D. Tex. 2020).  A court may strike noncompliant portions of a party's discovery responses under Federal Rule of Civil Procedure 37(c).[2]

## ARGUMENT

### A. Plaintiffs Waived All Objections to Mr. Crow's Interrogatories.

Plaintiffs did not serve interrogatory responses within 30 days from the date of service (Nichols' Decl. ¶ ), and because there was no agreed-to or court's ordered extension, plaintiffs have waived all objections to the interrogatories.  See Hunzelman v. Perry's Restaurants Ltd., 2022 WL 12078464, at *2 (W.D. Tex. Oct. 19, 2022) (objections to interrogatories waived by failure to timely respond); In re U.S., 864 F.2d 1153, 1156 (5th Cir. 1989) (same); see also Fed. R. Civ. Proc. 33(b)(4) ("Any ground not stated in a *timely* objection is waived unless the court, for good cause, excuses the failure").[3]

---

[2] Federal Rule of Civil Procedure 26(g)(2) requires that "the court must strike" an unsigned disclosure. Verifications signed with only the character /s rather than with complete, ink signature are usually invalid.  See Krow v. PineBridge Invs. Holdings U.S. LLC, 2022 WL 836916, at *10 (S.D.N.Y. Mar. 21, 2022), *appeal dismissed* (Sept. 9, 2022) (declaration "signed only with the character /s rather than with a complete, ink signature, … does not comport with 28 U.S.C. § 1746, which requires an actual signature from the declarant"); Dilworth v. Goldberg, 2014 WL 3798631, at *1 (S.D.N.Y. Aug. 1, 2014) (requiring a signature on a verified statement to satisfy § 1746, and explaining that the "/s" character may substitute as a signature only for an attorney filing documents through the Electronic Case Filing System).  Ms. Goedinghaus's responses contain only an /s/ signature.

[3] Plaintiffs' general objections should be stricken in any event: "General objections … are meaningless and constitute a waste of time for opposing counsel and the court.  In the face of such objections, it is impossible to know whether information has been withheld and, if so, why.  This is particularly true in cases like this where multiple 'general objections' are incorporated into many of the responses with no attempt to show the application of each objection to the particular request."  Heller, 303 F.R.D. at 483; see also McLeod, Alexander, Powel & Apffel, P.C., 894 F.2d at 1484-86 (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing

### B. The Court Should Compel Further Responses to Interrogatories 1 and 11.

Interrogatories 1 and 11 seek "all facts" and legal theories concerning the benefits allegedly received by Mr. Crow and other defendants, and all facts and legal theories supporting the allegation that Mr. Crow benefited by working with Rick Hubbard. (See Hubbard Rogs. (Nichols Decl., Ex. A) Nos. 1, 11; Goedinghaus Rogs. (Nichols Decl., Ex. B) Nos. 1, 11.) Plaintiffs' generalized answers that Mr. Crow "benefitted by receiving sex acts; regular social dates; live sex performances; and the social value of having parties enhanced by the Venture's sex acts" (Hubbard Rog. Resp. (Nichols Decl., Ex. C) Nos. 1, 11; Goedinghaus Rog Resp. (Nichols Decl., Ex. D) Nos. 1, 11.) are plainly improper because they are bereft of specifics.

Mr. Crow respectfully asks the Court to order plaintiffs to provide detailed factual responses to interrogatories 1 and 11, as written, that include all facts known by or available to them, as well as the legal theories on which their claims are based. If plaintiffs do not have or cannot obtain the requested information, they must state as much, rather than make generalized allegations. See Meltzer/Austin Restaurant Corp. v. Benihana Nat. Corp., 2013 WL 2607589, at *4-6 (W.D. Tex. Jun. 10, 2013) (ordering further responses to interrogatories where plaintiff did not "state specifically what his legal claims and the resulting damages are, and what facts they are based on"); see also Lewis v. Eye Care Surgery Center, Inc., 2023 WL 3029239, at *4 (M.D. La. Apr. 20, 2023) (compelling all relevant information sought by interrogatory).

### C. The Court Should Compel Further Responses to Interrogatory 2.

Interrogatory 2 asks plaintiffs to "identify every sex party" they allege to have attended since January 1, 2009 (the date they claim the "Venture" started), including the date, time, location, host, attendees, and name of every person who engaged in a sex act at the alleged sex

---

"specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection").

parties. (See Hubbard Rogs. (Nichols Decl., Ex. A) No. 2; Goedinghaus Rogs. (Nichols Decl., Ex. B) No. 2.) They have not done so. Ms. Hubbard's response generally references "20 to 50 sex parties," but fails to provide any detail whatsoever, such as when or where they took place, or who supposedly attended them.[4] (Hubbard Rog. Resp. (Nichols Decl., Ex. C) No. 2.) Similarly, Ms. Goedinghaus states that she attended "approximately 20 sex parties" in 2019, but again omits the requested factual details such as the date, time, location, and attendees of alleged sex party. (Goedinghaus Rog. Resp. (Nichols Decl., Ex. C) No. 2.) Mr. Crow respectfully requests an order requiring plaintiffs to provide detailed responses to interrogatory 2, as written. See Meltzer/Austin Restaurant Corp, 2013 WL 2607589, at *4-6.

### D.     The Court Should Compel Further Responses to Interrogatory 4.

Interrogatory 4 seeks information concerning every gathering that plaintiffs allegedly attended where Mr. Crow was also present, including the date, time, location, host of, attendees at, and purpose of every such gathering. (See Hubbard Rogs. (Nichols Decl., Ex. A) No. 4; Goedinghaus Rogs. (Nichols Decl., Ex. B) No. 4.) Ms. Hubbard's response consists of a generalized description of some unidentified parties, but does not provide any requested details—there are no dates, times, places, or attendees of the alleged gatherings. (Hubbard Rog. Resp. (Nichols Decl., Ex. C) No. 4.) Ms. Goedinghaus only identified one alleged gathering, but failed to state any attendees or purpose of the event. (Goedinghaus Rog. Resp. (Nichols Decl., Ex. C) No. 4.) Mr. Crow respectfully requests an order requiring plaintiffs to provide detailed responses to all parts of interrogatory 4 so that he may prepare a defense and understand the allegations against him. See Meltzer/Austin Restaurant Corp, 2013 WL 2607589, at *4-6.

---

[4] By contrast, on August 28, 2023, Ms. Hubbard testified in a state family court proceeding styled In the Interest of D.B.B., Travis Cnty. Cause No. D-1-FM-20-001948, that she had been raped by her former husband Rick Hubbard *precisely* 758 times. (See Excerpts of Hr'g Tr. (Nichols Decl., Ex. F) at 118-119.) Ms. Hubbard appears to be able to provide details when convenient for her. Ms. Hubbard should provide detail responses to the interrogatories or say that she does not have such details. Generalized statements that do not respond to the entire interrogatory are improper.

### E. The Court Should Compel Further Responses to Interrogatories 8 and 14.

Interrogatories 8 and 14 seek the facts and legal theories that plaintiffs contend support allegations that they were "trafficked to Crow" and that Mr. Crow knew or recklessly disregarded that Mr. Hubbard allegedly forced them into commercial sex. (See SAC ¶¶ 155-79.) Plaintiffs' responses to these interrogatories have even less information than what is alleged in their SAC. (See Hubbard Rogs. (Nichols Decl., Ex. A) Nos. 8, 14; Goedinghaus Rogs. (Nichols Decl., Ex. B) Nos. 8, 14.) Mr. Crow respectfully requests an order requiring plaintiffs to provide detailed responses interrogatories 8 and 14. See Meltzer/Austin Restaurant Corp, 2013 WL 2607589, at *4-6.

### F. Plaintiffs and Their Counsel Should Be Ordered to Pay Expenses.

Where a motion to compel is granted or if the disclosure of the requested information is provided after the motion is filed,

> the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the conduct, . . . or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. Proc. 37(a)(5)(A) (emphasis added). Mr. Crow respectfully request the Court order plaintiffs and their counsel to pay, jointly and severally, Mr. Crow's reasonable expenses incurred in making this motion in the amount of $6,300. (Nichols Decl. ¶ 13.)[5]

### CONCLUSION

For the foregoing reasons, Mr. Crow respectfully requests and order compelling plaintiffs to provide detailed amended responses, without objections, to interrogatories 1, 2, 4, 8, 11 and 14,

---

[5] Sanctions are not mandatory only where the respondent can demonstrate that the movant did not make a good faith effort to resolve the dispute, their non-disclosure was substantially justified, or other circumstances make a monetary award unjust. See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). No exception applies here. Plaintiffs served their responses late; were given an opportunity to correct their responses; admitted the responses were non-compliant; and promised to serve amended response, but reneged on that promise. (Nichols Decl. ¶¶ 5-8.)

withing ten calendar days of such order. Mr. Crow further requests an order pursuant to Rule 37 requiring plaintiffs and their counsel to pay, jointly and severally, Mr. Crow's expenses incurred in bringing this motion, in an amount of $6,300, to also be paid within ten calendar days of such order.

DATED:  March 24, 2024               Respectfully submitted,

                                           */s/ Gerald E. Hawxhurst*
                                          Gerald E. Hawxhurst
                                          Texas Bar No. 24090636
                                          jerry@hawxhurstllp.com
                                          HAWXHURST LLP
                                          1301 S. Capital of Texas Hwy
                                          Building C, Suite 300
                                          Austin, Texas 78746
                                          Tel: (512) 522-4995
                                          Fax: (512) 522-4961

                                            GRAY REED
                                              Kenneth C. Stone
                                              Texas Bar No. 19296300
                                          1601 Elm Street, Suite 4600
                                          Dallas, Texas 75201
                                          Telephone:  (214) 954-4135
                                          Facsimile:  (214) 953-1332
                                          Email: kstone@grayreed.com

                                          *Attorneys for Defendant Trammell S. Crow*

## CERTIFICATE OF CONFERENCE

The parties conducted a conference of counsel on March 20, 2024. Plaintiffs promised to provide amended interrogatory responses by March 22, 2024, but did not.

                                           */s/ Patrick B. Nichols*
                                          Patrick B. Nichols

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via ECF on March 24, 2024.

                                            */s/ Kyle Foltyn-Smith*
                                            Kyle Foltyn-Smith