UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br><br> v. <br><br> TRAMMELL S. CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, DR. JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, TEXAS RANGER CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS, RALPH ROGERS, ROBERT PRUIT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MARC MOLINA, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., INTEGRITY BASED MARKETING, LLC, STORM FITNESS NUTRITION, LLC, ULTRA COMBAT NUTRITION, LLC, ECOLOFT HOMES LLC, ELEVATED WELLNESS PARTNERS LLC, DOE INDIVIDUALS 1–20, and DOE COMPANIES 21–30 <br><br> Defendants. | Case No. 5:23-cv-00580-FB <br><br> Judge: Hon. Fred Biery <br> Date Action Filed: May 8, 2023 (transferred) |

**TRAMMELL S. CROW'S OPPOSED MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

---

**TRAMMELL S. CROW'S MOTION TO COMPEL PRODUCTION**

Defendant Trammell S. Crow, by and through undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv) for an order compelling plaintiffs Julia Hubbard and Kayla Goedinghaus to produce documents in response to requests for production served pursuant to Federal Rule of Civil Procedure 34.  Mr. Crow also requests an order pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) requiring plaintiffs and their counsel to pay, jointly and severally, the reasonable expenses, including attorneys' fees, incurred by Mr. Crow in making this motion.

## SUMMARY OF ARGUMENT

In December 2023 Mr. Crow served requests for production to each plaintiff.  Thirty days later, plaintiffs served responses that were loaded with objections, refusals to produce entire categories of information, and promises to produce at some undisclosed date information responsive to other requests, subject to objections.  A conference of counsel followed, during which plaintiffs promised to withdraw several objections and agreed to produce information responsive to each request.  Plaintiffs also proposed that their production would begin on a "rolling" basis the first week of March.  Counsel for Mr. Crow insisted on a March 14 deadline for plaintiffs to complete their production.  March 14 came and went without a single slip of paper, or one bit of data produced.  Plaintiffs claimed to have misunderstood the March 14 deadline, and promised that their production would be completed by March 22, 2024.  Days later, plaintiffs claimed to be experiencing a "technical" issue, but did not explain why that prevented their production, let alone when their production be completed.

Plaintiffs' failure to produce any information months after being served requests for production is in clear contravention of their discovery obligations.  Mr. Crow respectfully requests an order compelling them to produce responsive information by a date certain and awarding Mr. Crow the expenses incurred in bringing this motion.

## RELEVANT BACKGROUND[1]

On December 22, 2023, Mr. Crow served requests for production to each plaintiff. (See Requests (Hawxhurst Decl., Exs. A, B).) Plaintiffs' responses were due 30 days later, pursuant to Rule 34(b)(2)(A).

On January 22, 2024, plaintiffs served written responses that contained boilerplate objections, but did not offer a time or place for inspection or provide a reasonable time for their production to be completed, as is required by Rule 34(b)(2)(B). (Hawxhurst Decl. ¶ 4.) Following a conference of counsel, plaintiffs agreed to withdraw their objections and produce information responsive to each request (the parties agreed that information would be produced in electronic form). (See Feb. 8-16, 2024 Emails (Hawxhurst Decl., Ex. C) at 1.) Because plaintiffs would not provide a date certain for completing their productions, counsel for Mr. Crow proposed one, explaining that:

> plaintiffs should produce information responsive to Mr. Crow's requests now and not wait…. [P]laintiffs filed the suit well over a year ago, so they should be able to respond to all discovery quickly. After all, they filed the lawsuit. We propose [plaintiffs'] … production be completed by February 29, along with their responses to Mr. Crow's written discovery. [Id.]

Plaintiffs responded that they would confirm an "exact date," but never did. (Id.)

On February 21, 2024, plaintiffs served amended responses. (Amnd. Resp. (Hawxhurst Decl., Exs. D, E.) Plaintiffs withdrew their objections to Request Nos. 1-48 and stated that they would produce documents responsive to each request. (Id. Nos. 1-48.) For Request Nos. 49-51, plaintiffs promised to produce documents subject to a boilerplate "overly broad" objection. (Id. Nos. 49-51.) Once again plaintiffs refused to provide a reasonable time for completing their production, necessitating a second conference of counsel on February 28, 2024.

During the February 28 conference, plaintiffs promised to complete their production by

---

[1] Unless stated otherwise, all emphasis is added, and internal quotations and citations are omitted.

March 14, 2024.  (Hawxhurst Decl. ¶ 8.)  On March 13, 2024, counsel for Mr. Crow inquired about the impending deadline and the lack of any production.  (Mar. 13-18 Emails (Hawxhurst Decl., Ex. F) at 8.)  Plaintiffs responded two days later, claiming they never promised to complete their production by March 14, or any date certain for that matter.  All they offered was their "hope" to make a "substantially complete production by [March 22]."  (Id. at 4.)  The parties continued to discuss plaintiffs' refusal to produce information, let alone produce all information requested by a date certain.  Ultimately, plaintiffs came straight out and argued that they could withhold producing *any* information until just prior to their depositions.  Specifically, counsel for plaintiffs wrote:

> I don't agree that our timing is deficient.  While the practice in Texas may be different than I'm used to—although I did some research last week and did not find anything supporting such a proposition—the practice I've always seen is that document productions simply need to be completed in time for depositions to proceed.  I had a case in New Jersey once with, I recall, millions of documents exchanged where the magistrate simply ordered productions of a witnesses' documents *three days before their deposition*.  [Id. at 2.]

On March 20, 2024, the parties conferred a *third time*, during which counsel for Mr. Crow insisted that plaintiffs complete their production by March 22.[2]  Plaintiffs did not produce any documents on March 22.  (Hawxhurst Decl. ¶ 11.)  Not coincidentally, on March 24, after Mr. Crow filed a motion to compel further responses to interrogatories (Mot. to Compel (Dkt. No. 296)), plaintiffs resurfaced by email, writing that they "had some unexpected technical delays" and were "now on track for an *initial production* tomorrow."

"Tomorrow" is here, yet plaintiffs have not produced anything.  Mr. Crow respectfully asks the Court to issue an order compelling plaintiffs to produce all response information by a

---

[2] After the March 20 conference, counsel for Mr. Crow sent an email memorializing the conversation, including that "Plaintiffs promised that [Mr. Crow] would receive some documents 'by the end of this week' [i.e., March 22].  If the document production is not complete by this week (i.e., Friday March 22), we will move to compel the production and seek sanctions for the attorney's fees incurred as well."  (Mar. 20, 2024 Email (Hawxhurst Decl., Ex. G) at 1.)

---

**TRAMMELL S. CROW'S MOTION TO COMPEL PRODUCTION**                                              **PAGE 3**

date certain and awarding Mr. Crow the expenses he incurred in bringing this motion.

## ARGUMENT

### A.     Despite Months to Do So, Plaintiffs Have Not Produced Anything.

Absent agreement by the parties or court order, a party's "production must be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. Proc. 34(b)(2)(B).  Where "a party fails to produce documents," a motion to compel is proper.  Fed. R. Civ. Proc. 37(a)(2)(iv); see Q2 Software, Inc. v. Radius Bank, 2020 WL 129105, at *2 (W.D. Tex. Jan. 10, 2020) (compelling party to complete its production within seven days where it had failed to abide by agreed-to production date).

Plaintiffs were required to complete their production by January 22, 2024, or provide a reasonable time to do so.  See Fed. R. Civ. Proc. 34(b)(2)(B).  Plaintiffs' amended responses do not specify any alternative time for their production (Amnd. Resp. (Hawxhurst Decl., Exs. D, E), and plaintiffs have refused to honor any of the several production deadlines agreed-to by the parties.  Worse, after agreeing to deadlines, plaintiffs immediately eschew them in favor of flimsy excuses for non-compliance, such as "that's how we do it in Jersey" or we have "technical" issue.  These excuses do not relieve plaintiffs from compliance with Rule 34.  See Q2 Software, Inc., 2020 WL 129105, at *2 (motion to compel granted over purported excuse that party was "endeavoring to review thousands of pages of potentially responsive materials as quickly as possible" where it had failed to produce a single document).[3]  Plaintiffs' productions are long-past due; their history of discovery delay shows why an order from this Court is necessary to ensure they comply with basic rules of discovery.

---

[3] Plaintiffs' latest excuse of undisclosed "technical difficulties" does not explain why they failed to inform Mr. Crow of these supposed issues on March 22, when their productions were due.  Instead, they waited until after Mr. Crow filed his motion to compel their interrogatory responses to say anything about blowing their latest agreed deadline.

B.  **Plaintiffs and Their Counsel Should be Ordered to Pay Expenses.**

Where a motion to compel is granted or if the disclosure of the requested information is provided after the motion is filed,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the conduct, . . . or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. Proc. 37(a)(5)(A).  Mr. Crow respectfully requests the Court order plaintiffs and their counsel to pay, jointly and severally, Mr. Crow's reasonable expenses incurred in making this motion in the amount of $3,450.00.  (Hawxhurst Decl. ¶ 14.)[4]

## CONCLUSION

Mr. Crow respectfully requests an order compelling plaintiffs to produce all information responsive to Mr. Crow's requests for production and do so within ten calendar days of such order.  Mr. Crow further requests an order pursuant to Rule 37 requiring plaintiffs and their counsel to pay, jointly and severally, Mr. Crow's expenses incurred in bringing this motion, in an amount of $3,450.00, to also be paid within ten calendar days of such order.

DATED:  March 25, 2024                               Respectfully submitted,

                                                     */s/ Gerald E. Hawxhurst*
                                                     Gerald E. Hawxhurst
                                                     Texas State Bar No. 24090636
                                                     jerry@hawxhurstllp.com
                                                     HAWXHURST LLP
                                                     1301 S. Capital of Texas Hwy
                                                     Building C, Suite 300
                                                     Austin, Texas 78746
                                                     Tel: (512) 522-4995
                                                     Fax: (512) 522-4961

---

[4] Sanctions are not mandatory only where the respondent can demonstrate that the movant did not make a good faith effort to resolve the dispute, their non-disclosure was substantially justified, or other circumstances make a monetary award unjust.  See Fed. R. Civ. Proc. 37(a)(5)(A)(i)-(iii).  No exception applies here.  Plaintiffs did not make their production according to the time specified in the requests or as they promised to do.  (Hawxhurst Decl. ¶¶ 2-11.)

**TRAMMELL S. CROW'S MOTION TO COMPEL PRODUCTION**                                    **PAGE 5**

GRAY REED  
KENNETH C. STONE  
Texas Bar No. 19296300  
LONDON ENGLAND  
Texas Bar No. 24110313  
1601 Elm Street, Suite 4600  
Dallas, Texas 75201  
Telephone: (214) 954-4135  
Facsimile: (214) 953-1332  
Email: kstone@grayreed.com  
lengland@grayreed.com  

*Attorneys for Defendant*
*Trammell S. Crow*

## CERTIFICATE OF CONFERENCE

Over multiple months, counsel for Mr. Crow conferred with counsel for plaintiffs several times in a good faith attempt to resolve the subject matter of this motion. Plaintiffs promised multiple times to produce responsive documents, but did not. Accordingly, Mr. Crow has sought the Court's intervention to compel plaintiffs to produce responsive documents.

*/s/ Gerald E. Hawxhurst*
Gerald E. Hawxhurst

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via ECF on March 25, 2024.

Kyle Foltyn-Smith