UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § | |
| TRAMMELL S. CROW, JR., et al. | § § | Judge: Hon. Fred Biery Date Action Filed: May 8, 2023 (transferred) |
| Defendants. | § § | |

## DECLARATION OF GERALD E. HAWXHURST IN SUPPORT OF TRAMMELL S. CROW'S OPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS

I, Gerald E. Hawxhurst, declare as follows:

1.     I am the managing partner at the law firm of Hawxhurst LLP, co-counsel of record for defendant Trammell S. Crow.  I make this declaration in support of Mr. Crow's motion to compel production of documents.  I have personal knowledge of the facts stated herein, and if called upon to do so, I could and would testify truthfully and competently with respect thereto.

2.     Attached hereto as Exhibit A is a true and correct copy of Mr. Crow's requests for production to plaintiff Julia Hubbard that were served December 22, 2023.

3.     Attached hereto as Exhibit B is a true and correct copy of Mr. Crow's requests for production to plaintiff Kayla Goedinghaus that were served December 22, 2023.

4.     On January 22, 2024, plaintiffs served their responses to the requests that contained only boilerplate objections and vague promises to produce.  Following a conference of counsel between me, our co-counsel Jill Bindler of Gray Reed, and plaintiffs' counsel Matthew Schmidt, plaintiffs agreed to withdraw their objections and produce documents for each of the

requests.

5.      Attached hereto as Exhibit C is a true and correct copy of email correspondence between me, Ms. Bindler, and Mr. Schmidt from January 29, 2024.

6.      Attached hereto as Exhibit D is a true and correct copy of Ms. Hubbard's amended responses to the requests that were served on February 21, 2024.

7.      Attached hereto as Exhibit E is a true and correct copy of Ms. Goedinghaus's amended responses to the requests that were served on February 21, 2024.

8.      During a conference of counsel on February 28, 2024, plaintiffs promised to complete their production by March 14, 2024.  Attached hereto as Exhibit F is a true and correct copy of email correspondence between me, Ms. Bindler, and plaintiffs' counsel from March 13 to 18, 2024.

9.      On March 20, 2024, the parties conferred, and plaintiffs promised to produce documents by March 22, 2024.  Attached hereto as Exhibit G is a true and correct copy of email correspondence between my law partner Patrick Nichols, Ms. Bindler, and plaintiffs' counsel from March 20, 2024.

10.     Attached hereto as Exhibit H is a true and correct copy of email correspondence that I received from plaintiffs' counsel on March 24, 2024.

11.     As of the filing of this motion, plaintiffs have not produced any information in response to Mr. Crow's requests for production.

**DECLARATION IN SUPPORT OF EXPENSES (ATTORNEYS' FEES)**

12.     I am familiar with Hawxhurst LLP's billing practices, the rates charged Mr. Crow for this matter, and the time spent by me and my colleague Kyle Foltyn-Smith in preparing the motion to compel and related papers.

13.     For this matter, my hourly rate is $850 per hour and Mr. Foltyn-Smith's is $650.

I spent an hour reviewing and editing this motion, the proposed order and preparing my declaration; Mr. Foltyn-Smith spent four hours researching and preparing the motion papers.

14.    In total, Mr. Crow incurred $3,450 in attorney's fees for the preparation and filing of this motion.  These amounts do not include the hours of attorney time spent sending emails and conferring with plaintiffs to obtain their compliance with the discovery rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in Jonestown, County of Travis, on the 25th day of March 2024.

_____
Gerald E. Hawxhurst

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

|  |  |
|---|---|
| | Case No.: 5:23-cv-00580-FB |
| | Judge: Hon. Fred Biery |
| JULIA HUBBARD, at al., | Courtroom: 8509 |
| | Date Action Filed: May 8, 2023 (transferred) |
| Plaintiffs, | |
| v. | |
| TRAMMELL S. CROW, JR., et al. | |
| Defendants. | |

**TRAMMELL S. CROW'S REQUESTS FOR PRODUCTION
TO PLAINTIFF JULIA HUBBARD, SET ONE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Court Rules of the United States District Court for the Western District of Texas, defendant Trammel S. Crow hereby requests that plaintiff Julia Hubbard serve written responses to the below requests for production and produce the documents and items requested, indexed by document control number(s) to correspond to the Request(s) to which they are responsive, to the offices of each counsel listed at the end of these Requests, within 30 days of service hereof.

## DEFINITIONS[1]

1.      "ACTION" means the present action styled <u>Julia Hubbard, et al. v. Trammell S. Crow, et al.</u>, Case No. 5:23-cv-00580-FB.

2.      "COMMUNICATION(S)" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including but not limited to by such means as letters, memoranda, facsimiles, e-mails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, applications (such as, by way of example, WhatsApp), or any other medium.

3.      "COMPLAINT" means YOUR operative pleading on file in Case No. 5:23-cv-00580-FB.

4.      "CROWDFUNDING WEBSITES" means raising capital from marketing directed to the public at large (via the internet) for charitable contributions or business ventures including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, or Kickstarter.

5.      "DEFENDANT(S)" means the named defendants in the COMPLAINT and, with respect to the individuals, each of such DEFENDANT'S present or former agents, representatives, attorneys, investigators, accountants and any and all persons or entities acting or purporting to act on behalf of any of them.  With respect to an entity, each such DEFENDANT'S (i) employees, officers, agents, brokers, representatives, accountants, investigators, consultants,

---

[1] In addition to the terms defined herein, see Western District of Texas Local Rule CV-26.

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET ONE

and attorneys; (ii) any other person or entity acting or purporting to act on its behalf; (iii) any other person or entity that can control it; and (iv) any other person or entity otherwise subject to its control.

      6.    "DOCUMENT(S)" means all writings and records, including but not limited to, originals and all copies unless identical, regardless of origin or location, of written, recorded, or graphic matter, however produced or reproduced, including, without limitation, and whether in electronic or hard copy form, all COMMUNICATIONS, correspondence, contracts, agreements, summaries, memoranda, letters, messages, e-mails, electronically-stored information, invoices, receipts, drafts, reports, records, financial statements, photographs, phonographs, digital pictures, tapes or other recordings, disks, data cells, and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in YOUR possession, custody, or control.

      7.    "PERSON" means a natural person, association, charity, group, corporation, or partnership, whether formal or informal or existing under or authorized by laws of the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country.

      8.    "PLAINTIFFS" means collectively Julia Hubbard and Kayla Goedinghaus.

      9.    "SEX PARTY(IES)" means parties at which YOU claim to have performed sex acts, whether allegedly voluntarily or involuntary, including, but not limited to, swinger parties, alleged parties at Trammell S. Crow's house, attendance at Friends or similar sex clubs, or any other similar party whether or not specifically alleged in the COMPLAINT.

      10.    "SOCIAL MEDIA WEBSITES" means publicly available, third party hosted, interactive web technologies used to produce, post and interact through text, images, video and audio to inform, share, promote, collaborate or network including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, Signal, LinkedIn, Telegram, Reddit, Discord, Adult Friend Finder, or OnlyFans.

11.     "YOU," "YOUR," and "PLAINTIFF," means Julia Hubbard.

## INSTRUCTIONS

1.     The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.     All words whose meanings are not specifically defined shall be interpreted to have the common English meaning of the word.

3.     All words in quotations not otherwise defined shall have the definition contemplated in the COMPLAINT.

4.     The word "or" is used inclusively to mean "and/or."

5.     The DOCUMENTS to which these Requests relate include all responsive DOCUMENTS that are in YOUR possession, custody or control.

6.     In producing DOCUMENTS responsive to these Requests, it is demanded that each plaintiff use a different Bates stamp prefix to indicate whether documents are being produced by Julia Hubbard or Kayla Goedinghaus.

7.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, YOUR responses to these Requests "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event, the reasons for objection shall be stated.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."  Accordingly, to the extent any objection is made to any of these Requests, YOU must set forth with respect to each item or category the grounds for each objection.

8.     If YOU contend that any of the requested information is protected by the attorney-client privilege, work product doctrine, or any other privilege or doctrine on which YOU rely to limit disclosure, please provide a concise statement of the grounds upon which each such claim is asserted.  Specifically, for each DOCUMENT withheld by YOU on a claim of privilege or other doctrine, YOU shall identify all of the following: (a) the date the DOCUMENT

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET ONE

bears or the date it was prepared; (b) the author(s) of the DOCUMENT; (c) the recipient(s) and/or addressee(s) of the DOCUMENT; (d) the general subject matter of the DOCUMENT in a manner sufficient to support YOUR claim of privilege or other bases for non-disclosure; and (e) the factual and legal basis for each of YOUR bases for non-disclosure.

9.      Any DOCUMENT that varies in any way whatsoever from the original or from any other copy of the DOCUMENT, whether by reason of handwritten or other notation or any omission, shall constitute a separate DOCUMENT and must be produced, whether or not the original of such DOCUMENT is within YOUR possession, custody, or control.

10.     Unless stated otherwise in any Request, the time period for which the Requests seek DOCUMENTS is January 1, 2009 to the present.

11.     Produce documents in accordance with the following production protocol:

*Generally Applicable Rules Concerning Production of Hard Copy Documents – Format*

12.     Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain the following fields: "BATES BEG," "BATES END," "PAGES," "VOLUME," "CUSTODIAN," and "OCR."  The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.

13.     If an original document contains color, such as highlighting or text in different shades, so that the receiving party can fully understand the meaning, context, or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image. Multi-page OCR text for each document shall also be provided.  The OCR software shall maximize text quality over process speed and shall not include bates numbers, unless redactions have been applied.

OCR shall be run on redacted documents following redactions being applied so that text is only provided on the non-redacted portions of those documents. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

*Generally Applicable Rules Concerning Production of ESI – Format*

14.     The parties shall produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images; however, spreadsheet type files, presentation-type files (e.g., PowerPoint and Keynote files), audio, and video files, must be produced in native format.  In addition to the foregoing, should any party wish to produce some or all documents in native format, the producing and receiving parties shall meet and confer in good faith to discuss the feasibility and acceptability of such a production considering the requirements contained in this ESI Protocol and the needs of the litigation.  Each production will include multi-page text files corresponding to the TIFF produced, and dat and Opticon image load files that indicate the beginning and ending production numbers of each document, the numerical range of any attached or embedded documents, the metadata identified in Table I, the confidentiality designation, if any, and the corresponding text file. TIFFs will show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs of e-mail messages should include the BCC line.  PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image.

15.     Apart from documents produced in native format in accordance with the preceding two paragraphs, the parties shall not be required to produce documents in color. However, the parties will accommodate reasonable requests for production of specific images in color.  Parties are under no obligation to enhance an image beyond how it was kept in the usual

course of business.

16.     If a document is produced in native, a single-page Bates stamped image slip sheet stating the document has been produced in native format and providing any Confidentiality Designation will also be provided. Each native file should be named according to the Bates number and any Confidentiality Designation it has been assigned, which should be linked directly to its corresponding record, along with subsequent page data, in the load file using the NATIVE LINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties agree to meet and confer in good faith.

*Generally Applicable Rules Concerning De-Duplication*

17.     Each party shall endeavor to remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  Removal of near-duplicate documents and email thread suppression is not acceptable.  De-duplication should be done across the entire collection (global de-duplication) and the ALL CUSTODIANS field will list each custodian, separated by a semi-colon, who was a source of that document.  Should the ALL CUSTODIANS metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents will be produced prior to substantial completion of the document production or at the parties' earliest convenience.

*Generally Applicable Rules Concerning Metadata*

18.      All ESI, with the exception of documents produced with redactions, as outlined below, will be produced with a delimited, database load file that contains the metadata fields listed in Table I, attached hereto.  However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original or if it is not possible to automate the creation of metadata when the document is collected.  A party shall not be required to re-process materials previously processed in other litigation in order to generate metadata fields not previously created. Instead, a party may elect to provide an overlay of original metadata in lieu of metadata reflecting the prior production.  The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

*Generally Applicable Rules Concerning Embedded Objects & Compressed Files*

19.      Embedded documents in a format that can normally be extracted as standalone documents should be treated as part of a document family and produced in the same manner as other files in the family.  To the extent that an embedded document cannot be extracted as a separate document, the producing party may at its option either produce the parent in native format or produce a TIFF slipsheet for the embedded document indicating it could not be processed.  To the extent that the parent is not produced, the requesting party may request the parent be produced in native, and the parties agree to meet and confer in good faith on such requests.

20.      Compressed file types *(i.e.* .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

21.     To the extent a response to discovery requires production of electronic information stored in a dynamic database, the parties will meet and confer regarding methods of production. Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file. For such production, the producing party must identify the specific databases, by name as the source of such static reports or information.

*Generally Applicable Rules Concerning Production Format*

22.     When productions are made by SFTP, the production cover letter shall include the production volume (e.g., "VOL001").  The production cover communication shall also include the production date, Bates Number range of materials contained in the production, and whether the production contains Confidential or Highly Confidential materials under the Protective Order in this case.  All productions should be delivered to:

> Jill Bindler, London England, and Laura DeBerg
> **GRAY REED**
> 1601 Elm Street, Ste. 4600,
> Dallas, Texas 75201
> jbindler@grayreed.com
> lengland@grayreed.com
> ldeberg@grayreed.com
>
> Patrick Nichols and Kyle Foltyn-Smith
> **Hawxhurst LLP**
> 11111 Santa Monica Blvd., Ste. 620
> Los Angeles, California 90025
> pat@hawxhurstllp.com
> kyle@hawxhurstllp.com

23.     YOU shall provide all document productions containing Confidential or Highly Confidential documents in a secure format.  YOU shall provide such production data either on encrypted drives or on SFTP, as appropriate.  In such cases, YOU shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending

the encrypted media.  Productions not produced on physical media shall be transmitted via secure FTP or another file transfer protocol that encrypts documents while in motion and at rest.

*Generally Applicable Rules Concerning Native Files*

24.     Spreadsheet type files, and presentation-type files (e.g., PowerPoint and Keynote files), audio, and video files shall be produced in native format.  Moreover, the requesting or producing party shall confer regarding any additional file types to be produced in native format. In addition to the types of files a produces in native format, any individual responsive document that is unable to be imaged shall be produced with a placeholder image referencing the native file's bates number, that will correspond with the native file's file name.  The load file will link the native file with the Bates stamped placeholder and all relevant metadata as listed in Table I. To the extent YOU object to the production of documents in native format, YOU must produce a placeholder for any such documents and identify in its production notice that the specific documents withheld cannot be imaged and must provide the basis for the objection to the native production.  To the extent YOU become aware of additional types or categories of responsive documents which may be problematic or objectionable for YOU to produce in native format, YOU shall notify the requesting party of such issues upon their discovery.

TABLE 1-ESI Metadata and Coded Fields

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| ParentID | Unique ID (Bates number) | | Starting bates number of the Parent Document | |
| BegDoc (aka BegBates) | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc (aka EndBates) | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Group Identifier | | | Group the file belongs to (used to identify the group if attachment fields are not used) | Group the file belongs to (used to identify the group if attachment fields are not used) |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| DateSent | | Date/Time (MM/DD/YYYY format) (hh:mm:ss) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| DateReceived | | Date/Time (MM/DD/YYYY format) (hh:mm:ss) | The date the email was received. | For email attachments, the date the parent email was received. |
| From/Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| EmailSubject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| Original FilePath/Folder | | Paragraph | Original file path/folder where email was stored | Original file path/folder where document was stored |
| Original Filename | | Paragraph | Original file name of email | Original file name of document |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| MasterDate (for email attachments only) | | | Date and time of the parent email (according to original time zones) | |
| Date Created | | Date (MM/DD/YYYY format) | Date email was created | Date document was created |
| Date Last Modified | | Date (MM/DD/YYYY format) | Date email was last modified | Date document was last modified |
| MD5 Hash | | MD5 Hash | Unique MD5 hash for email | Unique MD5 hash for document |
| File Size | | Number (kb) | Email file size in kilobytes | Document file size in kilobytes |
| File Extension | | Paragraph | Email file extension (e.g., .msg) | Document file extension (e.g., .xlsx, .docx) |
| Confidentiality | | Paragraph | Confidentiality level assigned to document under the Protective Order | |
| Title | | Paragraph | Title from properties of document | |
| Native link | | Paragraph | Native file link (native files only) | |
| Redacted | | Y/N | Whether the file was redacted for production | |
| Text | | | Extracted/OCR text or a link to a file with the text | |
| Volume | | | The production volume to which the document belongs | |
| All Custodian | | | This field to be produced on the last production. This will contain all custodian information identifying the custodians for the document even though the exact copy may have been de-duped. | |

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

     All DOCUMENTS that refer or relate to each of YOUR alleged "commercial sex acts."

**REQUEST FOR PRODUCTION NO. 2:**

     All DOCUMENTS that refer or relate to each SEX PARTY, including but not limited to the SEX PARTIES alleged at paragraphs 26, 33, 165, 177, 197, 202 and 296 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

     DOCUMENTS sufficient to show the date, location, and attendees for each SEX PARTY.

**REQUEST FOR PRODUCTION NO. 4:**

     All DOCUMENTS that support YOUR contention that each DEFENDANT "benefited from the Venture," as alleged at paragraphs 4 and 414 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 5:**

     All DOCUMENTS that support YOUR contention that each DEFENDANT "received benefits from the Venture," including but not limited to "receiving sex and media of naked women or individuals engaged in sex acts," "social benefits or "financial benefits," as alleged at paragraphs 4, 38, 141, 330 and 414 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

     All DOCUMENTS that support YOUR contention that each DEFENDANT "knew or recklessly disregarded that Rick [Hubbard] used force, threats of force, fraud, or coercion to compel [YOU] to engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

     All DOCUMENTS that support YOUR contention that each DEFENDANT "knowingly supported the Venture in its activities," including, but not limited to "by providing funding to the

Venture" or recommending or prescribing medications, as alleged at paragraphs 14, 38, 144 and 189 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support YOUR contention that each DEFENDANT participated in the "Venture," as alleged at paragraph 414 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR contention that the "Enterprise relied on and profited from the unlawful dealing, use, and distribution of numerous controlled substances," as alleged at paragraph 414 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support YOUR contention that each DEFENDANT recruited, enticed, harbored, transported, obtained, maintained, patronized, or solicited YOU in connection with the "Venture," as alleged at paragraph 424 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that refer or relate to the injuries YOU claim to have sustained due to each DEFENDANT'S alleged conduct.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support YOUR contention that the alleged "Venture" caused YOU to "suffer financial harm, including the loss of earnings," as alleged in paragraphs 415 and 416 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that refer or relate to each of the medical services YOU received, including, but not limited to, reports from healthcare providers, prescriptions, treatment plans, doctor notes, and medical files and records.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that refer or relate to each of the prescription medications that YOU have taken.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that refer or relate to each instance in which YOU experienced physical trauma (e.g., falls, physical assaults, car accidents).

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer or relate to each illegal drug that YOU have taken.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that refer or relate to each instance of "force, threats of force, fraud, threat, or coercion" that Rick Hubbard allegedly used to "compel" YOU to "engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that refer or relate to each instance of YOUR alleged forced drugging.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human sex trafficking laws under 18 U.S.C. § 1591.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human trafficking laws under 18 U.S.C. § 1589.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that YOU contend support YOUR purported causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962.

**REQUEST FOR PRODUCTION NO. 22:**

All witness statements, memorialized in any form, referring, or relating to each allegation in YOUR COMPLAINT, including but not limited to statements by YOU.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and each PERSON, other than YOUR

attorneys, regarding each allegation in the COMPLAINT or this ACTION, including, but not limited to, COMMUNICATIONS with the media, bloggers, podcasters, current and/or former co-workers and colleagues, doctors and/or other health professionals, and friends or family members, and COMMUNICATIONS between Julia Hubbard and Kayla Goedinghaus.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU are or have been a party.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that refer or relate to each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU and at least one DEFENDANT are or have been a party, including but not limited to divorce proceedings, child custody proceedings and proceedings to obtain a restraining order.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to identify each address where YOU resided.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to identify each employer that YOU have had since January 1, 2009.  For the avoidance of doubt, "employer" includes each entity that provided you with a W2 or 1099 form, and places of business where you otherwise received or were promised payment in exchange for services rendered by YOU.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to show each professional certification sought by YOU or on YOUR behalf, including but not limited to certifications by the McAfee Institute.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that refer or relate to each documentary to which YOU are or were affiliated in some way, including but not limited to writing, proposals, interviews, production, directing, or consulting.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with law enforcement concerning the subject matter of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 31:**

All "evidence" referred to in YOUR September 21, 2022, letter to defendant Trammel S. Crow's counsel, including but not limited to "numerous text messages," "numerous emails," "video recordings," "Cash APP receipts" and "numerous photographs."

**REQUEST FOR PRODUCTION NO. 32:**

Complete versions of all DOCUMENTS referenced by or incorporated into YOUR COMPLAINT, including but not limited to the DOCUMENTS referenced and incorporated in paragraphs 125 (Cash App), 131 (note), 132 (transcript), 150 (letter), 151-152 (complete prescription records), 151 (calendar), 165 (calendar), 174 (calendar), 186 (text messages), 187 (letter), 200 (emails), 220 (Form 1099), 224 (text messages) and 252 (diagnosis of rib fractures and contusions).

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that refer or relate to each of the "other women" who Rick Hubbard met through "the website Adult Friend Finder and other similar adult websites," as alleged in paragraph 13 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer or relate to each thing of value exchanged for any sex act with or involving any DEFENDANT.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and each DEFENDANT.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that refer or relate to YOUR COMMUNICATIONS with Dr. Benjamin Eller, including, but not limited to any notes, receipts, recommendations payment notifications, and/or diary entries.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that refer or relate to investments by each DEFENDANT in the "Venture," as alleged at paragraphs 38, 39, 189 and 190 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that refer or relate to each payment between the "Venture" and each DEFENDANT.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to show all checking, savings, crypto, certificate of deposit, money market, brokerage, or other financial accounts or instruments in YOUR name or under YOUR control since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 40:**

YOUR diaries that refer or relate to each DEFENDANT or the subject matter of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 41:**

YOUR calendars that refer or relate to each DEFENDANT or each event that is referred to in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 42:**

YOUR medical records since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that refer or relate to YOUR "sterilization," as alleged in paragraph 244 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that refer or relate to each alleged threat to YOUR children.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that refer or relate to the repossession of YOUR house, as alleged in paragraph 266 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that support calculation of YOUR alleged damages in this case.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that YOU used to determine that PLAINTIFFS were subjected to 758 "discrete forced sex encounters" that took place between August 2012 and September 2019, as stated in YOUR August 19, 2022, letter to Trammel S. Crow's counsel.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS support YOUR claim for punitive damages.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to show your logins and passwords for SOCIAL MEDIA WEBSITES (including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, LinkedIn, Signal, Telegram, Reddit, Discord, Adult Friend Finder, OnlyFans, etc.) since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show your logins and passwords for CROWDFUNDING WEBSITES (including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, Kickstarter etc.) since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 51:**

COMMUNICATIONS with each DEFENDANT regarding the ACTION, including but not limited to, any agreements for dismissal or cooperation with each such DEFENDANT regardless whether they were served in or dismissed from the ACTION.

DATED:  December 22, 2023           GRAY REED
HAWXHURST LLP


By  _/s/ Kenneth Stone_____
Kenneth Stone
Gerald Hawxhurst

*Attorneys for Defendant*
*Trammell S. Crow*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the parties in this action via email on December 22, 2023.

Kyle Foltyn-Smith

Service List:

| | |
|---|---|
| John G. Balestriere<br>Matthew W. Schmidt<br>Balestriere Fariello<br>225 Broadway 29th Floor<br>New York, NY 10007<br>john.balestriere@balestrierefariello.com<br>matthew.schmidt@balestrierefariello.com<br><br>Anastasia Kinney Mazzella<br>Kabateck LLP<br>633 West 5th Street Suite 3200<br>Los Angeles, CA 90071<br>am@kbklawyers.com<br><br>*Attorneys for Plaintiffs Julia Hubbard and Kayla Goedinghaus* | Alec Raymond Simpson<br>Office of the Attorney General<br>Law Enforcement Defense Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>alec.simpson@oag.texas.gov<br><br>*Attorneys for Defendant Cody Mitchell* |
| Steven Berry<br>Berry Odom LLP<br>611 9th Ave.<br>Fort Worth, Texas 76104<br>sberry@berryodom.com<br><br>James M. Parker, Jr.<br>Naman Howell Smith & Lee PLLC<br>10001 Reunion Place, Suite 600<br>San Antonio, Texas 78216<br>jparker@namanhowell.com<br><br>*Attorneys for Defendant Robert Pruitt* | Brian Rawson<br>Stephanie Roark<br>Tyler Stuart<br>Hartline Barger LLP<br>8750 N. Central Expressway, Suite 1600<br>Dallas, Texas 75231<br>brawson@hartlinebarger.com<br>sroark@hartlinebarger.com<br>tstuart@hartlinebarger.com<br><br>*Attorneys for Defendant Case Grover and RCI Hospitality Holdings, Inc* |

| | |
|---|---|
| Terrence Matthew Jones<br>Indira J Cameron-Banks<br>Cameron Jones LLP<br>8383 Wilshire Blvd., Suite 800<br>Beverly Hills, CA 90211<br>terrence@cameronjones.law<br>indira@cameronjones.law<br><br>*Attorneys for Defendant Dr. Benjamin Todd Eller* | Stephen Dillawn<br>Chad Geisler<br>Sydney Jarvis<br>Germer Beaman & Brown PLLC<br>301 Congress Ave., Suite 1700<br>Sutin, Texas 78701<br>sdillawn@germer-austin.com<br>cgeisler@germer-austin.com<br>sjarvis@germer-austin.com<br><br>*Attorneys for Defendant Dr. Melissa Miller* |
| Daniel Paret<br>David Jonathan Rubaum<br>Christopher T. Freyder<br>Wood Smith Henning Berman LLP<br>14860 Landmark Blvd.<br>Suite 120<br>Dallas, Texas 75254<br>dparet@wshblaw.com<br>DRubaum@wshblaw.com<br>CFreyder@wshblaw.com<br><br>*Attorneys for Defendant Dr. Scott Woods* | Diane Doolittle<br>Alex Bergjans<br>Evan Pearson<br>Quinn Emanuel, Urquhart & Sullivan LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065<br>alexbergans@quinnemanuel.com<br>evanpearson@quinnemanuel.com<br><br>*Attorneys for Defendant Coe Juracek* |

# **<u>EXHIBIT B</u>**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

Case No.: 5:23-cv-00580-FB

Judge: Hon. Fred Biery
Courtroom: 8509
Date Action Filed: May 8, 2023 (transferred)

JULIA HUBBARD, at al.,

       Plaintiffs,

v.

TRAMMELL S. CROW, JR., et al.

       Defendants.

**TRAMMELL S. CROW'S REQUESTS FOR PRODUCTION
TO PLAINTIFF KAYLA GOEDINGHAUS, SET ONE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Court Rules of the United States District Court for the Western District of Texas, defendant Trammel S. Crow hereby requests that plaintiff Kayla Goedinghaus serve written responses to the below requests for production and produce the documents and items requested, indexed by document control number(s) to correspond to the Request(s) to which they are responsive, to the offices of each counsel listed at the end of these Requests, within 30 days of service hereof.

## DEFINITIONS[1]

1.     "ACTION" means the present action styled <u>Julia Hubbard, et al. v. Trammell S. Crow, et al.</u>, Case No. 5:23-cv-00580-FB.

2.     "COMMUNICATION(S)" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including but not limited to by such means as letters, memoranda, facsimiles, e-mails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, applications (such as, by way of example, WhatsApp), or any other medium.

3.     "COMPLAINT" means YOUR operative pleading on file in Case No. 5:23-cv-00580-FB.

4.     "CROWDFUNDING WEBSITES" means raising capital from marketing directed to the public at large (via the internet) for charitable contributions or business ventures including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, or Kickstarter.

5.     "DEFENDANT(S)" means the named defendants in the COMPLAINT and, with respect to the individuals, each of such DEFENDANT'S present or former agents, representatives, attorneys, investigators, accountants and any and all persons or entities acting or purporting to act on behalf of any of them.  With respect to an entity, each such DEFENDANT'S (i) employees, officers, agents, brokers, representatives, accountants, investigators, consultants,

---

[1] In addition to the terms defined herein, see Western District of Texas Local Rule CV-26.

and attorneys; (ii) any other person or entity acting or purporting to act on its behalf; (iii) any other person or entity that can control it; and (iv) any other person or entity otherwise subject to its control.

6.      "DOCUMENT(S)" means all writings and records, including but not limited to, originals and all copies unless identical, regardless of origin or location, of written, recorded, or graphic matter, however produced or reproduced, including, without limitation, and whether in electronic or hard copy form, all COMMUNICATIONS, correspondence, contracts, agreements, summaries, memoranda, letters, messages, e-mails, electronically-stored information, invoices, receipts, drafts, reports, records, financial statements, photographs, phonographs, digital pictures, tapes or other recordings, disks, data cells, and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in YOUR possession, custody, or control.

7.      "PERSON" means a natural person, association, charity, group, corporation, or partnership, whether formal or informal or existing under or authorized by laws of the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country.

8.      "PLAINTIFFS" means collectively Julia Hubbard and Kayla Goedinghaus.

9.      "SEX PARTY(IES)" means parties at which YOU claim to have performed sex acts, whether allegedly voluntarily or involuntary, including, but not limited to, swinger parties, alleged parties at Trammell S. Crow's house, attendance at Friends or similar sex clubs, or any other similar party whether or not specifically alleged in the COMPLAINT.

10.      "SOCIAL MEDIA WEBSITES" means publicly available, third party hosted, interactive web technologies used to produce, post and interact through text, images, video and audio to inform, share, promote, collaborate or network including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, Signal, LinkedIn, Telegram, Reddit, Discord, Adult Friend Finder, or OnlyFans.

11.     "YOU," "YOUR," and "PLAINTIFF," means Kayla Goedinghaus.

## INSTRUCTIONS

1.     The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.     All words whose meanings are not specifically defined shall be interpreted to have the common English meaning of the word.

3.     All words in quotations not otherwise defined shall have the definition contemplated in the COMPLAINT.

4.     The word "or" is used inclusively to mean "and/or."

5.     The DOCUMENTS to which these Requests relate include all responsive DOCUMENTS that are in YOUR possession, custody or control.

6.     In producing DOCUMENTS responsive to these Requests, it is demanded that each plaintiff use a different Bates stamp prefix to indicate whether documents are being produced by Julia Hubbard or Kayla Goedinghaus.

7.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, YOUR responses to these Requests "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event, the reasons for objection shall be stated.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."  Accordingly, to the extent any objection is made to any of these Requests, YOU must set forth with respect to each item or category the grounds for each objection.

8.     If YOU contend that any of the requested information is protected by the attorney-client privilege, work product doctrine, or any other privilege or doctrine on which YOU rely to limit disclosure, please provide a concise statement of the grounds upon which each such claim is asserted.  Specifically, for each DOCUMENT withheld by YOU on a claim of privilege or other doctrine, YOU shall identify all of the following: (a) the date the DOCUMENT

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

bears or the date it was prepared; (b) the author(s) of the DOCUMENT; (c) the recipient(s) and/or addressee(s) of the DOCUMENT; (d) the general subject matter of the DOCUMENT in a manner sufficient to support YOUR claim of privilege or other bases for non-disclosure; and (e) the factual and legal basis for each of YOUR bases for non-disclosure.

9.      Any DOCUMENT that varies in any way whatsoever from the original or from any other copy of the DOCUMENT, whether by reason of handwritten or other notation or any omission, shall constitute a separate DOCUMENT and must be produced, whether or not the original of such DOCUMENT is within YOUR possession, custody, or control.

10.     Unless stated otherwise in any Request, the time period for which the Requests seek DOCUMENTS is January 1, 2009 to the present.

11.     Produce documents in accordance with the following production protocol:

*Generally Applicable Rules Concerning Production of Hard Copy Documents – Format*

12.     Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain the following fields: "BATES BEG," "BATES END," "PAGES," "VOLUME," "CUSTODIAN," and "OCR."  The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.

13.     If an original document contains color, such as highlighting or text in different shades, so that the receiving party can fully understand the meaning, context, or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image. Multi-page OCR text for each document shall also be provided.  The OCR software shall maximize text quality over process speed and shall not include bates numbers, unless redactions have been applied.

OCR shall be run on redacted documents following redactions being applied so that text is only provided on the non-redacted portions of those documents. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

*Generally Applicable Rules Concerning Production of ESI – Format*

14.     The parties shall produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images; however, spreadsheet type files, presentation-type files (e.g., PowerPoint and Keynote files), audio, and video files, must be produced in native format.  In addition to the foregoing, should any party wish to produce some or all documents in native format, the producing and receiving parties shall meet and confer in good faith to discuss the feasibility and acceptability of such a production considering the requirements contained in this ESI Protocol and the needs of the litigation.  Each production will include multi-page text files corresponding to the TIFF produced, and dat and Opticon image load files that indicate the beginning and ending production numbers of each document, the numerical range of any attached or embedded documents, the metadata identified in Table I, the confidentiality designation, if any, and the corresponding text file. TIFFs will show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs of e-mail messages should include the BCC line.  PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image.

15.     Apart from documents produced in native format in accordance with the preceding two paragraphs, the parties shall not be required to produce documents in color. However, the parties will accommodate reasonable requests for production of specific images in color.  Parties are under no obligation to enhance an image beyond how it was kept in the usual

course of business.

16.     If a document is produced in native, a single-page Bates stamped image slip sheet stating the document has been produced in native format and providing any Confidentiality Designation will also be provided. Each native file should be named according to the Bates number and any Confidentiality Designation it has been assigned, which should be linked directly to its corresponding record, along with subsequent page data, in the load file using the NATIVE LINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties agree to meet and confer in good faith.

*Generally Applicable Rules Concerning De-Duplication*

17.     Each party shall endeavor to remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  Removal of near-duplicate documents and email thread suppression is not acceptable.  De-duplication should be done across the entire collection (global de-duplication) and the ALL CUSTODIANS field will list each custodian, separated by a semi-colon, who was a source of that document.  Should the ALL CUSTODIANS metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents will be produced prior to substantial completion of the document production or at the parties' earliest convenience.

*Generally Applicable Rules Concerning Metadata*

18.      All ESI, with the exception of documents produced with redactions, as outlined below, will be produced with a delimited, database load file that contains the metadata fields listed in Table I, attached hereto.  However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original or if it is not possible to automate the creation of metadata when the document is collected.  A party shall not be required to re-process materials previously processed in other litigation in order to generate metadata fields not previously created. Instead, a party may elect to provide an overlay of original metadata in lieu of metadata reflecting the prior production.  The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

*Generally Applicable Rules Concerning Embedded Objects & Compressed Files*

19.      Embedded documents in a format that can normally be extracted as standalone documents should be treated as part of a document family and produced in the same manner as other files in the family.  To the extent that an embedded document cannot be extracted as a separate document, the producing party may at its option either produce the parent in native format or produce a TIFF slipsheet for the embedded document indicating it could not be processed.  To the extent that the parent is not produced, the requesting party may request the parent be produced in native, and the parties agree to meet and confer in good faith on such requests.

20.      Compressed file types *(i.e.* .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

21.     To the extent a response to discovery requires production of electronic information stored in a dynamic database, the parties will meet and confer regarding methods of production. Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file. For such production, the producing party must identify the specific databases, by name as the source of such static reports or information.

*Generally Applicable Rules Concerning Production Format*

22.     When productions are made by SFTP, the production cover letter shall include the production volume (e.g., "VOL001").  The production cover communication shall also include the production date, Bates Number range of materials contained in the production, and whether the production contains Confidential or Highly Confidential materials under the Protective Order in this case.  All productions should be delivered to:

> Jill Bindler, London England, and Laura DeBerg
> **GRAY REED**
> 1601 Elm Street, Ste. 4600,
> Dallas, Texas 75201
> jbindler@grayreed.com
> lengland@grayreed.com
> ldeberg@grayreed.com
>
> Patrick Nichols and Kyle Foltyn-Smith
> **Hawxhurst LLP**
> 11111 Santa Monica Blvd., Ste. 620
> Los Angeles, California 90025
> pat@hawxhurstllp.com
> kyle@hawxhurstllp.com

23.     YOU shall provide all document productions containing Confidential or Highly Confidential documents in a secure format.  YOU shall provide such production data either on encrypted drives or on SFTP, as appropriate.  In such cases, YOU shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending

the encrypted media.  Productions not produced on physical media shall be transmitted via secure FTP or another file transfer protocol that encrypts documents while in motion and at rest.

*Generally Applicable Rules Concerning Native Files*

24.     Spreadsheet type files, and presentation-type files (e.g., PowerPoint and Keynote files), audio, and video files shall be produced in native format.  Moreover, the requesting or producing party shall confer regarding any additional file types to be produced in native format.  In addition to the types of files a produces in native format, any individual responsive document that is unable to be imaged shall be produced with a placeholder image referencing the native file's bates number, that will correspond with the native file's file name.  The load file will link the native file with the Bates stamped placeholder and all relevant metadata as listed in Table I. To the extent YOU object to the production of documents in native format, YOU must produce a placeholder for any such documents and identify in its production notice that the specific documents withheld cannot be imaged and must provide the basis for the objection to the native production.  To the extent YOU become aware of additional types or categories of responsive documents which may be problematic or objectionable for YOU to produce in native format, YOU shall notify the requesting party of such issues upon their discovery.

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

TABLE 1-ESI Metadata and Coded Fields

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| ParentID | Unique ID (Bates number) | | Starting bates number of the Parent Document | |
| BegDoc (aka BegBates) | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc (aka EndBates) | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Group Identifier | | | Group the file belongs to (used to identify the group if attachment fields are not used) | Group the file belongs to (used to identify the group if attachment fields are not used) |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| DateSent | | Date/Time (MM/DD/YYYY format) (hh:mm:ss) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| DateReceived | | Date/Time (MM/DD/YYYY format) (hh:mm:ss) | The date the email was received. | For email attachments, the date the parent email was received. |
| From/Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| EmailSubject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| Original FilePath/Folder | | Paragraph | Original file path/folder where email was stored | Original file path/folder where document was stored |
| Original Filename | | Paragraph | Original file name of email | Original file name of document |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| MasterDate (for email attachments only) | | | Date and time of the parent email (according to original time zones) | |
| Date Created | | Date (MM/DD/YYYY format) | Date email was created | Date document was created |
| Date Last Modified | | Date (MM/DD/YYYY format) | Date email was last modified | Date document was last modified |
| MD5 Hash | | MD5 Hash | Unique MD5 hash for email | Unique MD5 hash for document |
| File Size | | Number (kb) | Email file size in kilobytes | Document file size in kilobytes |
| File Extension | | Paragraph | Email file extension (e.g., .msg) | Document file extension (e.g., .xlsx, .docx) |
| Confidentiality | | Paragraph | Confidentiality level assigned to document under the Protective Order | |
| Title | | Paragraph | Title from properties of document | |
| Native link | | Paragraph | Native file link (native files only) | |
| Redacted | | Y/N | Whether the file was redacted for production | |
| Text | | | Extracted/OCR text or a link to a file with the text | |
| Volume | | | The production volume to which the document belongs | |
| All Custodian | | | This field to be produced on the last production. This will contain all custodian information identifying the custodians for the document even though the exact copy may have been de-duped. | |

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that refer or relate to each of YOUR alleged "commercial sex acts."

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that refer or relate to each SEX PARTY, including but not limited to the SEX PARTIES alleged at paragraphs 26, 33, 165, 177, 197, 202 and 296 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show the date, location, and attendees for each SEX PARTY.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "benefited from the Venture," as alleged at paragraphs 4 and 414 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "received benefits from the Venture," including but not limited to "receiving sex and media of naked women or individuals engaged in sex acts," "social benefits or "financial benefits," as alleged at paragraphs 4, 38, 141, 330 and 414 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knew or recklessly disregarded that Rick [Hubbard] used force, threats of force, fraud, or coercion to compel [YOU] to engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knowingly supported the Venture in its activities," including, but not limited to "by providing funding to the

- 13 -

Venture" or recommending or prescribing medications, as alleged at paragraphs 14, 38, 144 and 189 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support YOUR contention that each DEFENDANT participated in the "Venture," as alleged at paragraph 414 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR contention that the "Enterprise relied on and profited from the unlawful dealing, use, and distribution of numerous controlled substances," as alleged at paragraph 414 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support YOUR contention that each DEFENDANT recruited, enticed, harbored, transported, obtained, maintained, patronized, or solicited YOU in connection with the "Venture," as alleged at paragraph 424 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that refer or relate to the injuries YOU claim to have sustained due to each DEFENDANT'S alleged conduct.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support YOUR contention that the alleged "Venture" caused YOU to "suffer financial harm, including the loss of earnings," as alleged in paragraphs 415 and 416 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that refer or relate to each of the medical services YOU received, including, but not limited to, reports from healthcare providers, prescriptions, treatment plans, doctor notes, and medical files and records.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that refer or relate to each of the prescription medications that YOU have taken.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that refer or relate to each instance in which YOU experienced physical trauma (e.g., falls, physical assaults, car accidents).

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer or relate to each illegal drug that YOU have taken.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that refer or relate to each instance of "force, threats of force, fraud, threat, or coercion" that Rick Hubbard allegedly used to "compel" YOU to "engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that refer or relate to each instance of YOUR alleged forced drugging.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human sex trafficking laws under 18 U.S.C. § 1591.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human trafficking laws under 18 U.S.C. § 1589.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that YOU contend support YOUR purported causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962.

**REQUEST FOR PRODUCTION NO. 22:**

All witness statements, memorialized in any form, referring, or relating to each allegation in YOUR COMPLAINT, including but not limited to statements by YOU.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and each PERSON, other than YOUR

attorneys, regarding each allegation in the COMPLAINT or this ACTION, including, but not limited to, COMMUNICATIONS with the media, bloggers, podcasters, current and/or former co-workers and colleagues, doctors and/or other health professionals, and friends or family members, and COMMUNICATIONS between Julia Hubbard and Kayla Goedinghaus.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU are or have been a party.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that refer or relate to each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU and at least one DEFENDANT are or have been a party, including but not limited to divorce proceedings, child custody proceedings and proceedings to obtain a restraining order.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to identify each address where YOU resided.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to identify each employer that YOU have had since January 1, 2009.  For the avoidance of doubt, "employer" includes each entity that provided you with a W2 or 1099 form, and places of business where you otherwise received or were promised payment in exchange for services rendered by YOU.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to show each professional certification sought by YOU or on YOUR behalf, including but not limited to certifications by the McAfee Institute.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that refer or relate to each documentary to which YOU are or were affiliated in some way, including but not limited to writing, proposals, interviews, production, directing, or consulting.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with law enforcement concerning the subject matter of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 31:**

All "evidence" referred to in YOUR September 21, 2022, letter to defendant Trammel S. Crow's counsel, including but not limited to "numerous text messages," "numerous emails," "video recordings," "Cash APP receipts" and "numerous photographs."

**REQUEST FOR PRODUCTION NO. 32:**

Complete versions of all DOCUMENTS referenced by or incorporated into YOUR COMPLAINT, including but not limited to the DOCUMENTS referenced and incorporated in paragraphs 125 (Cash App), 131 (note), 132 (transcript), 150 (letter), 151-152 (complete prescription records), 151 (calendar), 165 (calendar), 174 (calendar), 186 (text messages), 187 (letter), 200 (emails), 220 (Form 1099), 224 (text messages) and 252 (diagnosis of rib fractures and contusions).

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that refer or relate to each of the "other women" who Rick Hubbard met through "the website Adult Friend Finder and other similar adult websites," as alleged in paragraph 13 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer or relate to each thing of value exchanged for any sex act with or involving any DEFENDANT.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and each DEFENDANT.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that refer or relate to YOUR COMMUNICATIONS with Dr. Benjamin Eller, including, but not limited to any notes, receipts, recommendations payment notifications, and/or diary entries.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that refer or relate to investments by each DEFENDANT in the "Venture," as alleged at paragraphs 38, 39, 189 and 190 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that refer or relate to each payment between the "Venture" and each DEFENDANT.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to show all checking, savings, crypto, certificate of deposit, money market, brokerage, or other financial accounts or instruments in YOUR name or under YOUR control since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 40:**

YOUR diaries that refer or relate to each DEFENDANT or the subject matter of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 41:**

YOUR calendars that refer or relate to each DEFENDANT or each event that is referred to in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 42:**

YOUR medical records since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that refer or relate to Julia Hubbard's "sterilization," as alleged in paragraph 244 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that refer or relate to each alleged threat to YOUR children.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that refer or relate to the repossession of Julia Hubbard's house, as alleged in paragraph 266 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that support calculation of YOUR alleged damages in this case.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that YOU used to determine that PLAINTIFFS were subjected to 758 "discrete forced sex encounters" that took place between August 2012 and September 2019, as stated in YOUR August 19, 2022, letter to Trammel S. Crow's counsel.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS support YOUR claim for punitive damages.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to show your logins and passwords for SOCIAL MEDIA WEBSITES (including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, LinkedIn, Signal, Telegram, Reddit, Discord, Adult Friend Finder, OnlyFans, etc.) since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show your logins and passwords for CROWDFUNDING WEBSITES (including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, Kickstarter etc.) since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 51:**

COMMUNICATIONS with each DEFENDANT regarding the ACTION, including but not limited to, any agreements for dismissal or cooperation with each such DEFENDANT regardless whether they were served in or dismissed from the ACTION.

DATED:  December 22, 2023             GRAY REED
                                      HAWXHURST LLP


                                 By _/s/ Kenneth Stone_____
                                    Kenneth Stone
                                    Gerald Hawxhurst

                                    *Attorneys for Defendant*
                                    *Trammell S. Crow*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the parties in this action via email on December 22, 2023.

_Kyle Foltyn-Smith_

Kyle Foltyn-Smith

Service List:

| | |
|---|---|
| John G. Balestriere<br>Matthew W. Schmidt<br>Balestriere Fariello<br>225 Broadway 29th Floor<br>New York, NY 10007<br>john.balestriere@balestrierefariello.com<br>matthew.schmidt@balestrierefariello.com<br><br>Anastasia Kinney Mazzella<br>Kabateck LLP<br>633 West 5th Street Suite 3200<br>Los Angeles, CA 90071<br>am@kbklawyers.com<br><br>*Attorneys for Plaintiffs Julia Hubbard and Kayla Goedinghaus* | Alec Raymond Simpson<br>Office of the Attorney General<br>Law Enforcement Defense Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>alec.simpson@oag.texas.gov<br><br>*Attorneys for Defendant Cody Mitchell* |
| Steven Berry<br>Berry Odom LLP<br>611 9th Ave.<br>Fort Worth, Texas 76104<br>sberry@berryodom.com<br><br>James M. Parker, Jr.<br>Naman Howell Smith & Lee PLLC<br>10001 Reunion Place, Suite 600<br>San Antonio, Texas 78216<br>jparker@namanhowell.com<br><br>*Attorneys for Defendant Robert Pruitt* | Brian Rawson<br>Stephanie Roark<br>Tyler Stuart<br>Hartline Barger LLP<br>8750 N. Central Expressway, Suite 1600<br>Dallas, Texas 75231<br>brawson@hartlinebarger.com<br>sroark@hartlinebarger.com<br>tstuart@hartlinebarger.com<br><br>*Attorneys for Defendant Case Grover and RCI Hospitality Holdings, Inc* |

| | |
|---|---|
| Terrence Matthew Jones<br>Indira J Cameron-Banks<br>Cameron Jones LLP<br>8383 Wilshire Blvd., Suite 800<br>Beverly Hills, CA 90211<br>terrence@cameronjones.law<br>indira@cameronjones.law<br><br>*Attorneys for Defendant Dr. Benjamin Todd Eller* | Stephen Dillawn<br>Chad Geisler<br>Sydney Jarvis<br>Germer Beaman & Brown PLLC<br>301 Congress Ave., Suite 1700<br>Sutin, Texas 78701<br>sdillawn@germer-austin.com<br>cgeisler@germer-austin.com<br>sjarvis@germer-austin.com<br><br>*Attorneys for Defendant Dr. Melissa Miller* |
| Daniel Paret<br>David Jonathan Rubaum<br>Christopher T. Freyder<br>Wood Smith Henning Berman LLP<br>14860 Landmark Blvd.<br>Suite 120<br>Dallas, Texas 75254<br>dparet@wshblaw.com<br>DRubaum@wshblaw.com<br>CFreyder@wshblaw.com<br><br>*Attorneys for Defendant Dr. Scott Woods* | Diane Doolittle<br>Alex Bergjans<br>Evan Pearson<br>Quinn Emanuel, Urquhart & Sullivan LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065<br>alexbergans@quinnemanuel.com<br>evanpearson@quinnemanuel.com<br><br>*Attorneys for Defendant Coe Juracek* |

# **<u>EXHIBIT C</u>**

| | |
|---|---|
| **From:** | Matthew Schmidt <mwschmidt@gmail.com> |
| **Sent:** | Friday, February 16, 2024 1:06 PM |
| **To:** | Jerry Hawxhurst |
| **Cc:** | Jill Bindler |
| **Subject:** | [EXTERNAL] Re: Hubbard Conference of Counsel |

Jerry:

Thank you for the response. I write in blue below.

Best,
Matt

On Thu, Feb 15 2024 at 2:11 PM, Jerry Hawxhurst <jerry@hawxhurstllp.com> wrote:

Matthew:

Our responses are below in red. Let us know your thoughts. Thanks.

-Jerry & Jill

_____

Gerald E. Hawxhurst

Hawxhurstllp

11111 Santa Monica Blvd., Sixth Floor

Los Angeles, CA 90002

Direct: (310) 893-5151

Cell: (310) 293-2233

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Matthew Schmidt <mwschmidt@gmail.com>
**Date:** Tuesday, February 13, 2024 at 8:01 PM
**To:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Jill Bindler <jbindler@grayreed.com>
**Subject:** Re: Hubbard Conference of Counsel

Jerry:

On search terms, I welcome correction, but my recollection is that at Jill's suggestion we agreed to not use search terms as my clients have the best knowledge of responsive documents and search terms would in this situation limit the scope of production. My clients already have a sizeable amount of responsive material already set aside, and they are currently going through their email accounts to identify responsive documents. While I am certainly open to discussing alternative ways of proceeding—and I intended to follow up to discuss the process soon in any event—my current plan was to proceed that way, while documenting and discussing with you and Jill the specific steps taken in search and collection if there was anything you thought insufficient. (And of course social media and other devices and accounts are included as well.). We agree that search terms should be used only if necessary; we ask that the searches be thorough for responsive information. Agreed.

On production timing, according to my notes I think I suggested the productions being done after we'd agreed on scope of the other Defendants' later-served requests to do things together. However, I don't have an objection to proceeding more quickly—there's going to be so much overlap that I expect the documents responsive to Mr. Crow's requests are going to mostly be the same as what the other

Defendants requested in any event. I have a follow up call with my computer forensics people tomorrow so can follow up on timing.

We do not agree that plaintiffs can wait to respond after their discussions with other defendants. We think plaintiffs should produce information responsive to Mr. Crow's requests now and not wait. Plaintiffs can identify to defendants information they already produced to Mr. Crow that responds to their requests, and supplement as necessary. Likewise, plaintiffs should provide their responses to Mr. Crow's written discovery without reference to discovery served by other defendants.

As far as timing, plaintiffs filed the suit well over a year ago, so they should be able to respond to all discovery quickly. After all, they filed the lawsuit. We propose their document production be completed by February 29, along with their responses to Mr. Crow's written discovery.

Yes, as I wrote above I no longer see the need to wait on other defendant responses, especially with the ability to supplement as you note. Let me confirm the exact date as I am waiting for my discovery vendor to follow up after a recent discussion.

SPECIFIC POINTS

We're mostly in agreement on what you write but I just wanted to go through them to be clear:

(1) Amended responses (RFP 1-51): I believe I said that typically instead of serving amended responses I find better to clarify in email and you didn't express a preference. But I have no objecting to serving amended responses instead—whatever will eliminate potential confusion down the road makes the most sense, and given the number of requests going around the amendment may well be better. I'll get those out in the coming days. Let's put a firm deadline of February 21. Agreed on that date for amended responses.

(2) Limitations to events mentioned in FAC (RFP 13-16) Correct. Jill's explanation for the relevance of those documents satisfied my concern, and in the amended responses we will remove that limitation. Ok. And as discussed, all responses should indicate whether the production is circumscribed by an objection. Agreed, and as discussed if you believe something is unclear I am happy to further clarify.

3

(3) Categories we objected to in full (RFP 23, 26, 27, 28, 29, 39, 40, 41, 42). As with number two, Jill's explanation for the relevance satisfied my concern, and the amended responses will remove the objection. Ok.

(4) Medical records: I spoke with my clients and I think it will be simpler for us to simply produce these as with other files, but if something arises we will let you know. Ok. Please confirm that plaintiffs are requesting records they don't already have. Confirmed.

(5) Imaging of social media accounts and crowdfunding sites (RFP 49, 60): Similarly, I think it will be simpler for us to image ourselves, but let me know if after speaking with my forensic team my view changes. Ok. And confirm that they have not altered their social media accounts since the time they began contemplating litigation, continuing to now and in the future while the case is pending. Yes as I understand your question, but to be clear that we are on the same page, if you have a specific meaning of "altered" here we can confirm as appropriate (as I expect you don't mean it to include, for instance, new postings).

(6) Communications with defendants regarding the action (RFP 51): Agree to produce responsive documents to this request, which will be reflected in the amendment. Ok. And as discussed, all amended responses should indicate if information was lost or deleted and why/how that happened. I don't recall this discussion but do not necessary object as any such loss or deletion would come out in any event—do you mean since the contemplation of litigation or are you making the request more broadly?

(7) [Plaintiffs will propose search terms and connectors for request they believe require search terms in order to comply. The parties will work in good faith on an agreed search terms and connectors] I discussed further with my clients today and I don't think that search terms will be necessary for any of the requests—my clients can simply review all responsive volumes as Jill proposed. If some volumes present issues I may revisit, but if you believe any researches require searches please let me know. Ok. And as discussed, all amended responses should indicate if information was lost or deleted and why/how that happened. (Same as above.)

(8) [Plaintiffs will amend their response to clarify if their responses are circumscribed by a specific objection, if at all.] Agreed. Thanks.

[While our discussion focused on Ms. Hubbard's responses, plaintiffs agree that the foregoing applies equally to Ms. Goedinghaus's responses.] Agreed. Thanks.

If any issues with what I write above, of course please let me know.

Best,

Matt

On Tue, Feb 13, 2024 at 2:01 AM, Jerry Hawxhurst <jerry@hawxhurstllp.com> wrote:

Matt:

We need to get search terms and production soon. When can that happen?

Thanks.

-Jerry Hawxhurst

Cell: 310-293-2233

---

**From:** Matthew Schmidt <mwschmidt@gmail.com>
**Sent:** Tuesday, February 13, 2024 12:51:55 AM
**To:** Jerry Hawxhurst <jerry@hawxhurstllp.com>

**Cc:** Jill Bindler <jbindler@grayreed.com>
**Subject:** Re: Hubbard Conference of Counsel

Jerry:

Thank you for the summary. I was traveling for an appellate argument so catching up now. What you write looks correct, but let me check again against my notes on Tuesday and follow up to confirm.

Best,

Matt

On Thu, Feb 08, 2024 at 9:53 PM, Jerry Hawxhurst <jerry@hawxhurstllp.com> wrote:

Matt:

Thanks for the call yesterday. We are writing to confirm plaintiffs' agreement to:

1. Serve amended responses that remove objections that plaintiffs are not standing on, including relevance, cumulative, already known to defendant(s), in possession of defendant(s), vague and unduly burdensome and to produce non-privileged responsive information. (RFP 1-51)
2. Plaintiffs will withdraw objections that purport to limit responses to events mentioned in the FAC, and will produce responsive non-privileged information. (RFP 13-16)
3. Plaintiffs will produce non-privileged responsive information to the requests that they previously refused to produce anything in response. (RFP 23, 26, 27, 28, 29, 39, 40, 41, 42)
4. Plaintiffs will consider providing an agreed-to form for release of their medical records. We will provide an exemplar for consideration.
5. Plaintiffs will consider providing their log-in and password information for their social media accounts (RFP 49) and all crowdfunding sites (RFP 50) and will otherwise produce non-privileged information responsive to these requests.
6. Plaintiffs will consider responding to RFP 51, seeking communications with defendants regarding the action.
7. Plaintiffs will propose search terms and connectors for request they believe require search terms in order to comply. The parties will work in good faith on an agreed search terms and connectors.
8. Plaintiffs will amend their response to clarify if their responses are circumscribed by a specific objection, if at all.

While our discussion focused on Ms. Hubbard's responses, plaintiffs agree that the foregoing applies equally to Ms. Goedinghaus's repsonses.

Please let us know if you believe anything above is inaccurate and if you have additional things to add.


-Jerry Hawxhurst


Cell: 310-293-2233

# **EXHIBIT D**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

Matthew W. Schmidt*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone:     (202) 746-9110
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, ) ) ) ) Plaintiffs, ) ) v. ) ) TRAMMELL S. CROW, JR.; BENJAMIN ) TODD ELLER; RICHARD HUBBARD; ) MELISSA MILLER; SCOTT WOODS; ) COE JURACEK; PHILIP ECOB; ) CODY MITCHELL; RALPH ROGERS; ) ROBERT PRUITT; SCOTT BRUNSON; ) CASE GROVER; MICHAEL ) HYNES, JR.; SHAWN MAYER; JADE ) MAYER; AARON BURLINGAME; and  RCI ) HOSPITALITY HOLDINGS, INC., ) ) Defendants. ) ) | Case No. SA-23-CA-580-FB Judge: Hon. Fred Biery Date Action Filed: May 8, 2023 (transferred) |

**PLAINTIFF JULIA HUBBARD'S RESPONSE TO DEFENDANT CROW'S
FIRST REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure ("Rule") 26 and 33, Plaintiff Julia Hubbard hereby responds to the Document Production Request (the "Requests") by Defendant Trammell S. Crow, Jr.

## GENERAL OBJECTIONS

1.      By responding to any Request, Plaintiff does not concede the materiality of the subject to which it refers, Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competence, relevance, materiality, privilege, or admissibility of evidence, or for any other purpose, of any of the information or documents produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Plaintiff objects to these Requests to the extent that they seek information not within the relevant time period and fail to state the time period relevant to the Request.

3.      Plaintiff objects to these Requests to the extent that they seek documents that are not relevant to any party's claims or defenses.

4.      Plaintiff objects to these Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

5.      Plaintiff objects to the Requests to the extent that they seek production of documents in a format other than one mutually agreed upon between the parties.

6.      By responding to each Request, Plaintiff does not make any representation as to whether the documents are responsive to such Requests exist or are in her possession, custody, or control.

7.      Inadvertent production of any information or documents that are privileged, were prepared in anticipation of litigation, or are otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. All documents containing any such inadvertently produced material or information shall be returned to Plaintiff's attorneys, along with all copies thereof.

8.      In providing these responses and objections, Plaintiff does not waive or intend to waive, but, rather, preserve and intend to preserve:

A.      All objections as to competency, relevancy, materiality, and admissibility of the Requests, responses to the Requests, or the subject matter thereof;

B.      All objections as to vagueness, ambiguity, overbreadth and undue burden;

C.      All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action;

D.      All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

E.      All rights to object on any ground to any request for further responses to these or any other requests for documents, Request requests or other discovery requests involving or related to the subject matter of these Requests.

4

9.     Plaintiff will produce documents within her possession or control subject to reasonable—and, where appropriate, agreed-upon—methodologies designed to most effectively and properly identify such responsive documents.

10.     Plaintiff is continuing to search for information responsive to Defendants' Requests and therefore reserves the right to supplement its responses to each Request with additional information if and when such information becomes available to Plaintiff's counsel. Plaintiff also reserves the right to object to the future disclosure of any such information.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that refer or relate to each of YOUR alleged "commercial sex acts."

### RESPONSE:

Plaintiff will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that refer or relate to each SEX PARTY, including but not limited to the SEX PARTIES alleged at paragraphs 26, 33, 165, 177, 197, 202 and 296 of the COMPLAINT.

### RESPONSE:

Plaintiff will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 3:

DOCUMENTS sufficient to show the date, location, and attendees for each SEX PARTY.

### RESPONSE:

Plaintiff will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS that support YOUR contention that each DEFENDANT "benefited

from the Venture," as alleged at paragraphs 4 and 414 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "received benefits from the Venture," including but not limited to "receiving sex and media of naked women or individuals engaged in sex acts," "social benefits or "financial benefits," as alleged at paragraphs 4, 38, 141, 330 and 414 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knew or recklessly disregarded that Rick [Hubbard] used force, threats of force, fraud, or coercion to compel [YOU] to engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knowingly supported the Venture in its activities," including, but not limited to "by providing funding to the Venture" or recommending or prescribing medications, as alleged at paragraphs 14, 38, 144 and 189 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support YOUR contention that each DEFENDANT participated in the "Venture," as alleged at paragraph 414 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR contention that the "Enterprise relied on and profited from the unlawful dealing, use, and distribution of numerous controlled substances," as alleged at paragraph 414 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support YOUR contention that each DEFENDANT recruited, enticed, harbored, transported, obtained, maintained, patronized, or solicited YOU in connection with the "Venture," as alleged at paragraph 424 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that refer or relate to the injuries YOU claim to have sustained due to each DEFENDANT'S alleged conduct.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support YOUR contention that the alleged "Venture" caused YOU to "suffer financial harm, including the loss of earnings," as alleged in paragraphs 415 and 416 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that refer or relate to each of the medical services YOU received,

including, but not limited to, reports from healthcare providers, prescriptions, treatment plans, doctor notes, and medical files and records.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that refer or relate to each of the prescription medications that YOU have taken.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that refer or relate to each instance in which YOU experienced physical trauma (e.g., falls, physical assaults, car accidents).

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer or relate to each illegal drug that YOU have taken.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that refer or relate to each instance of "force, threats of force, fraud, threat, or coercion" that Rick Hubbard allegedly used to "compel" YOU to "engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that refer or relate to each instance of YOUR alleged forced drugging.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human sex trafficking laws under 18 U.S.C. § 1591.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human trafficking laws under 18 U.S.C. § 1589.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that YOU contend support YOUR purported causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All witness statements, memorialized in any form, referring, or relating to each allegation in YOUR COMPLAINT, including but not limited to statements by YOU.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and each PERSON, other than YOUR attorneys, regarding each allegation in the COMPLAINT or this ACTION, including, but not limited to, COMMUNICATIONS with the media, bloggers, podcasters, current and/or former co-workers

and colleagues, doctors and/or other health professionals, and friends or family members, and COMMUNICATIONS between Julia Hubbard and Kayla Goedinghaus.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU are or have been a party.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that refer or relate to each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU and at least one DEFENDANT are or have been a party, including but not limited to divorce proceedings, child custody proceedings and proceedings to obtain a restraining order.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to identify each address where YOU resided.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to identify each employer that YOU have had since January 1, 2009. For the avoidance of doubt, "employer" includes each entity that provided you with a W2 or 1099 form, and places of business where you otherwise received or were promised payment in exchange for services rendered by YOU.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to show each professional certification sought by YOU or on YOUR behalf, including but not limited to certifications by the McAfee Institute.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that refer or relate to each documentary to which YOU are or were affiliated in some way, including but not limited to writing, proposals, interviews, production, directing, or consulting.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with law enforcement concerning the subject matter of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All "evidence" referred to in YOUR September 21, 2022, letter to defendant Trammel S. Crow's counsel, including but not limited to "numerous text messages," "numerous emails," "video recordings," "Cash APP receipts" and "numerous photographs."

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

Complete versions of all DOCUMENTS referenced by or incorporated into YOUR COMPLAINT, including but not limited to the DOCUMENTS referenced and incorporated in paragraphs 125 (Cash App), 131 (note), 132 (transcript), 150 (letter), 151-152 (complete prescription records), 151 (calendar), 165 (calendar), 174 (calendar), 186 (text messages), 187 (letter), 200 (emails), 220 (Form 1099), 224 (text messages) and 252 (diagnosis of rib fractures and contusions).

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that refer or relate to each of the "other women" who Rick Hubbard met through "the website Adult Friend Finder and other similar adult websites," as alleged in paragraph 13 of YOUR COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer or relate to each thing of value exchanged for any sex act with or involving any DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and each DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that refer or relate to YOUR COMMUNICATIONS with Dr. Benjamin Eller, including, but not limited to any notes, receipts, recommendations payment notifications, and/or diary entries.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION that refer NO. 37:**

All DOCUMENTS or relate to investments by each DEFENDANT in the "Venture," as alleged at paragraphs 38, 39, 189 and 190 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that refer or relate to each payment between the "Venture" and each DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to show all checking, savings, crypto, certificate of deposit, money market, brokerage, or other financial accounts or instruments in YOUR name or under YOUR control since January 1, 2009.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

YOUR diaries that refer or relate to each DEFENDANT or the subject matter of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**

YOUR calendars that refer or relate to each DEFENDANT or each event that is referred to in the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 42:**

YOUR medical records since January 1, 2009.

13

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that refer or relate to YOUR "sterilization," as alleged in paragraph 244 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that refer or relate to each alleged threat to YOUR children.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that refer or relate to the repossession of YOUR house, as alleged in paragraph 266 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that support calculation of YOUR alleged damages in this case.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that YOU used to determine that PLAINTIFFS were subjected to 758 "discrete forced sex encounters" that took place between August 2012 and September 2019, as stated in YOUR August 19, 2022, letter to Trammel S. Crow's counsel.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS support YOUR claim for punitive damages.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to show your logins and passwords for SOCIAL MEDIA WEBSITES (including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, LinkedIn, Signal, Telegram, Reddit, Discord, Adult Friend Finder, OnlyFans, etc.) since January 1, 2009.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show your logins and passwords for CROWDFUNDING WEBSITES (including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, Kickstarter etc.) since January 1, 2009.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

**REQUEST FOR PRODUCTION NO. 51:**

COMMUNICATIONS with each DEFENDANT regarding the ACTION, including but not limited to, any agreements for dismissal or cooperation with each such DEFENDANT regardless whether they were served in or dismissed from the ACTION.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

Dated: New York, New York
        February 21, 2024

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:     (202) 746-9110
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

# **EXHIBIT E**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

Matthew W. Schmidt*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone:     (202) 746-9110
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>             Plaintiffs,<br><br>v.<br><br>TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; COE JURACEK; PHILIP ECOB; CODY MITCHELL; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and  RCI HOSPITALITY HOLDINGS, INC.,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. SA-23-CA-580-FB<br><br><br>Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |

**PLAINTIFF KAYLA GOEDINGHAUS'S RESPONSE TO DEFENDANT CROW'S
FIRST REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure ("Rule") 26 and 33, Plaintiff Julia Hubbard hereby responds to the Document Production Request (the "Requests") by Defendant Trammell S. Crow, Jr.

## **GENERAL OBJECTIONS**

1.      By responding to any Request, Plaintiff does not concede the materiality of the subject to which it refers, Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competence, relevance, materiality, privilege, or admissibility of evidence, or for any other purpose, of any of the information or documents produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Plaintiff objects to these Requests to the extent that they seek information not within the relevant time period and fail to state the time period relevant to the Request.

3.      Plaintiff objects to these Requests to the extent that they seek documents that are not relevant to any party's claims or defenses.

4.      Plaintiff objects to these Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

5.      Plaintiff objects to the Requests to the extent that they seek production of documents in a format other than one mutually agreed upon between the parties.

6.      By responding to each Request, Plaintiff does not make any representation as to whether the documents are responsive to such Requests exist or are in her possession, custody, or control.

7.     Inadvertent production of any information or documents that are privileged, were prepared in anticipation of litigation, or are otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. All documents containing any such inadvertently produced material or information shall be returned to Plaintiff's attorneys, along with all copies thereof.

8.     In providing these responses and objections, Plaintiff does not waive or intend to waive, but, rather, preserve and intend to preserve:

A.     All objections as to competency, relevancy, materiality, and admissibility of the Requests, responses to the Requests, or the subject matter thereof;

B.     All objections as to vagueness, ambiguity, overbreadth and undue burden;

C.     All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action;

D.     All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

E.     All rights to object on any ground to any request for further responses to these or any other requests for documents, Request requests or other discovery requests involving or related to the subject matter of these Requests.

9.     Plaintiff will produce documents within her possession or control subject to reasonable—and, where appropriate, agreed-upon—methodologies designed to most effectively and properly identify such responsive documents.

10.     Plaintiff is continuing to search for information responsive to Defendants' Requests and therefore reserves the right to supplement its responses to each Request with additional information if and when such information becomes available to Plaintiff's counsel. Plaintiff also reserves the right to object to the future disclosure of any such information.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that refer or relate to each of YOUR alleged "commercial sex acts."

### RESPONSE:

Plaintiff will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that refer or relate to each SEX PARTY, including but not limited to the SEX PARTIES alleged at paragraphs 26, 33, 165, 177, 197, 202 and 296 of the COMPLAINT.

### RESPONSE:

Plaintiff will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 3:

DOCUMENTS sufficient to show the date, location, and attendees for each SEX PARTY.

### RESPONSE:

Plaintiff will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS that support YOUR contention that each DEFENDANT "benefited

from the Venture," as alleged at paragraphs 4 and 414 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "received benefits from the Venture," including but not limited to "receiving sex and media of naked women or individuals engaged in sex acts," "social benefits or "financial benefits," as alleged at paragraphs 4, 38, 141, 330 and 414 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knew or recklessly disregarded that Rick [Hubbard] used force, threats of force, fraud, or coercion to compel [YOU] to engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knowingly supported the Venture in its activities," including, but not limited to "by providing funding to the Venture" or recommending or prescribing medications, as alleged at paragraphs 14, 38, 144 and 189 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support YOUR contention that each DEFENDANT participated in the "Venture," as alleged at paragraph 414 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR contention that the "Enterprise relied on and profited from the unlawful dealing, use, and distribution of numerous controlled substances," as alleged at paragraph 414 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support YOUR contention that each DEFENDANT recruited, enticed, harbored, transported, obtained, maintained, patronized, or solicited YOU in connection with the "Venture," as alleged at paragraph 424 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that refer or relate to the injuries YOU claim to have sustained due to each DEFENDANT'S alleged conduct.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support YOUR contention that the alleged "Venture" caused YOU to "suffer financial harm, including the loss of earnings," as alleged in paragraphs 415 and 416 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that refer or relate to each of the medical services YOU received,

including, but not limited to, reports from healthcare providers, prescriptions, treatment plans, doctor notes, and medical files and records.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that refer or relate to each of the prescription medications that YOU have taken.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that refer or relate to each instance in which YOU experienced physical trauma (e.g., falls, physical assaults, car accidents).

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer or relate to each illegal drug that YOU have taken.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that refer or relate to each instance of "force, threats of force, fraud, threat, or coercion" that Rick Hubbard allegedly used to "compel" YOU to "engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that refer or relate to each instance of YOUR alleged forced drugging.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human sex trafficking laws under 18 U.S.C. § 1591.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human trafficking laws under 18 U.S.C. § 1589.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that YOU contend support YOUR purported causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All witness statements, memorialized in any form, referring, or relating to each allegation in YOUR COMPLAINT, including but not limited to statements by YOU.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and each PERSON, other than YOUR attorneys, regarding each allegation in the COMPLAINT or this ACTION, including, but not limited to, COMMUNICATIONS with the media, bloggers, podcasters, current and/or former co-workers

9

and colleagues, doctors and/or other health professionals, and friends or family members, and COMMUNICATIONS between Julia Hubbard and Kayla Goedinghaus.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU are or have been a party.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that refer or relate to each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU and at least one DEFENDANT are or have been a party, including but not limited to divorce proceedings, child custody proceedings and proceedings to obtain a restraining order.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to identify each address where YOU resided.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to identify each employer that YOU have had since January 1, 2009. For the avoidance of doubt, "employer" includes each entity that provided you with a W2 or 1099 form, and places of business where you otherwise received or were promised payment in exchange for services rendered by YOU.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to show each professional certification sought by YOU or on YOUR behalf, including but not limited to certifications by the McAfee Institute.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that refer or relate to each documentary to which YOU are or were affiliated in some way, including but not limited to writing, proposals, interviews, production, directing, or consulting.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with law enforcement concerning the subject matter of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All "evidence" referred to in YOUR September 21, 2022, letter to defendant Trammel S. Crow's counsel, including but not limited to "numerous text messages," "numerous emails," "video recordings," "Cash APP receipts" and "numerous photographs."

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

Complete versions of all DOCUMENTS referenced by or incorporated into YOUR COMPLAINT, including but not limited to the DOCUMENTS referenced and incorporated in paragraphs 125 (Cash App), 131 (note), 132 (transcript), 150 (letter), 151-152 (complete prescription records), 151 (calendar), 165 (calendar), 174 (calendar), 186 (text messages), 187 (letter), 200 (emails), 220 (Form 1099), 224 (text messages) and 252 (diagnosis of rib fractures and contusions).

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that refer or relate to each of the "other women" who Rick Hubbard met through "the website Adult Friend Finder and other similar adult websites," as alleged in paragraph 13 of YOUR COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer or relate to each thing of value exchanged for any sex act with or involving any DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and each DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that refer or relate to YOUR COMMUNICATIONS with Dr. Benjamin Eller, including, but not limited to any notes, receipts, recommendations payment notifications, and/or diary entries.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION that refer NO. 37:**

All DOCUMENTS or relate to investments by each DEFENDANT in the "Venture," as alleged at paragraphs 38, 39, 189 and 190 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that refer or relate to each payment between the "Venture" and each DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to show all checking, savings, crypto, certificate of deposit, money market, brokerage, or other financial accounts or instruments in YOUR name or under YOUR control since January 1, 2009.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

YOUR diaries that refer or relate to each DEFENDANT or the subject matter of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**

YOUR calendars that refer or relate to each DEFENDANT or each event that is referred to in the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 42:**

YOUR medical records since January 1, 2009.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that refer or relate to Julia Hubbard's "sterilization," as alleged in paragraph 244 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that refer or relate to each alleged threat to YOUR children.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that refer or relate to the repossession of Julia Hubbard's house, as alleged in paragraph 266 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that support calculation of YOUR alleged damages in this case.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that YOU used to determine that PLAINTIFFS were subjected to 758 "discrete forced sex encounters" that took place between August 2012 and September 2019, as stated in YOUR August 19, 2022, letter to Trammel S. Crow's counsel.

14

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS support YOUR claim for punitive damages.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to show your logins and passwords for SOCIAL MEDIA WEBSITES (including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, LinkedIn, Signal, Telegram, Reddit, Discord, Adult Friend Finder, OnlyFans, etc.) since January 1, 2009.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show your logins and passwords for CROWDFUNDING WEBSITES (including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, Kickstarter etc.) since January 1, 2009.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

**REQUEST FOR PRODUCTION NO. 51:**

COMMUNICATIONS with each DEFENDANT regarding the ACTION, including but not limited to, any agreements for dismissal or cooperation with each such DEFENDANT regardless whether they were served in or dismissed from the ACTION.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

Dated: New York, New York
February 21, 2024

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:      (202) 746-9110
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

# **<u>EXHIBIT F</u>**

**From:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Sent:** Monday, March 18, 2024 3:36:06 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Hubbard, et al.

Matthew:

Talk to you Wednesday at 1 central.

As for documents, you most certainly agreed to have everything produced by COB on March 14—I specifically demanded and you agreed to a certain deadline.  Moreover, I have never heard of the process you describe.  The federal rules are very clear.

We will be moving to compel plaintiffs to produce responsive documents.

Regards,

-Jerry

_____

Gerald E. Hawxhurst
Hawxhurstllp
11111 Santa Monica Blvd., Sixth Floor
Los Angeles, CA 90002
Direct: (310) 893-5151
Cell: (310) 293-2233
Main: (310) 893-5150
Fax: (310) 893-5195
www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Date:** Monday, March 18, 2024 at 3:30 PM
**To:** Jerry Hawxhurst <jerry@hawxhurstllp.com>

**Cc:** Ken Stone <kstone@grayreed.com>, Jill Bindler <jbindler@grayreed.com>, jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Hubbard, et al.

Jerry:

Thank you for the email. I can speak Wednesday at 1:00 pm or 3:00 pm CST, would that work? If not let me know other times that would work.

On the documents, as I wrote last week, I didn't promise them by the end of last week, I said that I would endeavor to do so. On timing generally, I don't agree that our timing is deficient. While the practice in Texas may be different than I'm used to—although I did some research last week and did not find anything supporting such a proposition—the practice I've always seen is that document productions simply need to be completed in time for depositions to proceed. I had a case in New Jersey once with, I recall, millions of documents exchanged where the magistrate simply ordered productions of a witnesses' documents three days before their deposition.

As I've said, I definitely don't want to cut it anywhere near that close and I do want to move this along and finish first-party paper discovery as soon as possible. But given the discovery schedule, I don't agree that the current timing is deficient. But of course, if you wish to move to compel you are free to do so and we'll respond as appropriate and continue our review and productions as soon as ready. I look forward to speaking this week.

Best,
Matt

—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Sent:** Monday, March 18, 2024 7:27 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Hubbard, et al.

Matthew and Justin:

We have reviewed plaintiffs' responses to our interrogatories and request a conference of counsel by COB Wednesday.  Also, we did not receive plaintiffs' document production last week, as agreed-to with Matthew during our February 28 call.   Plaintiffs cannot arrogate discovery extensions to themselves, as they have done several times in this case.

Because we have not received the production, we have no choice but to file a motion to compel.  We cannot wait any longer.

Let us know when you're available to discuss plaintiffs' responses to our interrogatories.

Thanks in advance.

-Jerry


Gerald E. Hawxhurst
Hawxhurstllp
11111 Santa Monica Blvd., Sixth Floor
Los Angeles, CA 90002
Direct: (310) 893-5151
Cell: (310) 293-2233
Main: (310) 893-5150
Fax: (310) 893-5195
www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.


**From:** Matthew Schmidt <matt@schmidtlc.com>
**Date:** Friday, March 15, 2024 at 1:38 AM
**To:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Ken Stone <kstone@grayreed.com>, Jill Bindler <jbindler@grayreed.com>, jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Hubbard, et al.

Jerry:

It's a yeti based on a poster that someone gave me years ago at Schulte, for reasons that are now lost to posterity: https://www.art.com/products/p55572107857-sa-i1733951/rino-ferrari-sherpas-guiding-a-japanese-everest-expedition-are-woken-by-a-yeti-peering-into-their-tent.htm.

We are continuing to review documents and I'm expecting a substantial, and hopefully substantially complete, production by the end of next week. I did not promise to complete production by COB on March 13—I believe you asked for documents to complete by the end of this week and I'd seek to do so, but we are continuing our review.

Best,
Matt

—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Sent:** Thursday, March 14, 2024 1:33:38 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Hubbard, et al.


## Matt:

## What in the world is your law firm logo?

## -Jerry

_____

**Gerald E. Hawxhurst**

**Hawxhurst**Harris**llp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5151

Cell: (310) 293-2233

Fax: (310) 893-5195

www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Thursday, March 14, 2024 12:52 AM
**To:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>; jloveland@rsf-llp.com
**Subject:** Re: Hubbard v. Hubbard, et al.

Jerry:

Thank you for resending. Please see attaching Plaintiffs' responses to Defendant Crow's interrogatories.

I have updated the court with my new information, is there a place that you are not seeing it? I filed a change of address form on February 14 and updated my ECF information at around the same time—I just checked Pacer and it does reflect this address. But if another address is showing up anywhere I of course will fix it. Justice and his colleagues will also be filing notices of appearance in due course.

I will follow up Thursday concerning documents.

Best,

Matt

—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Sent:** Wednesday, March 13, 2024 12:05 PM
**To:** Matthew W. Schmidt <mwschmidt@gmail.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>; Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>
**Subject:** Re: Hubbard v. Hubbard, et al.

Resending.

---

Gerald E. Hawxhurst

Hawxhurstllp

11111 Santa Monica Blvd., Sixth Floor

Los Angeles, CA 90002

Direct: (310) 893-5151

Cell: (310) 293-2233

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Date:** Wednesday, March 13, 2024 at 2:04 PM
**To:** Matthew W. Schmidt <mwschmidt@gmail.com>, matt@schmidetlc.com <matt@schmidetlc.com>, jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Cc:** Ken Stone <kstone@grayreed.com>, Jill Bindler <jbindler@grayreed.com>
**Subject:** Re: Hubbard v. Hubbard, et al.

Matt:


Sending the below to your new email address and Mr. Loveland, who I understand to be a new lawyer on the case with you.


Could you update your contact information with the Court, please?  Thanks.


-Jerry


_____

**Gerald E. Hawxhurst**

Hawxhurst llp

11111 Santa Monica Blvd., Sixth Floor

Los Angeles, CA 90002

Direct: (310) 893-5151

Cell: (310) 293-2233

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Date:** Wednesday, March 13, 2024 at 12:54 PM
**To:** Matthew W. Schmidt <mwschmidt@gmail.com>
**Cc:** Ken Stone <kstone@grayreed.com>, Jill Bindler <jbindler@grayreed.com>
**Subject:** Hubbard v. Hubbard, et al.

Matt:

Plaintiffs are long past-due on their responses to written discovery, which were promised to us by last Friday.  We've been very patient, and we must insist on compliance with the rules.

Please provide us with plaintiffs' verified responses to the written discovery by COB tomorrow, as well as plaintiffs' document production, as previously promised.   If we don't get full compliance, we intend to seek relief from the court, and will seek all available remedies.

Thanks in advance.

-Jerry

_____

**Gerald E. Hawxhurst**

Hawxhurst**llp**

11111 Santa Monica Blvd., Sixth Floor

Los Angeles, CA 90002

Direct: (310) 893-5151

Cell: (310) 293-2233

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# **<u>EXHIBIT G</u>**

| | |
|---|---|
| **From:** | Jerry Hawxhurst |
| **To:** | Justin Loveland; Ken Stone |
| **Cc:** | Patrick Nichols; matt@schmidtlc.com; Jill Bindler |
| **Subject:** | Re: [EXTERNAL] Re: Hubbard v. Hubbard, et al. |
| **Date:** | Wednesday, March 20, 2024 6:25:52 PM |

If I could add a point of clarification:   We are not conceding that the other responses are proper.  Many are not.   We've identified examples to prove our points should we be forced to seek relief from the court.

-Jerry Hawxhurst

Cell: 310-293-2233

---

**From:** Ken C. Stone <kstone@grayreed.com>
**Sent:** Wednesday, March 20, 2024 7:02:06 PM
**To:** Justin Loveland <jloveland@rsf-llp.com>
**Cc:** Patrick Nichols <pat@hawxhurstllp.com>; matt@schmidtlc.com <matt@schmidtlc.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>
**Subject:** Re: [EXTERNAL] Re: Hubbard v. Hubbard, et al.

Yes, it is 14. Sorry about that.
Sent from my iPhone

**Ken C. Stone**
**Partner**
Tel 469.320.6106 | Fax 469.320.6878 | kstone@grayreed.com
1601 Elm St., Suite 4600 | Dallas, TX 75201
grayreed.com | Connect with me on LinkedIn



CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

On Mar 20, 2024, at 6:35 PM, Justin Loveland <jloveland@rsf-llp.com> wrote:

Patrick,

I write to clarify what may be a typo in your email, based on the conversation today. Regarding the interrogatories, do you mean to say No. 15 or 14?

As you will recall, Jill had first said 15 when she listed the six separate

interrogatories, and then Matt clarified, in response to which both Ken and Patrick said it was not No. 15 but actually No. 14. The below email again references No. 15.

Please clarify so that we can move forward accordingly.

All the best,

Justin

Justin M. Loveland | Associate
Reinhardt Savic Foley LLP
New York: 200 Liberty Street, 27th Floor, New York, NY 10281
Office: +1.212.710.0970 | Fax: +1 212.710.0971
jloveland@rsf-llp.com | www.rsf-llp.com | Bio
New York  |  London  |  Denver  |  Stuttgart

NOTICE: This message (and any attachments) contains information that is confidential, privileged and/or protected from disclosure under applicable law and is intended for the exclusive use of the party named on the message. If you are not the intended recipient, disclosure, copying, use or distribution of the information included in this message (and any attachments) is not authorized and may be unlawful. If you have received this document in error, please notify the sender immediately by return email and then destroy the original and any electronic or paper copy of this message. The content of this email does not create an attorney-client relationship and the recipient of this email should not rely solely upon the information provided herein.
TAX ADVICE DISCLAIMER: Please be aware that any advice contained in this email or any attachment hereto is not intended to be used, and cannot be used, either (a) for purposes of avoiding penalties imposed under the Internal Revenue Code, or (b) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

**From:** Patrick Nichols <pat@hawxhurstllp.com>
**Sent:** Wednesday, March 20, 2024 6:31 PM
**To:** matt@schmidtlc.com <matt@schmidtlc.com>; Justin Loveland <jloveland@rsf-llp.com>
**Cc:** Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>
**Subject:** Hubbard v. Hubbard, et al.

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Matthew and Justin,

This email memorializes our conference of counsel on various deficiencies with Plaintiffs' discovery, including their interrogatory responses and their long past due document productions.

Concerning the interrogatory responses, and as a threshold issue, Plaintiffs agreed to amend all responses so it is clear that plaintiffs are not withholding any information on the basis of any objection.  As we explained, the responses were nearly two months late and, as a result, any objections are waived.  (In any event, the "general objections" are improper in the Fifth Circuit.)  Accordingly, we expect the amended responses to be served without objections at all.

Plaintiffs also agreed to amend Interrogatory Nos. 1, 2, 4, 8, 11, and 15 to include more detail as required by the requests.  For example, in response to Interrogatory No. 2, Plaintiffs will state the date, time, location, host(s), attendees, and who engaged in sex acts at the alleged event.  And Ms. Goedinghaus agreed to amend her responses so that they reflect only her personal knowledge and to provide a proper verification.  As we stated, we need the amended responses by Friday or we will be forced to move to compel next week and seek sanctions for the attorney's fees incurred.

Concerning the document production, Plaintiffs promised that we would receive some documents "by the end of this week."  If the document production is not complete by this week, we will move to compel the production and seek sanctions for the attorney's fees incurred as well.

-Patrick

_____

**Patrick B. Nichols**
**Hawxhurst**llp
11111 Santa Monica Blvd., Ste. 620
Los Angeles, California 90025
Direct: (310) 893-5157
Cell: (424) 259-2311
Fax: (310) 893-5195
www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.