## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone: (202) 746-9110
matt@schmidtlc.com
Attorney for Plaintiffs
*Admitted pro hac vice

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br>            Plaintiffs, <br><br> v. <br> TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J.COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUIT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., <br><br>            Defendants. | Case No. 5:23-cv-00580-FB <br><br> Judge: Hon. Fred Biery <br> Date Action Filed: May 8, 2023 (transferred) |

## PLAINTIFFS' OPPOSITION TO TRAMMEL S. CROW JR.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## <u>PRELIMINARY STATEMENT</u>

The Court should deny the Motion to Compel Production of Documents (the "Motion") of Defendant Trammel. S. Crow ("Crow") as Plaintiffs have, despite delays due to transition of counsel, been diligently endeavoring to complete its document productions, and has done so in compliance with the Federal Rules of Civil Procedure (the "Rules") and while keeping Defendant Crow and all Defendants apprised of such status.

Plaintiffs are currently transitioning to new counsel following terminating their prior counsel for cause in late January. Without troubling the Court with the details of this dispute, the transition—which occurred shortly after numerous Defendants had served discovery requests—occurred at an unexpected time and was complicated in numerous ways by prior counsel, including refusal to turn over case files; errors as to the completeness of what case documents were exchanged; inference in litigation funding which prior counsel had begun steps towards; and assertion of a lien (Dkt No. 284) inconsistent with the New York law that governs the relationship between Plaintiffs and prior counsel. All this has taken the attention of Plaintiffs themselves and the resource of Plaintiffs' counsel—consisting of a single attorney for much of this time—during the past two months.

However, none of these delays during transition has prejudiced Defendants in any way, in a matter where the proposed end date for discovery (agreed to by Plaintiffs days after reliant on of prior counsel in part to recognize the need to transition the matter) is more than a year away. (*See* Dkt. No. 272 at ¶ 6 .) Further, Plaintiffs have made and are continuing to make significant progress towards discovery completion, and new co-counsel Reinhardt Savic Foley LLP ("RSF"), a law firm with more than 20 attorneys, who has been assisting in discovery and discussions with Defendant Crow's counsel, and will likely be filing notices of appearance in the coming days.

All of this is consistent with the Federal Rules of Civil Procedure (the "Rules"), which

1

contemplate both rolling productions and parties conferring to avoid disputes rather than seek Court intervention without need. Plaintiffs have never refused to produce documents—and has made clear on multiple meet-and-confers that they are not withholding documents on grounds of any objection besides attorney-client privilege, and amended their discovery responses to make this even clearer—nor have they caused any undue delay in discovery. Defendant Crow's counsel, in its Motion, attempts to incorrectly characterize Plaintiffs' counsel as refusal to produce documents—but Plaintiffs have never refused to produce documents and have been diligently working to produce them. For instance, Plaintiffs did not further explain what "technical issues" were delaying production, which Plaintiffs did not elaborate on because it would not have made documents be produced any faster (but instead have taken time away from Plaintiffs' counsel actually producing documents). Had Defendant Crow's counsel asked, Plaintiffs would have explained that—in order to provide documents to Defendants while Plaintiffs where still finalizing steps with discovery vendor—Plaintiffs were creating PDFs of production documents in order to allow Defendants' counsel, if they wished, to review documents as soon as possible. However, this required Plaintiffs' counsel to individually "print to PDF" more than 700 emails, in addition to separate attachments, constituting more than 5,000 pages, which Plaintiffs produced on March 26, 2024, followed by another 600 pages of documents the next day. Plaintiffs are working with a discovery vendor to re-produce these documents with full metadata, as requested by Defendant Crow's counsel, in the coming days, along with remaining responsive documents. Nor had Plaintiffs' counsel promised a previous date certain as production of documents, as given the delays caused by transition of counsel, it did not wish to either over-promise or suggest an unnecessarily far-out date, only that it would endeavor to begin and complete its productions as soon as possible—Plaintiffs have (as of nearly a week ago) now begun their productions and are

endeavoring to confirm, within the coming days, when it can complete its remaining productions, which they believe they can substantially complete by the end of this week. Nor, as Crow's own quotes show, have Plaintiffs attempted to avoid discovery obligations or ever used the phrase "that's how we do it in Jersey"—Plaintiffs' counsel was, as Crow's exhibits show, describing examples of his experience with practice of rolling productions and specifically making the point that Plaintiffs did *not* wish to hold off productions any longer than possible. (*See* Crow's Ex. F, Dkt. No. 197-1 at 94 (Plaintiff's counsel: "As I've said, I definitely don't want to cut it anywhere near that close and *I do want to move this along and finish first-party paper discovery as soon as possibl*e.") (emphasis added))

Given all this, Defendant Crow's Motion is unnecessary and serves only to unnecessarily take the time of both the Court and Plaintiffs' counsel's time and resources from completing its productions. Defendant Crow's motion should respectfully be denied.

## <u>ARGUMENT</u>

I. **CROW'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS COUNSEL HAS ALREADY PRODUCED MORE THAN 5,000 PAGES OF DOCUMENTS AND IS ENDEAVORING TO COMPLETE ITS PRODUCTIONS AS SOON AS POSSIBLE**

Plaintiffs have, and are continuing to, review and produce documents responsive to Defendant Crow's requests consistent the Federal Rules of Civil Procedure, including Rule 34(b)(2)(B), which contemplates rolling productions including those completing at a "reasonable time" as set forth in a party's responses. Fed. R. Civ. P. 34(b)(2)(B). (*See* Exhibits A, B.) Defendant's only caselaw, *Q2 Software, Inc. v. Radius Bank*, 2020 WL 129105 (W.D. Tex. Jan. 10, 2020), is inapposite because there, a party failed to produce documents (1) consistent with an "agreed order" and a date certain, (2) without any excuse or explanation, even after an oral hearing, (3) still even after such order, hearing, and lack of excuse, had not produced "a single page." *Id.* Here, Plaintiffs have violated no order; have been delayed by (as Defendant Crow's counsel

knows) issues related to transition of counsel; and has already made significant productions and is seeking to complete its production before the Court would have opportunity to rule on this Motion (and hopefully before this Motion is fully briefed). Crow's Motion is unnecessary and should respectfully be denied.

## II.   NO AWARD OF ATTORNEYS' FEES IS JUSTIFIED

Just as Defendant Crow's Motion was unnecessary as Plaintiffs have been diligently working to produce responsive documents, an award of attorneys' fees is not warranted. *See* Fed. R. Civ P. 37(a)(5)(A) (award of attorneys' fee proper where motion granted but not where movant had failed to "attempt[] in good faith to obtain the discovery without court action). Plaintiffs have never refused discovery—in fact, have agreed to all requests made by Defendant Crow, such as, despite clarifying that it was not withholding documents on grounds of objections, amending to further clarify that for Defendant Crow's records—and have caused no harm or prejudice to Defendant Crow by the timing of Plaintiffs' productions. Plaintiffs look forward to continuing to work with Defendant Crow's counsel in the coming days (and have such a call scheduled on April 2) to further resolve any disputes and complete its productions, and to address any further issues which the Court may find helpful at oral hearing if the Court finds appropriate, as in *Q2 Software, Inc.*

## <u>CONCLUSION</u>

For the reasons stated above, the Court should respectfully deny Crow's Motion.


Dated: Tiburon, California
         April 1, 2024


                                        By: _____
                                        Matthew W. Schmidt*
                                        **SCHMIDT LAW CORPORATION**
                                        116A Main Street
                                        Tiburon, California 94920
                                        Telephone:     (415) 390-6075
                                        matt@schmidtlc.com
                                        *Attorney for Plaintiffs*
                                        *Admitted Pro Hac Vice

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify by my signature below that a true and correct copy of the foregoing document was served on all attorneys of record via ECF on this 1st day of April 2024.

Dated: Tiburon, California
       April 1, 2024

                         _____
                         Matthew W. Schmidt
                         Attorney for Plaintiffs

Hubbard et al. v. Crow, et al. – Plaintiffs' First Production of Documents

Matthew Schmidt <matt@schmidtlc.com>

Tue 3/26/2024 1:57 AM

To:Daniel J. Paret <DParet@wshblaw.com>;David J. Rubaum <DRubaum@wshblaw.com>;Steve Berry <sberry@berryodom.com>;James Parker <jparker@namanhowell.com>;Alec Simpson <Alec.Simpson@oag.texas.gov>; Christopher Lindsey <Christopher.Lindsey@oag.texas.gov>;Diane Doolittle <dianedoolittle@quinnemanuel.com>;Alex Bergjans <alexbergjans@quinnemanuel.com>;Evan Pearson <evanpearson@quinnemanuel.com>;Brian S. Rawson <brawson@hartlinebarger.com>;Stephanie Roark <sroark@hartlinebarger.com>;Tyler Stuart <tstuart@hartlinebarger.com>; Indira J. Cameron-Banks <indira@cameronjones.law>;Jerry Hawxhurst <jerry@hawxhurstllp.com>;Ken Stone <kstone@grayreed.com>;London England <lengland@grayreed.com>;Jill Bindler <jbindler@grayreed.com>;Patrick Nichols <pat@hawxhurstllp.com>
Cc:Stefan Savic <ssavic@rsf-llp.com>;Justin Loveland <jloveland@rsf-llp.com>

📎 1 attachments (215 KB)
First Production of Documents Cover Letter.pdf;

Counsel:

Please see the attached letter and download link:

https://schmidtlc-my.sharepoint.com/:b:/p/matt/EdpocVS8QslJqdpEYGjYk1wBVUT4_IzGZ02-oGaFf4EXSA?e=adbWiv

Thank you,
Matt

—



Matthew W. Schmidt
116A Main Street
Tiburon, California 94920
415.390.6075
matt@schmidtlc.com

# EXHIBIT A



March 26, 2024

**<u>Hubbard et al. v. Crow, et al. – Plaintiffs' First Production of Documents</u>**

Counsel:

 Please attached see a link to Plaintiffs' First Production of Documents, bearing the Bates stamps HUBBARD-0000001 through HUBBARD-005301.

 These documents are produced subject to a confidentiality order to be agreed-upon by the Parties and so-ordered by the Court, including those documents that are stamped "CONFIDENTIAL." Plaintiffs reserve all rights concerning inadvertently produced documents, including as to any materials subject to attorney-client privilege.

 Plaintiffs are continuing to work with discovery vendors and intend to produce these and remaining documents at a later date including metadata and Concordance load files.

Sincerely,

Matthew W. Schmidt

📞 415.390.6075 🌐 http://schmidtlc.com 📍 116A Main Street Tiburon, California 94920

## Hubbard et al. v. Crow, et al. – Plaintiffs' Second Production of Documents

**Matthew Schmidt** <matt@schmidtlc.com>

Wed 3/27/2024 2:10 AM

To:Daniel J. Paret <DParet@wshblaw.com>;David J. Rubaum <DRubaum@wshblaw.com>;Steve Berry
<sberry@berryodom.com>;James Parker <jparker@namanhowell.com>;Alec Simpson <Alec.Simpson@oag.texas.gov>;
Christopher Lindsey <Christopher.Lindsey@oag.texas.gov>;Diane Doolittle <dianedoolittle@quinnemanuel.com>;Alex Bergjans
<alexbergjans@quinnemanuel.com>;Evan Pearson <evanpearson@quinnemanuel.com>;Brian S. Rawson
<brawson@hartlineberger.com>;Stephanie Roark <sroark@hartlineberger.com>;Tyler Stuart <tstuart@hartlineberger.com>;
Indira J. Cameron-Banks <indira@cameronjones.law>;Jerry Hawxhurst <jerry@hawxhurstllp.com>;Ken Stone
<kstone@grayreed.com>;London England <lengland@grayreed.com>;Jill Bindler <jbindler@grayreed.com>;Patrick Nichols
<pat@hawxhurstllp.com>
Cc:Stefan Savic <ssavic@rsf-llp.com>;Justin Loveland <jloveland@rsf-llp.com>

📎 1 attachments (214 KB)
Second Production of Documents Cover Letter.pdf;

Counsel:

Please see the attached letter and download link concerning Plaintiffs' second production of documents:

https://schmidtlc-
my.sharepoint.com/:f:/p/matt/EoMlJ9wt8rNJuDDF8jq5B6sBlYX1sKXv6BwovijBKSabEQ?e=qbfwaF

Best,
Matt

—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, March 26, 2024 1:57 AM
**To:** Daniel J. Paret <DParet@wshblaw.com>; David J. Rubaum <DRubaum@wshblaw.com>; Steve Berry
<sberry@berryodom.com>; James Parker <jparker@namanhowell.com>; Alec Simpson
<Alec.Simpson@oag.texas.gov>; Christopher Lindsey <Christopher.Lindsey@oag.texas.gov>; Diane Doolittle
<dianedoolittle@quinnemanuel.com>; Alex Bergjans <alexbergjans@quinnemanuel.com>; Evan Pearson
<evanpearson@quinnemanuel.com>; Brian S. Rawson <brawson@hartlineberger.com>; Stephanie Roark
<sroark@hartlineberger.com>; Tyler Stuart <tstuart@hartlineberger.com>; Indira J. Cameron-Banks
<indira@cameronjones.law>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>;
London England <lengland@grayreed.com>; Jill Bindler <jbindler@grayreed.com>; Patrick Nichols
<pat@hawxhurstllp.com>

**Cc:** Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** Hubbard et al. v. Crow, et al. - Plaintiffs' First Production of Documents

Counsel:

Please see the attached letter and download link:

https://schmidtlc-my.sharepoint.com/:b:/p/matt/EdpocVS8QslJqdpEYGjYk1wBVUT4_IzGZO2-oGaFf4EXSA?e=adbWiv

Thank you,
Matt

—



Matthew W. Schmidt
116A Main Street
Tiburon, California 94920
415.390.6075
matt@schmidtlc.com

# EXHIBIT B



March 27, 2024

***<u>Hubbard et al. v. Crow, et al. – Plaintiffs' Second Production of Documents</u>***

Counsel:

Please attached see a link to Plaintiffs' Second Production of Documents, bearing the Bates stamps HUBBARD-0005302 through HUBBARD-0005909.

These documents are produced subject to a confidentiality order to be agreed-upon by the Parties and so-ordered by the Court, including those documents that are stamped "CONFIDENTIAL." Plaintiffs reserve all rights concerning inadvertently produced documents, including as to any materials subject to attorney-client privilege.

Plaintiffs are continuing to work with discovery vendors and intend to produce these and remaining documents at a later date including metadata and Concordance load files.

Sincerely,

Matthew W. Schmidt