**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone: (202) 746-9110
matt@schmidtlc.com
Attorney for Plaintiffs
*Admitted pro hac vice*

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>    Plaintiffs,<br>v.<br>TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J.COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUIT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC.,<br><br>    Defendants. | Case No. 5:23-cv-00580-FB<br><br>Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |

**PLAINTIFFS' OPPOSITION TO TRAMMELL S. CROW MOTION TO COMPEL AMENDED RESPONSES TO INTERROGATORIES AND FOR AN AWARD OF EXPENSES OCCURED**

**PRELIMINARY STATEMENT**

The Court should deny as moot the Motion to Compel Amended Responses to Interrogatories (the "Motion") of Defendant Trammel. S. Crow ("Crow"). Plaintiffs have amended their interrogatory responses to Defendant Crow, and did so before the time for which Defendant Crow's counsel had represented as when they intended to move for relief.

As discussed further in Plaintiffs' Opposition to Defendants Crow's Motion to Compel Production of Documents (Dkt. No. 298), while Plaintiffs have been delayed discovery due to transition from prior counsel, they have been integrating new co-counsel and have been diligently responding to remaining discovery requests, including more than 100 interrogatory responses and addressing any requests for amendments by the various Defendants. No Defendants have been prejudiced by the timing here, as no depositions have been scheduled and the Parties' proposed schedule contemplates an end of discovery more than a year away, on April 4, 2025 (Dkt. No. 272 at ¶ 6). Here, Defendant Crow's counsel raised its requests for amended interrogatories on Wednesday, March 20, and stated that he intended to move to compel on "Monday" (as stated on the call) or the "following week" (as he wrote in the subsequent email). While Plaintiffs' counsel endeavored—as he told Defendant Crow's counsel, without committing at that time to any dates—to both amend Plaintiffs' interrogatories and to produce documents as soon as practicable, unexpected technical issues necessitated further attention to Plaintiffs' documents, and Plaintiffs' counsel then spent the weekend working on both document production and the interrogatories. Given Defendant Crow's counsel's representations that it would move during the coming week—and, given the lack of upcoming deadlines, there being no reason for Defendant Crow's counsel to spend the weekend working on such a motion—Plaintiffs' counsel reasonably expected that Defendant Crow's counsel would not begin work on such a motion until, at the earliest, the

1

morning of Monday, March 25. Following Defendant Crow's early filing of his motion, Plaintiffs served their amended responses less than two hours later, at 7:16 p.m. CDT on March. Defendant Crow, as of the filing of this motion more than a week later, has raised no complaint with Plaintiffs' amended responses.

In addition to being brought in an untimely manner and made moot by Plaintiffs' amended responses, Defendant Crow's motion mischaracterizes Plaintiffs' responses at least as to the claim that Plaintiffs had improperly made general objections and withheld information on that basis. As Defendant Crow's exhibits attaching Plaintiffs' initial interrogatory responses show, Plaintiffs' responses clearly stated that they were "not withholding any information" on the basis of their General Objections. When Defendant Crow's attorneys raised this on the March 20 meet-and-confer call, Plaintiffs' counsel explained again that it was withholding no information on this basis, but agreed to remove the objections in its amendment to further avoid disputes.

Nor should the Court award any attorneys' fees to Defendant Crow, as he did brought his motion before the date stated in his meet-and-confer—and if he had done so at the stated time, there would have been both no need for a motion and no need for any work in preparation of such a motion.

The Court should respectfully deny Defendant Crow's Motion.

## ARGUMENT

### I.   DEFENDANT CROW'S MOTION IS MOOT AS PLAINTIFFS PROVIDED THE RELIEF THAT DEFENDANT CROW SOUGHT IN A TIMELY MANNER

Defendant Crow's Motion is moot because Plaintiffs did provide Defendant Crow with amended responses—four days after Defendant Crow just raised them and not only the day before Defendant Crow's counsel stated as the date by which he would seek Court intervention, but before his counsel would reasonably begin work on such a motion. Indeed, Plaintiffs' counsel provided

responses less than two hours after Defendant Crow's early-brought motion (Exhibit A) and Defendant Crow's counsel has raised no objections in response.

## II. NO AWARD OF ATTORNEYS' FEES IS JUSTIFIED

Defendant Crow should not be awarded attorneys' fees because his Motion was unnecessary, not reasonable, and not made consistent with the meet-and-confer discussions between the Parties. *See* Fed. R. Civ P. 37(a)(5)(A) (award of attorneys' fee proper where motion granted but not where movant had failed to "attempt[] in good faith to obtain the discovery without court action). Plaintiffs' counsel never "promised" or committed, despite the Motion's assertion (Mot. at 1, 8 n.5) to serve amended responses by the end of the day of March 22—Plaintiffs' counsel only stated that they would amend their responses, would endeavor to do so as soon as possible, by March 22 if possible, and served those serves before the date by which Defendant Crow's counsel unambiguously stated they would seek Court intervention. Had Defendant Crow's counsel acted consist with its statements to Plaintiffs' counsel, as shown in Defendant Crow's own email exhibits (Def. Crow's Ex. E, Dkt. No. 296-1 at 68–71) no Motion or any work towards a Motion would have been required, as Plaintiffs provided their amended responses as Defendant Crow requested.

## **CONCLUSION**

For the reasons stated above, the Court should respectfully deny Crow's Motion.

Dated: Tiburon, California
April 1, 2024

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:   (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

4

**CERTIFICATION OF SERVICE**

    I hereby certify by my signature below that a true and correct copy of the foregoing document was served on all attorneys of record via ECF on this 1st day of April 2024.

Dated: Tiburon, California
       April 1, 2024

_____
Matthew W. Schmidt
Attorney for Plaintiffs