UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § | |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; COE JURACEK; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., | § § § § § § § § § § § § § § | Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |
| Defendants. | § § | |

**TRAMMELL S. CROW'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR AN AWARD OF THE <u>EXPENSES INCURRED IN BRINGING THE MOTION</u>**

Defendant Trammell S. Crow's motion to compel set forth in detail plaintiffs' failure to produce documents in response to requests for production served pursuant to Federal Rule of Civil Procedure 34. Plaintiffs had not produced a single document or bit of ESI by the time the motion was filed. Since then, they served two PDF documents that do not comply with the production protocol that they agreed to, are incomplete and essentially unusable. Plaintiffs also will not disclose a date by which they will make complete productions. Plaintiffs' productions are long-past due; their history of discovery delay and now their noncompliant "production" shows why an order from this Court is necessary to ensure they follow basic rules of discovery.

### A. Despite Months to Do So, Plaintiffs Have Not Made Proper Productions.

Plaintiffs have not shown good cause for their ongoing failure to comply with discovery obligations or explained why they cannot provide a date by which they will complete their productions. Plaintiffs were required to complete their productions by January 22, 2024, or provide a reasonable time to do so. See Fed. R. Civ. Proc. 34(b)(2)(B).[1] Plaintiffs have refused to honor any of the several production deadlines required by the Rules or agreed-to by the parties. As shown by the response, plaintiffs will not commit to a production date.

Plaintiffs have no objections to the requests, consented to the form of production specified in the requests, and have repeatedly promised compliance. (Bindler Decl. ¶ 3.)[2] Due to their counsel's repeated opaque excuses for failing to make a compliant production, counsel for Mr. Crow warned again that a motion to compel would be filed unless plaintiffs completed their

---

[1] Even where rolling productions are necessary, the producing party must specify the beginning and end dates of the production. See Fed. R. Civ. Proc. 34, Advisory Committee Note to 2015 Amendments.

[2] The document production protocol is specified in the requests. (See Requests (Hawxhurst Decl. (297-1), Exs. A, B) at Instruction Nos. 11-24); Fed. R. Civ. Proc. 34, Advisory Committee Note to 2006 Amendments ("The amendment to Rule 34(b) permits the requesting party to designate the form or forms in which it wants electronically stored information produced.").

document productions by March 22.³  They failed produce any documents by that deadline so he filed the Motion the following Monday.  (Bindler Decl. ¶ 5.)  The next day, plaintiffs sent a *single PDF* consisting of 5,300 pages of hundreds of different documents; that is they spent the time to convert documents, obviously originating from different places and persons into a single 5300-page document.  (See Ltr. Dated Mar. 26, 2024 (Dkt. 298-1, Ex. A); Bindler Decl. ¶¶ 6-11.)  Plaintiffs then sent a second PDF consisting of 600 more pages, again having taken the time and effort to turn many documents into one, effectively forcing Mr. Crow to incur the expense of unravelling hundreds of documents produced as one.  (See Ltr. Dated Mar. 27, 2024 (Dkt. 298-1, Ex. B).)  Plaintiffs admit that the PDFs are insufficient.  (Id. (claiming plaintiffs are "continuing to work with discovery vendors and intend to produce these and remaining documents at a later date including metadata and Concordance load files").)

Plaintiffs' voluminous PDFs make worse—not better—their failure to produce.  (See Bindler Decl. ¶¶ 13-26.)  The PDFs are not reasonably usable, contain an unknown number of documents and, as Plaintiffs concede, are manifestly incomplete.  (See id.; Resp. (Dkt. 298) at 4.)  Among numerous other problems, some emails are missing attachments and none include metadata.  (Bindler Decl. ¶¶ 14-26.)  Each of plaintiff's productions use the same "HUBBARD_" Bates number prefix and combined their materials into a single PDF, making it unclear what documents belong or relate to which Plaintiff.  (Id. ¶ 17.)⁴  Due to their non-

---

³ After the parties' March 20 conference, counsel for Mr. Crow sent an email memorializing the conversation, including that "Plaintiffs promised that [Mr. Crow] would receive some documents 'by the end of this week' [i.e., March 22].  If the document production is not complete by this week (i.e., Friday March 22), we will move to compel the production and seek sanctions for the attorney's fees incurred as well."  (Mar. 20, 2024 Email (Hawxhurst Decl. (Dkt. 297-1), Ex. G) at 1.)

⁴ Seeking to avoid this exact problem, the requests specifically instructed that "each plaintiff use a different Bates stamp prefix to indicate whether documents are being produced by Julia Hubbard or Kayla Goedinghaus."  (Requests (Hawxhurst Decl. (Dkt. 297-1), Exs. A, B) at Instruction No. 6.)

compliance with the production protocol, the two PDFs are the equivalent of no production at all. (Bindler Decl. ¶ 28.); see Ferguson v. Sw. Reg'l PCR, LLC, 2023 WL 4938091, at *9 (N.D. Tex. June 22, 2023) (compelling party to reproduce documents and make complete production in compliance with the parties' agreed protocol within seven days of the order); Q2 Software, Inc., 2020 WL 129105, at *2 (motion to compel granted over purported excuse that party was "endeavoring to review thousands of pages of potentially responsive materials as quickly as possible").

Furthermore, the parties agreed that plaintiffs' would produce no later than March 22, 2024. They did not produce anything on that date or contact counsel for Mr. Crow to disclose their purported "technical issues." Instead, plaintiffs converted hundreds of ESI files to PDF and then combined them into a single continuous document. (Resp. (Dkt. 298-1) at 2.) Mr. Crow never asked for that and, had they disclosed what they planned to do, his counsel would have told them not to waste time preparing noncompliant PDFs.

Plaintiffs expectation for Mr. Crow and other defendants to review thousands of pages in this noncompliant format demonstrates their disregard for the discovery process and the expenses they are forcing defendants to incur defending their meritless claims. Mr. Crow has already incurred significant expense attempting to separate and review the thousands of pages in the two PDF files. (Bindler Decl. ¶ 15.) Attempting to review these documents further would needlessly consume client resources, and much of the review would need to be replicated when and if Plaintiffs make their actual production. (Id. ¶ 16.)[5]

---

[5] Since filing the motion, Mr. Crow learned that plaintiffs recently produced documents to another defendant in the same PDF format. (Bindler Decl. ¶ 18.) That production improperly repeats many of the same Bates numbers but applies them to different documents. (Id.)

The response does not offer a declaration or any evidence to explain plaintiffs' ongoing failure to produce. Plaintiffs document production was originally due on January 22, 2024, which was more than two weeks before the Balestriere Fariello firm sought to withdraw from representing them. (Req. to Withdraw (Dkt. 291).) The response is the first that counsel for Mr. Crow has heard of plaintiffs supposedly "terminating their prior counsel for cause." (Resp. (Dkt. 298) at 1.) Regardless, plaintiffs' lead counsel has represented them from the outset of this litigation in 2022 and has always been the primary contact representing plaintiffs. (Compl. (Dkt. 1) at 1 (listing Matthew Schmidt, Esq., as counsel).) The response also does not explain what "technical issues" are preventing the production, why counsel for Mr. Crow was not informed of these issues on or before March 22, or when they may be resolved and the production made. Plaintiffs' delay is all the more inexplicable considering that they previously represented that they did "not foresee any issues regarding the disclosure or discovery of electronically stored information." (Rule 26(f) Rpt. (Dkt 58) at 10.)[6] These excuses do not relieve plaintiffs from compliance with Rule 34. See Q2 Software, Inc., 2020 WL 129105, at *2.

Plaintiffs have not made a compliant document production and are causing Mr. Crow to expend resources pursuing one. Because plaintiffs will not do so on their own (see Bindler Decl. ¶ 27), Mr. Crow respectfully requests an order compelling them to complete their productions by a date certain.

### B. Plaintiffs and Their Counsel Should be Ordered to Pay Expenses.

Rule 37 provides that if a motion to compel is granted or if the requested discovery is provided after the motion was filed, then "the court must" order payment of the the movant's

---

[6] Plaintiffs have also represented that they "anticipate over 30 depositions" in this matter and reserved the right to depose more. (Jnt. Rule 26(f) Rpt. (Dkt. 58) at 9.) If fact and expert discovery is to be completed by this time next year (see Sched. Recomms. (Dkt. 272) at 2), then Plaintiffs must timely comply with discovery.

reasonable expenses incurred in making the motion.  Fed. R. Civ. Proc. 37(a)(5)A).  Plaintiffs argue in response that they "never refused discovery" and have not harmed or prejudiced Mr. Crow.  (Resp. (Dkt. 298) at 4.)  No exception to the mandatory sanctions requirement applies here.  See Fed. R. Civ. Proc. 37(a)(5)(A)(i)-(iii).  Plaintiffs have displayed a repeated practice of disregarding discovery obligations, including producing no documents or documents that do not comply with the agreed-to protocol, ignoring production deadlines, reneging on promises to produce, and now they refuse to commit to an end date for their production.  Furthermore, they only purported to make a noncompliant production after the motion to compel was filed.  Although Mr. Crow need not show prejudice, he clearly has done so.  He has been forced to incur substantial expenses chasing discovery and plaintiffs' discovery misconduct has delayed progress of Mr. Crow's defense to the outrageous claims made against him.  Despite all the excuse-making and months delay, plaintiffs are not close to complying with their discovery obligations.  Mandatory sanctions should be entered against Plaintiffs and their counsel.

## CONCLUSION

Mr. Crow respectfully requests an order compelling plaintiffs to produce all information responsive to Mr. Crow's requests for production and do so within ten calendar days of such order.  Mr. Crow further requests an order pursuant to Rule 37 requiring plaintiffs and their counsel to pay, jointly and severally, Mr. Crow's expenses incurred in bringing this motion, in an amount of at least $10,190.00, to also be paid within ten calendar days of such order.  (See Bindler Decl. ¶¶ 29-30; Hawxhurst Decl. (Dkt. 291-1) ¶¶12-14; Supp. Hawxhurst Decl. ¶¶ 2-4.)

DATED:  April 4, 2024                                       Respectfully submitted,

                                                      /s/ Gerald E. Hawxhurst
                                                      Gerald E. Hawxhurst
                                                      Texas State Bar No. 24090636
                                                      jerry@hawxhurstllp.com
                                                      HAWXHURST LLP

        1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: (512) 522-4995
Fax: (512) 522-4961

GRAY REED
  KENNETH C. STONE
  Texas Bar No. 19296300
  LONDON ENGLAND
  Texas Bar No. 24110313
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: kstone@grayreed.com
       lengland@grayreed.com

*Attorneys for Defendant
Trammell S. Crow*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via ECF on April 4, 2024.

                                        Kyle Foltyn-Smith