UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br><br> v. <br><br> TRAMMELL S. CROW, JR., et al. <br> Defendants. | § § § § § § § § § § § <br><br> Case No. 5:23-cv-00580-FB <br><br> Judge: Hon. Fred Biery <br> Date Action Filed: May 8, 2023 (transferred) |

**DECLARATION OF M. JILL BINDLER IN SUPPORT OF TRAMMELL S. CROW'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR AN AWARD OF THE EXPENSES INCURRED IN BRINGING THE MOTION**

I, M. Jill Bindler, declare as follows:

1. I am a partner at the law firm of Gray Reed. I am the eDiscovery attorney for defendant Trammell S. Crow in this matter. I make this declaration in support of Mr. Crow's motion to compel production of documents. I have personal knowledge of the facts stated herein, and if called upon to do so, I could and would testify truthfully and competently with respect thereto.

2. Attached hereto as Exhibit A is a true and correct copy of email correspondence between me, Matthew Schmidt, Stefan Savic, Justin Loveland, Ken C. Stone, and Gerald "Jerry" Hawxhurst from March 26 to April 4, 2024. Attached hereto as Exhibit B is a true and correct copy of email correspondence between me, Matthew Schmidt, Justin Loveland, Ken C. Stone, Jerry Hawxhurst, and Patrick Nichols from March 24, 2024.

3. On February 28, 2024, during a conference of counsel between me, our co-counsel Gerald Hawxhurst, and plaintiffs' counsel Matthew Schmidt, plaintiffs agreed to

withdraw their objections and produce documents in keeping with the protocol set forth for the production of responsive documents.

4. On March 18, 2024, Mr. Schmidt stated that the practice "I've seen is that document productions simply need to be completed in time for depositions to proceed." (Dkt. 297-1 page 94.)

5. Mr. Crow filed his motion on March 25, 2024, after plaintiffs did not meet their deadline of producing by March 22, 2024. (Dkt. 297).

6. On March 26, 2024, at 1:57 AM PST (3:57 AM CST) Plaintiffs produced a single PDF document bearing bates numbers HUBBARD-0000001-5301. The cover letter for this production stated that the "Plaintiffs are continuing to work with discovery vendors and intend to produce these and other remaining documents at a later date including metadata and Concordance load files." (Dkt. 298-1 page 10.)

7. No explanation was provided to counsel for Mr. Crow about the time spent creating the production provided or that it was delaying Plaintiffs' ability to produce responsive documents in compliance with the protocol.

8. No explanation was provided for the production delay other than his clients were continuing to work on their responses and with the discovery vendor and had unexpected technical delays with the documents. (Ex. B.)

9. On March 26, 2024, counsel to Defendant Crow wrote counsel for Plaintiffs pointing out several issues with the initial production and asking for an explanation for the "unexpected technical delays on your documents." (Ex. A.)

10. On March 27, 2024, at 2:10 AM PST (4:10 AM CST) Plaintiffs produced a single PDF document bearing bates numbers HUBBARD-0005302-5909 and one native mp4 video at HUBBARD-00005588. The cover letter for this production also stated that the "Plaintiffs are

continuing to work with discovery vendors and intend to produce these and other remaining documents at a later date including metadata and Concordance load files." (Dkt. 298-1 page 14.)

11. Again, no explanation was provided for the production delay other than his clients were continuing to work on their responses and with the discovery vendor.

12. On March 27, 2024, at 2:23 AM PST (4:23 AM CST) Plaintiffs' counsel responded to our March 26 email about the issues and questions related to the initial production. Plaintiffs' counsel confirmed that producing in the format requested is his "standard practice" and acknowledges that the requested format "will make my and everyone's life easier as we proceed through the case." Again, no explanation was provided as to what was causing the delays.

13. Neither of these productions complied with the protocol set forth in the Requests for Production served upon Plaintiff Hubbard (Dkt. 297-1 pages 9-17) nor Plaintiff Goedinghaus (Dkt. 297-1 pages 33-41).

14. Neither production included a load file which identifies such information as document breaks and metadata including custodian(s), original filename, Title, MasterDate, From, To, CC, BCC, Original FilePath/Folder and MD5 Hash. These metadata fields allow all the parties to search the documents based upon these fields. It also provided the parties with vital information about the data without having to read the document for context to determine or attempt to determine whose document it is, who wrote it, where or how the document was kept, where it was found within a computer or email system, or if it is a duplicate.

15. Because the documents were produced as large single PDFs with no load file, no bookmarks usable for loading into a database[1], we were forced to have a support staff team

---

[1] The productions did include some bookmarks, but they were not comparable or compatible with a load file which allows a database to load data into a database as individual documents. Some of the bookmarks in the March 27 production did include descriptions of the documents.

member manually identify the actual documents breaks and create usable bookmarks and identify the document breaks by the beginning bates number of that document.  This took close to ten hours.  Our discovery vendor estimates it will take over 48 hours to break apart and load the individual documents into our database.

16. It is not beneficial to review, code and make detailed notes about individual documents when the production is one large PDF.  This should be done within a database where there are issue codes and notations are made at the document level.  These codes and notations will now have to be transferred to any proper reproduction of these documents.

17. The Requests for Production included the requirement for each Plaintiff to use a different Bates stamp prefix to indicate whether documents were being produced by Julia Hubbard (Dkt. 297-1 page 8) or Kayla Goedinghaus (Dkt 297-1 page 32).  This is to make it clear which party produced the document.  Plaintiffs Hubbard and Goedinghaus did not do this.  All productions to date bear the bates prefix HUBBARD.  Bates numbers are expected to be the unique identifier of a document, how the parties, witnesses, experts, and the Court will refer to any given documents.

18. On March 29, 2024, Plaintiffs made a separate Production of Documents to Co-Defendant Pruitt.   This production was provided to counsel for Mr. Crow by counsel for Mr. Pruitt because counsel for Plaintiffs failed to serve this production on all parties.  This production of documents to Defendant Pruitt also bears bates prefix of HUBBARD-0005310-HUBBARD-0005988.  These bates number overlap productions documents previously produced to Defendant Crow and all other Co-Defendants on March 27.   If all documents produced against multiple parties are all named HUBBARD this will be ineffective and confusing.

19. A large portion of the HUBBARD productions include emails from Plaintiff Hubbard's Gmail email account.  If these emails were collected by one of the discovery vendors

referenced in the production cover letters then they would have been in electronic format, with available metadata. They should have been loaded into a database and produced electronically from there, not using a print to pdf process.

20. A high-level review of the current productions indicates some of the attachments to emails were provided in an unusable format:

    a. HUBBARD-0000188-189 is an attachment to an email which is an excel spreadsheet which under protocol set forth in the requests for production is to be produced natively. (Dkt. 291-1 page 10.) Because it was produced as a pdf, many of the fields are unreadable as can be seen in the following excerpt.

| Description | Date Recvd. | Date Due |
|---|---|---|
| Rent-Carrollton Apartment | | 3/3/2016 |
| AT&T Wireless | | ###### |
| TWC-Internet,Phone,Security,Cable | | ###### |
| Buick payment-Ally lease | | ###### |

21. Some emails are obviously missing attachments:

    a. HUBBARD-0002684 is an email from Steve Fowler to Julia Hubbard which on its face shows 2 attachments to the email, but only 1 appears to follow the email. If we had metadata, we would be able to connect attachments to their email using the ParentID, BegAttach and EndAttach metadata fields.

```
julia.a.hubbard@gmail.com

From:         Steve Fowler <sfowler20@gmail.com>
Sent:         Thursday, February 25, 2021 11:05 AM
To:           julia.a.hubbard@gmail.com
Subject:      Hubbard
Attachments:  after hubbard stabbeded me.jpg; Hubbard - Copy.docx
```

22. It appears that many documents have been produced more than once, but it is difficult to determine in the current format and without metadata which would provide HASH value.

23. Some of the production documents have links to shared file locations, but we have no way of knowing if those documents have been collected or will be included within the productions. For example, HUBBARD-00003798-3799 references a video of Plaintiff Hubbard and one of her children. The only video which has been produced thus far is HUBBARD-00005588 which does not depict a video of Plaintiff Hubbard and one of her children.

24. HUBBARD-00003822-3825 is a February 2, 2023, email between Plaintiff Hubbard and Sara Elizabeth Timmins, a producer of a documentary being made about Plaintiffs. Ms. Hubbard references a "newly discovered dump of evidence" she received from Apple. Because we do not have metadata, we are unable to determine if these documents have been produced.

25. HUBBARD-0005002-5125 is a February 13, 2024, email from Alice Sullivan to Plaintiff Hubbard. Ms. Sullivan's signature block identifies her as a ghostwriter and collaborative writer. The email states "LOTS of content but we can talk through the order and details tomorrow." The outline refers to Plaintiff Hubbard having access to and watching 2,000 hours of video from Rick Hubbard's porch video. These videos have not been produced.

26. It appears Plaintiff Hubbard has produced some medical records, but not all. Meanwhile, she has refused to provide a medical release to allow Defendant Crow to subpoena her medical records to ensure a complete record.

27. On April 4, 2024, at 3:41 AM PST (5:41 AM CST) Plaintiffs' counsel provided another update, that "while we were not able to finalize the re-production today, I believe that we've worked out the final items and I'm speaking with them on Thursday morning to discuss; we should be able to make that production later in the day, followed by other documents as we discussed." No timeline was provided for when plaintiffs will provide the remaining outstanding documents. (Ex. A)

28. As of the filing of this motion, plaintiffs have not produced any information in response to Mr. Crow's requests for production in compliance with the Requests for Production or Rules of Federal Civil Procedure.

29. I am familiar with Gray Reed's billing practices, the rates charged Mr. Crow for this matter, and the time spent by me in preparing the reply in support of the motion to compel and related papers.

30. For this matter, my hourly rate is $750 per hour. I spent 6.8 hours reviewing the motion, response, productions, and emails exchanged with counsel for Plaintiffs for instances for the reply and this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Dallas, County of Dallas, on the 4th day of April 2024.

*/s/ M. Jill Bindler*
M. Jill Bindler