UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § | |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; COE JURACEK; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., | § § § § § § § § § § § § § | Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |
| Defendants. | § § | |

**TRAMMELL S. CROW'S REPLY IN SUPPORT OF MOTION TO COMPEL AMENDED RESPONSES TO INTERROGATORIES AND FOR AN AWARD OF THE EXPENSES INCURRED IN BRINGING THE MOTION; REQUEST FOR ORAL <u>ARGUMENT REGARDING MOTION AND DISCOVERY</u>**

Defendant Trammell S. Crow's motion to compel set forth in detail plaintiffs' failure to provide proper responses to interrogatories that were served pursuant to Federal Rule of Civil Procedure 33.  Since Mr. Crow filed the motion, plaintiffs served amended responses that still do not comply with the rules as they contain improper objections and provide manifestly deficient answers.  It is long-past time that Mr. Crow received complete and clear responses to his interrogatories that disclose all responsive information known to plaintiffs.  Plaintiffs' history of discovery delay (including their deficient amended responses) shows why an order from this Court is necessary to ensure compliance.  Mr. Crow respectfully requests that the court set an in-person hearing regarding this motion to compel (Dkt. 296), Mr. Crow's motion to compel production of documents (Dkt. 297), and discovery in general to resolve the motions and ensure plaintiffs' compliance with discovery obligations going forward in the case.

A.   **Despite Months to Do So, Plaintiffs Have Not Served Proper Responses.**

Plaintiffs have not shown good cause for their ongoing failure to comply with discovery obligations.  Plaintiffs do not address any of the motion's arguments and therefore concede that their original responses were deficient.  See United States ex. rel. Gage v. Rolls-Royce N. Am. Inc., 2018 WL 852380, at *5 (W.D. Tex. Feb. 13, 2018), aff'd sub nom., 760 F. App'x 314 (5th Cir. 2019) (failure to respond to an argument concedes it).  Nor do they contend that their amended responses correct the issues identified in the motion.

Instead, plaintiffs argue that the motion is moot because they served amended responses after the motion was filed.  (Resp. (Dkt. 299) at 2.)  They are wrong.  Amended responses do not moot a motion to compel simply by operation of being served.  See Fed. R. Civ. Proc. 37(a)(5)(A).  Furthermore, plaintiffs cannot "moot" a motion to compel with noncompliant amendments. To hold otherwise would be absurd.  Plaintiffs submitted their amended responses for the Court's review to show that they discharged their obligations under Rule 33.  (Amnd.

Resps. (Dkt. 299-1) at 5, 26). But as the Court can see, the amended responses are deficient for the same reasons the original responses were: they rely on improper objections that have been waived and fail to fully respond to each interrogatory.[1] The motion should be granted.

### 1. Plaintiffs Waived All Objections to Mr. Crow's Interrogatories.

Plaintiffs waived all objections to the interrogatories because they failed to serve timely responses. See Hunzelman v. Perry's Restaurants Ltd., 2022 WL 12078464, at *2 (W.D. Tex. Oct. 19, 2022). Plaintiffs' amended responses purport to assert improper objections to interrogatory numbers 2, 8, 11-14 and 16-19. Furthermore, the inclusion of objections make it unclear whether responsive information is being withheld on the basis of those objections. Plaintiffs must further amend their responses to remove all objections and clarify whether any responsive information is being withheld for any reason.

### 2. The Court Should Compel Further Responses to ROGs 1 and 11.

Interrogatories 1 and 11 seek "all facts" and legal theories concerning the benefits allegedly received by Mr. Crow and other defendants, and all facts and legal theories supporting the allegation that Mr. Crow and Mr. Hubbard benefited by working together regarding the so-called "Venture." Plaintiffs' amended responses are ambiguous, do not include basic information that should be known to them, and generally fail to provide information that connects the supposed benefits to the so-called Venture. For example, in response to

---

[1] Plaintiffs' claimed surprise that the motion to compel was filed after they failed to serve amended responses is difficult to take seriously. (Resp. (Dkt. 299) at 2-3.) Mr. Crow filed his motion after the parties conferred multiple times regarding the interrogatories. Plaintiffs still failed to provide amended responses by the agreed-to deadline without explanation. (See Mar. 20, 2024 Email (Nichols Decl. (Dkt. 296-1), Ex. E) at 1.) Counsel for plaintiffs promised that they would provide amended responses by March 22 that contained complete factual details requested by the interrogatories (e.g., dates, locations, identification of persons, etc.) and that clarified whether plaintiffs are withholding information or otherwise circumscribing their responses based on any objection. (See id.) It was only after the motion was filed that counsel for plaintiffs served amended responses and stated that plaintiffs "had taken the weekend to give more fulsome responses." (3/24/2024 Email (Dkt. 299-1) at 4.)

interrogatory 1, neither plaintiff provides relevant dates or any other details regarding defendant Phil Ecob's supposed benefits from the so-called Venture. Instead, they vaguely state that he received risqué photos of plaintiffs (without identifying who sent the photos to Mr. Ecob) and received "equity in [Mr.] Hubbard's companies." Most of their statements regarding other defendants are similarly vague. As another example, in response to interrogatory 11, plaintiffs reference but do not explain in any detail the financial benefits that they contend Mr. Hubbard obtained. If plaintiffs do not have or cannot obtain the requested information, they must state as much, rather than continuing to make generalized allegations.

### 3. The Court Should Compel Further Responses to ROG 2.

The amended responses to interrogatory 2 do not properly "identify every sex party" plaintiffs allege to have attended. (Amnd. Resps. (Dkt. 299-1) at 11-13, 33-34.) Ms. Hubbard added to her response a list of supposed dates of "sex parties plaintiff attended at which Crow was also present." (Id.) However, the interrogatory is broader than that and requires more than a simple list of dates; it requires plaintiffs to identify "every sex party" plaintiffs have attended since January 1, 2009, regardless of whether Mr. Crow was present or not. This includes, among other things, identification of who attended each party and who engaged in sex acts at each party. Plaintiffs must provide all of the requested information known to them. If plaintiffs do not know this information, they must say so and explain why.

### 4. The Court Should Compel Further Responses to ROG 4.

The amended responses to interrogatory 4 do not properly identify the purported "gathering[s] [plaintiffs] attended at which [they] contend Crow was present." (Amnd. Resps.(Dkt. 299-1) at 15, 36.) Again, Ms. Hubbard simply lists the same dates she identified in response to interrogatory 2 without additional information. (Id.) However, the interrogatory requires identification of every "gathering" that she attended where Mr. Crow was present, not

just alleged "sex parties."  Furthermore, neither plaintiff includes required information for the dates identified in their amended responses, such as who attended each gathering or the purpose of the gathering.  Plaintiffs must provide all of the requested information known to them.  If plaintiffs do not know this information, they must say so and explain why.

### 5.  The Court Should Compel Further Responses to ROGs 8 and 14.

Interrogatories 8 and 14 seek the facts and legal theories that plaintiffs contend support allegations that they were trafficked to Mr. Crow and that he knew plaintiffs were forced into commercial sex.  The amended responses are incomplete because they do not disclose any legal theories despite being specifically asked to.[2]  Plaintiffs' amended responses are also vague and lack basic factual information that is within their personal knowledge.  For example, plaintiffs once again do not identify who the "attendees" were at events, who "forced" them to do referenced acts, or how Mr. Crow had any indication that their sex acts were commercial.[3]  Furthermore, Ms. Hubbard does not identify dates for any of the events she claims took place.  Plaintiffs should be required to provide all requested information known to them.  If plaintiffs do not know this information, they must say so and explain why.

### B.  Plaintiffs and Their Counsel Should be Ordered to Pay Expenses.

Rule 37 provides that if a motion to compel is granted or if the requested discovery is provided after the motion was filed, then "the court must" order payment of the the movant's reasonable expenses incurred in making the motion.  Fed. R. Civ. Proc. 37(a)(5)A).  Plaintiffs argue in response that they never promised to serve amended responses by March 22.  (Resp.

---

[2] Plaintiffs waived any objection to Mr. Crow's request for legal theories.  (See supra, § A.1.)  In any case, this objection is improper.  Simon v. State Farm Lloyds, at *4 (S.D. Tex. Apr. 9, 2015) (overruling objections to interrogatories requesting legal theories).

[3] Although Ms. Hubbard indicates in her amended response to interrogatory 8 that her husband Mr. Hubbard threatened her in various ways, even that is couched in terms of "included but not limited to" which suggests she is withholding additional responsive information.

(Dkt. 299) at 4.)  No exception to the mandatory sanctions requirement applies here.  See Fed. R. Civ. Proc. 37(a)(5)(A)(i)-(iii).  Plaintiffs have displayed a repeated practice of disregarding discovery obligations, including serving original responses and now amended responses that lack basic information within their personal knowledge, ignoring response deadlines, and serving amended responses after the motion to compel was filed.

Although Mr. Crow need not show prejudice, the record demonstrates it here.  He has been forced to incur substantial expenses conferring with plaintiffs and bringing this motion only for plaintiffs to continue withholding information known only to them, to serve amended responses that fail to address issues that their counsel promised would be fixed, and their discovery misconduct has delayed progress of Mr. Crow's defense to the outrageous claims made against him.  Mandatory sanctions should be entered against plaintiffs and their counsel.

## CONCLUSION

Mr. Crow respectfully requests an order compelling plaintiffs to serve further amended responses, without objections, to interrogatories 1, 2, 4, 8, 11 and 14, within ten calendar days of such order.  Mr. Crow further requests an order pursuant to Rule 37 requiring plaintiffs and their counsel to pay, jointly and severally, Mr. Crow's expenses incurred in bringing this motion, in an amount of at least $8,601.00, to also be paid within ten calendar days of such order.  (See Nichols Decl. (Dkt. 290-1) ¶ 13; Supp. Nichols Decl. ¶¶ 2-4.)  Finally, Mr. Crow requests an in-person hearing to address the pending discovery motions and discovery in general to avoid future issues.

DATED:  April 8, 2024                                            Respectfully submitted,

                                                                                        /s/ Gerald E. Hawxhurst
                                                                                       Gerald E. Hawxhurst
                                                                                       Texas State Bar No. 24090636
                                                                                       jerry@hawxhurstllp.com
                                                                                       HAWXHURST LLP

        1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: (512) 522-4995
Fax: (512) 522-4961

GRAY REED
  KENNETH C. STONE
  Texas Bar No. 19296300
  LONDON ENGLAND
  Texas Bar No. 24110313
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:   (214) 953-1332
Email: kstone@grayreed.com
       lengland@grayreed.com

*Attorneys for Defendant*
*Trammell S. Crow*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via ECF on April 8, 2024.

_____
Kyle Foltyn-Smith