Case 5:23-cv-00580-FB   Document 318   Filed 04/23/24   Page 1 of 12

FILED

APR 23 2024

CLERK, U S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____BT_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br> vs. <br><br> TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; COE JURACEK; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., <br><br> Defendants, <br><br> BALESTRIERE FARIELLO, <br><br> Intervenor. | Civil Action No. <br> SA-23-CA-580-FB |

**FIRST PLEA IN INTERVENTION BY BALESTRIERE FARIELLO**

Balestriere Fariello files, pursuant to Federal Rule of Civil Procedure 24(a)(2), this Plea in Intervention and shows the Court the following.

I.

## PARTIES AND SERVICE OF PROCESS

1. **Intervenor Balestriere Fariello** (the "Firm") is a professional limited liability company with its principal place of business in New York, New York.

2. **Respondent** Julia Hubbard is a resident of Fairfax, Virginia. Julia Hubbard may be served with process by serving counsel of record via the Court's CM/EMF system.

3. **Respondent** Kayla Goedinghaus is a resident of Fairfax, Virginia. Kayla Goedinghaus may be served with process by serving counsel of record via the Court's CM/EMF system.

II.

## FACTS

4. On June 7, 2022, Julia Hubbard ("Ms. Hubbard") retained the Firm as memorialized by a signed, written engagement agreement employing the Firm to represent her in connection with investigation and this eventual litigation.

5. On June 17, 2022, Julia Hubbard and the Firm jointly amended and executed a new Engagement Agreement ("Hubbard Engagement Agreement") to affirm joint representation by the Firm for her and Kayla Goedinghaus.

6. On June 9, 2022, Kayla Goedinghaus ("Ms. Goedinghaus") retained the Firm as memorialized by a signed, written Engagement Agreement ("Goedinghaus Engagement Agreement") employing the Firm to jointly represent her and Ms. Hubbard.

7. The Hubbard Engagement Agreement and the Goedinghaus Engagement Agreement include the basis for the charging of legal fees as a contingent percentage of any monetary recovery in the litigation by settlement, judgment, or otherwise. They

provide that Ms. Hubbard and Ms. Goedinghuas (together, the "Respondents") agree to pay the Firm a fee if the case results in a recovery of any kind.

8. The Engagement Agreements for the Respondents also provide them, and they agreed, that Balestriere Fariello has a charging lien to secure recovery of its fees and expenses in the matter, and that regardless of whether the Firm is counsel of record, and regardless of whether the relationship between the Respondent and the Firm is terminated, Balestriere Fariello would continue to have a claim for its attorney's fees, including its expenses incurred up to the time of termination. Moreover, as Respondents are proceeding under a statutory claim which has a fee shifting provision, Intervenor would have a right to seek fees under such a claim. 18 U.S. Code § 1595 (a)(2023).

9. While representing the Respondents for over a year and a half, Balestriere Fariello provided a host of legal services to the Respondents. During that time, the Firm devoted many hundreds of hours of work to service of the clients, performed by multiple lawyers and other staffers. Among other things, the Firm investigated, researched, counseled, negotiated, and finally filed complaints against 16 individuals and one corporation; drafted and filed 27 oppositions to Defendants' motions to dismiss; argued on behalf of Respondents in a hearing for the Court's order to show cause to transfer the case; saw the case transferred from the Central District Court of California to the Western District Court of Texas, where all motions to dismiss were denied; litigated a motion for default judgment; a motion for reconsideration; and took steps to coordinate a discovery schedule among all the parties that largely resembles the discovery schedule the parties presently operate under. Balestriere Fariello additionally incurred expenses for the Respondents' benefit. At the time of this filing, the Plaintiffs owe Balestriere Fariello

$18,003.05.

10. On February 6, 2024, Balestriere Fariello received emails from both Respondents informing the Firm that Respondents intended to terminate Balestriere Fariello and transfer their representation to former Firm lawyer, Matthew Schmidt ("Schmidt") of Schmidt Law Corporation. Respondents' discharge of Balestriere Fariello was without cause and on good terms.

11. Balestriere Fariello subsequently filed an unopposed motion to withdraw on February 8, 2024 (Unopposed Motion to Withdraw, Dkt. No. 276). This Court granted Balestriere Fariello's motions to withdraw on February 13, 2024 (Order Withdrawing, Dkt. No. 277). The Firm filed a notice of charging lien on March 5, 2024 (Notice of Charging Lien, Dkt. No. 284).

III.

CLAIM

12. Intervenor's interest in any monetary recovery arises from Engagement Agreements with Intervenor that Respondents signed providing for a fee for at least 37.5% of any monetary recovery Respondents may obtain in this litigation. An attorney's right to assert a lien against client property to ensure payment of professional fees has been recognized at common-law in Texas since the early eighteenth century. *See, e.g., Everett v. Alpha Portland Cement Co.*, 225 F. 931, 935 (2d Circ. 1915) (summarizing history of attorney liens). The charging lien that Respondents contractually agreed to in the Engagement Agreements applies to the proceeds of any recovery. The contractually agreed to charging lien protects the attorney's fees and expenses from the proceeds of any judgment, decree, or other order in Intervenor's favor entered or made in such proceeding.

4

13. Texas common law establishes charging liens as a way for attorneys to secure recovery of their fees and expenses. *See, e.g., Rotella v. Cutting*, No. 02-10- 00028-CV, 2011 WL 3836456, at *5 (Tex. App.—Fort Worth Aug. 31, 2011, no pet); *Tarrant Cty. Hosp. Dist. v. Jones*, 664 S.W.2d 191, 196 (Tex. App.—Fort Worth 1984, no pet). In Texas, when a client employs an attorney on a contingent-fee basis and then discharges the attorney without cause before the attorney completes the representation, the attorney may sue to enforce the contract and recover the amount of the contracted compensation from any monetary damages that the client subsequently recovers. *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 561 (Tex. 2006) (citing *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 847 (Tex. 1969)). The ability of an attorney discharged without cause to recover for the services he rendered dates back at least as far as 1855. *Myers v. Crockett*, 14 Tex. 257 (1855). Respondents discharged Balestriere Fariello without cause.

14. Pursuant to the Hubbard Engagement Agreement and the Goedinghaus Engagement Agreement, New York law is the choice of law governing these contracts. In New York, a charging lien is a created by a statute pursuant to Judiciary Law §475. This law maintains that from the provision of services at any point in a dispute, the attorney appearing for a party has a lien upon their client's cause of action which attaches to the final outcome in their client's favor, which cannot be affected by any settlement following the initiation of provision of services. If a client retains an attorney and proceeds to discharge the attorney without cause, the attorney may additionally bring a plenary action in quantum meruit in addition to asserting a charging lien to obtain judgment for reasonable value of their services. *Butler, Fitzgerald & Potter v. Gelmin*, 235 A.D. 2d 218, 219 (1st Dep't 1997). Again, Respondents discharged Balestriere Fariello without cause.

15. Disposition of the case through a negotiated agreement or eventual judgment enforcement will almost certainly involve payment of a monetary recovery to Respondents. In that event, it could become difficult, if not impossible, for Intervenor to recover its fees. This is particularly the case here since the Firm has attempted to negotiate an agreement regarding the Firm's fee interest with current Respondents' counsel but has been unable to do so.

16. Respondents have no incentive to protect Balestriere Fariello's interest in any monetary recovery they obtain in this matter because it will likely reduce their net recovery. That is because Respondents have hired replacement counsel who they will compensate, very likely from a share of any recovery.

17. Indeed, when negotiations regarding an agreement on the Firm's fee interest broke down, Intervenor reviewed the file and discovered inaccurate statements regarding the Firm made by Respondents' current counsel. Specifically, Respondents' counsel asserted the following:

   a. "Plaintiffs are currently transitioning to new counsel following terminating their prior counsel for cause…." (Plaintiffs' Opposition to Motion to Compel, Dkt. No. 298 at 1).
   b. "The transition . . . was complicated in numerous ways by prior counsel, including refusal to turn over case files; errors as to the completeness of what case documents were exchanged; inference [sic] in litigation funding which prior counsel had begun steps toward…." (Plaintiffs' Opposition to Motion to Compel, Dkt. No. 298 at 1).

18. These assertions are not true. Respondents' discharge of Balestriere Fariello was without cause. Respondents and their counsel have all the documents which could be responsive to any Defendants' document demands regarding this matter that the Firm may also have. The Firm is not aware of any "errors as to the completeness of what case documents were exchanged." The Firm has not interfered with any litigation funding.[1]

19. The Defendants – who are vigorously defending this suit and disclaiming any liability - similarly have no incentive to protect Balestriere Fariello's contingent fee interest in the recovery. In fact, if the matter is resolved through a negotiated agreement either before or after a judgment, consistent with standard practice in litigation settlements, Defendants would likely want Plaintiffs to assume all responsibility for any party claiming an interest in the settlement funds. As such, Defendants have no incentive to protect Balestriere Fariello's interests in the recovery, and now Respondents' financial interests conflict with Balestriere Fariello's as well.

## IV.

## PRAYER

WHEREFORE, Intervenor requests citation and service be made as requested, and that the Court award directly to Intervenor the current amount owed, and its share of any settlement, verdict, or other recovery to be paid by Defendants or judgment awarded against Defendants, in addition to such other and further relief to which Intervenor may be entitled at law or in equity.

---

[1] Intervenor can provide further documentation to support these assertions, ideally *in camera*, if the Court requires.

Dated: April 19, 2024

By: _____
John G. Balestriere
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:    (212) 374-5401
Facsimile:     (212) 208-2613
john.balestriere@balestrierefariello.com
*Attorney for Balestriere Fariello*
*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2024, a copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record using the CM/ECF system.

By: _____
John G. Balestriere

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>Plaintiffs,<br>vs.<br><br>TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; COE JURACEK; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC.,<br><br>Defendants.<br><br>BALESTRIERE FARIELLO,<br><br>Intervenor. | Civil Action No.<br>SA-23-CA-580-FB |

**[PROPOSED] ORDER GRANTING FORMER PLAINTIFF'S COUNSEL**

**INTERVENOR STATUS**

WHEREAS Balestriere Fariello (the "Firm") was counsel of record for Julia Hubbard ("Ms. Hubbard") in this action from June 7, 2022, to February 13, 2024;

WHEREAS Balestriere Fariello (the "Firm") was counsel of record for Kayla Goedinghaus ("Ms. Goedinghaus") in this action from June 9, 2022, to February 13, 2024;

1

WHEREAS this Court granted the Firm's unopposed motion to withdraw on February 13, 2024;

WHEREAS the Firm filed a notice of charging lien to this Court on March 5, 2024;

**IT IS NOW, THEREFORE, ORDERED THAT:**

The law Firm of Balestriere Fariello is permitted to intervene in this action, pursuant to Fed. R. Civ. P. 24.

IT IS SO ORDERED.

Dated: April __, 2024

By: _____
THE HONORABLE FRED BIERY
UNITED STATES DISTRICT JUDGE

