IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, KAYLA GOEDINGHAUS, | § § § § § § | |
| *Plaintiffs,* | § § | SA-23-CV-00580-FB |
| vs. | § § | |
| TRAMMELL S CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, CODY MITCHELL, KURT KNEWITZ, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASEY GROVER, RICHARD BUTLER, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., AARON BURLINGAME, | § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is the above-styled cause of action. On March 24, 2024, Defendant Trammell S. Crow, Jr., filed an Opposed Motion to Compel Amended Responses to Interrogatories and for an Award of the Expenses Incurred in Bringing this Motion [#296]. Defendant Crow then filed an Opposed Motion to Compel Production of Documents on March 25, 2024 [#297]. On April 9, 2024, the Court referred both motions to the undersigned for determination and ruling under 28 U.S.C. § 636 and Local Rule CV-72, Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. The undersigned held a hearing on the motions on April 25, 2024, at which counsel for Plaintiffs, Defendant Crow,

Defendant Miller, Defendant Woods, Defendant Juracek, Defendant Mitchell, Defendant Pruitt, Defendant Grover, and Defendant RCI Hospitality Holdings, Inc. appeared via Zoom. Having considered the motions [#296, #297], the responses thereto [#298, #299], the replies in support [#307, #310], the parties' joint advisory [#317], and arguments of counsel at the hearing, the Court now enters this written order confirming the oral rulings it issued during the hearing.

## Background

This case was transferred to the Western District of Texas on May 5, 2023, from the United States District Court for the Central District of California. On March 21, 2024, Plaintiffs filed their Second Amended Complaint [#292], in which they allege causes of action for sex trafficking under 18 U.S.C. § 1591(a), labor trafficking under 18 U.S.C. § 1589, racketeering under 18 U.S.C. § 1962(c), and RICO conspiracy under 18 U.S.C. § 1962(c). Plaintiffs assert that Defendant Richard Hubbard ran a sex and labor trafficking venture for his financial gain. (Second Am. Compl. [#292], at 2, ¶ 1.) Plaintiffs further assert that Defendant Trammell S. Crow, Jr. provided the necessary financial assistance to enable the venture. (Second Am. Compl. [#292], at 2, ¶ 1.) The deadline to complete discovery under the operative scheduling order is January 21, 2025 [#319].

## Motions to Compel

Defendant Crow has filed motions to compel seeking to obtain production in the format agreed to by the parties and to promptly supplement incomplete document production and interrogatory responses. Defendant Crow also seeks an award of attorney's fees under Federal Rule of Civil Procedure Rule 37(a)(5). At the hearing, the Court heard arguments from both sides which clarified the scope of issues in dispute. The Court notes that certain of the requests

and interrogatory disputes were resolved at the hearing with no further action necessary. Those resolutions are not discussed in this Order but are documented in the hearing record.

Federal Rule of Civil Procedure Rule 37 governs motions to compel. A party may move to compel an answer or production if a party fails to answer an interrogatory or produce documents. Fed. R. Civ. P. 37(a)(3)(B). Moreover, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden to show that the materials and information sought are within the scope of Rule 26. Once the moving party establishes that the materials requested fall within the scope of discovery, the burden shifts to the nonmovant to show "how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018).

**Motion to Compel Amended Responses to Interrogatories [#296].** Defendant Crow's first motion to compel [#296] seeks to obtain amended responses to interrogatories 1, 2, 4, 8, 11, 14. Those interrogatories concern information regarding allegations that certain persons benefitted from the alleged sex trafficking venture; the number, location, dates, and attendees of the alleged sex parties and other gatherings at which the alleged misconduct occurred; and facts and theories that support the allegation that the defendants engaged in sex- and labor- trafficking. At the hearing, the Court examined Plaintiffs' most recently amended responses to Defendant Crow's interrogatories, which the Plaintiffs explained were produced a few hours after the Defendant filed his motion. (Ex. A Pl. Kayla Goerdinghaus's First Am. Response to Def. Crow's First Set of Interrogatories [#299-1], at 5) (Ex. A Pl. Julia Hubbard's First Am. Response to Def. Crow's First Set of Interrogatories [#299-1], at 26.) Plaintiffs stipulated on record at the hearing

3

that they are not withholding any information in response to the interrogatories and in relation to objections they included in response to those interrogatories, such as in their response to interrogatory 2. Based on the amended responses and the Court's review thereof, the Court determined the amended responses are adequate. The Court did, however, order the Plaintiffs to withdraw their general objections to interrogatory 2 (*e.g.*, objections that the interrogatory was "vague, overbroad, and unduly burdensome").

**Motion to Compel Production of Documents.** As was noted at the hearing by the Court, Plaintiffs lodged no objections to the requests for production, and they do not purport to be withholding documents subject to any objections. Defendant Crow clarified that the relief he seeks in his motion is for Plaintiffs to be ordered to identify by Bates number the documents that are responsive to each request for production. That is indeed what is required of Plaintiffs. Defendant Crow also requests that Plaintiffs be ordered to produce the documents in the format described in the document requests. Defendant Crow also questioned whether Plaintiffs have produced all documents responsive to the request given that certain items have been discussed by Plaintiffs elsewhere—including a diary that was posted about online—would be responsive but have not been produced.

During the hearing, counsel for Plaintiffs confirmed he understands Plaintiffs' discovery obligations, had relayed those obligations to the Plaintiffs, and has produced the responsive material that Plaintiffs currently have in their possession, except for social media and text messages, which are currently being processed.

The Court ordered the Plaintiffs to (1) reproduce the discovery in the format identified by Defendant's request, and (2) identify which documents (by Bates number) are responsive to each request for production for this reproduction and any supplemental production(s).

**Attorney's Fees**. Defendant Crow's motions also requested the award of attorney's fees under Federal Rule of Civil Procedure Rule 37(a)(5). The Court now denies that request, finding that the motions and subsequent hearing were necessary to resolve legitimate disputes between the parties. Thus,

**IT IS THEREFORE ORDERED** that Defendant Crow's Opposed Motion to Compel Amended Responses to Interrogatories and For an Award of the Expenses Incurred in Bringing this Motion [#296] and Opposed Motion to Compel Production of Documents on March 25, 2024 [#297] are **GRANTED IN PART** as follows**:**

- Plaintiffs must **WITHDRAW** their general objections to interrogatory 2 insofar as the objection asserts it was "vague, overbroad, and unduly burdensome";
- Plaintiffs must **REPRODUCE** all previously produced discovery in the format identified by Defendant's request and as described during the hearing; and
- Plaintiffs must identify (by Bates number) the documents that are responsive to each request for production for this initial reproduction and any supplemental production(s).

**IT IS FURTHER ORDERED** that all other relief requested not granted expressly herein is **DENIED**.

SIGNED this 2nd day of May, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE