# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>             Plaintiffs,<br><br>vs.<br><br>TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; COE JURACEK; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC.,<br><br>             Defendants.<br><br>BALESTRIERE FARIELLO,<br><br>             Intervenor. | **Civil Action No.**<br>**SA-23-CA-580-FB** |

# REPLY IN SUPPORT OF FIRST PLEA IN INTERVENTION BY BALESTRIERE FARIELLO

# **TABLE OF AUTHORITIES**

**Cases**

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) ................................................................................................... 2

*Gaines v. Dixie Carriers, Inc.*,
  434 F. 2d 52 (5th Cir. 1970) ................................................................................................... 1

*Grumpy, Inc. v. Unidentified*,
  No. 95-30252, 1996 U.S. App. LEXIS 45256 (5th Cir. Feb. 12, 1996) ................................. 1, 2

*Sofidiya v. Tex. S. Univ.*,
  No. 4:19-CV-2221, 2021 WL 4228896 (S.D. Tex. Apr. 13, 2021) ............................................. 2

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972) ................................................................................................................ 2

## PRELIMINARY STATEMENT[1]

The Petition should be granted. Plaintiffs Julia Hubbard and Kayla Goedinghaus appear to be taking the position in their opposition papers (Dkt. Nos. 327, 327-1, 327-2) that the fee interest of Balestriere Fariello in the matter is adequately protected by the assertion of its charging lien. Given this – and that no Defendant has come forward to argue against the Firm's First Plea in Intervention – then there are no issues with simply allowing the Firm to intervene for the sole and very limited purpose of ensuring its fee interest for nearly two years of loyal service to its former clients (who now are claiming that they terminated the Firm for cause) continues to be protected.

## ARGUMENT

The Firm does not accept the Respondents' factual assertions regarding termination for cause, or litigation funding, or anything else (and evidence supporting the Firm's right to fees will be provided when and where appropriate, or at any time this Court orders, ideally *in camera*). The Firm also does not accept Respondents' recitation of applicable law. Contrary to what Respondents argue, *Gaines v. Dixie Carriers, Inc.*, 434 F. 2d 52 (5th Cir. 1970) applies, and Respondents cite to authority which provides that "lawyers with fee contracts that are contingent on recovery typically have a direct interest in the proceeds of any judgment or settlement obtained." *Grumpy, Inc. v. Unidentified*, No. 95-30252, 1996 U.S. App. LEXIS 45256, at *9 (5th Cir. Feb. 12, 1996). In *Grumpy*, the Fifth Circuit only declined to extend *Gaines* where the attorney's claim of interest was "at least one step removed from

---

[1] All terms are as defined in Balestriere Fariello's First Plea in Intervention (Dkt. No. 318, dated April 19, 2024) unless otherwise defined here.

1

the interest asserted by the attorneys in the *Gaines* line of cases" where he sought an interest in a recovery for an *in rem* salvage action where the retainer agreement did not give the attorney a real or property interest in the salvage itself. Here, the Firm's interest in fact does arise from a contingency agreement for recovery of the proceeds, thus *Grumpy* is not effective in this matter.

Likewise, *Sofidiya v. Tex. S. Univ.*, No. 4:19-CV-2221, 2021 WL 4228896 (S.D. Tex. Apr. 13, 2021) is inapplicable. In *Sofidiya*, the plaintiff never signed a contingency fee contract. Plaintiffs' attorney, Jennings, filed her motion to intervene at least seven months after she first realized no signed contingent fee contract existed. Further, the parties amicably resolved the case in a settlement agreement and filed joint dismissal papers. The plaintiff and defendant agreed to settle the case without the payment of attorneys' fees. Thus, Jenning's did not possess the type of legally protected interest needed to satisfy the requirements for intervention of right.

Moreover, the Firm has shown that it has an interest in this matter which is not represented by Respondents due to "adversity of interest, collusion, or nonfeasance on the part of the existing party." *See Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). The Supreme Court has decided "[this] requirement . . . is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Edwards,* (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972)). Here, there unfortunately is adversity of interest between the Firm and its former clients with respect to the Firm's interest in the contingency fee shown at the very least by Respondents' new assertion that they terminated the Firm for cause, contrary to the Firm's position.

But the Firm does agree with what seems to be Respondents' point that this Court does not need now to resolve any substantive issues regarding the Firm's fee interest, including which forum is appropriate to resolve any dispute if there cannot be an agreement at the time of any recovery, if there is a recovery. The Firm simply seeks to be protected given the currently unfortunately antagonistic state between the Firm and its former clients and their counsel.

## PRAYER

The Firm respectfully requests that its Petition be granted.

Dated: May 10, 2024

By: _____
John G. Balestriere*
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:   (212) 374-5401
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
*Attorney for Balestriere Fariello*
*Admitted pro hac vice

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2024, a copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record using the CM/ECF system.

By: _____
         John G. Balestriere