IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § | |
| TRAMMELL S. CROW, JR., *et al.* | § § | Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |
| Defendants. | § § § | |

**ORDER GRANTING AGREED MOTION FOR PROTECTIVE ORDER AND ENTRY OF AGREED CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the Court is the Agreed Motion for Protective Order (hereinafter "Protective Order or Order") filed on _____, 2024 (Dkt. _____). Based on the parties' submissions and the record in this matter, the Court finds that disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, a Protective Order for such information is justified in this matter:

- to expedite the flow of information;

- to facilitate the prompt resolution of disputes over confidentiality of discovery materials;

- to adequately protect information the parties are entitled to keep confidential or which is of a highly sensitive nature;

- to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial;

- to address the handling of confidential materials at the end of the litigation; and

- to serve the ends of justice.

This Protective Order does not confer blanket protections on all disclosures of responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential.

After careful consideration, IT IS HEREBY ORDERED that the Agreed Motion for Protective Order (Dkt. _) is GRANTED, and the Court ORDERS the following:

1. **Confidential Information**

"Confidential information" means any information of any type, kind, or character that is designated as "Confidential" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during discovery, or otherwise.

2. **Challenging Party**
   "Challenging Party" means a Party or Nonparty that challenges the designation of information or items under this Protective Order.

3. **Designating Party**
   "Designating Party" means a Party or Nonparty that designates information or items that it produced in disclosures or in responses to discovery as "Confidential."

4. **Expert or Consultant**
   "Expert or Consultant" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this matter.

5. **Qualified Persons**

"Qualified Persons" means:

   a. the party, if a natural person;

   b. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, by their receipt of Confidential information, are bound by the terms of this Protective Order;

   c. retained counsel for the parties in this litigation and their respective staff;

d.  this Court and its staff and any other tribunal, special master, or dispute resolution officer duly appointed or assigned in connection with this litigation;

e.  actual or potential independent Experts or Consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who have signed Exhibit A in advance of receipt, and subject to the advance approval of such Expert or Consultant by the Designating Party or by permission of the Court.

f.  However, before an Expert or Consultant may be shown any Confidential information, the party who has engaged the Expert or Consultant must first provide the Designating Party with the Expert or Consultant's full name and current curriculum vitae and identifying the general categories of information designated as Confidential that the engaging party seeks permission to disclose to the Expert or Consultant. Any objection by the Designating Party must be made in writing within fourteen days following receipt of the identification of the Expert or Consultant. If no objection is made within fourteen days, the Expert or Consultant may receive the identified categories of information designated as Confidential, subject to the terms of this Protective Order. The Designating Party's approval must not be unreasonably withheld.;

g.  jury and trial consultants and their staff and mock jurors who, by their receipt of Confidential information are bound by the terms of this Protective Order;

h.  litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel;

i.  any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy;

j.  any person deposed in this matter who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy; and

k.  such other person or persons as this Court may designate after notice and an opportunity to be heard.

**6.     Designation Criteria**

a.     A party shall designate as "Confidential" only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

Information and documents that may be designated as Confidential information include, but are not limited to, confidential or proprietary financial information, photographs and videos of a sexual nature or which include graphic, intimate, or personal images or data (including information implicating privacy rights of third parties), medical records, personal information that is protected by law, confidential business practices, and other sensitive information that, if not restricted as set forth in this Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Confidential information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b.     Confidential information shall not include information that either:

   i.   is in the public domain at the time of disclosure, as evidenced by a written document;

   ii.  becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

   iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

   iv.  lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

    **7.**    **Use of Confidential Information**

All Confidential information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms of this Order. Without limiting the scope of persons bound by this Order, all parties to this lawsuit are by the Order.

    **8.**    **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Confidential information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential." The designation should be made in a fashion or form that is conspicuous yet allows the Confidential information to remain legible. In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

    **9.**    **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential information by indicating on the record at the deposition that the testimony is "Confidential."

Any party also may designate information disclosed at a deposition as Confidential information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential information. All deposition transcripts shall be treated as Confidential information for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential information is being used or discussed.

10. **Disclosure to Qualified Persons**

Confidential information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction. But if a disclosure is compelled by law or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, before making such disclosure). The receiving party shall seek a protective order or confidential treatment of such information or cooperate with the producing party to protect the information.

11. **Unintentional Disclosures**

Documents unintentionally produced without designation as Confidential information later may be designated and shall be treated as Confidential information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent

disclosure by each unauthorized person who received such information.

### 12. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as Confidential information during inspection. At the time of copying for the receiving parties, Confidential information shall be marked prominently "Confidential" by the producing party.

### 13. Consent to Disclosure and Use in Examination

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each party designating the information as Confidential information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Order prevent any counsel of record from utilizing Confidential information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential information, irrespective of which party produced such information.

### 14. Challenging the Designation of Confidential Information

A party shall not be obligated to challenge the propriety of a designation Confidential information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential information unless the Court orders otherwise. Failure to move for an order

shall constitute a termination of the status of such item as Confidential information.

15.     **Challenging Release of Confidential Information to Qualified Persons**

In the event that any party in good faith believes that a particular Qualified Person or the disclosure of particular Confidential information to such person should be precluded, the objecting party shall give written notice to the opposing party, and the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party shall have 21 days from the date of the written notice to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Confidential information. The objecting party shall demonstrate that disclosure to the disputed person would expose the objecting party to a substantial risk of harm. Upon the timely filing of such a motion, no disclosure of Confidential information shall be made to the disputed person unless the Court enters an order preserving the designation.

16.     **Manner of Use in Proceedings**

In the event a party wishes to use any Confidential information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following:  (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

Nothing in this Order shall limit the parties' rights or ability to offer evidence at a hearing or trial.  The manner of using any Confidential information at a hearing or trial and the status of Confidential information resulting from any such use will be determined by the Court. However, all parties intending to introduce Confidential information at a hearing or trial shall notify the

Court and all parties prior to introducing the exhibit and offer the responding parties and the Court a reasonable opportunity to request the courtroom be sealed or otherwise control or limit how the exhibit is displayed.

17. **Filing Under Seal**

Unless otherwise agreed by the producing party, all Confidential information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that discloses Confidential information, shall be filed under seal.

The Clerk of Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Confidential information by any party to this litigation consistent with the sealing requirements of the Court.

18. **Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential information.

19. **Ongoing Obligations**

In light of the privacy interests of litigants and third parties who may be affected by the disclosure of personal records related to their personal finances, history of abuse, sexual history,

accusations of abuse, and other private matters such as medical records, insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, such provisions shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, Protective Order.

20. **Duty to Ensure Compliance**

Any party providing Confidential information to a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

21. **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work-product protection is waived by disclosure connected with this litigation.

22. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____.

    My current employer is _____.

    My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

    I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

It is so ORDERED.

SIGNED this _____ day of_____, 2024.

By:_____