UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § | |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; COE JURACEK; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., | § § § § § § § § § § § § § § § | Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |
| Defendants. | § § | |

**TRAMMELL S. CROW'S EXPEDITED OPPOSED MOTION TO COMPEL PLAINTIFFS' FULL COMPLIANCE WITH PREVIOUSLY ORDERED REPRODUCTION AND DOCUMENT IDENTIFICATIONS [DKT. 325] AND FOR FURTHER PRODUCTION OF DOCUMENTS**

Defendant Trammell S. Crow, by and through his undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) for an order compelling Plaintiffs Julia Hubbard and Kayla Goedinghaus, within 10 days of the Court's ruling on the motion, to fully comply with the Court's previous order that specifically commanded Plaintiffs to "reproduce all previously produced discovery" and "identify (by Bates number) the documents that are responsive to each request for production."  (Order (Dkt. 325) at 4.)  Mr. Crow also requests that the Court order Plaintiffs, within 10 days of the Court's ruling on the motion, to produce documents in their possession, custody or control that were not previously produced and are responsive to requests for production served pursuant to Federal Rule of Civil Procedure 34, such as text messages, social media, and materials contained in links for Dropbox and other database links that were embedded in previously produced documents but that were not themselves produced.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Mr. Crow also requests that the Court order Plaintiffs and their counsel to pay, jointly and severally, the reasonable expenses, including attorneys' fees, incurred by Mr. Crow in making this motion.

Mr. Crow further requests that this motion be determined on an expedited basis because the sought relief concerns discovery that Mr. Crow has been actively pursuing from Plaintiffs for more than six months and that the Court previously ordered Plaintiffs to produce.

## SUMMARY OF ARGUMENT

It has been more than a month since the Court ordered Plaintiffs to reproduce all materials in the proper format and identify which documents are responsive to each request. Despite multiple requests from counsel for Mr. Crow that they comply with the Order, Plaintiffs have not done so and will not commit to a date by which they will comply.  Meanwhile, Plaintiffs have been busy pursuing discovery against Mr. Crow and the other Defendants.  This is

fundamentally unfair and surely not what the Court contemplated when granted Mr. Crow's previous motion to compel and entered the Order.  In addition, despite their representations to the contrary during the last discovery hearing, Plaintiffs have since disclosed that they possess additional responsive materials that have not been produced.  Despite multiple requests, Plaintiffs will not commit to a date by which they will produce the new materials.

Plaintiffs' failure to reproduce their materials in the correct form and identify what materials are responsive to each request within a reasonable time is in clear contravention of their obligations to comply with the Order.  Mr. Crow respectfully requests an order compelling them, within 10 days of the Court's ruling on the motion, to fully comply with the Order and also produce all documents in their possession, custody or control that were not previously produced and awarding Mr. Crow the expenses incurred in bringing this motion.

## **RELEVANT BACKGROUND**[1]

On December 22, 2023, Mr. Crow served requests for production to each plaintiff.  (See Requests (Hawxhurst Decl. (Dkt. 297-1), Exs. A, B).)  On March 25, 2024, after months of Plaintiffs' delay and broken promises, Mr. Crow filed a motion to compel production of documents.  (Mot. (Dkt. 297).)  During the hearing on the motion on April 25, 2024, Judge Chestney ordered Plaintiffs to reproduce all their previously produced materials in the format identified by Mr. Crow's requests and to identify which documents (by Bates number) are responsive to each request for production.  (Order (Dkt. 325) at 4.)  On May 2, 2024, the Court entered a formal written order granting the motion ("Order") that specifically ordered that:

- "Plaintiffs must REPRODUCE all previously produced discovery in the format identified by Defendant's request and as described during the hearing; and

---

[1] Unless stated otherwise, all emphasis is added, and internal quotations and citations are omitted.

- Plaintiffs must identify (by Bates number) the documents that are responsive to each request for production for this initial reproduction and any supplemental production(s)." (Id. at 5.)

Since then, counsel for Mr. Crow has requested several times that counsel for Plaintiffs provide a date certain by which they will comply with the Order:

- On May 8, counsel for Mr. Crow asked counsel for Plaintiffs when they could expect Plaintiffs to comply with the Order because Plaintiffs had represented to the Court during the hearing that it would be done "right away," and if that was not the case to let counsel for Mr. Crow know so they could request a compliance deadline from the Court.  (Emails, 5/8/2024-5/29/2024 (Hawxhurst Decl., Ex. A) at 8.)

- On May 13 and 14, counsel for Plaintiffs represented that they were "on track to produce [materials] later th[at] week," and that they would "first produce the text messages and social media, followed shortly by the re-production of the previously produced documents."  (Id. at 6-7.)

- Nothing was produced later that week, so on May 21 counsel for Mr. Crow wrote to remind counsel for Plaintiffs that they needed to comply with the Order and that Mr. Crow would file a motion if Plaintiffs did not comply with the Order forthwith.  (Id. at 5.)

- On May 27, counsel for Mr. Crow again asked when Plaintiffs would make the production.  (Id. at 3.)  Counsel for Plaintiffs responded that new text messages could be produced as early as that day, other new documents and the reproduction would be "complete in a further day or two," and that Plaintiffs would "be noting which RFP such documents are responsive to."  (Id.)

- On May 29, counsel for Mr. Crow requested "a date certain for the compliant production." (Id. at 1.) Counsel for Plaintiffs responded that same day: "It is a fair question; let me consult with my team on status all around and get back to you to confirm." (Id.)

More than a month has passed since the Court first ordered Plaintiffs to reproduce all materials in the proper format and identify which documents are responsive to each request, but Plaintiffs have not done so and have not committed to a date by which they intend to comply with the Order. (Hawxhurst Decl. ¶ 2.) Worse yet, Plaintiffs are pursuing discovery against Mr. Crow and the other Defendants while at the same time delaying their compliance with the Order. For example, after the Court ordered them to reproduce their documents, Plaintiffs took time to serve requests for production on Mr. Crow and other Defendants instead of reproducing their documents in the proper form. (Id. ¶ 4.)

In addition, in the course of the parties' post-hearing discussions, counsel for Plaintiffs agreed to produce additional categories of responsive documents that are in Plaintiffs' possession, custody or control, including text messages, social media and materials contained in links for Dropbox and other database links that were embedded in previously produced documents but that were not themselves produced. (See generally Emails, 5/8/2024-5/29/2024 (Hawxhurst Decl., Ex. A).) Again, Plaintiffs have not produced those materials or committed to a date by which they will do so.

## ARGUMENT

**A.    Despite More than a Month Since the Hearing, Plaintiffs Have Not Complied with the Court's Order.**

Where "a party fails to produce documents," a motion to compel is proper. Fed. R. Civ. Proc. 37(a)(2)(iv). The party resisting discovery must show specifically how the discovery is

objectionable.  See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).

Because the Order did not specify a specific compliance deadline, Plaintiffs were required to comply with the Order "within a reasonable time."  United States v. Petal, 464 F. App'x 342 (5th Cir. 2012).  Plaintiffs were capable of reproducing all previously produced documents the day the Order was entered but have not done so.  There is no excuse for the delay; Plaintiffs have  exceeded a "reasonable time" by any measure.  This unfairly prejudices Mr. Crow and other Defendants who are unable to fully proceed with discovery while they await Plaintiffs' compliance with the Order.

Courts are empowered to order a date certain by which a party must comply with an order to reproduce or produce documents in discovery.  See Q2 Software, Inc. v. Radius Bank, 2020 WL 129105, at *2 (W.D. Tex. Jan. 10, 2020) (compelling party to complete its production within seven days where it had failed to abide by agreed-to production date); Ferguson v. Sw. Reg'l PCR, LLC, 2023 WL 4938091, at *9 (N.D. Tex. June 22, 2023) (compelling party to reproduce documents and make complete production in compliance with the parties' agreed protocol within seven days of the order).  Under the circumstances, the Court should enter an order compelling Plaintiffs to fully comply with the Order and produce all documents in their possession, custody or control that were not previously produced within 10 days of the Court's ruling on the motion.

**B.     Plaintiffs and Their Counsel Should be Ordered to Pay Expenses.**

Where a motion to compel is granted or if the disclosure of the requested information is provided after the motion is filed,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the conduct, . . . or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. Proc. 37(a)(5)(A).  Mr. Crow respectfully requests that the Court order plaintiffs and

their counsel to pay, jointly and severally, Mr. Crow's reasonable expenses incurred in making this motion in the amount of $1,205.00.  (Hawxhurst Decl. ¶¶ 5-7.)[2]

## CONCLUSION

For the foregoing reasons, the court should grant the motion and enter an order compelling Plaintiffs, within 10 days of the Court's ruling on the motion, to fully comply with the Order and "reproduce all previously produced discovery" and "identify (by Bates number) the documents that are responsive to each request for production."  The order should also require Plaintiffs, within 10 days of the Court's ruling on the motion, to produce documents in their possession, custody or control that were not previously produced and are responsive to requests for production served pursuant to Federal Rule of Civil Procedure 34, such as text messages, social media, and materials contained in links for Dropbox and other database links that were embedded in previously produced documents but that were not themselves produced.  Finally, pursuant to Rule 37 it should order Plaintiffs and their counsel to pay, jointly and severally, Mr. Crow's expenses incurred in bringing this motion, in an amount of $1,205.00, to also be paid within ten calendar days of such order.

DATED:  June 5, 2024                                    Respectfully submitted,

*/s/ Gerald E. Hawxhurst*
Gerald E. Hawxhurst
Texas State Bar No. 24090636
jerry@hawxhurstllp.com
HAWXHURST LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746

---

[2] Sanctions are not mandatory only where the respondent can demonstrate that the movant did not make a good faith effort to resolve the dispute, their non-disclosure was substantially justified, or other circumstances make a monetary award unjust.  See Fed. R. Civ. Proc. 37(a)(5)(A)(i)-(iii).  No exception applies here.  Plaintiffs have not complied with the Order within a reasonable time and refuse to commit to a date by which they will do so.  (Hawxhurst Decl. ¶ 2.)

                                                                                     _____
Tel: (512) 522-4995
Fax: (512) 522-4961

GRAY REED
   KENNETH C. STONE
   Texas Bar No. 19296300
   LONDON ENGLAND
   Texas Bar No. 24110313
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:  kstone@grayreed.com
         lengland@grayreed.com

*Attorneys for Defendant*
*Trammell S. Crow*

# CERTIFICATE OF CONFERENCE

      Over multiple weeks, counsel for Mr. Crow conferred with counsel for Plaintiffs several times in a good faith attempt to resolve the subject matter of this motion.  Counsel for Plaintiffs has represented that they will comply with the Order but have not done so and will not agree to a date certain by which they will comply with the Order and produce additional materials in their possession, custody and control.  Accordingly, Mr. Crow has sought the Court's intervention to compel Plaintiffs to comply with the Order and produce responsive documents by a date certain.

                                                         */s/ Gerald E. Hawxhurst*
                                                         Gerald E. Hawxhurst

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on June 5, 2024, on all counsel of record via ECF and Defendant Phil Ecob (pro se) via U.S. Mail at the following address:

2215 Cedar Springs Road, Apt. 1414
Dallas, Texas 75201.

_____
Kyle Foltyn-Smith