UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Matthew W. Schmidt*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone: (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>        Plaintiffs,<br><br>v.<br><br>TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUIT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:23-cv-00580-FB<br><br>Judge: Hon. Fred Biery<br>Hon. Elizabeth S. Chestney<br>(Referred)<br>Date Action Filed: May 8, 2023<br>(transferred) |

**PLAINTIFFS' OPPOSITION TO TRAMMEL S. CROW JR.'S MOTION TO COMPEL**

**PRELIMINARY STATEMENT**

The Court should deny the Motion to Compel Production of Documents (the "Motion") of Defendant Trammel S. Crow ("Crow"), which is not necessary, made without sufficient attempts to resolve any issues between counsel, and will hopefully be moot before Crow's Motion is even heard.

Plaintiffs have, as they have explained to Defendant Crow, been endeavoring to complete their productions of text messages and social media messages but encountered several technical issues which, while were resolved, delayed their review and production, including a loss of phone encryption password. Then, Plaintiff Julia Hubbard's laptop computer was damaged in an accident on May 29—destroying its battery and power source without loss of any data—causing her to be without a personal laptop for nearly two weeks until June 11, 2024 (and taking counsel's time in assisting her with related issues). However, this issue is now resolved and Plaintiffs expect to complete their productions by Friday, June 21, 2024.

While Plaintiffs regret the delays and wish to complete discovery expediently, they are not delaying the overall course of discovery in this action and Plaintiffs are still on track to complete their productions before the majority of Defendants' paper discovery in this action. Defendant Crow has not yet provided responses and objections to Plaintiffs' document demands (as Plaintiffs agreed to an extension to June 14, 2024, given weather conditions in Dallas), and multiple Defendants have indicated that they intend to complete their productions by the middle of or end of summer (including by July 31 for Defendant Eller and by August 28 for Defendants Mayer).

As emails show, Plaintiffs have promptly kept Defendants apprised of status when asked—Plaintiffs' provided their last update the same day as Hubbard's computer accident, and was waiting for Hubbard to have an update on when she could repair or replace her laptop; Crow's counsel did not inquire further before simply bringing the Motion.

1

Given all this, Defendant Crow's Motion is unnecessary and serves only to unnecessarily take the time of both the Court and Plaintiffs' counsel's time and resources from completing its remaining productions. Defendant Crow's Motion should respectfully be denied.

## STATEMENT OF FACTS

The Court on May 2, 2024, Ordered Plaintiffs to produce remaining responsive documents. (Dkt. No. 325.) As Plaintiffs' counsel explained at hearing on April 25, 2024, Plaintiffs hoped to complete production of text messages by May 3. However, as Plaintiffs' counsel subsequently explained to Crow's counsel, Plaintiffs encountered a number of technical issues in extracting and reviewing the thousands of text and social media messages across Plaintiffs' devices and accounts. (Ex. A at 3.) While Plaintiffs resolved these technical issues in later May, shortly after, Plaintiff Hubbard had an accident with her computer which prevented her from assisting with review of documents. (Declaration of Julia Hubbard ("Hubbard Decl.") at ¶ 2.) Due to Hubbard's financial situation, she did not know exactly when she would be able to replace her laptop—which she eventually did two weeks later, yesterday, on June 11, 2024, and was working on borrowed laptops in the meantime. (*See* Hubbard Decl. at ¶¶ 2–3.)

Before Hubbard's laptop accident, Plaintiffs' and Crow's counsel were in regular communication while Plaintiffs' counsel was determining when it could continue its productions given Hubbard's computer issue. (Ex. A at 1–9.) The Parties' last communication was early in the morning of May 29, where Plaintiffs' counsel stated that he would confirm the status of timing, just hours before Hubbard's computer was damaged. (*See* Ex. A at 1; Hubbard Decl. at ¶ 2.) Plaintiffs' counsel did not provide a further update after May 29 because Hubbard was still attempting to either repair her computer or acquire a replacement, making the timing uncertain— had Crow's counsel asked before bringing its Motion, Plaintiffs' counsel would have provided

2

such an explanation; but Crow instead filed its Motion without further contact with Plaintiffs' counsel. (*See* Hubbard Decl. at ¶¶ 2–3.)

## ARGUMENT

**I. CROW'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS ARE DILIGENTLY WORKING TO COMPLETE DISCOVERY CONSISTENT WITH THE COURT'S ORDER**

Crow's Motion should respectfully be denied—and will likely be moot by the time of decision—because Plaintiffs have been and continue to diligently work to complete discovery consistent with the Court's Order. Plaintiffs have not resisted any production and have promptly responded to Crow's counsel each time that they requested an update on status and provided reasonable explanations (which Crow's counsel did not challenge) for the time spend in collection, review, and production of the documents which Crow seeks. (*See* Ex. A at 1–9.) Crow's Motion was and is unnecessary.

## CONCLUSION

For the reasons stated above, the Court should respectfully deny Crow's Motion and grant no award of fees.

Dated: Tiburon, California
       June 12, 2024

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:   (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

3

**CERTIFICATION OF SERVICE**

I hereby certify by my signature below that a true and correct copy of the foregoing document was served on all attorneys of record via ECF on this 12th day of June 2024.

Dated: Tiburon, California
       June 12, 2024

_____
Matthew W. Schmidt
Attorney for Plaintiffs

1