UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § | |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; COE JURACEK; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., | § § § § § § § § § § § § § | Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |
| Defendants. | § § | |

**TRAMMELL S. CROW'S REPLY IN SUPPORT OF EXPEDITED OPPOSED MOTION TO COMPEL PLAINTIFFS' FULL COMPLIANCE WITH PREVIOUSLY ORDERED REPRODUCTION AND DOCUMENT IDENTIFICATIONS [DKT. 325] AND FOR FURTHER PRODUCTION OF DOCUMENTS**

Defendant Trammell S. Crow's motion to compel set forth in detail Plaintiffs' ongoing failure to comply with the Court's previous order that specifically commanded them to "reproduce all previously produced discovery" and "identify (by Bates number) the documents that are responsive to each request for production." (Order (Dkt. 325) at 4.) It also explained Plaintiffs' ongoing failure to produce documents in their possession, custody or control that were not previously produced and are responsive to requests for production served in December 2023 pursuant to Federal Rule of Civil Procedure 34, such as text messages, social media, and materials contained in links for Dropbox and other database links that were embedded in previously produced documents but that were not themselves produced.

Months have passed and Plaintiffs have still not complied with the Order or made further productions. Nor have they committed to a date by which they will do any of these things. Plaintiffs' history of inexcusable discovery delay—compounded by the fact that the only time Defendants get an update is when forcing Plaintiffs to provide one—emphasize the urgency of a court order setting a compliance deadline and requiring Plaintiffs to follow basic rules of discovery.

**A.      Despite Ample Time to Do So, Plaintiffs Have Not Complied with the Order.**

Plaintiffs have not shown good cause for their ongoing failure to comply with their basic discovery obligations, let alone this Court's order requiring them to do so. Plaintiffs' response to the motion simply ignores their noncompliance in favor of more excuse-making, all of which is hard to take seriously.

Counsel for Mr. Crow has diligently sought Plaintiffs' compliance with the Order. On *six separate occasions* (May 8, 11, 13, 21, 27 and 29), counsel for Mr. Crow asked counsel for Plaintiffs when they would comply with the Order. (See generally Emails, 5/8-5/29/2024 (Hawxhurst Decl. (Dkt. 332-1), Ex. A) at 4-11.) Although counsel for Plaintiffs made vague

promises that they would soon comply with the Court's Order (e.g., "we are back on track to produce those later this week"; "I'm expecting as early as Tuesday"), nothing ever was.  (Id.) Although Plaintiffs now (as before) attempt to blame "technical difficulties" and even a pet, counsel for Plaintiffs never provided this information to Mr. Crow as a reason for what can only be called foot-dragging.   Plaintiffs and their counsel have simply demonstrated a cavalier attitude about the Court's Order, a claim that is supported fully by the record here.

For example, the last communication between the parties concerning Plaintiffs' noncompliance with the Order was on May 29, 2024.  (Id. at 4.)  Counsel for Mr. Crow wrote "Can we get a date certain for the compliant production?  It's a fair question that deserves a clear answer.  Thanks."  (Id.)  Counsel for Plaintiffs responded, "let me consult with my team on status all around and get back to you to confirm."  (Id.)  Another full week went by without any update from Plaintiffs.  On June 5, 2024, Mr. Crow filed the motion to compel because it was apparent that Plaintiffs had no intention of complying with the Order.  This was reminiscent of Mr. Crow's previous motion to compel, where Plaintiffs had broken several promises to produce documents and only did so after a motion was filed.  (See First Motion to Compel re Doc. Production (Dkt. 297).)

In response to the recent Motion, Plaintiffs are back to their same old excuses, which again are hard to take seriously—both as to whether these things happened and, even if they did, why it prevented Plaintiffs from complying at least in part with the Order: *viz.*, reproducing information already in the hands of their lawyers in the format that was required by the Order.

According to Plaintiffs, on May 30, 2024, Julia Hubbard's computer was rendered unusable by a cat or dog, which made it "difficult for [her] to assist [her] counsel in review of text messages and social media for production" until she obtained a replacement computer on

June 11.  (J. Hubbard Decl. (Dkt. 334-2) ¶¶ 2-3.)[1]  Plaintiffs' June 12 response filed with the court (almost two weeks after the supposed pet-ruins-the-computer fiasco) was the first time counsel for Plaintiffs told this story to any Defendant.  Surely this unfortunate event was worthy of reporting to Mr. Crow's counsel given that it purportedly prevented compliance with a Court Order.[2]  In truth, even if it occurred (and we'll assume that it may have), it would not have interfered with the reproduction of discovery that the Court ordered.[3]

Again, Plaintiffs' proffered excuse for the delay does not explain why they had not complied with the Order during the several intervening months and weeks, why none of plaintiff Goedinghaus's text messages and social media have been produced, or why they did not reproduce the discovery that the Court ordered them to make.  (Order (Dkt. 325) at 4.)  Whether Ms. Hubbard could not review her own text messages and social media posts months after the Order was issued is wholly irrelevant to Plaintiffs' obligations to comply with the other parts of the Order.[4]

---

[1] Ms. Hubbard supposedly could not review "text messages and social media for production" between May 30, 2024 and June 11, 2024 due to the damage to her computer.  However, she continued to use and post pictures and videos on social media during that time.  For example, on June 7, 2024, Ms. Hubbard posted an edited video to Instagram of herself and Ms. Goedinghaus repeating some of the events alleged in the Complaint.  (See Instagram Post (Supp. Hawxhurst Decl., Ex. A) at 1.)  Ms. Hubbard had access to information that she is required to produce.

[2] Plaintiffs get it backwards when they argue that they would have explained the pet-ate-my-homework excuse sooner, had counsel for Mr. Crow simply asked.  (Resp. (Dkt. 334) at 3-4.)

[3] Plaintiffs represented to the Court and Defendants at the last hearing that their production problems were supposedly due to technological issues, so Ms. Hubbard's personal computer should not affect her counsel's ability to complete the reproduction in the proper format (i.e., that is a counsel-vendor issue, not a client issue).

[4] The fact that counsel for Mr. Crow requested a two-week extension to respond to Plaintiffs' recently served requests for production is irrelevant. (Resp. (Dkt. 334) at 2.)  So too is Plaintiffs' reference to other Defendants' requests for extensions to complete their document productions.  (Id.)  It was only after the Court ordered Plaintiffs to reproduce their prior productions in the proper form that they took time to serve their first set of requests for production on every Defendant.  (Hawxhurst Decl. (Dkt. 332-1) ¶ 4.)  Meanwhile, Mr. Crow served his requests for

Plaintiffs now say that they "expect to complete their productions by June 21, 2024." (Resp. (Dkt. 334) at 2.)  Of course, Plaintiffs' *expectation* does not provide the Court or Defendants with any assurance that Plaintiffs will have fully complied with the Order by that date, including the requirement that they identify what materials are responsive to each request (which they do not address).  Under the circumstances, the Court should enter an order compelling Plaintiffs to fully comply with the Order and produce all documents in their possession, custody or control that were not previously produced within 10 days of the Court's ruling on the motion.

### B.     Plaintiffs and Their Counsel Should be Ordered to Pay Expenses.

Rule 37 provides that if a motion to compel is granted or if the requested discovery is provided after the motion was filed, then "the court must" order payment of the movant's reasonable expenses incurred in making the motion.  Fed. R. Civ. Proc. 37(a)(5)A).  Plaintiffs argue in response that "the motion will likely be moot by the time of decision."  (Resp. (Dkt. 334) at 4.)  No exception to the mandatory sanction requirement applies here.  See Fed. R. Civ. Proc. 37(a)(5)(A)(i)-(iii).  Plaintiffs have displayed a repeated practice of disregarding discovery obligations, including unexplained delay in complying with the Order and failing to communicate the reasons for their delay to counsel for Mr. Crow.  Although Mr. Crow need not show prejudice, he clearly has done so.  He has been forced to incur expenses chasing discovery and Plaintiffs' discovery misconduct has delayed progress of Mr. Crow's defense to the outrageous claims made against him.  Despite all the excuse-making, a court order and months'

---

production on Plaintiffs in December 2023 and still does not have a proper production for review.

delay, Plaintiffs have still not complied with their discovery obligations. Mandatory sanctions should be entered against Plaintiffs and their counsel.

## CONCLUSION

Mr. Crow respectfully requests an order compelling Plaintiffs, within 10 days of the Court's ruling on the motion, to fully comply with the Order and "reproduce all previously produced discovery" and "identify (by Bates number) the documents that are responsive to each request for production." The order should also require Plaintiffs, within 10 days of the Court's ruling on the motion, to produce documents in their possession, custody or control that were not previously produced and are responsive to requests for production served pursuant to Federal Rule of Civil Procedure 34, such as text messages, social media, and materials contained in links for Dropbox and other database links that were embedded in previously produced documents but that were not themselves produced. Finally, pursuant to Rule 37 it should order Plaintiffs and their counsel to pay, jointly and severally, Mr. Crow's expenses incurred in bringing this motion, in an amount of $5,315.00, to also be paid within ten calendar days of such order. (See Hawxhurst Decl. (Dkt. 332-1) ¶ 7; Supp. Hawxhurst Decl. ¶¶ 3-5.)

DATED: June14, 2024                                  Respectfully submitted,

*/s/ Gerald E. Hawxhurst*
Gerald E. Hawxhurst
Texas State Bar No. 24090636
jerry@hawxhurstllp.com
HAWXHURST LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: (512) 522-4995
Fax: (512) 522-4961

GRAY REED
  KENNETH C. STONE
  Texas Bar No. 19296300
  LONDON ENGLAND

        Texas Bar No. 24110313
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: kstone@grayreed.com
       lengland@grayreed.com

*Attorneys for Defendant*
*Trammell S. Crow*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on June 14, 2024, on all counsel of record via ECF and Defendant Phil Ecob (pro se) via U.S. Mail at the following address:

    2215 Cedar Springs Road, Apt. 1414
    Dallas, Texas 75201.

                                                  Kyle Foltyn-Smith