IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, KAYLA GOEDINGHAUS, | § § § § § | |
| *Plaintiffs,* | § § | SA-23-CV-00580-FB |
| vs. | § § § | |
| TRAMMELL S CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, CODY MITCHELL, KURT KNEWITZ, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., AARON BURLINGAME, | § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is the above-styled cause of action. On June 5, 2024, Defendant Crow filed his Expedited Opposed Motion to Compel Plaintiffs' Full Compliance with Previously Ordered Reproduction and Document Identification and For Further Production of Documents [#332]. On June 6, 2024, the Court referred the motion to the undersigned for determination and ruling under 28 U.S.C. § 636 and Local Rule CV-72, Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges [#333]. The undersigned will **GRANT IN PART** the motion to compel [#332] and order Plaintiffs to fully comply with the undersigned's previous order [#325] by June 28, 2024.

1

**Motion to Compel**

By his motion, Defendant Crow asks the Court to compel Plaintiffs to comply with the undersigned's previous order to "reproduce all previously produced discovery in the format identified by Defendant's request and as described during the hearing" and "identify (by Bates number) the documents that are responsive to each request for production for this initial reproduction and any supplemental production(s)." (Order [#325], at 5.) The Court will do so and notes that while the Court's previous Order [#325] did not impose an explicit deadline on Plaintiffs, that it expects Plaintiffs to act with reasonable diligence in complying with the Court's Orders.  For clarity, the Court will now impose a deadline for compliance.

Defendant Crow also asks the Court to order Plaintiffs to produce documents not previously produced that Defendant states are responsive to requests for production. This is a new request by Defendant Crow, and one not addressed in the prior hearing or the Court's prior Order [#325].   Defendant Crow has not provided the Court with sufficient information to ascertain whether that production should be compelled. It is unclear from Plaintiff's response whether they dispute that they have additional responsive documents in their possession that they have yet to produce.  Of course, if there are additional documents in Plaintiffs' possession that are responsive to outstanding discovery requests, Plaintiffs would have an obligation to supplement their production with those documents. Thus, the parties should confer on a timeline for any supplemental productions, and Defendant Crow's motion is denied with regard to this issue.  If the parties are unable to resolve any dispute over this supplemental production, Defendant Crow may file a new, separate motion that addresses these specific documents.

Finally, the Court will deny Defendant's request for attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(C). Defendant Crow may re-urge such a request if Plaintiffs fail to comply with this Order.

### Non-Urgent Civil Matters

Defendant Crow urged the Court to determine his motion on an expedited basis. Routine civil discovery disputes, especially those that take place several months before the discovery deadline, do not constitute emergencies that warrant expedited treatment. Parties may, of course, inform the Court when some sort of time-sensitive concern is at issue in their case.  But they should be mindful of demanding that a civil discovery dispute take precedence over other matters on the Court's docket, which includes time-sensitive criminal and other exigent matters.

**IT IS THEREFORE ORDERED** that Defendant's Crow's Expedited Opposed Motion to Compel Plaintiffs' Full Compliance with Previously Ordered Reproduction and Document Identification and For Further Production of Documents [#332] is **GRANTED IN PART** and that Plaintiffs must fully comply with this Court's May 2, 2024, Order [#325] by June 28, 2024. Plaintiffs' failure to comply with this deadline without demonstrating good cause for their failure could result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that any relief not explicitly granted herein is **DENIED**.

SIGNED this 18th day of June, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE