IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br><br> v. <br><br> TRAMMELL S. CROW, JR., BENJAMIN TODD ELLER, RICHARD HUBBARD, MELISSA MILLER, SCOTT WOODS, MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS; RALPH ROGERS, ROBERT PRUIT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, AARON BURLINGAME and RCI HOSPITALITY HOLDINGS, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 5:23-cv-00580-FB |

DEFENDANT MRUGESHKUMAR SHAH'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR
VIOLATIONS OF THE TRAFFICKING VICTIMS PROTECTION ACT AND
RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT,
INCLUSIVE OF BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

MRUGESHKUMAR SHAH'S ("Dr. Shah") files this his Motion to Dismiss, Inclusive of Brief in Support ("Motion") in response to Plaintiffs' Second Amended Complaint [ECF No. 292] (the "Second Amended Complaint"). In support of the Motion, Defendants would show the Court:

## I. SUMMARY

1. The Second Amended Complaint makes it readily apparent that even if the false allegations against Dr. Shah were true, the claims fail. Counts One and Two are not private causes of action but criminal statutes that cannot bring civil liability and must be dismissed. Counts One and Two are barred at least in part by the statute of limitations, and Counts Three and Four are barred in their totality by the statute of limitations. For example, taking Plaintiffs' allegations as true, Plaintiff Goedinghaus does not even allege to claim to have had any encounter with Dr. Shah, while Plaintiff Hubbard's last allegation of any interaction with Dr. Shah was in 2016, based upon the purported prescription list in the Second Amended Complaint. Further, Plaintiff Hubbard's assertion that she informed Dr. Shah at the time that he should not prescribe whatever was prescribed completely guts any arguments in support of equitable tolling under the discovery rule or fraudulent concealment doctrines. When coupled with the allegation in the Second Amended Complaint that Dr. Shah was imprisoned for 42-months, the plausibility of the allegations, even when given the favorable presumptions, is absent. Accordingly, Dr. Shah requests that this Motion to Dismiss be, in all thing GRANTED and the claims alleged herein dismissed with prejudice to refiling the same.

## II. LEGAL STANDARD ON MOTION TO DISMISS

2. To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In reviewing a motion to dismiss, the court must accept as true all well-pleaded facts, construing the allegations in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). Nothing, however, requires

the court to accept as true `conclusory allegations, unwarranted factual inferences, or legal conclusions.' *Id.*

### III. ARGUMENT AND AUTHORITIES

A.  **Counts One and Two of the Second Amended Complaint are Not a Private Causes of Action and Therefore Fail to State a Claim upon which Relief can be Granted.**

3. Count One of the Second Amended Complaint is brought under 18 U.S.C. §1591, while Count Two of the Second Amended Complaint is brought under 18 U.S.C. §1589. *See* the Second Amended Complaint at ¶¶396-403. The respective provisions, however, pertain to criminal penalties, and do not authorize a private cause of action. *AB v. Marriott International, Inc.*, 455 F. Supp. 3d 171,181 (E.D.Pa. 2020) ("Section 1591 of the Act imposes *criminal liability* for sex trafficking of children, or of any person by force, fraud, or coercion, to engage in a commercial sex act.") (emphasis added); *HAKA v. Mecklenburg County*, No. 3:12-CV-100 (W.D. N.C. May 1, 2012) ("For this cause of action, Plaintiff cites two criminal violations, 18 U.S.C. § 1203, which prohibits hostage-taking, and 18 U.S.C. § 1591, which outlaws sex trafficking. These are criminal statutes enforced by the United States Attorney's Office and do not carry a private right of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, Civ. A. No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam).

4. Inasmuch as neither 18 U.S.C. §§1589 and 1591 provide for a private cause of action, Counts One and Two of the Second Amended Complaint fail to state a claim upon which relief can be granted and such Counts must be dismissed.

**B.      Counts One and Two of the Second Amended Complaint are Barred in Part by the Ten Year Statute of Limitations.**

5.      Plaintiffs' Count One and Count Two of the Second Amended Complaint are at least partially barred, if they are allowed to proceed at all, under the applicable 10-year statute of limitations. Plaintiff Hubbard alleges that Dr. Shah had involvement in the purported trafficking in 2013 through 2016.  *See* the Second Amended Complaint at ¶¶ 133 and 139.  The applicable statute provides, in pertinent part, that "no action may be maintained under [§ 1595(a)] unless it is commenced not later than . . . 10 years after the cause of action arose." 18 U.S.C. § 1595(c). Accordingly, Plaintiffs are barred from pursuing claims against Dr. Shah for the allegations in Count One and Count Two as to purported violations that occurred before March 21, 2014, ten years prior to the filing of her Second Amended Complaint in this case.

**C.      Counts Three and Four of the Second Amended Complaint, Related to RICO, are barred by the Four-Year Statute of Limitations.**

6.      Plaintiff asserts claims against Dr. Shah under the civil RICO statute. *See* the Second Amended Complaint at ¶¶404-421.  The statute of limitations for a claim under RICO is four years. *Lewis v. Danos*, 83 F. 4th 948, 955 (5th Cir. 2023) (citing *Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 156 (1987)).  The Fifth Circuit explained how it determines when the statute of limitations commences as follows:

> It is well established that our circuit abides by the rules of injury discovery and separate accrual for RICO claims. "Under the `injury discovery' rule, a civil RICO claim accrues when the plaintiff discovers, or should have discovered, the injury" and, "[w]hen a pattern of RICO activity causes a continuing series of separate injuries, the `separate accrual' rule allows a civil RICO claim to accrue for each injury when the plaintiff discovers, or should have discovered, that injury." *Love v. Nat'l Med. Enters.*, 230 F.3d 765,

773 (5th Cir.) (quoting *Bankers Tr. Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988)).

*Lewis*, 83 F. 4th at 955.

7. In analyzing when the statute of limitations commences, the Fifth Circuit made a point to state that it does not matter when the alleged racketeering enterprise was discovered by the plaintiff, but rather when the plaintiff learned of her injury. *Id*. In *Lewis*, the Fifth Circuit held that a motion dismiss was properly granted because the allegations made it clear that the plaintiff was aware of her injuries prior to when she learned of the enterprise and reiterated that the date plaintiff was aware of her injuries was when the clock started for purposes of the statute of limitations. *Id*.

8. In the case at bar, the pleadings on their face make it apparent that claims by the Plaintiff, even if they were taken as true, are more than four years old. In the Second Amended Complaint, Plaintiff Hubbard alleges that her visits with Dr. Shah occurred in 2013 and during summer of 2014. *See* the Second Amended Complaint at ¶139. The dates on the purported prescription lists incorporated into the Second Amended Complaint, even if true, contain no dates after March 21, 2020, the four-year period prior to the date the Second Amended Complaint was filed. *See* the Second Amended Complaint at ¶139. Further, Plaintiff Hubbard specifically alleges that at the time these purported appointments with Dr. Shah occurred, she informed him that the medicine was not necessary and was being used improperly. *See* the Second Amended Complaint at ¶135. Thus, Plaintiff Hubbard admits that she knew of the injuries about which she complains 2013 and thereafter. *See* the Second Amended Complaint at ¶¶135 and 340.

9. Even more telling about the baselessness of Plaintiffs' claims against Dr. Shah is that fact that Plaintiff Goedinghaus does not specifically allege to have ever been treated by or seen by

Dr. Shah. *See generally*, the Second Amended Complaint. Further, the Second Amended Complaint specifically alleges that Dr. Shah was serving a forty-two month sentence in prison at the time of filing. *See* the Second Amended Complaint at ¶133.

10. Based upon the foregoing, the statute of limitations bars Counts 3 and 4 of the Second Amended Complaint, alleging violations under RICO, must be dismissed with prejudice.

**D.     Improper Shotgun/Group Pleading.**

11. Dr. Shah further argues that the Second Amended Complaint should be dismissed under Rules 8 and 12(b)(6) because it fails to attribute specific factual allegations to Dr. Shah and is therefore an impermissible group pleading and/or shotgun pleading. Fed. R. Civ. P. 8 and 12(b)(6). Though there is an attempt to cast specific allegations, there are no specific allegations regarding how Dr. Shah had any interactions with or involvement with Plaintiff Goedinghaus because the time periods are inconsistent. *See generally*, the Second Amended Complaint. There are no direct allegations to support any claim by Plaintiff Goedinghaus against Dr. Shah, and because he is just included in the group allegations and Dr. Shah is just included with the "Medical Doctor Defendants," all of her claims against Dr. Shah must be dismissed with prejudice. *See* the Second Amended Complaint at ¶14-16. For example, in Paragraph 15, it is clear that the allegation is that Dr. Shah only saw Plaintiff Hubbard, not the other named Plaintiff. *See* the Second Amended Complaint at ¶14-16. Further, the legal conclusion cast as an allegation that the "Medical Doctor Defendants were informed by either Hubbard, Goedinghaus, or both that the drugs the Medical Doctor Defendants were prescribing were being used for an improper purpose, that Hubbard and Goedinghaus were being abused by Rick and that Hubbard and Goedinghause needed help" is legally insufficient. *See* the Second Amended Complaint at ¶15. The conclusory allegations regarding the

"Medical Doctor Defendants" set forth in paragraphs 129 through 133 fail to comply with the *Federal Rules of Civil Procedure*, fail to state a claim with any particularity, and must be dismissed. Such improper group pleading fails to identify which of the Plaintiffs notified which, if any ,of the Medical Doctor Defendants as alleged. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). Moreover, when read in conjunction with remainder of the pleadings, it is readily apparent that Plaintiff Goedinghause does not and cannot even allege any direct cause of action against Dr. Shah. Specifically, paragraph 133 clarifies that the only specific allegation against Dr. Shah is from Plaintiff Hubbard. *See* the Second Amended Complaint at ¶133.

12. Moreover, despite Dr. Shah not being identified as having been involved in Wire Fraud or Witness Tampering, Counts Three includes Dr. Shah, making this cause proper for dismissal. *Compare* the Second Amended Complaint at ¶388 with ¶¶411. In addition, in Count Four, despite alleging that Dr. Shah had been in prison for 42 months in paragraph 133 of the Second Amended Complaint, the allegation that all of the Medical Doctor Defendants, inclusive of Dr. Shah, were involved in the purported conspiracy is not plausible on its face. *Compare* ¶ *with* ¶418-419. The alleged participation of Dr. Shah appears to be prescribing controlled substances, which could not have occurred during the 42 month period while Dr. Shah was incarcerated (as alleged in ¶133) and there are no specific allegations against Dr. Shah in the Second Amended Complaint after 2016. See the Second Amended Complaint at ¶¶418; see also the Second Amended Complaint, *generally*.

13. As currently pled, Dr. Shah cannot ascertain the specific allegations made against him in this cause, as opposed to the improper group pleading contained in the Second Amended Complaint, so as to allow him to make a meaningful response to the allegations contained therein.

## IV. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court GRANT this Motion, dismiss Plaintiff's lawsuit or, in the alternative, dismiss the claims barred by the statute of limitations and causes of action not properly pleaded or supported. Defendants further pray for any such other and further relief at law or in equity to which Defendants would show themselves justly entitled or that the Court deems just and appropriate.

>	Respectfully Submitted,
>
>	SHEILS WINNUBST
>	A Professional Corporation
>
>	By:	*/s/ Latrice E. Andrews*
>		T. Craig Sheils
>		State Bar No. 18187350
>		Latrice E. Andrews
>		State Bar No. 24063984
>
>	1100 Atrium II
>	1701 N. Collins Boulevard
>	Richardson, Texas  75080
>	Telephone: (972) 644-8181
>	Facsimile:  (972) 644-8180
>	Email: *craig@sheilswinnubst.com*
>	Email:  *latrice@sheilswinnubst.com*
>
>	ATTORNEYS FOR DEFENDANT
>	MRUGESHKUMAR SHAH

## CERTIFICATE OF SERVICE

In accordance with Fed. R. Civ. P. 5(b)(2)(E) and (b)(3), I hereby certify that a true and correct copy of the above and foregoing Defendant's Motion to Dismiss Inclusive of Brief in Support was served upon all counsel of record, via electronic service on this 11th day of July, 2024. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

>	*/s/ Latrice E. Andrews*
>	Latrice E. Andrews