UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Matthew W. Schmidt*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone: (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

Justin M. Loveland*
Stefan Savic*
**REINHARDT SAVIC FOLEY LLP**
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone: (646) 357-3238
Facsimile: (212) 710-0971
jloveland@rsf-llp.com
ssavic@rsf-llp.com
*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>       Plaintiffs,<br><br>v.<br><br>TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUIT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC,<br><br>       Defendants. | Case No. 5:23-cv-00580-FB<br><br>Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred)<br><br>**OPPOSITION TO DEFENDANT SHAH'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................I

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS......................................................................................................3

LEGAL STANDARD .............................................................................................................5

ARGUMENT..........................................................................................................................6

    I.    THE TVPA PROVIDES A PRIVATE RIGHT OF ACTION........................................6

    II.   PLAINTIFFS PROPERLY PLEAD TVPA CLAIMS WITHIN THE TEN YEAR LIMITATIONS PERIOD ........................................................................................7

    III.  PLAINTIFF HUBBARD PROPERLY PLEADED RICO INJURY WITHIN THE FOUR YEAR STATUTORY PERIOD .............................................................................7

    IV.  PLAINTIFFS' ALLEGATIONS AGAINST SHAH ARE MORE THAN SUFFICIENT UNDER RULES 8 and 12(b)(6) ARE NOT IMPROPER GROUP PLEADING ..............................................................................................................8

CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*A.B. v. Marriott Int'l, Inc.*
   455 F. Supp. 3d 171 (E.D. Pa. 2020) ........................................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... 5

*Boudeloche v. Grow Chem. Coatings Corp.*,
   728 F.2d 759 (5th Cir. 1984) ....................................................................................... 5

*Harris v. Henry*,
   Case No. 1:22-cv-00366-LY, 2022 WL 16825200 (W.D. Tex. Nov. 7, 2022) ............ 5

*Molina-Aranda v. Black Magic Enterprises, L.L.C.*,
   983 F.3d 779 (5th Cir. 2020) ....................................................................................... 5

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ..................................................................................................... 5

*United States ex rel. Wright v. Agip Petroleum Co.*,
   No. 5:03-CV-264-DF, 2005 U.S. Dist. LEXIS 16270 (E.D. Tex. Jan. 4, 2005) ......... 8

*Williams v. WMX Techs., Inc.*,
   112 F.3d 175 (5th Cir. 1997) ....................................................................................... 5

**Statutes**

18 U.S.C. § 1589 ................................................................................................................ 6

18 U.S.C. § 1591 ............................................................................................................ 6, 9

18 U.S.C. § 1595 ...................................................................................................... 1, 6, 7

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................ 5, 8

Fed. R. Civ. P. 12 ..................................................................................................... 5, 7, 8

**PRELIMINARY STATEMENT**

The Motion to Dismiss (the "Motion," Dkt. No. 346) of Defendant Mrugeshkumar Shah ("Shah") raises no serious issue that has not already been litigated, and lost, by his fellow Defendants. Not only does Shah not offer any good reason why the Court should rule differently than in its Order eight months ago addressing these same issues (the "MTD Order," Dkt. No. 232), Shah entirely fails to engage with these issues at all.

The only entirely new argument that Shah raises—that the Trafficking Victims Protection Act (the "TVPA") is a criminal statute and thus offers no private right of action—has not been raised by any other defendant because it is frivolous. Section 1595(a) of the TVPA provides a civil remedy for any "individual who is a victim of a violation" of the statute. (MTD Order at 13 (quoting 18 U.S.C. § 1595(a).) As discussed below, even Shah's own cited case law states this, which is not in any serious dispute.

Shah's second argument—that the TVPA claims are "at least partially barred" under the 10-year statute of limitations—seeks no specific relief at all, asking the Court to find only that Plaintiffs are "barred from pursuing claims against Dr. Shah for the allegations in Count One and Count Two as to purported violations that occurred before March 21, 2014." (Mot. at 4.) But as Shah concedes, the Complaint alleges Shah's involvement "through 2016," and specifically that in "summer 2014" (within the ten-year limitations period), Plaintiff Hubbard "told Shah that she did not need the drugs" he was prescribing and "was being forced to engage in sex against her will. Shah's actions constituted a dealing in a controlled substance." (*See id.*; Second Amended Complaint ("SAC"), Dkt. No. 293 at ¶ 133.) Indeed, the only allegation concerning Shah before the limitations period is that Hubbard had "began seeing" him a year earlier in 2013. (SAC at ¶ 133.) Plaintiffs' claims are timely.

While Plaintiffs' arguments concerning Plaintiff Hubbard's RICO claim are clear it what it

1

seeks—a total dismissal of Plaintiff Hubbard's RICO claim on statute of limitations ground—it fails to engage in what is alleged in the Second Amended Complaint or the Court's prior ruling, in which it correctly found that Plaintiff Hubbard properly pleaded a RICO claim because she plausibly stated a claim that the RICO enterprise had "prevented her from holding employment (which constitutes an alleged RICO injury) within the applicable limitations period." (MTD Order at 26.) Shah's involvement, as pleaded, was central to the enterprise and caused foreseeable harm. His patient, Hubbard, outright *told him* that she the controlled substances he was proscribing were being improperly used in order to cause her to commit sex acts against her will. In response, Shah proceeded to still proscribe those drugs knowing they would be used for unlawful purposes, being forced on Hubbard in order to make her unable to resist future sexual assaults.

For this same reason, Plaintiffs' allegations do not constitute improper "shotgun" or "group" pleading. Plaintiffs make very specific assertions against Shah and his improper proscribing of controlled substances despite being told by Hubbard of their improper use. It was wholly foreseeable that these drugs would then be used to the purpose that Hubbard warned of, and that Shah's compliance would strengthen the Venture and allow it to harm future victims, such as Goedinghaus. Indeed, this is largely the point of statutes such as TVPA, to impose liability on those who engage in relatively small but crucial portions of wrongful enterprises. Had Shah and others medical doctors in his position acted properly, listened to their patients, and refused to proscribe medications they were explicitly told were being used for an improper purpose (let alone reporting such law enforcement), the Venture would have most likely collapsed, sparring Plaintiffs many acts of sexual assaults without their consent. Shah had an important duty as a medical doctor to exercise diligence that his prescribed medication would be used for a proper purpose, and not only did Shah not exercise such diligence, he actively ignores pleas from his patient asking him to

2

not prescribe drugs because they would be used to sexually assault her.

Shah's Motion should be denied.

## STATEMENT OF FACTS

*Shah's Role in the Venture*

Plaintiff Hubbard married Defendant Rick Hubbard in February 2010. (SAC ¶ 85). Following an arrest later that year for financial fraud, Rick Hubbard became desperate for new financial opportunities. (SAC ¶ 94.) Rick Hubbard then, along with Defendant Eller, and later, with key financing from Defendant Crow and his colleagues, formulated the Venture, which began to force Plaintiff Hubbard, and later Plaintiff Goedinghaus, to perform sex acts for money. (*See* SAC ¶¶ 29, 125.)

Plaintiff Goedinghaus met Defendant Rick Hubbard in November 2018 and moved in with him shortly thereafter. (SAC ¶ 265.) The Venture forced Plaintiff, through means that included Eller using his psychological practice, to claim that Goedinghaus had serious psychological issues and needed to be on high doses of drugs such as Xanax, Adderall, Oxycodone, Marinol, Soma, Lorazepam, Ambien, and Trazadone. (SAC ¶ 8.) Certain of these drugs, when combined, are known as the "Holy Trinity" due to their potent effects when taken together. (SAC ¶ 138.)

This medication scheme made Plaintiff Hubbard, and, later, Plaintiff Goedinghaus—and likely others—pliable, and susceptible to other forms of threats and force. (SAC ¶ 318.) Eller's contributions to the Venture also involved swearing false affidavits claiming that both Plaintiffs were seriously psychiatrically troubled persons under his care. (SAC ¶ 8.)

Shah is a pain management doctor in Texas. (SAC ¶ 133.) Rick Hubbard paid him to provide prescriptions for controlled medication to the Venture in order to assist in the force,

threats, and coercion that the Venture applied to Plaintiffs in order to force them to perform commercial sex. (*See* SAC ¶¶ 126-141.) The Venture, through Rick Hubbard, would force Plaintiff Goedinghaus to visit Shah in order to obtain medications based on Eller's "written recommendations" (made to the Venture so that Rick Hubbard would know what drugs to seek) in exchange for payment from the Venture. (SAC ¶ 14.) Hubbard informed Shah, "over the course of multiple visits in summer 2014," that she "did not need the drugs" he was prescribing and that they were being used to cause her to be "forced to engage in sex against her will." (SAC ¶ 133.) Drugs that Shah prescribed included Oxycodone (a powerful and highly addictive opioid painkiller), Soma (under the generic name of Carisoprodol, a powerful muscle relaxant), and Amitriptyline (an antidepressant which is also used to cause sedation and can cause confusion and memory issues). (*See* SAC ¶ 139.)

*Relevant Procedural History*

Plaintiffs filed this suit in November 2022 in the United States District Court for the Central District of California. (Dkt. No. 1.) It was transferred to this District on May 8, 2023. (Dkt. Nos. 132–133.) While Defendant Shah was named in the suit from its inception, due to service issues under prior counsel he was dismissed without prejudice on January 9, 2024, and added back in with the Second Amended Complaint, filed March 21, 2024. (Dkt. No. 1, 262, 291–92.)

In the meantime, other Defendants in this action moved to dismiss their claims, first in the Central District of California (*see* Dkt. Nos. 26, 50, 55, 72, 76, 83, 93, 102,105), which was mooted by the transfer after being fully briefed (*see* Dkt. No. 132), then again in this Court (Docket Nos. 196, 198, 199, 200, 201, 202, 203, 204, 205), which were denied in the MTD Order on November 20, 2023 (Dkt. No. 232). Given the nature of the claims, these motions

4

concerned largely the same issues relevant to Shah, especially as the two other medical doctors named as defendants, Woods and Miller, also moved to dismiss. (*See* Dkt. Nos. 199, 204, 232 at 1, 30.)[1]

Similarly situated to Shah (in that they were originally named but not served until after other motion to dismiss briefing) were Defendants Kurt Knewitz and H.J. Cole, who chose to file answers on July 8 and July 15, 2024, respectively. (Dkt. Nos. 345, 348.) Shah instead moved to dismiss on July 11, 2024. (Dkt. No. 346.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 8 requires that pleadings contain "a short and plain statement of the claim" that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984). "Allegations of fraud. . . must meet Rule 9(b)'s heightened pleading standard, under which plaintiffs 'must state with particularity the circumstances' of the allegedly fraudulent conduct." *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020); *see also Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997).

On a Rule 12(b)(6) motion, a court may dismiss a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In other words, a court may not dismiss a complaint in which Plaintiffs have alleged enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] A third medical doctor, Joseph Bolin, was originally named in the complaint but passed away in June 2023. His estate was voluntarily dismissed from the action pursuant to settlement on November 8, 2023. (Dkt. 231.)

5

**ARGUMENT**

**I.   THE TVPA PROVIDES A PRIVATE RIGHT OF ACTION**

The TVPA unquestionably provides a private right of actions, which Plaintiffs assert claims under. Section 1595(a) of the TVPA sets forth that:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person know or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). Shah's authority even supports that the TVPA contains such a provision. *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 181 (E.D. Pa. 2020) ("Section 1595 provides a civil remedy to victims of sex trafficking").

To the extent that Shah's argument is that Plaintiffs were required to specifically list 18 U.S.C. § 1595(a) in its "Cause of Action" section of its complaint, this is not supported by any of Shah's authority, and is in fact contrary to the purpose of Rule 8, which is to provide a short and plain notice to put the defendant on notice of claims asserted against them. Shah clearly understands what claims Plaintiffs assert against him, and that the TVPA contains a private right of action. Requiring Plaintiffs to set forth their claims in some specific technical manner beyond that is contrary to modern pleading law, which focuses on substance over form.

Indeed, Shah does not even explain how listing 18 U.S.C. § 1595(a), rather than 18 U.S.C. § 1591 and 18 U.S.C. § 1589, would have put him on better notice of Plaintiffs' claims. It is Sections 1591 and 1589 that set forth the conduct that Plaintiffs allege Shah violated, which differ per statute. Had Plaintiffs pleaded instead that Shah had violated Section 1595(a), it would be both less accurate and less clear to Shah what conduct Plaintiffs were asserting he had committed.

The TVPA does contain private right of action, and Plaintiffs properly plead it.

6

## II. PLAINTIFFS PROPERLY PLEAD TVPA CLAIMS WITHIN THE TEN YEAR LIMITATIONS PERIOD

Plaintiffs TVPA claims are not barred by the statute of limitations. There is no dispute that the TVPA's statute of limitations in ten years. 18 U.S.C. § 1595(c). However, while Shah argues that Plaintiffs' claims are "at least partially barred" by this limitations period, he makes no argument of what conduct or behavior of Shah he argues falls outside this period. (Mot. at 5.) Even if Shah were correct that the statute of limitations runs back from the March 2024 filing of the Second Amended Complaint rather than the November 2022 filing of the original complaint—which is not correct under the relation-back doctrine, as discussed further below—this is irrelevant as to the pleaded facts against Shah. The only fact that Plaintiffs plead against Shah before March 2014 is that, "in about 2013," Hubbard began seeing Shah. (SAC ¶ 133)—it was in "summer 2014," which Shah agrees was within the limitations period that "Hubbard told Shah that she did not need the drugs and was being forced to engage in sex against her will." (SAC ¶ 133.)

Plaintiffs' TVPA claims against Shah are within the limitations period.

## III. PLAINTIFF HUBBARD PROPERLY PLEADED RICO INJURY WITHIN THE FOUR YEAR STATUTORY PERIOD

Plaintiff Hubbard's RICO claims against Shah are timely. As the Court ruled in the MTD Order, Hubbard plausibly pleaded a claim that the RICO enterprise had prevented her from holding employment within the relevant limitations period, based on the fact that Defendant Hynes had "restrained her" for thee days in late 2018," and that she had not "escaped" the Venture until November 2018. (MTD Order at 26.)

To the extent that Shah's argument is that Shah's argument is that Hubbard's RICO injury did not occur within the four year period before the March 2024, the relation-back doctrine applies so that the limitations period runs from the original filing of the initial complaint in November 2022. Under Rule 12(c), amended complains assume for limitations purposes the date of the

7

original complaint where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 12(c)(1)(B); *see United States ex rel. Wright v. Agip Petroleum Co.*, No. 5:03-CV-264-DF, 2005 U.S. Dist. LEXIS 16270, at *18-19 (E.D. Tex. Jan. 4, 2005) ("The rule on the relation back of amendments to pleadings is permissive") (quoting 35A C.J.S. Federal Civil Procedure § 423 (2004)).

Here, Shah was named in the initial Complaint with claims not only arising out of the same occurrences set forth in the initial complaint, but the exact same claims against that Plaintiffs pleaded in then, where Shah was named (and in all successive amended complaints). (*Compare* Dkt. No 1 at 145 with Dkt No. 292 at 133.)

While Rule 12(c) includes a separate standard for the doctrine where an amendment "changes the party or the naming of a party against whom a claim is asserted" due to a mistake concerning their identity, it does not directly address the situation here—where a defendant is named from the start of the case, dismissed without prejudice due to failure of service, and added back in two months after dismissal—and Plaintiffs are not aware of Fifth Circuit authority addressing this precise situation. But the Court should respectfully find that Hubbard's RICO claims against Shah relate back to the November 2020 filing of the original Complaint: Shah was named there, with the same claims now asserted, in the time until his service, his interests have been litigated by the other defendants given the similarity of claims, creating no prejudice to Shah in defending against the RICO claim.

Hubbard's RICO claims against Shah are timely.

## IV. PLAINTIFFS' ALLEGATIONS AGAINST SHAH ARE MORE THAN SUFFICIENT UNDER RULES 8 and 12(b)(6) ARE NOT IMPROPER GROUP PLEADING

Plaintiffs have more than sufficiently alleged specific facts and claims against Shah. Plaintiff Hubbard pleads specific facts against Shah, that she he prescribed her drugs after she told

8

him that they were being used to force her to have sex against her will. (SAC at ¶ 133.) This also gives rise to beneficiary liability against Shah with regard to Plaintiff Goedinghaus. The TVPA's beneficiary liability prong requires that a defendant (1) "knowingly benefitted financially or by receiving anything of value, (2) from participating in a venture," which they (3) "knew or should have known has engaged in sex trafficking under § 1591." *Harris v. Henry*, Case No. 1:22-cv-00366-LY, 2022 WL 16825200, at *6 (W.D. Tex. Nov. 7, 2022) (internal quotation omitted). Shah was not required to have direct contact with Goedinghaus, as long as he—as alleged—benefitted financially from participating in the Venture through Hubbard. Goedinghaus's TVPA claims against Shah are particularly the type of harm which the TVPA is designed to cover: a person who assists a trafficking Venture cannot escape liability by simply exercising willful blindness towards the exact identify of its victims. And Goedinghaus, who experienced the exact same type of harm as Hubbard, was exactly the type of future victim who was foreseeable by Shah's actions. Indeed, had Shah and others like him not issued prescriptions without proper diligence, the Venture would have been unable to traffic either Hubbard or Goedinghaus. And had Shah refused to comply with the Venture as to Hubbard, it's quite possible that Rick Hubbard and the Venture would have decided that its method of seeking medication of victims was not practical.

    Nor does the fact that Shah was not involved in certain pleaded predicate RICO acts such as witness tampering have any relevance. (*See* Mot. at 7.) There is no requirement that Shah should have been involved in every fact of every claim. And neither is there anything improper or even confusing about Plaintiffs pleading certain facts concerning the "Medical Doctor Defendants" that applied to Shah as well as the other similarly situated defendants, in addition to the specific allegations against Shah. Shah's involvement—the prescribing of controlled substances—is clearly set forth in the complaint, and Shah if fully able to respond (as did all other defendants,

including two very closely similarly medical doctors) to the claims against him. Plaintiffs properly plead claims against Shah.

## CONCLUSION

For the foregoing reasons, the Court should respectfully deny Defendant Shah's Motion.

Dated: Tiburon, California
       July 25, 2024

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:    (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice


Justin M. Loveland*
Stefan Savic*
**REINHARDT SAVIC FOLEY LLP**
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone: (646) 357-3238
Facsimile: (212) 710-0971
jloveland@rsf-llp.com
ssavic@rsf-llp.com
*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice

10

**CERTIFICATION OF SERVICE**

    I hereby certify by my signature below that a true and correct copy of the foregoing document was served on all attorneys of record via ECF on this 25th day of July 2024.

Dated: Tiburon, California
       July 25, 2024

                                                _____
                                                Matthew W. Schmidt
                                                Attorney for Plaintiffs

**CERTIFICATION OF SERVICE**

      I hereby certify by my signature below that a true and correct copy of the foregoing document was served on all attorneys of record on this 16th day of August 2023.

Dated: New York, New York
        August 16, 2023

                                      BALESTRIERE FARIELLO

                                      By:_____
                                      Matthew W. Schmidt
                                      Attorney for Plaintiffs