IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD <br> and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br><br> v. <br><br> TRAMMELL S. CROW, JR., BENJAMIN TODD ELLER, RICHARD HUBBARD, MELISSA MILLER, SCOTT WOODS, MRUGESHKUMAR SHAH, MICHAEL CAIN, COE JURACEK, PHILIP ECOB, H.J. COLE, CODY MITCHELL, KURT KNEWITZ, PAUL PENDERGRASS; RALPH ROGERS, ROBERT PRUIT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, AARON BURLINGAME and RCI HOSPITALITY HOLDINGS, INC., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 5:23-cv-00580-FB <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

DEFENDANT MRUGESHKUMAR SHAH'S
REPLY TO PLAINTIFFS' RESPONSE TO ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE TRAFFICKING VICTIMS PROTECTION ACT AND RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT, INCLUSIVE OF BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

MRUGESHKUMAR SHAH'S ("Dr. Shah") files this his Reply to Plaintiffs' Response [ECF No. 349] (the "Response") to Dr. Shah's Motion to Dismiss, Inclusive of Brief in Support [ECF No. 346] ("Motion") in response to Plaintiffs' Second Amended Complaint [ECF No. 292] (the "Second Amended Complaint"). In support of the Motion, Defendants would show the Court:

## I. SUMMARY

1. Plaintiffs' Response fails to appreciate that Dr. Shah's Motion does not contend that the TVPA is devoid of a private cause of action. Rather, the Motion stands on the fact that Plaintiffs have failed to assert a claim under the provisions that do so. Moreover, Plaintiffs' passing reliance upon the relation-back doctrine, is not well taken. Not only is the argument not briefed in accordance with the Local Rules to allow for a full response, but the record is clear that under Rule 15(c)(1)(C), the requirements for the relation-back doctrine to apply have not been met. Therefore, the statute of limitations bars the RICO claims and to the extent such claims may exist under the TVPA, such claims arising prior to March 21, 2014. Furthermore, Plaintiffs' failure to address the shotgun/group pleading issue in a meaningful way is sufficient to grant that point of the Motion.

2. Finally, as Plaintiffs have had several bites at the apple to properly plead their claims and the extensive status of litigation at this time, permitting an amendment would be prejudicial and due to the inability to remedy the statute of limitations and absence of a private cause of action, the amendment would also be futile at this juncture. Accordingly, Dr. Shah requests that the court grant the Motion, and dismiss all of the claims asserted by Plaintiffs against Dr. Shah with prejudice.

## II. REPLY

**A. Though the TVPA Contains a Private Cause of Action, the Second Amended Complaint Does Not.**

3. Plaintiffs miss Dr. Shah's argument, as the issue is not that the TVPA lacks a private cause of action, but rather that *Plaintiffs failed to plead one*. *See* the Second Amended Complaint at ¶¶396-403. The case law in the Motion demonstrates that the claims asserted are criminal and therefore the claims and relief sought under such provisions, 18 U.S.C. §§1591 and 1589 of the

TVPA, are claims upon which relief cannot be granted. *See* the Motion at ¶3. The case law cited in the Motion specifically rejects the argument that 18 U.S.C. §1591 (Count One) and 18 U.S.C. §1589 (Count Two) provide a private cause of action. *Compare* the Motion at ¶3 *with* the Response at p. 6.

4. Though the TVPA expressly does provide for a private cause of action under other provisions of the statute, neither 18 U.S.C. §§1589 and 1591–the specific causes of action alleged in the Second Amended Complaint– provide for a private cause of action. Inasmuch as the court may only grant the relief requested in the pleadings, it matters because a civil court cannot grant the relief as pled in Counts One and Two and, therefore, Counts One and Two of the Second Amended Complaint fail to state a claim upon which relief can be granted and must be dismissed.

**B.     The Relation-Back Doctrine Does Not Apply to Revive Plaintiffs' Untimely Claims.**

5. Plaintiffs' failure to brief the relation-back doctrine alone is sufficient to avoid its application.[1] Not only have Plaintiffs failed to brief or adduce evidence in support of the application of the relation-back doctrine, but even on the merits, Plaintiffs cannot meet the requisites for such doctrine to even apply.

6. When an amendment adds a party, as is the case here, it triggers Fed. R. Civ. P. 15(c)(1)(C). *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010); Fed. R. Civ. P. 15(c)(1)(C) (emphasis added); Fed R. Civ. P. 4(m) (requiring that a defendant be served within 90 days after the complaint is filed); *see also Flores v. Cameron Cnty.*, Tex., 92 F. 3d 258, 273 (5th Cir. 1996) (quotations omitted). In 2020, the Western District of Texas explained it as follows:

---

[1] Local Rule CV-7(d)(1).

The relation-back doctrine does not apply to render this otherwise untimely filing timely. Federal Rule of Civil Procedure 15(c) governs the "relation back" of amendments to the original pleading. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). The relation-back doctrine allows a party to amend its pleading to add a new party or a new claim or defense to an otherwise untimely claim and treats the amended pleadings as if it had been filed when the original pleading was filed. *See id.* When an amended complaint relates back, the party avoids the preclusive effect of the statute of limitations that would otherwise bar the parties or claims added in the amended complaint. *See id.* at 541. In a situation involving the addition of a new party, an amended pleading relates back to the date of the original pleading when the requirements of Rule 15(c)(1)(C) are met.

In this case, Plaintiff's amended pleading seeks to name additional parties, and thus, for relation back to be proper, Plaintiff must (1) amend its pleading to bring in the proper parties, (2) satisfy the "same conduct, transaction, or occurrence" requirement under Rule 15(c)(1)(B), and (3) satisfy certain notice requirements for the party being brought in. *See* Fed. R. Civ. Pro. 15(c)(1)(C). The notice requirements are satisfied if, within the 90 days permitted under Rule 4(m) for service of the summons and complaint, the party brought in by amendment (1) received enough notice of the suit that it would not be prejudiced in defending on the merits, and (2) knew or should have known that the suit would have been brought against it but for a mistake in identifying the proper party. *See id.*

Here, Plaintiff cannot satisfy the notice requirements that would allow this amended pleading to relate back to the date of the original pleading. The 90-day period allowed by Rule 15(c)(1)(C) for potential defendants to receive notice expired on September 9, 2019, which is 90 days after June 10, 2019, the date Plaintiff filed this lawsuit. Even Plaintiff's earliest attempt to amend his pleading and add the new defendants (on October 23, 2019) was outside of the 90-day notice period. Thus, Plaintiff cannot satisfy the requirements of Rule 15 for relating back. Plaintiff's claims against the newly added defendants are barred by the statute of limitations. For this reason, granting Plaintiff motion for leave to amend would be futile and should be denied.

*Burton v. Schindler Elevator Corp.*, No. SA-19-CV-00779-FB-ESC(W.D. Tex. Mar. 31, 2020).

7. In this case, the Rule 4(m) period started when the Original Complaint was filed on November 1, 2022, and ended ninety days later on January 30, 2023. *See* the Original Complaint at ECF No. 1; Fed. R. Civ. P. 4(m). Accordingly, the deadline to serve Dr. Shah was January 30, 2023, and based upon the Affidavit of Plaintiffs' counsel filed December 5, 2023, that had not been done. *See* ECF No. 246-1 at ¶10-11. Moreover, as the basis of the Affidavit was that counsel was unable to locate Dr. Shah and properly effectuate service, it only confirms that he was without notice during the requisite time period under Fed. R. Civ. P. 4(m), and thereafter. *Id*. Accordingly, the prerequisites for the relation-back doctrine to apply simply are not met.

8. Furthermore, even if Dr. Shah had to be served within ninety (90) days of the filing of the March 21, 2024, Second Amended Complaint, that too fails. Dr. Shah was served on June 20, 2024, which is more than ninety (90) days from March 21, 2024, the date of the filing of the Complaint. *Compare* the Second Amended Complaint [ECF No. 29] *with* the Executed Summons Return [ECF No. 343. At the time Plaintiff filed the Second Amended Complaint to include claims against Dr. Shah, the statute of limitations had already run on the RICO claims.

9. Finally, that Dr. Shah was originally a party until January 9, 2024, when an Order was entered that dismissed Dr. Shah without prejudice does not change this analysis.[2] *See* ECF No. 262. When a party is dismissed without prejudice, it is as if they were never a party to the litigation at all. *Brazos Presbyterian Homes, Inc. v. Thomas Hancock Witte & Associates*, Civil Action No. 4:21-cv-03387 (S.D. Tex. Sept. 27, 2022) (citing *Villarreal v. JP Morgan Chase National Association*, 2010 WL 11575588, *3 (S.D. Tex.) (Citations omitted) (Texas law). It is also of note that it demonstrates

---

[2]A dismissal without prejudice may effectively be a dismissal with prejudice if the statute of limitations would bar the refiling of the action. *Campbell v. Wilkinson*, 988 F. 3d 798, n. 1 (5th Cir. 2021) (internal citations omitted).

that the third prong of Rule 15(c)(1)(C), cannot be met, as the failure to timely add and Dr. Shah as a party was not because he could not be identified, but rather because it was the most expeditious means for Plaintiffs to resolve the Show Cause Order. *See* ECF No.'s 234 and 246.

10.  Based upon the foregoing, the relation-back doctrine cannot salvage Counts Three and Four of the Second Amended Complaint, alleging violations under RICO barred by the statute of limitations and such claims must be dismissed with prejudice. Nor can the relation-back doctrine salvage claims related to alleged acts or omissions of Dr. Shah that occurred prior to March 21, 2014, more than ten years beyond the date of filing.  Such claims must also be dismissed with prejudice.

**C.    Plaintiffs Did Not Brief a Response to the Shotgun/Group Pleading, Warranting the Grant of the Motion on Such Grounds.**

11.  Plaintiffs provide no citations to the Second Amended Complaint, nor even a case, to refute the shotgun/group pleading issue raised in the Motion. *See* the Response at pp. 8-9.  In fact, nothing in Section IV of the Response even attempts to argue that Plaintiff Goedinghaus made anything but conclusory, group allegations against Dr. Shah in the Second Amended Complaint. *See* the Response at pp. 8-9. Nor do Plaintiffs defend why, despite Dr. Shah not being identified as having been involved in Wire Fraud or Witness Tampering, Count Three includes Dr. Shah. *Compare* the Second Amended Complaint at ¶388 with ¶¶411.  Plaintiffs do not even attempt to substantively counter the lack of plausibility as to Count Four. *See* the Motion at ¶¶11-12.  Plaintiffs provided no substantive responsive briefing on this point, likely because such grounds for dismissal are irrefutable and request is made that the Court grant the requested dismissal on these grounds.[3]

---

[3]Local Rule CV-7(d)(1).

**D.      Denial of Leave to Amend.**

12.     Plaintiff did not request leave to amend.  In light of the progress of the case, the substantial number of pleadings, potential deadlines, futility of the amendments, and the fact that this is the second amendment already, leave should not be given to amend and the dismissal granted should stand.  *See generally*, the Response.  Request is made that the Court take judicial notice of the docket in this case.  Fed R. Civ. P. 15.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Dr. Shah prays that the Court GRANT this Motion, dismiss Plaintiffs' lawsuit or, in the alternative, dismiss the claims barred by the statute of limitations and causes of action not properly pleaded or supported.  Dr. Shah further prays for any such other and further relief at law or in equity to which Dr. Shah would show itself justly entitled or that the Court deems just and appropriate.

                Respectfully Submitted,

                SHEILS WINNUBST
                A Professional Corporation

                By:    */s/ Latrice E. Andrews*
                        T. Craig Sheils
                        State Bar No. 18187350
                        Latrice E. Andrews
                        State Bar No. 24063984

                1100 Atrium II
                1701 N. Collins Boulevard
                Richardson, Texas  75080
                Telephone: (972) 644-8181
                Facsimile:  (972) 644-8180
                Email: craig@sheilswinnubst.com
                Email: latrice@sheilswinnubst.com

                ATTORNEYS FOR DEFENDANT
                MRUGESHKUMAR SHAH

## CERTIFICATE OF SERVICE

     In accordance with Fed. R. Civ. P. 5(b)(2)(E) and (b)(3), I hereby certify that a true and correct copy of the above and foregoing Defendant's Motion to Dismiss Inclusive of Brief in Support was served upon all counsel of record, via electronic service on this 29th day of July, 2024.  Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

                */s/ Latrice E. Andrews*
                Latrice E. Andrews