IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, and KAYLA GOEDINGHAUS, | § § § § § | |
| *Plaintiffs*, | § § | |
| V. | § § | CIVIL ACTION NO. SA-23-CA-580-FB |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; and RCI HOSPITALITY HOLDINGS, INC., | § § § § § § § § § § § § § § | |
| *Defendants*. | § § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MRUGESHKUMAR SHAH'S MOTION TO DISMISS

Before the Court are Defendant Mrugeshkumar Shah's Motion to Dismiss Plaintiffs' Second Amended Complaint for Violations of the Trafficking Victims Protection Act and Racketeering Influenced and Corrupt Organizations Act, Inclusive of Brief in Support (docket no. 346), Plaintiffs' response (docket no. 349) in opposition thereto and Defendant Shah's reply (docket no. 351) to Plaintiffs' response. After careful consideration, the Court is of the opinion that the motion should be granted in part and denied in part. Specifically, the motion should be granted to the extent Defendant Shah argues Plaintiffs' racketeering and conspiracy claims are barred by limitations, and denied to the extent he argues Plaintiffs' human trafficking claims cannot survive his motion to dismiss.

Overview

Plaintiffs Julia Hubbard and Kayla Goedinghaus bring this case against Defendant Mrugeshkumar Shah ("Defendant Shah") and others alleging violations of the Trafficking Victims Protection Act ("TVPA") and the Racketeering Influenced and Corrupt Organizations Act ("RICO"). Although Plaintiffs initially named Defendant Shah as a Defendant when they filed this case on November 1, 2022, (docket no. 1), and despite being Ordered by the Court (docket no. 24) to do so , they never served him with summons and a copy of their original or First Amended Complaint.

On November 20, 2023, the Court issued a Show Cause Order. (Docket no. 234). Noting that over a year had passed since the filing of the original complaint and there was no indiction that Defendant Shah had been served, Plaintiffs were Ordered to show good cause, on or before December 4, 2023, why their claims against him should not be dismissed pursuant to Rule 4(m) and for failure to prosecute. (*Id.* at page 3).

"In response to the Order to Show Cause, Plaintiffs stipulate[d] to the dismissal without prejudice" of Defendant Shah. (Docket no. 247). The Court entered an Order accepting the stipulation and Defendant Shah was officially dismissed without prejudice as a named Defendant in this case on January 9, 2024. (Docket no. 262).

On March 21, 2024, Plaintiffs filed a Second Amended Complaint which, among other things, rejoined Mrugeshkumar Shah as a Defendant. (Docket no. 292). Defendant Shah has filed a motion to dismiss arguing: (1) the RICO claims, Counts Three and Four, are barred by limitations; (2) the TVPA claims, Counts One and Two, are barred at least in part by limitations, (3) Plaintiffs fail to adequately plead and state claims for relief under the TVPA because Counts One and Two are brought

under criminal statutes which provide no private cause of action, and (4) Plaintiffs' Second Amended Complaint is a shotgun pleading.

Abbreviated Background and Plaintiffs' Allegations[1]

According to Plaintiffs' Second Amended Complaint, for nearly a decade or more, Defendant Richard Hubbard ("Defendant Hubbard") ran a sex and labor trafficking venture ("Venture") for his financial gain. (Docket no. 292 at ¶¶ 1-2). The victims were Defendant Hubbard's then-wife, Plaintiff Julia Hubbard ("Plaintiff Hubbard"), whom Defendant Hubbard made into a virtual long-term sex slave, and his later fiancée, Plaintiff Kayla Goedinghaus ("Plaintiff Goedinghaus"), whom he also had those in the Venture beat and rape. (*Id.* at ¶ 2). To develop and run this successful Venture, Defendant Hubbard utilized the essential services of a Texas billionaire, a prominent police officer, a psychologist, three medical doctors, and others. (*Id.*).

Dozens of times, generally at "Forced Sex Parties" over the course of years, Defendant Hubbard forced Plaintiffs to perform sex acts for payments (which he retained) and to secure business relationships. (Docket no. 292 at ¶ 3). Additional force and threats of force included beatings to the point of hospitalization–twice Defendant Hubbard injured Plaintiff Hubbard's neck, requiring spinal surgery–and threats to harm Plaintiffs' children, who were all under six years old at the time Defendant Hubbard threatened them, with the support of others in the Venture. (*Id.* at ¶ 5).

The misconduct and crimes of Defendants were so egregious that the Venture became an illegal racketeering enterprise ("Enterprise") whereby Defendants conspired together to commit various unlawful predicate acts in violation of RICO, including coercion, human trafficking, dealing in

---

[1] The Court generally accepts Plaintiffs' factual allegations as true for the purposes of evaluating Defendant Shah's motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

controlled substances, and wire fraud, all of which proximately harmed Plaintiffs.  (Docket no. 292 at ¶ 6).

Key to Defendant Hubbard's control of Plaintiffs, and the essential functioning of the Venture, was the work of psychologist Benjamin Todd Eller ("Defendant Eller").  (Docket no. 292 at ¶ 7).  Defendant Eller prepared false affidavits and other documents claiming that Plaintiffs were seriously psychiatrically troubled persons under his care and thus required heavy doses of a variety of medications, including Adderall, Marinol, Lorazepam, Ambien, and Trazadone.  (*Id.* at ¶ 8).

Because Defendant Eller was not a medical doctor, he was unable to write the prescriptions for the medications essential to the Venture.  (Docket no. 292 at ¶ 127).  Therefore, starting in the Fall of 2010, Defendant Hubbard found medical doctors who were willing to write prescriptions based only on Defendant Eller's written recommendations in exchange for payments from Defendant Hubbard.  (Docket no. 292 at ¶ 128).  These physicians included Defendant Melissa Miller, Defendant Scott Woods and Defendant Shah (collectively, "Medical Doctor Defendants").  (*Id.* at ¶ 129).

The Medical Doctor Defendants all knowingly provided essential support to the Venture, with knowledge or at least reckless disregard of its improper activities, in exchange for financial benefit.  (Docket no. 292 at ¶ 130).  Each of the Medical Doctor Defendants was informed by Plaintiffs that the drugs they were prescribing were being used for an improper purpose, that Plaintiffs were being abused by Defendant Hubbard, and that Plaintiffs needed help.  (*Id.* at ¶ 131).  Yet, none of the Medical Doctor Defendants took any action in response to these reports and instead simply prescribed the drugs that Defendants Eller and Hubbard had requested.  (*Id.* at ¶ 132).

Specifically, Defendant Shah was a pain management doctor whom Plaintiff Hubbard began seeing "in or about 2013."  (Docket no. 292 at ¶ 133).  Dr. Shah and his staff would issue prescriptions

to her without questions. (*Id.*). Over the course of multiple visits in the Summer of 2014, Plaintiff Hubbard told Defendant Shah that she did not need the drugs and that she was being forced to engage in sex against her will. (*Id.*). Defendant Shah ignored Plaintiff Hubbard's pleas for help, visible bruising, frequent injuries, and surgeries that indicated physical abuse. (*Id.* at ¶ 15).[2]

Plaintiff Hubbard eventually escaped the Venture in November of 2018. Plaintiff Goedinghaus meanwhile escaped from the Venture in January of 2020.

The TVPA prohibits various forms of human trafficking, including involuntary servitude, forced labor, and sex trafficking. 18 U.S.C. §§ 1581-92. An individual who is a trafficking victim may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees. 18 U.S.C. § 1595(a).

Plaintiffs' Second Amended Complaint reasserts human trafficking allegations against all Defendants in this case. Plaintiffs state that they seek damages pursuant to this Court's "subject matter jurisdiction under 18 U.S.C. § 1595" and "[a]ttorneys' fees pursuant to the civil remedy for human trafficking in 18 U.S.C. § 1595(a)." (Docket no. 292 at ¶ 54; page 70 *(g)).

Relevant to the motion to dismiss, Plaintiffs allege Defendant "Shah is liable to both Plaintiffs under TVPA beneficiary liability because he benefitted, financially or by receiving anything of value, by participating in the Venture." (Docket no. 292 at ¶ 337). Plaintiffs assert Defendant "Shah provided assistance, support and facilitation to the Venture, including by prescribing controlled substances to

---

[2] Defendant Shah was later found guilty at trial for a $200 million medical kickback and bribery scheme separate from the Venture. (Docket no. 292 at ¶ 133). He is currently serving a 42-month sentence in federal prison. (*Id.*).

Plaintiff Hubbard that allowed the Venture to force her to perform commercial sex acts against her will." (*Id.* at ¶ 338). Further, Plaintiffs maintain that Defendant "Shah received things of value from the Venture, including payment from Defendant Hubbard on behalf of the Venture for Plaintiff Hubbard's visits to Defendant Shah." (*Id.* at ¶ 339). Plaintiffs contend that Defendant "Shah knew or should have known of the trafficking acts, including [and] because, in summer 2014, Plaintiff Hubbard informed him that Defendant Hubbard and the Venture were, through the use of the drugs that Defendant Shah prescribed, forcing Plaintiff Hubbard to engage in commercial sex against her will." (*Id.* at ¶ 340). Plaintiffs allege "these acts also constitute labor trafficking under the TVPA, as Defendant Shah participated in and benefitted from the Venture, which also obtained forced labor from Plaintiff Hubbard and Plaintiff Goedinghaus." (*Id.* at ¶ 341).

Plaintiffs also reassert their RICO allegations. They allege the Enterprise, which consisted of all Defendants, committed a number of predicate acts that proximately harmed Plaintiffs. (Docket no. 292 at ¶ 387). These predicate acts allegedly include human trafficking in violation of the TVPA, violations of the Controlled Substances Act, wire fraud and witness tampering. (*Id.* at ¶ 388). Plaintiffs additionally contend that these predicate acts proximately harmed Plaintiffs because they were essential to the Venture and Enterprise and resulted in Plaintiffs suffering financial harm, including the loss of earnings. (*Id.* at ¶ 389). "These damages include, but are not limited to, moneys that Plaintiff Hubbard and Plaintiff Goedinghaus earned for providing companionship, including at Forced Sex Parties, and monies that Plaintiff Hubbard earned [for] work at Silver City Cabaret." (*Id.* at ¶ 390).

Plaintiffs' Second Amended Complaint asserts four causes of action:

<u>Count One: Violation of Human Trafficking Laws, 18 U.S.C. § 1591(a) (Sex Trafficking) Against All Defendants</u>. . . . Defendants knowingly affected interstate commerce by recruiting, enticing, harboring, transporting, obtaining, maintaining, and/or

soliciting Plaintiffs and others by any means knowing–or in reckless disregard of the fact–that Defendant Hubbard and other members of the Venture would use means of force, threats of force, fraud, and coercion to cause Plaintiffs and others to engage in commercial sex acts. Further, all Defendants benefitted, financially or by receiving something of value, from participating in a venture which has engaged in recruiting, enticing, harboring, transporting, obtaining, maintaining, and/or soliciting Plaintiffs and others by any means knowing–or in reckless disregard of the fact–that Defendant Hubbard and others in the Venture would use means of force, threats of force, fraud, and coercion to cause Plaintiffs and others to engage in commercial sex acts.

<u>Count Two: Violation of Human Trafficking Laws, 18 U.S.C. § 1589 (Labor Trafficking) Against All Defendants</u>. . . . Defendants knowingly provided or obtained the labor or services of Plaintiffs by (a) means of force, threats of force, physical restraint, or threats of physical restraint; (b) means of serious harm or threats of serious harm to that person or another person; (c) means of the abuse or threatened abuse of law or legal process; or (d) means of any scheme, plan, or pattern intended to cause Plaintiffs to believe that, if Plaintiffs did not perform such labor or services, Plaintiffs or another person, including Plaintiffs' children, would suffer serious harm or physical restraint. Further, all Defendants benefitted, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by prohibited means, knowing or in reckless disregard of the fact that the Venture had engaged in the providing or obtaining of labor or services by such prohibited means. As a direct result of Defendants' violations of 18 U.S.C. § 1589, Plaintiffs each suffered serious injury and damages in an amount to be determined at trial.

<u>Count Three: Violation of Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962)(c) (Pattern of Racketeering) Against All Defendants</u>. . . . All Defendants have acted in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) to the detriment of Plaintiffs. At all times relevant to these allegations, all Plaintiffs and all Defendants were "person[s]" within the meaning of 18 U.S.C. § 1961(3). Defendants came together to form an association in fact Enterprise. At all times relevant to the above allegations, the Enterprise had a legitimate non criminal purpose, specifically facilitation of entertainment, companionship, and networking at social functions. However, this legitimate purpose was subverted by the Enterprise's illegal acts and violations of federal laws. In the case of each Plaintiff, the Enterprise relied on the work of Defendant Eller and other members of the Enterprise in Texas, affecting interstate commerce. Defendants engaged in activities which constitute "racketeering activity," including violation of the Trafficking Victims Protection Act (18 U.S.C. §§ 1591, 1589), violation of the Controlled Substances Act (21 U.S.C. § 801, et seq.), wire fraud (18 U.S.C. § 1343), and witness tampering (18 U.S.C. § 1512), within the meaning of 18 U.S.C. § 1961(1). Defendants engaged in multiple predicate acts amounting to a "pattern of racketeering activity" within the meaning of 18 U.S.C. §

1961(5).  Plaintiffs were damaged by Defendants' violation of 18 U.S.C. § 1962(c) in an amount to be determined at trial.

<u>Count Four: Violation of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) (Rico Conspiracy) Against All Defendants</u>. . . .  All Defendants have acted in violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(d) to the detriment of Plaintiffs.  At all times relevant to these allegations, Plaintiffs and all Defendants were "person[s]" within the meaning of 18 U.S.C. § 1961(3).  All Defendants conspired to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) by associating in fact to create an Enterprise which then engaged in a pattern of racketeering activity resulting in injury to Plaintiffs.  The period of the conspiracy began as early as August 2012, and continued at least until September 2019, and likely is continuing today.  The object of the conspiracy was to traffic women for purposes of sexual acts and forced labor, to the financial benefit of Defendant Hubbard, Defendant Eller, and the Medical Doctor Defendants and for the sexual gratification and other benefits of all Defendants.  Each predicate act committed by the Enterprise was in furtherance of the conspiracy.  The predicate acts caused physical and emotional injury to Plaintiffs, in an amount to be determined at trial.

(Docket no. 292 at pages 66-68).

## II.  Legal Standards

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* at 10(b).  "A shotgun/group pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

A court considering a motion to dismiss, on the other hand, filed under Rule 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must

nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if it fails to nudge its "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.  Discussion

Defendant Shah argues the Second Amended Complaint makes it apparent that Plaintiffs' claims against him fail. He contends: (1) Counts Three and Four, the RICO claims, are barred in their totality by limitations; (2) Counts One and Two, the human trafficking claims, are barred at least in part by limitations; (3) Counts One and Two do not state TVPA claims upon which relief can be granted because the criminal statutes under which they are brought do not provide a private right of action; and (4) Plaintiffs' Second Amended Complaint is a shotgun pleading which fails to give him notice of the claims alleged against him. Accordingly, Defendant Shah seeks a dismissal with prejudice.

A.  <u>Plaintiffs' racketeering claims are barred by limitations.</u>

Counts Three and Four of Plaintiffs' Second Amended Complaint allege RICO violations against all Defendants. A civil action under RICO is subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 152 (1987). Plaintiffs do not dispute their RICO claims against Defendant Shah are more than four years' old. (Docket no. 349 at page 7). Instead, Plaintiffs ask the Court to apply the relation-back doctrine so that the limitations period runs from the filing of their Original Complaint in November of 2022. (*Id.*). The Court declines the invitation.

Plaintiffs admit they are not aware of any "authority applying the relation-back doctrine to a situation where a defendant is named from the start of the case, dismissed without prejudice due to failure of service, and added back in two months after dismissal." (Docket no. 349 at page 11).  Indeed, the general rule is that, when a defendant is dismissed without prejudice, it is as if he were never a party to the litigation.  *See Brazos Presbyterian Homes Inc. v. Thomas Hancock Witte & Assocs.,* 692 F. Supp. 3d 704, 710-11 (S.D. Tex. 2022) (explaining that "for limitations purposes, later-filed action doesn't relate back to prior lawsuit because dismissal is equivalent to suit never having been filed") (internal quotations and citations omitted).  This is true even if the dismissal without prejudice is effectively a dismissal with prejudice because the statute of limitations would bar the refiling of the action.  *Campbell v. Wilkinson*, 988 F.3d 798, 802 n.1 (5th Cir. 2021).  Here, the Court declines to apply the relation-back doctrine, which means Plaintiffs' claims for RICO violations against Defendant Shah fall outside the limitations period.  Accordingly, Counts Three and Four do not survive the motion to dismiss.

  B.  <u>Plaintiffs' TVPA claims survive dismissal.</u>

Defendant Shah seeks dismissal of Plaintiffs' claims seeking damages from him as a result of Defendants allegedly trafficking Plaintiffs in violation of the TVPA.  He argues:  (1) Counts One and Two should be at least partially dismissed because they fall outside the ten-year limitations period imposed by 18 U.S.C. § 1595; (2) Counts One and Two cite criminal provisions of the TVPA which do not provide for a private cause of action; and (3) Plaintiffs' Second Amended Complaint is a shotgun pleading.  The Court is not persuaded.

An action brought under the TVPA must be commenced within ten years after the cause of action arose.  18 U.S.C. § 1595(c)(1).  Although Defendant Shah argues Plaintiffs' claims are "at least

partially barred" by this limitations period, he makes no argument as to what conduct or behavior of his allegedly falls outside the limitations period. (Docket no. 262 at page 5). Moreover, presuming the statute of limitations runs from the March 2024 filing of the Second Amended Complaint, Plaintiffs allege it was in "Summer 2014" that "Plaintiff Hubbard told Defendant Shah that she did not need the drugs and was being forced to engage in sex against her will." (Docket no. 292 at ¶ 133). These facts are sufficient for Plaintiffs' TVPA claims to fall within the limitations period.

Defendant Shah next argues that Counts One and Two must be dismissed because they are brought under criminal statutes which do not authorize a private cause of action under the TVPA. As Defendant Shah concedes, 18 U.S.C. § 1595 of the TVPA provides that "an individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits . . . from participation in the venture . . . ) in an appropriate district court of the United States and may recover damages and reasonable attorneys' fees." 18 U.S.C. § 1595(a). "By its plain meaning, this affords [Plaintiffs] a private right of action for the [two] TVPA claims they have alleged." *Diaz v. Amezquita*, Civil Action No. 20-62583-Civ-Scola, 2021 WL 2156916, at *4 (S.D. Fla. May 27, 2021) (rejecting Defendant's argument that "all five of the TVPA counts must be dismissed because of the absence of a private right of action in any of the statutory sections cited").

Moreover, the Second Amended Complaint specifically alleges "this Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1595" and they seek "[a]ttorneys' fees pursuant to the civil remedy for human trafficking in 18 U.S.C. § 1595(a)." (Docket no. 292 at page 11 ¶ 54; page 70 section (g)). Defendant Shah cites, and independent research uncovered, no authority to support the proposition that each count alleging violations of the TVPA must specifically cite to 18 U.S.C. § 1595(a). *See Diaz*, 2021 WL 2156916, at *4 ("Defendants have not proffered any support, and the Court is unable to find

any, for their contention that Diaz must lump each count, alleging violations of different sections of the TVPA and based on distinct theories of liability, into one single claim.").

Finally, Defendant Shah contends that Plaintiffs' Second Amended Complaint against him must be dismissed as a shotgun pleading. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Defendant Shah states that he "cannot ascertain the specific allegations against him so as to allow him to make a meaningful response to the Second Amended Complaint." (Docket no. 346 at page 7). He also contends "[t]here are no direct allegations to support any claim by Plaintiff Goedinghaus against Defendant Shah, and because he is just included in the group allegations and Defendant Shah is just included with the 'Medical Doctor Defendants,' all of her claims against Defendant Shah must be dismissed with prejudice." (*Id.* at page 8).

While courts do not dismiss complaints solely because they contain allegations against a group of defendants, the circumstances of the case must allow for claims against each defendant. *Valdez v. City of San Antonio*, No. SA-21-CV-0002-JKP-RBF, 2022 WL 1608016, at *6 (W.D. Tex. May 20, 2022). Plaintiffs' Second Amended Complaint provides specific factual allegations to support plausible TVPA claims by Plaintiffs against Defendant Shah. Plaintiffs have specified which of the Defendants in general, and the Medical Doctors in particular, are responsible for which acts or omissions. (Docket no. 292, generally). Plaintiff Hubbard pleads specific facts against Defendant Shah that he prescribed her drugs after she told him that they were being used to force her to have sex against her will. (*Id.* at ¶ 133.). This gives rise to beneficiary liability against Defendant Shah with regard to Plaintiff Goedinghaus. The TVPA's beneficiary liability prong only requires that a defendant (1) knowingly

benefitted financially or by receiving anything of value, (2) from participating in a venture, which he (3) knew or should have known has engaged in human trafficking.  18 U.S.C. § 1595(a).  Defendant Shah was not required to have direct contact with Plaintiff Goedinghaus, as long as he–as alleged–knowingly benefitted financially from participating in the Venture through Plaintiff Hubbard.  *See id*; *see also Acevedo v. eXp Realty, LLC*, No. 2:23-CV-01304-AB-AGR, 2024 WL 650189, at *8 (C.D. Cal. Jan. 29, 2024)  (Section "1595(a) provides trafficking victims with a private right of action to pursue claims against perpetrators of trafficking, that is, direct liability, or against those who knowingly financially benefit from trafficking, that is, beneficiary liability.").  Plaintiffs' Second Amended Complaint is not so poorly drafted that it "fail[s] to one degree or another, and in one way or another to give [Defendant Shah] adequate notice of the claims against [him] and the grounds upon which each claim rests."  *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (explaining that dismissal is only "appropriate where it is *virtually impossible* to know which allegations of fact are intended to support which claims for relief.") (emphasis in original).

## IV.  Conclusion

In sum, the Court is persuaded by Defendant Shah's arguments in his motion and reply brief that Plaintiffs' RICO claims against him are barred by limitations and should be dismissed with prejudice.  The Court is not persuaded by Defendant Shah's arguments that Plaintiffs' TVPA claims also should be dismissed.  Defendant Shah's motion to dismiss shall be granted in part as to Plaintiffs' RICO claims (Counts Three and Four) and denied in part as to Plaintiffs' TVPA claims (Counts One and Two).

IT IS THEREFORE ORDERED that Defendant Mrugeshkumar Shah's Motion to Dismiss Plaintiffs' Second Amended Complaint for Violations of the Trafficking Victims Protection Act and Racketeering Influenced and Corrupt Organizations Act (docket no. 346) is GRANTED in PART and

DENIED in PART. That part of the motion seeking dismissal of the Racketeering Influenced and Corrupt Organizations Act claims is GRANTED such that these claims (Count Three and Count Four) against Defendant Shah are dismissed on limitations grounds. That part of the motion seeking dismissal of the Trafficking Victims Protection Act claims is DENIED such that these claims (Count One and Count Two) against Defendant Shah remain pending for disposition.

It is so ORDERED.

SIGNED this 18th day of September, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE