UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § | |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; COE JURACEK; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., | § § § § § § § § § § § § § § | Judge: Hon. Fred Biery Date Action Filed: May 8, 2023 (transferred) |
| Defendants. | § § § | |

**TRAMMELL S. CROW'S OPPOSED MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS AND CORRECTED RESPONSES TO REQUESTS FOR PRODUCTION**

Defendant Trammell S. Crow respectfully moves pursuant to Rule 37(a)(3)(B)(iv) for an order compelling plaintiffs Julia Hubbard and Kayla Goedinghaus to produce additional documents in response to requests for production, provide corrected responses to the requests, and identify which documents are responsive to each request. Mr. Crow also requests an order pursuant to Rule 37(a)(5)(A) requiring plaintiffs and their counsel to pay, jointly and severally, the reasonable expenses, including attorneys' fees, incurred by Mr. Crow in making this motion.

## SUMMARY OF ARGUMENT

After more than four months of conferring and several requests that they supplement and correct their deficient document productions, Plaintiffs have not done so and will not commit to a date by which they will comply. Plaintiffs have, *inter alia*, failed to produce documents responsive to Mr. Crow's first and third sets of requests for production, failed to reproduce documents that are illegible or were produced in nonnative formats, withheld important metadata, failed to identify documents (by Bates number) responsive to each request, and failed to serve updated responses clarifying requests for which they lack responsive records. Because Plaintiffs have not corrected these issues within a reasonable time, Mr. Crow respectfully requests an order compelling them, within 10 days of the Court's ruling, to provide a corrected and supplemental production (with complete metadata), all RFP identifications, and amended responses to the first and third sets of requests for production and also awarding Mr. Crow the expenses incurred conferring with Plaintiffs since August 30, 2024, and brining this motion.

## RELEVANT BACKGROUND

**A.      Mr. Crow Filed Two Previous Motions to Address Plaintiffs' Discovery Misconduct.**

On December 22, 2023, Mr. Crow served his first set of requests for production. (See RFPs, Set 1 (KFS Decl., Exs. A, B).) Plaintiffs served responses to the requests that do not contain any objections. (Resp. to RFPs, Set 1 (KFS Decl., Exs. C, D).)

On March 25, 2024, after months of Plaintiffs' delay and broken promises, Mr. Crow filed a motion to compel production of documents. (Mot. (Dkt. 297).) While the motion was pending, Plaintiffs made a production where all documents were combined in a single PDF. After a hearing, the Court granted the motion and specifically ordered that Plaintiffs reproduce all previously produced discovery in the format identified by Mr. Crow's requests and that they identify (by Bates number) the documents that are responsive to each request for this initial reproduction and any supplemental productions. (5/2/24 Order (Dkt. 325) at 5.)

Due to Plaintiffs unreasonable delay, on June 5, Mr. Crow filed a motion to compel full compliance with the Order. (2nd Mot. (Dkt. 332).) The Court granted the motion and ordered Plaintiffs to comply in full by June 28. (6/18/24 Order (Dkt. 340) at 3 ("[W]hile the Court's previous Order did not impose an explicit deadline on Plaintiffs, … it expects Plaintiffs to act with reasonable diligence in complying with the Court's Orders").)[1] They eventually made the reproductions and provided some of the RFP identifications. (KFS Decl. ¶ 7.)

**B.      Plaintiffs' Ongoing Failure to Supplement and Correct their Productions.**

On July 16, Mr. Crow served his third set of requests for production. (RFPs, Set 3) (KFS Decl., Exs. E, F).) On August 15, Plaintiffs served responses to the requests. (Resp. to RFPs, Set 3 (KFS Decl., Exs. G, H).) Nearly every response was the same: "Plaintiff will produce any responsive documents to this request … and expects to do so by August 29, or to the extent such documents have already been produced, to identify the Bates numbers of such documents." (Id.)

On August 30, counsel for Mr. Crow emailed regarding the status of the new production and to request that Plaintiffs fix significant issues with their prior production, such as missing documents, missing metadata and illegible documents. (Emails (KFS Decl., Ex. I) at 8/30/24.)

---

[1] The Court advised Plaintiffs of their obligation to supplement productions with additional responsive records and invited Mr. Crow to file a new motion if the parties were "unable to resolve any dispute over this supplemental production." (6/18/24 Order (Dkt. 340) at 3.)

**C.     Plaintiffs have Not Corrected Any of the Production Issues that Mr. Crow Identified.**

On September 4, counsel for the parties had a call where Plaintiffs agreed to provide dates by when they would fix the identified issues. (Id. at 9/4/24.) Thereafter, counsel for Mr. Crow followed up multiple times (id. at 9/17/24, 9/23/24, 10/8,2024, 10/11/24), but Plaintiffs would not commit to a compliance date. (E.g., id. at 10/16/24 ("I'm still confirming a timeframe on my end, but will update you").)

On October 28, counsel for Mr. Crow sent a formal letter demanding that Plaintiffs produce the missing documents, correct the technical issues and missing metadata, amend their responses and provide complete RFP identifications. (Crow Letter (KFS Decl., Ex. J).) Counsel for Plaintiffs responded that they expected to provide an updated production by November 8. (Resp. Letter (KFS Decl., Ex. K).) They did not produce on that date. Instead, counsel for Plaintiffs emailed that there was a "technical issue" with the production. (Emails (KFS Decl., Ex. I.) at 11/10/24.) The next day, he emailed that some of the documents identified in Mr. Crow's Letter as missing had supposedly been produced previously and that he would provide "Bates numbers to assist" with locating them. (Id. at 11/11/24.) None have been provided.

On November 18, there was another conferral call where Plaintiffs agreed to make their supplemental production the following week and committed to providing at the same time a corrected metadata overlay and updated RFP identifications. (KFS Decl. ¶ 16.) The following week came and went without Plaintiffs providing any of the promised materials. (Id.)

On November 29, counsel for Mr. Crow emailed to request Plaintiffs "advise on the status of the production and when [they would] receive it." (Emails (KFS Decl., Ex. I.) at 11/29/24.) Counsel for Plaintiffs eventually responded that he had "been dealing with some unexpected issues" in unrelated cases and that he would be following up. (Id. at 12/2/24, 12/3/24.) Over the next three weeks, counsel for Mr. Crow sought multiple times to confirm

when Plaintiffs would produce and explained that Mr. Crow would move to compel if they did not produce soon. (Id. at 12/6/24, 12/9/24, 12/16/24.) Counsel for Plaintiffs eventually responded they "are continuing and still hope to be able to start production in the coming days." (12/19/24 Email (KFS Decl., Ex. L).)

On December 20, counsel for Mr. Crow emailed a summary regarding several of the outstanding issues and explained that they would file a motion if Plaintiffs did not make a complete supplemental production with RFP identifications by January 6, 2025. (Emails (KFS Decl., Ex. I) at 12/20/24.) On January 7, counsel for Plaintiffs sent an email acknowledging that he had "been overly optimistic about [his] timing on several occasions" and again promised to "get this resolved as soon as possible." (Id. at 1/7/25.) Considering Plaintiffs' discovery track record in this action, counsel for Mr. Crow believes that Court intervention is necessary.

## ARGUMENT

A.   **Plaintiffs Should Be Ordered to Produce All Responsive Documents, Correct Their Prior Productions, and Provide Related Information by a Date Certain.**

Where "a party fails to produce documents," a motion to compel is proper. Fed. R. Civ. Proc. 37(a)(2)(iv). Courts are empowered to order a date certain by which a party must reproduce or produce documents by. See Q2 Software, Inc. v. Radius Bank, 2020 WL 129105, at *2 (W.D. Tex. Jan. 10, 2020) (compelling party to complete production within seven days). Here, the Court should enter an order compelling Plaintiffs to address the following production and discovery issues within 10 days of the Court's ruling on the motion.

   1.   **Plaintiffs' document productions evidence that they are incomplete.**

Many of Plaintiffs' documents refer to specific records that have not been produced. Counsel for Mr. Crow diligently searched for these materials but has not located them. Although Plaintiffs claim to have produced a small portion of the missing documents, months have passed

without them identifying such materials as they promised to do. Plaintiffs must supplement their productions with the missing materials and, because they overlooked so much previously, they must conduct a diligent and thorough search for responsive materials they have not produced. The following is a non-exhaustive list of records that Plaintiffs should have produced but did not.

      a.      *Plaintiffs withheld communications with defendant Grover.*

Ms. Hubbard had communications with defendant Grover shortly after Mr. Crow filed his first motion to compel. Rather than producing the entire conversation with metadata, Ms. Hubbard produced only a portion of it that she had screenshotted to share with third parties involved with a movie that she is trying to have made about the alleged trafficking. (KFS Decl. ¶ 17.a.) These materials are responsive to Request Nos. 35 and 51 and must be produced.

      b.      *Plaintiffs' withheld a responsive CashApp receipt.*

Ms. Hubbard claims to possess a CashApp receipt of a transaction where Mr. Hubbard sent defendants Shawn and Jade Mayer $2,000 that was supposedly payment related to the alleged trafficking. (KFS Decl. ¶ 17.b.) The produced CashApp records do not reflect such a transaction. That receipt would be responsive to RFP Nos. 4 and 5.

      c.      *Plaintiffs withheld a responsive Video of defendant Eller.*

Ms. Hubbard recently claimed to have a video where defendant Eller evaluated Ms. Goedinghaus's daughter. (KFS Decl. ¶ 17.c.) The video has not been produced and would be responsive to RFP Nos. 7 and 8.

      d.      *Plaintiffs withheld communications with one another.*

Other than emails, written communications like text and social media messages between Plaintiffs are conspicuously missing from their productions. (KFS Decl. ¶ 17.d.) Plaintiffs produced non-email communications between them only where a third party was included or they happened to be attached to emails. For example, Ms. Goedinghaus produced screenshots of

a 2019 text chain with Ms. Hubbard, but the actual text chain was not produced. (Id.) Plaintiffs' communications with each other are responsive to RFP No. 23 and must be produced.

### e.     Plaintiffs' withheld a phone recording.

Ms. Hubbard has claimed to possesses a recorded phone call where Ms. Goedinghaus called her while Mr. Hubbard forced Ms. Goedinghaus to ask certain questions. (KFS Decl. ¶ 17.e.) This and any similar recordings are responsive to Request No. 84 and must be produced.

### f.     Plaintiffs withheld records regarding Mr. Hubbard.

Ms. Hubbard has repeatedly claimed to possess records regarding Mr. Hubbard that have not been produced. (KFS Decl. ¶ 17.f.) Any such records are responsive to, *inter alia*, RFP No. 35 and must be produced. The following describes some of the records that were not produced:

<u>Mr. Hubbard's Stolen Computer in Plaintiffs' Possession</u> – Ms. Hubbard has repeatedly referred to Plaintiffs having taken one of Mr. Hubbard's iMac computers that is supposedly still in their possession. (Id. ¶ 17.f.i.) However, it appears that they have not produced responsive documents from Mr. Hubbard's computer. For example, Plaintiffs produced an email where they refer to records that they found on Mr. Hubbard's computer that supposedly show he was stalking and tracking them. (Id.) Counsel for Mr. Crow has not identified anything like that in Plaintiffs' productions. (Id.) As another example, on January 30, 2023, Ms. Goedinghaus sent an email to Ms. Hubbard with the subject line "Dead body on Rick's computer" that attached a photo of a screenshot purporting to show image thumbnails that she located on one of Mr. Hubbard's computers. (Id.) It appears that no other photos or materials from Mr. Hubbard's computer were produced even though they are responsive to RFP No. 92. Plaintiffs must produce all records from any computer in their possession belonging to Mr. Hubbard or provide Mr. Crow an opportunity to inspect the computer(s) in person and copy the contents.

<u>Mr. Hubbard's Records Stored on Dropbox</u> – According to Ms. Hubbard, Mr. Hubbard

granted her access to his Dropbox folder and from there she obtained all the emails between Mr. Hubbard and Mr. Crow where they exchanged money. (Id. ¶ 17.f.ii.) However, Plaintiffs have produced *only three emails* between Mr. Hubbard and Mr. Crow. The produced versions of two emails show that Mr. Hubbard forwarded both emails to Ms. Hubbard. (Id.)[2] The third email is a December 29, 2011, email from Mr. Hubbard to several people attaching family Christmas photos. (Id.) Unless those three emails are everything, Plaintiffs have not produced responsive emails that Ms. Hubbard supposedly downloaded from Mr. Hubbard's Dropbox.

*2019 Message* – Ms. Hubbard has referred to a message she supposedly received from Mr. Hubbard in 2019 instructing her that "you will obey my rule of law." She recently represented to a third party that she still has this message. (KFS Decl. ¶ 17.f.iii.)

*Screenshots of Messages* – According to Ms. Hubbard, she would communicate with Mr. Hubbard through Snapchat and other modes of communication, and she would take screenshots of the messages. (KFS Decl. ¶ 17.f.iv.) Ms. Hubbard claims to have texts and/or Snapchats that have not been produced, including a message where Mr. Hubbard allegedly wrote that she would be buried underneath a prison. (Id.)

*Document Binders* – Ms. Hubbard made 18 binders that supposedly contain everything Mr. Hubbard communicated to her and did. (Id. ¶ 17.f.v.) Some or all of these materials have not been produced. For example, Ms. Hubbard claims to have a text message in one of the binders from Mr. Hubbard where he threatened a judge. (Id.) As another example, she claims to have communications between Mr. Hubbard and a third party named Max Gough where Mr. Hubbard states that his daughter was not safe due to Ms. Goedinghaus's connections to a Mexican cartel and a debt owed to them. (Id.) Those have not been produced.

---

[2] Plaintiffs produced both emails several times because they produced multiple emails where Ms. Hubbard forwarded them to third parties. The fact that they produced the versions forwarded to Ms. Hubbard but not the originals suggests that the Dropbox materials were not produced.

**2.    Additional outstanding issues with Plaintiffs' productions.**

Even though most of these issues require simple and quick fixes on Plaintiffs' part, they have not corrected a single one of them over the last four months

***a.    Plaintiffs' productions have missing and incorrect metadata.***

More than 1,100 of the produced ESI documents (e.g., social media conversations, screenshots and other file types) are missing basic metadata, such as date information. (KFS Decl. ¶ 18.a.) For example, the metadata associated with many documents incorrectly shows that they were created on "Dec 31, 9999 11:59 PM" and that the author is one of Plaintiffs' lawyers. (Id.) Mr. Crow is entitled to a supplemental production of the correct metadata.

***b.    Plaintiffs' productions are missing image files.***

Plaintiffs produced only four image files. (Id. ¶ 18.b.) Part of the problem is that Plaintiffs erroneously produced some .jpg files as .pdf files. Producing .jpg files in a non-native format stripped them of all metadata (e.g., date and location). (See supra at A.2.a.) The agreed-to ESI standard requires productions be done in native format wherever possible. (RFPs, Set 1 (KFS Decl., Exs. A, B).) Images and any other files that were produced in a non-native format, must be reproduced in their native formats with complete metadata. Plaintiffs must also produce any withheld images and videos related to their allegations. (Id. at RFP Nos. 1-2, 19-21.)

***c.    Plaintiffs' productions withheld linked-to documents.***

Plaintiffs already agreed to produce materials contained in Dropbox, Onedrive and similar database hyperlinks in emails that they sent or received. (KFS Decl. ¶ 18.c.) Despite Mr. Crow raising this issue multiple times, Plaintiffs have still not produced these linked-to records.

***d.    Plaintiffs productions withheld many social media records***

Plaintiffs' productions omitted substantial amounts of their responsive social media records. (Id. ¶ 18.d.) For example, there are no social media messages between defendant

Hynes and Ms. Hubbard, even though that is how they met and initially communicated. (SAC (Dkt. 292) ¶ 243 ("[Hynes], had been messaging Hubbard on Facebook.").)

Ms. Hubbard has many social media accounts where she routinely posts information concerning her allegations in this action. For example, she has at least two TikTok accounts with the usernames "slave.2.survivor" and "slave.2.surviivor" that combined have over 100,000 followers. She said the following in a recent TikTok that is representative of her other posts:

> "Sure would be nice if they arrested my trafficker also. P Diddy was great…. But I also have a famous trafficker. Hi! I'm Julia Hubbard from Cosmopolitan Magazine. My trafficker is famous and wealthy and from Texas."[3]

Plaintiffs already agreed to review their social media and messaging accounts (e.g., Whatsapp, Snapchat, Facebook, TikTok, LinkedIn, X/Twitter, Myspace, etc.) for additional responsive materials, including public posts and nonpublic communications (e.g., direct messages).[4] (KFS Decl. ¶ 18.d.) Despite requests that they do so, Plaintiffs have not disclosed when they will produce the withheld and responsive social media records.

### e. *Plaintiffs' production errors rendered documents illegible.*

Plaintiffs produced many of their Facebook and Instagram conversations in a manner where they are not fully readable because the last word on many of the lines is cut off. (KFS Decl. ¶ 18.e.) Plaintiffs must reproduce the affected conversations so the text is fully readable.

### f. *Plaintiffs made incomplete RFP identifications by Bates number.*

With respect to documents produced in response to the first set of requests, Plaintiffs did not identify any documents as responsive to RFP Nos. 4, 6, 9, 11-12, 14, 17-18, 22, 24, 26, 30-31, 33-34, 37-38 and 40-51 even though they produced documents clearly responsive to them.

---

[3] https://www.tiktok.com/@slave.2.survivor/video/7418311155665423659

[4] Mr. Crow's RFPs define COMMUNICATIONS to include "online postings" and multiple of the RFPs encompass Plaintiffs' social media postings (e.g., RFP Nos. 23 and 35).

(KFS Decl. ¶ 18.f.)  For example, RFP No. 42 seeks Plaintiffs' medical records.  Although they produced some medical records, none were listed as responsive to that RFP.  (Id.)  Plaintiffs also failed to identify which documents produced in response to the first set of requests are responsive to the third set of requests, despite promising to do so in their responses.  (Id.)

With respect to documents produced in response to the third set of requests, Plaintiffs have failed to identify which of those documents are responsive to requests in the first set.  (Id.)

During the parties' conferrals counsel for Plaintiffs agreed to provide updated RFP identifications for all produced documents and to serve amended responses to the requests that accurately certify which requests Plaintiffs lack responsive records for.  They have not done so.

**B.     Plaintiffs and Their Counsel Should be Ordered to Pay Expenses.**

Where a motion to compel is granted or if the disclosure of the requested information is provided after the motion is filed, the court must require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  Fed. R. Civ. Proc. 37(a)(5)(A).  Mr. Crow respectfully requests the Court order plaintiffs and their counsel to pay, jointly and severally, his reasonable expenses incurred conferring on the issues addressed above and in making this motion in the amount of $7,025.00.  (KFS Decl. ¶ 20.)

## CONCLUSION

Mr. Crow respectfully requests an order compelling Plaintiffs, within 10 calendar days, to provide a corrected and supplemental production (with complete metadata), all RFP identifications, and amended responses to the first and third sets of requests for production.  Mr. Crow further requests an order pursuant to Rule 37 requiring Plaintiffs and their counsel to pay, jointly and severally, Mr. Crow's expenses incurred in conferring regarding and bringing this motion, in an amount of $7,025.00, to also be paid within ten calendar days of such order.

DATED: January 9, 2025                              Respectfully submitted,

                                                            */s/ Gerald E. Hawxhurst*
                                                            Gerald E. Hawxhurst
                                                            Texas State Bar No. 24090636
                                                            jerry@hawxhurstllp.com
                                                            HAWXHURST LLP
                                                            1301 S. Capital of Texas Hwy
                                                            Building C, Suite 300
                                                            Austin, Texas 78746
                                                            Tel: (512) 522-4995
                                                           Fax: (512) 522-4961

                                                           GRAY REED
                                                           KENNETH C. STONE
                                                           Texas Bar No. 19296300
                                                           LONDON ENGLAND
                                                           Texas Bar No. 24110313
                                                           1601 Elm Street, Suite 4600
                                                           Dallas, Texas 75201
                                                           Telephone: (214) 954-4135
                                                           Facsimile: (214) 953-1332
                                                           kstone@grayreed.com
                                                           lengland@grayreed.com

                                                           *Attorneys for Defendant*
                                                           *Trammell S. Crow*

## CERTIFICATE OF CONFERENCE

     Over multiple months, counsel for Mr. Crow conferred with counsel for Plaintiffs several times in a good faith attempt to resolve the subject matter of this motion. Plaintiffs promised multiple times to make supplemental and corrected productions, but did not do so. Accordingly, Mr. Crow has sought the Court's intervention to compel Plaintiffs to provide a corrected and supplemental production (with complete metadata), all RFP identifications, and amended responses to Mr. Crow's first and third sets of requests for production.

                                                           Kyle Foltyn-Smith

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on January 9, 2025, on all counsel of record via ECF and Defendant Phil Ecob (pro se) via U.S. Mail at the following address:

    2215 Cedar Springs Road, Apt. 1414
    Dallas, Texas 75201.

                                               /s/ Kyle Foltyn-Smith
                                               Kyle Foltyn-Smith