UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | § § | |
| Plaintiffs, | § § | Case No. 5:23-cv-00580-FB |
| v. | § § | |
| TRAMMELL S. CROW, JR., et al. | § § | Judge: Hon. Fred Biery |
| Defendants. | § § | Date Action Filed: May 8, 2023 (transferred) |
| | § | |

**DECLARATION OF KYLE FOLTYN-SMITH IN SUPPORT OF
TRAMMELL S. CROW'S OPPOSED MOTION TO COMPEL
FURTHER PRODUCTION OF DOCUMENTS**

I, Kyle Foltyn-Smith, declare as follows:

1.     I am a partner at the law firm of Hawxhurst LLP, co-counsel of record for defendant Trammell S. Crow. I make this declaration in support of Mr. Crow's motion to compel further production of documents. I have personal knowledge of the facts stated herein, and if called upon to do so, I could and would testify truthfully and competently with respect thereto.

2.     Attached hereto as Exhibit A is a true and correct copy of Mr. Crow's first set of requests for production to plaintiff Kayla Goedinghaus that were served December 22, 2023.

3.     Attached hereto as Exhibit B is a true and correct copy of Mr. Crow's first set of requests for production to plaintiff Julia Hubbard that were served December 22, 2023.

4.     On January 22, 2024, plaintiffs served their responses to the requests that contained only boilerplate objections and vague promises to produce. Following a conference of counsel with Plaintiffs' counsel Matthew Schmidt, plaintiffs agreed to withdraw their objections and produce documents for each of the requests.

5.      Attached hereto as Exhibit C is a true and correct copy of Ms. Goedinghaus's amended responses to the requests that were served on February 21, 2024.

6.      Attached hereto as Exhibit D is a true and correct copy of Ms. Hubbard's amended responses to the requests that were served on February 21, 2024.

7.      On or around June 28, 2024, Plaintiffs reproduced their earlier productions and made RFP identifications pursuant to the Court's June 18, 2024, order.  However, in the course of reviewing those materials, counsel for Mr. Crow identified that the productions were incomplete, missing a significant amount of metadata, some of the documents were partially illegible, and Plaintiffs' RFP identifications were significantly incomplete.

8.      Attached hereto as Exhibit E is a true and correct copy of Mr. Crow's third set of requests for production to plaintiff Kayla Goedinghaus that were served on July 16, 2024.

9.      Attached hereto as Exhibit F is a true and correct copy of Mr. Crow's third set of requests for production to plaintiff Julia Hubbard that were served July 16, 2024.

10.     Attached hereto as Exhibit G is a true and correct copy of Ms. Goedinghaus's responses to the third set of requests that were served on August 15, 2024.

11.     Attached hereto as Exhibit H is a true and correct copy of Ms. Hubbard's responses to the third set of requests that were served on August 15, 2024.

12.     Attached hereto as Exhibit I is a true and correct copy of email correspondence from August 30, 2024, to January 7, 2025, between, on the one hand, me and other counsel for Mr. Crow, on the one hand, counsel for Plaintiffs including Mr. Schmidt.

13.     Attached hereto as Exhibit J is a true and correct copy of the formal letter that I sent to counsel for Plaintiffs on October 28, 2024, via email.

14.     Attached hereto as Exhibit K is a true and correct copy of the formal letter I received from counsel for Plaintiffs on November 1, 2024, via email.

15.     Attached hereto as Exhibit L is a true and correct copy of an email that I received from counsel for Plaintiffs on December 19, 2024, regarding the status of Plaintiffs' supplemental and corrected production.  This email is an extract from a larger email chain regarding an unrelated topic, so those rest of the email chain was intentionally omitted.

16.     On November 18, counsel for the parties had a conferral call where counsel for Plaintiffs, Mr. Schmidt, agreed to make their supplemental production the following week and committed to providing at the same time a corrected metadata overlay and updated RFP identifications.  However, the following week came and went without Plaintiffs providing any of the promised materials.

17.     Counsel for Mr. Crow has reviewed the materials that Plaintiffs have produced in this action.  I have personally reviewed many of the documents and performed searches on them using review software.  Many of Plaintiffs' documents refer to specific records that have not been produced.  After diligently searching for these referenced materials, I was unable to locate the ones referenced below.  As seen in the exhibits attached hereto, I brought these missing documents and other production issues to the attention of counsel for Plaintiffs multiple times since August 2024.  For example, our October 28 Letter (Exhibit J) describes the issues that are the subject of the motion and includes specific Bates number citations throughout to documents that evidence Plaintiffs' productions are missing responsive materials that are or are likely in their possession, custody or control.  Based on my personal review and search of Plaintiffs Productions, the materials described below should have been produced but were not.

a.     ***Communications with defendant Grover –*** Ms. Hubbard produced a lengthy chat conversation from April 2024 between her and third parties involved with a movie that she is trying to have made about the alleged trafficking.  There is a small screenshot in the conversation of recent text messages to her from defendant

Grover regarding evidence relevant to her claims. Ms. Hubbard did not produce the actual messages with metadata.

b. ***Responsive CashApp receipt*** – Ms. Hubbard produced documents where claims to possess a CashApp receipt of a transaction where defendant Mr. Hubbard purportedly sent defendants Shawn and Jade Mayer $2,000 that was supposedly payment related to the alleged trafficking. Based on my review of the produced CashApp records, none reflect such a transaction.

c. ***Responsive Video of defendant Eller*** – Ms. Hubbard produced documents where she recently claimed to have a video of defendant Eller evaluating Ms. Goedinghaus's daughter. No such video has been produced.

d. ***Plaintiffs non-email communications with one another*** – Other than emails and a few screenshots, our team not located written communications like text and social media messages between Plaintiffs. Based on our review, Plaintiffs produced non-email communications between them only where a third party was included or they happened to be attached to emails. For example, Ms. Goedinghaus produced screenshots of a 2019 text chain with Ms. Hubbard, but the actual text chain was not produced.

e. ***Ms. Hubbard's phone recording of Ms. Goedinghaus*** – Ms. Hubbard produced documents where she claimed to possesses a recorded phone call where Ms. Goedinghaus called her while Mr. Hubbard forced Ms. Goedinghaus to ask certain questions. We have not located such recording in the productions.

f. ***Plaintiffs withheld records regarding Mr. Hubbard*** – Throughout the document productions, Ms. Hubbard repeatedly claims to possess records regarding Mr.

Hubbard that have not been produced.  The following describes some of the records that were not produced:

i.    ***<u>Mr. Hubbard's Stolen Computer in Plaintiffs' Possession</u>*** – Ms. Hubbard claims multiple times in the produced documents that Plaintiffs took one of Mr. Hubbard's iMac computers that is supposedly still in their possession.  However, it appears that they have not produced responsive documents from Mr. Hubbard's computer.  For example, Plaintiffs produced an email where they refer to records that they found on Mr. Hubbard's computer that supposedly show he was stalking and tracking them.  Our team has not identified anything like that in Plaintiffs' productions.  As another example, on January 30, 2023, Ms. Goedinghaus sent an email to Ms. Hubbard with the subject line "Dead body on Rick's computer" that attached a photo of a screenshot purporting to show image thumbnails that she located on one of Mr. Hubbard's computers.

ii.   ***<u>Mr. Hubbard's Records Stored on Dropbox</u>*** – There are documents in the productions where Ms. Hubbard claims that Mr. Hubbard granted her access to his Dropbox folder and from there she obtained all the emails between Mr. Hubbard and Mr. Crow where they supposedly exchanged money.  However, Plaintiffs have produced *only three emails* between Mr. Hubbard and Mr. Crow.  The produced versions of two emails show that Mr. Hubbard forwarded both emails to Ms. Hubbard.  Plaintiffs produced both emails several times because they produced multiple emails where Ms. Hubbard forwarded them to third parties.  The fact that Plaintiffs produced the versions forwarded to Ms. Hubbard but not the originals

suggests that the Dropbox materials were not produced.  The third email is a December 29, 2011, email from Mr. Hubbard to Mr. Crow and several other people attaching family Christmas photos.  Unless those three emails are everything that Ms. Hubbard was referring to, it appears Plaintiffs have not produced responsive emails that Ms. Hubbard supposedly downloaded from Mr. Hubbard's Dropbox.

iii.     **_2019 Message_** – In the productions, Ms. Hubbard refers multiple times to a message she supposedly received from Mr. Hubbard in 2019 instructing her that "you will obey my rule of law."  In a recent document from the production, she represents to a third party that she still has this message.  Despite searching for it, we have not located it in the productions.

iv.     **_Screenshots of Messages_** –  Based on representations by Ms. Hubbard in the productions, she would communicate with Mr. Hubbard through Snapchat and other modes of communication, and she would take screenshots of the messages.  There are multiple references to messages she supposedly has but were not produced, such as a message she describes where Mr. Hubbard allegedly wrote that she would be buried underneath a prison.

v.     **_Document Binders_** – There are many references in the productions to Ms. Hubbard having made 18 binders that supposedly contain everything Mr. Hubbard communicated to her and did.  Some or all of these materials have not been produced.  For example, Ms. Hubbard claims to have a text message in one of the binders from Mr. Hubbard where he threatened a judge.  That message has not been located.  As another example, she

claims to have communications between Mr. Hubbard and a third party
named Max Gough where Mr. Hubbard states that his daughter was not
safe due to Ms. Goedinghaus's connections to a Mexican cartel and a debt
owed to them.  While some communications with Max Gough have been
located, the ones Ms. Hubbard was referring to were not.

18.     In addition to the missing documents, there are several other issues with Plaintiffs
productions that also need to be corrected to make the productions complete and comply with
their discovery obligations.

   a.   ***Missing and incorrect metadata*** – More than 1,100 of the produced ESI
        documents (e.g., social media conversations, screenshots and other file types) are
        missing basic metadata, such as date information.  For example, the metadata
        associated with many documents incorrectly shows that they were created on
        "Dec 31, 9999 11:59 PM" and that the author is one of Plaintiffs' lawyers.  The
        parties' agreed-to ESI standard requires that metadata information be included
        with produced records.

   b.   ***Missing image files*** – Plaintiffs have produced only four image files.  I suggested
        to counsel for Plaintiffs that part of the problem may be that Plaintiffs erroneously
        produced some .jpg files as .pdf files.  Producing .jpg files in a non-native format
        strips them of all metadata (e.g., date and location).  The parties' agreed-to ESI
        standard requires productions be done in native format wherever possible.

   c.   ***Linked-to documents*** – Early in the conferral process, counsel for Plaintiffs
        agreed to produce materials contained in Dropbox, Onedrive and similar database
        hyperlinks in emails that Plaintiffs they sent or received.  Despite us raising this

issue multiple times since then, Plaintiffs have still not produced these linked-to records.

d.   ***Social media records* –** Plaintiffs' productions omitted substantial amounts of their responsive social media records.  For example, there are no social media communications between defendant Michael Hynes Jr. and Julia Hubbard, even though that is how they allegedly met and initially communicated.  Based on my online searches, I have learned that Ms. Hubbard has many social media accounts where she routinely posts information concerning her allegations in this action.  For example, she has at least two TikTok accounts with the usernames "slave.2.survivor" and "slave.2.surviivor" that combined have over 100,000 followers.  During the conferral process, counsel for Plaintiffs promised that Plaintiffs would review their social media and messaging accounts (e.g., Whatsapp, Snapchat, Facebook, TikTok, LinkedIn, X/Twitter, Myspace, etc.) for additional responsive materials, including public posts and nonpublic communications (e.g., direct messages).  Despite requests that they do so, Plaintiffs have not disclosed when they will produce the withheld and responsive social media records.

e.   ***Production errors rendered documents illegible* –** Plaintiffs produced many of their Facebook and Instagram conversations in a manner where they are not fully readable because the last word on many of the lines is cut off.  Sometimes, the missing word is crucial for understanding what is being communicated.  To

correct this, Plaintiffs must reproduce the affected conversations so the text is fully readable.

    *f.*    ***Incomplete RFP identifications by Bates number*** – With respect to documents produced in response to the first set of requests, Plaintiffs did not identify any documents as responsive to RFP Nos. 4, 6, 9, 11-12, 14, 17-18, 22, 24, 26, 30-31, 33-34, 37-38 and 40-51 even though they produced documents responsive to them.  For example, RFP No. 42 seeks Plaintiffs' medical records.  Although they produced some medical records, none were listed as responsive to that RFP. Plaintiffs also failed to identify which documents produced in response to the first set of requests are responsive to the third set of requests, despite promising to do so in their responses.  With respect to documents produced in response to the third set of requests, Plaintiffs have not identified which of those documents are responsive to requests in the first set.  During the parties' conferrals counsel for Plaintiffs agreed to provide updated RFP identifications for all produced documents and to serve amended responses to the requests that accurately certify which requests Plaintiffs lack responsive records for.  They have not done so.

19.    As of the filing of this motion, Plaintiffs have not provided a corrected and supplemental production (with complete metadata), all RFP identifications, and updated responses to the first and third sets of requests for production.

## DECLARATION IN SUPPORT OF EXPENSES (ATTORNEYS' FEES)

20.    I am familiar with Hawxhurst LLP's billing practices, the rates charged to Mr. Crow for this matter, and the time spent by me and my colleague Gerald E. Hawxhurst in preparing the motion to compel and related papers, as well as conferring with counsel for Plaintiffs concerning its subject matter.

21.    For this matter, my hourly rate is $650 per hour and Mr. Hawxhurst's is $650.  I spent 4.5 hours preparing the motion papers, the proposed order and preparing my declaration; Mr. Hawxhurst spent one hour reviewing and editing those materials.  I also spent five hours from August 30, 2024, through early January 2025 conferring with Plaintiffs regarding the subject matter of the motion, including portions of multiple phone calls, extensive email communications and preparation of our October 28 letter.

22.    In total, Mr. Crow incurred $7,025.00 in attorney's fees for the preparation and filing of this motion.  These amounts do not include the hours of attorney time spent sending reviewing documents and time by other counsel on our team reviewing emails and conferring with Plaintiffs to obtain their compliance with the discovery rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in Cedar Park, County of Williamson, on the 9th day of January 2025.

Kyle Foltyn-Smith

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

|  |  |
|---|---|
| | Case No.: 5:23-cv-00580-FB |
| | Judge: Hon. Fred Biery |
| JULIA HUBBARD, at al., | Courtroom: 8509 |
| | Date Action Filed: May 8, 2023 (transferred) |
| Plaintiffs, | |
| v. | |
| TRAMMELL S. CROW, JR., et al. | |
| Defendants. | |

**TRAMMELL S. CROW'S REQUESTS FOR PRODUCTION
TO PLAINTIFF KAYLA GOEDINGHAUS, SET ONE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Court Rules of the United States District Court for the Western District of Texas, defendant Trammel S. Crow hereby requests that plaintiff Kayla Goedinghaus serve written responses to the below requests for production and produce the documents and items requested, indexed by document control number(s) to correspond to the Request(s) to which they are responsive, to the offices of each counsel listed at the end of these Requests, within 30 days of service hereof.

## DEFINITIONS[1]

1.      "ACTION" means the present action styled <u>Julia Hubbard, et al. v. Trammell S. Crow, et al.</u>, Case No. 5:23-cv-00580-FB.

2.      "COMMUNICATION(S)" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including but not limited to by such means as letters, memoranda, facsimiles, e-mails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, applications (such as, by way of example, WhatsApp), or any other medium.

3.      "COMPLAINT" means YOUR operative pleading on file in Case No. 5:23-cv-00580-FB.

4.      "CROWDFUNDING WEBSITES" means raising capital from marketing directed to the public at large (via the internet) for charitable contributions or business ventures including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, or Kickstarter.

5.      "DEFENDANT(S)" means the named defendants in the COMPLAINT and, with respect to the individuals, each of such DEFENDANT'S present or former agents, representatives, attorneys, investigators, accountants and any and all persons or entities acting or purporting to act on behalf of any of them.  With respect to an entity, each such DEFENDANT'S (i) employees, officers, agents, brokers, representatives, accountants, investigators, consultants,

---

[1] In addition to the terms defined herein, see Western District of Texas Local Rule CV-26.

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

and attorneys; (ii) any other person or entity acting or purporting to act on its behalf; (iii) any other person or entity that can control it; and (iv) any other person or entity otherwise subject to its control.

6.      "DOCUMENT(S)" means all writings and records, including but not limited to, originals and all copies unless identical, regardless of origin or location, of written, recorded, or graphic matter, however produced or reproduced, including, without limitation, and whether in electronic or hard copy form, all COMMUNICATIONS, correspondence, contracts, agreements, summaries, memoranda, letters, messages, e-mails, electronically-stored information, invoices, receipts, drafts, reports, records, financial statements, photographs, phonographs, digital pictures, tapes or other recordings, disks, data cells, and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in YOUR possession, custody, or control.

7.      "PERSON" means a natural person, association, charity, group, corporation, or partnership, whether formal or informal or existing under or authorized by laws of the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country.

8.      "PLAINTIFFS" means collectively Julia Hubbard and Kayla Goedinghaus.

9.      "SEX PARTY(IES)" means parties at which YOU claim to have performed sex acts, whether allegedly voluntarily or involuntary, including, but not limited to, swinger parties, alleged parties at Trammell S. Crow's house, attendance at Friends or similar sex clubs, or any other similar party whether or not specifically alleged in the COMPLAINT.

10.      "SOCIAL MEDIA WEBSITES" means publicly available, third party hosted, interactive web technologies used to produce, post and interact through text, images, video and audio to inform, share, promote, collaborate or network including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, Signal, LinkedIn, Telegram, Reddit, Discord, Adult Friend Finder, or OnlyFans.

11.     "YOU," "YOUR," and "PLAINTIFF," means Kayla Goedinghaus.

## INSTRUCTIONS

1.      The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.      All words whose meanings are not specifically defined shall be interpreted to have the common English meaning of the word.

3.      All words in quotations not otherwise defined shall have the definition contemplated in the COMPLAINT.

4.      The word "or" is used inclusively to mean "and/or."

5.      The DOCUMENTS to which these Requests relate include all responsive DOCUMENTS that are in YOUR possession, custody or control.

6.      In producing DOCUMENTS responsive to these Requests, it is demanded that each plaintiff use a different Bates stamp prefix to indicate whether documents are being produced by Julia Hubbard or Kayla Goedinghaus.

7.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, YOUR responses to these Requests "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event, the reasons for objection shall be stated.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."  Accordingly, to the extent any objection is made to any of these Requests, YOU must set forth with respect to each item or category the grounds for each objection.

8.      If YOU contend that any of the requested information is protected by the attorney-client privilege, work product doctrine, or any other privilege or doctrine on which YOU rely to limit disclosure, please provide a concise statement of the grounds upon which each such claim is asserted.  Specifically, for each DOCUMENT withheld by YOU on a claim of privilege or other doctrine, YOU shall identify all of the following: (a) the date the DOCUMENT

bears or the date it was prepared; (b) the author(s) of the DOCUMENT; (c) the recipient(s) and/or addressee(s) of the DOCUMENT; (d) the general subject matter of the DOCUMENT in a manner sufficient to support YOUR claim of privilege or other bases for non-disclosure; and (e) the factual and legal basis for each of YOUR bases for non-disclosure.

9.      Any DOCUMENT that varies in any way whatsoever from the original or from any other copy of the DOCUMENT, whether by reason of handwritten or other notation or any omission, shall constitute a separate DOCUMENT and must be produced, whether or not the original of such DOCUMENT is within YOUR possession, custody, or control.

10.     Unless stated otherwise in any Request, the time period for which the Requests seek DOCUMENTS is January 1, 2009 to the present.

11.     Produce documents in accordance with the following production protocol:

*Generally Applicable Rules Concerning Production of Hard Copy Documents – Format*

12.     Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain the following fields: "BATES BEG," "BATES END," "PAGES," "VOLUME," "CUSTODIAN," and "OCR."  The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.

13.     If an original document contains color, such as highlighting or text in different shades, so that the receiving party can fully understand the meaning, context, or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image. Multi-page OCR text for each document shall also be provided.  The OCR software shall maximize text quality over process speed and shall not include bates numbers, unless redactions have been applied.

OCR shall be run on redacted documents following redactions being applied so that text is only provided on the non-redacted portions of those documents. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

*Generally Applicable Rules Concerning Production of ESI – Format*

14.    The parties shall produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images; however, spreadsheet type files, presentation-type files (e.g., PowerPoint and Keynote files), audio, and video files, must be produced in native format.  In addition to the foregoing, should any party wish to produce some or all documents in native format, the producing and receiving parties shall meet and confer in good faith to discuss the feasibility and acceptability of such a production considering the requirements contained in this ESI Protocol and the needs of the litigation.  Each production will include multi-page text files corresponding to the TIFF produced, and dat and Opticon image load files that indicate the beginning and ending production numbers of each document, the numerical range of any attached or embedded documents, the metadata identified in Table I, the confidentiality designation, if any, and the corresponding text file. TIFFs will show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs of e-mail messages should include the BCC line.  PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image.

15.    Apart from documents produced in native format in accordance with the preceding two paragraphs, the parties shall not be required to produce documents in color. However, the parties will accommodate reasonable requests for production of specific images in color.  Parties are under no obligation to enhance an image beyond how it was kept in the usual

course of business.

16.     If a document is produced in native, a single-page Bates stamped image slip sheet stating the document has been produced in native format and providing any Confidentiality Designation will also be provided. Each native file should be named according to the Bates number and any Confidentiality Designation it has been assigned, which should be linked directly to its corresponding record, along with subsequent page data, in the load file using the NATIVE LINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties agree to meet and confer in good faith.

*Generally Applicable Rules Concerning De-Duplication*

17.     Each party shall endeavor to remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  Removal of near-duplicate documents and email thread suppression is not acceptable.  De-duplication should be done across the entire collection (global de-duplication) and the ALL CUSTODIANS field will list each custodian, separated by a semi-colon, who was a source of that document.  Should the ALL CUSTODIANS metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents will be produced prior to substantial completion of the document production or at the parties' earliest convenience.

*Generally Applicable Rules Concerning Metadata*

18.    All ESI, with the exception of documents produced with redactions, as outlined below, will be produced with a delimited, database load file that contains the metadata fields listed in Table I, attached hereto.  However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original or if it is not possible to automate the creation of metadata when the document is collected.  A party shall not be required to re-process materials previously processed in other litigation in order to generate metadata fields not previously created. Instead, a party may elect to provide an overlay of original metadata in lieu of metadata reflecting the prior production.  The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

*Generally Applicable Rules Concerning Embedded Objects & Compressed Files*

19.    Embedded documents in a format that can normally be extracted as standalone documents should be treated as part of a document family and produced in the same manner as other files in the family.  To the extent that an embedded document cannot be extracted as a separate document, the producing party may at its option either produce the parent in native format or produce a TIFF slipsheet for the embedded document indicating it could not be processed.  To the extent that the parent is not produced, the requesting party may request the parent be produced in native, and the parties agree to meet and confer in good faith on such requests.

20.    Compressed file types *(i.e.* .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

21.     To the extent a response to discovery requires production of electronic information stored in a dynamic database, the parties will meet and confer regarding methods of production. Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file. For such production, the producing party must identify the specific databases, by name as the source of such static reports or information.

*Generally Applicable Rules Concerning Production Format*

22.     When productions are made by SFTP, the production cover letter shall include the production volume (e.g., "VOL001"). The production cover communication shall also include the production date, Bates Number range of materials contained in the production, and whether the production contains Confidential or Highly Confidential materials under the Protective Order in this case. All productions should be delivered to:

> Jill Bindler, London England, and Laura DeBerg
> **GRAY REED**
> 1601 Elm Street, Ste. 4600,
> Dallas, Texas 75201
> jbindler@grayreed.com
> lengland@grayreed.com
> ldeberg@grayreed.com
>
> Patrick Nichols and Kyle Foltyn-Smith
> **Hawxhurst LLP**
> 11111 Santa Monica Blvd., Ste. 620
> Los Angeles, California 90025
> pat@hawxhurstllp.com
> kyle@hawxhurstllp.com

23.     YOU shall provide all document productions containing Confidential or Highly Confidential documents in a secure format. YOU shall provide such production data either on encrypted drives or on SFTP, as appropriate. In such cases, YOU shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending

the encrypted media.  Productions not produced on physical media shall be transmitted via secure

FTP or another file transfer protocol that encrypts documents while in motion and at rest.

*Generally Applicable Rules Concerning Native Files*

24.     Spreadsheet type files, and presentation-type files (e.g., PowerPoint and Keynote

files), audio, and video files shall be produced in native format.  Moreover, the requesting or

producing party shall confer regarding any additional file types to be produced in native format.

In addition to the types of files a produces in native format, any individual responsive document

that is unable to be imaged shall be produced with a placeholder image referencing the native

file's bates number, that will correspond with the native file's file name.  The load file will link

the native file with the Bates stamped placeholder and all relevant metadata as listed in Table I.

To the extent YOU object to the production of documents in native format, YOU must produce a

placeholder for any such documents and identify in its production notice that the specific

documents withheld cannot be imaged and must provide the basis for the objection to the native

production.  To the extent YOU become aware of additional types or categories of responsive

documents which may be problematic or objectionable for YOU to produce in native format,

YOU shall notify the requesting party of such issues upon their discovery.

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

TABLE 1-ESI Metadata and Coded Fields

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| ParentID | Unique ID (Bates number) | | Starting bates number of the Parent Document | |
| BegDoc (aka BegBates) | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc (aka EndBates) | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Group Identifier | | | Group the file belongs to (used to identify the group if attachment fields are not used) | Group the file belongs to (used to identify the group if attachment fields are not used) |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| DateSent | | Date/Time (MM/DD/YYYY format) (hh:mm:ss) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| DateReceived | | Date/Time (MM/DD/YYYY format) (hh:mm:ss) | The date the email was received. | For email attachments, the date the parent email was received. |
| From/Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| EmailSubject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| Original FilePath/Folder | | Paragraph | Original file path/folder where email was stored | Original file path/folder where document was stored |
| Original Filename | | Paragraph | Original file name of email | Original file name of document |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| MasterDate (for email attachments only) | | | Date and time of the parent email (according to original time zones) | |
| Date Created | | Date (MM/DD/YYYY format) | Date email was created | Date document was created |
| Date Last Modified | | Date (MM/DD/YYYY format) | Date email was last modified | Date document was last modified |
| MD5 Hash | | MD5 Hash | Unique MD5 hash for email | Unique MD5 hash for document |
| File Size | | Number (kb) | Email file size in kilobytes | Document file size in kilobytes |
| File Extension | | Paragraph | Email file extension (e.g., .msg) | Document file extension (e.g., .xlsx, .docx) |
| Confidentiality | | Paragraph | Confidentiality level assigned to document under the Protective Order | |
| Title | | Paragraph | Title from properties of document | |
| Native link | | Paragraph | Native file link (native files only) | |
| Redacted | | Y/N | Whether the file was redacted for production | |
| Text | | | Extracted/OCR text or a link to a file with the text | |
| Volume | | | The production volume to which the document belongs | |
| All Custodian | | | This field to be produced on the last production. This will contain all custodian information identifying the custodians for the document even though the exact copy may have been de-duped. | |

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that refer or relate to each of YOUR alleged "commercial sex acts."

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that refer or relate to each SEX PARTY, including but not limited to the SEX PARTIES alleged at paragraphs 26, 33, 165, 177, 197, 202 and 296 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show the date, location, and attendees for each SEX PARTY.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "benefited from the Venture," as alleged at paragraphs 4 and 414 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "received benefits from the Venture," including but not limited to "receiving sex and media of naked women or individuals engaged in sex acts," "social benefits or "financial benefits," as alleged at paragraphs 4, 38, 141, 330 and 414 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knew or recklessly disregarded that Rick [Hubbard] used force, threats of force, fraud, or coercion to compel [YOU] to engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knowingly supported the Venture in its activities," including, but not limited to "by providing funding to the

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

Venture" or recommending or prescribing medications, as alleged at paragraphs 14, 38, 144 and 189 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support YOUR contention that each DEFENDANT participated in the "Venture," as alleged at paragraph 414 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR contention that the "Enterprise relied on and profited from the unlawful dealing, use, and distribution of numerous controlled substances," as alleged at paragraph 414 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support YOUR contention that each DEFENDANT recruited, enticed, harbored, transported, obtained, maintained, patronized, or solicited YOU in connection with the "Venture," as alleged at paragraph 424 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that refer or relate to the injuries YOU claim to have sustained due to each DEFENDANT'S alleged conduct.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support YOUR contention that the alleged "Venture" caused YOU to "suffer financial harm, including the loss of earnings," as alleged in paragraphs 415 and 416 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that refer or relate to each of the medical services YOU received, including, but not limited to, reports from healthcare providers, prescriptions, treatment plans, doctor notes, and medical files and records.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that refer or relate to each of the prescription medications that YOU have taken.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that refer or relate to each instance in which YOU experienced physical trauma (e.g., falls, physical assaults, car accidents).

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer or relate to each illegal drug that YOU have taken.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that refer or relate to each instance of "force, threats of force, fraud, threat, or coercion" that Rick Hubbard allegedly used to "compel" YOU to "engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that refer or relate to each instance of YOUR alleged forced drugging.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human sex trafficking laws under 18 U.S.C. § 1591.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human trafficking laws under 18 U.S.C. § 1589.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that YOU contend support YOUR purported causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962.

**REQUEST FOR PRODUCTION NO. 22:**

All witness statements, memorialized in any form, referring, or relating to each allegation in YOUR COMPLAINT, including but not limited to statements by YOU.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and each PERSON, other than YOUR

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

attorneys, regarding each allegation in the COMPLAINT or this ACTION, including, but not limited to, COMMUNICATIONS with the media, bloggers, podcasters, current and/or former co-workers and colleagues, doctors and/or other health professionals, and friends or family members, and COMMUNICATIONS between Julia Hubbard and Kayla Goedinghaus.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU are or have been a party.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that refer or relate to each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU and at least one DEFENDANT are or have been a party, including but not limited to divorce proceedings, child custody proceedings and proceedings to obtain a restraining order.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to identify each address where YOU resided.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to identify each employer that YOU have had since January 1, 2009.  For the avoidance of doubt, "employer" includes each entity that provided you with a W2 or 1099 form, and places of business where you otherwise received or were promised payment in exchange for services rendered by YOU.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to show each professional certification sought by YOU or on YOUR behalf, including but not limited to certifications by the McAfee Institute.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that refer or relate to each documentary to which YOU are or were affiliated in some way, including but not limited to writing, proposals, interviews, production, directing, or consulting.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with law enforcement concerning the subject matter of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 31:**

All "evidence" referred to in YOUR September 21, 2022, letter to defendant Trammel S. Crow's counsel, including but not limited to "numerous text messages," "numerous emails," "video recordings," "Cash APP receipts" and "numerous photographs."

**REQUEST FOR PRODUCTION NO. 32:**

Complete versions of all DOCUMENTS referenced by or incorporated into YOUR COMPLAINT, including but not limited to the DOCUMENTS referenced and incorporated in paragraphs 125 (Cash App), 131 (note), 132 (transcript), 150 (letter), 151-152 (complete prescription records), 151 (calendar), 165 (calendar), 174 (calendar), 186 (text messages), 187 (letter), 200 (emails), 220 (Form 1099), 224 (text messages) and 252 (diagnosis of rib fractures and contusions).

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that refer or relate to each of the "other women" who Rick Hubbard met through "the website Adult Friend Finder and other similar adult websites," as alleged in paragraph 13 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer or relate to each thing of value exchanged for any sex act with or involving any DEFENDANT.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and each DEFENDANT.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that refer or relate to YOUR COMMUNICATIONS with Dr. Benjamin Eller, including, but not limited to any notes, receipts, recommendations payment notifications, and/or diary entries.

**REQUEST FOR PRODUCTION NO. 37:**

 All DOCUMENTS that refer or relate to investments by each DEFENDANT in the "Venture," as alleged at paragraphs 38, 39, 189 and 190 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 38:**

 All DOCUMENTS that refer or relate to each payment between the "Venture" and each DEFENDANT.

**REQUEST FOR PRODUCTION NO. 39:**

 DOCUMENTS sufficient to show all checking, savings, crypto, certificate of deposit, money market, brokerage, or other financial accounts or instruments in YOUR name or under YOUR control since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 40:**

 YOUR diaries that refer or relate to each DEFENDANT or the subject matter of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 41:**

 YOUR calendars that refer or relate to each DEFENDANT or each event that is referred to in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 42:**

 YOUR medical records since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 43:**

 All DOCUMENTS that refer or relate to Julia Hubbard's "sterilization," as alleged in paragraph 244 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 44:**

 All DOCUMENTS that refer or relate to each alleged threat to YOUR children.

**REQUEST FOR PRODUCTION NO. 45:**

 All DOCUMENTS that refer or relate to the repossession of Julia Hubbard's house, as alleged in paragraph 266 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that support calculation of YOUR alleged damages in this case.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that YOU used to determine that PLAINTIFFS were subjected to 758 "discrete forced sex encounters" that took place between August 2012 and September 2019, as stated in YOUR August 19, 2022, letter to Trammel S. Crow's counsel.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS support YOUR claim for punitive damages.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to show your logins and passwords for SOCIAL MEDIA WEBSITES (including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, LinkedIn, Signal, Telegram, Reddit, Discord, Adult Friend Finder, OnlyFans, etc.) since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show your logins and passwords for CROWDFUNDING WEBSITES (including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, Kickstarter etc.) since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 51:**

COMMUNICATIONS with each DEFENDANT regarding the ACTION, including but not limited to, any agreements for dismissal or cooperation with each such DEFENDANT regardless whether they were served in or dismissed from the ACTION.

DATED:  December 22, 2023                GRAY REED
                                         HAWXHURST LLP


                                    By  _/s/ Kenneth Stone_____
                                        Kenneth Stone
                                        Gerald Hawxhurst

                                        *Attorneys for Defendant*
                                        *Trammell S. Crow*

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET ONE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on the parties in this action via email on December 22, 2023.

Kyle Foltyn-Smith

<u>Service List</u>:

| | |
|---|---|
| John G. Balestriere<br>Matthew W. Schmidt<br>Balestriere Fariello<br>225 Broadway 29th Floor<br>New York, NY 10007<br>john.balestriere@balestrierefariello.com<br>matthew.schmidt@balestrierefariello.com<br><br>Anastasia Kinney Mazzella<br>Kabateck LLP<br>633 West 5th Street Suite 3200<br>Los Angeles, CA 90071<br>am@kbklawyers.com<br><br>*Attorneys for Plaintiffs Julia Hubbard and Kayla Goedinghaus* | Alec Raymond Simpson<br>Office of the Attorney General<br>Law Enforcement Defense Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>alec.simpson@oag.texas.gov<br><br>*Attorneys for Defendant Cody Mitchell* |
| Steven Berry<br>Berry Odom LLP<br>611 9th Ave.<br>Fort Worth, Texas 76104<br>sberry@berryodom.com<br><br>James M. Parker, Jr.<br>Naman Howell Smith & Lee PLLC<br>10001 Reunion Place, Suite 600<br>San Antonio, Texas 78216<br>jparker@namanhowell.com<br><br>*Attorneys for Defendant Robert Pruitt* | Brian Rawson<br>Stephanie Roark<br>Tyler Stuart<br>Hartline Barger LLP<br>8750 N. Central Expressway, Suite 1600<br>Dallas, Texas 75231<br>brawson@hartlinebarger.com<br>sroark@hartlinebarger.com<br>tstuart@hartlinebarger.com<br><br>*Attorneys for Defendant Case Grover and RCI Hospitality Holdings, Inc* |

| | |
|---|---|
| Terrence Matthew Jones<br>Indira J Cameron-Banks<br>Cameron Jones LLP<br>8383 Wilshire Blvd., Suite 800<br>Beverly Hills, CA 90211<br>terrence@cameronjones.law<br>indira@cameronjones.law<br><br>*Attorneys for Defendant Dr. Benjamin Todd Eller* | Stephen Dillawn<br>Chad Geisler<br>Sydney Jarvis<br>Germer Beaman & Brown PLLC<br>301 Congress Ave., Suite 1700<br>Sutin, Texas 78701<br>sdillawn@germer-austin.com<br>cgeisler@germer-austin.com<br>sjarvis@germer-austin.com<br><br>*Attorneys for Defendant Dr. Melissa Miller* |
| Daniel Paret<br>David Jonathan Rubaum<br>Christopher T. Freyder<br>Wood Smith Henning Berman LLP<br>14860 Landmark Blvd.<br>Suite 120<br>Dallas, Texas 75254<br>dparet@wshblaw.com<br>DRubaum@wshblaw.com<br>CFreyder@wshblaw.com<br><br>*Attorneys for Defendant Dr. Scott Woods* | Diane Doolittle<br>Alex Bergjans<br>Evan Pearson<br>Quinn Emanuel, Urquhart & Sullivan LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065<br>alexbergans@quinnemanuel.com<br>evanpearson@quinnemanuel.com<br><br>*Attorneys for Defendant Coe Juracek* |

# **<u>EXHIBIT B</u>**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

|  |  |
|---|---|
| | Case No.: 5:23-cv-00580-FB |
| | Judge: Hon. Fred Biery<br>Courtroom: 8509<br>Date Action Filed: May 8, 2023 (transferred) |
| JULIA HUBBARD, at al., | |
|        Plaintiffs, | |
| v. | |
| TRAMMELL S. CROW, JR., et al. | |
|        Defendants. | |

**TRAMMELL S. CROW'S REQUESTS FOR PRODUCTION
TO PLAINTIFF JULIA HUBBARD, SET ONE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Court Rules of the United States District Court for the Western District of Texas, defendant Trammel S. Crow hereby requests that plaintiff Julia Hubbard serve written responses to the below requests for production and produce the documents and items requested, indexed by document control number(s) to correspond to the Request(s) to which they are responsive, to the offices of each counsel listed at the end of these Requests, within 30 days of service hereof.

## DEFINITIONS[1]

1.     "ACTION" means the present action styled <u>Julia Hubbard, et al. v. Trammell S. Crow, et al.</u>, Case No. 5:23-cv-00580-FB.

2.     "COMMUNICATION(S)" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including but not limited to by such means as letters, memoranda, facsimiles, e-mails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, applications (such as, by way of example, WhatsApp), or any other medium.

3.     "COMPLAINT" means YOUR operative pleading on file in Case No. 5:23-cv-00580-FB.

4.     "CROWDFUNDING WEBSITES" means raising capital from marketing directed to the public at large (via the internet) for charitable contributions or business ventures including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, or Kickstarter.

5.     "DEFENDANT(S)" means the named defendants in the COMPLAINT and, with respect to the individuals, each of such DEFENDANT'S present or former agents, representatives, attorneys, investigators, accountants and any and all persons or entities acting or purporting to act on behalf of any of them.  With respect to an entity, each such DEFENDANT'S (i) employees, officers, agents, brokers, representatives, accountants, investigators, consultants,

---

[1] In addition to the terms defined herein, see Western District of Texas Local Rule CV-26.

and attorneys; (ii) any other person or entity acting or purporting to act on its behalf; (iii) any other person or entity that can control it; and (iv) any other person or entity otherwise subject to its control.

6.      "DOCUMENT(S)" means all writings and records, including but not limited to, originals and all copies unless identical, regardless of origin or location, of written, recorded, or graphic matter, however produced or reproduced, including, without limitation, and whether in electronic or hard copy form, all COMMUNICATIONS, correspondence, contracts, agreements, summaries, memoranda, letters, messages, e-mails, electronically-stored information, invoices, receipts, drafts, reports, records, financial statements, photographs, phonographs, digital pictures, tapes or other recordings, disks, data cells, and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in YOUR possession, custody, or control.

7.      "PERSON" means a natural person, association, charity, group, corporation, or partnership, whether formal or informal or existing under or authorized by laws of the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country.

8.      "PLAINTIFFS" means collectively Julia Hubbard and Kayla Goedinghaus.

9.      "SEX PARTY(IES)" means parties at which YOU claim to have performed sex acts, whether allegedly voluntarily or involuntary, including, but not limited to, swinger parties, alleged parties at Trammell S. Crow's house, attendance at Friends or similar sex clubs, or any other similar party whether or not specifically alleged in the COMPLAINT.

10.     "SOCIAL MEDIA WEBSITES" means publicly available, third party hosted, interactive web technologies used to produce, post and interact through text, images, video and audio to inform, share, promote, collaborate or network including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, Signal, LinkedIn, Telegram, Reddit, Discord, Adult Friend Finder, or OnlyFans.

11.    "YOU," "YOUR," and "PLAINTIFF," means Julia Hubbard.

### INSTRUCTIONS

1.    The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

2.    All words whose meanings are not specifically defined shall be interpreted to have the common English meaning of the word.

3.    All words in quotations not otherwise defined shall have the definition contemplated in the COMPLAINT.

4.    The word "or" is used inclusively to mean "and/or."

5.    The DOCUMENTS to which these Requests relate include all responsive DOCUMENTS that are in YOUR possession, custody or control.

6.    In producing DOCUMENTS responsive to these Requests, it is demanded that each plaintiff use a different Bates stamp prefix to indicate whether documents are being produced by Julia Hubbard or Kayla Goedinghaus.

7.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, YOUR responses to these Requests "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event, the reasons for objection shall be stated.  If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."  Accordingly, to the extent any objection is made to any of these Requests, YOU must set forth with respect to each item or category the grounds for each objection.

8.    If YOU contend that any of the requested information is protected by the attorney-client privilege, work product doctrine, or any other privilege or doctrine on which YOU rely to limit disclosure, please provide a concise statement of the grounds upon which each such claim is asserted.  Specifically, for each DOCUMENT withheld by YOU on a claim of privilege or other doctrine, YOU shall identify all of the following: (a) the date the DOCUMENT

bears or the date it was prepared; (b) the author(s) of the DOCUMENT; (c) the recipient(s) and/or addressee(s) of the DOCUMENT; (d) the general subject matter of the DOCUMENT in a manner sufficient to support YOUR claim of privilege or other bases for non-disclosure; and (e) the factual and legal basis for each of YOUR bases for non-disclosure.

9.      Any DOCUMENT that varies in any way whatsoever from the original or from any other copy of the DOCUMENT, whether by reason of handwritten or other notation or any omission, shall constitute a separate DOCUMENT and must be produced, whether or not the original of such DOCUMENT is within YOUR possession, custody, or control.

10.     Unless stated otherwise in any Request, the time period for which the Requests seek DOCUMENTS is January 1, 2009 to the present.

11.     Produce documents in accordance with the following production protocol:

*Generally Applicable Rules Concerning Production of Hard Copy Documents – Format*

12.     Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat). The database load file should contain the following fields: "BATES BEG," "BATES END," "PAGES," "VOLUME," "CUSTODIAN," and "OCR."  The documents should be logically unitized (i.e., distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business.

13.     If an original document contains color, such as highlighting or text in different shades, so that the receiving party can fully understand the meaning, context, or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image. Multi-page OCR text for each document shall also be provided.  The OCR software shall maximize text quality over process speed and shall not include bates numbers, unless redactions have been applied.

OCR shall be run on redacted documents following redactions being applied so that text is only provided on the non-redacted portions of those documents. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

*Generally Applicable Rules Concerning Production of ESI – Format*

14.      The parties shall produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images; however, spreadsheet type files, presentation-type files (e.g., PowerPoint and Keynote files), audio, and video files, must be produced in native format.  In addition to the foregoing, should any party wish to produce some or all documents in native format, the producing and receiving parties shall meet and confer in good faith to discuss the feasibility and acceptability of such a production considering the requirements contained in this ESI Protocol and the needs of the litigation.  Each production will include multi-page text files corresponding to the TIFF produced, and dat and Opticon image load files that indicate the beginning and ending production numbers of each document, the numerical range of any attached or embedded documents, the metadata identified in Table I, the confidentiality designation, if any, and the corresponding text file. TIFFs will show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs of e-mail messages should include the BCC line.  PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image.

15.      Apart from documents produced in native format in accordance with the preceding two paragraphs, the parties shall not be required to produce documents in color. However, the parties will accommodate reasonable requests for production of specific images in color.  Parties are under no obligation to enhance an image beyond how it was kept in the usual

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET ONE

course of business.

16.     If a document is produced in native, a single-page Bates stamped image slip sheet stating the document has been produced in native format and providing any Confidentiality Designation will also be provided. Each native file should be named according to the Bates number and any Confidentiality Designation it has been assigned, which should be linked directly to its corresponding record, along with subsequent page data, in the load file using the NATIVE LINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties agree to meet and confer in good faith.

*Generally Applicable Rules Concerning De-Duplication*

17.     Each party shall endeavor to remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  Removal of near-duplicate documents and email thread suppression is not acceptable.  De-duplication should be done across the entire collection (global de-duplication) and the ALL CUSTODIANS field will list each custodian, separated by a semi-colon, who was a source of that document.  Should the ALL CUSTODIANS metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents will be produced prior to substantial completion of the document production or at the parties' earliest convenience.

*Generally Applicable Rules Concerning Metadata*

18.      All ESI, with the exception of documents produced with redactions, as outlined below, will be produced with a delimited, database load file that contains the metadata fields listed in Table I, attached hereto.  However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original or if it is not possible to automate the creation of metadata when the document is collected.  A party shall not be required to re-process materials previously processed in other litigation in order to generate metadata fields not previously created. Instead, a party may elect to provide an overlay of original metadata in lieu of metadata reflecting the prior production.  The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

*Generally Applicable Rules Concerning Embedded Objects & Compressed Files*

19.      Embedded documents in a format that can normally be extracted as standalone documents should be treated as part of a document family and produced in the same manner as other files in the family.  To the extent that an embedded document cannot be extracted as a separate document, the producing party may at its option either produce the parent in native format or produce a TIFF slipsheet for the embedded document indicating it could not be processed.  To the extent that the parent is not produced, the requesting party may request the parent be produced in native, and the parties agree to meet and confer in good faith on such requests.

20.      Compressed file types *(i.e.* .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET ONE

21.     To the extent a response to discovery requires production of electronic information stored in a dynamic database, the parties will meet and confer regarding methods of production. Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file. For such production, the producing party must identify the specific databases, by name as the source of such static reports or information.

*Generally Applicable Rules Concerning Production Format*

22.     When productions are made by SFTP, the production cover letter shall include the production volume (e.g., "VOL001"). The production cover communication shall also include the production date, Bates Number range of materials contained in the production, and whether the production contains Confidential or Highly Confidential materials under the Protective Order in this case. All productions should be delivered to:

> Jill Bindler, London England, and Laura DeBerg
> **GRAY REED**
> 1601 Elm Street, Ste. 4600,
> Dallas, Texas 75201
> jbindler@grayreed.com
> lengland@grayreed.com
> ldeberg@grayreed.com
>
> Patrick Nichols and Kyle Foltyn-Smith
> **Hawxhurst LLP**
> 11111 Santa Monica Blvd., Ste. 620
> Los Angeles, California 90025
> pat@hawxhurstllp.com
> kyle@hawxhurstllp.com

23.     YOU shall provide all document productions containing Confidential or Highly Confidential documents in a secure format. YOU shall provide such production data either on encrypted drives or on SFTP, as appropriate. In such cases, YOU shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending

the encrypted media.  Productions not produced on physical media shall be transmitted via secure FTP or another file transfer protocol that encrypts documents while in motion and at rest.

*Generally Applicable Rules Concerning Native Files*

24.    Spreadsheet type files, and presentation-type files (e.g., PowerPoint and Keynote files), audio, and video files shall be produced in native format.  Moreover, the requesting or producing party shall confer regarding any additional file types to be produced in native format.  In addition to the types of files a produces in native format, any individual responsive document that is unable to be imaged shall be produced with a placeholder image referencing the native file's bates number, that will correspond with the native file's file name.  The load file will link the native file with the Bates stamped placeholder and all relevant metadata as listed in Table I.  To the extent YOU object to the production of documents in native format, YOU must produce a placeholder for any such documents and identify in its production notice that the specific documents withheld cannot be imaged and must provide the basis for the objection to the native production.  To the extent YOU become aware of additional types or categories of responsive documents which may be problematic or objectionable for YOU to produce in native format, YOU shall notify the requesting party of such issues upon their discovery.

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET ONE

TABLE 1-ESI Metadata and Coded Fields

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| ParentID | Unique ID (Bates number) | | Starting bates number of the Parent Document | |
| BegDoc (aka BegBates) | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc (aka EndBates) | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Group Identifier | | | Group the file belongs to (used to identify the group if attachment fields are not used) | Group the file belongs to (used to identify the group if attachment fields are not used) |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| DateSent | | Date/Time (MM/DD/YYYY format) (hh:mm:ss) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| DateReceived | | Date/Time (MM/DD/YYYY format) (hh:mm:ss) | The date the email was received. | For email attachments, the date the parent email was received. |
| From/Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| EmailSubject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| Original FilePath/Folder | | Paragraph | Original file path/folder where email was stored | Original file path/folder where document was stored |
| Original Filename | | Paragraph | Original file name of email | Original file name of document |

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| MasterDate (for email attachments only) | | | Date and time of the parent email (according to original time zones) | |
| Date Created | | Date (MM/DD/YYYY format) | Date email was created | Date document was created |
| Date Last Modified | | Date (MM/DD/YYYY format) | Date email was last modified | Date document was last modified |
| MD5 Hash | | MD5 Hash | Unique MD5 hash for email | Unique MD5 hash for document |
| File Size | | Number (kb) | Email file size in kilobytes | Document file size in kilobytes |
| File Extension | | Paragraph | Email file extension (e.g., .msg) | Document file extension (e.g., .xlsx, .docx) |
| Confidentiality | | Paragraph | Confidentiality level assigned to document under the Protective Order | |
| Title | | Paragraph | Title from properties of document | |
| Native link | | Paragraph | Native file link (native files only) | |
| Redacted | | Y/N | Whether the file was redacted for production | |
| Text | | | Extracted/OCR text or a link to a file with the text | |
| Volume | | | The production volume to which the document belongs | |
| All Custodian | | | This field to be produced on the last production. This will contain all custodian information identifying the custodians for the document even though the exact copy may have been de-duped. | |

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that refer or relate to each of YOUR alleged "commercial sex acts."

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that refer or relate to each SEX PARTY, including but not limited to the SEX PARTIES alleged at paragraphs 26, 33, 165, 177, 197, 202 and 296 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show the date, location, and attendees for each SEX PARTY.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "benefited from the Venture," as alleged at paragraphs 4 and 414 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "received benefits from the Venture," including but not limited to "receiving sex and media of naked women or individuals engaged in sex acts," "social benefits or "financial benefits," as alleged at paragraphs 4, 38, 141, 330 and 414 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knew or recklessly disregarded that Rick [Hubbard] used force, threats of force, fraud, or coercion to compel [YOU] to engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knowingly supported the Venture in its activities," including, but not limited to "by providing funding to the

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET ONE

Venture" or recommending or prescribing medications, as alleged at paragraphs 14, 38, 144 and 189 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support YOUR contention that each DEFENDANT participated in the "Venture," as alleged at paragraph 414 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR contention that the "Enterprise relied on and profited from the unlawful dealing, use, and distribution of numerous controlled substances," as alleged at paragraph 414 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support YOUR contention that each DEFENDANT recruited, enticed, harbored, transported, obtained, maintained, patronized, or solicited YOU in connection with the "Venture," as alleged at paragraph 424 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that refer or relate to the injuries YOU claim to have sustained due to each DEFENDANT'S alleged conduct.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support YOUR contention that the alleged "Venture" caused YOU to "suffer financial harm, including the loss of earnings," as alleged in paragraphs 415 and 416 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that refer or relate to each of the medical services YOU received, including, but not limited to, reports from healthcare providers, prescriptions, treatment plans, doctor notes, and medical files and records.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that refer or relate to each of the prescription medications that YOU have taken.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that refer or relate to each instance in which YOU experienced

physical trauma (e.g., falls, physical assaults, car accidents).

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer or relate to each illegal drug that YOU have taken.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that refer or relate to each instance of "force, threats of force, fraud,

threat, or coercion" that Rick Hubbard allegedly used to "compel" YOU to "engage in

commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that refer or relate to each instance of YOUR alleged forced

drugging.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for

violation of human sex trafficking laws under 18 U.S.C. § 1591.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for

violation of human trafficking laws under 18 U.S.C. § 1589.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that YOU contend support YOUR purported causes of action for

violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962.

**REQUEST FOR PRODUCTION NO. 22:**

All witness statements, memorialized in any form, referring, or relating to each allegation

in YOUR COMPLAINT, including but not limited to statements by YOU.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and each PERSON, other than YOUR

attorneys, regarding each allegation in the COMPLAINT or this ACTION, including, but not limited to, COMMUNICATIONS with the media, bloggers, podcasters, current and/or former co-workers and colleagues, doctors and/or other health professionals, and friends or family members, and COMMUNICATIONS between Julia Hubbard and Kayla Goedinghaus.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU are or have been a party.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that refer or relate to each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU and at least one DEFENDANT are or have been a party, including but not limited to divorce proceedings, child custody proceedings and proceedings to obtain a restraining order.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to identify each address where YOU resided.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to identify each employer that YOU have had since January 1, 2009.  For the avoidance of doubt, "employer" includes each entity that provided you with a W2 or 1099 form, and places of business where you otherwise received or were promised payment in exchange for services rendered by YOU.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to show each professional certification sought by YOU or on YOUR behalf, including but not limited to certifications by the McAfee Institute.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that refer or relate to each documentary to which YOU are or were affiliated in some way, including but not limited to writing, proposals, interviews, production, directing, or consulting.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with law enforcement concerning the subject matter of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 31:**

All "evidence" referred to in YOUR September 21, 2022, letter to defendant Trammel S. Crow's counsel, including but not limited to "numerous text messages," "numerous emails," "video recordings," "Cash APP receipts" and "numerous photographs."

**REQUEST FOR PRODUCTION NO. 32:**

Complete versions of all DOCUMENTS referenced by or incorporated into YOUR COMPLAINT, including but not limited to the DOCUMENTS referenced and incorporated in paragraphs 125 (Cash App), 131 (note), 132 (transcript), 150 (letter), 151-152 (complete prescription records), 151 (calendar), 165 (calendar), 174 (calendar), 186 (text messages), 187 (letter), 200 (emails), 220 (Form 1099), 224 (text messages) and 252 (diagnosis of rib fractures and contusions).

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that refer or relate to each of the "other women" who Rick Hubbard met through "the website Adult Friend Finder and other similar adult websites," as alleged in paragraph 13 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer or relate to each thing of value exchanged for any sex act with or involving any DEFENDANT.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and each DEFENDANT.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that refer or relate to YOUR COMMUNICATIONS with Dr. Benjamin Eller, including, but not limited to any notes, receipts, recommendations payment notifications, and/or diary entries.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that refer or relate to investments by each DEFENDANT in the "Venture," as alleged at paragraphs 38, 39, 189 and 190 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that refer or relate to each payment between the "Venture" and each DEFENDANT.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to show all checking, savings, crypto, certificate of deposit, money market, brokerage, or other financial accounts or instruments in YOUR name or under YOUR control since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 40:**

YOUR diaries that refer or relate to each DEFENDANT or the subject matter of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 41:**

YOUR calendars that refer or relate to each DEFENDANT or each event that is referred to in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 42:**

YOUR medical records since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that refer or relate to YOUR "sterilization," as alleged in paragraph 244 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that refer or relate to each alleged threat to YOUR children.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that refer or relate to the repossession of YOUR house, as alleged in paragraph 266 of the COMPLAINT.

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET ONE

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that support calculation of YOUR alleged damages in this case.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that YOU used to determine that PLAINTIFFS were subjected to 758 "discrete forced sex encounters" that took place between August 2012 and September 2019, as stated in YOUR August 19, 2022, letter to Trammel S. Crow's counsel.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS support YOUR claim for punitive damages.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to show your logins and passwords for SOCIAL MEDIA WEBSITES (including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, LinkedIn, Signal, Telegram, Reddit, Discord, Adult Friend Finder, OnlyFans, etc.) since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show your logins and passwords for CROWDFUNDING WEBSITES (including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, Kickstarter etc.) since January 1, 2009.

**REQUEST FOR PRODUCTION NO. 51:**

COMMUNICATIONS with each DEFENDANT regarding the ACTION, including but not limited to, any agreements for dismissal or cooperation with each such DEFENDANT regardless whether they were served in or dismissed from the ACTION.

DATED:  December 22, 2023       GRAY REED
                                 HAWXHURST LLP


                             By _*/s/ Kenneth Stone*_____
                               Kenneth Stone
                               Gerald Hawxhurst

                               *Attorneys for Defendant*
                               *Trammell S. Crow*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the parties in this action via email on December 22, 2023.

_Kyle Foltyn-Smith_
Kyle Foltyn-Smith

Service List:

| John G. Balestriere<br>Matthew W. Schmidt<br>Balestriere Fariello<br>225 Broadway 29th Floor<br>New York, NY 10007<br>john.balestriere@balestrierefariello.com<br>matthew.schmidt@balestrierefariello.com<br><br>Anastasia Kinney Mazzella<br>Kabateck LLP<br>633 West 5th Street Suite 3200<br>Los Angeles, CA 90071<br>am@kbklawyers.com<br><br>*Attorneys for Plaintiffs Julia Hubbard and Kayla Goedinghaus* | Alec Raymond Simpson<br>Office of the Attorney General<br>Law Enforcement Defense Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>alec.simpson@oag.texas.gov<br><br>*Attorneys for Defendant Cody Mitchell* |
| Steven Berry<br>Berry Odom LLP<br>611 9th Ave.<br>Fort Worth, Texas 76104<br>sberry@berryodom.com<br><br>James M. Parker, Jr.<br>Naman Howell Smith & Lee PLLC<br>10001 Reunion Place, Suite 600<br>San Antonio, Texas 78216<br>jparker@namanhowell.com<br><br>*Attorneys for Defendant Robert Pruitt* | Brian Rawson<br>Stephanie Roark<br>Tyler Stuart<br>Hartline Barger LLP<br>8750 N. Central Expressway, Suite 1600<br>Dallas, Texas 75231<br>brawson@hartlinebarger.com<br>sroark@hartlinebarger.com<br>tstuart@hartlinebarger.com<br><br>*Attorneys for Defendant Case Grover and RCI Hospitality Holdings, Inc* |

| | |
|---|---|
| Terrence Matthew Jones<br>Indira J Cameron-Banks<br>Cameron Jones LLP<br>8383 Wilshire Blvd., Suite 800<br>Beverly Hills, CA 90211<br>terrence@cameronjones.law<br>indira@cameronjones.law<br><br>*Attorneys for Defendant Dr. Benjamin Todd Eller* | Stephen Dillawn<br>Chad Geisler<br>Sydney Jarvis<br>Germer Beaman & Brown PLLC<br>301 Congress Ave., Suite 1700<br>Sutin, Texas 78701<br>sdillawn@germer-austin.com<br>cgeisler@germer-austin.com<br>sjarvis@germer-austin.com<br><br>*Attorneys for Defendant Dr. Melissa Miller* |
| Daniel Paret<br>David Jonathan Rubaum<br>Christopher T. Freyder<br>Wood Smith Henning Berman LLP<br>14860 Landmark Blvd.<br>Suite 120<br>Dallas, Texas 75254<br>dparet@wshblaw.com<br>DRubaum@wshblaw.com<br>CFreyder@wshblaw.com<br><br>*Attorneys for Defendant Dr. Scott Woods* | Diane Doolittle<br>Alex Bergjans<br>Evan Pearson<br>Quinn Emanuel, Urquhart & Sullivan LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065<br>alexbergans@quinnemanuel.com<br>evanpearson@quinnemanuel.com<br><br>*Attorneys for Defendant Coe Juracek* |

# EXHIBIT C

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

Matthew W. Schmidt*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone:    (202) 746-9110
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br><br> v. <br><br> TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; COE JURACEK; PHILIP ECOB; CODY MITCHELL; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., <br><br> Defendants. | Case No. SA-23-CA-580-FB <br><br><br> Judge: Hon. Fred Biery <br> Date Action Filed: May 8, 2023 (transferred) |

**PLAINTIFF KAYLA GOEDINGHAUS'S RESPONSE TO DEFENDANT CROW'S
FIRST REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure ("Rule") 26 and 33, Plaintiff Julia Hubbard hereby responds to the Document Production Request (the "Requests") by Defendant Trammell S. Crow, Jr.

## GENERAL OBJECTIONS

1.      By responding to any Request, Plaintiff does not concede the materiality of the subject to which it refers, Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competence, relevance, materiality, privilege, or admissibility of evidence, or for any other purpose, of any of the information or documents produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Plaintiff objects to these Requests to the extent that they seek information not within the relevant time period and fail to state the time period relevant to the Request.

3.      Plaintiff objects to these Requests to the extent that they seek documents that are not relevant to any party's claims or defenses.

4.      Plaintiff objects to these Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

5.      Plaintiff objects to the Requests to the extent that they seek production of documents in a format other than one mutually agreed upon between the parties.

6.      By responding to each Request, Plaintiff does not make any representation as to whether the documents are responsive to such Requests exist or are in her possession, custody, or control.

7.    Inadvertent production of any information or documents that are privileged, were prepared in anticipation of litigation, or are otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. All documents containing any such inadvertently produced material or information shall be returned to Plaintiff's attorneys, along with all copies thereof.

8.    In providing these responses and objections, Plaintiff does not waive or intend to waive, but, rather, preserve and intend to preserve:

A.    All objections as to competency, relevancy, materiality, and admissibility of the Requests, responses to the Requests, or the subject matter thereof;

B.    All objections as to vagueness, ambiguity, overbreadth and undue burden;

C.    All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action;

D.    All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

E.    All rights to object on any ground to any request for further responses to these or any other requests for documents, Request requests or other discovery requests involving or related to the subject matter of these Requests.

9.      Plaintiff will produce documents within her possession or control subject to reasonable—and, where appropriate, agreed-upon—methodologies designed to most effectively and properly identify such responsive documents.

10.     Plaintiff is continuing to search for information responsive to Defendants' Requests and therefore reserves the right to supplement its responses to each Request with additional information if and when such information becomes available to Plaintiff's counsel. Plaintiff also reserves the right to object to the future disclosure of any such information.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that refer or relate to each of YOUR alleged "commercial sex acts."

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that refer or relate to each SEX PARTY, including but not limited to the SEX PARTIES alleged at paragraphs 26, 33, 165, 177, 197, 202 and 296 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to show the date, location, and attendees for each SEX PARTY.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "benefited

from the Venture," as alleged at paragraphs 4 and 414 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "received benefits from the Venture," including but not limited to "receiving sex and media of naked women or individuals engaged in sex acts," "social benefits or "financial benefits," as alleged at paragraphs 4, 38, 141, 330 and 414 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knew or recklessly disregarded that Rick [Hubbard] used force, threats of force, fraud, or coercion to compel [YOU] to engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knowingly supported the Venture in its activities," including, but not limited to "by providing funding to the Venture" or recommending or prescribing medications, as alleged at paragraphs 14, 38, 144 and 189 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support YOUR contention that each DEFENDANT participated in the "Venture," as alleged at paragraph 414 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR contention that the "Enterprise relied on and profited from the unlawful dealing, use, and distribution of numerous controlled substances," as alleged at paragraph 414 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support YOUR contention that each DEFENDANT recruited, enticed, harbored, transported, obtained, maintained, patronized, or solicited YOU in connection with the "Venture," as alleged at paragraph 424 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that refer or relate to the injuries YOU claim to have sustained due to each DEFENDANT'S alleged conduct.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support YOUR contention that the alleged "Venture" caused YOU to "suffer financial harm, including the loss of earnings," as alleged in paragraphs 415 and 416 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that refer or relate to each of the medical services YOU received,

including, but not limited to, reports from healthcare providers, prescriptions, treatment plans, doctor notes, and medical files and records.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that refer or relate to each of the prescription medications that YOU have taken.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that refer or relate to each instance in which YOU experienced physical trauma (e.g., falls, physical assaults, car accidents).

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer or relate to each illegal drug that YOU have taken.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that refer or relate to each instance of "force, threats of force, fraud, threat, or coercion" that Rick Hubbard allegedly used to "compel" YOU to "engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that refer or relate to each instance of YOUR alleged forced drugging.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human sex trafficking laws under 18 U.S.C. § 1591.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human trafficking laws under 18 U.S.C. § 1589.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that YOU contend support YOUR purported causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All witness statements, memorialized in any form, referring, or relating to each allegation in YOUR COMPLAINT, including but not limited to statements by YOU.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and each PERSON, other than YOUR attorneys, regarding each allegation in the COMPLAINT or this ACTION, including, but not limited to, COMMUNICATIONS with the media, bloggers, podcasters, current and/or former co-workers

and colleagues, doctors and/or other health professionals, and friends or family members, and COMMUNICATIONS between Julia Hubbard and Kayla Goedinghaus.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU are or have been a party.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that refer or relate to each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU and at least one DEFENDANT are or have been a party, including but not limited to divorce proceedings, child custody proceedings and proceedings to obtain a restraining order.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to identify each address where YOU resided.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to identify each employer that YOU have had since January 1, 2009. For the avoidance of doubt, "employer" includes each entity that provided you with a W2 or 1099 form, and places of business where you otherwise received or were promised payment in exchange for services rendered by YOU.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to show each professional certification sought by YOU or on YOUR behalf, including but not limited to certifications by the McAfee Institute.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that refer or relate to each documentary to which YOU are or were affiliated in some way, including but not limited to writing, proposals, interviews, production, directing, or consulting.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with law enforcement concerning the subject matter of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All "evidence" referred to in YOUR September 21, 2022, letter to defendant Trammel S. Crow's counsel, including but not limited to "numerous text messages," "numerous emails," "video recordings," "Cash APP receipts" and "numerous photographs."

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

Complete versions of all DOCUMENTS referenced by or incorporated into YOUR COMPLAINT, including but not limited to the DOCUMENTS referenced and incorporated in paragraphs 125 (Cash App), 131 (note), 132 (transcript), 150 (letter), 151-152 (complete prescription records), 151 (calendar), 165 (calendar), 174 (calendar), 186 (text messages), 187 (letter), 200 (emails), 220 (Form 1099), 224 (text messages) and 252 (diagnosis of rib fractures and contusions).

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that refer or relate to each of the "other women" who Rick Hubbard met through "the website Adult Friend Finder and other similar adult websites," as alleged in paragraph 13 of YOUR COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer or relate to each thing of value exchanged for any sex act with or involving any DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and each DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that refer or relate to YOUR COMMUNICATIONS with Dr. Benjamin Eller, including, but not limited to any notes, receipts, recommendations payment notifications, and/or diary entries.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION that refer NO. 37:**

All DOCUMENTS or relate to investments by each DEFENDANT in the "Venture," as alleged at paragraphs 38, 39, 189 and 190 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that refer or relate to each payment between the "Venture" and each DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to show all checking, savings, crypto, certificate of deposit, money market, brokerage, or other financial accounts or instruments in YOUR name or under YOUR control since January 1, 2009.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

YOUR diaries that refer or relate to each DEFENDANT or the subject matter of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**

YOUR calendars that refer or relate to each DEFENDANT or each event that is referred to in the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 42:**

YOUR medical records since January 1, 2009.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that refer or relate to Julia Hubbard's "sterilization," as alleged in paragraph 244 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that refer or relate to each alleged threat to YOUR children.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that refer or relate to the repossession of Julia Hubbard's house, as alleged in paragraph 266 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that support calculation of YOUR alleged damages in this case.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that YOU used to determine that PLAINTIFFS were subjected to 758 "discrete forced sex encounters" that took place between August 2012 and September 2019, as stated in YOUR August 19, 2022, letter to Trammel S. Crow's counsel.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS support YOUR claim for punitive damages.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to show your logins and passwords for SOCIAL MEDIA WEBSITES (including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, LinkedIn, Signal, Telegram, Reddit, Discord, Adult Friend Finder, OnlyFans, etc.) since January 1, 2009.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show your logins and passwords for CROWDFUNDING WEBSITES (including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, Kickstarter etc.) since January 1, 2009.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

**REQUEST FOR PRODUCTION NO. 51:**

COMMUNICATIONS with each DEFENDANT regarding the ACTION, including but not limited to, any agreements for dismissal or cooperation with each such DEFENDANT regardless whether they were served in or dismissed from the ACTION.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

Dated: New York, New York
         February 21, 2024

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:    (202) 746-9110
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

# **<u>EXHIBIT D</u>**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

Matthew W. Schmidt*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone:     (202) 746-9110
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS,<br><br>Plaintiffs,<br><br>v.<br><br>TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; COE JURACEK; PHILIP ECOB; CODY MITCHELL; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and  RCI HOSPITALITY HOLDINGS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. SA-23-CA-580-FB<br><br><br>Judge: Hon. Fred Biery<br>Date Action Filed: May 8, 2023 (transferred) |

**PLAINTIFF JULIA HUBBARD'S RESPONSE TO DEFENDANT CROW'S
FIRST REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure ("Rule") 26 and 33, Plaintiff Julia Hubbard hereby responds to the Document Production Request (the "Requests") by Defendant Trammell S. Crow, Jr.

## GENERAL OBJECTIONS

1.      By responding to any Request, Plaintiff does not concede the materiality of the subject to which it refers, Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competence, relevance, materiality, privilege, or admissibility of evidence, or for any other purpose, of any of the information or documents produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Plaintiff objects to these Requests to the extent that they seek information not within the relevant time period and fail to state the time period relevant to the Request.

3.      Plaintiff objects to these Requests to the extent that they seek documents that are not relevant to any party's claims or defenses.

4.      Plaintiff objects to these Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

5.      Plaintiff objects to the Requests to the extent that they seek production of documents in a format other than one mutually agreed upon between the parties.

6.      By responding to each Request, Plaintiff does not make any representation as to whether the documents are responsive to such Requests exist or are in her possession, custody, or control.

7.      Inadvertent production of any information or documents that are privileged, were prepared in anticipation of litigation, or are otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. All documents containing any such inadvertently produced material or information shall be returned to Plaintiff's attorneys, along with all copies thereof.

8.      In providing these responses and objections, Plaintiff does not waive or intend to waive, but, rather, preserve and intend to preserve:

A.      All objections as to competency, relevancy, materiality, and admissibility of the Requests, responses to the Requests, or the subject matter thereof;

B.      All objections as to vagueness, ambiguity, overbreadth and undue burden;

C.      All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action;

D.      All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

E.      All rights to object on any ground to any request for further responses to these or any other requests for documents, Request requests or other discovery requests involving or related to the subject matter of these Requests.

4

9.    Plaintiff will produce documents within her possession or control subject to reasonable—and, where appropriate, agreed-upon—methodologies designed to most effectively and properly identify such responsive documents.

10.    Plaintiff is continuing to search for information responsive to Defendants' Requests and therefore reserves the right to supplement its responses to each Request with additional information if and when such information becomes available to Plaintiff's counsel. Plaintiff also reserves the right to object to the future disclosure of any such information.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that refer or relate to each of YOUR alleged "commercial sex acts."

### RESPONSE:

Plaintiff will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that refer or relate to each SEX PARTY, including but not limited to the SEX PARTIES alleged at paragraphs 26, 33, 165, 177, 197, 202 and 296 of the COMPLAINT.

### RESPONSE:

Plaintiff will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 3:

DOCUMENTS sufficient to show the date, location, and attendees for each SEX PARTY.

### RESPONSE:

Plaintiff will produce documents responsive to this request.

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS that support YOUR contention that each DEFENDANT "benefited

from the Venture," as alleged at paragraphs 4 and 414 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "received benefits from the Venture," including but not limited to "receiving sex and media of naked women or individuals engaged in sex acts," "social benefits or "financial benefits," as alleged at paragraphs 4, 38, 141, 330 and 414 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knew or recklessly disregarded that Rick [Hubbard] used force, threats of force, fraud, or coercion to compel [YOU] to engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support YOUR contention that each DEFENDANT "knowingly supported the Venture in its activities," including, but not limited to "by providing funding to the Venture" or recommending or prescribing medications, as alleged at paragraphs 14, 38, 144 and 189 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that support YOUR contention that each DEFENDANT participated in the "Venture," as alleged at paragraph 414 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR contention that the "Enterprise relied on and profited from the unlawful dealing, use, and distribution of numerous controlled substances," as alleged at paragraph 414 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support YOUR contention that each DEFENDANT recruited, enticed, harbored, transported, obtained, maintained, patronized, or solicited YOU in connection with the "Venture," as alleged at paragraph 424 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that refer or relate to the injuries YOU claim to have sustained due to each DEFENDANT'S alleged conduct.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support YOUR contention that the alleged "Venture" caused YOU to "suffer financial harm, including the loss of earnings," as alleged in paragraphs 415 and 416 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that refer or relate to each of the medical services YOU received,

including, but not limited to, reports from healthcare providers, prescriptions, treatment plans, doctor notes, and medical files and records.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that refer or relate to each of the prescription medications that YOU have taken.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that refer or relate to each instance in which YOU experienced physical trauma (e.g., falls, physical assaults, car accidents).

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that refer or relate to each illegal drug that YOU have taken.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that refer or relate to each instance of "force, threats of force, fraud, threat, or coercion" that Rick Hubbard allegedly used to "compel" YOU to "engage in commercial sex acts," as alleged at paragraph 4 and throughout the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that refer or relate to each instance of YOUR alleged forced drugging.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human sex trafficking laws under 18 U.S.C. § 1591.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU contend support YOUR purported cause of action for violation of human trafficking laws under 18 U.S.C. § 1589.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that YOU contend support YOUR purported causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1962.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All witness statements, memorialized in any form, referring, or relating to each allegation in YOUR COMPLAINT, including but not limited to statements by YOU.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS between YOU and each PERSON, other than YOUR attorneys, regarding each allegation in the COMPLAINT or this ACTION, including, but not limited to, COMMUNICATIONS with the media, bloggers, podcasters, current and/or former co-workers

and colleagues, doctors and/or other health professionals, and friends or family members, and COMMUNICATIONS between Julia Hubbard and Kayla Goedinghaus.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU are or have been a party.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that refer or relate to each lawsuit, arbitration, administrative proceeding, or other legal proceeding to which YOU and at least one DEFENDANT are or have been a party, including but not limited to divorce proceedings, child custody proceedings and proceedings to obtain a restraining order.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to identify each address where YOU resided.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to identify each employer that YOU have had since January 1, 2009. For the avoidance of doubt, "employer" includes each entity that provided you with a W2 or 1099 form, and places of business where you otherwise received or were promised payment in exchange for services rendered by YOU.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to show each professional certification sought by YOU or on YOUR behalf, including but not limited to certifications by the McAfee Institute.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that refer or relate to each documentary to which YOU are or were affiliated in some way, including but not limited to writing, proposals, interviews, production, directing, or consulting.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with law enforcement concerning the subject matter of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All "evidence" referred to in YOUR September 21, 2022, letter to defendant Trammel S. Crow's counsel, including but not limited to "numerous text messages," "numerous emails," "video recordings," "Cash APP receipts" and "numerous photographs."

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

Complete versions of all DOCUMENTS referenced by or incorporated into YOUR COMPLAINT, including but not limited to the DOCUMENTS referenced and incorporated in paragraphs 125 (Cash App), 131 (note), 132 (transcript), 150 (letter), 151-152 (complete prescription records), 151 (calendar), 165 (calendar), 174 (calendar), 186 (text messages), 187 (letter), 200 (emails), 220 (Form 1099), 224 (text messages) and 252 (diagnosis of rib fractures and contusions).

11

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that refer or relate to each of the "other women" who Rick Hubbard met through "the website Adult Friend Finder and other similar adult websites," as alleged in paragraph 13 of YOUR COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer or relate to each thing of value exchanged for any sex act with or involving any DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and each DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that refer or relate to YOUR COMMUNICATIONS with Dr. Benjamin Eller, including, but not limited to any notes, receipts, recommendations payment notifications, and/or diary entries.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION that refer NO. 37:**

All DOCUMENTS or relate to investments by each DEFENDANT in the "Venture," as alleged at paragraphs 38, 39, 189 and 190 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that refer or relate to each payment between the "Venture" and each DEFENDANT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to show all checking, savings, crypto, certificate of deposit, money market, brokerage, or other financial accounts or instruments in YOUR name or under YOUR control since January 1, 2009.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

YOUR diaries that refer or relate to each DEFENDANT or the subject matter of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**

YOUR calendars that refer or relate to each DEFENDANT or each event that is referred to in the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 42:**

YOUR medical records since January 1, 2009.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that refer or relate to YOUR "sterilization," as alleged in paragraph 244 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that refer or relate to each alleged threat to YOUR children.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that refer or relate to the repossession of YOUR house, as alleged in paragraph 266 of the COMPLAINT.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that support calculation of YOUR alleged damages in this case.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that YOU used to determine that PLAINTIFFS were subjected to 758 "discrete forced sex encounters" that took place between August 2012 and September 2019, as stated in YOUR August 19, 2022, letter to Trammel S. Crow's counsel.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS support YOUR claim for punitive damages.

**RESPONSE:**

Plaintiff will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to show your logins and passwords for SOCIAL MEDIA WEBSITES (including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, LinkedIn, Signal, Telegram, Reddit, Discord, Adult Friend Finder, OnlyFans, etc.) since January 1, 2009.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS sufficient to show your logins and passwords for CROWDFUNDING WEBSITES (including, but not limited to, GoFundMe, Fundly, DonateKindly, IndieGogo, Kickstarter etc.) since January 1, 2009.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

**REQUEST FOR PRODUCTION NO. 51:**

COMMUNICATIONS with each DEFENDANT regarding the ACTION, including but not limited to, any agreements for dismissal or cooperation with each such DEFENDANT regardless whether they were served in or dismissed from the ACTION.

**RESPONSE:**

Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff will search

and produce responsive documents from their social media accounts.

Dated: New York, New York
       February 21, 2024

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:     (202) 746-9110
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

# EXHIBIT E

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

|  |  |
|---|---|
| JULIA HUBBARD, et al., | Case No.: 5:23-cv-00580-FB |
| Plaintiffs, | Judge: Hon. Fred Biery<br>Courtroom: 8509<br>Date Action Filed: May 8, 2023 (transferred) |
| v. |  |
| TRAMMELL S. CROW, JR., et al. |  |
| Defendants. |  |

**TRAMMELL S. CROW'S REQUESTS FOR PRODUCTION
TO PLAINTIFF KAYLA GOEDINGHAUS, SET THREE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Court Rules of the United States District Court for the Western District of Texas, defendant Trammel S. Crow hereby requests that plaintiff Kayla Goedinghaus serve written responses to the below request for production and produce the requested documents to the offices of each counsel listed at the end of these Requests, within 30 days of service hereof.

## DEFINITIONS

1.      "ACTION" means the present action styled Julia Hubbard, et al. v. Trammell S. Crow, et al., Case No. 5:23-cv-00580-FB.

2.      "ALICE SULLIVAN" means Alice Sullivan and all of her employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; any other PERSON or entity acting or purporting to act on her behalf; and any other PERSON or entity otherwise subject to her control.

3.      "ASHLEIGH DITONTO" means Ashleigh DiTonto and all of her employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; any other PERSON or entity acting or purporting to act on her behalf; and any other PERSON or entity otherwise subject to her control.

4.      "COMMUNICATIONS" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including but not limited to by such means as letters, memoranda, facsimiles, e-mails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, applications (such as, by way of example, WhatsApp), or any other medium.

5.      "COMPLAINT" means YOUR operative pleading on file in Case No. 5:23-cv-00580-FB.

6.      "CONTRACT(S)" means any agreement that creates enforceable obligations by law.

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET THREE

7.     "COSMOPOLITAN" means Cosmopolitan magazine published by Hearst Corporation, and (i) all of its owners, parent companies, employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; (ii) any other PERSON or entity acting or purporting to act on their behalf, including, but not limited to, Christopher Johnston and Erin Quinlan; and (iii) any other PERSON or entity otherwise subject to their control.

8.     "DOCUMENTS" means all writings and records, including but not limited to, originals and all copies unless identical, regardless of origin or location, of written, recorded, or graphic matter, however produced or reproduced, including, without limitation, and whether in electronic or hard copy form, all COMMUNICATIONS, correspondence, contracts, agreements, summaries, memoranda, letters, messages, e-mails, electronically-stored information, invoices, receipts, drafts, reports, records, financial statements, photographs, phonographs, digital pictures, tapes or other recordings, disks, data cells, and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in YOUR possession, custody, or control.

9.     "LIFE OUT LOUD" means Life Out Lound Films and (i) all of its owners, parent companies, employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; (ii) any other PERSON or entity acting or purporting to act on their behalf; and (iii) any other PERSON or entity otherwise subject to their control.

10.    "PERSON" means a natural person, association, charity, group, corporation, or partnership, whether formal or informal or existing under or authorized by laws of the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country.

11.    "SARA ELIZABETH TIMMINS" means Sara Elizabeth Timmins, her employees, agents, brokers, representatives, accountants, investigators, consultants, and

attorneys; any other PERSON or entity acting or purporting to act on her behalf; and any other PERSON or entity otherwise subject to her control.

12.     "TRAILBLAZER STUDIOS" means Trailblazer Studios NC, Inc. and (i) all of its shareholders, parent companies, employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; (ii) any other PERSON or entity acting or purporting to act on their behalf; and (iii) any other PERSON or entity otherwise subject to their control.

13.     "YOU" means Kayla Goedinghaus.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 53:**

All COMMUNICATIONS with anyone regarding your allegations in the COMPLAINT against Trammell S. Crow.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS with anyone that refer or relate to Trammell S. Crow.

**REQUEST FOR PRODUCTION NO. 55:**

All CONTRACTS between YOU and any PERSON regarding any business transaction or media relating to the subject matter of the ACTION or sex trafficking, including but not limited to any podcast, radio show, book deal, documentary, film, television show, marketing, advertising sponsorship, social media post, or digital or social media influencer agreement.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS between YOU and any PERSON regarding any business transaction or media relating to the subject matter of the ACTION or sex trafficking, including but not limited to any podcast, radio show, book deal, documentary, film, television show, marketing, advertising sponsorship, social media post, or digital or social media influencer agreement.

**REQUEST FOR PRODUCTION NO. 57:**

All CONTRACTS between YOU and any marketing or public relations agency since January 1, 2018.

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET THREE

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS between YOU and any marketing or public relations agency since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 59:**

All CONTRACTS between YOU and ALICE SULLIVAN.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS between YOU and ALICE SULLIVAN.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS that YOU provided to ALICE SULLIVAN, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 62:**

All CONTRACTS between YOU and SARA ELIZABETH TIMMINS.

**REQUEST FOR PRODUCTION NO. 63:**

All COMMUNICATIONS between YOU and SARA ELIZABETH TIMMINS.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that YOU provided to SARA ELIZABETH TIMMINS, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 65:**

All CONTRACTS between YOU and LIFE OUT LOUD.

**REQUEST FOR PRODUCTION NO. 66:**

All COMMUNICATIONS between YOU and LIFE OUT LOUD.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that YOU provided to LIFE OUT LOUD, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

CROW'S REQUESTS FOR PRODUCTION TO GOEDINGHAUS, SET THREE

**REQUEST FOR PRODUCTION NO. 68:**

All CONTRACTS between YOU and ASHLEIGH DITONTO.

**REQUEST FOR PRODUCTION NO. 69:**

All COMMUNICATIONS between YOU and ASHLEIGH DITONTO.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS that YOU provided to ASHLEIGH DITONTO, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 71:**

All CONTRACTS between YOU and TRAILBLAZER STUDIOS.

**REQUEST FOR PRODUCTION NO. 72:**

All COMMUNICATIONS between YOU and TRAILBLAZER STUDIOS.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS that YOU provided to TRAILBLAZER STUDIOS, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS, including, but not limited to, video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries, that YOU provided to COSMOPOLITAN for the preparation, research, drafting, or publishing of the January 30, 2024 article titled "The Venture" by Christopher Johnston and Erin Quinlan.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS that YOU provided to any journalist, interviewer or media outlet relating to the subject matter of the ACTION, including, but not limited to, video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to identify every email address that YOU used from 2010 to the present.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS sufficient to identify the address of every location that YOU have lived at since 2010.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS sufficient to identify every place of employment you have had since 2010 (e.g., paystubs, employment agreements, and/or tax records).

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS related to any speech, public event, testimony or presentation that YOU have provided in the last 10 years regarding sex trafficking or the allegations in the COMPLAINT, including but not limited to all videos, presentations, notes, recordings, transcripts and outlines regarding such events.

**REQUEST FOR PRODUCTION NO. 80:**

For every Facebook account created or maintained by YOU, the timelines from 2010 to the present.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS that refer or relate to recordings of phone calls of Rick Hubbard provided to YOU, including but not limited to the recordings themselves.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS that YOU have used to refresh YOUR recollection related to events alleged in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS related to any family law proceedings that YOU have been a party to or testified in connection with, including but not limited to filings, discovery, and transcripts of testimony.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS that refer or relate to any interactions involving YOU, any

DEFENDANT, and law enforcement.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS that YOU allege show that Rick Hubbard threatened or harmed YOU

or YOUR family.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS that YOU allege show that Rick Hubbard threatened or harmed

anyone in furtherance of the conspiracy alleged in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with Blake Hubbard.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with William "Bill"

Lane Hubbard.

**REQUEST FOR PRODUCTION NO. 89:**

All COMMUNICATIONS with Robin Hunter (aka Alexandria Dean).

**REQUEST FOR PRODUCTION NO. 90:**

All recordings of Rick Hubbard damaging any property belonging to YOU or any other

alleged victim of the alleged Venture, including but not limited to video surveillance recordings.

**REQUEST FOR PRODUCTION NO. 91:**

All transcripts of any hearing, trial or other testimony relating to any legal dispute

involving YOU, YOUR family (meaning YOUR current or former spouse and/or children) or

any Defendant in the ACTION.

**REQUEST FOR PRODUCTION NO. 92:**

All digital information that YOU obtained from Rick Hubbard's computer(s), including

but not limited to the contents of any cloud computer drive, thumb drive, flash drive and/or hard

drive containing such information.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS that refer or relate to the alleged stab wounds that YOU allege defendant Michael Hynes Jr. inflicted on Julia Hubbard.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS that refer or relate to alleged physical injuries to YOU or others that YOU allege were caused by any Defendant in this ACTION.

**REQUEST FOR PRODUCTION NO. 95:**

All files from any computer or tablet that YOU possessed during the period that YOU contend you were trafficked by the alleged conspiracy.

**REQUEST FOR PRODUCTION NO. 96:**

Photos and videos of any firearm that Rick Hubbard used to threaten YOU or any other alleged victim of the alleged conspiracy.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS created by Rick Hubbard regarding the alleged conspiracy.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS related to the alleged tubal ligation surgery that YOU allege Julia Hubbard underwent on or around October 29, 2010.


DATED:  July 16, 2024                    GRAY REED
                                         HAWXHURST LLP



                              By */s/ Kenneth Stone*_____
                                   Kenneth Stone
                                   Gerald Hawxhurst

                                   *Attorneys for Defendant*
                                   *Trammell S. Crow*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on the parties in this action via email on July 16, 2024, except that defendant Phil Ecob (pro se) was served via U.S. Mail.

Kyle Foltyn-Smith

# **EXHIBIT F**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

|  |  |
|---|---|
| | Case No.: 5:23-cv-00580-FB |
| | Judge: Hon. Fred Biery |
| JULIA HUBBARD, et al., | Courtroom: 8509 |
| | Date Action Filed: May 8, 2023 (transferred) |
| Plaintiffs, | |
| v. | |
| TRAMMELL S. CROW, JR., et al. | |
| Defendants. | |

**TRAMMELL S. CROW'S REQUESTS FOR PRODUCTION
TO PLAINTIFF JULIA HUBBARD, SET THREE**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Court Rules of the United States District Court for the Western District of Texas, defendant Trammel S. Crow hereby requests that plaintiff Julia Hubbard serve written responses to the below request for production and produce the requested document to the offices of each counsel listed at the end of these Requests, within 30 days of service hereof.

## DEFINITIONS

1.    "ACTION" means the present action styled Julia Hubbard, et al. v. Trammell S. Crow, et al., Case No. 5:23-cv-00580-FB.

2.    "ALICE SULLIVAN" means Alice Sullivan and all of her employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; any other PERSON or entity acting or purporting to act on her behalf; and any other PERSON or entity otherwise subject to her control.

3.    "ASHLEIGH DITONTO" means Ashleigh DiTonto and all of her employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; any other PERSON or entity acting or purporting to act on her behalf; and any other PERSON or entity otherwise subject to her control.

4.    "COMMUNICATIONS" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including but not limited to by such means as letters, memoranda, facsimiles, e-mails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, applications (such as, by way of example, WhatsApp), or any other medium.

5.    "COMPLAINT" means YOUR operative pleading on file in Case No. 5:23-cv-00580-FB.

6.    "CONTRACT(S)" means any agreement that creates enforceable obligations by law.

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET THREE

7.     "COSMOPOLITAN" means Cosmopolitan magazine published by Hearst Corporation, and (i) all of its owners, parent companies, employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; (ii) any other PERSON or entity acting or purporting to act on their behalf, including, but not limited to, Christopher Johnston and Erin Quinlan; and (iii) any other PERSON or entity otherwise subject to their control.

8.     "DOCUMENTS" means all writings and records, including but not limited to, originals and all copies unless identical, regardless of origin or location, of written, recorded, or graphic matter, however produced or reproduced, including, without limitation, and whether in electronic or hard copy form, all COMMUNICATIONS, correspondence, contracts, agreements, summaries, memoranda, letters, messages, e-mails, electronically-stored information, invoices, receipts, drafts, reports, records, financial statements, photographs, phonographs, digital pictures, tapes or other recordings, disks, data cells, and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in YOUR possession, custody, or control.

9.     "LIFE OUT LOUD" means Life Out Lound Films and (i) all of its owners, parent companies, employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; (ii) any other PERSON or entity acting or purporting to act on their behalf; and (iii) any other PERSON or entity otherwise subject to their control.

10.    "PERSON" means a natural person, association, charity, group, corporation, or partnership, whether formal or informal or existing under or authorized by laws of the United States, the laws of any of the Territories, the laws of any State, or the laws of any foreign country.

11.    "SARA ELIZABETH TIMMINS" means Sara Elizabeth Timmins, her employees, agents, brokers, representatives, accountants, investigators, consultants, and

attorneys; any other PERSON or entity acting or purporting to act on her behalf; and any other PERSON or entity otherwise subject to her control.

12.    "TRAILBLAZER STUDIOS" means Trailblazer Studios NC, Inc. and (i) all of its shareholders, parent companies, employees, agents, brokers, representatives, accountants, investigators, consultants, and attorneys; (ii) any other PERSON or entity acting or purporting to act on their behalf; and (iii) any other PERSON or entity otherwise subject to their control.

13.    "YOU" means Julia Hubbard.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 53:**

All COMMUNICATIONS with anyone regarding your allegations in the COMPLAINT against Trammell S. Crow.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS with anyone that refer or relate to Trammell S. Crow.

**REQUEST FOR PRODUCTION NO. 55:**

All CONTRACTS between YOU and any PERSON regarding any business transaction or media relating to the subject matter of the ACTION or sex trafficking, including but not limited to any podcast, radio show, book deal, documentary, film, television show, marketing, advertising sponsorship, social media post, or digital or social media influencer agreement.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS between YOU and any PERSON regarding any business transaction or media relating to the subject matter of the ACTION or sex trafficking, including but not limited to any podcast, radio show, book deal, documentary, film, television show, marketing, advertising sponsorship, social media post, or digital or social media influencer agreement.

**REQUEST FOR PRODUCTION NO. 57:**

All CONTRACTS between YOU and any marketing or public relations agency since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS between YOU and any marketing or public relations agency since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 59:**

All CONTRACTS between YOU and ALICE SULLIVAN.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS between YOU and ALICE SULLIVAN.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS that YOU provided to ALICE SULLIVAN, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 62:**

All CONTRACTS between YOU and SARA ELIZABETH TIMMINS.

**REQUEST FOR PRODUCTION NO. 63:**

All COMMUNICATIONS between YOU and SARA ELIZABETH TIMMINS.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that YOU provided to SARA ELIZABETH TIMMINS, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 65:**

All CONTRACTS between YOU and LIFE OUT LOUD.

**REQUEST FOR PRODUCTION NO. 66:**

All COMMUNICATIONS between YOU and LIFE OUT LOUD.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that YOU provided to LIFE OUT LOUD, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 68:**

All CONTRACTS between YOU and ASHLEIGH DITONTO.

**REQUEST FOR PRODUCTION NO. 69:**

All COMMUNICATIONS between YOU and ASHLEIGH DITONTO.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS that YOU provided to ASHLEIGH DITONTO, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 71:**

All CONTRACTS between YOU and TRAILBLAZER STUDIOS.

**REQUEST FOR PRODUCTION NO. 72:**

All COMMUNICATIONS between YOU and TRAILBLAZER STUDIOS.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS that YOU provided to TRAILBLAZER STUDIOS, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS, including, but not limited to, video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries, that YOU provided to COSMOPOLITAN for the preparation, research, drafting, or publishing of the January 30, 2024 article titled "The Venture" by Christopher Johnston and Erin Quinlan.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS that YOU provided to any journalist, interviewer or media outlet relating to the subject matter of the ACTION, including, but not limited to, video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to identify every email address that YOU used from 2010 to the present.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS sufficient to identify the address of every location that YOU have lived at since 2010.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS sufficient to identify every place of employment you have had since 2010 (e.g., paystubs, employment agreements, and/or tax records).

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS related to any speech, public event, testimony or presentation that YOU have provided in the last 10 years regarding sex trafficking or the allegations in the COMPLAINT, including but not limited to all videos, presentations, notes, recordings, transcripts and outlines regarding such events.

**REQUEST FOR PRODUCTION NO. 80:**

For every Facebook account created or maintained by YOU, the timelines from 2010 to the present.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS that refer or relate to recordings of phone calls of Rick Hubbard provided to YOU, including but not limited to the recordings themselves.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS that YOU have used to refresh YOUR recollection related to events alleged in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS related to any family law proceedings that YOU have been a party to or testified in connection with, including but not limited to filings, discovery, and transcripts of testimony.

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET THREE

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS that refer or relate to any interactions involving YOU, any DEFENDANT, and law enforcement.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS that YOU allege show that Rick Hubbard threatened or harmed YOU or YOUR family.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS that YOU allege show that Rick Hubbard threatened or harmed anyone in furtherance of the conspiracy alleged in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with Blake Hubbard.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with William "Bill" Lane Hubbard.

**REQUEST FOR PRODUCTION NO. 89:**

All COMMUNICATIONS with Robin Hunter (aka Alexandria Dean).

**REQUEST FOR PRODUCTION NO. 90:**

All recordings of Rick Hubbard damaging any property belonging to YOU or any other alleged victim of the alleged Venture, including but not limited to video surveillance recordings.

**REQUEST FOR PRODUCTION NO. 91:**

All transcripts of any hearing, trial or other testimony relating to any legal dispute involving YOU, YOUR family (meaning YOUR current or former spouse and/or children) or any Defendant in the ACTION.

**REQUEST FOR PRODUCTION NO. 92:**

All digital information that YOU obtained from Rick Hubbard's computer(s), including but not limited to the contents of any cloud computer drive, thumb drive, flash drive and/or hard drive containing such information.

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET THREE

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS that refer or relate to the alleged stab wounds that YOU allege defendant Michael Hynes Jr. inflicted on YOU.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS that refer or relate to alleged physical injuries to YOU or others that YOU allege were caused by any Defendant in this ACTION.

**REQUEST FOR PRODUCTION NO. 95:**

All files from any computer or tablet that YOU possessed in or around 2017.

**REQUEST FOR PRODUCTION NO. 96:**

Photos and videos of any firearm that Rick Hubbard used to threaten YOU or any other alleged victim of the alleged conspiracy.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS created by Rick Hubbard regarding the alleged conspiracy.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS related to the alleged tubal ligation surgery that YOU allege YOU underwent on or around October 29, 2010.


DATED:  July 16, 2024                 GRAY REED
                                      HAWXHURST LLP


                                      By */s/ Kenneth Stone*
                                         Kenneth Stone
                                         Gerald Hawxhurst

                                         *Attorneys for Defendant*
                                         *Trammell S. Crow*

CROW'S REQUESTS FOR PRODUCTION TO HUBBARD, SET THREE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on the parties in this action via email on July 16, 2024, except that defendant Phil Ecob (pro se) was served via U.S. Mail.

Kyle Foltyn-Smith

# **EXHIBIT G**

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

Matthew W. Schmidt*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone: (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

Justin M. Loveland*
Stefan Savic*
**REINHARDT SAVIC FOLEY LLP**
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone: (646) 357-3238
Facsimile: (212) 710-0971
jloveland@rsf-llp.com
ssavic@rsf-llp.com
*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice

|  |  |  |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | ) ) ) |  |
| Plaintiffs, | ) | Case No. 5:23-cv-00580-FB |
| v. | ) ) |  |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUIT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge: Hon. Fred Biery Date Action Filed: May 8, 2023 (transferred)  **PLAINTIFF KAYLA GOEDINGHAUS'S RESPONSE TO DEFENDANT CROW'S THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | ) |  |

Pursuant to Federal Rules of Civil Procedure ("Rule") 26 and 33, Plaintiff Julia Hubbard hereby responds to the Document Production Request (the "Requests") by Defendant Cody Mitchell.

## **GENERAL OBJECTIONS**

1.      By responding to any Request, Plaintiff does not concede the materiality of the subject to which it refers, Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competence, relevance, materiality, privilege, or admissibility of evidence, or for any other purpose, of any of the information or documents produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      By responding to each Request, Plaintiff does not make any representation as to whether the documents are responsive to such Requests exist or are in her possession, custody, or control.

3.      Inadvertent production of any information or documents that are privileged, were prepared in anticipation of litigation, or are otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. All documents containing any such inadvertently produced material or information shall be returned to Plaintiff's attorneys, along with all copies thereof.

4.      In providing these responses and objections, Plaintiff does not waive or intend to waive, but, rather, preserve and intend to preserve:

A.    All objections as to competency, relevancy, materiality, and admissibility of the Requests, responses to the Requests, or the subject matter thereof;

B.    All objections as to vagueness, ambiguity, overbreadth and undue burden;

C.    All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action;

D.    All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

E.    All rights to object on any ground to any request for further responses to these or any other requests for documents, Request requests or other discovery requests involving or related to the subject matter of these Requests.

5.    Plaintiff will produce documents within her possession or control subject to reasonable—and, where appropriate, agreed-upon—methodologies designed to most effectively and properly identify such responsive documents.

6.    Plaintiff is continuing to search for information responsive to Defendants' Requests and therefore reserves the right to supplement its responses to each Request with additional information if and when such information becomes available to Plaintiff's counsel. Plaintiff also reserves the right to object to the future disclosure of any such information.

## **RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 53:**

All COMMUNICATIONS with anyone regarding your allegations in the COMPLAINT against Trammell S. Crow.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search

and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS with anyone that refer or relate to Trammell S. Crow.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 55:**

All CONTRACTS between YOU and any PERSON regarding any business transaction or media relating to the subject matter of the ACTION or sex trafficking, including but not limited to any podcast, radio show, book deal, documentary, film, television show, marketing, advertising sponsorship, social media post, or digital or social media influencer agreement.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS between YOU and any PERSON regarding any business transaction or media relating to the subject matter of the ACTION or sex trafficking, including but not limited to any podcast, radio show, book deal, documentary, film, television show, marketing, advertising sponsorship, social media post, or digital or social media influencer agreement.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 57:**

All CONTRACTS between YOU and any marketing or public relations agency since January 1, 2018.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS between YOU and any marketing or public relations agency since January 1, 2018.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 59:**

All CONTRACTS between YOU and ALICE SULLIVAN.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS between YOU and ALICE SULLIVAN.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS that YOU provided to ALICE SULLIVAN, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 62:**

All CONTRACTS between YOU and SARA ELIZABETH TIMMINS.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 63:**

All COMMUNICATIONS between YOU and SARA ELIZABETH TIMMINS.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that YOU provided to SARA ELIZABETH TIMMINS, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 65:**

All CONTRACTS between YOU and LIFE OUT LOUD.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 66:**

All COMMUNICATIONS between YOU and LIFE OUT LOUD.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that YOU provided to LIFE OUT LOUD, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 68:**

All CONTRACTS between YOU and ASHLEIGH DITONTO.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 69:**

All COMMUNICATIONS between YOU and ASHLEIGH DITONTO.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS that YOU provided to ASHLEIGH DITONTO, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 71:**

All CONTRACTS between YOU and TRAILBLAZER STUDIOS.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 72:**

All COMMUNICATIONS between YOU and TRAILBLAZER STUDIOS.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search

and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS that YOU provided to TRAILBLAZER STUDIOS, including but not
limited to video recordings, audio recordings, electronic communications, paper records, physical
records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search

and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS, including, but not limited to, video recordings, audio recordings,
electronic communications, paper records, physical records, digital media files, social media
records, journals, calendars, or diaries, that YOU provided to COSMOPOLITAN for the
preparation, research, drafting, or publishing of the January 30, 2024 article titled "The Venture"
by Christopher Johnston and Erin Quinlan.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search

and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS that YOU provided to any journalist, interviewer or media outlet
relating to the subject matter of the ACTION, including, but not limited to, video recordings,

audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to identify every email address that YOU used from 2010 to the present.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS sufficient to identify the address of every location that YOU have lived at since 2010.

**RESPONSE:**

Plaintiff objects to this request on the grounds of relevance. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS sufficient to identify every place of employment you have had since 2010 (e.g., paystubs, employment agreements, and/or tax records).

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

11

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS related to any speech, public event, testimony or presentation that YOU have provided in the last 10 years regarding sex trafficking or the allegations in the COMPLAINT, including but not limited to all videos, presentations, notes, recordings, transcripts and outlines regarding such events.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 80:**

For every Facebook account created or maintained by YOU, the timelines from 2010 to the present.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS that refer or relate to recordings of phone calls of Rick Hubbard provided to YOU, including but not limited to the recordings themselves.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS that YOU have used to refresh YOUR recollection related to events alleged in the COMPLAINT.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS related to any family law proceedings that YOU have been a party to or testified in connection with, including but not limited to filings, discovery, and transcripts of testimony.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS that refer or relate to any interactions involving YOU, any DEFENDANT, and law enforcement.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS that YOU allege show that Rick Hubbard threatened or harmed YOU or YOUR family.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS that YOU allege show that Rick Hubbard threatened or harmed anyone in furtherance of the conspiracy alleged in the COMPLAINT.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with Blake Hubbard.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with William "Bill" Lane Hubbard.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 89:**

All COMMUNICATIONS with Robin Hunter (aka Alexandria Dean).

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 90:**

All recordings of Rick Hubbard damaging any property belonging to YOU or any other alleged victim of the alleged Venture, including but not limited to video surveillance recordings.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 91:**

All transcripts of any hearing, trial or other testimony relating to any legal dispute involving YOU, YOUR family (meaning YOUR current or former spouse and/or children) or any Defendant in the ACTION.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 92:**

All digital information that YOU obtained from Rick Hubbard's computer(s), including but not limited to the contents of any cloud computer drive, thumb drive, flash drive and/or hard drive containing such information.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS that refer or relate to the alleged stab wounds that YOU allege defendant Michael Hynes Jr. inflicted on YOU.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS that refer or relate to alleged physical injuries to YOU or others that YOU allege were caused by any Defendant in this ACTION.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 95:**

All files from any computer or tablet that YOU possessed in or around 2017.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 96:**

Photos and videos of any firearm that Rick Hubbard used to threaten YOU or any other alleged victim of the alleged conspiracy.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS created by Rick Hubbard regarding the alleged conspiracy.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS related to the alleged tubal ligation surgery that YOU allege YOU underwent on or around October 29, 2010.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

Dated: Tiburon, California
       August 15, 2024

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:     (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

Justin M. Loveland*
Stefan Savic*
**REINHARDT SAVIC FOLEY LLP**
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone: (646) 357-3238
Facsimile: (212) 710-0971
jloveland@rsf-llp.com
ssavic@rsf-llp.com
*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice

# **<u>EXHIBIT H</u>**

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

Matthew W. Schmidt*
**Schmidt Law Corporation**
116A Main Street
Tiburon, California 94920
Telephone: (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice


Justin M. Loveland*
Stefan Savic*
**REINHARDT SAVIC FOLEY LLP**
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone: (646) 357-3238
Facsimile: (212) 710-0971
jloveland@rsf-llp.com
ssavic@rsf-llp.com
*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice

|  |  |  |
|---|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:23-cv-00580-FB |
| v. | ) ) | |
| TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUIT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge: Hon. Fred Biery Date Action Filed: May 8, 2023 (transferred) <br><br> **PLAINTIFF JULIA HUBBARD'S RESPONSE TO DEFENDANT CROW'S THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | ) | |

Pursuant to Federal Rules of Civil Procedure ("Rule") 26 and 33, Plaintiff Julia Hubbard hereby responds to the Document Production Request (the "Requests") by Defendant Cody Mitchell.

## **GENERAL OBJECTIONS**

1.     By responding to any Request, Plaintiff does not concede the materiality of the subject to which it refers, Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competence, relevance, materiality, privilege, or admissibility of evidence, or for any other purpose, of any of the information or documents produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.     By responding to each Request, Plaintiff does not make any representation as to whether the documents are responsive to such Requests exist or are in her possession, custody, or control.

3.     Inadvertent production of any information or documents that are privileged, were prepared in anticipation of litigation, or are otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. All documents containing any such inadvertently produced material or information shall be returned to Plaintiff's attorneys, along with all copies thereof.

4.     In providing these responses and objections, Plaintiff does not waive or intend to waive, but, rather, preserve and intend to preserve:

A.      All objections as to competency, relevancy, materiality, and admissibility of the Requests, responses to the Requests, or the subject matter thereof;

B.      All objections as to vagueness, ambiguity, overbreadth and undue burden;

C.      All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action;

D.      All rights to object on any ground to the use of responses or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

E.      All rights to object on any ground to any request for further responses to these or any other requests for documents, Request requests or other discovery requests involving or related to the subject matter of these Requests.

5.      Plaintiff will produce documents within her possession or control subject to reasonable—and, where appropriate, agreed-upon—methodologies designed to most effectively and properly identify such responsive documents.

6.      Plaintiff is continuing to search for information responsive to Defendants' Requests and therefore reserves the right to supplement its responses to each Request with additional information if and when such information becomes available to Plaintiff's counsel. Plaintiff also reserves the right to object to the future disclosure of any such information.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 53:

All COMMUNICATIONS with anyone regarding your allegations in the COMPLAINT against Trammell S. Crow.

### RESPONSE:

Plaintiff will produce any responsive documents to this request subject to a reason search

and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS with anyone that refer or relate to Trammell S. Crow.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 55:**

All CONTRACTS between YOU and any PERSON regarding any business transaction or media relating to the subject matter of the ACTION or sex trafficking, including but not limited to any podcast, radio show, book deal, documentary, film, television show, marketing, advertising sponsorship, social media post, or digital or social media influencer agreement.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS between YOU and any PERSON regarding any business transaction or media relating to the subject matter of the ACTION or sex trafficking, including but not limited to any podcast, radio show, book deal, documentary, film, television show, marketing, advertising sponsorship, social media post, or digital or social media influencer agreement.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 57:**

All CONTRACTS between YOU and any marketing or public relations agency since January 1, 2018.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS between YOU and any marketing or public relations agency since January 1, 2018.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 59:**

All CONTRACTS between YOU and ALICE SULLIVAN.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS between YOU and ALICE SULLIVAN.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS that YOU provided to ALICE SULLIVAN, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 62:**

All CONTRACTS between YOU and SARA ELIZABETH TIMMINS.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 63:**

All COMMUNICATIONS between YOU and SARA ELIZABETH TIMMINS.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that YOU provided to SARA ELIZABETH TIMMINS, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 65:**

All CONTRACTS between YOU and LIFE OUT LOUD.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 66:**

All COMMUNICATIONS between YOU and LIFE OUT LOUD.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that YOU provided to LIFE OUT LOUD, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 68:**

All CONTRACTS between YOU and ASHLEIGH DITONTO.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 69:**

All COMMUNICATIONS between YOU and ASHLEIGH DITONTO.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS that YOU provided to ASHLEIGH DITONTO, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 71:**

All CONTRACTS between YOU and TRAILBLAZER STUDIOS.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

## REQUEST FOR PRODUCTION NO. 72:

All COMMUNICATIONS between YOU and TRAILBLAZER STUDIOS.

## RESPONSE:

Plaintiff will produce any responsive documents to this request subject to a reason search

and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

## REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS that YOU provided to TRAILBLAZER STUDIOS, including but not limited to video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries.

## RESPONSE:

Plaintiff will produce any responsive documents to this request subject to a reason search

and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

## REQUEST FOR PRODUCTION NO. 74:

All DOCUMENTS, including, but not limited to, video recordings, audio recordings, electronic communications, paper records, physical records, digital media files, social media records, journals, calendars, or diaries, that YOU provided to COSMOPOLITAN for the preparation, research, drafting, or publishing of the January 30, 2024 article titled "The Venture" by Christopher Johnston and Erin Quinlan.
## RESPONSE:

Plaintiff will produce any responsive documents to this request subject to a reason search

and expect to do so by August 29, 2024, or to the extent such documents have already been

produced, to identify the Bates numbers of such documents.

## REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS that YOU provided to any journalist, interviewer or media outlet relating to the subject matter of the ACTION, including, but not limited to, video recordings, audio recordings, electronic communications, paper records, physical records, digital media files,

social media records, journals, calendars, or diaries.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 76:**

Documents sufficient to identify every email address that YOU used from 2010 to the present.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS sufficient to identify the address of every location that YOU have lived at since 2010.

**RESPONSE:**

Plaintiff objects to this request on the grounds of relevance. Plaintiff will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS sufficient to identify every place of employment you have had since 2010 (e.g., paystubs, employment agreements, and/or tax records).

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

11

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS related to any speech, public event, testimony or presentation that YOU have provided in the last 10 years regarding sex trafficking or the allegations in the COMPLAINT, including but not limited to all videos, presentations, notes, recordings, transcripts and outlines regarding such events.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 80:**

For every Facebook account created or maintained by YOU, the timelines from 2010 to the present.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS that refer or relate to recordings of phone calls of Rick Hubbard provided to YOU, including but not limited to the recordings themselves.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS that YOU have used to refresh YOUR recollection related to events alleged in the COMPLAINT.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS related to any family law proceedings that YOU have been a party to or testified in connection with, including but not limited to filings, discovery, and transcripts of testimony.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS that refer or relate to any interactions involving YOU, any DEFENDANT, and law enforcement.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS that YOU allege show that Rick Hubbard threatened or harmed YOU or YOUR family.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS that YOU allege show that Rick Hubbard threatened or harmed anyone in furtherance of the conspiracy alleged in the COMPLAINT.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with Blake Hubbard.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS that refer or relate to COMMUNICATIONS with William "Bill" Lane Hubbard.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 89:**

All COMMUNICATIONS with Robin Hunter (aka Alexandria Dean).

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 90:**

All recordings of Rick Hubbard damaging any property belonging to YOU or any other alleged victim of the alleged Venture, including but not limited to video surveillance recordings.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 91:**

All transcripts of any hearing, trial or other testimony relating to any legal dispute involving YOU, YOUR family (meaning YOUR current or former spouse and/or children) or any Defendant in the ACTION.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 92:**

All digital information that YOU obtained from Rick Hubbard's computer(s), including but not limited to the contents of any cloud computer drive, thumb drive, flash drive and/or hard drive containing such information.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS that refer or relate to the alleged stab wounds that YOU allege defendant Michael Hynes Jr. inflicted on YOU.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS that refer or relate to alleged physical injuries to YOU or others that YOU allege were caused by any Defendant in this ACTION.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 95:**

All files from any computer or tablet that YOU possessed in or around 2017.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 96:**

Photos and videos of any firearm that Rick Hubbard used to threaten YOU or any other alleged victim of the alleged conspiracy.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS created by Rick Hubbard regarding the alleged conspiracy.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS related to the alleged tubal ligation surgery that YOU allege YOU underwent on or around October 29, 2010.

**RESPONSE:**

Plaintiff will produce any responsive documents to this request subject to a reason search and expect to do so by August 29, 2024, or to the extent such documents have already been produced, to identify the Bates numbers of such documents.

Dated: Tiburon, California
        August 15, 2024

By: _____
Matthew W. Schmidt*
**SCHMIDT LAW CORPORATION**
116A Main Street
Tiburon, California 94920
Telephone:     (415) 390-6075
matt@schmidtlc.com
*Attorney for Plaintiffs*
*Admitted Pro Hac Vice

Justin M. Loveland*
Stefan Savic*
**REINHARDT SAVIC FOLEY LLP**
200 Liberty Street, 27th Floor
New York, New York 10281
Telephone: (646) 357-3238
Facsimile: (212) 710-0971
jloveland@rsf-llp.com
ssavic@rsf-llp.com
*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice

**Kyle Foltyn-Smith**

| | |
|---|---|
| **From:** | Matthew Schmidt <matt@schmidtlc.com> |
| **Sent:** | Tuesday, January 7, 2025 2:45 AM |
| **To:** | Kyle Foltyn-Smith |
| **Cc:** | Justin Loveland; Blake Bryan; London England; Jerry Hawxhurst; Ken Stone; Patrick Nichols; Jill Bindler; Stefan Savic |
| **Subject:** | RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow |

Kyle:

Thank you for your patience on my email; I'm currently traveling for another matter.

I don't agree that it has taken four months for us to correct technical issues. As this now very long email chain shows, more than a month the timeline here was that you had asked us to produce with RFP metadata, which we then did in our next production to confirm, and you informed us that you could not review the data, despite us providing them in the format that you had requested. This wasn't unrelated to the other items you raised: The checks that I agreed to do—which I think we all agree is the meat of what's at issue here—require a full review of our previous production, such that to do it twice would require twice as much time for no benefit to any party. This is shown, for instance, in my September 13 email where I express confusion at the issues that you had raised. And, when in late August I had agreed to do this review, I set aside time in September for it which I then could not do while we were resolving this issue.

As the emails also show, this wasn't resolved until mid-October, when Jill raised a solution on one of our calls. By that time, in addition to whatever else we have discussed in these chains, my planned window had passed. As this chain further shows, while I've been overly optimistic about my timing on several occasions, we've been responsible and are seeking to close this out as soon as possible. And, unfortunately, I've had a never of things over the holidays come up, including concerning my former firm (for which I'm currently traveling for a court appearances for). Now that this is hopefully almost behind me with the end of the holiday season, I am endeavoring to get this resolved as soon as possible on my end.

Best,
Matt

—
Matthew W. Schmidt
Schmidt Law Corporation
116A Main Street
Tiburon, California 94920
415.390.6075 | matt@schmidtlc.com

On Mon, Jan 06, 2025 at 12:21 AM, Matthew Schmidt <matt@schmidtlc.com> wrote:
  Kyle:

Also, I did not intend to suggest that I was ignoring the rest of your email, and I will follow up in substance by the end of Monday.

Best,
Matt


—
Matthew W. Schmidt
Schmidt Law Corporation
116A Main Street
Tiburon, California 94920
415.390.6075 | matt@schmidtlc.com


On Fri, Dec 20, 2024 at 7:00 PM, Matthew Schmidt <matt@schmidtlc.com> wrote:
Kyle:

Yes, we will of course continue to amend and supplement all productions and responses as appropriate, as am I sure you will as well—for instance if you discover additional surveillance footage.

Have a great weekend.

Best,
Matt

—
Matthew W. Schmidt
Schmidt Law Corporation
116A Main Street
Tiburon, California 94920
415.390.6075 | matt@schmidtlc.com

On Fri, Dec 20 2024 at 4:52 PM, Kyle Foltyn-Smith <kyle@hawxhurstllp.com> wrote:

Matt,


We look forward to receiving Plaintiffs' long-promised supplemental production.  However, your email yesterday described the supplemental production as containing only "corrected documents—and additional metadata that [Crow] requested—not anything of substance, which [Crow] ha[s] (beyond further checks [Crow] requested for further documents)."  Plaintiffs' supplemental document production should absolutely contain substantive materials that they have not previously produced.


Crow's October 28 letter identified more than a dozen categories of missing documents and other production issues.  For example, Plaintiffs have not produced (i) the contents of Dropbox, Onedrive and similar database

links that they sent or received; (ii) written communications such as text and social media messages between Plaintiffs; and (iii) communications with various Defendants, including Grover, Crow and Rick Hubbard. These and other materials not previously produced must be in the supplemental production.

On November 11, Plaintiffs wrote to confirm "that certain documents including those set forth in [the October 28] letter at (d)(i), (d)(ii), (d)(iii), (d)(iv), (f) have been previously produced" and that Plaintiffs "will follow up with the Bates numbers to assist." Those categories account for a small portion of the missing documents and, more than a month later, Plaintiffs have still not provided the Bates numbers for those materials that they supposedly produced.

As for the thousands of documents that Plaintiffs produced incorrectly (e.g., missing metadata, TIFF images with missing text, images not produced in native format with metadata, etc.), the nearly four months Plaintiffs have had to correct those issues was more than a reasonable amount of time to do so.

With respect to a motion to compel, Plaintiffs will recall that they did not produce a single document until after Crow filed a motion to compel. Plaintiffs then refused to commit to a date to provide corrected productions which necessitated a second motion. In her order forcing Plaintiffs' compliance, Judge Chestney specifically noted that she "expects Plaintiffs to act with reasonable diligence." Plaintiffs have not done so here. We will file a motion on **January 6** if we have not received a complete supplemental production with RFP identifications before that date.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

**From:** Kyle Foltyn-Smith
**Sent:** Monday, December 16, 2024 12:16 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Justin Loveland <jloveland@rsf-llp.com>; Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

I am again following up on the status of Plaintiffs' promised supplemental production.  Please advise on the status of the supplemental production and when we will receive it.

We have been very patient but will have to move to compel if we do not receive it soon.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

**From:** Kyle Foltyn-Smith
**Sent:** Monday, December 9, 2024 4:59 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>

**Cc:** Justin Loveland <jloveland@rsf-llp.com>; Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

Please advise on the status of the Plaintiffs' supplemental production and when we will receive it.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Friday, December 6, 2024 10:43 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Justin Loveland <jloveland@rsf-llp.com>; Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Thank you for checking in. I have been catching up on everything after my appellate filing and the other items I mentioned, and will follow up as soon as I can.


Let me confirm with my team on the AdventHealth and get back to you on that hopefully later today.


Best,

Matt


—

Matthew W. Schmidt

Schmidt Law Corporation

116A Main Street

Tiburon, California 94920

415.390.6075 | matt@schmidtlc.com



On Fri, Dec 06, 2024 at 8:39 AM, Kyle Foltyn-Smith <kyle@hawxhurstllp.com> wrote:

Matt,


Checking in on this. Now that your appeal briefing is done, please confirm when Plaintiffs will make their supplemental production. It is long past due.


Also, do you have an update regarding the situation with AdventHealth explained in my 11/29 email? We requested confirmation that Ms. Goedinghaus correctly identified AdventHealth in her interrogatory responses. And, if so, identification of approximately when she received treatment from AdventHealth and what she was treated for. If Ms. Goedinghaus is aware of any reason for why AdventHealth would not have records for her, we would like that information as well.

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Kyle Foltyn-Smith
**Sent:** Tuesday, December 3, 2024 10:23 AM
**To:** Justin Loveland <jloveland@rsf-llp.com>; Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Justin,

Confirming receipt. As noted, I am sending a copy of the ID to Texas Health and Human Services so that they will provide Ms. Hubbard's Medicaid records.

Thank you,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Justin Loveland <jloveland@rsf-llp.com>
**Sent:** Tuesday, December 3, 2024 10:05 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle,

Please find attached a copy of Julia Hubbard's drivers license. This is to be treated as if designated as confidential under the protective order; if you need additional formalities in a response to that effect, please let us know.

Thanks,

Justin

**Justin M. Loveland | Associate**

**Reinhardt Savic Foley LLP**
New York: 200 Liberty Street, 27th Floor, New York, NY 10281

Direct: +1.646.357.3237 | Office: +1.212.710.0970

jloveland@rsf-llp.com | www.rsf-llp.com | Bio

New York  |  London   |  Denver  |  Stuttgart

NOTICE: This message (and any attachments) contains information that is confidential, privileged and/or protected from disclosure under applicable law and is intended for the exclusive use of the party named on the message. If you are not the intended recipient, disclosure, copying, use or distribution of the information included in this message (and any attachments) is not authorized and may be unlawful. If you have received this document in error, please notify the sender immediately by return email and then destroy the original and any electronic or paper copy of this message. The content of this email does not create an attorney-client relationship and the recipient of this email should not rely solely upon the information provided herein.
TAX ADVICE DISCLAIMER: Please be aware that any advice contained in this email or any attachment hereto is not intended to be used, and cannot be used, either (a) for purposes of avoiding penalties imposed under the Internal Revenue Code, or (b) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, December 3, 2024 6:34 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe. _____

Kyle:

Giving some more color, what I said was that I expected to be able to do our updated production early last week—shortly after we spoke, an emergency arose with former clients with a pending Second Circuit appeal who had lost expected representation when my previous firm dissolved. Not to get too into the weeds, but they required immediate assistance, taking the time I had allocated to discovery here and I have a separate Ninth Circuit Appeal brief going in this Wednesday. I will follow up with the remaining items as soon as I am able so that we can put a line under this and move on other remaining items on wash side

I was able to speak with Justin today, and he does have the driver's license will follow up on that; we are speaking again tomorrow as well and he shall follow up, and I shall after as well.

Best,

Matt

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Monday, December 2, 2024 3:33 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Thank you for the email. Justin will follow up regarding the driver's license. I have been dealing with some unexpected issues through this weekend and before, but will update you further by the end of Monday.

Best,

Matt

—

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Friday, November 29, 2024 7:55:41 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Justin Loveland <jloveland@rsf-llp.com>

**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt and Justin,

We have not received Plaintiffs' promised production. Based on our 11/18 call, we were expecting a production earlier this week containing the new documents, corrected documents (e.g., Instagram / Facebook conversations that were cutoff), and a metadata overlay for materials that were missing metadata and an overlay with RFP identifiers. Please advise on the status of the production and when we will receive it.

Also, we still need a copy of Ms. Hubbard's current driver's license (front and back) for Texas Health and Human Services before they will provide her Medicaid records. Please send that early next week. We need to send that to THHS before they close the request file.

On another note, we sent AdventHealth a subpoena for medical records because Ms. Goedinghaus specifically identified them when asked to identify providers who have treated her. (KG's Resp. to ROG 3.) AdventHealth reported that they did not have any records concerning her. Their records go back to at least 2006. Please confirm with Ms. Goedinghaus that AdventHealth was correctly identified in her responses. If it was, please identify approximately when she received treatment from AdventHealth and what she was treated for. If she Ms. Goedinghaus is aware of any reason for why AdventHealth would not have records for her, we would like that information as well.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

[www.hawxhurstllp.com](www.hawxhurstllp.com)

---

**From:** Matthew Schmidt <[matt@schmidtlc.com](mailto:matt@schmidtlc.com)>
**Sent:** Friday, November 22, 2024 6:12 PM
**To:** Kyle Foltyn-Smith <[kyle@hawxhurstllp.com](mailto:kyle@hawxhurstllp.com)>
**Cc:** Blake Bryan <[bbryan@grayreed.com](mailto:bbryan@grayreed.com)>; London England <[lengland@grayreed.com](mailto:lengland@grayreed.com)>; Jerry Hawxhurst <[jerry@hawxhurstllp.com](mailto:jerry@hawxhurstllp.com)>; Justin Loveland <[jloveland@rsf-llp.com](mailto:jloveland@rsf-llp.com)>; Ken Stone <[kstone@grayreed.com](mailto:kstone@grayreed.com)>; Patrick Nichols <[pat@hawxhurstllp.com](mailto:pat@hawxhurstllp.com)>; Jill Bindler <[jbindler@grayreed.com](mailto:jbindler@grayreed.com)>; Stefan Savic <[ssavic@rsf-llp.com](mailto:ssavic@rsf-llp.com)>
**Subject:** RE: Hubbard v. Crow – Pltfs' Doc Productions to Crow

Kyle,

Thank you and that seems appropriate to me as well.

I recall Justin has a filing today so may be underwater but he will follow up on your other email.

Best,

—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

[matt@schmidtlc.com](mailto:matt@schmidtlc.com)

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Friday, November 22, 2024 2:29 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

We can note that Plaintiffs believe five months is appropriate.  Because Plaintiffs have a slightly different position than us, I think we'll structure it like the last motion where we filed it as a defendants' joint motion and simply note Plaintiffs' position for the Court.  We plan to file it next week.

With respect to our supplemental responses discussed on the call, London is following up on those early next week and is still planning to send them.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Thursday, November 21, 2024 2:48 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Thank you for the Monday call. Circling back as promised, we do consent to the extension request, and—while you did convince us on the call that seeking more than three months (which we were originally going to propose) is appropriate, we think that five months would be appropriate—but that is close enough to your proposal that I think appropriate to simply note that we believe five months is appropriate. Let me know if helpful to discuss anything further.

Best,

Matt

---

**From:** Matthew Schmidt
**Sent:** Monday, November 18, 2024 10:42 AM
**To:** Justin Loveland <jloveland@rsf-llp.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

All:

I've confirmed the prior dial in will work for our call at 2:30 pm PT/4:30 pm CT/5:30 pm ET. Talk then.

**Phone:** +1 (669) 900-6833
**Meeting ID:** 893 2631 6647
**Passcode:** 006981

**One-Tap Mobile:**
+16699006833,,89326316647#,,,,*006981#


Best,

Matt

—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Justin Loveland <jloveland@rsf-llp.com>
**Sent:** Monday, November 18, 2024 9:07 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow


All,


That time is fine. Talk to you then.


All the best,


Justin

**Justin M. Loveland** | Associate

**Reinhardt Savic Foley** LLP
New York: 200 Liberty Street, 27th Floor, New York, NY 10281

Direct: +1.646.357.3237 | Office: +1.212.710.0970

jloveland@rsf-llp.com | www.rsf-llp.com | Bio

New York | London | Denver | Stuttgart

NOTICE: This message (and any attachments) contains information that is confidential, privileged and/or protected from disclosure under applicable law and is intended for the exclusive use of the party named on the message. If you are not the intended recipient, disclosure, copying, use or distribution of the information included in this message (and any attachments) is not authorized and may be unlawful. If you have received this document in error, please notify the sender immediately by return email and then destroy the original and any electronic or paper copy of this message. The content of this email does not create an attorney-client relationship and the recipient of this email should not rely solely upon the information provided herein.
TAX ADVICE DISCLAIMER: Please be aware that any advice contained in this email or any attachment hereto is not intended to be used, and cannot be used, either (a) for purposes of avoiding penalties imposed under the Internal Revenue Code, or (b) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Monday, November 18, 2024 12:01 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe. _____

Kyle, that works for me (assuming still works for Justin). I will confirm the dial in, I may need to recirculate.

—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Monday, November 18, 2024 7:48:09 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

Let's do today's call at 4:30 pm CT (2:30 pm PT).  Please confirm that time works.  We plan to use the same dial-in details that you circulated last week.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Thursday, November 14, 2024 9:15 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Thank you for being flexible. I think a joint motion makes sense—without necessarily agreeing or disagreeing on specifics of contents yet—so let's add that to the agenda for our call? We actually we were having the same discussions on our end, and were planning to follow up soon concerning deposition schedule, but wanted to make sure we were on track to resolve outstanding discovery so we didn't run up against a wall there.

Best,

Matt

—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Thursday, November 14, 2024 1:24 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Justin Loveland <jloveland@rsf-llp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt and Justin,


We can roll the call to Monday.  Our team is available from 4:00 pm CT onward that day.  Also, we think the parties should file a joint motion to continue the upcoming expert, discovery, and dispositive motion deadlines by six months.  (<u>See</u> Scheduling Order (Dkt. 319).)  The joint motion will update the court on the state of discovery, what discovery is still needed, and the status of various parties to show good cause for the modification.  Please let us know your thoughts and whether Plaintiffs agree to that approach.


Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

<u>www.hawxhurstllp.com</u>

---

**From:** Matthew Schmidt <<u>matt@schmidtlc.com</u>>
**Sent:** Thursday, November 14, 2024 12:57 PM
**To:** Justin Loveland <<u>jloveland@rsf-llp.com</u>>; Kyle Foltyn-Smith <<u>kyle@hawxhurstllp.com</u>>
**Cc:** Blake Bryan <<u>bbryan@grayreed.com</u>>; London England <<u>lengland@grayreed.com</u>>; Jerry Hawxhurst <<u>jerry@hawxhurstllp.com</u>>; Ken Stone <<u>kstone@grayreed.com</u>>; Patrick Nichols <<u>pat@hawxhurstllp.com</u>>; Jill Bindler <<u>jbindler@grayreed.com</u>>; Stefan Savic <<u>ssavic@rsf-llp.com</u>>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Kyle:

I'm sorry for the late change, but we do need Justin on the call for this to be productive—he is most familiar with the issues concerning your productions which we are discussing, and actually him and his colleagues are resolving the issues I've had with  our production as well, so while we all want to get this wrapped up, I do need our team to be available.


Best,

Matt


—


Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Justin Loveland <jloveland@rsf-llp.com>
**Sent:** Thursday, November 14, 2024 10:53 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Kyle,


Apologies for the late email, but I have had a conflict arise on my end today and wanted to see if we could reschedule this call. Are you and your team available on Monday afternoon after 3pm CT?

Thanks,


Justin


**Justin M. Loveland | Associate**

**Reinhardt Savic Foley** LLP
New York: 200 Liberty Street, 27th Floor, New York, NY 10281

Direct: +1.646.357.3237 | Office: +1.212.710.0970

jloveland@rsf-llp.com | www.rsf-llp.com | Bio

New York | London  | Denver | Stuttgart


NOTICE: This message (and any attachments) contains information that is confidential, privileged and/or protected from disclosure under applicable law and is intended for the exclusive use of the party named on the message. If you are not the intended recipient, disclosure, copying, use or distribution of the information included in this message (and any attachments) is not authorized and may be unlawful. If you have received this document in error, please notify the sender immediately by return email and then destroy the original and any electronic or paper copy of this message. The content of this email does not create an attorney-client relationship and the recipient of this email should not rely solely upon the information provided herein.
TAX ADVICE DISCLAIMER: Please be aware that any advice contained in this email or any attachment hereto is not intended to be used, and cannot be used, either (a) for purposes of avoiding tax penalties imposed under the Internal Revenue Code, or (b) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Wednesday, November 13, 2024 1:36 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow


[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe. _____

Thanks Kyle; talk then.



—

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Wednesday, November 13, 2024 9:09:36 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst
<jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill
Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Matt,


That's fine.  We can use that dial-in that you sent.


_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, November 12, 2024 9:30 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

That time works for me, although I'd suggest my dial-in, below. There was some sort of connection issue last time on the Teams we used.

**Phone:** +1 (669) 900-6833
**Meeting ID:** 893 2631 6647
**Passcode:** 006981
**One-Tap Mobile:** +16699006833,,89326316647#,,,,*006981#

Best,

Matt

—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Tuesday, November 12, 2024 3:39 PM
**To:** Justin Loveland <jloveland@rsf-llp.com>; Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt and Justin,

We can do a call at 3:30 pm CT this Thursday.  If that works, I'll circulate a MS Teams invite.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

**From:** Justin Loveland <jloveland@rsf-llp.com>
**Sent:** Tuesday, November 12, 2024 7:50 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

All,

I can be available Thursday afternoon between 1-5pm ET.

Thanks,

Justin

**Justin M. Loveland | Associate**

**Reinhardt Savic Foley LLP**
New York: 200 Liberty Street, 27th Floor, New York, NY 10281

Direct: +1.646.357.3237 | Office: +1.212.710.0970

jloveland@rsf-llp.com | www.rsf-llp.com | Bio

New York | London | Denver | Stuttgart

NOTICE: This message (and any attachments) contains information that is confidential, privileged and/or protected from disclosure under applicable law and is intended for the exclusive use of the party named on the message. If you are not the intended recipient, disclosure, copying, use or distribution of the information included in this message (and any attachments) is not authorized and may be unlawful. If you have received this document in error, please notify the sender immediately by return email and then destroy the original and any electronic or paper copy of this message. The content of this email does not create an attorney-client relationship and the recipient of this email should not rely solely upon the information provided herein.
TAX ADVICE DISCLAIMER: Please be aware that any advice contained in this email or any attachment hereto is not intended to be used, and cannot be used, either (a) for purposes of avoiding penalties imposed under the Internal Revenue Code, or (b) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, November 12, 2024 5:06 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe. _____

Kyle:

It is not resolved, but hopefully in the next day or so in advance of our call. Also, to your question concerning phone imaging methods—which I realized I had not previously included—we used the program iMazing for iPhone imaging, and the program Droid Transfer for the Android phones to extract images. We can memorialize this in a letter along with further details on the extraction.

On the call, Thursday afternoon sounds good to me, let me check with Justin on his availability and he or I will follow up, but if there is a preferred time on your end please let us know and I can circulate a dial in. I currently tentatively have another call at 1:00 pm PT/2:00 pm CT/4:00 pm ET, but am otherwise free.

Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Monday, November 11, 2024 6:57 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

Was the technical issue holding up the production resolved?

Thursday afternoon may be best for us for a call. We will confirm tomorrow whether we have other availability this week.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Monday, November 11, 2024 5:12 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle and Jerry:

While I will follow up further Monday and look forward to having your availability so we can have our call this week, if it helps with your review, we are also confirming that certain documents including those set forth in your letter at (d)(i), (d)(ii), (d)(iii), (d)(iv), (f) have been previously produced. We will follow up with the Bates numbers to assist.

Best,

Matt

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Saturday, November 9, 2024 10:06 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle and Jerry:

As I mentioned to Kyle yesterday, we had not heard back regarding a call, and unless you are agreeing to our points without further argument (which I won't object to out we would need confirmation of), we will need a call. We can be flexible early next week, but I suggest Tuesday afternoon or Wednesday morning. Let me know.

Concerning documents, I am having a technical issue but will be following up further tomorrow.

Best,

Matt

—

 SCHMIDT
LAW CORPORATION

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Matthew Schmidt
**Sent:** Friday, November 1, 2024 10:22:45 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle and Jerry:


Please see the attached letter in response. We look forward to your responses in relevant part.


Best,

Matt

---

**From:** Matthew Schmidt
**Sent:** Friday, November 1, 2024 12:47 AM
**To:** 'Kyle Foltyn-Smith' <kyle@hawxhurstllp.com>; 'Jerry Hawxhurst' <jerry@hawxhurstllp.com>
**Cc:** 'Blake Bryan' <bbryan@grayreed.com>; 'London England' <lengland@grayreed.com>; 'Justin Loveland' <jloveland@rsf-llp.com>; 'Ken Stone' <kstone@grayreed.com>; 'Patrick Nichols' <pat@hawxhurstllp.com>; 'Jill Bindler' <jbindler@grayreed.com>; 'Stefan Savic' <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Kyle:


To clarify and correct a typo: "productions," not productions.


Best,

Matt

---

**From:** Matthew Schmidt
**Sent:** Friday, November 1, 2024 12:44 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:


Thank you for the question. We'll be getting the letter over Friday, and that will have the projection of any further projections. We can of course then discuss further as needed after you have that if you have further questions.


Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Wednesday, October 30, 2024 8:05 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Matt,


Thank you for the update.  Will Plaintiffs be producing materials tomorrow as well?


_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Wednesday, October 30, 2024 9:57 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Kyle and Jerry:


Just to update on our timing here, we are still preparing our response letter—among other things, Justin had a summary judgment brief and is currently traveling—we hope to have the response letter to you tomorrow.


Best,

Matt




—



Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

31

**From:** Matthew Schmidt
**Sent:** Tuesday, October 29, 2024 3:32:58 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Justin Loveland
<jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler
<jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle and Jerry:

Thank you for the letter. We are preparing a response letter.

Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Monday, October 28, 2024 2:14 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Justin Loveland <jloveland@rsf-llp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Ken Stone
<kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan
Savic <ssavic@rsf-llp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt and Justin,

Attached please find our correspondence to Plaintiffs regarding the parties' document productions.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Wednesday, October 16, 2024 5:24 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

I'm still confirming a timeframe on my end, but will update you as soon as I have it, hopefully quite soon and then we can hopefully finalize the remaining items

I will add, that while Justin will raise this further in his discussions with London, I am troubled by the lack of reciprocity here. We've made many significant productions, have been very accommodating with all further requests—even when, as here, we were not given a clear request and still sought to work with you—and even now we are being stonewalled on simple requests. Again, Justin will follow up further in response to London's email, but this does go to proportionality, at a minimum.

Best,

Matt

---

**From:** Matthew Schmidt
**Sent:** Tuesday, October 15, 2024 10:41 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>

**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Again, these are not our "Plaintiff' technical difficulties"—I agreed to a specific procedure with you, with I followed, and then you asked for something different which we then spent weeks discussing. I will follow up further by the end of Tuesday.

Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Friday, October 11, 2024 1:42 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

Again, Plaintiffs' technical difficulties with providing RFP identifications is an isolated issue. We're glad that issue seems to have been resolved, but it was never an excuse for Plaintiffs to delay providing other information and producing responsive materials. For example, RFP identifications have nothing to do with the missing metadata for 1,100+ documents. We're entitled to an explanation why the metadata was missing and a supplemental production of the metadata. Other things simply require Plaintiffs to confirm that they did what they were supposed to do from the get-go (e.g., confirm that all responsive communications have been located and produced).

Once again, if Plaintiffs require additional time to address specific issues, let us know what they are and why. Plaintiffs' ongoing and indefinite delays cannot continue.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Friday, October 11, 2024 3:04 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

I was surprised by your email as we discussed this on our meet on confer call on Tuesday concerning your client's productions. I don't think that you spoke on the call—I dialed in and was experiencing some interference, once your team joined, which was fine as Justin was running the call, but Jill and I discussed this at the end of the call, and I understand you were on the call.

As I said on the call, I had written to you with several questions of September 25 concerning the RFP identification. Despite you having presented this to me when you initially raised it as a simple export that you had looked into, when I tested it in my previous production, you claimed that you couldn't load it. I then had numerous discussions with my team at Disco, which prompted the discussion you and I had via email (as the issue appeared more complicated than you presented), which then lead to

my questions on September 25, which you still haven't responded to—I figure that you were still looking into it to get back to me. Had what you initially presented to me what you were asking for (and what I agreed to) worked, this would have been resolved a month ago shortly after our test production.

As I think you heard at the end of the call, Jill it seems has solved the issue on your productions by doing this a different way, including, rather than having separate tags for each RFP, a single RFP tag with a number field. I understand this is how you tested it, which may explain why you could not load the previous data that we produced but worked when you did that method on your internal tests. (And, had you explained this after I initially raised it, we also would have resolved this weeks ago.)

As I also explained on the call, I expected that the RFP tags would involve a full re-review of our production, which especially will be the case if we do the adjustment of the tagging to the single tag, and the other things we are addressing will require the same, so I did not agree to do multiple reviews of the database due to the issue with how you received our tagging output your requested.

I think that Jill's solution will allow this to then go forward, but I've had unrelated items I've needed to address the past few days—I will update you further by the end of the weekend.

Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Tuesday, October 8, 2024 2:55 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

We have still never heard from Plaintiffs regarding when they will comply with the discovery issues that we identified. Nor have we received Plaintiffs' corrected and further productions. The outstanding discovery issues include the following:

i.    An update and explanation regarding missing metadata for 1,100+ documents;

ii.   A new production to correct the readability issues with TIFF images for Facebook and Instagram messages;

iii.  Production of responsive social media posts, comments, likes, etc.;

iv.   Confirmation whether all social media was searched (e.g., Facebook, tiktok, LinkedIn, X/Twitter, Myspace, etc.) and a new production of such materials if previously omitted;

v.    Production of missing communications, such as the Grover and Rick messages that we discussed on the call last month, and confirmation that all responsive communications have been located and produced; and

vi.   Production of responsive photos/images and videos because it appears only a small number were produced.

These are things that we have been requesting since the end of August, discussed on the parties' September 4 call, and repeatedly inquired about over the last month.  Based on the parties' call today, we believe that any technical issue with Plaintiffs' RFP identifications should be resolved going forward.  Regardless, that issue is not cause for Plaintiffs to delay providing other information and producing responsive materials.

Plaintiffs must begin producing corrected and additional materials by this Friday.  If Plaintiffs require additional time to address specific issues, let us know what they are and why.  Again, considering Plaintiffs' delay in resolving these discovery issues and the current deadlines in the case, we must seek the magistrate judge's assistance next week if these issues are not promptly resolved.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Thursday, September 26, 2024 3:39 PM
**To:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Ken Stone <kstone@grayreed.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Thank you, Jerry, I agree.

---

**From:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Sent:** Thursday, September 26, 2024 1:39 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Ken Stone <kstone@grayreed.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

The record will speak for itself.

_____

Gerald E. Hawxhurst

Hawxhurstllp

11111 Santa Monica Blvd., Sixth Floor

Los Angeles, CA 90002

Direct: (310) 893-5151

Cell: (310) 293-2233

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Date:** Thursday, September 26, 2024 at 3:34 PM
**To:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>, London England <lengland@grayreed.com>, Ken Stone <kstone@grayreed.com>, Kyle Foltyn-Smith <kyle@hawxhurstllp.com>, Patrick Nichols <pat@hawxhurstllp.com>, Jill Bindler <jbindler@grayreed.com>, Stefan Savic <ssavic@rsf-llp.com>, Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Jerry:

That (and Kyle's similar comment the other day) is not called for. Plaintiffs have produced literally more than an order of magnitude more discovery than Defendants in this action—counting only the latest production under the HUBBARD2 and GOEDINGHAUS2 Bates numbers (so not counting the significant time that we spent doing our initial productions before re-producing documents for Defendants' convenience), we've produced more than 20,600 pages of documents, against, by my count, 469 pages for Mr. Crow. Adding other Defendants, including those subsequently dismissed, I believe puts Defendants' count at about 590 pages, or a little under 3% of our production volume. And that raw page count of course doesn't account for the HIPAA releases, the various platforms searched over years, and additional tasks that we've been happy to do to make Defendants' review of our documents easier, such as readily identifying by RFP even where Defendants' requests are duplicative and overlapping. And, currently, readily agreeing to work with those in a form in which you can load into the review platform even though there appears to be confusion how to do that.

I'll let Justin and Kyle continue to discussing the HIPAA forms, but nothing there specifically is foot-dragging either: we've provided the compliant HIPAA forms and have no reason to believe that any of them will be rejected, and Justin readily agreed to coordinate with any providers who do raise any

issue. If anything is a waste of time in that respect, it is spending time designing procedures for the speculative hypothetical that they will be rejected.


Best,

Matt

---

**From:** Jerry Hawxhurst <jerry@hawxhurstllp.com>
**Sent:** Thursday, September 26, 2024 1:00 PM
**To:** Justin Loveland <jloveland@rsf-llp.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Justin:

Thanks for adding to the paper trail of plaintiffs' discovery foot-dragging.


-Jerry


_____

Gerald E. Hawxhurst

Hawxhurstllp

11111 Santa Monica Blvd., Sixth Floor

Los Angeles, CA 90002

Direct: (310) 893-5151

Cell: (310) 293-2233

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Justin Loveland <jloveland@rsf-llp.com>
**Date:** Thursday, September 26, 2024 at 2:54 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>, Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>, London England <lengland@grayreed.com>, Jerry Hawxhurst <jerry@hawxhurstllp.com>, Ken Stone <kstone@grayreed.com>, Patrick Nichols <pat@hawxhurstllp.com>, Jill Bindler <jbindler@grayreed.com>, Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle,


We respectfully disagree and do not consent to any set deadlines for Plaintiffs to respond to a discovery issue which frankly is not ripe and is speculative at this time. As I have stated, we fully intend to work with you to resolve any future issues that providers may have with these forms. Setting any kind of firm deadline at this stage is not yet called for and thus unreasonable. I also disagree with your characterization that it is Plaintiffs' *obligation* to deal with reluctant providers; while I have *offered* to do so, Defendants have failed to provide any authority demonstrating such an obligation — let alone that Plaintiffs have failed to comply with it.


Thank you for providing a case; however, it is certainly easily distinguishable as here we are not yet dealing with any disputed subpoena issue, Plaintiffs have not refused to comply (let alone filed a motion to quash) with any subpoenas or taken issue with any providers requested by Defendants, and in that case the main issue was not even timeliness but rather the scope of the subpoenas and information sought.

Again, Plaintiffs agree with the process you have described, minus any set timelines for responses or immediate revisions on our end — with the expectation that same will be given promptly and not withheld unreasonably. Please go forward with the records requests and let us know of any issues.

All the best,

Justin

**Justin M. Loveland | Associate**

**Reinhardt Savic Foley LLP**
New York: 200 Liberty Street, 27th Floor, New York, NY 10281

Direct: +1.646.357.3237 | Office: +1.212.710.0970

jloveland@rsf-llp.com | www.rsf-llp.com | Bio

New York  |  London  |  Denver  |  Stuttgart

NOTICE: This message (and any attachments) contains information that is confidential, privileged and/or protected from disclosure under applicable law and is intended for the exclusive use of the party named on the message. If you are not the intended recipient, disclosure, copying, use or distribution of the information included in this message (and any attachments) is not authorized and may be unlawful. If you have received this document in error, please notify the sender immediately by return email and then destroy the original and any electronic or paper copy of this message. The content of this email does not create an attorney-client relationship and the recipient of this email should not rely solely upon the information provided herein.
TAX ADVICE DISCLAIMER: Please be aware that any advice contained in this email or any attachment hereto is not intended to be used, and cannot be used, either (a) for purposes of avoiding penalties imposed under the Internal Revenue Code, or (b) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Wednesday, September 25, 2024 5:20 PM
**To:** Justin Loveland <jloveland@rsf-llp.com>; Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe. _____

Justin,

Considering the discovery schedule and the amount of time it may take providers to comply, a set deadline for Plaintiffs to fulfill their obligations here is necessary.  Ongoing delays with discovery in this case are already making it likely that the parties will need to request a continuance from the Court.  We think three business days is eminently reasonable for Plaintiffs to sign a simple form that they are already familiar with.  We can do five calendar days instead if Plaintiffs prefer, as that is a timeframe Texas courts will compel for authorizations.  See, e.g., Cummins v. Lollar, 2015 WL 12731746, at *2 (N.D. Tex. Jan. 5, 2015) (ordering plaintiff to provide signed medical record authorizations "within five days" of receiving the form).

We understand Plaintiffs' position that any compliant form "should suffice."  However, as explained yesterday, Ken has a long history of representing medical providers in Texas and believes the NY form may unduly complicate things and cause delays that are easily avoidable.  That is why we proposed that for additional providers Plaintiffs use the form that we served on Plaintiffs months ago and know will be complied with without pushback by Texas providers.  It is no burden for Plaintiffs to sign that form going forward in place of the NY form, and we see no reason for further use of the NY form in this case when no parties or providers are located there.

With the change from three business days to five calendar days, will Plaintiffs agree to our proposal?

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Justin Loveland <jloveland@rsf-llp.com>
**Sent:** Wednesday, September 25, 2024 11:12 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill

Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle,

Just to quickly turn back to the HIPAA discussion and hopefully close that out: as to your first point, we of course are not trying to cause or contribute to problems or hiccups. But my point — which is in line with Plaintiffs' lack of objection to your forms — is that any form should suffice, so this should hopefully be a non-issue for you as it has been for us. Preparing more and more forms simply because a Defendant does not like the format is not a constructive use of time for anyone.

The process you describe is essentially that which I am also accustomed to, except for the firm timelines. We cannot agree to firm 3-day deadlines or response times as that is not reasonable. For responding to providers, we agree to work with you and respond to providers as necessary, as soon as we are able. Again, we do not want to contribute to delays — all have an interest in receiving these records — but a 3-day timeline is unreasonably restrictive, especially given the practical reality that these requests can take months.

For any additional providers, again we do not agree to the firm 3-day deadlines. Recall that a demand for authorizations is a discovery demand; please correct me if you think otherwise, but I am aware of no jurisdiction that would force a response within 3 days as a rule. Again, if there is any specific discovery rule Defendant is invoking here or believe we are refusing to comply with, please let us know. Instead, once Plaintiffs receive a demand for authorizations by Defendants, we will provide the same promptly, as soon as we are able. To be clear, we do not agree that we have any obligation to provide you with a blank HIPAA form.

We believe that this arrangement is reasonable and mutually beneficial. Please let me know any further thoughts or whether Defendants agree.

Thanks,

Justin

**Justin M. Loveland | Associate**

**Reinhardt Savic Foley LLP**
New York: 200 Liberty Street, 27th Floor, New York, NY 10281

Direct: +1.646.357.3237 | Office: +1.212.710.0970

jloveland@rsf-llp.com | www.rsf-llp.com | Bio

New York  |  London   |  Denver  |  Stuttgart

NOTICE: This message (and any attachments) contains information that is confidential, privileged and/or protected from disclosure under applicable law and is intended for the exclusive use of the party named on the message. If you are not the intended recipient, disclosure, copying, use or distribution of the information included in this message (and any attachments) is not authorized and may be unlawful. If you have received this document in error, please notify the sender immediately by return email and then destroy the original and any electronic or paper copy of this message. The content of this email does not create an attorney-client relationship and the recipient of this email should not rely solely upon the information provided herein.
TAX ADVICE DISCLAIMER: Please be aware that any advice contained in this email or any attachment hereto is not intended to be used, and cannot be used, either (a) for purposes of avoiding penalties imposed under the Internal Revenue Code, or (b) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Wednesday, September 25, 2024 2:34 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe. _____

Matt,

Attached are the files that I was referring to from the GOEDINGHAUS2-0006989-GOEDINGHAUS2-0007035 production.  The tag data in the Excel spreadsheet is at columns AU to BG and rows 2 through 29.

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

[www.hawxhurstllp.com](http://www.hawxhurstllp.com)

---

**From:** Matthew Schmidt <[matt@schmidtlc.com](mailto:matt@schmidtlc.com)>
**Sent:** Wednesday, September 25, 2024 1:28 AM
**To:** Kyle Foltyn-Smith <[kyle@hawxhurstllp.com](mailto:kyle@hawxhurstllp.com)>
**Cc:** Blake Bryan <[bbryan@grayreed.com](mailto:bbryan@grayreed.com)>; London England <[lengland@grayreed.com](mailto:lengland@grayreed.com)>; Jerry Hawxhurst <[jerry@hawxhurstllp.com](mailto:jerry@hawxhurstllp.com)>; Ken Stone <[kstone@grayreed.com](mailto:kstone@grayreed.com)>; Patrick Nichols <[pat@hawxhurstllp.com](mailto:pat@hawxhurstllp.com)>; Jill Bindler <[jbindler@grayreed.com](mailto:jbindler@grayreed.com)>; Justin Loveland <[jloveland@rsf-llp.com](mailto:jloveland@rsf-llp.com)>; Stefan Savic <[ssavic@rsf-llp.com](mailto:ssavic@rsf-llp.com)>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Thanks Kyle. I'm still not quite sure what you mean by the Excel spreadsheet, but let me see what I can figure out for alternative output formats. I suspect the issue is that the fields don't import into Disco to avoid potential conflicts (as, e.g., if i sent you metadata fields with responsiveness fields that could cause an issue).

—

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

[matt@schmidtlc.com](mailto:matt@schmidtlc.com)

---

**From:** Kyle Foltyn-Smith <[kyle@hawxhurstllp.com](mailto:kyle@hawxhurstllp.com)>
**Sent:** Tuesday, September 24, 2024 11:11:15 PM
**To:** Matthew Schmidt <[matt@schmidtlc.com](mailto:matt@schmidtlc.com)>
**Cc:** Blake Bryan <[bbryan@grayreed.com](mailto:bbryan@grayreed.com)>; London England <[lengland@grayreed.com](mailto:lengland@grayreed.com)>; Jerry Hawxhurst <[jerry@hawxhurstllp.com](mailto:jerry@hawxhurstllp.com)>; Ken Stone <[kstone@grayreed.com](mailto:kstone@grayreed.com)>; Patrick Nichols <[pat@hawxhurstllp.com](mailto:pat@hawxhurstllp.com)>; Jill Bindler <[jbindler@grayreed.com](mailto:jbindler@grayreed.com)>; Justin Loveland <[jloveland@rsf-llp.com](mailto:jloveland@rsf-llp.com)>; Stefan Savic <[ssavic@rsf-llp.com](mailto:ssavic@rsf-llp.com)>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

Correct.  For the RFP identifications, the produced dat file includes the RFP tag headings but not the actual tagging information that conveys for each document which RFP it is responsive to.  Instead, that information was only found in the Excel spreadsheet.  Our team manually constructed an overlay from the Excel spreadsheet this time, but doing so for a larger set of files would be burdensome.

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Wednesday, September 25, 2024 1:05 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

I will let Justin continue responding concerning the HIPAA, but I wanted to confirm a point on the RFD identification issue—am I correct that you still have not been able to load in the format that we previously produced? I want to make sure I'm not causing needless confusion as I discuss with my Disco team.


Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Tuesday, September 24, 2024 7:05 PM
**To:** Justin Loveland <jloveland@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Justin,


We are trying to avoid problems at the outset and further delay. Other than the fact that they already signed the NY forms, we do not understand Plaintiffs' resistance to using the authorization forms that we provided. Plaintiffs did not object to the format of those authorizations when we originally served them and have not identified any problems with them throughout this discussion. (See Pltfs' Resp. to RFP 52.)


In the interest of moving the case forward, we propose the following:


1. We will use the signed forms that Plaintiffs provided. If any of them are rejected, Plaintiffs and/or their counsel will contact the providers immediately to address their concerns and, if necessary, provide new authorizations in a conforming format within three business days.


2. For any additional provider that we want information from, Plaintiffs will send us a signed version of the authorization form that we sent that identifies the provider. Once we identify an additional provider, Plaintiffs will provide the signed authorization form for the provider within three business days. If Plaintiffs do not meet that deadline, then Plaintiffs will provide signed blank forms for our use going forward.

We believe this proposal addresses any concerns that Plaintiffs may have and provides clear directions moving forward.  Please let us know whether Plaintiffs agree to this proposal so we may proceed.


Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Justin Loveland <jloveland@rsf-llp.com>
**Sent:** Tuesday, September 24, 2024 3:07 PM
**To:** Ken Stone <kstone@grayreed.com>; Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Ken,


Respectfully, we are not able to keep sending differently formatted HIPAA-compliant releases based on a belief that ours will not be accepted by a given provider. I used to be a personal injury attorney on both plaintiff and defense sides, and I also represented healthcare facilities and dealt with a wide variety of providers. As I am sure you are aware, a healthcare provider in any state cannot legally refuse a HIPAA-compliant request for medical records given that HIPAA clearly preempts state law. *See, e.g.*, 22 Tex. Admin. Code § 165.2.

While I don't doubt that PI litigation may vary across states, it was the practice for me and every attorney I worked with, across different jurisdictions, that defendants would send a list of providers they needed authorizations for and the plaintiffs would send batches of authorizations when needed and specified. No one exchanged blank HIPAA forms. During our last call, I also recall Kyle specifically stated that Defendants are not seeking "carte blanche" to go after any and all providers they want. While we do not intend to limit or deny any requests for authorizations, there are still privacy and relevance concerns inherent when dealing with sensitive medical information. If and when Defendants discover a new provider they need records from, we should be able to get you a new release pretty quickly.

More to the point, the concern over whether Texas providers *may* refuse these requests is at this juncture speculative and, based on our own experience, has not yet been the case. None of these same providers have to date refused our requests, using these same forms.

That said, please do feel free to include a sentence in your cover letter to providers reminding them of the requirement to produce full records even with a "New York" HIPAA form. Along those lines, Defendants will of course also need a certification page or affidavit for each set of records pursuant to Fed. R. Evid. 902 (and Rule 803(6)(d)). If any providers reject your requests, I would be happy to jump on the phone with them to hear why and to help push the requests.

Otherwise, if you still disagree, kindly point me towards the exact discovery rule you are referencing with regard to Plaintiffs' "continued refusal to comply with" in declining to use your forms. We will take the same under advisement.

Thanks,

Justin

**Justin M. Loveland | Associate**

**Reinhardt Savic Foley LLP**
New York: 200 Liberty Street, 27th Floor, New York, NY 10281

Direct: +1.646.357.3237 | Office: +1.212.710.0970

jloveland@rsf-llp.com | www.rsf-llp.com | Bio

New York | London | Denver | Stuttgart

NOTICE: This message (and any attachments) contains information that is confidential, privileged and/or protected from disclosure under applicable law and is intended for the exclusive use of the party named on the message. If you are not the intended recipient, disclosure, copying, use or distribution of the information included in this message (and any attachments) is not authorized and may be unlawful. If you have received this document in error, please notify the sender immediately by return email and then destroy the original and any electronic or paper copy of this message. The content of this email does not create an attorney-client relationship and the recipient of this email should not rely solely upon the information provided herein.
TAX ADVICE DISCLAIMER: Please be aware that any advice contained in this email or any attachment hereto is not intended to be used, and cannot be used, either (a) for purposes of avoiding tax penalties imposed under the Internal Revenue Code, or (b) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

---

**From:** Ken C. Stone <kstone@grayreed.com>
**Sent:** Tuesday, September 24, 2024 7:57 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow


[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe. _____

Matt, we do not want to wait to see if Texas providers are going to reject New York forms because you don't want to provide us with a standardized release form that would be allowed to be used in any states. I have handled medical cases for years in Texas and represent many healthcare providers and know that many may reject a form from New York because they will think that it is not sufficient for Texas purposes. We have provided you with a HIPAA compliant form that allows us to go through the medical records and when we identify another record as having not been produced, we can immediately request those records. This is very standard practice in areas where medical records are involved such as a case like this. Your continued refusal to comply with discovery rules needs to end. We do not want to wait for your clients to execute new authorizations every time we locate additional providers. That is not how litigation works in Texas.

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, September 24, 2024 5:09:38 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken C. Stone <kstone@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** [EXTERNAL] Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

As I noted in my last email, initial timelime was premised on what you initially asked for in our documents, before you amended your request. I also came down with a bad flu last week, around the time you responded, and at about the same time my colleagues were traveling for another matter. We're continuing to look into the timing on your requests and I will follow up further on Tuesday.

On the HIPAA forms, I can respond now and I am a little confused by your request. We provided standard HIPAA-compliant forms, and if you think we missed some providers—as I believe you're asking—we're certainly happy to take that under consideration and provide you with updated forms with those names as appropriate. Is there something that you believe is not addressed by this, or have the forms we provided been rejected by any providers?

Best,

Matt

—

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Monday, September 23, 2024 4:14:59 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

On Sept. 11, Plaintiffs told us that they expected to confirm the RFP identifications for all their productions by the end of last week.  Has that been completed?  We need that information ASAP to continue with our review of Plaintiffs' productions.

Again, Plaintiffs have not told us when they will comply with the other identified issues, including but not limited to, when Plaintiffs will:

(i)      Provide an update and explanation regarding missing metadata for 1,100+ documents;

(ii)     Make a new production to correct the readability issues with TIFF images for Facebook and Instagram messages;

(iii)    Produce responsive social media posts, comments, likes, etc.;

(iv)     Confirm whether all social media was searched (e.g., Facebook, tiktok, LinkedIn, X/Twitter, Myspace, etc.) and make a production if necessary;

(v)      Produce missing communications like the Grover and Rick messages discussed on the call and confirm all responsive communications have been located and produced; and

(vi)     Produce responsive photos/images because it appears only a small number have been produced.

On Sept. 17, we once again asked Plaintiffs to confirm that they would address these issues and make corrected productions by the end of last week.  Plaintiffs did not respond.  On our call nearly three weeks ago, we were led to believe that Plaintiffs would identify clear dates by when they would address the issues and that Plaintiffs would provide corrected productions in short order.  However, that has not happened.  If these issues are not resolved promptly, our next step will be again seeking the magistrate judge's assistance.

With respect to the HIPPA authorizations, please return executed copies of the forms that we sent last Tuesday.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Kyle Foltyn-Smith
**Sent:** Tuesday, September 17, 2024 11:49 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Matt,


For the RFP identifications, Plaintiffs' vendor can instruct how to produce the tag information in the dat file.  It is likely a minor change from what you did already.  The produced dat file includes the RFP tag headings but not the actual tagging information that conveys for each document which RFP it is responsive to.  We know it is possible to include that information in the dat file because our production does so.  Again, our team was able to construct an overlay from the excel spreadsheet this time, but it would be burdensome to do so for a larger set of files.


For the Dropbox/Onedrive documents, the vendor can download a zip file of the documents from the link and then assign the email conveying the link as the parent.  Then, when Plaintiffs run the production, the folder structure for the zip folder will be reflected in the parent/child family relationships between the documents.

Also, plaintiffs told us that they expect to have gone through their full production to confirm RFP identifications by the end of this week.  However, Plaintiffs have not told us when they will comply with the other identified issues, including but not limited to, when Plaintiffs will provide (i) an update and explanation regarding missing metadata for 1,100+ documents, (ii) make a new production to correct the readability issues with TIFF images for Facebook and Instagram messages, (iii)  produce responsive social media posts, comments, likes, etc., (iv) confirm whether all social media was searched (e.g., Facebook, tiktok, LinkedIn, X/Twitter, Myspace, etc.) and make a production if necessary, (v) produce missing communications like the Grover and Rick messages discussed on the call and confirm all responsive communications have been located and produced, (vi) produce responsive photos/images because it appears only a small number have been produced.  Based on our call nearly two weeks ago, we anticipated that Plaintiffs would provide answers and corrected productions last week at the latest.  Please confirm that Plaintiffs will address these issues and make corrected productions this week.

With respect to the HIPPA authorizations that Plaintiffs sent Friday, we instead need them to execute the attached waiver forms that we served previously with Crow's second sets of RFPs.  We do not want to have difficulties with Texas medical facilities objecting that we are demanding compliance with a New York form.  Also, we want Plaintiffs to leave the facility identification line left blank.  There are multiple non-parties that we want to use the forms for that Plaintiffs have not provided authorizations for (e.g., Dr. Bolin, Dr. Gearing, Dr. Parikh) and we should not be limited in that manner.  We are entitled to pursue discovery from any medical facility or office that they have been to and we should not have to confer with Plaintiffs each time we want to issue a subpoena to one of them one.  Besides, Plaintiffs will receive notice of the subpoenas pursuant to Rule 45(a)(4).  Please return executed copies of the forms by this Thursday.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt matt@schmidtlc.com
**Sent:** Friday, September 13, 2024 2:06 AM

**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Thank you for your email.

RFP METADATA IDENTIFICATION

I admit that I'm confused by what you write about the RFP metadata being produced as an Excel spreadsheet. When we spoke last week, I got the impression that you had looked into the producing of tagging data of metadata and the process was something that you had looked into and you were simply asking me to produce the tags as standard metadata. I've been running e-discovery reviews and productions since 2012, during which time I've used every major platform and used Disco, the platform we are both using here, first in 2015. In that time, I've never had a request for sharing of tagging data (as it would seem to risk tagging conflicts). It's something I am very happy to do here if it is as simple a matter as you represented—and if is a simple matter, then I agree it makes things easier for everyone versus me manually exporting the data as I did back in June—but I didn't volunteer to figure out how to do a non-standard request.

Here, when I ran the production, I selected the responsive tags—named, respectively, Tag: Crow Request [NUMBER]—in the metadata fields of the production; I did this in the "Metadata load file" of the Disco production page, the same way I select other metadata fields for prodution. And when I look at the reported load information for the production, it's listed in the "Load file columns" along with the standard metadata fields like "Starting Bates" and "Ending Bates." I included the metadata using the "Specific Tag Status" illustrated in the screenshot below in the production interface.



So as far as I can tell, this was produced exactly the same as the other metadata. I have no explanation for why it appeared to you to be "only in the Excel spreadsheet," but that appears to be an issue with the loading if your end. If there is something else specific that you would like me to do, such as selecting a different field in the export, let me know. But I don't agree to endless trial and error here when this seems like something you should have checked before making the request and me spending time doing exactly what you asked and it was presented to me in such a way.

ATTACHMENT FAMILIES

Similar on the family issue, while I was happy to address what you presented as a simple request that you had, I raised this with my Disco team and they tell me this is actually a complicated issue. I have passed along to my team your clarification concerning the custom overlay, and have also asked for their available times for a call if that does not clarify. Please let me know times that work for your end as well and we can coordinate.

Again, as with the tagging exports, I'm happy to do this if there is a simple solution, which is how this was presented to me, as it makes this easier for everyone. But this is not something that I've encountered before, and my Disco team seemingly had not encountered it either.

SOCIAL MEDIA

I don't agree that I've waived the right to challenge production of documents which I don't believe were covered by your RFPs.

Also, while I do know that Facebook has a bult-in tool, we have looked into this and the export format was not helpful. I have raised this as well with our Disco team and we will follow up once they finish looking into this.

SPECIFIC FACEBOOK ACCOUNT

I spoke with Julia Hubbard again today, and in interests of thoroughness discussed specifically the items you raised below, and she confirmed again that she does not have access to the https://www.facebook.com/bridgette.lee.965 Facebook account and, to her recollection, never had access.

I'm happy to share that her best understanding is that Michael Hynes created the account—thus the "Hynes" in the name, which was never Ms. Hubbard's name. She recalls that at some point, Mr. Hynes did provide her with a phone, and it is possible that she may have sent the messages that you included, but she has no specific recollection and it is also possible that Mr. Hynes sent such messages herself. In any event, she does not recall ever having login access to the account.

At least by my understanding of Facebook, nothing that you write below suggests otherwise: it is entirely possible for a person to make a Facebook account using a name similar to another person, and to follow them and so forth. If you think I am missing something that suggests I am wrong, I am happy to take it under consideration, but I expect this is best raised with Mr. Hynes, who may well have access to the account. And the broader circumstances are thing you can cover at Ms. Hubbard's deposition.

Best,

Matt

—

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Thursday, September 12, 2024 7:11:49 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

For the metadata RFP identifications, going forward please ensure that they are also in the dat export file.  The version that Plaintiffs recently produced were only in the Excel spreadsheet which complicated getting them into our system.  With that change, the format will be fine.

For materials contained in Dropbox, Onedrive and similar database links, your Disco team should be able to create a custom overlay that connects the files to the email conveying the link.  If your Disco team needs more direction, we can schedule a call between the Disco teams with attorneys present.

With respect to social media, there is no proportionality issue here.  Plaintiffs waived proportionality objections by not asserting them in their responses.  Even if they had made such objections, there is no disproportionate burden here.  Numerous vendors can easily collect social media information.  Facebook even has a built-in tool that downloads a user's profile in either HTML or JSON formats, including photos, videos, posts, and comments.  If Plaintiffs still feel that providing responsive social media information is burdensome, then our original offer still stands to conduct the searches ourselves.  (See RFP No. 49 ("DOCUMENTS sufficient to show your logins and passwords for SOCIAL MEDIA WEBSITES (including, but not limited to, Facebook, Twitter, Instagram, Snapchat, TikTok, WeChat, LinkedIn, Signal, Telegram, Reddit, Discord, Adult Friend Finder, OnlyFans, etc.) since January 1, 2009.").)

With respect to the Julia Alexis Hynes facebook account (https://www.facebook.com/bridgette.lee.965), it seems inaccurate that Julia never had access to it. That account is "friends" with her https://www.facebook.com/julia.hubbard.33 account and some of the defendants. Attached is a screenshot that Julia produced that we believe shows Michael Hynes was communicating with her via that account circa July 2018. That account also shows several "check ins" at the Silver City Cabaret in 2017 where Julia was working at the time and interactions with friends. For example, below is a public comment from that account that shows Julia requesting that a friend text her:

https://www.facebook.com/photo?fbid=182378309175281&set=a.105969180149528



We look forward to these and the other issues that we discussed being resolved. To the extent they are not fully resolved, we will take them up with the Magistrate Judge.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Wednesday, September 11, 2024 2:50 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Kyle:


I give below on update on timing. I expect to have a further update Wednedsay, and by then or Thursday also have some further items to discuss including some of Defendant Crow's production which I think will make sense to loop into the discussions.


HIPAA: I expect we can provide the medical records in my possession and the HIPAA releases by the end of Thursday.


CROSS-REFERENCING OF BATES NUMBERS AND INDICATING OF "MODERN ATTACHMENTS": We are still confirming the best way to export both items with our team at Disco. The second item, the inclusion of family members, is apparently more complicated than I'd thought from our call. From speaking, I got the sense that you and Jill had discussed this with your Disco team and were comfortable that this was an easy process. While I know that there is an ethical wall in place between our teams, if you do have any color on the process or a contact that you think our team should speak with, that may make this process go more smoothly.


UPDATING OF RFPS AND METADATA: As discussed, you have asked us to go through out full production to confirm our categorization—we estimate that will be completed by the end of next week. But I haven't heard back on the metadata, so do let me know as it may affect our updating—we

cannot proceed with the re-review without knowing that the process was what you were seeking, as otherwise it risks the process being wasted.

ADDITIONAL SPECIFIC DOCUMENT CATEGORIES RAISED: Julia Hubbard does not, and by her recollection has never had access, to the Heirohead11@yahoo.com email account or the https://www.facebook.com/bridgette.lee.965 Facebook account. The https://www.facebook.com/julia.hubbard.33 account was searched. However, we are checking the other items raised and expect to follow up by the end of the week.

SOCIAL MEDIA: While I don't necessary agree that posts, let alone comments or "likes" are communications or otherwise responsive under Crow's RFPs, relevant to any discussion here is proportionality and the reasonableness of collection. We are still looking into the best way technically to image these additional items so will follow up on that by the end of the week with our current and updated position.

I think that this covers the items below—if you believe that I've missed anything, let me know and I will be sure to address in my next update.

Best,

Matt

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, September 10, 2024 1:36 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

I did give you a timeframe in my email—I said we were determining it for the items and would follow up early this week. We are still confirming timing for all the items and I will follow up further with our estimates on Tuesday. It is not productive for anyone to guess on timing.

Do let me know on the metadata.

Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Monday, September 9, 2024 5:35 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

We received your follow up email. It does not specify when the identified issues will be resolved and Plaintiffs' corrected productions made, which is what we were promised on the call and noted in our email. Please provide that information today. From your follow up email, we anticipate that Plaintiffs will fully resolve the identified issues. Nevertheless, based on our correspondence and conference, we consider the issues fully discussed between the parties and Crow may move to compel without further conference if Plaintiffs do not comply.

With respect to social media postings, comments are absolutely communications. Also, most of the RFPs cover online postings and comments. For example, RFP 35 requests "all COMMUNICATIONS between YOU and each DEFENDANT." That includes *any* comment that Julia and Kayla made on something posted by a Defendant and vice versa. Likes would also be covered by that RFP. Rather than us identifying all the RFPs that Plaintiffs might have postings on, Plaintiffs need to review the RFPs and their online postings to make that determination on a request-by-request basis.

With respect to the ongoing production requirement, we are fine with Plaintiffs' suggestions that it be mutual and subject to further interim updates before a relevant event (e.g., depositions).  However, because discovery is set to close Jan. 21, 2025, we should simply agree to dates instead of doing it quarterly.  We suggest Oct. 15, Dec. 16 and Jan. 20.  Please confirm Plaintiffs agree to those dates.

With respect to the metadata RFP identifications in Plaintiffs' new productions, our team will upload the data today.  We will update you once we confirm that format works with our database.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Saturday, September 7, 2024 2:47 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Blake Bryan <bbryan@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Jill Bindler <jbindler@grayreed.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Thank you again for summarizing. I thought easiest to write responses in blue in-line in your message below. Let me know any questions or anything else you'd like to discuss, any we'll continue to follow up. I still expect further productions to begin early next week and will update you as we have more definite timing.


Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Wednesday, September 4, 2024 7:20 PM
**To:** Jill Bindler <jbindler@grayreed.com>; Justin Loveland <jloveland@rsf-llp.com>; Matthew Schmidt <matt@schmidtlc.com>; Blake Bryan <bbryan@grayreed.com>
**Cc:** London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow


Matt and Justin,


Below is summary of our call today. Please let us know if you have any additions.


1. Plaintiffs intend to produce their new production today (9/4) and will let us know if they need to delay to tomorrow.


2. Plaintiffs will send an update tomorrow (9/5) with follow up on the issues that we discussed and how soon each can be resolved. Crow requested that corrective productions to begin early next week.


3. Plaintiffs intend to produce some additional medical records by this Friday and by that day provide Crow with confirmation that they will agree to medical record releases so that we can subpoena additional medical records.

I am confirming HIPAA releases with my clients, and also intend to produce by early next week records that are in my possession.

4.   Plaintiffs are checking with their Disco team to see whether they can generate a way to cross-reference between their original productions and the productions with the number 2 at the end of the bates prefix

Yes, and to be clear the situation is that documents that we had produced in both productions through Disco still have both Bates numbers in our database (and in some situations more Bates numbers, since documents in both Ms. Goedinghaus's and Ms. Hubbard's files were produced twice to conform with your request as to separate Bates numbers). But we are confirming the best way to produce that information for you to load.

5.   Plaintiffs agreed that they will produce a load file identifying for each RFP all documents that are responsive to it.

As discussed, since you also raised points concerning some identifications that you think we missed, the plan is to review the documents previously produced and then produce a load file with the tags, in the same format as the production that we produced this evening. If you'd like a different format for metadata let us know as soon as possible—it should be easy to make adjustments, and the format that I used seemed sensible, but I admit that I have not done this before and I'm not sure how to test it without making a new database on my end, so I'm not sure how it will show up on your end. But I believe it will simply indicate what documents were marked as responsible to each request.

6.   Plaintiffs have not identified any responsive documents for RFP Nos. 4, 6, 9, 11-12, 14, 17-18, 22, 24, 26, 30-31, 33-34, 37-38, 40-51.  Plaintiffs agreed to serve amended responses certifying the RFPs that they do not have responsive information for.  They will also review each those RFPs and update their RFP identifications where responsive documents have been produced.

Yes, including the re-review procedure which I note above. Further, I intend to certify using typical language that we have not identified such documents after a reasonable search and reserving right to amend—although as discussed, given the thoroughness of our searches I do not expect further documents to appear absent ones further subsequently created.

7.   *Responsive materials that are referenced in the production or that likely exist but have not been produced.*

a.    Plaintiff will check on whether Julia's recent communications with Case Grover and any other defendants were produced.

a.    Plaintiffs will confirm that their searches of Plaintiffs phones included all their icloud information (or similar phone cloud storage systems), such as all their texts / imessages.

a.    Plaintiffs will look for the text Rick-Julia message referenced at HUBBARD-0005060 and other messages that may not have been produced.

a.    It appears that Plaintiffs produced only four image files.  Plaintiffs are looking into whether they have images that still need to be produced.

a.    While not mentioned on the call, we see in the production that Julia Hubbard had a yahoo email account Heirohead11@yahoo.com that she was still using in the early years after she met Rick Hubbard.  That email account does not appear to have been imaged or searched, but please confirm one way or the other.  If it was not reviewed, please confirm Plaintiffs will review it for responsive materials.

My client is confirming the documents listed above.

7.    *Dropbox*

a.    Plaintiffs agreed to produce materials contained in Dropbox, Onedrive and similar database links that they sent or received.  Plaintiffs will produce those materials with metadata that links them to the email conveying the link.

My Disco team is confirming, but subject to any technical issue the plan is to produce such documents as families so that they appear similar to a tradtional attachment. I am asking my clients to download from the original links. If there are situations where the link is no longer active (as they do sometimes expire—for instance, the production links I created today are valid for a maximum of 30 days), we can discuss the best way to address. While I agree that it makes sense for everyone to have these together, if the link is no longer active I am wary of relying on my clients' recollection of the documents, even if they have separate copies.

8.   *Social Media*

a.   Crow flagged an example where Julia produced an email where Michael Hynes Jr. sent her screenshots of his facebook messenger chat list that shows a conversation between him and Julia on her Julia Hynes account.  However, no messenger conversations between Hynes and Julia were produced.  Plaintiffs agreed to search their social media accounts for responsive communications that have not been produced, including Julia's https://www.facebook.com/bridgette.lee.965 account and https://www.facebook.com/julia.hubbard.33 account.

a.   Plaintiffs agreed to confirm that all their social media accounts (e.g., Facebook, tiktok, LinkedIn, X/Twitter, Myspace, etc.) and messaging applications have been searched and responsive materials produced.

10.   My client is confirming the two points above.

a.   With respect to our discussion regarding Plaintiffs producing only social media direct messages and not any no social media posts, Plaintiffs are required to produce social media posts.  Crow's RFPs define COMMUNICATIONS to include "online postings" and multiple of the RFPs cover Plaintiffs' social media postings concerning the alleged trafficking and other issues (e.g., RFP 23 seeks all COMMUNICATIONS regarding the allegations in the complaint or the action).)

10.   Thank you for the clarification of your reading. We will review and consider—so we are clear on your position, what other RFPs beyond 23 are you reading as covering public social media postings and, since Justin raised this on the call, are you seeking specifically only "online postings," or other items such as comments and "likes?"

10.   *Readability*

a.   Plaintiffs agreed to correct the issue where many of the produced TIFF images of Instagram and Facebook conversations clipped off the text on the right edge.

Yes, I checked and I see that some were cut off. I am tracking down what happened and how best to correct.

11. *Metadata*

a.   Crow explained that more than 1,100 of the ESI documents are missing basic metadata, such as date information.  Plaintiffs did not know why there was no metadata for these documents, such as social media conversations, screenshots and other file types.  Plaintiffs agreed to investigate this issue and will produce the metadata or explain why there is none.

We will follow up on this issue as discussed.

a.   Plaintiffs agreed to confirm where produced screenshots of texts/messages that lack metadata were stored (e.g., icloud).

12.

I don't believe that we discussed specifically this, but it is covered by the previous item--we're happy to share the programs and procedures used.

12. *Ongoing Production Requirement*

a.   Because Plaintiffs continue to create responsive materials and they have an ongoing obligation to produce such materials in a timely manner under the rules, Crow requested that Plaintiffs agree to produce by the fifteenth of each month all new responsive materials that came to be in the previous month.  Plaintiffs agreed to this in principle and will confirm commitment to a set schedule soon.

I propose that, as you suggested, we do quarterly updates, but add (1) that it would be mutual and (2) is subject to a further interim update if agreed before a relevant event (such as depositions). Is that agreeable?

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Jill Bindler <jbindler@grayreed.com>
**Sent:** Wednesday, September 4, 2024 1:07 PM
**To:** Justin Loveland <jloveland@rsf-llp.com>; Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Blake Bryan <bbryan@grayreed.com>
**Cc:** London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken Stone <kstone@grayreed.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Thank you.   Adding Blake Bryan who will be joining as well.

---

**From:** Justin Loveland <jloveland@rsf-llp.com>
**Sent:** Wednesday, September 04, 2024 1:06 PM
**To:** Jill Bindler <jbindler@grayreed.com>; Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; Ken C. Stone <kstone@grayreed.com>
**Subject:** [EXTERNAL] Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

All,

Thanks, Jill. Let's use this dial-in information:

Dial: (US) +1 402-256-1729
PIN: 179 227 267#


Thanks,


Justin


**Justin M. Loveland |** Associate

**Reinhardt Savic Foley** LLP
New York: 200 Liberty Street, 27th Floor, New York, NY 10281

Direct: +1.646.357.3237 | Office: +1.212.710.0970

jloveland@rsf-llp.com | www.rsf-llp.com | Bio

New York | London  | Denver | Stuttgart


NOTICE: This message (and any attachments) contains information that is confidential, privileged and/or protected from disclosure under applicable law and is intended for the exclusive use of the party named on the message. If you are not the intended recipient, disclosure, copying, use or distribution of the information included in this message (and any attachments) is not authorized and may be unlawful. If you have received this document in error, please notify the sender immediately by return email and then destroy the original and any electronic or paper copy of this message. The content of this email does not create an attorney-client relationship and the recipient of this email should not rely solely upon the information provided herein.
TAX ADVICE DISCLAIMER: Please be aware that any advice contained in this email or any attachment hereto is not intended to be used, and cannot be used, either (a) for purposes of avoiding penalties imposed under the Internal Revenue Code, or (b) promoting, marketing, or recommending to another party any tax-related matter addressed herein.

---

**From:** Jill Bindler <jbindler@grayreed.com>
**Sent:** Wednesday, September 4, 2024 2:04 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; Justin Loveland <jloveland@rsf-llp.com>; Ken C. Stone <kstone@grayreed.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow


[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.
_____

I can send a Teams if that would help

# **<u>EXHIBIT I</u>**

**Jill Bindler**
**Partner**
Tel 469.320.6125 | Fax 469.320.6899 | jbindler@grayreed.com
1601 Elm St., Suite 4600 | Dallas, TX 75201
grayreed.com | Connect with me on LinkedIn



**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Wednesday, September 04, 2024 1:04 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com; Jill Bindler <jbindler@grayreed.com>; Ken C. Stone <kstone@grayreed.com>
**Subject:** [EXTERNAL] Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Hi Kyle and all:

Sorry for the hold up, my dial in was not letting me in but I should have it working in a minute.

Best,

Matt

—

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Wednesday, September 4, 2024 9:22:08 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols
<pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>; Jill
Bindler <jbindler@grayreed.com>; Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Thank you and yes, we can use the same dial in.

Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Tuesday, September 3, 2024 12:14 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Ken Stone <kstone@grayreed.com>; Jill Bindler
<jbindler@grayreed.com>
**Cc:** London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols
<pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

We can do 1:00 pm CT tomorrow.  We assume the call-in information is the same.

In addition to the topics already noted, we would also like to discuss the way Plaintiffs are identifying which
documents are responsive the individual requests for production.  We assume Plaintiffs are coding this
information within their DISCO database, and we request that Plaintiffs include that information in their load
files going forward instead of typed out in a separate letter.  There is an easy way to include that information

in the load file that DISCO provides for you with each production.  For example, we provided it as a field for you with our production.  Including the lists of bates ranges on a 260-page letter was very cumbersome and time-consuming to convert to a usable format to tie the bates ranges listed to the documents produced.

With respect to Plaintiffs' responses to our previous requests, your letter dated June 29, 2024, did not identify any responsive documents for RFP Nos. 4, 6, 9, 11-12, 14, 17-18, 22, 24, 26, 30-31, 33-34, 37-38, 40-51.  However, in response to each of these RFPs, Plaintiffs specifically responded that they would "produce documents responsive to this request."  Plaintiffs will need to serve amended responses certifying that they do not have possession, custody or control of the requested documents or such documents never existed.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, September 3, 2024 1:03 PM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>; Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>
**Cc:** London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Thank you Kyle.

Unfortunately, Justin has to be in court this afternoon. We have a remote appearance tomorrow morning at 9:30 MT, but we are both free tomorrow (Wednesday) from noon MT (11:00 PT/2:00 ET) until 3:00 pm MT (2:00 PT/5:00 ET). Let me know when is the best for you in that range. That may also give me a chance to follow up later today with some items in advance of our call to make this more productive on both sides, and we may have some items to discuss on your discovery as well.

Best,

Matt

—

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Tuesday, September 3, 2024 9:24 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Ken Stone <kstone@grayreed.com>
**Cc:** Jill Bindler <jbindler@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

That works for us as well.

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

_____

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, September 3, 2024 11:19 AM
**To:** Ken Stone <kstone@grayreed.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Jill Bindler <jbindler@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Great, thank you Ken and Jill.

—

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Ken C. Stone <kstone@grayreed.com>
**Sent:** Tuesday, September 3, 2024 9:15:19 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Jill Bindler <jbindler@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Jill and I are available then

**Ken C. Stone**
**Partner**
Tel 469.320.6106 | Fax 469.320.6878 | kstone@grayreed.com
1601 Elm St., Suite 4600 | Dallas, TX 75201
grayreed.com | Connect with me on LinkedIn

**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, September 3, 2024 11:12:37 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Ken C. Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Subject:** [EXTERNAL] Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Sure, I can tentatively do 3:00 pm PT/4:00 pm MT if that works for you—let me confirm with Justin if he is available then. We can use the below dial in:

Dial-in: (669) 900 6833

Passcode: 2129515817#

I expect I'll have at least some clarifying questions so we can make some progress. I'll also add, to the extent that your email is "non-exhaustive," I of course can't address purported issues you have that you don't tell me about. So please feel free to email anything else you'd like to discuss.

Best,

Matt

—

Matthew W. Schmidt

116A Main Street

Tiburon, California 94920

415.390.6075

matt@schmidtlc.com

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Tuesday, September 3, 2024 8:22 AM
**To:** Matthew Schmidt <matt@schmidtlc.com>

**Cc:** Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>

**Subject:** RE: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

Let's have a call today to discuss these issues.  Please let us know your preferred times and we will circulate an invite.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

---

**From:** Matthew Schmidt <matt@schmidtlc.com>
**Sent:** Tuesday, September 3, 2024 1:25 AM
**To:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Cc:** Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com

**Subject:** Re: Hubbard v. Crow - Pltfs' Doc Productions to Crow

Kyle:

Thank you for reaching out. It looks like we will have a few additional documents responsive to your client's third requests earlier this week—Julia Hubbard had some personal items involving her employment, which you may have seen on her social media posts, which have delayed our collection and finalization of these documents. I expect that we will have that done by early this week.

As to your other items, I admit that I am confused by the timing here—we served those documents nearly nine weeks from your email, during which time we received no inquiry or complaint on production, until you write on the afternoon before a holiday week raising, for the first time, nine points for the first time and setting a purported deadline of less than one business day. I'm happy to look into those and expect to get back to you early this week and we can have a discussion on what you raise. If you insist on moving in the meantime, while of course I cannot stop you from making a motion, I think this email chain is clear that it would not reflect even an attempt to confer and resolve the issue without unnecessarily burdening the Court.

Best,

Matt

---

**From:** Kyle Foltyn-Smith <kyle@hawxhurstllp.com>
**Sent:** Friday, August 30, 2024 4:18 PM
**To:** Matthew Schmidt <matt@schmidtlc.com>; Stefan Savic <ssavic@rsf-llp.com>; jloveland@rsf-llp.com <jloveland@rsf-llp.com>
**Cc:** Ken Stone <kstone@grayreed.com>; Jill Bindler <jbindler@grayreed.com>; London England <lengland@grayreed.com>; Jerry Hawxhurst <jerry@hawxhurstllp.com>; Patrick Nichols <pat@hawxhurstllp.com>
**Subject:** Hubbard v. Crow - Pltfs' Doc Productions to Crow

Matt,

Plaintiffs responded to our third set of requests for production that they expect to produce responsive documents and identify Bates numbers by yesterday (Aug. 29).  We have not received anything from Plaintiffs.  Accordingly, we intend to file a motion to compel if we do not receive by COB this Tuesday (Sept. 3) the promised production.  Many of the requests in our third set of RFPs cover the same materials that should have been produced in response to our first set, and the fact that we still do not have them is prejudicing our ability to proceed in the case.

Furthermore, there are numerous issues with Plaintiffs' previous productions, and we intend to move to compel further and corrected productions if those issue are not addressed by COB this Tuesday.  Below is a non-exhaustive list of issues that require immediate correction:

- Plaintiffs have led us and the Court to believe that Plaintiffs previously produced all their responsive materials, but that is verifiably not the case.  For example, Julia Hubbard had written communications with defendant Case Grover in or around April 2024 that were not properly produced.  Despite obviously having possession of the communications, Plaintiffs did not produce them according to the ESI terms that the parties are using.  Instead, only screenshots of a portion of the conversation were produced.  And even then, the screenshots were only produced because they happened to be shared with third parties in a long message chain.  The only two possibilities are that Plaintiffs are intentionally withholding responsive materials or are performing a woefully incompetent search for responsive materials.  Either way, Plaintiffs are not taking their discovery obligations seriously and this must be corrected immediately.

- Numerous communications are referenced in the production but have not been produced.  For example, Julia refers multiple times to a supposed message she received from Rick Hubbard in 2019 instructing her "you will obey my rule of law."  She even recently represented to third parties that she still has this text message.  (HUBBARD-0005060 ("I have the text message.").)  Despite diligently searching for the message, we have not located it in Plaintiffs' productions.  This is the case for other information that Plaintiffs have represented exists but has never produced.

- Despite having raised this issue multiple times, Plaintiffs have still not produced materials that are in their possession through Dropbox, Onedrive and similar database links that they have sent or received.  For example, there are dropbox links in responsive documents where Plaintiffs deposited documents and sent them to third parties, but Plaintiffs have not produced those documents.

- Plaintiffs have also not produced a large portion of their social media posts and messages.  For example, there no social media communications between defendant Michael Hynes Jr. and Julia Hubbard, even though that is how they met and initially communicated.  Julia Hubbard has multiple Facebook accounts but appears to be producing materials only from her newest account.  We have not located anything that was produced from her https://www.facebook.com/bridgette.lee.965 account and only a single conversation from 2020 produced from her https://www.facebook.com/julia.hubbard.33 account.  These are the accounts

she used during the events alleged in the complaint, and there are likely other accounts that she has not disclosed.  Plaintiffs must certify that they have searched and are continuing to search all their social media (e.g., Facebook, tiktok, LinkedIn, X/Twitter, Myspace, etc.) and messaging applications.

- Some documents have been produced in a manner where they are not fully readable.  For example, all Instagram conversations were produced in a way where the last word on many of the lines is clipped from the document.  It is unclear how Plaintiffs sourced these conversations from their accounts, but whatever manner was used did not result in a proper reproduction of the conversation and the must be reproduced.

- More than 1,100 of the ESI documents are missing basic metadata, such as date information.  For example, HUBBARD2-0012088 is a conversation between Julia Hubbard and Heather Luttrell.  The top of the conversation indicates that it was "generated by Julia Hubbard on Monday, May 13, 2024," so Plaintiffs clearly have access to the account it is from.  However, no metadata was produced for this recently generated conversation or even an indication as to what program or application it is from.

- While Plaintiffs have produced some medical records, they have not produced anywhere near all the requested records.  For example, they have not produced any of their medical records from Dr. Bolin's office.  Plaintiffs are obligated to produce all responsive medical records in their possession, custody or control.  That includes all medical records that they can obtain from medical offices and hospitals they have received services from.  Because Plaintiffs have not fully complied with their discovery obligations, we request that Plaintiffs agree to sign medical records authorizations so that we can obtain, *inter alia*, other medical records that are referenced within their productions (including references in their produced medical records) that have not been produced.  Please let us know whether Plaintiffs agree to this.

- Furthermore, Plaintiffs continue to create responsive materials and they have an ongoing obligation to produce such materials in a timely manner under the rules.  To ensure Plaintiffs are timely supplementing their productions on a timely basis, we request that Plaintiffs agree to produce by the fifteenth of each month all new responsive materials that came to be in the previous month.  Please let us know whether Plaintiffs agree to this, otherwise we intend to include it in a motion to compel.

Again, this is not a complete list of the problems with Plaintiffs' productions.  We intend to file a motion to compel if we do not receive by COB this Tuesday (Sept. 3) Plaintiffs' production in response to our third set of RFPs (along with Bates number identifications) and a corrected and up-to-date version of their previous productions.

Regards,

_____

**Kyle Foltyn-Smith**

**Hawxhurstllp**

11111 Santa Monica Blvd., Ste. 620

Los Angeles, California 90025

Direct: (310) 893-5152

Main: (310) 893-5150

Fax: (310) 893-5195

www.hawxhurstllp.com

# **<u>EXHIBIT J</u>**

# HAWXHURSTLLP

WRITER'S DIRECT DIAL NO.
**(310) 893-5151**

WRITER'S INTERNET ADDRESS
**jerry@hawxhurstllp.com**

<u>VIA EMAIL (MATT@SCHMIDTLC.COM; JLOVELAND@RSF-LLP.COM)</u>

October 28, 2024

Matthew W. Schmidt, Esq.
SCHMIDT LAW CORPORATION
116A Main Street
Tiburon, California 94920

Justin M. Loveland, Esq.
REINHARDT SAVIC FOLEY LLP
200 Liberty Street, 27th Floor
New York, NY 10281

Re:  <u>Julia Hubbard, et al. v. Trammell S. Crow, Jr., et al.,</u>
     Case No. 5:23-cv-00580
     *The Parties' Document Productions*

Dear Counsel:

Pursuant to Local Rule CV-7(g), we write again on behalf of Defendant Trammell S. Crow concerning several issues pertaining to Plaintiffs' document productions and in response to Plaintiffs' October 18, 2024 email concerning Mr. Crow's document productions.

First, concerning Plaintiffs' deficient document productions, we have asked Plaintiffs to resolve these issues several times since August 30, 2024, but they persist.  We intend to move to compel further and corrected productions if Plaintiffs do not address them immediately.  Below is a non-exhaustive list of issues that require correction.

Second, as we explained to Plaintiffs before, Mr. Crow conducted a diligent search and reasonable inquiry to locate responsive materials in his possession, custody or control. His objections to specific requests aside, Mr. Crow has produced all materials that he has located concerning Plaintiffs.  Mr. Crow will supplement his productions should other responsive materials be discovered.

Matthew W. Schmidt, Esq.
Justin M. Loveland, Esq.
October 28, 2024
Page 2

<u>**Plaintiffs' Deficient Productions**</u>

1. ***Responsive materials that are referenced in Plaintiffs' productions or that likely exist but have not been produced.***

Plaintiffs, and in particular Ms. Hubbard, made representations to courts, the media and third parties that they have extensive documentary evidence supporting their allegations. For example, Ms. Hubbard has claimed that she "ha[s] the receipts… threats in writing, and every single text message" related to the alleged trafficking. (HUBBARD2-0011833.) Yet, our review of the documents actually produced shows several categories of documents that should be in Plaintiffs' possession but nonetheless are being withheld without explanation. Below is a non-exhaustive list of materials that Plaintiffs should have produced but did not:

    a. Julia Hubbard's written communications with defendant Case Grover in or around April 2024 were not properly produced. We believe that Ms. Hubbard has possession of the communications but did not properly produce them. Instead, only screenshots of a portion of the conversation were produced. (<u>See</u> HUBBARD_11722.) These materials are responsive and must be produced or Ms. Hubbard must provide an explanation for why they cannot be produced.

    b. Plaintiffs did not produce Ms. Hubbard's July 12, 2020, text messages to Mr. Crow. (TSC0000023.) That Plaintiffs did not produce this relatively recent communication with a defendant calls into question the thoroughness of their document productions. These materials are responsive and must be produced or Plaintiffs must provide an explanation for why they cannot be produced.

    c. No phone call recordings have been produced. Ms. Hubbard claims that she has a "recorded phone call" from when "Kayla called [Ms. Hubbard] and Rick was forcing [Kayla] to try to ask [her] questions. [Ms. Hubbard] knew that he was doing it and [she] was like, 'Whatever Rick. Kayla, are you okay?'" (HUBBARD-0005125 ("I actually have it on video on this phone.").) These materials are responsive and must be produced or Plaintiffs must provide an explanation for why they cannot be produced.

    d. Ms. Hubbard's written communications with Rick Hubbard. Ms. Hubbard has repeatedly claimed to possess communications with Mr. Hubbard that have not been produced. The following include includes some of the alleged messages in Ms. Hubbard's supposed possession that have not been produced:

        i. Ms. Hubbard refers multiple times to a supposed message she received from Mr. Hubbard in 2019 instructing her that "you will obey my rule of law." She recently represented to third parties that she still has this text

Matthew W. Schmidt, Esq.
Justin M. Loveland, Esq.
October 28, 2024
Page 3

message.  (HUBBARD-0005060 ("I have the text message.").)  It was not produced to Mr. Crow.

ii.  Ms. Hubbard claims to have texts and/or snapchats that have not been produced, including a message where Mr. Hubbard allegedly wrote, "You are going to be buried underneath the prison."  (HUBBARD-0005083.)  According to Ms. Hubbard, "[Mr. Hubbard] would communicate through Snapchat and other modes of communication, and [she] would screenshot every time he would do it.  And [she] would tell him [she] was screenshotting."  (Id.)  Neither the messages nor the screenshots were produced to Mr. Crow.

iii.  Ms. Hubbard made 18 binders that contain "every single thing [Mr. Hubbard] said to [her], everything he did, in order."  (HUBBARD-0005104.)  It appears some or all of these materials have not been produced.  For example, according to Ms. Hubbard she has the following text message that is not in the productions:  "[Mr. Hubbard] said that the judge was going to pay for his mistake.  I have that one, too.  It is in the binder."  (HUBBARD-0005110.)

iv.  As another example of missing "binder" records, Ms. Hubbard claims to have communications between Mr. Hubbard and Max Gough that appear not to have been produced.  (See HUBBARD-0005090; HUBBARD-0005108 ("I have a bunch of text messages between [Mr. Hubbard and Max].").)  According to Ms. Hubbard, "[Mr. Hubbard] sent a bunch of text messages to Max [Gough].  'Summer is not in danger, you fucking idiot,' and … that Summer is not safe because she is with Kayla because Kayla is the one with the connection to the Cartel.  This is [Mr. Hubbard] saying that in text messages to Max….  [Mr. Hubbard] was in trouble with the Cartel for the $10,000 that he spent in Vegas, but he was talking to Max about that money."  (HUBBARD-0005090.)

v.  According to Ms. Hubbard, "Rick also left [her] on his Drobox, … [and from there she obtained] *all the emails between Rick and Trammell about money that they are exchanging*."  (HUBBARD-0005101.)  It is unclear whether any records were produced from this Dropbox that Ms. Hubbard downloaded.  For example, Plaintiffs produced *only three emails* between Mr. Hubbard and Mr. Crow.  The produced versions of two emails show that Mr. Hubbard forwarded both emails to Ms. Hubbard that same day.  ((HUBBARD-0000001); (HUBBARD2-0007270.)[1]  The third email is a December 29, 2011, email from Mr.

---

[1] Plaintiffs produced both emails several times because they produced multiple emails where Ms. Hubbard recently forwarded them to third parties.  The fact that Plaintiffs

Matthew W. Schmidt, Esq.
Justin M. Loveland, Esq.
October 28, 2024
Page 4

Hubbard to several people attaching family Christmas photos. (HUBBARD-0009369.) At minimum, it appears that Plaintiffs have not produced "emails between Rick and [Mr. Crow]" that Ms. Hubbard supposedly downloaded from the Dropbox.

vi. Ms. Hubbard has referred multiple other time times to materials from Mr. Hubbard's computers and cloud-based drives that are in Plaintiffs' possession. (See, e.g., HUBBARD2-0011963 (Ms. Hubbard stating "I have the iMac. There is SO MUCH evidence on it. It's insane. Letters to bob, threatening houston, it goes on and on").) However, it appears that Plaintiffs have not produced responsive documents from those sources. For example, Plaintiffs supposedly obtained photos from one of Mr. Hubbard's computers in their possession that shows he was stalking and tracking them. (See HUBBARD-0005107 (referring to Ms. Goedinghaus possessing photos on a computer showing that Mr. Hubbard was "stalking" and "track[ing]" Plaintiffs.) We have found nothing like that in Plaintiffs' productions. As another example, on January 30, 2023, Ms. Goedinghaus sent an email to Ms. Hubbard with the subject line "Dead body on Rick's computer" that attached a photo of a computer screen purporting showing some image thumbnails that she located on one of Mr. Hubbard's computers. (See HUBBARD2-0001069.) It does not appear that any photos or other materials from Mr. Hubbard's computers or cloud-drives were produced.

These materials are responsive and must be produced or Plaintiffs must provide an explanation for why they cannot be produced.

e. Ms. Hubbard claims to a "have a CashApp receipt from Rick to Shawn and Jade [Mayer] for $2,000" that was supposedly payment "so they could babysit so they could traffic." (HUBBARD-0005101.) No CashApp receipts that fit that description were located in Plaintiffs' productions.

f. Ms. Hubbard recently claimed to have a video where Defendant Eller evaluated Ms. Goedinghaus's daughter, but Plaintiffs have not produced such a video. (HUBBARD-0005103 ("When [Eller] did Dakota's (Kayla's daughter) psych evaluation, he asked three questions. We have all this on Video.").) These materials are responsive and must be produced or Plaintiffs must provide an explanation for why they cannot be produced.

g. Other than emails, written communications like text and social media messages between Plaintiffs are conspicuously missing for their productions.

---

produced the versions forwarded to Ms. Hubbard but not the originals suggests that the Dropbox materials were not produced.

Matthew W. Schmidt, Esq.
Justin M. Loveland, Esq.
October 28, 2024
Page 5

Plaintiffs produced messages between them only where they included a third party on a group chat (e.g., group chats with Yael Israel) or were attached to emails. For example, Ms. Goedinghaus produced screenshots of an iMessage text chain with Ms. Hubbard from 2019. (GOEDINGHAUS2-0001224.) Plaintiffs communications with each other are responsive and must be produced. (See RFP No. 23 ("All COMMUNICATIONS between YOU and each PERSON … regarding each allegation in the COMPLAINT or this ACTION, including … COMMUNICATIONS between [Plaintiffs].").)

h. Ms. Hubbard has claimed that she "still ha[s] every phone from that time period." (HUBBARD-0005104.) Where available, Plaintiffs need to produce the actual text messages with proper metadata, not screenshots that are incomplete and lack dates. If Plaintiffs cannot do this for messages in their possession, they must make all their devices available for an in-person inspection so that we can properly secure the data.

Despite diligently searching for these materials, we have not located them in Plaintiffs' productions. Such is the case for other information that Plaintiffs have represented exists but never produced. Plaintiffs must supplement their productions with these materials and, because they overlooked so many materials previously, Plaintiffs must search for additional responsive materials that they have not produced.

**2. *Other outstanding issues with Plaintiffs' productions that have yet to be corrected and/or resolved.***

There are several additional issues with Plaintiffs' productions that we previously identified and discussed, but that Plaintiffs have not resolved:

a. More than 1,100 of the ESI documents (e.g., social media conversations, screenshots and other file types) that Plaintiffs produced are missing basic metadata, such as date information. For example, HUBBARD2-0012088 is a conversation between Ms. Hubbard and Heather Luttrell. The top of the conversation indicates that it was "generated by Julia Hubbard on Monday, May 13, 2024," so Plaintiffs clearly have access to the account it is from. However, no metadata was produced for this recently generated conversation or even an indication as to what program or application it is from. For each document missing metadata, we are entitled to an explanation why the metadata is missing and a supplemental production of the metadata.

b. Plaintiffs produced only four image files. It appears part of the problem is that Plaintiffs erroneously produced many .jpg files as .pdf files. (See, e.g., HUBBARD2-0010930 (undated photo of Mr. Hubbard with filename IMG_6107.JPG that was produced as a.pdf with no metadata).) By doing this, the files were produced in a non-native format and stripped all metadata. To

Matthew W. Schmidt, Esq.
Justin M. Loveland, Esq.
October 28, 2024
Page 6

the extent files have been produced in a non-native format, Plaintiffs must
reproduce all files in their native format with complete metadata.  In addition,
Plaintiffs must produce all responsive images, recordings and videos that have
not been produced.

c.  Plaintiffs already agreed to produce materials contained in Dropbox, Onedrive
and similar database links that they sent or received.  For example, there are
dropbox links in responsive documents where Plaintiffs deposited documents
and sent them to third parties, but Plaintiffs have not produced those
documents.  Despite us having raised this issue multiple times, Plaintiffs have
still not produced these materials.

d.  Plaintiffs already agreed to review all their social media and messaging
accounts (e.g., Whatsapp, Snapchat, Facebook, tiktok, LinkedIn, X/Twitter,
Myspace, etc.) for additional responsive materials.  This, of course, includes
public posts and nonpublic communications.[2]  Despite our several requests for
updates on the status of this, Plaintiffs have not provided any updates or said
when additional materials will be produced.

e.  Plaintiffs produced many documents in a manner where they are not fully
readable.  For example, Plaintiffs' produced Facebook and Instagram
conversations in a way where the last word on many of the lines is clipped
from the document.  (See, e.g., HUBBARD2-0012155.)  All must be
reproduced with proper formatting where the text is fully readable.

In addition to these production issues, Plaintiffs have not identified any responsive
documents for RFP Nos. 4, 6, 9, 11-12, 14, 17-18, 22, 24, 26, 30-31, 33-34, 37-38, 40-
51.  Plaintiffs agreed to serve amended responses certifying the RFPs that they do not
have responsive information for.  We need to know when those will be provided.

## Mr. Crow's Productions

As stated in our response to RFP No. 1, Mr. Crow does not have documents concerning
the alleged "Venture."  According to Plaintiffs' RFPs "'Venture' means the definition
used in the Complaint and includes all alleged members of the Venture while acting

---

[2] As we previously explained, Crow's RFPs define COMMUNICATIONS to include
"online postings" and multiple of the RFPs cover Plaintiffs' social media postings
concerning the alleged trafficking and other issues (e.g., RFP No. 23 seeks all
COMMUNICATIONS regarding the allegations in the complaint or the action).  Also,
social media comments on public posts are COMMUNICATIONS.  For example, RFP 35
requests "all COMMUNICATIONS between YOU and each DEFENDANT."  That
includes any comment that Ms. Hubbard or Ms. Goedinghaus made on something posted
by a Defendant and vice versa.  "Likes" would also be covered by that RFP.

Matthew W. Schmidt, Esq.
Justin M. Loveland, Esq.
October 28, 2024
Page 7

within the scope of the Venture's activities." As explained in our responses, Mr. Crow denies the existence of such a venture and, to the extent one exists, denies that he is a member of it or otherwise able to identify any documents related to it. Based on the parties' discussions, it appears Plaintiffs may have intended for this request to seek all documents regarding their allegations in the operative complaint. Such a broad request is not a proper use of discovery and, especially in this case, not possible to comply with because Plaintiffs assert hundreds of Venture-related allegations. Plaintiffs can serve additional requests to the extent they seek documents concerning specific issues.

With respect to the four purported exemplar subcategories that Plaintiffs described in their Oct. 11 email, to the extent they are relevant to this case, information regarding them is covered by Plaintiffs' other RFPs that Mr. Crow has already produced responsive documents for.

Also, to clarify our Oct. 15 email, Mr. Crow is not asserting a Fifth Amendment objection and no information has been withheld on those grounds. That discussion was merely to illustrate further the impropriety of the Plaintiffs' RFP No. 1 if things were as they allege (which is not the case).

With respect to RFPs that seek information regarding a "Sex Act" or "Sex Party," we already produced all responsive information regarding Plaintiffs. Plaintiffs' requests define those terms to literally include every act of "sexual gratification" where two or more people were present. For the reasons stated in our objections and previously discussed, Plaintiffs are obviously not entitled to that information. Plaintiffs' proposed alternatives do resolve the overbreadth, relevancy and privacy objections and would simply result in a bottomless fishing expedition. Again, Plaintiffs are not entitled to information regarding any sex act that they were not a part of.

With respect to the other RFPs mentioned in Plaintiffs' Oct. 18 email, now that we have produced the additional documents that we said were forthcoming we will provide confirmations where all documents have been produced.

\* \* \*

Mr. Crow prefers to resolve the issues described above concerning Plaintiffs' productions without court intervention. However, considering Plaintiffs' serial discovery delays, upcoming expert disclosure deadlines and that the discovery period closes January 21, 2025, we must seek the magistrate judge's assistance if these issues are not resolved immediately.

Very truly yours,

Gerald E. Hawxhurst

Matthew W. Schmidt, Esq.
Justin M. Loveland, Esq.
October 28, 2024
Page 8


cc:  Ken Stone (via Email)

# EXHIBIT K



**Gerald E. Hawxhurst**
**Hawxhurst LLP**
**E: jerry@hawxhurstllp.com**

November 1, 2024

**RE:** *Hubbard et al. v. Crow, et al.*, **Case No. 5:23-cv-00580**

Counsel:

That you for your letter dated October 28, 2024 (your "Letter"). We similarly respond under Rule Local Rule CV-7(g) and also write under that rule, for avoidance of doubt, concerning certain of Defendant Crow's deficiencies in document production.

Unfortunately, your Letter shows a continuation of the pattern in Defendant Crow's discovery practice in this matter of taking time in manufactured discovery disputes that serve no purpose but to take effort that could be spent in further responding to discovery, rather than having disputes over discovery—now across two motion to compel, various email arguments, and now this exchange of letters.

As you know, Plaintiffs have now produced more than 20,600 pages of documents—not counting previous documents which we produced initially and then re-produced for the convenience of Defendants. This is, by my last count, more than 1.5 magnitudes the production volume of all Defendant combined, and more than 43 times the production volume produced by Defendant Crow.

In addition to this significant discrepancy in volume, Plaintiffs have been eager and willing to address requests of defendants, particularly Defendant Crow, even if such responses were not as swift as Defendant Crow may have preferred. These included, as in part of this current dispute, readily agreeing to re-review all produced documents—constituting these same tens of thousands of documents—in order to recheck, recategorize, and add additional tagging for each category of Defendant Crow's RFPs for you and your colleague's convenience.

Plaintiffs have engaged in this despite difficulties with Defendant Crow's counsel in providing what, exactly, they were seeking, providing inconsistent requests. Had Crow's counsel

Gerald E. Hawxhurst
November 1, 2024
Page 2

properly asked what they wanted when we originally had this discussion—as is extensively memorialized in contemporaneous emails over the past two months, and I will not repeat here—this exercise would have likely been completed a month ago, if not two months ago.

That said, despite these delays caused by Crow's counsel, we expect to provide an updated production by the end of **next Friday, November 8.** If you would like to speak further in advance of that date, please let me know and we can schedule a call at a mutually-agreeable time.

**Crow's Document Productions**

I thank you for the concessions that you appear to have made from your previous positions—including no longer attempting to invoke Fifth Amendment privilege. That said, it appears from your Letter that Defendant Crow is still refusing to produce required and plainly responsive documents. This is unnecessarily delaying discovery in this action—please either confirm that you will produce all responsive documents, or as appropriate certify that no such documents exist, or let us know an appropriate time to speak to attempt to resolve remaining issues before a need to seek Court intervention.

As I wrote in an earlier email, I am particularly disappointed in such apparent refusals to produce responsive documents and perform appropriate searches in light of the disproportionate volume of documents exchanged by Plaintiffs in this action, including objecting to materially none of Defendant Crows' requests, and our repeatedly eagerness to address even small requests raised by you and your colleagues. While we did this in a spirit of professionalism and fulfilling our discovery obligations, we also expected reciprocal behavior from Defendant Crow. But while his behavior so far has been disappointing, there is still time to rectify this and proceed in accordance with proper practices and proportionality.

**Documents Concerning the Venture**

As we have repeatedly discussed, the fact that Crow disputes the existence of the Venture, as defined in the Compliant, does not relieve him of his discovery obligations to produce documents. The meaning is plain from the face of the Complaint and our requests, and—as our conduct has shown—we are happy to discuss, clarify, and even narrow as appropriate. But, particularly given this clarity, no purpose is served by serving additional, duplicative requests beyond causing needless delay.

Gerald E. Hawxhurst
November 1, 2024
Page 3

That said, I understand your response to represent that Defendant Crow has produced all documents requests to Plaintiffs' RFP No. 1. If I do not understand that directly, as noted above, please let us know a convenient time to discuss further to attempt to resolve this without the need to seek Court intervention.

**Documents Concerning "Sex Acts"**

Similarly as to documents concerning "sex acts," your colleague on a previous call raised your same concern that our request sought consensual and irrelevant personal documents, and invited us to propose a limitation. We did so. In an October 11 email, my colleague Justin Loveland proposed the following limitation:

> Given this, Plaintiffs recommend that the parties stipulate (1) that all sex acts with Plaintiffs and Sex Parties which Plaintiffs attended — consensual and nonconsensual — are included; and (2) to the extent that responsive documents may include consensual sexual acts with third parties that do not include Plaintiffs, that the parties agree to some middle-ground definition of "nonconsensual" so that potentially responsive documents are not being improperly withheld. As to the latter, Plaintiffs propose that "nonconsensual" includes any situation where a sexual participant has expressly not consented or is under the influence of controlled substances or alcohol, is asleep, is unconscious or otherwise unaware that a sexual act is occurring, is unable to resist for any reason, is mentally incapable of appraising the nature of the sex act, is threatened with force to perform a sex act or the other participant threatens any other person with force if the sexual participant does not perform a sex act, is coerced into performing a sex act by means of financial compensation or chemical dependency or by promises of access to benefits or events or gifts, is coerced into performing a sex act by promises of necessities (e.g. food, money, housing, access to Plaintiffs' children), or is told to perform a sex act by any police officer or state actor.

If you believe this overly broad, then—as we have now repeatedly asked—provide us an alternative definition that you believe is appropriate. We have put significant effort into carefully crafting what we believe is an appropriate and limited definition that addresses the concerns you raised, and if you believe that this is too broad, then let us know what you believe to be an appropriate definition so that we can attempt to resolve this dispute.

Gerald E. Hawxhurst
November 1, 2024
Page 4

**Surveillance Records and Other Documents Response to Plaintiffs' RFPs 11 and 12**

     Lastly, our understanding from our previous call with your colleagues was that Defendant Crow would produce any documents concerning surveillance records or otherwise responsive under Plaintiffs' RFP Nos. 11 and 12. On our review of Defendant Crow's latest production of October 18, we did not identify all such documents. We thus ask whether such documents are forthcoming, or a certification will be forthcoming that no such further documents exist.

     We reserve all rights, and hope that we can continue to resolve all these disputed issues without further taking the time of the Court, and promptly so that we can conduct depositions and complete discovery in a prompt manner.

Sincerely,

Matthew W. Schmidt

cc:    Stefan Savic (by email)
       Justin Loveland (by email)
       Ken Stone (by email)
       Jill Binder (by email)
       Kyle Foltyn-Smith (by email)
       London England (by email)
       Patrick Nichols (by email)

# **EXHIBIT L**

**Kyle Foltyn-Smith**

| | |
|---|---|
| **From:** | Matthew Schmidt <matt@schmidtlc.com> |
| **Sent:** | Thursday, December 19, 2024 5:31 AM |
| **To:** | Kyle Foltyn-Smith |
| **Cc:** | Justin Loveland; London England; Stefan Savic; Jill Bindler; Ken Stone; Blake Bryan; Jerry Hawxhurst; Patrick Nichols |
| **Subject:** | RE: Hubbard v. Crow - Additional HIPPA Authorizations |

Thank you, Kyle. We will review and follow up if any questions or issues—otherwise we will execute and revert.

On the documents, we are continuing and still hope to be able to start production in the coming days. Speaking frankly, your constantly threats of taking more of the Court's time on a non-existent dispute is becoming tiresome and unprofessional. I won't repeat all I wrote in my earlier letter, but we have no disagreement and have not refused to produce any documents. The outstanding items are technically corrected documents—and additional metadata that you've requested—not anything of substance, which you have (beyond further checks you requested for further documents). And, in addition, the Court has granted an extension on discovery and we are all currently awaiting substantive discovery from other parties (including Dr. Eller, whose counsel I have raised the issue of them seeking to withdraw while we were awaiting their document production, but have not received a response). So there is no delay here, and I'm confident that we will complete any remaining productions on our end well before it causes any delay.

We will follow up as soon as we are able with the corrected documents.

Best,
Matt


—
Matthew W. Schmidt
Schmidt Law Corporation
116A Main Street
Tiburon, California 94920
415.390.6075 | matt@schmidtlc.com