UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JULIA HUBBARD and KAYLA GOEDINGHAUS, <br><br> Plaintiffs, <br><br> v. <br><br> TRAMMELL S. CROW, JR.; BENJAMIN TODD ELLER; RICHARD HUBBARD; MELISSA MILLER; SCOTT WOODS; MRUGESHKUMAR SHAH; MICHAEL CAIN; COE JURACEK; PHILIP ECOB; H.J. COLE; CODY MITCHELL; KURT KNEWITZ; RALPH ROGERS; ROBERT PRUITT; SCOTT BRUNSON; CASE GROVER; RICHARD BUTLER; MICHAEL HYNES, JR.; SHAWN MAYER; JADE MAYER; AARON BURLINGAME; and RCI HOSPITALITY HOLDINGS, INC., <br><br> Defendants. | Case No. 5:23-cv-00580-FB <br><br> Judge: Hon. Fred Biery <br> Date Action Filed: May 8, 2023 (transferred) |

**[PROPOSED] ORDER GRANTING TRAMMELL S. CROW'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS AND CORRECTED RESPONSES TO REQUESTS FOR PRODUCTION**

THE COURT, having considered Trammell S. Crow's Rule 37(a)(3)(B)(iv) motion for an order compelling plaintiffs Julia Hubbard and Kayla Goedinghaus to produce additional documents and information in response to requests for production, Mr. Crow's request for an award of expenses incurred in connection with bringing his motion to compel, and Plaintiffs' responses thereto, ORDERS as follows:

The Court finds that Plaintiffs failed to timely failed to produce documents responsive to Mr. Crow's first and third sets of requests for production, failed to reproduce documents that are illegible or were produced in nonnative formats, withheld important metadata, failed to identify documents (by Bates number) responsive to each request, and failed to serve updated responses clarifying requests for which they lack responsive records, and that Plaintiffs have not shown good cause for their delay.  Plaintiffs therefore are ORDERED to complete the following by the deadline set forth below:

1. Produce all responsive communications with defendant Case Grover;
2. Produce all CashApp receipts that they contend relate to the alleged trafficking;
3. Produce all videos of defendant Eller;
4. Produce all responsive communications between Plaintiffs;
5. Produce all responsive recordings of calls;
6. Produce all responsive records concerning Mr. Hubbard, including any communication with him;
7. Make any computer in Plaintiffs' possession, custody or control that has ever belonged to defendant Rick Hubbard available for inspection and copying;
8. Produce all records obtained from a Dropbox or other online data storage solution owned or maintained by defendant Rick Hubbard;
9. Provide metadata for all produced records to the extent not already provided;

10. Reproduce in native format any document that was not produced in native format;

11. Produce all responsive image and video files;

12. Produce materials contained in Dropbox, Onedrive and similar database hyperlinks in responsive emails Plaintiffs they sent or received;

13. Produce all responsive social media records;

14. Reproduce Facebook and Instagram conversations in a manner where they are fully readable;

15. Provide complete RFP identifications (by Bates number) for all responsive documents; and

16. Serve amended responses to the requests that accurately certify which requests Plaintiffs lack responsive records for.

Having granted Mr. Crow's motion to compel and determined that none of the exceptions in Rule 37(a)(5)(A)(i)-(iii) applies, the Court ORDERS plaintiffs Julia Hubbard, Kayla Goedinghaus and their counsel of record in this matter to pay Mr. Crow, jointly and severally, expenses in the amount of $7,025.00.

Plaintiffs and their counsel shall comply with this ORDER within ten calendar days hereof.

Dated: _____     _____
                                    Magistrate Judge Elizabeth Chestney