IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, KAYLA GOEDINGHAUS, | § § § § § § § § § § § § § § § § § § § | |
| *Plaintiffs,* | | SA-23-CV-00580-FB |
| vs. | | |
| TRAMMELL S CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, PHILIP ECOB, H.J. COLE, CODY MITCHELL, KURT KNEWITZ, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC., | | |
| *Defendants.* | | |

**ORDER**

Before the Court in the above-styled cause of action is Trammell S. Crow's Opposed Motion To Enforce The Court's February 5, 2025 Order [Dkt. 378] and for Sanctions Pursuant To Rule 37 And 28 U.S.C. § 1927 [#391]. On May 7, 2025, the District Court referred this motion to the undersigned [#392]. The undersigned held a hearing on this motion on June 3, 2025. The undersigned now enters this written order confirming the oral rulings it issued during the hearing.

A. **Prior Discovery Disputes**

This case has frequently required the Court's intervention to resolve discovery disputes. First, in May 2024, the undersigned granted a motion to compel filed by Mr. Crow and ordered

1

Plaintiffs to reproduce all records previously produced; to make all further productions in the format identified by Crow's requests; and to identify by Bates number all records produced that are responsive to each request [#325].  Second, in June 2024, the undersigned granted Defendant Crow's second motion to compel and ordered Plaintiffs to comply with the May 2024 order by June 28, 2024 [#340].  Third, in February 2025, Defendant Crow filed a third motion to compel. He requested Plaintiffs provide more complete responses to various requests for production ("RFPs") and asked for attorneys' fees.  After conferring as ordered by the undersigned, the parties asked the Court to enter a stipulated order, which the undersigned entered [#378].  The stipulated order required Plaintiffs to produce materials responsive to Defendant Crow's first and third sets of RFPs; provide RFP identifications by Bates numbers; serve corrected responses to his first and third sets of RFPs; and serve amended responses to Defendant Crow's interrogatories that withdraw the overruled objections, as previously ordered.  The undersigned did not grant Defendant Crow's motion for attorneys' fees. Pending before the Court now is Defendant Crow's fourth motion, which is a motion to enforce the Court's prior orders and seeks attorneys' fees and other sanctions.

**B.  Defendant Crow's Request for Sanctions Under Rule 37(e)**

Defendant Crow in his motion contends he is entitled to an adverse inference instruction because of spoliation of electronically stored information ("ESI") by Plaintiffs.  This is governed by Fed. R. Civ. P. 37(e).  Under this rule, there are two levels of sanctions available depending on whether Defendant can show that the failure to take reasonable steps to preserve ESI was merely negligent (in which case 37(e)(1) is implicated) or if Defendant can demonstrate Plaintiffs intentionally deprived Defendant of the ESI (in which case 37(e)(2) applies).  But there are prerequisites to seeking sanctions under either section.  One of the explicit prerequisites

Defendant must prove is that the ESI "cannot be restored or replaced." *See* Fed. R. Civ. P. Rule 37(e). Another prerequisite is a general one rooted in a party's general discovery obligations as opposed to Rule 37 specifically—parties must only produce documents and data in their "possession, custody, or control." Fed. R. Civ. P. 26(a).

Defendant's motion addresses two types of ESI—an unedited version of a podcast interview of Plaintiff Julia Hubbard and computer data that belonged to Defendant Richard Hubbard. With regard to the podcast, it is undisputed that Plaintiff Hubbard was interviewed for a podcast after this litigation began. After she sat for the interview, the podcaster sent her a link to the recording of the podcast for her feedback. The email with the link from the podcaster has been produced, but not in its native form, so the hyperlink in the document is not active. At the time she received it, Plaintiff Hubbard forwarded this email to her attorney. Both she and her attorney viewed the recording. They maintain that the link only allowed them to stream the recording, not to download it. After reviewing the recording, Plaintiffs' counsel told Plaintiff Hubbard that a certain four-minute segment should not be broadcast because getting into the factual specifics was not a good idea given the ongoing litigation and because her focus on Defendant Richard Hubbard "takes the heat a bit off [Defendant Crow] if his lawyers come across this." (KFS Decl., Ex. A [#391-1], at HUBBARD-0019366.) Plaintiff Hubbard forwarded the email from her attorney containing the advice to remove the four-minute segment from the podcast to the podcaster, and the podcaster edited the recording as requested. The parties represent that the edited version of the podcast is still publicly available. But the unedited version the podcaster originally sent is not, and Plaintiff Hubbard and her attorney have represented that the link in the email to the original recording does not work anymore. Neither

3

Defendant Crow nor Plaintiffs have taken steps to ascertain whether the podcaster or anyone else still has the original version of the recording.

As for the data from Richard Hubbard's computer, Plaintiff Goedinghaus obtained and lost possession of data from Defendant Hubbard's computer prior to the beginning of the litigation. At some point prior to the litigation, she copied the contents of Richard Hubbard's computer to her own computer. She then copied some of these files off her computer onto an SD card. Later, but before this litigation commenced, she brought her computer to a computer repair shop. When she attempted to retrieve the computer, she was informed that the computer had been wiped because she had left it there too long. Plaintiff Goedinghaus also represents that the SD card has been "corrupted" and that most files on it are now inaccessible. According to Defendant Crow, Plaintiffs have not produced any information that they obtained from Defendant Hubbard's computer. (KFS Declaration [#391-1], ¶ 21.) Plaintiffs represented at the hearing that they would produce the SD drive for forensic examination by Defendant Crow's vendor.

There are two obstacles to Defendant Crow obtaining Rule 37(e) relief at this time, and counsel for Defendant Crow conceded at the hearing that the requested relief may be premature. First, it is not clear that the requested ESI is not replaceable or restorable. The podcaster or her company may still have a copy of the original recording. And Defendant's forensic specialist may be able to restore the files on the corrupted SD drive.

The question of whether the podcast recording was ever in Plaintiffs' possession, custody, and control is also in dispute. Hyperlinked files present vexing challenges in the discovery context. It appears that the email with the link to the recording was sent to Plaintiff Hubbard (who forwarded it to her attorney) during the time period covered by Defendant's

4

discovery requests, and that the email and the recording would be responsive to those requests. Plaintiffs did produce the email but did not produce a copy of the podcast file linked in the email. While the recording may have remained in the custody of the podcaster and merely streamed by Plaintiff Hubbard and her attorney, by asking the podcaster to delete a portion of it, Plaintiff Hubbard arguably exercised control over the file. But for her request to cut a portion of the recording, the entire recording would be available instead of the publicly available version, which is the edited version.  Plaintiffs contend that Plaintiff Hubbard and her attorney did not have control over the file, and were merely asking that a portion of the podcast not be aired, not that the any portion of the master recording be deleted.  But the email itself refers to making "cuts," and is not phrased in terms of what should broadcast, so Plaintiffs' alternative reading is not the most plausible one. To avoid the possibility of sanctions under Rule 37(e), Plaintiffs are directed to contact the podcaster to see whether it is possible to obtain the original version of the file.

In conclusion, Defendant Crow's request for Rule 37(e) sanctions is denied without prejudice.  The Court may revisit the issue depending on whether the ESI is able to be procured through alternative means.

C. **Defendant Crow's request for further supplemental production, including metadata**

According to Defendant Crow at the hearing on June 3, 2025, Plaintiffs produced 28,000 new documents on May 31, 2025, which Defendant Crow represents is four times the number of documents produced so far in the case.  Defendant Crow informed the Court at the hearing that defense counsel have not had time to confirm that this production remedies the deficiencies outlined in his motion.  Defense counsel also claims that even this production is virtually devoid

of metadata. Plaintiffs represented at the hearing, however, that they have produced everything responsive currently in their possession, custody, and control, including any metadata that exists.

As stated at the hearing, the undersigned will give Defendant Crow thirty days to examine the production and determine whether any issues remain and whether he is seeking any specific relief in terms of limitations on what may be used as evidence or topics that may be covered through testimony. If the same deficiencies exist in this production, Defendant Crow may raise them and propose specific relief in a new motion.

### D. Defendant Crow's Request for Attorneys' Fees

Defendant Crow asks for "at least $52,690.01" based on the costs of taking Plaintiffs' depositions. (Crow Reply [#398], at 5.) Under Rule 37(b), the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Though Plaintiffs made a substantial additional supplemental production prior to the hearing on this motion, they only did so after the entry of <u>multiple</u> court orders and hearings. The discovery requests in this case have been pending for more than a year. Defendant Crow had to take the Plaintiffs' depositions regarding their document productions, and even then, Plaintiffs provided declarations afterwards giving different explanations than in the depositions. *See* Declaration of Julia Hubbard [#397-1]; Declaration of Kayla Goedinghaus [#397-2]. Thus, Defendant Crow has demonstrated that Plaintiffs have fallen short of their obligation to produce responsive material promptly and to be comprehensive in their search for responsive material. Defendant Crow is therefore directed to submit an attorney declaration with billing records detailing the work it maintains is attributable to Plaintiffs' dilatory productions. Defendant Crow

is warned that billing discretion should be exercised and time incurred with overly aggressive discovery and motion practice should be omitted from the request.

### E. Orders

**IT IS THEREFORE ORDERED** that Trammell S. Crow's Opposed Motion To Enforce The Court's February 5, 2025 Order [Dkt. 378] and for Sanctions Pursuant To Rule 37 And 28 U.S.C. § 1927 [#391] is **GRANTED IN PART and DENIED IN PART**, and specifically:

- Defendant Crow's request for sanctions under Federal Rule of Civil Procedure 37(e), including an adverse inference instruction, is **denied without prejudice** to reasserting if Defendant can demonstrate that all requirements of Rule 37(e) are satisfied.

- Plaintiff shall produce the corrupted SD drive by **June 12, 2025**.

- Plaintiff shall notify Defendant Crow by **June 12, 2025**, whether the podcaster still has a copy of the original recording and whether she is willing to voluntarily produce it.

- Defendant Crow shall, by **July 7, 2025**, review the supplemental production and confer with Plaintiffs on any alleged deficiencies. If he believes additional relief is warranted, such as a limitation on whether certain evidence can be presented at trial or certain topics covered at trial, Defendant Crow can file a supplemental motion on or before **July 7, 2025**, explaining the specific relief requested and the reason it is appropriate.

- Defendant Crow is directed to file the declaration and billing records described above on or before **June 12, 2025**, so the Court can determine the appropriate sanction. Plaintiffs may file any objections to the requested amount on or before **June 20, 2025**.

- Any relief requested and not granted herein is **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 5th day of June, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE