IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JULIA HUBBARD, KAYLA
GOEDINGHAUS,

        *Plaintiffs,*

vs.

TRAMMELL S CROW, JR., DR.
BENJAMIN TODD ELLER, RICHARD
HUBBARD, DR. MELISSA MILLER,
JOSEPH BOLIN, DR. SCOTT WOODS,
DR. MRUGESHKUMAR SHAH,
MICHAEL CAIN, PHILIP ECOB, H.J.
COLE, CODY MITCHELL, KURT
KNEWITZ, RALPH ROGERS, ROBERT
PRUITT, SCOTT BRUNSON, CASE
GROVER, RICHARD BUTLER,
MICHAEL HYNES, JR., SHAWN
MAYER, JADE MAYER,  RCI
HOSPITALITY HOLDINGS, INC.,

        *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§

SA-23-CV-00580-FB

## **ORDER**

Before the Court in the above-styled cause of action is Defendant Crow's motion for

sanctions Opposed Motion To Enforce The Court's February 5, 2025 Order [Dkt. 378] and For

Sanctions Pursuant To Rule 37 And 28 U.S.C. § 1927 [#391]. On May 7, 2025, the District Court

referred this motion to the undersigned [#392]. The undersigned held a hearing on this motion on

June 3, 2025, at which the undersigned granted in part and denied in part the motion [#400]. As

explained at the hearing and in the undersigned's June 5, 2025 Order [#400], Defendant Crow

("Defendant") demonstrated that Plaintiffs have fallen short of their obligation to produce responsive

material promptly and to be comprehensive in their search for responsive material. The undersigned

therefore ordered Defendant to submit an attorney declaration with billing records detailing the work he maintains is attributable to Plaintiffs' dilatory productions.[1]

A.    **Attorney Declarations**

On June 12, 2025, Defendant Crow filed attorney declarations from his counsel, Kenneth C. Stone and Gerald E. Hawxhurst, detailing the fees and costs they claim were incurred due to Plaintiffs' dilatory productions [#403]. Stone is a partner at the law firm Gray Reed and bills at a rate of $735 per hour. Stone's declaration [#403-1] seeks $37,554.32 for preparation for Plaintiffs' depositions and work on the Motion to Enforce the February 5, 2025 Order [#398], as well as related expenses. (Stone Decl. [#403-1], ¶ 4.) Stone seeks fees only for the time he incurred; he does not seek fees for time incurred by other counsel or paralegals at his firm. (Stone Decl. [#403-1], ¶ 5.)

Gerald Hawxhurst, co-counsel for Defendant Crow, is a partner at the law firm of Hawxhurt LLP and billed at a rate of $850 per hour. He seeks fees and costs for his time spent preparing to depose Plaintiffs and the depositions themselves. (Hawxhurst Decl. [#403-2], ¶ 13.) He also seeks fees for time incurred by Kyle Foltyn-Smith, a partner at his farm who billed at a rate of $650 per hour. (Hawxhurst Decl. [#403-2], ¶ 22.) Foltyn-Smith took the lead on preparing the Motion to Enforce. (Hawxhurst Decl. [#403-2], ¶ 22.) Hawxhurst does not seek fees for time incurred by himself or Patrick Nichol for work on the Motion to Enforce. (Hawxhurst Decl. [#403-2], ¶ 22.) In total, Hawxhurst's declaration seeks $115,740.20 in attorneys' fees. Thus, based on Stone's and Hawxhurst's declarations, Defendant seeks $153,294.52 total in attorneys' fees.

---

[1] The undersigned warned Defendant Crow that billing discretion should be exercised. (Order [#400], at 6–7.)

B.    **Legal Standard**[2]

Under Federal Rule of Civil Procedure 37, a district court may impose sanctions, including attorney's fees, for failure to obey discovery orders. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983)). The court has broad discretion to fashion remedies suited to the misconduct, and a finding of willfulness is not required to impose a "lesser" sanction like attorney's fees. *Id.* at 488–89 (first quoting *Pressy v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); and then citing *Chilcutt v. U.S.*, 4 F.3d 1313, 1323 n.17 (5th Cir. 1993)). A party may only be held responsible for attorney's fees and expenses "caused by the party's misconduct." *Id.* at 490 (citing *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002)). Courts in the Fifth Circuit use the "lodestar" method to calculate attorney's fees, "which is applied by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for the work at issue." *Id.* at 490 (citing *Tollett,* 285 F.3d at 367 (emphasis added)).

C.    **Analysis**

The undersigned will not impose fees or costs related to Defendant's taking of Plaintiffs' depositions. The stipulated order that the undersigned entered on February 5, 2025 [#378] included an agreement regarding the depositions and ordered that the Parties shall bear their own fees and costs. (Order [#378], at 4–5.) Additionally, as explained in the undersigned's June 5, 2025 Order

---

[2] Defendant Crow also invokes 28 U.S.C. § 1927, which requires an attorney to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" by the attorney "multipli[ng] the proceedings in [a] case unreasonably and vexatiously." This statute is "strictly construed" due to it being penal in nature and "in order not to dampen the legitimate zeal of an attorney in representing his client." *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir. 1994). Defendant Crow has not met this higher standard, and Rule 37(b) provides the appropriate vehicle to address this situation.

[#400], the undersigned will not yet grant Defendant relief under Rule 37(e) for failure to preserve electronically stored information.[3]

The undersigned will award attorneys' fees related directly to the preparation of the Motion to Enforce [#391] and the related hearing pursuant to Federal Rule of Civil Procedure 37. The Order [#400] granting in part Defendant's Motion to Enforce [#391] was the *second* time the undersigned has ordered Plaintiffs to comply with previous Court orders. In May 2024, the undersigned granted Defendant's first motion to compel [#325]. In June 2024, the undersigned granted in part his second motion to compel, including ordering Plaintiffs to comply with the May 2024 order [#340]. Then in February 2025, the undersigned entered a stipulated order compelling Plaintiffs to supplement their responses to Defendant's first and third set of requests for production, provide complete and accurate RFP identifications with Bates numbers, correct responses to Defendant's first and third set of requests for production, and amended responses to Defendant's interrogatories [#378]. Defendant filed his Motion to Enforce on May 6, 2025 [#391]; the motion argues that Plaintiffs have failed to comply with the February 2025 Order. On May 12, 2025, the undersigned set the Motion to Enforce for a hearing on June 3, 2025 [#396]. At the hearing, Defendant represented that Plaintiffs produced 28,000 new documents on May 31, 2025,[4] which he claimed is four times the number of documents previously produced by Plaintiffs in this case.

---

[3] The undersigned notes that on July 7, 2025, Defendant filed a Supplemental Motion For Additional Relief Pursuant To June 5 Order [#406], claiming that Plaintiff has failed to provide sufficient information regarding the unedited podcast recording. He asks for the Court to order Plaintiffs to produce the recording within seven days of its order, and if Plaintiffs fail to do so, for the Court to enter an order under Rule 37(e) granting an adverse inference instruction. This motion has been set for a hearing by separate order [#412].

[4] Note that the February 5, 2025 Order [#378] ordered Plaintiffs to "fully comply" with the Order by February 17, 2025. (Order [#378], at 4.)

There is now a clear pattern of Plaintiffs failing to comply with their discovery obligation to produce responsive material promptly and to comprehensively search for responsive material until the Court gets involved—and even then, they have not fully complied with the Court's orders. The undersigned therefore finds it appropriate to award attorneys' fees sanctions under Rule 37. The undersigned will order Plaintiffs to pay attorneys' fees for Defendant's time spent preparing his Motion to Enforce [#391], his Reply in support of the motion [#398], and for the June 3, 2025 hearing.

The hourly rates and number of hours claimed by Defense counsel, however, are not reasonable. "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368. The hourly rate claimed by Kenneth Stone, who is a partner at Gray Reed based in Dallas, Texas, is $750 per hour. The hourly rate claimed by Kyle Foltyn-Smith, who is a partner at Hawxhurst LLP based in Los Angeles, California, is $650 per hour. Defense counsel does not attempt to justify this rate being reasonable "*in the community for the work at issue*," and they do not provide any affidavits from other attorneys in the San Antonio area supporting that these rates are reasonable. *See Smith & Fuller*, 685 F.3d at 490 (citing *Tollett*, 285 F.3d at 367 (emphasis added)). Parties can, of course, hire whichever attorneys they want to represent them in litigation. But the Court calculates the reasonable rate based on San Antonio rates, and $450 per hour is a rate more consistent with what experienced attorneys in San Antonio would charge for this type of litigation.

The number of hours billed is also not reasonable. Kenneth Stone seeks fees for 48.9 hours of work, and Kyle Fultyn-Smith seeks fees for 136.2 hours. (Stone Aff. [#403-1], Hawxhurst Aff. [#403-2].) As stated above, the undersigned will only award fees for hours spent **directly working**

**on the Motion to Enforce [#391] or preparing for the hearing on the motion**. The undersigned

therefore considered awarding fees for:

- Kenneth Stone (5.5 hours total)
  - 2.00 hours on May 28, 2025: emails regarding the joint statement ordered by the Court, preparing for a call with opposing counsel regarding the joint statement, and preparing for the June 3 hearing
  - 3.5 hours on June 3, 2025: preparing for and participating in the June 3 hearing on the Motion to Enforce
- Kyle Fulty-Smith (41.4 hours total)
  - 0.30 hours on April, 10, 2025: locating and circulating exhibits re: motion to compel compliance
  - 0.50 hours on April 10, 2025: analyzing Hubbard deposition transcript re: motion to compel compliance
  - 1.30 hours on April 10, 2025: preparing a compliance summary re: the Court's order compelling production
  - 0.60 hours on April 16, 2025: researching to confirm applicability of 28 U.S.C. § 1927 to discovery misconduct
  - 0.70 hours on April 17, 2025: reviewing Plaintiffs' document production to confirm missing documents for motion to enforce
  - 3.90 hours on April 17, 2025: preparing motion to enforce and for sanctions
  - 2.40 hours on April 18, 2025: preparing motion to enforce and for sanctions
  - 3.50 hours on April 21, 2025: preparing motion to enforce and for sanctions
  - 1.80 hours on April 22, 2025: preparing declaration and exhibits in support of motion
  - 2.90 hours on April 22, 2025: preparing motion to enforce and for sanctions
  - 1.40 hours on April 23, 2025: preparing motion to enforce
  - 0.60 hours on April 23, 2025: analyzing Plaintiff Goedinghaus document production to confirm certain images were not produced
  - 1.70 hours on April 24, 2025: preparing declaration and exhibits in support of motion
  - 0.30 hours on April 24, 2025: preparing motion to enforce and for sanctions
  - 1.10 hours on April 25, 2025: preparing motion to enforce and additional research on sanctions
  - 2.60 hours on April 28, 2025: preparing motion to enforce order and for sanctions
  - 1.00 hours on April 30, 2025: preparing declarations for motion
  - 1.60 hours on May 1, 2025: preparing conferral materials for motion
  - 2.80 hours on May 1, 2025: incorporating edits to motion and supporting declaration
  - 1.60 hours on May 1, 2025: reviewing document database and corresponding with Plaintiffs' counsel re: evidence supporting motion
  - 1.90 hours on May 2, 2025: preparing exhibits for motion to enforce
  - 0.50 hours on May 5, 2025: correspondence with Plaintiffs' counsel re: motion to enforce
  - 3.60 hours on May 5, 2025: preparing declaration in support of motion to enforce, finalizing exhibits
  - 2.80 hours on May 6, 2025: preparing proposed order for motion, preparing supplemental declaration and exhibits

The undersigned finds that the 5.5 hours spent by Mr. Stone on the above work were reasonable. His firm will be awarded $2,475 in attorney's fees (5.5 hours at a rate of $450/hour). The 41.4 hours spent by Mr. Foltyn-Smith, however, is excessive to prepare and argue a discovery motion. The undersigned will therefore award him fees for half of the hours listed above. His firm will be awarded $9,315 in attorney's fees (20.7 hours at a rate of $450/hour).

      **IT IS THEREFORE ORDERED** that Plaintiffs and their counsel are ordered to pay, jointly and severally, **$11,790** in attorneys' fees to Defendant Crow and his counsel. **$2,475** of this total shall be apportioned to Gray Reed, and the remaining **$9,315** shall be apportioned to Hawxhurst LLP. Such payment shall be made within **30 days** of the entry of this Order.

      **IT IS SO ORDERED**.

      SIGNED this 29th day of August, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE