IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, KAYLA GOEDINGHAUS,<br><br>*Plaintiffs,*<br><br>vs.<br><br>TRAMMELL S CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, PHILIP ECOB, H.J. COLE, CODY MITCHELL, KURT KNEWITZ, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-23-CV-00580-FB |

**ORDER**

Before the Court in the above-styled cause of action is Defendant Trammel S. Crow's Motion to File Documents Provisionally Under Seal [#450]. By his motion, Defendant asks the Court to seal the "Confidential Forensic Psychological Evaluation and Emotional Damages Assessment" of Plaintiff Hubbard by Dr. Leslie Dobson, which was served by Plaintiffs on August 20, 2026, and is intended as Exhibit B to Defendant's motion to strike Dr. Dobson as an expert.[1] Defendant's motion states that the Dobson Report has been designated as confidential

[1] The Court notes that a previous "Confidential Forensic Psychological Evaluation and Emotional Damages Assessment" was also completed by Dr. Dobson on March 31, 2026, in connection with a related case pending in Dallas. (Exhibit C [#449-1], at 27–45.) According to the affidavit of Crow's counsel, this redacted report is the version that was filed on the public

under the Court's Confidentiality and Protective Order [#331]. Although Defendant does not personally believe the Dobson Report warrants sealing, he files the motion to seal to comply with Section 13 of the Protective Order requiring that Confidential Information exchanged in discovery be filed under seal with the Court. Crow's motion to seal attaches an unredacted copy of the Dobson Report for the Court's review. (Exhibit A [#450-2].)

The Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). In determining whether a document should be sealed on the Court's docket, this Court is required to undertake a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is to designate documents as confidential or attorneys' eyes only pursuant to a protective order. *June Med. Servs.*, 22 F.4th at 521 (citation omitted).

Having reviewed the Dobson Report under the standards governing the sealing of judicial records in the Fifth Circuit, the Court finds it contains some information that meets the Fifth Circuit sealing standard, but the report does not need to be sealed in its entirety. The Court will therefore provisionally grant the motion to seal but order Plaintiff to conduct a line-by-line review and file proposed redactions limited only to the sealing of confidential mental health information regarding Plaintiff Hubbard.

**IT IS THEREFORE ORDERED** that Defendant Trammel S. Crow's Motion to File Documents Provisionally Under Seal [#450] is **GRANTED IN PART**.

---

docket in the Dallas action. (Foltyn-Smith Decl. [#449-1], at 2, ¶ 6.) Defendant has not asked that an unredacted version of the earlier report be considered for the Court's consideration under seal in this case.

**IT IS FURTHER ORDERED** that Plaintiff file a proposed redacted version of the Dobson Report limited to private mental health information on or before **September 28, 2026**. All other information contained in the Dobson Report should be available on the public docket.

SIGNED this 14th day of September, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE