IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, KAYLA GOEDINGHAUS,<br><br>*Plaintiffs,*<br><br>vs.<br><br>TRAMMELL S CROW, JR., DR. BENJAMIN TODD ELLER, RICHARD HUBBARD, DR. MELISSA MILLER, JOSEPH BOLIN, DR. SCOTT WOODS, DR. MRUGESHKUMAR SHAH, MICHAEL CAIN, PHILIP ECOB, H.J. COLE, CODY MITCHELL, KURT KNEWITZ, RALPH ROGERS, ROBERT PRUITT, SCOTT BRUNSON, CASE GROVER, RICHARD BUTLER, MICHAEL HYNES, JR., SHAWN MAYER, JADE MAYER, RCI HOSPITALITY HOLDINGS, INC.,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § | SA-23-CV-00580-FB |

**ORDER**

Before the Court in the above-styled cause of action is Trammell S. Crow's Motion to Strike Plaintiffs' Expert Disclosure and Designation [#449], which is joined by Defendants Mrugeshkumar Shah, RCI Hospitality Holdings, Inc., and Case Grover [#457, #466]. The Court held a live hearing on the motion on this day at which counsel for Plaintiffs and Defendants Crow, Shah, and RCI Hospitality appeared in person. (The other Defendants, who did not join the motion, were permitted to and did observe the hearing via Zoom.) At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

By his motion, Defendant Crow asks the Court to exclude Dr. Leslie Dobson from testifying as an expert in this case due to Plaintiffs' failure to disclose the facts and data

underlying Dr. Dobson's expert report as required under Rule 26 of the Federal Rules of Civil Procedure. Rule 26(a)(2)(B)(ii) requires an expert report to contain "the facts or data considered by the witness in forming" her opinions. *See Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The disclosing party, here Plaintiffs, bears the burden of proving that the failure to timely disclose was substantially justified or harmless. *See Lopez v. Fun Eats and Drinks, LLC*, 2021 WL 3502361, at *4 (N.D. Tex. July 16, 2021). In evaluating harmlessness, the Court considers the following factors: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the importance of the witnesses' testimony; (3) the prejudice to the opposing party of allowing the witnesses to testify; and (4) the possibility of curing such prejudice by granting a continuance. *Hernandez v. Structures Projects, Inc.*, 2026 WL 2621258, *2 (W.D. Tex. Sept. 3, 2026). Where a continuance can cure any prejudice caused by the non-disclosure, the Court prefers granting the continuance over excluding the testimony. *E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 116 (5th Cir. 1993).

Crow's motion identified ten categories of data and information Plaintiffs failed to disclose with Dr. Dobson's expert report. At the hearing, Crow confirmed that only the following information potentially remains outstanding: (1) Dr. Dobson's notes from conversations with Plaintiff Hubbard; (2) communications between Dr. Dobson and Plaintiff Hubbard; and (3) the data underlying Dr. Dobson's expert report in "the Lodge Matter" pending in the Northern District of Texas. Plaintiffs represented to the Court that no notes or

communications have been withheld and agreed to confirm this fact with Dr. Dobson and Defendant Crow. Plaintiffs also informed the Court that they have the data underlying Dr. Dobson's report in the Lodge Matter in their possession and agreed to produce it immediately. In light of these representations, the Court will deny the motion to strike. Plaintiffs have agreed to fully comply with their obligations under Rule 26. Although their disclosures were not timely, a modest extension of the deadlines governing the supplementation of Defendants' expert reports, expert depositions, and expert motions will cure any prejudice caused by the delay.

**IT IS THEREFORE ORDERED** that Trammell S. Crow's Motion to Strike Plaintiffs' Expert Disclosure and Designation [#449] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs produce the outstanding data underlying Dr. Dobson's report in the Lodge Matter on or before **November 17, 2026**.

**IT IS FURTHER ORDERED** that Plaintiffs confirm by **November 17, 2026**, that there are no outstanding evaluation notes from Dr. Dobson's evaluation of Plaintiff Hubbard on August 19, 2026, and there are no outstanding communications between Plaintiff Hubbard and Dr. Dobson that have not yet been produced.

**IT IS FURTHER ORDERED** that Defendants have until **January 11, 2027**, to supplement any expert report in response to the additional data and information received.

**IT IS FURTHER ORDERED** that the parties complete any expert depositions by **February 10, 2027**.

**IT IS FINALLY ORDERED** that the parties file any motion to exclude an expert's

proposed testimony under Federal Rule of Evidence 702 on or before **February 24, 2027**.

SIGNED this 10th day of November, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE